1  Marsha A. Houston (SBN 129956)
   Christopher O. Rivas (SBN 238765)
2  REED SMITH LLP
   355 South Grand Avenue, Suite 2900
3  Los Angeles, CA 90071-1514
   Telephone:    213.457.8000
4  Facsimile:    213.457.8080

5  Attorneys for Plaintiff
   U.S. Real Estate Credit Holdings III-A, LP

6

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                  **LOS ANGELES DIVISION**

11

12 | In re                          | Case No.      2:21-bk-11188-BB

13 | GLENROY COACHELLA, LLC,        | Chapter 11

14 |              Debtor.           | **DECLARATION OF MARSHA A.**
15 |                                | **HOUSTON IN SUPPORT OF MOTION**
   |                                | **FOR THE APPOINTMENT OF A**
16 |                                | **CHAPTER 11 TRUSTEE**

17

18 |                                | Date:  March 10, 2021
   |                                | Time:  10:00 a.m.
19 |                                | Place: Courtroom 1539
   |                                |        255 E. Temple Street
20 |                                |        Los Angeles, CA 90012

21 |                                | Honorable Sheri Bluebond

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

I, Marsha A. Houston, declare:

1.      I am a partner of Reed Smith LLP, counsel of record for U.S. Real Estate Credit Holdings III-A, LP ("Lender").  I am over the age of 18, and I make this declaration based on my personal knowledge of the matters set forth in this declaration or upon the litigation records of Reed Smith LLP, as counsel of record, and, if called upon to testify, I could and would testify competently thereto.

2.      Lender is plaintiff in a civil action pending in the Superior Court of California, County of Riverside (the "Riverside Action"), against numerous parties including Debtor Glenroy Coachella, LLC (the "Debtor"); Force Rubin, LLC; Force Rubin 2, LLC, and Coachella Resort, LLC (collectively, with the Debtor, the "Borrowers").

3.      In the Riverside Action, in response to requests for production, requests for admission, and interrogatories served by Lender on Stuart Rubin, Mr. Rubin responded with objections and has refused to produce documents.   Attached as **Exhibit A** are true and correct copies of Mr. Rubin's discovery responses.

4.      Likewise, in response to requests for production served by Lender on Stuart Rubin's partner, Elliot Lander, Mr. Lander responded with objections and has refused to produce documents. Attached as **Exhibit B** are true and correct copies of Mr. Lander's discovery responses.

5.      On or about December 10, 2020, in connection with a motion by the Debtor to seek a priming lien from EFO Financial in the Riverside Action, I received a declaration made on behalf of the Debtor by Dana Barbera of Colliers International.  Attached as **Exhibit C** is a true and correct copy of Mr. Barbera's declaration, excluding exhibits not related to Mr. Barbera or his firm's expertise.

6.      Along with Mr. Barbera's declaration, I also received a declaration from Stuart Rubin filed in the Riverside Action regarding his construction "expertise".   Attached as **Exhibit D** is a true and correct copy of the excerpted Declaration of Stuart Rubin.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    I declare under penalty of perjury under the laws of the State of California that the foregoing

2  is true and correct.

3    Executed at Los Angeles, California on February 17, 2021.

4

5  _____

   Marsha A. Houston

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF MARSHA A. HOUSTON

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# Exhibit A

1

2  **Berman Litigation Group**
   Laurence M. Berman (SBN 93515)
3  815 Moraga Drive
   Los Angeles, CA 90049
4  Phone No.: (424) 465-9079
   Fax No.: (310) 454-0868
5

6  Attorneys for Defendant Stuart Rubin

7

8

9                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10           **COUNTY OF RIVERSIDE – RIVERSIDE HISTORIC COURTHOUSE**

11  U.S. REAL ESTATE CREDIT HOLDINGS          Case No.: RIC1905743
    III-A, LP, an Irish limited partnership
12                                            **DEFENDANT STUART RUBIN'S**
                                              **RESPONSES TO PLAINTIFF U.S. REAL**
13          Plaintiff,                        **ESTATE CREDIT HOLDINGS III-A, LP'S**
                                              **REQUESTS FOR ADMISSION, SET ONE**
14          vs.
                                              Dept.: 7
15  GLENROY    COACHELLA,    LLC,    a        Judge: Hon. Randall Stamen
    Delaware limited liability company; et al,  Action Filed: November 19, 2019
16                                            Trial Date: None set
            Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

1  PROPOUNDING PARTY:    PLAINTIFF U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP

2  RESPONDING PARTY:    DEFENDANT STUART RUBIN

3  SET NO:    ONE

4        Pursuant to the provisions of California Code of Civil Procedure §§ 2033.010, *et seq.*,

5  Defendant Stuart Rubin ("Defendant" or "Rubin") hereby responds to Plaintiff U.S. Real Estate

6  Credit Holdings III-A, LP's ("Plaintiff" or "Calmwater"), Requests for Admission, Set One, as

7  follows:

8  **<u>GENERAL OBJECTIONS</u>**

9        The following general objections and statements apply to each of the particular Requests

10  propounded by Plaintiff and are hereby incorporated within each response set forth below,

11  whether implicitly or expressly. No specific objection is intended to constitute, and should not be

12  construed as constituting, a waiver of any general objection.

13        1.     Defendant objects to the Requests for Admission on the basis that the instant

14  action is subject to an alternative dispute resolution provision in the loan documents and other

15  agreements entered into between Rubin and Plaintiff. This provision requires that this dispute be

16  resolved by the Referee appointed by this Court.  Any discovery in this action must be sought in

17  proceedings before, and under the aegis of, the Referee who is appointed by this Court. A hearing

18  on Defendant's Motion to Appoint a Referee is scheduled to be heard by this Court on June 3,

19  2020. Plaintiff has previously argued that Defendant has waived its right to have this matter

20  decided by this Referee by participating in this litigation. As a result, Defendant cannot, and will

21  not, substantively respond to discovery in this action until this issue is decided by this Court to

22  avoid any suggestion that he has waived his right to have this matter heard by a Referee.

23        2.     Defendant objects to these Requests to the extent they call for information

24  protected by the attorney-client privilege, the attorney work-product privilege, the litigation

25  privilege, or any other constitutional, statutory or common law privilege or protection.  To the

26  extent that Defendant inadvertently produces any information and/or documents protected by the

27  attorney-client privilege, the work product doctrine, the litigation privilege, or any other privilege

28  or protection, such production is not intended to, and shall not operate as, a waiver of any

- 1 -

applicable privilege with respect to that document and/or information, or any other document and/or information.

3.      Defendant objects to each and each Request for Admission to the extent that it seeks information constituting proprietary, confidential, privileged, and/or private information and/or documents subject to privacy rights as set forth in Art. 1, Sec. 1 of the California Constitution, including the marital communications privilege.  Where applicable, Defendant will not disclose any such information, or information otherwise protected from disclosure by applicable federal or state law, in response to these Requests for Admission unless ordered to do so by the Court and/or until the Court enters an appropriate protective order regarding the confidentiality of such information.

4.      By these responses, Defendant makes no admission concerning the competency, relevancy, materiality, privilege or admissibility of any of the information sought and reserves its right to make all pertinent evidentiary objections at trial or at any other stage of these proceedings. Defendant's answers are not a waiver of any of the objections set forth herein, or an admission or acknowledgement that such information is relevant to the subject matter of this action. These responses are without prejudice to, and not a waiver of: (a) Defendant's right to contend at trial, or at any other proceeding in this action, that such information is inadmissible, irrelevant, immaterial, or not a proper basis for discovery; and (b) any objection by Defendant to any future use of such information that Plaintiff may attempt to make.

5.      Defendant reserves the right to supplement or change these responses should additional information responsive to one or more of these Requests be identified.

6.      The foregoing objections are incorporated into each specific response below as though fully set forth therein.

## RESPONSES TO REQUESTS FOR ADMISSION, SET ONE

## REQUEST FOR ADMISSION NO. 1:

Admit that upon BORROWERS' default under the LOAN DOCUMENTS and notice thereof to GUARANTORS, the Indemnity and Guaranty Agreement, which is attached as the COMPLAINT as Exhibit 8 is enforceable against GUARANTORS.

1

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

2

3    In addition to the General Objections which are incorporated herein by this reference,

4    Defendant objects to this Request on the basis that any discovery in this action must be sought in

5    proceedings that must take place under the aegis of the Referee, who is appointed to make

6    decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements

7    entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee

8    is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has

9    claimed that Defendant has waived his right to have this matter referred by participating in this

10    litigation. As a result, Defendant will not substantively respond to discovery until this issue is

11    decided by the court.

12    Defendant also objects to this Request on the basis that this discovery is stayed by the

13    Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

**REQUEST FOR ADMISSION NO. 2**

14    Admit that GUARANTORS breached the Indemnity and Guaranty Agreement, which is attached

15    as Exhibit 8 to the COMPLAINT.

16    **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

17    In addition to the General Objections which are incorporated herein by this reference,

18    Defendant objects to this Request on the basis that any discovery in this action must be sought in

19    proceedings that must take place under the aegis of the Referee, who is appointed to make

20    decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements

21    entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee

22    is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has

23    claimed that Defendant has waived his right to have this matter referred by participating in this

24    litigation. As a result, Defendant will not substantively respond to discovery until this issue is

25    decided by the court.

26    Defendant also objects to this Request on the basis that this discovery is stayed by the

27    Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

28    **REQUEST FOR ADMISSION NO. 3:**

- 3 -

1  Admit that YOU breached the Indemnity and Guaranty Agreement, which is attached as Exhibit 8

2  to the COMPLAINT.

3  **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

4      In addition to the General Objections which are incorporated herein by this reference,

5  Defendant objects to this Request on the basis that any discovery in this action must be sought in

6  proceedings that must take place under the aegis of the Referee, who is appointed to make

7  decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements

8  entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee

9  is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has

10  claimed that Defendant has waived his right to have this matter referred by participating in this

11  litigation. As a result, Defendant will not substantively respond to discovery until this issue is

12  decided by the court.

13      Defendant also objects to this Request on the basis that this discovery is stayed by the

14  Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

15  **REQUEST FOR ADMISSION NO. 4:**

16  Admit that upon BORROWERS' default under the LOAN DOCUMENTS and notice thereof to

17  GUARANTORS, the Completion Guaranty Agreement, which is attached as Exhibit 9 to the

18  COMPLAINT is enforceable against GUARANTORS.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

20      In addition to the General Objections which are incorporated herein by this reference,

21  Defendant objects to this Request on the basis that any discovery in this action must be sought in

22  proceedings that must take place under the aegis of the Referee, who is appointed to make

23  decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements

24  entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee

25  is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has

26  claimed that Defendant has waived his right to have this matter referred by participating in this

27  litigation. As a result, Defendant will not substantively respond to discovery until this issue is

28  decided by the court.

- 4 -

1    Defendant also objects to this Request on the basis that this discovery is stayed by the

2    Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

3    **REQUEST FOR ADMISSION NO. 5:**

4    Admit that upon BORROWERS' default under the LOAN DOCUMENTS and notice thereof to

5    GUARANTORS, the Completion Guaranty Agreement, which is attached as Exhibit 9 to the

6    COMPLAINT is enforceable against YOU.

7    **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

8    In addition to the General Objections which are incorporated herein by this reference,

9    Defendant objects to this Request on the basis that any discovery in this action must be sought in

10    proceedings that must take place under the aegis of the Referee, who is appointed to make

11    decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements

12    entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee

13    is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has

14    claimed that Defendant has waived his right to have this matter referred by participating in this

15    litigation. As a result, Defendant will not substantively respond to discovery until this issue is

16    decided by the court.

17    Defendant also objects to this Request on the basis that this discovery is stayed by the

18    Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

19    **REQUEST FOR ADMISSION NO. 6:**

20    Admit that GUARANTORS breached the Completion Guaranty Agreement, which is attached as

21    Exhibit 9 to the COMPLAINT.

22    **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

23    In addition to the General Objections which are incorporated herein by this reference,

24    Defendant objects to this Request on the basis that any discovery in this action must be sought in

25    proceedings that must take place under the aegis of the Referee, who is appointed to make

26    decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements

27    entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee

28    is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has

1   claimed that Defendant has waived his right to have this matter referred by participating in this

2   litigation. As a result, Defendant will not substantively respond to discovery until this issue is

3   decided by the court.

4       Defendant also objects to this Request on the basis that this discovery is stayed by the

5   Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

6   **REQUEST FOR ADMISSION NO. 7:**

7   Admit that YOU breached the Completion Guaranty Agreement, which is attached as Exhibit 9 to

8   the COMPLAINT.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

10      In addition to the General Objections which are incorporated herein by this reference,

11  Defendant objects to this Request on the basis that any discovery in this action must be sought in

12  proceedings that must take place under the aegis of the Referee, who is appointed to make

13  decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements

14  entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee

15  is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has

16  claimed that Defendant has waived his right to have this matter referred by participating in this

17  litigation. As a result, Defendant will not substantively respond to discovery until this issue is

18  decided by the court.

19      Defendant also objects to this Request on the basis that this discovery is stayed by the

20  Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

21  **REQUEST FOR ADMISSION NO. 8:**

22  Admit that GUARANTORS misrepresented to PLAINTIFF that they had the requisite

23  qualifications to develop the PROJECT.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

25      In addition to the General Objections which are incorporated herein by this reference,

26  Defendant objects to this Request on the basis that any discovery in this action must be sought in

27  proceedings that must take place under the aegis of the Referee, who is appointed to make

28  decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements

1   entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee

2   is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has

3   claimed that Defendant has waived his right to have this matter referred by participating in this

4   litigation. As a result, Defendant will not substantively respond to discovery until this issue is

5   decided by the court.

6       Defendant also objects to this Request on the basis that this discovery is stayed by the

7   Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

8   **REQUEST FOR ADMISSION NO. 9:**

9   Admit that GUARANTORS misrepresented to PLAINTIFF that they had the requisite experience

10  to develop the PROJECT.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

12      In addition to the General Objections which are incorporated herein by this reference,

13  Defendant objects to this Request on the basis that any discovery in this action must be sought in

14  proceedings that must take place under the aegis of the Referee, who is appointed to make

15  decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements

16  entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee

17  is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has

18  claimed that Defendant has waived his right to have this matter referred by participating in this

19  litigation. As a result, Defendant will not substantively respond to discovery until this issue is

20  decided by the court.

21      Defendant also objects to this Request on the basis that this discovery is stayed by the

22  Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

23  **REQUEST FOR ADMISSION NO. 10:**

24  Admit that GUARANTORS misrepresented to PLAINTIFF that they had the requisite knowledge

25  to develop the PROJECT.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

27      In addition to the General Objections which are incorporated herein by this reference,

28  Defendant objects to this Request on the basis that any discovery in this action must be sought in

1  proceedings that must take place under the aegis of the Referee, who is appointed to make

2  decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements

3  entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee

4  is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has

5  claimed that Defendant has waived his right to have this matter referred by participating in this

6  litigation. As a result, Defendant will not substantively respond to discovery until this issue is

7  decided by the court.

8         Defendant also objects to this Request on the basis that this discovery is stayed by the

9  Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

10  **REQUEST FOR ADMISSION NO. 11:**

11  Admit that GUARANTORS used at least some of the funds drawn pursuant to the LOAN for

12  their personal use.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

14         In addition to the General Objections which are incorporated herein by this reference,

15  Defendant objects to this Request on the basis that any discovery in this action must be sought in

16  proceedings that must take place under the aegis of the Referee, who is appointed to make

17  decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements

18  entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee

19  is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has

20  claimed that Defendant has waived his right to have this matter referred by participating in this

21  litigation. As a result, Defendant will not substantively respond to discovery until this issue is

22  decided by the court.

23         Defendant also objects to this Request on the basis that this discovery is stayed by the

24  Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

25  **REQUEST FOR ADMISSION NO. 12:**

26  Admit that GUARANTORS used at least some of the funds drawn pursuant to the LOAN to pay

27  costs unrelated to the PROJECT.

28  **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

- 8 -

1        In addition to the General Objections which are incorporated herein by this reference,

2   Defendant objects to this Request on the basis that any discovery in this action must be sought in

3   proceedings that must take place under the aegis of the Referee, who is appointed to make

4   decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements

5   entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee

6   is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has

7   claimed that Defendant has waived his right to have this matter referred by participating in this

8   litigation. As a result, Defendant will not substantively respond to discovery until this issue is

9   decided by the court.

10        Defendant also objects to this Request on the basis that this discovery is stayed by the

11   Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

12   **REQUEST FOR ADMISSION NO. 13:**

13   Admit that YOU used at least some of the funds drawn pursuant to the LOAN for YOUR own

14   personal use.

15   **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

16        In addition to the General Objections which are incorporated herein by this reference,

17   Defendant objects to this Request on the basis that any discovery in this action must be sought in

18   proceedings that must take place under the aegis of the Referee, who is appointed to make

19   decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements

20   entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee

21   is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has

22   claimed that Defendant has waived his right to have this matter referred by participating in this

23   litigation. As a result, Defendant will not substantively respond to discovery until this issue is

24   decided by the court.

25        Defendant also objects to this Request on the basis that this discovery is stayed by the

26   Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

27   **REQUEST FOR ADMISSION NO. 14:**

28   Admit that YOU used at least some of the bond proceeds from the Mello Roos financing for the

1    PROJECT for YOUR own personal use.

2    **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

3          In addition to the General Objections which are incorporated herein by this reference,

4    Defendant objects to this Request on the basis that any discovery in this action must be sought in

5    proceedings that must take place under the aegis of the Referee, who is appointed to make

6    decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements

7    entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee

8    is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has

9    claimed that Defendant has waived his right to have this matter referred by participating in this

10   litigation. As a result, Defendant will not substantively respond to discovery until this issue is

11   decided by the court.

12         Defendant also objects to this Request on the basis that this discovery is stayed by the

13   Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

14   **REQUEST FOR ADMISSION NO. 15:**

15   Admit that YOU used at least some of the bond proceeds from the Mello Roos financing for the

16   PROJECT to pay for costs unrelated to the PROJECT.

17   **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

18         In addition to the General Objections which are incorporated herein by this reference,

19   Defendant objects to this Request on the basis that any discovery in this action must be sought in

20   proceedings that must take place under the aegis of the Referee, who is appointed to make

21   decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements

22   entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee

23   is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has

24   claimed that Defendant has waived his right to have this matter referred by participating in this

25   litigation. As a result, Defendant will not substantively respond to discovery until this issue is

26   decided by the court.

27         Defendant also objects to this Request on the basis that this discovery is stayed by the

28   Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

Exhibit Page 15

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**REQUEST FOR ADMISSION NO. 16:**

Admit that PLAINTIFF fully performed all of its obligations under the Indemnity and Guaranty Agreement, which is attached as Exhibit 8 to the COMPLAINT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

In addition to the General Objections which are incorporated herein by this reference, Defendant objects to this Request on the basis that any discovery in this action must be sought in proceedings that must take place under the aegis of the Referee, who is appointed to make decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has claimed that Defendant has waived his right to have this matter referred by participating in this litigation. As a result, Defendant will not substantively respond to discovery until this issue is decided by the court.

Defendant also objects to this Request on the basis that this discovery is stayed by the Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

**REQUEST FOR ADMISSION NO. 17:**

Admit that PLAINTIFF fully performed all of its obligations under the Completion Guaranty Agreement, which is attached as Exhibit 9 to the COMPLAINT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

In addition to the General Objections which are incorporated herein by this reference, Defendant objects to this Request on the basis that any discovery in this action must be sought in proceedings that must take place under the aegis of the Referee, who is appointed to make decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has claimed that Defendant has waived his right to have this matter referred by participating in this litigation. As a result, Defendant will not substantively respond to discovery until this issue is decided by the court.

- 11 -

1  Defendant also objects to this Request on the basis that this discovery is stayed by the

2  Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

3  **REQUEST FOR ADMISSION NO. 18:**

4  Admit that PLAINTIFF fully performed all of its obligations under the LOAN DOCUMENTS,

5  except for those which were excused by BORROWERS' breach of the LOAN DOCUMENTS.

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

7  In addition to the General Objections which are incorporated herein by this reference,

8  Defendant objects to this Request on the basis that any discovery in this action must be sought in

9  proceedings that must take place under the aegis of the Referee, who is appointed to make

10  decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements

11  entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee

12  is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has

13  claimed that Defendant has waived his right to have this matter referred by participating in this

14  litigation. As a result, Defendant will not substantively respond to discovery until this issue is

15  decided by the court.

16  Defendant also objects to this Request on the basis that this discovery is stayed by the

17  Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

18  **REQUEST FOR ADMISSION NO. 19:**

19  Admit that YOU knew at the time PLAINTIFF made the LOAN that BORROWERS would need

20  substantially more than $24,4000,000 from PLAINTIFF to Complete the PROJECT.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

22  In addition to the General Objections which are incorporated herein by this reference,

23  Defendant objects to this Request on the basis that any discovery in this action must be sought in

24  proceedings that must take place under the aegis of the Referee, who is appointed to make

25  decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements

26  entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee

27  is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has

28  claimed that Defendant has waived his right to have this matter referred by participating in this

- 12 -

1    litigation. As a result, Defendant will not substantively respond to discovery until this issue is

2    decided by the court.

3        Defendant also objects to this Request on the basis that this discovery is stayed by the

4    Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

5    **REQUEST FOR ADMISSION NO. 20:**

6    Admit that YOU knew at the time PLAINTIFF made the LOAN that if BORROWERS had

7    provided PLAINTFF with the actual cost to complete the PROJECT, PLAINTIFF would not have

8    entered into the LOAN.

9    **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

10        In addition to the General Objections which are incorporated herein by this reference,

11    Defendant objects to this Request on the basis that any discovery in this action must be sought in

12    proceedings that must take place under the aegis of the Referee, who is appointed to make

13    decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements

14    entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee

15    is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has

16    claimed that Defendant has waived his right to have this matter referred by participating in this

17    litigation. As a result, Defendant will not substantively respond to discovery until this issue is

18    decided by the court.

19        Defendant also objects to this Request on the basis that this discovery is stayed by the

20    Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

21    **REQUEST FOR ADMISSION NO. 21:**

22    Admit that YOU were aware prior to March 28, 2019 that the BUDGET that was submitted to

23    PLAINTIFF contained inaccurate information.

24    **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

25        In addition to the General Objections which are incorporated herein by this reference,

26    Defendant objects to this Request on the basis that any discovery in this action must be sought in

27    proceedings that must take place under the aegis of the Referee, who is appointed to make

28    decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements

1   entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee

2   is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has

3   claimed that Defendant has waived his right to have this matter referred by participating in this

4   litigation. As a result, Defendant will not substantively respond to discovery until this issue is

5   decided by the court.

6         Defendant also objects to this Request on the basis that this discovery is stayed by the

7   Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

8   **REQUEST FOR ADMISSION NO. 22:**

9   Admit that YOU were aware prior to March 28, 2019 that the BUDGET that was submitted to

10  PLAINTIFF contained incomplete information.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

12        In addition to the General Objections which are incorporated herein by this reference,

13  Defendant objects to this Request on the basis that any discovery in this action must be sought in

14  proceedings that must take place under the aegis of the Referee, who is appointed to make

15  decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements

16  entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee

17  is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has

18  claimed that Defendant has waived his right to have this matter referred by participating in this

19  litigation. As a result, Defendant will not substantively respond to discovery until this issue is

20  decided by the court.

21        Defendant also objects to this Request on the basis that this discovery is stayed by the

22  Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

23  **REQUEST FOR ADMISSION NO. 23:**

24  Admit that YOU were aware prior to March 28, 2019 that the BUDGET that was submitted to

25  PLAINTIFF contained misleading information.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

27        In addition to the General Objections which are incorporated herein by this reference,

28  Defendant objects to this Request on the basis that any discovery in this action must be sought in

1    proceedings that must take place under the aegis of the Referee, who is appointed to make

2    decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements

3    entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee

4    is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has

5    claimed that Defendant has waived his right to have this matter referred by participating in this

6    litigation. As a result, Defendant will not substantively respond to discovery until this issue is

7    decided by the court.

8          Defendant also objects to this Request on the basis that this discovery is stayed by the

9    Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

10   **REQUEST FOR ADMISSION NO. 24:**

11   Admit that at the time the BUDGET was submitted to PLAINTIFF, BORROWERS were aware

12   that the cost to complete the PROJECT would vastly exceed $37,590,136.

13   **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

14          In addition to the General Objections which are incorporated herein by this reference,

15   Defendant objects to this Request on the basis that any discovery in this action must be sought in

16   proceedings that must take place under the aegis of the Referee, who is appointed to make

17   decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements

18   entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee

19   is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has

20   claimed that Defendant has waived his right to have this matter referred by participating in this

21   litigation. As a result, Defendant will not substantively respond to discovery until this issue is

22   decided by the court.

23          Defendant also objects to this Request on the basis that this discovery is stayed by the

24   Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

25   **REQUEST FOR ADMISSION NO. 25:**

26   Admit that at the time the BUDGET was submitted to PLAINTIFF, YOU were aware that the

27   cost to complete the PROJECT would vastly exceed $37,590,136.

28   **RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

1    In addition to the General Objections which are incorporated herein by this reference,

2    Defendant objects to this Request on the basis that any discovery in this action must be sought in

3    proceedings that must take place under the aegis of the Referee, who is appointed to make

4    decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements

5    entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee

6    is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has

7    claimed that Defendant has waived his right to have this matter referred by participating in this

8    litigation. As a result, Defendant will not substantively respond to discovery until this issue is

9    decided by the court.

10    Defendant also objects to this Request on the basis that this discovery is stayed by the

11    Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

12    **REQUEST FOR ADMISSION NO. 26:**

13    Admit that prior to the time the BUDGET was submitted to PLAINTIFF, YOU had reviewed the

14    BUDGET.

15    **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

16    In addition to the General Objections which are incorporated herein by this reference,

17    Defendant objects to this Request on the basis that any discovery in this action must be sought in

18    proceedings that must take place under the aegis of the Referee, who is appointed to make

19    decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements

20    entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee

21    is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has

22    claimed that Defendant has waived his right to have this matter referred by participating in this

23    litigation. As a result, Defendant will not substantively respond to discovery until this issue is

24    decided by the court.

25    Defendant also objects to this Request on the basis that this discovery is stayed by the

26    Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

27    **REQUEST FOR ADMISSION NO. 27:**

28    Admit that prior to the time the BUDGET was submitted et to PLAINTIFF, YOU knew

1    PLAINTIFF would rely on the BUDGET in determining whether to make the LOAN.

2    **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

3        In addition to the General Objections which are incorporated herein by this reference,

4    Defendant objects to this Request on the basis that any discovery in this action must be sought in

5    proceedings that must take place under the aegis of the Referee, who is appointed to make

6    decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements

7    entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee

8    is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has

9    claimed that Defendant has waived his right to have this matter referred by participating in this

10   litigation. As a result, Defendant will not substantively respond to discovery until this issue is

11   decided by the court.

12       Defendant also objects to this Request on the basis that this discovery is stayed by the

13   Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

14   **REQUEST FOR ADMISSION NO. 28:**

15   Admit that PLAINTIFF discovered in or around April 2019 that work on the PROJECT had been

16   concealed from PLAINTIFF in that such work was not included in the BUDGET which was

17   submitted to PLAINTIFF.

18   **RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

19       In addition to the General Objections which are incorporated herein by this reference,

20   Defendant objects to this Request on the basis that any discovery in this action must be sought in

21   proceedings that must take place under the aegis of the Referee, who is appointed to make

22   decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements

23   entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee

24   is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has

25   claimed that Defendant has waived his right to have this matter referred by participating in this

26   litigation. As a result, Defendant will not substantively respond to discovery until this issue is

27   decided by the court.

