Marsha A. Houston (SBN 129956)
Christopher O. Rivas (SBN 238765)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: 213.457.8000
Facsimile: 213.457.8080

Attorneys for Plaintiff
U.S. Real Estate Credit Holdings III-A, LP

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GLENROY COACHELLA, LLC,<br><br>              Debtor. | Case Nos.   2:21-bk-11188-BB<br><br>Chapter 11<br><br>**DECLARATION OF GARY STIFFELMAN IN SUPPORT OF MOTION FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE**<br><br>Date: March 10, 2021<br>Time: 10:00 a.m.<br>Place: Courtroom 1539<br>       255 E. Temple Street<br>       Los Angeles, CA  90012<br><br>Honorable Sheri Bluebond |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-158417382.2

I, Gary Stiffelman, declare:

1. Since 2005, I have been an investor on a construction project (the "Project") with respect to certain real property located at the southeast corner of Avenue 48 and Van Buren Street, in Coachella, California (the "Property"). I am over the age of 18, and I make this declaration based on my personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would testify competently thereto.

2. The Property is owned by Debtors Glenroy Coachella, LLC; Force Rubin, LLC; Force Rubin 2, LLC, and Coachella Resort, LLC (collectively, "Debtors"), as tenants-in-common. My family trust, The Stiffelman Family Trust (the "Trust"), owns thirty-three and one third percent (33⅓%) of Glenroy Coachella Holdings, LLC.

3. I am the plaintiff in my individual capacity, in my capacity as trustee of the Trust, and derivatively on behalf of Glenroy Coachella Holdings, LLC, in a lawsuit against Stuart Rubin ("Rubin"), and others, pending in the Los Angeles Superior Court (the "Stiffelman Action"), with respect to the Property and have asserted causes of action against Rubin for fraud, breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, breach of fiduciary duty, and other causes of action.

4. I am also a defendant in a lawsuit filed by U.S. Real Estate Credit Holdings III-A, LP (the "Lender"). The litigation in which I am one of the defendants filed by the Lender shall be referred to herein as the "Riverside Action."

5. I was personal friends with Rubin and our families have known each other for over twenty-five years. In 2005, Rubin convinced me to make a "limited" investment in the Project, and I agreed to do so because I trusted him, and because he presented himself as a successful real estate person.

6. Since that time I have come to learn that Rubin's ostentatious lifestyle was not because of his expertise or business acumen, but rather from income generated from assets primarily owned by his parents before their death, and from tens of millions of dollars in personal bank loans.

7. Trusting Rubin, I invested over $4 million in the Project and also signed numerous guaranties, which Rubin told me he would personally satisfy. Rubin convinced me that he was

making investments of his own money in the Project to induce me to make "proportionate" investments, but I have learned that Rubin's "investments" were not of his own money.

8. I filed the Stiffelman Action, in part, to get an accounting of Rubin's fraud. But throughout the course of the litigation, Rubin has repeatedly failed and refused to produce financial books and records to me, including any information relating to his personal investment in the Project or amounts he took out of the Project, without any accounting or partner consent.

9. As part of his "shell game" to fund the Project with other people's money (and despite his promises to use his own funds), in or about April 2019, Rubin misappropriated approximately $4 million of Mello-Roos proceeds to finance the construction (something not permitted under his Mello-Roos financing), which was also a material default under the Lender's documents.

10. Worse, although he was not putting his own money into the Project, I have also learned Rubin diverted assets from the Project for his own personal use, including the lease of a Bentley using the Debtors' funds and credit, and taking monies out as referred to in paragraph 8, above.

11. Rubin also used his son, Joseph Rubin, as a construction manager (who was at the time approximately twenty-three years old and recently out of college) on the Project, with virtually no construction experience, and certainly none in building a hotel. In my experience, Joseph was completely incompetent to handle this Project and it has become apparent that Joseph was put in charge not to complete the construction, but to, among other things, assist his father, Rubin, in diverting proceeds from the Project to support Rubin's lifestyle, and Joseph Rubin's own lifestyle. For instance, while Joseph Rubin was completely inexperienced in design aspects of the Project, he was given control to select items such as tiles, toilets and electronics. Joseph Rubin travelled to South Korea purportedly to negotiate with Samsung for electronics for the Project, which turned into a paid trip by the Project to the South Korea Winter Olympics, where he came back with no Samsung agreement.

12. I have also learned that Rubin is personally in default on numerous other obligations and loans (including on his own residence in Beverly Hills and on a multi-million dollar Santa

Barbara vacation home), and is an individual defendant in a multitude of other litigation, related and unrelated to the Project, all of which materially affect his abilities to focus. He was incapable of completing the Project before and he is less capable now. What is perfectly clear is early on Rubin had to know that the funding provided by the Lender was insufficient to complete the Project with over $20 million still necessary to complete same, with no plan to raise the necessary funding above the Lender's construction financing to complete the Project.

13. Rubin should have no involvement in any future construction or involvement in the Project.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Los Angeles, California on February 17, 2021.



Gary Stiffelman

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
355 South Grand Avenue, Suite 2900, Los Angeles, CA  90071

A true and correct copy of the foregoing document entitled (*specify*): **DECLARATION OF GARY STIFFELMAN IN SUPPORT OF MOTION FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) February 17, 2021  , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Eryk R Escobar    eryk.r.escobar@usdoj.gov
- Mark S Horoupian    mhoroupian@sulmeyerlaw.com, mhoroupian@ecf.inforuptcy.com; ccaldwell@sulmeyerlaw.com
- Michael S Kogan    mkogan@koganlawfirm.com
- Kenneth G Lau    kenneth.g.lau@usdoj.gov
- James R Selth    jim@wsrlaw.net, jselth@yahoo.com; eduardo@wsrlaw.net; gabby@wsrlaw.net; vinnet@ecf.inforuptcy.com
- Alan G Tippie    atippie@sulmeyerlaw.com, atippie@ecf.courtdrive.com; pdillamar@sulmeyerlaw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Daniel J Weintraub    dan@wsrlaw.net, vinnet@ecf.inforuptcy.com; gabby@wsrlaw.net; eduardo@wsrlaw.net

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) February 17, 2021 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**BY PERSONAL DELIVERY:**
**Hon. Sheri Bluebond**
**USBC-Central District of California**
**255 E. Temple Street**
**Suite 1534 / Courtroom 1539**
**Los Angeles, CA 90012**

☒ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 17, 2021 | Gilda S. Anderson | *Gilda S. Anderson* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**