Marsha A. Houston (SBN 129956)
Christopher O. Rivas (SBN 238765)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: 213.457.8000
Facsimile: 213.457.8080

Attorneys for Plaintiff
U.S. Real Estate Credit Holdings III-A, LP

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GLENROY COACHELLA, LLC,<br><br>Debtor. | Case No. 2:21-bk-11188-BB<br><br>Chapter 11<br><br>**DECLARATION OF ALAN G. TIPPIE**<br><br>Date: March 10, 2021<br>Time: 10:00 a.m.<br>Place: Courtroom 1539<br>255 E. Temple Street<br>Los Angeles, CA 90012<br><br>Honorable Sheri Bluebond |

I, Alan G. Tippie, declare:

1. I am a partner of **Sulmeyer**Kupetz, a Professional Corporation, counsel of record for Edwin W. Leslie, as the duly appointed Receiver (the "Receiver") in a civil action pending in the Superior Court of California, County of Riverside, Case No. RIC1905743 (the "Receivership Action"). The order appointing the Receiver, entered November 25, 2019, instructed the Receiver to take possession, custody and control of, and to administer real property owned, in part, by

- 1 -
DECLARATION OF ALAN G. TIPPIE

Glenroy Coachella, LLC (the "Debtor"). I am over the age of 18 and make this declaration based on my personal knowledge of the matters set forth herein or upon the records of **Sulmeyer**Kupetz, as counsel of record to the Receiver and, if called upon to testify, I could and would testify competently thereto.

2.  As counsel for the Receiver, and in furtherance of his duties to administer the assets of the Receivership, I caused to be served on Colliers Project Leaders USA NE, LLC ("Colliers") a four-question subpoena (the "Subpoena") designed to gather information Colliers possessed or maintained regarding the construction project ("Project") over which the Receiver was appointed and relating to an adjacent dispensary in which, the Receiver was lead to believe, funds intended for the Project had been invested by the Debtor. A true and correct copy of the Subpoena is attached hereto as **Exhibit A**.

3.  On or about January 18, 2021, Patrick McGarrigle, as counsel for the Debtor in the Receivership Action, emailed me to "object" to the Subpoena and requested that the compliance date be postponed "in the interests of conserving all parties' resources and energies." I responded to the objection that same day and inquired why the Subpoena served on and directed to Colliers had any impact on the Debtor's resources. After an exchange of emails in which we explored issues relating to the Subpoena, Mr. McGarrigle further detailed the bases for his objection which included his statement that: "[t]he ownership and Colliers share a common interest privilege in connection with the defense and response to the litigation and unjustified receivership . . .. The communications to/from the defense and Colliers are in furtherance of the common interest and the privilege and protections apply to preclude production of Colliers' records." A true and correct copy of the chain of emails referenced herein is attached hereto as **Exhibit B**.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Los Angeles, California on February 17, 2021.

_/s/ Alan G. Tippie_
Alan G. Tippie

- 2 -
DECLARATION OF ALAN G. TIPPIE

# Exhibit A

**SUBP-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Alan G. Tippie (CA Bar No. 89587)<br>Steven F. Werth (CA Bar No. 205434)<br>SulmeyerKupetz, A Professional Corporation<br>333 S. Grand Ave., Ste. 3400, Los Angeles, CA 90071<br>TELEPHONE NO.: 213.626.2311    FAX NO.: 213.629.4520<br>E-MAIL ADDRESS: swerth@sulmeyerlaw.com<br>ATTORNEY FOR *(Name)*: Edwin W. Leslie, Receiver | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Riverside, CA 92501
BRANCH NAME: Riverside Historic Courthouse

PLAINTIFF/PETITIONER: U.S. Real Estate Credit Holdings III-A, LP
DEFENDANT/RESPONDENT: Glenroy Coachella, LLC, et al.

| **DEPOSITION SUBPOENA**<br>**FOR PRODUCTION OF BUSINESS RECORDS** | CASE NUMBER:<br>RIC1905743 |
|---|---|

**THE PEOPLE OF THE STATE OF CALIFORNIA, TO** *(name, address, and telephone number of deponent, if known)*:
Colliers Project Leaders USA NE, LLC, 865 S. Figueroa Street, Suite 3500, Los Angeles, CA 90017

