Daniel J. Weintraub – Bar #132111
James R. Selth – Bar #123420
Crystle J. Lindsey – Bar #281944
**WEINTRAUB & SELTH, APC**
11766 Wilshire Boulevard, Suite 1170
Los Angeles, CA 90025
Telephone: (310) 207-1494
Facsimile: (310) 442-0660
Email: dan@wsrlaw.net

[Proposed] General Bankruptcy Counsel to
Chapter 11 Debtor and Debtor in Possession,
GLENROY COACHELLA, LLC

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>GLENROY COACHELLA, LLC<br><br>Debtor and Debtor in Possession. | Case No. 2:21-bk-11188-BB<br><br>Chapter 11<br><br>**DEBTOR'S EVIDENTIARY OBJECTIONS TO DECLARATION OF SIMOND LAVIAN SUBMITTED BY U.S. REAL ESTATE CREDIT HOLDINGS III-1, LP IN SUPPORT OF MOTION FOR THE APPOINTMENT OF CHAPTER 11 TRUSTEE**<br><br>Date: March 10, 2021<br>Time: 10:00 a.m.<br>Courtroom: 1539<br><br>*(All Appearances by ZoomGov)* |

-1-

4369.02    EVIDENTIARY OBJECTIONS TO DECLARATION OF SIMOND LAVIAN

Glenroy Coachella, LLC, the Chapter 11 debtor (the "Debtor") in the above-captioned bankruptcy case (the "Bankruptcy Case"), hereby submits the following objections to the Declaration of Simond Lavian ("Lavian Dec.") filed by U.S. Real Estate Credit Holdings III-A, LP, aka Calmwater ("Calmwater") in support of its *Motion for the Appointment of a Chapter 11 Trustee* (the "Motion", Dkt. No. 16). The Lavian Dec. was filed as Docket No. 19.

## SPECIFIC OBJECTIONS

The Debtor hereby objects to the following specific portions of the Declaration of Simond Lavian, based on the Federal Rules of Evidence ("FRE").

| Objectionable Material | Grounds for Objection | Ruling |
|---|---|---|
| Page 3. (Decl. at ¶7: 12-16.) Critically, on or around April 18, 2018, the Debtor provided Lender a construction budget, attached as Exhibit C to the Loan Agreement, reflecting itemized costs to complete the Project in the approximate amount of $30,733,120 (pre-close "Total Hard Costs"), and Lender believed, based on written and oral representations of the Debtors and Wall, that all prior costs of construction were fully paid for either by prior payment or through the closing funds of the Loan. | Best Evidence Rule (FRE 1002). Lacks Foundation (FRE 601 & 602). | ☐ Sustained ☐ Overruled |
| Page 5. (Decl. at ¶16: 11-13.) Lender's efforts to pursue financial discovery relating to the Project and Debtors' management of the Project have been met with complete stonewalling from the defendants. | Best Evidence Rule (FRE 1002). Lacks Foundation (FRE 601 & 602). | ☐ Sustained ☐ Overruled |

| # | Statement | Objection | Ruling |
|---|---|---|---|
| 1-6 | Page 5. (Decl. at ¶17: 16-17.) The evidence filed in support of the motion was sparse: there were no loan documents, the terms of the loan were incomplete, and the appraisal filed with the motion was from May 2019. | Best Evidence Rule (FRE 1002). Improper Opinion (FRE 701 & 702) | ☐ Sustained ☐ Overruled |
| 7-11 | Page 5. (Decl. at ¶17: 20-22.) Although the Receiver requested this information prior to Debtors filing their motion, the Debtors offered no such information and have continued to refuse to do so. | Inadmissible Hearsay (FRE 802). | ☐ Sustained ☐ Overruled |
| 12-16 | Page 5. (Decl. at ¶18: 23-24.) Lender opposed the motion, as did Wall and every mechanics' lien claimant (many indicated their opposition only via email, given the exigency of the motion). | Best Evidence Rule (FRE 1002). Inadmissible Hearsay (FRE 802). | ☐ Sustained ☐ Overruled |
| 17-24 | Page 5. (Decl. at ¶18: 24-27.) The court-appointed. Receiver informed the Court of Rubin and Lander's efforts to keep the Receiver in the dark, their refusal to provide any of their own funds to maintain or protect the property, and their efforts to undermine the Receiver's efforts and to challenge the Receiver at every term. | Inadmissible Hearsay (FRE 802). | ☐ Sustained ☐ Overruled |
| 25-28 | Page 6. (Decl. at ¶20: 12-13.) Lender believes that Debtors conspired with their loan broker and Wall to present incomplete and materially false budgets to Lender to lure it into providing the Loan. | Improper Opinion (FRE 701 & 702) Lacks Foundation (FRE 601 & 602). | ☐ Sustained ☐ Overruled |

| Page 6. (Decl. at ¶21: 17-18.) Lender has been advised by its control fund that Debtors maintained dual sets of books in order to provide a misleading set to the Lender. | Inadmissible Hearsay (FRE 802). Lacks Foundation (FRE 601 & 602). Best Evidence Rule (FRE 1002). | ☐ Sustained ☐ Overruled |
|---|---|---|
| Page 6. (Decl. at ¶21: 18-22.) Meanwhile, unbeknownst to Lender at the time, Lender has since been informed that Rubin personally negotiated directly with suppliers to keep Lender from learning about outstanding and unpaid invoices from subcontractors and suppliers and misdirected construction assets to the neighboring dispensary property owned, in part, by Rubin and not part of Lender's collateral. | Inadmissible Hearsay (FRE 802). Lacks Foundation (FRE 601 & 602). Best Evidence Rule (FRE 1002). | ☐ Sustained ☐ Overruled |
| Page 6. (Decl. at ¶22: 23-24.) Lender understands that Rubin's son, Joseph Rubin, was completely inexperienced and incompetent to manage the Project but was put in charge of the construction. | Lacks Foundation (FRE 601 & 602). Improper Opinion (FRE 701 & 702) | ☐ Sustained ☐ Overruled |
| Page 6. (Decl. at ¶22: 24-26.) Joseph was also running the neighboring marijuana dispensary, which was owned by Rubin's children, and in which Glenroy Coachella, LLC, "invested" more than $1.1 million. | Lacks Foundation (FRE 601 & 602). Best Evidence Rule (FRE 1002). | |

