1  Marsha A. Houston (SBN 129956)
   Christopher O. Rivas (SBN 238765)
2  REED SMITH LLP
   355 South Grand Avenue, Suite 2900
3  Los Angeles, CA  90071-1514
   Tel: 213.457.8000 / Fax: 213.457.8080
4

5  Attorneys for U.S. Real Estate Credit Holdings
   III-A, LP
6

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  LOS ANGELES DIVISION

11

12  In re                              Case No.     2:21-bk-11188-BB

13  GLENROY COACHELLA, LLC,            Chapter 11

14            Debtor.                  **LIMITED OBJECTION TO CHAPTER
                                       11 TRUSTEE'S MOTION FOR ORDER**
15                                     **APPROVING AGREEMENT RE:**
                                       **ESTATE'S RECEIPT OF DEEDS FROM**
16                                     **TENANTS-IN-COMMON**

17
                                         Date:   July 21, 2021
18                                       Time:   10:00 a.m.
                                         Place:  Courtroom 1539
19                                               255 E. Temple Street
                                                 Los Angeles, CA  90012
20

21                                     Honorable Sheri Bluebond

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1
2
3
4

U.S. Real Estate Credit Holdings III-A, LP (the "<u>Lender</u>") hereby submits its limited objection to the limited objection to the *Motion for Order Approving Agreement re: Estate's Receipt of Deeds from Tenants-in-Common* (the "<u>Motion</u>") filed by Richard A. Marshack, as Chapter 11 Trustee (the "<u>Trustee</u>").

5
6
7
8

As set forth in the Motion, the real property in this bankruptcy estate is subject to tenancy-in-common interests held by three non-debtor entities (as defined in the Motion, the "<u>TICs</u>"). Thus, a disposition of the Real Property[1] through the Section 363 process cannot practically or quickly take place without the TIC interests having been deeded to the Estate.

9
10
11
12
13
14
15
16
17

Since the appointment of the Trustee, the Lender has consistently pressed the Trustee to abandon the Real Property. The Trustee, however, has argued for months that he should be provided an opportunity to run a Bankruptcy Code Section 363 process. Since the first week of April, 2021, the Trustee has assured the Lender that he has an agreement with the TICs for them to consensually deed their fractional interests to the Trustee without any consideration or pre-conditions to the transfer except for one: the TICs required the Trustee to unwind the deed transfers upon the Trustee's abandonment of the Real Property. With this understanding, the Lender has cooperated with the Trustee's efforts. What followed was **three months** of delays, promised deliveries by the TICs, "lost" delivery trucks, and other delays.

18
19
20
21
22

It was only in the first week of July, a full three months after the Lender was promised that there were no conditions or consideration for the transfer, that the Lender was informed that the TICs extracted other conditions from the Trustee. The Lender raised its concerns about these last-minute demands by the TICs, and the Trustee promptly filed the Motion to obtain this Court's approval on the transfers and the TICs brand new "conditions".

23
24
25
26

Primarily, the Lender is concerned that an order approving the Motion may be interpreted by the TICs as a modification of the Stipulated Order re Appointment of Receiver and Preliminary Injunction (the "<u>Receivership Order</u>"), entered by the Superior Court of California, County of Riverside, on December 24, 2019. *See* **<u>Exhibit A</u>**.[2] Although Lender has consented to

27
28

---

[1] Capitalized terms not otherwise defined herein are given the same meaning as in the Motion.

[2] Lender requests that the Court take judicial notice of the order attached as Exhibit A. Judicial notice may be taken

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1  the TICs' transfer of the deeds, its consent has always been with the understanding that should the

2  Trustee abandon the Real Property, that matters would be returned to *status quo* – i.e., that the

3  Real Property would be returned to the receivership estate.  Likewise, if (hypothetically) any

4  value were to be realized and attributable to the TICs, such value would obviously have derived

5  from the disposition of receivership assets and would also therefore remain subject to the

6  Receivership Order.  (*See* Ex. A, § 1.)

7      It has long been the law, in what is generally referred to as the "Rooker-Feldman"

8  doctrine, that a federal court lacks the subject matter to review or alter state court decisions.  *See*

9  *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity*

10 *Trust Co.*, 263 U.S. 413 (1923).  While the Receivership Order may, under certain circumstances,

11 be modified with the consent of the Receiver and the Lender, the Lender has never consented to

12 permanent transfer of the TICs' interests such that they (or their resulting proceeds) are no longer

13 subject to the Receivership Order.  If the TICs deeds are unwound by the Trustee, then they

14 should be returned from where they came: to the receivership estate.  Likewise, to the extent any

15 value can be traced to the TICs, then such value remains subject to the Receivership Order.  Any

16 other result would be tantamount to a bankruptcy court modification of the Receivership Order.

17     The Lender understands that the Trustee, the Reciever and the TICs are attempting to

18 resolve any ambiguities about these issues, and the Lender is optimistic that a form of order that

19 clarifies these issues can be negotiated by the time of the hearing.

20

21 DATED:  July 20, 2021                    REED SMITH LLP

22                                         By____/s/ Christopher O. Rivas_____

23                                            Marsha A. Houston
                                            Christopher O. Rivas
24                                          Attorneys for Secured Creditor
                                            U.S. Real Estate Credit Holdings III-A, LP
25

26

27
   of documents filed in other courts.  *Papai v. Harbor Tug & Barge Co.*, 67 F.3d 203, 207 n.5 (9th Cir. 1995)
28 (materials from a proceeding in another tribunal are appropriate for judicial notice), *rev'd on other grounds*, 520 U.S.
   548 (1997) (taking judicial notice of a decision and order of an Administrative Law Judge).

# EXHIBIT A

COPY

1 | **BERMAN LITIGATION GROUP**
Laurence M. Berman (SBN 93515)
2 | 815 Moraga Drive
Los Angeles, CA 90049
3 | Telephone: (424) 465-9079
Fax No.: (310) 454-0868
4 |
Attorney for Defendant Stuart Rubin
5 |

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

DEC 2 4 2019

K. Rahlwes

6
7
8
9  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
10  **COUNTY OF RIVERSIDE – RIVERSIDE HISTORIC COURTHOUSE**
11

| | |
|---|---|
| U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP, an Irish limited partnership, | Case No.: RIC1905743 |
| Plaintiff, | STIPULATION AND [PROPOSED] ORDER RE APPOINTMENT OF RECEIVER AND PRELIMINARY INJUNCTION |
| v. | Hearing Date: December 26, 2019 |
| GLENROY COACHELLA, LLC, a Delaware limited liability company; et al., | Dept.: 10 Judge: Hon. L. Jackson Lucky IV Time: 8:30 a.m. |
| Defendants. | |

STIPULATION AND ENTRY OF ORDER

1    Plaintiff U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP ("Plaintiff" or "Lender") and

2    Defendants GLENROY COACHELLA, LLC, FORCE RUBIN, LLC, FORCE RUBIN 2, LLC, and

3    COACHELLA RESORT, LLC, Tenants in Common (collectively, joint and severally, "Borrower")

4    and Defendants STUART RUBIN ("Rubin") and ELLIOT LANDER ("Lander")  (collectively with

5    Borrower, "Defendants") (Plaintiff and Defendants shall be collectively referred to as the "Parties")

6    hereby stipulate and agree as follows:

7                          **BACKGROUND**

8        A.      On November 19, 2019, Plaintiff filed a lawsuit against Defendants, entitled U.S.

9    Real Estate Credit Holdings III-A, L.P. v. Glenroy Coachella, LLC, et al., (Riverside Superior Court

10   Case No. RIC1905743) (the "Action").

11        B.      On November 25, 2019, Plaintiff obtained an *ex parte* order in the Action: (i)

12   appointing Edwin W. Leslie ("Leslie") as Receiver to take possession of the property located at the

13   Southeast Corner of Avenue 48 and Van Buren Street, as described more in full in **Exhibit 1** to this

14   Stipulation and [Proposed] Order (the "Property"), (ii) an order enjoining and restraining Borrower

15   from certain conduct and (iii) setting an Order to Show Cause ("OSC") on December 10, 2019 why

16   the Receiver's appointment should not be confirmed and a Preliminary Injunction should not be

17   issued.

18        C.      On November 27, 2019, Rubin and Lander  applied *ex parte* for an order staying

19   and/or reconsidering this Court's November 25, 2019 Order. On November 27, 2019, this Court

20   granted Rubin's and Lander's request and reconsidered the November 25th Order, and after

21   reconsideration, granted the Amended Order Granting Plaintiff's Ex Parte Application to Appoint

22   Receiver, a copy of which is attached as **Exhibit 2** to this Stipulation and [Proposed] Order.

23        D.      On December 10, 2019, the OSC hearing was continued to December 11, 2019.

24        E.      At the court hearing on December 11, 2019, the Parties agreed to authorize the

25   Receiver to pay the property taxes and any related penalties owed on the Property.

26        F.      The Parties  have also agreed to resolve the issues that would be decided at the OSC

27   by agreeing to the following.

28                       **STIPULATION**

1    The Parties stipulate as follows:

2    **APPOINTMENT OF RECEIVER**

3    1.    The Amended Court order issued on November 27, 2019 will remain as the Order of

4    this Court, unless modified by the Court in the future, or by agreement between Plaintiff and

5    Defendants.

6    2.    Edwin W. Leslie (the "Receiver") is appointed as Receiver to take possession,

7    custody and control of the property described in Exhibit 1 hereto, together with the improvements,

8    personal property (including books and records) revenues, profits and proceeds thereof (if any)

9    (collectively the "Receivership Property"). Mr. Leslie will be the Receiver over the Property,

10   unless removed by the Court for reasons that do not exist as of the date of the entry of this Order, or

11   by agreement of Plaintiff and Defendants.

12   3.    Immediately after Defendants provide counsel for Plaintiff with this Stipulation

13   signed by Defendants, Plaintiff will immediately loan sufficient funds to the Receiver so the

14   Receiver can immediately pay the property taxes and penalties currently owed on the Property.

15   Attached as Exhibit 3 to this Stipulation and Proposed Order are the bills for property taxes due on

16   the Property for Accessor Parcel Numbers 603220061, 603220063, 603220065, 603220067,

17   603220068, and 603220069. These property tax bills do not include any penalties owed because the

18   property tax was not paid on December 10, 2019, which penalties will also be paid by the Receiver.

