D. EDWARD HAYS, #162507
ehays@marshackhays.com
CHAD V. HAES, #267221
chaes@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 11 Trustee,
RICHARD A. MARSHACK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GLENROY COACHELLA, LLC,<br><br>        Debtor. | Case No. 2:21-bk-11188-BB<br><br>Chapter 11<br><br>CHAPTER 11 TRUSTEE'S MOTION TO CONVERT CASE TO ONE UNDER CHAPTER 7 PURSUANT TO 11 U.S.C. §1112(B); MEMORANDUM OF POINTS OF AUTHORITIES; DECLARATION OF RICHARD A. MARSHACK IN SUPPORT<br><br>Hearing:<br>Date:    August 18, 2021<br>Time:    10:00 a.m.<br>Ctrm:   1539[1] |

---

[1] Due to the COVID-19 outbreak, Judge Bluebond will be holding all hearings remotely until further notice. Some hearings will be held via telephone using CourtCall and some hearings will be held via ZoomGov. The cover page for the publicly posted hearing calendar will state whether the hearings that day will be held via telephone by CourtCall or via ZoomGov. The calendar is posted to the public at least 2 weeks prior to the hearing and can be accessed at the following web address: http://ecf-ciao.cacb.uscourts.gov/CiaoPosted/?jid=BB (Click on the "Select Judge" tab on the upper left side of the screen and select Judge Bluebond)

# TABLE OF CONTENTS

1.   Summary of Argument ......................................................................................2

2.   Bankruptcy Filing ............................................................................................2

3.   The Real Property ............................................................................................3

    A.   Ownership and Encumbrances.......................................................................3

    B.   Marketing Efforts and Sale of the Real Property...........................................4

    C.   Valuation of the Property and Anticipated Completion Costs.......................4

    D.   Ongoing Post-Petition Expenses...................................................................5

4.   Legal Discussion .............................................................................................6

    A.   There is cause to convert under 11 U.S.C. § 1112(b)(4)(A) because continuing in Chapter 11 will cause a diminution of the estate. ......................................6

    B.   There is cause to convert under 11 U.S.C. § 1112(b)(4)(J) because Debtor has not filed a disclosure statement or confirmed a plan within the time fixed by this title...................................................................................................8

    C.   There is cause to convert under 11 U.S.C. § 1112(b)(4)(M) because Debtor has no ability to effectuate substantial consummation of a confirmed plan. .................8

    D.   Conversion, rather than dismissal, is in the best interests of the creditors and the Estate. ..................................................................................................9

    E.   The Estate's professionals should continue their representation of the Estate upon conversion. ....................................................................................10

    F.   The Compromise with the Lender Should Remain Effective Notwithstanding any Conversion. ....................................................................................10

5.   Conclusion ....................................................................................................11

Declaration of Richard A. Marshack .......................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Aleshire v. Wells Fargo Bank, N.A.*,

    589 B.R. 154, 162 (N.D. Ill. 2018) ........................................................................ 8

*Hall v. Vance*,

    887 F.2d 1041, 1044 (10th Cir. 1989) .................................................................... 8

*In re Albany Partners*,

    749 F.2d 670 (11th Cir. 1984) ................................................................................ 6

*In Re Alpine Lumber and Nursery*,

    13 B.R. 977 (D.Bkrtcy.S.D.Ca.1981) .................................................................. 10

*In re Blunt*,

    236 B.R. 861, 864 (Bankr. M.D. Fla. 1999) .......................................................... 8

*In re CCT Communs., Inc.*,

    420 B.R. 160, 174 (Bankr. S.D.N.Y. 2009) ........................................................... 8

*In re Continental Holdings, Inc.*,

    170 B.R 919 (Bankr. N.D. Ohio 1994) ................................................................. 7

*In re Great Am. Pyramid Joint Venture*,

    144 B.R. 780 (Bankr. W.D. Tenn. 1992) ............................................................... 7

*In re Johnston*,

    149 B.R. 158 (9th Cir. B.A.P. 1992) ...................................................................... 7

*In re Lumber Exchange Building Ltd. Partnership*, 968 F.2d 647 (8th Cir. 1992) ............................ 6

*In re Owens*,

    552 F.3d 958, 961 (9th Cir. 2009) .......................................................................... 9

*In re Seychelles*,

    30 B.R. 75, 76 fn.1 (Bankr. N.D. Tex. 1983) ...................................................... 10

*In re SGL Carbon Corp.*,

    200 F.3d 154 (3d Cir. 1999); *In re Koerner*, 800 F.2d 1358 (5th Cir. 1986) .................................. 6

*In re Staff Inv. Co.*,

   146 B.R. at 260 ........................................................................................................... 9

*In re Staff Inv. Co.*,

   146 B.R. at 261 ........................................................................................................... 9

*In re Sullivan*,

   522 B.R. 604, 612 (9th Cir. B.A.P. 2014) ................................................................. 9

*In re Sullivan*,

   522 B.R. 604, 614 (9th Cir. BAP 2014) .................................................................... 6

*Mitan v. Duval (In re Mitan)*,

   573 F.3d 237, 247 (6th Cir.2009) ............................................................................. 9

*Quarles v. United States Trustee*,

   194 B.R. 94 (W.D. Va. 1996) ................................................................................... 7

*Samuels v. Wilmington Sav. Fund Soc'y (In re Samuels)*, 2019 Bankr. LEXIS 3595, at *6 (1st Cir.

   BAP 2019) ................................................................................................................. 8

*Synovus Bank v. Brooks (In re Brooks)*,

   488 B.R. 483, 490 (Bankr. N.D. Ga. 2013) .............................................................. 8


**Statutes**

11 U.S.C §112(b)(4)(A), (J), and (M)............................................................................ 6

11 U.S.C. § 1112(b)(1) .................................................................................................. 9

11 U.S.C. § 1112(b)(4)(A) ............................................................................................ 6

11 U.S.C. § 1112(b)(4)(J) .............................................................................................. 8

11 U.S.C. § 328(e) ...................................................................................................... 10

11 U.S.C. § 365 ............................................................................................................. 1

11 U.S.C. §§ 327 or 328 ............................................................................................. 10

11 U.S.C. §1112(b) ................................................................................................... 6, 9

11 U.S.C. §1112(b)(4) ................................................................................................... 6

TRUSTEE'S MOTION TO CONVERT CHAPTER 11 TO 7

4843-2717-9236

1  TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY COURT

2  JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED

3  PARTIES:

4       Richard A. Marshack, in his capacity as Chapter 11 Trustee ("Trustee") of the bankruptcy

5  estate ("Estate") of Glenroy Coachella, LLC ("Debtor") moves the Court to convert Debtor's

6  Chapter 11 case to Chapter 7 ("Motion"). In support of this Motion, the Trustee represents as

7  follows:

8  **1.      Summary of Argument**

9       A bankruptcy court shall convert a Chapter 11 case to Chapter 7 upon a showing of cause. In

10 this case, the Estate's primary asset is the five parcels of real property scheduled by Debtor as being

11 commonly known as 84141 Avenue 48, Coachella, California ("Real Property"), a luxury hotel

12 project that is only partially constructed. Trustee recently reached an agreement with the Estate's

13 largest secured creditor that, among other things, would allow for the sale of the Property free and

14 clear of its lien pursuant to which the creditor will accept a discounted amount. Trustee has

15 concurrently filed a motion to approve this compromise setting forth the terms of that compromise,

16 which pursuant to its terms must remain effective post-conversion and shall be binding on any

17 successor trustee. Separately, Trustee is finalizing a purchase and sale agreement with a prospective

18 purchaser that has already executed a letter of intent. Given that the Trustee is proceeding with a sale

19 of the Property which is by far the Estate's largest asset, there is no purpose served by remaining in

20 Chapter 11. Conversion is also in the best interest of the Estate because it will avoid unnecessary

21 Chapter 11 administrative claims on an unnecessary plan of reorganization.

22 **2.      Bankruptcy Filing**

23      On February 15, 2021, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy

24 Code. A true and correct copy of this Court's webPACER Docket for Case No. 2:21-bk-11188-BB

25 as of July 28, 2021, is attached to the Declaration of Richard A. Marshack ("Marshack Declaration")

26 as Exhibit "1."

27      On March 19, 2021, as Dk. No. 126, the Court entered an order approving the United States

28 Trustee's application for the appointment of a Chapter 11 Trustee. *Id*., pg. 32. Since his appointment,

1  the Trustee and his professionals investigated and spent hundreds of hours conducting due diligence

2  analyzing whether there was any value to be realized from the Property.

3  **3.    The Real Property**

4  **A.    Ownership and Encumbrances**

5      On the petition date, Debtor's primary asset was a 70.5% interest in the Real Property and

6  a 100% interest in the Project. Debtor owned the Real Property as a tenant-in-common with three

7  other non-debtor entities: Force Rubin LLC (3.7885%); Force Rubin 2, LLC (21.2115%); and

8  Coachella Resort, LLC (4.5%) (collectively, the "TICs"). To facilitate Trustee's sale of the Real

9  Property, the TICs have delivered grant deeds transferring their collective 29.5% interest in the

10  Real Property to Trustee ("Deeds"). The Deeds were recorded on July 2, 2021, and the Court

11  entered an order approving the TIC Agreement on July 28, 2021.[2]

12      The Real Property is encumbered by California Statewide Communities Development

13  Authority ("PACE") liens against the Real Property ("PACE Liens") and Mello Roos assessments

14  by the Community Facilities District No. 2005 ("Mello Roos Assessments") which have asserted

15  claims of approximately $11,400,000. The PACE Liens and Mellos Roos Assessments are in first

16  priority along with delinquent real property taxes in the approximate amount of $688,477. A true and

17  correct copy of recent Preliminary Title Reports[3] ("PTRs") for the five parcels are attached to the

18  Marshack Declaration as Exhibits "2-6."

19      There are approximately 33 mechanic's liens totaling approximately $9 million that have

20  been recorded against the Real Property ("Mechanic's Liens"), and at least thirteen *lis pendens*

21  related to pending lawsuits have been recorded ("Lis Pendens").

22      There is also a deed of trust held by U.S. Real Estate Credit Holdings III-A ("Lender"),

23  which has filed a secured proof of claim in the amount of $30,878,944.46 ("Lender Lien").

24

25

---

26  [2] On May 25, 2021, when the Trustee initially attempted to record the deeds delivered by the TICs to
the Trustee, the Riverside County Recorder's Office notified the Trustee of deficiencies related to

27  the deeds. All deficiencies have been corrected and, as noted above, the Deeds have been recorded.

28  [3] Separate PTRs have been prepared for each of the Parcels 1, 2, 4, 5 and 6, respectively, and they
are attached to the Marshack Declaration as Exhibits "2-6".

4843-2717-9236

1    Certificates of Indebtedness were recorded against the Real Property by the Receiver and in favor of

2    Lender totaling $2,406,718.57 ("Certificates"), and Trustee is informed that additional Receiver's

3    Certificates have been issued and, although not recorded, are of super-priority status against any

4    non-Debtor interests in accordance with the order appointing the receiver in the state court action

5    which remains pending.

6      There are ongoing disputes between the holders of the Mechanic's Liens and Lender

7    regarding whose liens have priority.

8      Lastly, there is a judgment in the amount of $94,275.04 recorded against the Real Property

9    on August 29, 2019, related to a U.S. District Court lawsuit entitled *Silhouette Outdoor Furniture,*

10   *Inc. v. Glenroy Coachella, LLC*, Case No. EDCV 19-00373-CJC(KKx) ("Silhouette Lien").

11     **B. Marketing Efforts and Sale of the Real Property**

12     According to the Schedules prepared by the Debtor, Debtor's 70.5% of the Real Property was

13   worth $52.2 million as of the Petition Date. Upon his appointment, Trustee immediately mobilized

14   with his professionals to investigate and ascertain the Debtor's assets and liabilities, with a primary

15   focus on creating a path for the Property to be administered for and the benefit of the Estate.

16     Trustee has met with a number of parties potentially interested in purchasing the Property. To

17   date, Trustee has a signed letter of intent. Proceeding with finalizing a proposed purchase and sale

18   agreement, however, was slowed by negotiations to get Lender's consent to a sale free and clear of

19   its lien for a substantially discounted amount (subject to the terms of the compromise), without

20   which it would have been difficult, if not impossible, for Trustee to effectuate a sale.

21     Trustee has concurrently filed motions for approval of the agreement with Lender and will

22   file a motion for approval of overbid procedures in the very near future.

23     **C. Valuation of the Property and Anticipated Completion Costs**

24     Trustee spent considerable time investigating and analyzing the anticipated costs to complete

25   construction of the Hotel and the Project. To that end, Trustee and his professionals interviewed Mr.

26   Lyle of Coldwell Banker and Mr. Reay of Atlas Hospitality who specialize in the marketing of

27   similar hotel projects in the Coachella Valley. Trustee assessed the market report for Coachella

28   Valley hotel comparables obtained from Coldwell Banker.

1  Based on the information provided by Mr. Lyle and Mr. Reay, it appeared to that there was

2  little to no equity in the Property based on the amount of recorded liens. Moreover, given the lack of

3  liquid assets in the Estate, Trustee concluded that the Estate was not in a position to finance the

4  completion of construction. As such, a sale of the Real Property is the best course of action for the

5  Estate because Lender has agreed to a release price of not less than $27.2 million (plus any post-

6  petition taxes and related delinquencies paid by Lender) for the sale to Buyer. If the transaction is

7  concluded, approximately $42 million of debt against the Estate will be eliminated.

8  ### D.  Ongoing Post-Petition Expenses

9  Aside from any benefit that will inure to the Estate pursuant to the proposed sale, Debtor has

10  no money and continues to incur substantial post-petition fees, and administrative expenses.

11  Quarterly fees payable to the Office of the United States Trustee ("UST") also continue to accrue.

12  Indeed, the number and amount of secured claims recorded against the Real Property create the real

13  possibility that the Estate will not realize sufficient funds from a sale to pay administrative expenses

14  in full whether or not the case is converted. But, Trustee and his retained professionals have accepted

15  this risk to get secured claims paid and minimize claims against the Estate that can be paid from

16  potential avoidance actions.

17  To date, Lender has been footing the bill to maintain the Property, including upkeep, taxes,

18  and insurance. Lender has accrued more than $400,000 in administrative expenses[4] and continues to

19  accrue ongoing costs of approximately $130,000 per month to preserve and protect the Property,

20  exclusive of real estate taxes and without accounting for professional fees and legal fees. *See*

21  Declaration of Simond Lavian in support of Lender's opposition to the Trustee's motion for

22  extension of time limits, Dk. No. 233 ("Lender Oppo"), ¶¶ 3-4. Moreover, semi-annual property

23  taxes are now due in the amount of $688,477 and are delinquent and accruing interest. *Id*., ¶ 4.

24  Understandably, Lender has expressed extreme frustration at having to pay these huge and

25  continuous sums of cash. *See*, *generally*, Lender Oppo.

26

27  ---

[4] Which amount will be allowed as a Chapter 11 administrative claim pursuant to the Agreement
28  between Lender and the Trustee.

## 4.    Legal Discussion

Section 1112(b)[5] prescribes the general procedure for the conversion or dismissal of a Chapter 11 case upon the motion of any party in interest. Relief under Section 1112(b) is predicated on a showing of "cause." If a movant establishes "cause," after notice and a hearing, the Court shall dismiss or convert a case from Chapter 11 to Chapter 7 depending on what's in the best interests of creditors. 11 U.S.C. § 1112(b)(2).

Section 1112(b)(4) enumerates 16 non-exclusive examples of "cause" including, among other things:

(A)    substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
…
(J)    failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court; and
…
(M)    inability to effectuate substantial consummation of a confirmed plan.

11 U.S.C §112(b)(4)(A), (J), and (M).

The statutory factors set forth in § 1112(b)(4) are non-exclusive, and Courts have broad discretion in determining what constitutes "cause" under the statute. *In re Sullivan*, 522 B.R. 604, 614 (9th Cir. BAP 2014). Any one of the 16 grounds may be sufficient to justify the conversion or dismissal of a case. *See*, 11 U.S.C. § 1112(b)(4); *In re SGL Carbon Corp.*, 200 F.3d 154 (3d Cir. 1999); *In re Koerner*, 800 F.2d 1358 (5th Cir. 1986). But the decision to convert or dismiss remains within the discretion of the court. *See*, *In re Lumber Exchange Building Ltd. Partnership*, 968 F.2d 647 (8th Cir. 1992); *In re Albany Partners*, 749 F.2d 670 (11th Cir. 1984).

### A.    There is cause to convert under 11 U.S.C. § 1112(b)(4)(A) because continuing in Chapter 11 will cause a diminution of the estate.

Establishing cause under § 1112(b)(4)(A) requires the satisfaction of two elements. First, the Trustee must establish that there is "a substantial or continuing loss to or diminution of the estate." Second, the Court must find that there is an "absence of a reasonable likelihood of rehabilitation." *In*

---

[5] Unless otherwise indicated, all Chapter and Section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. All references to "Rule" refer to the Federal Rules of Bankruptcy Procedure.

1 *re Continental Holdings, Inc.*, 170 B.R 919 (Bankr. N.D. Ohio 1994); *In re Great Am. Pyramid Joint*

2 *Venture*, 144 B.R. 780 (Bankr. W.D. Tenn. 1992). If both conditions exist, cause exists and the court

3 shall dismiss or convert the case. *In re Johnston*, 149 B.R. 158 (9th Cir. B.A.P. 1992).

4       Significantly, the second part of the test under section 1112(b)(4)(A) requires a reasonable

5 likelihood of "rehabilitation," not "reorganization." Thus, the standard is not whether the debtor can

6 confirm a plan, but, rather, ***whether the debtor's business prospects justify continuance of the***

7 ***reorganization effort***. *See*, *Johnston*, supra, 149 B.R. at 162 (debtor lacks sufficient income to fund

8 a plan). *See also, Quarles v. United States Trustee*, 194 B.R. 94 (W.D. Va. 1996) (no likelihood of

9 rehabilitation where debtor was losing money and only hope of reorganization depended entirely on

10 speculative outcomes in pending litigation). In almost every case, the Chapter 11 debtor's prospects

11 will depend on whether the debtor has formulated, or can formulate within a reasonable amount of

12 time, a reasonably detailed plan.

13       Here, there is no likelihood, let alone a reasonable likelihood, of rehabilitating this Debtor.

14 The Trustee has assessed the market report for Coachella Valley hotel comparables obtained from

15 Coldwell Banker, and he does not believe that the Estate is in a position to finance the completion of

16 construction. Debtor continues to accrue hundreds of thousands of dollars in Chapter 11

17 administrative claims, UST fees, taxes, and other costs. At this point, it is in the best interest of the

18 Estate to consummate sale of the Real Property to Buyer, and make a distribution to creditors

19 according to the provisions of the Bankruptcy Code. Thus, there is no reason for the Estate to

20 continue to incur the additional administrative cost of being in a Chapter 11 proceeding nor to seek

21 confirmation of a liquidating Chapter 11 plan.

22       Additionally, the Debtor is not operating a business and has no operating income with which

23 to fund a Chapter 11 plan of reorganization. As a result, remaining in Chapter 11 post-sale will only

24 generate unnecessary administrative claims opposing Debtor's disclosure statement and plan,

25 quarterly fees, and operating reports. Debtor's lack of business precludes any finding of a reasonable

26 likelihood of rehabilitation and continuing any reorganization effort in Chapter 11 case is neither

27 justified nor in the best interests of the Estate.

28

4843-2717-9236

**B.    There is cause to convert under 11 U.S.C. § 1112(b)(4)(J) because Debtor has not filed a disclosure statement or confirmed a plan within the time fixed by this title.**

"[A] debtor's inability to accomplish substantive progress toward confirmation inherently carries the risk of unreasonable and undue delay, which is nearly always prejudicial toward creditors…" *Samuels v. Wilmington Sav. Fund Soc'y* (*In re Samuels*), 2019 Bankr. LEXIS 3595, at *6 (1st Cir. BAP 2019) (quoting *Synovus Bank v. Brooks* (*In re Brooks*), 488 B.R. 483, 490 (Bankr. N.D. Ga. 2013)). "[F]ailure to confirm a plan itself constitutes cause for dismissing a chapter 11 petition.'" *Id.* (quoting *Aleshire v. Wells Fargo Bank, N.A.*, 589 B.R. 154, 162 (N.D. Ill. 2018)).

Debtor, which has acknowledged it is a single asset real estate debtor, has failed to confirm a plan in the four-month period post-petition. Thus, cause exists to dismiss or convert this case pursuant to § 1112(b)(4)(J). *See In re CCT Communs., Inc.*, 420 B.R. 160, 174 (Bankr. S.D.N.Y. 2009) (finding that movant sustained its burden of proof that cause exists under § 1112(b)(4)(J) when debtor failed to confirm a plan within the statutory deadline).

**C.    There is cause to convert under 11 U.S.C. § 1112(b)(4)(M) because Debtor has no ability to effectuate substantial consummation of a confirmed plan.**

"Inability to effectuate a plan arises where the debtor lacks the capacity to 'formulate a plan or carry one out.'" *Hall v. Vance*, 887 F.2d 1041, 1044 (10th Cir. 1989); *see, also, In re Blunt*, 236 B.R. 861, 864 (Bankr. M.D. Fla. 1999). As explained above, confirming a Chapter 11 plan would be difficult, if not impossible. Trustee is about to sell Debtor's most valuable asset, Debtor is not engaged in any post-petition business activities, Debtor continues to accrue enormous post-petition fees and expenses, and there is currently no source of income from which to pay such fees and expenses. Given the vastly divergent positions of the various lienholders and creditors in this case, the plan confirmation process could require lengthy negotiations and potentially extensive litigation. The Estate simply does not have the funds to pay professionals to prepare a plan and take it to confirmation.

4843-2717-9236

1   The Estate's creditors will benefit from the conversion as the Trustee believes that he can

2   administer the Estate more cost-effectively in a Chapter 7. Specifically, by converting the case to a

3   Chapter 7 proceeding, Trustee will avoid the administrative expenses associated with confirmation

4   of a Chapter 11 plan. In turn, the Trustee anticipates that this savings will result in a higher

5   distribution to creditors.

6   **D.     Conversion, rather than dismissal, is in the best interests of the**

7   **creditors and the Estate.**

8   Section 1112(b)(1) provides, in relevant part, that "...the court shall convert a case under this

9   chapter to a case under chapter 7 or dismiss a case under this chapter, *whichever is in the best*

10  *interests of creditors and the estate*, for cause ...." 11 U.S.C. § 1112(b)(1). Emphasis added. If cause

11  is established, the decision whether to convert or dismiss the case falls within the sound discretion of

12  the court. *In re Sullivan*, 522 B.R. 604, 612 (9th Cir. B.A.P. 2014) (citing *Mitan v. Duval (In re*

13  *Mitan)*, 573 F.3d 237, 247 (6th Cir.2009)). Thus, "[t]he standard for choosing conversion or

14  dismissal based on 'the best interest of creditors and the estate' implies a balancing test to be applied

15  through case-by-case analysis." *In re Staff Inv. Co*., 146 B.R. at 260.

16  The Ninth Circuit has held that, "when deciding between dismissal and conversion under 11

17  U.S.C. § 1112(b), the court must consider the interests of all of the creditors." *See, In re Owens*, 552

18  F.3d 958, 961 (9th Cir. 2009) (internal quotation omitted) (emphasis in original). "The element of

19  the best interest of the estate focuses upon whether the economic value of the estate is greater inside

20  or outside of bankruptcy…As [a chapter 7] trustee's powers to recover property are generally greater

21  than would be available outside of bankruptcy, *this factor tends to favor conversion where there is*

22  *not continuing revenue-generating activity*." *In re Staff Inv. Co*., 146 B.R. at 261. Emphasis added.

23  In this case, conversion is in the best interests of creditors and the Estate. This case was filed

24  by Debtor after engaging in unsuccessful litigation prior to bankruptcy (which resulted in the

25  appointment of a receiver) and in the face of serious allegations of misconduct against Debtor's

26  principals. *See*, *generally*, Declarations of Marsha A. Houston, Simond Lavian, and Gary Stiffleman

27  in support of Lender's motion for appointment of a Chapter 11 trustee, Dk. Nos. 18, 19, and 21. To

28  the extent possible, the claims that Debtor incurred can and should be paid by the Trustee. If the case

1  were dismissed, litigation would likely continue while Debtor continues to accrue substantial

2  additional debt. Additionally, a foreclosure by Lender which has already recorded a notice of default

3  and notice of sale would potentially result in a number of lien creditors becoming unsecured which

4  would dilute the estate's unsecured creditor body.

5        **E.    The Estate's professionals should continue their representation of the**

6        **Estate upon conversion.**

7        While the conversion of a case to a different chapter automatically terminates a trustee's

8  service, "a trustee may continue serving the estate until further order of the court if necessary to

9  preserve the assets of the estate." *In re Seychelles*, 30 B.R. 75, 76 fn.1 (Bankr. N.D. Tex. 1983)

10  (citing and interpreting *In Re Alpine Lumber and Nursery*, 13 B.R. 977 (D.Bkrtcy.S.D.Ca.1981)); §

11  328(e). It follows that professionals retained by the Trustee to represent the Estate should similarly

12  continue to serve the estate.

13        If upon conversion to Chapter 7, a different trustee is appointed and that trustee chooses to

14  retain substitute professionals, it is within his or her discretion pursuant to 11 U.S.C. §§ 327 or 328.

15  However, if the current Trustee is reappointed post-conversion, he anticipates retaining the same

16  professionals. Specifically, in light of the complexity of the issues that will remain in the case upon

17  conversion, and the professionals' familiarity with these issues, the Trustee believes it would be in

18  the best interest of the Estate to allow the same firms to continue their representation of the Estate.

19  To resolve any ambiguity regarding employment post-conversion, the Trustee requests an order

20  reflecting that the professionals retained by the Trustee to represent the Estate pre-conversion shall

21  continue to represent the Estate post-conversion without the need for further order of the Court. The

22  Trustee suggests that upon conversion, and if he is appointed, the Trustee will file a notice of post-

23  conversion retention of professionals.

24        **F.    The Compromise with the Lender Should Remain Effective**

25        **Notwithstanding any Conversion.**

26        As set forth in the Compromise Motion and as expressly set forth in the settlement agreement

27  between Trustee and Lender, the terms of the settlement, including all releases, allowances of claim,

28  and the like, are to remain effective notwithstanding any conversion of this bankruptcy case.  Trustee

1  has agreed to be bound by the settlement terms, subject to court approval, and the terms of such

2  settlement and Lender's willingness to proceed with the settlement are expressly conditioned on the

3  settlement remaining effective post-conversion and effective as against any successor trustee, if one

4  is appointed.

5  **5.    Conclusion**

6      For all the foregoing reasons, Trustee requests that the Court grant this Motion and enter an

7  order authorizing:

8      1.    Conversion of the case from Chapter 11 to Chapter 7;

9      2.    That the professionals retained by the Trustee to represent the Estate pre-conversion

10  shall continue to represent the Estate post-conversion without the need for further order of the Court;

11  and

12      3.    That the conversion shall not affect the proposed compromise reached with Lender.

13

14  Dated: July 28, 2021                    MARSHACK HAYS LLP

15

16                          By:  _/s/ Chad V. Haes_____
                                D. EDWARD HAYS
17                              CHAD V. HAES
                                Attorneys for Chapter 11 Trustee,
18                              Richard A. Marshack

19

20

21

22

23

24

25

26

27

28

TRUSTEE'S MOTION TO CONVERT CHAPTER 11 TO 7

4843-2717-9236

# Declaration of Richard A. Marshack

I, RICHARD A. MARSHACK, declare and state:

1.      I am the duly-appointed Chapter 11 Trustee of the bankruptcy estate ("Estate") of Glenroy Coachella, LLC ("Debtor"). The matters stated below are within my own knowledge or information and, if called upon to testify, I could and would competently testify thereto.

2.      I make this declaration in support of my Motion to Convert Chapter 11 Case to One Under Chapter 7 Pursuant to 11 U.S.C. §1112(b) ("Motion.")

3.      I reviewed the docket in this case prior to execution of this Declaration to refresh my memory as to the dates on which particular documents were filed.

4.      On February 15, 2021, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. A true and correct copy of this Court's webPACER Docket for Case No. 2:21-bk-11188-BB as of July 28, 2021, is attached here as Exhibit "1."

5.      On March 19, 2021, as Dk. No. 126, the Court entered an order approving the United States Trustee's application for the appointment of a Chapter 11 Trustee.

6.      Since my appointment, my professionals and I have investigated and spent hundreds of hours conducting due diligence analyzing whether there was any value to be realized from the real property scheduled by Debtor as being located at and commonly known as 84-141 Avenue 48, Coachella, California ("Real Property").

7.      Debtor owns approximately 70.5% of the Real Property as a tenant-in-common with three other non-debtor entities ("TICs") and a 100% interest in the hotel development project. To facilitate a sale of the Real Property, the other approximate 29.5% of the Real Property has been deeded to me. The deeds were recorded on July 2, 2021, and the Court entered an order approving the TIC Agreement on July 28, 2021.

8.      The Real Property is encumbered by California Statewide Communities Development Authority ("PACE") liens against the Real Property ("PACE Liens") and Mello Roos assessments by the Community Facilities District No. 2005 ("Mello Roos Assessments") which total approximately $11,400,000. The PACE Liens and Mello Roos Assessments are in first priority along

1  with delinquent real property taxes in the approximate amount of $688,477. A true and correct copy

2  of recent Preliminary Title Reports ("PTRs") for the five parcels are attached hereto as Exhibits "2-

3  6."

4      9.    There are approximately 33 mechanic's liens totaling approximately $9 million that

5  have been recorded against the Real Property ("Mechanic's Liens"), and at least thirteen *lis pendens*

6  related to pending lawsuits have been recorded ("Lis Pendens").

7      10.    There is also a deed of trust held by U.S. Real Estate Credit Holdings III-A

8  ("Lender"), which has filed a secured proof of claim in the amount of $30,878,944.46 ("Lender

9  Lien"). Certificates of Indebtedness were recorded against the Real Property by the Receiver and in

10  favor of Lender totaling $2,406,718.57 ("Certificates"). I am informed that additional Receiver's

11  Certificates have been issued and, although not recorded, are of super-priority status against any

12  non-Debtor interests in accordance with the order appointment the receiver in the state court action

13  which remains pending.

14      11.    There are ongoing disputes between the holders of the Mechanic's Liens and Lender

15  regarding whose liens have priority.

16      12.    Lastly, there is a judgment in the amount of $94,275.04 recorded against the Real

17  Property on August 29, 2019, related to a U.S. District Court lawsuit entitled *Silhouette Outdoor*

18  *Furniture, Inc. v. Glenroy Coachella, LLC*, Case No. EDCV 19-00373-CJC(KKx) ("Silhouette

19  Lien").

20      13.    I have met with a number of parties potentially interested in purchasing the Real

21  Property. To date, I have a signed letter of intent with a prospective purchaser and am working on

22  finalizing a purchase and sale agreement. I expect to file a motion to approve a proposed sale prior to

23  the hearing on this motion. Under my proposed agreement with Lender, it will consent to a sale free

24  and clear of its lien upon satisfaction of certain conditions including a minimum cash payment and a

25  closing on or before September 30, 2021.

26      14.    I have spent considerable time investigating and analyzing the anticipated costs to

27  complete construction of the Hotel and the Project. To that end, my professionals and I have

28  interviewed Mr. Lyle of Coldwell Banker and Mr. Reay of Atlas Hospitality who specialize in the

TRUSTEE'S MOTION TO CONVERT CHAPTER 11 TO 7

1  marketing of similar hotel projects in the Coachella Valley. I assessed the market report for

2  Coachella Valley hotel comparables obtained from Coldwell Banker.

3      15.    Based on the information provided by Mr. Lyle and Mr. Reay, it appeared that there

4  was little to no equity in the Property based on the amount of recorded liens. Moreover, given the

5  lack of liquid assets in the Estate, I have concluded that the Estate is not in a position to finance the

6  completion of construction. As such, the sale of the Real Property and hotel project is the best course

7  of action for the Estate because Lender has agreed to a release price that I believe will allow me to

8  sell the property free and clear of liens. If that transaction is concluded, tens of millions of dollars of

9  debt against the Estate will be eliminated.

10     16.    Debtor has no money, but the estate continues to incur substantial post-petition fees,

11  administrative expenses, and real property taxes. Quarterly fees payable to the Office of the United

12  States Trustee ("UST") also continue to accrue.

13     17.    The number and amount of secured claims recorded against the Real Property create

14  the real possibility that the Estate will not realize sufficient funds post-sale to pay administrative

15  expenses in full. My retained professionals and I are accepting this risk in order to attempt to get

16  secured claims paid and minimize claims against the Estate that can be paid from potential

17  avoidance actions.

18     18.    To date, Lender has been footing the bill to maintain the Property, including upkeep,

19  taxes, and insurance. I am informed and believe that Lender has accrued at least $400,000 in

20  administrative expenses and continues to accrue ongoing costs of approximately $130,000 per month

21  to preserve and protect the Property, exclusive of real estate taxes and without accounting for

22  professional fees and legal fees.

23     19.    There is no reason for the Estate to continue to incur the additional administrative

24  cost of being in a Chapter 11 proceeding nor to seek confirmation of a liquidating Chapter 11 plan.

25     20.    There is no likelihood, let alone a reasonable likelihood, of rehabilitating this Debtor.

26     21.    So long as this Debtor remains in Chapter 11, it must continue to prepare monthly

27  operating reports and pay quarterly fees. These administrative costs are unnecessary and only serve

28  to diminish the Estate.

22.    To ensure that the interests of Debtor and the Estate are furthered, and assets are safeguarded for the benefit of creditors, the case should be converted to one under Chapter 7.

23.    I declare that the foregoing is true and correct under the penalty of perjury. Executed July 28, 2021.

RICHARD A. MARSHACK

TRUSTEE'S MOTION TO CONVERT CHAPTER 11 TO 7

4843-2717-9236

**EXHIBIT 1**

7/28/2021                    CM/ECF - U.S. Bankruptcy Court (v1.5.3 - LIVE)

**DsclsDue, PlnDue**

# U.S. Bankruptcy Court
## Central District of California (Los Angeles)
### Bankruptcy Petition #: 2:21-bk-11188-BB

|  |  |
|---|---|
| *Date filed:* | 02/15/2021 |
| *341 meeting:* | 09/10/2021 |
| *Deadline for filing claims:* | 04/30/2021 |
| *Deadline for filing claims (govt.):* | 08/24/2021 |
| *Deadline for objecting to discharge:* | 05/17/2021 |

*Assigned to:* Sheri Bluebond
Chapter 11
Voluntary
Asset

**Debtor**
**Glenroy Coachella, LLC**
1801 S. La Cienega Blvd., Suite 301
Los Angeles, CA 90035
LOS ANGELES-CA
Tax ID / EIN: 26-1262028

represented by **Crystle Jane Lindsey**
Weintraub & Selth, APC
11766 Wilshire Blvd.
Suite 1170
Los Angeles, CA 90025
(310) 207-1494
Fax : (310) 442-0660
Email: crystle@wsrlaw.net

**James R Selth**
Weintraub & Selth APC
11766 Wilshire Blvd Ste 1170
Los Angeles, CA 90025
310-207-1494
Fax : 310-442-0660
Email: jim@wsrlaw.net

**Daniel J Weintraub**
Weintraub and Selth APC
11766 Wilshire Blvd Ste 1170
Los Angeles, CA 90025-6553
310-207-1494
Fax : 310-442-0660
Email: dan@wsrlaw.net

**Trustee**
**Richard A Marshack (TR)**
Marshack Hays LLP
870 Roosevelt
Irvine, CA 92620
949-333-7777

represented by **Chad V Haes**
Marshack Hays LLP
870 Roosevelt Ave
Irvine, CA 92620
949-333-7777
Fax : 949-333-7778
Email: chaes@marshackhays.com

**D Edward Hays**
Marshack Hays LLP
870 Roosevelt Ave
Irvine, CA 92620
949-333-7777
Fax : 949-333-7778

EXHIBIT 1, PAGE 16

Email: ehays@marshackhays.com

| | |
|---|---|
| **U.S. Trustee**<br>**United States Trustee (LA)**<br>915 Wilshire Blvd, Suite 1850<br>Los Angeles, CA 90017<br>(213) 894-6811 | represented by **Eryk R Escobar**<br>Office of the United States<br>Trustee<br>915 Wilshire Blvd., Suite 1850<br>Los Angeles, CA 90017<br>202-934-4168<br>Fax : 213-894-2603<br>Email: eryk.r.escobar@usdoj.gov |
| | **Kenneth G Lau**<br>Office of the United States<br>Trustee<br>125 Ottawa Avenue NW<br>Suite 200R<br>Grand Rapids, MI 49503<br>616-456-2002<br>Fax : 616-456-2550<br>Email: kenneth.g.lau@usdoj.gov<br>*TERMINATED: 02/23/2021* |
| **Creditor Committee**<br>**Committee of Unsecured Creditors,** *Committee of*<br>*Unsecured Creditors* | represented by **Daren Brinkman**<br>4333 Pk Terr Dr Ste 205<br>Westlake Village, CA 91361<br>818-597-2992<br>Email: office@brinkmanlaw.com |

| Filing Date | # | Docket Text |
|---|---|---|
| 02/15/2021 | 1<br>(34 pgs; 2 docs) | Chapter 11 Voluntary Petition Non-Individual. Fee Amount $1738 Filed by Glenroy Coachella, LLC Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due 03/1/2021. Schedule A/B: Property (Form 106A/B or 206A/B) due 03/1/2021. Schedule C: The Property You Claim as Exempt (Form 106C) due 03/1/2021. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due 03/1/2021. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due 03/1/2021. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due 03/1/2021. Schedule H: Your Codebtors (Form 106H or 206H) due 03/1/2021. Declaration Under Penalty of Perjury for Non-Individual Debtors (Form 202) due 03/1/2021. Statement of Financial Affairs (Form 107 or 207) due 03/1/2021. Incomplete Filings due by 03/1/2021. (Weintraub, Daniel) WARNING: CASE IS NOT DEFICIENT FOR: Schedule C (Form 106C) as this document is not required in a Chapter 11 Non-Individual Case; Modified on 2/16/2021 (Jackson, Wendy Ann). (Entered: 02/15/2021) |
| 02/15/2021 | 2<br>(3 pgs) | Statement of Corporate Ownership filed. Corporate parents added to case: Glenroy Coachella Holdings, LLC. Filed by Debtor Glenroy Coachella, LLC. (Weintraub, Daniel) (Entered: 02/15/2021) |
| 02/16/2021 | | Receipt of Voluntary Petition (Chapter 11)(2:21-bk-11188) [misc,volp11] (1738.00) Filing Fee. Receipt number 52469470. Fee amount 1738.00. (re: Doc# 1) (U.S. Treasury) (Entered: 02/16/2021) |

EXHIBIT 1, PAGE 17

| 02/16/2021 | 3 | Notice to Filer of Correction Made/No Action Required: **Incorrect schedules /statements recorded as deficient. THE PROPER DEFICIENCY HAS BEEN ISSUED. CASE IS NOT DEFICIENT FOR: Schedule C (Form 106C);** (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Glenroy Coachella, LLC) (Jackson, Wendy Ann) (Entered: 02/16/2021) |
| 02/16/2021 | 4<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Selth, James. (Selth, James) (Entered: 02/16/2021) |
| 02/16/2021 | 5<br>(4 pgs) | Order setting initial status conference in chapter 11 case (BNC-PDF) Signed on 2/16/2021 (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Glenroy Coachella, LLC). Status hearing to be held on 4/7/2021 at 10:00 AM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond Initial Status Conference Report Due By 3/24/2021. (Jackson, Wendy Ann) (Entered: 02/16/2021) |
| 02/16/2021 | 6 | Hearing Set (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Glenroy Coachella, LLC) Status hearing to be held on 4/7/2021 at 10:00 AM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond (Jackson, Wendy Ann) (Entered: 02/16/2021) |
| 02/16/2021 | 7<br>(2 pgs) | Meeting of Creditors 341(a) meeting to be held on 3/16/2021 at 09:00 AM at UST-LA2, TELEPHONIC MEETING. CONFERENCE LINE:1-866-816-0394, PARTICIPANT CODE:5282999. Last day to oppose discharge or dischargeability is 5/17/2021. (Ventura, Olivia) (Entered: 02/16/2021) |
| 02/16/2021 | 8<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Tippie, Alan. (Tippie, Alan) (Entered: 02/16/2021) |
| 02/16/2021 | 9<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Horoupian, Mark. (Horoupian, Mark) (Entered: 02/16/2021) |
| 02/17/2021 | 10<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Kogan, Michael. (Kogan, Michael) (Entered: 02/17/2021) |
| 02/17/2021 | 11<br>(3 pgs) | Notice *of Appearance and Request for Special Notice* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP. (Houston, Marsha) (Entered: 02/17/2021) |
| 02/17/2021 | 12 | Notice to Filer of Error and/or Deficient Document **Incorrect docket event was used to file this document. The correct docket event is: Notice of Appearance and Request for Notice; THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT USING THE CORRECT DOCKET EVENT.** (RE: related document(s)11 Notice filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) (Jackson, Wendy Ann) (Entered: 02/17/2021) |
| 02/17/2021 | 13<br>(27 pgs) | Application to Employ Weintraub & Selth, APC as General Bankruptcy Counsel *Notice of Opportunity to Request Hearing on Motion and Application of Chapter 11 Debtor and Debtor in Possession to Employ Weintraub & Selth, APC, as General Bankruptcy Counsel Effective February 15, 2021; Declarations of Daniel J. Weintraub and Stuart Rubin in Support Thereof* Filed by Debtor Glenroy Coachella, LLC (Weintraub, Daniel) (Entered: 02/17/2021) |

| 02/17/2021 | [14](#)<br>(2 pgs) | Notice of Appearance and Request for Notice by Debra Riley Filed by Creditor California Statewide Communities Development Authority. (Riley, Debra) (Entered: 02/17/2021) |
|---|---|---|
| 02/17/2021 | [15](#)<br>(8 pgs) | Motion to Set Last Day to File Proofs of Claim Filed by Debtor Glenroy Coachella, LLC (Lindsey, Crystle) (Entered: 02/17/2021) |
| 02/17/2021 | [16](#)<br>(25 pgs) | Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 02/17/2021) |
| 02/17/2021 | [17](#)<br>(4 pgs) | Notice of Hearing *Notice of Motion for Appointment of a Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)[16](#) Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Rivas, Christopher) (Entered: 02/17/2021) |
| 02/17/2021 | [18](#)<br>(153 pgs) | Declaration re: *Declaration of Marsha A. Houston In Support of Motion for the Appointment of a Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)[17](#) Notice of Hearing). (Rivas, Christopher). Related document(s) [16](#) Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP. Modified on 2/18/2021 to relate the document to the motion; (Jackson, Wendy Ann). (Entered: 02/17/2021) |
| 02/17/2021 | [19](#)<br>(243 pgs) | Declaration re: *Declaration of Simond Lavian In Support of Motion for the Appointment of a Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)[17](#) Notice of Hearing). (Rivas, Christopher). Related document(s) [16](#) Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP. Modified on 2/18/2021 to relate the document to the motion; (Jackson, Wendy Ann). (Entered: 02/17/2021) |
| 02/17/2021 | [20](#)<br>(63 pgs) | Declaration re: *Declaration of Edwin Leslie In Support of Motion for the Appointment of a Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)[17](#) Notice of Hearing). (Rivas, Christopher). Related document(s) [16](#) Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP. Modified on 2/18/2021 to relate the document to the motion; (Jackson, Wendy Ann). (Entered: 02/17/2021) |
| 02/17/2021 | [21](#)<br>(6 pgs) | Declaration re: *Declaration of Gary Stiffelman In Support of Motion for the Appointment of a Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)[17](#) Notice of Hearing). (Rivas, Christopher). Related document(s) [16](#) Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP. Modified on 2/18/2021 to relate the document to the motion; (Jackson, Wendy Ann). (Entered: 02/17/2021) |
| 02/17/2021 | [22](#)<br>(15 pgs) | Declaration re: *Declaration of Alan G. Tippie* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)[17](#) Notice of Hearing). (Rivas, Christopher). Related document(s) [16](#) Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP. Modified on |

EXHIBIT 1, PAGE 19

| | | |
|---|---|---|
| | | 2/18/2021 to relate the document to the motion; (Jackson, Wendy Ann). (Entered: 02/17/2021) |
| 02/18/2021 | 23 | Hearing Set (RE: related document(s)16 Motion to Appoint Trustee filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) The Hearing date is set for 3/10/2021 at 10:00 AM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond (Jackson, Wendy Ann) (Entered: 02/18/2021) |
| 02/18/2021 | 24 (10 pgs) | Emergency motion *EMERGENCY MOTION OF DEBTOR FOR ORDER TO CONTINUE THE HEARING ON THE MOTION TO APPOINT CHAPTER 11 TRUSTEE; SUPPORTING DECLARATION OF DANIEL J. WEINTRAUB* Filed by Debtor Glenroy Coachella, LLC (Weintraub, Daniel). Related document(s) 16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP. Modified on 2/19/2021 to properly relate the document to the motion; (Jackson, Wendy Ann). (Entered: 02/18/2021) |
| 02/18/2021 | 25 (7 pgs) | BNC Certificate of Notice (RE: related document(s)7 Meeting of Creditors Chapter 11 (Corporations or Partnerships) (309F1)) No. of Notices: 132. Notice Date 02/18/2021. (Admin.) (Entered: 02/18/2021) |
| 02/18/2021 | 26 (2 pgs) | BNC Certificate of Notice (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Glenroy Coachella, LLC) No. of Notices: 1. Notice Date 02/18/2021. (Admin.) (Entered: 02/18/2021) |
| 02/18/2021 | 27 (6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)5 Order setting initial status conference in chapter 11 case (BNC-PDF)) No. of Notices: 1. Notice Date 02/18/2021. (Admin.) (Entered: 02/18/2021) |
| 02/19/2021 | 28 | Notice to Filer of Error and/or Deficient Document **Incorrect docket event was used to file this document. The correct docket event is: Continue Hearing/Reschedule Hearing (motion) and filer should not type in secondary text all Capital letters. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT USING THE CORRECT DOCKET EVENT.** (RE: related document(s)24 Emergency motion filed by Debtor Glenroy Coachella, LLC) (Jackson, Wendy Ann) (Entered: 02/19/2021) |
| 02/19/2021 | 29 (10 pgs) | Motion to Continue Hearing On (related documents 16 Motion to Appoint Trustee) *Emergency Motion of Debtor for Order to Continue the Hearing on the Motion to Appoint Chapter 11 Trustee* Filed by Debtor Glenroy Coachella, LLC (Weintraub, Daniel) (Entered: 02/19/2021) |
| 02/19/2021 | 30 (16 pgs) | Objection (related document(s): 24 Emergency motion *EMERGENCY MOTION OF DEBTOR FOR ORDER TO CONTINUE THE HEARING ON THE MOTION TO APPOINT CHAPTER 11 TRUSTEE; SUPPORTING DECLARATION OF DANIEL J. WEINTRAUB* filed by Debtor Glenroy Coachella, LLC) *Objection to Emergency Motion of Debtor for Order to Continue the Hearing on the Motion to Appoint Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher). Related document(s) 29 Motion to Continue Hearing On (related documents 16 Motion to Appoint Trustee) *Emergency Motion of Debtor for Order to Continue the Hearing on the Motion to Appoint Chapter 11 Trustee* filed by Debtor Glenroy Coachella, LLC. Modified on 2/19/2021 to relate the document to the correct motion filed; (Jackson, Wendy Ann). (Entered: 02/19/2021) |

| | | |
|---|---|---|
| 02/19/2021 | 31<br>(2 pgs) | Order 1) Denying Debtor's Emergency Motion for order to continue the hearing on the Motion to Appoint Chapter 11 Trustee and (ii) extending the deadlines to file oppositions and replies to the Motion to Appoint Chapter 11 Trustee; ORDERED that the Motion is Denied; Debtor may have until 3/3/21 to file an opposition and Movant may have until 12:00pm on 3/8/21 to serve/file a reply; (BNC-PDF) (Related Doc # 24 and 29) Signed on 2/19/2021 (Jackson, Wendy Ann). Related document(s) 29 Motion to Continue Hearing On (related documents 16 Motion to Appoint Trustee) *Emergency Motion of Debtor for Order to Continue the Hearing on the Motion to Appoint Chapter 11 Trustee* filed by Debtor Glenroy Coachella, LLC. Modified on 2/19/2021 (Jackson, Wendy Ann). (Entered: 02/19/2021) |
| 02/19/2021 | 32<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Laquer, Timothy. (Laquer, Timothy) (Entered: 02/19/2021) |
| 02/21/2021 | 33<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)31 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 02/21/2021. (Admin.) (Entered: 02/21/2021) |
| 02/23/2021 | 34<br>(5 pgs) | Addendum to voluntary petition *Amended Petition to Designate as Single Asset Real Estate* Filed by Debtor Glenroy Coachella, LLC. (Selth, James) (Entered: 02/23/2021) |
| 02/23/2021 | 35<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Djang, Caroline. (Djang, Caroline) (Entered: 02/23/2021) |
| 02/23/2021 | 36<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Rallis, Dean. (Rallis, Dean) (Entered: 02/23/2021) |
| 02/23/2021 | 37<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Pham, Matthew. (Pham, Matthew) (Entered: 02/23/2021) |
| 02/23/2021 | 38<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Lerner, Leib. (Lerner, Leib) (Entered: 02/23/2021) |
| 02/23/2021 | 39<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Harris, Douglas. (Harris, Douglas) (Entered: 02/23/2021) |
| 02/23/2021 | 40<br>(4 pgs) | Notice of Appearance and Request for Notice by Steven M Berman Filed by Interested Party EFO Financial Group LLC. (Berman, Steven) (Entered: 02/23/2021) |
| 02/23/2021 | 41<br>(13 pgs) | Motion *Application for Order Setting Hearing on Shortened Notice [LBR 9075-1(b)]* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 02/23/2021) |
| 02/23/2021 | 42<br>(13 pgs) | Motion *to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 02/23/2021) |
| 02/23/2021 | 43<br>(111 pgs) | Declaration re: *Declaration of Edwin Leslie In Support of Motion to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)42 Motion *to Excuse State* |

EXHIBIT 1, PAGE 21

| | | |
|---|---|---|
| | | *Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities*). (Rivas, Christopher) (Entered: 02/23/2021) |
| 02/23/2021 | [44](#)<br>(7 pgs) | Application shortening time *Application for Order Setting Hearing On Shortened Notice [LBR 9075-1(b)]* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher). Related document(s) [42](#) Motion *to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP. Modified on 2/24/2021 to relate the document to the motion; (Jackson, Wendy Ann). (Entered: 02/23/2021) |
| 02/23/2021 | [45](#)<br>(7 pgs) | Notice of lodgment *of Order in Bankruptcy Case Re: Order Granting Application and Setting Hearing on Shortened Notice* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)[44](#) Application shortening time *Application for Order Setting Hearing On Shortened Notice [LBR 9075-1(b)]*). (Rivas, Christopher) (Entered: 02/23/2021) |
| 02/23/2021 | [46](#)<br>(5 pgs) | Objection (related document(s): [44](#) Application shortening time *Application for Order Setting Hearing On Shortened Notice [LBR 9075-1(b)]* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) Filed by Debtor Glenroy Coachella, LLC (Lindsey, Crystle) (Entered: 02/23/2021) |
| 02/24/2021 | 47 | Notice to Filer of Error and/or Deficient Document **Incorrect docket event was used to file this document. The correct docket event is: Shortening time (motion)THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT USING THE CORRECT DOCKET EVENT.** (RE: related document(s)[41](#) Generic Motion filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) (Jackson, Wendy Ann) (Entered: 02/24/2021) |
| 02/24/2021 | [48](#)<br>(5 pgs) | Order Granting Application and Setting hearing on shortened notice re: Motion to Excuse State Court Receiver, Edwin Leslie, from turnover of assets under 11 USC Section 543; (BNC-PDF); ORDERED that the hearing is set for: MARCH 10, 2021 @ 10AM; (Related Doc # [44](#) ) Signed on 2/24/2021 (Jackson, Wendy Ann) (Entered: 02/24/2021) |
| 02/24/2021 | 49 | Hearing Set (RE: related document(s)[42](#) Generic Motion filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) The Hearing date is set for 3/10/2021 at 10:00 AM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond (Jackson, Wendy Ann) (Entered: 02/24/2021) |
| 02/24/2021 | [50](#)<br>(137 pgs) | Notice of Hearing Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)[42](#) Motion *to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Rivas, Christopher) (Entered: 02/24/2021) |
| 02/24/2021 | [51](#)<br>(3 pgs) | Notice of Appearance and Request for Notice by Daren Brinkman Filed by Creditor Saxon Engineering Services Inc.. (Brinkman, Daren) (Entered: 02/24/2021) |
| 02/25/2021 | [52](#) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Doling, |

| | | |
|---|---|---|
| | (1 pg) | Jenny. (Doling, Jenny) (Entered: 02/25/2021) |
| 02/25/2021 | 53<br>(2 pgs) | Order Granting Motion To Set Last Day To File Proofs of Claim (BNC-PDF) (Related Doc # 15) Signed on 2/25/2021. Proofs of Claims due by 4/30/2021. Government Proof of Claim due by 8/24/2021. (Jackson, Wendy Ann) (Entered: 02/25/2021) |
| 02/25/2021 | 54<br>(10 pgs) | Notice of Bar Date for Filing Proofs of Claim in a Chapter 11 Filed by Debtor Glenroy Coachella, LLC. (Lindsey, Crystle) (Entered: 02/25/2021) |
| 02/25/2021 | 55<br>(3 pgs) | Request for courtesy Notice of Electronic Filing (NEF) Filed by OKeefe, Sean. (OKeefe, Sean) (Entered: 02/25/2021) |
| 02/26/2021 | 56<br>(7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)48 ORDER shortening time (BNC-PDF)) No. of Notices: 1. Notice Date 02/26/2021. (Admin.) (Entered: 02/26/2021) |
| 02/27/2021 | 57<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)53 Order on Motion To Set Last Day to File Proofs of Claim (BNC-PDF)) No. of Notices: 1. Notice Date 02/27/2021. (Admin.) (Entered: 02/27/2021) |
| 03/01/2021 | 58<br>(51 pgs) | Declaration Under Penalty of Perjury for Non-Individual Debtors (Official Form 202) , Schedule A/B Non-Individual: Property (Official Form 106A/B or 206A/B) , Schedule D Non-Individual: Creditors Who Have Claims Secured by Property (Official Form 106D or 206D) , Schedule E/F Non-Individual: Creditors Who Have Unsecured Claims (Official Form 106F or 206F) , Schedule G Non-Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Schedule H Non-Individual: Your Codebtors (Official Form 106H or 206H) , Statement of Financial Affairs for Non-Individual Filing for Bankruptcy (Official Form 107 or 207) , Disclosure of Compensation of Attorney for Debtor (Official Form 2030) Filed by Debtor Glenroy Coachella, LLC (RE: related document(s)1 Voluntary Petition (Chapter 11)). (Lindsey, Crystle) (Entered: 03/02/2021) |
| 03/02/2021 | 59<br>(10 pgs) | Notice of Perfection Filed by Creditor Doug Wall Construction. (Djang, Caroline) (Entered: 03/02/2021) |
| 03/02/2021 | 60<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Shulman, Leonard. (Shulman, Leonard) (Entered: 03/02/2021) |
| 03/03/2021 | 61<br>(7 pgs) | Objection (related document(s): 16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 19 Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) *Debtors Evidentiary Objections to Declaration of Simond Lavian* Filed by Debtor Glenroy Coachella, LLC (Selth, James) (Entered: 03/03/2021) |
| 03/03/2021 | 62<br>(7 pgs) | Objection (related document(s): 16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 20 Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) *Debtors Evidentiary Objections to Declaration of Edwin Leslie* Filed by Debtor Glenroy Coachella, LLC (Selth, James) (Entered: 03/03/2021) |
| 03/03/2021 | 63 | Objection (related document(s): 16 Motion to Appoint Trustee *Motion for |

| | | |
|---|---|---|
| | (7 pgs) | *the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 21 Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) *Debtors Evidentiary Objections to Declaration of Gary Stiffelman* Filed by Debtor Glenroy Coachella, LLC (Selth, James) (Entered: 03/03/2021) |
| 03/03/2021 | 64 (5 pgs) | Objection (related document(s): 16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 22 Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) *Debtors Evidentiary Objections to Declaration of Alan G. Tippie* Filed by Debtor Glenroy Coachella, LLC (Selth, James) (Entered: 03/03/2021) |
| 03/03/2021 | 65 (88 pgs; 2 docs) | Opposition to (related document(s): 16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) Filed by Interested Party Stuart Rubin (Attachments: # 1 Affidavit Declaration of Sean A. OKeefe In Support of Opposition) (OKeefe, Sean) (Entered: 03/03/2021) |
| 03/03/2021 | 66 (19 pgs) | Opposition to (related document(s): 16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) Filed by Debtor Glenroy Coachella, LLC (Weintraub, Daniel) (Entered: 03/03/2021) |
| 03/03/2021 | 67 (67 pgs) | Declaration re: *Declaration of Joseph Rubin In Support of Opposition to Motion to Appoint Trustee Motion for the Appointment of a Chapter 11 Trustee* Filed by Debtor Glenroy Coachella, LLC (RE: related document(s)66 Opposition). (Weintraub, Daniel) (Entered: 03/03/2021) |
| 03/03/2021 | 68 (24 pgs) | Declaration re: *Declaration of Laurence Berman In Support of Opposition to Motion to Appoint Chapter 11 Trustee* Filed by Debtor Glenroy Coachella, LLC (RE: related document(s)66 Opposition). (Weintraub, Daniel) (Entered: 03/03/2021) |
| 03/03/2021 | 69 (41 pgs) | Declaration re: *Declaration of Renzo Renzi In Support of Opposition to Motion to Appoint Chapter 11 Trustee* Filed by Debtor Glenroy Coachella, LLC (RE: related document(s)66 Opposition). (Weintraub, Daniel) (Entered: 03/03/2021) |
| 03/03/2021 | 70 (430 pgs) | Declaration re: *Declaration of Dana Barbera In Support of Opposition to Motion to Appoint Chapter 11 Trustee* Filed by Debtor Glenroy Coachella, LLC (RE: related document(s)66 Opposition). (Weintraub, Daniel) (Entered: 03/03/2021) |
| 03/03/2021 | 71 (8 pgs) | Declaration re: *Declaration of Steven Bram In Support of Opposition to Motion to Appoint Chapter 11 Trustee* Filed by Debtor Glenroy Coachella, LLC (RE: related document(s)66 Opposition). (Weintraub, Daniel) (Entered: 03/03/2021) |
| 03/03/2021 | 72 (6 pgs) | Declaration re: *Declaration of Ian Waddell In Support of Opposition to Motion to Appoint Chapter 11 Trustee* Filed by Debtor Glenroy Coachella, LLC (RE: related document(s)66 Opposition). (Weintraub, Daniel) (Entered: 03/03/2021) |
| 03/03/2021 | 73 (13 pgs) | Opposition to (related document(s): 42 Motion to *Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities* filed by Creditor U.S. Real |

CM/ECF - U.S. Bankruptcy Court (v1.5.3 - LIVE)

| | | |
|---|---|---|
| | | Estate Credit Holdings III-A, LP) Filed by Debtor Glenroy Coachella, LLC (Weintraub, Daniel) (Entered: 03/03/2021) |
| 03/03/2021 | [74](#) (18 pgs) | Declaration re: *Declaration of Stuart Rubin In Support of Opposition to Motion to Appoint Chapter 11 Trustee* Filed by Debtor Glenroy Coachella, LLC (RE: related document(s)[73](#) Opposition). (Weintraub, Daniel) (Entered: 03/03/2021) |
| 03/03/2021 | [75](#) (414 pgs) | Exhibit *Exhibits 1 through 4 In Support of Declaration of Stuart Rubin* Filed by Debtor Glenroy Coachella, LLC (RE: related document(s)[74](#) Declaration). (Weintraub, Daniel) (Entered: 03/03/2021) |
| 03/03/2021 | [76](#) (130 pgs) | Exhibit *Exhibits 5 Through 14 In Support of Declaration of Stuart Rubin* Filed by Debtor Glenroy Coachella, LLC (RE: related document(s)[74](#) Declaration). (Weintraub, Daniel) (Entered: 03/03/2021) |
| 03/04/2021 | 77 | Notice to Filer of Error and/or Deficient Document **Incorrect/incomplete/unreadable PDF was attached to the docket entry. No proof of service provided and All documents filed with the court must have a pleading cover sheet that includes debtor's name, case number and title of document. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE CORRECT PDF IMMEDIATELY.** (RE: related document(s)[74](#) Declaration filed by Debtor Glenroy Coachella, LLC, [75](#) Exhibit filed by Debtor Glenroy Coachella, LLC, [76](#) Exhibit filed by Debtor Glenroy Coachella, LLC) (Pennington-Jones, Patricia) (Entered: 03/04/2021) |
| 03/04/2021 | [78](#) (78 pgs) | Declaration re: *Sean A. OKeefe In Opposition To Motion* Filed by Interested Party Stuart Rubin (RE: related document(s)[42](#) Motion *to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities*). (OKeefe, Sean) (Entered: 03/04/2021) |
| 03/04/2021 | [79](#) (417 pgs) | Exhibit *Exhibits 1 Through 3 for Declaration of Stuart Rubin in Support of Debtor's Opposition to Motion for the Appointment of Chapter 11 Trustee* Filed by Debtor Glenroy Coachella, LLC (RE: related document(s)[74](#) Declaration). (Weintraub, Daniel) (Entered: 03/04/2021) |
| 03/04/2021 | [80](#) (133 pgs) | Exhibit *Exhibits 4 Through 15 for Declaration of Stuart Rubin in Support of Debtor's Opposition to Motion for the Appointment of Chapter 11 Trustee* Filed by Debtor Glenroy Coachella, LLC (RE: related document(s)[74](#) Declaration). (Weintraub, Daniel) (Entered: 03/04/2021) |
| 03/04/2021 | [81](#) (21 pgs) | Opposition to (related document(s): [16](#) Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, [66](#) Opposition filed by Debtor Glenroy Coachella, LLC) *Refiled with Table of Contents and Table of Authorities* Filed by Debtor Glenroy Coachella, LLC (Weintraub, Daniel) (Entered: 03/04/2021) |
| 03/05/2021 | 82 | Request for a Certified Copy Fee Amount $11. The document will be sent via email to :gabby@wsrlaw.net: Filed by Debtor Glenroy Coachella, LLC (RE: related document(s)[1](#) Voluntary Petition (Chapter 11)). (Lindsey, Crystle) (Entered: 03/05/2021) |
| 03/05/2021 | | Receipt of Request for a Certified Copy(2:21-bk-11188-BB) [misc,paycert] ( 11.00) Filing Fee. Receipt number 52560094. Fee amount |

EXHIBIT 1, PAGE 25

| | | 11.00. (re: Doc# 82 ) (U.S. Treasury) (Entered: 03/05/2021) |
|---|---|---|
| 03/05/2021 | 83 | Certified Copy Emailed to gabby@wsrlaw.net (Entered: 03/05/2021) |
| 03/05/2021 | 84 (5 pgs) | Notice *of Joinder and Joinder* Filed by Creditor Doug Wall Construction (RE: related document(s)66 Opposition to (related document(s): 16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) Filed by Debtor Glenroy Coachella, LLC). (Djang, Caroline) (Entered: 03/05/2021) |
| 03/08/2021 | 85 (6 pgs) | Reply to (related document(s): 42 Motion *to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 73 Opposition filed by Debtor Glenroy Coachella, LLC) Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Houston, Marsha) (Entered: 03/08/2021) |
| 03/08/2021 | 86 (19 pgs) | Reply to (related document(s): 16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 65 Opposition filed by Interested Party Stuart Rubin, 81 Opposition filed by Debtor Glenroy Coachella, LLC) Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Houston, Marsha) (Entered: 03/08/2021) |
| 03/08/2021 | 87 (46 pgs) | Request for judicial notice *in Support of Motion for Appointment of a Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP. (Houston, Marsha) (Entered: 03/08/2021) |
| 03/08/2021 | 88 (6 pgs) | Notice *of Joinder and Joinder* Filed by Interested Party Gary Stiffelman (RE: related document(s)16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Laquer, Timothy) (Entered: 03/08/2021) |
| 03/08/2021 | 89 (6 pgs) | Notice *of Joinder and Joinder* Filed by Interested Party Gary Stiffelman (RE: related document(s)42 Motion *to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Laquer, Timothy) (Entered: 03/08/2021) |
| 03/08/2021 | 90 (75 pgs) | Declaration re: *of Gary Stiffelman in Support of Joinder to U.S. Real Estate Credit Holdings III-A, LP's Motion for Appointment of a Chapter 11 Trustee and Motion to Excuse State Court Receiver, Edwin Leslie, from Turnover of Assets* Filed by Interested Party Gary Stiffelman (RE: related document(s)16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee*, 42 Motion *to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities*). (Laquer, Timothy) (Entered: 03/08/2021) |
| 03/08/2021 | 91 (14 pgs) | Reply to (related document(s): 19 Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) * *Responses to Evidentiary Objections to Declaration of Simond Lavian* * Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 03/08/2021) |
| 03/08/2021 | 92 (16 pgs) | Reply to (related document(s): 20 Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) * *Responses to Evidentiary Objections* |

| | | |
|---|---|---|
| | | *to Declaration of Edwin Leslie* * Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 03/08/2021) |
| 03/08/2021 | [93](#)<br>(4 pgs) | Reply to (related document(s): [22](#) Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) * *Responses to Evidentiary Objections to Declaration of Alan G. Tippie* * Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 03/08/2021) |
| 03/08/2021 | [94](#)<br>(15 pgs) | Reply to (related document(s): [21](#) Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) * *Responses to Evidentiary Objections to Declaration of Gary Stiffelman* * Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 03/08/2021) |
| 03/08/2021 | [95](#)<br>(16 pgs) | Objection (related document(s): [74](#) Declaration filed by Debtor Glenroy Coachella, LLC) * *Evidentiary Objections to Declaration of Stuart Rubin* * Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 03/08/2021) |
| 03/08/2021 | [96](#)<br>(6 pgs) | Objection (related document(s): [67](#) Declaration filed by Debtor Glenroy Coachella, LLC) * *Evidentiary Objections to Declaration of Joseph Rubin* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 03/08/2021) |
| 03/08/2021 | [97](#)<br>(57 pgs) | Amending Schedules (D) (E/F) *Amended Schedule A/B; Amended Schedule D; Amended Schedule E/F; Amended Schedule G; Amended Schedule H; Amended Disclosure of Compensation of Attorney for Debtor; and Corporate Ownership Statement* Filed by Debtor Glenroy Coachella, LLC. (Weintraub, Daniel) (Entered: 03/08/2021) |
| 03/08/2021 | [98](#)<br>(5 pgs) | Declaration re: *Notice and Service regarding Order Shortening Time* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)[48](#) ORDER shortening time (BNC-PDF)). (Rivas, Christopher) (Entered: 03/08/2021) |
| 03/08/2021 | [99](#)<br>(54 pgs) | Reply to (related document(s): [16](#) Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, [42](#) Motion *to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) *Response Of Edwin W. Leslie, Receiver, To Opposition Of Debtor, A. Stuart Rubin, And Elliott Lander To Motion Of U.S. Real Estate Credit Holdings Iii-A, LP To Appoint Trustee And Motion To Excuse State Court Receiver From Turnover Of Assets Under 11 U.S.C. § 543; Declaration Of Edwin W. Leslie (With Proof of Service)* Filed by Interested Party Edwin W. Leslie, Receiver (Tippie, Alan) (Entered: 03/08/2021) |
| 03/08/2021 | 100 | Notice to Filer of Error and/or Deficient Document<br>**Incorrect/incomplete/unreadable PDF was attached to the docket entry. Filer must select the appropriate box on page 1 of this document to state whether creditors are being added. Filer must select the correct docket event for each document being filed by holding the \<CTRL\> key and selecting each document. Also, a clearly marked supplemental master mailing list (do not repeat any creditors from the original filing) is required as an attachment if creditors are being added and a filing fee must be paid; THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE CORRECT PDF AND SELECTING THE APPROPRIATE** |

EXHIBIT 1, PAGE 27

| | | |
|---|---|---|
| | | **DOCKET EVENTS IMMEDIATELY.** (RE: related document(s)97 Amending Schedules D and/or E/F (Official Form 106D, 106E/F, 206D, or 206E/F) (Fee) filed by Debtor Glenroy Coachella, LLC) (Jackson, Wendy Ann) (Entered: 03/08/2021) |
| 03/09/2021 | 101 (31 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) Filed by Debtor Glenroy Coachella, LLC (RE: related document(s)13 Application to Employ Weintraub & Selth, APC as General Bankruptcy Counsel *Notice of Opportunity to Request Hearing on Motion and Application of Chapter 11 Debtor and Debtor in Possession to Employ Weintraub & Selth, APC, as General Bankruptcy Counsel. (Selth, James) (Entered: 03/09/2021)* |
| 03/09/2021 | 102 (29 pgs) | Amended Schedule A/B Non-Individual: Property (Official Form 106A/B or 206A/B) , Schedule G Non-Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) *Amended*, Schedule H Non-Individual: Your Codebtors (Official Form 106H or 206H) *Amended*, Statement of Financial Affairs for Non-Individual Filing for Bankruptcy (Official Form 107 or 207) *Amended*, Disclosure of Compensation of Attorney for Debtor (Official Form 2030) *Corrected*, Statement of Corporate Ownership filed. Filed by Debtor Glenroy Coachella, LLC. (Weintraub, Daniel) (Entered: 03/09/2021) |
| 03/09/2021 | 103 (3 pgs) | Notice *Joinder and Joinder to Opposition* Filed by Creditor Orco Block & Hardscape (RE: related document(s)66 Opposition to (related document(s): 16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) Filed by Debtor Glenroy Coachella, LLC). (Hoggard, William) (Entered: 03/09/2021) |
| 03/09/2021 | 104 (32 pgs) | Amending Schedules (D) (E/F) *and mailing matrix listing added creditors* Filed by Debtor Glenroy Coachella, LLC. (Weintraub, Daniel) (Entered: 03/09/2021) |
| 03/09/2021 | | Receipt of Amending Schedules D and/or E/F (Official Form 106D, 106E/F, 206D, or 206E/F) (Fee)(2:21-bk-11188-BB) [misc,amdsch] ( 32.00) Filing Fee. Receipt number 52573765. Fee amount 32.00. (re: Doc# 97) (U.S. Treasury) (Entered: 03/09/2021) |
| 03/09/2021 | | Receipt of Amending Schedules D and/or E/F (Official Form 106D, 106E/F, 206D, or 206E/F) (Fee)(2:21-bk-11188-BB) [misc,amdsch] ( 32.00) Filing Fee. Receipt number 52573765. Fee amount 32.00. (re: Doc# 104) (U.S. Treasury) (Entered: 03/09/2021) |
| 03/09/2021 | 105 (5 pgs) | Notice *//Amendment to Joinder* Filed by Creditor Doug Wall Construction (RE: related document(s)84 Notice *of Joinder and Joinder* Filed by Creditor Doug Wall Construction (RE: related document(s)66 Opposition to (related document(s): 16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) Filed by Debtor Glenroy Coachella, LLC).). (Djang, Caroline) (Entered: 03/09/2021) |
| 03/09/2021 | 106 (2 pgs) | Order Granting Application to Employ Weintraub & Selth APC as General Bankruptcy Counsel; (BNC-PDF) (Related Doc # 13) Signed on 3/9/2021. (Jackson, Wendy Ann) (Entered: 03/09/2021) |
| 03/09/2021 | 107 | Supplemental *Declaration of Renzo Renzi In Support of Opposition to* |

EXHIBIT 1, PAGE 28

| | | |
|---|---|---|
| | (35 pgs) | *Motion to Appoint Chapter 11 Trustee* Filed by Debtor Glenroy Coachella, LLC. (Weintraub, Daniel). Related document(s) 16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP. Modified on 3/10/2021 to relate the document to the motion; (Jackson, Wendy Ann). (Entered: 03/09/2021) |
| 03/09/2021 | 108 (58 pgs) | Emergency motion *For Order Authorizing (1) Retention of GlassRatner Advisory & Capital Group, LLC d/b/a B. Riley Advisory Services to Provide the Debtor With a Chief Restructuring Officer and Certain Reorganization Services and Personnel; and (2) Designate Dan Berman as Chief Restructuring Officer for the Debtor; Declarations of Dan Berman and Stuart Rubin In Support Thereof* Filed by Debtor Glenroy Coachella, LLC (Weintraub, Daniel) (Entered: 03/09/2021) |
| 03/09/2021 | 109 (4 pgs) | Notice *of Joinder and Joinder in Opposition to Motion to Appoint Chapter 11 Trustee* Filed by Creditor Saxon Engineering Services Inc. (RE: related document(s) 66 Opposition to (related document(s): 16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) Filed by Debtor Glenroy Coachella, LLC). (Brinkman, Daren) (Entered: 03/09/2021) |
| 03/09/2021 | 112 (3 pgs) | Joinder of Blair Air, Inc. in support of debtor's opposition to motion for the appointment of a chapter 11 trustee Filed by Creditor Blair Air, Inc (RE: related document(s) 16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Pennington-Jones, Patricia) (Entered: 03/10/2021) |
| 03/09/2021 | 113 (3 pgs) | Joinder to debtor's opposition to motion for the appointment of a chapter 11 trustee Filed by Creditor Joseph Rubin and The Coachella Lighthouse, LLC (RE: related document(s) 16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Pennington-Jones, Patricia) (Entered: 03/10/2021) |
| 03/09/2021 | 114 (4 pgs) | Joinder of GF Investment Group, Inc. dba The Investment Center in support of debtor's opposition to motion for the appointment of a chapter 11 trustee Filed by Creditor GF Investment Group, Inc. dba The Investment Center, a California corporation (RE: related document(s) 16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Pennington-Jones, Patricia) (Entered: 03/10/2021) |
| 03/10/2021 | 110 (5 pgs; 2 docs) | Notice of Appointment of Creditors' Committee Filed by United States Trustee. (Attachments: # 1 Proof of Service)(Escobar, Eryk) (Entered: 03/10/2021) |
| 03/10/2021 | 111 (6 pgs) | Notice of lodgment *of Order Granting Motion for the Appointment of a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a); and Directing and Authorizing United States Trustee to Appoint a Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s) 16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Rivas, Christopher) (Entered: 03/10/2021) |
| 03/11/2021 | 115 | Hearing Held (Bk Motion) (RE: related document(s) 16 Motion to |

| | | |
|---|---|---|
| | | Appoint Trustee); RULING- GRANTED; ORDER TO FOLLOW; (Jackson, Wendy Ann) (Entered: 03/11/2021) |
| 03/11/2021 | 116 | Hearing Held (Bk Motion) (RE: related document(s) 42 Generic Motion); RULING - ORDER TO FOLLOW FROM MR. TIPPEE; CONT'D. TO 4/7/21 @ 10AM; (Jackson, Wendy Ann) (Entered: 03/11/2021) |
| 03/11/2021 | | Hearing (Bk Motion) Continued (RE: related document(s) 42 GENERIC MOTION filed by U.S. Real Estate Credit Holdings III-A, LP) Hearing to be held on 04/07/2021 at 10:00 AM 255 E. Temple St. Courtroom 1539 Los Angeles, CA 90012 for 42 , (Jackson, Wendy Ann) (Entered: 03/11/2021) |
| 03/11/2021 | 117 (6 pgs) | Notice of lodgment *of Order Re Motion Of U.S. Real Estate Credit Holdings III-A, LP To Excuse State Court Receiver, Edwin W. Leslie, From Turnover Of Assets Under 11 U.S.C. § 543 (With Proof of Service)* Filed by Interested Party Edwin W. Leslie, Receiver (RE: related document(s)42 Motion *to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Tippie, Alan) (Entered: 03/11/2021) |
| 03/11/2021 | 118 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)106 Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 03/11/2021. (Admin.) (Entered: 03/11/2021) |
| 03/12/2021 | 119 (6 pgs) | Notice of lodgment *of Order Granting Motion For The Appointment Of A Chapter 11 Trustee Pursuant To 11 U.S.C. § 1104(A); And Directing And Authorizing United States Trustee To Appoint A Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Rivas, Christopher) (Entered: 03/12/2021) |
| 03/12/2021 | 120 (2 pgs) | Order Granting Motion for the Appointment of a Chapter 11 Trustee pursuant to 11 USC Section 1104(a); and Directing and Authorizing the U.S. Trustee to Appoint a Chapter 11 Trustee. (BNC-PDF) Signed on 3/12/2021. (Jackson, Wendy Ann) (Entered: 03/12/2021) |
| 03/12/2021 | 121 (2 pgs) | Order re: Motion of US Real Estate Credit Holdings III-A, LP to excuse State Court Receiver, Edwin W. Leslie, from turnover of assets under 11 USC Section 543; (BNC-PDF); ORDERED that the hearing is continued to APRIL 7, 2021 @ 10AM; SEE ORDER FOR FURTHER DETAILS; (Related Doc # 42 ) Signed on 3/12/2021 (Jackson, Wendy Ann) (Entered: 03/12/2021) |
| 03/14/2021 | 122 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)120 Order on Motion to Appoint Trustee (BNC-PDF)) No. of Notices: 1. Notice Date 03/14/2021. (Admin.) (Entered: 03/14/2021) |
| 03/14/2021 | 123 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)121 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 03/14/2021. (Admin.) (Entered: 03/14/2021) |
| 03/18/2021 | 124 (4 pgs; 2 docs) | Notice of Appointment of Trustee . Richard A Marshack (TR) added to the case. Filed by U.S. Trustee United States Trustee (LA). (Attachments: |

EXHIBIT 1, PAGE 30

| | | # 1 Proof of Service)(Escobar, Eryk) (Entered: 03/18/2021) |
|---|---|---|
| 03/18/2021 | 125 (11 pgs) | Motion to Appoint Trustee *United States Trustee's Application for Order Approving Appointment of Chapter 11 Trustee and Fixing Bond* Filed by U.S. Trustee United States Trustee (LA) (Escobar, Eryk) (Entered: 03/18/2021) |
| 03/19/2021 | 126 (2 pgs) | Order Approving Appointment of Chapter 11 Trustee. (BNC-PDF); ORDERED that the appointment of Richard Marshack as Chapter 11 Trustee is approved; Signed on 3/19/2021. (Jackson, Wendy Ann) (Entered: 03/19/2021) |
| 03/19/2021 | 127 (3 pgs) | Notice of appointment and acceptance of trustee *with Proof of Service* Filed by Trustee Richard A Marshack (TR). (Marshack (TR), Richard) (Entered: 03/19/2021) |
| 03/19/2021 | 128 (1 pg) | Request for CD of Court Proceedings . Fee Amount $32, Filed by Trustee Richard A Marshack (TR). (Haes, Chad) (Entered: 03/19/2021) |
| 03/19/2021 | | Receipt of Request for CD of Court Proceedings (fee)(2:21-bk-11188-BB) [misc,cdrf] ( 32.00) Filing Fee. Receipt number 52630435. Fee amount 32.00. (re: Doc# 128) (U.S. Treasury) (Entered: 03/19/2021) |
| 03/21/2021 | 129 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)126 Order on Motion to Appoint Trustee (BNC-PDF)) No. of Notices: 1. Notice Date 03/21/2021. (Admin.) (Entered: 03/21/2021) |
| 03/22/2021 | 130 (1 pg) | Request for CD of Court Proceedings *(Amended) Audio Recording of Court Proceedings Order Form (to correct date of hearing); Re: 128.* Fee Amount $32, Filed by Trustee Richard A Marshack (TR). (Haes, Chad) (Entered: 03/22/2021) |
| 03/22/2021 | | Receipt of Request for CD of Court Proceedings (fee)(2:21-bk-11188-BB) [misc,cdrf] ( 32.00) Filing Fee. Receipt number 52634419. Fee amount 32.00. (re: Doc# 130) (U.S. Treasury) (Entered: 03/22/2021) |
| 03/23/2021 | 131 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by U.S. Trustee United States Trustee (LA). 341(a) Meeting Continued to 3/25/2021 at 09:15 AM at UST-LA2, TELEPHONIC MEETING. CONFERENCE LINE:1-866-816-0394, PARTICIPANT CODE:5282999. (Escobar, Eryk) (Entered: 03/23/2021) |
| 03/23/2021 | 132 (21 pgs) | Monthly Operating Report. Operating Report Number: 1. For the Month Ending February 28, 2021 Filed by Debtor Glenroy Coachella, LLC. (Lindsey, Crystle) (Entered: 03/23/2021) |
| 03/24/2021 | 133 (9 pgs) | Stipulation By Richard A Marshack (TR) and *Debtor, U.S. Real Estate Credit Holdings III-A, LP, Edwin W. Leslie, Gary Stiffelman, Elliot Lander and Abraham Stuart Rubin to Continue Hearing on Motion to Excuse State Court Receiver, Edwin Leslie, from Turnover of Assets Under 11 U.S.C. Section 543; with Proof of service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 03/24/2021) |
| 03/24/2021 | 134 (6 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)133 Stipulation By Richard A Marshack (TR) and *Debtor, U.S. Real Estate Credit Holdings III-A, LP, Edwin W. Leslie,* |

| | | |
|---|---|---|
| | | *Gary Stiffelman, Elliot Lander and Abraham Stuart Rubin to Continue Hearing on Motion to Excuse State Court Receiver, Edwin Leslie, from). (Haes, Chad) (Entered: 03/24/2021)* |
| 03/24/2021 | [135](#) (29 pgs) | Status report *Chapter 11 Trustee's Initial Status Report; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[5](#) Order setting initial status conference in chapter 11 case (BNC-PDF)). (Marshack (TR), Richard). Related document(s) [1](#) Voluntary Petition (Chapter 11) filed by Debtor Glenroy Coachella, LLC. Modified on 3/25/2021 (Jackson, Wendy Ann). (Entered: 03/24/2021) |
| 03/25/2021 | [136](#) (27 pgs) | Application to Employ Brinkman Law Group, PC as Counsel to the Official Committee of Unsecured Creditors Filed by Creditor Committee Committee of Unsecured Creditors (Brinkman, Daren) (Entered: 03/25/2021) |
| 03/25/2021 | [137](#) (2 pgs) | Order Denying without prejudice Debtor's Emergency Motion for Retention of Chief Restructuring Officer; (BNC-PDF) (Related Doc # [108](#) ) Signed on 3/25/2021 (Jackson, Wendy Ann) (Entered: 03/25/2021) |
| 03/26/2021 | [138](#) (2 pgs) | Order Approving Stipulation to continue hearing on Motion to Excuse State Court Receiver Edwin Leslie from turnover of assets under 11 USC Section 543; ORDERED that the hearing is continued to MAY 5, 2021 @ 10AM; (BNC-PDF) (Related Doc # [133](#) ) Signed on 3/26/2021 (Jackson, Wendy Ann) (Entered: 03/26/2021) |
| 03/26/2021 | | Hearing (Bk Motion) Continued (RE: related document(s) [42](#) GENERIC MOTION filed by U.S. Real Estate Credit Holdings III-A, LP) Hearing to be held on 05/05/2021 at 10:00 AM 255 E. Temple St. Courtroom 1539 Los Angeles, CA 90012 for [42](#) , (Jackson, Wendy Ann) (Entered: 03/26/2021) |
| 03/26/2021 | [139](#) (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Mang, Tinho. (Mang, Tinho) (Entered: 03/26/2021) |
| 03/27/2021 | [140](#) (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[137](#) Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 03/27/2021. (Admin.) (Entered: 03/27/2021) |
| 03/28/2021 | [141](#) (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[138](#) ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 03/28/2021. (Admin.) (Entered: 03/28/2021) |
| 03/29/2021 | 142 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by Trustee Richard A Marshack (TR). 341(a) Meeting Continued to 4/19/2021 at 09:15 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Marshack (TR), Richard) (Entered: 03/29/2021) |
| 03/29/2021 | [143](#) (3 pgs) | Notice *with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s) 142 Continuance of Meeting of Creditors (Rule 2003(e)) Filed by Trustee Richard A Marshack (TR). 341(a) Meeting Continued to 4/19/2021 at 09:15 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Marshack (TR), Richard)). (Marshack (TR), Richard) (Entered: 03/29/2021) |

| | | |
|---|---|---|
| 03/29/2021 | 144 | Notice to Filer of Error and/or Deficient Document **Incorrect docket event was used to file this document. The correct docket event is: Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a));** **THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT USING THE CORRECT DOCKET EVENT.** (RE: related document(s)143 Notice filed by Trustee Richard A Marshack (TR)) (Jackson, Wendy Ann) (Entered: 03/29/2021) |
| 03/30/2021 | 145 (3 pgs) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a) Filed by Trustee Richard A Marshack (TR) (RE: related document(s) 142 Continuance of Meeting of Creditors (Rule 2003(e)) (by Trustee/US Trustee - No PDF)). (Marshack (TR), Richard) (Entered: 03/30/2021) |
| 03/31/2021 | 146 (26 pgs) | Application to Employ Grobstein Teeple, LLP as Accountants *Notice Of Application And Application Of Chapter 11 Trustee, Richard A. Marshack, For Authorization To Employ Grobstein Teeple LLP As Accountants Effective March 17, 2021; Statement Of Disinterestedness In Support Thereof With Proof Of Service* Filed by Accountant Grobstein Teeple, LLP. (Grobstein, Howard) (Entered: 03/31/2021) |
| 04/06/2021 | 147 (2 pgs) | Notice of Appearance and Request for Notice *and Service of Papers* by Jonathan R Doolittle Filed by Creditors Laserscopic Spinal Centers of America, Inc., Laserscopic Medical Clinic, LLC, Laserscopic Spine Centers Of America, Inc., Joe Samuel Bailey. (Doolittle, Jonathan) (Entered: 04/06/2021) |
| 04/06/2021 | 148 (29 pgs) | Application to Employ Marshack Hays LLP as General Counsel *; and Declaration of Chad V. Haes in support; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 04/06/2021) |
| 04/06/2021 | 149 (8 pgs) | Notice of motion/application Filed by Trustee Richard A Marshack (TR) (RE: related document(s)148 Application to Employ Marshack Hays LLP as General Counsel *; and Declaration of Chad V. Haes in support; with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Haes, Chad) (Entered: 04/06/2021) |
| 04/07/2021 | 150 | Hearing Held (Bk Other) (RE: related document(s) 1 Voluntary Petition (Chapter 11)); RULING - S/C CONT'D. TO 5/5/21 @ 10AM TO COINCIDE WITH OTHER MATTERS ON CALENDAR; (Jackson, Wendy Ann) (Entered: 04/07/2021) |
| 04/09/2021 | 151 (2 pgs) | Document Re: Bond of Trustee Richard A Marshack of Irvine, CA, as Principal, and Liberty Mutual Insurance Company, as Surety, are held and firmly bound to the United States of American in the sum of $50,000.00. (Pennington-Jones, Patricia) (Entered: 04/09/2021) |
| 04/13/2021 | 152 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Miller, Stacey. (Miller, Stacey) (Entered: 04/13/2021) |
| 04/14/2021 | 153 (31 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) Filed by Creditor Committee Committee of Unsecured Creditors (RE: related document(s)136 Application to Employ Brinkman Law Group, PC as Counsel to the Official Committee of Unsecured Creditors ). (Brinkman, Daren) (Entered: 04/14/2021) |

| 04/16/2021 | 154<br>(6 pgs) | Notice *Of Appearance and Request for Notices, with Proof of Service* Filed by Interested Party Stuart Rubin. (Smith, Evan) (Entered: 04/16/2021) |
|---|---|---|
| 04/19/2021 | 155 | Notice to Filer of Error and/or Deficient Document **Incorrect docket event was used to file this document. The correct docket event is: Notice of Appearance and Request for Notice; THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT USING THE CORRECT DOCKET EVENT.** (RE: related document(s)154 Notice filed by Interested Party Stuart Rubin) (Jackson, Wendy Ann) (Entered: 04/19/2021) |
| 04/19/2021 | 156<br>(3 pgs) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Richard A Marshack (TR) (RE: related document(s) 142 Continuance of Meeting of Creditors (Rule 2003(e)) (by Trustee/US Trustee - No PDF)). (Marshack (TR), Richard) (Entered: 04/19/2021) |
| 04/19/2021 | 157<br>(3 pgs) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Richard A Marshack (TR) (RE: related document(s) 142 Continuance of Meeting of Creditors (Rule 2003(e)) (by Trustee/US Trustee - No PDF)). (Marshack (TR), Richard) (Entered: 04/19/2021) |
| 04/19/2021 | 158<br>(6 pgs) | Notice of Appearance and Request for Notice *with Proof of Service.* by Evan L Smith Filed by Interested Party Stuart Rubin. (Smith, Evan) (Entered: 04/19/2021) |
| 04/21/2021 | 159<br>(8 pgs) | Status Report for Chapter 11 Status Conference *with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)5 Order setting initial status conference in chapter 11 case (BNC-PDF)). (Marshack (TR), Richard) (Entered: 04/21/2021) |
| 04/22/2021 | 160<br>(8 pgs) | Opposition to (related document(s): 42 Motion *to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) *Chapter 11 Trustee's Response to Motion to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Declaration of Chad V. Haes* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 04/22/2021) |
| 04/22/2021 | 161<br>(1 pg) | Request for special notice Filed by Creditors Tandem West Glass, Inc., Temalpakh, Inc. dba The Works Floor & Wall, Mascorro Concrete Construction, Inc., Jacobsson Engineering Construction, Inc., Apple J. Plumbing, Desert Palm Electric, Inc., Al Miller & Sons Roofing Co., Inc.. (Polis, Thomas) (Entered: 04/22/2021) |
| 04/26/2021 | 162<br>(10 pgs) | Reply to (related document(s): 159 Status Report for Chapter 11 Status Conference filed by Trustee Richard A Marshack (TR), 160 Opposition filed by Trustee Richard A Marshack (TR)) Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 04/26/2021) |
| 04/28/2021 | 163<br>(30 pgs) | Declaration re: *DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION* Filed by Accountant Grobstein Teeple, LLP (RE: related document(s)146 Application to Employ Grobstein Teeple, |

| | | |
|---|---|---|
| | | LLP as Accountants *Notice Of Application And Application Of Chapter 11 Trustee, Richard A. Marshack, For Authorization To Employ Grobstein Teeple LLP As Accountants Effective March 17, 2021; Statement Of Disinterestedness In Support Thereof With Proof Of Service* Filed by Accountant Grobstein Teeple, LLP.). (Grobstein, Howard) (Entered: 04/28/2021) |
| 04/28/2021 | [164](#)<br>(2 pgs) | Order Granting Application to Employ Grobstein Teeple LLP as Accountants effective March 17, 2021; (BNC-PDF) (Related Doc # [146](#)) Signed on 4/28/2021. (Jackson, Wendy Ann) (Entered: 04/28/2021) |
| 04/28/2021 | [165](#)<br>(23 pgs) | Reply to (related document(s): [42](#) Motion *to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, [160](#) Opposition filed by Trustee Richard A Marshack (TR) *Comments Of Edwin W. Leslie, Receiver, To Response Of Chapter 11 Trustee To Motion To Excuse State Court Receiver From Turnover Of Assets Under 11 U.S.C. § 543; Declaration Of Edwin W. Leslie (With Proof of Service)* Filed by Interested Party Edwin W. Leslie, Receiver (Tippie, Alan) (Entered: 04/28/2021) |
| 04/28/2021 | [166](#)<br>(7 pgs; 2 docs) | Notice *of Perfection by Secured Creditor Al Miller & Sons Roofing Co., Inc.; with Proof of Service* Filed by Creditor Al Miller & Sons Roofing Co., Inc.. (Attachments: # [1](#) Exhibit A) (Polis, Thomas) (Entered: 04/28/2021) |
| 04/28/2021 | [167](#)<br>(6 pgs; 2 docs) | Notice *of Perfection by Secured Creditor Apple J Plumbing; with Proof of Service* Filed by Creditor Apple J. Plumbing. (Attachments: # [1](#) Exhibit A) (Polis, Thomas) (Entered: 04/28/2021) |
| 04/28/2021 | [168](#)<br>(6 pgs; 2 docs) | Notice *of Perfection by Secured Creditor Desert Palms Electric; with Proof of Service* Filed by Creditor Desert Palm Electric, Inc.. (Attachments: # [1](#) Exhibit A) (Polis, Thomas) (Entered: 04/28/2021) |
| 04/28/2021 | [169](#)<br>(7 pgs; 2 docs) | Notice *of Perfection by Secured Creditor Jacobsson Engineering Construction; with Proof of Service* Filed by Creditor Jacobsson Engineering Construction, Inc.. (Attachments: # [1](#) Exhibit A) (Polis, Thomas) (Entered: 04/28/2021) |
| 04/28/2021 | [170](#)<br>(6 pgs; 2 docs) | Notice *of Perfection by Secured Creditor Mascorro Concrete Construction; with Proof of Service* Filed by Creditor Mascorro Concrete Construction, Inc.. (Attachments: # [1](#) Exhibit A) (Polis, Thomas) (Entered: 04/28/2021) |
| 04/28/2021 | [171](#)<br>(7 pgs; 2 docs) | Notice *of Perfection by Secured Creditor Tandem West Glass; with Proof of Service* Filed by Creditor Tandem West Glass, Inc.. (Attachments: # [1](#) Exhibit A) (Polis, Thomas) (Entered: 04/28/2021) |
| 04/28/2021 | [172](#)<br>(5 pgs; 2 docs) | Notice *of Perfection by Secured Creditor Temalpakh, Inc.; with Proof of Service* Filed by Creditor Temalpakh, Inc. dba The Works Floor & Wall. (Attachments: # [1](#) Exhibit A) (Polis, Thomas) (Entered: 04/28/2021) |
| 04/29/2021 | [173](#)<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Pistone, Sheila. (Pistone, Sheila) (Entered: 04/29/2021) |
| 04/30/2021 | [174](#) | Declaration That No Party Requested a Hearing on Motion (LBR 9013- |

EXHIBIT 1, PAGE 35

CM/ECF - U.S. Bankruptcy Court (v1.5.3 - LIVE)

| Date | Doc | Description |
|---|---|---|
| | (42 pgs) | 1(o)(3)) Filed by Trustee Richard A Marshack (TR) (RE: related document(s)148 Application to Employ Marshack Hays LLP as General Counsel *; and Declaration of Chad V. Haes in support; with Proof of Service*). (Haes, Chad) (Entered: 04/30/2021) |
| 04/30/2021 | 175 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)164 Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 04/30/2021. (Admin.) (Entered: 04/30/2021) |
| 05/03/2021 | 176 (3 pgs) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a) Filed by Trustee Richard A Marshack (TR) (RE: related document(s) 142 Continuance of Meeting of Creditors (Rule 2003(e)) (by Trustee/US Trustee - No PDF)). (Marshack (TR), Richard) (Entered: 05/03/2021) |
| 05/03/2021 | 177 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by Trustee Richard A Marshack (TR). 341(a) Meeting Continued to 5/20/2021 at 10:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Marshack (TR), Richard) (Entered: 05/03/2021) |
| 05/03/2021 | 178 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Hays, D. (Hays, D) (Entered: 05/03/2021) |
| 05/03/2021 | 179 (18 pgs) | Monthly Operating Report. Operating Report Number: 2. For the Month Ending 3/31/21 *with Proof of Service* Filed by Trustee Richard A Marshack (TR). (Marshack (TR), Richard) (Entered: 05/03/2021) |
| 05/04/2021 | 180 (76 pgs; 2 docs) | Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *Al Miller & Sons Roofing v. Doug Wall Construction al; with Proof of Service*. Fee Amount $188, Filed by Creditor Al Miller & Sons Roofing Co., Inc. (Attachments: # 1 Exhibit A) (Polis, Thomas) (Entered: 05/04/2021) |
| 05/04/2021 | 181 (135 pgs; 2 docs) | Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *Tandem West Glass v. Doug Wall Construction, et al; with Proof of Service*. Fee Amount $188, Filed by Creditor Tandem West Glass, Inc. (Attachments: # 1 Exhibit A) (Polis, Thomas) (Entered: 05/04/2021) |
| 05/04/2021 | | Receipt of Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM( 2:21-bk-11188-BB) [motion,nman] ( 188.00) Filing Fee. Receipt number A52854286. Fee amount 188.00. (re: Doc# 180) (U.S. Treasury) (Entered: 05/04/2021) |
| 05/04/2021 | | Receipt of Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM( 2:21-bk-11188-BB) [motion,nman] ( 188.00) Filing Fee. Receipt number A52854286. Fee amount 188.00. (re: Doc# 181) (U.S. Treasury) (Entered: 05/04/2021) |
| 05/05/2021 | 182 (29 pgs) | Motion *Chapter 11 Trustee's Motion to (1) Extend the SARE Deadline Under Section 362(d)(3) or, in the Alternative, (2) Abandon the Estate's Interest in Certain Real Property; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support, with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 05/05/2021) |

EXHIBIT 1, PAGE 36

CM/ECF - U.S. Bankruptcy Court (v1.5.3 - LIVE)

| | | |
|---|---|---|
| 05/05/2021 | **183**<br>(7 pgs) | Application shortening time *Application for Order Setting Hearing on Shortened Notice; Declaration of Chad V. Haes in Support of Application re: Chapter 11 Trustee's Motion to (1) Extend the SARE Deadline Under Section 362(d)(3) or, in the Alternative, (2) Abandon the Estate's Interest in Certain Real Property (Related to: [Dk. No. 182] Motion), with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad). Related document(s) **182** Motion *Chapter 11 Trustee's Motion to (1) Extend the SARE Deadline Under Section 362(d)(3) or, in the Alternative, (2) Abandon the Estate's Interest in Certain Real Property; Memorandum of Points and Authorities; Declaration of Richard A. M* filed by Trustee Richard A Marshack (TR). Modified on 5/5/2021 to relate the document to the motion. (Jackson, Wendy Ann). (Entered: 05/05/2021) |
| 05/05/2021 | 184 | Hearing Set (RE: related document(s)**180** Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM filed by Creditor Al Miller & Sons Roofing Co., Inc.) The Hearing date is set for 5/25/2021 at 10:00 AM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond (Jackson, Wendy Ann) (Entered: 05/05/2021) |
| 05/05/2021 | 185 | Hearing Set (RE: related document(s)**181** Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM filed by Creditor Tandem West Glass, Inc.) The Hearing date is set for 5/25/2021 at 10:00 AM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond (Jackson, Wendy Ann) (Entered: 05/05/2021) |
| 05/05/2021 | **186**<br>(3 pgs) | Declaration re: *Stephen J. Armstrong's Holographic Signature* Filed by Creditor Al Miller & Sons Roofing Co., Inc. (RE: related document(s)**180** Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *Al Miller & Sons Roofing v. Doug Wall Construction et al; with Proof of Service*. Fee Amount $188,). (Polis, Thomas) (Entered: 05/05/2021) |
| 05/05/2021 | **187**<br>(3 pgs) | Declaration re: *Stephen J. Armstrong's Holographic Signature* Filed by Creditor Tandem West Glass, Inc. (RE: related document(s)**181** Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *Tandem West Glass v. Doug Wall Construction, et al; with Proof of Service*. Fee Amount $188,). (Polis, Thomas) (Entered: 05/05/2021) |
| 05/05/2021 | **188**<br>(4 pgs) | Order Granting Application and setting hearing on shortened notice re: Chapter 11 Trustee's Motion to (1) Extend the SARE Deadline Under Section 362(d)(3) or, in the Alternative, (2) Abandon the Estate's Interest in Certain Real Property; ORDERED that the hearing is set for: MAY 18, 2021 @ 10AM; (BNC-PDF) (Related Doc # **183** ) Signed on 5/5/2021 (Jackson, Wendy Ann) (Entered: 05/05/2021) |
| 05/05/2021 | 189 | Hearing Set (RE: related document(s)**182** Generic Motion filed by Trustee Richard A Marshack (TR)) The Hearing date is set for 5/18/2021 at 10:00 AM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond (Jackson, Wendy Ann) (Entered: 05/05/2021) |
| 05/05/2021 | **190**<br>(2 pgs) | Order Granting Application to Employ Marshack Hays LLP as General Counsel; (BNC-PDF) (Related Doc # **148**) Signed on 5/5/2021. (Jackson, Wendy Ann) (Entered: 05/05/2021) |

EXHIBIT 1, PAGE 37

| | | |
|---|---|---|
| 05/05/2021 | 191 | Notice to Filer of Error and/or Deficient Document **Incorrect/incomplete/unreadable PDF was attached to the docket entry. All Documents filed with the Court must have a pleading coversheet with Debtor's Name, Case Number and Title of document. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE CORRECT PDF IMMEDIATELY.** (RE: related document(s)186 Declaration filed by Creditor Al Miller & Sons Roofing Co., Inc., 187 Declaration filed by Creditor Tandem West Glass, Inc.) (Jackson, Wendy Ann) (Entered: 05/05/2021) |
| 05/05/2021 | 192 (18 pgs) | Notice of Hearing Filed by Trustee Richard A Marshack (TR) (RE: related document(s)182 Motion *Chapter 11 Trustee's Motion to (1) Extend the SARE Deadline Under Section 362(d)(3) or, in the Alternative, (2) Abandon the Estate's Interest in Certain Real Property; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support, with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Haes, Chad) (Entered: 05/05/2021) |
| 05/05/2021 | 193 (13 pgs) | Notice of Hearing *Notice of Continued Status Conference; with Proof of Service* Filed by Trustee Richard A Marshack (TR). (Haes, Chad) (Entered: 05/05/2021) |
| 05/05/2021 | 194 (12 pgs) | Proof of service Filed by Trustee Richard A Marshack (TR) (RE: related document(s)182 Motion *Chapter 11 Trustee's Motion to (1) Extend the SARE Deadline Under Section 362(d)(3) or, in the Alternative, (2) Abandon the Estate's Interest in Certain Real Property; Memorandum of Points and Authorities; Declaration of Richard A. M). (Haes, Chad) (Entered: 05/05/2021)* |
| 05/05/2021 | 195 (6 pgs) | Declaration re: *Holographic Signature of Stephen J. Armstrong in Support of Movants Motion for Relief from the Automatic Stay (ECF No. 180); with Proof of Service* Filed by Creditor Al Miller & Sons Roofing Co., Inc. (RE: related document(s)180 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *Al Miller & Sons Roofing v. Doug Wall Construction et al; with Proof of Service.* Fee Amount $188,). (Polis, Thomas) (Entered: 05/05/2021) |
| 05/05/2021 | 196 (6 pgs) | Declaration re: *Holographic Signature of Stephen J. Armstrong in Support of Movants Motion for Relief from the Automatic Stay (ECF No. 181); with Proof of Service* Filed by Creditor Tandem West Glass, Inc. (RE: related document(s)181 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *Tandem West Glass v. Doug Wall Construction, et al; with Proof of Service.* Fee Amount $188,). (Polis, Thomas) (Entered: 05/05/2021) |
| 05/06/2021 | 197 (6 pgs) | Declaration re: *Declaration Regarding Service and Notice of Hearing re: apter 11 Trustee's Motion to (1) Extend the SARE Deadline Under Section 362(d)(3) or, in the Alternative, (2) Abandon the Estate's Interest in Certain Real Property* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)182 Motion *Chapter 11 Trustee's Motion to (1) Extend the SARE Deadline Under Section 362(d)(3) or, in the Alternative, (2) Abandon the Estate's Interest in Certain Real Property; Memorandum of Points and Authorities; Declaration of Richard A. M). (Haes, Chad) (Entered: 05/06/2021)* |

EXHIBIT 1, PAGE 38

| | | |
|---|---|---|
| 05/06/2021 | | An Order is to be lodged by Committee of Unsecured Creditors (RE: related document(s)136 Application to Employ filed by Creditor Committee Committee of Unsecured Creditors) Order due by 5/7/2021. (Jackson, Wendy Ann) (Entered: 05/06/2021) |
| 05/06/2021 | 198 (43 pgs) | Motion *Motion for Order to Limit Notice Pursuant to Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure; Memorandum of Points and Authorities; Declaration of Chad V. Haes in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 05/06/2021) |
| 05/06/2021 | 199 (14 pgs) | Notice of motion/application Filed by Trustee Richard A Marshack (TR) (RE: related document(s)198 Motion *Motion for Order to Limit Notice Pursuant to Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure; Memorandum of Points and Authorities; Declaration of Chad V. Haes in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Haes, Chad) (Entered: 05/06/2021) |
| 05/06/2021 | 200 | Hearing Held (Bk Motion) (RE: related document(s) 42 Generic Motion); RULING - ORDER TO FOLLOW FROM MR. HAYES; CONT'D TO 7/7/21 @ 10AM; (Jackson, Wendy Ann) (Entered: 05/06/2021) |
| 05/06/2021 | 201 | Hearing Continued (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Glenroy Coachella, LLC); RULING- Status Report waived; Status hearing to be held on 7/7/2021 at 10:00 AM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond (Jackson, Wendy Ann) (Entered: 05/06/2021) |
| 05/07/2021 | 202 (2 pgs) | Order Granting Application of the Official Committee of Unsecured Creditors to Employ Brinkman Law Group, PC as Counsel; (BNC-PDF) (Related Doc # 136) Signed on 5/7/2021. (Jackson, Wendy Ann) (Entered: 05/07/2021) |
| 05/07/2021 | 203 (5 pgs) | Supplemental *Movant Al Miller & Sons Roofings Supplemental Points and Authorities Re: Motion for Relief from the Automatic Stay (ECF NO. 180); with Proof of Service* Filed by Creditor Al Miller & Sons Roofing Co., Inc.. (Polis, Thomas). Related document(s) 180 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *Al Miller & Sons Roofing v. Doug Wall Construction et al; with Proof of Service*. Fee Amount $188, filed by Creditor Al Miller & Sons Roofing Co., Inc.. Modified on 5/7/2021 to relate the document to the motion; (Jackson, Wendy Ann). (Entered: 05/07/2021) |
| 05/07/2021 | 204 (5 pgs) | Supplemental *Movant Tandem West Glass Supplemental Points and Authorities Re: Motion for Relief from the Automatic Stay (ECF NO. 181); with Proof of Service* Filed by Creditor Tandem West Glass, Inc.. (Polis, Thomas). Related document(s) 181 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *Tandem West Glass v. Doug Wall Construction, et al; with Proof of Service*. Fee Amount $188, filed by Creditor Tandem West Glass, Inc.. Modified on 5/7/2021 to relate the document to the motion; (Jackson, Wendy Ann). (Entered: 05/07/2021) |
| 05/07/2021 | 205 (11 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)42 Motion *to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543;* |

| | | *Memorandum of Points and Authorities* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Hays, D) (Entered: 05/07/2021) |
|---|---|---|
| 05/07/2021 | [206](#) (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[188](#) ORDER shortening time (BNC-PDF)) No. of Notices: 1. Notice Date 05/07/2021. (Admin.) (Entered: 05/07/2021) |
| 05/07/2021 | [207](#) (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[190](#) Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 05/07/2021. (Admin.) (Entered: 05/07/2021) |
| 05/09/2021 | [208](#) (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[202](#) Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 05/09/2021. (Admin.) (Entered: 05/09/2021) |
| 05/11/2021 | [209](#) (25 pgs) | Response to motion for order to terminate, annul, modify or condition the automatic stay and declaration(s) in support (related document(s): [180](#) Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *Al Miller & Sons Roofing v. Doug Wall Construction et al; with Proof of Service*. Fee Amount $188, filed by Creditor Al Miller & Sons Roofing Co., Inc., [181](#) Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *Tandem West Glass v. Doug Wall Construction, et al; with Proof of Service*. Fee Amount $188, filed by Creditor Tandem West Glass, Inc.) *Omnibus Response To Motions For Relief From The Automatic Stay* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 05/11/2021) |
| 05/11/2021 | [210](#) (18 pgs) | Monthly Operating Report. Operating Report Number: 3. For the Month Ending 4/30/21 *with proof of service;* Filed by Trustee Richard A Marshack (TR). (Marshack (TR), Richard) (Entered: 05/11/2021) |
| 05/11/2021 | [211](#) (11 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[42](#) Motion *to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Hays, D) (Entered: 05/11/2021) |
| 05/11/2021 | [212](#) (5 pgs) | Stipulation By Richard A Marshack (TR) *and Al Miller & Sons Roofing, Inc. to Continue Hearing on Motion for Relief from Automatic Stay Under 11 U.S.C. Section 362 Filed By Al Miller & Sons Roofing, Inc., with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 05/11/2021) |
| 05/11/2021 | [213](#) (6 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[212](#) Stipulation By Richard A Marshack (TR) and *Al Miller & Sons Roofing, Inc. to Continue Hearing on Motion for Relief from Automatic Stay Under 11 U.S.C. Section 362 Filed By Al Miller & Sons Roofing, Inc., with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Haes, Chad) (Entered: 05/11/2021) |
| 05/11/2021 | [214](#) (5 pgs) | Stipulation By Richard A Marshack (TR) *and Tandem West Glass Inc. to Continue Hearing on Motion for Relief from the Automatic Stay Under 11 U.S.C. Section 362 Filed by Tandem West Glass, Inc.; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 05/11/2021) |

EXHIBIT 1, PAGE 40

| 05/11/2021 | 215<br>(6 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)214 Stipulation By Richard A Marshack (TR) and *Tandem West Glass Inc. to Continue Hearing on Motion for Relief from the Automatic Stay Under 11 U.S.C. Section 362 Filed by Tandem West Glass, Inc.; with Proof of Service*). (Haes, Chad) (Entered: 05/11/2021) |
| 05/12/2021 | 216<br>(8 pgs) | Order Granting to excuse State Court Receiver, Edwin Leslie, form turnover of assets under 11 U.S.C. §543. Hearing is being continued from May 5, 2021 at 10am to July 7, 2021 at 10am (BNC-PDF) (Related Doc # 42 ) Signed on 5/12/2021 (Lewis, Litaun) (Entered: 05/12/2021) |
| 05/12/2021 | 217<br>(2 pgs) | Order appoving stipulation to continue hearing on motion for relief from the automatic stay under 11 U.S.C. §362 filed by Al Miller & Sons Roofing, Inc from May 25, 2021 at 10am to June 8, 2021 at 10am (BNC-PDF) (Related Doc # 212 ) Signed on 5/12/2021 (Lewis, Litaun) (Entered: 05/12/2021) |
| 05/12/2021 |  | Hearing (Bk Motion) Continued (RE: related document(s) 180 MOTION FOR RELIEF FROM STAY - ACTION IN NON-BANKRUPTCY FORUM filed by Al Miller & Sons Roofing Co., Inc.) Hearing to be held on 06/08/2021 at 10:00 AM 255 E. Temple St. Courtroom 1539 Los Angeles, CA 90012 for 180 , (Lewis, Litaun) (Entered: 05/12/2021) |
| 05/13/2021 | 218<br>(2 pgs) | Order approving stipulation to continue hearing on motion for relief from the automatic stay under 11 U.S.C. §362 filed by Tandem West Glass, Inc from May 25, 2021 at 10am to June 8, 2021 at 10am (BNC-PDF) (Related Doc # 214 ) Signed on 5/13/2021 (Lewis, Litaun) (Entered: 05/13/2021) |
| 05/13/2021 |  | Hearing (Bk Motion) Continued (RE: related document(s) 181 MOTION FOR RELIEF FROM STAY - ACTION IN NON-BANKRUPTCY FORUM filed by Tandem West Glass, Inc.) Hearing to be held on 06/08/2021 at 10:00 AM 255 E. Temple St. Courtroom 1539 Los Angeles, CA 90012 for 181 , (Lewis, Litaun) (Entered: 05/13/2021) |
| 05/14/2021 | 219<br>(5 pgs) | Stipulation By U.S. Real Estate Credit Holdings III-A, LP and *Stipulation To Continue Deadlines And Hearing With Respect To Single Asset Real Estate And Abandonment Motion* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 05/14/2021) |
| 05/14/2021 | 220<br>(6 pgs) | Notice of lodgment *of Order In Bankruptcy Case Re: Order Granting Stipulation To Continue Deadlines And Hearing With Respect To Single Asset Real Estate And Abandonment Motion* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)180 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *Al Miller & Sons Roofing v. Doug Wall Construction et al; with Proof of Service*. Fee Amount $188, Filed by Creditor Al Miller & Sons Roofing Co., Inc. (Attachments: # 1 Exhibit A), 181 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *Tandem West Glass v. Doug Wall Construction, et al; with Proof of Service*. Fee Amount $188, Filed by Creditor Tandem West Glass, Inc. (Attachments: # 1 Exhibit A), 219 Stipulation By U.S. Real Estate Credit Holdings III-A, LP and *Stipulation To Continue Deadlines And Hearing With Respect To Single Asset Real Estate And Abandonment Motion* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Rivas, Christopher) (Entered: 05/14/2021) |

CM/ECF - U.S. Bankruptcy Court (v1.5.3 - LIVE)

| Date | Doc | Description |
|---|---|---|
| 05/14/2021 | 221 (32 pgs; 2 docs) | Notice of motion and motion for relief from the automatic stay with supporting declarations PERSONAL PROPERTY RE: 2019 Bentley Bentayga . Fee Amount $188, Filed by Creditors Porsche Financial Services, Inc.dba Bentley Financial Services, Porsche Leasing Ltd. (Attachments: # 1 Exhibit 1 - 4) (Miller, Stacey) (Entered: 05/14/2021) |
| 05/14/2021 | | Receipt of Motion for Relief from Stay - Personal Property( 2:21-bk-11188-BB) [motion,nmpp] ( 188.00) Filing Fee. Receipt number A52930530. Fee amount 188.00. (re: Doc# 221) (U.S. Treasury) (Entered: 05/14/2021) |
| 05/14/2021 | 222 (2 pgs) | Order granting stipulation to continue deadlines and hearing to May 26, 2021 at 10:00 am with respect to single asset real estate and abandonment motion for relief from automatic stay ACTION IN NON-BANKRUPTCY FORUM (BNC-PDF) (Related Doc # 181 ) Signed on 5/14/2021 (Lewis, Litaun) (Entered: 05/14/2021) |
| 05/14/2021 | | Hearing (Bk Motion) Continued (RE: related document(s) 182 GENERIC MOTION filed by Richard A Marshack (TR)) Hearing to be held on 05/26/2021 at 10:00 AM 255 E. Temple St. Courtroom 1539 Los Angeles, CA 90012 for 182 , (Lewis, Litaun) (Entered: 05/14/2021) |
| 05/14/2021 | 223 | Hearing Set (RE: related document(s)221 Motion for Relief from Stay - Personal Property filed by Creditor Porsche Leasing Ltd., Creditor Porsche Financial Services, Inc.dba Bentley Financial Services) The Hearing date is set for 6/8/2021 at 10:00 AM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond (Lewis, Litaun) (Entered: 05/14/2021) |
| 05/14/2021 | 224 | Request for Removal from Courtesy Notice of Electronic Filing (NEF) Filed by Pham, Matthew. (Pham, Matthew) (Entered: 05/14/2021) |
| 05/14/2021 | 225 (1 pg) | Request for Removal from Courtesy Notice of Electronic Filing (NEF) Filed by Rallis, Dean. (Rallis, Dean) (Entered: 05/14/2021) |
| 05/14/2021 | 226 (11 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)216 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 05/14/2021. (Admin.) (Entered: 05/14/2021) |
| 05/14/2021 | 227 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)217 Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 1. Notice Date 05/14/2021. (Admin.) (Entered: 05/14/2021) |
| 05/15/2021 | 228 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)218 Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 1. Notice Date 05/15/2021. (Admin.) (Entered: 05/15/2021) |
| 05/16/2021 | 229 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)222 Motion for relief from automatic stay ACTION IN NON-BANKRUPTCY FORUM (BNC-PDF)) No. of Notices: 1. Notice Date 05/16/2021. (Admin.) (Entered: 05/16/2021) |
| 05/17/2021 | 230 | Notice to Filer of Error and/or Deficient Document **Incorrect/incomplete/unreadable PDF was attached to the docket entry.** **THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE CORRECT PDF IMMEDIATELY - All PDF files must be flattened before filing through CM/ECF - Court** |

| | | |
|---|---|---|
| | | **Manual Section 3.5(k).** (RE: related document(s)224 Request for Removal from Courtesy Notice of Electronic Filing (NEF) filed by Interested Party Courtesy NEF) (Milano, Sonny) (Entered: 05/17/2021) |
| 05/20/2021 | 231 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Pagter, R. (Pagter, R) (Entered: 05/20/2021) |
| 05/24/2021 | 232 (6 pgs) | Notice of Appearance and Request for Notice *with Proof of service* by Evan L Smith Filed by Interested Party Elliot Lander. (Smith, Evan) (Entered: 05/24/2021) |
| 05/24/2021 | 233 (83 pgs) | Opposition to (related document(s): 182 Motion *Chapter 11 Trustee's Motion to (1) Extend the SARE Deadline Under Section 362(d)(3) or, in the Alternative, (2) Abandon the Estate's Interest in Certain Real Property; Memorandum of Points and Authorities; Declaration of Richard A. M filed by Trustee Richard A Marshack (TR)) Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Houston, Marsha) (Entered: 05/24/2021)* |
| 05/24/2021 | 234 (33 pgs) | Response to (related document(s): 182 Motion *Chapter 11 Trustee's Motion to (1) Extend the SARE Deadline Under Section 362(d)(3) or, in the Alternative, (2) Abandon the Estate's Interest in Certain Real Property; Memorandum of Points and Authorities; Declaration of Richard A. M filed by Trustee Richard A Marshack (TR)) and Declaration of Evan L. Smith, with Proof of Service Filed by Interested Parties Elliot Lander, Stuart Rubin (Smith, Evan) (Entered: 05/24/2021)* |
| 05/25/2021 | 235 (5 pgs) | Stipulation By U.S. Real Estate Credit Holdings III-A, LP and *Stipulation To Continue Deadlines And Hearing With Respect To Single Asset Real Estate And Abandonment Motion* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 05/25/2021) |
| 05/25/2021 | 236 (6 pgs) | Notice of lodgment *Notice Of Lodgment Of Order In Bankruptcy Case Re: Stipulation To Continue Deadlines and Hearing With Respect To Single Asset Real Estate And Abandonment Motion* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)182 Motion *Chapter 11 Trustee's Motion to (1) Extend the SARE Deadline Under Section 362(d)(3) or, in the Alternative, (2) Abandon the Estate's Interest in Certain Real Property; Memorandum of Points and Authorities; Declaration of Richard A. M, 235 Stipulation By U.S. Real Estate Credit Holdings III-A, LP and Stipulation To Continue Deadlines And Hearing With Respect To Single Asset Real Estate And Abandonment Motion). (Rivas, Christopher) (Entered: 05/25/2021)* |
| 05/25/2021 | 237 (2 pgs) | Order Granting Stipulation to continue deadlines and hearing with respect to Single Asset Real Estate and Abandonment Motion; ORDERED that the SARE deadline is extended to 6/11/21; opposition to the SARE motion is 6/7/21; hearing date is continued to JUNE 9, 2021 @ 11AM; (BNC-PDF) (Related Doc # 235 ) Signed on 5/25/2021 (Jackson, Wendy Ann) (Entered: 05/25/2021) |
| 05/27/2021 | 238 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)237 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 05/27/2021. (Admin.) (Entered: 05/27/2021) |
| 05/28/2021 | 239 (62 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) Filed by Trustee Richard A Marshack (TR) (RE: related |

| | | |
|---|---|---|
| | | document(s)198 Motion *Motion for Order to Limit Notice Pursuant to Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure; Memorandum of Points and Authorities; Declaration of Chad V. Haes in Support; with Proof of Service*). (Haes, Chad) (Entered: 05/28/2021) |
| 05/28/2021 | 240 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by Trustee Richard A Marshack (TR). 341(a) Meeting Continued to 6/4/2021 at 10:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Marshack (TR), Richard) (Entered: 05/28/2021) |
| 05/28/2021 | 241 (2 pgs) | Order Granting Motion for Order to Limit Notice pursuant to Rules 2002 and 9007 of the F.R.B.P. (BNC-PDF) (Related Doc # 198 ) Signed on 5/28/2021 (Jackson, Wendy Ann) (Entered: 05/28/2021) |
| 05/30/2021 | 242 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)241 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 05/30/2021. (Admin.) (Entered: 05/30/2021) |
| 06/01/2021 | 243 (1 pg) | Notice of Change of Address Re: Art of the Muse, LLC Filed by Creditor/Owner Bradley Huntzinger . (Pennington-Jones, Patricia) (Entered: 06/02/2021) |
| 06/02/2021 | 244 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by Trustee Richard A Marshack (TR). 341(a) Meeting Continued to 6/25/2021 at 10:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Marshack (TR), Richard) (Entered: 06/02/2021) |
| 06/02/2021 | 245 (5 pgs) | Stipulation By Richard A Marshack (TR) and *Al Miller & Sons Roofing, Inc. to Continue Hearing on Motion for Relief from the Automatic Stay Under 11 U.S.C. Section 362 filed by Al Miller & Sons Roofing, Inc. ; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 06/02/2021) |
| 06/02/2021 | 246 (6 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)245 Stipulation By Richard A Marshack (TR) and *Al Miller & Sons Roofing, Inc. to Continue Hearing on Motion for Relief from the Automatic Stay Under 11 U.S.C. Section 362 filed by Al Miller & Sons Roofing, Inc. ; with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Haes, Chad) (Entered: 06/02/2021) |
| 06/02/2021 | 247 (5 pgs) | Stipulation By Richard A Marshack (TR) and *Tandem West Glass, Inc. to Continue Hearing on Motion for Relief from the Automatic stay Under 11 U.S.C. Section 362 filed by Tandem West Glass, Inc.; with proof of service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 06/02/2021) |
| 06/02/2021 | 248 (6 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)247 Stipulation By Richard A Marshack (TR) and *Tandem West Glass, Inc. to Continue Hearing on Motion for Relief from the Automatic stay Under 11 U.S.C. Section 362 filed by Tandem West Glass, Inc.; with proof of service*). (Haes, Chad) (Entered: 06/02/2021) |
| 06/03/2021 | 249 (2 pgs) | Order Approving Stipulation to continue hearing on Motion for Relief from the automatic stay under 11 USC Section 362 filed by Tandem West Glass, Inc. (BNC-PDF); ORDERED that the hearing is continued to JUNE |

| | | |
|---|---|---|
| | | 29, 2021 @ 10AM; the SARE deadline is extended to 6/30/21; (Related Doc # [247](#) ) Signed on 6/3/2021 (Jackson, Wendy Ann) (Entered: 06/03/2021) |
| 06/03/2021 | [250](#)<br>(2 pgs) | Order Approving Stipulation to continue hearing on Motion for Relief from the automatic stay under 11 USC Section 362 filed by AL Miller & Sons Roofing, Inc. (BNC-PDF); ORDERED that the hearing is continued to JUNE 29, 2021 @ 10AM; the SARE deadline is extended to 6/30/21 (Related Doc # [245](#) ) Signed on 6/3/2021 (Jackson, Wendy Ann) (Entered: 06/03/2021) |
| 06/05/2021 | [251](#)<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[249](#) ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 06/05/2021. (Admin.) (Entered: 06/05/2021) |
| 06/05/2021 | [252](#)<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[250](#) ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 06/05/2021. (Admin.) (Entered: 06/05/2021) |
| 06/08/2021 | [253](#)<br>(3 pgs) | Order Granting Motion for relief from the automatic stay PERSONAL PROPERTY (BNC-PDF) (Related Doc # [221](#) ) Signed on 6/8/2021 (Jackson, Wendy Ann) (Entered: 06/08/2021) |
| 06/08/2021 | [254](#)<br>(6 pgs) | Stipulation By U.S. Real Estate Credit Holdings III-A, LP and *Stipulation to Continue Deadlines and Hearing With Respect to Single Asset Real Estate and Abandonment Motion* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 06/08/2021) |
| 06/08/2021 | [255](#)<br>(6 pgs) | Notice of lodgment *Notice of Lodgment of Order Granting Stipulation To Continue Deadlines And Hearing With Respect To Single Asset Real Estate And Abandonment Motion* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)[254](#) Stipulation By U.S. Real Estate Credit Holdings III-A, LP and *Stipulation to Continue Deadlines and Hearing With Respect to Single Asset Real Estate and Abandonment Motion* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Rivas, Christopher) (Entered: 06/08/2021) |
| 06/08/2021 | 256 | Hearing Held re: order to show cause re: Appointment of Chapter 11 Trustee 189 ; RULING- GRANTED; TENTATIVE IS THE RULING; ORDER TO FOLLOW FROM US TRUSTEE; (Jackson, Wendy Ann) ENTERED DUE TO CLERICAL ERROR; THIS HEARING RESULT BELONGS TO CASE NO. 21-10826BB; Modified on 6/8/2021 (Jackson, Wendy Ann). (Entered: 06/08/2021) |
| 06/08/2021 | [257](#)<br>(2 pgs) | Order Approving Stipulation to continue deadlines and hearings with respect to Single Asset Real Estate and abandonment motion; ORDERED that the SARE deadline is continued to 6/18/21; deadline to oppose the SARE motion is 6/14/21; hearing is continued to JUNE 16, 2021 @ 10am; SEE ORDER FOR FURTHER DETAILS; (BNC-PDF) (Related Doc # [254](#) ) Signed on 6/8/2021 (Jackson, Wendy Ann) (Entered: 06/08/2021) |
| 06/10/2021 | [258](#)<br>(6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[253](#) Motion for relief from the automatic stay PERSONAL PROPERTY (BNC-PDF)) No. of Notices: 1. Notice Date 06/10/2021. (Admin.) (Entered: 06/10/2021) |
| 06/11/2021 | [259](#) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[257](#) |

| | | |
|---|---|---|
| | (5 pgs) | Order on Generic Motion (BNC-PDF) No. of Notices: 1. Notice Date 06/11/2021. (Admin.) (Entered: 06/11/2021) |
| 06/15/2021 | [260](#)<br>(7 pgs) | Stipulation By U.S. Real Estate Credit Holdings III-A, LP and *Stipulation To Continue Deadlines And Hearing With Respect To Single Asset Real Estate And Abandonment Motion* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 06/15/2021) |
| 06/15/2021 | [261](#)<br>(6 pgs) | Notice of lodgment *Of Order In Bankruptcy Case Re: Order Granting Stipulation To Continue Deadlines And Hearing With Respect To Single Asset Real Estate And Abandonment Motion* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)[260](#) Stipulation By U.S. Real Estate Credit Holdings III-A, LP and *Stipulation To Continue Deadlines And Hearing With Respect To Single Asset Real Estate And Abandonment Motion* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Rivas, Christopher) (Entered: 06/15/2021) |
| 06/15/2021 | [262](#)<br>(4 pgs) | Errata *Notice Of Errata Regarding Stipulation To Continue Deadlines And Hearing With Respect To Single Asset Real Estate And Abandonment Motion* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)[260](#) Stipulation By U.S. Real Estate Credit Holdings III-A, LP and *Stipulation To Continue Deadlines And Hearing With Respect To Single Asset Real Estate And Abandonment Motion*). (Rivas, Christopher) (Entered: 06/15/2021) |
| 06/16/2021 | [263](#)<br>(2 pgs) | Order Approving Stipulation to continue deadlines and hearing with respect to Single Asset Real Estate and Abandonment Motion; ORDERED that the SARE deadline is extended to 7/2/21; deadline to oppose the SARE motion is 6/28/21; replies can be made verbally at the hearing; Hearing shall be on JUNE 30, 2021 @ 10AM; (BNC-PDF) (Related Doc # [260](#) ) Signed on 6/16/2021 (Jackson, Wendy Ann) (Entered: 06/16/2021) |
| 06/18/2021 | [264](#)<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[263](#) ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 06/18/2021. (Admin.) (Entered: 06/18/2021) |
| 06/23/2021 | 265 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by Trustee Richard A Marshack (TR). 341(a) Meeting Continued to 7/6/2021 at 01:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Marshack (TR), Richard) (Entered: 06/23/2021) |
| 06/23/2021 | [266](#)<br>(7 pgs) | Status report *Chapter 11 Trustee's Status Report; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s) 201 Hearing (Bk Other) Continued). (Marshack (TR), Richard) (Entered: 06/23/2021) |
| 06/24/2021 | [267](#)<br>(6 pgs) | Stipulation By Richard A Marshack (TR) and *Al Miller & Sons Roofing, Inc. and Tandem West Glass, Inc. to Continue Hearings on Motion for Relief from the Automatic Stay Under 11 U.S.C. Section 362, filed by Al Miller & Sons, Inc. [Re: Dk. No. 180] and Tandem West Glass, Inc. [Re: Dk. No. 181]; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Hays, D) (Entered: 06/24/2021) |
| 06/24/2021 | [268](#)<br>(6 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[267](#) Stipulation By Richard A Marshack (TR) and *Al Miller & Sons Roofing, Inc. and Tandem West Glass, Inc. to Continue* |

| | | |
|---|---|---|
| | | *Hearings on Motion for Relief from the Automatic Stay Under 11 U.S.C. Section 362, filed by Al Miller & Sons, Inc. [Re: Dk. No. 180] and Tandem West Glass, Inc. [Re: Dk. No. 181]; with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Hays, D) (Entered: 06/24/2021) |
| 06/25/2021 | 269 (2 pgs) | Order Approving Stipulation to Continue Hearing on Motions for Relief from the Automatic Stay Under 11 U.S.C. Section 362 Filed by Al Miller & Sons, Inc. and Tandem West Glass, Inc. (MTN;S CUR SCH FOR 6-29-21 @ 10AM IS CONT'D TO 7-13-21 @ 10AM; PLEASE REFER TO ORD FOR ADD'L INSTRUCTIONS) (BNC-PDF) (Related Doc # 267 ) Signed on 6/25/2021 (Kaaumoana, William) (Entered: 06/25/2021) |
| 06/25/2021 | 270 | Hearing Continued (RE: related document(s)180 Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM filed by Creditor Al Miller & Sons Roofing Co., Inc.) CONT'D TO 7-13-21 @ 10AM (Kaaumoana, William) (Entered: 06/25/2021) |
| 06/25/2021 | 271 | Hearing Continued : Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Tandem West Glass v. Doug Wall Construction, et al; with Proof of Service. (Related Doc # 181 ) CONT'D TO 7-13-21 @ 10AM(Kaaumoana, William) (Entered: 06/25/2021) |
| 06/25/2021 | 272 (10 pgs) | Stipulation By Richard A Marshack (TR) and *U.S. Real Estate Credit Holdings III-A, LP, Debtor, Edwin W. Leslie, Elliot Lander, Abraham Stuart Rubin and Gary Stiffelman to Continue Hearing on Motion to Excuse State Court Receiver, Edwin Leslie, from Turnover of Assets Under 11 U.S.C. Section 543; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 06/25/2021) |
| 06/25/2021 | 273 (6 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)272 Stipulation By Richard A Marshack (TR) and *U.S. Real Estate Credit Holdings III-A, LP, Debtor, Edwin W. Leslie, Elliot Lander, Abraham Stuart Rubin and Gary Stiffelman to Continue Hearing on Motion to Excuse State Court Receiver, Edwin Leslie, from). (Haes, Chad) (Entered: 06/25/2021)* |
| 06/27/2021 | 274 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)269 Order (Generic) (BNC-PDF) No. of Notices: 1. Notice Date 06/27/2021. (Admin.) (Entered: 06/27/2021) |
| 06/28/2021 | 275 (2 pgs) | Order Approving Stipulation To Continue Hearing On Motion To Excuse State Court Receiver, Edwin Leslie, From Turnover Of Assets Under 11 U.S.C. §543. The hearing on the Motion currently scheduled for July 7, 2021, at 10:00 a.m., is continued to July 28, 2021, at 10:00 a.m. (BNC-PDF) (Related Doc # 272 ) Signed on 6/28/2021 (Pennington-Jones, Patricia) (Entered: 06/28/2021) |
| 06/28/2021 | 276 (6 pgs) | Response to (related document(s): 182 Motion *Chapter 11 Trustee's Motion to (1) Extend the SARE Deadline Under Section 362(d)(3) or, in the Alternative, (2) Abandon the Estate's Interest in Certain Real Property; Memorandum of Points and Authorities; Declaration of Richard A. M filed by Trustee Richard A Marshack (TR)) Supplemental Response Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Houston, Marsha) (Entered: 06/28/2021)* |
| 06/30/2021 | 277 | BNC Certificate of Notice - PDF Document. (RE: related document(s)275 |

EXHIBIT 1, PAGE 47

| | | |
|---|---|---|
| | (5 pgs) | Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 1. Notice Date 06/30/2021. (Admin.) (Entered: 06/30/2021) |
| 07/01/2021 | 278 | Hearing Held (RE: related document(s)182 Generic Motion filed by Trustee Richard A Marshack (TR)); RULING - TRUSTEE TO FILE NOTICE OF WITHDRAWAL; (Jackson, Wendy Ann) (Entered: 07/01/2021) |
| 07/06/2021 | 279 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by Trustee Richard A Marshack (TR). 341(a) Meeting Continued to 7/27/2021 at 01:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Marshack (TR), Richard) (Entered: 07/06/2021) |
| 07/07/2021 | 280 (68 pgs) | Motion *MOTION FOR ORDER DISQUALIFYING REED SMITH LLP, AND/OR ANY OF ITS ATTORNEYS, FROM REPRESENTING U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP DUE TO CONFLICTS OF INTEREST GIVEN ITS ONGOING REPRESENTATION OF DEBTOR, AND PRIOR REPRESENTATION OF DEBTORS MANAGER; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF A. STUART RUBIN, ANNETTE RUBIN, EVAN L. SMITH, AND PATRICK C. McGARRIGLE, with Proof of Service* Filed by Interested Party Stuart Rubin (Smith, Evan) (Entered: 07/07/2021) |
| 07/07/2021 | 281 (62 pgs) | Application shortening time *Application for Order Setting Hearing on Shortened Notice [LBR 9075-1(b)] with Proof of Service* Filed by Interested Party Stuart Rubin (Smith, Evan). Related document(s) 280 Motion *MOTION FOR ORDER DISQUALIFYING REED SMITH LLP, AND/OR ANY OF ITS ATTORNEYS, FROM REPRESENTING U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP DUE TO CONFLICTS OF INTEREST GIVEN ITS ONGOING REPRESENTATION OF DEBTOR, AND PRIOR REPRESENTATION OF DEBT filed by Interested Party Stuart Rubin. Modified on 7/8/2021 (Jackson, Wendy Ann). (Entered: 07/07/2021)* |
| 07/08/2021 | 282 | Notice to Filer of Correction Made/No Action Required: **Other - Filer should not type in Secondary Text in all capital letters; THIS ENTRY IS PROVIDED FOR FUTURE REFERENCE.** (RE: related document(s)280 Generic Motion filed by Interested Party Stuart Rubin) (Jackson, Wendy Ann) (Entered: 07/08/2021) |
| 07/08/2021 | | Hearing (Bk Other) Continued (RE: related document(s) 1 VOLUNTARY PETITION (CHAPTER 11) filed by Glenroy Coachella, LLC) Status Hearing to be held on 07/28/2021 at 10:00 AM 255 E. Temple St. Courtroom 1539 Los Angeles, CA 90012 for 1 , (Jackson, Wendy Ann) (Entered: 07/08/2021) |
| 07/08/2021 | 283 (10 pgs; 3 docs) | Objection (related document(s): 281 Application shortening time *Application for Order Setting Hearing on Shortened Notice [LBR 9075-1(b)] with Proof of Service* filed by Interested Party Stuart Rubin) Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Attachments: # 1 Exhibit A # 2 Proof of Service) (Houston, Marsha) (Entered: 07/08/2021) |
| 07/08/2021 | 284 (4 pgs) | Order Denying Application for order setting hearing on shortened notice re: Motion for order disqualifying Reed Smith, LLP...; ORDERED that the motion may be brought on regular notice pursuant to LBR'S; (BNC-PDF) (Related Doc # 281) Signed on 7/8/2021 (Jackson, Wendy Ann) Modified on 7/8/2021 (Jackson, Wendy Ann). (Entered: 07/08/2021) |

EXHIBIT 1, PAGE 48

7/28/2021                           CM/ECF - U.S. Bankruptcy Court (v1.5.3 - LIVE)

| | | |
|---|---|---|
| 07/08/2021 | 285 (1 pg) | Request for Removal from Courtesy Notice of Electronic Filing (NEF) Filed by Harris, Douglas. (Harris, Douglas) (Entered: 07/08/2021) |
| 07/08/2021 | 286 (1 pg) | Request for Removal from Courtesy Notice of Electronic Filing (NEF) Filed by Lerner, Leib. (Lerner, Leib) (Entered: 07/08/2021) |
| 07/08/2021 | 287 (5 pgs) | Stipulation By Richard A Marshack (TR) and *Al Miller & Sons, Inc. and Tandem West Glass, Inc. to Continue Hearing on Motions for Relief from the Automatic Stay; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Hays, D) (Entered: 07/08/2021) |
| 07/08/2021 | 288 (6 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)287 Stipulation By Richard A Marshack (TR) and *Al Miller & Sons, Inc. and Tandem West Glass, Inc. to Continue Hearing on Motions for Relief from the Automatic Stay; with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Hays, D) (Entered: 07/08/2021) |
| 07/09/2021 | 289 (2 pgs) | Order Approving Stipulation to continue hearing on Motions for relief from stay under 11 USC Section 362 filed by AL Miller & Sons and Tandem West Glass, Inc. 180 AND 181 (BNC-PDF) (Related Doc # 287 ); ORDERED that the motions are continued to JULY 27, 2021 @ 10AM; Signed on 7/9/2021 (Jackson, Wendy Ann) (Entered: 07/09/2021) |
| 07/10/2021 | 290 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)284 ORDER shortening time (BNC-PDF)) No. of Notices: 1. Notice Date 07/10/2021. (Admin.) (Entered: 07/10/2021) |
| 07/11/2021 | 291 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)289 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 07/11/2021. (Admin.) (Entered: 07/11/2021) |
| 07/12/2021 | 292 (70 pgs) | Notice of Hearing *Notice of Motion For:* Filed by Creditor A. Stuart Rubin (RE: related document(s)280 Motion *MOTION FOR ORDER DISQUALIFYING REED SMITH LLP, AND/OR ANY OF ITS ATTORNEYS, FROM REPRESENTING U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP DUE TO CONFLICTS OF INTEREST GIVEN ITS ONGOING REPRESENTATION OF DEBTOR, AND PRIOR REPRESENTATION OF DEBTORS MANAGER; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF A. STUART RUBIN, ANNETTE RUBIN, EVAN L. SMITH, AND PATRICK C. McGARRIGLE, with Proof of Service* Filed by Interested Party Stuart Rubin. (Smith, Evan) (Entered: 07/12/2021) |
| 07/12/2021 | 293 | Hearing Set (RE: related document(s)280 Generic Motion filed by Interested Party Stuart Rubin) The Hearing date is set for 8/18/2021 at 10:00 AM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond (Jackson, Wendy Ann) (Entered: 07/12/2021) |
| 07/12/2021 | 294 (4 pgs) | Voluntary Dismissal of Motion *Notice of Voluntary Dismissal re: Chapter 11 Trustee's Motion to (1) Extend the SARE Deadline Under Section 362(d)(3) or, in the Alternative, (2) Abandon the Estate's Interest in Certain Real Property; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)182 Motion *Chapter 11 Trustee's Motion to (1) Extend the SARE Deadline Under Section 362(d)(3) or, in the Alternative, (2) Abandon the Estate's Interest in Certain Real Property; Memorandum* |

|  |  |  |
|---|---|---|
|  |  | *of Points and Authorities; Declaration of Richard A. M). (Hays, D) (Entered: 07/12/2021)* |
| 07/13/2021 | [295](#) (28 pgs) | Motion *Chapter 11 Trustee's Motion for Order Approving Agreement re: Estate's Receipt of Deeds from Tenants-in-Common; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Hays, D) (Entered: 07/13/2021) |
| 07/13/2021 | [296](#) (8 pgs) | Application shortening time Filed by Trustee Richard A Marshack (TR) (Haes, Chad). Related document(s) [295](#) Motion *Chapter 11 Trustee's Motion for Order Approving Agreement re: Estate's Receipt of Deeds from Tenants-in-Common; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service* filed by Trustee Richard A Marshack (TR). Modified on 7/14/2021 (Jackson, Wendy Ann). (Entered: 07/13/2021) |
| 07/13/2021 | [297](#) (4 pgs) | Notice of Appearance and Request for Notice by Christopher O Rivas Filed by Respondent Reed Smith LLP. (Rivas, Christopher) (Entered: 07/13/2021) |
| 07/13/2021 | [298](#) (5 pgs) | Stipulation By Richard A Marshack (TR) and *Al Miller & Sons Roofing, Inc., and Tandem West Glass, Inc. to Continue Hearings on Motions for Relief from the Automatic Stay Under 11 U.S.C. Section 362; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Hays, D) (Entered: 07/13/2021) |
| 07/13/2021 | [299](#) (6 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[298](#) Stipulation By Richard A Marshack (TR) and *Al Miller & Sons Roofing, Inc., and Tandem West Glass, Inc. to Continue Hearings on Motions for Relief from the Automatic Stay Under 11 U.S.C. Section 362; with Proof of Service*). (Hays, D) (Entered: 07/13/2021) |
| 07/14/2021 | [300](#) (5 pgs) | Order Granting Application and Setting hearing on shortened notice re: Chapter 11 Trustee's Motion for order approving agreement re: Estate's Receipt of Deeds from Tenants-in-Common; ORDERED that the hearing is set for: JULY 21, 2021 @ 10AM; (BNC-PDF) (Related Doc # [296](#) ) Signed on 7/14/2021 (Jackson, Wendy Ann) (Entered: 07/14/2021) |
| 07/14/2021 | [301](#) (2 pgs) | Order Approving Stipulation to continue hearing on Motions for relief from stay under 11 USC Section 362 filed by AL Miller & Sons, Inc. and Tandem West Glass, Inc. [180](#) and [181](#) ; ORDERED that the hearings are continued to AUGUST 17, 2021 @ 10AM; (BNC-PDF) (Related Doc # [298](#) ) Signed on 7/14/2021 (Jackson, Wendy Ann) (Entered: 07/14/2021) |
| 07/14/2021 | 302 | Hearing Set (RE: related document(s)[295](#) Generic Motion filed by Trustee Richard A Marshack (TR)) The Hearing date is set for 7/21/2021 at 10:00 AM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond (Jackson, Wendy Ann) (Entered: 07/14/2021) |
| 07/14/2021 | [303](#) (23 pgs) | Notice of Hearing Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[295](#) Motion *Chapter 11 Trustee's Motion for Order Approving Agreement re: Estate's Receipt of Deeds from Tenants-in-Common; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Haes, Chad) (Entered: 07/14/2021) |

| | | |
|---|---|---|
| 07/15/2021 | [304](#)<br>(9 pgs) | Stipulation By Richard A Marshack (TR) and *Debtor, U.S. Real Estate Credit Holdings III-A, LP, Edwin W. Leslie, Elliot Lander and Abraham Stuart Rubin, and Gary Stiffelman to Continue Hearing on Motion to Excuse State Court Receiver, Edwin Leslie, from Turnover of Assets Under 11 U.S.C. Section 543 and Status Conference; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Hays, D) (Entered: 07/15/2021) |
| 07/15/2021 | [305](#)<br>(9 pgs) | Stipulation By Richard A Marshack (TR) and *Debtor, U.S. Real Estate Credit Holdings III-A, LP, Edwin Leslie, Elliot Lander and Abraham Stuart Rubin and Gary Stiffelman to Continue Hearing on Motion to Excuse State Court Receiver, Edwin Leslie from Turnover of Assets Under 11 U.S.C. Section 543 and Status Conference; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 07/15/2021) |
| 07/15/2021 | [306](#)<br>(7 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[305](#) Stipulation By Richard A Marshack (TR) and *Debtor, U.S. Real Estate Credit Holdings III-A, LP, Edwin Leslie, Elliot Lander and Abraham Stuart Rubin and Gary Stiffelman to Continue Hearing on Motion to Excuse State Court Receiver, Edwin Leslie from*). (Haes, Chad) (Entered: 07/15/2021) |
| 07/16/2021 | [307](#)<br>(7 pgs) | Declaration re: *Declaration Regarding Service and Notice of Hearing re: Chapter 11 Trustee's Motion for Order Approving Agreement re: Estate's Receipt of Deeds from Tenants-in-Common; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[295](#) Motion *Chapter 11 Trustee's Motion for Order Approving Agreement re: Estate's Receipt of Deeds from Tenants-in-Common; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service*). (Haes, Chad) (Entered: 07/16/2021) |
| 07/16/2021 | [308](#)<br>(2 pgs) | Order Approving Stipulation to continue hearing on Motion to Excuse State Court REceiver, Edwin Leslie, from turnover of assets under 11 USC Section 543 and Status Conference; ORDERED that the hearing on the Motion to Excuse State Court Receiver and the Status Conference is continued to AUGUST 18, 2021 @ 10AM; (BNC-PDF) (Related Doc # [305](#)) Signed on 7/16/2021 (Jackson, Wendy Ann). Related document(s) [304](#) Stipulation By Richard A Marshack (TR) and *Debtor, U.S. Real Estate Credit Holdings III-A, LP, Edwin W. Leslie, Elliot Lander and Abraham Stuart Rubin, and Gary Stiffelman to Continue Hearing on Motion to Excuse State Court Receiver, Edwin Leslie, filed by Trustee Richard A Marshack (TR). Modified on 7/16/2021 to relate this order to both Stipulations; Stipulations are duplicate;* (Jackson, Wendy Ann). (Entered: 07/16/2021) |
| 07/16/2021 | [309](#)<br>(8 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[300](#) ORDER shortening time (BNC-PDF)) No. of Notices: 1. Notice Date 07/16/2021. (Admin.) (Entered: 07/16/2021) |
| 07/16/2021 | [310](#)<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[301](#) ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 07/16/2021. (Admin.) (Entered: 07/16/2021) |
| 07/18/2021 | [311](#)<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[308](#) ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 07/18/2021. (Admin.) (Entered: 07/18/2021) |
| 07/20/2021 | [312](#)<br>(52 pgs) | Objection (related document(s): [295](#) Motion *Chapter 11 Trustee's Motion for Order Approving Agreement re: Estate's Receipt of Deeds from Tenants-* |

|  |  |  |
|---|---|---|
|  |  | *in-Common; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service* filed by Trustee Richard A Marshack (TR)) *Limited Objection To Chapter 11 Trustees Motion For Order Approving Agreement Re: Estates Receipt Of Deeds From Tenants-In-Common* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 07/20/2021) |
| 07/20/2021 | [313](#) (23 pgs) | Reply to (related document(s): [295](#) Motion *Chapter 11 Trustee's Motion for Order Approving Agreement re: Estate's Receipt of Deeds from Tenants-in-Common; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service* filed by Trustee Richard A Marshack (TR)) *Response of Edwin W. Leslie, Receiver, to Trustee's Motion for Order Approving Agreement for Order Approving Agreement for: Estate's Receipt of Deeds from Tenants-in-Common (with Proof of Service)* Filed by Interested Party Edwin W. Leslie, Receiver (Tippie, Alan) (Entered: 07/20/2021) |
| 07/20/2021 | [314](#) (14 pgs) | Amended Schedule A/B Non-Individual: Property (Official Form 106A/B or 206A/B) , Schedule G Non-Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) Filed by Debtor Glenroy Coachella, LLC. (Lindsey, Crystle) (Entered: 07/20/2021) |
| 07/21/2021 | 315 | Hearing Held (Bk Motion) (RE: related document(s) [295](#) Generic Motion); RULING - GRANTED; ORDER TO FOLLOW FROM MR. HAYS; (Jackson, Wendy Ann) (Entered: 07/21/2021) |
| 07/26/2021 | [316](#) (8 pgs; 3 docs) | Chapter 11 Monthly Operating Report for the Month Ending: 06/30/2021 Filed by Trustee Richard A Marshack (TR). (Attachments: # [1](#) Supporting Documents # [2](#) Supplemental Explanatory Note to 6/30/21 MOR) (Marshack (TR), Richard) (Entered: 07/26/2021) |
| 07/27/2021 | 317 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by Trustee Richard A Marshack (TR). 341(a) Meeting Continued to 9/10/2021 at 10:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Marshack (TR), Richard) (Entered: 07/27/2021) |
| 07/28/2021 | [318](#) (18 pgs) | Chapter 11 Monthly Operating Report for the Month Ending: 05/31/2021 Filed by Trustee Richard A Marshack (TR). (Marshack (TR), Richard) (Entered: 07/28/2021) |
| 07/28/2021 | [319](#) (3 pgs) | Proof of service Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[316](#) Chapter 11 Monthly Operating Report (UST Form 11-MOR)). (Marshack (TR), Richard) (Entered: 07/28/2021) |
| 07/28/2021 | [320](#) (10 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[295](#) Motion *Chapter 11 Trustee's Motion for Order Approving Agreement re: Estate's Receipt of Deeds from Tenants-in-Common; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service*). (Hays, D) (Entered: 07/28/2021) |
| 07/28/2021 | [321](#) (5 pgs) | Order Granting Chapter 11 Trustee's Motion For Order Approving Agreement Re: Estate's Receipt Of Deeds From Tenants-In-Common (BNC-PDF) (Related Doc # [295](#) ) Signed on 7/28/2021 (Pennington-Jones, Patricia) (Entered: 07/28/2021) |

EXHIBIT 1, PAGE 52

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 07/28/2021 16:11:01 | | | |
| **PACER Login:** | attydeh162507 | **Client Code:** | 9999-001 |
| **Description:** | Docket Report | **Search Criteria:** | 2:21-bk-11188-BB Fil or Ent: filed From: 4/29/2000 To: 7/28/2021 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

EXHIBIT 1, PAGE 53

**EXHIBIT 2**

 **Fidelity National Title**

Fidelity National Title - OC
1300 Dove Street, 3rd Floor, Newport Beach, CA 92660

## Preliminary Report

Fidelity National Title - OC
1300 Dove Street, 3rd Floor, Newport Beach, CA 92660
Phone: (949) 788-2800
Fax: (949) 341-0251

Title Officer: Blake.Uradomo
Email: Blake.Uradomo@fnf.com
Phone No.: (949) 788-2800
Fax No.: (949) 341-0251
File No.: 00346562-997-OC1-245

Property Address: Vacant Land, Coachella, CA

### Introducing



LiveLOOK title document delivery system is designed to provide 24/7 real-time access to all information related to a title insurance transaction.

Access title reports, exception documents, an easy-to-use summary page, and more, at your fingertips and your convenience.

To view your new Fidelity National Title First Alert powered by LiveLOOK report, Click Here



**Effortless, Efficient, Compliant, and Accessible**



**Fidelity National Title Company**
1300 Dove Street, 3rd Floor, Newport Beach, CA 92660
Phone: (949) 788-2800  •  Fax: (949) 341-0251

Issuing Policies of Fidelity National Title Insurance Company

---

Title Officer:  **Blake.Uradomo**                          ORDER NO.:  **00346562-997-OC1-245**
Phone:  **(949) 788-2800**
Fax:  **(949) 341-0251**                                              LOAN NO.:
Email:  **Blake.Uradomo@fnf.com**

Fidelity National Title Company
1300 Dove Street, 3rd Floor
Newport Beach, CA 92660

ATTN:            Ben Llorin
YOUR REF:

PROPERTY:    **Vacant Land, Coachella, CA**

---

## PRELIMINARY REPORT

*In response to the application for a policy of title insurance referenced herein, **Fidelity National Title Company** hereby reports that it is prepared to issue, or cause to be issued, as of the date hereof, a policy or policies of title insurance describing the land and the estate or interest therein hereinafter set forth, insuring against loss which may be sustained by reason of any defect, lien or encumbrance not shown or referred to as an exception herein or not excluded from coverage pursuant to the printed Schedules, Conditions and Stipulations or Conditions of said policy forms.*

*The printed Exceptions and Exclusions from the coverage and Limitations on Covered Risks of said policy or policies are set forth in Attachment One. The policy to be issued may contain an arbitration clause. When the Amount of Insurance is less than that set forth in the arbitration clause, all arbitrable matters shall be arbitrated at the option of either the Company or the Insured as the exclusive remedy of the parties. Limitations on Covered Risks applicable to the CLTA and ALTA Homeowner's Policies of Title Insurance which establish a Deductible Amount and a Maximum Dollar Limit of Liability for certain coverages are also set forth in Attachment One. Copies of the policy forms should be read. They are available from the office which issued this report.*

*This report (and any supplements or amendments hereto) is issued solely for the purpose of facilitating the issuance of a policy of title insurance and no liability is assumed hereby. If it is desired that liability be assumed prior to the issuance of a policy of title insurance, a Binder or Commitment should be requested.*

*The policy(s) of title insurance to be issued hereunder will be policy(s) of Fidelity National Title Insurance Company, a Florida Corporation.*

***Please read the exceptions shown or referred to herein and the exceptions and exclusions set forth in Attachment One of this report carefully. The exceptions and exclusions are meant to provide you with notice of matters which are not covered under the terms of the title insurance policy and should be carefully considered.***

***It is important to note that this preliminary report is not a written representation as to the condition of title and may not list all liens, defects and encumbrances affecting title to the land.***

Countersigned by:

*Kelly Ueno*

Authorized Signature

---

EXHIBIT 2, PAGE 55

**Fidelity National Title Company**
1300 Dove Street, 3rd Floor, Newport Beach, CA 92660
Phone: (949) 788-2800    ●    Fax: (949) 341-0251

# PRELIMINARY REPORT

---

**EFFECTIVE DATE:**          **March 24, 2021 at 7:30 a.m.**

**ORDER NO.:  00346562-997-OC1-245**

The form of policy or policies of title insurance contemplated by this report is:

    **CLTA Standard Coverage Policy of Title Insurance (4-8-14)**

1.          THE ESTATE OR INTEREST IN THE LAND HEREINAFTER DESCRIBED OR REFERRED TO COVERED BY THIS REPORT IS:

    **A Fee**

2.          TITLE TO SAID ESTATE OR INTEREST AT THE DATE HEREOF IS VESTED IN:

    **Glenroy Coachella, LLC, a Delaware limited liability company, as to an undivided 70.5% interest;
Force Rubin, LLC, a Delaware limited liability company, as to an undivided 21.2115% interest;
Force Rubin 2, LLC, a Delaware limited liability company, as to an undivided 3.7885% interest; and
Coachella Resort, LLC, a California limited liability company, as to an undivided 4.5% interest**

3.          THE LAND REFERRED TO IN THIS REPORT IS DESCRIBED AS FOLLOWS:

    **See Exhibit A attached hereto and made a part hereof.**

EXHIBIT 2, PAGE 56

PRELIMINARY REPORT                                          Fidelity National Title Company
YOUR REFERENCE:                                ORDER NO.:  00346562-997-OC1-245

# EXHIBIT A

## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF COACHELLA, IN THE COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCEL 1 OF PARCEL MAP NO. 37310, IN THE CITY OF COACHELLA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, ACCORDING TO MAP ON FILE IN BOOK 243, PAGES 82 THROUGH 84 OF PARCEL MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

EXCEPTING THEREFROM THAT PORTION OF THE PROPERTY CONVEYED TO THE CITY OF COACHELLA, A MUNICIPAL CORPORATION, AS DESCRIBED IN DOCUMENT ENTITLED "CERTIFICATE OF ACCEPTANCE (GRANT OF EASEMENT), RECORDED SEPTEMBER 6, 2018 AS INSTRUMENT NO. 2018-359087 OF OFFICIAL RECORDS.

APN:  603-220-061

PRELIMINARY REPORT                                                     Fidelity National Title Company
YOUR REFERENCE:                                                        ORDER NO.:  00346562-997-OC1-245

# EXCEPTIONS

**AT THE DATE HEREOF, ITEMS TO BE CONSIDERED AND EXCEPTIONS TO COVERAGE IN ADDITION TO THE PRINTED EXCEPTIONS AND EXCLUSIONS IN SAID POLICY FORM WOULD BE AS FOLLOWS:**

1.  Property taxes, which are a lien not yet due and payable, including any assessments collected with taxes to be levied for the fiscal year 2021-2022.

2.  Property taxes, including any personal property taxes and any assessments collected with taxes are as follows:

    | | |
    |---|---|
    | Code Area: | 012-037 |
    | Tax Identification No.: | 603-220-061 |
    | Fiscal Year: | 2020-2021 |
    | 1st Installment: | $8,869.30, Paid |
    | 2nd Installment: | $8,869.30, Open |
    | Exemption: | $0.00 |
    | Land: | $319,672.00 |
    | Improvements: | $0.00 |
    | Personal Property: | $0.00 |
    | Bill No.: | 2020002891868 |

3.  The lien of supplemental or escaped assessments of property taxes, if any, made pursuant to the provisions of Chapter 3.5 or Part 2, Chapter 3, Articles 3 and 4 respectively (commencing with Section 75) of the Revenue and Taxation Code of the State of California as a result of the transfer of title to the vestee named in Schedule A; or as a result of changes in ownership or new construction occurring prior to date of policy.

4.  The herein described Land is within the boundaries of the Mello-Roos Community Facilities District(s). The annual assessments, if any, are collected with the county property taxes. Failure to pay said taxes prior to the delinquency date may result in the above assessment being removed from the county tax roll and subjected to Accelerated Judicial Bond Foreclosure. Inquiry should be made with said District for possible stripped assessments and prior delinquencies.

5.  A Notice

    | | |
    |---|---|
    | Entitled: | Notice of Assessment |
    | For: | Coachella Community Center Project Assessment District No. 92-1 |
    | Executed by: | The Coachella Valley Recreation & Parks District |
    | Recording Date: | October 13, 1992 |
    | Recording No: | Instrument No. 1992-385076 Official Records |

    Reference is hereby made to said document for full particulars.

6.  Any assessments which may be levied against the herein described property by virtue of the fact that said land lies within the boundaries of Community Facilities District 2018-1 (Glenroy) adopted by the City of Coachella, a boundary map of which is on file in Book 82, Page 7 of Maps of Assessment and Community Facilities Districts, recorded February 21, 2018 as Instrument No. 2018-0064380 Official Records, and amended in Book 82, Page 38, recorded April 25, 2018 as Instrument No. 2018-158456 Official Records.

7.  The herein described property lies within the boundaries of a Mello-Roos Community Facilities District (CFD) as follows:

    | | |
    |---|---|
    | CFD No: | 2005-1 |
    | For: | Community Facilities District No. 2005-1 (Law Enforcement, Fire and Paramedic Services) |
    | Disclosed by: | Notice of Special Tax lien |
    | Recording Date: | November 3, 2005 |
    | Recording No.: | Instrument No. 2005-0916803, of Official Records |

EXHIBIT 2, PAGE 58

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346562-997-OC1-245

**EXCEPTIONS**
**(Continued)**

This property, along with all other parcels in the CFD, is liable for an annual special tax. This special tax is included with and payable with the general property taxes of the City of Coachella, County of Riverside.
The tax may not be prepaid.

Matters contained in that certain document

| | |
|---|---|
| Entitled: | Amendment No. 3 to Notice of Special Tax Lien |
| Recording Date: | October 6, 2006 |
| Recording No: | Instrument No. 2006-0741243, of Official Records |

Reference is hereby made to said document for full particulars.

8.   The herein described property lies within the boundaries of a Mello-Roos Community Facilities District (CFD) as follows:

| | |
|---|---|
| CFD No: | 2018-1 |
| For: | Community Facilities District No. 2018-1 |
| Disclosed by: | Notice of Special Tax Lien |
| Recording Date: | June 4, 2018 |
| Recording No.: | Instrument No. 2018-0225621 Official Records |

This property, along with all other parcels in the CFD, is liable for an annual special tax. This special tax is included with and payable with the general property taxes of the City of Coachella, County of Riverside.

The tax may not be prepaid.

9.   Assessments and other matters as contained in documents entitled Payment of Contractual Assessment Required, recorded April 25, 2018, as Document No. 2018-0160473, of Official, pursuant to Chapter 29 of Part 3 of Division 7 of the California Streets and Highways Code providing for the assessments. Said assessments are collected with county taxes. The assessment may be prepaid.

Reference is hereby made to said documents for further particulars.

Matters contained in that certain document

| | |
|---|---|
| Entitled: | Addendum No. 1 to Notice of Assessment and Payment of Contractual Assessment Required |
| Recording Date: | September 29, 2020 |
| Recording No: | Instrument No. 2020-0464144, of Official Records |

Reference is hereby made to said document for full particulars.

EXHIBIT 2, PAGE 59

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346562-997-OC1-245

## EXCEPTIONS
### (Continued)

10.    Water rights, claims or title to water, whether or not disclosed by the public records.

11.    Covenants, conditions and restrictions but omitting any covenants or restrictions, if any, including but not limited to those based upon race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, veteran or military status, genetic information, medical condition, citizenship, primary language, and immigration status, as set forth in applicable state or federal laws, except to the extent that said covenant or restriction is permitted by applicable law, as set forth in the document

|  |  |
|---|---|
| Recording Date: | June 6, 1892 |
| Recording No: | in Book 202, Page 144, of Deeds, San Diego County Records |

Said covenants, conditions and restrictions provide that a violation thereof shall not defeat the lien of any mortgage or deed of trust made in good faith and for value.

12.    Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

|  |  |
|---|---|
| Granted to: | Coachella Valley Ice and Electric Company |
| Purpose: | Transmission and distribution of electricity and telephonic communication and telegraphic communication |
| Recording Date: | June 04, 1914 |
| Recording No: | in Book 398, Page 130, of Deeds |
| Affects: | A portion of said land as described therein |

13.    Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

|  |  |
|---|---|
| Granted to: | The United States of America |
| Purpose: | Water pipeline |
| Recording Date: | July 19, 1949 |
| Recording No: | in Book 1095, Page 306, of Official Records |
| Affects: | A portion of said land as described therein |

Matters contained in that certain document

|  |  |
|---|---|
| Entitled: | Quitclaim Deed and Release |
| Recording Date: | July 31, 2018 |
| Recording No: | Instrument No. 2018-0307549, of Official Records |

Reference is hereby made to said document for full particulars.

14.    Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

|  |  |
|---|---|
| Granted to: | Coachella Valley County Water District |
| Purpose: | Pipeline |
| Recording Date: | September 21, 1960 |
| Recording No: | Instrument No. 1960-82454, of Official Records |
| Affects: | A portion of said land as described therein |

PRELIMINARY REPORT                                                                    Fidelity National Title Company
YOUR REFERENCE:                                                            ORDER NO.:  00346562-997-OC1-245

## EXCEPTIONS
### (Continued)

15.    Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

|  |  |
|---|---|
| Granted to: | Imperial Irrigation District |
| Purpose: | Public utilities |
| Recording Date: | July 22, 1970 |
| Recording No: | Instrument No. 1970-70546, of Official Records |
| Affects: | A portion of said land as described therein |

16.    Easements as shown and/or dedicated upon the recorded map referenced in the legal description in Schedule A as Parcel Map 37310, in the City of Coachella, County of Riverside, State of California, according to map on file in Book 243, Pages 82 through 84 inclusive of Parcel Maps, records of Riverside County, California, together with any provisions and recitals contained therein.

Reference is hereby made to said document for full particulars.

17.    The Land described herein is included within a project area of the Redevelopment Agency shown below, and that proceedings for the redevelopment of said project have been instituted under the Redevelopment Law (such redevelopment to proceed only after the adoption of the Redevelopment Plan) as disclosed by a document.

|  |  |
|---|---|
| Redevelopment Agency: | City of Coachella |
| Recording Date: | July 10, 2007 |
| Recording No: | Instrument No. 2007-0449636, of Official Records |
| and Recording Date: | July 10, 2007 |
| and Recording No: | Instrument No. 2007-0449637, of Official Records |

18.    Recitals as shown on Parcel Map 37310

|  |  |
|---|---|
| Recording No: | in Book 243, Pages 82 to 84 inclusive of Parcel Maps |
| Which among other things recites: | The real property described below is dedicated in fee for street and public utility purposes: Lot "A" as shown hereon. |
|  | As a condition of dedication of Lot "A" (Avenue 48), the owners of Parcels 1-4, and 6, inclusive, abutting this right of way and during such time will have no rights of access except the general easement of travel. Any change of alignment or width that results in the vacation thereof shall terminate this condition of access rights as to the party vacated. |

Reference is hereby made to said document for full particulars.

19.    The following matters shown or disclosed by the filed or recorded map referred to in the legal description: Various notes and recitals

20.    Easement(s) for the purpose(s) shown below and rights incidental thereto as delineated or as offered for dedication, on the map of said tract/plat;

|  |  |
|---|---|
| Purpose: | Landscape and/or retention basin |
| Affects: | As shown on said map |

21.    Matters contained in that certain document

|  |  |
|---|---|
| Entitled: | Water Quality Management Plan and Urban Runoff BMP Transfer, Access and Maintenance Agreement |

EXHIBIT 2, PAGE 61

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.: 00346562-997-OC1-245

## EXCEPTIONS
### (Continued)

Recording Date: December 06, 2017
Recording No: Instrument No. 2017-0512010, of Official Records

Reference is hereby made to said document for full particulars.

22. Matters contained in that certain document

Entitled: Glenroy Resort Development Agreement
Recording Date: March 8, 2018
Recording No: Instrument No. 2018-0089219, of Official Records

Reference is hereby made to said document for full particulars.

23. Terms and provisions contained in that certain unrecorded Parking License Agreement dated April 20, 2018 by and between Glenroy Coachella, LLC and Force-DMP LLC.

24. Matters contained in that certain document

Entitled: Memorandum of Tenancy in Common Agreement
Recording Date: April 24, 2018
Recording No: Instrument No. 2018-0156322, of Official Records

Reference is hereby made to said document for full particulars.

25. Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

Granted to: The City of Coachella
Purpose: Public utilities and incidental purposes
Recording Date: September 06, 2018
Recording No: Instrument No. 2018-0359087, of Official Records
Affects: A portion of said land as described therein

26. Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

Granted to: Southern California Gas Company, a California Corporation, its successors and assigns
Purpose: Public utilities and incidental purposes
Recording Date: October 26, 2018
Recording No: Instrument No. 2018-0423528, of Official Records
Affects: A portion of said land as described therein

## EXCEPTIONS
### (Continued)

27.     A deed of trust to secure an indebtedness in the amount shown below,

| | |
|---|---|
| Amount: | $24,400,000.00 |
| Dated: | April 26, 2018 |
| Trustor/Grantor | Glenroy Coachella, LLC, a Delaware limited liability company; Force Rubin, LLC, a Delaware limited liability company; Force Rubin 2, LLC, a Delaware limited liability company; and Coachella Resort, LLC, a California limited liability company |
| Trustee: | Stewart Title of California, Inc., a California corporation |
| Beneficiary: | U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership |
| Loan No.: | None shown |
| Recording Date: | April 26, 2018 |
| Recording No: | Instrument No. 2018-0162476, of Official Records |

| | |
|---|---|
| Affects: | The herein described Land and other land. |

A substitution of trustee under said deed of trust which names, as the substituted trustee, the following

| | |
|---|---|
| Trustee: | Fidelity National Title Company |
| Recording Date: | September 09, 2019 |
| Recording No: | Instrument No. 2019-0350103, of Official Records |

A notice of default under the terms of said trust deed

| | |
|---|---|
| Executed by: | Fidelity National Title Company |
| Recording Date: | September 09, 2019 |
| Recording No: | Instrument No. 2019-0350104, of Official Records |

A notice of trustee's sale under said deed of trust

| | |
|---|---|
| Executed by: | Fidelity National Title Company |
| Date, Time and Place of Sale: | February 9, 2021, at 09:00 AM, in front of the Corona Civic Center, 849 W. Sixth Street, Corona, CA 92882 |
| Recording Date: | January 14, 2021 |
| Recording No: | Instrument No. 2021-0025741, of Official Records |

28.     An assignment of all the moneys due, or to become due as rental, as additional security for the obligations secured by deed of trust shown as item above

| | |
|---|---|
| Assigned to: | U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership |
| Recording Date: | April 26, 2018 |
| Recording No: | Instrument No. 2018-0162477, of Official Records |

29.     A financing statement as follows:

| | |
|---|---|
| Debtor: | Glenroy Coachella, LLC, a Delaware limited liability company; Force Rubin, LLC, a Delaware limited liability company; Force Rubin 2, LLC, a Delaware limited liability company; and Coachella Resort, LLC, a California limited liability company |
| Secured Party: | U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership |
| Recording Date: | April 26, 2018 |
| Recording No: | Instrument No. 2018-0162478, of Official Records |

EXHIBIT 2, PAGE 63

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346562-997-OC1-245

## EXCEPTIONS
### (Continued)

30.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Hi-Grade Materials Co |
| Amount: | $32,847.96 |
| Recording Date: | July 5, 2018 |
| Recording No: | Instrument No. 2018-0273102, of Official Records |

31.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Glendale Plumbing and Fire Supply |
| Amount: | $23,792.54 |
| Recording Date: | October 26, 2018 |
| Recording No: | Instrument No. 2018-0423202, of Official Records |

32.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Constructure, Inc. |
| Amount: | $301,119.50 |
| Recording Date: | January 22, 2019 |
| Recording No: | Instrument No. 2019-0022660, of Official Records |

33.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Ferguson Enterprises, LLC. |
| Amount: | $119,569.73 |
| Recording Date: | May 22, 2019 |
| Recording No: | Instrument No. 2019-0179443, of Official Records |

34.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Superior Ready Mix Concrete L.P. |
| Amount: | $20,571.27 |
| Recording Date: | May 29, 2019 |
| Recording No: | Instrument No. 2019-0190540, of Official Records |

35.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | The Sherwin-Williams Company |
| Amount: | $33,333.11 |
| Recording Date: | June 3, 2019 |
| Recording No: | Instrument No. 2019-0198410, of Official Records |

Said mechanic's lien has been partially released by instrument

| | |
|---|---|
| Recording Date: | July 10, 2019 |
| Recording No: | Instrument No. 2019-0252361, of Official Records |

Claimant reduces its Mechanics' Lien by $6,538.32, to reflect the current amount subject to the Claimant's Mechanics' Lien in the sum of $26,794.79.

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346562-997-OC1-245

## EXCEPTIONS
### (Continued)

36.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | GF Investment Group, Inc. |
| Amount: | $259,695.63 |
| Recording Date: | June 6, 2019 |
| Recording No: | Instrument No. 2019-0204095, of Official Records |

37.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Blair Air, Inc. Dba Blair Heating & Air |
| Amount: | $297,443.80 |
| Recording Date: | June 7, 2019 |
| Recording No: | Instrument No. 2019-0206598, of Official Records |

38.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Hajoca Corporation |
| Amount: | $39,636.17 |
| Recording Date: | June 11, 2019 |
| Recording No: | Instrument No. 2019-0210159, of Official Records |

39.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | American Builders and Contractors Supply Co., Inc. – ABC Supply Co., Inc. |
| Amount: | $24,813.58 |
| Recording Date: | June 13, 2019 |
| Recording No: | Instrument No. 2019-0213172, of Official Records |

40.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Desert Electric Supply |
| Amount: | $61,574.60 |
| Recording Date: | June 18, 2019 |
| Recording No: | Instrument No. 2019-0218809, of Official Records |

EXHIBIT 2, PAGE 65

## EXCEPTIONS
### (Continued)

41.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Apple J Plumbing, Inc. |
| Amount: | $175,845.06 |
| Recording Date: | June 18, 2019 |
| Recording No: | Instrument No. 2019-0219453, of Official Records |

42.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Jacobsson Engineering Construction, Inc. |
| Amount: | $1,042,299.00 |
| Recording Date: | June 21, 2019 |
| Recording No: | Instrument No. 2019-0225760, of Official Records |

43.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | West Coast Sand and Gravel, Inc. |
| Amount: | $21,666.29 |
| Recording Date: | July 10, 2019 |
| Recording No: | Instrument No. 2019-0253543, of Official Records |

44.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Superior Pool Products, LLC |
| Amount: | $14,386.05 |
| Recording Date: | July 11, 2019 |
| Recording No: | Instrument No. 2019-0254740 Official Records |

45.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Resource Building Materials |
| Amount: | $1,905.04 |
| Recording Date: | July 15, 2019 |
| Recording No: | Instrument No. 2019-0258520, of Official Records |

46.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | L&W Supply Corporation |
| Amount: | $10,861.98 |
| Recording Date: | August 05, 2019 |
| Recording No: | Instrument No. 2019-0293318, of Official Records |

47.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | L&W Supply Corporation |
| Amount: | $8,643.42 |
| Recording Date: | August 05, 2019 |
| Recording No: | Instrument No. 2019-0293319, of Official Records |

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.: 00346562-997-OC1-245

## EXCEPTIONS
### (Continued)

48.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Desert Palms Electric, Inc. |
| Amount: | $389,839.09 |
| Recording Date: | August 6, 2019 |
| Recording No: | Instrument No. 2019-0295567, of Official Records |

49.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Gauston Corp |
| Amount: | $21,153.36 |
| Recording Date: | August 21, 2019 |
| Recording No: | Instrument No. 2019-0321135, of Official Records |

50.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Ferguson Enterprises, LLC |
| Amount: | $119,569.73 |
| Recording Date: | August 26, 2019 |
| Recording No: | Instrument No. 2019-0328148, of Official Records |

51.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | TemalPakh, Inc., dba The Works Floor & Wall |
| Amount: | $33,628.46 |
| Recording Date: | August 26, 2019 |
| Recording No: | Instrument No. 2019-0328428, of Official Records |

52.    A judgment for the amount shown below, and any other amounts due, entered in the United States District Court:

| | |
|---|---|
| Amount: | $89,110.62 (Damages) |
| Amount: | $5,164.42 (Attorney's Fees) |
| Debtor: | Glenroy Coachella, LLC, and Does 1-10 |
| Creditor: | Silhouette Outdoor Furniture, Inc. |
| Date entered: | July 02, 2019 |
| District: | Central, State of California |
| Case No: | EDCV 19-00373-CJC (KKx) |
| Recording Date: | August 29, 2019 |
| Recording No: | Instrument No. 2019-0336225, of Official Records |

53.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | BMC West, LLC |
| Amount: | $50,290.00 |
| Recording Date: | September 11, 2019 |
| Recording No: | Instrument No. 2019-0354394, of Official Records |

EXHIBIT 2, PAGE 67

## EXCEPTIONS
### (Continued)

54.     A claim of mechanic's lien or materialman's lien

        Claimant:               Doug Wall Construction, Inc.
        Amount:                 $3,876,856.10
        Recording Date:         September 12, 2019
        Recording No:           Instrument No. 2019-0356369, of Official Records

        As affected by an Amended Mechanics Lien

        Amount:                 $4,359,813.13
        Recording Date:         October 7, 2019
        Recording No:           Instrument No. 2019-0401936, of Official Records

55.     A pending court action as disclosed by a recorded notice:

        Plaintiff:              Blair Air, Inc.
        Defendant:              Doug Wall Construction, Inc.; Glen Roy Coachella, LLC; et al
        County:                 Riverside
        Court:                  Superior
        Case No.:               PSC 1906241
        Nature of Action:       Foreclosure of Mechanic Lien
        Recording Date:         September 20, 2019
        Recording No:           Instrument No. 2019-0370664, of Official Records

56.     A claim of mechanic's lien or materialman's lien

        Claimant:               Al Miller & Sons Roofing Co., Inc.
        Amount:                 $111,631.71
        Recording Date:         September 20, 2019
        Recording No:           Instrument No. 2019-0372302, of Official Records

        As affected by an Amended Mechanics Lien

        Amount:                 $153,901.00
        Recording Date:         October 7, 2019
        Recording No:           Instrument No. 2019-0402031, of Official Records

57.     A pending court action as disclosed by a recorded notice:

        Plaintiff:              Mascorro Concrete Construction, Inc.
        Defendant:              Doug Wall Construction, Inc.; Glenroy Coachella, LLC; et al
        County:                 Riverside
        Court:                  Superior
        Case No.:               PSC 1906560
        Nature of Action:       Foreclosure of Mechanic Lien
        Recording Date:         September 24, 2019
        Recording No:           Instrument No. 2019-0376608, of Official Records

        Said Notice of Lis Pendens has been partially withdrawal by instrument

        Recording Date:         December 30, 2020
        Recording No:           Instrument No. 2020-0668680, of Official Records

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.: 00346562-997-OC1-245

## EXCEPTIONS
### (Continued)

58.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Apple J. Plumbing, Inc. |
| Defendant: | Doug Wall Construction, Inc.; Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC 1906579 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | September 24, 2019 |
| Recording No: | Instrument No. 2019-0376609, of Official Records |

Said Notice of Lis Pendens has been partially withdrawal by instrument

| | |
|---|---|
| Recording Date: | December 30, 2020 |
| Recording No: | Instrument No. 2020-0668682, of Official Records |

59.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Desert Palms Electric, Inc. |
| Defendant: | Doug Wall Construction, Inc.; Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC 1906554 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | September 24, 2019 |
| Recording No: | Instrument No. 2019-0376610, of Official Records |

Said Notice of Lis Pendens has been partially withdrawal by instrument

| | |
|---|---|
| Recording Date: | December 30, 2020 |
| Recording No: | Instrument No. 2020-0668681, of Official Records |

60.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Ferguson Enterprises, Inc. |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC 1906136 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | September 24, 2019 |
| Recording No: | Instrument No. 2019-0376684, of Official Records |

61.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Southwest Plumbing inc. |
| Amount: | $111,141.13 |
| Recording Date: | September 24, 2019 |
| Recording No: | Instrument No. 2019-0377201, of Official Records |

EXHIBIT 2, PAGE 69

## EXCEPTIONS
### (Continued)

62.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | All Phase Drywall & Development, Inc. |
| Amount: | $40,000.00 |
| Recording Date: | September 25, 2019 |
| Recording No: | Instrument No. 2019-0379585, of Official Records |

63.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | All Phase Drywall & Development, Inc. |
| Amount: | $396,871.43 |
| Recording Date: | September 25, 2019 |
| Recording No: | Instrument No. 2019-0379586, of Official Records |

64.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Tandem West Glass, Inc. |
| Amount: | $387,752.38 |
| Recording Date: | September 25, 2019 |
| Recording No: | Instrument No. 2019-0379822, of Official Records |

As affected by an Amended Mechanics Lien

| | |
|---|---|
| Amount: | $795,971.26 |
| Recording Date: | October 7, 2019 |
| Recording No: | Instrument No. 2019-0402041, of Official Records |

As affected by a Second Amended Mechanics Lien

| | |
|---|---|
| Amount: | $449,849.39 |
| Recording Date: | October 11, 2019 |
| Recording No: | Instrument No. 2019-0410373, of Official Records |

65.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | GF Investment Group, Inc. |
| Amount: | $250,695.63 |
| Recording Date: | September 27, 2019 |
| Recording No: | Instrument No. 2019-385786, of Official Records |

66.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | La Hacienda Nursery & Landscape, Inc. |
| Amount: | $146,717.74 |
| Recording Date: | October 16, 2019 |
| Recording No: | Instrument No. 2019-0415743, of Official Records |

EXHIBIT 2, PAGE 70

PRELIMINARY REPORT                                                    Fidelity National Title Company
YOUR REFERENCE:                                              ORDER NO.:  00346562-997-OC1-245

## EXCEPTIONS
### (Continued)

67.    A pending court action as disclosed by a recorded notice:

|  |  |
|---|---|
| Plaintiff: | Doug Wall Construction, Inc. |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1907309 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | October 16, 2019 |
| Recording No: | Instrument No. 2019-0415790, of Official Records |

68.    A pending court action as disclosed by a recorded notice:

|  |  |
|---|---|
| Plaintiff: | Tmalpakh, Inc., a California corporation dba The Works Floor & Wall |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1907262 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | October 23, 2019 |
| Recording No: | Instrument No. 2019-0428103, of Official Records |

Said Notice of Lis Pendens has been partially withdrawal by instrument

|  |  |
|---|---|
| Recording Date: | December 30, 2020 |
| Recording No: | Instrument No. 2020-0668684, of Official Records |

69.    A pending court action as disclosed by a recorded notice:

|  |  |
|---|---|
| Plaintiff: | Orco Block & Hardscape, a California corporation |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1907155 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | October 25, 2019 |
| Recording No: | Instrument No. 2019-0432553, of Official Records |

70.    A pending court action as disclosed by a recorded notice:

|  |  |
|---|---|
| Plaintiff: | BMC West LLC, a Delaware limited liability company |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1908245 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | November 22, 2019 |
| Recording No: | Instrument No. 2019-0483250, of Official Records |

EXHIBIT 2, PAGE 71

## EXCEPTIONS
### (Continued)

71.    A pending court action as disclosed by a recorded notice:

|  |  |
|---|---|
| Plaintiff: | La Hacienda Nursery & Landscape, Inc., a California corporation |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1909423 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | January 2, 2020 |
| Recording No: | Instrument No. 2020-0000938, of Official Records |

72.    A pending court action as disclosed by a recorded notice:

|  |  |
|---|---|
| Plaintiff: | All Phase Drywall & Development, Inc., a California corporation |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1909367 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | January 9, 2020 |
| Recording No: | Instrument No. 2020-0009905, of Official Records |

73.    A pending court action as disclosed by a recorded notice:

|  |  |
|---|---|
| Plaintiff: | Tandem West Glass, Inc., a California corporation |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC 2000015 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | January 10, 2020 |
| Recording No: | Instrument No. 2020-0013976, of Official Records |

Said Notice of Lis Pendens has been partially withdrawal by instrument

|  |  |
|---|---|
| Recording Date: | December 30, 2020 |
| Recording No: | Instrument No. 2020-0668679, of Official Records |

74.    A pending court action as disclosed by a recorded notice:

|  |  |
|---|---|
| Plaintiff: | Al Miller & Sons Roofing, Inc., a California corporation |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC 2000009 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | January 10, 2020 |
| Recording No: | Instrument No. 2020-0013979, of Official Records |

Said Notice of Lis Pendens has been partially withdrawal by instrument

|  |  |
|---|---|
| Recording Date: | December 30, 2020 |
| Recording No: | Instrument No. 2020-0668683, of Official Records |

EXHIBIT 2, PAGE 72

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346562-997-OC1-245

## EXCEPTIONS
### (Continued)

75.     Matters contained in that certain document

Entitled:                 Stipulation and Order RE Appointment of Receiver and Preliminary Junction
Recording Date:           January 29, 2020
Recording No:             Instrument No. 2020-0044153, of Official Records

Reference is hereby made to said document for full particulars.

76.     A pending court action as disclosed by a recorded notice:

Plaintiff:                U.S. Real Estate Credit Holdings III-A, LP
Defendant:                Glenroy Coachella, LLC; et al
County:                   Riverside
Court:                    Superior
Case No.:                 RIC1905743
Recording Date:           February 13, 2020
Recording No.:            Instrument No. 2020-0068228, of Official Records

77.     Certificate of Indebtedness of the Receiver – Receiver Certificate No. 1

Recording Date:           June 12, 2020
Recording No.:            Instrument No. 2020-0252044 Official Records

and Recording Date:       June 12, 2020
and Recording No:         Instrument No. 2020-0252045 Official Records

and Recording Date:       June 12, 2020
and Recording No:         Instrument No. 2020-0252046 Official Records

and Recording Date:       June 12, 2020
and Recording No:         Instrument No. 2020-0252047 Official Records

and Recording Date:       June 12, 2020
and Recording No:         Instrument No. 2020-0252048 Official Records

and Recording Date:       June 12, 2020
and Recording No:         Instrument No. 2020-0252049 Official Records

and Recording Date:       June 12, 2020
and Recording No:         Instrument No. 2020-0252050 Official Records

and Recording Date:       June 12, 2020
and Recording No:         Instrument No. 2020-0252051 Official Records

78.     A claim of mechanic's lien or materialman's lien

Claimant:                 Gauston Corp
Amount:                   $28,829.75
Recording Date:           June 25, 2018
Recording No:             Instrument No. 2018-0255143, of Official Records

## EXCEPTIONS
### (Continued)

79.    Any rights of the parties in possession of a portion of, or all of, said Land, which rights are not disclosed by the public records.

The Company will require, for review, a full and complete copy of any unrecorded agreement, contract, license and/or lease, together with all supplements, assignments and amendments thereto, before issuing any policy of title insurance without excepting this item from coverage.

The Company reserves the right to except additional items and/or make additional requirements after reviewing said documents.

80.    Any facts, rights, interests or claims that may exist or arise by reason of the following matters disclosed by a pending final ALTA/NSPS Survey prepared by Saxon Engineering Services, Inc., dated April 10, 2018, designated as Job No. Glenroy Coachella:

a. Electrical vaults located on the northerly property line of Parcel 4.
b. A cable television box located along the westerly boundary of Parcel 2.
c. An electrical transformer located along the westerly boundary of Parcel 2.
d. A street light pole encroaching in the southwest corner of Parcel 2.

81.    Any easements not disclosed by the public records as to matters affecting title to real property, whether or not said easements are visible and apparent.

82.    Discrepancies, conflicts in boundary lines, shortage in area, encroachments, or any other matters which a correct survey would disclose and which are not shown by the public records.

83.    Matters which may be disclosed by an inspection and/or by a correct ALTA/ACSM Land Title Survey of said Land that is satisfactory to the Company, and/or by inquiry of the parties in possession thereof.

**PLEASE REFER TO THE "INFORMATIONAL NOTES" AND "REQUIREMENTS" SECTIONS WHICH FOLLOW FOR INFORMATION NECESSARY TO COMPLETE THIS TRANSACTION.**

---

**END OF EXCEPTIONS**

---

EXHIBIT 2, PAGE 74

PRELIMINARY REPORT                                                                                    Fidelity National Title Company
YOUR REFERENCE:                                                                                      ORDER NO.:  00346562-997-OC1-245

# REQUIREMENTS SECTION

1.    In order to complete this report, the Company requires a Statement of Information to be completed by the following party(s),

      Party(s):                    All Parties

      The Company reserves the right to add additional items or make further requirements after review of the requested Statement of Information.

      NOTE:  The Statement of Information is necessary to complete the search and examination of title under this order. Any title search includes matters that are indexed by name only, and having a completed Statement of Information assists the Company in the elimination of certain matters which appear to involve the parties but in fact affect another party with the same or similar name. Be assured that the Statement of Information is essential and will be kept strictly confidential to this file.

2.    The Company will require the following documents for review prior to the issuance of any title insurance predicated upon a conveyance or encumbrance from the entity named below:

      Limited Liability Company:     Glenroy Coachella, LLC, a Delaware limited liability company,
                                     Force Rubin, LLC, a Delaware limited liability company,
                                     Force Rubin 2, LLC, a Delaware limited liability company
                                     Coachella Resort, LLC, a California limited liability company

      a)    A copy of its operating agreement, if any, and all amendments, supplements and/or modifications thereto, certified by the appropriate manager or member.

      b)    If a domestic Limited Liability Company, a copy of its Articles of Organization and all amendments thereto with the appropriate filing stamps.

      c)    If the Limited Liability Company is member-managed, a full and complete current list of members certified by the appropriate manager or member.

      d)    A current dated certificate of good standing from the proper governmental authority of the state in which the entity is currently domiciled.

      e)    If less than all members, or managers, as appropriate, will be executing the closing documents, furnish evidence of the authority of those signing.

      f)    If Limited Liability Company is a Single Member Entity, a Statement of Information for the Single Member will be required.

      g)    Each member and manager of the LLC without an Operating Agreement must execute in the presence of a notary public the Certificate of California LLC (Without an Operating Agreement) Status and Authority form.

3.    This transaction requires high liability approval prior to close of escrow together with an inspection of the subject property.

      Please advise title department with an estimated date that your transaction will close so we can schedule the necessary approvals and inspections.

4.    The transaction contemplated in connection with this Report is subject to the review and approval of the Company's Corporate Underwriting Department. The Company reserves the right to add additional items or make further requirements after such review.

PRELIMINARY REPORT                                                            Fidelity National Title Company
YOUR REFERENCE:                                                              ORDER NO.:  00346562-997-OC1-245

## REQUIREMENTS
### (Continued)

5.      Please call the Title Department five (5) days prior to the contemplated closing to determine if additional documents or information is required.

Phone Number:              (949) 788-2800

---

## END OF REQUIREMENTS

---

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346562-997-OC1-245

# INFORMATIONAL NOTES SECTION

1.      Note:  There are NO conveyances affecting said Land recorded within 24 months of the date of this report.

2.      Note:  Please contact your Title Officer to obtain the current recording fees.  Fidelity National Title Company will pay Fidelity National Title Insurance Company 12% of the title premium, as disclosed on lines 1107 and 1108 of the HUD-1.

3.      Note:  The policy of title insurance will include an arbitration provision. The Company or the insured may demand arbitration. Arbitrable matters may include, but are not limited to, any controversy or claim between the Company and the insured arising out of or relating to this policy, any service of the Company in connection with its issuance or the breach of a policy provision or other obligation. Please ask your escrow or title officer for a sample copy of the policy to be issued if you wish to review the arbitration provisions and any other provisions pertaining to your Title Insurance coverage.

4.      Notice: Please be aware that due to the conflict between federal and state laws concerning the cultivation, distribution, manufacture or sale of marijuana, the Company is not able to close or insure any transaction involving Land that is associated with these activities.

5.      Pursuant to Government Code Section 27388.1, as amended and effective as of 1-1-2018, a Documentary Transfer Tax (DTT) Affidavit may be required to be completed and submitted with each document when DTT is being paid or when an exemption is being claimed from paying the tax. If a governmental agency is a party to the document, the form will not be required. DTT Affidavits may be available at a Tax Assessor-County Clerk-Recorder.

6.      The Company and its policy issuing agents are required by Federal law to collect additional information about certain transactions in specified geographic areas in accordance with the Bank Secrecy Act.  If this transaction is required to be reported under a Geographic Targeting Order issued by FinCEN, the Company or its policy issuing agent must be supplied with a completed ALTA Information Collection Form ("ICF") prior to closing the transaction contemplated herein.

**To protect the private information contained in the attached form and photo ID, please return via a secured method.**

---

## END OF INFORMATIONAL NOTES

---

Blake.Uradomo/sp1

**WIRE SAFE** ™ | Inquire before you wire!

# Wire Fraud Alert

This Notice is not intended to provide legal or professional advice. If you have any questions, please consult with a lawyer.

All parties to a real estate transaction are targets for wire fraud and many have lost hundreds of thousands of dollars because they simply relied on the wire instructions received via email, without further verification. **If funds are to be wired in conjunction with this real estate transaction, we strongly recommend verbal verification of wire instructions through a known, trusted phone number prior to sending funds.**

In addition, the following non-exclusive self-protection strategies are recommended to minimize exposure to possible wire fraud.

- **NEVER RELY** on emails purporting to change wire instructions. Parties to a transaction rarely change wire instructions in the course of a transaction.

- **ALWAYS VERIFY** wire instructions, specifically the ABA routing number and account number, by calling the party who sent the instructions to you. DO NOT use the phone number provided in the email containing the instructions, use phone numbers you have called before or can otherwise verify. **Obtain the phone number of relevant parties to the transaction as soon as an escrow account is opened**. DO NOT send an email to verify as the email address may be incorrect or the email may be intercepted by the fraudster.

- **USE COMPLEX EMAIL PASSWORDS** that employ a combination of mixed case, numbers, and symbols. Make your passwords greater than eight (8) characters. Also, change your password often and do NOT reuse the same password for other online accounts.

- **USE MULTI-FACTOR AUTHENTICATION** for email accounts. Your email provider or IT staff may have specific instructions on how to implement this feature.

For more information on wire-fraud scams or to report an incident, please refer to the following links:

*Federal Bureau of Investigation:*
*http://www.fbi.gov*

*Internet Crime Complaint Center:*
*http://www.ic3.gov*

*TM and © Fidelity National Financial, Inc. and/or an affiliate. All rights reserved*

EXHIBIT 2, PAGE 78

**Fidelity National Title Company**
1300 Dove Street, 3rd Floor, Newport Beach, CA 92660
Phone: (949) 788-2800    ●    Fax: (949) 341-0251

# Notice of Available Discounts

Pursuant to Section 2355.3 in Title 10 of the California Code of Regulations Fidelity National Financial, Inc. and its subsidiaries ("FNF") must deliver a notice of each discount available under our current rate filing along with the delivery of escrow instructions, a preliminary report or commitment.  Please be aware that the provision of this notice does not constitute a waiver of the consumer's right to be charged the filed rate.  As such, your transaction may not qualify for the below discounts.

You are encouraged to discuss the applicability of one or more of the below discounts with a Company representative.  These discounts are generally described below; consult the rate manual for a full description of the terms, conditions and requirements for such discount.  These discounts only apply to transactions involving services rendered by the FNF Family of Companies.  This notice only applies to transactions involving property improved with a one-to-four family residential dwelling.

Not all discounts are offered by every FNF Company. The discount will only be applicable to the FNF Company as indicated by the named discount.

| **FNF Underwritten Title Company** | **Underwritten by FNF Underwriters** |
|---|---|
| CTC – Chicago Title company | CTIC – Chicago Title Insurance Company |
| CLTC – Commonwealth Land Title Company | CLTIC - Commonwealth Land Title Insurance Company |
| FNTC – Fidelity National Title Company of California | FNTIC – Fidelity National Title Insurance Company |
| FNTCCA - Fidelity National Title Company of California | FNTIC - Fidelity National Title Insurance Company |
| TICOR – Ticor Title Company of California | CTIC – Chicago Title Insurance Company |
| LTC – Lawyer's Title Company | CLTIC – Commonwealth Land Title Insurance Company |
| SLTC – ServiceLink Title Company | CTIC – Chicago Title Insurance Company |

## Available Discounts

**DISASTER LOANS (CTIC, CLTIC, FNTIC)**
The charge for a Lender's Policy (Standard or Extended coverage) covering the financing or refinancing by an owner of record, within twenty-four (24) months of the date of a declaration of a disaster area by the government of the United States or the State of California on any land located in said area, which was partially or totally destroyed in the disaster, will be fifty percent (50%) of the appropriate title insurance rate.

**CHURCHES OR CHARITABLE NON-PROFIT ORGANIZATIONS (CTIC, FNTIC)**
On properties used as a church or for charitable purposes within the scope of the normal activities of such entities, provided said charge is normally the church's obligation the charge for an owner's policy shall be fifty percent (50%) to seventy percent (70%) of the appropriate title insurance rate, depending on the type of coverage selected. The charge for a lender's policy shall be forty (40%) to fifty percent (50%) of the appropriate title insurance rate, depending on the type of coverage selected.

Notice of Available Discounts (Rev. 01-15-20)                    Last Saved:  April 2, 2021 by SP1
MISC0164 (DSI Rev. 03/12/20)                              Escrow No.: 00346562-997-OC1-245

EXHIBIT 2, PAGE 79

## FIDELITY NATIONAL FINANCIAL, INC.
## PRIVACY NOTICE

Effective January 1, 2021

Fidelity National Financial, Inc. and its majority-owned subsidiary companies (collectively, "FNF," "our," or "we") respect and are committed to protecting your privacy. This Privacy Notice explains how we collect, use, and protect personal information, when and to whom we disclose such information, and the choices you have about the use and disclosure of that information.

A limited number of FNF subsidiaries have their own privacy notices.  If a subsidiary has its own privacy notice, the privacy notice will be available on the subsidiary's website and this Privacy Notice does not apply.

### Collection of Personal Information
FNF may collect the following categories of Personal Information:
- contact information (*e.g.*, name, address, phone number, email address);
- demographic information (*e.g.*, date of birth, gender, marital status);
- identity information (*e.g.* Social Security Number, driver's license, passport, or other government ID number);
- financial account information (*e.g.* loan or bank account information); and
- other personal information necessary to provide products or services to you.

We may collect Personal Information about you from:
- information we receive from you or your agent;
- information about your transactions with FNF, our affiliates, or others; and
- information we receive from consumer reporting agencies and/or governmental entities, either directly from these entities or through others.

### Collection of Browsing Information
FNF automatically collects the following types of Browsing Information when you access an FNF website, online service, or application (each an "FNF Website") from your Internet browser, computer, and/or device:
- Internet Protocol (IP) address and operating system;
- browser version, language, and type;
- domain name system requests; and
- browsing history on the FNF Website, such as date and time of your visit to the FNF Website and visits to the pages within the FNF Website.

Like most websites, our servers automatically log each visitor to the FNF Website and may collect the Browsing Information described above. We use Browsing Information for system administration, troubleshooting, fraud investigation, and to improve our websites. Browsing Information generally does not reveal anything personal about you, though if you have created a user account for an FNF Website and are logged into that account, the FNF Website may be able to link certain browsing activity to your user account.

### Other Online Specifics
Cookies. When you visit an FNF Website, a "cookie" may be sent to your computer. A cookie is a small piece of data that is sent to your Internet browser from a web server and stored on your computer's hard drive. Information gathered using cookies helps us improve your user experience. For example, a cookie can help the website load properly or can customize the display page based on your browser type and user preferences. You can choose whether or not to accept cookies by changing your Internet browser settings. Be aware that doing so may impair or limit some functionality of the FNF Website.

Web Beacons. We use web beacons to determine when and how many times a page has been viewed. This information is used to improve our websites.

Do Not Track. Currently our FNF Websites do not respond to "Do Not Track" features enabled through your browser.

Links to Other Sites.  FNF Websites may contain links to unaffiliated third-party websites. FNF is not responsible for the privacy practices or content of those websites. We recommend that you read the privacy policy of every website you visit.

### Use of Personal Information
FNF uses Personal Information for three main purposes:
- To provide products and services to you or in connection with a transaction involving you.
- To improve our products and services.
- To communicate with you about our, our affiliates', and others' products and services, jointly or independently.

### When Information Is Disclosed
We may disclose your Personal Information and Browsing Information in the following circumstances:
- to enable us to detect or prevent criminal activity, fraud, material misrepresentation, or nondisclosure;
- to nonaffiliated service providers who provide or perform services or functions on our behalf and who agree to use the information only to provide such services or functions;

Copyright © 2021. Fidelity National Financial, Inc. All Rights Reserved
Order No. 00346562-997-OC1-245

EXHIBIT 2, PAGE 80

- to nonaffiliated third party service providers with whom we perform joint marketing, pursuant to an agreement with them to jointly market financial products or services to you;
- to law enforcement or authorities in connection with an investigation, or in response to a subpoena or court order; or
- in the good-faith belief that such disclosure is necessary to comply with legal process or applicable laws, or to protect the rights, property, or safety of FNF, its customers, or the public.

The law does not require your prior authorization and does not allow you to restrict the disclosures described above. Additionally, we may disclose your information to third parties for whom you have given us authorization or consent to make such disclosure. We do not otherwise share your Personal Information or Browsing Information with nonaffiliated third parties, except as required or permitted by law. We may share your Personal Information with affiliates (other companies owned by FNF) to directly market to you. Please see "Choices with Your Information" to learn how to restrict that sharing.

We reserve the right to transfer your Personal Information, Browsing Information, and any other information, in connection with the sale or other disposition of all or part of the FNF business and/or assets, or in the event of bankruptcy, reorganization, insolvency, receivership, or an assignment for the benefit of creditors. By submitting Personal Information and/or Browsing Information to FNF, you expressly agree and consent to the use and/or transfer of the foregoing information in connection with any of the above described proceedings.

**Security of Your Information**
We maintain physical, electronic, and procedural safeguards to protect your Personal Information.

**Choices With Your Information**
If you do not want FNF to share your information among our affiliates to directly market to you, you may send an "opt out" request as directed at the end of this Privacy Notice. We do not share your Personal Information with nonaffiliates for their use to direct market to you without your consent.

Whether you submit Personal Information or Browsing Information to FNF is entirely up to you. If you decide not to submit Personal Information or Browsing Information, FNF may not be able to provide certain services or products to you.

For California Residents: We will not share your Personal Information or Browsing Information with nonaffiliated third parties, except as permitted by California law. For additional information about your California privacy rights, please visit the "California Privacy" link on our website (https://fnf.com/pages/californiaprivacy.aspx) or call (888) 413-1748.

For Nevada Residents: You may be placed on our internal Do Not Call List by calling (888) 934-3354 or by contacting us via the information set forth at the end of this Privacy Notice. Nevada law requires that we also provide you with the following contact information: Bureau of Consumer Protection, Office of the Nevada Attorney General, 555 E. Washington St., Suite 3900, Las Vegas, NV 89101; Phone number: (702) 486-3132; email: BCPINFO@ag.state.nv.us.

For Oregon Residents:  We will not share your Personal Information or Browsing Information with nonaffiliated third parties for marketing purposes, except after you have been informed by us of such sharing and had an opportunity to indicate that you do not want a disclosure made for marketing purposes.

For Vermont Residents: We will not disclose information about your creditworthiness to our affiliates and will not disclose your personal information, financial information, credit report, or health information to nonaffiliated third parties to market to you, other than as permitted by Vermont law, unless you authorize us to make those disclosures.

**Information From Children**
The FNF Websites are not intended or designed to attract persons under the age of eighteen (18).We do not collect Personal Information from any person that we know to be under the age of thirteen (13) without permission from a parent or guardian.

**International Users**
FNF's headquarters is located within the United States. If you reside outside the United States and choose to provide Personal Information or Browsing Information to us, please note that we may transfer that information outside of your country of residence. By providing FNF with your Personal Information and/or Browsing Information, you consent to our collection, transfer, and use of such information in accordance with this Privacy Notice.

**FNF Website Services for Mortgage Loans**
Certain FNF companies provide services to mortgage loan servicers, including hosting websites that collect customer information on behalf of mortgage loan servicers (the "Service Websites"). The Service Websites may contain links to both this Privacy Notice and the mortgage loan servicer or lender's privacy notice. The sections of this Privacy Notice titled When Information is Disclosed, Choices with Your Information, and Accessing and Correcting Information do not apply to the Service Websites. The mortgage loan servicer or lender's privacy notice governs use, disclosure, and access to your Personal Information. FNF does not share Personal Information collected through the Service Websites, except as required or authorized by contract with the mortgage loan servicer or lender, or as required by law or in the good-faith belief that such disclosure is necessary: to comply with a legal process or applicable law, to enforce this Privacy Notice, or to protect the rights, property, or safety of FNF or the public.

**Your Consent To This Privacy Notice; Notice Changes; Use of Comments or Feedback**

By submitting Personal Information and/or Browsing Information to FNF, you consent to the collection and use of the information in accordance with this Privacy Notice. We may change this Privacy Notice at any time. The Privacy Notice's effective date will show the last date changes were made. If you provide information to us following any change of the Privacy Notice, that signifies your assent to and acceptance of the changes to the Privacy Notice.

**Accessing and Correcting Information; Contact Us**

If you have questions, would like to correct your Personal Information, or want to opt-out of information sharing for affiliate marketing, visit FNF's Opt Out Page or contact us by phone at (888) 934-3354 or by mail to:

Fidelity National Financial, Inc.
601 Riverside Avenue
Jacksonville, Florida 32204
Attn: Chief Privacy Officer

Copyright © 2021. Fidelity National Financial, Inc. All Rights Reserved
Order No. 00346562-997-OC1-245

EXHIBIT 2, PAGE 82

## ATTACHMENT ONE (Revised 05-06-16)

**CALIFORNIA LAND TITLE ASSOCIATION**
**STANDARD COVERAGE POLICY – 1990**

### EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1. (a) Any law, ordinance or governmental regulation (including but not limited to building or zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien, or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.

   (b) Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.

2. Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.

3. Defects, liens, encumbrances, adverse claims or other matters:
   (a) whether or not recorded in the public records at Date of Policy, but created, suffered, assumed or agreed to by the insured claimant;
   (b) not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became an insured under this policy;
   (c) resulting in no loss or damage to the insured claimant;
   (d) attaching or created subsequent to Date of Policy; or
   (e) resulting in loss or damage which would not have been sustained if the insured claimant had paid value for the insured mortgage or for the estate or interest insured by this policy.

4. Unenforceability of the lien of the insured mortgage because of the inability or failure of the insured at Date of Policy, or the inability or failure of any subsequent owner of the indebtedness, to comply with the applicable doing business laws of the state in which the land is situated.

5. Invalidity or unenforceability of the lien of the insured mortgage, or claim thereof, which arises out of the transaction evidenced by the insured mortgage and is based upon usury or any consumer credit protection or truth in lending law.

6. Any claim, which arises out of the transaction vesting in the insured the estate of interest insured by this policy or the transaction creating the interest of the insured lender, by reason of the operation of federal bankruptcy, state insolvency or similar creditors' rights laws.

### EXCEPTIONS FROM COVERAGE - SCHEDULE B, PART I

This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees or expenses) which arise by reason of:

1. Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public records.
   Proceedings by a public agency which may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the public records.

2. Any facts, rights, interests, or claims which are not shown by the public records but which could be ascertained by an inspection of the land or which may be asserted by persons in possession thereof.

3. Easements, liens or encumbrances, or claims thereof, not shown by the public records.

4. Discrepancies, conflicts in boundary lines, shortage in area, encroachments, or any other facts which a correct survey would disclose, and which are not shown by the public records.

5. (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b) or (c) are shown by the public records.

6. Any lien or right to a lien for services, labor or material not shown by the public records.

### CLTA HOMEOWNER'S POLICY OF TITLE INSURANCE (12-02-13)
### ALTA HOMEOWNER'S POLICY OF TITLE INSURANCE

### EXCLUSIONS

In addition to the Exceptions in Schedule B, You are not insured against loss, costs, attorneys' fees, and expenses resulting from:

1. Governmental police power, and the existence or violation of those portions of any law or government regulation concerning:
   a. building;
   b. zoning;
   c. land use;
   d. improvements on the Land;
   e. land division; and
   f. environmental protection.
   This Exclusion does not limit the coverage described in Covered Risk 8.a., 14, 15, 16, 18, 19, 20, 23 or 27.

2. The failure of Your existing structures, or any part of them, to be constructed in accordance with applicable building codes. This Exclusion does not limit the coverage described in Covered Risk 14 or 15.

3. The right to take the Land by condemning it.  This Exclusion does not limit the coverage described in Covered Risk 17.

4. Risks:
   a. that are created, allowed, or agreed to by You, whether or not they are recorded in the Public Records;
   b. that are Known to You at the Policy Date, but not to Us, unless they are recorded in the Public Records at the Policy Date;

**© California Land Title Association. All rights reserved.**
The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

EXHIBIT 2, PAGE 83

c.   that result in no loss to You; or
d.   that first occur after the Policy Date - this does not limit the coverage described in Covered Risk 7, 8.e., 25, 26, 27 or 28.
5.   Failure to pay value for Your Title.
6.   Lack of a right:
a.   to any land outside the area specifically described and referred to in paragraph 3 of Schedule A; and
b.   in streets, alleys, or waterways that touch the Land.
This Exclusion does not limit the coverage described in Covered Risk 11 or 21.
7.   The transfer of the Title to You is invalid as a preferential transfer or as a fraudulent transfer or conveyance under federal bankruptcy, state insolvency, or similar creditors' rights laws.
8.   Contamination, explosion, fire, flooding, vibration, fracturing, earthquake, or subsidence.
9.   Negligence by a person or an Entity exercising a right to extract or develop minerals, water, or any other substances.

## LIMITATIONS ON COVERED RISKS

Your insurance for the following Covered Risks is limited on the Owner's Coverage Statement as follows:
•   For Covered Risk 16, 18, 19, and 21 Your Deductible Amount and Our Maximum Dollar Limit of Liability shown in Schedule A.
The deductible amounts and maximum dollar limits shown on Schedule A are as follows:

|  | Your Deductible Amount | Our Maximum Dollar Limit of Liability |
|---|---|---|
| Covered Risk 16: | 1.00% of Policy Amount Shown in Schedule A or $2,500.00 (whichever is less) | $ 10,000.00 |
| Covered Risk 18: | 1.00% of Policy Amount Shown in Schedule A or $5,000.00 (whichever is less) | $ 25,000.00 |
| Covered Risk 19: | 1.00% of Policy Amount Shown in Schedule A or $5,000.00 (whichever is less) | $ 25,000.00 |
| Covered Risk 21: | 1.00% of Policy Amount Shown in Schedule A or $2,500.00 (whichever is less) | $ 5,000.00 |

## 2006 ALTA LOAN POLICY (06-17-06)

## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:
1.   (a)   Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
(i)   the occupancy, use, or enjoyment of the Land;
(ii)   the character, dimensions, or location of any improvement erected on the Land;
(iii)   the subdivision of land; or
(iv)   environmental protection;
or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5.
(b)   Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 6.
2.   Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.
3.   Defects, liens, encumbrances, adverse claims, or other matters
(a)   created, suffered, assumed, or agreed to by the Insured Claimant;
(b)   not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
(c)   resulting in no loss or damage to the Insured Claimant;
(d)   attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 11, 13 or 14); or
(e)   resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Insured Mortgage.
4.   Unenforceability of the lien of the Insured Mortgage because of the inability or failure of an Insured to comply with applicable doing-business laws of the state where the Land is situated.
5.   Invalidity or unenforceability in whole or in part of the lien of the Insured Mortgage that arises out of the transaction evidenced by the Insured Mortgage and is based upon usury or any consumer credit protection or truth-in-lending law.
6.   Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction creating the lien of the Insured Mortgage, is
(a)   a fraudulent conveyance or fraudulent transfer, or
(b)   a preferential transfer for any reason not stated in Covered Risk 13(b) of this policy.
7.   Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching between Date of Policy and the date of recording of the Insured Mortgage in the Public Records.  This Exclusion does not modify or limit the coverage provided under Covered Risk 11(b).
The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

## EXCEPTIONS FROM COVERAGE

{Except as provided in Schedule B - Part II,{ t{or T}his policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees or expenses, that arise by reason of:

© California Land Title Association. All rights reserved.
The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

EXHIBIT 2, PAGE 84

## {PART I

{The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

1.  (a) Taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records; (b) proceedings by a public agency that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.
2.  Any facts, rights, interests, or claims that are not shown by the Public Records but that could be ascertained by an inspection of the Land or that may be asserted by persons in possession of the Land.
3.  Easements, liens or encumbrances, or claims thereof, not shown by the Public Records.
4.  Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land and not shown by the Public Records.
5.  (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b), or (c) are shown by the Public Records.
6.  Any lien or right to a lien for services, labor or material not shown by the Public Records.}

## PART II

In addition to the matters set forth in Part I of this Schedule, the Title is subject to the following matters, and the Company insures against loss or damage sustained in the event that they are not subordinate to the lien of the Insured Mortgage:}

## 2006 ALTA OWNER'S POLICY (06-17-06)

## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:

1.  (a) Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
    (i)   the occupancy, use, or enjoyment of the Land;
    (ii)  the character, dimensions, or location of any improvement erected on the Land;
    (iii) the subdivision of land; or
    (iv)  environmental protection;
    or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5.
    (b) Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 6.
2.  Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.
3.  Defects, liens, encumbrances, adverse claims, or other matters
    (a) created, suffered, assumed, or agreed to by the Insured Claimant;
    (b) not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
    (c) resulting in no loss or damage to the Insured Claimant;
    (d) attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 9 and 10); or
    (e) resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Title.
4.  Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction vesting the Title as shown in Schedule A, is
    (a) a fraudulent conveyance or fraudulent transfer; or
    (b) a preferential transfer for any reason not stated in Covered Risk 9 of this policy.
5.  Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching between Date of Policy and the date of recording of the deed or other instrument of transfer in the Public Records that vests Title as shown in Schedule A.

The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

## EXCEPTIONS FROM COVERAGE

This policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees or expenses, that arise by reason of:
{The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

1.  (a) Taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records; (b) proceedings by a public agency that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.
2.  Any facts, rights, interests, or claims that are not shown in the Public Records but that could be ascertained by an inspection of the Land or that may be asserted by persons in possession of the Land.
3.  Easements, liens or encumbrances, or claims thereof, not shown by the Public Records.
4.  Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land and that are not shown by the Public Records.
5.  (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b), or (c) are shown by the Public Records.
6.  Any lien or right to a lien for services, labor or material not shown by the Public Records. }
7.  {Variable exceptions such as taxes, easements, CC&R's, etc. shown here.}

© **California Land Title Association. All rights reserved.**
The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

EXHIBIT 2, PAGE 85

**ALTA EXPANDED COVERAGE RESIDENTIAL LOAN POLICY – ASSESSMENTS PRIORITY (04-02-15)**

**EXCLUSIONS FROM COVERAGE**

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1.  (a)  Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
        (i)    the occupancy, use, or enjoyment of the Land;
        (ii)   the character, dimensions, or location of any improvement erected on the Land;
        (iii)  the subdivision of land; or
        (iv)   environmental protection;
        or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5, 6, 13(c), 13(d), 14 or 16.
    (b)  Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 5, 6, 13(c), 13(d), 14 or 16.

2.  Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.

3.  Defects, liens, encumbrances, adverse claims, or other matters
    (a)  created, suffered, assumed, or agreed to by the Insured Claimant;
    (b)  not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
    (c)  resulting in no loss or damage to the Insured Claimant;
    (d)  attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 11, 16, 17, 18, 19, 20, 21, 22, 23, 24, 27 or 28); or
    (e)  resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Insured Mortgage.

4.  Unenforceability of the lien of the Insured Mortgage because of the inability or failure of an Insured to comply with applicable doing-business laws of the state where the Land is situated.

5.  Invalidity or unenforceability in whole or in part of the lien of the Insured Mortgage that arises out of the transaction evidenced by the Insured Mortgage and is based upon usury, or any consumer credit protection or truth-in-lending law. This Exclusion does not modify or limit the coverage provided in Covered Risk 26.

6.  Any claim of invalidity, unenforceability or lack of priority of the lien of the Insured Mortgage as to Advances or modifications made after the Insured has Knowledge that the vestee shown in Schedule A is no longer the owner of the estate or interest covered by this policy. This Exclusion does not modify or limit the coverage provided in Covered Risk 11.

7.  Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching subsequent to Date of Policy. This Exclusion does not modify or limit the coverage provided in Covered Risk 11(b) or 25.

8.  The failure of the residential structure, or any portion of it, to have been constructed before, on or after Date of Policy in accordance with applicable building codes. This Exclusion does not modify or limit the coverage provided in Covered Risk 5 or 6.

9.  Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction creating the lien of the Insured Mortgage, is
    (a)  a fraudulent conveyance or fraudulent transfer, or
    (b)  a preferential transfer for any reason not stated in Covered Risk 27(b) of this policy.

10. Contamination, explosion, fire, flooding, vibration, fracturing, earthquake, or subsidence.

11. Negligence by a person or an Entity exercising a right to extract or develop minerals, water, or any other substances.

---

**© California Land Title Association. All rights reserved.**
The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

EXHIBIT 2, PAGE 86



This map/plat is being furnished as an aid in locating the herein described Land in relation to adjoining streets, natural boundaries and other land, and is not a survey of the land depicted. Except to the extent a policy of title insurance is expressly modified by endorsement, if any, the Company does not insure dimensions, distances, location of easements, acreage or other matters shown thereon.

**EXHIBIT 3**

 **Fidelity National Title**

Fidelity National Title - OC
1300 Dove Street, 3rd Floor, Newport Beach, CA
92660

# Preliminary Report

Fidelity National Title - OC
1300 Dove Street, 3rd Floor, Newport Beach, CA
92660
Phone: (949) 788-2800
Fax: (949) 341-0251

Title Officer: Blake.Uradomo
Email: Blake.Uradomo@fnf.com
Phone No.: (949) 788-2800
Fax No.: (949) 341-0251
File No.: 00346564-997-OC1-245

Property Address: Vacant Land, Coachella, CA

## Introducing



LiveLOOK title document delivery system is designed to provide 24/7 real-time access
to all information related to a title insurance transaction.

Access title reports, exception documents, an easy-to-use summary page, and more,
at your fingertips and your convenience.

To view your new Fidelity National Title First Alert powered by
LiveLOOK report, Click Here



**Effortless, Efficient, Compliant, and Accessible**

EXHIBIT 3, PAGE 87

 **Fidelity National Title Company**
1300 Dove Street, 3rd Floor, Newport Beach, CA 92660
Phone: (949) 788-2800  ●  Fax: (949) 341-0251

Issuing Policies of Fidelity National Title Insurance Company

---

Title Officer:  **Blake.Uradomo**                    ORDER NO.:  **00346564-997-OC1-245**
Phone:  **(949) 788-2800**
Fax:  **(949) 341-0251**                                        LOAN NO.:
Email:  **Blake.Uradomo@fnf.com**

Fidelity National Title Company
1300 Dove Street, 3rd Floor
Newport Beach, CA 92660

ATTN:          Ben Llorin
YOUR REF:

PROPERTY:      **Vacant Land, Coachella, CA**

---

## PRELIMINARY REPORT

*In response to the application for a policy of title insurance referenced herein, **Fidelity National Title Company** hereby reports that it is prepared to issue, or cause to be issued, as of the date hereof, a policy or policies of title insurance describing the land and the estate or interest therein hereinafter set forth, insuring against loss which may be sustained by reason of any defect, lien or encumbrance not shown or referred to as an exception herein or not excluded from coverage pursuant to the printed Schedules, Conditions and Stipulations or Conditions of said policy forms.*

*The printed Exceptions and Exclusions from the coverage and Limitations on Covered Risks of said policy or policies are set forth in Attachment One. The policy to be issued may contain an arbitration clause. When the Amount of Insurance is less than that set forth in the arbitration clause, all arbitrable matters shall be arbitrated at the option of either the Company or the Insured as the exclusive remedy of the parties. Limitations on Covered Risks applicable to the CLTA and ALTA Homeowner's Policies of Title Insurance which establish a Deductible Amount and a Maximum Dollar Limit of Liability for certain coverages are also set forth in Attachment One. Copies of the policy forms should be read. They are available from the office which issued this report.*

*This report (and any supplements or amendments hereto) is issued solely for the purpose of facilitating the issuance of a policy of title insurance and no liability is assumed hereby. If it is desired that liability be assumed prior to the issuance of a policy of title insurance, a Binder or Commitment should be requested.*

*The policy(s) of title insurance to be issued hereunder will be policy(s) of Fidelity National Title Insurance Company, a Florida Corporation.*

**Please read the exceptions shown or referred to herein and the exceptions and exclusions set forth in Attachment One of this report carefully. The exceptions and exclusions are meant to provide you with notice of matters which are not covered under the terms of the title insurance policy and should be carefully considered.**

**It is important to note that this preliminary report is not a written representation as to the condition of title and may not list all liens, defects and encumbrances affecting title to the land.**

Countersigned by:

_____
Authorized Signature

---

EXHIBIT 3, PAGE 88



**Fidelity National Title Company**
1300 Dove Street, 3rd Floor, Newport Beach, CA 92660
Phone: (949) 788-2800    ●    Fax: (949) 341-0251

# PRELIMINARY REPORT

**EFFECTIVE DATE:**          **March 24, 2021 at 7:30 a.m.**

**ORDER NO.: 00346564-997-OC1-245**

The form of policy or policies of title insurance contemplated by this report is:

   **CLTA Standard Coverage Policy of Title Insurance (4-8-14)**

1.    THE ESTATE OR INTEREST IN THE LAND HEREINAFTER DESCRIBED OR REFERRED TO COVERED
BY THIS REPORT IS:

   **A Fee**

2.    TITLE TO SAID ESTATE OR INTEREST AT THE DATE HEREOF IS VESTED IN:

   **Glenroy Coachella, LLC, a Delaware limited liability company, as to an undivided 70.5% interest;
Force Rubin, LLC, a Delaware limited liability company, as to an undivided 21.2115% interest;
Force Rubin 2, LLC, a Delaware limited liability company, as to an undivided 3.7885% interest; and
Coachella Resort, LLC, a California limited liability company, as to an undivided 4.5% interest**

3.    THE LAND REFERRED TO IN THIS REPORT IS DESCRIBED AS FOLLOWS:

   **See Exhibit A attached hereto and made a part hereof.**

EXHIBIT 3, PAGE 89

PRELIMINARY REPORT                                                                                          Fidelity National Title Company
YOUR REFERENCE:                                                                                          ORDER NO.:  00346564-997-OC1-245

## EXHIBIT A

## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF COACHELLA, IN THE COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCEL 2 OF PARCEL MAP NO. 37310, IN THE CITY OF COACHELLA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, ACCORDING TO MAP ON FILE IN BOOK 243, PAGES 82 THROUGH 84 OF PARCEL MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

EXCEPTING THEREFROM THAT PORTION OF THE PROPERTY CONVEYED TO THE CITY OF COACHELLA, A MUNICIPAL CORPORATION, AS DESCRIBED IN DOCUMENT ENTITLED "CERTIFICATE OF ACCEPTANCE (GRANT OF EASEMENT), RECORDED SEPTEMBER 6, 2018 AS INSTRUMENT NO. 2018-359087 OF OFFICIAL RECORDS.

APN:  603-220-067

EXHIBIT 3, PAGE 90

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346564-997-OC1-245

# EXCEPTIONS

**AT THE DATE HEREOF, ITEMS TO BE CONSIDERED AND EXCEPTIONS TO COVERAGE IN ADDITION TO THE PRINTED EXCEPTIONS AND EXCLUSIONS IN SAID POLICY FORM WOULD BE AS FOLLOWS:**

1. Property taxes, which are a lien not yet due and payable, including any assessments collected with taxes to be levied for the fiscal year 2021-2022.

2. Property taxes, including any personal property taxes and any assessments collected with taxes are as follows:

   | | |
   |---|---|
   | Code Area: | 012-037 |
   | Tax Identification No.: | 603-220-067 |
   | Fiscal Year: | 2020-2021 |
   | 1st Installment: | $109,956.41, Paid |
   | 2nd Installment: | $109,956.41, Open |
   | Exemption: | $0.00 |
   | Land: | $2,871,721.00 |
   | Improvements: | $0.00 |
   | Personal Property: | $0.00 |
   | Bill No.: | 2020003418394 |

3. The lien of supplemental or escaped assessments of property taxes, if any, made pursuant to the provisions of Chapter 3.5 or Part 2, Chapter 3, Articles 3 and 4 respectively (commencing with Section 75) of the Revenue and Taxation Code of the State of California as a result of the transfer of title to the vestee named in Schedule A; or as a result of changes in ownership or new construction occurring prior to date of policy.

4. The herein described Land is within the boundaries of the Mello-Roos Community Facilities District(s). The annual assessments, if any, are collected with the county property taxes. Failure to pay said taxes prior to the delinquency date may result in the above assessment being removed from the county tax roll and subjected to Accelerated Judicial Bond Foreclosure. Inquiry should be made with said District for possible stripped assessments and prior delinquencies.

5. A Notice

   | | |
   |---|---|
   | Entitled: | Notice of Assessment |
   | For: | Coachella Community Center Project Assessment District No. 92-1 |
   | Executed by: | The Coachella Valley Recreation & Parks District |
   | Recording Date: | October 13, 1992 |
   | Recording No: | Instrument No. 1992-385076 Official Records |

   Reference is hereby made to said document for full particulars.

6. Any assessments which may be levied against the herein described property by virtue of the fact that said land lies within the boundaries of Community Facilities District 2018-1 (Glenroy) adopted by the City of Coachella, a boundary map of which is on file in Book 82, Page 7 of Maps of Assessment and Community Facilities Districts, recorded February 21, 2018 as Instrument No. 2018-0064380 Official Records, and amended in Book 82, Page 38, recorded April 25, 2018 as Instrument No. 2018-158456 Official Records.

7. The herein described property lies within the boundaries of a Mello-Roos Community Facilities District (CFD) as follows:

   | | |
   |---|---|
   | CFD No: | 2005-1 |
   | For: | Community Facilities District No. 2005-1 (Law Enforcement, Fire and Paramedic Services) |
   | Disclosed by: | Notice of Special Tax lien |
   | Recording Date: | November 3, 2005 |
   | Recording No.: | Instrument No. 2005-0916803, of Official Records |

PRELIMINARY REPORT                                                                                    Fidelity National Title Company
YOUR REFERENCE:                                                                                  ORDER NO.:  00346564-997-OC1-245

## EXCEPTIONS
### (Continued)

This property, along with all other parcels in the CFD, is liable for an annual special tax. This special tax is included with and payable with the general property taxes of the City of Coachella, County of Riverside.
The tax may not be prepaid.

Matters contained in that certain document

| | |
|---|---|
| Entitled: | Amendment No. 3 to Notice of Special Tax Lien |
| Recording Date: | October 6, 2006 |
| Recording No: | Instrument No. 2006-0741243, of Official Records |

Reference is hereby made to said document for full particulars.

8.   The herein described property lies within the boundaries of a Mello-Roos Community Facilities District (CFD) as follows:

| | |
|---|---|
| CFD No: | 2018-1 |
| For: | Community Facilities District No. 2018-1 |
| Disclosed by: | Notice of Special Tax Lien |
| Recording Date: | June 4, 2018 |
| Recording No.: | Instrument No. 2018-0225621 Official Records |

This property, along with all other parcels in the CFD, is liable for an annual special tax. This special tax is included with and payable with the general property taxes of the City of Coachella, County of Riverside.

The tax may not be prepaid.

9.   Assessments and other matters as contained in documents entitled Payment of Contractual Assessment Required, recorded April 25, 2018, as Document No. 2018-0160474, of Official, pursuant to Chapter 29 of Part 3 of Division 7 of the California Streets and Highways Code providing for the assessments. Said assessments are collected with county taxes. The assessment may be prepaid.

Reference is hereby made to said documents for further particulars.

10.  Water rights, claims or title to water, whether or not disclosed by the public records.

11.  Covenants, conditions and restrictions but omitting any covenants or restrictions, if any, including but not limited to those based upon race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, veteran or military status, genetic information, medical condition, citizenship, primary language, and immigration status, as set forth in applicable state or federal laws, except to the extent that said covenant or restriction is permitted by applicable law, as set forth in the document

| | |
|---|---|
| Recording Date: | June 6, 1892 |
| Recording No: | in Book 202, Page 144, of Deeds, San Diego County Records |

Said covenants, conditions and restrictions provide that a violation thereof shall not defeat the lien of any mortgage or deed of trust made in good faith and for value.

12.  Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

| | |
|---|---|
| Granted to: | Coachella Valley Ice and Electric Company |
| Purpose: | Transmission and distribution of electricity and telephonic communication and |

EXHIBIT 3, PAGE 92

## EXCEPTIONS
### (Continued)

|  |  |
|---|---|
|  | telegraphic communication |
| Recording Date: | June 04, 1914 |
| Recording No: | in Book 398, Page 130, of Deeds |
| Affects: | A portion of said land as described therein |

13.   Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

|  |  |
|---|---|
| Granted to: | The United States of America |
| Purpose: | Water pipeline |
| Recording Date: | July 19, 1949 |
| Recording No: | in Book 1095, Page 306, of Official Records |
| Affects: | A portion of said land as described therein |

Matters contained in that certain document

|  |  |
|---|---|
| Entitled: | Quitclaim Deed and Release |
| Recording Date: | July 31, 2018 |
| Recording No: | Instrument No. 2018-0307549, of Official Records |

Reference is hereby made to said document for full particulars.

14.   Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

|  |  |
|---|---|
| Granted to: | Coachella Valley County Water District |
| Purpose: | Pipeline |
| Recording Date: | September 21, 1960 |
| Recording No: | Instrument No. 1960-82454, of Official Records |
| Affects: | A portion of said land as described therein |

15.   Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

|  |  |
|---|---|
| Granted to: | Imperial Irrigation District |
| Purpose: | Public utilities |
| Recording Date: | July 22, 1970 |
| Recording No: | Instrument No. 1970-70546, of Official Records |
| Affects: | A portion of said land as described therein |

16.   Easements as shown and/or dedicated upon the recorded map referenced in the legal description in
Schedule A as Parcel Map 37310, in the City of Coachella, County of Riverside, State of California,
according to map on file in Book 243, Pages 82 through 84 inclusive of Parcel Maps, records of Riverside
County, California, together with any provisions and recitals contained therein.

Reference is hereby made to said document for full particulars.

17.   The Land described herein is included within a project area of the Redevelopment Agency shown below, and that
proceedings for the redevelopment of said project have been instituted under the Redevelopment Law (such
redevelopment to proceed only after the adoption of the Redevelopment Plan) as disclosed by a document.

|  |  |
|---|---|
| Redevelopment Agency: | City of Coachella |
| Recording Date: | July 10, 2007 |
| Recording No: | Instrument No. 2007-0449636, of Official Records |

EXHIBIT 3, PAGE 93

## EXCEPTIONS
### (Continued)

| | |
|---|---|
| and Recording Date: | July 10, 2007 |
| and Recording No: | Instrument No. 2007-0449637, of Official Records |

18.   Recitals as shown on Parcel Map 37310

| | |
|---|---|
| Recording No: | in Book 243, Pages 82 to 84 inclusive of Parcel Maps |
| Which among other things recites: | The real property described below is dedicated in fee for street and public utility purposes: Lot "A" as shown hereon. |

As a condition of dedication of Lot "A" (Avenue 48), the owners of Parcels 1-4, and 6, inclusive, abutting this right of way and during such time will have no rights of access except the general easement of travel. Any change of alignment or width that results in the vacation thereof shall terminate this condition of access rights as to the party vacated.

Reference is hereby made to said document for full particulars.

19.   The following matters shown or disclosed by the filed or recorded map referred to in the legal description: Various notes and recitals

20.   Easement(s) for the purpose(s) shown below and rights incidental thereto as delineated or as offered for dedication, on the map of said tract/plat;

| | |
|---|---|
| Purpose: | Landscape and/or retention basin |
| Affects: | As shown on said map |

21.   Matters contained in that certain document

| | |
|---|---|
| Entitled: | Water Quality Management Plan and Urban Runoff BMP Transfer, Access and Maintenance Agreement |
| Recording Date: | December 06, 2017 |
| Recording No: | Instrument No. 2017-0512010, of Official Records |

Reference is hereby made to said document for full particulars.

22.   Matters contained in that certain document

| | |
|---|---|
| Entitled: | Glenroy Resort Development Agreement |
| Recording Date: | March 8, 2018 |
| Recording No: | Instrument No. 2018-0089219, of Official Records |

Reference is hereby made to said document for full particulars.

23.   Terms and provisions contained in that certain unrecorded Parking License Agreement dated April 20, 2018 by and between Glenroy Coachella, LLC and Force-DMP LLC.

EXHIBIT 3, PAGE 94

## EXCEPTIONS
### (Continued)

24.    Matters contained in that certain document

| | |
|---|---|
| Entitled: | Memorandum of Tenancy in Common Agreement |
| Recording Date: | April 24, 2018 |
| Recording No: | Instrument No. 2018-0156322, of Official Records |

Reference is hereby made to said document for full particulars.

25.    Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

| | |
|---|---|
| Granted to: | The City of Coachella |
| Purpose: | Public utilities and incidental purposes |
| Recording Date: | September 06, 2018 |
| Recording No: | Instrument No. 2018-0359087, of Official Records |
| Affects: | A portion of said land as described therein |

26.    Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

| | |
|---|---|
| Granted to: | Southern California Gas Company, a California Corporation, its successors and assigns |
| Purpose: | Public utilities and incidental purposes |
| Recording Date: | October 26, 2018 |
| Recording No: | Instrument No. 2018-0423528, of Official Records |
| Affects: | A portion of said land as described therein |

27.    A deed of trust to secure an indebtedness in the amount shown below,

| | |
|---|---|
| Amount: | $24,400,000.00 |
| Dated: | April 26, 2018 |
| Trustor/Grantor | Glenroy Coachella, LLC, a Delaware limited liability company; Force Rubin, LLC, a Delaware limited liability company; Force Rubin 2, LLC, a Delaware limited liability company; and Coachella Resort, LLC, a California limited liability company |
| Trustee: | Stewart Title of California, Inc., a California corporation |
| Beneficiary: | U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership |
| Loan No.: | None shown |
| Recording Date: | April 26, 2018 |
| Recording No: | Instrument No. 2018-0162476,of Official Records |

| | |
|---|---|
| Affects: | The herein described Land and other land. |

A substitution of trustee under said deed of trust which names, as the substituted trustee, the following

| | |
|---|---|
| Trustee: | Fidelity National Title Company |
| Recording Date: | September 09, 2019 |
| Recording No: | Instrument No. 2019-0350103, of Official Records |

A notice of default under the terms of said trust deed

| | |
|---|---|
| Executed by: | Fidelity National Title Company |
| Recording Date: | September 09, 2019 |
| Recording No: | Instrument No. 2019-0350104, of Official Records |

### EXCEPTIONS
#### (Continued)

A notice of trustee's sale under said deed of trust

| | |
|---|---|
| Executed by: | Fidelity National Title Company |
| Date, Time and Place of Sale: | February 9, 2021, at 09:00 AM, in front of the Corona Civic Center, 849 W. Sixth Street, Corona, CA 92882 |
| Recording Date: | January 14, 2021 |
| Recording No: | Instrument No. 2021-0025741, of Official Records |

28. An assignment of all the moneys due, or to become due as rental, as additional security for the obligations secured by deed of trust shown as item above

| | |
|---|---|
| Assigned to: | U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership |
| Recording Date: | April 26, 2018 |
| Recording No: | Instrument No. 2018-0162477,of Official Records |

29. A financing statement as follows:

| | |
|---|---|
| Debtor: | Glenroy Coachella, LLC, a Delaware limited liability company; Force Rubin, LLC, a Delaware limited liability company; Force Rubin 2, LLC, a Delaware limited liability company; and Coachella Resort, LLC, a California limited liability company |
| Secured Party: | U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership |
| Recording Date: | April 26, 2018 |
| Recording No: | Instrument No. 2018-0162478,of Official Records |

30. A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Hi-Grade Materials Co |
| Amount: | $32,847.96 |
| Recording Date: | July 5, 2018 |
| Recording No: | Instrument No. 2018-0273102, of Official Records |

31. A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Glendale Plumbing and Fire Supply |
| Amount: | $23,792.54 |
| Recording Date: | October 26, 2018 |
| Recording No: | Instrument No. 2018-0423202, of Official Records |

32. A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Constructure, Inc. |
| Amount: | $301,119.50 |
| Recording Date: | January 22, 2019 |
| Recording No: | Instrument No. 2019-0022660, of Official Records |

33. A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Ferguson Enterprises, LLC. |
| Amount: | $119,569.73 |
| Recording Date: | May 22, 2019 |
| Recording No: | Instrument No. 2019-0179443, of Official Records |

EXHIBIT 3, PAGE 96

## EXCEPTIONS
### (Continued)

34.     A claim of mechanic's lien or materialman's lien

        Claimant:            Superior Ready Mix Concrete L.P.
        Amount:              $20,571.27
        Recording Date:      May 29, 2019
        Recording No:        Instrument No. 2019-0190540, of Official Records

35.     A claim of mechanic's lien or materialman's lien

        Claimant:            The Sherwin-Williams Company
        Amount:              $33,333.11
        Recording Date:      June 3, 2019
        Recording No:        Instrument No. 2019-0198410, of Official Records

        Said mechanic's lien has been partially released by instrument

        Recording Date:      July 10, 2019
        Recording No:        Instrument No. 2019-0252361, of Official Records

        Claimant reduces its Mechanics' Lien by $6,538.32, to reflect the current amount subject to the Claimant's
        Mechanics' Lien in the sum of $26,794.79.

36.     A claim of mechanic's lien or materialman's lien

        Claimant:            GF Investment Group, Inc.
        Amount:              $259,695.63
        Recording Date:      June 6, 2019
        Recording No:        Instrument No. 2019-0204095, of Official Records

37.     A claim of mechanic's lien or materialman's lien

        Claimant:            Blair Air, Inc. Dba Blair Heating & Air
        Amount:              $297,443.80
        Recording Date:      June 7, 2019
        Recording No:        Instrument No. 2019-0206598, of Official Records

38.     A claim of mechanic's lien or materialman's lien

        Claimant:            Hajoca Corporation
        Amount:              $39,636.17
        Recording Date:      June 11, 2019
        Recording No:        Instrument No. 2019-0210159, of Official Records

39.     A claim of mechanic's lien or materialman's lien

        Claimant:            American Builders and Contractors Supply Co., Inc. – ABC Supply Co., Inc.
        Amount:              $24,813.58
        Recording Date:      June 13, 2019
        Recording No:        Instrument No. 2019-0213172, of Official Records

## EXCEPTIONS
### (Continued)

40.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Desert Electric Supply |
| Amount: | $61,574.60 |
| Recording Date: | June 18, 2019 |
| Recording No: | Instrument No. 2019-0218809, of Official Records |

41.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Apple J Plumbing, Inc. |
| Amount: | $175,845.06 |
| Recording Date: | June 18, 2019 |
| Recording No: | Instrument No. 2019-0219453, of Official Records |

42.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Jacobsson Engineering Construction, Inc. |
| Amount: | $1,042,299.00 |
| Recording Date: | June 21, 2019 |
| Recording No: | Instrument No. 2019-0225760, of Official Records |

43.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | West Coast Sand and Gravel, Inc. |
| Amount: | $21,666.29 |
| Recording Date: | July 10, 2019 |
| Recording No: | Instrument No. 2019-0253543, of Official Records |

44.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Superior Pool Products, LLC |
| Amount: | $14,386.05 |
| Recording Date: | July 11, 2019 |
| Recording No: | Instrument No. 2019-0254740 Official Records |

45.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Resource Building Materials |
| Amount: | $1,905.04 |
| Recording Date: | July 15, 2019 |
| Recording No: | Instrument No. 2019-0258520, of Official Records |

46.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | L&W Supply Corporation |
| Amount: | $10,861.98 |
| Recording Date: | August 05, 2019 |
| Recording No: | Instrument No. 2019-0293318, of Official Records |

EXHIBIT 3, PAGE 98

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346564-997-OC1-245

## EXCEPTIONS
### (Continued)

47.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | L&W Supply Corporation |
| Amount: | $8,643.42 |
| Recording Date: | August 05, 2019 |
| Recording No: | Instrument No. 2019-0293319, of Official Records |

48.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Desert Palms Electric, Inc. |
| Amount: | $389,839.09 |
| Recording Date: | August 6, 2019 |
| Recording No: | Instrument No. 2019-0295567, of Official Records |

49.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Gauston Corp |
| Amount: | $21,153.36 |
| Recording Date: | August 21, 2019 |
| Recording No: | Instrument No. 2019-0321135, of Official Records |

50.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Ferguson Enterprises, LLC |
| Amount: | $119,569.73 |
| Recording Date: | August 26, 2019 |
| Recording No: | Instrument No. 2019-0328148, of Official Records |

51.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | TemalPakh, Inc., dba The Works Floor & Wall |
| Amount: | $33,628.46 |
| Recording Date: | August 26, 2019 |
| Recording No: | Instrument No. 2019-0328428, of Official Records |

52.    A judgment for the amount shown below, and any other amounts due, entered in the United States District Court:

| | |
|---|---|
| Amount: | $89,110.62 (Damages) |
| Amount: | $5,164.42 (Attorney's Fees) |
| Debtor: | Glenroy Coachella, LLC, and Does 1-10 |
| Creditor: | Silhouette Outdoor Furniture, Inc. |
| Date entered: | July 02, 2019 |
| District: | Central, State of California |
| Case No: | EDCV 19-00373-CJC (KKx) |
| Recording Date: | August 29, 2019 |
| Recording No: | Instrument No. 2019-0336225, of Official Records |

53.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | BMC West, LLC |
| Amount: | $50,290.00 |
| Recording Date: | September 11, 2019 |
| Recording No: | Instrument No. 2019-0354394, of Official Records |

EXHIBIT 3, PAGE 99

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346564-997-OC1-245

## EXCEPTIONS
### (Continued)

54.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Doug Wall Construction, Inc. |
| Amount: | $3,876,856.10 |
| Recording Date: | September 12, 2019 |
| Recording No: | Instrument No. 2019-0356369, of Official Records |

As affected by an Amended Mechanics Lien

| | |
|---|---|
| Amount: | $4,359,813.13 |
| Recording Date: | October 7, 2019 |
| Recording No: | Instrument No. 2019-0401936, of Official Records |

55.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Blair Air, Inc. |
| Defendant: | Doug Wall Construction, Inc.; Glen Roy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC 1906241 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | September 20, 2019 |
| Recording No: | Instrument No. 2019-0370664, of Official Records |

56.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Al Miller & Sons Roofing Co., Inc. |
| Amount: | $111,631.71 |
| Recording Date: | September 20, 2019 |
| Recording No: | Instrument No. 2019-0372302, of Official Records |

As affected by an Amended Mechanics Lien

| | |
|---|---|
| Amount: | $153,901.00 |
| Recording Date: | October 7, 2019 |
| Recording No: | Instrument No. 2019-0402031, of Official Records |

57.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Mascorro Concrete Construction, Inc. |
| Defendant: | Doug Wall Construction, Inc.; Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC 1906560 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | September 24, 2019 |
| Recording No: | Instrument No. 2019-0376608, of Official Records |

Said Notice of Lis Pendens has been partially withdrawal by instrument

| | |
|---|---|
| Recording Date: | December 30, 2020 |
| Recording No: | Instrument No. 2020-0668680, of Official Records |

EXHIBIT 3, PAGE 100

PRELIMINARY REPORT                                                                    Fidelity National Title Company
YOUR REFERENCE:                                                          ORDER NO.:  00346564-997-OC1-245

**EXCEPTIONS**
**(Continued)**

58.    A pending court action as disclosed by a recorded notice:

    Plaintiff:                   Apple J. Plumbing, Inc.
    Defendant:              Doug Wall Construction, Inc.; Glenroy Coachella, LLC; et al
    County:                   Riverside
    Court:                     Superior
    Case No.:                PSC 1906579
    Nature of Action:    Foreclosure of Mechanic Lien
    Recording Date:      September 24, 2019
    Recording No:         Instrument No. 2019-0376609, of Official Records

    Said Notice of Lis Pendens has been partially withdrawal by instrument

    Recording Date:      December 30, 2020
    Recording No:         Instrument No. 2020-0668682, of Official Records

59.    A pending court action as disclosed by a recorded notice:

    Plaintiff:                   Desert Palms Electric, Inc.
    Defendant:              Doug Wall Construction, Inc.; Glenroy Coachella, LLC; et al
    County:                   Riverside
    Court:                     Superior
    Case No.:                PSC 1906554
    Nature of Action:    Foreclosure of Mechanic Lien
    Recording Date:      September 24, 2019
    Recording No:         Instrument No. 2019-0376610, of Official Records

    Said Notice of Lis Pendens has been partially withdrawal by instrument

    Recording Date:      December 30, 2020
    Recording No:         Instrument No. 2020-0668681, of Official Records

60.    A pending court action as disclosed by a recorded notice:

    Plaintiff:                   Ferguson Enterprises, Inc.
    Defendant:              Glenroy Coachella, LLC; et al
    County:                   Riverside
    Court:                     Superior
    Case No.:                PSC 1906136
    Nature of Action:    Foreclosure of Mechanic Lien
    Recording Date:      September 24, 2019
    Recording No:         Instrument No. 2019-0376684, of Official Records

61.    A claim of mechanic's lien or materialman's lien

    Claimant:               Southwest Plumbing inc.
    Amount:                  $111,141.13
    Recording Date:      September 24, 2019
    Recording No:         Instrument No. 2019-0377201, of Official Records

EXHIBIT 3, PAGE 101

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346564-997-OC1-245

## EXCEPTIONS
### (Continued)

62.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | All Phase Drywall & Development, Inc. |
| Amount: | $40,000.00 |
| Recording Date: | September 25, 2019 |
| Recording No: | Instrument No. 2019-0379585, of Official Records |

63.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | All Phase Drywall & Development, Inc. |
| Amount: | $396,871.43 |
| Recording Date: | September 25, 2019 |
| Recording No: | Instrument No. 2019-0379586, of Official Records |

64.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Tandem West Glass, Inc. |
| Amount: | $387,752.38 |
| Recording Date: | September 25, 2019 |
| Recording No: | Instrument No. 2019-0379822, of Official Records |

As affected by an Amended Mechanics Lien

| | |
|---|---|
| Amount: | $795,971.26 |
| Recording Date: | October 7, 2019 |
| Recording No: | Instrument No. 2019-0402041, of Official Records |

As affected by a Second Amended Mechanics Lien

| | |
|---|---|
| Amount: | $449,849.39 |
| Recording Date: | October 11, 2019 |
| Recording No: | Instrument No. 2019-0410373, of Official Records |

65.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | GF Investment Group, Inc. |
| Amount: | $250,695.63 |
| Recording Date: | September 27, 2019 |
| Recording No: | Instrument No. 2019-385786, of Official Records |

66.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | La Hacienda Nursery & Landscape, Inc. |
| Amount: | $146,717.74 |
| Recording Date: | October 16, 2019 |
| Recording No: | Instrument No. 2019-0415743, of Official Records |

Fidelity National Title Company
ORDER NO.:  00346564-997-OC1-245

## EXCEPTIONS
### (Continued)

67.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Doug Wall Construction, Inc. |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1907309 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | October 16, 2019 |
| Recording No: | Instrument No. 2019-0415790, of Official Records |

68.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Tmalpakh, Inc., a California corporation dba The Works Floor & Wall |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1907262 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | October 23, 2019 |
| Recording No: | Instrument No. 2019-0428103, of Official Records |

Said Notice of Lis Pendens has been partially withdrawal by instrument

| | |
|---|---|
| Recording Date: | December 30, 2020 |
| Recording No: | Instrument No. 2020-0668684, of Official Records |

69.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Orco Block & Hardscape, a California corporation |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1907155 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | October 25, 2019 |
| Recording No: | Instrument No. 2019-0432553, of Official Records |

70.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | BMC West LLC, a Delaware limited liability company |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1908245 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | November 22, 2019 |
| Recording No: | Instrument No. 2019-0483250, of Official Records |

EXHIBIT 3, PAGE 103

## EXCEPTIONS
### (Continued)

71.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | La Hacienda Nursery & Landscape, Inc., a California corporation |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1909423 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | January 2, 2020 |
| Recording No: | Instrument No. 2020-0000938, of Official Records |

72.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | All Phase Drywall & Development, Inc., a California corporation |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1909367 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | January 9, 2020 |
| Recording No: | Instrument No. 2020-0009905, of Official Records |

73.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Tandem West Glass, Inc., a California corporation |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC 2000015 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | January 10, 2020 |
| Recording No: | Instrument No. 2020-0013976, of Official Records |

Said Notice of Lis Pendens has been partially withdrawal by instrument

| | |
|---|---|
| Recording Date: | December 30, 2020 |
| Recording No: | Instrument No. 2020-0668679, of Official Records |

74.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Al Miller & Sons Roofing, Inc., a California corporation |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC 2000009 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | January 10, 2020 |
| Recording No: | Instrument No. 2020-0013979, of Official Records |

Said Notice of Lis Pendens has been partially withdrawal by instrument

| | |
|---|---|
| Recording Date: | December 30, 2020 |
| Recording No: | Instrument No. 2020-0668683, of Official Records |

EXHIBIT 3, PAGE 104

PRELIMINARY REPORT                                                      Fidelity National Title Company
YOUR REFERENCE:                                                   ORDER NO.:  00346564-997-OC1-245

### EXCEPTIONS
#### (Continued)

75.      Matters contained in that certain document

       Entitled:                Stipulation and Order RE Appointment of Receiver and Preliminary Junction
       Recording Date:          January 29, 2020
       Recording No:            Instrument No. 2020-0044153, of Official Records

       Reference is hereby made to said document for full particulars.

76.      A pending court action as disclosed by a recorded notice:

       Plaintiff:               U.S. Real Estate Credit Holdings III-A, LP
       Defendant:               Glenroy Coachella, LLC; et al
       County:                  Riverside
       Court:                   Superior
       Case No.:                RIC1905743
       Recording Date:          February 13, 2020
       Recording No.:           Instrument No. 2020-0068228, of Official Records

77.      Certificate of Indebtedness of the Receiver – Receiver Certificate No. 1

       Recording Date:          June 12, 2020
       Recording No.:           Instrument No. 2020-0252044 Official Records

       and Recording Date:      June 12, 2020
       and Recording No:        Instrument No. 2020-0252045 Official Records

       and Recording Date:      June 12, 2020
       and Recording No:        Instrument No. 2020-0252046 Official Records

       and Recording Date:      June 12, 2020
       and Recording No:        Instrument No. 2020-0252047 Official Records

       and Recording Date:      June 12, 2020
       and Recording No:        Instrument No. 2020-0252048 Official Records

       and Recording Date:      June 12, 2020
       and Recording No:        Instrument No. 2020-0252049 Official Records

       and Recording Date:      June 12, 2020
       and Recording No:        Instrument No. 2020-0252050 Official Records

       and Recording Date:      June 12, 2020
       and Recording No:        Instrument No. 2020-0252051 Official Records

78.      A claim of mechanic's lien or materialman's lien

       Claimant:                Gauston Corp
       Amount:                  $28,829.75
       Recording Date:          June 25, 2018
       Recording No:            Instrument No. 2018-0255143, of Official Records

Fidelity National Title Company
ORDER NO.:  00346564-997-OC1-245

## EXCEPTIONS
### (Continued)

79.    Any rights of the parties in possession of a portion of, or all of, said Land, which rights are not disclosed by the public records.

The Company will require, for review, a full and complete copy of any unrecorded agreement, contract, license and/or lease, together with all supplements, assignments and amendments thereto, before issuing any policy of title insurance without excepting this item from coverage.

The Company reserves the right to except additional items and/or make additional requirements after reviewing said documents.

80.    Any facts, rights, interests or claims that may exist or arise by reason of the following matters disclosed by a pending final ALTA/NSPS Survey prepared by Saxon Engineering Services, Inc., dated April 10, 2018, designated as Job No. Glenroy Coachella:

a. Electrical vaults located on the northerly property line of Parcel 4.
b. A cable television box located along the westerly boundary of Parcel 2.
c. An electrical transformer located along the westerly boundary of Parcel 2.
d. A street light pole encroaching in the southwest corner of Parcel 2.

81.    Any easements not disclosed by the public records as to matters affecting title to real property, whether or not said easements are visible and apparent.

82.    Discrepancies, conflicts in boundary lines, shortage in area, encroachments, or any other matters which a correct survey would disclose and which are not shown by the public records.

83.    Matters which may be disclosed by an inspection and/or by a correct ALTA/ACSM Land Title Survey of said Land that is satisfactory to the Company, and/or by inquiry of the parties in possession thereof.

**PLEASE REFER TO THE "INFORMATIONAL NOTES" AND "REQUIREMENTS" SECTIONS WHICH FOLLOW FOR INFORMATION NECESSARY TO COMPLETE THIS TRANSACTION.**

---

**END OF EXCEPTIONS**

---

EXHIBIT 3, PAGE 106

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346564-997-OC1-245

## REQUIREMENTS SECTION

1.    In order to complete this report, the Company requires a Statement of Information to be completed by the following party(s),

Party(s):                    All Parties

The Company reserves the right to add additional items or make further requirements after review of the requested Statement of Information.

NOTE:  The Statement of Information is necessary to complete the search and examination of title under this order. Any title search includes matters that are indexed by name only, and having a completed Statement of Information assists the Company in the elimination of certain matters which appear to involve the parties but in fact affect another party with the same or similar name. Be assured that the Statement of Information is essential and will be kept strictly confidential to this file.

2.    The Company will require the following documents for review prior to the issuance of any title insurance predicated upon a conveyance or encumbrance from the entity named below:

Limited Liability Company:          Glenroy Coachella, LLC, a Delaware limited liability company,
Force Rubin, LLC, a Delaware limited liability company,
Force Rubin 2, LLC, a Delaware limited liability company
Coachella Resort, LLC, a California limited liability company

a)    A copy of its operating agreement, if any, and all amendments, supplements and/or modifications thereto, certified by the appropriate manager or member.

b)    If a domestic Limited Liability Company, a copy of its Articles of Organization and all amendments thereto with the appropriate filing stamps.

c)    If the Limited Liability Company is member-managed, a full and complete current list of members certified by the appropriate manager or member.

d)    A current dated certificate of good standing from the proper governmental authority of the state in which the entity is currently domiciled.

e)    If less than all members, or managers, as appropriate, will be executing the closing documents, furnish evidence of the authority of those signing.

f)    If Limited Liability Company is a Single Member Entity, a Statement of Information for the Single Member will be required.

g)    Each member and manager of the LLC without an Operating Agreement must execute in the presence of a notary public the Certificate of California LLC (Without an Operating Agreement) Status and Authority form.

3.    This transaction requires high liability approval prior to close of escrow together with an inspection of the subject property.

Please advise title department with an estimated date that your transaction will close so we can schedule the necessary approvals and inspections.

4.    The transaction contemplated in connection with this Report is subject to the review and approval of the Company's Corporate Underwriting Department. The Company reserves the right to add additional items or make further requirements after such review.

EXHIBIT 3, PAGE 107

PRELIMINARY REPORT                                                                Fidelity National Title Company
YOUR REFERENCE:                                                               ORDER NO.:  00346564-997-OC1-245

## REQUIREMENTS
### (Continued)

5.      Please call the Title Department five (5) days prior to the contemplated closing to determine if additional documents
        or information is required.

        Phone Number:              (949) 788-2800

---

### END OF REQUIREMENTS

EXHIBIT 3, PAGE 108

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346564-997-OC1-245

# INFORMATIONAL NOTES SECTION

1.	Note:  There are NO conveyances affecting said Land recorded within 24 months of the date of this report.

2.	Note:  Please contact your Title Officer to obtain the current recording fees.  Fidelity National Title Company will pay Fidelity National Title Insurance Company 12% of the title premium, as disclosed on lines 1107 and 1108 of the HUD-1.

3.	Note:  The policy of title insurance will include an arbitration provision. The Company or the insured may demand arbitration. Arbitrable matters may include, but are not limited to, any controversy or claim between the Company and the insured arising out of or relating to this policy, any service of the Company in connection with its issuance or the breach of a policy provision or other obligation. Please ask your escrow or title officer for a sample copy of the policy to be issued if you wish to review the arbitration provisions and any other provisions pertaining to your Title Insurance coverage.

4.	Notice: Please be aware that due to the conflict between federal and state laws concerning the cultivation, distribution, manufacture or sale of marijuana, the Company is not able to close or insure any transaction involving Land that is associated with these activities.

5.	Pursuant to Government Code Section 27388.1, as amended and effective as of 1-1-2018, a Documentary Transfer Tax (DTT) Affidavit may be required to be completed and submitted with each document when DTT is being paid or when an exemption is being claimed from paying the tax. If a governmental agency is a party to the document, the form will not be required. DTT Affidavits may be available at a Tax Assessor-County Clerk-Recorder.

6.	The Company and its policy issuing agents are required by Federal law to collect additional information about certain transactions in specified geographic areas in accordance with the Bank Secrecy Act.  If this transaction is required to be reported under a Geographic Targeting Order issued by FinCEN, the Company or its policy issuing agent must be supplied with a completed ALTA Information Collection Form ("ICF") prior to closing the transaction contemplated herein.

	**To protect the private information contained in the attached form and photo ID, please return via a secured method.**

---

## END OF INFORMATIONAL NOTES

---

Blake.Uradomo/sp1

 Inquire before you wire!

# Wire Fraud Alert

*This Notice is not intended to provide legal or professional advice. If you have any questions, please consult with a lawyer.*

All parties to a real estate transaction are targets for wire fraud and many have lost hundreds of thousands of dollars because they simply relied on the wire instructions received via email, without further verification. **If funds are to be wired in conjunction with this real estate transaction, we strongly recommend verbal verification of wire instructions through a known, trusted phone number prior to sending funds.**

In addition, the following non-exclusive self-protection strategies are recommended to minimize exposure to possible wire fraud.

- **NEVER RELY** on emails purporting to change wire instructions. Parties to a transaction rarely change wire instructions in the course of a transaction.

- **ALWAYS VERIFY** wire instructions, specifically the ABA routing number and account number, by calling the party who sent the instructions to you. DO NOT use the phone number provided in the email containing the instructions, use phone numbers you have called before or can otherwise verify. **Obtain the phone number of relevant parties to the transaction as soon as an escrow account is opened**. DO NOT send an email to verify as the email address may be incorrect or the email may be intercepted by the fraudster.

- **USE COMPLEX EMAIL PASSWORDS** that employ a combination of mixed case, numbers, and symbols. Make your passwords greater than eight (8) characters. Also, change your password often and do NOT reuse the same password for other online accounts.

- **USE MULTI-FACTOR AUTHENTICATION** for email accounts. Your email provider or IT staff may have specific instructions on how to implement this feature.

For more information on wire-fraud scams or to report an incident, please refer to the following links:

*Federal Bureau of Investigation:*          *Internet Crime Complaint Center:*
*http://www.fbi.gov*                    *http://www.ic3.gov*

*TM and © Fidelity National Financial, Inc. and/or an affiliate. All rights reserved*

EXHIBIT 3, PAGE 110



**Fidelity National Title Company**
1300 Dove Street, 3rd Floor, Newport Beach, CA 92660
Phone: (949) 788-2800    ●    Fax: (949) 341-0251

# Notice of Available Discounts

Pursuant to Section 2355.3 in Title 10 of the California Code of Regulations Fidelity National Financial, Inc. and its subsidiaries ("FNF") must deliver a notice of each discount available under our current rate filing along with the delivery of escrow instructions, a preliminary report or commitment. Please be aware that the provision of this notice does not constitute a waiver of the consumer's right to be charged the filed rate. As such, your transaction may not qualify for the below discounts.

You are encouraged to discuss the applicability of one or more of the below discounts with a Company representative. These discounts are generally described below; consult the rate manual for a full description of the terms, conditions and requirements for such discount. These discounts only apply to transactions involving services rendered by the FNF Family of Companies. This notice only applies to transactions involving property improved with a one-to-four family residential dwelling.

Not all discounts are offered by every FNF Company. The discount will only be applicable to the FNF Company as indicated by the named discount.

| **FNF Underwritten Title Company** | **Underwritten by FNF Underwriters** |
|---|---|
| CTC – Chicago Title company | CTIC – Chicago Title Insurance Company |
| CLTC – Commonwealth Land Title Company | CLTIC - Commonwealth Land Title Insurance Company |
| FNTC – Fidelity National Title Company of California | FNTIC – Fidelity National Title Insurance Company |
| FNTCCA - Fidelity National Title Company of California | FNTIC - Fidelity National Title Insurance Company |
| TICOR – Ticor Title Company of California | CTIC – Chicago Title Insurance Company |
| LTC – Lawyer's Title Company | CLTIC – Commonwealth Land Title Insurance Company |
| SLTC – ServiceLink Title Company | CTIC – Chicago Title Insurance Company |

## Available Discounts

**DISASTER LOANS (CTIC, CLTIC, FNTIC)**
The charge for a Lender's Policy (Standard or Extended coverage) covering the financing or refinancing by an owner of record, within twenty-four (24) months of the date of a declaration of a disaster area by the government of the United States or the State of California on any land located in said area, which was partially or totally destroyed in the disaster, will be fifty percent (50%) of the appropriate title insurance rate.

**CHURCHES OR CHARITABLE NON-PROFIT ORGANIZATIONS (CTIC, FNTIC)**
On properties used as a church or for charitable purposes within the scope of the normal activities of such entities, provided said charge is normally the church's obligation the charge for an owner's policy shall be fifty percent (50%) to seventy percent (70%) of the appropriate title insurance rate, depending on the type of coverage selected. The charge for a lender's policy shall be forty (40%) to fifty percent (50%) of the appropriate title insurance rate, depending on the type of coverage selected.

## FIDELITY NATIONAL FINANCIAL, INC.
## PRIVACY NOTICE

Effective January 1, 2021

Fidelity National Financial, Inc. and its majority-owned subsidiary companies (collectively, "FNF," "our," or "we") respect and are committed to protecting your privacy. This Privacy Notice explains how we collect, use, and protect personal information, when and to whom we disclose such information, and the choices you have about the use and disclosure of that information.

A limited number of FNF subsidiaries have their own privacy notices. If a subsidiary has its own privacy notice, the privacy notice will be available on the subsidiary's website and this Privacy Notice does not apply.

### Collection of Personal Information
FNF may collect the following categories of Personal Information:
- contact information (*e.g.*, name, address, phone number, email address);
- demographic information (*e.g.*, date of birth, gender, marital status);
- identity information (*e.g.* Social Security Number, driver's license, passport, or other government ID number);
- financial account information (*e.g.* loan or bank account information); and
- other personal information necessary to provide products or services to you.

We may collect Personal Information about you from:
- information we receive from you or your agent;
- information about your transactions with FNF, our affiliates, or others; and
- information we receive from consumer reporting agencies and/or governmental entities, either directly from these entities or through others.

### Collection of Browsing Information
FNF automatically collects the following types of Browsing Information when you access an FNF website, online service, or application (each an "FNF Website") from your Internet browser, computer, and/or device:
- Internet Protocol (IP) address and operating system;
- browser version, language, and type;
- domain name system requests; and
- browsing history on the FNF Website, such as date and time of your visit to the FNF Website and visits to the pages within the FNF Website.

Like most websites, our servers automatically log each visitor to the FNF Website and may collect the Browsing Information described above. We use Browsing Information for system administration, troubleshooting, fraud investigation, and to improve our websites. Browsing Information generally does not reveal anything personal about you, though if you have created a user account for an FNF Website and are logged into that account, the FNF Website may be able to link certain browsing activity to your user account.

### Other Online Specifics
Cookies. When you visit an FNF Website, a "cookie" may be sent to your computer. A cookie is a small piece of data that is sent to your Internet browser from a web server and stored on your computer's hard drive. Information gathered using cookies helps us improve your user experience. For example, a cookie can help the website load properly or can customize the display page based on your browser type and user preferences. You can choose whether or not to accept cookies by changing your Internet browser settings. Be aware that doing so may impair or limit some functionality of the FNF Website.

Web Beacons. We use web beacons to determine when and how many times a page has been viewed. This information is used to improve our websites.

Do Not Track. Currently our FNF Websites do not respond to "Do Not Track" features enabled through your browser.

Links to Other Sites. FNF Websites may contain links to unaffiliated third-party websites. FNF is not responsible for the privacy practices or content of those websites. We recommend that you read the privacy policy of every website you visit.

### Use of Personal Information
FNF uses Personal Information for three main purposes:
- To provide products and services to you or in connection with a transaction involving you.
- To improve our products and services.
- To communicate with you about our, our affiliates', and others' products and services, jointly or independently.

### When Information Is Disclosed
We may disclose your Personal Information and Browsing Information in the following circumstances:
- to enable us to detect or prevent criminal activity, fraud, material misrepresentation, or nondisclosure;
- to nonaffiliated service providers who provide or perform services or functions on our behalf and who agree to use the information only to provide such services or functions;

Copyright © 2021. Fidelity National Financial, Inc. All Rights Reserved
Order No. 00346564-997-OC1-245

EXHIBIT 3, PAGE 112

- to nonaffiliated third party service providers with whom we perform joint marketing, pursuant to an agreement with them to jointly market financial products or services to you;
- to law enforcement or authorities in connection with an investigation, or in response to a subpoena or court order; or
- in the good-faith belief that such disclosure is necessary to comply with legal process or applicable laws, or to protect the rights, property, or safety of FNF, its customers, or the public.

The law does not require your prior authorization and does not allow you to restrict the disclosures described above. Additionally, we may disclose your information to third parties for whom you have given us authorization or consent to make such disclosure. We do not otherwise share your Personal Information or Browsing Information with nonaffiliated third parties, except as required or permitted by law. We may share your Personal Information with affiliates (other companies owned by FNF) to directly market to you. Please see "Choices with Your Information" to learn how to restrict that sharing.

We reserve the right to transfer your Personal Information, Browsing Information, and any other information, in connection with the sale or other disposition of all or part of the FNF business and/or assets, or in the event of bankruptcy, reorganization, insolvency, receivership, or an assignment for the benefit of creditors. By submitting Personal Information and/or Browsing Information to FNF, you expressly agree and consent to the use and/or transfer of the foregoing information in connection with any of the above described proceedings.

## Security of Your Information
We maintain physical, electronic, and procedural safeguards to protect your Personal Information.

## Choices With Your Information
If you do not want FNF to share your information among our affiliates to directly market to you, you may send an "opt out" request as directed at the end of this Privacy Notice. We do not share your Personal Information with nonaffiliates for their use to direct market to you without your consent.

Whether you submit Personal Information or Browsing Information to FNF is entirely up to you. If you decide not to submit Personal Information or Browsing Information, FNF may not be able to provide certain services or products to you.

For California Residents: We will not share your Personal Information or Browsing Information with nonaffiliated third parties, except as permitted by California law. For additional information about your California privacy rights, please visit the "California Privacy" link on our website (https://fnf.com/pages/californiaprivacy.aspx) or call (888) 413-1748.

For Nevada Residents: You may be placed on our internal Do Not Call List by calling (888) 934-3354 or by contacting us via the information set forth at the end of this Privacy Notice. Nevada law requires that we also provide you with the following contact information: Bureau of Consumer Protection, Office of the Nevada Attorney General, 555 E. Washington St., Suite 3900, Las Vegas, NV 89101; Phone number: (702) 486-3132; email: BCPINFO@ag.state.nv.us.

For Oregon Residents:  We will not share your Personal Information or Browsing Information with nonaffiliated third parties for marketing purposes, except after you have been informed by us of such sharing and had an opportunity to indicate that you do not want a disclosure made for marketing purposes.

For Vermont Residents: We will not disclose information about your creditworthiness to our affiliates and will not disclose your personal information, financial information, credit report, or health information to nonaffiliated third parties to market to you, other than as permitted by Vermont law, unless you authorize us to make those disclosures.

## Information From Children
The FNF Websites are not intended or designed to attract persons under the age of eighteen (18).We do not collect Personal Information from any person that we know to be under the age of thirteen (13) without permission from a parent or guardian.

## International Users
FNF's headquarters is located within the United States. If you reside outside the United States and choose to provide Personal Information or Browsing Information to us, please note that we may transfer that information outside of your country of residence. By providing FNF with your Personal Information and/or Browsing Information, you consent to our collection, transfer, and use of such information in accordance with this Privacy Notice.

## FNF Website Services for Mortgage Loans
Certain FNF companies provide services to mortgage loan servicers, including hosting websites that collect customer information on behalf of mortgage loan servicers (the "Service Websites"). The Service Websites may contain links to both this Privacy Notice and the mortgage loan servicer or lender's privacy notice. The sections of this Privacy Notice titled When Information is Disclosed, Choices with Your Information, and Accessing and Correcting Information do not apply to the Service Websites. The mortgage loan servicer or lender's privacy notice governs use, disclosure, and access to your Personal Information. FNF does not share Personal Information collected through the Service Websites, except as required or authorized by contract with the mortgage loan servicer or lender, or as required by law or in the good-faith belief that such disclosure is necessary: to comply with a legal process or applicable law, to enforce this Privacy Notice, or to protect the rights, property, or safety of FNF or the public.

Copyright © 2021. Fidelity National Financial, Inc. All Rights Reserved
Order No. 00346564-997-OC1-245

EXHIBIT 3, PAGE 113

**Your Consent To This Privacy Notice; Notice Changes; Use of Comments or Feedback**

By submitting Personal Information and/or Browsing Information to FNF, you consent to the collection and use of the information in accordance with this Privacy Notice. We may change this Privacy Notice at any time. The Privacy Notice's effective date will show the last date changes were made. If you provide information to us following any change of the Privacy Notice, that signifies your assent to and acceptance of the changes to the Privacy Notice.

**Accessing and Correcting Information; Contact Us**

If you have questions, would like to correct your Personal Information, or want to opt-out of information sharing for affiliate marketing, visit FNF's Opt Out Page or contact us by phone at (888) 934-3354 or by mail to:

Fidelity National Financial, Inc.
601 Riverside Avenue
Jacksonville, Florida 32204
Attn: Chief Privacy Officer

Copyright © 2021. Fidelity National Financial, Inc. All Rights Reserved
Order No. 00346564-997-OC1-245

EXHIBIT 3, PAGE 114

## ATTACHMENT ONE (Revised 05-06-16)

### CALIFORNIA LAND TITLE ASSOCIATION
### STANDARD COVERAGE POLICY – 1990

### EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1. (a) Any law, ordinance or governmental regulation (including but not limited to building or zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien, or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.

   (b) Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.

2. Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.

3. Defects, liens, encumbrances, adverse claims or other matters:
   (a) whether or not recorded in the public records at Date of Policy, but created, suffered, assumed or agreed to by the insured claimant;
   (b) not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became an insured under this policy;
   (c) resulting in no loss or damage to the insured claimant;
   (d) attaching or created subsequent to Date of Policy; or
   (e) resulting in loss or damage which would not have been sustained if the insured claimant had paid value for the insured mortgage or for the estate or interest insured by this policy.

4. Unenforceability of the lien of the insured mortgage because of the inability or failure of the insured at Date of Policy, or the inability or failure of any subsequent owner of the indebtedness, to comply with the applicable doing business laws of the state in which the land is situated.

5. Invalidity or unenforceability of the lien of the insured mortgage, or claim thereof, which arises out of the transaction evidenced by the insured mortgage and is based upon usury or any consumer credit protection or truth in lending law.

6. Any claim, which arises out of the transaction vesting in the insured the estate of interest insured by this policy or the transaction creating the interest of the insured lender, by reason of the operation of federal bankruptcy, state insolvency or similar creditors' rights laws.

### EXCEPTIONS FROM COVERAGE - SCHEDULE B, PART I

This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees or expenses) which arise by reason of:

1. Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public records.
   Proceedings by a public agency which may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the public records.

2. Any facts, rights, interests, or claims which are not shown by the public records but which could be ascertained by an inspection of the land or which may be asserted by persons in possession thereof.

3. Easements, liens or encumbrances, or claims thereof, not shown by the public records.

4. Discrepancies, conflicts in boundary lines, shortage in area, encroachments, or any other facts which a correct survey would disclose, and which are not shown by the public records.

5. (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b) or (c) are shown by the public records.

6. Any lien or right to a lien for services, labor or material not shown by the public records.

### CLTA HOMEOWNER'S POLICY OF TITLE INSURANCE (12-02-13)
### ALTA HOMEOWNER'S POLICY OF TITLE INSURANCE

### EXCLUSIONS

In addition to the Exceptions in Schedule B, You are not insured against loss, costs, attorneys' fees, and expenses resulting from:

1. Governmental police power, and the existence or violation of those portions of any law or government regulation concerning:
   a. building;
   b. zoning;
   c. land use;
   d. improvements on the Land;
   e. land division; and
   f. environmental protection.
   This Exclusion does not limit the coverage described in Covered Risk 8.a., 14, 15, 16, 18, 19, 20, 23 or 27.

2. The failure of Your existing structures, or any part of them, to be constructed in accordance with applicable building codes. This Exclusion does not limit the coverage described in Covered Risk 14 or 15.

3. The right to take the Land by condemning it.  This Exclusion does not limit the coverage described in Covered Risk 17.

4. Risks:
   a. that are created, allowed, or agreed to by You, whether or not they are recorded in the Public Records;
   b. that are Known to You at the Policy Date, but not to Us, unless they are recorded in the Public Records at the Policy Date;

© **California Land Title Association. All rights reserved.**
The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

EXHIBIT 3, PAGE 115

c.  that result in no loss to You; or

d.  that first occur after the Policy Date - this does not limit the coverage described in Covered Risk 7, 8.e., 25, 26, 27 or 28.

5.  Failure to pay value for Your Title.

6.  Lack of a right:

    a.  to any land outside the area specifically described and referred to in paragraph 3 of Schedule A; and

    b.  in streets, alleys, or waterways that touch the Land.

    This Exclusion does not limit the coverage described in Covered Risk 11 or 21.

7.  The transfer of the Title to You is invalid as a preferential transfer or as a fraudulent transfer or conveyance under federal bankruptcy, state insolvency, or similar creditors' rights laws.

8.  Contamination, explosion, fire, flooding, vibration, fracturing, earthquake, or subsidence.

9.  Negligence by a person or an Entity exercising a right to extract or develop minerals, water, or any other substances.

## LIMITATIONS ON COVERED RISKS

Your insurance for the following Covered Risks is limited on the Owner's Coverage Statement as follows:

- For Covered Risk 16, 18, 19, and 21 Your Deductible Amount and Our Maximum Dollar Limit of Liability shown in Schedule A.

The deductible amounts and maximum dollar limits shown on Schedule A are as follows:

|  | Your Deductible Amount | Our Maximum Dollar Limit of Liability |
|---|---|---|
| Covered Risk 16: | 1.00% of Policy Amount Shown in Schedule A or $2,500.00 (whichever is less) | $ 10,000.00 |
| Covered Risk 18: | 1.00% of Policy Amount Shown in Schedule A or $5,000.00 (whichever is less) | $ 25,000.00 |
| Covered Risk 19: | 1.00% of Policy Amount Shown in Schedule A or $5,000.00 (whichever is less) | $ 25,000.00 |
| Covered Risk 21: | 1.00% of Policy Amount Shown in Schedule A or $2,500.00 (whichever is less) | $ 5,000.00 |

## 2006 ALTA LOAN POLICY (06-17-06)

### EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:

1.  (a)  Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to

    (i)  the occupancy, use, or enjoyment of the Land;

    (ii)  the character, dimensions, or location of any improvement erected on the Land;

    (iii)  the subdivision of land; or

    (iv)  environmental protection;

    or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5.

    (b)  Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 6.

2.  Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.

3.  Defects, liens, encumbrances, adverse claims, or other matters

    (a)  created, suffered, assumed, or agreed to by the Insured Claimant;

    (b)  not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;

    (c)  resulting in no loss or damage to the Insured Claimant;

    (d)  attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 11, 13 or 14); or

    (e)  resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Insured Mortgage.

4.  Unenforceability of the lien of the Insured Mortgage because of the inability or failure of an Insured to comply with applicable doing-business laws of the state where the Land is situated.

5.  Invalidity or unenforceability in whole or in part of the lien of the Insured Mortgage that arises out of the transaction evidenced by the Insured Mortgage and is based upon usury or any consumer credit protection or truth-in-lending law.

6.  Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction creating the lien of the Insured Mortgage, is

    (a)  a fraudulent conveyance or fraudulent transfer, or

    (b)  a preferential transfer for any reason not stated in Covered Risk 13(b) of this policy.

7.  Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching between Date of Policy and the date of recording of the Insured Mortgage in the Public Records.  This Exclusion does not modify or limit the coverage provided under Covered Risk 11(b).

The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

### EXCEPTIONS FROM COVERAGE

{Except as provided in Schedule B - Part II,{ t{or T}his policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees or expenses, that arise by reason of:

---

Attachment One – CA (Rev. 05-06-16)                                                Page 2

© California Land Title Association. All rights reserved.

The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

EXHIBIT 3, PAGE 116

## {PART I

{The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

1.  (a) Taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records; (b) proceedings by a public agency that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.
2.  Any facts, rights, interests, or claims that are not shown by the Public Records but that could be ascertained by an inspection of the Land or that may be asserted by persons in possession of the Land.
3.  Easements, liens or encumbrances, or claims thereof, not shown by the Public Records.
4.  Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land and not shown by the Public Records.
5.  (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b), or (c) are shown by the Public Records.
6.  Any lien or right to a lien for services, labor or material not shown by the Public Records.}

## PART II

In addition to the matters set forth in Part I of this Schedule, the Title is subject to the following matters, and the Company insures against loss or damage sustained in the event that they are not subordinate to the lien of the Insured Mortgage:}

## 2006 ALTA OWNER'S POLICY (06-17-06)

## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:

1.  (a) Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
    (i)  the occupancy, use, or enjoyment of the Land;
    (ii) the character, dimensions, or location of any improvement erected on the Land;
    (iii) the subdivision of land; or
    (iv) environmental protection;
    or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5.
    (b) Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 6.
2.  Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.
3.  Defects, liens, encumbrances, adverse claims, or other matters
    (a) created, suffered, assumed, or agreed to by the Insured Claimant;
    (b) not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
    (c) resulting in no loss or damage to the Insured Claimant;
    (d) attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 9 and 10); or
    (e) resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Title.
4.  Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction vesting the Title as shown in Schedule A, is
    (a) a fraudulent conveyance or fraudulent transfer; or
    (b) a preferential transfer for any reason not stated in Covered Risk 9 of this policy.
5.  Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching between Date of Policy and the date of recording of the deed or other instrument of transfer in the Public Records that vests Title as shown in Schedule A.

The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

## EXCEPTIONS FROM COVERAGE

This policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees or expenses, that arise by reason of:

{The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

1.  (a) Taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records; (b) proceedings by a public agency that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.
2.  Any facts, rights, interests, or claims that are not shown in the Public Records but that could be ascertained by an inspection of the Land or that may be asserted by persons in possession of the Land.
3.  Easements, liens or encumbrances, or claims thereof, not shown by the Public Records.
4.  Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land and that are not shown by the Public Records.
5.  (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b), or (c) are shown by the Public Records.
6.  Any lien or right to a lien for services, labor or material not shown by the Public Records. }
7.  {Variable exceptions such as taxes, easements, CC&R's, etc. shown here.}

© California Land Title Association. All rights reserved.
The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

EXHIBIT 3, PAGE 117

**ALTA EXPANDED COVERAGE RESIDENTIAL LOAN POLICY – ASSESSMENTS PRIORITY (04-02-15)**

**EXCLUSIONS FROM COVERAGE**

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1.  (a)  Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
        (i)   the occupancy, use, or enjoyment of the Land;
        (ii)  the character, dimensions, or location of any improvement erected on the Land;
        (iii) the subdivision of land; or
        (iv)  environmental protection;
        or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5, 6, 13(c), 13(d), 14 or 16.
    (b)  Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 5, 6, 13(c), 13(d), 14 or 16.
2.  Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.
3.  Defects, liens, encumbrances, adverse claims, or other matters
    (a)  created, suffered, assumed, or agreed to by the Insured Claimant;
    (b)  not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
    (c)  resulting in no loss or damage to the Insured Claimant;
    (d)  attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 11, 16, 17, 18, 19, 20, 21, 22, 23, 24, 27 or 28); or
    (e)  resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Insured Mortgage.
4.  Unenforceability of the lien of the Insured Mortgage because of the inability or failure of an Insured to comply with applicable doing-business laws of the state where the Land is situated.
5.  Invalidity or unenforceability in whole or in part of the lien of the Insured Mortgage that arises out of the transaction evidenced by the Insured Mortgage and is based upon usury, or any consumer credit protection or truth-in-lending law. This Exclusion does not modify or limit the coverage provided in Covered Risk 26.
6.  Any claim of invalidity, unenforceability or lack of priority of the lien of the Insured Mortgage as to Advances or modifications made after the Insured has Knowledge that the vestee shown in Schedule A is no longer the owner of the estate or interest covered by this policy. This Exclusion does not modify or limit the coverage provided in Covered Risk 11.
7.  Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching subsequent to Date of Policy. This Exclusion does not modify or limit the coverage provided in Covered Risk 11(b) or 25.
8.  The failure of the residential structure, or any portion of it, to have been constructed before, on or after Date of Policy in accordance with applicable building codes. This Exclusion does not modify or limit the coverage provided in Covered Risk 5 or 6.
9.  Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction creating the lien of the Insured Mortgage, is
    (a)  a fraudulent conveyance or fraudulent transfer, or
    (b)  a preferential transfer for any reason not stated in Covered Risk 27(b) of this policy.
10. Contamination, explosion, fire, flooding, vibration, fracturing, earthquake, or subsidence.
11. Negligence by a person or an Entity exercising a right to extract or develop minerals, water, or any other substances.

**© California Land Title Association. All rights reserved.**
The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

EXHIBIT 3, PAGE 118



This map/plat is being furnished as an aid in locating the herein described Land in relation to adjoining streets, natural boundaries and other land, and is not a survey of the land depicted. Except to the extent a policy of title insurance is expressly modified by endorsement, if any, the Company does not insure dimensions, distances, location of easements, acreage or other matters shown thereon.

EXHIBIT 3, PAGE 119

**EXHIBIT 4**



Fidelity National Title - OC
1300 Dove Street, 3rd Floor, Newport Beach, CA
92660

# Preliminary Report

Fidelity National Title - OC
1300 Dove Street, 3rd Floor, Newport Beach, CA
92660
Phone: (949) 788-2800
Fax: (949) 341-0251

Title Officer: Blake.Uradomo
Email: Blake.Uradomo@fnf.com
Phone No.: (949) 788-2800
Fax No.: (949) 341-0251
File No.: 00346565-997-OC1-245

Property Address: Vacant Land, Coachella, CA

## Introducing



LiveLOOK title document delivery system is designed to provide 24/7 real-time access to all information related to a title insurance transaction.

Access title reports, exception documents, an easy-to-use summary page, and more, at your fingertips and your convenience.

To view your new Fidelity National Title First Alert powered by LiveLOOK report, Click Here



**Effortless, Efficient, Compliant, and Accessible**



**Fidelity National Title Company**
1300 Dove Street, 3rd Floor, Newport Beach, CA 92660
Phone: (949) 788-2800  •  Fax: (949) 341-0251

---

Issuing Policies of Fidelity National Title Insurance Company

---

Title Officer: **Blake.Uradomo**                    ORDER NO.: **00346565-997-OC1-245**
Phone: **(949) 788-2800**
Fax: **(949) 341-0251**                                                      LOAN NO.:
Email: **Blake.Uradomo@fnf.com**

Fidelity National Title Company
1300 Dove Street, 3rd Floor
Newport Beach, CA 92660

ATTN:          Ben Llorin
YOUR REF:

PROPERTY:   **Vacant Land, Coachella, CA**

---

## PRELIMINARY REPORT

*In response to the application for a policy of title insurance referenced herein, **Fidelity National Title Company** hereby reports that it is prepared to issue, or cause to be issued, as of the date hereof, a policy or policies of title insurance describing the land and the estate or interest therein hereinafter set forth, insuring against loss which may be sustained by reason of any defect, lien or encumbrance not shown or referred to as an exception herein or not excluded from coverage pursuant to the printed Schedules, Conditions and Stipulations or Conditions of said policy forms.*

*The printed Exceptions and Exclusions from the coverage and Limitations on Covered Risks of said policy or policies are set forth in Attachment One. The policy to be issued may contain an arbitration clause. When the Amount of Insurance is less than that set forth in the arbitration clause, all arbitrable matters shall be arbitrated at the option of either the Company or the Insured as the exclusive remedy of the parties. Limitations on Covered Risks applicable to the CLTA and ALTA Homeowner's Policies of Title Insurance which establish a Deductible Amount and a Maximum Dollar Limit of Liability for certain coverages are also set forth in Attachment One. Copies of the policy forms should be read. They are available from the office which issued this report.*

*This report (and any supplements or amendments hereto) is issued solely for the purpose of facilitating the issuance of a policy of title insurance and no liability is assumed hereby. If it is desired that liability be assumed prior to the issuance of a policy of title insurance, a Binder or Commitment should be requested.*

*The policy(s) of title insurance to be issued hereunder will be policy(s) of Fidelity National Title Insurance Company, a Florida Corporation.*

***Please read the exceptions shown or referred to herein and the exceptions and exclusions set forth in Attachment One of this report carefully. The exceptions and exclusions are meant to provide you with notice of matters which are not covered under the terms of the title insurance policy and should be carefully considered.***

***It is important to note that this preliminary report is not a written representation as to the condition of title and may not list all liens, defects and encumbrances affecting title to the land.***

Countersigned by:

_____
Authorized Signature

---

EXHIBIT 4, PAGE 121

**Fidelity National Title Company**
1300 Dove Street, 3rd Floor, Newport Beach, CA 92660
Phone: (949) 788-2800  ●  Fax: (949) 341-0251

## PRELIMINARY REPORT

---

**EFFECTIVE DATE:**          **March 24, 2021 at 7:30 a.m.**

**ORDER NO.:  00346565-997-OC1-245**

The form of policy or policies of title insurance contemplated by this report is:

  **CLTA Standard Coverage Policy of Title Insurance (4-8-14)**

1.  THE ESTATE OR INTEREST IN THE LAND HEREINAFTER DESCRIBED OR REFERRED TO COVERED BY THIS REPORT IS:

  **A Fee**

2.  TITLE TO SAID ESTATE OR INTEREST AT THE DATE HEREOF IS VESTED IN:

  **Glenroy Coachella, LLC, a Delaware limited liability company, as to an undivided 70.5% interest;
  Force Rubin, LLC, a Delaware limited liability company, as to an undivided 21.2115% interest;
  Force Rubin 2, LLC, a Delaware limited liability company, as to an undivided 3.7885% interest; and
  Coachella Resort, LLC, a California limited liability company, as to an undivided 4.5% interest**

3.  THE LAND REFERRED TO IN THIS REPORT IS DESCRIBED AS FOLLOWS:

  **See Exhibit A attached hereto and made a part hereof.**

EXHIBIT 4, PAGE 122

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346565-997-OC1-245

# EXHIBIT A

## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF COACHELLA, IN THE COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCEL  4 OF PARCEL MAP NO. 37310, IN THE CITY OF COACHELLA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, ACCORDING TO MAP ON FILE IN BOOK 243, PAGES 82 THROUGH 84 OF PARCEL MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

EXCEPTING THEREFROM THAT PORTION OF THE PROPERTY CONVEYED TO THE CITY OF COACHELLA, A MUNICIPAL CORPORATION, AS DESCRIBED IN DOCUMENT ENTITLED "CERTIFICATE OF ACCEPTANCE (GRANT OF EASEMENT), RECORDED SEPTEMBER 6, 2018 AS INSTRUMENT NO. 2018-359087 OF OFFICIAL RECORDS.

APN:  603-220-068

# EXCEPTIONS

**AT THE DATE HEREOF, ITEMS TO BE CONSIDERED AND EXCEPTIONS TO COVERAGE IN ADDITION TO THE PRINTED EXCEPTIONS AND EXCLUSIONS IN SAID POLICY FORM WOULD BE AS FOLLOWS:**

1.  Property taxes, which are a lien not yet due and payable, including any assessments collected with taxes to be levied for the fiscal year 2021-2022.

2.  Property taxes, including any personal property taxes and any assessments collected with taxes are as follows:

    | | |
    |---|---|
    | Code Area: | 012-037 |
    | Tax Identification No.: | 603-220-068 |
    | Fiscal Year: | 2020-2021 |
    | 1st Installment: | $149,118.64, Paid |
    | 2nd Installment: | $149,118.64, Open |
    | Exemption: | $0.00 |
    | Land: | $613,199.00 |
    | Improvements: | $0.00 |
    | Personal Property: | $0.00 |
    | Bill No.: | 2020004843149 |

3.  The lien of supplemental or escaped assessments of property taxes, if any, made pursuant to the provisions of Chapter 3.5 or Part 2, Chapter 3, Articles 3 and 4 respectively (commencing with Section 75) of the Revenue and Taxation Code of the State of California as a result of the transfer of title to the vestee named in Schedule A; or as a result of changes in ownership or new construction occurring prior to date of policy.

4.  The herein described Land is within the boundaries of the Mello-Roos Community Facilities District(s). The annual assessments, if any, are collected with the county property taxes. Failure to pay said taxes prior to the delinquency date may result in the above assessment being removed from the county tax roll and subjected to Accelerated Judicial Bond Foreclosure. Inquiry should be made with said District for possible stripped assessments and prior delinquencies.

5.  A Notice

    | | |
    |---|---|
    | Entitled: | Notice of Assessment |
    | For: | Coachella Community Center Project Assessment District No. 92-1 |
    | Executed by: | The Coachella Valley Recreation & Parks District |
    | Recording Date: | October 13, 1992 |
    | Recording No: | Instrument No. 1992-385076 Official Records |

    Reference is hereby made to said document for full particulars.

6.  Any assessments which may be levied against the herein described property by virtue of the fact that said land lies within the boundaries of Community Facilities District 2018-1 (Glenroy) adopted by the City of Coachella, a boundary map of which is on file in Book 82, Page 7 of Maps of Assessment and Community Facilities Districts, recorded February 21, 2018 as Instrument No. 2018-0064380 Official Records, and amended in Book 82, Page 38, recorded April 25, 2018 as Instrument No. 2018-158456 Official Records.

7.  The herein described property lies within the boundaries of a Mello-Roos Community Facilities District (CFD) as follows:

    | | |
    |---|---|
    | CFD No: | 2005-1 |
    | For: | Community Facilities District No. 2005-1 (Law Enforcement, Fire and Paramedic Services) |
    | Disclosed by: | Notice of Special Tax lien |
    | Recording Date: | November 3, 2005 |
    | Recording No.: | Instrument No. 2005-0916803, of Official Records |

EXHIBIT 4, PAGE 124

### EXCEPTIONS
#### (Continued)

This property, along with all other parcels in the CFD, is liable for an annual special tax. This special tax is included with and payable with the general property taxes of the City of Coachella, County of Riverside.
The tax may not be prepaid.

Matters contained in that certain document

| | |
|---|---|
| Entitled: | Amendment No. 3 to Notice of Special Tax Lien |
| Recording Date: | October 6, 2006 |
| Recording No: | Instrument No. 2006-0741243, of Official Records |

Reference is hereby made to said document for full particulars.

8.  The herein described property lies within the boundaries of a Mello-Roos Community Facilities District (CFD) as follows:

| | |
|---|---|
| CFD No: | 2018-1 |
| For: | Community Facilities District No. 2018-1 |
| Disclosed by: | Notice of Special Tax Lien |
| Recording Date: | June 4, 2018 |
| Recording No.: | Instrument No. 2018-0225621 Official Records |

This property, along with all other parcels in the CFD, is liable for an annual special tax. This special tax is included with and payable with the general property taxes of the City of Coachella, County of Riverside.

The tax may not be prepaid.

9.  Assessments and other matters as contained in documents entitled Payment of Contractual Assessment Required, recorded April 25, 2018, as Document No. 2018-0160475, of Official, pursuant to Chapter 29 of Part 3 of Division 7 of the California Streets and Highways Code providing for the assessments. Said assessments are collected with county taxes. The assessment may be prepaid.

Reference is hereby made to said documents for further particulars.

10.  Water rights, claims or title to water, whether or not disclosed by the public records.

11.  Covenants, conditions and restrictions but omitting any covenants or restrictions, if any, including but not limited to those based upon race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, veteran or military status, genetic information, medical condition, citizenship, primary language, and immigration status, as set forth in applicable state or federal laws, except to the extent that said covenant or restriction is permitted by applicable law, as set forth in the document

| | |
|---|---|
| Recording Date: | June 6, 1892 |
| Recording No: | in Book 202, Page 144, of Deeds, San Diego County Records |

Said covenants, conditions and restrictions provide that a violation thereof shall not defeat the lien of any mortgage or deed of trust made in good faith and for value.

12.  Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

| | |
|---|---|
| Granted to: | Coachella Valley Ice and Electric Company |
| Purpose: | Transmission and distribution of electricity and telephonic communication and |

EXHIBIT 4, PAGE 125

## EXCEPTIONS
### (Continued)

|                    |                                              |
|--------------------|----------------------------------------------|
|                    | telegraphic communication                    |
| Recording Date:    | June 04, 1914                                |
| Recording No:      | in Book 398, Page 130, of Deeds              |
| Affects:           | A portion of said land as described therein  |

13.    Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

|                    |                                              |
|--------------------|----------------------------------------------|
| Granted to:        | The United States of America                 |
| Purpose:           | Water pipeline                               |
| Recording Date:    | July 19, 1949                                |
| Recording No:      | in Book 1095, Page 306, of Official Records  |
| Affects:           | A portion of said land as described therein  |

Matters contained in that certain document

|                    |                                              |
|--------------------|----------------------------------------------|
| Entitled:          | Quitclaim Deed and Release                   |
| Recording Date:    | July 31, 2018                                |
| Recording No:      | Instrument No. 2018-0307549, of Official Records |

Reference is hereby made to said document for full particulars.

14.    Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

|                    |                                              |
|--------------------|----------------------------------------------|
| Granted to:        | Coachella Valley County Water District       |
| Purpose:           | Pipeline                                     |
| Recording Date:    | September 21, 1960                            |
| Recording No:      | Instrument No. 1960-82454, of Official Records |
| Affects:           | A portion of said land as described therein  |

15.    Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

|                    |                                              |
|--------------------|----------------------------------------------|
| Granted to:        | Imperial Irrigation District                 |
| Purpose:           | Public utilities                             |
| Recording Date:    | July 22, 1970                                |
| Recording No:      | Instrument No. 1970-70546, of Official Records |
| Affects:           | A portion of said land as described therein  |

16.    Easements as shown and/or dedicated upon the recorded map referenced in the legal description in Schedule A as Parcel Map 37310, in the City of Coachella, County of Riverside, State of California, according to map on file in Book 243, Pages 82 through 84 inclusive of Parcel Maps, records of Riverside County, California, together with any provisions and recitals contained therein.

Reference is hereby made to said document for full particulars.

17.    The Land described herein is included within a project area of the Redevelopment Agency shown below, and that proceedings for the redevelopment of said project have been instituted under the Redevelopment Law (such redevelopment to proceed only after the adoption of the Redevelopment Plan) as disclosed by a document.

|                        |                                          |
|------------------------|------------------------------------------|
| Redevelopment Agency:  | City of Coachella                        |
| Recording Date:        | July 10, 2007                            |
| Recording No:          | Instrument No. 2007-0449636, of Official Records |

EXHIBIT 4, PAGE 126

PRELIMINARY REPORT                                                          Fidelity National Title Company
YOUR REFERENCE:                                                  ORDER NO.:  00346565-997-OC1-245

## EXCEPTIONS
### (Continued)

and Recording Date:        July 10, 2007
and Recording No:          Instrument No. 2007-0449637, of Official Records

18.    Recitals as shown on Parcel Map 37310

Recording No:                    in Book 243, Pages 82 to 84 inclusive of Parcel Maps
Which among other things recites: The real property described below is dedicated in fee for street and
                                 public utility purposes: Lot "A" as shown hereon.

                                 As a condition of dedication of Lot "A" (Avenue 48), the owners of Parcels 1-4,
                                 and 6, inclusive, abutting this right of way and during such time will have no
                                 rights of access except the general easement of travel. Any change of alignment
                                 or width that results in the vacation thereof shall terminate this condition of
                                 access rights as to the party vacated.

Reference is hereby made to said document for full particulars.

19.    The following matters shown or disclosed by the filed or recorded map referred to in the legal description: Various
       notes and recitals

20.    Easement(s) for the purpose(s) shown below and rights incidental thereto as delineated or as offered for dedication,
       on the map of said tract/plat;

Purpose:                   Landscape and/or retention basin
Affects:                   As shown on said map

21.    Matters contained in that certain document

Entitled:                  Water Quality Management Plan and Urban Runoff BMP Transfer, Access and
                           Maintenance Agreement
Recording Date:            December 06, 2017
Recording No:              Instrument No. 2017-0512010, of Official Records

Reference is hereby made to said document for full particulars.

22.    Matters contained in that certain document

Entitled:                  Glenroy Resort Development Agreement
Recording Date:            March 8, 2018
Recording No:              Instrument No. 2018-0089219, of Official Records

Reference is hereby made to said document for full particulars.

23.    Terms and provisions contained in that certain unrecorded Parking License Agreement dated April 20, 2018 by
       and between Glenroy Coachella, LLC and Force-DMP LLC.

EXHIBIT 4, PAGE 127

## EXCEPTIONS
### (Continued)

24.    Matters contained in that certain document

| | |
|---|---|
| Entitled: | Memorandum of Tenancy in Common Agreement |
| Recording Date: | April 24, 2018 |
| Recording No: | Instrument No. 2018-0156322, of Official Records |

Reference is hereby made to said document for full particulars.

25.    Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

| | |
|---|---|
| Granted to: | The City of Coachella |
| Purpose: | Public utilities and incidental purposes |
| Recording Date: | September 06, 2018 |
| Recording No: | Instrument No. 2018-0359087, of Official Records |
| Affects: | A portion of said land as described therein |

26.    Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

| | |
|---|---|
| Granted to: | Southern California Gas Company, a California Corporation, its successors and assigns |
| Purpose: | Public utilities and incidental purposes |
| Recording Date: | October 26, 2018 |
| Recording No: | Instrument No. 2018-0423528, of Official Records |
| Affects: | A portion of said land as described therein |

27.    A deed of trust to secure an indebtedness in the amount shown below,

| | |
|---|---|
| Amount: | $24,400,000.00 |
| Dated: | April 26, 2018 |
| Trustor/Grantor | Glenroy Coachella, LLC, a Delaware limited liability company; Force Rubin, LLC, a Delaware limited liability company; Force Rubin 2, LLC, a Delaware limited liability company; and Coachella Resort, LLC, a California limited liability company |
| Trustee: | Stewart Title of California, Inc., a California corporation |
| Beneficiary: | U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership |
| Loan No.: | None shown |
| Recording Date: | April 26, 2018 |
| Recording No: | Instrument No. 2018-0162476,of Official Records |

| | |
|---|---|
| Affects: | The herein described Land and other land. |

A substitution of trustee under said deed of trust which names, as the substituted trustee, the following

| | |
|---|---|
| Trustee: | Fidelity National Title Company |
| Recording Date: | September 09, 2019 |
| Recording No: | Instrument No. 2019-0350103, of Official Records |

A notice of default under the terms of said trust deed

| | |
|---|---|
| Executed by: | Fidelity National Title Company |
| Recording Date: | September 09, 2019 |
| Recording No: | Instrument No. 2019-0350104, of Official Records |

EXHIBIT 4, PAGE 128

## EXCEPTIONS
### (Continued)

A notice of trustee's sale under said deed of trust

| | |
|---|---|
| Executed by: | Fidelity National Title Company |
| Date, Time and Place of Sale: | February 9, 2021, at 09:00 AM, in front of the Corona Civic Center, 849 W. Sixth Street, Corona, CA 92882 |
| Recording Date: | January 14, 2021 |
| Recording No: | Instrument No. 2021-0025741, of Official Records |

28.     An assignment of all the moneys due, or to become due as rental, as additional security for the obligations secured by deed of trust shown as item above

| | |
|---|---|
| Assigned to: | U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership |
| Recording Date: | April 26, 2018 |
| Recording No: | Instrument No. 2018-0162477,of Official Records |

29.     A financing statement as follows:

| | |
|---|---|
| Debtor: | Glenroy Coachella, LLC, a Delaware limited liability company; Force Rubin, LLC, a Delaware limited liability company; Force Rubin 2, LLC, a Delaware limited liability company; and Coachella Resort, LLC, a California limited liability company |
| Secured Party: | U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership |
| Recording Date: | April 26, 2018 |
| Recording No: | Instrument No. 2018-0162478,of Official Records |

30.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Hi-Grade Materials Co |
| Amount: | $32,847.96 |
| Recording Date: | July 5, 2018 |
| Recording No: | Instrument No. 2018-0273102, of Official Records |

31.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Glendale Plumbing and Fire Supply |
| Amount: | $23,792.54 |
| Recording Date: | October 26, 2018 |
| Recording No: | Instrument No. 2018-0423202, of Official Records |

32.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Constructure, Inc. |
| Amount: | $301,119.50 |
| Recording Date: | January 22, 2019 |
| Recording No: | Instrument No. 2019-0022660, of Official Records |

33.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Ferguson Enterprises, LLC. |
| Amount: | $119,569.73 |
| Recording Date: | May 22, 2019 |
| Recording No: | Instrument No. 2019-0179443, of Official Records |

PRELIMINARY REPORT                                                                                   Fidelity National Title Company
YOUR REFERENCE:                                                                                  ORDER NO.:  00346565-997-OC1-245

## EXCEPTIONS
### (Continued)

34.    A claim of mechanic's lien or materialman's lien

Claimant:              Superior Ready Mix Concrete L.P.
Amount:                $20,571.27
Recording Date:        May 29, 2019
Recording No:          Instrument No. 2019-0190540, of Official Records

35.    A claim of mechanic's lien or materialman's lien

Claimant:              The Sherwin-Williams Company
Amount:                $33,333.11
Recording Date:        June 3, 2019
Recording No:          Instrument No. 2019-0198410, of Official Records

Said mechanic's lien has been partially released by instrument

Recording Date:        July 10, 2019
Recording No:          Instrument No. 2019-0252361, of Official Records

Claimant reduces its Mechanics' Lien by $6,538.32, to reflect the current amount subject to the Claimant's
Mechanics' Lien in the sum of $26,794.79.

36.    A claim of mechanic's lien or materialman's lien

Claimant:              GF Investment Group, Inc.
Amount:                $259,695.63
Recording Date:        June 6, 2019
Recording No:          Instrument No. 2019-0204095, of Official Records

37.    A claim of mechanic's lien or materialman's lien

Claimant:              Blair Air, Inc. Dba Blair Heating & Air
Amount:                $297,443.80
Recording Date:        June 7, 2019
Recording No:          Instrument No. 2019-0206598, of Official Records

38.    A claim of mechanic's lien or materialman's lien

Claimant:              Hajoca Corporation
Amount:                $39,636.17
Recording Date:        June 11, 2019
Recording No:          Instrument No. 2019-0210159, of Official Records

39.    A claim of mechanic's lien or materialman's lien

Claimant:              American Builders and Contractors Supply Co., Inc. – ABC Supply Co., Inc.
Amount:                $24,813.58
Recording Date:        June 13, 2019
Recording No:          Instrument No. 2019-0213172, of Official Records

EXHIBIT 4, PAGE 130

## EXCEPTIONS
### (Continued)

40.    A claim of mechanic's lien or materialman's lien

|  |  |
|---|---|
| Claimant: | Desert Electric Supply |
| Amount: | $61,574.60 |
| Recording Date: | June 18, 2019 |
| Recording No: | Instrument No. 2019-0218809, of Official Records |

41.    A claim of mechanic's lien or materialman's lien

|  |  |
|---|---|
| Claimant: | Apple J Plumbing, Inc. |
| Amount: | $175,845.06 |
| Recording Date: | June 18, 2019 |
| Recording No: | Instrument No. 2019-0219453, of Official Records |

42.    A claim of mechanic's lien or materialman's lien

|  |  |
|---|---|
| Claimant: | Jacobsson Engineering Construction, Inc. |
| Amount: | $1,042,299.00 |
| Recording Date: | June 21, 2019 |
| Recording No: | Instrument No. 2019-0225760, of Official Records |

43.    A claim of mechanic's lien or materialman's lien

|  |  |
|---|---|
| Claimant: | West Coast Sand and Gravel, Inc. |
| Amount: | $21,666.29 |
| Recording Date: | July 10, 2019 |
| Recording No: | Instrument No. 2019-0253543, of Official Records |

44.    A claim of mechanic's lien or materialman's lien

|  |  |
|---|---|
| Claimant: | Superior Pool Products, LLC |
| Amount: | $14,386.05 |
| Recording Date: | July 11, 2019 |
| Recording No: | Instrument No. 2019-0254740 Official Records |

45.    A claim of mechanic's lien or materialman's lien

|  |  |
|---|---|
| Claimant: | Resource Building Materials |
| Amount: | $1,905.04 |
| Recording Date: | July 15, 2019 |
| Recording No: | Instrument No. 2019-0258520, of Official Records |

46.    A claim of mechanic's lien or materialman's lien

|  |  |
|---|---|
| Claimant: | L&W Supply Corporation |
| Amount: | $10,861.98 |
| Recording Date: | August 05, 2019 |
| Recording No: | Instrument No. 2019-0293318, of Official Records |

EXHIBIT 4, PAGE 131

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346565-997-OC1-245

## EXCEPTIONS
### (Continued)

47.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | L&W Supply Corporation |
| Amount: | $8,643.42 |
| Recording Date: | August 05, 2019 |
| Recording No: | Instrument No. 2019-0293319, of Official Records |

48.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Desert Palms Electric, Inc. |
| Amount: | $389,839.09 |
| Recording Date: | August 6, 2019 |
| Recording No: | Instrument No. 2019-0295567, of Official Records |

49.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Gauston Corp |
| Amount: | $21,153.36 |
| Recording Date: | August 21, 2019 |
| Recording No: | Instrument No. 2019-0321135, of Official Records |

50.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Ferguson Enterprises, LLC |
| Amount: | $119,569.73 |
| Recording Date: | August 26, 2019 |
| Recording No: | Instrument No. 2019-0328148, of Official Records |

51.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | TemalPakh, Inc., dba The Works Floor & Wall |
| Amount: | $33,628.46 |
| Recording Date: | August 26, 2019 |
| Recording No: | Instrument No. 2019-0328428, of Official Records |

52.    A judgment for the amount shown below, and any other amounts due, entered in the United States District Court:

| | |
|---|---|
| Amount: | $89,110.62 (Damages) |
| Amount: | $5,164.42 (Attorney's Fees) |
| Debtor: | Glenroy Coachella, LLC, and Does 1-10 |
| Creditor: | Silhouette Outdoor Furniture, Inc. |
| Date entered: | July 02, 2019 |
| District: | Central, State of California |
| Case No: | EDCV 19-00373-CJC (KKx) |
| Recording Date: | August 29, 2019 |
| Recording No: | Instrument No. 2019-0336225, of Official Records |

53.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | BMC West, LLC |
| Amount: | $50,290.00 |
| Recording Date: | September 11, 2019 |
| Recording No: | Instrument No. 2019-0354394, of Official Records |

EXHIBIT 4, PAGE 132

## EXCEPTIONS
### (Continued)

54.    A claim of mechanic's lien or materialman's lien

      Claimant:            Doug Wall Construction, Inc.
      Amount:              $3,876,856.10
      Recording Date:      September 12, 2019
      Recording No:        Instrument No. 2019-0356369, of Official Records

      As affected by an Amended Mechanics Lien

      Amount:              $4,359,813.13
      Recording Date:      October 7, 2019
      Recording No:        Instrument No. 2019-0401936, of Official Records

55.    A pending court action as disclosed by a recorded notice:

      Plaintiff:           Blair Air, Inc.
      Defendant:           Doug Wall Construction, Inc.; Glen Roy Coachella, LLC; et al
      County:              Riverside
      Court:               Superior
      Case No.:            PSC 1906241
      Nature of Action:    Foreclosure of Mechanic Lien
      Recording Date:      September 20, 2019
      Recording No:        Instrument No. 2019-0370664, of Official Records

56.    A claim of mechanic's lien or materialman's lien

      Claimant:            Al Miller & Sons Roofing Co., Inc.
      Amount:              $111,631.71
      Recording Date:      September 20, 2019
      Recording No:        Instrument No. 2019-0372302, of Official Records

      As affected by an Amended Mechanics Lien

      Amount:              $153,901.00
      Recording Date:      October 7, 2019
      Recording No:        Instrument No. 2019-0402031, of Official Records

57.    A pending court action as disclosed by a recorded notice:

      Plaintiff:           Mascorro Concrete Construction, Inc.
      Defendant:           Doug Wall Construction, Inc.; Glenroy Coachella, LLC; et al
      County:              Riverside
      Court:               Superior
      Case No.:            PSC 1906560
      Nature of Action:    Foreclosure of Mechanic Lien
      Recording Date:      September 24, 2019
      Recording No:        Instrument No. 2019-0376608, of Official Records

      Said Notice of Lis Pendens has been partially withdrawal by instrument

      Recording Date:      December 30, 2020
      Recording No:        Instrument No. 2020-0668680, of Official Records

EXHIBIT 4, PAGE 133

PRELIMINARY REPORT                                          Fidelity National Title Company
YOUR REFERENCE:                                      ORDER NO.:  00346565-997-OC1-245

## EXCEPTIONS
### (Continued)

58.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Apple J. Plumbing, Inc. |
| Defendant: | Doug Wall Construction, Inc.; Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC 1906579 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | September 24, 2019 |
| Recording No: | Instrument No. 2019-0376609, of Official Records |

Said Notice of Lis Pendens has been partially withdrawal by instrument

| | |
|---|---|
| Recording Date: | December 30, 2020 |
| Recording No: | Instrument No. 2020-0668682, of Official Records |

59.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Desert Palms Electric, Inc. |
| Defendant: | Doug Wall Construction, Inc.; Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC 1906554 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | September 24, 2019 |
| Recording No: | Instrument No. 2019-0376610, of Official Records |

Said Notice of Lis Pendens has been partially withdrawal by instrument

| | |
|---|---|
| Recording Date: | December 30, 2020 |
| Recording No: | Instrument No. 2020-0668681, of Official Records |

60.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Ferguson Enterprises, Inc. |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC 1906136 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | September 24, 2019 |
| Recording No: | Instrument No. 2019-0376684, of Official Records |

61.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Southwest Plumbing inc. |
| Amount: | $111,141.13 |
| Recording Date: | September 24, 2019 |
| Recording No: | Instrument No. 2019-0377201, of Official Records |

EXHIBIT 4, PAGE 134

## EXCEPTIONS
### (Continued)

62.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | All Phase Drywall & Development, Inc. |
| Amount: | $40,000.00 |
| Recording Date: | September 25, 2019 |
| Recording No: | Instrument No. 2019-0379585, of Official Records |

63.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | All Phase Drywall & Development, Inc. |
| Amount: | $396,871.43 |
| Recording Date: | September 25, 2019 |
| Recording No: | Instrument No. 2019-0379586, of Official Records |

64.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Tandem West Glass, Inc. |
| Amount: | $387,752.38 |
| Recording Date: | September 25, 2019 |
| Recording No: | Instrument No. 2019-0379822, of Official Records |

As affected by an Amended Mechanics Lien

| | |
|---|---|
| Amount: | $795,971.26 |
| Recording Date: | October 7, 2019 |
| Recording No: | Instrument No. 2019-0402041, of Official Records |

As affected by a Second Amended Mechanics Lien

| | |
|---|---|
| Amount: | $449,849.39 |
| Recording Date: | October 11, 2019 |
| Recording No: | Instrument No. 2019-0410373, of Official Records |

65.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | GF Investment Group, Inc. |
| Amount: | $250,695.63 |
| Recording Date: | September 27, 2019 |
| Recording No: | Instrument No. 2019-385786, of Official Records |

66.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | La Hacienda Nursery & Landscape, Inc. |
| Amount: | $146,717.74 |
| Recording Date: | October 16, 2019 |
| Recording No: | Instrument No. 2019-0415743, of Official Records |

EXHIBIT 4, PAGE 135

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346565-997-OC1-245

## EXCEPTIONS
### (Continued)

67.     A pending court action as disclosed by a recorded notice:

Plaintiff:              Doug Wall Construction, Inc.
Defendant:              Glenroy Coachella, LLC; et al
County:                 Riverside
Court:                  Superior
Case No.:               PSC1907309
Nature of Action:       Foreclosure of Mechanic Lien
Recording Date:         October 16, 2019
Recording No:           Instrument No. 2019-0415790, of Official Records

68.     A pending court action as disclosed by a recorded notice:

Plaintiff:              Tmalpakh, Inc., a California corporation dba The Works Floor & Wall
Defendant:              Glenroy Coachella, LLC; et al
County:                 Riverside
Court:                  Superior
Case No.:               PSC1907262
Nature of Action:       Foreclosure of Mechanic Lien
Recording Date:         October 23, 2019
Recording No:           Instrument No. 2019-0428103, of Official Records

Said Notice of Lis Pendens has been partially withdrawal by instrument

Recording Date:         December 30, 2020
Recording No:           Instrument No. 2020-0668684, of Official Records

69.     A pending court action as disclosed by a recorded notice:

Plaintiff:              Orco Block & Hardscape, a California corporation
Defendant:              Glenroy Coachella, LLC; et al
County:                 Riverside
Court:                  Superior
Case No.:               PSC1907155
Nature of Action:       Foreclosure of Mechanic Lien
Recording Date:         October 25, 2019
Recording No:           Instrument No. 2019-0432553, of Official Records

70.     A pending court action as disclosed by a recorded notice:

Plaintiff:              BMC West LLC, a Delaware limited liability company
Defendant:              Glenroy Coachella, LLC; et al
County:                 Riverside
Court:                  Superior
Case No.:               PSC1908245
Nature of Action:       Foreclosure of Mechanic Lien
Recording Date:         November 22, 2019
Recording No:           Instrument No. 2019-0483250, of Official Records

EXHIBIT 4, PAGE 136

PRELIMINARY REPORT                                                          Fidelity National Title Company
YOUR REFERENCE:                                              ORDER NO.:  00346565-997-OC1-245

## EXCEPTIONS
### (Continued)

71.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | La Hacienda Nursery & Landscape, Inc., a California corporation |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1909423 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | January 2, 2020 |
| Recording No: | Instrument No. 2020-0000938, of Official Records |

72.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | All Phase Drywall & Development, Inc., a California corporation |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1909367 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | January 9, 2020 |
| Recording No: | Instrument No. 2020-0009905, of Official Records |

73.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Tandem West Glass, Inc., a California corporation |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC 2000015 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | January 10, 2020 |
| Recording No: | Instrument No. 2020-0013976, of Official Records |

Said Notice of Lis Pendens has been partially withdrawal by instrument

| | |
|---|---|
| Recording Date: | December 30, 2020 |
| Recording No: | Instrument No. 2020-0668679, of Official Records |

74.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Al Miller & Sons Roofing, Inc., a California corporation |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC 2000009 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | January 10, 2020 |
| Recording No: | Instrument No. 2020-0013979, of Official Records |

Said Notice of Lis Pendens has been partially withdrawal by instrument

| | |
|---|---|
| Recording Date: | December 30, 2020 |
| Recording No: | Instrument No. 2020-0668683, of Official Records |

Fidelity National Title Company
ORDER NO.:  00346565-997-OC1-245

## EXCEPTIONS
### (Continued)

75.     Matters contained in that certain document

|  |  |
|---|---|
| Entitled: | Stipulation and Order RE Appointment of Receiver and Preliminary Junction |
| Recording Date: | January 29, 2020 |
| Recording No: | Instrument No. 2020-0044153, of Official Records |

Reference is hereby made to said document for full particulars.

76.     A pending court action as disclosed by a recorded notice:

|  |  |
|---|---|
| Plaintiff: | U.S. Real Estate Credit Holdings III-A, LP |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | RIC1905743 |
| Recording Date: | February 13, 2020 |
| Recording No.: | Instrument No. 2020-0068228, of Official Records |

77.     Certificate of Indebtedness of the Receiver – Receiver Certificate No. 1

|  |  |
|---|---|
| Recording Date: | June 12, 2020 |
| Recording No.: | Instrument No. 2020-0252044 Official Records |
| and Recording Date: | June 12, 2020 |
| and Recording No: | Instrument No. 2020-0252045 Official Records |
| and Recording Date: | June 12, 2020 |
| and Recording No: | Instrument No. 2020-0252046 Official Records |
| and Recording Date: | June 12, 2020 |
| and Recording No: | Instrument No. 2020-0252047 Official Records |
| and Recording Date: | June 12, 2020 |
| and Recording No: | Instrument No. 2020-0252048 Official Records |
| and Recording Date: | June 12, 2020 |
| and Recording No: | Instrument No. 2020-0252049 Official Records |
| and Recording Date: | June 12, 2020 |
| and Recording No: | Instrument No. 2020-0252050 Official Records |
| and Recording Date: | June 12, 2020 |
| and Recording No: | Instrument No. 2020-0252051 Official Records |

78.     A claim of mechanic's lien or materialman's lien

|  |  |
|---|---|
| Claimant: | Gauston Corp |
| Amount: | $28,829.75 |
| Recording Date: | June 25, 2018 |
| Recording No: | Instrument No. 2018-0255143, of Official Records |

EXHIBIT 4, PAGE 138

## EXCEPTIONS
### (Continued)

79.     Any rights of the parties in possession of a portion of, or all of, said Land, which rights are not disclosed by the public records.

        The Company will require, for review, a full and complete copy of any unrecorded agreement, contract, license and/or lease, together with all supplements, assignments and amendments thereto, before issuing any policy of title insurance without excepting this item from coverage.

        The Company reserves the right to except additional items and/or make additional requirements after reviewing said documents.

80.     Any facts, rights, interests or claims that may exist or arise by reason of the following matters disclosed by a pending final ALTA/NSPS Survey prepared by Saxon Engineering Services, Inc., dated April 10, 2018, designated as Job No. Glenroy Coachella:

        a. Electrical vaults located on the northerly property line of Parcel 4.
        b. A cable television box located along the westerly boundary of Parcel 2.
        c. An electrical transformer located along the westerly boundary of Parcel 2.
        d. A street light pole encroaching in the southwest corner of Parcel 2.

81.     Any easements not disclosed by the public records as to matters affecting title to real property, whether or not said easements are visible and apparent.

82.     Discrepancies, conflicts in boundary lines, shortage in area, encroachments, or any other matters which a correct survey would disclose and which are not shown by the public records.

83.     Matters which may be disclosed by an inspection and/or by a correct ALTA/ACSM Land Title Survey of said Land that is satisfactory to the Company, and/or by inquiry of the parties in possession thereof.

**PLEASE REFER TO THE "INFORMATIONAL NOTES" AND "REQUIREMENTS" SECTIONS WHICH FOLLOW FOR INFORMATION NECESSARY TO COMPLETE THIS TRANSACTION.**

---

### END OF EXCEPTIONS

---

EXHIBIT 4, PAGE 139

## REQUIREMENTS SECTION

1.  In order to complete this report, the Company requires a Statement of Information to be completed by the following party(s),

    Party(s):                 All Parties

    The Company reserves the right to add additional items or make further requirements after review of the requested Statement of Information.

    NOTE:  The Statement of Information is necessary to complete the search and examination of title under this order. Any title search includes matters that are indexed by name only, and having a completed Statement of Information assists the Company in the elimination of certain matters which appear to involve the parties but in fact affect another party with the same or similar name. Be assured that the Statement of Information is essential and will be kept strictly confidential to this file.

2.  The Company will require the following documents for review prior to the issuance of any title insurance predicated upon a conveyance or encumbrance from the entity named below:

    Limited Liability Company:        Glenroy Coachella, LLC, a Delaware limited liability company
                                      Force Rubin, LLC, a Delaware limited liability company
                                      Force Rubin 2, LLC, a Delaware limited liability company
                                      Coachella Resort, LLC

    a)  A copy of its operating agreement, if any, and all amendments, supplements and/or modifications thereto, certified by the appropriate manager or member.

    b)  If a domestic Limited Liability Company, a copy of its Articles of Organization and all amendments thereto with the appropriate filing stamps.

    c)  If the Limited Liability Company is member-managed, a full and complete current list of members certified by the appropriate manager or member.

    d)  A current dated certificate of good standing from the proper governmental authority of the state in which the entity is currently domiciled.

    e)  If less than all members, or managers, as appropriate, will be executing the closing documents, furnish evidence of the authority of those signing.

    f)  If Limited Liability Company is a Single Member Entity, a Statement of Information for the Single Member will be required.

    g)  Each member and manager of the LLC without an Operating Agreement must execute in the presence of a notary public the Certificate of California LLC (Without an Operating Agreement) Status and Authority form.

3.  This transaction requires high liability approval prior to close of escrow together with an inspection of the subject property.

    Please advise title department with an estimated date that your transaction will close so we can schedule the necessary approvals and inspections.

4.  The transaction contemplated in connection with this Report is subject to the review and approval of the Company's Corporate Underwriting Department. The Company reserves the right to add additional items or make further requirements after such review.

# REQUIREMENTS
**(Continued)**

5.    Please call the Title Department five (5) days prior to the contemplated closing to determine if additional documents or information is required.

   Phone Number:          (949) 788-2800

---

## END OF REQUIREMENTS

---

PRELIMINARY REPORT                                                          Fidelity National Title Company
YOUR REFERENCE:                                                      ORDER NO.:  00346565-997-OC1-245

# INFORMATIONAL NOTES SECTION

1.      Note:  There are NO conveyances affecting said Land recorded within 24 months of the date of this report.

2.      Note:  Please contact your Title Officer to obtain the current recording fees.  Fidelity National Title Company will pay Fidelity National Title Insurance Company 12% of the title premium, as disclosed on lines 1107 and 1108 of the HUD-1.

3.      Note:  The policy of title insurance will include an arbitration provision. The Company or the insured may demand arbitration. Arbitrable matters may include, but are not limited to, any controversy or claim between the Company and the insured arising out of or relating to this policy, any service of the Company in connection with its issuance or the breach of a policy provision or other obligation. Please ask your escrow or title officer for a sample copy of the policy to be issued if you wish to review the arbitration provisions and any other provisions pertaining to your Title Insurance coverage.

4.      Notice: Please be aware that due to the conflict between federal and state laws concerning the cultivation, distribution, manufacture or sale of marijuana, the Company is not able to close or insure any transaction involving Land that is associated with these activities.

5.      Pursuant to Government Code Section 27388.1, as amended and effective as of 1-1-2018, a Documentary Transfer Tax (DTT) Affidavit may be required to be completed and submitted with each document when DTT is being paid or when an exemption is being claimed from paying the tax. If a governmental agency is a party to the document, the form will not be required. DTT Affidavits may be available at a Tax Assessor-County Clerk-Recorder.

6.      The Company and its policy issuing agents are required by Federal law to collect additional information about certain transactions in specified geographic areas in accordance with the Bank Secrecy Act.  If this transaction is required to be reported under a Geographic Targeting Order issued by FinCEN, the Company or its policy issuing agent must be supplied with a completed ALTA Information Collection Form ("ICF") prior to closing the transaction contemplated herein.

        **To protect the private information contained in the attached form and photo ID, please return via a secured method.**

---

## END OF INFORMATIONAL NOTES

---

Blake.Uradomo/sp1

 | Inquire before you wire!

# Wire Fraud Alert

This Notice is not intended to provide legal or professional advice. If you have any questions, please consult with a lawyer.

All parties to a real estate transaction are targets for wire fraud and many have lost hundreds of thousands of dollars because they simply relied on the wire instructions received via email, without further verification. **If funds are to be wired in conjunction with this real estate transaction, we strongly recommend verbal verification of wire instructions through a known, trusted phone number prior to sending funds.**

In addition, the following non-exclusive self-protection strategies are recommended to minimize exposure to possible wire fraud.

- **NEVER RELY** on emails purporting to change wire instructions. Parties to a transaction rarely change wire instructions in the course of a transaction.

- **ALWAYS VERIFY** wire instructions, specifically the ABA routing number and account number, by calling the party who sent the instructions to you. DO NOT use the phone number provided in the email containing the instructions, use phone numbers you have called before or can otherwise verify. **Obtain the phone number of relevant parties to the transaction as soon as an escrow account is opened**. DO NOT send an email to verify as the email address may be incorrect or the email may be intercepted by the fraudster.

- **USE COMPLEX EMAIL PASSWORDS** that employ a combination of mixed case, numbers, and symbols. Make your passwords greater than eight (8) characters. Also, change your password often and do NOT reuse the same password for other online accounts.

- **USE MULTI-FACTOR AUTHENTICATION** for email accounts. Your email provider or IT staff may have specific instructions on how to implement this feature.

For more information on wire-fraud scams or to report an incident, please refer to the following links:

*Federal Bureau of Investigation:*
*http://www.fbi.gov*

*Internet Crime Complaint Center:*
*http://www.ic3.gov*

---

*TM and © Fidelity National Financial, Inc. and/or an affiliate. All rights reserved*

EXHIBIT 4, PAGE 143



**Fidelity National Title Company**
1300 Dove Street, 3rd Floor, Newport Beach, CA 92660
Phone: (949) 788-2800  •  Fax: (949) 341-0251

# Notice of Available Discounts

Pursuant to Section 2355.3 in Title 10 of the California Code of Regulations Fidelity National Financial, Inc. and its subsidiaries ("FNF") must deliver a notice of each discount available under our current rate filing along with the delivery of escrow instructions, a preliminary report or commitment.  Please be aware that the provision of this notice does not constitute a waiver of the consumer's right to be charged the filed rate.  As such, your transaction may not qualify for the below discounts.

You are encouraged to discuss the applicability of one or more of the below discounts with a Company representative.  These discounts are generally described below; consult the rate manual for a full description of the terms, conditions and requirements for such discount.  These discounts only apply to transactions involving services rendered by the FNF Family of Companies.  This notice only applies to transactions involving property improved with a one-to-four family residential dwelling.

Not all discounts are offered by every FNF Company. The discount will only be applicable to the FNF Company as indicated by the named discount.

| **FNF Underwritten Title Company** | **Underwritten by FNF Underwriters** |
|---|---|
| CTC – Chicago Title company | CTIC – Chicago Title Insurance Company |
| CLTC – Commonwealth Land Title Company | CLTIC - Commonwealth Land Title Insurance Company |
| FNTC – Fidelity National Title Company of California | FNTIC – Fidelity National Title Insurance Company |
| FNTCCA - Fidelity National Title Company of California | FNTIC - Fidelity National Title Insurance Company |
| TICOR – Ticor Title Company of California | CTIC – Chicago Title Insurance Company |
| LTC – Lawyer's Title Company | CLTIC – Commonwealth Land Title Insurance Company |
| SLTC – ServiceLink Title Company | CTIC – Chicago Title Insurance Company |

## Available Discounts

**DISASTER LOANS (CTIC, CLTIC, FNTIC)**
The charge for a Lender's Policy (Standard or Extended coverage) covering the financing or refinancing by an owner of record, within twenty-four (24) months of the date of a declaration of a disaster area by the government of the United States or the State of California on any land located in said area, which was partially or totally destroyed in the disaster, will be fifty percent (50%) of the appropriate title insurance rate.

**CHURCHES OR CHARITABLE NON-PROFIT ORGANIZATIONS (CTIC, FNTIC)**
On properties used as a church or for charitable purposes within the scope of the normal activities of such entities, provided said charge is normally the church's obligation the charge for an owner's policy shall be fifty percent (50%) to seventy percent (70%) of the appropriate title insurance rate, depending on the type of coverage selected. The charge for a lender's policy shall be forty (40%) to fifty percent (50%) of the appropriate title insurance rate, depending on the type of coverage selected.

## FIDELITY NATIONAL FINANCIAL, INC.
## PRIVACY NOTICE

Effective January 1, 2021

Fidelity National Financial, Inc. and its majority-owned subsidiary companies (collectively, "FNF," "our," or "we") respect and are committed to protecting your privacy. This Privacy Notice explains how we collect, use, and protect personal information, when and to whom we disclose such information, and the choices you have about the use and disclosure of that information.

A limited number of FNF subsidiaries have their own privacy notices.  If a subsidiary has its own privacy notice, the privacy notice will be available on the subsidiary's website and this Privacy Notice does not apply.

### Collection of Personal Information
FNF may collect the following categories of Personal Information:
- contact information (*e.g.*, name, address, phone number, email address);
- demographic information (*e.g.*, date of birth, gender, marital status);
- identity information (*e.g.* Social Security Number, driver's license, passport, or other government ID number);
- financial account information (*e.g.* loan or bank account information); and
- other personal information necessary to provide products or services to you.

We may collect Personal Information about you from:
- information we receive from you or your agent;
- information about your transactions with FNF, our affiliates, or others; and
- information we receive from consumer reporting agencies and/or governmental entities, either directly from these entities or through others.

### Collection of Browsing Information
FNF automatically collects the following types of Browsing Information when you access an FNF website, online service, or application (each an "FNF Website") from your Internet browser, computer, and/or device:
- Internet Protocol (IP) address and operating system;
- browser version, language, and type;
- domain name system requests; and
- browsing history on the FNF Website, such as date and time of your visit to the FNF Website and visits to the pages within the FNF Website.

Like most websites, our servers automatically log each visitor to the FNF Website and may collect the Browsing Information described above. We use Browsing Information for system administration, troubleshooting, fraud investigation, and to improve our websites. Browsing Information generally does not reveal anything personal about you, though if you have created a user account for an FNF Website and are logged into that account, the FNF Website may be able to link certain browsing activity to your user account.

### Other Online Specifics
Cookies. When you visit an FNF Website, a "cookie" may be sent to your computer. A cookie is a small piece of data that is sent to your Internet browser from a web server and stored on your computer's hard drive. Information gathered using cookies helps us improve your user experience. For example, a cookie can help the website load properly or can customize the display page based on your browser type and user preferences. You can choose whether or not to accept cookies by changing your Internet browser settings. Be aware that doing so may impair or limit some functionality of the FNF Website.

Web Beacons. We use web beacons to determine when and how many times a page has been viewed. This information is used to improve our websites.

Do Not Track. Currently our FNF Websites do not respond to "Do Not Track" features enabled through your browser.

Links to Other Sites.  FNF Websites may contain links to unaffiliated third-party websites. FNF is not responsible for the privacy practices or content of those websites. We recommend that you read the privacy policy of every website you visit.

### Use of Personal Information
FNF uses Personal Information for three main purposes:
- To provide products and services to you or in connection with a transaction involving you.
- To improve our products and services.
- To communicate with you about our, our affiliates', and others' products and services, jointly or independently.

### When Information Is Disclosed
We may disclose your Personal Information and Browsing Information in the following circumstances:
- to enable us to detect or prevent criminal activity, fraud, material misrepresentation, or nondisclosure;
- to nonaffiliated service providers who provide or perform services or functions on our behalf and who agree to use the information only to provide such services or functions;

Copyright © 2021. Fidelity National Financial, Inc. All Rights Reserved
Order No. 00346565-997-OC1-245

EXHIBIT 4, PAGE 145

- to nonaffiliated third party service providers with whom we perform joint marketing, pursuant to an agreement with them to jointly market financial products or services to you;
- to law enforcement or authorities in connection with an investigation, or in response to a subpoena or court order; or
- in the good-faith belief that such disclosure is necessary to comply with legal process or applicable laws, or to protect the rights, property, or safety of FNF, its customers, or the public.

The law does not require your prior authorization and does not allow you to restrict the disclosures described above. Additionally, we may disclose your information to third parties for whom you have given us authorization or consent to make such disclosure. We do not otherwise share your Personal Information or Browsing Information with nonaffiliated third parties, except as required or permitted by law. We may share your Personal Information with affiliates (other companies owned by FNF) to directly market to you. Please see "Choices with Your Information" to learn how to restrict that sharing.

We reserve the right to transfer your Personal Information, Browsing Information, and any other information, in connection with the sale or other disposition of all or part of the FNF business and/or assets, or in the event of bankruptcy, reorganization, insolvency, receivership, or an assignment for the benefit of creditors. By submitting Personal Information and/or Browsing Information to FNF, you expressly agree and consent to the use and/or transfer of the foregoing information in connection with any of the above described proceedings.

### Security of Your Information
We maintain physical, electronic, and procedural safeguards to protect your Personal Information.

### Choices With Your Information
If you do not want FNF to share your information among our affiliates to directly market to you, you may send an "opt out" request as directed at the end of this Privacy Notice. We do not share your Personal Information with nonaffiliates for their use to direct market to you without your consent.

Whether you submit Personal Information or Browsing Information to FNF is entirely up to you. If you decide not to submit Personal Information or Browsing Information, FNF may not be able to provide certain services or products to you.

For California Residents: We will not share your Personal Information or Browsing Information with nonaffiliated third parties, except as permitted by California law. For additional information about your California privacy rights, please visit the "California Privacy" link on our website (https://fnf.com/pages/californiaprivacy.aspx) or call (888) 413-1748.

For Nevada Residents: You may be placed on our internal Do Not Call List by calling (888) 934-3354 or by contacting us via the information set forth at the end of this Privacy Notice. Nevada law requires that we also provide you with the following contact information: Bureau of Consumer Protection, Office of the Nevada Attorney General, 555 E. Washington St., Suite 3900, Las Vegas, NV 89101; Phone number: (702) 486-3132; email: BCPINFO@ag.state.nv.us.

For Oregon Residents:  We will not share your Personal Information or Browsing Information with nonaffiliated third parties for marketing purposes, except after you have been informed by us of such sharing and had an opportunity to indicate that you do not want a disclosure made for marketing purposes.

For Vermont Residents: We will not disclose information about your creditworthiness to our affiliates and will not disclose your personal information, financial information, credit report, or health information to nonaffiliated third parties to market to you, other than as permitted by Vermont law, unless you authorize us to make those disclosures.

### Information From Children
The FNF Websites are not intended or designed to attract persons under the age of eighteen (18).We do not collect Personal Information from any person that we know to be under the age of thirteen (13) without permission from a parent or guardian.

### International Users
FNF's headquarters is located within the United States. If you reside outside the United States and choose to provide Personal Information or Browsing Information to us, please note that we may transfer that information outside of your country of residence. By providing FNF with your Personal Information and/or Browsing Information, you consent to our collection, transfer, and use of such information in accordance with this Privacy Notice.

### FNF Website Services for Mortgage Loans
Certain FNF companies provide services to mortgage loan servicers, including hosting websites that collect customer information on behalf of mortgage loan servicers (the "Service Websites"). The Service Websites may contain links to both this Privacy Notice and the mortgage loan servicer or lender's privacy notice. The sections of this Privacy Notice titled When Information is Disclosed, Choices with Your Information, and Accessing and Correcting Information do not apply to the Service Websites. The mortgage loan servicer or lender's privacy notice governs use, disclosure, and access to your Personal Information. FNF does not share Personal Information collected through the Service Websites, except as required or authorized by contract with the mortgage loan servicer or lender, or as required by law or in the good-faith belief that such disclosure is necessary: to comply with a legal process or applicable law, to enforce this Privacy Notice, or to protect the rights, property, or safety of FNF or the public.

**Your Consent To This Privacy Notice; Notice Changes; Use of Comments or Feedback**

By submitting Personal Information and/or Browsing Information to FNF, you consent to the collection and use of the information in accordance with this Privacy Notice. We may change this Privacy Notice at any time. The Privacy Notice's effective date will show the last date changes were made. If you provide information to us following any change of the Privacy Notice, that signifies your assent to and acceptance of the changes to the Privacy Notice.

**Accessing and Correcting Information; Contact Us**

If you have questions, would like to correct your Personal Information, or want to opt-out of information sharing for affiliate marketing, visit FNF's Opt Out Page or contact us by phone at (888) 934-3354 or by mail to:

Fidelity National Financial, Inc.
601 Riverside Avenue
Jacksonville, Florida 32204
Attn: Chief Privacy Officer

Copyright © 2021. Fidelity National Financial, Inc. All Rights Reserved
Order No. 00346565-997-OC1-245

EXHIBIT 4, PAGE 147

# ATTACHMENT ONE (Revised 05-06-16)

**CALIFORNIA LAND TITLE ASSOCIATION
STANDARD COVERAGE POLICY – 1990**

## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1.  (a) Any law, ordinance or governmental regulation (including but not limited to building or zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien, or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.

    (b) Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.

2.  Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.

3.  Defects, liens, encumbrances, adverse claims or other matters:

    (a) whether or not recorded in the public records at Date of Policy, but created, suffered, assumed or agreed to by the insured claimant;

    (b) not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became an insured under this policy;

    (c) resulting in no loss or damage to the insured claimant;

    (d) attaching or created subsequent to Date of Policy; or

    (e) resulting in loss or damage which would not have been sustained if the insured claimant had paid value for the insured mortgage or for the estate or interest insured by this policy.

4.  Unenforceability of the lien of the insured mortgage because of the inability or failure of the insured at Date of Policy, or the inability or failure of any subsequent owner of the indebtedness, to comply with the applicable doing business laws of the state in which the land is situated.

5.  Invalidity or unenforceability of the lien of the insured mortgage, or claim thereof, which arises out of the transaction evidenced by the insured mortgage and is based upon usury or any consumer credit protection or truth in lending law.

6.  Any claim, which arises out of the transaction vesting in the insured the estate of interest insured by this policy or the transaction creating the interest of the insured lender, by reason of the operation of federal bankruptcy, state insolvency or similar creditors' rights laws.

## EXCEPTIONS FROM COVERAGE - SCHEDULE B, PART I

This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees or expenses) which arise by reason of:

1.  Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public records.

    Proceedings by a public agency which may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the public records.

2.  Any facts, rights, interests, or claims which are not shown by the public records but which could be ascertained by an inspection of the land or which may be asserted by persons in possession thereof.

3.  Easements, liens or encumbrances, or claims thereof, not shown by the public records.

4.  Discrepancies, conflicts in boundary lines, shortage in area, encroachments, or any other facts which a correct survey would disclose, and which are not shown by the public records.

5.  (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b) or (c) are shown by the public records.

6.  Any lien or right to a lien for services, labor or material not shown by the public records.

## CLTA HOMEOWNER'S POLICY OF TITLE INSURANCE (12-02-13)
## ALTA HOMEOWNER'S POLICY OF TITLE INSURANCE

## EXCLUSIONS

In addition to the Exceptions in Schedule B, You are not insured against loss, costs, attorneys' fees, and expenses resulting from:

1.  Governmental police power, and the existence or violation of those portions of any law or government regulation concerning:

    a. building;

    b. zoning;

    c. land use;

    d. improvements on the Land;

    e. land division; and

    f. environmental protection.

    This Exclusion does not limit the coverage described in Covered Risk 8.a., 14, 15, 16, 18, 19, 20, 23 or 27.

2.  The failure of Your existing structures, or any part of them, to be constructed in accordance with applicable building codes. This Exclusion does not limit the coverage described in Covered Risk 14 or 15.

3.  The right to take the Land by condemning it.  This Exclusion does not limit the coverage described in Covered Risk 17.

4.  Risks:

    a. that are created, allowed, or agreed to by You, whether or not they are recorded in the Public Records;

    b. that are Known to You at the Policy Date, but not to Us, unless they are recorded in the Public Records at the Policy Date;

© California Land Title Association. All rights reserved.
The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

EXHIBIT 4, PAGE 148

c.  that result in no loss to You; or
d.  that first occur after the Policy Date - this does not limit the coverage described in Covered Risk 7, 8.e., 25, 26, 27 or 28.
5.  Failure to pay value for Your Title.
6.  Lack of a right:
   a.  to any land outside the area specifically described and referred to in paragraph 3 of Schedule A; and
   b.  in streets, alleys, or waterways that touch the Land.
   This Exclusion does not limit the coverage described in Covered Risk 11 or 21.
7.  The transfer of the Title to You is invalid as a preferential transfer or as a fraudulent transfer or conveyance under federal bankruptcy, state insolvency, or similar creditors' rights laws.
8.  Contamination, explosion, fire, flooding, vibration, fracturing, earthquake, or subsidence.
9.  Negligence by a person or an Entity exercising a right to extract or develop minerals, water, or any other substances.

## LIMITATIONS ON COVERED RISKS

Your insurance for the following Covered Risks is limited on the Owner's Coverage Statement as follows:
•  For Covered Risk 16, 18, 19, and 21 Your Deductible Amount and Our Maximum Dollar Limit of Liability shown in Schedule A.
The deductible amounts and maximum dollar limits shown on Schedule A are as follows:

|  | Your Deductible Amount | Our Maximum Dollar Limit of Liability |
|---|---|---|
| Covered Risk 16: | 1.00% of Policy Amount Shown in Schedule A or $2,500.00 (whichever is less) | $ 10,000.00 |
| Covered Risk 18: | 1.00% of Policy Amount Shown in Schedule A or $5,000.00 (whichever is less) | $ 25,000.00 |
| Covered Risk 19: | 1.00% of Policy Amount Shown in Schedule A or $5,000.00 (whichever is less) | $ 25,000.00 |
| Covered Risk 21: | 1.00% of Policy Amount Shown in Schedule A or $2,500.00 (whichever is less) | $ 5,000.00 |

## 2006 ALTA LOAN POLICY (06-17-06)

### EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:
1.  (a)  Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
      (i)   the occupancy, use, or enjoyment of the Land;
      (ii)  the character, dimensions, or location of any improvement erected on the Land;
      (iii) the subdivision of land; or
      (iv)  environmental protection;
      or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5.
   (b)  Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 6.
2.  Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.
3.  Defects, liens, encumbrances, adverse claims, or other matters
   (a)  created, suffered, assumed, or agreed to by the Insured Claimant;
   (b)  not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
   (c)  resulting in no loss or damage to the Insured Claimant;
   (d)  attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 11, 13 or 14); or
   (e)  resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Insured Mortgage.
4.  Unenforceability of the lien of the Insured Mortgage because of the inability or failure of an Insured to comply with applicable doing-business laws of the state where the Land is situated.
5.  Invalidity or unenforceability in whole or in part of the lien of the Insured Mortgage that arises out of the transaction evidenced by the Insured Mortgage and is based upon usury or any consumer credit protection or truth-in-lending law.
6.  Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction creating the lien of the Insured Mortgage, is
   (a)  a fraudulent conveyance or fraudulent transfer, or
   (b)  a preferential transfer for any reason not stated in Covered Risk 13(b) of this policy.
7.  Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching between Date of Policy and the date of recording of the Insured Mortgage in the Public Records.  This Exclusion does not modify or limit the coverage provided under Covered Risk 11(b).

The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

### EXCEPTIONS FROM COVERAGE

{Except as provided in Schedule B - Part II,{ t{or T}his policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees or expenses, that arise by reason of:

Attachment One – CA (Rev. 05-06-16)                                                                                                      Page 2

© **California Land Title Association. All rights reserved.**
The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

EXHIBIT 4, PAGE 149

**{PART I**

{The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

1.  (a) Taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records; (b) proceedings by a public agency that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.
2.  Any facts, rights, interests, or claims that are not shown by the Public Records but that could be ascertained by an inspection of the Land or that may be asserted by persons in possession of the Land.
3.  Easements, liens or encumbrances, or claims thereof, not shown by the Public Records.
4.  Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land and not shown by the Public Records.
5.  (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b), or (c) are shown by the Public Records.
6.  Any lien or right to a lien for services, labor or material not shown by the Public Records.}

**PART II**

In addition to the matters set forth in Part I of this Schedule, the Title is subject to the following matters, and the Company insures against loss or damage sustained in the event that they are not subordinate to the lien of the Insured Mortgage:}

### 2006 ALTA OWNER'S POLICY (06-17-06)

### EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:

1.  (a) Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
    (i)   the occupancy, use, or enjoyment of the Land;
    (ii)  the character, dimensions, or location of any improvement erected on the Land;
    (iii) the subdivision of land; or
    (iv)  environmental protection;
    or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5.
    (b) Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 6.
2.  Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.
3.  Defects, liens, encumbrances, adverse claims, or other matters
    (a) created, suffered, assumed, or agreed to by the Insured Claimant;
    (b) not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
    (c) resulting in no loss or damage to the Insured Claimant;
    (d) attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 9 and 10); or
    (e) resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Title.
4.  Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction vesting the Title as shown in Schedule A, is
    (a) a fraudulent conveyance or fraudulent transfer; or
    (b) a preferential transfer for any reason not stated in Covered Risk 9 of this policy.
5.  Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching between Date of Policy and the date of recording of the deed or other instrument of transfer in the Public Records that vests Title as shown in Schedule A.

The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

### EXCEPTIONS FROM COVERAGE

This policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees or expenses, that arise by reason of:
{The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

1.  (a) Taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records; (b) proceedings by a public agency that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.
2.  Any facts, rights, interests, or claims that are not shown in the Public Records but that could be ascertained by an inspection of the Land or that may be asserted by persons in possession of the Land.
3.  Easements, liens or encumbrances, or claims thereof, not shown by the Public Records.
4.  Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land and that are not shown by the Public Records.
5.  (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b), or (c) are shown by the Public Records.
6.  Any lien or right to a lien for services, labor or material not shown by the Public Records. }
7.  {Variable exceptions such as taxes, easements, CC&R's, etc. shown here.}

Attachment One – CA (Rev. 05-06-16)                                                                                    Page 3

© **California Land Title Association. All rights reserved.**
The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

EXHIBIT 4, PAGE 150

**ALTA EXPANDED COVERAGE RESIDENTIAL LOAN POLICY – ASSESSMENTS PRIORITY (04-02-15)**

**EXCLUSIONS FROM COVERAGE**

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1. (a) Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
   (i) the occupancy, use, or enjoyment of the Land;
   (ii) the character, dimensions, or location of any improvement erected on the Land;
   (iii) the subdivision of land; or
   (iv) environmental protection;
   or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5, 6, 13(c), 13(d), 14 or 16.
   (b) Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 5, 6, 13(c), 13(d), 14 or 16.
2. Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.
3. Defects, liens, encumbrances, adverse claims, or other matters
   (a) created, suffered, assumed, or agreed to by the Insured Claimant;
   (b) not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
   (c) resulting in no loss or damage to the Insured Claimant;
   (d) attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 11, 16, 17, 18, 19, 20, 21, 22, 23, 24, 27 or 28); or
   (e) resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Insured Mortgage.
4. Unenforceability of the lien of the Insured Mortgage because of the inability or failure of an Insured to comply with applicable doing-business laws of the state where the Land is situated.
5. Invalidity or unenforceability in whole or in part of the lien of the Insured Mortgage that arises out of the transaction evidenced by the Insured Mortgage and is based upon usury, or any consumer credit protection or truth-in-lending law. This Exclusion does not modify or limit the coverage provided in Covered Risk 26.
6. Any claim of invalidity, unenforceability or lack of priority of the lien of the Insured Mortgage as to Advances or modifications made after the Insured has Knowledge that the vestee shown in Schedule A is no longer the owner of the estate or interest covered by this policy. This Exclusion does not modify or limit the coverage provided in Covered Risk 11.
7. Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching subsequent to Date of Policy. This Exclusion does not modify or limit the coverage provided in Covered Risk 11(b) or 25.
8. The failure of the residential structure, or any portion of it, to have been constructed before, on or after Date of Policy in accordance with applicable building codes. This Exclusion does not modify or limit the coverage provided in Covered Risk 5 or 6.
9. Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction creating the lien of the Insured Mortgage, is
   (a) a fraudulent conveyance or fraudulent transfer, or
   (b) a preferential transfer for any reason not stated in Covered Risk 27(b) of this policy.
10. Contamination, explosion, fire, flooding, vibration, fracturing, earthquake, or subsidence.
11. Negligence by a person or an Entity exercising a right to extract or develop minerals, water, or any other substances.

**© California Land Title Association. All rights reserved.**
The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

EXHIBIT 4, PAGE 151



This map/plat is being furnished as an aid in locating the herein described Land in relation to adjoining streets, natural boundaries and other land, and is not a survey of the land depicted. Except to the extent a policy of title insurance is expressly modified by endorsement, if any, the Company does not insure dimensions, distances, location of easements, acreage or other matters shown thereon.

EXHIBIT 4, PAGE 152

**EXHIBIT 5**



Fidelity National Title - OC
1300 Dove Street, 3rd Floor, Newport Beach, CA
92660

# **Preliminary Report**

Fidelity National Title - OC
1300 Dove Street, 3rd Floor, Newport Beach, CA
92660
Phone: (949) 788-2800
Fax: (949) 341-0251

Title Officer: Blake.Uradomo
Email: Blake.Uradomo@fnf.com
Phone No.: (949) 788-2800
Fax No.: (949) 341-0251
File No.: 00346563-997-OC1-245

Property Address: Vacant Land, Coachella, CA

## **Introducing**



LiveLOOK title document delivery system is designed to provide 24/7 real-time access to all information related to a title insurance transaction.

Access title reports, exception documents, an easy-to-use summary page, and more, at your fingertips and your convenience.

**To view your new Fidelity National Title First Alert powered by LiveLOOK report, Click Here**



**Effortless, Efficient, Compliant, and Accessible**

EXHIBIT 5, PAGE 153



**Fidelity National Title Company**
1300 Dove Street, 3rd Floor, Newport Beach, CA 92660
Phone: (949) 788-2800   •   Fax: (949) 341-0251

Issuing Policies of Fidelity National Title Insurance Company

---

Title Officer: **Blake.Uradomo**                    ORDER NO.: **00346563-997-OC1-245**
Phone: **(949) 788-2800**
Fax: **(949) 341-0251**                                              LOAN NO.:
Email: **Blake.Uradomo@fnf.com**

Fidelity National Title Company
1300 Dove Street, 3rd Floor
Newport Beach, CA 92660

ATTN:        Ben Llorin
YOUR REF:

PROPERTY:    **Vacant Land, Coachella, CA**

---

## PRELIMINARY REPORT

*In response to the application for a policy of title insurance referenced herein, **Fidelity National Title Company** hereby reports that it is prepared to issue, or cause to be issued, as of the date hereof, a policy or policies of title insurance describing the land and the estate or interest therein hereinafter set forth, insuring against loss which may be sustained by reason of any defect, lien or encumbrance not shown or referred to as an exception herein or not excluded from coverage pursuant to the printed Schedules, Conditions and Stipulations or Conditions of said policy forms.*

*The printed Exceptions and Exclusions from the coverage and Limitations on Covered Risks of said policy or policies are set forth in Attachment One. The policy to be issued may contain an arbitration clause. When the Amount of Insurance is less than that set forth in the arbitration clause, all arbitrable matters shall be arbitrated at the option of either the Company or the Insured as the exclusive remedy of the parties. Limitations on Covered Risks applicable to the CLTA and ALTA Homeowner's Policies of Title Insurance which establish a Deductible Amount and a Maximum Dollar Limit of Liability for certain coverages are also set forth in Attachment One. Copies of the policy forms should be read. They are available from the office which issued this report.*

*This report (and any supplements or amendments hereto) is issued solely for the purpose of facilitating the issuance of a policy of title insurance and no liability is assumed hereby. If it is desired that liability be assumed prior to the issuance of a policy of title insurance, a Binder or Commitment should be requested.*

*The policy(s) of title insurance to be issued hereunder will be policy(s) of Fidelity National Title Insurance Company, a Florida Corporation.*

***Please read the exceptions shown or referred to herein and the exceptions and exclusions set forth in Attachment One of this report carefully. The exceptions and exclusions are meant to provide you with notice of matters which are not covered under the terms of the title insurance policy and should be carefully considered.***

***It is important to note that this preliminary report is not a written representation as to the condition of title and may not list all liens, defects and encumbrances affecting title to the land.***

Countersigned by:

_____
Authorized Signature

---

EXHIBIT 5, PAGE 154



**Fidelity National Title Company**
1300 Dove Street, 3rd Floor, Newport Beach, CA 92660
Phone: (949) 788-2800    ●    Fax: (949) 341-0251

# PRELIMINARY REPORT

---

**EFFECTIVE DATE:**          **March 24, 2021 at 7:30 a.m.**

**ORDER NO.:  00346563-997-OC1-245**

The form of policy or policies of title insurance contemplated by this report is:

**CLTA Standard Coverage Policy of Title Insurance (4-8-14)**

1.    THE ESTATE OR INTEREST IN THE LAND HEREINAFTER DESCRIBED OR REFERRED TO COVERED BY THIS REPORT IS:

**A Fee**

2.    TITLE TO SAID ESTATE OR INTEREST AT THE DATE HEREOF IS VESTED IN:

**Glenroy Coachella, LLC, a Delaware limited liability company, as to an undivided 70.5% interest; Force Rubin, LLC, a Delaware limited liability company, as to an undivided 21.2115% interest; Force Rubin 2, LLC, a Delaware limited liability company, as to an undivided 3.7885% interest; and Coachella Resort, LLC, a California limited liability company, as to an undivided 4.5% interest**

3.    THE LAND REFERRED TO IN THIS REPORT IS DESCRIBED AS FOLLOWS:

**See Exhibit A attached hereto and made a part hereof.**

---

EXHIBIT 5, PAGE 155

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346563-997-OC1-245

# EXHIBIT A

## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF COACHELLA, IN THE COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCEL 5 OF PARCEL MAP NO. 37310, IN THE CITY OF COACHELLA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, ACCORDING TO MAP ON FILE IN BOOK 243, PAGES 82 THROUGH 84 OF PARCEL MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

EXCEPTING THEREFROM THAT PORTION OF THE PROPERTY CONVEYED TO THE CITY OF COACHELLA, A MUNICIPAL CORPORATION, AS DESCRIBED IN DOCUMENT ENTITLED "CERTIFICATE OF ACCEPTANCE (GRANT OF EASEMENT), RECORDED SEPTEMBER 6, 2018 AS INSTRUMENT NO. 2018-359087 OF OFFICIAL RECORDS.

APN:  603-220-065

EXHIBIT 5, PAGE 156

# EXCEPTIONS

**AT THE DATE HEREOF, ITEMS TO BE CONSIDERED AND EXCEPTIONS TO COVERAGE IN ADDITION TO THE PRINTED EXCEPTIONS AND EXCLUSIONS IN SAID POLICY FORM WOULD BE AS FOLLOWS:**

1. Property taxes, which are a lien not yet due and payable, including any assessments collected with taxes to be levied for the fiscal year 2021-2022.

2. Property taxes, including any personal property taxes and any assessments collected with taxes as follows:

   | | |
   |---|---|
   | Code Area: | 012-037 |
   | Tax Identification No.: | 603-220-065 |
   | Fiscal Year: | 2020-2021 |
   | 1st Installment: | $5,160.93, Paid |
   | 2nd Installment: | $5,160.93, Open |
   | Exemption: | $0.00 |
   | Land: | $450,096.00 |
   | Improvements: | $0.00 |
   | Personal Property: | $0.00 |
   | Bill No.: | 2020001978579 |

3. The lien of supplemental or escaped assessments of property taxes, if any, made pursuant to the provisions of Chapter 3.5 or Part 2, Chapter 3, Articles 3 and 4 respectively (commencing with Section 75) of the Revenue and Taxation Code of the State of California as a result of the transfer of title to the vestee named in Schedule A; or as a result of changes in ownership or new construction occurring prior to date of policy.

4. The herein described Land is within the boundaries of the Mello-Roos Community Facilities District(s). The annual assessments, if any, are collected with the county property taxes. Failure to pay said taxes prior to the delinquency date may result in the above assessment being removed from the county tax roll and subjected to Accelerated Judicial Bond Foreclosure. Inquiry should be made with said District for possible stripped assessments and prior delinquencies.

5. A Notice

   | | |
   |---|---|
   | Entitled: | Notice of Assessment |
   | For: | Coachella Community Center Project Assessment District No. 92-1 |
   | Executed by: | The Coachella Valley Recreation & Parks District |
   | Recording Date: | October 13, 1992 |
   | Recording No: | Instrument No. 1992-385076 Official Records |

   Reference is hereby made to said document for full particulars.

6. Any assessments which may be levied against the herein described property by virtue of the fact that said land lies within the boundaries of Community Facilities District 2018-1 (Glenroy) adopted by the City of Coachella, a boundary map of which is on file in Book 82, Page 7 of Maps of Assessment and Community Facilities Districts, recorded February 21, 2018 as Instrument No. 2018-0064380 Official Records, and amended in Book 82, Page 38, recorded April 25, 2018 as Instrument No. 2018-158456 Official Records.

7. The herein described property lies within the boundaries of a Mello-Roos Community Facilities District (CFD) as follows:

   | | |
   |---|---|
   | CFD No: | 2005-1 |
   | For: | Community Facilities District No. 2005-1 (Law Enforcement, Fire and Paramedic Services) |
   | Disclosed by: | Notice of Special Tax lien |
   | Recording Date: | November 3, 2005 |
   | Recording No.: | Instrument No. 2005-0916803, of Official Records |

EXHIBIT 5, PAGE 157

PRELIMINARY REPORT                                                                                    Fidelity National Title Company
YOUR REFERENCE:                                                                                ORDER NO.:  00346563-997-OC1-245

## EXCEPTIONS
### (Continued)

This property, along with all other parcels in the CFD, is liable for an annual special tax. This special tax is included with and payable with the general property taxes of the City of Coachella, County of Riverside.
The tax may not be prepaid.

Matters contained in that certain document

| | |
|---|---|
| Entitled: | Amendment No. 3 to Notice of Special Tax Lien |
| Recording Date: | October 6, 2006 |
| Recording No: | Instrument No. 2006-0741243, of Official Records |

Reference is hereby made to said document for full particulars.

8. The herein described property lies within the boundaries of a Mello-Roos Community Facilities District (CFD) as follows:

| | |
|---|---|
| CFD No: | 2018-1 |
| For: | Community Facilities District No. 2018-1 |
| Disclosed by: | Notice of Special Tax Lien |
| Recording Date: | June 4, 2018 |
| Recording No.: | Instrument No. 2018-0225621 Official Records |

This property, along with all other parcels in the CFD, is liable for an annual special tax. This special tax is included with and payable with the general property taxes of the City of Coachella, County of Riverside.

The tax may not be prepaid.

9. Assessments and other matters as contained in documents entitled Payment of Contractual Assessment Required, recorded April 25, 2018, as Document No. 2018-0160476, of Official, pursuant to Chapter 29 of Part 3 of Division 7 of the California Streets and Highways Code providing for the assessments. Said assessments are collected with county taxes. The assessment may be prepaid.

Reference is hereby made to said documents for further particulars.

10. Water rights, claims or title to water, whether or not disclosed by the public records.

11. Covenants, conditions and restrictions but omitting any covenants or restrictions, if any, including but not limited to those based upon race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, veteran or military status, genetic information, medical condition, citizenship, primary language, and immigration status, as set forth in applicable state or federal laws, except to the extent that said covenant or restriction is permitted by applicable law, as set forth in the document

| | |
|---|---|
| Recording Date: | June 6, 1892 |
| Recording No: | in Book 202, Page 144, of Deeds, San Diego County Records |

Said covenants, conditions and restrictions provide that a violation thereof shall not defeat the lien of any mortgage or deed of trust made in good faith and for value.

12. Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

| | |
|---|---|
| Granted to: | Coachella Valley Ice and Electric Company |
| Purpose: | Transmission and distribution of electricity and telephonic communication and |

EXHIBIT 5, PAGE 158

PRELIMINARY REPORT                                                                                    Fidelity National Title Company
YOUR REFERENCE:                                                                          ORDER NO.:  00346563-997-OC1-245

## EXCEPTIONS
### (Continued)

|  | telegraphic communication |
|---|---|
| Recording Date: | June 04, 1914 |
| Recording No: | in Book 398, Page 130, of Deeds |
| Affects: | A portion of said land as described therein |

13.   Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

| Granted to: | The United States of America |
|---|---|
| Purpose: | Water pipeline |
| Recording Date: | July 19, 1949 |
| Recording No: | in Book 1095, Page 306, of Official Records |
| Affects: | A portion of said land as described therein |

Matters contained in that certain document

| Entitled: | Quitclaim Deed and Release |
|---|---|
| Recording Date: | July 31, 2018 |
| Recording No: | Instrument No. 2018-0307549, of Official Records |

Reference is hereby made to said document for full particulars.

14.   Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

| Granted to: | Coachella Valley County Water District |
|---|---|
| Purpose: | Pipeline |
| Recording Date: | September 21, 1960 |
| Recording No: | Instrument No. 1960-82454, of Official Records |
| Affects: | A portion of said land as described therein |

15.   Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

| Granted to: | Imperial Irrigation District |
|---|---|
| Purpose: | Public utilities |
| Recording Date: | July 22, 1970 |
| Recording No: | Instrument No. 1970-70546, of Official Records |
| Affects: | A portion of said land as described therein |

16.   Easements as shown and/or dedicated upon the recorded map referenced in the legal description in Schedule A as Parcel Map 37310, in the City of Coachella, County of Riverside, State of California, according to map on file in Book 243, Pages 82 through 84 inclusive of Parcel Maps, records of Riverside County, California, together with any provisions and recitals contained therein.

Reference is hereby made to said document for full particulars.

17.   The Land described herein is included within a project area of the Redevelopment Agency shown below, and that proceedings for the redevelopment of said project have been instituted under the Redevelopment Law (such redevelopment to proceed only after the adoption of the Redevelopment Plan) as disclosed by a document.

| Redevelopment Agency: | City of Coachella |
|---|---|
| Recording Date: | July 10, 2007 |
| Recording No: | Instrument No. 2007-0449636, of Official Records |

EXHIBIT 5, PAGE 159

PRELIMINARY REPORT                                                                Fidelity National Title Company
YOUR REFERENCE:                                                              ORDER NO.:  00346563-997-OC1-245

## EXCEPTIONS
### (Continued)

and Recording Date:        July 10, 2007
and Recording No:          Instrument No. 2007-0449637, of Official Records

18.    Recitals as shown on Parcel Map 37310

Recording No:              in Book 243, Pages 82 to 84 inclusive of Parcel Maps
Which among other things recites: The real property described below is dedicated in fee for street and
                           public utility purposes: Lot "A" as shown hereon.

                           As a condition of dedication of Lot "A" (Avenue 48), the owners of Parcels 1-4,
                           and 6, inclusive, abutting this right of way and during such time will have no
                           rights of access except the general easement of travel. Any change of alignment
                           or width that results in the vacation thereof shall terminate this condition of
                           access rights as to the party vacated.

Reference is hereby made to said document for full particulars.

19.    The following matters shown or disclosed by the filed or recorded map referred to in the legal description: Various
       notes and recitals

20.    Easement(s) for the purpose(s) shown below and rights incidental thereto as delineated or as offered for dedication,
       on the map of said tract/plat;

       Purpose:            Landscape and/or retention basin
       Affects:            As shown on said map

21.    Matters contained in that certain document

       Entitled:           Water Quality Management Plan and Urban Runoff BMP Transfer, Access and
                           Maintenance Agreement
       Recording Date:     December 06, 2017
       Recording No:       Instrument No. 2017-0512010, of Official Records

Reference is hereby made to said document for full particulars.

22.    Matters contained in that certain document

       Entitled:           Glenroy Resort Development Agreement
       Recording Date:     March 8, 2018
       Recording No:       Instrument No. 2018-0089219, of Official Records

Reference is hereby made to said document for full particulars.

23.    Terms and provisions contained in that certain unrecorded Parking License Agreement dated April 20, 2018 by
       and between Glenroy Coachella, LLC and Force-DMP LLC.

EXHIBIT 5, PAGE 160

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346563-997-OC1-245

**EXCEPTIONS**
**(Continued)**

24.    Matters contained in that certain document

Entitled:            Memorandum of Tenancy in Common Agreement
Recording Date:      April 24, 2018
Recording No:        Instrument No. 2018-0156322, of Official Records

Reference is hereby made to said document for full particulars.

25.    Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

Granted to:          The City of Coachella
Purpose:             Public utilities and incidental purposes
Recording Date:      September 06, 2018
Recording No:        Instrument No. 2018-0359087, of Official Records
Affects:             A portion of said land as described therein

26.    Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

Granted to:          Southern California Gas Company, a California Corporation, its successors and assigns
Purpose:             Public utilities and incidental purposes
Recording Date:      October 26, 2018
Recording No:        Instrument No. 2018-0423528, of Official Records
Affects:             A portion of said land as described therein

27.    A deed of trust to secure an indebtedness in the amount shown below,

Amount:              $24,400,000.00
Dated:               April 26, 2018
Trustor/Grantor      Glenroy Coachella, LLC, a Delaware limited liability company; Force Rubin, LLC, a
                     Delaware limited liability company; Force Rubin 2, LLC, a Delaware limited liability
                     company; and Coachella Resort, LLC, a California limited liability company
Trustee:             Stewart Title of California, Inc., a California corporation
Beneficiary:         U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership
Loan No.:            None shown
Recording Date:      April 26, 2018
Recording No:        Instrument No. 2018-0162476,of Official Records

Affects:             The herein described Land and other land.

A substitution of trustee under said deed of trust which names, as the substituted trustee, the following

Trustee:             Fidelity National Title Company
Recording Date:      September 09, 2019
Recording No:        Instrument No. 2019-0350103, of Official Records

A notice of default under the terms of said trust deed

Executed by:         Fidelity National Title Company
Recording Date:      September 09, 2019
Recording No:        Instrument No. 2019-0350104, of Official Records

EXHIBIT 5, PAGE 161

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346563-997-OC1-245

**EXCEPTIONS**
**(Continued)**

A notice of trustee's sale under said deed of trust

| | |
|---|---|
| Executed by: | Fidelity National Title Company |
| Date, Time and Place of Sale: | February 9, 2021, at 09:00 AM, in front of the Corona Civic Center, 849 W. Sixth Street, Corona, CA 92882 |
| Recording Date: | January 14, 2021 |
| Recording No: | Instrument No. 2021-0025741, of Official Records |

28. An assignment of all the moneys due, or to become due as rental, as additional security for the obligations secured by deed of trust shown as item above

| | |
|---|---|
| Assigned to: | U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership |
| Recording Date: | April 26, 2018 |
| Recording No: | Instrument No. 2018-0162477,of Official Records |

29. A financing statement as follows:

| | |
|---|---|
| Debtor: | Glenroy Coachella, LLC, a Delaware limited liability company; Force Rubin, LLC, a Delaware limited liability company; Force Rubin 2, LLC, a Delaware limited liability company; and Coachella Resort, LLC, a California limited liability company |
| Secured Party: | U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership |
| Recording Date: | April 26, 2018 |
| Recording No: | Instrument No. 2018-0162478,of Official Records |

30. A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Hi-Grade Materials Co |
| Amount: | $32,847.96 |
| Recording Date: | July 5, 2018 |
| Recording No: | Instrument No. 2018-0273102, of Official Records |

31. A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Glendale Plumbing and Fire Supply |
| Amount: | $23,792.54 |
| Recording Date: | October 26, 2018 |
| Recording No: | Instrument No. 2018-0423202, of Official Records |

32. A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Constructure, Inc. |
| Amount: | $301,119.50 |
| Recording Date: | January 22, 2019 |
| Recording No: | Instrument No. 2019-0022660, of Official Records |

33. A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Ferguson Enterprises, LLC. |
| Amount: | $119,569.73 |
| Recording Date: | May 22, 2019 |
| Recording No: | Instrument No. 2019-0179443, of Official Records |

EXHIBIT 5, PAGE 162

## EXCEPTIONS
### (Continued)

34.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Superior Ready Mix Concrete L.P. |
| Amount: | $20,571.27 |
| Recording Date: | May 29, 2019 |
| Recording No: | Instrument No. 2019-0190540, of Official Records |

35.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | The Sherwin-Williams Company |
| Amount: | $33,333.11 |
| Recording Date: | June 3, 2019 |
| Recording No: | Instrument No. 2019-0198410, of Official Records |

Said mechanic's lien has been partially released by instrument

| | |
|---|---|
| Recording Date: | July 10, 2019 |
| Recording No: | Instrument No. 2019-0252361, of Official Records |

Claimant reduces its Mechanics' Lien by $6,538.32, to reflect the current amount subject to the Claimant's Mechanics' Lien in the sum of $26,794.79.

36.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | GF Investment Group, Inc. |
| Amount: | $259,695.63 |
| Recording Date: | June 6, 2019 |
| Recording No: | Instrument No. 2019-0204095, of Official Records |

37.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Blair Air, Inc. Dba Blair Heating & Air |
| Amount: | $297,443.80 |
| Recording Date: | June 7, 2019 |
| Recording No: | Instrument No. 2019-0206598, of Official Records |

38.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Hajoca Corporation |
| Amount: | $39,636.17 |
| Recording Date: | June 11, 2019 |
| Recording No: | Instrument No. 2019-0210159, of Official Records |

39.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | American Builders and Contractors Supply Co., Inc. – ABC Supply Co., Inc. |
| Amount: | $24,813.58 |
| Recording Date: | June 13, 2019 |
| Recording No: | Instrument No. 2019-0213172, of Official Records |

EXHIBIT 5, PAGE 163

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346563-997-OC1-245

## EXCEPTIONS
### (Continued)

40.    A claim of mechanic's lien or materialman's lien

    Claimant:             Desert Electric Supply
    Amount:               $61,574.60
    Recording Date:    June 18, 2019
    Recording No:    Instrument No. 2019-0218809, of Official Records

41.    A claim of mechanic's lien or materialman's lien

    Claimant:             Apple J Plumbing, Inc.
    Amount:               $175,845.06
    Recording Date:    June 18, 2019
    Recording No:    Instrument No. 2019-0219453, of Official Records

42.    A claim of mechanic's lien or materialman's lien

    Claimant:             Jacobsson Engineering Construction, Inc.
    Amount:               $1,042,299.00
    Recording Date:    June 21, 2019
    Recording No:    Instrument No. 2019-0225760, of Official Records

43.    A claim of mechanic's lien or materialman's lien

    Claimant:             West Coast Sand and Gravel, Inc.
    Amount:               $21,666.29
    Recording Date:    July 10, 2019
    Recording No:    Instrument No. 2019-0253543, of Official Records

44.    A claim of mechanic's lien or materialman's lien

    Claimant:             Superior Pool Products, LLC
    Amount:               $14,386.05
    Recording Date:    July 11, 2019
    Recording No:    Instrument No. 2019-0254740 Official Records

45.    A claim of mechanic's lien or materialman's lien

    Claimant:             Resource Building Materials
    Amount:               $1,905.04
    Recording Date:    July 15, 2019
    Recording No:    Instrument No. 2019-0258520, of Official Records

46.    A claim of mechanic's lien or materialman's lien

    Claimant:             L&W Supply Corporation
    Amount:               $10,861.98
    Recording Date:    August 05, 2019
    Recording No:    Instrument No. 2019-0293318, of Official Records

PRELIMINARY REPORT                                                                    Fidelity National Title Company
YOUR REFERENCE:                                                                        ORDER NO.:  00346563-997-OC1-245

## EXCEPTIONS
### (Continued)

47.    A claim of mechanic's lien or materialman's lien

    Claimant:          L&W Supply Corporation
    Amount:           $8,643.42
    Recording Date:    August 05, 2019
    Recording No:    Instrument No. 2019-0293319, of Official Records

48.    A claim of mechanic's lien or materialman's lien

    Claimant:          Desert Palms Electric, Inc.
    Amount:           $389,839.09
    Recording Date:    August 6, 2019
    Recording No:    Instrument No. 2019-0295567, of Official Records

49.    A claim of mechanic's lien or materialman's lien

    Claimant:          Gauston Corp
    Amount:           $21,153.36
    Recording Date:    August 21, 2019
    Recording No:    Instrument No. 2019-0321135, of Official Records

50.    A claim of mechanic's lien or materialman's lien

    Claimant:          Ferguson Enterprises, LLC
    Amount:           $119,569.73
    Recording Date:    August 26, 2019
    Recording No:    Instrument No. 2019-0328148, of Official Records

51.    A claim of mechanic's lien or materialman's lien

    Claimant:          TemalPakh, Inc., dba The Works Floor & Wall
    Amount:           $33,628.46
    Recording Date:    August 26, 2019
    Recording No:    Instrument No. 2019-0328428, of Official Records

52.    A judgment for the amount shown below, and any other amounts due, entered in the United States District Court:

    Amount:           $89,110.62 (Damages)
    Amount:           $5,164.42 (Attorney's Fees)
    Debtor:            Glenroy Coachella, LLC, and Does 1-10
    Creditor:          Silhouette Outdoor Furniture, Inc.
    Date entered:      July 02, 2019
    District:           Central, State of California
    Case No:          EDCV 19-00373-CJC (KKx)
    Recording Date:    August 29, 2019
    Recording No:    Instrument No. 2019-0336225, of Official Records

53.    A claim of mechanic's lien or materialman's lien

    Claimant:          BMC West, LLC
    Amount:           $50,290.00
    Recording Date:    September 11, 2019
    Recording No:    Instrument No. 2019-0354394, of Official Records

PRELIMINARY REPORT                                                    Fidelity National Title Company
YOUR REFERENCE:                                                    ORDER NO.:  00346563-997-OC1-245

# EXCEPTIONS
## (Continued)

54.    A claim of mechanic's lien or materialman's lien

Claimant:              Doug Wall Construction, Inc.
Amount:                $3,876,856.10
Recording Date:        September 12, 2019
Recording No:          Instrument No. 2019-0356369, of Official Records

As affected by an Amended Mechanics Lien

Amount:                $4,359,813.13
Recording Date:        October 7, 2019
Recording No:          Instrument No. 2019-0401936, of Official Records

55.    A pending court action as disclosed by a recorded notice:

Plaintiff:             Blair Air, Inc.
Defendant:             Doug Wall Construction, Inc.; Glen Roy Coachella, LLC; et al
County:                Riverside
Court:                 Superior
Case No.:              PSC 1906241
Nature of Action:      Foreclosure of Mechanic Lien
Recording Date:        September 20, 2019
Recording No:          Instrument No. 2019-0370664, of Official Records

56.    A claim of mechanic's lien or materialman's lien

Claimant:              Al Miller & Sons Roofing Co., Inc.
Amount:                $111,631.71
Recording Date:        September 20, 2019
Recording No:          Instrument No. 2019-0372302, of Official Records

As affected by an Amended Mechanics Lien

Amount:                $153,901.00
Recording Date:        October 7, 2019
Recording No:          Instrument No. 2019-0402031, of Official Records

57.    A pending court action as disclosed by a recorded notice:

Plaintiff:             Mascorro Concrete Construction, Inc.
Defendant:             Doug Wall Construction, Inc.; Glenroy Coachella, LLC; et al
County:                Riverside
Court:                 Superior
Case No.:              PSC 1906560
Nature of Action:      Foreclosure of Mechanic Lien
Recording Date:        September 24, 2019
Recording No:          Instrument No. 2019-0376608, of Official Records

Said Notice of Lis Pendens has been partially withdrawal by instrument

Recording Date:        December 30, 2020
Recording No:          Instrument No. 2020-0668680, of Official Records

PRELIMINARY REPORT                                                    Fidelity National Title Company
YOUR REFERENCE:                                                    ORDER NO.: 00346563-997-OC1-245

## EXCEPTIONS
### (Continued)

58.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Apple J. Plumbing, Inc. |
| Defendant: | Doug Wall Construction, Inc.; Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC 1906579 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | September 24, 2019 |
| Recording No: | Instrument No. 2019-0376609, of Official Records |

Said Notice of Lis Pendens has been partially withdrawal by instrument

| | |
|---|---|
| Recording Date: | December 30, 2020 |
| Recording No: | Instrument No. 2020-0668682, of Official Records |

59.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Desert Palms Electric, Inc. |
| Defendant: | Doug Wall Construction, Inc.; Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC 1906554 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | September 24, 2019 |
| Recording No: | Instrument No. 2019-0376610, of Official Records |

Said Notice of Lis Pendens has been partially withdrawal by instrument

| | |
|---|---|
| Recording Date: | December 30, 2020 |
| Recording No: | Instrument No. 2020-0668681, of Official Records |

60.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Ferguson Enterprises, Inc. |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC 1906136 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | September 24, 2019 |
| Recording No: | Instrument No. 2019-0376684, of Official Records |

61.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Southwest Plumbing inc. |
| Amount: | $111,141.13 |
| Recording Date: | September 24, 2019 |
| Recording No: | Instrument No. 2019-0377201, of Official Records |

EXHIBIT 5, PAGE 167

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346563-997-OC1-245

## EXCEPTIONS
### (Continued)

62.      A claim of mechanic's lien or materialman's lien

    Claimant:              All Phase Drywall & Development, Inc.
    Amount:                $40,000.00
    Recording Date:        September 25, 2019
    Recording No:          Instrument No. 2019-0379585, of Official Records

63.      A claim of mechanic's lien or materialman's lien

    Claimant:              All Phase Drywall & Development, Inc.
    Amount:                $396,871.43
    Recording Date:        September 25, 2019
    Recording No:          Instrument No. 2019-0379586, of Official Records

64.      A claim of mechanic's lien or materialman's lien

    Claimant:              Tandem West Glass, Inc.
    Amount:                $387,752.38
    Recording Date:        September 25, 2019
    Recording No:          Instrument No. 2019-0379822, of Official Records

    As affected by an Amended Mechanics Lien

    Amount:                $795,971.26
    Recording Date:        October 7, 2019
    Recording No:          Instrument No. 2019-0402041, of Official Records

    As affected by a Second Amended Mechanics Lien

    Amount:                $449,849.39
    Recording Date:        October 11, 2019
    Recording No:          Instrument No. 2019-0410373, of Official Records

65.      A claim of mechanic's lien or materialman's lien

    Claimant:              GF Investment Group, Inc.
    Amount:                $250,695.63
    Recording Date:        September 27, 2019
    Recording No:          Instrument No. 2019-385786, of Official Records

66.      A claim of mechanic's lien or materialman's lien

    Claimant:              La Hacienda Nursery & Landscape, Inc.
    Amount:                $146,717.74
    Recording Date:        October 16, 2019
    Recording No:          Instrument No. 2019-0415743, of Official Records

EXHIBIT 5, PAGE 168

## EXCEPTIONS
### (Continued)

67.    A pending court action as disclosed by a recorded notice:

|  |  |
|---|---|
| Plaintiff: | Doug Wall Construction, Inc. |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1907309 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | October 16, 2019 |
| Recording No: | Instrument No. 2019-0415790, of Official Records |

68.    A pending court action as disclosed by a recorded notice:

|  |  |
|---|---|
| Plaintiff: | Tmalpakh, Inc., a California corporation dba The Works Floor & Wall |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1907262 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | October 23, 2019 |
| Recording No: | Instrument No. 2019-0428103, of Official Records |

Said Notice of Lis Pendens has been partially withdrawal by instrument

|  |  |
|---|---|
| Recording Date: | December 30, 2020 |
| Recording No: | Instrument No. 2020-0668684, of Official Records |

69.    A pending court action as disclosed by a recorded notice:

|  |  |
|---|---|
| Plaintiff: | Orco Block & Hardscape, a California corporation |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1907155 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | October 25, 2019 |
| Recording No: | Instrument No. 2019-0432553, of Official Records |

70.    A pending court action as disclosed by a recorded notice:

|  |  |
|---|---|
| Plaintiff: | BMC West LLC, a Delaware limited liability company |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1908245 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | November 22, 2019 |
| Recording No: | Instrument No. 2019-0483250, of Official Records |

## EXCEPTIONS
### (Continued)

71.     A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | La Hacienda Nursery & Landscape, Inc., a California corporation |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1909423 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | January 2, 2020 |
| Recording No: | Instrument No. 2020-0000938, of Official Records |

72.     A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | All Phase Drywall & Development, Inc., a California corporation |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1909367 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | January 9, 2020 |
| Recording No: | Instrument No. 2020-0009905, of Official Records |

73.     A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Tandem West Glass, Inc., a California corporation |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC 2000015 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | January 10, 2020 |
| Recording No: | Instrument No. 2020-0013976, of Official Records |

Said Notice of Lis Pendens has been partially withdrawal by instrument

| | |
|---|---|
| Recording Date: | December 30, 2020 |
| Recording No: | Instrument No. 2020-0668679, of Official Records |

74.     A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Al Miller & Sons Roofing, Inc., a California corporation |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC 2000009 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | January 10, 2020 |
| Recording No: | Instrument No. 2020-0013979, of Official Records |

Said Notice of Lis Pendens has been partially withdrawal by instrument

| | |
|---|---|
| Recording Date: | December 30, 2020 |
| Recording No: | Instrument No. 2020-0668683, of Official Records |

PRELIMINARY REPORT                                                    Fidelity National Title Company
YOUR REFERENCE:                                                    ORDER NO.:  00346563-997-OC1-245

## EXCEPTIONS
### (Continued)

75.    Matters contained in that certain document

    Entitled:             Stipulation and Order RE Appointment of Receiver and Preliminary Junction
    Recording Date:    January 29, 2020
    Recording No:     Instrument No. 2020-0044153, of Official Records

    Reference is hereby made to said document for full particulars.

76.    A pending court action as disclosed by a recorded notice:

    Plaintiff:           U.S. Real Estate Credit Holdings III-A, LP
    Defendant:        Glenroy Coachella, LLC; et al
    County:           Riverside
    Court:             Superior
    Case No.:          RIC1905743
    Recording Date:    February 13, 2020
    Recording No.:    Instrument No. 2020-0068228, of Official Records

77.    Certificate of Indebtedness of the Receiver – Receiver Certificate No. 1

    Recording Date:    June 12, 2020
    Recording No.:    Instrument No. 2020-0252044 Official Records

    and Recording Date:    June 12, 2020
    and Recording No:    Instrument No. 2020-0252045 Official Records

    and Recording Date:    June 12, 2020
    and Recording No:    Instrument No. 2020-0252046 Official Records

    and Recording Date:    June 12, 2020
    and Recording No:    Instrument No. 2020-0252047 Official Records

    and Recording Date:    June 12, 2020
    and Recording No:    Instrument No. 2020-0252048 Official Records

    and Recording Date:    June 12, 2020
    and Recording No:    Instrument No. 2020-0252049 Official Records

    and Recording Date:    June 12, 2020
    and Recording No:    Instrument No. 2020-0252050 Official Records

    and Recording Date:    June 12, 2020
    and Recording No:    Instrument No. 2020-0252051 Official Records

78.    A claim of mechanic's lien or materialman's lien

    Claimant:         Gauston Corp
    Amount:           $28,829.75
    Recording Date:    June 25, 2018
    Recording No:     Instrument No. 2018-0255143, of Official Records

## EXCEPTIONS
### (Continued)

79.    Any rights of the parties in possession of a portion of, or all of, said Land, which rights are not disclosed by the public records.

The Company will require, for review, a full and complete copy of any unrecorded agreement, contract, license and/or lease, together with all supplements, assignments and amendments thereto, before issuing any policy of title insurance without excepting this item from coverage.

The Company reserves the right to except additional items and/or make additional requirements after reviewing said documents.

80.    Any facts, rights, interests or claims that may exist or arise by reason of the following matters disclosed by a pending final ALTA/NSPS Survey prepared by Saxon Engineering Services, Inc., dated April 10, 2018, designated as Job No. Glenroy Coachella:

a. Electrical vaults located on the northerly property line of Parcel 4.
b. A cable television box located along the westerly boundary of Parcel 2.
c. An electrical transformer located along the westerly boundary of Parcel 2.
d. A street light pole encroaching in the southwest corner of Parcel 2.

81.    Any easements not disclosed by the public records as to matters affecting title to real property, whether or not said easements are visible and apparent.

82.    Discrepancies, conflicts in boundary lines, shortage in area, encroachments, or any other matters which a correct survey would disclose and which are not shown by the public records.

83.    Matters which may be disclosed by an inspection and/or by a correct ALTA/ACSM Land Title Survey of said Land that is satisfactory to the Company, and/or by inquiry of the parties in possession thereof.

**PLEASE REFER TO THE "INFORMATIONAL NOTES" AND "REQUIREMENTS" SECTIONS WHICH
FOLLOW FOR INFORMATION NECESSARY TO COMPLETE THIS TRANSACTION.**

---

**END OF EXCEPTIONS**

---

EXHIBIT 5, PAGE 172

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346563-997-OC1-245

## REQUIREMENTS SECTION

1.    In order to complete this report, the Company requires a Statement of Information to be completed by the following party(s),

       Party(s):               All Parties

       The Company reserves the right to add additional items or make further requirements after review of the requested Statement of Information.

       NOTE:  The Statement of Information is necessary to complete the search and examination of title under this order. Any title search includes matters that are indexed by name only, and having a completed Statement of Information assists the Company in the elimination of certain matters which appear to involve the parties but in fact affect another party with the same or similar name. Be assured that the Statement of Information is essential and will be kept strictly confidential to this file.

2.    The Company will require the following documents for review prior to the issuance of any title insurance predicated upon a conveyance or encumbrance from the entity named below:

       Limited Liability Company:      Glenroy Coachella, LLC, a Delaware limited liability company,
                                     Force Rubin, LLC, a Delaware limited liability company,
                                       Force Rubin 2, LLC, a Delaware limited liability company
                                       Coachella Resort, LLC, a California limited liability company

       a)      A copy of its operating agreement, if any, and all amendments, supplements and/or modifications thereto, certified by the appropriate manager or member.

       b)      If a domestic Limited Liability Company, a copy of its Articles of Organization and all amendments thereto with the appropriate filing stamps.

       c)      If the Limited Liability Company is member-managed, a full and complete current list of members certified by the appropriate manager or member.

       d)      A current dated certificate of good standing from the proper governmental authority of the state in which the entity is currently domiciled.

       e)      If less than all members, or managers, as appropriate, will be executing the closing documents, furnish evidence of the authority of those signing.

       f)      If Limited Liability Company is a Single Member Entity, a Statement of Information for the Single Member will be required.

       g)      Each member and manager of the LLC without an Operating Agreement must execute in the presence of a notary public the Certificate of California LLC (Without an Operating Agreement) Status and Authority form.

3.    This transaction requires high liability approval prior to close of escrow together with an inspection of the subject property.

       Please advise title department with an estimated date that your transaction will close so we can schedule the necessary approvals and inspections.

4.    The transaction contemplated in connection with this Report is subject to the review and approval of the Company's Corporate Underwriting Department. The Company reserves the right to add additional items or make further requirements after such review.

PRELIMINARY REPORT                                                                    Fidelity National Title Company
YOUR REFERENCE:                                                              ORDER NO.:  00346563-997-OC1-245

# REQUIREMENTS
**(Continued)**

5.      Please call the Title Department five (5) days prior to the contemplated closing to determine if additional documents or information is required.

        Phone Number:              (949) 788-2800

---

## END OF REQUIREMENTS

---

Fidelity National Title Company
ORDER NO.:  00346563-997-OC1-245

# INFORMATIONAL NOTES SECTION

1. Note:  There are NO conveyances affecting said Land recorded within 24 months of the date of this report.

2. Note:  Please contact your Title Officer to obtain the current recording fees.  Fidelity National Title Company will pay Fidelity National Title Insurance Company 12% of the title premium, as disclosed on lines 1107 and 1108 of the HUD-1.

3. Note:  The policy of title insurance will include an arbitration provision. The Company or the insured may demand arbitration. Arbitrable matters may include, but are not limited to, any controversy or claim between the Company and the insured arising out of or relating to this policy, any service of the Company in connection with its issuance or the breach of a policy provision or other obligation. Please ask your escrow or title officer for a sample copy of the policy to be issued if you wish to review the arbitration provisions and any other provisions pertaining to your Title Insurance coverage.

4. Notice: Please be aware that due to the conflict between federal and state laws concerning the cultivation, distribution, manufacture or sale of marijuana, the Company is not able to close or insure any transaction involving Land that is associated with these activities.

5. Pursuant to Government Code Section 27388.1, as amended and effective as of 1-1-2018, a Documentary Transfer Tax (DTT) Affidavit may be required to be completed and submitted with each document when DTT is being paid or when an exemption is being claimed from paying the tax. If a governmental agency is a party to the document, the form will not be required. DTT Affidavits may be available at a Tax Assessor-County Clerk-Recorder.

6. The Company and its policy issuing agents are required by Federal law to collect additional information about certain transactions in specified geographic areas in accordance with the Bank Secrecy Act.  If this transaction is required to be reported under a Geographic Targeting Order issued by FinCEN, the Company or its policy issuing agent must be supplied with a completed ALTA Information Collection Form ("ICF") prior to closing the transaction contemplated herein.

   **To protect the private information contained in the attached form and photo ID, please return via a secured method.**

---

## END OF INFORMATIONAL NOTES

Blake.Uradomo/sp1

 **WIRE SAFE**™ | Inquire before you wire!

# Wire Fraud Alert

This Notice is not intended to provide legal or professional advice. If you have any questions, please consult with a lawyer.

All parties to a real estate transaction are targets for wire fraud and many have lost hundreds of thousands of dollars because they simply relied on the wire instructions received via email, without further verification. **If funds are to be wired in conjunction with this real estate transaction, we strongly recommend verbal verification of wire instructions through a known, trusted phone number prior to sending funds.**

In addition, the following non-exclusive self-protection strategies are recommended to minimize exposure to possible wire fraud.

- **NEVER RELY** on emails purporting to change wire instructions. Parties to a transaction rarely change wire instructions in the course of a transaction.

- **ALWAYS VERIFY** wire instructions, specifically the ABA routing number and account number, by calling the party who sent the instructions to you. DO NOT use the phone number provided in the email containing the instructions, use phone numbers you have called before or can otherwise verify. **Obtain the phone number of relevant parties to the transaction as soon as an escrow account is opened**. DO NOT send an email to verify as the email address may be incorrect or the email may be intercepted by the fraudster.

- **USE COMPLEX EMAIL PASSWORDS** that employ a combination of mixed case, numbers, and symbols. Make your passwords greater than eight (8) characters. Also, change your password often and do NOT reuse the same password for other online accounts.

- **USE MULTI-FACTOR AUTHENTICATION** for email accounts. Your email provider or IT staff may have specific instructions on how to implement this feature.

For more information on wire-fraud scams or to report an incident, please refer to the following links:

*Federal Bureau of Investigation:*
*http://www.fbi.gov*

*Internet Crime Complaint Center:*
*http://www.ic3.gov*

*TM and © Fidelity National Financial, Inc. and/or an affiliate. All rights reserved*

EXHIBIT 5, PAGE 176



**Fidelity National Title Company**
1300 Dove Street, 3rd Floor, Newport Beach, CA 92660
Phone: (949) 788-2800    ●    Fax: (949) 341-0251

# Notice of Available Discounts

Pursuant to Section 2355.3 in Title 10 of the California Code of Regulations Fidelity National Financial, Inc. and its subsidiaries ("FNF") must deliver a notice of each discount available under our current rate filing along with the delivery of escrow instructions, a preliminary report or commitment.  Please be aware that the provision of this notice does not constitute a waiver of the consumer's right to be charged the filed rate.  As such, your transaction may not qualify for the below discounts.

You are encouraged to discuss the applicability of one or more of the below discounts with a Company representative.  These discounts are generally described below; consult the rate manual for a full description of the terms, conditions and requirements for such discount.  These discounts only apply to transactions involving services rendered by the FNF Family of Companies.  This notice only applies to transactions involving property improved with a one-to-four family residential dwelling.

Not all discounts are offered by every FNF Company. The discount will only be applicable to the FNF Company as indicated by the named discount.

| **FNF Underwritten Title Company** | **Underwritten by FNF Underwriters** |
|---|---|
| CTC – Chicago Title company | CTIC – Chicago Title Insurance Company |
| CLTC – Commonwealth Land Title Company | CLTIC - Commonwealth Land Title Insurance Company |
| FNTC – Fidelity National Title Company of California | FNTIC – Fidelity National Title Insurance Company |
| FNTCCA - Fidelity National Title Company of California | FNTIC - Fidelity National Title Insurance Company |
| TICOR – Ticor Title Company of California | CTIC – Chicago Title Insurance Company |
| LTC – Lawyer's Title Company | CLTIC – Commonwealth Land Title Insurance Company |
| SLTC – ServiceLink Title Company | CTIC – Chicago Title Insurance Company |

## Available Discounts

**DISASTER LOANS (CTIC, CLTIC, FNTIC)**
The charge for a Lender's Policy (Standard or Extended coverage) covering the financing or refinancing by an owner of record, within twenty-four (24) months of the date of a declaration of a disaster area by the government of the United States or the State of California on any land located in said area, which was partially or totally destroyed in the disaster, will be fifty percent (50%) of the appropriate title insurance rate.

**CHURCHES OR CHARITABLE NON-PROFIT ORGANIZATIONS (CTIC, FNTIC)**
On properties used as a church or for charitable purposes within the scope of the normal activities of such entities, provided said charge is normally the church's obligation the charge for an owner's policy shall be fifty percent (50%) to seventy percent (70%) of the appropriate title insurance rate, depending on the type of coverage selected. The charge for a lender's policy shall be forty (40%) to fifty percent (50%) of the appropriate title insurance rate, depending on the type of coverage selected.

## FIDELITY NATIONAL FINANCIAL, INC.
## PRIVACY NOTICE

Effective January 1, 2021

Fidelity National Financial, Inc. and its majority-owned subsidiary companies (collectively, "FNF," "our," or "we") respect and are committed to protecting your privacy. This Privacy Notice explains how we collect, use, and protect personal information, when and to whom we disclose such information, and the choices you have about the use and disclosure of that information.

A limited number of FNF subsidiaries have their own privacy notices.  If a subsidiary has its own privacy notice, the privacy notice will be available on the subsidiary's website and this Privacy Notice does not apply.

### Collection of Personal Information
FNF may collect the following categories of Personal Information:
- contact information (*e.g.*, name, address, phone number, email address);
- demographic information (*e.g.*, date of birth, gender, marital status);
- identity information (*e.g.* Social Security Number, driver's license, passport, or other government ID number);
- financial account information (*e.g.* loan or bank account information); and
- other personal information necessary to provide products or services to you.

We may collect Personal Information about you from:
- information we receive from you or your agent;
- information about your transactions with FNF, our affiliates, or others; and
- information we receive from consumer reporting agencies and/or governmental entities, either directly from these entities or through others.

### Collection of Browsing Information
FNF automatically collects the following types of Browsing Information when you access an FNF website, online service, or application (each an "FNF Website") from your Internet browser, computer, and/or device:
- Internet Protocol (IP) address and operating system;
- browser version, language, and type;
- domain name system requests; and
- browsing history on the FNF Website, such as date and time of your visit to the FNF Website and visits to the pages within the FNF Website.

Like most websites, our servers automatically log each visitor to the FNF Website and may collect the Browsing Information described above. We use Browsing Information for system administration, troubleshooting, fraud investigation, and to improve our websites. Browsing Information generally does not reveal anything personal about you, though if you have created a user account for an FNF Website and are logged into that account, the FNF Website may be able to link certain browsing activity to your user account.

### Other Online Specifics
Cookies. When you visit an FNF Website, a "cookie" may be sent to your computer. A cookie is a small piece of data that is sent to your Internet browser from a web server and stored on your computer's hard drive. Information gathered using cookies helps us improve your user experience. For example, a cookie can help the website load properly or can customize the display page based on your browser type and user preferences. You can choose whether or not to accept cookies by changing your Internet browser settings. Be aware that doing so may impair or limit some functionality of the FNF Website.

Web Beacons. We use web beacons to determine when and how many times a page has been viewed. This information is used to improve our websites.

Do Not Track. Currently our FNF Websites do not respond to "Do Not Track" features enabled through your browser.

Links to Other Sites.  FNF Websites may contain links to unaffiliated third-party websites. FNF is not responsible for the privacy practices or content of those websites. We recommend that you read the privacy policy of every website you visit.

### Use of Personal Information
FNF uses Personal Information for three main purposes:
- To provide products and services to you or in connection with a transaction involving you.
- To improve our products and services.
- To communicate with you about our, our affiliates', and others' products and services, jointly or independently.

### When Information Is Disclosed
We may disclose your Personal Information and Browsing Information in the following circumstances:
- to enable us to detect or prevent criminal activity, fraud, material misrepresentation, or nondisclosure;
- to nonaffiliated service providers who provide or perform services or functions on our behalf and who agree to use the information only to provide such services or functions;

Copyright © 2021. Fidelity National Financial, Inc. All Rights Reserved
Order No. 00346563-997-OC1-245

EXHIBIT 5, PAGE 178

- to nonaffiliated third party service providers with whom we perform joint marketing, pursuant to an agreement with them to jointly market financial products or services to you;
- to law enforcement or authorities in connection with an investigation, or in response to a subpoena or court order; or
- in the good-faith belief that such disclosure is necessary to comply with legal process or applicable laws, or to protect the rights, property, or safety of FNF, its customers, or the public.

The law does not require your prior authorization and does not allow you to restrict the disclosures described above. Additionally, we may disclose your information to third parties for whom you have given us authorization or consent to make such disclosure. We do not otherwise share your Personal Information or Browsing Information with nonaffiliated third parties, except as required or permitted by law. We may share your Personal Information with affiliates (other companies owned by FNF) to directly market to you. Please see "Choices with Your Information" to learn how to restrict that sharing.

We reserve the right to transfer your Personal Information, Browsing Information, and any other information, in connection with the sale or other disposition of all or part of the FNF business and/or assets, or in the event of bankruptcy, reorganization, insolvency, receivership, or an assignment for the benefit of creditors. By submitting Personal Information and/or Browsing Information to FNF, you expressly agree and consent to the use and/or transfer of the foregoing information in connection with any of the above described proceedings.

**Security of Your Information**
We maintain physical, electronic, and procedural safeguards to protect your Personal Information.

**Choices With Your Information**
If you do not want FNF to share your information among our affiliates to directly market to you, you may send an "opt out" request as directed at the end of this Privacy Notice. We do not share your Personal Information with nonaffiliates for their use to direct market to you without your consent.

Whether you submit Personal Information or Browsing Information to FNF is entirely up to you. If you decide not to submit Personal Information or Browsing Information, FNF may not be able to provide certain services or products to you.

For California Residents: We will not share your Personal Information or Browsing Information with nonaffiliated third parties, except as permitted by California law. For additional information about your California privacy rights, please visit the "California Privacy" link on our website (https://fnf.com/pages/californiaprivacy.aspx) or call (888) 413-1748.

For Nevada Residents: You may be placed on our internal Do Not Call List by calling (888) 934-3354 or by contacting us via the information set forth at the end of this Privacy Notice. Nevada law requires that we also provide you with the following contact information: Bureau of Consumer Protection, Office of the Nevada Attorney General, 555 E. Washington St., Suite 3900, Las Vegas, NV 89101; Phone number: (702) 486-3132; email: BCPINFO@ag.state.nv.us.

For Oregon Residents:  We will not share your Personal Information or Browsing Information with nonaffiliated third parties for marketing purposes, except after you have been informed by us of such sharing and had an opportunity to indicate that you do not want a disclosure made for marketing purposes.

For Vermont Residents: We will not disclose information about your creditworthiness to our affiliates and will not disclose your personal information, financial information, credit report, or health information to nonaffiliated third parties to market to you, other than as permitted by Vermont law, unless you authorize us to make those disclosures.

**Information From Children**
The FNF Websites are not intended or designed to attract persons under the age of eighteen (18).We do not collect Personal Information from any person that we know to be under the age of thirteen (13) without permission from a parent or guardian.

**International Users**
FNF's headquarters is located within the United States. If you reside outside the United States and choose to provide Personal Information or Browsing Information to us, please note that we may transfer that information outside of your country of residence. By providing FNF with your Personal Information and/or Browsing Information, you consent to our collection, transfer, and use of such information in accordance with this Privacy Notice.

**FNF Website Services for Mortgage Loans**
Certain FNF companies provide services to mortgage loan servicers, including hosting websites that collect customer information on behalf of mortgage loan servicers (the "Service Websites"). The Service Websites may contain links to both this Privacy Notice and the mortgage loan servicer or lender's privacy notice. The sections of this Privacy Notice titled When Information is Disclosed, Choices with Your Information, and Accessing and Correcting Information do not apply to the Service Websites. The mortgage loan servicer or lender's privacy notice governs use, disclosure, and access to your Personal Information. FNF does not share Personal Information collected through the Service Websites, except as required or authorized by contract with the mortgage loan servicer or lender, or as required by law or in the good-faith belief that such disclosure is necessary: to comply with a legal process or applicable law, to enforce this Privacy Notice, or to protect the rights, property, or safety of FNF or the public.

**Your Consent To This Privacy Notice; Notice Changes; Use of Comments or Feedback**

By submitting Personal Information and/or Browsing Information to FNF, you consent to the collection and use of the information in accordance with this Privacy Notice. We may change this Privacy Notice at any time. The Privacy Notice's effective date will show the last date changes were made. If you provide information to us following any change of the Privacy Notice, that signifies your assent to and acceptance of the changes to the Privacy Notice.

**Accessing and Correcting Information; Contact Us**

If you have questions, would like to correct your Personal Information, or want to opt-out of information sharing for affiliate marketing, visit FNF's Opt Out Page or contact us by phone at (888) 934-3354 or by mail to:

Fidelity National Financial, Inc.
601 Riverside Avenue
Jacksonville, Florida 32204
Attn: Chief Privacy Officer

# ATTACHMENT ONE (Revised 05-06-16)

## CALIFORNIA LAND TITLE ASSOCIATION
## STANDARD COVERAGE POLICY – 1990

### EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1.  (a) Any law, ordinance or governmental regulation (including but not limited to building or zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien, or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
    (b) Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
2.  Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.
3.  Defects, liens, encumbrances, adverse claims or other matters:
    (a) whether or not recorded in the public records at Date of Policy, but created, suffered, assumed or agreed to by the insured claimant;
    (b) not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became an insured under this policy;
    (c) resulting in no loss or damage to the insured claimant;
    (d) attaching or created subsequent to Date of Policy; or
    (e) resulting in loss or damage which would not have been sustained if the insured claimant had paid value for the insured mortgage or for the estate or interest insured by this policy.
4.  Unenforceability of the lien of the insured mortgage because of the inability or failure of the insured at Date of Policy, or the inability or failure of any subsequent owner of the indebtedness, to comply with the applicable doing business laws of the state in which the land is situated.
5.  Invalidity or unenforceability of the lien of the insured mortgage, or claim thereof, which arises out of the transaction evidenced by the insured mortgage and is based upon usury or any consumer credit protection or truth in lending law.
6.  Any claim, which arises out of the transaction vesting in the insured the estate of interest insured by this policy or the transaction creating the interest of the insured lender, by reason of the operation of federal bankruptcy, state insolvency or similar creditors' rights laws.

### EXCEPTIONS FROM COVERAGE - SCHEDULE B, PART I

This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees or expenses) which arise by reason of:

1.  Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public records.
    Proceedings by a public agency which may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the public records.
2.  Any facts, rights, interests, or claims which are not shown by the public records but which could be ascertained by an inspection of the land or which may be asserted by persons in possession thereof.
3.  Easements, liens or encumbrances, or claims thereof, not shown by the public records.
4.  Discrepancies, conflicts in boundary lines, shortage in area, encroachments, or any other facts which a correct survey would disclose, and which are not shown by the public records.
5.  (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b) or (c) are shown by the public records.
6.  Any lien or right to a lien for services, labor or material not shown by the public records.

### CLTA HOMEOWNER'S POLICY OF TITLE INSURANCE (12-02-13)
### ALTA HOMEOWNER'S POLICY OF TITLE INSURANCE

### EXCLUSIONS

In addition to the Exceptions in Schedule B, You are not insured against loss, costs, attorneys' fees, and expenses resulting from:

1.  Governmental police power, and the existence or violation of those portions of any law or government regulation concerning:
    a. building;
    b. zoning;
    c. land use;
    d. improvements on the Land;
    e. land division; and
    f. environmental protection.
    This Exclusion does not limit the coverage described in Covered Risk 8.a., 14, 15, 16, 18, 19, 20, 23 or 27.
2.  The failure of Your existing structures, or any part of them, to be constructed in accordance with applicable building codes. This Exclusion does not limit the coverage described in Covered Risk 14 or 15.
3.  The right to take the Land by condemning it.  This Exclusion does not limit the coverage described in Covered Risk 17.
4.  Risks:
    a. that are created, allowed, or agreed to by You, whether or not they are recorded in the Public Records;
    b. that are Known to You at the Policy Date, but not to Us, unless they are recorded in the Public Records at the Policy Date;

---

Attachment One – CA (Rev. 05-06-16)                                                                                                Page 1

**© California Land Title Association. All rights reserved.**
The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

EXHIBIT 5, PAGE 181

    c.   that result in no loss to You; or
    d.   that first occur after the Policy Date - this does not limit the coverage described in Covered Risk 7, 8.e., 25, 26, 27 or 28.
5.   Failure to pay value for Your Title.
6.   Lack of a right:
    a.   to any land outside the area specifically described and referred to in paragraph 3 of Schedule A; and
    b.   in streets, alleys, or waterways that touch the Land.
    This Exclusion does not limit the coverage described in Covered Risk 11 or 21.
7.   The transfer of the Title to You is invalid as a preferential transfer or as a fraudulent transfer or conveyance under federal bankruptcy, state insolvency, or similar creditors' rights laws.
8.   Contamination, explosion, fire, flooding, vibration, fracturing, earthquake, or subsidence.
9.   Negligence by a person or an Entity exercising a right to extract or develop minerals, water, or any other substances.

## LIMITATIONS ON COVERED RISKS

Your insurance for the following Covered Risks is limited on the Owner's Coverage Statement as follows:
- For Covered Risk 16, 18, 19, and 21 Your Deductible Amount and Our Maximum Dollar Limit of Liability shown in Schedule A.

The deductible amounts and maximum dollar limits shown on Schedule A are as follows:

|  | Your Deductible Amount | Our Maximum Dollar Limit of Liability |
|---|---|---|
| Covered Risk 16: | 1.00% of Policy Amount Shown in Schedule A or $2,500.00 (whichever is less) | $ 10,000.00 |
| Covered Risk 18: | 1.00% of Policy Amount Shown in Schedule A or $5,000.00 (whichever is less) | $ 25,000.00 |
| Covered Risk 19: | 1.00% of Policy Amount Shown in Schedule A or $5,000.00 (whichever is less) | $ 25,000.00 |
| Covered Risk 21: | 1.00% of Policy Amount Shown in Schedule A or $2,500.00 (whichever is less) | $ 5,000.00 |

## 2006 ALTA LOAN POLICY (06-17-06)

## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:
1.  (a)  Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
      (i)   the occupancy, use, or enjoyment of the Land;
      (ii)  the character, dimensions, or location of any improvement erected on the Land;
      (iii) the subdivision of land; or
      (iv) environmental protection;
     or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5.
    (b)  Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 6.
2.   Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.
3.   Defects, liens, encumbrances, adverse claims, or other matters
    (a)  created, suffered, assumed, or agreed to by the Insured Claimant;
    (b)  not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
    (c)  resulting in no loss or damage to the Insured Claimant;
    (d)  attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 11, 13 or 14); or
    (e)  resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Insured Mortgage.
4.   Unenforceability of the lien of the Insured Mortgage because of the inability or failure of an Insured to comply with applicable doing-business laws of the state where the Land is situated.
5.   Invalidity or unenforceability in whole or in part of the lien of the Insured Mortgage that arises out of the transaction evidenced by the Insured Mortgage and is based upon usury or any consumer credit protection or truth-in-lending law.
6.   Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction creating the lien of the Insured Mortgage, is
    (a)  a fraudulent conveyance or fraudulent transfer, or
    (b)  a preferential transfer for any reason not stated in Covered Risk 13(b) of this policy.
7.   Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching between Date of Policy and the date of recording of the Insured Mortgage in the Public Records.  This Exclusion does not modify or limit the coverage provided under Covered Risk 11(b).

The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

## EXCEPTIONS FROM COVERAGE

{Except as provided in Schedule B - Part II,{ t{or T}his policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees or expenses, that arise by reason of:

---

Attachment One – CA (Rev. 05-06-16)                                               Page 2

© California Land Title Association. All rights reserved.
The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

## {PART I

{The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

1. (a) Taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records; (b) proceedings by a public agency that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.
2. Any facts, rights, interests, or claims that are not shown by the Public Records but that could be ascertained by an inspection of the Land or that may be asserted by persons in possession of the Land.
3. Easements, liens or encumbrances, or claims thereof, not shown by the Public Records.
4. Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land and not shown by the Public Records.
5. (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b), or (c) are shown by the Public Records.
6. Any lien or right to a lien for services, labor or material not shown by the Public Records.}

## PART II

In addition to the matters set forth in Part I of this Schedule, the Title is subject to the following matters, and the Company insures against loss or damage sustained in the event that they are not subordinate to the lien of the Insured Mortgage:}

## 2006 ALTA OWNER'S POLICY (06-17-06)

## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:

1. (a) Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
   (i) the occupancy, use, or enjoyment of the Land;
   (ii) the character, dimensions, or location of any improvement erected on the Land;
   (iii) the subdivision of land; or
   (iv) environmental protection;
   or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5.
   (b) Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 6.
2. Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.
3. Defects, liens, encumbrances, adverse claims, or other matters
   (a) created, suffered, assumed, or agreed to by the Insured Claimant;
   (b) not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
   (c) resulting in no loss or damage to the Insured Claimant;
   (d) attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 9 and 10); or
   (e) resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Title.
4. Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction vesting the Title as shown in Schedule A, is
   (a) a fraudulent conveyance or fraudulent transfer; or
   (b) a preferential transfer for any reason not stated in Covered Risk 9 of this policy.
5. Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching between Date of Policy and the date of recording of the deed or other instrument of transfer in the Public Records that vests Title as shown in Schedule A.

The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

## EXCEPTIONS FROM COVERAGE

This policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees or expenses,  that arise by reason of:

{The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

1. (a) Taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records; (b) proceedings by a public agency that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.
2. Any facts, rights, interests, or claims that are not shown in the Public Records but that could be ascertained by an inspection of the Land or that may be asserted by persons in possession of the Land.
3. Easements, liens or encumbrances, or claims thereof, not shown by the Public Records.
4. Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land and that are not shown by the Public Records.
5. (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b), or (c) are shown by the Public Records.
6. Any lien or right to a lien for services, labor or material not shown by the Public Records. }
7. {Variable exceptions such as taxes, easements, CC&R's, etc. shown here.}

Attachment One – CA (Rev. 05-06-16)                                                                                           Page 3

© California Land Title Association. All rights reserved.
The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

**ALTA EXPANDED COVERAGE RESIDENTIAL LOAN POLICY – ASSESSMENTS PRIORITY (04-02-15)**

**EXCLUSIONS FROM COVERAGE**

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1.   (a)  Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
    (i)   the occupancy, use, or enjoyment of the Land;
    (ii)  the character, dimensions, or location of any improvement erected on the Land;
    (iii) the subdivision of land; or
    (iv) environmental protection;
    or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5, 6, 13(c), 13(d), 14 or 16.
  (b)  Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 5, 6, 13(c), 13(d), 14 or 16.
2.   Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.
3.   Defects, liens, encumbrances, adverse claims, or other matters
  (a)  created, suffered, assumed, or agreed to by the Insured Claimant;
  (b)  not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
  (c)  resulting in no loss or damage to the Insured Claimant;
  (d)  attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 11, 16, 17, 18, 19, 20, 21, 22, 23, 24, 27 or 28); or
  (e)  resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Insured Mortgage.
4.   Unenforceability of the lien of the Insured Mortgage because of the inability or failure of an Insured to comply with applicable doing-business laws of the state where the Land is situated.
5.   Invalidity or unenforceability in whole or in part of the lien of the Insured Mortgage that arises out of the transaction evidenced by the Insured Mortgage and is based upon usury, or any consumer credit protection or truth-in-lending law. This Exclusion does not modify or limit the coverage provided in Covered Risk 26.
6.   Any claim of invalidity, unenforceability or lack of priority of the lien of the Insured Mortgage as to Advances or modifications made after the Insured has Knowledge that the vestee shown in Schedule A is no longer the owner of the estate or interest covered by this policy. This Exclusion does not modify or limit the coverage provided in Covered Risk 11.
7.   Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching subsequent to Date of Policy. This Exclusion does not modify or limit the coverage provided in Covered Risk 11(b) or 25.
8.   The failure of the residential structure, or any portion of it, to have been constructed before, on or after Date of Policy in accordance with applicable building codes. This Exclusion does not modify or limit the coverage provided in Covered Risk 5 or 6.
9.   Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction creating the lien of the Insured Mortgage, is
  (a)  a fraudulent conveyance or fraudulent transfer, or
  (b)  a preferential transfer for any reason not stated in Covered Risk 27(b) of this policy.
10.   Contamination, explosion, fire, flooding, vibration, fracturing, earthquake, or subsidence.
11.   Negligence by a person or an Entity exercising a right to extract or develop minerals, water, or any other substances.

**© California Land Title Association. All rights reserved.**
The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

EXHIBIT 5, PAGE 184



This map/plat is being furnished as an aid in locating the herein described Land in relation to adjoining streets, natural boundaries and other land, and is not a survey of the land depicted. Except to the extent a policy of title insurance is expressly modified by endorsement, if any, the Company does not insure dimensions, distances, location of easements, acreage or other matters shown thereon.

EXHIBIT 5, PAGE 185

**EXHIBIT 6**



Fidelity National Title - OC
1300 Dove Street, 3rd Floor, Newport Beach, CA
92660

# Preliminary Report

Fidelity National Title - OC
1300 Dove Street, 3rd Floor, Newport Beach, CA
92660
Phone: (949) 788-2800
Fax: (949) 341-0251

Title Officer: Blake.Uradomo
Email: Blake.Uradomo@fnf.com
Phone No.: (949) 788-2800
Fax No.: (949) 341-0251
File No.: 00346566-997-OC1-245

Property Address: Vacant Land, Coachella, CA

## Introducing



LiveLOOK title document delivery system is designed to provide 24/7 real-time access to all information related to a title insurance transaction.

Access title reports, exception documents, an easy-to-use summary page, and more, at your fingertips and your convenience.

To view your new Fidelity National Title First Alert powered by LiveLOOK report, Click Here



**Effortless, Efficient, Compliant, and Accessible**

EXHIBIT 6, PAGE 186

**Fidelity National Title Company**
1300 Dove Street, 3rd Floor, Newport Beach, CA 92660
Phone: (949) 788-2800  •  Fax: (949) 341-0251

Issuing Policies of Fidelity National Title Insurance Company

---

Title Officer:  **Blake.Uradomo**                                    ORDER NO.:  **00346566-997-OC1-245**
Phone:  **(949) 788-2800**
Fax:  **(949) 341-0251**                                                          LOAN NO.:
Email:  **Blake.Uradomo@fnf.com**

Fidelity National Title Company
1300 Dove Street, 3rd Floor
Newport Beach, CA 92660

ATTN:        Ben Llorin
YOUR REF:

PROPERTY:      **Vacant Land, Coachella, CA**

---

## PRELIMINARY REPORT

*In response to the application for a policy of title insurance referenced herein,* **Fidelity National Title Company** *hereby reports that it is prepared to issue, or cause to be issued, as of the date hereof, a policy or policies of title insurance describing the land and the estate or interest therein hereinafter set forth, insuring against loss which may be sustained by reason of any defect, lien or encumbrance not shown or referred to as an exception herein or not excluded from coverage pursuant to the printed Schedules, Conditions and Stipulations or Conditions of said policy forms.*

*The printed Exceptions and Exclusions from the coverage and Limitations on Covered Risks of said policy or policies are set forth in Attachment One. The policy to be issued may contain an arbitration clause. When the Amount of Insurance is less than that set forth in the arbitration clause, all arbitrable matters shall be arbitrated at the option of either the Company or the Insured as the exclusive remedy of the parties. Limitations on Covered Risks applicable to the CLTA and ALTA Homeowner's Policies of Title Insurance which establish a Deductible Amount and a Maximum Dollar Limit of Liability for certain coverages are also set forth in Attachment One. Copies of the policy forms should be read. They are available from the office which issued this report.*

*This report (and any supplements or amendments hereto) is issued solely for the purpose of facilitating the issuance of a policy of title insurance and no liability is assumed hereby. If it is desired that liability be assumed prior to the issuance of a policy of title insurance, a Binder or Commitment should be requested.*

*The policy(s) of title insurance to be issued hereunder will be policy(s) of Fidelity National Title Insurance Company, a Florida Corporation.*

**Please read the exceptions shown or referred to herein and the exceptions and exclusions set forth in Attachment One of this report carefully. The exceptions and exclusions are meant to provide you with notice of matters which are not covered under the terms of the title insurance policy and should be carefully considered.**

**It is important to note that this preliminary report is not a written representation as to the condition of title and may not list all liens, defects and encumbrances affecting title to the land.**

Countersigned by:

*Kelly [signature]*

Authorized Signature

---

EXHIBIT 6, PAGE 187

**Fidelity National Title Company**
1300 Dove Street, 3rd Floor, Newport Beach, CA 92660
Phone: (949) 788-2800    •    Fax: (949) 341-0251

# PRELIMINARY REPORT

---

**EFFECTIVE DATE:**          **March 24, 2021 at 7:30 a.m.**

**ORDER NO.:  00346566-997-OC1-245**

The form of policy or policies of title insurance contemplated by this report is:

**CLTA Standard Coverage Policy of Title Insurance (4-8-14)**

1.    THE ESTATE OR INTEREST IN THE LAND HEREINAFTER DESCRIBED OR REFERRED TO COVERED BY THIS REPORT IS:

**A Fee**

2.    TITLE TO SAID ESTATE OR INTEREST AT THE DATE HEREOF IS VESTED IN:

**Glenroy Coachella, LLC, a Delaware limited liability company, as to an undivided 70.5% interest;
Force Rubin, LLC, a Delaware limited liability company, as to an undivided 21.2115% interest;
Force Rubin 2, LLC, a Delaware limited liability company, as to an undivided 3.7885% interest; and
Coachella Resort, LLC, a California limited liability company, as to an undivided 4.5% interest,**

3.    THE LAND REFERRED TO IN THIS REPORT IS DESCRIBED AS FOLLOWS:

**See Exhibit A attached hereto and made a part hereof.**

EXHIBIT 6, PAGE 188

PRELIMINARY REPORT                                                                Fidelity National Title Company
YOUR REFERENCE:                                                          ORDER NO.:  00346566-997-OC1-245

## EXHIBIT A

## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF COACHELLA, IN THE COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCEL 6 OF PARCEL MAP NO. 37310, IN THE CITY OF COACHELLA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, ACCORDING TO MAP ON FILE IN BOOK 243, PAGES 82 THROUGH 84 OF PARCEL MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

EXCEPTING THEREFROM THAT PORTION OF THE PROPERTY CONVEYED TO THE CITY OF COACHELLA, A MUNICIPAL CORPORATION, AS DESCRIBED IN DOCUMENT ENTITLED "CERTIFICATE OF ACCEPTANCE (GRANT OF EASEMENT), RECORDED SEPTEMBER 6, 2018 AS INSTRUMENT NO. 2018-359087 OF OFFICIAL RECORDS.

APN:  **603-220-069**

EXHIBIT 6, PAGE 189

# EXCEPTIONS

**AT THE DATE HEREOF, ITEMS TO BE CONSIDERED AND EXCEPTIONS TO COVERAGE IN ADDITION TO THE PRINTED EXCEPTIONS AND EXCLUSIONS IN SAID POLICY FORM WOULD BE AS FOLLOWS:**

1.   Property taxes, which are a lien not yet due and payable, including any assessments collected with taxes to be levied for the fiscal year 2021-2022.

2.   Property taxes, including any personal property taxes and any assessments collected with taxes are as follows:

| | |
|---|---|
| Code Area: | 012-037 |
| Tax Identification No.: | 603-220-069 |
| Fiscal Year: | 2020-2021 |
| 1st Installment: | $415,371.72, Paid |
| 2nd Installment: | $415,371.72, Open |
| Exemption: | $0.00 |
| Land: | $5,746,648.00 |
| Improvements: | $0.00 |
| Personal Property: | $0.00 |
| Bill No.: | 2020003466360 |

3.   The lien of supplemental or escaped assessments of property taxes, if any, made pursuant to the provisions of Chapter 3.5 or Part 2, Chapter 3, Articles 3 and 4 respectively (commencing with Section 75) of the Revenue and Taxation Code of the State of California as a result of the transfer of title to the vestee named in Schedule A; or as a result of changes in ownership or new construction occurring prior to date of policy.

4.   The herein described Land is within the boundaries of the Mello-Roos Community Facilities District(s). The annual assessments, if any, are collected with the county property taxes. Failure to pay said taxes prior to the delinquency date may result in the above assessment being removed from the county tax roll and subjected to Accelerated Judicial Bond Foreclosure. Inquiry should be made with said District for possible stripped assessments and prior delinquencies.

5.   A Notice

| | |
|---|---|
| Entitled: | Notice of Assessment |
| For: | Coachella Community Center Project Assessment District No. 92-1 |
| Executed by: | The Coachella Valley Recreation & Parks District |
| Recording Date: | October 13, 1992 |
| Recording No: | Instrument No. 1992-385076 Official Records |

Reference is hereby made to said document for full particulars.

6.   Any assessments which may be levied against the herein described property by virtue of the fact that said land lies within the boundaries of Community Facilities District 2018-1 (Glenroy) adopted by the City of Coachella, a boundary map of which is on file in Book 82, Page 7 of Maps of Assessment and Community Facilities Districts, recorded February 21, 2018 as Instrument No. 2018-0064380 Official Records, and amended in Book 82, Page 38, recorded April 25, 2018 as Instrument No. 2018-158456 Official Records.

7.   The herein described property lies within the boundaries of a Mello-Roos Community Facilities District (CFD) as follows:

| | |
|---|---|
| CFD No: | 2005-1 |
| For: | Community Facilities District No. 2005-1 (Law Enforcement, Fire and Paramedic Services) |
| Disclosed by: | Notice of Special Tax lien |
| Recording Date: | November 3, 2005 |
| Recording No.: | Instrument No. 2005-0916803, of Official Records |

EXHIBIT 6, PAGE 190

PRELIMINARY REPORT
YOUR REFERENCE:
Fidelity National Title Company
ORDER NO.:  00346566-997-OC1-245

## EXCEPTIONS
### (Continued)

This property, along with all other parcels in the CFD, is liable for an annual special tax. This special tax is included with and payable with the general property taxes of the City of Coachella, County of Riverside.
The tax may not be prepaid.

Matters contained in that certain document

| | |
|---|---|
| Entitled: | Amendment No. 3 to Notice of Special Tax Lien |
| Recording Date: | October 6, 2006 |
| Recording No: | Instrument No. 2006-0741243, of Official Records |

Reference is hereby made to said document for full particulars.

8.  The herein described property lies within the boundaries of a Mello-Roos Community Facilities District (CFD) as follows:

| | |
|---|---|
| CFD No: | 2018-1 |
| For: | Community Facilities District No. 2018-1 |
| Disclosed by: | Notice of Special Tax Lien |
| Recording Date: | June 4, 2018 |
| Recording No.: | Instrument No. 2018-0225621 Official Records |

This property, along with all other parcels in the CFD, is liable for an annual special tax. This special tax is included with and payable with the general property taxes of the City of Coachella, County of Riverside.

The tax may not be prepaid.

9.  Assessments and other matters as contained in documents entitled Payment of Contractual Assessment Required, recorded April 25, 2018, as Document No. 2018-0160477, of Official, pursuant to Chapter 29 of Part 3 of Division 7 of the California Streets and Highways Code providing for the assessments. Said assessments are collected with county taxes. The assessment may be prepaid.

Reference is hereby made to said documents for further particulars.

Matters contained in that certain document

| | |
|---|---|
| Entitled: | Addendum No. 1 to Notice of Assessment and Payment of Contractual Assessment Required |
| Recording Date: | September 29, 2020 |
| Recording No: | Instrument No. 2020-0464148, of Official Records |

Reference is hereby made to said document for full particulars.

PRELIMINARY REPORT                                                                        Fidelity National Title Company
YOUR REFERENCE:                                                                          ORDER NO.:  00346566-997-OC1-245

## EXCEPTIONS
### (Continued)

10.     Water rights, claims or title to water, whether or not disclosed by the public records.

11.     Covenants, conditions and restrictions but omitting any covenants or restrictions, if any, including but not limited to those based upon race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, veteran or military status, genetic information, medical condition, citizenship, primary language, and immigration status, as set forth in applicable state or federal laws, except to the extent that said covenant or restriction is permitted by applicable law, as set forth in the document

        Recording Date:         June 6, 1892
        Recording No:           in Book 202, Page 144, of Deeds, San Diego County Records

        Said covenants, conditions and restrictions provide that a violation thereof shall not defeat the lien of any mortgage or deed of trust made in good faith and for value.

12.     Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

        Granted to:             Coachella Valley Ice and Electric Company
        Purpose:                Transmission and distribution of electricity and telephonic communication and telegraphic communication
        Recording Date:         June 04, 1914
        Recording No:           in Book 398, Page 130, of Deeds
        Affects:                A portion of said land as described therein

13.     Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

        Granted to:             The United States of America
        Purpose:                Water pipeline
        Recording Date:         July 19, 1949
        Recording No:           in Book 1095, Page 306, of Official Records
        Affects:                A portion of said land as described therein

        Matters contained in that certain document

        Entitled:               Quitclaim Deed and Release
        Recording Date:         July 31, 2018
        Recording No:           Instrument No. 2018-0307549, of Official Records

        Reference is hereby made to said document for full particulars.

14.     Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

        Granted to:             Coachella Valley County Water District
        Purpose:                Pipeline
        Recording Date:         September 21, 1960
        Recording No:           Instrument No. 1960-82454, of Official Records
        Affects:                A portion of said land as described therein

EXHIBIT 6, PAGE 192

## EXCEPTIONS
### (Continued)

15.    Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

|  |  |
|---|---|
| Granted to: | Imperial Irrigation District |
| Purpose: | Public utilities |
| Recording Date: | July 22, 1970 |
| Recording No: | Instrument No. 1970-70546, of Official Records |
| Affects: | A portion of said land as described therein |

16.    Easements as shown and/or dedicated upon the recorded map referenced in the legal description in Schedule A as Parcel Map 37310, in the City of Coachella, County of Riverside, State of California, according to map on file in Book 243, Pages 82 through 84 inclusive of Parcel Maps, records of Riverside County, California, together with any provisions and recitals contained therein.

Reference is hereby made to said document for full particulars.

17.    The Land described herein is included within a project area of the Redevelopment Agency shown below, and that proceedings for the redevelopment of said project have been instituted under the Redevelopment Law (such redevelopment to proceed only after the adoption of the Redevelopment Plan) as disclosed by a document.

|  |  |
|---|---|
| Redevelopment Agency: | City of Coachella |
| Recording Date: | July 10, 2007 |
| Recording No: | Instrument No. 2007-0449636, of Official Records |
| and Recording Date: | July 10, 2007 |
| and Recording No: | Instrument No. 2007-0449637, of Official Records |

18.    Recitals as shown on Parcel Map 37310

|  |  |
|---|---|
| Recording No: | in Book 243, Pages 82 to 84 inclusive of Parcel Maps |
| Which among other things recites: | The real property described below is dedicated in fee for street and public utility purposes: Lot "A" as shown hereon. |
|  | As a condition of dedication of Lot "A" (Avenue 48), the owners of Parcels 1-4, and 6, inclusive, abutting this right of way and during such time will have no rights of access except the general easement of travel. Any change of alignment or width that results in the vacation thereof shall terminate this condition of access rights as to the party vacated. |

Reference is hereby made to said document for full particulars.

19.    The following matters shown or disclosed by the filed or recorded map referred to in the legal description: Various notes and recitals

20.    Easement(s) for the purpose(s) shown below and rights incidental thereto as delineated or as offered for dedication, on the map of said tract/plat;

|  |  |
|---|---|
| Purpose: | Landscape and/or retention basin |
| Affects: | As shown on said map |

EXHIBIT 6, PAGE 193

PRELIMINARY REPORT                                                                    Fidelity National Title Company
YOUR REFERENCE:                                                              ORDER NO.:  00346566-997-OC1-245

## EXCEPTIONS
### (Continued)

21.    Matters contained in that certain document

| | |
|---|---|
| Entitled: | Water Quality Management Plan and Urban Runoff BMP Transfer, Access and Maintenance Agreement |
| Recording Date: | December 06, 2017 |
| Recording No: | Instrument No. 2017-0512010, of Official Records |

Reference is hereby made to said document for full particulars.

22.    Matters contained in that certain document

| | |
|---|---|
| Entitled: | Glenroy Resort Development Agreement |
| Recording Date: | March 8, 2018 |
| Recording No: | Instrument No. 2018-0089219, of Official Records |

Reference is hereby made to said document for full particulars.

23.    Terms and provisions contained in that certain unrecorded Parking License Agreement dated April 20, 2018 by and between Glenroy Coachella, LLC and Force-DMP LLC.

24.    Matters contained in that certain document

| | |
|---|---|
| Entitled: | Memorandum of Tenancy in Common Agreement |
| Recording Date: | April 24, 2018 |
| Recording No: | Instrument No. 2018-0156322, of Official Records |

Reference is hereby made to said document for full particulars.

25.    Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

| | |
|---|---|
| Granted to: | The City of Coachella |
| Purpose: | Public utilities and incidental purposes |
| Recording Date: | September 06, 2018 |
| Recording No: | Instrument No. 2018-0359087, of Official Records |
| Affects: | A portion of said land as described therein |

26.    Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

| | |
|---|---|
| Granted to: | Southern California Gas Company, a California Corporation, its successors and assigns |
| Purpose: | Public utilities and incidental purposes |
| Recording Date: | October 26, 2018 |
| Recording No: | Instrument No. 2018-0423528, of Official Records |
| Affects: | A portion of said land as described therein |

EXHIBIT 6, PAGE 194

## EXCEPTIONS
### (Continued)

27.    A deed of trust to secure an indebtedness in the amount shown below,

| | |
|---|---|
| Amount: | $24,400,000.00 |
| Dated: | April 26, 2018 |
| Trustor/Grantor | Glenroy Coachella, LLC, a Delaware limited liability company; Force Rubin, LLC, a Delaware limited liability company; Force Rubin 2, LLC, a Delaware limited liability company; and Coachella Resort, LLC, a California limited liability company |
| Trustee: | Stewart Title of California, Inc., a California corporation |
| Beneficiary: | U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership |
| Loan No.: | None shown |
| Recording Date: | April 26, 2018 |
| Recording No: | Instrument No. 2018-0162476, of Official Records |

| | |
|---|---|
| Affects: | The herein described Land and other land. |

A substitution of trustee under said deed of trust which names, as the substituted trustee, the following

| | |
|---|---|
| Trustee: | Fidelity National Title Company |
| Recording Date: | September 09, 2019 |
| Recording No: | Instrument No. 2019-0350103, of Official Records |

A notice of default under the terms of said trust deed

| | |
|---|---|
| Executed by: | Fidelity National Title Company |
| Recording Date: | September 09, 2019 |
| Recording No: | Instrument No. 2019-0350104, of Official Records |

A notice of trustee's sale under said deed of trust

| | |
|---|---|
| Executed by: | Fidelity National Title Company |
| Date, Time and Place of Sale: | February 9, 2021, at 09:00 AM, in front of the Corona Civic Center, 849 W. Sixth Street, Corona, CA 92882 |
| Recording Date: | January 14, 2021 |
| Recording No: | Instrument No. 2021-0025741, of Official Records |

28.    An assignment of all the moneys due, or to become due as rental, as additional security for the obligations secured by deed of trust shown as item above

| | |
|---|---|
| Assigned to: | U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership |
| Recording Date: | April 26, 2018 |
| Recording No: | Instrument No. 2018-0162477, of Official Records |

29.    A financing statement as follows:

| | |
|---|---|
| Debtor: | Glenroy Coachella, LLC, a Delaware limited liability company; Force Rubin, LLC, a Delaware limited liability company; Force Rubin 2, LLC, a Delaware limited liability company; and Coachella Resort, LLC, a California limited liability company |
| Secured Party: | U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership |
| Recording Date: | April 26, 2018 |
| Recording No: | Instrument No. 2018-0162478, of Official Records |

EXHIBIT 6, PAGE 195

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346566-997-OC1-245

## EXCEPTIONS
### (Continued)

30.     A claim of mechanic's lien or materialman's lien

   Claimant:              Hi-Grade Materials Co
   Amount:                $32,847.96
   Recording Date:        July 5, 2018
   Recording No:          Instrument No. 2018-0273102, of Official Records

31.     A claim of mechanic's lien or materialman's lien

   Claimant:              Glendale Plumbing and Fire Supply
   Amount:                $23,792.54
   Recording Date:        October 26, 2018
   Recording No:          Instrument No. 2018-0423202, of Official Records

32.     A claim of mechanic's lien or materialman's lien

   Claimant:              Constructure, Inc.
   Amount:                $301,119.50
   Recording Date:        January 22, 2019
   Recording No:          Instrument No. 2019-0022660, of Official Records

33.     A claim of mechanic's lien or materialman's lien

   Claimant:              Ferguson Enterprises, LLC.
   Amount:                $119,569.73
   Recording Date:        May 22, 2019
   Recording No:          Instrument No. 2019-0179443, of Official Records

34.     A claim of mechanic's lien or materialman's lien

   Claimant:              Superior Ready Mix Concrete L.P.
   Amount:                $20,571.27
   Recording Date:        May 29, 2019
   Recording No:          Instrument No. 2019-0190540, of Official Records

35.     A claim of mechanic's lien or materialman's lien

   Claimant:              The Sherwin-Williams Company
   Amount:                $33,333.11
   Recording Date:        June 3, 2019
   Recording No:          Instrument No. 2019-0198410, of Official Records

   Said mechanic's lien has been partially released by instrument

   Recording Date:        July 10, 2019
   Recording No:          Instrument No. 2019-0252361, of Official Records

   Claimant reduces its Mechanics' Lien by $6,538.32, to reflect the current amount subject to the Claimant's
   Mechanics' Lien in the sum of $26,794.79.

EXHIBIT 6, PAGE 196

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346566-997-OC1-245

## EXCEPTIONS
### (Continued)

36.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | GF Investment Group, Inc. |
| Amount: | $259,695.63 |
| Recording Date: | June 6, 2019 |
| Recording No: | Instrument No. 2019-0204095, of Official Records |

37.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Blair Air, Inc. Dba Blair Heating & Air |
| Amount: | $297,443.80 |
| Recording Date: | June 7, 2019 |
| Recording No: | Instrument No. 2019-0206598, of Official Records |

38.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Hajoca Corporation |
| Amount: | $39,636.17 |
| Recording Date: | June 11, 2019 |
| Recording No: | Instrument No. 2019-0210159, of Official Records |

39.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | American Builders and Contractors Supply Co., Inc. – ABC Supply Co., Inc. |
| Amount: | $24,813.58 |
| Recording Date: | June 13, 2019 |
| Recording No: | Instrument No. 2019-0213172, of Official Records |

40.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Desert Electric Supply |
| Amount: | $61,574.60 |
| Recording Date: | June 18, 2019 |
| Recording No: | Instrument No. 2019-0218809, of Official Records |

EXHIBIT 6, PAGE 197

**EXCEPTIONS**
**(Continued)**

41.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Apple J Plumbing, Inc. |
| Amount: | $175,845.06 |
| Recording Date: | June 18, 2019 |
| Recording No: | Instrument No. 2019-0219453, of Official Records |

42.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Jacobsson Engineering Construction, Inc. |
| Amount: | $1,042,299.00 |
| Recording Date: | June 21, 2019 |
| Recording No: | Instrument No. 2019-0225760, of Official Records |

43.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | West Coast Sand and Gravel, Inc. |
| Amount: | $21,666.29 |
| Recording Date: | July 10, 2019 |
| Recording No: | Instrument No. 2019-0253543, of Official Records |

44.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Superior Pool Products, LLC |
| Amount: | $14,386.05 |
| Recording Date: | July 11, 2019 |
| Recording No: | Instrument No. 2019-0254740 Official Records |

45.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Resource Building Materials |
| Amount: | $1,905.04 |
| Recording Date: | July 15, 2019 |
| Recording No: | Instrument No. 2019-0258520, of Official Records |

46.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | L&W Supply Corporation |
| Amount: | $10,861.98 |
| Recording Date: | August 05, 2019 |
| Recording No: | Instrument No. 2019-0293318, of Official Records |

47.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | L&W Supply Corporation |
| Amount: | $8,643.42 |
| Recording Date: | August 05, 2019 |
| Recording No: | Instrument No. 2019-0293319, of Official Records |

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346566-997-OC1-245

## EXCEPTIONS
### (Continued)

48.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Desert Palms Electric, Inc. |
| Amount: | $389,839.09 |
| Recording Date: | August 6, 2019 |
| Recording No: | Instrument No. 2019-0295567, of Official Records |

49.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Gauston Corp |
| Amount: | $21,153.36 |
| Recording Date: | August 21, 2019 |
| Recording No: | Instrument No. 2019-0321135, of Official Records |

50.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Ferguson Enterprises, LLC |
| Amount: | $119,569.73 |
| Recording Date: | August 26, 2019 |
| Recording No: | Instrument No. 2019-0328148, of Official Records |

51.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | TemalPakh, Inc., dba The Works Floor & Wall |
| Amount: | $33,628.46 |
| Recording Date: | August 26, 2019 |
| Recording No: | Instrument No. 2019-0328428, of Official Records |

52.    A judgment for the amount shown below, and any other amounts due, entered in the United States District Court:

| | |
|---|---|
| Amount: | $89,110.62 (Damages) |
| Amount: | $5,164.42 (Attorney's Fees) |
| Debtor: | Glenroy Coachella, LLC, and Does 1-10 |
| Creditor: | Silhouette Outdoor Furniture, Inc. |
| Date entered: | July 02, 2019 |
| District: | Central, State of California |
| Case No: | EDCV 19-00373-CJC (KKx) |
| Recording Date: | August 29, 2019 |
| Recording No: | Instrument No. 2019-0336225, of Official Records |

53.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | BMC West, LLC |
| Amount: | $50,290.00 |
| Recording Date: | September 11, 2019 |
| Recording No: | Instrument No. 2019-0354394, of Official Records |

EXHIBIT 6, PAGE 199

PRELIMINARY REPORT                                                                 Fidelity National Title Company
YOUR REFERENCE:                                                          ORDER NO.:  00346566-997-OC1-245

## EXCEPTIONS
### (Continued)

54.    A claim of mechanic's lien or materialman's lien

    Claimant:                   Doug Wall Construction, Inc.
    Amount:                      $3,876,856.10
    Recording Date:         September 12, 2019
    Recording No:          Instrument No. 2019-0356369, of Official Records

As affected by an Amended Mechanics Lien

    Amount:                      $4,359,813.13
    Recording Date:         October 7, 2019
    Recording No:          Instrument No. 2019-0401936, of Official Records

55.    A pending court action as disclosed by a recorded notice:

    Plaintiff:                    Blair Air, Inc.
    Defendant:               Doug Wall Construction, Inc.; Glen Roy Coachella, LLC; et al
    County:                    Riverside
    Court:                      Superior
    Case No.:                 PSC 1906241
    Nature of Action:       Foreclosure of Mechanic Lien
    Recording Date:         September 20, 2019
    Recording No:          Instrument No. 2019-0370664, of Official Records

56.    A claim of mechanic's lien or materialman's lien

    Claimant:                   Al Miller & Sons Roofing Co., Inc.
    Amount:                      $111,631.71
    Recording Date:         September 20, 2019
    Recording No:          Instrument No. 2019-0372302, of Official Records

As affected by an Amended Mechanics Lien

    Amount:                      $153,901.00
    Recording Date:         October 7, 2019
    Recording No:          Instrument No. 2019-0402031, of Official Records

57.    A pending court action as disclosed by a recorded notice:

    Plaintiff:                    Mascorro Concrete Construction, Inc.
    Defendant:               Doug Wall Construction, Inc.; Glenroy Coachella, LLC; et al
    County:                    Riverside
    Court:                      Superior
    Case No.:                 PSC 1906560
    Nature of Action:       Foreclosure of Mechanic Lien
    Recording Date:         September 24, 2019
    Recording No:          Instrument No. 2019-0376608, of Official Records

Said Notice of Lis Pendens has been partially withdrawal by instrument

    Recording Date:         December 30, 2020
    Recording No:          Instrument No. 2020-0668680, of Official Records

EXHIBIT 6, PAGE 200

## EXCEPTIONS
### (Continued)

58.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Apple J. Plumbing, Inc. |
| Defendant: | Doug Wall Construction, Inc.; Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC 1906579 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | September 24, 2019 |
| Recording No: | Instrument No. 2019-0376609, of Official Records |

Said Notice of Lis Pendens has been partially withdrawal by instrument

| | |
|---|---|
| Recording Date: | December 30, 2020 |
| Recording No: | Instrument No. 2020-0668682, of Official Records |

59.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Desert Palms Electric, Inc. |
| Defendant: | Doug Wall Construction, Inc.; Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC 1906554 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | September 24, 2019 |
| Recording No: | Instrument No. 2019-0376610, of Official Records |

Said Notice of Lis Pendens has been partially withdrawal by instrument

| | |
|---|---|
| Recording Date: | December 30, 2020 |
| Recording No: | Instrument No. 2020-0668681, of Official Records |

60.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Ferguson Enterprises, Inc. |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC 1906136 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | September 24, 2019 |
| Recording No: | Instrument No. 2019-0376684, of Official Records |

61.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Southwest Plumbing inc. |
| Amount: | $111,141.13 |
| Recording Date: | September 24, 2019 |
| Recording No: | Instrument No. 2019-0377201, of Official Records |

EXHIBIT 6, PAGE 201

## EXCEPTIONS
### (Continued)

62.    A claim of mechanic's lien or materialman's lien

|  |  |
|---|---|
| Claimant: | All Phase Drywall & Development, Inc. |
| Amount: | $40,000.00 |
| Recording Date: | September 25, 2019 |
| Recording No: | Instrument No. 2019-0379585, of Official Records |

63.    A claim of mechanic's lien or materialman's lien

|  |  |
|---|---|
| Claimant: | All Phase Drywall & Development, Inc. |
| Amount: | $396,871.43 |
| Recording Date: | September 25, 2019 |
| Recording No: | Instrument No. 2019-0379586, of Official Records |

64.    A claim of mechanic's lien or materialman's lien

|  |  |
|---|---|
| Claimant: | Tandem West Glass, Inc. |
| Amount: | $387,752.38 |
| Recording Date: | September 25, 2019 |
| Recording No: | Instrument No. 2019-0379822, of Official Records |

As affected by an Amended Mechanics Lien

|  |  |
|---|---|
| Amount: | $795,971.26 |
| Recording Date: | October 7, 2019 |
| Recording No: | Instrument No. 2019-0402041, of Official Records |

As affected by a Second Amended Mechanics Lien

|  |  |
|---|---|
| Amount: | $449,849.39 |
| Recording Date: | October 11, 2019 |
| Recording No: | Instrument No. 2019-0410373, of Official Records |

65.    A claim of mechanic's lien or materialman's lien

|  |  |
|---|---|
| Claimant: | GF Investment Group, Inc. |
| Amount: | $250,695.63 |
| Recording Date: | September 27, 2019 |
| Recording No: | Instrument No. 2019-385786, of Official Records |

66.    A claim of mechanic's lien or materialman's lien

|  |  |
|---|---|
| Claimant: | La Hacienda Nursery & Landscape, Inc. |
| Amount: | $146,717.74 |
| Recording Date: | October 16, 2019 |
| Recording No: | Instrument No. 2019-0415743, of Official Records |

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346566-997-OC1-245

## EXCEPTIONS
### (Continued)

67.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Doug Wall Construction, Inc. |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1907309 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | October 16, 2019 |
| Recording No: | Instrument No. 2019-0415790, of Official Records |

68.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Tmalpakh, Inc., a California corporation dba The Works Floor & Wall |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1907262 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | October 23, 2019 |
| Recording No: | Instrument No. 2019-0428103, of Official Records |

Said Notice of Lis Pendens has been partially withdrawal by instrument

| | |
|---|---|
| Recording Date: | December 30, 2020 |
| Recording No: | Instrument No. 2020-0668684, of Official Records |

69.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Orco Block & Hardscape, a California corporation |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1907155 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | October 25, 2019 |
| Recording No: | Instrument No. 2019-0432553, of Official Records |

70.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | BMC West LLC, a Delaware limited liability company |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1908245 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | November 22, 2019 |
| Recording No: | Instrument No. 2019-0483250, of Official Records |

EXHIBIT 6, PAGE 203

### EXCEPTIONS
### (Continued)

71.    A pending court action as disclosed by a recorded notice:

|  |  |
|---|---|
| Plaintiff: | La Hacienda Nursery & Landscape, Inc., a California corporation |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1909423 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | January 2, 2020 |
| Recording No: | Instrument No. 2020-0000938, of Official Records |

72.    A pending court action as disclosed by a recorded notice:

|  |  |
|---|---|
| Plaintiff: | All Phase Drywall & Development, Inc., a California corporation |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1909367 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | January 9, 2020 |
| Recording No: | Instrument No. 2020-0009905, of Official Records |

73.    A pending court action as disclosed by a recorded notice:

|  |  |
|---|---|
| Plaintiff: | Tandem West Glass, Inc., a California corporation |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC 2000015 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | January 10, 2020 |
| Recording No: | Instrument No. 2020-0013976, of Official Records |

Said Notice of Lis Pendens has been partially withdrawal by instrument

|  |  |
|---|---|
| Recording Date: | December 30, 2020 |
| Recording No: | Instrument No. 2020-0668679, of Official Records |

74.    A pending court action as disclosed by a recorded notice:

|  |  |
|---|---|
| Plaintiff: | Al Miller & Sons Roofing, Inc., a California corporation |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC 2000009 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | January 10, 2020 |
| Recording No: | Instrument No. 2020-0013979, of Official Records |

Said Notice of Lis Pendens has been partially withdrawal by instrument

|  |  |
|---|---|
| Recording Date: | December 30, 2020 |
| Recording No: | Instrument No. 2020-0668683, of Official Records |

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346566-997-OC1-245

## EXCEPTIONS
### (Continued)

75.     Matters contained in that certain document

Entitled:                Stipulation and Order RE Appointment of Receiver and Preliminary Junction
Recording Date:          January 29, 2020
Recording No:            Instrument No. 2020-0044153, of Official Records

Reference is hereby made to said document for full particulars.

76.     A pending court action as disclosed by a recorded notice:

Plaintiff:               U.S. Real Estate Credit Holdings III-A, LP
Defendant:               Glenroy Coachella, LLC; et al
County:                  Riverside
Court:                   Superior
Case No.:                RIC1905743
Recording Date:          February 13, 2020
Recording No.:           Instrument No. 2020-0068228, of Official Records

77.     Certificate of Indebtedness of the Receiver – Receiver Certificate No. 1

Recording Date:          June 12, 2020
Recording No.:           Instrument No. 2020-0252044 Official Records

and Recording Date:      June 12, 2020
and Recording No:        Instrument No. 2020-0252045 Official Records

and Recording Date:      June 12, 2020
and Recording No:        Instrument No. 2020-0252046 Official Records

and Recording Date:      June 12, 2020
and Recording No:        Instrument No. 2020-0252047 Official Records

and Recording Date:      June 12, 2020
and Recording No:        Instrument No. 2020-0252048 Official Records

and Recording Date:      June 12, 2020
and Recording No:        Instrument No. 2020-0252049 Official Records

and Recording Date:      June 12, 2020
and Recording No:        Instrument No. 2020-0252050 Official Records

and Recording Date:      June 12, 2020
and Recording No:        Instrument No. 2020-0252051 Official Records

78.     A claim of mechanic's lien or materialman's lien

Claimant:                Gauston Corp
Amount:                  $28,829.75
Recording Date:          June 25, 2018
Recording No:            Instrument No. 2018-0255143, of Official Records

EXHIBIT 6, PAGE 205

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346566-997-OC1-245

## EXCEPTIONS
### (Continued)

79.     Any rights of the parties in possession of a portion of, or all of, said Land, which rights are not disclosed by the public records.

The Company will require, for review, a full and complete copy of any unrecorded agreement, contract, license and/or lease, together with all supplements, assignments and amendments thereto, before issuing any policy of title insurance without excepting this item from coverage.

The Company reserves the right to except additional items and/or make additional requirements after reviewing said documents.

80.     Any facts, rights, interests or claims that may exist or arise by reason of the following matters disclosed by a pending final ALTA/NSPS Survey prepared by Saxon Engineering Services, Inc., dated April 10, 2018, designated as Job No. Glenroy Coachella:

a. Electrical vaults located on the northerly property line of Parcel 4.
b. A cable television box located along the westerly boundary of Parcel 2.
c. An electrical transformer located along the westerly boundary of Parcel 2.
d. A street light pole encroaching in the southwest corner of Parcel 2.

81.     Any easements not disclosed by the public records as to matters affecting title to real property, whether or not said easements are visible and apparent.

82.     Discrepancies, conflicts in boundary lines, shortage in area, encroachments, or any other matters which a correct survey would disclose and which are not shown by the public records.

83.     Matters which may be disclosed by an inspection and/or by a correct ALTA/ACSM Land Title Survey of said Land that is satisfactory to the Company, and/or by inquiry of the parties in possession thereof.

**PLEASE REFER TO THE "INFORMATIONAL NOTES" AND "REQUIREMENTS" SECTIONS WHICH FOLLOW FOR INFORMATION NECESSARY TO COMPLETE THIS TRANSACTION.**

---

### END OF EXCEPTIONS

---

## REQUIREMENTS SECTION

1.  In order to complete this report, the Company requires a Statement of Information to be completed by the following party(s),

    Party(s):                    All Parties

    The Company reserves the right to add additional items or make further requirements after review of the requested Statement of Information.

    NOTE:  The Statement of Information is necessary to complete the search and examination of title under this order. Any title search includes matters that are indexed by name only, and having a completed Statement of Information assists the Company in the elimination of certain matters which appear to involve the parties but in fact affect another party with the same or similar name. Be assured that the Statement of Information is essential and will be kept strictly confidential to this file.

2.  The Company will require the following documents for review prior to the issuance of any title insurance predicated upon a conveyance or encumbrance from the entity named below:

    Limited Liability Company:        Glenroy Coachella, LLC, a Delaware limited liability company,
                                      Force Rubin, LLC, a Delaware limited liability company,
                                      Force Rubin 2, LLC, a Delaware limited liability company
                                      Coachella Resort, LLC, a California limited liability company

    a)  A copy of its operating agreement, if any, and all amendments, supplements and/or modifications thereto, certified by the appropriate manager or member.

    b)  If a domestic Limited Liability Company, a copy of its Articles of Organization and all amendments thereto with the appropriate filing stamps.

    c)  If the Limited Liability Company is member-managed, a full and complete current list of members certified by the appropriate manager or member.

    d)  A current dated certificate of good standing from the proper governmental authority of the state in which the entity is currently domiciled.

    e)  If less than all members, or managers, as appropriate, will be executing the closing documents, furnish evidence of the authority of those signing.

    f)  If Limited Liability Company is a Single Member Entity, a Statement of Information for the Single Member will be required.

    g)  Each member and manager of the LLC without an Operating Agreement must execute in the presence of a notary public the Certificate of California LLC (Without an Operating Agreement) Status and Authority form.

3.  This transaction requires high liability approval prior to close of escrow together with an inspection of the subject property.

    Please advise title department with an estimated date that your transaction will close so we can schedule the necessary approvals and inspections.

4.  The transaction contemplated in connection with this Report is subject to the review and approval of the Company's Corporate Underwriting Department. The Company reserves the right to add additional items or make further requirements after such review.

## REQUIREMENTS
### (Continued)

5.      Please call the Title Department five (5) days prior to the contemplated closing to determine if additional documents or information is required.

Phone Number:            (949) 788-2800

---

## END OF REQUIREMENTS

---

PRELIMINARY REPORT                                                     Fidelity National Title Company
YOUR REFERENCE:                                               ORDER NO.:  00346566-997-OC1-245

# INFORMATIONAL NOTES SECTION

1.      Note:  There are NO conveyances affecting said Land recorded within 24 months of the date of this report.

2.      Note:  Please contact your Title Officer to obtain the current recording fees.  Fidelity National Title Company will pay Fidelity National Title Insurance Company 12% of the title premium, as disclosed on lines 1107 and 1108 of the HUD-1.

3.      Note:  The policy of title insurance will include an arbitration provision. The Company or the insured may demand arbitration. Arbitrable matters may include, but are not limited to, any controversy or claim between the Company and the insured arising out of or relating to this policy, any service of the Company in connection with its issuance or the breach of a policy provision or other obligation. Please ask your escrow or title officer for a sample copy of the policy to be issued if you wish to review the arbitration provisions and any other provisions pertaining to your Title Insurance coverage.

4.      Notice: Please be aware that due to the conflict between federal and state laws concerning the cultivation, distribution, manufacture or sale of marijuana, the Company is not able to close or insure any transaction involving Land that is associated with these activities.

5.      Pursuant to Government Code Section 27388.1, as amended and effective as of 1-1-2018, a Documentary Transfer Tax (DTT) Affidavit may be required to be completed and submitted with each document when DTT is being paid or when an exemption is being claimed from paying the tax. If a governmental agency is a party to the document, the form will not be required. DTT Affidavits may be available at a Tax Assessor-County Clerk-Recorder.

6.      The Company and its policy issuing agents are required by Federal law to collect additional information about certain transactions in specified geographic areas in accordance with the Bank Secrecy Act.  If this transaction is required to be reported under a Geographic Targeting Order issued by FinCEN, the Company or its policy issuing agent must be supplied with a completed ALTA Information Collection Form ("ICF") prior to closing the transaction contemplated herein.

        **To protect the private information contained in the attached form and photo ID, please return via a secured method.**

---

## END OF INFORMATIONAL NOTES

Blake.Uradomo/sp1

 Inquire before you wire!

# Wire Fraud Alert

This Notice is not intended to provide legal or professional advice. If you have any questions, please consult with a lawyer.

All parties to a real estate transaction are targets for wire fraud and many have lost hundreds of thousands of dollars because they simply relied on the wire instructions received via email, without further verification. **If funds are to be wired in conjunction with this real estate transaction, we strongly recommend verbal verification of wire instructions through a known, trusted phone number prior to sending funds.**

In addition, the following non-exclusive self-protection strategies are recommended to minimize exposure to possible wire fraud.

- **NEVER RELY** on emails purporting to change wire instructions. Parties to a transaction rarely change wire instructions in the course of a transaction.

- **ALWAYS VERIFY** wire instructions, specifically the ABA routing number and account number, by calling the party who sent the instructions to you. DO NOT use the phone number provided in the email containing the instructions, use phone numbers you have called before or can otherwise verify. **Obtain the phone number of relevant parties to the transaction as soon as an escrow account is opened.** DO NOT send an email to verify as the email address may be incorrect or the email may be intercepted by the fraudster.

- **USE COMPLEX EMAIL PASSWORDS** that employ a combination of mixed case, numbers, and symbols. Make your passwords greater than eight (8) characters. Also, change your password often and do NOT reuse the same password for other online accounts.

- **USE MULTI-FACTOR AUTHENTICATION** for email accounts. Your email provider or IT staff may have specific instructions on how to implement this feature.

For more information on wire-fraud scams or to report an incident, please refer to the following links:

|  |  |
|---|---|
| ***Federal Bureau of Investigation:*** | ***Internet Crime Complaint Center:*** |
| *http://www.fbi.gov* | *http://www.ic3.gov* |

*TM and © Fidelity National Financial, Inc. and/or an affiliate. All rights reserved*

EXHIBIT 6, PAGE 210



**Fidelity National Title Company**
1300 Dove Street, 3rd Floor, Newport Beach, CA 92660
Phone: (949) 788-2800   ●   Fax: (949) 341-0251

# Notice of Available Discounts

Pursuant to Section 2355.3 in Title 10 of the California Code of Regulations Fidelity National Financial, Inc. and its subsidiaries ("FNF") must deliver a notice of each discount available under our current rate filing along with the delivery of escrow instructions, a preliminary report or commitment.  Please be aware that the provision of this notice does not constitute a waiver of the consumer's right to be charged the filed rate.  As such, your transaction may not qualify for the below discounts.

You are encouraged to discuss the applicability of one or more of the below discounts with a Company representative.  These discounts are generally described below; consult the rate manual for a full description of the terms, conditions and requirements for such discount.  These discounts only apply to transactions involving services rendered by the FNF Family of Companies.  This notice only applies to transactions involving property improved with a one-to-four family residential dwelling.

Not all discounts are offered by every FNF Company. The discount will only be applicable to the FNF Company as indicated by the named discount.

| **FNF Underwritten Title Company** | **Underwritten by FNF Underwriters** |
|---|---|
| CTC – Chicago Title company | CTIC – Chicago Title Insurance Company |
| CLTC – Commonwealth Land Title Company | CLTIC - Commonwealth Land Title Insurance Company |
| FNTC – Fidelity National Title Company of California | FNTIC – Fidelity National Title Insurance Company |
| FNTCCA - Fidelity National Title Company of California | FNTIC - Fidelity National Title Insurance Company |
| TICOR – Ticor Title Company of California | CTIC – Chicago Title Insurance Company |
| LTC – Lawyer's Title Company | CLTIC – Commonwealth Land Title Insurance Company |
| SLTC – ServiceLink Title Company | CTIC – Chicago Title Insurance Company |

## Available Discounts

**DISASTER LOANS (CTIC, CLTIC, FNTIC)**
The charge for a Lender's Policy (Standard or Extended coverage) covering the financing or refinancing by an owner of record, within twenty-four (24) months of the date of a declaration of a disaster area by the government of the United States or the State of California on any land located in said area, which was partially or totally destroyed in the disaster, will be fifty percent (50%) of the appropriate title insurance rate.

**CHURCHES OR CHARITABLE NON-PROFIT ORGANIZATIONS (CTIC, FNTIC)**
On properties used as a church or for charitable purposes within the scope of the normal activities of such entities, provided said charge is normally the church's obligation the charge for an owner's policy shall be fifty percent (50%) to seventy percent (70%) of the appropriate title insurance rate, depending on the type of coverage selected. The charge for a lender's policy shall be forty (40%) to fifty percent (50%) of the appropriate title insurance rate, depending on the type of coverage selected.

## FIDELITY NATIONAL FINANCIAL, INC.
## PRIVACY NOTICE

Effective January 1, 2021

Fidelity National Financial, Inc. and its majority-owned subsidiary companies (collectively, "FNF," "our," or "we") respect and are committed to protecting your privacy. This Privacy Notice explains how we collect, use, and protect personal information, when and to whom we disclose such information, and the choices you have about the use and disclosure of that information.

A limited number of FNF subsidiaries have their own privacy notices.  If a subsidiary has its own privacy notice, the privacy notice will be available on the subsidiary's website and this Privacy Notice does not apply.

### Collection of Personal Information
FNF may collect the following categories of Personal Information:
• contact information (*e.g.*, name, address, phone number, email address);
• demographic information (*e.g.*, date of birth, gender, marital status);
• identity information (*e.g.* Social Security Number, driver's license, passport, or other government ID number);
• financial account information (*e.g.* loan or bank account information); and
• other personal information necessary to provide products or services to you.

We may collect Personal Information about you from:
• information we receive from you or your agent;
• information about your transactions with FNF, our affiliates, or others; and
• information we receive from consumer reporting agencies and/or governmental entities, either directly from these entities or through others.

### Collection of Browsing Information
FNF automatically collects the following types of Browsing Information when you access an FNF website, online service, or application (each an "FNF Website") from your Internet browser, computer, and/or device:
• Internet Protocol (IP) address and operating system;
• browser version, language, and type;
• domain name system requests; and
• browsing history on the FNF Website, such as date and time of your visit to the FNF Website and visits to the pages within the FNF Website.

Like most websites, our servers automatically log each visitor to the FNF Website and may collect the Browsing Information described above. We use Browsing Information for system administration, troubleshooting, fraud investigation, and to improve our websites. Browsing Information generally does not reveal anything personal about you, though if you have created a user account for an FNF Website and are logged into that account, the FNF Website may be able to link certain browsing activity to your user account.

### Other Online Specifics
Cookies. When you visit an FNF Website, a "cookie" may be sent to your computer. A cookie is a small piece of data that is sent to your Internet browser from a web server and stored on your computer's hard drive. Information gathered using cookies helps us improve your user experience. For example, a cookie can help the website load properly or can customize the display page based on your browser type and user preferences. You can choose whether or not to accept cookies by changing your Internet browser settings. Be aware that doing so may impair or limit some functionality of the FNF Website.

Web Beacons. We use web beacons to determine when and how many times a page has been viewed. This information is used to improve our websites.

Do Not Track. Currently our FNF Websites do not respond to "Do Not Track" features enabled through your browser.

Links to Other Sites.  FNF Websites may contain links to unaffiliated third-party websites. FNF is not responsible for the privacy practices or content of those websites. We recommend that you read the privacy policy of every website you visit.

### Use of Personal Information
FNF uses Personal Information for three main purposes:
• To provide products and services to you or in connection with a transaction involving you.
• To improve our products and services.
• To communicate with you about our, our affiliates', and others' products and services, jointly or independently.

### When Information Is Disclosed
We may disclose your Personal Information and Browsing Information in the following circumstances:
• to enable us to detect or prevent criminal activity, fraud, material misrepresentation, or nondisclosure;
• to nonaffiliated service providers who provide or perform services or functions on our behalf and who agree to use the information only to provide such services or functions;

Copyright © 2021. Fidelity National Financial, Inc. All Rights Reserved
Order No. 00346566-997-OC1-245

EXHIBIT 6, PAGE 212

- to nonaffiliated third party service providers with whom we perform joint marketing, pursuant to an agreement with them to jointly market financial products or services to you;
- to law enforcement or authorities in connection with an investigation, or in response to a subpoena or court order; or
- in the good-faith belief that such disclosure is necessary to comply with legal process or applicable laws, or to protect the rights, property, or safety of FNF, its customers, or the public.

The law does not require your prior authorization and does not allow you to restrict the disclosures described above. Additionally, we may disclose your information to third parties for whom you have given us authorization or consent to make such disclosure. We do not otherwise share your Personal Information or Browsing Information with nonaffiliated third parties, except as required or permitted by law. We may share your Personal Information with affiliates (other companies owned by FNF) to directly market to you. Please see "Choices with Your Information" to learn how to restrict that sharing.

We reserve the right to transfer your Personal Information, Browsing Information, and any other information, in connection with the sale or other disposition of all or part of the FNF business and/or assets, or in the event of bankruptcy, reorganization, insolvency, receivership, or an assignment for the benefit of creditors. By submitting Personal Information and/or Browsing Information to FNF, you expressly agree and consent to the use and/or transfer of the foregoing information in connection with any of the above described proceedings.

## Security of Your Information
We maintain physical, electronic, and procedural safeguards to protect your Personal Information.

## Choices With Your Information
If you do not want FNF to share your information among our affiliates to directly market to you, you may send an "opt out" request as directed at the end of this Privacy Notice. We do not share your Personal Information with nonaffiliates for their use to direct market to you without your consent.

Whether you submit Personal Information or Browsing Information to FNF is entirely up to you. If you decide not to submit Personal Information or Browsing Information, FNF may not be able to provide certain services or products to you.

For California Residents: We will not share your Personal Information or Browsing Information with nonaffiliated third parties, except as permitted by California law. For additional information about your California privacy rights, please visit the "California Privacy" link on our website (https://fnf.com/pages/californiaprivacy.aspx) or call (888) 413-1748.

For Nevada Residents: You may be placed on our internal Do Not Call List by calling (888) 934-3354 or by contacting us via the information set forth at the end of this Privacy Notice. Nevada law requires that we also provide you with the following contact information: Bureau of Consumer Protection, Office of the Nevada Attorney General, 555 E. Washington St., Suite 3900, Las Vegas, NV 89101; Phone number: (702) 486-3132; email: BCPINFO@ag.state.nv.us.

For Oregon Residents:  We will not share your Personal Information or Browsing Information with nonaffiliated third parties for marketing purposes, except after you have been informed by us of such sharing and had an opportunity to indicate that you do not want a disclosure made for marketing purposes.

For Vermont Residents: We will not disclose information about your creditworthiness to our affiliates and will not disclose your personal information, financial information, credit report, or health information to nonaffiliated third parties to market to you, other than as permitted by Vermont law, unless you authorize us to make those disclosures.

## Information From Children
The FNF Websites are not intended or designed to attract persons under the age of eighteen (18).We do not collect Personal Information from any person that we know to be under the age of thirteen (13) without permission from a parent or guardian.

## International Users
FNF's headquarters is located within the United States. If you reside outside the United States and choose to provide Personal Information or Browsing Information to us, please note that we may transfer that information outside of your country of residence. By providing FNF with your Personal Information and/or Browsing Information, you consent to our collection, transfer, and use of such information in accordance with this Privacy Notice.

## FNF Website Services for Mortgage Loans
Certain FNF companies provide services to mortgage loan servicers, including hosting websites that collect customer information on behalf of mortgage loan servicers (the "Service Websites"). The Service Websites may contain links to both this Privacy Notice and the mortgage loan servicer or lender's privacy notice. The sections of this Privacy Notice titled When Information is Disclosed, Choices with Your Information, and Accessing and Correcting Information do not apply to the Service Websites. The mortgage loan servicer or lender's privacy notice governs use, disclosure, and access to your Personal Information. FNF does not share Personal Information collected through the Service Websites, except as required or authorized by contract with the mortgage loan servicer or lender, or as required by law or in the good-faith belief that such disclosure is necessary: to comply with a legal process or applicable law, to enforce this Privacy Notice, or to protect the rights, property, or safety of FNF or the public.

**Your Consent To This Privacy Notice; Notice Changes; Use of Comments or Feedback**

By submitting Personal Information and/or Browsing Information to FNF, you consent to the collection and use of the information in accordance with this Privacy Notice. We may change this Privacy Notice at any time. The Privacy Notice's effective date will show the last date changes were made. If you provide information to us following any change of the Privacy Notice, that signifies your assent to and acceptance of the changes to the Privacy Notice.

**Accessing and Correcting Information; Contact Us**

If you have questions, would like to correct your Personal Information, or want to opt-out of information sharing for affiliate marketing, visit FNF's Opt Out Page or contact us by phone at (888) 934-3354 or by mail to:

Fidelity National Financial, Inc.
601 Riverside Avenue
Jacksonville, Florida 32204
Attn: Chief Privacy Officer

# ATTACHMENT ONE (Revised 05-06-16)

### CALIFORNIA LAND TITLE ASSOCIATION
### STANDARD COVERAGE POLICY – 1990

### EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1.  (a)  Any law, ordinance or governmental regulation (including but not limited to building or zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien, or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.

    (b)  Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.

2.  Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.

3.  Defects, liens, encumbrances, adverse claims or other matters:
    (a)  whether or not recorded in the public records at Date of Policy, but created, suffered, assumed or agreed to by the insured claimant;
    (b)  not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became an insured under this policy;
    (c)  resulting in no loss or damage to the insured claimant;
    (d)  attaching or created subsequent to Date of Policy; or
    (e)  resulting in loss or damage which would not have been sustained if the insured claimant had paid value for the insured mortgage or for the estate or interest insured by this policy.

4.  Unenforceability of the lien of the insured mortgage because of the inability or failure of the insured at Date of Policy, or the inability or failure of any subsequent owner of the indebtedness, to comply with the applicable doing business laws of the state in which the land is situated.

5.  Invalidity or unenforceability of the lien of the insured mortgage, or claim thereof, which arises out of the transaction evidenced by the insured mortgage and is based upon usury or any consumer credit protection or truth in lending law.

6.  Any claim, which arises out of the transaction vesting in the insured the estate of interest insured by this policy or the transaction creating the interest of the insured lender, by reason of the operation of federal bankruptcy, state insolvency or similar creditors' rights laws.

### EXCEPTIONS FROM COVERAGE - SCHEDULE B, PART I

This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees or expenses) which arise by reason of:

1.  Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public records.
    Proceedings by a public agency which may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the public records.

2.  Any facts, rights, interests, or claims which are not shown by the public records but which could be ascertained by an inspection of the land or which may be asserted by persons in possession thereof.

3.  Easements, liens or encumbrances, or claims thereof, not shown by the public records.

4.  Discrepancies, conflicts in boundary lines, shortage in area, encroachments, or any other facts which a correct survey would disclose, and which are not shown by the public records.

5.  (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b) or (c) are shown by the public records.

6.  Any lien or right to a lien for services, labor or material not shown by the public records.

### CLTA HOMEOWNER'S POLICY OF TITLE INSURANCE (12-02-13)
### ALTA HOMEOWNER'S POLICY OF TITLE INSURANCE

### EXCLUSIONS

In addition to the Exceptions in Schedule B, You are not insured against loss, costs, attorneys' fees, and expenses resulting from:

1.  Governmental police power, and the existence or violation of those portions of any law or government regulation concerning:
    a.  building;
    b.  zoning;
    c.  land use;
    d.  improvements on the Land;
    e.  land division; and
    f.  environmental protection.
    This Exclusion does not limit the coverage described in Covered Risk 8.a., 14, 15, 16, 18, 19, 20, 23 or 27.

2.  The failure of Your existing structures, or any part of them, to be constructed in accordance with applicable building codes. This Exclusion does not limit the coverage described in Covered Risk 14 or 15.

3.  The right to take the Land by condemning it.  This Exclusion does not limit the coverage described in Covered Risk 17.

4.  Risks:
    a.  that are created, allowed, or agreed to by You, whether or not they are recorded in the Public Records;
    b.  that are Known to You at the Policy Date, but not to Us, unless they are recorded in the Public Records at the Policy Date;

© California Land Title Association. All rights reserved.
The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

EXHIBIT 6, PAGE 215

c.    that result in no loss to You; or
d.    that first occur after the Policy Date - this does not limit the coverage described in Covered Risk 7, 8.e., 25, 26, 27 or 28.

5.    Failure to pay value for Your Title.
6.    Lack of a right:
    a.    to any land outside the area specifically described and referred to in paragraph 3 of Schedule A; and
    b.    in streets, alleys, or waterways that touch the Land.
    This Exclusion does not limit the coverage described in Covered Risk 11 or 21.
7.    The transfer of the Title to You is invalid as a preferential transfer or as a fraudulent transfer or conveyance under federal bankruptcy, state insolvency, or similar creditors' rights laws.
8.    Contamination, explosion, fire, flooding, vibration, fracturing, earthquake, or subsidence.
9.    Negligence by a person or an Entity exercising a right to extract or develop minerals, water, or any other substances.

## LIMITATIONS ON COVERED RISKS

Your insurance for the following Covered Risks is limited on the Owner's Coverage Statement as follows:

- For Covered Risk 16, 18, 19, and 21 Your Deductible Amount and Our Maximum Dollar Limit of Liability shown in Schedule A.

The deductible amounts and maximum dollar limits shown on Schedule A are as follows:

|  | Your Deductible Amount | Our Maximum Dollar Limit of Liability |
|---|---|---|
| Covered Risk 16: | 1.00% of Policy Amount Shown in Schedule A or $2,500.00 (whichever is less) | $ 10,000.00 |
| Covered Risk 18: | 1.00% of Policy Amount Shown in Schedule A or $5,000.00 (whichever is less) | $ 25,000.00 |
| Covered Risk 19: | 1.00% of Policy Amount Shown in Schedule A or $5,000.00 (whichever is less) | $ 25,000.00 |
| Covered Risk 21: | 1.00% of Policy Amount Shown in Schedule A or $2,500.00 (whichever is less) | $ 5,000.00 |

## 2006 ALTA LOAN POLICY (06-17-06)

## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:

1.    (a)    Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
    (i)    the occupancy, use, or enjoyment of the Land;
    (ii)    the character, dimensions, or location of any improvement erected on the Land;
    (iii)    the subdivision of land; or
    (iv)    environmental protection;
    or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5.
    (b)    Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 6.
2.    Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.
3.    Defects, liens, encumbrances, adverse claims, or other matters
    (a)    created, suffered, assumed, or agreed to by the Insured Claimant;
    (b)    not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
    (c)    resulting in no loss or damage to the Insured Claimant;
    (d)    attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 11, 13 or 14); or
    (e)    resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Insured Mortgage.
4.    Unenforceability of the lien of the Insured Mortgage because of the inability or failure of an Insured to comply with applicable doing-business laws of the state where the Land is situated.
5.    Invalidity or unenforceability in whole or in part of the lien of the Insured Mortgage that arises out of the transaction evidenced by the Insured Mortgage and is based upon usury or any consumer credit protection or truth-in-lending law.
6.    Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction creating the lien of the Insured Mortgage, is
    (a)    a fraudulent conveyance or fraudulent transfer, or
    (b)    a preferential transfer for any reason not stated in Covered Risk 13(b) of this policy.
7.    Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching between Date of Policy and the date of recording of the Insured Mortgage in the Public Records.  This Exclusion does not modify or limit the coverage provided under Covered Risk 11(b).

The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

## EXCEPTIONS FROM COVERAGE

{Except as provided in Schedule B - Part II,{ t{or T}his policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees or expenses, that arise by reason of:

---

Attachment One – CA (Rev. 05-06-16)                                            Page 2

© California Land Title Association. All rights reserved.
The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

EXHIBIT 6, PAGE 216

{**PART I**

{The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

1.  (a) Taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records; (b) proceedings by a public agency that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.
2.  Any facts, rights, interests, or claims that are not shown by the Public Records but that could be ascertained by an inspection of the Land or that may be asserted by persons in possession of the Land.
3.  Easements, liens or encumbrances, or claims thereof, not shown by the Public Records.
4.  Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land and not shown by the Public Records.
5.  (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b), or (c) are shown by the Public Records.
6.  Any lien or right to a lien for services, labor or material not shown by the Public Records.}

**PART II**

In addition to the matters set forth in Part I of this Schedule, the Title is subject to the following matters, and the Company insures against loss or damage sustained in the event that they are not subordinate to the lien of the Insured Mortgage:}

## 2006 ALTA OWNER'S POLICY (06-17-06)

### EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:

1.  (a) Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
    (i)   the occupancy, use, or enjoyment of the Land;
    (ii)  the character, dimensions, or location of any improvement erected on the Land;
    (iii) the subdivision of land; or
    (iv)  environmental protection;
    or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5.
    (b) Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 6.
2.  Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.
3.  Defects, liens, encumbrances, adverse claims, or other matters
    (a) created, suffered, assumed, or agreed to by the Insured Claimant;
    (b) not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
    (c) resulting in no loss or damage to the Insured Claimant;
    (d) attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 9 and 10); or
    (e) resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Title.
4.  Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction vesting the Title as shown in Schedule A, is
    (a) a fraudulent conveyance or fraudulent transfer; or
    (b) a preferential transfer for any reason not stated in Covered Risk 9 of this policy.
5.  Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching between Date of Policy and the date of recording of the deed or other instrument of transfer in the Public Records that vests Title as shown in Schedule A.

The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

### EXCEPTIONS FROM COVERAGE

This policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees or expenses,  that arise by reason of:

{The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

1.  (a) Taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records; (b) proceedings by a public agency that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.
2.  Any facts, rights, interests, or claims that are not shown in the Public Records but that could be ascertained by an inspection of the Land or that may be asserted by persons in possession of the Land.
3.  Easements, liens or encumbrances, or claims thereof, not shown by the Public Records.
4.  Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land and that are not shown by the Public Records.
5.  (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b), or (c) are shown by the Public Records.
6.  Any lien or right to a lien for services, labor or material not shown by the Public Records. }
7.  {Variable exceptions such as taxes, easements, CC&R's, etc. shown here.}

© **California Land Title Association. All rights reserved.**
The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

EXHIBIT 6, PAGE 217

**ALTA EXPANDED COVERAGE RESIDENTIAL LOAN POLICY – ASSESSMENTS PRIORITY (04-02-15)**

**EXCLUSIONS FROM COVERAGE**

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1. (a) Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
   (i) the occupancy, use, or enjoyment of the Land;
   (ii) the character, dimensions, or location of any improvement erected on the Land;
   (iii) the subdivision of land; or
   (iv) environmental protection;
   or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5, 6, 13(c), 13(d), 14 or 16.
   (b) Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 5, 6, 13(c), 13(d), 14 or 16.
2. Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.
3. Defects, liens, encumbrances, adverse claims, or other matters
   (a) created, suffered, assumed, or agreed to by the Insured Claimant;
   (b) not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
   (c) resulting in no loss or damage to the Insured Claimant;
   (d) attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 11, 16, 17, 18, 19, 20, 21, 22, 23, 24, 27 or 28); or
   (e) resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Insured Mortgage.
4. Unenforceability of the lien of the Insured Mortgage because of the inability or failure of an Insured to comply with applicable doing-business laws of the state where the Land is situated.
5. Invalidity or unenforceability in whole or in part of the lien of the Insured Mortgage that arises out of the transaction evidenced by the Insured Mortgage and is based upon usury, or any consumer credit protection or truth-in-lending law. This Exclusion does not modify or limit the coverage provided in Covered Risk 26.
6. Any claim of invalidity, unenforceability or lack of priority of the lien of the Insured Mortgage as to Advances or modifications made after the Insured has Knowledge that the vestee shown in Schedule A is no longer the owner of the estate or interest covered by this policy. This Exclusion does not modify or limit the coverage provided in Covered Risk 11.
7. Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching subsequent to Date of Policy. This Exclusion does not modify or limit the coverage provided in Covered Risk 11(b) or 25.
8. The failure of the residential structure, or any portion of it, to have been constructed before, on or after Date of Policy in accordance with applicable building codes. This Exclusion does not modify or limit the coverage provided in Covered Risk 5 or 6.
9. Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction creating the lien of the Insured Mortgage, is
   (a) a fraudulent conveyance or fraudulent transfer, or
   (b) a preferential transfer for any reason not stated in Covered Risk 27(b) of this policy.
10. Contamination, explosion, fire, flooding, vibration, fracturing, earthquake, or subsidence.
11. Negligence by a person or an Entity exercising a right to extract or develop minerals, water, or any other substances.

**© California Land Title Association. All rights reserved.**
The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

EXHIBIT 6, PAGE 218



This map/plat is being furnished as an aid in locating the herein described Land in relation to adjoining streets, natural boundaries and other land, and is not a survey of the land depicted. Except to the extent a policy of title insurance is expressly modified by endorsement, if any, the Company does not insure dimensions, distances, location of easements, acreage or other matters shown thereon.

Order: 00346566
Doc: RV:A 603-22

Page 1 of 1

Requested By: Suthon , Printed: 4/2/2021 3:45 PM

EXHIBIT 6, PAGE 219

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled: **CHAPTER 11 TRUSTEE'S MOTION TO CONVERT CASE TO ONE UNDER CHAPTER 7 PURSUANT TO 11 U.S.C. §1112(B); MEMORANDUM OF POINTS OF AUTHORITIES; DECLARATION OF RICHARD A. MARSHACK IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 28, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **July 28, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 28, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA OVERNIGHT MAIL:**
**PRESIDING JUDGE'S COPY**
HONORABLE SHERI BLUEBOND
UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA
EDWARD R. ROYBAL FEDERAL BUILDING AND COURTHOUSE
255 E. TEMPLE STREET, SUITE 1534 / COURTROOM 1539
LOS ANGELES, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 28, 2021 | Layla Buchanan | /s/ Layla Buchanan |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:

- **ATTORNEY FOR INTERESTED PARTY EFO FINANCIAL GROUP LLC:** Steven M Berman sberman@slk-law.com, awit@shumaker.com; bgasaway@shumaker.com
- **ATTORNEY FOR CREDITOR SAXON ENGINEERING SERVICES INC AND COMMITTEE OF UNSECURED CREDITORS:** Daren Brinkman office@brinkmanlaw.com, 7764052420@filings.docketbird.com
- **ATTORNEY FOR CREDITOR DOUG WALL CONSTRUCTION:** Caroline Djang caroline.djang@bbklaw.com, laurie.verstegen@bbklaw.com; wilma.escalante@bbklaw.com
- **INTERESTED PARTY COURTESY NEF:** Jenny L Doling JD@jdl.law, dolingjr92080@notify.bestcase.com
- **ATTORNEY FOR CREDITORS LASERSCOPIC MEDICAL CLINIC, LLC; LASERSCOPIC SPINAL CENTERS OF AMERICA, INC.; AND JOE SAMUEL BAILEY:** Jonathan R Doolittle    jonathan.doolittle@pillsburylaw.com
- **ATTORNEY FOR U.S. TRUSTEE (LA):** Eryk R Escobar eryk.r.escobar@usdoj.gov
- **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** Chad V Haes chaes@marshackhays.com, chaes@ecf.courtdrive.com; cmendoza@ecf.courtdrive.com; cmendoza@marshackhays.com; kfrederick@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR BLAIR AIR, INC.:** Brian S Harnik bharnik@rhlawfirm.com, bharnik@rhlawfirm.com
- **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR ORCO BLOCK & HARDSCAPE:** William C Hoggard wch@wchlawgroup.com, admin@wchlawgroup.com
- **INTERESTED PARTY COURTESY NEF:** Mark S Horoupian mhoroupian@sulmeyerlaw.com, mhoroupian@ecf.inforuptcy.com; ccaldwell@sulmeyerlaw.com
- **ATTORNEY FOR CREDITOR U.S. REAL ESTATE CREDITOR HOLDINGS III-A, LP:** Marsha A Houston mhouston@reedsmith.com
- **INTERESTED PARTY COURTESY NEF:** Michael S Kogan mkogan@koganlawfirm.com
- **ATTORNEY FOR INTERESTED PARTY GARY STIFFELMAN:** Timothy R Laquer trl@ddclaw.com, trl@ddclaw.com
- **ATTORNEY FOR DEBTOR GLENROY COACHELLA, LLC:** Crystle Jane Lindsey crystle@wsrlaw.net, crystle@cjllaw.com; gabby@wsrlaw.net; dairi@wsrlaw.net
- **INTERESTED PARTY COURTESY NEF:** Tinho Mang tmang@marshackhays.com, tmang@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@ecf.courtdrive.com
- **TRUSTEE RICHARD A MARSHACK (TR):** Richard A Marshack (TR) pkraus@marshackhays.com, rmarshack@iq7technology.com; ecf.alert+Marshack@titlexi.com
- **ATTORNEY FOR CREDITOR PORSCHE FINANCIAL SERVICES, INC. dba BENTLEY FINANCIAL SERVICES and CREDITOR PORSCHE LEASING LTD:** Stacey A Miller smiller@tharpe-howell.com
- **ATTORNEY FOR INTERESTED PARTY STUART RUBIN:** Sean A OKeefe sokeefe@okeefelc.com, seanaokeefe@msn.com
- **INTERESTED PARTY COURTESY NEF:** R Gibson Pagter, Jr.: gibson@ppilawyers.com, ecf@ppilawyers.com; pagterrr51779@notify.bestcase.com
- **INTERESTED PARTY COURTESY NEF:** Matthew D Pham mpham@hahnlawyers.com, marias@hahnlawyers.com; mpham@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR LAW OFFICES OF JEFFREY D SEGAL, A PROFESSIONAL CORPORATION:** Sheila M Pistone sheila@pistonelawoffice.com, sheilapistone@yahoo.com
- **ATTORNEY FOR CREDITOR GF INVESTMENT GROUP, INC. DBA THE INVESTMENT CENTER, A CALIFORNIA CORPORATION:** Maria Plumtree agrow@plumtreelaw.com, mplumtree@plumtreelaw.com
- **ATTORNEY FOR CREDITORS AL MILLER & SONS ROOFING CO INC; APPLE J PLUMBING; DESERT PALM ELECTRIC INC; JACOBSSON ENGINEERING CONSTRUCTION INC; MASCORRO CONCRETE CONSTRUCTION INC; TANDEM WEST GLASS INC; TEMALPAKH INC DBA THE WORKS FLOOR & WALL:** Thomas J Polis tom@polis-law.com, paralegal@polis-law.com; r59042@notify.bestcase.com
- **ATTORNEY FOR CREDITOR CALIFORNIA STATEWIDE COMMUNITIES DEVELOPMENT AUTHORITY:** Debra Riley driley@allenmatkins.com
- **ATTORNEY FOR CREDITOR U.S. REAL ESTATE CREDITOR HOLDINGS III-A, LP:** Christopher O Rivas crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com
- **ATTORNEY FOR DEBTOR GLENROY COACHELLA, LLC:** James R Selth jim@wsrlaw.net, jselth@yahoo.com; dairi@wsrlaw.net; gabby@wsrlaw.net; vinnet@ecf.inforuptcy.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**

- **ATTORNEY FOR INTERESTED PARTY LATHAM MANAGEMENT & CONSULTING SERVICES, INC.:**
  **Leonard** M Shulman lshulman@shulmanbastian.com
- **ATTORNEY FOR INTERESTED PARTIES ELLIOT LANDER AND STUART RUBIN: Evan** L Smith
  els@elsmithlaw.com
- **ATTORNEY FOR INTERESTED PARTY EDWIN W. LESLIE, RECEIVER:** Alan G Tippie
  atippie@sulmeyerlaw.com, atippie@ecf.courtdrive.com; pdillamar@sulmeyerlaw.com
- **U.S. TRUSTEE (LA):** United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
- **ATTORNEY FOR DEBTOR GLENROY COACHELLA, LLC:** Daniel J Weintraub dan@wsrlaw.net,
  vinnet@ecf.inforuptcy.com; gabby@wsrlaw.net; dairi@wsrlaw.net

2. <u>**SERVED BY UNITED STATES MAIL**</u>: CONTINUED:

<u>**DEBTOR**</u>
GLENROY COACHELLA, LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
1801 S. LA CIENEGA BLVD., SUITE
301
LOS ANGELES, CA 90035-4658

<u>**U.S. TRUSTEE**</u>
UNITED STATES TRUSTEE (LA)
915 WILSHIRE BLVD, SUITE 1850
LOS ANGELES, CA 90017-3560

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**