D. EDWARD HAYS, #162507
ehays@marshackhays.com
CHAD V. HAES, #267221
chaes@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 11 Trustee,
RICHARD A. MARSHACK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA –LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GLENROY COACHELLA, LLC,<br><br>　　　　Debtor. | Case No. 2:21-bk-11188-BB<br><br>Chapter 11<br><br>OMNIBUS REPLY TO OPPOSITIONS AND OBJECTION TO TRUSTEE'S MOTION TO APPROVE COMPROMISE<br><br>[MOTION – DOCKET NO. 322]<br><br>Hearing<br>Date:　　August 31, 2021<br>Time:　　2:00 p.m.<br>Ctrm.:　　1539[1] |

---

[1] Due to the COVID-19 outbreak, Judge Bluebond will be holding all hearings remotely until further notice. Some hearings will be held via telephone using CourtCall and some hearings will be held via ZoomGov. The cover page for the publicly posted hearing calendar will state whether the hearings that day will be held via telephone by CourtCall or via ZoomGov. The calendar is posted to the public at least two weeks prior to the hearing and can be accessed at the following web address: http://ecf-ciao.cacb.uscourts.gov/CiaoPosted/?jid=BB (Click on the "Select Judge" tab on the upper left side of the screen and select Judge Bluebond).

1
REPLY TO OPPOSITIONS TO COMPROMISE MOTION
4844-1435-6712,v.1

TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

Richard A. Marshack, in his capacity as Chapter 11 Trustee ("Trustee") of the bankruptcy estate ("Estate") of Glenroy Coachella, LLC ("Debtor"), respectfully submits this Omnibus Reply to three separate oppositions and a joinder (Docket Nos. 347, 351, 353, 386) to Trustee's motion ("Motion") for approval of a compromise and settlement ("Agreement") with U.S. Real Estate Credit Holdings III-A, L.P. ("Lender") as follows:

**1.    Summary of Omnibus Reply**

Trustee has negotiated a fair and equitable compromise with Lender which is the Estate's largest secured and unsecured creditor. The Agreement results in Lender's consent to a sale of real property free and clear of its lien for an amount that is a substantially discounted from what it is owed, provides various carve-outs for the benefit of administrative claims, and subordinates the balance of its deficiency claim to all other allowed unsecured creditors. The Agreement is the only viable means to avoid losing the Property in foreclosure, to avoid the Estate incurring tens of millions of dollars in unsecured deficiency claims, and to realize substantial benefits from its administration.

Several mechanics' lien claimants, certain of Debtor's insiders, and the committee of unsecured creditors have opposed the Motion on grounds ranging from the Agreement is unfair to the Trustee should be compelled to spend the next several months or years prosecuting speculative claims against the lender despite having no resources from which to fund such litigation. Despite colorful and hyperbolic language, the oppositions fail to suggest a more beneficial alternative to the Agreement which could be accomplished by reasonable means. This is a single asset real estate case, and all deadlines applicable to the automatic stay have long since passed. If the Motion is denied, the lender will undoubtedly be given relief from the automatic stay and will foreclose on the Property in short order. There will be nothing to debate at that stage and the Estate will be left holding the bag for massive deficiency claims. The Agreement is clearly in the best interest of the Estate and its

creditors, and the Motion should be granted. Lastly, court approval of the compromise does not necessarily mean that the Court will grant a sale motion which has yet to be filed.

## 2. Supplemental Statement of Facts

On July 28, 2021, as Dk. No. 322, Trustee filed the Motion.

On August 17, 2021, as Dk. No. 347, alleged mechanic's lienholders Al Miller & Sons Roofing Co., Inc., Apple J. Plumbing, Desert Palm Electric, Inc., Jacobsson Engineering Construction, Inc., Mascorro Concrete Construction, Inc., Tandem West Glass, Inc., and Temalpakh, Inc. dba The Works Floor & Wall ("Mechanics") filed a limited opposition to the Motion ("Mechanics Oppo").

On August 17, 2021, as Dk. No. 351, alleged mechanic's lienholder Doug Wall Construction, Inc. ("DWC") filed a limited opposition to the Motion ("DWC Oppo").