28       Defendant also objects to this Request on the basis that this discovery is stayed by the

- 17 -

Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

**REQUEST FOR ADMISSION NO. 29:**

Admit that BORROWERS intentionally omitted from the BUDGET which was submitted to PLAINTIFF material subcontracts for completion of the PROJECT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

In addition to the General Objections which are incorporated herein by this reference, Defendant objects to this Request on the basis that any discovery in this action must be sought in proceedings that must take place under the aegis of the Referee, who is appointed to make decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has claimed that Defendant has waived his right to have this matter referred by participating in this litigation. As a result, Defendant will not substantively respond to discovery until this issue is decided by the court.

Defendant also objects to this Request on the basis that this discovery is stayed by the Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

**REQUEST FOR ADMISSION NO. 30:**

Admit that BORROWERS submitted draw requests to PLAINTIFF for funding on the LOAN which materially omitted costs necessary to complete the PROJECT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

In addition to the General Objections which are incorporated herein by this reference, Defendant objects to this Request on the basis that any discovery in this action must be sought in proceedings that must take place under the aegis of the Referee, who is appointed to make decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has claimed that Defendant has waived his right to have this matter referred by participating in this litigation. As a result, Defendant will not substantively respond to discovery until this issue is

1    decided by the court.

2        Defendant also objects to this Request on the basis that this discovery is stayed by the

3    Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

4    **REQUEST FOR ADMISSION NO. 31:**

5    Admit that BORROWERS submitted draw requests to PLAINTIFF for funding on the LOAN

6    which contained material misrepresentations regarding the costs necessary to complete the

7    PROJECT.

8    **RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

9        In addition to the General Objections which are incorporated herein by this reference,

10    Defendant objects to this Request on the basis that any discovery in this action must be sought in

11    proceedings that must take place under the aegis of the Referee, who is appointed to make

12    decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements

13    entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee

14    is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has

15    claimed that Defendant has waived his right to have this matter referred by participating in this

16    litigation. As a result, Defendant will not substantively respond to discovery until this issue is

17    decided by the court.

18        Defendant also objects to this Request on the basis that this discovery is stayed by the

19    Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

20    **REQUEST FOR ADMISSION NO. 32:**

21    Admit that BORROWERS submitted invoices to PLAINTIFF with draw requests that

22    misrepresented the total amount of work that contractors bad performed on the PROJECT.

23    **RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

24        In addition to the General Objections which are incorporated herein by this reference,

25    Defendant objects to this Request on the basis that any discovery in this action must be sought in

26    proceedings that must take place under the aegis of the Referee, who is appointed to make

27    decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements

28    entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee

1  is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has

2  claimed that Defendant has waived his right to have this matter referred by participating in this

3  litigation. As a result, Defendant will not substantively respond to discovery until this issue is

4  decided by the court.

5      Defendant also objects to this Request on the basis that this discovery is stayed by the

6  Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

7  **REQUEST FOR ADMISSION NO. 33:**

8  Admit that BORROWERS' draw requests which they provided to PLAINTIFF contained

9  discrepancies in amounts allegedly paid by BORROWERS to the contractors on the PROJECT.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

11      In addition to the General Objections which are incorporated herein by this reference,

12  Defendant objects to this Request on the basis that any discovery in this action must be sought in

13  proceedings that must take place under the aegis of the Referee, who is appointed to make

14  decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements

15  entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee

16  is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has

17  claimed that Defendant has waived his right to have this matter referred by participating in this

18  litigation. As a result, Defendant will not substantively respond to discovery until this issue is

19  decided by the court.

20      Defendant also objects to this Request on the basis that this discovery is stayed by the

21  Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

22  **REQUEST FOR ADMISSION NO. 34:**

23  Admit that Joseph Rubin provided little if any value to the PROJECT yet took a salary from the

24  PROJECT funds as alleged in paragraph 52 of the COMPLAINT.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

26      In addition to the General Objections which are incorporated herein by this reference,

27  Defendant objects to this Request on the basis that any discovery in this action must be sought in

28  proceedings that must take place under the aegis of the Referee, who is appointed to make

1  decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements

2  entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee

3  is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has

4  claimed that Defendant has waived his right to have this matter referred by participating in this

5  litigation. As a result, Defendant will not substantively respond to discovery until this issue is

6  decided by the court.

7         Defendant also objects to this Request on the basis that this discovery is stayed by the

8  Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

9  **REQUEST FOR ADMISSION NO. 35:**

10  Admit that Joseph Rubin was put in charge of overseeing the PROJECT even though he had no

11  significant business experience.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

13         In addition to the General Objections which are incorporated herein by this reference,

14  Defendant objects to this Request on the basis that any discovery in this action must be sought in

15  proceedings that must take place under the aegis of the Referee, who is appointed to make

16  decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements

17  entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee

18  is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has

19  claimed that Defendant has waived his right to have this matter referred by participating in this

20  litigation. As a result, Defendant will not substantively respond to discovery until this issue is

21  decided by the court.

22         Defendant also objects to this Request on the basis that this discovery is stayed by the

23  Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

24  **REQUEST FOR ADMISSION NO. 36:**

25  Admit that Joseph Rubin was put in charge of overseeing the PROJECT even though he had no

26  significant construction management experience.

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

28         In addition to the General Objections which are incorporated herein by this reference,

- 21 -

1  Defendant objects to this Request on the basis that any discovery in this action must be sought in

2  proceedings that must take place under the aegis of the Referee, who is appointed to make

3  decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements

4  entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee

5  is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has

6  claimed that Defendant has waived his right to have this matter referred by participating in this

7  litigation. As a result, Defendant will not substantively respond to discovery until this issue is

8  decided by the court.

9          Defendant also objects to this Request on the basis that this discovery is stayed by the

10  Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

11  **REQUEST FOR ADMISSION NO. 37:**

12  Admit that BORROWERS did not disclose to PLAINTIFF that Joseph Rubin would be

13  overseeing construction on the PROJECT prior to the closing of the LOAN.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

15          In addition to the General Objections which are incorporated herein by this reference,

16  Defendant objects to this Request on the basis that any discovery in this action must be sought in

17  proceedings that must take place under the aegis of the Referee, who is appointed to make

18  decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements

19  entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee

20  is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has

21  claimed that Defendant has waived his right to have this matter referred by participating in this

22  litigation. As a result, Defendant will not substantively respond to discovery until this issue is

23  decided by the court.

24          Defendant also objects to this Request on the basis that this discovery is stayed by the

25  Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

26  **REQUEST FOR ADMISSION NO. 38:**

27  Admit that BORROWERS breached the LOAN DOCUMENTS by failing to make monthly debt

28  service due on May 1, 2019.

- 22 -

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

In addition to the General Objections which are incorporated herein by this reference, Defendant objects to this Request on the basis that any discovery in this action must be sought in proceedings that must take place under the aegis of the Referee, who is appointed to make decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has claimed that Defendant has waived his right to have this matter referred by participating in this litigation. As a result, Defendant will not substantively respond to discovery until this issue is decided by the court.

Defendant also objects to this Request on the basis that this discovery is stayed by the Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

**REQUEST FOR ADMISSION NO. 39:**

Admit that BORROWERS breached the LOAN DOCUMENTS by failing to make monthly debt service due for all months subsequent to May, 2019.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

In addition to the General Objections which are incorporated herein by this reference, Defendant objects to this Request on the basis that any discovery in this action must be sought in proceedings that must take place under the aegis of the Referee, who is appointed to make decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has claimed that Defendant has waived his right to have this matter referred by participating in this litigation. As a result, Defendant will not substantively respond to discovery until this issue is decided by the court.

Defendant also objects to this Request on the basis that this discovery is stayed by the Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

**REQUEST FOR ADMISSION NO. 40:**

1  Admit that BORROWERS breached the LOAN DOCUMENTS by failing to make monthly debt

2  service due on August 1, 2019.

3  **RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

4  In addition to the General Objections which are incorporated herein by this reference,

5  Defendant objects to this Request on the basis that any discovery in this action must be sought in

6  proceedings that must take place under the aegis of the Referee, who is appointed to make

7  decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements

8  entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee

9  is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has

10  claimed that Defendant has waived his right to have this matter referred by participating in this

11  litigation. As a result, Defendant will not substantively respond to discovery until this issue is

12  decided by the court.

13  Defendant also objects to this Request on the basis that this discovery is stayed by the

14  Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

15  **REQUEST FOR ADMISSION NO. 41:**

16  Admit that BORROWERS breached the LOAN DOCUMENTS by failing to make monthly debt

17  service due for all months subsequent to August, 2019.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

19  In addition to the General Objections which are incorporated herein by this reference,

20  Defendant objects to this Request on the basis that any discovery in this action must be sought in

21  proceedings that must take place under the aegis of the Referee, who is appointed to make

22  decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements

23  entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee

24  is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has

25  claimed that Defendant has waived his right to have this matter referred by participating in this

26  litigation. As a result, Defendant will not substantively respond to discovery until this issue is

27  decided by the court.

28  Defendant also objects to this Request on the basis that this discovery is stayed by the

- 24 -

1  Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

2  **REQUEST FOR ADMISSION NO. 42:**

3  Admit that BORROWERS breached the LOAN DOCUMENTS as alleged in paragraph 53(A) of

4  the COMPLAINT by failing to post the deficiency calculated to be approximately

5  $19,252,951.98.

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

7          In addition to the General Objections which are incorporated herein by this reference,

8  Defendant objects to this Request on the basis that any discovery in this action must be sought in

9  proceedings that must take place under the aegis of the Referee, who is appointed to make

10  decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements

11  entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee

12  is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has

13  claimed that Defendant has waived his right to have this matter referred by participating in this

14  litigation. As a result, Defendant will not substantively respond to discovery until this issue is

15  decided by the court.

16          Defendant also objects to this Request on the basis that this discovery is stayed by the

17  Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

18  **REQUEST FOR ADMISSION NO. 43:**

19  Admit that BORROWERS breached the LOAN DOCUMENTS as alleged in paragraph 53(C) of

20  the COMPLAINT by misappropriating bond proceeds from the Mello Roos financing for the

21  PROJECT.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

23          In addition to the General Objections which are incorporated herein by this reference,

24  Defendant objects to this Request on the basis that any discovery in this action must be sought in

25  proceedings that must take place under the aegis of the Referee, who is appointed to make

26  decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements

27  entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee

28  is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has

1   claimed that Defendant has waived his right to have this matter referred by participating in this

2   litigation. As a result, Defendant will not substantively respond to discovery until this issue is

3   decided by the court.

4       Defendant also objects to this Request on the basis that this discovery is stayed by the

5   Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

6   **REQUEST FOR ADMISSION NO. 44:**

7   Admit that BORROWERS breached the LOAN DOCUMENTS as alleged in paragraph 53(C) of

8   the COMPLAINT by failing to explain to PLAINTIFF how bond proceeds from the Mello Roos

9   financing for the PROJECT were spent.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

11      In addition to the General Objections which are incorporated herein by this reference,

12  Defendant objects to this Request on the basis that any discovery in this action must be sought in

13  proceedings that must take place under the aegis of the Referee, who is appointed to make

14  decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements

15  entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee

16  is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has

17  claimed that Defendant has waived his right to have this matter referred by participating in this

18  litigation. As a result, Defendant will not substantively respond to discovery until this issue is

19  decided by the court.

20      Defendant also objects to this Request on the basis that this discovery is stayed by the

21  Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

22  **REQUEST FOR ADMISSION NO. 45:**

23  Admit that BORROWERS breached the LOAN DOCUMENTS as alleged in paragraph 53(D) of

24  the COMPLAINT by failing to deposit approximately $2,518,486.67 calculated by PLAINTIFF

25  in the interest reserve to cure the interest reserve deficiency pursuant to the LOAN.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

27      In addition to the General Objections which are incorporated herein by this reference,

28  Defendant objects to this Request on the basis that any discovery in this action must be sought in

- 26 -

1   proceedings that must take place under the aegis of the Referee, who is appointed to make

2   decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements

3   entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee

4   is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has

5   claimed that Defendant has waived his right to have this matter referred by participating in this

6   litigation. As a result, Defendant will not substantively respond to discovery until this issue is

7   decided by the court.

8       Defendant also objects to this Request on the basis that this discovery is stayed by the

9   Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

10  **REQUEST FOR ADMISSION NO. 46:**

11  Admit that BORROWERS breached the LOAN DOCUMENTS as alleged in paragraph 53(E) of

12  the COMPLAINT by breaching the Hotel Licensing Agreement.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

14      In addition to the General Objections which are incorporated herein by this reference,

15  Defendant objects to this Request on the basis that any discovery in this action must be sought in

16  proceedings that must take place under the aegis of the Referee, who is appointed to make

17  decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements

18  entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee

19  is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has

20  claimed that Defendant has waived his right to have this matter referred by participating in this

21  litigation. As a result, Defendant will not substantively respond to discovery until this issue is

22  decided by the court.

23      Defendant also objects to this Request on the basis that this discovery is stayed by the

24  Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

25  **REQUEST FOR ADMISSION NO. 47:**

26  Admit that BORROWERS breached the LOAN DOCUMENTS as alleged in paragraph 53(E) of

27  the COMPLAINT by breaching the Hotel Management Agreement.

28  **RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

1   In addition to the General Objections which are incorporated herein by this reference,

2   Defendant objects to this Request on the basis that any discovery in this action must be sought in

3   proceedings that must take place under the aegis of the Referee, who is appointed to make

4   decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements

5   entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee

6   is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has

7   claimed that Defendant has waived his right to have this matter referred by participating in this

8   litigation. As a result, Defendant will not substantively respond to discovery until this issue is

9   decided by the court.

10   Defendant also objects to this Request on the basis that this discovery is stayed by the

11   Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

12   **REQUEST FOR ADMISSION NO. 48:**

13   Admit that BORROWERS breached the LOAN DOCUMENTS as alleged in paragraph 53(F) of

14   the COMPLAINT by ceasing construction on the PROJECT which allowed construction

15   materials on the PROJECT to waste.

16   **RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

17   In addition to the General Objections which are incorporated herein by this reference,

18   Defendant objects to this Request on the basis that any discovery in this action must be sought in

19   proceedings that must take place under the aegis of the Referee, who is appointed to make

20   decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements

21   entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee

22   is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has

23   claimed that Defendant has waived his right to have this matter referred by participating in this

24   litigation. As a result, Defendant will not substantively respond to discovery until this issue is

25   decided by the court.

26   Defendant also objects to this Request on the basis that this discovery is stayed by the

27   Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

28   **REQUEST FOR ADMISSION NO. 49:**

1   Admit that BORROWERS breached the LOAN DOCUMENTS as alleged in paragraph 53(G) of

2   the COMPLAINT by failing to pay property taxes on the PROPERTY.

3   **RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

4          In addition to the General Objections which are incorporated herein by this reference,

5   Defendant objects to this Request on the basis that any discovery in this action must be sought in

6   proceedings that must take place under the aegis of the Referee, who is appointed to make

7   decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements

8   entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee

9   is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has

10  claimed that Defendant has waived his right to have this matter referred by participating in this

11  litigation. As a result, Defendant will not substantively respond to discovery until this issue is

12  decided by the court.

13         Defendant also objects to this Request on the basis that this discovery is stayed by the

14  Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

15  **REQUEST FOR ADMISSION NO. 50:**

16  Admit that BORROWERS breached the LOAN DOCUMENTS as alleged in paragraph 53(H) of

17  the COMPLAINT by allowing certain material permits to lapse.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

19         In addition to the General Objections which are incorporated herein by this reference,

20  Defendant objects to this Request on the basis that any discovery in this action must be sought in

21  proceedings that must take place under the aegis of the Referee, who is appointed to make

22  decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements

23  entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee

24  is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has

25  claimed that Defendant has waived his right to have this matter referred by participating in this

26  litigation. As a result, Defendant will not substantively respond to discovery until this issue is

27  decided by the court.

28         Defendant also objects to this Request on the basis that this discovery is stayed by the

- 29 -

Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

**REQUEST FOR ADMISSION NO. 51:**

Admit that BORROWERS breached the LOAN DOCUMENTS as alleged in paragraph 55 of the COMPLAINT by failing to deposit $61,246.05 in the tax and insurance reserve as required by the LOAN DOCUMENTS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

In addition to the General Objections which are incorporated herein by this reference, Defendant objects to this Request on the basis that any discovery in this action must be sought in proceedings that must take place under the aegis of the Referee, who is appointed to make decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has claimed that Defendant has waived his right to have this matter referred by participating in this litigation. As a result, Defendant will not substantively respond to discovery until this issue is decided by the court.

Defendant also objects to this Request on the basis that this discovery is stayed by the Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

**REQUEST FOR ADMISSION NO. 52:**

Admit that as of November 1, 2019 the amount due and payable to cure BORROWER'S default of the LOAN DOCUMENTS was $21,413,976.14, excluding attorneys' fees and costs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

In addition to the General Objections which are incorporated herein by this reference, Defendant objects to this Request on the basis that any discovery in this action must be sought in proceedings that must take place under the aegis of the Referee, who is appointed to make decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has claimed that Defendant has waived his right to have this matter referred by participating in this

1   litigation. As a result, Defendant will not substantively respond to discovery until this issue is

2   decided by the court.

3        Defendant also objects to this Request on the basis that this discovery is stayed by the

4   Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

5   **REQUEST FOR ADMISSION NO. 53:**

6   Admit that the current fair market value of the PROPERTY is less than $21,413,976.14.

7   **RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

8        In addition to the General Objections which are incorporated herein by this reference,

9   Defendant objects to this Request on the basis that any discovery in this action must be sought in

10  proceedings that must take place under the aegis of the Referee, who is appointed to make

11  decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements

12  entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee

13  is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has

14  claimed that Defendant has waived his right to have this matter referred by participating in this

15  litigation. As a result, Defendant will not substantively respond to discovery until this issue is

16  decided by the court.

17       Defendant also objects to this Request on the basis that this discovery is stayed by the

18  Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

19  **REQUEST FOR ADMISSION NO. 54:**

20  Admit that as of November 1, 2019 BORROWERS owed PLAINTIFF $19,619,969.79 23 in

21  principal on the LOAN DOCUMENTS.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

23       In addition to the General Objections which are incorporated herein by this reference,

24  Defendant objects to this Request on the basis that any discovery in this action must be sought in

25  proceedings that must take place under the aegis of the Referee, who is appointed to make

26  decisions in any dispute as agreed upon by Plaintiff in the loan documents and other agreements

27  entered into between Rubin and Plaintiff. A hearing on Defendant's Motion to Appoint a Referee

28  is scheduled to be heard in the Court in which this action was filed on June 3, 2020. Plaintiff has

1  claimed that Defendant has waived his right to have this matter referred by participating in this

2  litigation. As a result, Defendant will not substantively respond to discovery until this issue is

3  decided by the court.

4        Defendant also objects to this Request on the basis that this discovery is stayed by the

5  Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

6

7  Dated: April 10, 2020                                    **Berman Litigation Group**

8

9                                       By:    _Laurence M Berman_

10                                            Laurence M. Berman
                                          Attorneys for Defendant Stuart Rubin

- 32 -

**Berman Litigation Group**
Laurence M. Berman (SBN 93515)
815 Moraga Drive
Los Angeles, CA 90049
Phone No.: (424) 465-9079
Fax No.: (310) 454-0868

Attorneys for Defendant Stuart Rubin

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF RIVERSIDE – RIVERSIDE HISTORIC COURTHOUSE

| | |
|---|---|
| U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP, an Irish limited partnership<br><br>    Plaintiff,<br><br>    vs.<br><br>GLENROY COACHELLA, LLC, a Delaware limited liability company; et al,<br><br>    Defendants. | Case No.: RIC1905743<br><br>**DEFENDANT STUART RUBIN'S RESPONSES TO PLAINTIFF U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP'S REQUESTS FOR PRODUCTION, SET ONE**<br><br>Dept.: 7<br>Judge: Hon. Randall Stamen<br>Action Filed: November 19, 2019<br>Trial Date: None set |

DEFENDANT STUART RUBIN'S RESPONSES TO PLAINTIFF U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

Exhibit Page 38

PROPOUNDING PARTY:    PLAINTIFF U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP

RESPONDING PARTY:    DEFENDANT STUART RUBIN

SET NO:    ONE

Pursuant to the provisions of California Code of Civil Procedure §§ 2031.210, *et seq.*, Defendant Stuart Rubin ("Defendant" or "Rubin") hereby responds to U.S. Real Estate Credit Holdings III-A, LP's ("Plaintiff" or "Calmwater"), Request for Production, Set One, as follows:

## **GENERAL OBJECTIONS**

The following general objections and statements apply to each of the particular Demands for Production of Documents propounded by Plaintiff and are hereby incorporated within each response set forth below, whether implicitly or expressly. No specific objection is intended to constitute, and should not be construed as constituting, a waiver of any general objection.

1.    Defendant objects to the Demand for Production of Documents on the basis that the instant action is subject to an alternative dispute resolution provision in the loan documents and other agreements entered into between Rubin and Plaintiff. This provision requires that this dispute be resolved by the Referee appointed by this Court. Any discovery in this action must be sought in proceedings before, and under the aegis of, the Referee who is appointed by this Court. A hearing on Defendant's Motion to Appoint a Referee is scheduled to be heard by this Court on June 3, 2020. Plaintiff has previously argued that Defendant has waived its right to have this matter decided by this Referee by participating in this litigation. As a result, Defendant cannot, and will not, substantively respond to discovery in this action until this issue is decided by this Court to avoid any suggestion that he has waived his right to have this matter heard by a Referee.

2.    Defendant objects to the Demand for Production of Documents to the extent that it calls for information and/or documents protected by the attorney-client privilege, the work product doctrine, or any other privileges, protections or doctrines of similar effect. To the extent that Defendant inadvertently produces any information and/or documents protected by the attorney-client privilege, the work product doctrine, or any other privilege or protection, including the marital communication privilege, such production is not intended to, and shall not operate as, a waiver of any applicable privilege with respect to that document and/or information, or any other

- 1 -

1    document and/or information.

2        3.    Defendant's responses are not a waiver of any of the objections set forth herein, or

3    an admission or acknowledgement that such information is relevant to the subject matter of this

4    action.  Further, these responses are without prejudice to, and not a waiver of:  (a) Defendant's

5    right to contend at trial, or at any other proceeding in this action, that such information is

6    inadmissible, irrelevant, immaterial, or not a proper basis for discovery; and (b) any objection by

7    Defendant to any future use of such information that Plaintiff may attempt to make.

8        4.    The responses contained herein are provided in good faith effort and supply as

9    much factual information as is presently known.  Defendant shall have no duty, but shall reserve

10   the right, to supplement the responses contained herein as additional facts are ascertained,

11   analyses are made, legal research is completed, and contentions are developed.

12       5.    Each and every one of these General Objections applies to each of Defendant's

13   responses to the Demand for Production of Documents and is incorporated into each of

14   Defendant's responses below as though set forth in full therein.

15       6.    Defendant's responses are not a waiver of any of the objections set forth herein, or

16   an admission or acknowledgement that such information is relevant to the subject matter of this

17   action.  Further, these responses are without prejudice to, and not a waiver of:  (a) Defendant's

18   right to contend at trial, or at any other proceeding in this action, that such information is

19   inadmissible, irrelevant, immaterial, or not a proper basis for discovery; and (b) any objection by

20   Defendant to any future use of such information that Stiffelman may attempt to make.

21       7.    The responses contained herein are provided in good faith effort and supply as

22   much factual information as is presently known.  Defendant shall have no duty, but shall reserve

23   the right, to supplement the responses contained herein as additional facts are ascertained,

24   analyses are made, legal research is completed, and contentions are developed.

25       8.    Defendant objects to the Instructions and Definitions to the extent that they require

26   Defendant to take acts not required by the California Code of Civil Procedure or other legal

27   authorities.

28       9.    Each and every one of these General Objections applies to each of Defendant's

1    responses to the Demand for Production of Documents and is incorporated into each of

2    Defendant's responses below as though set forth in full therein.

3    ## RESPONSES TO REQUESTS FOR PRODUCTION, SET ONE

4    **REQUEST FOR PRODUCTION NO. 1:**

5    All DOCUMENTS referenced by YOU in YOUR response to the form interrogatories, set one,

6    which were propounded on YOU contemporaneously with these requests for documents.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

8    In addition to the General Objections which are incorporated herein by this reference,

9    Defendant objects to this Request on the basis that the parties' agreement requires that their

10    dispute be decided by the Referee appointed by this Court. Any discovery in this action must be

11    sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to

12    Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that

13    Defendant has waived his right to have this matter decided by this Referee by participating in this

14    litigation. For these reasons, Defendant cannot, and will not, substantively respond to this

15    discovery until this Reference issue is decided by this Court. Defendant cannot respond and then

16    have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed

17    upon by the Plaintiff and Defendant.

18    Defendant also objects to this Request on the basis that this discovery is stayed by the

19    Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

20    Responding Party also objects to the Request to the extent it seeks confidential and/or

21    proprietary information and will not be produced absent a protective order agreed upon by the

22    parties and entered into by the Court.

23    Subject to and without waiving the foregoing objections and after resolution of the

24    Reference motion and the lifting of the stay that is the subject of this action, Defendant responds

25    as follows: Defendant will produce all non-privileged responsive documents in his possession,

26    custody or control a reasonable period of time after Emergency Rule 2 is lifted and counsel for

27    Defendant returns to its office, which is currently closed due to the Governor's emergency order,

28    and upon the entry of a protective order.

- 3 -

**REQUEST FOR PRODUCTION NO. 2:**

All communications (including, but not limited to letters, correspondence, notes, text messages, facsimiles and emails) exchanged between YOU and Elliot Lander which refer, reflect or relate to PLAINTIFF.

 **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1, which is incorporated herein by this reference.

**REQUEST FOR PRODUCTION NO. 3:**

All communications (including, but not limited to letters, correspondence, notes, text messages, facsimiles and emails) exchanged between YOU and Gary Stiffelman which refer, reflect or relate to PLAINTIFF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1, which is incorporated herein by this reference.

**REQUEST FOR PRODUCTION NO. 4:**

All communications (including, but not limited to letters, correspondence, notes, text messages, facsimiles and emails) exchanged between YOU and Joseph Rubin which refer, reflect or relate to PLAINTIFF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1, which is incorporated herein by this reference.

**REQUEST FOR PRODUCTION NO. 5:**

All communications (including, but not limited to letters, correspondence, notes, text messages, facsimiles and emails) exchanged between YOU and Doug Wall which refer, reflect or relate to PLAINTIFF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1, which is incorporated herein by this reference.

**REQUEST FOR PRODUCTION NO. 6:**

All communications (including, but not limited to letters, correspondence, notes, text messages, facsimiles and emails) exchanged between YOU and Elliot Lander which refer, reflect or relate to the LOAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1, which is incorporated herein by this reference.

**REQUEST FOR PRODUCTION NO. 7:**

All communications (including, but not limited to letters, correspondence, notes, text messages, facsimiles and emails) exchanged between YOU and Gary Stiffelman which refer, reflect or relate to the LOAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1, which is incorporated herein by this reference.

**REQUEST FOR PRODUCTION NO. 8:**

All communications (including, but not limited to letters, correspondence, notes, text messages, facsimiles and emails) exchanged between YOU and Joseph Rubin which refer, reflect or relate to the LOAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1, which is incorporated herein by this reference.

**REQUEST FOR PRODUCTION NO. 9:**

All communications (including, but not limited to letters, correspondence, notes, text messages, facsimiles and emails) exchanged between YOU and Doug Wall which refer, reflect or relate to the LOAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1, which is incorporated herein by this reference.