1. **YOU ARE ORDERED TO PRODUCE THE BUSINESS RECORDS described in item 3, as follows:**

   To *(name of deposition officer)*: Ace Imaging Technologies
   On *(date)*: January 29, 2021    At *(time)*: 10:00 a.m.
   Location *(address)*: 811 Wilshire Blvd., Suite 900, Los Angeles, CA 90017
   **Do not release the requested records to the deposition officer prior to the date and time stated above.**

   a. ☒ by delivering a true, legible, and durable **copy** of the business records described in item 3, enclosed in a sealed inner wrapper with the title and number of the action, name of witness, and date of subpoena clearly written on it. The inner wrapper shall then be enclosed in an outer envelope or wrapper, sealed, and mailed to the deposition officer at the address in item 1.

   b. ☐ by delivering a true, legible, and durable **copy** of the business records described in item 3 to the deposition officer at the witness's address, on receipt of payment in cash or by check of the reasonable costs of preparing the copy, as determined under Evidence Code section 1563(b).

   c. ☐ by making the **original** business records described in item 3 available for inspection at your business address by the attorney's representative and permitting **copying** at your business address under reasonable conditions during normal business hours.

2. *The records are to be produced by the date and time shown in item 1 (but not sooner than 20 days after the issuance of the deposition subpoena, or 15 days after service, whichever date is later). Reasonable costs of locating records, making them available or copying them, and postage, if any, are recoverable as set forth in Evidence Code section 1563(b). The records shall be accompanied by an affidavit of the custodian or other qualified witness pursuant to Evidence Code section 1561.*

3. The records to be produced are described as follows *(if electronically stored information is demanded, the form or forms in which each type of information is to be produced may be specified)*:
   See Attached
   ☒ Continued on Attachment 3.

4. **IF YOU HAVE BEEN SERVED WITH THIS SUBPOENA AS A CUSTODIAN OF CONSUMER OR EMPLOYEE RECORDS UNDER CODE OF CIVIL PROCEDURE SECTION 1985.3 OR 1985.6 AND A MOTION TO QUASH OR AN OBJECTION HAS BEEN SERVED ON YOU, A COURT ORDER OR AGREEMENT OF THE PARTIES, WITNESSES,** *AND* **CONSUMER OR EMPLOYEE AFFECTED MUST BE OBTAINED BEFORE YOU ARE REQUIRED TO PRODUCE CONSUMER OR EMPLOYEE RECORDS.**

**DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF FIVE HUNDRED DOLLARS AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.**

Date issued: December 22, 2020

Alan G. Tippie
(TYPE OR PRINT NAME)    ▶ */s/ Alan G. Tippie*
(SIGNATURE OF PERSON ISSUING SUBPOENA)
Counsel for Edwin W. Leslie, Receiver
(TITLE)

(Proof of service on reverse)    **Page 1 of 2**
Form Adopted for Mandatory Use
Judicial Council of California
SUBP-010 [Rev. January 1, 2012]    **DEPOSITION SUBPOENA FOR PRODUCTION OF BUSINESS RECORDS**    Code of Civil Procedure, §§ 2020.410–2020.440;
Government Code, § 68097.1
www.courts.ca.gov

Exhibit Page 4

**SUBP-010**

| PLAINTIFF/PETITIONER: U.S. Real Estate Credit Holdings III-A, LP | CASE NUMBER: RIC 1905743 |
|---|---|
| DEFENDANT/RESPONDENT: Glenroy Coachella, LLC, et al. | |