| | | |
|---|---|---|
| Page 7. (Decl. at ¶23: 1-3.)<br><br>Over the course of the project, Lender saw that Rubin mismanaged the project, including budgeting deficiencies, cost issues, and repeated unrealistic star dates, resulting in substantial waste and the need for a receivership to be implemented. | Improper Opinion (FRE 701 & 702).<br><br>Lacks Foundation (FRE 601 & 602). | ☐ Sustained<br><br>☐ Overruled |
| Page 7. (Decl. at ¶24: 4-6<br><br>Through the course of the state court litigation, Lender has been informed by Stiffelman, Wall, and each other of the mechanics lien defendants it has spoken to, that they universally agree that Rubin should have no involvement in any future construction project. | Inadmissible Hearsay (FRE 802). | ☐ Sustained<br><br>☐ Overruled |
| Page 7. (Decl. at ¶24: 6-8.)<br><br>Even EFO which Rubin approached as priming lender on the project, refused to leave Rubin in charge of constructions and required its own choice of construction manager to take over. | Lacks Foundation (FRE 601 & 602). | ☐ Sustained<br><br>☐ Overruled |

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that the Court sustain all of its objections for the reasons provided above.

Dated:  March 3, 2021                                              **WEINTRAUB & SELTH, APC**

By:      */s/James R. Selth*
     Daniel J. Weintraub
     James R. Selth
     Crystle J. Lindsey
     [Proposed] General Bankruptcy Counsel for
     Chapter 11 Debtor and Debtor in Possession,
     GLENROY COACHELLA, LLC

-5-

4369.02         EVIDENTIARY OBJECTIONS TO DECLARATION OF SIMOND LAVIAN

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

11766 Wilshire Blvd., Suite 1170, Los Angeles, CA 90025

A true and correct copy of the foregoing document entitled **DEBTOR'S EVIDENTIARY OBJECTIONS TO DECLARATION OF SIMOND LAVIAN SUBMITTED BY U.S. REAL ESTATE CREDIT HOLDINGS III-1, LP IN SUPPORT OF MOTION FOR THE APPOINTMENT OF CHAPTER 11 TRUSTEE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On March 3, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **N/A**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on March 3, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 3, 2021 | Gabby Piceno | /s/ *Gabby Piceno* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                  F 9013-3.1.PROOF.SERVICE

# Mailing Information for Case 2:21-bk-11188-BB

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Steven M Berman**     sberman@slk-law.com, awit@shumaker.com;bgasaway@shumaker.com
- **Daren Brinkman**     office@brinkmanlaw.com, 7764052420@filings.docketbird.com
- **Caroline Djang**     caroline.djang@bbklaw.com, laurie.verstegen@bbklaw.com;wilma.escalante@bbklaw.com
- **Jenny L Doling**     JD@jdl.law, dolingjr92080@notify.bestcase.com
- **Eryk R Escobar**     eryk.r.escobar@usdoj.gov
- **Douglas Harris**     Douglas.harris@alston.com
- **Mark S Horoupian**     mhoroupian@sulmeyerlaw.com, mhoroupian@ecf.inforuptcy.com;ccaldwell@sulmeyerlaw.com
- **Marsha A Houston**     mhouston@reedsmith.com
- **Michael S Kogan**     mkogan@koganlawfirm.com
- **Timothy R Laquer**     trl@ddclaw.com, trl@ddclaw.com
- **Leib M Lerner**     leib.lerner@alston.com, autodockettest-lax@alston.com
- **Crystle Jane Lindsey**     crystle@wsrlaw.net, crystle@cjllaw.com;gabby@wsrlaw.net;dairi@wsrlaw.net
- **Sean A OKeefe**     sokeefe@okeefelc.com, seanaokeefe@msn.com
- **Matthew D Pham**     mpham@hahnlawyers.com, marias@hahnlawyers.com;mpham@ecf.courtdrive.com
- **Dean G Rallis**     drallis@hahnlawyers.com, marias@hahnlawyers.com;mpham@hahnlawyers.com;drallis@ecf.courtdrive.com;drallis@ecf.inforuptcy.com
- **Debra Riley**     driley@allenmatkins.com
- **Christopher O Rivas**     crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com
- **James R Selth**     jim@wsrlaw.net, jselth@yahoo.com;dairi@wsrlaw.net;gabby@wsrlaw.net;vinnet@ecf.inforuptcy.com
- **Leonard M Shulman**     lshulman@shulmanbastian.com
- **Alan G Tippie**     atippie@sulmeyerlaw.com, atippie@ecf.courtdrive.com;pdillamar@sulmeyerlaw.com
- **United States Trustee (LA)**     ustpregion16.la.ecf@usdoj.gov
- **Daniel J Weintraub**     dan@wsrlaw.net, vinnet@ecf.inforuptcy.com;gabby@wsrlaw.net;dairi@wsrlaw.net