19   4.    The Parties also stipulate that the Receiver is authorized to pay any unknown taxes

20   that might be now due, or any future increases in government assessments or taxes without leave of

21   Court.

22   5.    Upon the entry of this Order, the Order to Show Cause hearing for the Appointment

23   of Receiver scheduled for December 26, 2019 will be taken off calendar.

24   6.    Plaintiff will take no steps to foreclose on the Property for 90 days from December

25   26, 2019. Court observed holidays will be excluded from the calculation of this 90-day period.

26   7.    Defendants acknowledge that the Action filed by Plaintiff will not be stayed or

27   abated by this Stipulation and [Proposed] Order, unless Plaintiff agrees to do so, or by Order of the

28   Court.

8.    No further lawsuits will be filed by Plaintiff against Defendants until the expiration of this 90-day period.

9.    Upon 48 hours written notice, the Receiver will make the Property available to Defendants, potential lenders, architects, contractors, hotel and other management personnel, designers and others who are involved with, or are interested in becoming involved with, providing financing, goods, services or making improvements on the Property so they can inspect the Property, or determine whether to provide any financing, goods, services or improvements. Any inspections will comply with reasonable procedures established by the Receiver to safeguard the Property and to comply with his obligations under the Amended Order. The 48-hour notice to the Receiver shall not include weekends and holidays and will include the names of those parties who will inspect or visit the Property.

10.   Upon reasonable notice, the Receiver will allow Defendants and any potential lenders to inspect and copy documents in the Receiver's possession, custody and control. Any copying will be at Defendants' expense.

11.   The Receiver shall have until January 27, 2020 to file an inventory of all of the property of which he takes possession, pursuant to the Amended Order.

### INJUNCTION REGARDING DISPOSITION OF RUBIN PROPERTY

12.   Rubin has agreed that he and his employees, agents and those acting with them are enjoined and restrained from transferring any ownership interest in or further encumbering the property described more fully in **Exhibit 4**.

13.   The Court reserves jurisdiction to modify or dissolve this injunction as may be required in the interest of justice, or by agreement of the Parties.

IT IS SO STIPULATED.

1  | Dated: December ___, 2019 | **U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP,**
2  | | **an Irish limited partnership, acting by its**
   | | **General Partner, U.S. Real Estate Credit**
   | | **Holdings III-A GP Limited**
3  |
4  | | By:  **Calmwater Asset Management, LLC,**
   | | **a Delaware limited liability company,**
   | | **its Investment Manager**
5  |

6  |
7  | | By:
   | | Name: Larry W. Grantham Jr.
8  | | Title:  Authorized Signatory

9  | Dated: December 20, 2019 | **FORCE RUBIN, LLC,**
10 | | a Delaware limited liability company
11 | | By:
   | | Name: Stuart Rubin
12 | | Title: Manager

13 |

14 |
   | December 20, 2019 | **FORCE RUBIN 2, LLC,**
15 | | a Delaware limited liability company
16 | | By:
17 | | Name: Stuart Rubin
   | | Title:  Manager
18 |

19 |
   | December 20, 2019 | **GLENROY COACHELLA, LLC,**
20 | | a Delaware limited liability company
   | | By:  GLENROY COACHELLA HOLDINGS, LLC,
21 | | a Delaware limited liability company, its Sole
   | | Member
22 |
23 | | By:
   | | Name: Stuart Rubin
24 | | Title:  Manager
   | December ___, 2019 |
25 |
   | | **COACHELLA RESORT, LLC,**
26 | | a California limited liability company
27 | | By:
   | | Name:  Elliot B. Lander
28 | | Title: Member

4

1  Dated: December __, 2019

**U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP,**
**an Irish limited partnership, acting by its**
2  **General Partner, U.S. Real Estate Credit**
**Holdings III-A GP Limited**

3

**By: Calmwater Asset Management, LLC,**
4  **a Delaware limited liability company,**
**its Investment Manager**

5

6  By: _____
7  Name: Larry W. Grantham Jr.
Title:  Authorized Signatory
8

9  Dated:  December __, 2019

**FORCE RUBIN, LLC,**
a Delaware limited liability company
10

11  By: _____
Name: Stuart Rubin
12  Title:  Manager

13

14
December __, 2019  **FORCE RUBIN 2, LLC,**
15  a Delaware limited liability company

16

17  By: _____
Name: Stuart Rubin
Title:  Manager
18

19
December __, 2019  **GLENROY COACHELLA, LLC,**
20  a Delaware limited liability company
By:  GLENROY COACHELLA HOLDINGS, LLC,
21  a Delaware limited liability company, its Sole
Member
22

23  By: _____
Name: Stuart Rubin
24  Title:  Manager
December 20 2019
25

**COACHELLA RESORT, LLC,**
26  a California limited liability company

27  By: _____
Name:  Elliot B. Lander
28  Title: Member

4

By: _____
Stuart Rubin, an individual

By: _____
Dr. Elliot B. Lander, an individual

## ORDER

Based on the Parties' stipulation, the Court issues the following orders:

1.      **IT IS ORDERED THAT** the Amended Court order issued on November 27, 2019 by this Court in this Action will remain as the Order of this Court, unless modified by the Court in the future, or by agreement between Plaintiff and Defendants.

2.      **IT IS ORDERED THAT** Edwin W. Leslie (the "Receiver") is appointed as Receiver to take possession, custody and control of the Property described in **Exhibit 1** hereto, together with the improvements, personal property (including books and records) revenues, profits and proceeds thereof (if any) (collectively the "Receivership Property"). Mr. Leslie will be the Receiver over the Property, unless removed by the Court for reasons that do not exist as of the date of the entry of this Order, or by agreement of Plaintiff and Defendants.

3.      **IT IS ORDERED THAT** immediately after the Defendants provide counsel for Plaintiff with this Stipulation signed by Defendants, Plaintiff will immediately loan sufficient funds to the Receiver so the Receiver can immediately pay the property taxes and penalties currently owed on the Property. Attached as Exhibit 3 to this Stipulation and Proposed Order are the bills for property taxes due on the Property for Accessor Parcel Numbers 603220061, 603220063, 603220065, 603220067, 603220068, and 603220069. These property tax bills do not include any penalties owed because the property tax was not paid on December 10, 2019, which penalties will also be paid by the Receiver.

4.      **IT IS ORDERED THAT** the Receiver is authorized to pay any unknown taxes that might be now due, or any future increases in government assessments or taxes without leave of

1  Court.

2      5.    **IT IS ORDERED THAT** upon the entry of this Order, the Order to Show Cause

3  hearing for the Appointment of Receiver scheduled for December 26, 2019 will be advanced and

4  taken off calendar.

5      6.    **IT IS ORDERED THAT** Plaintiff will take no steps to foreclose on the Property for

6  90 days from December 26, 2019. Court observed holidays will be excluded from the calculation of

7  this 90-day period.

8      7.    **IT IS ORDERED THAT** nothing contained in this Order will stay or abate the

9  Action filed by Plaintiff, unless Plaintiff agrees to do so, or by Order of the Court.

10     8.    **IT IS ORDERED THAT** no further lawsuits will be filed by Plaintiff against

11  Defendants until the expiration of this 90-day period.

12     9.    **IT IS ORDERED** THAT the Receiver will make the Property available to

13  Defendants, potential lenders, architects, contractors, hotel and other management personnel,

14  designers and others who are involved with, or are interested in becoming involved with, providing

15  financing, goods, services or making improvements on the Property so they can inspect the

16  Property, or determine whether to provide any financing, goods, services or improvements. Any

17  inspections will comply with reasonable procedures established by the Receiver to safeguard the

18  Property and to comply with his obligations under the Amended Order. The 48-hour notice to the

19  Receiver shall not include weekends and holidays and will include the names of those parties who

20  will inspect or visit the Property.

21     10.   **IT IS ORDERED** THAT upon reasonable notice, the Receiver will allow

22  Defendants and any potential lenders to inspect and copy documents in the Receiver's possession,

23  custody and control. Any copying will be at Defendants' expense.

24     11.   **IT IS ORDERED THAT** the Receiver shall have until January 27, 2020 to file an

25  inventory of all of the property of which he takes possession, pursuant to the Amended Order.

26

27              **INJUNCTION REGARDING DISPOSITION OF RUBIN PROPERTY**

28     12.   **IT IS ORDERED** that Rubin and his employees, agents and those acting with them

1  are enjoined and restrained from transferring any ownership interest in or further encumbering the

2  property described more fully in **Exhibit 4**.

3       13.    **IT IS ORDERED** that the Court reserves jurisdiction to modify or dissolve this

4  injunction as may be required in the interest of justice, or by agreement of the Parties.

5

6  IT IS SO ORDERED.

7

8

9  DATE: _____ DEC 2 4 2019 _____        Jackson Lucky

10                                        Hon. L. Jackson Lucky IV
                                          Judge of the Superior Court

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

## EXHIBIT 1

## DESCRIPTION OF THE PROPERTY

Parcels 1, 2, 4, 5 and 6 of Parcel Map No. 37310 in the City of Coachella, County of Riverside, State of California, according to map on file in Book 243, Pages 82 through 84 of Parcel Maps, Records of Riverside County, California.

# EXHIBIT 2

☐ORIGINAL

1 **RAINES FELDMAN LLP**
John S. Cha (State Bar No. 129115)
2    jcha@raineslaw.com
Nathan M. Carle (State Bar No. 304846)
3    ncarle@raineslaw.com
18401 Von Karman Avenue, Suite 360
4 Irvine, California 92612-0067
Telephone: (310) 440-4100
5 Facsimile: (424) 239-1613

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

NOV 2 7 2019

J. Alvarez

6 Attorneys for Plaintiff
U.S. REAL ESTATE CREDIT HOLDINGS
7 III-A, LP, an Irish limited partnership

8    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9    **COUNTY OF RIVERSIDE – RIVERSIDE HISTORIC COURTHOUSE**

10

11 U.S. REAL ESTATE CREDIT HOLDINGS
III-A, LP, an Irish limited partnership,
12

Plaintiff,
13

v.
14

GLENROY COACHELLA, LLC, a Delaware
15 limited liability company; et al.