On August 17, 2021, as Dk. No. 353, alleged creditors A. Stuart Rubin, Elliot Lander, Force Rubin LLC, Force Rubin 2 LLC, and Coachella Resort LLC (collectively, the "Insiders") filed an opposition to the Motion ("Insider Oppo").

On August 23, 2021, as Dk. No. 386, the Official Committee of Unsecured Creditors filed an untimely joinder to the Insider Oppo ("Committee Joinder").

## 3. Legal Argument

### A. The Mechanics Oppo fails because the reserve set aside for mechanic's lienholders is sufficient under the circumstances.

The Mechanics argue that the Agreement should be denied because: (1) the $4 million reserve set aside by Lender ("Reserve") is insufficient to pay all mechanic's lienholders; and (2) the proposed surcharge of $300,000 against the Reserve is unsupported and improper. With respect to the amount of the Reserve, the Trustee believes that $4 million is more than sufficient to pay the holders of duly-perfected mechanic's liens. Although recorded mechanics' liens are approximately $9 million, all but approximately $3 million either failed to perfect their liens by filing a lawsuit or executed written agreements specifically subordinating their liens to Lender. This calculation is more particularly described in Lender's reply brief.

Additionally, pursuant to the terms of the proposed compromise, Lender intends to file a motion to expunge the unperfected mechanic's under California Civil Code §§ 8480-8488 prior to the hearing on this Motion. The stale liens and the liens subject to written subordination agreements remove all but approximately $3 million in potentially valid claims which could ultimately be adjudicated to be senior to Lender. This amount is substantially less than the $4 million reserve.

With respect to the alleged $300,000 surcharge to be paid to Trustee from the $4 million escrow fund, that argument misreads the proposed agreement. Trustee will only be entitled to compensation from the escrow fund to the extent that the fund is not fully consumed paying allowed mechanics' liens.

Finally, the Mechanics' arguments are properly addressed in the context of a sale motion, not the instant Motion for approval of compromise. If any proposed sale pursuant to a motion which has not yet been filed cannot be granted free and clear of their liens, then the sale motion will be denied notwithstanding approval of this compromise. The objection does not raise issues that preclude the reasonable compromise and, as such, it is premature and should be denied.

### B. The DWC Oppo fails because the Trustee may take positions adverse to a single creditor for the benefit of the Estate's other creditors.

DWC argues that the Agreement should be denied because: (1) the Trustee has taken a position adverse to DWC; (2) DWC is treated unfair in that it does not participate in the Reserve (notwithstanding that Trustee obtained Lender's indemnification should DWC have a lien senior to Lender notwithstanding its written subordination agreement); and (3) this bankruptcy case may be closed by the time any lien dispute is resolved. With respect to Trustee's agreement to support Lender's positions on DWC's claim, Trustee may negotiate settlements and compromises on behalf of the Estate that he believes, in his business judgment, are beneficial to the Estate as a whole. Section 323 designates Trustee as the sole representative of the Estate. While cognizant of the fact that DWC may have valid arguments in defense of any challenge to its lien, Trustee must also consider that DWC also executed an agreement to subordinate its lien. The subordination of DWC's lien would certainly provide a substantial benefit to other mechanic's lienholders and creditors given that it improves Trustee's ability to pay them from the administration of the Property.

DWC also complains of disparate treatment in that it is not subject to participation in the Reserve. DWC's treatment is the result of an important factor: DWC executed a subordination agreement in favor of Lender. This factor is specific to DWC (and apparently Jacobbsen Engineering), and provides sufficient justification for what DWC describes as "disparate" treatment.

Finally, with respect to the timing of litigation and the likelihood that this bankruptcy case will be closed prior to adjudication of DWC's alleged lien, Trustee posits that there is little or no chance that this case will be closed any time soon even if it is converted to one under Chapter 7. Specifically, Trustee intends to pursue numerous litigation claims in this case once the Property is sold (either in a Chapter 11 case or in a Chapter 7 case), and such litigation could take years to complete. Moreover, DWC will have an opportunity to oppose or seek to delay case closing if its lien claims are not yet fully adjudicated.