**REQUEST FOR PRODUCTION NO. 10:**

All communications (including, but not limited to letters, correspondence, notes, text messages, facsimiles and emails) exchanged between YOU and Elliot Lander which refer, reflect or relate to the PROJECT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1, which is incorporated herein by this reference.

**REQUEST FOR PRODUCTION NO. 11:**

All communications (including, but not limited to letters, correspondence, notes, text messages, facsimiles and emails) exchanged between YOU and Gary Stiffelman which refer, reflect or relate to the PROJECT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1, which is incorporated herein by this reference.

**REQUEST FOR PRODUCTION NO. 12:**

All communications (including, but not limited to letters, correspondence, notes, text messages, facsimiles and emails) exchanged between YOU and Joseph Rubin which refer, reflect or relate to the PROJECT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1, which is incorporated herein by this reference.

**REQUEST FOR PRODUCTION NO. 13:**

All communications (including, but not limited to letters, correspondence, notes, text messages, facsimiles and emails) exchanged between YOU and Doug Wall which refer, reflect or relate to the PROJECT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1, which is incorporated herein by this reference.

- 6 -

1  **REQUEST FOR PRODUCTION NO. 14:**

2  All communications (including, but not limited to letters, correspondence, notes, text messages,

3  facsimiles and emails) exchanged between YOU and Elliot Lander which refer, reflect or relate to

4  the BUDGET.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

6       Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1,

7  which is incorporated herein by this reference.

8  **REQUEST FOR PRODUCTION NO. 15:**

9  All communications (including, but not limited to letters, correspondence, notes, text messages,

10  facsimiles and emails) exchanged between YOU and Gary Stiffelman which refer, reflect or

11  relate to the BUDGET.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

13       Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1,

14  which is incorporated herein by this reference.

15  **REQUEST FOR PRODUCTION NO. 16:**

16  All communications (including, but not limited to letters, correspondence, notes, text messages,

17  facsimiles and emails) exchanged between YOU and Joseph Rubin which refer, reflect or relate to

18  the BUDGET.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

20       Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1,

21  which is incorporated herein by this reference.

22  **REQUEST FOR PRODUCTION NO. 17:**

23  All communications (including, but not limited to letters, correspondence, notes, text messages,

24  facsimiles and emails) exchanged between YOU and Doug Wall which refer, reflect or relate to

25  the BUDGET.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

27       Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1,

28  which is incorporated herein by this reference.

**REQUEST FOR PRODUCTION NO. 18:**

All communications (including, but not limited to letters, correspondence, notes, text messages, facsimiles and emails) exchanged between YOU and Elliot Lander which refer, reflect or relate to the use of LOAN funds received from PLAINTIFF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1, which is incorporated herein by this reference.

**REQUEST FOR PRODUCTION NO. 19:**

All communications (including, but not limited to letters, correspondence, notes, text messages, facsimiles and entails) exchanged between YOU and Gary Stiffelman which refer, reflect or relate to the use of LOAN funds received from PLAINTIFF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1, which is incorporated herein by this reference.

**REQUEST FOR PRODUCTION NO. 20:**

All communications (including, but not limited to letters, correspondence, notes, text messages, facsimiles and emails) exchanged between YOU and Joseph Rubin which refer, reflect or relate to the use of LOAN funds received from PLAINTIFF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1, which is incorporated herein by this reference.

**REQUEST FOR PRODUCTION NO. 21:**

All communications (including, but not limited to letters, correspondence, notes, text messages, facsimiles and emails) exchanged between YOU and Doug Wall which refer, reflect or relate to the use of LOAN funds received from PLAINTIFF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1, which is incorporated herein by this reference.

**REQUEST FOR PRODUCTION NO. 22:**

All communications (including, but not limited to letters, correspondence, notes, text messages, facsimiles and emails) exchanged between YOU and Elliot Lander which refer, reflect or relate to the cost to complete the PROJECT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1, which is incorporated herein by this reference.

**REQUEST FOR PRODUCTION NO. 23:**

All communications (including, but not limited to letters, correspondence, notes, text messages, facsimiles and emails) exchanged between YOU and Gary Stiffelman which refer, reflect or relate to the cost to complete the PROJECT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1, which is incorporated herein by this reference.

**REQUEST FOR PRODUCTION NO. 24:**

All communications (including, but not limited to letters, correspondence, notes, text messages, facsimiles and emails) exchanged between YOU and Joseph Rubin which refer, reflect or relate to the cost to complete the PROJECT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1, which is incorporated herein by this reference.

**REQUEST FOR PRODUCTION NO. 25:**

All communications (including, but not limited to letters, correspondence, notes, text messages, facsimiles and emails) exchanged between YOU and Doug Wall which refer, reflect or relate to the cost to complete the PROJECT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1, which is incorporated herein by this reference.

- 9 -

**DEFENDANT STUART RUBIN'S RESPONSES TO PLAINTIFF U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**

Exhibit Page 47

**REQUEST FOR PRODUCTION NO. 26:**

All communications (including, but not limited to letters, correspondence, notes, text messages, facsimiles and emails) exchanged between YOU and Elliot Lander which refer, reflect or relate any and all budgets for the PROJECT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1, which is incorporated herein by this reference.

**REQUEST FOR PRODUCTION NO. 27:**

All communications (including, but not limited to letters, correspondence, notes, text messages, facsimiles and emails) exchanged between YOU and Gary Stiffelman which refer, reflect or relate to any and all budgets for the PROJECT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1, which is incorporated herein by this reference.

**REQUEST FOR PRODUCTION NO. 28:**

All communications (including, but not limited to letters, correspondence, notes, text messages, facsimiles and emails) exchanged between YOU and Joseph Rubin which refer, reflect or relate any and all budgets for the PROJECT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1, which is incorporated herein by this reference.

**REQUEST FOR PRODUCTION NO. 29:**

All communications (including, but not limited to letters, correspondence, notes, text messages, facsimiles and emails) exchanged between YOU and Doug Wall which refer, reflect or relate to any and all budgets for the PROJECT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1, which is incorporated herein by this reference.

- 10 -

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS relating to the cost to complete the PROJECT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1, which is incorporated herein by this reference.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS that refer, reflect or relate to the fair market value for the PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1, which is incorporated herein by this reference.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS that refer, reflect or relate to any budget for the PROJECT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1, which is incorporated herein by this reference.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS that refer, reflect or relate to the use of LOAN funds received from PLAINTIFF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1, which is incorporated herein by this reference.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS that refer, reflect or relate to providing information to PLAINTIFF to attempt to convince PLAINTIFF to make the LOAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1, which is incorporated herein by this reference.

**REQUEST FOR PRODUCTION NO. 35:**

Exhibit Page 49

1    All DOCUMENTS that refer, reflect or relate to draw requests for the LOAN.

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

3          Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1,

4    which is incorporated herein by this reference.

5    **REQUEST FOR PRODUCTION NO. 36:**

6    All DOCUMENTS that refer, reflect or relate to changes in the budget for the PROJECT.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

8          Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1,

9    which is incorporated herein by this reference.

10   **REQUEST FOR PRODUCTION NO. 37:**

11   All DOCUMENTS that refer, reflect or relate to changes in the scope of work for the PROJECT.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

13         Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1,

14   which is incorporated herein by this reference.

15   **REQUEST FOR PRODUCTION NO. 38:**

16   All drafts of DOCUMENTS that were sent to PLAINTIFF prior to the closing of the LOAN.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

18         Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1,

19   which is incorporated herein by this reference.

20   **REQUEST FOR PRODUCTION NO. 39:**

21   All drafts of DOCUMENTS that were sent to PLAINTIFF subsequent to the closing of the

22   LOAN.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

24         Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1,

25   which is incorporated herein by this reference.

26   **REQUEST FOR PRODUCTION NO. 40:**

27   All communications (including, but not limited to letters, correspondence, notes, text messages,

28   facsimiles and emails) relating to DOCUMENTS that were sent to PLAINTIFF prior to the

- 12 -

1   closing of the LOAN.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

3         Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1,

4   which is incorporated herein by this reference.

5   **REQUEST FOR PRODUCTION NO. 41:**

6   All communications (including, but not limited to letters, correspondence, notes, text messages,

7   facsimiles and emails) relating to DOCUMENTS that were sent to PLAINTIFF subsequent to the

8   closing of the LOAN.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

10        Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1,

11  which is incorporated herein by this reference.

12  **REQUEST FOR PRODUCTION NO. 42:**

13  All communications (including, but not limited to letters, correspondence, notes, text messages,

14  facsimiles and emails) relating to draw requests for the LOAN.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

16        Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1,

17  which is incorporated herein by this reference.

18  **REQUEST FOR PRODUCTION NO. 43:**

19  All communications (including, but not limited to letters, correspondence, notes, text messages,

20  facsimiles and emails) relating to the use of bond proceeds from the Mellos Roos financing for

21  the PROJECT.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

23        Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1,

24  which is incorporated herein by this reference.

25  **REQUEST FOR PRODUCTION NO. 44:**

26  All DOCUMENTS relating to the use of bond proceeds from the Mellos Roos financing for the

27  PROJECT.

28  **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

1        Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1,

2    which is incorporated herein by this reference.

3    **REQUEST FOR PRODUCTION NO. 45:**

4    All DOCUMENTS relating to the BORROWERS' receipt of bond proceeds from the Mellos

5    Roos financing for the PROJECT.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

7        Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1,

8    which is incorporated herein by this reference.

9    **REQUEST FOR PRODUCTION NO. 46:**

10    All communications (including, but not limited to letters, correspondence, notes, text messages,

11    facsimiles and emails) relating to BORROWERS' payment of monthly debt service on the

12    LOAN.

13    **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

14        Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1,

15    which is incorporated herein by this reference.

16    **REQUEST FOR PRODUCTION NO. 47:**

17    All DOCUMENTS relating to BORROWERS' payment of monthly debt service on the LOAN.

18    **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

19        Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1,

20    which is incorporated herein by this reference.

21    **REQUEST FOR PRODUCTION NO. 48:**

22    All appraisals for the PROPERTY.

23    **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

24        Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1,

25    which is incorporated herein by this reference.

26    **REQUEST FOR PRODUCTION NO. 49:**

27    All DOCUMENTS which were submitted to the governmental entity which supervises the

28    construction of the PROJECT and which show the cost of the PROJECT.

- 14 -

DEFENDANT STUART RUBIN'S RESPONSES TO PLAINTIFF U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

Exhibit Page 52

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1, which is incorporated herein by this reference.

**REQUEST FOR PRODUCTION NO. 50:**

All DOCUMENTS which were exchanged with the architect for the PROJECT and which show the cost of the PROJECT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Defendant directs Plaintiff to Defendant's Response to Request for Production No. 1, which is incorporated herein by this reference.

Dated: April 10, 2020                                  **Berman Litigation Group**

By: _Laurence M Berman_____

Laurence M. Berman
Attorneys for Defendant Stuart Rubin

- 15 -

Exhibit Page 53

1

2  **Berman Litigation Group**
   Laurence M. Berman (SBN 93515)
3  815 Moraga Drive
   Los Angeles, CA 90049
4  Phone No.: (424) 465-9079
   Fax No.: (310) 454-0868
5

6  Attorneys for Defendant Stuart Rubin

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9
       **COUNTY OF RIVERSIDE – RIVERSIDE HISTORIC COURTHOUSE**
10

11 U.S. REAL ESTATE CREDIT HOLDINGS        Case No.: RIC1905743
   III-A, LP, an Irish limited partnership
12                                          **DEFENDANT STUART RUBIN'S**
                                            **RESPONSES TO PLAINTIFF U.S. REAL**
13         Plaintiff,                       **ESTATE CREDIT HOLDINGS III-A, LP'S**
                                            **SPECIAL INTERROGATORIES, SET**
13         vs.                              **ONE**

14 GLENROY    COACHELLA,    LLC,    a      Dept.: 7
15 Delaware limited liability company; et al,  Judge: Hon. Randall Stamen
                                            Action Filed: November 19, 2019
16         Defendants.                      Trial Date: None set

17

18

19

20

21

22

23

24

25

26

27

28

PROPOUNDING PARTY:    PLAINTIFF U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP

RESPONDING PARTY:    DEFENDANT STUART RUBIN

SET NO:    ONE

Pursuant to the provisions of California Code of Civil Procedure §§ 2030.210, *et seq.*, Defendant Stuart Rubin ("Defendant" or "Rubin") hereby responds to Plaintiff U.S. Real Estate Credit Holdings III-A, LP's ("Plaintiff" or "Calmwater"), Special Interrogatories, Set One, as follows:

**<u>GENERAL OBJECTIONS</u>**

The following general objections and statements apply to each of the particular Interrogatories propounded by Plaintiff and are hereby incorporated within each response set forth below, whether implicitly or expressly. No specific objection is intended to constitute, and should not be construed as constituting, a waiver of any general objection.

1.    Defendant objects to the Special Interrogatories on the basis that the instant action is subject to an alternative dispute resolution provision in the loan documents and other agreements entered into between Rubin and Plaintiff. This provision requires that this dispute be resolved by the Referee appointed by this Court.  Any discovery in this action must be sought in proceedings before, and under the aegis of, the Referee who is appointed by this Court. A hearing on Defendant's Motion to Appoint a Referee is scheduled to be heard by this Court on June 3, 2020. Plaintiff has previously argued that Defendant has waived its right to have this matter decided by this Referee by participating in this litigation. As a result, Defendant cannot, and will not, substantively respond to discovery in this action until this issue is decided by this Court to avoid any suggestion that he has waived his right to have this matter heard by a Referee.

2.    Defendant objects to these Special Interrogatories to the extent they call for information protected by the attorney-client privilege, the attorney work-product privilege, the litigation privilege, or any other constitutional, statutory or common law privilege or protection. To the extent that Defendant inadvertently produces any information and/or documents protected by the attorney-client privilege, the work product doctrine, the litigation privilege, or any other privilege or protection, such production is not intended to, and shall not operate as, a waiver of

- 1 -

any applicable privilege with respect to that document and/or information, or any other document and/or information.

3.      Defendant objects to each Special Interrogatories to the extent that it seeks information constituting proprietary, confidential, privileged, and/or private information and/or documents subject to privacy rights as set forth in Art. 1, Sec. 1 of the California Constitution, including the marital communications privilege.  Where applicable, Defendant will not disclose any such information, or information otherwise protected from disclosure by applicable federal or state law, in response to these Form Interrogatories until the Court enters an appropriate protective order regarding the confidentiality of such information.

4.      Defendant reserves the right to supplement or change these responses should additional information responsive to one or more of these Interrogatories be identified.

5.      The foregoing objections are incorporated into each specific response below as though fully set forth therein.

## RESPONSES TO SPECIAL INTERROGATORIES, SET ONE

### SPECIAL INTERROGATORY NO. 1

IDENTIFY all persons who assisted in the preparation of the BUDGET.

### RESPONSE TO SPECIAL INTERROGATORY NO. 1

In addition to the General Objections which are incorporated herein by this reference, Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their dispute be decided by the Referee appointed by this Court. Any discovery in this action must be sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that Defendant has waived his right to have this matter decided by this Referee by participating in this litigation. For these reasons, Defendant cannot, and will not, substantively respond to this discovery until this Reference issue is decided by this Court. Defendant cannot respond and then have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed upon by the Plaintiff and Defendant.

Defendant further objects to this Interrogatory to the extent it seeks information that is

neither relevant nor likely to lead to the discovery of admissible evidence.

**SPECIAL INTERROGATORY NO. 2**

For each person identified by YOU in response to the preceding interrogatory, state the specific role each person played in the preparation of the BUDGET.

**RESPONSE TO SPECIAL INTERROGATORY NO. 2**

In addition to the General Objections which are incorporated herein by this reference, Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their dispute be decided by the Referee appointed by this Court. Any discovery in this action must be sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that Defendant has waived his right to have this matter decided by this Referee by participating in this litigation. For these reasons, Defendant cannot, and will not, substantively respond to this discovery until this Reference issue is decided by this Court. Defendant cannot respond and then have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed upon by the Plaintiff and Defendant.

Defendant further objects to this Interrogatory to the extent it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**SPECIAL INTERROGATORY NO. 3**

Explain with particularity, all steps that YOU undertook to ensure that the BUDGET was an accurate estimate of all costs required to complete the PROJECT.

**RESPONSE TO SPECIAL INTERROGATORY NO. 3**

In addition to the General Objections which are incorporated herein by this reference, Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their dispute be decided by the Referee appointed by this Court. Any discovery in this action must be sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that Defendant has waived his right to have this matter decided by this Referee by participating in this litigation. For these reasons, Defendant cannot, and will not, substantively respond to this

- 3 -

1   discovery until this Reference issue is decided by this Court. Defendant cannot respond and then

2   have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed

3   upon by the Plaintiff and Defendant.

4       Defendant further objects to this Interrogatory to the extent it seeks information that is

5   neither relevant nor likely to lead to the discovery of admissible evidence.

6   **SPECIAL INTERROGATORY NO. 4**

7       Explain with particularity, all steps that BORROWERS undertook to ensure that the

8       BUDGET was an accurate estimate of all costs required to complete the PROJECT.

9   **RESPONSE TO SPECIAL INTERROGATORY NO. 4**

10      In addition to the General Objections which are incorporated herein by this reference,

11  Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their

12  dispute be decided by the Referee appointed by this Court. Any discovery in this action must be

13  sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to

14  Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that

15  Defendant has waived his right to have this matter decided by this Referee by participating in this

16  litigation. For these reasons, Defendant cannot, and will not, substantively respond to this

17  discovery until this Reference issue is decided by this Court. Defendant cannot respond and then

18  have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed

19  upon by the Plaintiff and Defendant.

20      Defendant further objects to this Interrogatory to the extent it seeks information that is

21  neither relevant nor likely to lead to the discovery of admissible evidence.

22  **SPECIAL INTERROGATORY NO. 5**

23      Explain with particularity, all steps that GUARANTORS undertook to ensure that the

24      BUDGET was an accurate estimate of all costs required to complete the PROJECT.

25  **RESPONSE TO SPECIAL INTERROGATORY NO. 5**

26      In addition to the General Objections which are incorporated herein by this reference,

27  Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their

28  dispute be decided by the Referee appointed by this Court. Any discovery in this action must be

- 4 -

1   sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to

2   Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that

3   Defendant has waived his right to have this matter decided by this Referee by participating in this

4   litigation. For these reasons, Defendant cannot, and will not, substantively respond to this

5   discovery until this Reference issue is decided by this Court. Defendant cannot respond and then

6   have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed

7   upon by the Plaintiff and Defendant.

8        Defendant further objects to this Interrogatory to the extent it seeks information that is

9   neither relevant nor likely to lead to the discovery of admissible evidence.

10  **SPECIAL INTERROGATORY NO. 6**

11       If the BUDGET subsequently turned out not to be an accurate estimate of all costs

12       required to complete the PROJECT, please state all facts which explain the

13       inaccuracy(ies).

14  **RESPONSE TO SPECIAL INTERROGATORY NO. 6**

15       In addition to the General Objections which are incorporated herein by this reference,

16  Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their

17  dispute be decided by the Referee appointed by this Court. Any discovery in this action must be

18  sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to

19  Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that

20  Defendant has waived his right to have this matter decided by this Referee by participating in this

21  litigation. For these reasons, Defendant cannot, and will not, substantively respond to this

22  discovery until this Reference issue is decided by this Court. Defendant cannot respond and then

23  have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed

24  upon by the Plaintiff and Defendant.

25       Defendant further objects to this Interrogatory to the extent it seeks information that is

26  neither relevant nor likely to lead to the discovery of admissible evidence.

27  **SPECIAL INTERROGATORY NO. 7**

28       IDENTIFY all persons with knowledge of why the BUDGET subsequently turned out 26

1   not to reflect all costs required to complete the PROJECT.

2   **RESPONSE TO SPECIAL INTERROGATORY NO. 7**

3       In addition to the General Objections which are incorporated herein by this reference,

4   Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their

5   dispute be decided by the Referee appointed by this Court. Any discovery in this action must be

6   sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to

7   Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that

8   Defendant has waived his right to have this matter decided by this Referee by participating in this

9   litigation. For these reasons, Defendant cannot, and will not, substantively respond to this

10   discovery until this Reference issue is decided by this Court. Defendant cannot respond and then

11   have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed

12   upon by the Plaintiff and Defendant.

13       Defendant further objects to this Interrogatory to the extent it seeks information that is

14   neither relevant nor likely to lead to the discovery of admissible evidence.

15   **SPECIAL INTERROGATORY NO. 8**

16       State all facts which relate to how any LOAN proceeds were spent (including, but not

17       limited to, the IDENTITY of the recipient of each payment, the date of each payment, the

18       amount of each payment, the specific purpose of each payment, the method of each

19       payment (e.g. check, wire, cash) and the IDENTITY of all persons with knowledge of

20       each payment).

21   **RESPONSE TO SPECIAL INTERROGATORY NO. 8**

22       In addition to the General Objections which are incorporated herein by this reference,

23   Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their

24   dispute be decided by the Referee appointed by this Court. Any discovery in this action must be

25   sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to

26   Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that

27   Defendant has waived his right to have this matter decided by this Referee by participating in this

28   litigation. For these reasons, Defendant cannot, and will not, substantively respond to this

discovery until this Reference issue is decided by this Court. Defendant cannot respond and then have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed upon by the Plaintiff and Defendant.

Defendant objects that this Interrogatory is compound, conjunctive, or disjunctive in violation of CCP § 2060.060(f).

**SPECIAL INTERROGATORY NO. 9**

State all facts which relate to how any funds from bond proceeds from the Mello Roos financing for the PROJECT were spent (including, but not limited to, the IDENTITY of the recipient of each payment, the date of each payment, the amount of each payment, the specific purpose of each payment, the method of each payment (e.g. check, wire, cash) and the IDENTITY of all persons with knowledge of each payment).

**RESPONSE TO SPECIAL INTERROGATORY NO. 9**

In addition to the General Objections which are incorporated herein by this reference, Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their dispute be decided by the Referee appointed by this Court. Any discovery in this action must be sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that Defendant has waived his right to have this matter decided by this Referee by participating in this litigation. For these reasons, Defendant cannot, and will not, substantively respond to this discovery until this Reference issue is decided by this Court. Defendant cannot respond and then have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed upon by the Plaintiff and Defendant.

Defendant objects that this Interrogatory is compound, conjunctive, or disjunctive in violation of CCP § 2060.060(f).

**SPECIAL INTERROGATORY NO. 10**

If YOU deny that PLAINTIFF has fully performed the Indemnity and Guaranty Agreement, as set forth in paragraph 89 of the COMPLA1NT, state all facts which support, rebut or relate to YOUR denial.

- 7 -

**RESPONSE TO SPECIAL INTERROGATORY NO. 10**

In addition to the General Objections which are incorporated herein by this reference, Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their dispute be decided by the Referee appointed by this Court. Any discovery in this action must be sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that Defendant has waived his right to have this matter decided by this Referee by participating in this litigation. For these reasons, Defendant cannot, and will not, substantively respond to this discovery until this Reference issue is decided by this Court. Defendant cannot respond and then have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed upon by the Plaintiff and Defendant.

Defendant objects that this Interrogatory is compound, conjunctive, or disjunctive in violation of CCP § 2060.060(f).

**SPECIAL INTERROGATORY NO. 11**

If YOU deny that PLAINTIFF has fully performed the Indemnity and Guaranty Agreement, as set forth in paragraph 89 of the COMPLAINT, IDENTIFY all witnesses with information which supports, rebuts or relates to YOUR denial.

**RESPONSE TO SPECIAL INTERROGATORY NO. 11**

In addition to the General Objections which are incorporated herein by this reference, Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their dispute be decided by the Referee appointed by this Court. Any discovery in this action must be sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that Defendant has waived his right to have this matter decided by this Referee by participating in this litigation. For these reasons, Defendant cannot, and will not, substantively respond to this discovery until this Reference issue is decided by this Court. Defendant cannot respond and then have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed upon by the Plaintiff and Defendant.

- 8 -

1     Defendant objects that this Interrogatory is compound, conjunctive, or disjunctive in

2    violation of CCP § 2060.060(f).

3    **SPECIAL INTERROGATORY NO. 12**

4     If YOU deny that PLAINTIFF has fulJy performed the Completion Guaranty Agreement,

5    as set forth in paragraph 99 of the COMPLAINT, state all facts which support, rebut or

6    relate to YOUR denial.

7    **RESPONSE TO SPECIAL INTERROGATORY NO. 12**

8     In addition to the General Objections which are incorporated herein by this reference,

9    Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their

10    dispute be decided by the Referee appointed by this Court. Any discovery in this action must be

11    sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to

12    Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that

13    Defendant has waived his right to have this matter decided by this Referee by participating in this

14    litigation. For these reasons, Defendant cannot, and will not, substantively respond to this

15    discovery until this Reference issue is decided by this Court. Defendant cannot respond and then

16    have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed

17    upon by the Plaintiff and Defendant.

18     Defendant objects that this Interrogatory is compound, conjunctive, or disjunctive in

19    violation of CCP § 2060.060(f).

20    **SPECIAL INTERROGATORY NO. 13**

21     If YOU deny that PLAINTIFF has fully performed the Completion Guaranty Agreement,

22    as set forth in paragraph 99 of the COMPLAINT, IDENTIFY all witnesses with

23    information which supports, rebuts or relates to YOUR denial.

24    **RESPONSE TO SPECIAL INTERROGATORY NO. 13**

25     In addition to the General Objections which are incorporated herein by this reference,

26    Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their

27    dispute be decided by the Referee appointed by this Court. Any discovery in this action must be

28    sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to

- 9 -

1    Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that

2    Defendant has waived his right to have this matter decided by this Referee by participating in this

3    litigation. For these reasons, Defendant cannot, and will not, substantively respond to this

4    discovery until this Reference issue is decided by this Court. Defendant cannot respond and then

5    have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed

6    upon by the Plaintiff and Defendant.

7        Defendant objects that this Interrogatory is compound, conjunctive, or disjunctive in

8    violation of CCP § 2060.060(f).

9    **SPECIAL INTERROGATORY NO. 14**

10        If YOU deny that BORROWERS have defaulted under the LOAN DOCUMENTS, as

11        alleged in paragraph 53 of the COMPLAINT, state all facts that support, rebut or relate to

12        YOUR denial.

13    **RESPONSE TO SPECIAL INTERROGATORY NO. 14**

14        In addition to the General Objections which are incorporated herein by this reference,

15    Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their

16    dispute be decided by the Referee appointed by this Court. Any discovery in this action must be

17    sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to

18    Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that

19    Defendant has waived his right to have this matter decided by this Referee by participating in this

20    litigation. For these reasons, Defendant cannot, and will not, substantively respond to this

21    discovery until this Reference issue is decided by this Court. Defendant cannot respond and then

22    have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed

23    upon by the Plaintiff and Defendant.

24        Defendant also objects to this Interrogatory on the basis that this discovery is stayed by

25    the Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

26        Defendant objects that this Interrogatory is compound, conjunctive, or disjunctive in

27    violation of CCP § 2060.060(f).

28    **SPECIAL INTERROGATORY NO. 15**

- 10 -

If YOU deny that BORROWERS have defaulted under the LOAN DOCUMENTS, as alleged in paragraph 53 of the COMPLAINT, IDENTIFY all witnesses with information which supports, rebuts or relates to YOUR denial.

**RESPONSE TO SPECIAL INTERROGATORY NO. 15**

In addition to the General Objections which are incorporated herein by this reference, Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their dispute be decided by the Referee appointed by this Court. Any discovery in this action must be sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that Defendant has waived his right to have this matter decided by this Referee by participating in this litigation. For these reasons, Defendant cannot, and will not, substantively respond to this discovery until this Reference issue is decided by this Court. Defendant cannot respond and then have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed upon by the Plaintiff and Defendant.