**PROOF OF SERVICE OF DEPOSITION SUBPOENA FOR
PRODUCTION OF BUSINESS RECORDS**

1. I served this *Deposition Subpoena for Production of Business Records* by personally delivering a copy to the person served as follows:

   a. Person served *(name)*:

   b. Address where served:

   c. Date of delivery:

   d. Time of delivery:

   e. (1) ☐ Witness fees were paid.
      Amount: ............................. $ _____
      (2) ☐ Copying fees were paid.
      Amount: ............................. $ _____

   f. Fee for service: ............................. $ _____

2. I received this subpoena for service on *(date)*:

3. Person serving:
   a. ☐ Not a registered California process server.
   b. ☐ California sheriff or marshal.
   c. ☐ Registered California process server.
   d. ☐ Employee or independent contractor of a registered California process server.
   e. ☐ Exempt from registration under Business and Professions Code section 22350(b).
   f. ☐ Registered professional photocopier.
   g. ☐ Exempt from registration under Business and Professions Code section 22451.
   h. Name, address, telephone number, and, if applicable, county of registration and number:

**I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

**(For California sheriff or marshal use only)
I certify** that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

SUBP-010 [Rev. January 1, 2012]         **DEPOSITION SUBPOENA FOR PRODUCTION OF BUSINESS RECORDS**         Page 2 of 2

Exhibit Page 5

**ATTACHMENT 3 TO BUSINESS RECORDS SUBPOENA DIRECTED TO COLLIERS PROJECT LEADERS USA NE, LLC**

**DEFINITIONS:**

    A.    The term **"COMMUNICATIONS"** means any **DOCUMENTS**, telephone conversations, discussions, facsimiles, e-mails, meetings, memorandum and any other medium through which any information is conveyed or requested.

    B.    The term **"DOCUMENTS"** means anything recorded in writing or by other means, including electronic, photographic, audio and videotape and includes without limitation, letters, words, pictures, sounds, symbols, electronic communications including e-mails, or combinations thereof, any comment or notation appearing on any writing and not part of the original text, and draft or preliminary form of writing whatsoever in your actual or constructive possession, custody or control of any of your agents, employees, representatives, associates, partners, affiliates or subsidiaries.

    C.    The term "**LIGHTHOUSE DISPENSARY**" means the project located at 48100 Van Buren Street, Coachella, CA 92236, APN: 603-220-063.

    D.    The term "**OWNER**" means Glenroy Coachella, LLC, Force Rubin, LLC, Force Rubin 2, LLC, Coachella Resort, LLC, or any person or entity that had or has an interest in the **PROJECT** or the **PROPERTY**.

    E.    The term "**PROJECT**" means the project under construction and located at the **PROPERTY**.

    F.    The term "**PROPERTY**" means the real property located at the southeast corner of Avenue 48 and Van Buren Street in Coachella, California.

    G.    The term "all" includes "any" and vice-versa.

    H.    The singular form of a word includes the plural, and vice-versa.

**REQUESTED PRODUCTION (DOCUMENTS TO BE PRODUCED):**

    1.    All **DOCUMENTS** including records, contracts, bids, work papers, photos, reports, back up documents, invoices, checks, statements, payments, accounting files, and supporting documents, relating to the **PROJECT**.

    2.    All **DOCUMENTS** including records, contracts, bids, work papers, photos, reports, back up documents, invoices, checks, statements, payments, accounting files, and supporting documents, relating to the **LIGHTHOUSE DISPENSARY**.

    3.    All **COMMUNICATIONS** relating to the **PROJECT**.

    4.    All **COMMUNICATIONS** relating to the **LIGHTHOUSE DISPENSARY.**

AGT 2708468v1

# Exhibit B

**Tippie, Alan G.**

| | |
|---|---|
| **From:** | Patrick McGarrigle <PatrickM@mkzlaw.com> |
| **Sent:** | Friday, January 22, 2021 10:21 AM |
| **To:** | Tippie, Alan G. |
| **Cc:** | Werth, Steven F.; Laurence Berman; Marvin Weiss Esq.; Michael Kenney; Vanessa Bravo; Horoupian, Mark S. |
| **Subject:** | FW: Colliers International subpoena (Our File No. 9075-028) |

Alan – thanks for your note.