16    Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

Case No.: RIC 1905743

Assigned to: Hon. Sunshine S. Sykes

AMENDED
[PROPOSED] ORDER GRANTING
PLAINTIFF'S EX PARTE
APPLICATION TO APPOINT
RECEIVER

Date: November 25, 2019
Time: 8:30am
Dept: 6
Confirmation Number: RES97431

AMENDED
[PROPOSED] ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION TO APPOINT
RECEIVER

1    The Court heard the *ex parte* application of Plaintiff U.S. Real Estate Credit Holdings

2    III-A, LP ("Plaintiff") to appoint a Receiver on November 25, 2019, at 8:30 a.m. in

3    Department 6 of California Superior Court for the County of Riverside. Plaintiff appeared by

4    counsel of record, Nathan M. Carle, of Raines Feldman LLP. Counsel for Glenroy Coachella,

5    ~~LLC, Force Rubin, LLC, Force Rubin 2, LLC, and Coachella Resort, LLC ("Borrower"), the~~

6    owners of the Property subject to the Deed of Trust at issue [appeared/did not appear].

7    Borrower and the other named defendants in this action shall collectively be referred to as the

8    "Defendants").

9        After considering the pleadings and papers filed by the Parties, and good cause

10    appearing therefore pursuant to the factors set forth in Code of Civil Procedure §564(b)(2), (9)

11    and (11).

12    **THE COURT ORDERS THE FOLLOWING:**

13        1.    Receiver's Appointment. Edwin W. Leslie (the "Receiver") is appointed as

14    Receiver to take possession, custody and control of the Property described in Attachment 1

15    hereto, together with all improvements, personal property (including books and records),

16    revenues, profits and proceeds thereof (if any) (collectively the "Receivership Property" or

17    "Receivership Estate").

18        2.    Receiver's Oath and Bond. Before performing his duties, the Receiver shall

19    execute a Receiver's oath and file the bond required by Code of Civil Procedure section

20    567(b) in the amount of $10,000.

21        3.    Receiver's Fees. The Receiver may charge for the Receiver's services at the

22    rate of $350 per hour. In addition, the Receiver is authorized to utilize his staff whose hourly

23    rates are between $90 and $325 (depending upon skill level required) to assist the Receiver

24    where it is cost effective to do so, the cost of which shall be deemed an expense of the

25    Receivership Estate. The Receiver's fees shall be expenses of and paid for by the

26    Receivership Estate.

27        4.    Receiver's Duties and Powers. After qualifying, the Receiver:

28

AMENDED                                    -1-

1        a.     Shall take possession of and manage the Receivership Property;

2        b.     Shall care for the Receivership Property and may incur expenses

3 necessary for that care, including but not limited to representing the Receivership Estate in

4 legal actions and retaining legal counsel to represent the Receivership Estate if necessary to,

5 ~~among other things, avoid entry of default or a default judgment that would diminish the value~~

6 of the Receivership Property;

7        c.     May purchase materials, supplies and services reasonably necessary to

8 preserve and maintain the Receivership Property and complete construction of improvements

9 on the Property;

10        d.     Is authorized to utilize all licenses and permits issued to Borrower

11 required for the operation of the Receivership Property;

12        e.     Is authorized to perform under any contractual agreements entered into

13 by the Borrower related to the Receivership Property, including any franchise agreements; and

14        f.     Is authorized to open and inspect any and all mail or deliveries

15 addressed to or intended for Borrower to determine if the same relates to the existence,

16 location, identity, collection, preservation, maintenance, or operation of the Receivership

17 Property.

18      5.     **Inventory.** Within 30 days after qualifying, the Receiver shall file an

19 inventory of all property to which he takes possession pursuant to this order.

20      6.     **Expenditures.** The Receiver shall expend money coming into his possession

21 to preserve the Receivership Estate and, if appropriate, complete construction of

22 improvements thereon for the purposes authorized in this order. Unless the court orders

23 otherwise, the Receiver shall to the extent practical hold the balance of any funds in the

24 Receivership Estate in interest bearing accounts in accordance with Code of Civil Procedure

25 section 569.

26      7.     **Borrowing/Receiver Certificates.** Without further order of this Court, the

27 Receiver may from time to time borrow funds from Plaintiff in the performance of his duties

28

1  hereunder, and on request of the Receiver, Plaintiff may provide said funds as are necessary

2  for the Receiver to complete his duties and timely pay expenses of the Receivership Estate;

3  provided however, Plaintiff shall provide funds not to exceed $50,000 to cover initial

4  expenses of the Receiver during the first forty-five (45) days of the receivership (the "Initial

5  Funding"). The Receiver shall issue Receivership Certificates of Indebtedness

6  ("Certificates") to evidence all borrowings advanced by Plaintiff. The principal and interest

7  evidenced by the Certificates shall have priority over all existing and future liens on the

8  Receivership Property and shall be on terms similar to those under the loan documents that

9  evidence Plaintiff's secured claim against the Receivership Property. If after the Initial

10  Funding, Plaintiff does not agree to provide additional funds and the Receiver desires to

11  borrow additional funds from sources other than Plaintiff, the Receiver shall petition this

12  Court (with notice to all parties) for authority to issue Supplemental Certificates of

13  Indebtedness ("Supplemental Certificates"), and the Court may authorize the specific amounts

14  and terms of any Supplemental Certificates, the specific uses of any funds borrowed

15  thereunder, and the lien priority, if any, of any Supplemental Certificates.

16      8.      Use of Funds. All monies coming into the Receiver's possession shall only be

17  expended for the purposes herein authorized, and the balance of funds shall be held by the

18  Receiver pending further order of this Court. For avoidance of doubt, the Receiver may make

19  only those disbursements reasonably necessary in his discretion to preserve and protect the

20  Receivership Property, including, without limitation, paying his fees and expenses, attorney

21  and other professional fees, and the cost of pursuing claims or actions against third-parties or

22  defending any claims or actions against the Receivership Property, Borrower or Receiver.

23      9.      Monthly Accounting of Receiver's Income, Expenses, and Fees. The

24  Receiver shall each month prepare and serve on the parties, but not file, an accounting of the

25  receipts and disbursements, and income and expenses incurred in the administration of the

26  Receivership Estate, including the Receiver's fees and expenses. The Receiver may pay the

27  Receiver's own fees and expenses, as well as fees and expenses of his attorneys and other

28

1   professional, only by one of the following procedures:

2              a.      By serving on all parties a notice of intent to pay to which no objection

3   is served on the Receiver within ten (10) days of the date the notice is mailed;

4              b.      By serving and filing a request for interim payment, which the court

5   then approves;

6              c.      By obtaining and filing an agreement among all the parties approving

7   the payment, which the court then approves; or.

8              d.      By filing the Receiver's final accounting and report, which the court

9   then approves.

10     10.    **Management**. The Receiver shall operate the Receivership Property and take

11  possession of all accounts relating to the Receivership Property. The Receiver may employ

12  agents, employees, clerks, accountants, and property managers to administer the Receivership

13  Property, and purchase materials, supplies, and services reasonably necessary to administer

14  the Receivership Property. The Receiver may do all the things, and incur the risks and

15  obligations, ordinarily done or incurred by owners, managers, and operators of businesses and

16  property similar to that possessed by the Receiver including completion of unfinished

17  construction of the hotel and other improvements currently under construction on the

18  Property.

19     11.    **Opening of Bank Accounts**. The Receiver is empowered to control existing

20  bank accounts of the Borrower; establish bank accounts for the deposit of monies and funds

21  collected and received in connection with the Receivership Property (including any advances

22  made on the Receiver's fees) at any financial institutions insured by an agency of the United

23  States government that are not parties to this proceeding; deposit in those accounts funds

24  received in connection with the Receivership Property; and deposit in interest-bearing

25  accounts money not expended for receivership purposes. Borrower shall not have access to

26  such account(s).

27     12.    **Court Instructions**. The Receiver and the parties may at any time apply to

28

AMENDED                              -4-

1  this Court for further instructions and orders and for additional powers necessary to enable the

2  Receiver to perform the Receiver's duties properly.

3      13.    **Insurance.** The Receiver shall determine upon taking possession of the

4  Receivership Property whether there is sufficient insurance coverage for the Receivership

5  Property. The Receiver shall notify the insurers of any Receivership Property that the

6  Receiver is to be named as an additional insured on each applicable insurance policy. If the

7  Receiver determines that the Receivership Property does not have sufficient insurance

8  coverage, the Receiver shall immediately notify the parties and shall procure sufficient all-risk

9  and liability insurance on the property (excluding earthquake and flood insurance). If the

10  Receiver does not have sufficient funds to do so and Plaintiff does not agree to provide such

11  funding, the Receiver shall seek instructions from the Court with regard to whether insurance

12  shall be obtained and from what source it is to be paid.

13      14.    **Employment of Attorneys.** The Receiver may employ as the Receiver's

14  counsel in this case Alan G. Tippie and Mark S. Horoupian of SulmeyerKupetz, a

15  Professional corporation, and any other attorneys and paralegals within the firm, without

16  further application to or order of the Court. The maximum hourly rate for partners will be

17  $650, and $500 for associates. All expenses incurred in connection with the hiring and

18  retention of such counsel shall be deemed expenses of and paid for by the Receivership

19  Estate.

20      15.    **Taxpayer ID Numbers.** Borrower shall provide the Receiver with all tax

21  identification numbers utilized in connection with the operation of the Receivership Property.

22  The Receiver shall also be entitled to utilize the tax identification numbers during his

23  operation of the Receivership Property.

24      16.    **Mail.** The Receiver is authorized to have all mail addressed to the

25  Receivership Property forwarded to an address to be designated by him.

26      17.    **Utilities.** The Receiver shall not be responsible for payment of any utility bills,

27  unpaid payroll expenses or other unpaid invoices for services or utilities incurred by, or for

28

AMENDED                             -5-
[PROPOSED] ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION TO APPOINT
RECEIVER

1   the benefit of, Borrower prior to the Receiver's taking possession of the Receivership

2   Property. No utility or other vendor may terminate service or the provision of other goods or

3   services to the Receivership Property as a result of the non-payment of pre-Receivership

4   obligations, without prior order of this Court. However, in the Receiver's sole discretion, he

5   may pay pre-Receivership obligations if he believes it is necessary to do so in order to

6   maintain and preserve the business and operations of the Receivership Estate.