### C.    The Insider Oppo and Committee Joinder fail because the risks associated with litigating against Lender are simply too great.

Both the Insiders and the Committee argue that the Agreement should be denied because: (1) the settlement does not benefit general unsecured creditors; and (2) the Trustee should be compelled to litigate speculative claims against Lender – a well-funded, well-defended, and determined adversary. The positions argued by the Insiders and the Committee are meritless and unrealistic. With respect to the impact on unsecured creditors, the Agreement will provide a substantial benefit to such creditors. The proposed sale (either to the stalking horse bidder or to the Lender) will entirely eliminate the Lender's secured claim ($30+ million), any deficiency claim will be subordinated to unsecured creditors, and PACE and Mello Roos claims ($11+ million). It is anticipated that the Agreement will also eliminate the mechanic's lienholder claims ($9+ million claimed). Trustee acknowledges (as argued in the Insider Oppo) that the majority of sales proceeds will indeed be paid to Lender. But this is typical of any real property sale, such as this one, where the real property is overencumbered. The takeaway from the sale is that it will result in the release of approximately $45 million in claims against the Estate, with Lender accepting a $3+ million discount on its claim. Assuming for a moment that the Motion is denied and the Lender forecloses on the Property, there will be massive and overwhelming unsecured deficiency amounts (which will

not be subordinated by this proposed compromise) that will greatly dilute any distribution to unsecured creditors. This means that future assets will be administered almost exclusively for the benefit of former lienholders, a result the Trustee will successfully avoid under the Agreement.

With respect to the argument that the Trustee should challenge Lender's security interest, the Estate has neither the desire nor the resources to engage in contentious, speculative litigation with Lender over what appears to be a valid lien. In Trustee's business judgment, there is little or no value in prosecuting (and likely losing) months or even years of protracted litigation against Lender in a case where no resources exist to pursue such litigation. Moreover, Debtor concedes that this is a single asset real estate case, and if the Motion is denied, Lender will obtain relief from the automatic stay in short order and sell the Property before such claims are even adjudicated. If Lender obtains relief from stay, and the Property is lost to foreclosure, then many of the Estate's claims against Lender will be rendered moot, and there will be massive deficiency claims to contend with. Also, as a result of such litigation, the administrative claims of the Trustee and his professionals will be exponentially higher. None of that is beneficial to creditors.

Finally, the Insiders and the Committee contend that the negotiations between Trustee and Lender were collusive and in bad faith, essentially akin to a smoke-filled, back-room deal intended to get the Trustee and his professionals paid, but no one else. To the contrary, Trustee has disclosed in every status report that he has been investigating and negotiating the sale of the Property since his appointment. It stands to reason that such negotiations would include the alleged first-priority Lender with a voluntary lien in excess of $30 million. On the other hand, it is not typical, and in fact would be atypical, to engage Debtor's insiders in such negotiations. To suggest otherwise is disingenuous. With respect to the Committee, counsel never requested that he be involved in the negotiations everyone knew were ongoing. The bottom line is that the Trustee hasn't negotiated anything in bad faith or in a collusive manner. Instead, he has worked every possible angle to avoid a foreclosure sale and deficiency claims in the tens of millions of dollars. The proposed compromise is the best deal that could be obtained for the estate after months of negotiations.

## 4. Conclusion

The oppositions should be overruled in their entirety. Absent the Agreement, and had the Trustee not engaged in immediate and effective negotiations with Lender from the date of his appointment onward, Lender would have foreclosed on the Property causing massive unsecured deficiency claims against the Estate. To suggest that the Agreement does not provide a substantial benefit to general unsecured creditors reflects a deep misunderstanding of the dynamics of this bankruptcy case. The best course of action for the Estate is to consummate the Agreement with Lender, sell the Property, pay as many secured claims as possible in the process, and to start prosecuting avoidance actions and other claims to ensure a distribution to general unsecured creditors. The Motion should be granted.