Defendant also objects to this Interrogatory on the basis that this discovery is stayed by the Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

Defendant objects that this Interrogatory is compound, conjunctive, or disjunctive in violation of CCP § 2060.060(f).

**SPECIAL INTERROGATORY NO. 16**

If YOU deny that BORROWERS submitted budget information to PLAINTIFF which they knew contained inaccurate information, as set forth in paragraph 39 of the COMPLAINT, state all facts which support, rebut or relate to YOUR denial.

**RESPONSE TO SPECIAL INTERROGATORY NO. 16**

In addition to the General Objections which are incorporated herein by this reference, Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their dispute be decided by the Referee appointed by this Court. Any discovery in this action must be sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that

- 11 -

1   Defendant has waived his right to have this matter decided by this Referee by participating in this

2   litigation. For these reasons, Defendant cannot, and will not, substantively respond to this

3   discovery until this Reference issue is decided by this Court. Defendant cannot respond and then

4   have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed

5   upon by the Plaintiff and Defendant.

6        Defendant further objects to this Interrogatory to the extent it seeks information that is

7   neither relevant nor likely to lead to the discovery of admissible evidence.

8        Defendant objects that this Interrogatory is compound, conjunctive, or disjunctive in

9   violation of CCP § 2060.060(f).

10   **SPECIAL INTERROGATORY NO. 17**

11        If YOU deny that BORROWERS submitted budget information to PLAINTFF which they

12   knew contained inaccurate information, as set forth in paragraph 39 of the COMPLAINT,

13   IDENTIFY all witnesses with information which supports, rebuts or relates to YOUR

14   denial.

15   **RESPONSE TO SPECIAL INTERROGATORY NO. 17**

16        In addition to the General Objections which are incorporated herein by this reference,

17   Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their

18   dispute be decided by the Referee appointed by this Court. Any discovery in this action must be

19   sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to

20   Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that

21   Defendant has waived his right to have this matter decided by this Referee by participating in this

22   litigation. For these reasons, Defendant cannot, and will not, substantively respond to this

23   discovery until this Reference issue is decided by this Court. Defendant cannot respond and then

24   have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed

25   upon by the Plaintiff and Defendant.

26        Defendant further objects to this Interrogatory to the extent it seeks information that is

27   neither relevant nor likely to lead to the discovery of admissible evidence.

28        Defendant objects that this Interrogatory is compound, conjunctive, or disjunctive in

violation of CCP § 2060.060(f).

**SPECIAL INTERROGATORY NO. 18**

If YOU deny that BORROWERS through their loan broker, Steve Bram at George Smith Partners submitted to PLAINTIFF via email on March 28, 2019 the BUDGET, itemizing the costs to complete the PROJECT, exclusive of land costs, were $37,590, 136, as set forth in paragraph 40 of the COMPLAINT, state all facts which support, rebut or relate to YOUR denial.

**RESPONSE TO SPECIAL INTERROGATORY NO. 18**

In addition to the General Objections which are incorporated herein by this reference, Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their dispute be decided by the Referee appointed by this Court. Any discovery in this action must be sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that Defendant has waived his right to have this matter decided by this Referee by participating in this litigation. For these reasons, Defendant cannot, and will not, substantively respond to this discovery until this Reference issue is decided by this Court. Defendant cannot respond and then have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed upon by the Plaintiff and Defendant.

Defendant further objects to this Interrogatory to the extent it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

Defendant objects that this Interrogatory is compound, conjunctive, or disjunctive in violation of CCP § 2060.060(f).

**SPECIAL INTERROGATORY NO. 19**

If YOU deny that BORROWERS through their loan broker, Steve Bram at George Smith Partners submitted to PLAJNTIFF via email on March 28, 2019 the BUDGET, itemizing the costs to complete the PROJECT, exclusive of land costs, were $37,590, 136, as set forth in paragraph 40 of the COMPLAINT, IDENTIFY all witnesses with information which supports, rebuts or relates to YOUR denial.

- 13 -

**RESPONSE TO SPECIAL INTERROGATORY NO. 19**

In addition to the General Objections which are incorporated herein by this reference, Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their dispute be decided by the Referee appointed by this Court. Any discovery in this action must be sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that Defendant has waived his right to have this matter decided by this Referee by participating in this litigation. For these reasons, Defendant cannot, and will not, substantively respond to this discovery until this Reference issue is decided by this Court. Defendant cannot respond and then have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed upon by the Plaintiff and Defendant.

Defendant further objects to this Interrogatory to the extent it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

Defendant objects that this Interrogatory is compound, conjunctive, or disjunctive in violation of CCP § 2060.060(f).

**SPECIAL INTERROGATORY NO. 20**

If YOU deny that the BUDGET represented to PLAINTIFF that BORROWERS would have sufficient funds to complete the PROJECT upon receiving $24,400,000 in loan funding from PLAINTIFF, as set forth in paragraph 41 of the COMPLAINT, state all facts that support, rebut or relate to YOUR denial.

**RESPONSE TO SPECIAL INTERROGATORY NO. 20**

In addition to the General Objections which are incorporated herein by this reference, Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their dispute be decided by the Referee appointed by this Court. Any discovery in this action must be sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that Defendant has waived his right to have this matter decided by this Referee by participating in this litigation. For these reasons, Defendant cannot, and will not, substantively respond to this

- 14 -

discovery until this Reference issue is decided by this Court. Defendant cannot respond and then have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed upon by the Plaintiff and Defendant.

Defendant further objects to this Interrogatory to the extent it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

Defendant objects that this Interrogatory is compound, conjunctive, or disjunctive in violation of CCP § 2060.060(f).

**SPECIAL INTERROGATORY NO. 21**

If YOU deny that the BUDGET represented to PLAINTIFF that BORROWERS would have sufficient funds to complete the PROJECT upon receiving $24,400,000 in loan funding from PLAINTIFF, as set forth in paragraph 41 of the COMPLAINT, IDENTIFY all witnesses with information which supports, rebuts or relates to YOUR denial.

**RESPONSE TO SPECIAL INTERROGATORY NO. 21**

In addition to the General Objections which are incorporated herein by this reference, Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their dispute be decided by the Referee appointed by this Court. Any discovery in this action must be sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that Defendant has waived his right to have this matter decided by this Referee by participating in this litigation. For these reasons, Defendant cannot, and will not, substantively respond to this discovery until this Reference issue is decided by this Court. Defendant cannot respond and then have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed upon by the Plaintiff and Defendant.

Defendant further objects to this Interrogatory to the extent it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

Defendant objects that this Interrogatory is compound, conjunctive, or disjunctive in violation of CCP § 2060.060(f).

**SPECIAL INTERROGATORY NO. 22**

- 15 -

1    If YOU deny that YOU knew that the BUDGET concealed material information regarding

2    the actual cost to complete the PROJECT, as alleged in paragraph 42 of the COMPLAINT

3    state all facts which support, rebut or relate to YOUR denial.

4    **RESPONSE TO SPECIAL INTERROGATORY NO. 22**

5         In addition to the General Objections which are incorporated herein by this reference,

6    Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their

7    dispute be decided by the Referee appointed by this Court. Any discovery in this action must be

8    sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to

9    Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that

10   Defendant has waived his right to have this matter decided by this Referee by participating in this

11   litigation. For these reasons, Defendant cannot, and will not, substantively respond to this

12   discovery until this Reference issue is decided by this Court. Defendant cannot respond and then

13   have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed

14   upon by the Plaintiff and Defendant.

15        Defendant further objects to this Interrogatory to the extent it seeks information that is

16   neither relevant nor likely to lead to the discovery of admissible evidence.

17        Defendant objects that this Interrogatory is compound, conjunctive, or disjunctive in

18   violation of CCP § 2060.060(f).

19   **SPECIAL INTERROGATORY NO. 23**

20        If YOU deny that YOU knew that the BUDGET concealed material information regarding

21   the actual cost to complete the PROJECT, as alleged in paragraph 42 of the

22   COMPLAINT, IDENTIFY all witnesses with information which supports, rebuts or

23   relates to YOUR denial.

24   **RESPONSE TO SPECIAL INTERROGATORY NO. 23**

25        In addition to the General Objections which are incorporated herein by this reference,

26   Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their

27   dispute be decided by the Referee appointed by this Court. Any discovery in this action must be

28   sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to

- 16 -

1  Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that

2  Defendant has waived his right to have this matter decided by this Referee by participating in this

3  litigation. For these reasons, Defendant cannot, and will not, substantively respond to this

4  discovery until this Reference issue is decided by this Court. Defendant cannot respond and then

5  have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed

6  upon by the Plaintiff and Defendant.

7      Defendant further objects to this Interrogatory to the extent it seeks information that is

8  neither relevant nor likely to lead to the discovery of admissible evidence.

9      Defendant objects that this Interrogatory is compound, conjunctive, or disjunctive in

10  violation of CCP § 2060.060(f).

11  **SPECIAL INTERROGATORY NO. 24**

12      If YOU deny that YOU knew that PLAINTIFF would not have entered into the LOAN

13      had the actual cost to complete the PROJECT been disclosed to PLAINTIFF prior to the

14      time it made the LOAN, as set forth in paragraph 44 of the COMPLAINT, state all facts

15      which support, rebut or relate to YOUR denial.

16  **RESPONSE TO SPECIAL INTERROGATORY NO. 24**

17      In addition to the General Objections which are incorporated herein by this reference,

18  Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their

19  dispute be decided by the Referee appointed by this Court. Any discovery in this action must be

20  sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to

21  Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that

22  Defendant has waived his right to have this matter decided by this Referee by participating in this

23  litigation. For these reasons, Defendant cannot, and will not, substantively respond to this

24  discovery until this Reference issue is decided by this Court. Defendant cannot respond and then

25  have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed

26  upon by the Plaintiff and Defendant.

27      Defendant objects that this Interrogatory is compound, conjunctive, or disjunctive in

28  violation of CCP § 2060.060(f).

- 17 -

1    **SPECIAL INTERROGATORY NO. 25**

2    If YOU deny that YOU knew that PLAINTIFF would not have entered into had the actual

3    cost to complete the PROJECT been disclosed to PLAINTIFF prior to the time it made the

4    LOAN, as set forth in paragraph 44 of the COMPLAINT, IDENTIFY all witnesses with

5    information which supports, rebuts or relates to YOUR denial.

6    **RESPONSE TO SPECIAL INTERROGATORY NO. 25**

7    In addition to the General Objections which are incorporated herein by this reference,

8    Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their

9    dispute be decided by the Referee appointed by this Court. Any discovery in this action must be

10    sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to

11    Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that

12    Defendant has waived his right to have this matter decided by this Referee by participating in this

13    litigation. For these reasons, Defendant cannot, and will not, substantively respond to this

14    discovery until this Reference issue is decided by this Court. Defendant cannot respond and then

15    have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed

16    upon by the Plaintiff and Defendant.

17    Defendant objects that this Interrogatory is compound, conjunctive, or disjunctive in

18    violation of CCP § 2060.060(f).

19    **SPECIAL INTERROGATORY NO. 26**

20    If YOU deny that YOU, along with BORROWERS and Doug Wall prepared a materially

21    misleading BUDGET that aligned with a loan to value ratio which YOU knew

22    PLAINTIFF would accept, as set forth in paragraph 45 of the COMPLAINT, state all

23    facts which support, rebut or relate to YOUR denial.

24    **RESPONSE TO SPECIAL INTERROGATORY NO. 26**

25    In addition to the General Objections which are incorporated herein by this reference,

26    Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their

27    dispute be decided by the Referee appointed by this Court. Any discovery in this action must be

28    sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to

- 18 -

1    Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that

2    Defendant has waived his right to have this matter decided by this Referee by participating in this

3    litigation. For these reasons, Defendant cannot, and will not, substantively respond to this

4    discovery until this Reference issue is decided by this Court. Defendant cannot respond and then

5    have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed

6    upon by the Plaintiff and Defendant.

7         Defendant further objects to this Interrogatory to the extent it seeks information that is

8    neither relevant nor likely to lead to the discovery of admissible evidence.

9         Defendant objects that this Interrogatory is compound, conjunctive, or disjunctive in

10    violation of CCP § 2060.060(f).

11    **SPECIAL INTERROGATORY NO. 27**

12         If YOU deny that YOU, along with BORROWERS and Doug Wall prepared a materially

13         misleading BUDGET that aligned with a loan to value ratio which YOU knew

14         PLAINTIFF would accept, as set forth in paragraph 45 of the COMPLAINT, IDENTIFY

15         all witnesses with information which supports, rebuts or relates to YOUR denial.

16    **RESPONSE TO SPECIAL INTERROGATORY NO. 27**

17         In addition to the General Objections which are incorporated herein by this reference,

18    Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their

19    dispute be decided by the Referee appointed by this Court. Any discovery in this action must be

20    sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to

21    Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that

22    Defendant has waived his right to have this matter decided by this Referee by participating in this

23    litigation. For these reasons, Defendant cannot, and will not, substantively respond to this

24    discovery until this Reference issue is decided by this Court. Defendant cannot respond and then

25    have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed

26    upon by the Plaintiff and Defendant.

27         Defendant further objects to this Interrogatory to the extent it seeks information that is

28    neither relevant nor likely to lead to the discovery of admissible evidence.

1  Defendant objects that this Interrogatory is compound, conjunctive, or disjunctive in

2  violation of CCP § 2060.060(f).

3  **SPECIAL INTERROGATORY NO. 28**

4  If YOU deny that YOU knew PLAINTIFF would rely on the BUDGET in deciding

5  whether to enter into the LOAN, as set forth in paragraph 46 of the COMPLAINT, state

6  all facts which support, rebut or relate to YOUR denial.

7  **RESPONSE TO SPECIAL INTERROGATORY NO. 28**

8  In addition to the General Objections which are incorporated herein by this reference,

9  Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their

10  dispute be decided by the Referee appointed by this Court. Any discovery in this action must be

11  sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to

12  Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that

13  Defendant has waived his right to have this matter decided by this Referee by participating in this

14  litigation. For these reasons, Defendant cannot, and will not, substantively respond to this

15  discovery until this Reference issue is decided by this Court. Defendant cannot respond and then

16  have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed

17  upon by the Plaintiff and Defendant.

18  Defendant further objects to this Interrogatory to the extent it seeks information that is

19  neither relevant nor likely to lead to the discovery of admissible evidence.

20  Defendant objects that this Interrogatory is compound, conjunctive, or disjunctive in

21  violation of CCP § 2060.060(f).

22  **SPECIAL INTERROGATORY NO. 29**

23  If YOU deny that YOU knew PLAJNTIFF would rely on the BUDGET in deciding

24  whether to enter into the LOAN, as set forth in paragraph 46 of the COMPLAINT,

25  IDENTIFY all witnesses with information which supports, rebuts or relates to YOUR

26  denial.

27  **RESPONSE TO SPECIAL INTERROGATORY NO. 29**

28  In addition to the General Objections which are incorporated herein by this reference,

- 20 -

1   Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their

2   dispute be decided by the Referee appointed by this Court. Any discovery in this action must be

3   sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to

4   Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that

5   Defendant has waived his right to have this matter decided by this Referee by participating in this

6   litigation. For these reasons, Defendant cannot, and will not, substantively respond to this

7   discovery until this Reference issue is decided by this Court. Defendant cannot respond and then

8   have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed

9   upon by the Plaintiff and Defendant.

10      Defendant further objects to this Interrogatory to the extent it seeks information that is

11  neither relevant nor likely to lead to the discovery of admissible evidence.

12      Defendant objects that this Interrogatory is compound, conjunctive, or disjunctive in

13  violation of CCP § 2060.060(f).

14  **SPECIAL INTERROGATORY NO. 30**

15      If YOU deny that YOU knew, at the time the BUDGET was submitted to PLAINTIFF,

16      that PLAINTIFF would reasonably rely on the BUDGET in deciding whether to enter into

17      the LOAN, as set forth in paragraph 46 of the COMPLAINT, state all facts which support,

18      rebut or relate to YOUR denial.

19  **RESPONSE TO SPECIAL INTERROGATORY NO. 30**

20      In addition to the General Objections which are incorporated herein by this reference,

21  Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their

22  dispute be decided by the Referee appointed by this Court. Any discovery in this action must be

23  sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to

24  Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that

25  Defendant has waived his right to have this matter decided by this Referee by participating in this

26  litigation. For these reasons, Defendant cannot, and will not, substantively respond to this

27  discovery until this Reference issue is decided by this Court. Defendant cannot respond and then

28  have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed

- 21 -

1   upon by the Plaintiff and Defendant.

2        Defendant further objects to this Interrogatory to the extent it seeks information that is

3   neither relevant nor likely to lead to the discovery of admissible evidence.

4        Defendant objects that this Interrogatory is compound, conjunctive, or disjunctive in

5   violation of CCP § 2060.060(f).

6   **SPECIAL INTERROGATORY NO. 31**

7        If YOU deny that YOU knew, at the time the BUDGET was submitted to PLAINTIFF,

8        that PLAINTIFF would reasonably rely on the BUDGET in deciding whether to enter into

9        the LOAN, as set forth in paragraph 46 of the COMPLAINT, IDENTIFY all witnesses

10       with information which supports, rebuts or relates to YOUR denial.

11  **RESPONSE TO SPECIAL INTERROGATORY NO. 31**

12       In addition to the General Objections which are incorporated herein by this reference,

13  Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their

14  dispute be decided by the Referee appointed by this Court. Any discovery in this action must be

15  sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to

16  Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that

17  Defendant has waived his right to have this matter decided by this Referee by participating in this

18  litigation. For these reasons, Defendant cannot, and will not, substantively respond to this

19  discovery until this Reference issue is decided by this Court. Defendant cannot respond and then

20  have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed

21  upon by the Plaintiff and Defendant.

22       Defendant further objects to this Interrogatory to the extent it seeks information that is

23  neither relevant nor likely to lead to the discovery of admissible evidence.

24       Defendant objects that this Interrogatory is compound, conjunctive, or disjunctive in

25  violation of CCP § 2060.060(f).

26  **SPECIAL INTERROGATORY NO. 32**

27       If YOU deny that after the LOAN closed, Doug Wall undertook work to complete the

28       PROJECT that was not disclosed to PLAINTIFF to conceal the true cost of the

- 22 -

1   PROJECT, as set forth in paragraph 47 of the COMPLAINT, state all facts which support,

2   rebut or relate to YOUR denial.

3   **RESPONSE TO SPECIAL INTERROGATORY NO. 32**

4   In addition to the General Objections which are incorporated herein by this reference,

5   Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their

6   dispute be decided by the Referee appointed by this Court. Any discovery in this action must be

7   sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to

8   Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that

9   Defendant has waived his right to have this matter decided by this Referee by participating in this

10  litigation. For these reasons, Defendant cannot, and will not, substantively respond to this

11  discovery until this Reference issue is decided by this Court. Defendant cannot respond and then

12  have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed

13  upon by the Plaintiff and Defendant.

14  Defendant objects that this Interrogatory is compound, conjunctive, or disjunctive in

15  violation of CCP § 2060.060(f).

16  **SPECIAL INTERROGATORY NO. 33**

17  If YOU deny that after the LOAN closed, Doug Wall undertook work to complete the

18  PROJECT that was not disclosed to PLAINTIFF to conceal the true cost of the

19  PROJECT, as set forth in paragraph 47 of the COMPLAINT, IDENTIFY all witnesses

20  with information which supports, rebuts or relates to YOUR denial.

21  **RESPONSE TO SPECIAL INTERROGATORY NO. 33**

22  In addition to the General Objections which are incorporated herein by this reference,

23  Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their

24  dispute be decided by the Referee appointed by this Court. Any discovery in this action must be

25  sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to

26  Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that

27  Defendant has waived his right to have this matter decided by this Referee by participating in this

28  litigation. For these reasons, Defendant cannot, and will not, substantively respond to this

- 23 -

1
2    discovery until this Reference issue is decided by this Court. Defendant cannot respond and then
3    have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed
upon by the Plaintiff and Defendant.

4        Defendant objects that this Interrogatory is compound, conjunctive, or disjunctive in
5    violation of CCP § 2060.060(f).

6    **SPECIAL INTERROGATORY NO. 34**

7        If YOU deny that BORROWER'S post-closing draw Interrogatorys contained unexplained
8        discrepancies in amounts allegedly paid by BORROWERS· to various contractors on the
9        PROJECT, as set forth in paragraph 50 of the COMPLAINT, state all facts which support,
10       rebut or relate to YOUR denial.

11   **RESPONSE TO SPECIAL INTERROGATORY NO. 34**

12       In addition to the General Objections which are incorporated herein by this reference,
13   Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their
14   dispute be decided by the Referee appointed by this Court. Any discovery in this action must be
15   sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to
16   Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that
17   Defendant has waived his right to have this matter decided by this Referee by participating in this
18   litigation. For these reasons, Defendant cannot, and will not, substantively respond to this
19   discovery until this Reference issue is decided by this Court. Defendant cannot respond and then
20   have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed
21   upon by the Plaintiff and Defendant.

22       Defendant objects to this Interrogatory on the basis that it is vague and ambiguous as it
23   fails to specify with reasonable particularity the information sought.

24       Defendant objects that this Interrogatory is compound, conjunctive, or disjunctive in
25   violation of CCP § 2060.060(f).

26   **SPECIAL INTERROGATORY NO. 35**

27       If YOU deny that BORROWER'S post-closing draw requem contained unexplained
28       discrepancies in amounts allegedly paid by BORROWERS to various contractors on the

- 24 -

1    PROJECT, as set forth in paragraph 50 of the COMPLAINT, IDENTIFY all witnesses

2    with information which supports, rebuts or relates to YOUR denial.

3  **RESPONSE TO SPECIAL INTERROGATORY NO. 35**

4    In addition to the General Objections which are incorporated herein by this reference,

5  Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their

6  dispute be decided by the Referee appointed by this Court. Any discovery in this action must be

7  sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to

8  Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that

9  Defendant has waived his right to have this matter decided by this Referee by participating in this

10  litigation. For these reasons, Defendant cannot, and will not, substantively respond to this

11  discovery until this Reference issue is decided by this Court. Defendant cannot respond and then

12  have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed

13  upon by the Plaintiff and Defendant.

14    Defendant objects to this Interrogatory on the basis that it is vague and ambiguous as it

15  fails to specify with reasonable particularity the information sought.

16    Defendant objects that this Interrogatory is compound, conjunctive, or disjunctive in

17  violation of CCP § 2060.060(f).

18  **SPECIAL INTERROGATORY NO. 36**

19    If YOU deny that at the time the BUDGET was provided to PLAINTIFF, YOU knew that

20    the actual budget to complete the PROJECT, exclusive of land costs, was substantially

21    more than the amount disclosed in the BUDGET, state all facts which support, rebut or

22    relate to YOUR denial.

23  **RESPONSE TO SPECIAL INTERROGATORY NO. 36**

24    In addition to the General Objections which are incorporated herein by this reference,

25  Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their

26  dispute be decided by the Referee appointed by this Court. Any discovery in this action must be

27  sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to

28  Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that

- 25 -

Exhibit Page 79

1  Defendant has waived his right to have this matter decided by this Referee by participating in this

2  litigation. For these reasons, Defendant cannot, and will not, substantively respond to this

3  discovery until this Reference issue is decided by this Court. Defendant cannot respond and then

4  have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed

5  upon by the Plaintiff and Defendant.

6       Defendant further objects to this Interrogatory to the extent it seeks information that is

7  neither relevant nor likely to lead to the discovery of admissible evidence.

8       Defendant objects that this Interrogatory is compound, conjunctive, or disjunctive in

9  violation of CCP § 2060.060(f).

10  **SPECIAL INTERROGATORY NO. 37**

11       If YOU deny that at the time the BUDGET was provided to PLAINTIFF, YOU knew that

12       the actual budget to complete the PROJECT, exclusive of land costs, was substantially

13       more than the amount disclosed in the BUDGET, IDENTIFY all witnesses with

14       information.

15  **RESPONSE TO SPECIAL INTERROGATORY NO. 37**

16       In addition to the General Objections which are incorporated herein by this reference,

17  Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their

18  dispute be decided by the Referee appointed by this Court. Any discovery in this action must be

19  sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to

20  Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that

21  Defendant has waived his right to have this matter decided by this Referee by participating in this

22  litigation. For these reasons, Defendant cannot, and will not, substantively respond to this

23  discovery until this Reference issue is decided by this Court. Defendant cannot respond and then

24  have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed

25  upon by the Plaintiff and Defendant.

26       Defendant further objects to this Interrogatory to the extent it seeks information that is

27  neither relevant nor likely to lead to the discovery of admissible evidence.

28  **SPECIAL INTERROGATORY NO. 38**

- 26 -

1   If YOU deny that as of November 1, 2019, BORROWERS owed a principal sum of

2   $19,619,969.79 to PLAINTIFF pursuant to the LOAN DOCUMENTS, as alleged in

3   paragraph 58 of the COMPLAINT, state all facts which support, rebut or relate to YOUR

4   denial.

5   **RESPONSE TO SPECIAL INTERROGATORY NO. 38**

6   In addition to the General Objections which are incorporated herein by this reference,

7   Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their

8   dispute be decided by the Referee appointed by this Court. Any discovery in this action must be

9   sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to

10  Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that

11  Defendant has waived his right to have this matter decided by this Referee by participating in this

12  litigation. For these reasons, Defendant cannot, and will not, substantively respond to this

13  discovery until this Reference issue is decided by this Court. Defendant cannot respond and then

14  have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed

15  upon by the Plaintiff and Defendant.

16  Defendant also objects to this Interrogatory on the basis that this discovery is stayed by

17  the Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

18  Defendant objects that this Interrogatory is compound, conjunctive, or disjunctive in

19  violation of CCP § 2060.060(f).

20  **SPECIAL INTERROGATORY NO. 39**

21  If YOU deny that as of November 1, 2019, BORROWERS owed a principal sum of

22  $19,619,969.79 to PLAINTIFF pursuant to the LOAN DOCUMENTS, as alleged in

23  paragraph 58 of the COMPLAINT, IDENTIFY all witnesses with information that

24  supports, rebuts or relates to YOUR denial.

25  **RESPONSE TO SPECIAL INTERROGATORY NO. 39**

26  In addition to the General Objections which are incorporated herein by this reference,

27  Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their

28  dispute be decided by the Referee appointed by this Court. Any discovery in this action must be

- 27 -

sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to

Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that

Defendant has waived his right to have this matter decided by this Referee by participating in this

litigation. For these reasons, Defendant cannot, and will not, substantively respond to this

discovery until this Reference issue is decided by this Court. Defendant cannot respond and then

have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed

upon by the Plaintiff and Defendant.

Defendant also objects to this Interrogatory on the basis that this discovery is stayed by

the Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

Defendant objects that this Interrogatory is compound, conjunctive, or disjunctive in

violation of CCP § 2060.060(f).

**SPECIAL INTERROGATORY NO. 40**

If YOU deny that as of November 1, 2019, the amount due and payable to PLAINTIFF to

cure BORROWERS' default on the LOAN DOCUMENTS was $21,413,976.14, not

including attorneys' fees, as set forth in paragraph 58 of the COMPLAINT, state all facts

which support, rebut or relate to YOUR denial.

**RESPONSE TO SPECIAL INTERROGATORY NO. 40**

In addition to the General Objections which are incorporated herein by this reference,

Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their

dispute be decided by the Referee appointed by this Court. Any discovery in this action must be

sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to

Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that

Defendant has waived his right to have this matter decided by this Referee by participating in this

litigation. For these reasons, Defendant cannot, and will not, substantively respond to this

discovery until this Reference issue is decided by this Court. Defendant cannot respond and then

have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed

upon by the Plaintiff and Defendant.

Defendant also objects to this Interrogatory on the basis that this discovery is stayed by

1   the Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

2          Defendant objects that this Interrogatory is compound, conjunctive, or disjunctive in

3   violation of CCP § 2060.060(f).