To respond further as part of the meet and confer:

- The inclusion of documents regarding the "Lighthouse Dispensary" (a) is irrelevant (that property and business is not the subject of the receivership order; and (b) the definition of what is the Lighthouse Dispensary implicates the rights of consumers – ownership – thereof. In short, by your definitions, Section 1985.3 is implicated along with the individuals' right to notice, etc. (which was not given as required by the statute).
- Similarly, the definitions regarding the borrower entities include writings concerning ***the individual owners thereof*** which, consequently, implicates Section 1985.3 and the individuals' rights to notice, etc. (which was not given as required by the statute).
- The ownership and Colliers share a common interest privilege in connection with the defense and response to the litigation and unjustified receivership (which receivership has only focused on the degradation of the project and its value). The communications to/from the defense and Colliers are in furtherance of the common interest and the privilege and protections apply to preclude production of Colliers' records. *Seahaus La Jolla Owners Assn. v. Superior Court*, 224 Cal.App.4th 754, 763 (2014). The parties that I and other counsel represent have an interest in their privileged and proprietary information – all shared with the expectation of confidentiality – not being divulged at all, much less to adversarial parties and counsel.
  - Your reference to the ex parte application and Colliers as a prospective project manager is a red herring. The Receiver rejected the proposal to cooperate to promote the Project and its recommencement, instead advancing the interests of Calmwater (whose interests the Receiver has promoted throughout). The Receiver undertook no steps to preserve the branding agreement with IHG or the development agreement with the City and, as is apparent from the absence of any demonstrated work-product, engaged in no steps to facilitate the construction recommencement. Any newly-minted "interest" attributed to the Receiver in preserving the project is untethered to fact and his performance. If you have evidence otherwise, please provide it.
- The comment that Colliers could make a claim on the receivership estate is (a) untethered to fact and hypothetical at best and (b) belied by the fact that the Receiver did not engage Colliers. Again, the Receiver rejected Glenroy's proposal to recommence and the project records – as you should know – provide for Colliers' payment *from third party sourcing*, negating this other asserted premise for the overbroad and unnecessary Subpoena. Notably, you do not indicate that the Receiver or Calmwater would be paying

1

- Colliers for their value add and work-product in any event (even assuming Colliers wanted to be so engaged), further gutting the reasoning you offer.
  - The balance of the comments about the "job" of the Receiver, etc. are not well received. The Receiver has exhibited zero interest in seeing the Project recommenced or completed (and has refused to provide evidence thereof as requested, at a minimum, more than a month ago). Any claimed – and clearly unarticulated – interest in obtaining Colliers' records is not connected to a good faith reason therefor. (And, actually, good cause for the subpoena is a necessary discussion in the context of any subpoena particularly where the absence of relevance and good faith is undeniable, as is the case here). The questions that your client or you need to answer are simple: Why does the Receiver need these records at all (for what <u>substantive</u> purpose and use)? Why does the Receiver need any of these records when the Receiver's principal – Calmwater (whom the Receiver has clearly answered to throughout) – has a February 9th notice of sale? Why does the Receiver need these records when there is a January 28th mediation that, if successful, further renders the Receiver's involvement of no value-add or relevance to the recommencement of the construction on the Project? Please provide those answers.

I look forward to your response. However, it would be prudent for the resources of all parties and interested parties to be preserved with the mediation less than a week away and no exigent circumstances justifying the Subpoena at this time. While we would prefer not to have to file a motion to quash and for a protective order, it appears the positions that the Receiver is staking out necessitate same.

I had requested a call with you yesterday but you did not contact me. I've provided the above response to further illuminate the myriad and dispositive defects with the Subpoena and, at a minimum, the prudence to extend the production date and related dates to object, etc. as we had requested (or even, at a minimum, to Feb 16, 2021) so that law and motion proceedings can at least be postponed if not rendered unnecessary.

Please advise.


**Patrick C. McGarrigle, Esq.**
McGarrigle, Kenney & Zampiello, APC
9600 Topanga Canyon Boulevard, Suite 200
Chatsworth, California 91311
818-998-3300 T
818-998-3344 F
thefirm@mkzlaw.com

**From:** Tippie, Alan G. <atippie@sulmeyerlaw.com>
**Sent:** Thursday, January 21, 2021 9:28 PM
**To:** Patrick McGarrigle <PatrickM@mkzlaw.com>
**Cc:** Werth, Steven F. <swerth@sulmeyerlaw.com>; Michael Kenney <MichaelK@mkzlaw.com>; Vanessa Bravo <VanessaB@mkzlaw.com>; Laurence Berman <lberman@bermanlitigationgroup.com>; Marvin Weiss Esq.