7        18.   **Tax Matters**. The Receiver may but shall not be obligated in any manner to

8   prepare or file any delinquent or current state or federal income tax returns or any occupancy,

9   sales, mixed beverage tax reports for periods prior to his appointment. The Receiver is hereby

10   ordered to determine whether any taxes are due and payable by the Receivership Estate and to

11   pay such taxes he deems necessary and prudent and to determine which parties are primarily

12   and secondarily responsible for the payment of such taxes. The Receiver is further ordered to

13   take all actions he deems necessary and prudent to collect such taxes from the responsible

14   parties and to pay such taxes as he deems necessary in the ordinary course of business to

15   protect the respective rights of the parties in the Receivership Property. The Receiver shall

16   not be held personally responsible for any local, state, or federal income, property, payroll, or

17   other taxes related to the Receiver's administration of the Receivership Property.

18        19.   **Receiver's Final Report and Account and Discharge**. Discharge of the

19   Receiver shall require a court order after a properly noticed motion approving the Receiver's

20   final report and account and exoneration of the Receiver's bond. Within thirty (30) days after

21   termination of the receivership, the Receiver shall file, serve and obtain a hearing date on his

22   motion for discharge and approval of final report and account. The Receiver shall give notice

23   to all persons of whom the Receiver is aware who have potential claims against the

24   Receivership Property. The motion to approve the final report and account and for discharge

25   of the Receiver shall contain the following:

26        a.   Declaration or declarations stating what was done during the

27   receivership, certifying the accuracy of the final accounting, stating the basis for the

28

1  termination of the receivership, and stating the basis for an order for the distribution of any

2  surplus or payment of any deficit; and

3          b.   A summary of the receivership accounting, which shall include the total

4  revenues received (including sources) and the total expenditures, identified and enumerated

5  by major categories, the net amount of any surplus deficit, and evidence of necessary

6  supporting facts.

7        20.   Plaintiff's Notice to Receiver. Plaintiff shall promptly notify the Receiver in

8  writing of the names, addresses, and telephone numbers of all parties who appear in the action

9  and their counsel. The parties to this action shall give notice to the Receiver and his counsel

10  of all events that affect the receivership, including all court proceedings in this action.

11        21.   Bankruptcy – Borrower's Duty to Give Notice. If Borrower files a

12  bankruptcy petition under Title 11 of the United States Code (or has an involuntary

13  bankruptcy petition filed against it) during the receivership, such  Borrower shall give notice

14  of the commencement of the bankruptcy case to the Court, to all parties, and to the Receiver

15  and his counsel by the close of the next business day after the day on which such Borrower

16  initiates a bankruptcy case (or receives notice of commencement of an involuntary bankruptcy

17  case against it).

18        22.   Bankruptcy – Receiver's Duties. If the Receiver receives notice that a

19  bankruptcy has been filed and part of the bankruptcy estate includes property that is the

20  subject of this order, the Receiver shall have the following duties:

21        a.   The Receiver shall immediately contact the party who obtained the

22  appointment of the Receiver and determine whether that party intends to move in the

23  bankruptcy court for an order for (1) relief from the automatic stay, and/or (2) relief from the

24  Receiver's obligation to turn over the property (11 U.S.C. §543). If the party has no intention

25  to make such a motion, the Receiver shall immediately turn over the property to the

26  appropriate entity, either to the trustee in bankruptcy if one has been appointed or, if not, to

27  the debtor in possession – and otherwise comply with Title 11 of the United States Code,

28

AMENDED                                   -7-

1  section 543.

2        b.    If the party who obtained the receivership intends to seek relief

3  immediately from either the automatic stay or the Receiver's obligation to turn over the

4  property as described in subparagraph (a) above, the Receiver may remain in possession and

5  preserve the property pending the ruling on the motion(s) that seek such relief. The

6  Receiver's authority to preserve the property shall be limited as follows:

7        i.    The Receiver may continue to collect any proceeds and other

8  income relating to or arising from the Receivership Property;

9        ii.    The Receiver may make only those disbursements necessary to

10  preserve and protect the Receivership Property;

11        iii.    The Receiver shall not execute any leases or other long-term

12  contracts; and

13        iv.    The Receiver shall do nothing that would effect a material

14  adverse change in the circumstances of the Property.

15        c.    If the party who obtained the receivership fails to file a motion within

16  ten (10) court days after its receipt of notice of the bankruptcy filing, the Receiver shall

17  immediately turn over the property to the appropriate entity, either to the trustee in bankruptcy

18  if one has been appointed or, if not, to the debtor in possession and otherwise comply with 11

19  U.S.C. § 543.

20      23.    <u>Turn Over and Cooperation by Defendants and Related Parties.</u>

21      (A) Borrowers and their respective officers, directors, members, managers, agents,

22  partners, property managers, employees, assignees, successors, attorneys, representatives, and

23  all persons acting under, in concert with, or for Borrowers:

24        i.    Shall relinquish and turn over possession of the Receivership Property,

25  including but not limited to all of Borrower's assets (including any cash and accounts) to the

26  Receiver forthwith upon his appointment becoming effective;

27        ii.    Shall turn over to the Receiver and direct all other third parties in

28

1  possession thereof to turn over all keys, leases, books, records, rent rolls, books of account,

2  ledgers, operating statements, agreements, contracts, control and passwords to website(s)

3  and/or web domains, computer and other technology passwords, budgets, tenant lease

4  deposits, and all other Receivership Property records relating to the Receivership Property,

5  wherever located, and in whatever mode maintained, including information contained on

6  computers and any and all software relating thereto as well as all banking records, statements

7  and cancelled checks;

8      iii.      Shall turn over to the Receiver all documents which pertain to all

9  licenses, permits, or government approvals relating to the Receivership Property and shall

10  immediately advise the Receiver of any social security or taxpayer identification numbers

11  used in connection with the development and maintenance of the Receivership Property;

12      iv.      Shall turn over to the Receiver all contracts involving the Receivership

13  Property;

14      v.      Shall immediately advise the Receiver as to the nature and extent of

15  insurance coverage on the Receivership Property. The Borrower and their agents and

16  representatives shall immediately cause to be named the Receiver as an additional insured on

17  the insurance policy(ies) for the period that the Receiver shall be in possession of the

18  Receivership Property. Borrower and their agents and representatives are prohibited from

19  canceling, reducing or modifying any and all insurance coverage currently in existence with

20  respect to the Receivership Property;

21      vi.      Shall cooperate with and reasonably assist the Receiver with respect to

22  his protection and maintenance of the Receivership Property, including but not limited to

23  promptly responding to any inquiry by the Receiver for information; and

24      vii.      Shall cause financial institutions to turn over to the Receiver all funds,

25  accounts, and safety deposit boxes that constitute or contain Receivership Estate property and

26  delete all designated signors on any applicable accounts other than the Receiver.

27      (B) Defendants and their respective officers, directors, members, managers, agents,

28

1   partners, property managers and employees, and all other persons acting under, in concert

2   with, or for them who have actual or constructive knowledge of this Order, and their agents

3   and employees or representatives and all persons or entities acting under or in concert with

4   Defendants are restrained and enjoined from engaging or performing, directly or indirectly,

5   any of the following acts:

6        i.       Committing or permitting any waste of the Receivership Property or

7   any part thereof, or suffering or committing or permitting any act on the Receivership

8   Property or any part thereof in violation of law, or removing, transferring, encumbering or

9   otherwise disposing of any of the property of the Borrower or of the Receivership Property or

10  any part thereof;

11       ii.      Directly or indirectly interfering in any manner with the discharge of

12  the Receiver's duties under this Order or the Receiver's possession of and preservation or

13  protection of the Receivership Property;

14       iii.     Expending, disbursing, transferring, assigning, selling, conveying,

15  devising, pledging, mortgaging, creating a security interest in, encumbering, concealing or in

16  any manner whatsoever deal in or dispose of the whole or any part of the Receivership

17  Property without prior specific Court Order or written consent of the Lender and Receiver;

18       iv.      Withholding any Receivership Property assets, books, records, or funds

19  from the Receiver (after requested for turnover is made by Receiver);

20       v.       Destroying or concealing any records, documents, electronic data,

21  electronic equipment or software, or any other medium that contains information related to the

22  Receivership Property;

23       vi.      Interfering in any manner with the Receivership Property, including the

24  Receiver's control, possession, protection and preservation thereof, or doing any act that will

25  impair the preservation of the Property or the Plaintiff's interest in the Receivership Property;

26       vii.     Terminating or otherwise affecting any of the utilities that service the

27  Receivership Property; and

28

    [Initials]260                         -10-

1    viii.    Doing any act which will, or which will tend to impair, defeat, divert,

2    prevent or prejudice the preservation of the Receivership Property.

3    24.    The Receiver is hereby granted the power, among other things, to issue

4    subpoenas to compel compliance with the provisions of paragraph 23 herein, and if

5    ~~appropriate, to seek to hold in contempt of this order those parties violating their obligations~~

6    to cooperate with the Receiver.

7    25.    The Court Orders Plaintiff to immediately file a preliminary injunction bond

8    under Code of Civil Procedure section 529 in the amount of $10,000.

9

10

11   **IT IS SO ORDERED.**

12

13   Dated: November 27 , 2019

14   Hon. Sunshine S18ykesn JACKSON LUCKY
     Judge of the Superior Court

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 3

12/3/2019                                         Account Summary

OFFICE OF THE TREASURER-TAX COLLECTOR
RIVERSIDE COUNTY, CALIFORNIA

HOME      ACCOUNT SEARCH      CHECK OUT      COUNTY HOME      CONTACT US


← BACK      VIEW VALUATION INFO      ⊠ ENROLL PIN FOR E-BILLING   |   ≡ MANAGE E-BILLING SUBSCRIPTIONS

**NOTE**
Please click "PAY" to add unpaid tax bills to your Cart.
If your Assessment has both current and defaulted tax years due, you will need to add each of these to your check out cart individually.
All secured defaulted tax years must be paid together (adding one will add all prior year items to your Cart).