DATED: August 24, 2021　　　　　　　　　MARSHACK HAYS LLP

By: */s/ D. Edward Hays*
　　D. EDWARD HAYS
　　CHAD V. HAES
　　Attorneys for Chapter 7 Trustee
　　RICHARD A. MARSHACK

4844-1435-6712,v.1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled: **OMNIBUS REPLY TO OPPOSITIONS AND OBJECTION TO TRUSTEE'S MOTION TO APPROVE COMPROMISE**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 24, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **August 24, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR**
GLENROY COACHELLA, LLC
ATTN: OFFICER, A MANAGING OR GENERAL
AGENT, OR TO ANY OTHER AGENT AUTHORIZED
BY APPOINTMENT OR LAW TO RECEIVE SERVICE
1801 S. LA CIENEGA BLVD., SUITE 301
LOS ANGELES, CA 90035-4658

**U.S. TRUSTEE**
UNITED STATES TRUSTEE (LA)
915 WILSHIRE BLVD, SUITE 1850
LOS ANGELES, CA 90017-3560

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 24, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA OVERNIGHT MAIL:**
**PRESIDING JUDGE'S COPY**
HONORABLE SHERI BLUEBOND
UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA
EDWARD R. ROYBAL FEDERAL BUILDING AND COURTHOUSE
255 E. TEMPLE STREET, SUITE 1534 / COURTROOM 1539
LOS ANGELES, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 24, 2021 | Layla Buchanan | /s/ Layla Buchanan |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                        **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:
   - **ATTORNEY FOR INTERESTED PARTY EFO FINANCIAL GROUP LLC:** Steven M Berman sberman@slk-law.com, awit@shumaker.com; bgasaway@shumaker.com
   - **ATTORNEY FOR CREDITOR SAXON ENGINEERING SERVICES INC AND COMMITTEE OF UNSECURED CREDITORS:** Daren Brinkman office@brinkmanlaw.com, 7764052420@filings.docketbird.com
   - **ATTORNEY FOR CREDITOR DOUG WALL CONSTRUCTION:** Caroline Djang caroline.djang@bbklaw.com, laurie.verstegen@bbklaw.com; wilma.escalante@bbklaw.com
   - **INTERESTED PARTY COURTESY NEF:** Jenny L Doling JD@jdl.law, dolingjr92080@notify.bestcase.com
   - **ATTORNEY FOR CREDITORS LASERSCOPIC MEDICAL CLINIC, LLC; LASERSCOPIC SPINAL CENTERS OF AMERICA, INC.; AND JOE SAMUEL BAILEY:** Jonathan R Doolittle    jonathan.doolittle@pillsburylaw.com
   - **ATTORNEY FOR U.S. TRUSTEE (LA):** Eryk R Escobar eryk.r.escobar@usdoj.gov
   - **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** Chad V Haes chaes@marshackhays.com, chaes@ecf.courtdrive.com; cmendoza@ecf.courtdrive.com; cmendoza@marshackhays.com; kfrederick@ecf.courtdrive.com
   - **ATTORNEY FOR CREDITOR BLAIR AIR, INC.:** Brian S Harnik bharnik@rhlawfirm.com, bharnik@rhlawfirm.com
   - **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
   - **ATTORNEY FOR CREDITOR ORCO BLOCK & HARDSCAPE:** William C Hoggard wch@wchlawgroup.com, admin@wchlawgroup.com
   - **INTERESTED PARTY COURTESY NEF:** Mark S Horoupian mhoroupian@sulmeyerlaw.com, mhoroupian@ecf.inforuptcy.com; ccaldwell@sulmeyerlaw.com
   - **ATTORNEY FOR CREDITOR U.S. REAL ESTATE CREDITOR HOLDINGS III-A, LP:** Marsha A Houston mhouston@reedsmith.com