4   **SPECIAL INTERROGATORY NO. 41**

5          If YOU deny that as of November 1, 2019, the amount due and payable to PLAINTIFF to

6   cure BORROWERS' default on the LOAN DOCUMENTS was $21,413,976.14, not

7   including attorneys' fees, as alleged in paragraph 58 of the COMPLAINT, IDENTIFY all

8   witnesses with information that supports, rebuts or relates to YOUR denial.

9   **RESPONSE TO SPECIAL INTERROGATORY NO. 41**

10          In addition to the General Objections which are incorporated herein by this reference,

11   Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their

12   dispute be decided by the Referee appointed by this Court. Any discovery in this action must be

13   sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to

14   Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that

15   Defendant has waived his right to have this matter decided by this Referee by participating in this

16   litigation. For these reasons, Defendant cannot, and will not, substantively respond to this

17   discovery until this Reference issue is decided by this Court. Defendant cannot respond and then

18   have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed

19   upon by the Plaintiff and Defendant.

20          Defendant also objects to this Interrogatory on the basis that this discovery is stayed by

21   the Emergency Rule 2 issued by the California Judicial Council in response to the pandemic.

22          Defendant objects that this Interrogatory is compound, conjunctive, or disjunctive in

23   violation of CCP § 2060.060(f).

24   **SPECIAL INTERROGATORY NO. 42**

25          If YOU deny that at the time Joseph Rubin was placed in charge of overseeing the

26   PROJECT, he had no prior experience in construction management, as alleged in

27   paragraph 51 of the COMPLAINT, state all facts which support, rebut or relate to YOUR

28   denial.

- 29 -

**RESPONSE TO SPECIAL INTERROGATORY NO. 42**

In addition to the General Objections which are incorporated herein by this reference, Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their dispute be decided by the Referee appointed by this Court. Any discovery in this action must be sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that Defendant has waived his right to have this matter decided by this Referee by participating in this litigation. For these reasons, Defendant cannot, and will not, substantively respond to this discovery until this Reference issue is decided by this Court. Defendant cannot respond and then have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed upon by the Plaintiff and Defendant.

Defendant objects that this Interrogatory is compound, conjunctive, or disjunctive in violation of CCP § 2060.060(f).

**SPECIAL INTERROGATORY NO. 43**

If YOU deny that at the time Joseph Rubin was placed in charge of overseeing the PROJECT, he had no prior experience in construction management, as alleged in paragraph 51 of the COMPLAINT, IDENTIFY all witnesses with information which supports, rebuts or relates to YOUR denial.

**RESPONSE TO SPECIAL INTERROGATORY NO. 43**

In addition to the General Objections which are incorporated herein by this reference, Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their dispute be decided by the Referee appointed by this Court. Any discovery in this action must be sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that Defendant has waived his right to have this matter decided by this Referee by participating in this litigation. For these reasons, Defendant cannot, and will not, substantively respond to this discovery until this Reference issue is decided by this Court. Defendant cannot respond and then have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed

1   upon by the Plaintiff and Defendant.

2        Defendant objects that this Interrogatory is compound, conjunctive, or disjunctive in

3   violation of CCP § 2060.060(f).

4   **SPECIAL INTERROGATORY NO. 44**

5        If YOU deny that by reason of BORROWER'S defaults under the LOAN DOCUMENTS,

6   GUARANTORS are indebted to PLAINTIFF in the sum of not less than $21,413,976.14

7   pursuant to the Indemnity and Guaranty Agreement, as alleged in paragraph 90 of the

8   COMPLAINT, state all facts which support, rebut or relate to YOUR denial.

9   **RESPONSE TO SPECIAL INTERROGATORY NO. 44**

10        In addition to the General Objections which are incorporated herein by this reference,

11   Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their

12   dispute be decided by the Referee appointed by this Court. Any discovery in this action must be

13   sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to

14   Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that

15   Defendant has waived his right to have this matter decided by this Referee by participating in this

16   litigation. For these reasons, Defendant cannot, and will not, substantively respond to this

17   discovery until this Reference issue is decided by this Court. Defendant cannot respond and then

18   have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed

19   upon by the Plaintiff and Defendant.

20        Defendant objects that this Interrogatory is compound, conjunctive, or disjunctive in

21   violation of CCP § 2060.060(f).

22   **SPECIAL INTERROGATORY NO. 45**

23        If YOU deny that by reason of BORROWER'S defaults under the LOAN DOCUMENTS,

24   GUARANTORS are indebted to PLAINTIFF in the sum of not less than $21,413,976.14 pursuant

25   to the Indemnity and Guaranty Agreement, as alleged in paragraph 90 of the COMPLAINT,

26   IDENTIFY all witnesses with information which supports, rebuts or relates to YOUR denial.

27   **RESPONSE TO SPECIAL INTERROGATORY NO. 45**

28        In addition to the General Objections which are incorporated herein by this reference,

- 31 -

1  Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their

2  dispute be decided by the Referee appointed by this Court. Any discovery in this action must be

3  sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to

4  Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that

5  Defendant has waived his right to have this matter decided by this Referee by participating in this

6  litigation. For these reasons, Defendant cannot, and will not, substantively respond to this

7  discovery until this Reference issue is decided by this Court. Defendant cannot respond and then

8  have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed

9  upon by the Plaintiff and Defendant.

10       Defendant objects that this Interrogatory is compound, conjunctive, or disjunctive in

11  violation of CCP § 2060.060(f).

12  **SPECIAL INTERROGATORY NO. 46**

13       If YOU deny that by reason of BORROWER'S defaults under the LOAN DOCUMENTS,

14       GUARANTORS are indebted to PLAINTIFF in the sum of not less than $31,500,00

15       pursuant to the Completion Guaranty Agreement, as alleged in paragraph 102 of the

16       COMPLAINT, state all facts which support, rebut or relate to YOUR denial.

17  **RESPONSE TO SPECIAL INTERROGATORY NO. 46**

18       In addition to the General Objections which are incorporated herein by this reference,

19  Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their

20  dispute be decided by the Referee appointed by this Court. Any discovery in this action must be

21  sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to

22  Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that

23  Defendant has waived his right to have this matter decided by this Referee by participating in this

24  litigation. For these reasons, Defendant cannot, and will not, substantively respond to this

25  discovery until this Reference issue is decided by this Court. Defendant cannot respond and then

26  have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed

27  upon by the Plaintiff and Defendant.

28       Defendant objects that this Interrogatory is compound, conjunctive, or disjunctive in

- 32 -

violation of CCP § 2060.060(f).

**SPECIAL INTERROGATORY NO. 47**

If YOU deny that by reason of BORROWER'S defaults under the LOAN DOCUMENTS, GUARANTORS are indebted to PLAINTIFF in the sum of not less than $31,500,000 pursuant to the Completion Guaranty Agreement, as alleged in paragraph 102 of the COMPLAINT, IDENTIFY all witnesses with information which supports, rebuts or relates to YOUR denial.

**RESPONSE TO SPECIAL INTERROGATORY NO. 47**

In addition to the General Objections which are incorporated herein by this reference, Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their dispute be decided by the Referee appointed by this Court. Any discovery in this action must be sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that Defendant has waived his right to have this matter decided by this Referee by participating in this litigation. For these reasons, Defendant cannot, and will not, substantively respond to this discovery until this Reference issue is decided by this Court. Defendant cannot respond and then have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed upon by the Plaintiff and Defendant.

Defendant objects that this Interrogatory is compound, conjunctive, or disjunctive in violation of CCP § 2060.060(f).

**SPECIAL INTERROGATORY NO. 48**

What specific efforts, if any, have YOU made to secure additional funds to complete the PROJECT?

**RESPONSE TO SPECIAL INTERROGATORY NO. 48**

In addition to the General Objections which are incorporated herein by this reference, Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their dispute be decided by the Referee appointed by this Court. Any discovery in this action must be sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to

- 33 -

1
2
3
4
5
6

Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that Defendant has waived his right to have this matter decided by this Referee by participating in this litigation. For these reasons, Defendant cannot, and will not, substantively respond to this discovery until this Reference issue is decided by this Court. Defendant cannot respond and then have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed upon by the Plaintiff and Defendant.

7
8

Defendant further objects to this Interrogatory to the extent it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

9

**SPECIAL INTERROGATORY NO. 49**

10
11

What specific efforts, if any, have BORROWERS made to secure additional funds to complete the PROJECT?

12

**RESPONSE TO SPECIAL INTERROGATORY NO. 49**

13
14
15
16
17
18
19
20
21
22

In addition to the General Objections which are incorporated herein by this reference, Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their dispute be decided by the Referee appointed by this Court. Any discovery in this action must be sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that Defendant has waived his right to have this matter decided by this Referee by participating in this litigation. For these reasons, Defendant cannot, and will not, substantively respond to this discovery until this Reference issue is decided by this Court. Defendant cannot respond and then have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed upon by the Plaintiff and Defendant.

23
24

Defendant further objects to this Interrogatory to the extent it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

25

**SPECIAL INTERROGATORY NO. 50**

26
27

What specific efforts, if any, have GUARANTORS made to secure additional funds to complete the PROJECT?

28

**RESPONSE TO SPECIAL INTERROGATORY NO. 50**

- 34 -

1    In addition to the General Objections which are incorporated herein by this reference,

2   Defendant objects to this Interrogatory on the basis that the parties' agreement requires that their

3   dispute be decided by the Referee appointed by this Court. Any discovery in this action must be

4   sought in the proceedings under the aegis of this Referee. A hearing on Defendant's Motion to

5   Appoint a Referee will be decided by this Court on June 3, 2020. Plaintiff previously argued that

6   Defendant has waived his right to have this matter decided by this Referee by participating in this

7   litigation. For these reasons, Defendant cannot, and will not, substantively respond to this

8   discovery until this Reference issue is decided by this Court. Defendant cannot respond and then

9   have Plaintiff argue that he has waived his right to have this matter heard by a Referee as agreed

10   upon by the Plaintiff and Defendant.

11    Defendant further objects to this Interrogatory to the extent it seeks information that is

12   neither relevant nor likely to lead to the discovery of admissible evidence.

13

14   Dated: April 10, 2020                    **Berman Litigation Group**

15

16                                By:    _____

17                                       Laurence M. Berman
                                         Attorneys for Defendant Stuart Rubin
18

19

20

21

22

23

24

25

26

27

28

# Exhibit B

LAW OFFICES OF MARVIN H. WEISS
Marvin H. Weiss (SBN 35735)
74-075 El Paseo, A-5
Palm Desert, California 92260-4145
Telephone: (760) 340-2500
Fax: (760) 462-3815

Attorneys for Defendants Elliot Lander
and Coachella Resort, LLC

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF RIVERSIDE – RIVERSIDE HISTORIC COURTHOUSE

| | |
|---|---|
| US REAL ESTATE CREDIT HOLDINGS III-A, LP, an Irish limited partnership,<br><br>    Plaintiff,<br><br>    v.<br><br>GLENROY COACHELLA, LLC, a Delaware limited liability company, et al.<br><br>    Defendants. | Case No: RIC1905743<br><br>**DEFENDANT ELLIOT LANDER'S RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE, PROPOUNDED BY PLAINTIFF**<br><br>Judge: Hon. Sunshine S. Sykes |

PARTY PROPOUNDING:        Plaintiff U.S. REAL ESTATE CREDIT HOLDINGS III-A,

LP **("Propounding Party")**

PARTY RESPONDING: Defendant DR. ELLIOT LANDER **("Responding Party")**

SET NUMBER:                One

Pursuant to <u>California Code of Civil Procedure</u> § 2031.210, Responding Party hereby

responds to Request for Production of Documents, Set Number One propounded by Propounding

Party as follows:

///

///

**PRELIMINARY STATEMENT**

Defendants Elliot B. Lander and Coachella Resort LLC obtained several extensions to respond to the complex detailed gauntlet of Discovery Requests made of them during 2020, mostly to be determined after a full and complete Status Conference.  Thereafter the Court on virtually all occasions kept continuing the Status Conferences due to COVID-19 and its effects on the Court's calendar.

In November 2020 Plaintiff's prior counsel was compelled to withdraw due to conflicts of interest.  One of Plaintiff's new attorneys, Chris O. Rivas and undersigned counsel for Elliot Lander had a discussion and on January 8, 2021 it was agreed that an additional period of time would be extended to February 5, 2021.  It was indicated that such would be the last voluntary continuance. Elliot Lander individually and on behalf of his entity Coachella Resort, LLC were fully prepared to respond in good faith to the multiple Discovery vehicles which were pending.

Dr. Lander was struck with COVID-19, on or about January 1, 2021.  His case was severe, and he was very ill for approximately 25 days.  During much of that time Dr. Lander was feverish, coughed uncontrollably, had difficulty breathing, was severely deprived of sleep, losing approximately 10% of his body weight. While he is no longer contagious, post recovery he remains weak, unable to concentrate for period of time and has yet to return to his pre-existing medical practice.

The above was shared with Mr. Rivas, who was unable to voluntarily give any further extensions.

This Responding Party has not fully completed his investigation of the facts relating to this case, nor has Responding Party fully completed discovery in this action, nor completed preparation for trial. All of the answers contained herein are based upon information and presently available to and specifically known to this Responding Party. This may include hearsay and other forms of evidence, and it may be that further discovery, independent investigation and analysis will supply additional facts.  The following responses to the Request for Production are given without prejudice of any subsequently discovered fact or facts. This Responding Party accordingly reserves the right to change any or all of its responses herein as additional facts and

1   information are discovered or are ascertained. The responses contained herein are made in a

2   good faith effort to supply as much factual information as is presently known but should in no

3   way be to the prejudice of this Responding Party in relation to further discovery.

4        Responding Party reserves the right to make use of, or introduce at any hearing or at trial,

5   facts not known to exist at the time this response, including, but not limited to, do facts and

6   information not obtained in the course of discovery in this action.

7                              **COVID OBJECTIONS**

8        1.     On the basis of his incontestable severe COVID-19 infection and present post

9   COVID-19 syndrome, Responding Party objects to these discovery requests at this time as he is

10  unable to put in the extended time and concentration necessary to properly respond to the

11  discovery requests being sought, nor the present ability to find proper responses not in  his

12  immediate knowledge. Lastly, for all the above stated reasons he is unable to sign any

13  Verification responding to the queries posed. **Dr. Lander on such basis objects to all the**

14  **Discovery Requests.**

15       2.     Although Responding Party could conceivably presently answer a very small

16  percentage of the discovery requests, it would be wasteful, unduly stressful, and inefficient to

17  provide piecemeal responses.  Responding Party is not currently able to respond to the requests in

18  a comprehensive and full manner, and will do so as soon as he is reasonably able.

19                             **GENERAL OBJECTIONS**

20       1.     Responding Party objects to the Request for Production to the extent that it calls

21  for information protected by the attorney-client privilege, the work product doctrine, or any other

22  privileges, protections or doctrines of similar effect.  To the extent that Responding Party

23  inadvertently makes any admission protected by the attorney-client privilege, the work product

24  doctrine, or any other privilege or protection, including the marital communication privilege, such

25  admission is not intended to, and shall not operate as, a waiver of any applicable privilege with

26  respect to that admission and/or information.

27       2.     Responding Party's responses are not a waiver of any of the objections set forth

28

---

herein, or an admission or acknowledgement that such information is relevant to the subject matter of this action.  Further, these responses are without prejudice to, and not a waiver of:  (a) Responding Party's right to contend at trial, or at any other proceeding in this action, that such information is inadmissible, irrelevant, immaterial, or not a proper basis for discovery; and (b) any objection by Responding Party to any future use of such information that Plaintiff may attempt to make.

3.    The responses contained herein are provided in good faith effort and supply as much factual information as is presently known.  Responding Party shall have no duty, but shall reserve the right, to supplement the responses contained herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are developed.

4.    Each and every one of these General Objections applies to each of Responding Party's responses to the Request for Production and is incorporated into each of Responding Party's responses below as though set forth in full therein.

5.    Responding Party's responses are not a waiver of any of the objections set forth herein, or an admission or acknowledgement that such information is relevant to the subject matter of this action.  Further, these responses are without prejudice to, and not a waiver of:  (a) Responding Party's right to contend at trial, or at any other proceeding in this action, that such information is inadmissible, irrelevant, immaterial, or not a proper basis for discovery; and (b) any objection by Responding Party to any future use of such information that Plaintiff may attempt to make.

6.    The responses contained herein are provided in good faith effort and supply as much factual information as is presently known.  Responding Party shall have no duty, but shall reserve the right, to supplement the responses contained herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are developed.

7.    Responding Party objects to the Instructions and Definitions to the extent that they require Responding Party to take acts not required by the California Code of Civil Procedure or other legal authorities.

8.      Each and every one of these General Objections applies to each of Responding Party's responses to the Request for Production and is incorporated into each of the responses below as though set forth in full therein.

**RESPONSE TO REQUEST NO. 1:**  Responding Party hereby incorporates into this response the COVID Objections and General Objections set forth *supra*.

**RESPONSE TO REQUEST NO. 2:**  Responding Party hereby incorporates into this response the COVID Objections and General Objections set forth *supra*.

**RESPONSE TO REQUEST NO. 3:**  Responding Party hereby incorporates into this response the COVID Objections and General Objections set forth *supra*.

**RESPONSE TO REQUEST NO. 4:**  Responding Party hereby incorporates into this response the COVID Objections and General Objections set forth *supra*.

**RESPONSE TO REQUEST NO. 5:**  Responding Party hereby incorporates into this response the COVID Objections and General Objections set forth *supra*.

**RESPONSE TO REQUEST NO. 6:**  Responding Party hereby incorporates into this response the COVID Objections and General Objections set forth *supra*.

**RESPONSE TO REQUEST NO. 7:**  Responding Party hereby incorporates into this response the COVID Objections and General Objections set forth *supra*.

**RESPONSE TO REQUEST NO. 8:**  Responding Party hereby incorporates into this response the COVID Objections and General Objections set forth *supra*.

**RESPONSE TO REQUEST NO. 9:**  Responding Party hereby incorporates into this response the COVID Objections and General Objections set forth *supra*.

**RESPONSE TO REQUEST NO. 10:** Responding Party hereby incorporates into this response the COVID Objections and General Objections set forth *supra*.

**RESPONSE TO REQUEST NO. 11:** Responding Party hereby incorporates into this response the COVID Objections and General Objections set forth *supra*.

**RESPONSE TO REQUEST NO. 12:** Responding Party hereby incorporates into this response the COVID Objections and General Objections set forth *supra*.

1  **RESPONSE TO REQUEST NO. 13:** Responding Party hereby incorporates into this response

2  the COVID Objections and General Objections set forth *supra*.

3  **RESPONSE TO REQUEST NO. 14:** Responding Party hereby incorporates into this response

4  the COVID Objections and General Objections set forth *supra*.

5  **RESPONSE TO REQUEST NO. 15:** Responding Party hereby incorporates into this response

6  the COVID Objections and General Objections set forth *supra*.

7  **RESPONSE TO REQUEST NO. 16:** Responding Party hereby incorporates into this response

8  the COVID Objections and General Objections set forth *supra*.

9  **RESPONSE TO REQUEST NO. 17:** Responding Party hereby incorporates into this response

10  the COVID Objections and General Objections set forth *supra*.

11  **RESPONSE TO REQUEST NO. 18:** Responding Party hereby incorporates into this response

12  the COVID Objections and General Objections set forth *supra*.

13  **RESPONSE TO REQUEST NO. 19:** Responding Party hereby incorporates into this response

14  the COVID Objections and General Objections set forth *supra*.

15  **RESPONSE TO REQUEST NO. 20:** Responding Party hereby incorporates into this response

16  the COVID Objections and General Objections set forth *supra*.

17  **RESPONSE TO REQUEST NO. 21:** Responding Party hereby incorporates into this response

18  the COVID Objections and General Objections set forth *supra*.

19  **RESPONSE TO REQUEST NO. 22:** Responding Party hereby incorporates into this response

20  the COVID Objections and General Objections set forth *supra*.

21  **RESPONSE TO REQUEST NO. 23:** Responding Party hereby incorporates into this response

22  the COVID Objections and General Objections set forth *supra*.

23  **RESPONSE TO REQUEST NO. 24:** Responding Party hereby incorporates into this response

24  the COVID Objections and General Objections set forth *supra*.

25  **RESPONSE TO REQUEST NO. 25:** Responding Party hereby incorporates into this response

26  the COVID Objections and General Objections set forth *supra*.

27  **RESPONSE TO REQUEST NO. 26:** Responding Party hereby incorporates into this response

28  the COVID Objections and General Objections set forth *supra*.

1  **RESPONSE TO REQUEST NO. 27:** Responding Party hereby incorporates into this response

2  the COVID Objections and General Objections set forth *supra*.

3  **RESPONSE TO REQUEST NO. 28:** Responding Party hereby incorporates into this response

4  the COVID Objections and General Objections set forth *supra*.

5  **RESPONSE TO REQUEST NO. 29:** Responding Party hereby incorporates into this response

6  the COVID Objections and General Objections set forth *supra*.

7  **RESPONSE TO REQUEST NO. 30:** Responding Party hereby incorporates into this response

8  the COVID Objections and General Objections set forth *supra*.

9  **RESPONSE TO REQUEST NO. 31:** Responding Party hereby incorporates into this response

10  the COVID Objections and General Objections set forth *supra*.

11  **RESPONSE TO REQUEST NO. 32:** Responding Party hereby incorporates into this response

12  the COVID Objections and General Objections set forth *supra*.

13  **RESPONSE TO REQUEST NO. 33:** Responding Party hereby incorporates into this response

14  the COVID Objections and General Objections set forth *supra*.

15  **RESPONSE TO REQUEST NO. 34:** Responding Party hereby incorporates into this response

16  the COVID Objections and General Objections set forth *supra*.

17  **RESPONSE TO REQUEST NO. 35:** Responding Party hereby incorporates into this response

18  the COVID Objections and General Objections set forth *supra*.

19  **RESPONSE TO REQUEST NO. 36:** Responding Party hereby incorporates into this response

20  the COVID Objections and General Objections set forth *supra*.

21  **RESPONSE TO REQUEST NO. 37:** Responding Party hereby incorporates into this response

22  the COVID Objections and General Objections set forth *supra*.

23  **RESPONSE TO REQUEST NO. 38:** Responding Party hereby incorporates into this response

24  the COVID Objections and General Objections set forth *supra*.

25  **RESPONSE TO REQUEST NO. 39:** Responding Party hereby incorporates into this response

26  the COVID Objections and General Objections set forth *supra*.

27  **RESPONSE TO REQUEST NO. 40:** Responding Party hereby incorporates into this response

28  the COVID Objections and General Objections set forth *supra*.

1  **RESPONSE TO REQUEST NO. 41:** Responding Party hereby incorporates into this response
2  the COVID Objections and General Objections set forth *supra*.

3  **RESPONSE TO REQUEST NO. 42:** Responding Party hereby incorporates into this response
4  the COVID Objections and General Objections set forth *supra*.

5  **RESPONSE TO REQUEST NO. 43:** Responding Party hereby incorporates into this response
6  the COVID Objections and General Objections set forth *supra*.

7  **RESPONSE TO REQUEST NO. 44:** Responding Party hereby incorporates into this response
8  the COVID Objections and General Objections set forth *supra*.

9  **RESPONSE TO REQUEST NO. 45:** Responding Party hereby incorporates into this response
10  the COVID Objections and General Objections set forth *supra*.

11  **RESPONSE TO REQUEST NO. 46:** Responding Party hereby incorporates into this response
12  the COVID Objections and General Objections set forth *supra*.

13  **RESPONSE TO REQUEST NO. 47:** Responding Party hereby incorporates into this response
14  the COVID Objections and General Objections set forth *supra*.

15  **RESPONSE TO REQUEST NO. 48:** Responding Party hereby incorporates into this response
16  the COVID Objections and General Objections set forth *supra*.

17  **RESPONSE TO REQUEST NO. 49:** Responding Party hereby incorporates into this response
18  the COVID Objections and General Objections set forth *supra*.

19  **RESPONSE TO REQUEST NO. 50:** Responding Party hereby incorporates into this response
20  the COVID Objections and General Objections set forth *supra*.

21  **RESPONSE TO REQUEST NO. 51:** Responding Party hereby incorporates into this response
22  the COVID Objections and General Objections set forth *supra*.

23  **RESPONSE TO REQUEST NO. 52:** Responding Party hereby incorporates into this response
24  the COVID Objections and General Objections set forth *supra*.

25  **RESPONSE TO REQUEST NO. 53:** Responding Party hereby incorporates into this response
26  the COVID Objections and General Objections set forth *supra*.

27  **RESPONSE TO REQUEST NO. 54:** Responding Party hereby incorporates into this response
28  the COVID Objections and General Objections set forth *supra*.

1  **RESPONSE TO REQUEST NO. 55:** Responding Party hereby incorporates into this response

2  the COVID Objections and General Objections set forth *supra*.

3  **RESPONSE TO REQUEST NO. 56:** Responding Party hereby incorporates into this response

4  the COVID Objections and General Objections set forth *supra*.

5  **RESPONSE TO REQUEST NO. 57:** Responding Party hereby incorporates into this response

6  the COVID Objections and General Objections set forth *supra*.

7  **RESPONSE TO REQUEST NO. 58:** Responding Party hereby incorporates into this response

8  the COVID Objections and General Objections set forth *supra*.

9

10  Dated: February 4, 2021

11                                    Law Offices of Marvin H. Weiss
                                      *Signed as to objections only*
12

13

14  By: _____

15                                    Marvin H. Weiss Attorney for Defendant
                                      Elliot Lander
16

17

18

19

20

21

22

23

24

25

26

27

28

1   LAW OFFICES OF MARVIN H. WEISS
    Marvin H. Weiss (SBN 35735)
2   74-075 El Paseo, A-5
    Palm Desert, California 92260-4145
3   Telephone: (760) 340-2500
    Fax: (760) 462-3815

4

5   Attorneys for Defendants Elliot Lander
    and Coachella Resort, LLC

6

7

8                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9            **COUNTY OF RIVERSIDE – RIVERSIDE HISTORIC COURTHOUSE**

10

11  US REAL ESTATE CREDIT HOLDINGS          Case No: RIC1905743
    III-A, LP, an Irish limited partnership,
12                                          **DEFENDANT ELLIOT LANDER'S**
            Plaintiff,                      **RESPONSES TO REQUESTS FOR**
13                                          **ADMISSION SET ONE,**
            v.                              **PROPOUNDED BY PLAINTIFF**
14
    GLENROY COACHELLA, LLC, a Delaware      Judge: Hon. Sunshine S. Sykes
15  limited liability company, et al.

16          Defendants.

17  _____

18

19          PARTY PROPOUNDING:        Plaintiff U.S. REAL ESTATE CREDIT HOLDINGS III-A,

20  LP **("Propounding Party")**

21          PARTY RESPONDING: Defendant DR. ELLIOT LANDER **("Responding Party")**

22          SET NUMBER:              One

23          Pursuant to <u>California Code of Civil Procedure</u> § 2033.210, Responding Party hereby

24  responds to Demand for Requests For Admission, Set Number One propounded by Propounding

25  Party, as follows:

26  ///

27  ///

28

---

## PRELIMINARY STATEMENT

1

2      Defendants Elliot B. Lander and Coachella Resort LLC obtained several extensions to

3 respond to the complex detailed gauntlet of Discovery Requests made of them during 2020,

4 mostly to be determined after a full and complete Status Conference.  Thereafter the Court on

5 virtually all occasions kept continuing the Status Conferences due to COVID-19 and its effects

6 on the Court's calendar.