2

&lt;mhwesq@me.com&gt;; Horoupian, Mark S. &lt;mhoroupian@sulmeyerlaw.com&gt;
**Subject:** RE: Colliers International subpoena (Our File No. 9075-028)

Patrick, thank you for getting back to me, though after reading your response I feel that I have no more information about the bases or justification for your request to delay production than before I received it. I will nonetheless address below the comments in your most recent email:

1. You state that "the resources to be conserved include that of our clients, Mr. Berman and Mr. Weiss' clients and that of third party Colliers," and that "the affected clients and counsel find no good cause to support the subpoena."
   a. First, there is no requirement that your clients or counsel find good cause for the issuance of the Receiver's subpoena. If your clients and those of Messrs. Berman and Weiss had their way, there would never be any documents produced by anyone in this case. The documents requested by the Receiver are proper subjects of discovery and are moreover relevant to the performance of the Receiver's duties as a fiduciary of the receivership estate, though relevance is not a prerequisite. You tendered Colliers International as the construction manager as part of your ex parte motion to impose a priming lien on the Project. The motion further reflected unpaid amounts owing to Colliers, potentially representing a claim against the Receivership. All documents requested relate to the Project, the assets over which the Receiver has possession and control. If you believe otherwise, you need to be much more specific than your general statement that your group "find[s] no good cause."
   b. Second, am I to understand that each of the four borrowers, Mr. Rubin, Mr. Lander, and Quonset Partners, LLC claim to be parties affected by the subpoena, each of whom intends to incur costs to disrupt the production by Colliers? If the answer is yes, please share with me the affect of the subpoena on each of these parties and the reason why any of them would expend resources and for what purpose should the Receiver not agree to postpone the production. While I understand how Colliers might be affected by the production request, I have no reason to believe you speak on its behalf, and since Colliers has not reached out to me to object to or even discuss the subpoena, I must presume that it has no issues with it.
2. Next, you state that "The Receiver has no interest in the Property's and Project's success and no right to the protected/privileged work product and communications of Colliers . . .." Though it is not clear whether you are impugning the motives of the Receiver, you again attempt to place pre-conditions on discovery. As you know, the Order of the Court that appointed the Receiver instructed him to administer the assets of the estate and authorized him to investigate matters relating to the Project. That same order granted the Receiver the power to issue subpoenas to third parties – this issue as I am sure you know was raised in the Rubin/Lander motion to quash and was rejected by the Court. And the bald statement that the Receiver has "no right to the protected/privileged work product and communications of Colliers" cannot be accepted or even intelligently discussed without more. What protections or privileges do you claim prohibit the receiver from receiving and reviewing the work product and communications of Colliers? I am aware of none.
3. In overbroad and general terms, you assert that there are "substantive and procedural defects with the Subpoena", yet the only one that I can possibly extract from your email is your reference to privacy rights and your reliance on California Code of Civil Procedure, section 1985.3. As I am sure you are well aware, that statute deals with consumer personal records which are not at issue here. Again, if you actually believe there are defects in the subpoena, please provide specific, applicable objections and details so that I may address them.
4. Finally, you raise the proximity of the production due date to a scheduled mediation and a noticed foreclosure sale. One, at the time of the issuance of the subpoena I was not aware of either event and only learned of both of them in the last couple of days, with the mediation being brought to my attention by your email of this Monday. Two, the Receiver has a job to do and does not coordinate his activities with the actions of litigants, and to do would likely be a mistake. This case has been a lesson that promises that events will take place or tasks will be accomplished within a particular timetable don't always come to fruition and that reliance on such promises can be misplaced.

If you wish to pursue this discussion further, please provide the requested information and answers to questions posed. We cannot have a meaningful meet and confer with generalized, non-specific objections. Thank you.