### Account Information

| PARCEL NUMBER | PROPERTY TYPE | STATUS | LAST UPDATE |
|---|---|---|---|
| 603220091 | Real | Active | 12/3/2019 10:53:57 AM |

Tax Rate Area
012-097 COACHELLA

**Current Owner:**
FORCE RUBIN

Class Code
CT-Vacant Commercial Land
Legal Description
.94 ACRES IN PAR 1 PM 243/082 PM 37310


### Tax

|                | VIEW BILL DETAIL |
|---|---|

BILL NUMBER: 2019947491S5 - ANNUAL

| TAX YEAR : 2019 | TAX | OTHER CHARGES | TOTAL PAID | TOTAL | DUE DATE | STATUS |
|---|---|---|---|---|---|---|
| Installment #1 | $7,866.14 | $0.00 | $0.00 | $7,866.14 | 12/10/2019 | . |
| Installment #2 | $7,866.14 | $0.00 | $0.00 | $7,866.14 | 4/10/2020 | PAY |
| Total Bill | $15,732.28 | $0.00 | $0.00 | $15,732.28 | | |


### Total Secured Tax

|  | TAX | OTHER CHARGES | TOTAL PAID | TOTAL |
|---|---|---|---|---|
| Grand Total | $15,732.28 | $0.00 | $0.00 | $15,732.28 |

⌂   payments      plans is currently

**Paid**

Click here to view previously paid tax bills.

12/3/2019

Riverside County Treasurer - Tax Collector > Account Search > Account Summary > Bill Detail


OFFICE OF THE TREASURER-TAX COLLECTOR
RIVERSIDE COUNTY, CALIFORNIA

HOME      ACCOUNT SEARCH      CHECK OUT      COUNTY HOME      CONTACT US

← BACK      ⊞ ACCOUNT SUMMARY

Tax Year :

| PARCEL NUMBER | GEO PARCEL # | LAST UPDATE |
|---|---|---|
| 603220081 | 603220081 | 12/3/2019 10:53:57 AM |

|  | Value |
|---|---|
| Net Taxable Value | $313,404.00 |

No Tax Exemptions Records Found

### Taxing Agencies

contact ... are  listed .

| Taxing Authority | Phone | Net Rate | Net Tax |
|---|---|---|---|
| 01-0000-GP GENERAL PURPOSE | See Phone List | 1.0000000000 % | $3,134.03 |
| Fund Type Total | | 1.0000000000 % | $3,134.03 |

**Debt**

| Taxing Authority | Phone | Net Rate | Net Tax |
|---|---|---|---|
| 04-4621-D CV WATER DISTRICT STATE WTR PROJ | See Phone List | 0.1000000000 % | $313.40 |
| 03-8001-D DESERT COMMUNITY COLLEGE | See Phone List | 0.0398300000 % | $124.83 |
| 03-1601-D COACHELLA VALLEY UNIFIED SCHOOL | See Phone List | 0.1487800000 % | $466.22 |
| Fund Type Total | | 0.2885900000 % | $904.45 |

**Special Assessment**

| Taxing Authority | Phone | Net Rate | Net Tax |
|---|---|---|---|
| 66-4558-FC COACHELLA VALLEY MOSQUITO & RIFA | See Phone List | NA | $1.85 |
| 68-6011-FC CALIFORNIA FIRST RIVERSIDE | See Phone List | NA | $10,437.14 |
| 66-0172-FC CFD 2016-1 GLENROY TAX B | See Phone List | NA | $1,254.88 |
| Fund Type Total | | | $11,693.89 |
| Total | | 1.28859 % | $15,732.26 |

Payable Year: 2019/2020 | Bill Number 2019004745109 | Secured

| Installment #1 | Date | Tax | Penalty | Interest | Fees | Total | Status |
|---|---|---|---|---|---|---|---|
| | See bill detail on Account Summary page. | | | | | | Due |

Payable Year: 2019/2020 | Bill Number 2019004745109 | Secured

| Installment #2 | Date | Tax | Penalty | Interest | Fees | Total | Status |
|---|---|---|---|---|---|---|---|
| | See bill detail on Account Summary page. | | | | | | Due |

 OFFICE OF THE TREASURER-TAX COLLECTOR
RIVERSIDE COUNTY, CALIFORNIA

HOME    ACCOUNT SEARCH    CHECK OUT    COUNTY HOME    CONTACT US

← BACK TO ACCOUNT    SEARCH

## Account Information

Last Update 12/3/2019 10:53:57 AM

| Parcel Number | Geo Parcel # | Property Type | Status |
|---|---|---|---|
| 603220061 | 603220061 | Real | Active |

| Tax Bill Id: 43554867 | Choose a Payment Option | Selected Payment Amount | | |
|---|---|---|---|---|
| PIN:603220061 Installment:1 | ○Pay in Full | | | |
| Tax Year: 2019 Due Date: 12/10/2019 Net Tax $7,866.14 | | | $7,866.14 | Add to cart |

Total: $7,866.14

| PIN:603220061 Installment:2 | ○Pay in Full | | | |
|---|---|---|---|---|
| Tax Year: 2019 Due Date: 4/10/2020 Net Tax $7,866.14 | | | $7,866.14 | Add to cart |

Total: $7,866.14

12/4/2019                                                                                     Account Summary

 OFFICE OF THE TREASURER-TAX COLLECTOR
RIVERSIDE COUNTY, CALIFORNIA

HOME      ACCOUNT SEARCH      CHECK OUT      COUNTY HOME      CONTACT US

| ← BACK    VIEW VALUATION INFO    ☑ ENROLL FOR FOR E-BILLING    ☰ MANAGE E-BILLING SUBSCRIPTIONS

**[ PLEASE NOTE ]**
Please click "PAY" to add unpaid tax bills to your Cart.
If your Assessment has both current and defaulted tax years due, you will need to add each of these to your check out cart individually.
All secured defaulted tax years must be paid together (adding one will add all prior year items to your Cart).

**Account Information**

| PARCEL NUMBER | PROPERTY TYPE | STATUS | LAST UPDATE |
|---|---|---|---|
| 608230008 | Real | Active | 12/4/2019 11:42:04 AM |

**Current Owner:**
QUONSET PARTNERS

Tax Rate Area
012-037 COACHELLA

Class Code
Retail - General

Legal Description
.39 ACRES IN PAR 3 PM 243/002 PM 37310

Parcel Information

**BILL NUMBER: 2019004922991 - ANNUAL**                                        **VIEW BILL DETAIL**

| TAX YEAR : 2019 | TAX | OTHER CHARGES | TOTAL PAID | TOTAL | DUE DATE | STATUS |
|---|---|---|---|---|---|---|
| Installment #1 | $26,633.76 | $0.00 | $0.00 | $26,633.76 | 12/10/2019 | PAY |
| Installment #2 | $26,633.76 | $0.00 | $0.00 | $26,633.76 | 4/10/2020 | PAY |
| Total Bill | $53,267.52 | $0.00 | $0.00 | $53,267.52 |  | PAY |

**Total Secured Tax**

|  | TAX | OTHER CHARGES | TOTAL PAID | TOTAL |
|---|---|---|---|---|
| Grand Total | $53,267.52 | $0.00 | $0.00 | $53,267.52 |

ⓘ    payment plans is .    at !    ¡ cur o' + ¡    any

Paid  ; ¡ ¡li.

Click here to view previously paid tax bills.



HOME     ACCOUNT SEARCH     CHECK OUT     COUNTY HOME     CONTACT US

← BACK TO ACCOUNT   SEARCH

Account Information

Last Update 12/4/2019 11:42:04 AM

| Parcel Number | Geo Parcel # | Property Type | Status |
|---|---|---|---|
| 603220063 | 603220063 | Real | Active |

| | | | | |
|---|---|---|---|---|
| Tax Bill id: 43537749 | Choose a Payment Option | Selected Payment Amount | | |
| PIN:603220063 | ⦿Pay In Full | | | |
| Installment:1 | | | | |
| Tax Year: 2019 | | | | |
| Due Date: 12/10/2019 | | | $26,633.76 | Add to cart |
| Net Tax $26,633.76 | | | | |
| Total: $26,633.76 | | | | |
| PIN:603220063 | ⦿Pay In Full | | | |
| Installment:2 | | | | |
| Tax Year: 2019 | | | | |
| Due Date: 4/10/2020 | | | $26,633.76 | Add to cart |
| Net Tax $26,633.76 | | | | |

Total: $26,633.76

12/4/2019

Riverside County Treasurer - Tax Collector > Account Search > Account Summary > Bill Detail

OFFICE OF THE TREASURER-TAX COLLECTOR
RIVERSIDE COUNTY, CALIFORNIA

HOME   ACCOUNT SEARCH   CHECK OUT   COUNTY HOME   CONTACT US

← BACK   ⊞ ACCOUNT SUMMARY

Tax Year 2019

| PARCEL NUMBER | GEO PARCEL # | LAST UPDATE |
|---|---|---|
| 603220063 | 603220063 | 12/4/2019 11:42:04 AM |

Assessment Data

| Description | | Value |
|---|---|---|
| Net Taxable Value | | $2,779,590.00 |

No Tax Exemptions Records Found

Questions: here

| Taxing Authority | Phone | Net Rate | Net Tax |
|---|---|---|---|
| 01-0000-GP GENERAL PURPOSE | See Phone List | 1.0000000000 % | $27,794.90 |
| Fund Type Total | | 1.0000000000 % | $27,794.90 |
| Debt | | | |

| Taxing Authority | Phone | Net Rate | Net Tax |
|---|---|---|---|
| 03-0001-D DESERT COMMUNITY COLLEGE | See Phone List | 0.0396300000 % | $1,107.07 |
| 03-1601-D COACHELLA VALLEY UNIFIED SCHOOL | See Phone List | 0.1487600000 % | $4,134.78 |
| 04-4321-D CV WATER DISTRICT STATE WTR PROJ | See Phone List | 0.1000000000 % | $2,775.60 |
| Fund Type Total | | 0.2882500000 % | $8,021.35 |
| Special Assessment | | | |

| Taxing Authority | Phone | Net Rate | Net Tax |
|---|---|---|---|
| 68-8558-FC COACHELLA VALLEY MOSQUITO & RIFA | See Phone List | N/A | $1.88 |
| 88-8182-FC CFD 2018-1 GLENROY | See Phone List | N/A | $5,220.00 |
| 88-0172-FC CFD 2012-1 GLENROY TAX B | See Phone List | N/A | $12,229.50 |
| Fund Type Total | | | $17,451.38 |
| Total | | 1.28889 % | $53,267.52 |