   - **INTERESTED PARTY COURTESY NEF:** Michael S Kogan mkogan@koganlawfirm.com
   - **ATTORNEY FOR INTERESTED PARTY GARY STIFFELMAN:** Timothy R Laquer trl@ddclaw.com, trl@ddclaw.com
   - **ATTORNEY FOR DEBTOR GLENROY COACHELLA, LLC:** Crystle Jane Lindsey crystle@wsrlaw.net, crystle@cjllaw.com; gabby@wsrlaw.net; dairi@wsrlaw.net
   - **INTERESTED PARTY COURTESY NEF:** Tinho Mang tmang@marshackhays.com, tmang@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@ecf.courtdrive.com
   - **TRUSTEE RICHARD A MARSHACK (TR):** Richard A Marshack (TR) pkraus@marshackhays.com, rmarshack@iq7technology.com; ecf.alert+Marshack@titlexi.com
   - **ATTORNEY FOR CREDITOR PORSCHE FINANCIAL SERVICES, INC. dba BENTLEY FINANCIAL SERVICES and CREDITOR PORSCHE LEASING LTD:** Stacey A Miller smiller@tharpe-howell.com
   - **ATTORNEY FOR INTERESTED PARTY STUART RUBIN:** Sean A OKeefe sokeefe@okeefelc.com, seanaokeefe@msn.com
   - **INTERESTED PARTY COURTESY NEF:** R Gibson Pagter, Jr.: gibson@ppilawyers.com, ecf@ppilawyers.com; pagterrr51779@notify.bestcase.com
   - **INTERESTED PARTY COURTESY NEF:** Matthew D Pham mpham@hahnlawyers.com, marias@hahnlawyers.com; mpham@ecf.courtdrive.com
   - **ATTORNEY FOR CREDITOR LAW OFFICES OF JEFFREY D SEGAL, A PROFESSIONAL CORPORATION:** Sheila M Pistone sheila@pistonelawoffice.com, sheilapistone@yahoo.com
   - **ATTORNEY FOR CREDITOR GF INVESTMENT GROUP, INC. DBA THE INVESTMENT CENTER, A CALIFORNIA CORPORATION:** Maria Plumtree agrow@plumtreelaw.com, mplumtree@plumtreelaw.com
   - **ATTORNEY FOR CREDITORS AL MILLER & SONS ROOFING CO INC; APPLE J PLUMBING; DESERT PALM ELECTRIC INC; JACOBSSON ENGINEERING CONSTRUCTION INC; MASCORRO CONCRETE CONSTRUCTION INC; TANDEM WEST GLASS INC; TEMALPAKH INC DBA THE WORKS FLOOR & WALL:** Thomas J Polis tom@polis-law.com, paralegal@polis-law.com; r59042@notify.bestcase.com
   - **ATTORNEY FOR CREDITOR CALIFORNIA STATEWIDE COMMUNITIES DEVELOPMENT AUTHORITY:** Debra Riley driley@allenmatkins.com
   - **ATTORNEY FOR CREDITOR U.S. REAL ESTATE CREDITOR HOLDINGS III-A, LP:** Christopher O Rivas crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                **F 9013-3.1.PROOF.SERVICE**

- **ATTORNEY FOR DEBTOR GLENROY COACHELLA, LLC:** James R Selth jim@wsrlaw.net, jselth@yahoo.com; dairi@wsrlaw.net; gabby@wsrlaw.net; vinnet@ecf.inforuptcy.com
- **ATTORNEY FOR INTERESTED PARTY LATHAM MANAGEMENT & CONSULTING SERVICES, INC.: Leonard** M Shulman lshulman@shulmanbastian.com
- **ATTORNEY FOR INTERESTED PARTIES ELLIOT LANDER AND STUART RUBIN: Evan** L Smith els@elsmithlaw.com
- **ATTORNEY FOR INTERESTED PARTY EDWIN W. LESLIE, RECEIVER:** Alan G Tippie atippie@sulmeyerlaw.com, atippie@ecf.courtdrive.com; pdillamar@sulmeyerlaw.com
- **U.S. TRUSTEE (LA):** United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
- **ATTORNEY FOR DEBTOR GLENROY COACHELLA, LLC:** Daniel J Weintraub dan@wsrlaw.net, vinnet@ecf.inforuptcy.com; gabby@wsrlaw.net; dairi@wsrlaw.net

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**