7      In November 2020 Plaintiff's prior counsel was compelled to withdraw due to conflicts

8 of interest.  One of Plaintiff's new attorneys, Chris O. Rivas and undersigned counsel for Elliot

9 Lander had a discussion and on January 8, 2021 it was agreed that an additional period of time

10 would be extended to February 5, 2021.  It was indicated that such would be the last voluntary

11 continuance. Elliot Lander individually and on behalf of his entity Coachella Resort, LLC were

12 fully prepared to respond in good faith to the multiple Discovery vehicles which were pending.

13      Dr. Lander was struck with COVID-19, on or about January 1, 2021.  His case was

14 severe, and he was very ill for approximately 25 days.  During much of that time Dr. Lander was

15 feverish, coughed uncontrollably, had difficulty breathing, was severely deprived of sleep, losing

16 approximately 10% of his body weight. While he is no longer contagious, post recovery he

17 remains weak, unable to concentrate for period of time and has yet to return to his pre-existing

18 medical practice.

19      The above was shared with Mr. Rivas, who was unable to voluntarily give any further

20 extensions.

21      This Responding Party has not fully completed his investigation of the facts relating to

22 this case, nor has Responding Party fully completed discovery in this action, nor completed

23 preparation for trial. All of the answers contained herein are based upon information and

24 presently available to and specifically known to this Responding Party. This may include hearsay

25 and other forms of evidence, and it may be that further discovery, independent investigation and

26 analysis will supply additional facts.  The following responses to the Requests for Admission are

27 given without prejudice of any subsequently discovered fact or facts. This Responding Party

28 accordingly reserves the right to change any or all of its responses herein as additional facts and

1  information are discovered or are ascertained. The responses contained herein are made in a

2  good faith effort to supply as much factual information as is presently known but should in no

3  way be to the prejudice of this Responding Party in relation to further discovery.

4       Responding Party reserves the right to make use of, or introduce at any hearing or at trial,

5  facts not known to exist at the time this response, including, but not limited to, do facts and

6  information not obtained in the course of discovery in this action.

7                          **COVID OBJECTIONS**

8       1.     On the basis of his incontestable severe COVID-19 infection and present post

9  COVID-19 syndrome, Responding Party objects to these discovery requests at this time as he is

10 unable to put in the extended time and concentration necessary to properly respond to the

11 discovery requests being sought, nor the present ability to find proper responses not in  his

12 immediate knowledge. Lastly, for all the above stated reasons he is unable to sign any

13 Verification responding to the queries posed. **Dr. Lander on such basis objects to all the**

14 **Discovery Requests.**

15      2.     Although Responding Party could conceivably presently answer a very small

16 percentage of the discovery requests, it would be wasteful, unduly stressful, and inefficient to

17 provide piecemeal responses.  Responding Party is not currently able to respond to the requests in

18 a comprehensive and full manner, and will do so as soon as he is reasonably able.

19                        **GENERAL OBJECTIONS**

20      1.     Defendant objects to the RFA to the extent that it calls for information protected by

21 the attorney-client privilege, the work product doctrine, or any other privileges, protections or

22 doctrines of similar effect.  To the extent that Defendant inadvertently makes any admission

23 protected by the attorney-client privilege, the work product doctrine, or any other privilege or

24 protection, including the marital communication privilege, such admission is not intended to, and

25 shall not operate as, a waiver of any applicable privilege with respect to that admission and/or

26 information.

27      2.     Defendant's responses are not a waiver of any of the objections set forth herein,

28

or an admission or acknowledgement that such information is relevant to the subject matter of this action.  Further, these responses are without prejudice to, and not a waiver of:  (a) Defendant's right to contend at trial, or at any other proceeding in this action, that such information is inadmissible, irrelevant, immaterial, or not a proper basis for discovery; and (b) any objection by Defendant to any future use of such information that Plaintiff may attempt to make.

3.    The responses contained herein are provided in good faith effort and supply as much factual information as is presently known.  Defendant shall have no duty, but shall reserve the right, to supplement the responses contained herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are developed.

4.    Each and every one of these General Objections applies to each of Responding Party's responses to the RFA and is incorporated into each of Responding Party's responses below as though set forth in full therein.

5.    Responding Party's responses are not a waiver of any of the objections set forth herein, or an admission or acknowledgement that such information is relevant to the subject matter of this action.  Further, these responses are without prejudice to, and not a waiver of:  (a) Responding Party's right to contend at trial, or at any other proceeding in this action, that such information is inadmissible, irrelevant, immaterial, or not a proper basis for discovery; and (b) any objection by Responding Party to any future use of such information that Plaintiff may attempt to make.

6.    The responses contained herein are provided in good faith effort and supply as much factual information as is presently known.  Responding Party shall have no duty, but shall reserve the right, to supplement the responses contained herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are developed.

7.    Responding Party objects to the Instructions and Definitions to the extent that they require Responding Party to take acts not required by the California Code of Civil Procedure or other legal authorities.

8.      Each and every one of these General Objections applies to each of Responding Party's responses to the RFA and is incorporated into each of the  responses below as though set forth in full therein.

**RESPONSE TO REQUEST NO. 1:**  Responding Party hereby incorporates into this response the COVID Objections and General Objections set forth *supra*.

**RESPONSE TO REQUEST NO. 2:**  Responding Party hereby incorporates into this response the COVID Objections and General Objections set forth *supra*.

**RESPONSE TO REQUEST NO. 3:**  Responding Party hereby incorporates into this response the COVID Objections and General Objections set forth *supra*.

**RESPONSE TO REQUEST NO. 4:**  Responding Party hereby incorporates into this response the COVID Objections and General Objections set forth *supra*.

**RESPONSE TO REQUEST NO. 5:**  Responding Party hereby incorporates into this response the COVID Objections and General Objections set forth *supra*.

**RESPONSE TO REQUEST NO. 6:**  Responding Party hereby incorporates into this response the COVID Objections and General Objections set forth *supra*.

**RESPONSE TO REQUEST NO. 7:**  Responding Party hereby incorporates into this response the COVID Objections and General Objections set forth *supra*.

**RESPONSE TO REQUEST NO. 8:**  Responding Party hereby incorporates into this response the COVID Objections and General Objections set forth *supra*.

**RESPONSE TO REQUEST NO. 9:**  Responding Party hereby incorporates into this response the COVID Objections and General Objections set forth *supra*.

**RESPONSE TO REQUEST NO. 10:** Responding Party hereby incorporates into this response the COVID Objections and General Objections set forth *supra*.

**RESPONSE TO REQUEST NO. 11:** Responding Party hereby incorporates into this response the COVID Objections and General Objections set forth *supra*.

**RESPONSE TO REQUEST NO. 12:** Responding Party hereby incorporates into this response the COVID Objections and General Objections set forth *supra*.

1   **RESPONSE TO REQUEST NO. 13:** Responding Party hereby incorporates into this response

2   the COVID Objections and General Objections set forth *supra*.

3   **RESPONSE TO REQUEST NO. 14:** Responding Party hereby incorporates into this response

4   the COVID Objections and General Objections set forth *supra*.

5   **RESPONSE TO REQUEST NO. 15:** Responding Party hereby incorporates into this response

6   the COVID Objections and General Objections set forth *supra*.

7   **RESPONSE TO REQUEST NO. 16:** Responding Party hereby incorporates into this response

8   the COVID Objections and General Objections set forth *supra*.

9   **RESPONSE TO REQUEST NO. 17:** Responding Party hereby incorporates into this response

10   the COVID Objections and General Objections set forth *supra*.

11   **RESPONSE TO REQUEST NO. 18:** Responding Party hereby incorporates into this response

12   the COVID Objections and General Objections set forth *supra*.

13   **RESPONSE TO REQUEST NO. 19:** Responding Party hereby incorporates into this response

14   the COVID Objections and General Objections set forth *supra*.

15   **RESPONSE TO REQUEST NO. 20:** Responding Party hereby incorporates into this response

16   the COVID Objections and General Objections set forth *supra*.

17   **RESPONSE TO REQUEST NO. 21:** Responding Party hereby incorporates into this response

18   the COVID Objections and General Objections set forth *supra*.

19   **RESPONSE TO REQUEST NO. 22:** Responding Party hereby incorporates into this response

20   the COVID Objections and General Objections set forth *supra*.

21   **RESPONSE TO REQUEST NO. 23:** Responding Party hereby incorporates into this response

22   the COVID Objections and General Objections set forth *supra*.

23   **RESPONSE TO REQUEST NO. 24:** Responding Party hereby incorporates into this response

24   the COVID Objections and General Objections set forth *supra*.

25   **RESPONSE TO REQUEST NO. 25:** Responding Party hereby incorporates into this response

26   the COVID Objections and General Objections set forth *supra*.

27   **RESPONSE TO REQUEST NO. 26:** Responding Party hereby incorporates into this response

28   the COVID Objections and General Objections set forth *supra*.

1    **RESPONSE TO REQUEST NO. 27:** Responding Party hereby incorporates into this response

2    the COVID Objections and General Objections set forth *supra*.

3    **RESPONSE TO REQUEST NO. 28:** Responding Party hereby incorporates into this response

4    the COVID Objections and General Objections set forth *supra*.

5    **RESPONSE TO REQUEST NO. 29:** Responding Party hereby incorporates into this response

6    the COVID Objections and General Objections set forth *supra*.

7    **RESPONSE TO REQUEST NO. 30:** Responding Party hereby incorporates into this response

8    the COVID Objections and General Objections set forth *supra*.

9    **RESPONSE TO REQUEST NO. 31:** Responding Party hereby incorporates into this response

10   the COVID Objections and General Objections set forth *supra*.

11   **RESPONSE TO REQUEST NO. 32:** Responding Party hereby incorporates into this response

12   the COVID Objections and General Objections set forth *supra*.

13   **RESPONSE TO REQUEST NO. 33:** Responding Party hereby incorporates into this response

14   the COVID Objections and General Objections set forth *supra*.

15   **RESPONSE TO REQUEST NO. 34:** Responding Party hereby incorporates into this response

16   the COVID Objections and General Objections set forth *supra*.

17   **RESPONSE TO REQUEST NO. 35:** Responding Party hereby incorporates into this response

18   the COVID Objections and General Objections set forth *supra*.

19   **RESPONSE TO REQUEST NO. 36:** Responding Party hereby incorporates into this response

20   the COVID Objections and General Objections set forth *supra*.

21   **RESPONSE TO REQUEST NO. 37:** Responding Party hereby incorporates into this response

22   the COVID Objections and General Objections set forth *supra*.

23   **RESPONSE TO REQUEST NO. 38:** Responding Party hereby incorporates into this response

24   the COVID Objections and General Objections set forth *supra*.

25   **RESPONSE TO REQUEST NO. 39:** Responding Party hereby incorporates into this response

26   the COVID Objections and General Objections set forth *supra*.

27   **RESPONSE TO REQUEST NO. 40:** Responding Party hereby incorporates into this response

28   the COVID Objections and General Objections set forth *supra*.

1  **RESPONSE TO REQUEST NO. 41:** Responding Party hereby incorporates into this response

2  the COVID Objections and General Objections set forth *supra*.

3  **RESPONSE TO REQUEST NO. 42:** Responding Party hereby incorporates into this response

4  the COVID Objections and General Objections set forth *supra*.

5  **RESPONSE TO REQUEST NO. 43:** Responding Party hereby incorporates into this response

6  the COVID Objections and General Objections set forth *supra*.

7  **RESPONSE TO REQUEST NO. 44:** Responding Party hereby incorporates into this response

8  the COVID Objections and General Objections set forth *supra*.

9  **RESPONSE TO REQUEST NO. 45:** Responding Party hereby incorporates into this response

10  the COVID Objections and General Objections set forth *supra*.

11  **RESPONSE TO REQUEST NO. 46:** Responding Party hereby incorporates into this response

12  the COVID Objections and General Objections set forth *supra*.

13  **RESPONSE TO REQUEST NO. 47:** Responding Party hereby incorporates into this response

14  the COVID Objections and General Objections set forth *supra*.

15  **RESPONSE TO REQUEST NO. 48:** Responding Party hereby incorporates into this response

16  the COVID Objections and General Objections set forth *supra*.

17  **RESPONSE TO REQUEST NO. 49:** Responding Party hereby incorporates into this response

18  the COVID Objections and General Objections set forth *supra*.

19

20  Dated: February 4, 2021

21                                                      Law Offices of Marvin H. Weiss
                                                        *Signed as to objections only*
22

23

24  By: _____

25       Marvin H. Weiss Attorney for Defendant
         Elliot Lander
26

27

28

1   LAW OFFICES OF MARVIN H. WEISS
    Marvin H. Weiss (SBN 35735)
2   74-075 El Paseo, A-5
    Palm Desert, California 92260-4145
3   Telephone: (760) 340-2500
    Fax: (760) 462-3815

4

5   Attorneys for Defendants Elliot Lander
    and Coachella Resort, LLC

6

7

8                 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9           **COUNTY OF RIVERSIDE – RIVERSIDE HISTORIC COURTHOUSE**

10

11  US REAL ESTATE CREDIT HOLDINGS          Case No: RIC1905743
    III-A, LP, an Irish limited partnership,
12                                          **DEFENDANT ELLIOT LANDER'S**
            Plaintiff,                      **RESPONSES TO SPECIAL**
13                                          **INTERROGATORIES, SET ONE,**
            v.                              **PROPOUNDED BY PLAINTIFF**
14
    GLENROY COACHELLA, LLC, a Delaware      Judge: Hon. Sunshine S. Sykes
15  limited liability company, et al.

16          Defendants.

17

18

19      PARTY PROPOUNDING:        Plaintiff U.S. REAL ESTATE CREDIT HOLDINGS III-A,

20  LP **("Propounding Party")**

21      PARTY RESPONDING: Defendant DR. ELLIOT LANDER **("Responding Party")**

22      SET NUMBER:               One

23      Pursuant to <u>California Code of Civil Procedure</u> § 2030.210, Responding Party hereby

24  responds to Special Interrogatories, Set Number One propounded by Propounding Party as

25  follows:

26  ///

27  ///

28

---

ELLIOT LANDER'S RESPONSES TO US REAL SPECIAL INTERROGATORIES, SET ONE
Exhibit Page 108

**PRELIMINARY STATEMENT**

1

2          Defendants Elliot B. Lander and Coachella Resort LLC obtained several extensions to

3     respond to the complex detailed gauntlet of Discovery Requests made of them during 2020,

4     mostly to be determined after a full and complete Status Conference.  Thereafter the Court on

5     virtually all occasions kept continuing the Status Conferences due to COVID-19 and its effects

6     on the Court's calendar.

7          In November 2020 Plaintiff's prior counsel was compelled to withdraw due to conflicts

8     of interest.  One of Plaintiff's new attorneys, Chris O. Rivas and undersigned counsel for Elliot

9     Lander had a discussion and on January 8, 2021 it was agreed that an additional period of time

10    would be extended to February 5, 2021.  It was indicated that such would be the last voluntary

11    continuance. Elliot Lander individually and on behalf of his entity Coachella Resort, LLC were

12    fully prepared to respond in good faith to the multiple Discovery vehicles which were pending.

13         Dr. Lander was struck with COVID-19, on or about January 1, 2021.  His case was

14    severe, and he was very ill for approximately 25 days.  During much of that time Dr. Lander was

15    feverish, coughed uncontrollably, had difficulty breathing, was severely deprived of sleep, losing

16    approximately 10% of his body weight. While he is no longer contagious, post recovery he

17    remains weak, unable to concentrate for period of time and has yet to return to his pre-existing

18    medical practice.

19         The above was shared with Mr. Rivas, who was unable to voluntarily give any further

20    extensions.

21         This Responding Party has not fully completed his investigation of the facts relating to

22    this case, nor has Responding Party fully completed discovery in this action, nor completed

23    preparation for trial. All of the answers contained herein are based upon information and

24    presently available to and specifically known to this Responding Party. This may include hearsay

25    and other forms of evidence, and it may be that further discovery, independent investigation and

26    analysis will supply additional facts.  The following responses to the Special Interrogatories are

27    given without prejudice of any subsequently discovered fact or facts. This Responding Party

28    accordingly reserves the right to change any or all of its responses herein as additional facts and

1   information are discovered or are ascertained. The responses contained herein are made in a

2   good faith effort to supply as much factual information as is presently known but should in no

3   way be to the prejudice of this Responding Party in relation to further discovery.

4           Responding Party reserves the right to make use of, or introduce at any hearing or at trial,

5   facts not known to exist at the time this response, including, but not limited to, do facts and

6   information not obtained in the course of discovery in this action.

7                                   **COVID OBJECTIONS**

8           1.      On the basis of his incontestable severe COVID-19 infection and present post

9   COVID-19 syndrome, Responding Party objects to these discovery requests at this time as he is

10  unable to put in the extended time and concentration necessary to properly respond to the

11  discovery requests being sought, nor the present ability to find proper responses not in  his

12  immediate knowledge. Lastly, for all the above stated reasons he is unable to sign any

13  Verification responding to the queries posed. **Dr. Lander on such basis objects to all the**

14  **Discovery Requests.**

15          2.      Although Responding Party could conceivably presently answer a very small

16  percentage of the discovery requests, it would be wasteful, unduly stressful, and inefficient to

17  provide piecemeal responses.  Responding Party is not currently able to respond to the requests in

18  a comprehensive and full manner, and will do so as soon as he is reasonably able.

19                                  **GENERAL OBJECTIONS**

20          1.      Responding Party objects to the Interrogatory to the extent that it calls for

21  information protected by the attorney-client privilege, the work product doctrine, or any other

22  privileges, protections or doctrines of similar effect.  To the extent that Defendant inadvertently

23  makes any admission  protected by the attorney-client privilege, the work product doctrine, or any

24  other privilege or protection, including the marital communication privilege, such admission is not

25  intended to, and shall not operate as, a waiver of any applicable privilege with respect to that

26  admission and/or information.

27          2.      Responding Party's responses are not a waiver of any of the objections set forth

28

herein, or an admission or acknowledgement that such information is relevant to the subject matter of this action.  Further, these responses are without prejudice to, and not a waiver of:  (a) Responding Party's right to contend at trial, or at any other proceeding in this action, that such information is inadmissible, irrelevant, immaterial, or not a proper basis for discovery; and (b) any objection by Responding Party to any future use of such information that Plaintiff may attempt to make.

3.      The responses contained herein are provided in good faith effort and supply as much factual information as is presently known.  Responding Party shall have no duty, but shall reserve the right, to supplement the responses contained herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are developed.

4.      Each and every one of these General Objections applies to each of Responding Party's responses to the Special Interrogatory and is incorporated into each of Responding Party's responses below as though set forth in full therein.

5.      Responding Party's responses are not a waiver of any of the objections set forth herein, or an admission or acknowledgement that such information is relevant to the subject matter of this action.  Further, these responses are without prejudice to, and not a waiver of:  (a) Responding Party's right to contend at trial, or at any other proceeding in this action, that such information is inadmissible, irrelevant, immaterial, or not a proper basis for discovery; and (b) any objection by Responding Party to any future use of such information that Plaintiff may attempt to make.

6.      The responses contained herein are provided in good faith effort and supply as much factual information as is presently known.  Responding Party shall have no duty, but shall reserve the right, to supplement the responses contained herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are developed.

7.      Responding Party objects to the Instructions and Definitions to the extent that they require Responding Party to take acts not required by the California Code of Civil Procedure or other legal authorities.

8.    Each and every one of these General Objections applies to each of Responding Party's responses to the Special Interrogatory and is incorporated into each of the responses below as though set forth in full therein.

**<u>RESPONSE TO INTERROGATORY NO 1:</u>**    Responding Party hereby incorporates into this response the COVID Objections and General Objections set forth *supra*.

**<u>RESPONSE TO INTERROGATORY NO 2:</u>**    Responding Party hereby incorporates into this response the COVID Objections and General Objections set forth *supra*.

**<u>RESPONSE TO INTERROGATORY NO 3:</u>**    Responding Party hereby incorporates into this response the COVID Objections and General Objections set forth *supra*.

**<u>RESPONSE TO INTERROGATORY NO 4:</u>**    Responding Party hereby incorporates into this response the COVID Objections and General Objections set forth *supra*.

**<u>RESPONSE TO INTERROGATORY NO 5:</u>**    Responding Party hereby incorporates into this response the COVID Objections and General Objections set forth *supra*.

**<u>RESPONSE TO INTERROGATORY NO 6:</u>**    Responding Party hereby incorporates into this response the COVID Objections and General Objections set forth *supra*.

**<u>RESPONSE TO INTERROGATORY NO 7:</u>**    Responding Party hereby incorporates into this response the COVID Objections and General Objections set forth *supra*.

**<u>RESPONSE TO INTERROGATORY NO 8:</u>**    Responding Party hereby incorporates into this response the COVID Objections and General Objections set forth *supra*.

**<u>RESPONSE TO INTERROGATORY NO 9:</u>**    Responding Party hereby incorporates into this response the COVID Objections and General Objections set forth *supra*.

**<u>RESPONSE TO INTERROGATORY NO 10:</u>**    Responding Party hereby incorporates into this response the COVID Objections and General Objections set forth *supra*.

**<u>RESPONSE TO INTERROGATORY NO 11:</u>**    Responding Party hereby incorporates into this response the COVID Objections and General Objections set forth *supra*.

**<u>RESPONSE TO INTERROGATORY NO 12:</u>**    Responding Party hereby incorporates into this response the COVID Objections and General Objections set forth *supra*.

1  **RESPONSE TO INTERROGATORY NO 13:**    Responding Party hereby incorporates into

2  this response the COVID Objections and General Objections set forth *supra*.

3  **RESPONSE TO INTERROGATORY NO 14:**    Responding Party hereby incorporates into

4  this response the COVID Objections and General Objections set forth *supra*.

5  **RESPONSE TO INTERROGATORY NO 15:**    Responding Party hereby incorporates into

6  this response the COVID Objections and General Objections set forth *supra*.

7  **RESPONSE TO INTERROGATORY NO 16:**    Responding Party hereby incorporates into

8  this response the COVID Objections and General Objections set forth *supra*.

9  **RESPONSE TO INTERROGATORY NO 17:**    Responding Party hereby incorporates into

10  this response the COVID Objections and General Objections set forth *supra*.

11  **RESPONSE TO INTERROGATORY NO 18:**    Responding Party hereby incorporates into

12  this response the COVID Objections and General Objections set forth *supra*.

13  **RESPONSE TO INTERROGATORY NO 19:**    Responding Party hereby incorporates into

14  this response the COVID Objections and General Objections set forth *supra*.

15  **RESPONSE TO INTERROGATORY NO 20:**    Responding Party hereby incorporates into

16  this response the COVID Objections and General Objections set forth *supra*.

17  **RESPONSE TO INTERROGATORY NO 21:**    Responding Party hereby incorporates into

18  this response the COVID Objections and General Objections set forth *supra*.

19  **RESPONSE TO INTERROGATORY NO 22:**    Responding Party hereby incorporates into

20  this response the COVID Objections and General Objections set forth *supra*.

21  **RESPONSE TO INTERROGATORY NO 23:**    Responding Party hereby incorporates into

22  this response the COVID Objections and General Objections set forth *supra*.

23  **RESPONSE TO INTERROGATORY NO 24:**    Responding Party hereby incorporates into

24  this response the COVID Objections and General Objections set forth *supra*.

25  **RESPONSE TO INTERROGATORY NO 25:**    Responding Party hereby incorporates into

26  this response the COVID Objections and General Objections set forth *supra*.

27  **RESPONSE TO INTERROGATORY NO 26:**    Responding Party hereby incorporates into

28  this response the COVID Objections and General Objections set forth *supra*.

1  **RESPONSE TO INTERROGATORY NO 27:**    Responding Party hereby incorporates into

2  this response the COVID Objections and General Objections set forth *supra*.

3  **RESPONSE TO INTERROGATORY NO 28:**    Responding Party hereby incorporates into

4  this response the COVID Objections and General Objections set forth *supra*.

5  **RESPONSE TO INTERROGATORY NO 29:**    Responding Party hereby incorporates into

6  this response the COVID Objections and General Objections set forth *supra*.

7  **RESPONSE TO INTERROGATORY NO 30:**    Responding Party hereby incorporates into

8  this response the COVID Objections and General Objections set forth *supra*.

9  **RESPONSE TO INTERROGATORY NO 31:**    Responding Party hereby incorporates into

10  this response the COVID Objections and General Objections set forth *supra*.

11  **RESPONSE TO INTERROGATORY NO 32:**    Responding Party hereby incorporates into

12  this response the COVID Objections and General Objections set forth *supra*.

13  **RESPONSE TO INTERROGATORY NO 33:**    Responding Party hereby incorporates into

14  this response the COVID Objections and General Objections set forth *supra*.

15  **RESPONSE TO INTERROGATORY NO 34:**    Responding Party hereby incorporates into

16  this response the COVID Objections and General Objections set forth *supra*.

17  **RESPONSE TO INTERROGATORY NO 35:**    Responding Party hereby incorporates into

18  this response the COVID Objections and General Objections set forth *supra*.

19  **RESPONSE TO INTERROGATORY NO 36:**    Responding Party hereby incorporates into

20  this response the COVID Objections and General Objections set forth *supra*.

21  **RESPONSE TO INTERROGATORY NO 37:**    Responding Party hereby incorporates into

22  this response the COVID Objections and General Objections set forth *supra*.

23  **RESPONSE TO INTERROGATORY NO 38:**    Responding Party hereby incorporates into

24  this response the COVID Objections and General Objections set forth *supra*.

25  **RESPONSE TO INTERROGATORY NO 39:**    Responding Party hereby incorporates into

26  this response the COVID Objections and General Objections set forth *supra*.

27  **RESPONSE TO INTERROGATORY NO 40:**    Responding Party hereby incorporates into

28  this response the COVID Objections and General Objections set forth *supra*.

1   **RESPONSE TO INTERROGATORY NO 41:**      Responding Party hereby incorporates into

2   this response the COVID Objections and General Objections set forth *supra*.

3   **RESPONSE TO INTERROGATORY NO 42:**      Responding Party hereby incorporates into

4   this response the COVID Objections and General Objections set forth *supra*.

5   **RESPONSE TO INTERROGATORY NO 43:**      Responding Party hereby incorporates into

6   this response the COVID Objections and General Objections set forth *supra*.

7   **RESPONSE TO INTERROGATORY NO 44:**      Responding Party hereby incorporates into

8   this response the COVID Objections and General Objections set forth *supra*.

9   **RESPONSE TO INTERROGATORY NO 45:**      Responding Party hereby incorporates into

10  this response the COVID Objections and General Objections set forth *supra*.

11  **RESPONSE TO INTERROGATORY NO 46:**      Responding Party hereby incorporates into

12  this response the COVID Objections and General Objections set forth *supra*.

13  **RESPONSE TO INTERROGATORY NO 47:**      Responding Party hereby incorporates into

14  this response the COVID Objections and General Objections set forth *supra*.

15  **RESPONSE TO INTERROGATORY NO 48:**      Responding Party hereby incorporates into

16  this response the COVID Objections and General Objections set forth *supra*.

17  **RESPONSE TO INTERROGATORY NO 49:**      Responding Party hereby incorporates into

18  this response the COVID Objections and General Objections set forth *supra*.

19  **RESPONSE TO INTERROGATORY NO 50:**      Responding Party hereby incorporates into

20  this response the COVID Objections and General Objections set forth *supra*.

21  **RESPONSE TO INTERROGATORY NO 51:**      Responding Party hereby incorporates into

22  this response the COVID Objections and General Objections set forth *supra*.

23  **RESPONSE TO INTERROGATORY NO 52:**      Responding Party hereby incorporates into

24  this response the COVID Objections and General Objections set forth *supra*.

25  **RESPONSE TO INTERROGATORY NO 53:**      Responding Party hereby incorporates into

26  this response the COVID Objections and General Objections set forth *supra*.

27  **RESPONSE TO INTERROGATORY NO 54:**      Responding Party hereby incorporates into

28  this response the COVID Objections and General Objections set forth *supra*.