___

**Alan G. Tippie**
Partner | **Sulmeyer**Kupetz

**Direct:** 213.617.5213 | **Fax**: 213.629.4520
E-Mail: atippie@sulmeyerlaw.com

Website | Linkedin

333 South Grand Avenue, Suite 3400
Los Angeles, CA 90071



**From:** Patrick McGarrigle <PatrickM@mkzlaw.com>
**Sent:** Thursday, January 21, 2021 7:16 AM
**To:** Tippie, Alan G. <atippie@sulmeyerlaw.com>
**Cc:** Werth, Steven F. <swerth@sulmeyerlaw.com>; Michael Kenney <MichaelK@mkzlaw.com>; Vanessa Bravo <VanessaB@mkzlaw.com>; Laurence Berman <lberman@bermanlitigationgroup.com>; Marvin Weiss Esq. <mhwesq@me.com>; Horoupian, Mark S. <mhoroupian@sulmeyerlaw.com>
**Subject:** Colliers International subpoena (Our File No. 9075-028)
**Importance:** High

Alan –

Thanks for the reply. This note furthers our meet and confer efforts regarding the instant Subpoena and prior to filing a motion to quash and/or for protective order.

Initially, the resources to be conserved include that of our clients, Mr. Berman and Mr. Weiss' clients and that of third party Colliers. A continuance of the compliance and related dates will at best avoid or at worst briefly defer the legal time and cost to address the substantive and procedural defects with the Subpoena and the ensuing motion to quash and protective order.

The affected clients and counsel find no good cause to support the subpoena. The Receiver has no interest in the Property's and Project's success and no right to the protected/privileged work product and communications of Colliers engaged by at significant expense. We did not want to spend time having your office attempt to explain and then debate the absence of good cause or the absence of any relevancy linked to this receiver soliciting the work product and private papers of a consultant the receiver did not to engage. However, if your client is choosing not to cooperate and continue the subpoena compliance and related dates as requested, please state the specific good cause for the Subpoena which disclosure, if persuasive, could narrow the issues.

Moreover, there is no "interference" with a subpoena issued for an improper purpose and beyond the scope of any relevancy or in violation of parties and others privacy (including CCP Section 1985.3 non-compliance) and proprietary rights. Moreover, the subpoena's defects are dispositive and the privacy rights of the interested parties outweigh the fishing expedition of the receiver and burden on the opposing parties to litigate these issues and, should any records be ordered to be produced, the burden on Colliers to spend a moment of its team's time on such a task. Further, Calmwater certainly has no interest in paying the receiver and receiver's legal fees litigating over an unnecessary

subpoena untethered to any good cause or relevancy or reimbursing Colliers for its work-product and cost to produce any non-protected/non-privileged documents.

The Court will look fairly askance at the receiver and its counsel running up legal fees and costs 10 days before a mediation and 20 days before the newly issued notice of sale and with no good cause or relevancy to sustain the subpoena, among other defects that compel the Subpoena to be quashed or a substantial protective order issued.  Hopefully prudence prevails and the requested continuance is agreed to for all interested person's benefit.  Please advise and I'm free to discuss today as well.

**Patrick C. McGarrigle, Esq.**
McGarrigle, Kenney & Zampiello, APC
9600 Topanga Canyon Boulevard, Suite 200
Chatsworth, California 91311
818-998-3300 T
818-998-3344 F
thefirm@mkzlaw.com

**From:** Tippie, Alan G. <atippie@sulmeyerlaw.com>
**Sent:** Monday, January 18, 2021 10:55 PM
**To:** Patrick McGarrigle <PatrickM@mkzlaw.com>
**Cc:** Laurence Berman <lberman@bermanlitigationgroup.com>; Marvin Weiss Esq. <mhwesq@me.com>; Michael Kenney <MichaelK@mkzlaw.com>; Vanessa Bravo <VanessaB@mkzlaw.com>; Horoupian, Mark S. <mhoroupian@sulmeyerlaw.com>; Werth, Steven F. <swerth@sulmeyerlaw.com>
**Subject:** RE: Colliers International subpoena (Our File No. 9075-028)

Patrick, what is the reason to continue the response deadlines to nearly a month after the mediation?  And what resources are you trying to conserve?  The subpoena is not directed to your clients or those of any other party.  Please help me understand why any of the defendants (or Quonset Partners, LLC) would interfere with the subpoena.  After I have a better understanding of the connection between your request to conserve resources and the subpoena, and the need for a 30 day delay, I will discuss with my client.