Installments

Payable Year: 2019/2020 | Bill Number 2019004652311 | Secured

| Installment #1 | Date | Tax | Penalty | Interest | Fees | Total | Status |
|---|---|---|---|---|---|---|---|
| | | See bill detail on Account Summary page. | | | | | Due |

Payable Year: 2019/2020 | Bill Number 2019004652311 | Secured

| Installment #2 | Date | Tax | Penalty | Interest | Fees | Total | Status |
|---|---|---|---|---|---|---|---|
| | | See bill detail on Account Summary page. | | | | | Due |

Found

 **OFFICE OF THE TREASURER-TAX COLLECTOR**
**RIVERSIDE COUNTY, CALIFORNIA**

HOME    ACCOUNT SEARCH    CHECK OUT    COUNTY HOME    CONTACT US

← BACK    VIEW VALUATION INFO    ✉ ENROLL PIN FOR E-BILLING    ✉ MANAGE E-BILLING SUBSCRIPTIONS

**PLEASE NOTE**
Please click "PAY" to add unpaid tax bills to your Cart.
If your Assessment has both current and defaulted tax years due, you will need to add each of these to your check out cart individually.
All secured defaulted tax years must be paid together (adding one will add all prior year items to your Cart).

| PARCEL NUMBER | PROPERTY TYPE | STATUS | LAST UPDATE |
|---|---|---|---|
| 803220065 | Real | Active | 12/4/2019 11:48:47 AM |

**Tax Rate Area**
D12-037 COACHELLA

Current Owner:
GLENROY COACHELLA

**Class Code**
Vacant Commercial Land

**Legal Description**
1.32 ACRES IN PAR 5 PM 243/082 PM 37310

BILL NUMBER: 2019991539491 - ANNUAL                                                VIEW BILL DETAIL

| TAX YEAR : 2019 | TAX | OTHER CHARGES | TOTAL PAID | TOTAL | DUE DATE | STATUS |
|---|---|---|---|---|---|---|
| Installment #1 | $4,761.67 | $0.00 | $0.00 | $4,761.67 | 12/10/2019 | PAY |
| Installment #2 | $4,761.67 | $0.00 | $0.00 | $4,761.67 | 4/10/2020 | |
| Total Bill | $9,523.34 | $0.00 | $0.00 | $9,523.34 | | PAY TOTAL BILL |

Total Secured Tax

| | TAX | OTHER CHARGES | TOTAL PAID | TOTAL |
|---|---|---|---|---|
| Grand Total | $9,523.34 | $0.00 | $0.00 | $9,523.34 |

unavailable        time.

Click here to view previously paid tax bills.



OFFICE OF THE TREASURER-TAX COLLECTOR
RIVERSIDE COUNTY, CALIFORNIA

HOME    ACCOUNT SEARCH    CHECK OUT    COUNTY HOME    CONTACT US

← BACK    📄 ACCOUNT SUMMARY

## Year 2019

| PARCEL NUMBER | GEO PARCEL # | LAST UPDATE |
|---|---|---|
| 603220065 | 603220065 | 12/4/2019 11:46:47 AM |

A. ... ... ...

Net Taxable Value                                                      \$441,271.00

## Exemptions

No Tax Exemptions Records Found

### Agencies

charges          Taxing

| Taxing Authority | Phone | Net Rate | Net Tax |
|---|---|---|---|
| 01-0000-GP GENERAL PURPOSE | See Phone List | 1.0000000000 % | \$4,412.70 |
| Fund Type Total | | 1.0000000000 % | \$4,412.70 |
| **Debt** | | | |
| **Taxing Authority** | **Phone** | **Net Rate** | **Net Tax** |
| 03-8001-D DESERT COMMUNITY COLLEGE | See Phone List | 0.0398300000 % | \$175.76 |
| 03-1001-D COACHELLA VALLEY UNIFIED SCHOOL | See Phone List | 0.1487600000 % | \$656.43 |
| 04-4821-D CV WATER DISTRICT STATE WTR PROJ | See Phone List | 0.1000000000 % | \$441.27 |
| Fund Type Total | | 0.2885900000 % | \$1,273.46 |
| **Special Assessment** | | | |
| **Taxing Authority** | **Phone** | **Net Rate** | **Net Tax** |
| 68-4555-FC COACHELLA VALLEY MOSQUITO & RIFA | See Phone List | NA | \$1.68 |
| 68-9011-FC CALIFORNIA FIRST RIVERSIDE | See Phone List | NA | \$3,835.50 |
| Fund Type Total | | | \$3,837.18 |
| **Total** | | 1.28859 % | \$9,523.34 |

Payable Year: 2019/2020 | Bill Number 2019091839461 | Secured

| Installment #1 | Date | Tax | Penalty | Interest | Fees | Total | Status |
|---|---|---|---|---|---|---|---|
| | | See bill detail on Account Summary page. | | | | | Due |

Payable Year: 2019/2020 | Bill Number 2019091839461 | Secured

| Installment #2 | Date | Tax | Penalty | Interest | Fees | Total | Status |
|---|---|---|---|---|---|---|---|
| | | See bill detail on Account Summary page. | | | | | Due |

Payment

 **OFFICE OF THE TREASURER-TAX COLLECTOR**
**RIVERSIDE COUNTY, CALIFORNIA**

HOME     ACCOUNT SEARCH     CHECK OUT     COUNTY HOME     CONTACT US

← BACK TO ACCOUNT     SEARCH

### Account Information

Last Update 12/4/2019 11:45:47 AM

| Parcel Number | Geo Parcel # | Property Type | Status |
|---|---|---|---|
| 603220065 | 603220065 | Real | Active |

Tax Bill Id: 42970407
PIN:603220065
Installment:1
Tax Year: 2019
Due Date: 12/10/2019
Net Tax $4,761.57

**Choose a Payment Option**
⊕Pay in Full

**Selected Payment Amount**

$4,761.57     Add to cart

Total: $4,761.57
PIN:603220065
Installment:2
Tax Year: 2019
Due Date: 4/10/2020
Net Tax $4,761.57

⊕Pay in Full

$4,761.57     Add to cart

Total: $4,761.57


OFFICE OF THE TREASURER-TAX COLLECTOR
RIVERSIDE COUNTY, CALIFORNIA

HOME    ACCOUNT SEARCH    CHECK OUT    COUNTY HOME    CONTACT US

← BACK    VIEW VALUATION INFO    ⊠ ENROLL PIN FOR E-BILLING    ≣ MANAGE E-BILLING SUBSCRIPTIONS

[ PLEASE NOTE ]
Please click "PAY" to add unpaid tax bills to your Cart.
If your Assessment has both current and defaulted tax years due, you will need to add each of these to your check out cart individually.
All secured defaulted tax years must be paid together (adding one will add all prior year items to your Cart).

A. . . . . . . . . . . . .

| PARCEL NUMBER | PROPERTY TYPE | STATUS | LAST UPDATE |
|---|---|---|---|
| 803220067 | Real | Active | 12/4/2019 11:52:13 AM |

Current Owner:
GLENROY COACHELLA

Tax Rate Area
012-037 COACHELLA

Class Code
CT-Vacant Commercial Land

Legal Description
Acres 8.16000000 AcreageQualCode ML LotType P Parcel 2 MapPlatB 243 MapPlatP 082 SubdivisionName PM 37310

**Secured** : . . . . . . .

BILL NUMBER: 2019000163146 - ANNUAL                                                                     VIEW BILL DETAIL

| TAX YEAR : 2019 | TAX | OTHER CHARGES | TOTAL PAID | TOTAL | DUE DATE | STATUS |
|---|---|---|---|---|---|---|
| Installment #1 | $90,400.58 | $0.00 | $0.00 | $90,400.58 | 12/10/2019 | PAY |
| Installment #2 | $90,400.58 | $0.00 | $0.00 | $90,400.58 | 4/10/2020 | PAY |
| Total Bill | $180,801.16 | $0.00 | $0.00 | $180,801.16 | | BILL |

Total Secured Tax

| | TAX | OTHER CHARGES | TOTAL PAID | TOTAL |
|---|---|---|---|---|
| Grand Total | $180,801.16 | $0.00 | $0.00 | $180,801.16 |

time.                    if you have



**OFFICE OF THE TREASURER-TAX COLLECTOR**
**RIVERSIDE COUNTY, CALIFORNIA**

HOME      ACCOUNT SEARCH      CHECK OUT      COUNTY HOME      CONTACT US

← BACK      ▦ ACCOUNT SUMMARY

Tax Year 1:

| PARCEL NUMBER | GEO PARCEL # | LAST UPDATE |
|---|---|---|
| 603220067 | 603220067 | 12/4/2019 11:52:13 AM |

Net Taxable Value                                                                                    $2,815,413.00

No Tax Exemptions Records Found

For Information . . .    . . .    please    Taxing Agency directly    . . .    . . . here.

| Taxing Authority | Phone | Net Rate | Net Tax |
|---|---|---|---|
| 01-0000-GP GENERAL PURPOSE | See Phone List | 1.0000000000 % | $28,154.12 |
| Fund Type Total | | 1.0000000000 % | $28,154.12 |
| **Debt** | | | |
| **Taxing Authority** | **Phone** | **Net Rate** | **Net Tax** |
| 03-3001-D DESERT COMMUNITY COLLEGE | See Phone List | 0.0398300000 % | $1,121.38 |
| 03-1601-D COACHELLA VALLEY UNIFIED SCHOOL | See Phone List | 0.1487600000 % | $4,188.21 |
| 04-4821-D CV WATER DISTRICT STATE WTR PROJ | See Phone List | 0.1000000000 % | $2,815.41 |
| Fund Type Total | | 0.2885900000 % | $8,125.00 |
| **Special Assessment** | | | |
| **Taxing Authority** | **Phone** | **Net Rate** | **Net Tax** |
| 68-0172-FC CFD 2018-1 GLENROY TAX B | See Phone List | NA | $387.16 |
| 68-4556-FC COACHELLA VALLEY MOSQUITO & RIFA | See Phone List | NA | $274.98 |
| 68-9011-FC CALIFORNIA FIRST RIVERSIDE | See Phone List | NA | $143,959.90 |
| Fund Type Total | | | $144,622.04 |
| **Total** | | 1.28859 % | $180,901.16 |