1   **RESPONSE TO INTERROGATORY NO 55:**    Responding Party hereby incorporates into

2   this response the COVID Objections and General Objections set forth *supra*.

3   **RESPONSE TO INTERROGATORY NO 56:**    Responding Party hereby incorporates into

4   this response the COVID Objections and General Objections set forth *supra*.

5   **RESPONSE TO INTERROGATORY NO 57:**    Responding Party hereby incorporates into

6   this response the COVID Objections and General Objections set forth *supra*.

7   **RESPONSE TO INTERROGATORY NO 58:**    Responding Party hereby incorporates into

8   this response the COVID Objections and General Objections set forth *supra*.

9

10   Dated: February 4, 2021

11                                       Law Offices of Marvin H. Weiss
                                         *Signed as to objections only*
12

13

14                                   By: _____

15                                       Marvin H. Weiss Attorney for Defendant
                                         Elliot Lander
16

17

18

19

20

21

22

23

24

25

26

27

28

ELLIOT LANDER'S RESPONSES TO US REAL SPECIAL INTERROGATORIES, SET ONE

# Exhibit C

1  PATRICK C. McGARRIGLE, ESQ., SBN 149008
2  MICHAEL J. KENNEY, ESQ., SBN 192775
   McGARRIGLE, KENNEY & ZAMPIELLO, APC
3  9600 Topanga Canyon Boulevard, Suite 200
   Chatsworth, California 91311
4  TEL: (818) 998-3300  FAX: (818) 998-3344

5
   Attorneys for Defendants
6  Glenroy Coachella, LLC, Force Rubin, LLC,
   and Force Rubin 2, LLC,
7

8

9              SUPERIOR COURT OF STATE OF CALIFORNIA

10                  FOR THE COUNTY OF RIVERSIDE

11

12 | U.S. REAL ESTATE CREDIT        ) CASE NO.: RIC1905743
   | HOLDINGS III-A, LP, an Irish limited )
13 | partnership,                    ) [Assigned to Hon. Sunshine S. Sykes,
14 |                                  ) Department 6]
   |              Plaintiff,          )
15 |                                  ) **DECLARATION OF DANA BARBERA**
   |         v.                       ) **IN SUPPORT OF DEFENDANT**
16 |                                  ) **GLENROY COACHELLA, LLC'S EX**
   |                                  ) **PARTE APPLICATION FOR AN**
17 | GLENROY COACHELLA, LLC, a        ) **ORDER AUTHORIZING PROTECTIVE**
   | Delaware limited liability company; et al., ) **ADVANCE AND RECEIVER**
18 |                                  ) **CERTIFICATE, ETC.**
19 |              Defendants.         )
   |                                  ) *[Ex parte application and Declarations of A.*
20 |                                  ) *Stuart Rubin, Elliot Lander, Renzo Renzi,*
   |                                  ) *Joseph Rubin, Laurence Berman, Marvin*
21 | AND RELATED CROSS ACTIONS.       ) *Weiss and Patrick C. McGarrigle and*
   |                                  ) *Exhibits Thereto Filed Concurrently*
22 |                                  ) *Herewith]*
23 |                                  )
   |                                  ) **Date:     December 14, 2020**
24 |                                  ) **Time:     8:30 a.m.**
   |                                  ) **Dept.:    "6"**
25 |                                  ) **Confirmation Number: RES241685**
26 |                                  )
   |                                  ) Complaint Filed:  November 19, 2019
27 |                                  )
   |                                  )
28 |                                  )

                                    1
       **DECLARATION OF DANA BARBERA ISO GLENROY EX PARTE**
        **APPLICATION RE: PROTECTIVE ADVANCE, ETC.**

## DECLARATION OF DANA BARBERA

I, Dana Barbera, declare:

1.      I am over the age of eighteen and am a resident of the County of Los Angeles, I have personal knowledge of the facts set forth herein and, if called upon, could and would competently testify thereto under oath.

2.      I make the following declaration in connection with the *ex parte* application of Defendants Glenroy Coachella, LLC's ("**Glenroy**" or "**Defendants**") *ex parte* application for an Order authorizing and directing the Receiver to enter into loan and related documentation for a Protective Advance and issue a first position Receiver Certificate, among other relief (the "**Application**").

3.      I am employed by Colliers International, utilizing its Colliers' Project Leaders (CPL) divisions ("**Colliers**") as a Senior Director, Project Management. I have extensive national and global experience in project development from ground-up to project construction recommencement and restoration services, including hotels. Attached hereto as Exhibit 8 is a true and correct copy of my CV and Supplemental CV detailing my history overall and with Colliers. In addition, CPL provides specific project management and development services and is particularly well qualified to serve as the project manager for the recommencement of the construction of the Project (as detailed in below and in Exhibits 9 and 10 below) and also through completion.

4.      Colliers was hired in February 2020 as an Owner Representative and Construction Project Manager by Glenroy to re-engage the project's designers and engineers, and to bid, or otherwise solicit competitive proposals, for negotiating new contracts to restart the hotel project. Over the course of the next six months, Colliers evaluated the site conditions, reviewed all existing drawings, permits, inspection reports, contract documents and project correspondence. We established bespoke contracting methods to complete a project stopped midway through and competitively bid the completion of the work. I and another CPL member each visited the Project site for purposes of the Project condition and evaluation and to assist with the above work and

generation of the work product described below, at least a dozen (12) times, if not more, and first-hand visual knowledge of the conditions observed and documented and leading to the project assessments, basis for negotiating the types and scope of various contracts and planning the budget for the recommencement and completion of the Hotel Project.

5.      As a result of these efforts, we established agreement terms for proceeding with all the original consultants. We negotiated and prepared for execution new owner-biased agreements for a new general contractor and established terms and conditions for a mix of new and old subcontractors. All new and returning contractors and subcontractors were selected based on price *and* qualifications.

6.      A new budget and schedule were created to complete the project. These were compiled with proposals and contracts into a single narrative document, called Hotel Indigo Coachella Submission for Budget Approval (the "**Project Budget Submission**").  This was provided to the client on September 14, 2020; a true and correct copy of the Project Budget Submission is attached hereto as Exhibit 11 and is incorporated herein by this reference.

7.      Glenroy recently requested that Colliers prepare a project budget and schedule associated with the recommencement of construction at the Project to arrest and reverse the physical deterioration of the condition of the Project's casitas and related infrastructure (which had already been significantly constructed but left exposed by the Receiver during the receivership to date) and complete the casitas among other related but immediately necessary work.

8.      Based on my and the CPL team's evaluations and assessments personally, I expressed concerns that the incomplete wood framed residential structures have been left in a stage of partial completion without climate control, exposed to the desert weather for a two year period and advised Mr. Rubin that these buildings should be completed before the coming summer to avoid further deterioration and the risk of incurring significant demolition and replacement costs.   Based on my and the CPL teams extensive background in assessing and evaluating the condition of development projects, the cost to

3

**DECLARATION OF DANA BARBERA ISO GLENROY EX PARTE
APPLICATION RE: PROTECTIVE ADVANCE, ETC**

correct and complete to rectify conditions including deteriorated conditions of structures

and materials used therein, our detailed, first-hand knowledge of the Project's history, the

extent of the work completed and the impacts of leaving exposed and unfinished

construction in the elements (particularly the desert elements), in my opinion, the

recommencement of construction to, at a minimum, proceed with the casitas construction

and completion (along with specifically related infrastructure) is required to preserve and

protect the Project as an asset and will, when complete, add substantial value due to the

inherent value of having the casitas completed.

9.     To that end, I prepared the attached "Protective Advancement: Project

Approach" (dated December 9, 2020) which details the needs for the targeted scope of

work, the competitively bid sums therefor and planned use of funds, Colliers' role as

project manager given our intimate knowledge and set up of the contractual and

operational infrastructure for recommencement and proceeding with construction and the

schedule therefor.  A true and correct copy of the Protective Advancement: Project

Approach" (the "**PAPA**") is attached hereto as Exhibit 12 and is incorporated fully herein

by this reference.  The PAPA provides substantial detail on all the above issues.  Because

the scope of work described in the PAPA is a subset of the full project scope, references

will be made to that main document (the Project Submission) throughout the following

and much of the information presented in the PAPA is excerpted from that document as

well.

10.     In connection with the above project management services for this Project,

I (and the CPL team) would be – as described in the PAPA – coordinating with the lender

(EFO) and employing commercially standard methods associated with the letting of

contracts, managing and monitoring contractor/subcontractor performance and timing,

requests for payment and related schedules of values and lien releases and presenting

same for approval to EFO and then, upon approval, EFO's payment in accordance with

best project management practices (of which I and the CPL team are very familiar, based

on our decades of development experience).  As part of our work, I can certainly provide

4

**DECLARATION OF DANA BARBERA ISO GLENROY EX PARTE
APPLICATION RE: PROTECTIVE ADVANCE, ETC.**

9075-028/pldg/Barbera Decl. – ex parte app

updates to the interested parties regarding project status on a reasonable periodic basis (60-90 day increments).

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed this 10th day of December 2020, at Los Angeles, California.

_____

Dana Barbera

**DECLARATION OF DANA BARBERA ISO GLENROY EX PARTE APPLICATION RE: PROTECTIVE ADVANCE, ETC**

9075-028/pldg/Barbera Decl. – ex parte app

# EXHIBIT 8

**Dana Barbera**
**Senior Director Project Management**
**Southern California**



**Overview**

Mr. Barbera has managed and developed commercial projects in Southern California for nearly 30 years. He has led the development of many large-scale projects including corporate office headquarters, high-rise office buildings and historic renovations. Dana's experience with hospitality clients includes Wyndham and Howard Johnsons. His most recent hotel work was performed for Starwood and the Ace Hotel in Los Angeles.  Dana leads CPL's project management and development management services, allocates resources and executes work himself.

His background in architecture and engineering management enable him to expertly coordinate all aspects of a project, ensuring documents meet Colliers' standards and that clients' objectives are clearly carried out from documentation to the field. He leverages his years of experience to protect his clients' interests and to lead their projects with an emphasis on risk management, cost control, and timely project delivery. Prior to joining Colliers, Dana co-founded DPMC Global, managing over $150 million in construction.

---

**EXPERIENCE - PROJECT MANAGEMENT**

**Colliers Project Leaders - Senior Director, Southern California** - December 2017 to Present

**Representative Clients and Projects**
- Indigo Hotel - 250 keys, 10,000 SF swimming pool, Coachella Valley, CA.
- Sunniva/Barker Pacific - 375, 000 SF Cannabis Greenhouse in Cathedral City, CA.
- Saban - Landlord build-out of 128,000 SF plus cap ex in Riverside, CA.
- Equilibrium - $40 million RNG Plant, remedial work and commissioning in Phoenix, AZ.
- Los Angeles World Airports - Landlord build-out of 17,000 SF plus cap ex at LAX in CA.
- Swiss Re - Corporate Tenant TI, 8,500 SF at 777 South Figueroa in Downtown LA, CA.
- Private Developer - Entitlements for a 47-unit mixed-use building in South Park LA, CA.

**Responsibilities**
- Strategic planning for market expansion.
- Business development; marketing.
- Recruiting, training and retaining personnel.
- Maintaining client, real estate broker and industry relationships.
- Establishing and meeting annual revenue and P&L projections.
- Overseeing high profile and complex projects.
- Supporting real estate broker pursuits.

---

**DPMC Global - Managing Partner** - March 2012 to November 2017
Established DPMC Global to provide consulting and project management services with an emphasis on owner representation for tenants and developers. In five years of existence, DPMC Global managed over 120 million dollars of construction projects.

**Representative Clients and Projects**
- Starwood – Due diligence for buyer of the 1 Hotel on Sunset Blvd. in Los Angeles, CA.
- Greenfield Partners – United Artists Theater HVAC replacement, Ace Hotel in DTLA, CA.
- CST – Corporate HQ, 115,000 SF TI, incl. office and factory in Thousand Oaks, CA.

**Dana Barbera**

- Hilton & Hyland Real Estate – TI & Relocation, 14,000 SF in Beverly Hills, CA.
- Scientology – 110,000 SF, 13-story seismic upgrade; re-skin of King Wang Hotel in Taiwan.
- Los Feliz Mission – Ground-up, 3-stories on Hillhurst Ave. in Los Angeles, CA

---

**CBRE - Senior Director of Project Management** - January 2008 to March 2012
Joined CBRE to provide leadership and direction and to expand CBRE project management services in the Los Angeles market. Reported directly to Western US Regional Director. Coordinated with local market leaders across the United States on standards, marketing, training and financial performance. Established and maintained internal relationships with CBRE real estate brokers.

**Representative Clients and Projects**
- Waller Lansden – TI restack 130,000 SF in Nashville, TN.
- LA Care - 60,000 SF Gas Company Tower move to 1055 W. 7th St., Los Angeles, CA.
- Nigro Karlin – TI 40,000 SF 10100 Santa Monica to 10960 Wilshire Blvd., Los Angeles, CA.
- Katten Muchin – TI restack 40,000 SF at 2029 Century Park East, Los Angeles, CA.

**Representative International Programs**
- Directed $500 million international building program.  Managed Gensler, Glumac, local PM's and contractors for projects on five continents in over 30 urban locations.
- Directed international dilapidation analysis of 75 Davis Langdon offices in support of AECOM's merger and acquisition negotiation.

**Responsibilities**
- Maintaining and promoting client relations.
- Handling key aspects of project execution for complex, large or sensitive projects.
- Setting standards for project manager performance.
- Hiring, training and supporting project management personnel.
- Establishing and meeting quarterly and annual revenue projections.
- Creating strategies for business development and marketing.

---

**The Staubach Company - Vice President, Project Management** - 2003 to 2008
Joined The Staubach Company six months after Staubach opened its Los Angeles office to establish and lead its Los Angeles project management practice. Recruited and trained project managers to support The Staubach Company's tenant representation model.   Established and maintained internal relationships with Staubach real estate brokers.  Reported directly to Los Angeles franchise owner and corporate leadership in Dallas, Texas.

**Representative Clients and Projects**
- Experian Headquarters – 350,000 SF C/S & TI; 800-car parking garage, Costa Mesa, CA.
- Golden State Foods HQ and Distribution Center – 290,000 SF TI, City of Industry, CA.
- Metrocities Mortgage – 70,000 SF TI in Sherman Oaks Galleria, Sherman Oaks, CA.

**Responsibilities**
- Implementing TSC corporate practices, procedures and documents for Los Angeles.
- Recruiting & hiring.
- Client satisfaction for all Staubach project management engagements.

2

Dana Barbera

---

**EXPERIENCE- ARCHITECTURE**

**Cannon Dworsky - Associate, Architectural Project Manager** - 2001 to 2002
Hired to lead Los Angeles's corporate commercial architectural practice. Reported directly to Cannon's local business unit leaders. Responsibilities included management of multiple design teams; client relations, client contracts and fee proposals; project staffing and project profitability; quality control, document coordination, design coordination, consultant coordination. Notable projects include the expansion of Daniel Freeman Memorial Hospital in Inglewood, CA, and Cannon Dworsky's new lobby level office at 1901 Avenue of the Stars in Century City.

**DMJM Keating - Senior Project Manager** - 1994 to 2001
Reported directly to Los Angeles business unit leaders. Responsibilities included management of multiple design teams; client relations, client contracts and fee proposals; project staffing and project profitability; quality control, document coordination, design coordination, consultant coordination; advising clients on bid procedures, contract types, budget control and scheduling. Notable projects include multiple developer high-rise office towers in Jakarta, Indonesia, Expansion of City Walk at Universal Studios, and multiple Wyndham Hotel renovations in Southern California.

**Keating Mann Jernigan Rottet - Architectural Project Manager** - 1989 to 1994
Led design and technical teams on large scale architectural projects. Notably, project leader and client's single point of contact for Hewlett-Packard's 21-story corporate headquarters tower in Atlanta, GA.  Managed design team in Los Angeles and coordinated directly with local Atlanta architect of record; oversaw all technical aspects including construction administration.

**EDUCATION**
- Cornell University – Five-year Bachelor of Architecture Program 1982-1987
- Phoenix Institute of Technology – Two-year Architectural Drafting Program 1979-1981

**MEMBERSHIPS**
- Urban Land Institute
- CoreNet
- City Club

3

**DANA BARBERA – RESUME SUPPLEMENT**

**INTERNATIONAL PROJECT DEVELOPMENT EXPERIENCE**

Developed and led an international building program representing an investment of over 500 million dollars in design, construction, furniture procurement and equipment, delivering over 40 Class A buildings on five continents, in less than 10 years. The program was supportive of a parallel real estate acquisitions program.

Key components to the program's success with schedule, budget and quality control were:

- Establishing clear distinctions between core services and local services; instituting communication protocols and contractual obligations between the two.
- Creating repeatable standards for targeted aspects of the program including due diligence, design, contracts, oversight and reporting.
- Negotiating or competitively bidding volume discounts.

**REPRESENTATIVE PROJECT EXPERIENCE**

Kaohsiung, Taiwan

No. 329, Qixian 2nd Road, Qianjin District, Kaohsiung City, Taiwan 801

Project description: Located in a densely populated urban location, the project consisted of a 14-story top to bottom renovation of an existing hotel constructed in early 1980's. The renovation included replacement of the building's exterior cladding and glazing and new elevators in relocated positions and full replacement of all the buildings systems. Client's program included classrooms, meeting rooms, offices, two floors of dormitory-style residential accommodations, underground parking with access via car elevator, an auditorium seating 200 people, commercial kitchen, and a state-of-the art recording studios for translation work.

- Early feasibility studies determined that the building was less expensive to convert than to tear down and rebuild.

- Due diligence was done quickly and limited to seismic testing, as none of the building systems functioned and/or were under capacity.

- The project's change of use required a seismic upgrade. Working with local engineers we arrived at the solution of adding 22 perimeter columns, avoiding the addition of internal shear walls, maintaining the area needed to keep the programed floor layouts intact.

Budget: The project's budget was maintained and the project was completed within the original estimate. Costs were kept low by competitively bidding three local Taiwanese contractors in lieu of "international' contractors based in Singapore with ties to Japan or the UK, as is often the norm for international work.

Quality Control: Quality control was maintained throughout all aspects of the project through various means including:  maintaining direct communication between design architect and local architect, hands-on control of subcontractors during monthly, two-week long site visits, shepherding millwork development drawings (created in the U.S.) to Taiwan, then directly coordinating production on the ground in Foshan, China.

Schedule:  A fast track schedule was established and maintained by negotiating partial permits with the Kaohsiung city officials, competitively bidding the schedule as a pre-requisite for general contractor selection, and heavily monitoring onsite manpower.

Organization/reporting: All professional leadership reported to Mr. Barbera and Mr. Barbera reported to the client.

**DANA BARBERA – RESUME SUPPLEMENT**

<u>Pretoria, South Africa</u>

722 Stanza Bopape St, Pretoria, 0083, South Africa

Project Description: Located within walking distance of the country's Union Building (equivalent to our White House) and surrounded by foreign embassies, this campus-style facility is located on a historical two-acre site consisting of five separate buildings. The project became a challenge when the client decided to make significant programmatic changes during construction without modifying the building's opening date.

Budget: Implementing the required modifications required full time representation on site for four months to minimize the cost impact of the changes. During this period, Mr. Barbera lived in Pretoria and worked with the general contractor and the local tradesmen directly to minimize demolition scope and to control the impact of the changes on the existing building systems while construction continued.

Schedule: To ensure the original building schedule was maintained, Mr. Barbera worked with the local contractor to arrive at various ways to offset the time lost by the late revisions. This included changing the lighting specifications to more readily available products and introducing the use of high-tech, mechanically applied plaster systems in lieu of the originally planned hand troweled plaster.

Quality Control: Close attention to quality was maintained through various means including, but not limited to:  research into local means and methods to produce millwork consistent with the program's standards, hands-on control of subcontractors through on site daily inspections, pre-construction mock-ups for finishes before implementation.

Organization/reporting:  Mr. Barbera was on site full time every day. The local general contractor reported to and coordinated with Mr. Barbera and Mr. Barbera reported directly to the client.

<u>Costa Mesa, California</u>

Experian North American HQ, 475 Anton Blvd, Costa Mesa, CA 92626

Project Description:  Three connected four-story buildings comprised 350,000 square feet of office space surrounding an internal landscaped area, forming a corporate campus. An adjacent 600-car parking garage was built simultaneously, and was also under the direction of Mr. Barbera.

Budget:  The estimated budget for the project was managed throughout with a heavy emphasis on subcontractor selection process. As the bids were awarded, savings were rolled back into the budget to build owner's contingency.

Schedule: To minimize the overall schedule duration, the project was constructed on a fast-track, GMP basis; steel erection began while the interiors were in progress. The adjacent garage was bid separately on design-build basis.

Quality Control: Quality control was maintained throughout by a variety of means, including instituting an owner's authorization-to-award process for contracting subcontractors.

Organization/reporting:  Mr. Barbera was the project leader, directed all professionals and contractor leaders, chaired weekly job meetings, led subcontractor interviews and directly bid all owner purchases including A/V, Security, Data/Tel, FF&E.  A full time on-site project manager in the construction trailer reported directly to Mr. Barbera.  Mr. Barbera reported directly to the client.

**DANA BARBERA – RESUME SUPPLEMENT**

Jakarta, Indonesia

Sinarmas MSIG - Jl. Jend Sudirman Kav 21, South Jakarta, Indonesia

Project description: Located in the center of Jakarta, this 48 story speculative office tower is one of the tallest buildings in Indonesia.  The project was one of three tower projects for the same developer client, PT Dutta Anggada Group.

Budget: As a developer building, the key to cost effective design is the ratio of rentable floor area to overall building components. Mr. Barbera participated in intensive local code reviews finding ways to achieve maximum rentable to gross area ratio.

Quality control:  The primary challenge for the project in this area was bringing United States technical expertise to a local development team in Indonesia. Mr. Barbera led the design team performing work in Los Angeles, then led project's local consultant team to complete the permit drawings and bid documents, incorporating local techniques, products and methodologies, while maintaining coordination with U.S. structural and MEP engineers.

Schedule: The project was completed through permitting and bidding, with cost evaluations and modifications during the bid phase. Work continued through excavation and pouring of the foundation before stalling when the Southeast Asia currency crisis occurred. The building was completed at a later date.

Organization/reporting:  As the project's lead architect during the year-long development phase, Mr. Barbera spent two weeks of every month in Jakarta working with the local team of consultants and builders.

Atlanta, Georgia

Hewlett-Packard HQ, 20 Perimeter Summit, Atlanta, Georgia

Project description: Located in the northern portion of Atlanta, this 22-story office tower was the vision of Hewlett-Packard's west coast head of real estate.  Prior to this tower with its developer driven efficiencies, Hewlett-Packard had only built campus type environments. The new model was designed to facilitate an exit strategy so that when the time comes for new real estate needs, the building is viable for resale.

Quality control: Mr. Barbera managed the Los Angeles design and consulting teams throughout the design development stages and then traveled to Atlanta every two weeks to ensure that the local consultant and architectural teams maintained the high standards and expectations set by the LA design group and HP's corporate leaders.  Mr. Barbera established criteria for all mock-ups, including extensive onsite mock-ups for concrete approval, curtain wall mock-ups and pressure testing.

Budget control. Mr. Barbera participated in the selection of the general contractor prior to design completion and worked with them directly to create and maintain the project's cost model in accordance with HP direction on costs.

Organization/reporting:  The architectural team in Los Angeles and Atlanta reported to Mr. Barbera. Mr. Barbera had architectural approval authority on-site on behalf of HP throughout the construction phase of the project's development. Mr. Barbera reported to the client and to the firm's in-house partner-in-charge.

**DANA BARBERA – RESUME SUPPLEMENT**







Atlanta, Georgia

Jakarta, Indonesia

Costa Mesa, California

<u>Moscow, Russia</u>

Ul. Taganskaya, 9. Moscow, 109147

Project description: Located along Moscow's Garden Ring approximately one mile from Red Square, the project consisted of renovating and connecting two freestanding buildings. The project was part of the international program run by Mr. Barbera, with standards set for classrooms, office spaces and assembly areas.  In addition to the physical complexities of the project, concerns were raised regarding potential problems arising from corruption in the building industry, prevalent in Moscow at that time. This and the owner's tight schedule necessitated boots-on-the-ground involvement at the project's early stages to ensure that the project was properly initiated.

Mr. Barbera spent eight weeks in Moscow interviewing local engineers, contractors and management resources to determine contracting options and establishing communication protocols. He also sourced legal translations for local contracts and coordinated all this with the client's legal representation.

Budget: In addition to conducting a detailed bid process and multiple interviews with local builders, unique aspects of budget control extended to: working closely with local engineers to establish a design-build basis for MEP bidding and construction, negotiating a cap on city fees for relocating existing below ground steam distribution, and finding the most cost effective international furniture delivery process for shipping Italian products into Russia without incurring excessively high tariffs.

Organization/reporting:  All professionals reported directly or indirectly to Mr. Barbera. Mr. Barbera reported directly to the client.







Kaohsiung, Taiwan

Moscow, Russia

Pretoria, South Africa

# EXHIBIT 9



# PROJECT MANAGEMENT

EXPERT OWNER REPRESENTATIVES

**COLLIERS PROJECT LEADERS**



# LEADING WITH PURPOSE

*We are the project management specialists you want representing your interests from concept through completion.*

We don't just deliver projects that are on time and within budget, we deliver projects that exceed the expectations of our clients time and again. We customize our approach to meet each client's specific needs and priorities, creating buildings and spaces that are beautifully designed, well built, and operate at peak efficiency.

Providing the breadth of experience that world-class project management requires, our multi-disciplined team possesses the necessary skill sets to support our clients through all aspects of their capital projects. Our seasoned professionals have deep backgrounds in architecture, engineering, construction, real estate, operations, and financial management allowing us to assist in whatever area your project requires.

With Colliers on your team, you can be confident that your project is on track, leaving you free to focus on what you do best.

## OUR SERVICES

### PROJECT & PROGRAM MANAGEMENT
Advocating for you interestes through every phase of project planning and execution.

### DEVELOPMENT MANAGEMENT
Expert insights and oversight to mitigate risk and maximize value from concept to close-out.

### COMMISSIONING & ENERGY
Ensuring your buildings, spaces, and systems perform optimally and generate energy savings.

### PLANNING & ADVISORY
Strategic insights to inform comprehensive asset improvement, planning, and execution.

## WHY COLLIERS › KEY DIFFERENTIATORS



### HANDS-ON APPROACH
Highly responsive and collaborative, we look to become an extension of your team.



### TECHNICAL EXPERTISE
Multi-disciplinary specialists and certified experts on staff for any technical need.



### LONG-TERM EXPERIENCE
Experts in guiding owners through complex projects for more than 30 years.

## BENEFITS

### SAVE TIME
Establish key project milestones and identify critical path issues that could create delays before they materialize.

### SAVE MONEY
Reduce overall project costs with design critiques and competitive bidding strategies that provide options for maximizing value.

### BE GREEN
Develop a holistic energy management plan for your buildings to reduce consumption, improve pricing, and extend the useful life of equipment.

# EXAMPLE PROJECTS

**Colliers**
INTERNATIONAL

PROJECT LEADERS

## RESIDENTIAL, MULTI-FAMILY



### 12362 MATTESON, CULVER CITY, CALIFORNIA
Project management services for a 32-unit apartment building.

## HIGH RISE, MIXED USE



### 45 EAST 22ND STREET CONDOMINIUMS
Construction oversight of the new 90-unit, 58-floor residential development in New York City.

## CULTURAL & NON PROFIT



### UNITED ARTIST THEATER
Replacement and upgrade of the downtown Los Angeles, CA theater's original 1923 HVAC and mechanical system.