___

**Alan G. Tippie**
Partner | SulmeyerKupetz

**Direct:** 213.617.5213 | **Fax**: 213.629.4520
**E-Mail:** atippie@sulmeyerlaw.com

**Website** | **Linkedin**

333 South Grand Avenue, Suite 3400
Los Angeles, CA 90071



**From:** Patrick McGarrigle <PatrickM@mkzlaw.com>
**Sent:** Monday, January 18, 2021 2:17 PM
**To:** Werth, Steven F. <swerth@sulmeyerlaw.com>; Tippie, Alan G. <atippie@sulmeyerlaw.com>
**Cc:** Laurence Berman <lberman@bermanlitigationgroup.com>; Marvin Weiss Esq. <mhwesq@me.com>; Michael Kenney

<MichaelK@mkzlaw.com>; Vanessa Bravo <VanessaB@mkzlaw.com>
Subject: Colliers International subpoena (Our File No. 9075-028)

Good afternoon:

Our Firm is counsel to the Borrower entity defendants, as well as to Quonset Partners, LLC. Mr. Berman is counsel to Mr. Rubin and Mr. Weiss is counsel to Mr. Lander.

As you should know, USRECH and the Borrower entity defendants and guarantors have a mediation scheduled for January 28, 2021. In the interests of conserving all parties' resources and energies, we request that the compliance date concerning the subpoena to Colliers be continued from January 29, 2021 to February 26, 2021 (and all related objection and motion to quash/protective order dates be tied to the February 26, 2021 date).

Should the mediation not produce a resolution or sufficient progress to warrant a revisiting of the dates regarding this subpoena, we would then address our clients' concerns and objections (as well as those of the clients of Mr. Berman and Mr. Weiss) in the week of February 1, 2021.

Please advise so that Colliers may promptly be alerted as to your anticipated cooperation and continuance of the applicable dates.

I look forward to hearing back from you.

Best regards,


**Patrick C. McGarrigle, Esq.**
McGarrigle, Kenney & Zampiello, APC
9600 Topanga Canyon Boulevard, Suite 200
Chatsworth, California 91311
818-998-3300 T
818-998-3344 F
thefirm@mkzlaw.com

*****************************************************************
This e-mail message is for the sole use of the intended recipient(s) and may contain confidential
or legally privileged information. Any unauthorized review, use, disclosure or distribution
is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail,
delete this message from your computer and destroy all copies of the original message.
*****************************************************************

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
355 South Grand Avenue, Suite 2900, Los Angeles, CA  90071

A true and correct copy of the foregoing document entitled (*specify*): **DECLARATION OF ALAN G. TIPPIE**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) February 17, 2021   , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Eryk R Escobar     eryk.r.escobar@usdoj.gov
- Mark S Horoupian     mhoroupian@sulmeyerlaw.com, mhoroupian@ecf.inforuptcy.com; ccaldwell@sulmeyerlaw.com
- Michael S Kogan     mkogan@koganlawfirm.com
- Kenneth G Lau     kenneth.g.lau@usdoj.gov
- James R Selth     jim@wsrlaw.net, jselth@yahoo.com; eduardo@wsrlaw.net; gabby@wsrlaw.net; vinnet@ecf.inforuptcy.com
- Alan G Tippie     atippie@sulmeyerlaw.com, atippie@ecf.courtdrive.com; pdillamar@sulmeyerlaw.com
- United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
- Daniel J Weintraub     dan@wsrlaw.net, vinnet@ecf.inforuptcy.com; gabby@wsrlaw.net; eduardo@wsrlaw.net

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) February 17, 2021 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**BY PERSONAL DELIVERY:**
**Hon. Sheri Bluebond**
**USBC-Central District of California**
**255 E. Temple Street**
**Suite 1534 / Courtroom 1539**
**Los Angeles, CA 90012**

☒ Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  **F 9013-3.1.PROOF.SERVICE**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 17, 2021 | Gilda S. Anderson | *Gilda S. Anderson* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**