Payable Year: 2019/2020 | Bill Number 2019005163146 | Secured

| Installment #1 | Date | Tax | Penalty | Interest | Fees | Total | Status |
|---|---|---|---|---|---|---|---|
| | | See bill detail on Account Summary page. | | | | | Due |

Payable Year: 2019/2020 | Bill Number 2019005163146 | Secured

| Installment #2 | Date | Tax | Penalty | Interest | Fees | Total | Status |
|---|---|---|---|---|---|---|---|
| | | See bill detail on Account Summary page. | | | | | Due |

No      Records

 OFFICE OF THE TREASURER-TAX COLLECTOR
RIVERSIDE COUNTY, CALIFORNIA

HOME      ACCOUNT SEARCH      CHECK OUT      COUNTY HOME      CONTACT US

← BACK TO ACCOUNT      SEARCH

## Account Information

Last Update 12/4/2019 11:52:13 AM

| Parcel Number | See Parcel # | Property Type | Status |
|---|---|---|---|
| 603220067 | 603220057 | Real | Active |

Tax Bill Id: 43631984
PIN:603220067
installment:1
Tax Year: 2019
Due Date: 12/10/2019
Net Tax $90,400.58

**Choose a Payment Option**
⊛Pay In Full

**Selected Payment Amount**

$90,400.58      Add to cart

Total: $90,400.58
PIN:603220067
installment:2
Tax Year: 2019
Due Date: 4/10/2020
Net Tax $90,400.58

⊛Pay In Full

$90,400.58      Add to cart

Total: $90,400.58



OFFICE OF THE TREASURER-TAX COLLECTOR
RIVERSIDE COUNTY, CALIFORNIA

HOME    ACCOUNT SEARCH    CHECK OUT    COUNTY HOME    CONTACT US

← BACK    VIEW VALUATION INFO    ⬚ ENROLL PIN FOR E-BILLING    ⬚ MANAGE E-BILLING SUBSCRIPTIONS

**PLEASE NOTE**
Please click "PAY" to add unpaid tax bills to your Cart.
If your Assessment has both current and defaulted tax years due, you will need to add each of these to your check out cart individually.
All secured defaulted tax years must be paid together (adding one will add all prior year items to your Cart).

## Account Information

| PARCEL NUMBER | PROPERTY TYPE | STATUS | LAST UPDATE |
|---|---|---|---|
| 60S220068 | Real | Active | 12/4/2019 11:55:33 AM |

**Tax Rate Area**
012-037 COACHELLA

Current Owner:
GLENROY COACHELLA

**Class Code**
CT-Vacant Commercial Land

**Legal Description**
Acres 1.74000000 AcreageQualCode M/L LotType P Parcel 4 MapPlatB 243 MapPlatP 082 SubdivisionName PM 37310

## Secured Property Tax

BILL NUMBER: 2019905164667 - ANNUAL                                        **VIEW BILL DETAIL**

| TAX YEAR : 2019 | TAX | OTHER CHARGES | TOTAL PAID | TOTAL | DUE DATE | STATUS |
|---|---|---|---|---|---|---|
| Installment #1 | $126,720.27 | $0.00 | $0.00 | $126,720.27 | 12/10/2019 | PAY |
| Installment #2 | $126,720.27 | $0.00 | $0.00 | $126,720.27 | 4/10/2020 | |
| Total Bill | $253,440.54 | $0.00 | $0.00 | $253,440.54 | | TOTAL BILL |

Total Secured Tax

| | TAX | OTHER CHARGES | TOTAL PAID | TOTAL |
|---|---|---|---|---|
| Grand Total | $253,440.54 | $0.00 | $0.00 | $253,440.54 |

.. payments . .          .   .   this   . . .   .   our .          . any questions.


OFFICE OF THE TREASURER-TAX COLLECTOR
RIVERSIDE COUNTY, CALIFORNIA

HOME    ACCOUNT SEARCH    CHECK OUT    COUNTY HOME    CONTACT US

← BACK    ▣ ACCOUNT SUMMARY

2019

| PARCEL NUMBER | GEO PARCEL # | LAST UPDATE |
|---|---|---|
| 603220068 | 603220068 | 12/4/2019 11:55:33 AM |

## Assessment

| | Value |
|---|---|
| Net Taxable Value | $601,178.00 |

No Tax Exemptions Records Found

## Taxing Agencies

ⓘ  Tax ... please contact ... the numbers ...

| Taxing Authority | Phone | Net Rate | Net Tax |
|---|---|---|---|
| 01-0000-GP GENERAL PURPOSE | See Phone List | 1.0000000000 % | $6,011.76 |
| Fund Type Total | | 1.0000000000 % | $6,011.76 |
| **Debt** | | | |
| **Taxing Authority** | **Phone** | **Net Rate** | **Net Tax** |
| 03-1601-D COACHELLA VALLEY UNIFIED SCHOOL | See Phone List | 0.1487600000 % | $894.31 |
| 04-4821-D CV WATER DISTRICT STATE WTR PROJ | See Phone List | 0.1000000000 % | $601.18 |
| 03-9001-D DESERT COMMUNITY COLLEGE | See Phone List | 0.0398300000 % | $239.45 |
| Fund Type Total | | 0.2885900000 % | $1,734.94 |
| **Special Assessment** | | | |
| **Taxing Authority** | **Phone** | **Net Rate** | **Net Tax** |
| 68-4556-FC COACHELLA VALLEY MOSQUITO & RIFA | See Phone List | NA | $58.62 |
| 68-9011-FC CALIFORNIA FIRST RIVERSIDE | See Phone List | NA | $243,232.04 |
| 68-0172-FC CFD 2018-1 GLENROY TAX B | See Phone List | NA | $2,403.18 |
| Fund Type Total | | | $245,693.84 |
| **Total** | | 1.28859 % | $253,440.54 |

Payable Year: 2019/2020 | Bill Number 2019005164087 | Secured

| Installment #1 | Date | Tax | Penalty | Interest | Fees | Total | Status |
|---|---|---|---|---|---|---|---|
| | | See bill detail on Account Summary page. | | | | | Due |

Payable Year: 2019/2020 | Bill Number 2019005164087 | Secured

| Installment #2 | Date | Tax | Penalty | Interest | Fees | Total | Status |
|---|---|---|---|---|---|---|---|
| | | See bill detail on Account Summary page. | | | | | Due |

No

 OFFICE OF THE TREASURER-TAX COLLECTOR
RIVERSIDE COUNTY, CALIFORNIA

HOME    ACCOUNT SEARCH    CHECK OUT    COUNTY HOME    CONTACT US

← BACK TO ACCOUNT    SEARCH

## Account Information

Last Update 12/4/2019 11:55:33 AM

| Parcel Number | Geo Parcel # | Property Type | Status |
|---|---|---|---|
| 603220068 | 603220068 | Real | Active |

Tax Bill Id: 43632203   **Choose a Payment Option**    **Selected Payment Amount**
PIN:603220068                  ⊙Pay In Full
Installment:1
Tax Year: 2019                                                  $126,720.27    Add to cart
Due Date: 12/10/2019
Net Tax $126,720.27

Total: $126,720.27
PIN:603220068               ⊙Pay In Full
Installment:2
Tax Year: 2019
Due Date: 4/10/2020                                            $126,720.27    Add to cart
Net Tax $126,720.27

Total: $126,720.27



OFFICE OF THE TREASURER-TAX COLLECTOR
RIVERSIDE COUNTY, CALIFORNIA

HOME     ACCOUNT SEARCH     CHECK OUT     COUNTY HOME     CONTACT US

← BACK     VIEW VALUATION INFO     ☒ ENROLL PIN FOR E-BILLING     ▣ MANAGE E-BILLING SUBSCRIPTIONS

**PLEASE NOTE**

Please click "PAY" to add unpaid tax bills to your Cart.
If your Assessment has both current and defaulted tax years due, you will need to add each of these to your check out cart individually.
All secured defaulted tax years must be paid together (adding one will add all prior year items to your Cart).

## Account Information

| PARCEL NUMBER | PROPERTY TYPE | STATUS | LAST UPDATE |
|---|---|---|---|
| 603220069 | Real | Active | 12/4/2019 11:58:10 AM |

**Tax Rate Area**
012-037 COACHELLA

Current Owner:
GLENROY COACHELLA

**Class Code**
CT-Hotel

**Legal Description**
Acres 17.31000000 AcreageQualCode ML LotType P Parcel 6 MapPlatB 243 MapPlatP 082 SubdivisionName PM 37310

### Secured Property Tax

BILL NUMBER: 2019090162772 - ANNUAL                                                                VIEW BILL DETAIL

| TAX YEAR : 2019 | TAX | OTHER CHARGES | TOTAL PAID | TOTAL | DUE DATE | STATUS |
|---|---|---|---|---|---|---|
| Installment #1 | $393,936.32 | $0.00 | $0.00 | $393,936.32 | 12/10/2019 | PAY |
| Installment #2 | $393,936.32 | $0.00 | $0.00 | $393,936.32 | 4/10/2020 | PAY |
| Total Bill | $787,872.64 | $0.00 | $0.00 | $787,872.64 | | TOTAL |

### Total Secured Tax

| | TAX | OTHER CHARGES | TOTAL PAID | TOTAL |
|---|---|---|---|---|
| Grand Total | $787,872.64 | $0.00 | $0.00 | $787,872.64 |