## HOSPITALITY



### THE JEREMY HOTEL
Project management services for the 286-room Starwood Hotel in West Hollywood, California.

## CORPORATE



### EXPERIAN NORTH AMERICAN HEADQUARTERS
Interior fit-out of the 350,000 gsf office building and 600-car parking garage in Costa Mesa, California.

## INDUSTRIAL & MANUFACTURING



### FARREL POMINI CORPORATION
Evaluation and project oversight for construction of a new 182,000 gsf office and manufacturing facility.

Exhibit Page 134

# PROJECT OFF TRACK?

*Come talk to us for:*

✓ Objective Advice

✓ Owner Advocacy

✓ Schedule Management

✓ Cost Control Measures

Colliers will conduct a thorough investigation and establish a plan to get your project back on track.



**DANA BARBERA**

SENIOR DIRECTOR
PROJECT MANAGEMENT,
SOUTHERN CALIFORNIA

EMAIL          dana.barbera@colliers.com
MAIN           +1 213 627 1214
MOBILE         +1 323 317 0080



865 South Figueroa Street
Suite 3500
Los Angeles, CA 90017
www.cplusa.com

Exhibit Page 135

# EXHIBIT 10

COLLIERS PROJECT LEADERS

# Development Management Services



Helping you to develop sites or re-purpose existing buildings into higher performing assets, all while protecting your interest and exposure.

## Services Provided

> Feasibility studies & due diligence
> Zoning & regulatory constraints, reviews & approvals, entitlements
> Site selection, assembly & reviews
> Budgets, hard & soft cost implications of alternatives
> Facilitating & introducing partnerships / JVs
> Air rights transfers
> Develop cash flow models
> Development of options & alternatives
> Assist in ownership vs. leasing scenarios
> Configuration scenarios and pro formas
> Phasing & schedule development
> Building the right project team
> Managing & overseeing the design & construction process
> Investment advisory services

With years of experience on a variety of complex development project types, uses and sizes, Colliers will manage the pre-development process and guide you through the evaluation and development of options and their respective implications for the specific issues and goals of your project.

*RISK Management, identification, assessment, avoidance, mitigation and protection, is what we offer to owners, developers and institutions.*

Navigating from an initial project idea through the complex labyrinth of designing and constructing a project within a budget and schedule, yet meeting the market expectations is an extremely demanding task. Once a project is conceptualized, the establishment and management of a unified design team and other essential consultants, the development of accurate budgets and schedules (more importantly, the maintenance and continual analysis of them) all require a dedicated team with the tested experience and the encompassing knowledge to guide a project through to its successful completion. *We are that team, let Colliers help make your project goals a reality!*



Exhibit Page 137

# Exhibit D

1  PATRICK C. McGARRIGLE, ESQ., SBN 149008
   MICHAEL J. KENNEY, ESQ., SBN 192775
2  McGARRIGLE, KENNEY & ZAMPIELLO, APC
   9600 Topanga Canyon Boulevard, Suite 200
3  Chatsworth, California 91311
   TEL: (818) 998-3300  FAX: (818) 998-3344
4

5  Attorneys for Defendants
   Glenroy Coachella, LLC, Force Rubin, LLC,
6  and Force Rubin 2, LLC,

7

8

9               SUPERIOR COURT OF STATE OF CALIFORNIA

10                  FOR THE COUNTY OF RIVERSIDE

11

| | |
|---|---|
| U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP, an Irish limited partnership, | CASE NO.: RIC1905743 |
| Plaintiff, | [Assigned to Hon. Sunshine S. Sykes, Department 6] |
| v. | **DECLARATION OF A. STUART RUBIN IN SUPPORT OF DEFENDANT GLENROY COACHELLA, LLC'S EX PARTE APPLICATION FOR AN ORDER AUTHORIZING PROTECTIVE ADVANCE AND RECEIVER CERTIFICATE, ETC.** |
| GLENROY COACHELLA, LLC, a Delaware limited liability company; et al., | |
| Defendants. | |
| AND RELATED CROSS ACTIONS. | *[Ex parte application and Declarations of Elliot Lander, Renzo Renzi, Dana Barbera, Laurence Berman, Marvin Weiss, Joseph Rubin, Ian Waddell and Patrick C. McGarrigle and Exhibits Thereto Filed Concurrently Herewith]* |
| | **Date:      December 14, 2020** <br> **Time:      8:30 a.m.** <br> **Dept.:      "6"** <br> **Confirmation Number: RES241685** |
| | Complaint Filed:   November 19, 2019 |

1

**DECLARATION OF A. STUART RUBIN IN SUPPORT OF GLENROY'S EX
PARTE APPLICATION**

9075-028/pldg/Rubin Decl. – ex parte app

## DECLARATION OF A. STUART RUBIN

I, A. Stuart Rubin, do hereby declare:

1. I have personal knowledge of the facts set forth herein and, if called upon, could and would competently testify thereto under oath.

2. I have approximately 36 years of broad-based real estate investment experience and have been involved in over 100 transactions involving approximately $1 billion of real estate. I am also Chairman of Realty Partner's Investment Committee. I am a part owner of L&R Auto Parks, Inc. (dba Joe's Auto Parks, 5 Star Parking, Wally Park, All Star & Valet Parking) in Beverly Hills, California, a company founded by my father and other partners in 1959. I am not active in management of this business.

3. I served as the Chief Executive Officer of the largest privately held parking company, employing nearly 6,000 people, for over six (6) years. I was a primary investor and founder of The Private Bank of California, which was a publicly traded company. When formed, The Private Bank of California was the largest de novo offering for a financial institution at that time. I served on the senior loan committee of The Private Bank of California for seven years and held several other positions until its sale in 2013.

4. For over eight years, I was involved in the purchase and operation of the Vagabond hotel chain of 55 hotels which had its own management and central reservation system.

5. I was the president of RP Realty Partners, which is a real estate investment company, until March of 2020. I was responsible for setting the strategic direction of the company and was involved in all major acquisition, financing, repositioning, asset management and disposition decisions. RP Realty Partners is an investor in "mid-market properties" of $10-$100 million. During the time I was involved with it, I was involved in over 100 real estate projects in which RP Realty Partners was a purchaser, seller, lessor or lessee, or was financing and refinancing these projects.  For over eight years, I was involved in the purchase and operation of the Vagabond hotel chain of 55 hotels which had its own management and central reservation system.

**DECLARATION OF A. STUART RUBIN IN SUPPORT OF GLENROY'S EX
PARTE APPLICATION**

Exhibit Page 140

9075-028/pldg/Rubin Decl. – ex parte app

6.      I received Bachelor of Science degree in Business Administration from the University of Southern California.

### Background with the Project

7.      I have been actively involved with the property located at the Southeast Corner of Avenue 48 and Van Buren Street, Coachella, California (the "**Property**") since approximately 2008. Since that time, I have been personally involved in all of the milestone events related to the acquisition of the Property, its rezoning from residential to General Commercial, the approval of the Development Agreement with Gary Stiffelman ("**Stiffelman**") for the Property, the decisions to enter into the material agreements related to construction of a hotel and other improvements on the Property (the "**Project**") and other material agreements related to the Property and Project with Stiffelman. I am a member and the Manager of Glenroy Coachella Holdings, LLC ("**Glenroy Holdings**"), a Defendant in the action filed by Plaintiff U.S. Real Estate Credit Holdings III-A, LP ("**Plaintiff**"). I have been personally sued by the Plaintiff in this action because I signed a personal guarantee on the loan made by the Plaintiff and any deficiency on that loan.

8.      In 2008, the Property was acquired for approximately $23,000,000. I was an investor of the participating group for the equity used by the borrower to purchase the Property, and a member of the limited liability company that originally acquired the Property. The original borrower defaulted, and the investors abandoned the Project and bank debt, and I was asked to step in and cure the debt and pay off the note. When that entity could not successfully develop the site, I took steps to find other investors and, together with these new investors, repaid the entity that lent the funds to acquire the Property.

9.      Since 2008, I have been actively involved in trying to develop the Property. From 2008 to 2014, the economic climate in the Inland Empire and the Property's zoning meant that developing the Property did not make sense.

10.      As these conditions changed in 2014, Stiffelman and I began planning for use of the site as a hotel. Planning and development of the site took place from 2014 to

3

**DECLARATION OF A. STUART RUBIN IN SUPPORT OF GLENROY'S EX PARTE APPLICATION**

2016. In May of 2017, the site grading permit was issued and site work on the Property began in the fourth quarter of 2017.

11. Many of the construction permits for the Project were pulled in late 2017 and early 2018. Thereafter, construction began. Based on feedback and demands from the city, developers, and hotel operator, and the desire to create a world-class development, improvements and changes in scope to the Project were made.

12. The changes in the Project's scope were described on September 6, 2019 by my partner in the Project, Gary Stiffelman, in an email and included the following changes to the Project: doubling the size of the conference center; enlarging the pool; adding city-mandated poolside structures to accommodate additional bathrooms, changing rooms and showers and additional piping so that the water pressure to the site was adequate; and adding a new poolside restaurant and building to house pool equipment.

13. Most importantly, the rooms and villas were reinvented, at Stiffelman's behest, with construction being shifted from pre-manufactured structures to ground-up buildings, and the guest rooms being enlarged by over 30%, including enlarging the common area rooms and ceiling heights, adding a powder room to the six-bedroom units and purchasing expensive custom furniture for the rooms. Multiple linen closets for housekeeping were also added. Other buildings were also expanded: the quick service market was increased from 2,600 square feet to 3,250 square feet, the back of house service building was increased from 5,000 square feet to 8,000 square feet and a two-story gym with a juice and coffee bar totaling 7,000 square feet were added. A new convention building was redesigned and changed by Stiffelman in conjunction with the hotel company.

14. We believed that these changes collectively would create a world-class luxury hotel in Coachella and make the Project much more attractive, and improve and expand the Project's revenue opportunities.

**DECLARATION OF A. STUART RUBIN IN SUPPORT OF GLENROY'S EX PARTE APPLICATION**

9075-028/pldg/Rubin Decl. – ex parte app

15.     The owners of the Property contributed over $30,000,000 of their own monies to acquire and develop the Project, including to pay for costs related to changes in the Project's scope. These investments have taken the form of personal investments, or personal guarantees of loans for monies that were used for the Property or Project.

16.     I have spent thousands of hours on this Project. Since late 2017 or early 2018, I and Mr. Stiffelman have worked on the Project without payment. Dr. Lander has worked on the Project without being paid for his work.

**Agreements Entered into for the Project that Are Threatened by Inaction**

17.     In 2018, Glenroy Coachella LLC (the "**Hotel**") entered into a license agreement with Holiday Hospitality Franchising, LLC to allow the Hotel to be operated and branded as a Hotel Indigo® property. Holiday Hospitality Group is part of InterContinental Hotels Group ("**IHG**"). It took over four (4) months to negotiate this license agreement with IHG, which took place after we spent months identifying which hotel licensing group would best serve the Project.  Having IHG act as the franchisor for the Hotel on the Project is a valuable asset. IHG is a valuable brand, because consumers' purchasing decisions for hotels are influenced by the reputation such brands represent and the positive message the IHG brand communicates about the Hotel and its reputation and services. There is another tangible benefit to have IHG brand the Hotel. The marketplace for hotels in this area is crowded and the IHG brand for the Hotel allows it to distinguish it from its competitors and make the Hotel stand out. IHG also has one of the largest customer loyalty memberships and its own reservation systems, both of which add value to the Hotel and the Project.

18.     IHG has notified the Hotel that it is in default under the licensing agreement because construction was not finished in a timely manner. Unless this default is cured, the Project will lose a valuable asset. The Hotel has received an extension to cure this default until December 17, 2020.  On December 2, 2020, I received an email from the Receiver which enclosed a November 10, 2020 letter from IHG, wherein the Receiver asserted that "we have no means by which to cure the default and as such the

**DECLARATION OF A. STUART RUBIN IN SUPPORT OF GLENROY'S EX PARTE APPLICATION**

termination would take effect as outlined in the letter." In other words, after 12+ months of the receivership, the Receiver and Plaintiff confirmed that they have no interest in causing the recommencement of construction and pointed to no action taken by them to ensure that the License Agreement with IHG would be protected and preserved. A true and correct copy of the Receiver's December 2, 2020 email and its enclosed letter from IHG of November 10, 2020 are attached hereto as Exhibit __ and are incorporated herein. As discussed below, in response to the Receiver and Plaintiff's December 2nd notification that they would not be taking any action to protect and preserve this asset, Mr. Lander and I discussed the Protective Advance from EFO Financial Group, LLC (which has already committed to fund the Project in the sum of $51.9M if a global resolution could be achieved) to allow for the recommencement of construction to cure the IHG default and, as noted below, also avoid the expiration of the valuable Development Agreement with Coachella for the Project.

19.    As part of the Project, Glenroy entered into a Development Agreement with the City of Coachella ("**Coachella**") permitting the Project to proceed. The Development Agreement is a valuable asset. Not only does it allow the Project to proceed, as part of the Development Agreement, Glenroy received a Transient Occupancy Tax ("**TOT**") abatement of $25 million for a twenty (20) year period, plus other favorable entitlements.

20.    The City of Coachella and Glenroy entered into a First Amendment to the Memorandum of Understanding, a true and correct copy of which is attached as Exhibit 2 hereto and incorporated fully herein. Paragraph 4 requires permit reactivation by January 1, 2011, and Paragraph 3 requires that the Glenroy Resort be an active worksite by January 31, 2021. Unless these progress benchmarks are achieved, the City of Coachella can, within 48 hours, hold an appeal hearing for the termination of the Memorandum of Understanding. If this takes place, the valuable entitlements for the Project will be lost and Glenroy will be unable to complete the development of the Project, wiping out our equity to our great prejudice. The Receiver and Plaintiff's inaction to preserve and

**DECLARATION OF A. STUART RUBIN IN SUPPORT OF GLENROY'S EX
PARTE APPLICATION**

9075-028/pldg/Rubin Decl. – ex parte app

protect these entitlements presents an immediate and irremediable risk of permanent loss of valuable assets to the Hotel and the Project overall.

### Status of Construction on the Project at Present and
### Deterioration of Property If Construction Does Not Start

21.    The last advance made by the Plaintiff for the Project took place in December of 2018. Construction on the Project stopped in January of 2019. Even with all of these changes in scope, phase one of the Project, which is approximately 150 rooms, is approximately 60-65% complete, with framing and shells for the majority of the commercial buildings and casitas complete, and the initial groundwork on the pool complex complete.

22.    Although 60-65% of the overall construction in phase one has been completed, the hotel is close to opening. To explain why this is true, it is important to understand the nature of the hotel that was designed and built at the Property. Most hotels are vertical buildings, which means that the entire building must be completed before the hotel can open. The hotel at the Property is a horizontal development of 51 casitas, which means that the hotel can be opened in stages as groups of the casitas are developed. These 51 casitas on the Property are luxury bungalows which are configured in two, four and six room configurations that are one-story and separated 15-25 feet from one another. The casitas at the Property may have two separate hotel rooms, other casitas may have four rooms and others may have six rooms. An individual hotel room in these casitas is also referred to as a key.

23.    Out of the initial 250 hotel rooms in these casitas, 150 are very close to being finished, and 70 of the 250 hotel rooms are 85-90% complete. Another 80 rooms are 70% complete and will be done in 90 days. Since the hotel can be opened in stages because of its horizontal design, when the first 150 rooms in these casitas are ready, the hotel can start generating revenue. The remaining 100 rooms are framed and have roofs on them, and will be finished within nine months after construction begins again.

**DECLARATION OF A. STUART RUBIN IN SUPPORT OF GLENROY'S EX PARTE APPLICATION**

9075-028/pldg/Rubin Decl. – ex parte app

**How the Receiver and Calmwater Damaged the Project Since Taking Over.**

24.     As of the date the Receiver Edwin Leslie ("**Receiver**") was appointed on November 27, 2019, the Property's property taxes were current and were not yet in default. The Property's property taxes were due on November 10, 2019. A ten percent penalty is imposed for payments made thirty days later, beginning December 11. Despite being appointed on November 27, 2019, the Receiver failed to pay the Property's property taxes until after December 11, incurring penalties of $62,558.64.

25.     Property taxes for the Property were again due on March 10, 2020, with ten percent penalties imposed beginning April 11. The Receiver also failed to timely pay these property taxes, incurring additional penalties of $62,558.64.

26.     If the property taxes on the Property are not paid, the City of Coachella can argue that the Development Agreement between the borrowers and the City of Coachella should be voided, and we will be unable to complete the development of the Project. The Plaintiff in this action was provided with this Development Agreement as part of applying for a loan for construction.

27.     The Receiver's inaction concerning the Property taxes repeated itself again recently.  On November 24, 2020, the Receiver sent an email to myself and others (Ex. 3 hereto is a true and correct copy thereof and Gary Stiffelman's response) asking (just 2 weeks before the first installment of property taxes were due for '20-'21) whether ownership would be funding the taxes due.  The Receiver made no disclosure of the Plaintiff's position on the subject or whether the Receiver had even inquired of the Plaintiff concerning payment.   Surprised by the Receiver's lack of diligence and insufficient information, I immediately reached out to EFO to ascertain whether it would be willing to make a protective advance with a first position Receiver's Certificate to fund the sums necessary to pay the first installment of the property taxes; EFO was willing to do so notwithstanding the short notice.  I communicated as much to Plaintiff's principal, Mr. Kilcoin, but received no response.  Our counsel wrote to the Receiver's counsel on November 29, 2020 and notified him of EFO's offer, a true and correct copy

8

**DECLARATION OF A. STUART RUBIN IN SUPPORT OF GLENROY'S EX PARTE APPLICATION**

of our counsel's letter to the Receiver is attached hereto as Exhibit 4 and is incorporated fully herein.  Notwithstanding our efforts to solve the problem created by the Receiver's very late notification, the Receiver's counsel then rejected our efforts and claimed that the Plaintiff would advance the sum for the taxes.

28.    When the Receiver took over the Property, the lawn on the ten (10) acre concert grounds was green and the trees at the Property were healthy. Since the Receiver was appointed, I have visited the Property on more than ten (10) occasions. The last occasion on which I visited the Property was on or about October 12, 2020. The failure to water this vegetation combined with the Receiver's failure to employ a landscaper has damaged the vegetation there. The lawn on the polo grounds is dead, with weeds growing in areas that were once green. The perimeter ficus trees have been damaged or are dead, and the three (3) palms near the pool area are dying or dead. Between $150,000 and $200,000 was incurred to install this vegetation, including the grass.

29.    Before the Receiver took over, the Project was insured. This insurance was obtained from a well-known brokerage firm, Willis/Towers. The Receiver allowed the insurance for the Project to remain unpaid and I received a notice that the insurance was pending cancellation. Although the Receiver was made aware of this situation, I received an email from the Receiver informing me that he understood that the insurance was pending cancellation and the Receiver was waiting for the Plaintiff to loan funds to pay the insurance premium and bring them current to reinstate coverage.

30.    Glenroy paid approximately $320,000 to the furniture manufacturer for custom-made furniture used for the Project. The Receiver has threatened to sell this custom-made hotel furniture at public auction. Doing so will yield a fraction of its value. If this furniture is sold before we secure re-financing, we will have to repurchase this furniture, or pay to have it replaced at substantial additional expense.

### The Plaintiff and the Receiver's Conduct Causes Prejudice to Me.

31.    Since his appointment, the Receiver has not disclosed any construction recommencements or a plan or budget for any future construction at the Project, and has

9

**DECLARATION OF A. STUART RUBIN IN SUPPORT OF GLENROY'S EX PARTE APPLICATION**

not engaged me in any discussions regarding future construction. The Receiver has not disclosed any financing commitments to me for any future construction at the Project, or any efforts to seek any financing commitments. Instead of efficiently and effectively concluding the Project for everyone's benefit, the Receiver's conduct has caused the Project to be burdened by unjustified costs and fees.

32.    Unless prevented from doing so, given the lack of any activity by the Receiver to move the Project forward, and his allowing the Project's licensing agreement with IHG and the Development Agreement with the City of Coachella to go into default, the Project will fail.

33.    This inaction by the Receiver and Plaintiff will further substantially depreciate the value of the Project to my prejudice. Plaintiff has sued me to enforce the personal guaranty that I signed as part of the loan for the Project. In its lawsuit, the Plaintiff is seeking to recover default interest at the rate of 18% per annum on the outstanding loan balance and other items of damages claimed by it, including an unused loan fee because Glenroy did not borrow the entire amount of the loan commitment as a result of Plaintiff having stopped making loan advances to it, the Receiver fees and costs and other damages.

34.    I do not think it is fair, and I am prejudiced by the fact that Plaintiff and the Receiver are attempting to increase the Plaintiff's damages at my and other guarantors' expense by doing nothing, other than to increase the damages sought by Plaintiff.

**A Protective Advance of $8,600,000 Will Result**

**in an Over $26,000,000 Increase in the Project's Value**

35.    Based on my substantial experience with real properties, including my experience in the hospitality business, and my efforts over the past three years to obtain funding for the Project, I am knowledgeable and familiar with how hospitality projects are valued. I am also familiar with the construction that will take place if the proposed protective advance is made and how it will affect the Projects' value.

10

**DECLARATION OF A. STUART RUBIN IN SUPPORT OF GLENROY'S EX PARTE APPLICATION**

9075-028/pldg/Rubin Decl. – ex parte app

36.    Glenroy obtained two appraisals for the Hotel, one in April 2019 and one in December 2019, from Mark Lukens, the Managing Director of LWHA-LW Hospitality Advisors ("**LWHA**"). LWHA provides real estate consulting services to the lodging, convention and gaming industries, including appraisals, market impact studies, feasibility/market studies, litigation support and investment analysis.  Based on my experience, LWHA is a well-qualified appraiser of these types of properties.

37.    According to the December 4, 2019 appraisal, the Property had an As Is value of $52,200,000 in its current state as of December 4, 2019, and a Prospective Market Value of the Property Upon Completion of Construction would be $84,000,000. A copy of the Lukens declaration and the December 4, 2019 appraisal is attached as Exhibit 5 and is incorporated fully herein.   I believe that this appraisal undervalues the Property, because it does not include income from concerts and other activities at the planned convention center at the Property.

38.    Glenroy also obtained an opinion of the land value of the Property from Robert Newell, who is a prominent local investor in real properties in Riverside. Mr. Newell has substantial recent expertise with the buying and selling of land in Riverside County, and in real property sales near the Property. Based on his experience, he believes the land value of the Property alone is approximately $800,000 an acre, which translates to $28,000,000 for the land alone at the Property.  A copy of the Newell declaration is attached as Exhibit 6 and incorporated fully herein.

39.    While I understand that neither the Appraisal nor Mr. Newell's valuation take into account the current pandemic, their underlying assumptions and conclusions will be valid after the Covid crisis has passed. My opinion that the underlying assumptions and conclusions of the LWHA appraisal will be valid after the Covid crisis has passed is supported by the fact that EFO has prepared a commitment document which sets forth the general terms of a proposed loan for the Project. Under it, EFO would provide $51,900,000 in new financing to pay the current existing senior loan secured by the Property, and pay the costs of finishing construction.

**DECLARATION OF A. STUART RUBIN IN SUPPORT OF GLENROY'S EX PARTE APPLICATION**

40.     My opinion that the underlying assumptions and conclusions of the LWHA appraisal will be valid after the Covid crisis has passed is also supported by the Plaintiff's decision to make a construction loan of $24,000,000 to the Project in 2018. Based on my experience on over 30 projects and industry standards, particularly in the hospitality space, lenders typically advance 50% of a property's loan to value. Taking this into account, the Property at the time of the loan by Plaintiff would have had a value of no less than $48 million, given the interest reserve, not including borrowers' equity. This $48 million valuation was based on an inferior type of construction that was contemplated when the loan was entered into with Plaintiff in April of 2018, and does not take into account the superior product of ground-up construction that were previously considered, versus pre-fabricated buildings that were constructed at the Project.

41.     If nothing is done, the value of the Project will be reduced to its land value of $28,000,000. The construction will be ruined and worthless, the entitlements from the City of Coachella will expire and the agreement with IHG will be terminated.   The rights of the lien claimants, too, will be substantially prejudiced by the plans of Plaintiff and the Receiver to allow the Project to fail, despite what they said was the purpose of the Receiver's appointment and what would be done to preserve and protect this Project.

42.     A protective advance of $8,600,000 will result in an increase in a $26,032,160 increase in the Project's value.   As more fully detailed in the September 14, 2020 Hotel Indigo Submission For Budget Approval (attached to the Declaration of Dana Barbera), Glenroy has obtained commitments and budgeted estimates to construct the project for $18,500,000 from Dana Barbera of Colliers Project Leaders, a well-regarded construction manager.   The $8,600,000 protective advance is 46.486% of the construction costs. Finishing the construction will result in a $56,000,000 increase in the Project's value, which represents the difference between the value of the Project when construction is completed ($84,000,000) and the land value of the Project of $28,000,000 if nothing is done.   The increase in the Project's value from a protective advance can be determined by multiplying 46.486% (the percentage of total construction covered by the protective

12

**DECLARATION OF A. STUART RUBIN IN SUPPORT OF GLENROY'S EX PARTE APPLICATION**

1  advance) times the increase in value of $56,000,000 (the difference between the

2  completed value of the Project and the land value of the Project), which yields

3  $26,032,160. I believe this increase in value if the protective advance is made is

4  conservative. Finishing the 250 hotel rooms/casitas and their infrastructure is the most

5  substantial step in finishing the construction, and would enhance the value more than the

6  balance of the construction. Starting and finishing the hotel rooms/casitas already started

7  will allow Glenroy to cure any defaults in the Development Agreement and its agreement

8  with IHG.

9       43.    Restarting work on the Project will also provide jobs to the Coachella

10  Valley work force, will generate tax dollars for the City of Coachella, and income and

11  revenue flow to local businesses that would benefit from this construction.

12       I declare under penalty of perjury pursuant to the laws of the State of California

13  that the foregoing is true and correct.

14       Executed this 10th day of December 2020, at Beverly Hills, California.

15

16                                      A. Stuart Rubin

17

18

19

20

21

22

23

24

25

26

27

28

---

13

**DECLARATION OF A. STUART RUBIN IN SUPPORT OF GLENROY'S EX
PARTE APPLICATION**                              Exhibit Page 151

9075-028/pldg/Rubin Decl. – ex parte app

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
355 South Grand Avenue, Suite 2900, Los Angeles, CA  90071

A true and correct copy of the foregoing document entitled (*specify*): **DECLARATION OF MARSHA A. HOUSTON IN
SUPPORT OF MOTION FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
February 17, 2021   , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

- Eryk R Escobar    eryk.r.escobar@usdoj.gov
- Mark S Horoupian    mhoroupian@sulmeyerlaw.com, mhoroupian@ecf.inforuptcy.com;
  ccaldwell@sulmeyerlaw.com
- Michael S Kogan    mkogan@koganlawfirm.com
- Kenneth G Lau    kenneth.g.lau@usdoj.gov
- James R Selth    jim@wsrlaw.net, jselth@yahoo.com; eduardo@wsrlaw.net; gabby@wsrlaw.net;
  vinnet@ecf.inforuptcy.com
- Alan G Tippie    atippie@sulmeyerlaw.com, atippie@ecf.courtdrive.com; pdillamar@sulmeyerlaw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Daniel J Weintraub    dan@wsrlaw.net, vinnet@ecf.inforuptcy.com; gabby@wsrlaw.net; eduardo@wsrlaw.net

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) February 17, 2021 , I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

**BY PERSONAL DELIVERY:**
**Hon. Sheri Bluebond**
**USBC-Central District of California**
**255 E. Temple Street**
**Suite 1534 / Courtroom 1539**
**Los Angeles, CA 90012**

☒ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 17, 2021 | Gilda S. Anderson | *Gilda S. Anderson* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**