Making payments on   plans


OFFICE OF THE TREASURER-TAX COLLECTOR
RIVERSIDE COUNTY, CALIFORNIA

HOME      ACCOUNT SEARCH      CHECK OUT      COUNTY HOME      CONTACT US

← BACK      ▣ ACCOUNT SUMMARY

### Year 2019

| PARCEL NUMBER | GEO PARCEL # | LAST UPDATE |
|---|---|---|
| 603220069 | 603220069 | 12/4/2019 11:58:10 AM |

### Data

| | Value |
|---|---|
| Net Taxable Value | $6,655,969.00 |

### Exemptions

No Tax Exemptions Records Found

### Taxing Agencies

ⓘ Tax Payment Distribution

| Taxing Authority | Phone | Net Rate | Net Tax |
|---|---|---|---|
| 01-0000-GP GENERAL PURPOSE | See Phone List | 1.0000000000 % | $66,559.68 |
| Fund Type Total | | 1.0000000000 % | $66,559.68 |
| **Debt** | | | |
| Taxing Authority | Phone | Net Rate | Net Tax |
| 03-1801-D COACHELLA VALLEY UNIFIED SCHOOL | See Phone List | 0.1487600000 % | $9,901.42 |
| 04-4821-D CV WATER DISTRICT STATE WTR PROJ | See Phone List | 0.1000000000 % | $6,655.97 |
| 03-9001-D DESERT COMMUNITY COLLEGE | See Phone List | 0.0396300000 % | $2,651.07 |
| Fund Type Total | | 0.2883900000 % | $19,208.46 |
| **Special Assessment** | | | |
| Taxing Authority | Phone | Net Rate | Net Tax |
| 88-4556-FC COACHELLA VALLEY MOSQUITO & RIFA | See Phone List | NA | $583.34 |
| 68-0162-FC CFD 2018-1 GLENROY | See Phone List | NA | $378,000.00 |
| 68-0172-FC CFD 2018-1 GLENROY TAX B | See Phone List | NA | $28,037.10 |
| 68-9011-FC CALIFORNIA FIRST RIVERSIDE | See Phone List | NA | $295,484.06 |
| Fund Type Total | | | $702,104.50 |
| **Total** | | 1.28859 % | $787,872.64 |

Payable Year: 2019/2020 | Bill Number 2019005162772 | Secured

| Installment #1 | Date | Tax | Penalty | Interest | Fees | Total | Status |
|---|---|---|---|---|---|---|---|
| | See bill detail on Account Summary page. | | | | | | Due |

Payable Year: 2019/2020 | Bill Number 2019005162772 | Secured

| Installment #2 | Date | Tax | Penalty | Interest | Fees | Total | Status |
|---|---|---|---|---|---|---|---|
| | See bill detail on Account Summary page. | | | | | | Due |

Records

 OFFICE OF THE TREASURER-TAX COLLECTOR
RIVERSIDE COUNTY, CALIFORNIA

HOME     ACCOUNT SEARCH     CHECK OUT     COUNTY HOME     CONTACT US

← BACK TO ACCOUNT | SEARCH

## Account Information

Last Update 12/4/2019 11:58:10 AM

| Parcel Number | Geo Parcel # | Property Type | Status |
|---|---|---|---|
| 603220069 | 603220069 | Real | Active |

Tax Bill id: 43631221
PIN:603220069
Installment:1
Tax Year: 2019
Due Date: 12/10/2019
Net Tax $393,936.32

Choose a Payment Option
⦿Pay in Full

Selected Payment Amount

$393,936.32     Add to cart

Total: $393,936.32
PIN:603220069
Installment:2
Tax Year: 2019
Due Date: 4/10/2020
Net Tax $393,936.32

⦿Pay in Full

$393,936.32     Add to cart

Total: $393,936.32

# EXHIBIT 4

# EXHIBIT 4

**Real Property of Stuart Rubin Subject to Injunction**

**I.    715 North Alpine Drive, Beverly Hills, CA 90210**

The legal description of the property commonly known as 715 North Alpine Drive, Beverly Hills, California is:

Lot 16 Block 1 of Tract No. 2555, in the City of Beverly Hills, County of Los Angeles, State of California, as per map recorded in Book 26 Page(s) 85 of Maps, in the Office of the County Recorder of Said County

(APN 4341-028-016)

**II.    4347 Marina Drive, Santa Barbara, CA 93100**

The legal description of the property commonly known as 4347 Marina Drive, Santa Barbara, California is:

All that certain real property situated in the County of Santa Barbara, State of California, described as follows:

That portion of Lot 115 of Santa Barbara Estates, in the County of Santa Barbara, State of California, as per map recorded in Book 15, Pages 51 to 56, inclusive, of Maps, in the office of the County Recorder of said County, described as follows:

Beginning at the Northwest corner of that certain property now or formerly owned by Irene Rich, as shown in that deed recorded with the recorder of Santa Barbara County, State of California, the centerline of Marina Drive as shown on Sheet No. 3 of said Map of Santa Barbara Estates, being a subdivision of a Portion of Hope Ranch Park (Marina Drive is shown as Cliff Drive on said Map), from said Corner Station 152 plus 85.13 on the centerline of Marina Drive (Cliff Drive) according to said map, bears South 83°48' East, a distance of 201.17 feet;

thence with the centerline of Marina Drive, whose right of way is 90 feet in width, being 45

i

1    feet on each side of the following described centerline:

2

3    South 83°49' East, a distance of 153.46 feet to the Northeast corner of the land described in

4    the deed to Edgar F. Wasem, et ux., recorded November 9, 1951 as Instrument No. 17208 in

5    Book 1028, Page 411 of Official Records, records of said County;

6

7    thence along the Easterly line of said Wasem Tract, South 2°55'59" West, 488.56 feet to an

8    angle point therein;

9

10    thence along the Southerly line of the land described as Parcel Two in the deed to Santa

11    Barbara Estates Incorporated, a Corporation, recorded August 12, 1953 as Instrument No.

12    13024 in Book 1171, Page 395 of Official Records, North 63°34'41" West, 150.08 feet to a

13    point on the Easterly boundary line of said property deeded to Irene Rich; thence along said

14    last mentioned line, North 0°53'47" East, 437.71 feet to the point of beginning.

15    (APN 063-220-06)

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
355 South Grand Avenue, Suite 2900, Los Angeles, CA  90071

A true and correct copy of the foregoing document entitled (*specify*): **LIMITED OBJECTION TO CHAPTER 11
TRUSTEE'S MOTION FOR ORDER APPROVING AGREEMENT RE: ESTATE'S RECEIPT OF
DEEDS FROM TENANTS-IN-COMMON**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
July 20, 2021_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

- Steven M Berman    sberman@slk-law.com, awit@shumaker.com;bgasaway@shumaker.com
- Daren Brinkman    office@brinkmanlaw.com, 7764052420@filings.docketbird.com
- Caroline Djang    caroline.djang@bbklaw.com,
  laurie.verstegen@bbklaw.com;wilma.escalante@bbklaw.com
- Jenny L Doling    JD@jdl.law, dolingjr92080@notify.bestcase.com
- Jonathan R Doolittle    jonathan.doolittle@pillsburylaw.com, courtalertecf@pillsburylaw.com
- Eryk R Escobar    eryk.r.escobar@usdoj.gov
- Chad V Haes    chaes@marshackhays.com,
  chaes@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com;cmendoza@marshackhays.com;kfrederick@
  ecf.courtdrive.com
- Brian S Harnik    bharnik@rhlawfirm.com, bharnik@rhlawfirm.com
- Douglas Harris    Douglas.harris@alston.com
- William C Hoggard    wch@wchlawgroup.com, admin@wchlawgroup.com
- Mark S Horoupian    mhoroupian@sulmeyerlaw.com,
  mhoroupian@ecf.inforuptcy.com;ccaldwell@sulmeyerlaw.com
- Marsha A Houston    mhouston@reedsmith.com
- Michael S Kogan    mkogan@koganlawfirm.com
- Timothy R Laquer    trl@ddclaw.com, trl@ddclaw.com
- Leib M Lerner    leib.lerner@alston.com, autodockettest-lax@alston.com
- Crystle Jane Lindsey    crystle@wsrlaw.net, crystle@cjllaw.com;gabby@wsrlaw.net;dairi@wsrlaw.net
- Tinho Mang    tmang@marshackhays.com,
  tmang@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com
- Richard A Marshack (TR)    pkraus@marshackhays.com,
  rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- Stacey A Miller    smiller@tharpe-howell.com
- Sean A OKeefe    sokeefe@okeefelc.com, seanaokeefe@msn.com
- Matthew D Pham    mpham@hahnlawyers.com,
  marias@hahnlawyers.com;mpham@ecf.courtdrive.com
- Maria Plumtree    agrow@plumtreelaw.com, mplumtree@plumtreelaw.com
- Thomas J Polis    tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

- Dean G Rallis    drallis@hahnlawyers.com,
  marias@hahnlawyers.com;mpham@hahnlawyers.com;drallis@ecf.courtdrive.com
- Debra Riley    driley@allenmatkins.com
- Christopher O Rivas    crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com
- James R Selth    jim@wsrlaw.net, jselth@yahoo.com;dairi@wsrlaw.net;vinnet@ecf.inforuptcy.com
- Leonard M Shulman    lshulman@shulmanbastian.com
- Evan L Smith    els@elsmithlaw.com
- Alan G Tippie    atippie@sulmeyerlaw.com,
  atippie@ecf.courtdrive.com;pdillamar@sulmeyerlaw.com,kfiles@sulmeyerlaw.com;kfiles@sulmeyerlaw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Daniel J Weintraub    dan@wsrlaw.net,
  vinnet@ecf.inforuptcy.com;gabby@wsrlaw.net;dairi@wsrlaw.net

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) July 20, 2021_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA UPS**
**Hon. Sheri Bluebond**
**USBC-Central District of California**
**255 E. Temple Street**
**Suite 1534 / Courtroom 1539**
**Los Angeles, CA 90012**

**VIA UPS**
**Eryk R. Escobar**
**Trial Attorney**
**Office of the U.S. Trustee**
**U.S. Department of Justice**
**915 Wilshire Blvd., Suite 1850**
**Los Angeles, CA 90017**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 20, 2021 | Gilda S. Anderson | /s/ Gilda S. Anderson |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**