**JOHN A. MESSINA, JR. (SBN 171148)**
**EVAN L. SMITH (SBN 101369)**
**JEFFREY J. VAN WICK (SBN 330915)**
**MESSINA & HANKIN LLP**
**24910 Las Brisas Road, Suite 102**
**Murrieta, CA 92562**
jmessina@messinahankinlaw.com
elsmith@messinahankinlaw.com
jvanwick@messinahankinlaw.com
**Telephone: (951) 894-7332**
**Fax: (951) 346-3334**

**Attorneys for A. STUART RUBIN.**

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA-LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>**GLENROY COACHELLA, LLC,**<br><br>DEBTOR. | ) **CASE NO.: 2:21-bk-11188-BB**<br>) **CHAPTER 11**<br>)<br>) **A. STUART RUBIN'S OMNIBUS REPLY TO**<br>) **U.S.REAL ESTATE CREDIT HOLDINGS III-A,**<br>) **L.P.'S OPPOSITION TO MOTION TO**<br>) **DISQUALIFY REED SMITH LLP, AND**<br>) **CHAPTER 11 TRUSTEE'S STATEMENT IN**<br>) **OPPOSITION TO MOTION TO DISQUALIFY**<br>) **REED & SMITH AS COUNSEL OF RECORD**<br>) **FOR U.S.REAL ESTATE CREDIT HOLDINGS**<br>) **III; DECLARATION OF EVAN L. SMITH;**<br>) **AND SUPPLEMENTAL DECLARATION OF A.**<br>) **STUART RUBIN.**<br>)<br>) **DATE: September 1, 2021**<br>) **TIME: 10:00 a.m.**<br>) **CTRM: 1539 (By Zoom)**<br>)<br>) |

///

///

///

1

# <u>TABLE OF CONTENTS</u>

2

**Page**

3

I. PREFACE……………………………………………………………………..…2

4

II. ARGUMENT AND FACTUAL BACKGROUND…………………………………...…3

5

A.    Rubin has a Right to Raise, Appear, and be Heard On Any Issue in
6        this Case Under 11 U.S.C. § 1109 (B), And Has Done So Here Due to the
         Trustee's Failure To Seek Disqualification of Reed Smith Because of Its
7        Conflicts of Interest, and Breaches of Duty…………………………………...…3

8

B.    Reed Smith's Simultaneous Representation of Both Glenroy Coachella,
9        LLC and USRECH is Ongoing……………………………………………...…5

10

C.    Reed Smith Wrongly Disregarded Rubin and Glenroy Coachella, LLCs'
         Good Faith Efforts to Get It to Withdraw Due to Its Conflicts of Interest…..........7

11

III. CONCLUSION………………………………………………………………9
12

DECLARATION OF EVAN L. SMITH……………………………………………...10
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

***

i

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Joyana Holdings, Inc.*
   *21 B.R. 323, 325-326 (Bankr, SDNY, 1982)*...................................................................4

*In re Robert L. Helms Const. & Dev Co., Inc.*
   *139 F. 3d 702, 705 (9th Cir. 1998)*...............................................................................5

*In re Charlisse C.*
   *45 Cal. 4th 145, 159-160 (2008)*...............................................................................7

*Zador Corp v. Kwan*
   *31 Cal. App. 4th 1285, 1302 (1995)*.............................................................................8

**Statutes**

11 U.S.C. § 1109(b)..................................................................................3, 4

28 U.S.C. § 959(b)......................................................................................4

**Other Authorities**

LBR 2090-2(a)---------------------------------------------------------------------------------4

District Court's local rule 83-3.1.2---------------------------------------------------------4

California Rules of Professional Conduct 1.16------------------------------------------------8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY**

**JUDGE; U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP ("USRECH") AND ITS**

**ATTORNEYS OF RECORD REED SMITH, LLP; RICHARD MARSHACK CHAPTER 11**

**TRUSTEE; OFFICE OF THE UNITED STATES TRUSTEE; AND ALL OTHER INTERESTED**

**PERSONS OR ENTITIES:** Creditor A. Stuart Rubin ("Rubin"), both individually, and in his capacity

as the Manager and owner of Glenroy Coachella Holdings, LLC, which is the sole Member of debtor

Glenroy Coachella, LLC ("Glenroy"), hereby ("Rubin"), hereby replies to *U.S. Real Estate Credit*

*Holdings III-A, L.P.'s Opposition to Motion to Disqualify Reed Smith LLP* ("Opposition"), and the

*Chapter 11 Trustee's Statement in Opposition to Motion to Disqualify Reed & Smith as Counsel of*

*Record for U.S. Real Estate Credit Holdings II* ("Trustee's Statement").  References below to "Supp.

Decl. Rubin", are to the concurrently filed *Supplemental Declaration of A. Stuart Rubin in Reply to U.S.*

*Real Estate Credit Holdings III-A, L.P.'s Motion to Disqualify Reed Smith LLP.*

### I. PREFACE

Instead of addressing the fundamental question at the heart of Rubin's Motion, i.e. whether Reed

Smith LLP ("Reed Smith") failed to fulfill its ethical duties under the Rules of Professional Conduct to

its current client, Glenroy (and also to its former clients, Rubin and his wife, Mrs. Annette Rubin) the

Opposition instead attempts to deflect and draw the Court's focus away from those pertinent issues over

17 pages replete with irrelevant allegations including client blaming (as if the Rules of Professional

Conduct impose ethical duties on clients rather than attorneys), character assassination, accusations of

bad faith litigation tactics by Rubin's counsel, of unreasonable delay by Rubin in bringing the matter to

the Court's attention, and even by presenting a misleadingly edited excerpt from this Court's <u>Tentative</u>

<u>Ruling on the Merits</u> in connection with the 03/10/2021 hearing on the Motion for Appointment of a

Chapter 11 Trustee, in order to present it as being "…scathing about Debtor's conduct", instead of what it

is, an explanation of the Court's rationale to grant the motion out of an abundance of caution given the

number of unproven allegations presented in the pleadings and papers then before it. [See and compare,

Opposition, p. 6, lines 4-13 and Decl. Houston ¶ 17, and Exhibit "F"].  In support of the Opposition, the

Trustee's Statement incorrectly states that Rubin lacks standing to bring the issue of whether Reed Smith should be disqualified to this Court for adjudication.

What is nowhere present in either the Opposition or the Trustee's Statement, is any showing that before undertaking its representation of USRECH, Reed Smith fulfilled the duties imposed on it by the Rules of Professional Conduct to notify Glenroy or the Rubins that it wanted to do so , and obtain the requisite informed written consent from each of them to undertake that representation, nor do they present any rebuttal of  the allegations by Rubin that Reed Smith has breached its duties of Loyalty and Confidentiality to Glenroy and him.  The Opposition contains statements referring to provisions of the Reed Smith engagement letter that allow that firm to undertake other representations, but those contractual provisions do not relieve Reed Smith of its duties to comply with the Rules of Professional Conduct.  In addition, Reed Smith's claims that the HVAC insurance claim matter has been concluded, and therefore it no longer represents Glenroy, are shown to be false both by a careful reading of the supporting declarations by current and former Reed Smith attorneys, and by Glenroy's Bankruptcy Schedules on file in this Case, which disclose the HVAC insurance claims as assets on Schedule A/B item 75, and list Reed Smith as its attorney under an active, executory contract for Legal Services on Schedule G. [Decl. Smith, ¶ 2, and Exhibit "G"].  In sum, this Court must not allow itself to be distracted by the misdirection effort that is the Opposition, but should instead maintain a firm and steady gaze on whether or not Reed Smith has violated its ethical duties of Loyalty and Confidentiality to its existing and former clients, and therefore has disqualifying conflicts of interest.  If the Court does so, disqualification must follow.

## II. ARGUMENT AND LAW

### A. Rubin Has a Right to Raise, Appear, and be Heard On Any Issue in this Case Under 11 U.S.C. § 1109 (b), And Has Done So Here Due to the Trustee's Failure To Seek Disqualification of Reed Smith Because of Its Conflicts of Interest and Breaches of Duty

As stated above, Rubin is a creditor of Glenroy, and is also the Manager and owner of Glenroy Coachella Holdings, LLC, which is Glenroy's sole Member.  As such, he is an interested party within the

1   meaning of Section 1109(b) of the Bankruptcy Code [Title 11 U.S.C.], which provides:

2
3       "**(b)** A party in interest, including the debtor, the trustee, a creditors' committee, an equity
        security holders' committee, a creditor, an equity security holder, or any indenture trustee, may
        raise and may appear and be heard on any issue in a case under this chapter."
4

5       Both USRECH and the Chapter 11 Trustee contend, incorrectly, that the Trustee alone has

6   standing to bring a disqualification motion for Glenroy (See, Opposition at p. 9, line 10 through p. 10,

7   line 2; and Trustee's Statement at p. 1, lines 23-28, and p. 2, lines 17-24).  Rubin agrees the Trustee has

8   such standing, but not that it is exclusive.  However, despite the duties imposed on him by 28 U.S.C. §

9   959(b), which states that as trustee he "…shall manage and operate the property in his possession as such

10  trustee, receiver or manager **according to the requirements of the valid laws of the State in which**

11  **such property is situated, in the same manner that the owner or possessor thereof would be bound**

12  **to do if in possession thereof** (emphasis added)", the Trustee has failed to do so in this instance where

13  Reed Smith has improperly undertaken the representation of USRECH while still representing Glenroy in

14  violation of the laws of the State of California, as set forth in the Rules of Professional Conduct and the

15  decisions of the California courts applying them, under both the current and former versions of those

16  Rules.  As stated in *In re Joyanna Holdings, Inc.,* 21 B.R. 323, 325-326 (Bankr. SDNY, 1982):

17
18      "Section 1109(b) continues the broad concept, carried over from the 1898 Act, of the broad
        right to be heard in order to insure that the dark corners of commerce are illuminated.  A
19      general right to be heard would be an empty grant unless those who have such right are also
        given the right to do something where those who should will not.  In short, the right to be
20      heard …includes the right to sue where a trustee or debtor in possession will not."

21      Here, despite having been put on notice of Reed Smith's conflicts by being copied on the May 4,

22  2021, demand letter from Rubin's attorney to the Managing Partner of Reed Smith's Los Angeles office

23  [See, Motion, Decl. Smith, ¶ 4, and Exhibit "E" (ecf Doc 280, p. 48 of 68)], the Trustee for unstated

24  reasons has failed to perform his duties to protect the Estate from Reed Smith's actions adverse to it in

25  violation of the California Rules of Professional Conduct, which also apply in this Court as provided by

26  Local Rule ("LBR") 2090–2(a) of the Bankruptcy Court for the Central District of California, which

27  governs the professional responsibility of attorneys practicing before this court. That rule incorporates by

28  reference the District Court's local rule 83–3.1.2, which requires that attorneys comply with the

California Rules of Professional Conduct, as interpreted by California case law." Therefore, Rubin has properly stepped into the breach and moved for the disqualification of Reed Smith.

### B. Reed Smith's Simultaneous Representation of Both Glenroy Coachella, LLC and USRECH is Ongoing

A review of the evidence submitted in support of both USRECH's Opposition, and this Reply confirms that Reed Smith is currently representing both USRECH and debtor Glenroy. Glenroy's Amended Schedules on file in this Case list its HVAC insurance theft claims as assets, and its Legal Services Retainer Agreement with Reed Smith LLP is listed as an executory contract (i.e., a contract on which performance remains due to some extent on both sides. *In re Robert L. Helms Const. & Dev. Co., Inc., (9th Cir. 1998) 139 F.3d 702, 705).* [Decl. Smith, ¶ 2, and Exhibit "G"]. Additionally, as set forth in the attached *Supplemental Declaration of A. Stuart Rubin In Support of Reply to U.S. Real Estate Credit Holdings III-A, L.P.'s Opposition to Motion to Disqualify Reed Smith LLP*, Reed Smith's representation of Glenroy has never been terminated and Rubin, who at the time he was Glenroy's Manager, shared with Mr. Giller extensive confidential information about Glenroy's hotel project and the disputes that led to the litigation initiated by USRECH, prior to Reed Smith entering this case on USRECH's behalf. [Supp. Decl. Rubin, ¶¶ 1-end, and Exhibits attached thereto].

A review of several of the declarations by current and former Reed Smith attorneys proffered by USRECH in support of its Opposition also show that Reed Smith has never taken the steps necessary to terminate its representation of Glenroy, and therefore that firm remains Glenroy's attorneys for the Insurance Matter. In his declaration, former Reed Smith Partner Richard Giller at paragraphs 4 - 6 affirms his representation of Mr. and Mrs. Rubin in the Civil Action, in paragraphs 7 – 12 gives an overview of his handling of the Insurance Matter while he was with Reed Smith, and then in paragraph 13 states the Insurance Matter was not among the clients or matters that he transferred to his current firm. What he does not say is that the Insurance Matter was concluded before he left Reed Smith, nor does he state the representation was terminated and returned to Glenroy.

Current Reed Smith Partner David Halbriech's declaration also does not contain evidence to support USRECH's contention that Reed Smith is not currently representing Glenroy on the Insurance

Matter.  In the few brief sentences that make up paragraphs 2-4, Mr. Halbreich states he is the Practice

Group Leader for the firm's Insurance Recovery Group, that he has never spoken with Mr. or Mrs. Rubin

about the Insurance Matter, and tellingly that "To my knowledge, Richard Giller did not transfer the

HVAC matter to any other attorney at Reed Smith, nor was it transferred to Mr. Giller's new firm."  The

reasonable inferences to be drawn from this testimony are 1. The Insurance Matter is still with Reed

Smith, 2. It has not been actively worked on since Mr. Giller departed the firm, and 3. The case file

apparently is unattended to and gathering dust in the file room, while any applicable statutes of limitation

continue to run if they haven't already expired due to Reed Smith's neglect.

Finally, current Reed Smith Partner and Chief Litigation Counsel, Peter J. Kennedy's  declaration

has two items that need to be addressed.  First, in paragraphs 11 and 12 he states that he sent two separate

emails to "…counsel for Rubin…".  He is mistaken.  The February 19, 2021, email was to Daniel

Weintraub of Weintraub & Selth, who are Glenroy's Bankruptcy Attorneys (Decl. Houston at ¶ 11 makes

a similar error in reference to Glenroy's Riverside Case attorney Mr. McGarrigle) .  The May 5, 2021,

email was to Rubin's attorney in this Case, Evan L. Smith.  Second, Mr. Kennedy authenticates 5

redacted invoices for services rendered to Glenroy in connection with the Insurance Matter.  While the

fees stated would have grown had Reed Smith actively prosecuted Glenroy's HVAC insurance claims,

they do not come near to what Reed Smith stands to earn from its more lucrative representation of

USRECH if it is given a pass for its ethical breaches of duty and allowed to continue, with more than

2200 hours of time billed to date according to Ms. Houston. [Decl. Houston, ¶ 6].

The Opposition presents a Parade of Horribles that will supposedly befall USRECH if Reed

Smith is disqualified and it has to engage the services of an unconflicted law firm to represent it

(Opposition, p. 14, line 22 through p.15, line 3).  These arguments are overstated.  Clients engaged in

litigation change attorneys all the time, and the courts and other parties involved are able to reasonably

accommodate the new attorneys' needs for time to get up to speed.  This is not an instance where

replacement of counsel on the eve of trial is the issue. Rubin's lawyers, a 5-attorney boutique firm, took

over representation in this Case and the Riverside Case in late April 2021, and have been able to cope, as

will any AmLaw 100 firm hired by USRECH to replace Reed Smith.  If Reed Smith is disqualified

1   because of its failure to decline the engagement from USRECH due to its conflicts, the financial burden

2   of moving the representation to a new firm will undoubtedly be borne by Reed Smith, not 'innocent

3   client' USRECH, which also will be able to find numerous unconflicted attorneys in Los Angeles who

4   are as skilled in Bankruptcy Law and Business Litigation matters as Mr. Rivas and Ms. Houston.

5        As Reed Smith has been shown to be simultaneously representing both Glenroy and USRECH, it

6   must be disqualified.  As the California Supreme Court stated in *In re Charlisse C.*, (2008) 45 Cal.4th

7   145, 159-160:

8        "In simultaneous representation cases, "[t]he primary value at stake … is the attorney's duty—
         and the client's legitimate expectation—of *loyalty*, rather than confidentiality." (*Id. at p. 284.*)]
9        ☝Because a conflict involving an attorney's duty of loyalty is "[t]he most egregious" kind of
         conflict, the disqualification standards we have developed for simultaneous representation
10       cases are "more stringent" than those that apply in successive representation cases; "[w]ith few
         exceptions, disqualification [in a case of simultaneous representation] follows automatically,
11       regardless of whether the simultaneous representations have anything in common or present
         any risk that confidences obtained in one matter would be used in the other. (citations
12       omitted)."

13

14              **C . Reed Smith Wrongly Disregarded Rubin and Glenroy Coachella, LLCs'**
                **Good Faith Efforts to Get It to Withdraw Due to Its Conflicts of Interest**

15

16        According to the Declaration of Reed Smith Partner Marsha Houston at paragraph 5, Reed Smith

17   began representing USRECH in this action on November 23, 2020.  On November 30, 2020, Pat

18   McGarrigle, Glenroy's attorney of record in the Riverside Case, emailed Chris Rivas of Reed Smith,

19   notified him that Reed Smith had a conflict because of its representation of Glenroy, and in response

20   received an email from Ms. Houston denying the conflict in the language that has become Reed Smith's

21   standard reply when they are pressed on the issue. [Decl. Houston, ¶ 11, and Exhibit "A"], and Reed

22   Smith refused to withdraw.

23        Thereafter, following aggressive two-track foreclosure moves by USRECH in the Riverside Case,

24   Glenroy filed a voluntary Chapter 11 petition on February 15, 2021.  Three days later Glenroy's

25   Bankruptcy Attorney, Mr. Weintraub, sent an email to Ms. Houston that addresses her employment of

26   underhanded litigation tactics, requests a continuance due to her surprise filing of an early major motion

27   to appoint a Chapter 11 Trustee, notifies her on behalf of Glenroy that Reed Smith has conflict, and that

28

1   he intends to move to disqualify Reed Smith. [Decl. Houston, ¶ 13, and Exhibit "C"]. Unfortunately for

2   Glenroy, USRECH's motion to appoint a Trustee, the moving papers for which are replete with the same

3   types of unsubstantiated smear allegations present in USRECH's Opposition here, was granted, which

4   effectively sidelined Mr. Weintraub as all of Glenroy's rights of action were thereby transferred to the

5   newly appointed Trustee.

6        On April 20, 2021, the law firm Messina & Hankin LLP substituted into the Riverside Case on

7   behalf of Rubin (the firm later substituted in as well on behalf of Dr. Elliot Lander). Two days later, the

8   firm appeared and successfully argued on behalf of Rubin in opposition to USRECH's Summary

9   Adjudication Motion, all while reviewing voluminous files to get up to speed in both this Case and the

10   Riverside Case. In the course of doing so, counsel learned of Reed Smith's conflicts of interest as to both

11   Mr. and Mrs. Rubin and Glenroy, and a mere 14 days later, on May 4, 2021, initiated efforts aimed at

12   getting Reed Smith to voluntarily withdraw as counsel for USRECH. [See, Motion at p. 6, lines 13-20].

13   Despite USRECH's contentions to the contrary, there is nothing tactical or retaliatory about Messina &

14   Hankin's efforts to seek the withdrawal or disqualification of Reed Smith, which are simply aimed at

15   holding Reed Smith to account for its failures to properly discharge its ethical duties to Glenroy and the

16   Rubins (and incidentally, also its duties to USRECH, which has expended money on attorneys who

17   should have disclosed to it that they had a conflict and could not ethically undertake its representation so

18   it could hire a different, unconflicted law firm). The bottom line is that Rule of Professional Conduct

19   1.16 *Declining or Terminating Representation* imposes duties on attorneys and firms that Reed Smith

20   failed to perform, specifically those in 1.16 (a)(2) with respect to USRECH, and (d), and (e)(1) with

21   respect Rubin and Glenroy.

22        Finally, in assessing USRECH's assertion that Rubin and his attorneys have unduly delayed in

23   bringing this Motion forward, the standard to be followed is set forth in *Zador Corp. v. Kwan*, (1995) 31

24   Cal.App.4th 1285, 1302, "'Where the party opposing the motion can demonstrate prima facie evidence of

25   unreasonable delay in bringing the motion causing prejudice to the present client, disqualification should

26   not be ordered. The ***burden*** then shifts back to the party seeking disqualification to justify the delay.

27   [Citation.] Delay will not necessarily result in the denial of a disqualification motion; **the delay and the**

**ensuing prejudice must be extreme**.'" (emphasis added).  Here, the alleged delay and prejudice are nowhere near extreme.  Rubin and Glenroy's attorneys repeatedly sought to get Reed Smith to properly discharge its duties under the Rules of Professional Conduct and the related case law. Before he could move on the matter, Glenroy's Bankruptcy Attorney was stripped of the ability to act by Reed Smith's actions on behalf of USRECH in getting the Trustee appointed.  Rubin's current attorneys moved on the issue within 14 days of undertaking representation.  As for Reed Smith's argument that it has incurred a lot of "billable hours", that was a risk it assumed when it failed to withdraw early on.  It should not be rewarded with a lucrative contract for breaching its duties of loyalty and confidentiality to the Glenroy and the Rubins.

### III. <u>CONCLUSION</u>

USRECH's Opposition to Rubin's Motion, and the Trustee's Statement are not well taken. Rubin has standing to put the important question of whether Reed Smith should be disqualified from serving as USRECH's counsel against the Estate and the other parties to this Case before this Court.  Reed Smith's flagrant breaches of duty, and simultaneous representation of Glenroy and USRECH mandate that it be disqualified, and the Court should so order.

DATED:    8/25/2021                                          **MESSINA & HANKIN, LLP**

                                                            By: _____
                                                                **EVAN L. SMITH**
                                                                **Attorneys for A. STUART RUBIN**

# DECLARATION of EVAN L. SMITH

I, Evan L. Smith, declare:

1. I am an attorney at law, duly admitted to practice before this court, and a Member in good standing of the State Bar of California. I am an Of Counsel attorney with the law firm Messina & Hankin, LLP, attorneys of record for A. Stuart Rubin in both the civil action currently pending before the Riverside County Superior Court styled *U.S. Real Estate Credit Holdings III-A, L.P. v. Glenroy Coachella, LLC*, *et al.* (case # RIC 1905743), and the Chapter 11 case currently pending before the U.S. Bankruptcy Court, Central District of California styled *In re Glenroy Coachella, LLC*, case # 2:21-bk-11188-BB, and am making this declaration in support of my client's A. STUART RUBIN'S OMNIBUS REPLY TO U.S.REAL ESTATE CREDIT HOLDINGS III-A, L.P.' OPPOSITION TO MOTION TO DISQUALIFY REED SMITH LLP, AND CHAPTER 11 TRUSTEE'S STATEMENT IN OPPOSITION TO MOTION TO DISQUALIFY REED & SMITH AS COUNSEL OF RECORD FOR U.S.REAL ESTATE CREDIT HOLDINGS III. I have personal knowledge of the facts set forth below and, if called as a witness, could and would attest thereto. No waiver of the attorney-client privilege, or of any other privilege, is made, intended, or implied hereby.

2. Attached hereto as Exhibit "G" is a true copy of the *SUMMARY OF AMENDED SCHEDULES, MASTER MAILING LIST,AND/OR STATEMENTS [LBR 1007-1(c)]* filed by debtor Glenroy Coachella, LLC in Bankruptcy Case 2:21-bk-11188-BB, as Doc 314 on 07/20/2021, to amend its Schedule A/B: Assets-Real and Personal Property, and Schedule G: Executory Contracts and Unexpired Leases. Item 75, on p. 6 of 14, lists debtor Glenroy's HVAC Insurance Theft Claims in the estimated amount of $ 400,000.00 as an asset of the Bankruptcy Estate. Item 2.10, on p. 11 of 14, lists Glenroy's Legal Services Retainer Agreement with Reed Smith LLP as an open, active executory contract.

**IN WITNESS WHEREOF**, this declaration is executed under penalty of perjury according to the laws of the State of California this 25th day of August 2021 at Murietta, California.

*Evan L. Smith*

**EVAN L. SMITH**

Exhibit "G"

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Daniel J. Weintraub - Bar #132111<br>James R. Selth - Bar # 123420<br>Crystle J. Lindsey - Bar #281944<br>WEINTRAUB & SELTH, APC<br>11766 Wilshire Boulevard, Suite 1170<br>Los Angeles, CA 90025<br>Telephone: (310)207-1494<br>Facsimile: (310)442-0660<br>Email: dan@wsrlaw.net<br><br>☐ Individual appearing without attorney<br>☒ Attorney for Debtor Glenroy Coachella, LLC | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - **SELECT DIVISION**

| In re:<br><br>GLENROY COACHELLA, LLC | CASE NO.: 2:21-bk-11188-BB<br>CHAPTER: 11 |
|---|---|
| | **SUMMARY OF AMENDED SCHEDULES, MASTER MAILING LIST, AND/OR STATEMENTS [LBR 1007-1(c)]** |
| Debtor(s) | |

A filing fee is required to amend Schedules D or E/F (see Abbreviated Fee Schedule on the Court's website www.cacb.uscourts.gov). A supplemental master mailing list (do not repeat any creditors on the original) is required as an attachment if creditors are being added to the Schedule D or E/F.
Are one or more creditors being added? ☐ Yes ☐ No

The following schedules, master mailing list or statements (check all that apply) are being amended:

☒ Schedule A/B    ☐ Schedule C    ☐ Schedule D    ☐ Schedule E/F    ☒ Schedule G

☐ Schedule H    ☐ Schedule I    ☐ Schedule J    ☐ Schedule J-2    ☐ Statement of Financial Affairs

☐ Statement About Your Social Security Numbers    ☐ Statement of Intention    ☐ Master Mailing List

☐ Other (specify) _____

I/we declare under penalty of perjury under the laws of the United States that the amended schedules, master mailing list, and or statements are true and correct.

Date: 07/16/2021

_____    manager
Debtor 1 Signature

_____
Debtor 2 (Joint Debtor) Signature (if applicable)

**NOTE**: It is the responsibility of the Debtor, or the Debtor's attorney, to serve copies of all amendments on all creditors listed in this Summary of Amended Schedules, Master Mailing List, and/or Statements, and to complete and file the attached Proof of Service of Document.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California

**Fill in this information to identify the case:**

Debtor name    Glenroy Coachella, LLC

United States Bankruptcy Court for the:   CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)   2:21-bk-11188-BB

■ Check if this is an
amended filing

# Official Form 206A/B
# Schedule A/B: Assets - Real and Personal Property
12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest.
Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties
which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts
or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write
the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an
additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset
schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the
debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---|---|

**1. Does the debtor have any cash or cash equivalents?**

☐ No.  Go to Part 2.
■ Yes Fill in the information below.

**All cash or cash equivalents owned or controlled by the debtor**

Current value of
debtor's interest

3.    **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*
Name of institution (bank or brokerage firm)          Type of account          Last 4 digits of account
number

| | | | | |
|---|---|---|---|---|
| 3.1. | **Account contolled by Receiver** | **Checking** | | $2,160.00 |

4.    **Other cash equivalents** *(Identify all)*

5.    **Total of Part 1.**                                                          $2,160.00
Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| Part 2: | Deposits and Prepayments |
|---|---|

**6. Does the debtor have any deposits or prepayments?**

☐ No.  Go to Part 3.
■ Yes Fill in the information below.

7.    **Deposits, including security deposits and utility deposits**
Description, including name of holder of deposit

| | | |
|---|---|---|
| 7.1. | **Prepayment for utilities of approximately $90,000; prepayment for ABC license of approximately $13,800** | $103,800.00 |

8.    **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
Description, including name of holder of prepayment

9.    **Total of Part 2.**                                                          $103,800.00
Add lines 7 through 8. Copy the total to line 81.

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                                Best Case Bankruptcy

Debtor    **Glenroy Coachella, LLC**                                    Case number *(If known)* **2:21-bk-11188-BB**
_____
Name

| Part 3: | **Accounts receivable** |
|---|---|

**10. Does the debtor have any accounts receivable?**

■ No. Go to Part 4.
☐ Yes Fill in the information below.

| Part 4: | **Investments** |
|---|---|

**13. Does the debtor own any investments?**

■ No. Go to Part 5.
☐ Yes Fill in the information below.

| Part 5: | **Inventory, excluding agriculture assets** |
|---|---|

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☐ No. Go to Part 6.
■ Yes Fill in the information below.

| | General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|---|
| 19. | **Raw materials Construction supplies; Inventory done by Receiver; Value not disclosed** | | **$0.00** | | **Unknown** |
| 20. | **Work in progress Unfinished buildings; current value unknown and appraisal pending; book value of $approximately 45 million based on 2019 depreciation and cost segregation.** | | **$45,000,000.00** | | **Unknown** |

| 21. | **Finished goods, including goods held for resale** |
|---|---|

| 22. | **Other inventory or supplies** |
|---|---|

| 23. | **Total of Part 5.** Add lines 19 through 22. Copy the total to line 84. | **$0.00** |
|---|---|---|

24.   **Is any of the property listed in Part 5 perishable?**
      ■ No
      ☐ Yes

25.   **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
      ■ No
      ☐ Yes. Book value _____  Valuation method _____  Current Value _____

26.   **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
      ■ No
      ☐ Yes

Debtor    **Glenroy Coachella, LLC**
_____    Case number *(if known)* **2:21-bk-11188-BB**
      Name

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No.  Go to Part 7.
☐ Yes Fill in the information below.

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No.  Go to Part 8.
■ Yes Fill in the information below.

| | General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 39. | **Office furniture** Indoor and outdoor furnishings; Inventory done by Receiver; Values not disclosed | Unknown | | Unknown |
| 40. | **Office fixtures** Fixtures; Inventory conducted by Receiver; values not disclosed | $0.00 | | Unknown |

41.    **Office equipment, including all computer equipment and communication systems equipment and software**

42.    **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

43.    **Total of Part 7.**
      Add lines 39 through 42.  Copy the total to line 86.

| | $0.00 |
|---|---|

44.    **Is a depreciation schedule available for any of the property listed in Part 7?**
      ■ No
      ☐ Yes

45.    **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
      ■ No
      ☐ Yes

| Part 8: | Machinery, equipment, and vehicles |

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No.  Go to Part 9.
☐ Yes Fill in the information below.

| Part 9: | Real property |

**54. Does the debtor own or lease any real property?**

☐ No.  Go to Part 10.
■ Yes Fill in the information below.

55.    **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

Debtor    **Glenroy Coachella, LLC**                                      Case number *(If known)*  **2:21-bk-11188-BB**
          <sub>Name</sub>

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building, if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest *(Where available)* | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1.  **Property located at 48100 Van Buren St., Coachella, California, 92236; commonly known as 84-141 Avenue 48, Coachella, CA 92236; 35 acres on 5 APN parcels; As is market value of approximately $52,200,000 as of 2019. Updated appraisal pending.** | **Tenant in Common (70.5% interest)** | **$0.00** | **Appraisal** | **$52,200,000.00** |

56.  **Total of Part 9.**                                                                    **$52,200,000.00**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.
Copy the total to line 88.

57.  **Is a depreciation schedule available for any of the property listed in Part 9?**
☒ No
☐ Yes

58.  **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
☒ No
☐ Yes

| Part 10: | Intangibles and intellectual property |
|---|---|

59. **Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.
☒ Yes Fill in the information below.

| General description | Net book value of debtor's interest *(Where available)* | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60.  **Patents, copyrights, trademarks, and trade secrets** | | | |
| 61.  **Internet domain names and websites**<br>**www.theglenroy.com** | **$0.00** | | **Unknown** |
| 62.  **Licenses, franchises, and royalties** | | | |
| 63.  **Customer lists, mailing lists, or other compilations** | | | |
| 64.  **Other intangibles, or intellectual property**<br>**Construction plans and permits for the Debtor's real estate development project in Coachella, CA** | **$0.00** | | **Unknown** |

| Debtor | **Glenroy Coachella, LLC** | Case number *(If known)* **2:21-bk-11188-BB** |
|---|---|---|
| | Name | |

65.   Goodwill

66.   **Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$0.00

67.   **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C.§§ 101(41A) and 107**?**
- ■ No
- ☐ Yes

68.   **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
- ■ No
- ☐ Yes

69.   **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
- ■ No
- ☐ Yes

### Part 11:   All other assets

70.   **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

- ☐ No.  Go to Part 12.
- ■ Yes Fill in the information below.

Current value of
debtor's interest

71.   **Notes receivable**
Description (include name of obligor)
**Debtor is informed and believes that**     0.00   -        0.00   =
**it has claims against Creditor U.S.**    Total face amount      doubtful or uncollectible amount
**Real Estate and affiliates and certain**
**third parties (TBD) for fraud in the**
**inducement and related damages in**
**connection with the loan by U.S. Real**
**Estate to Debtor; Claim value**
**unliquidated, but believed to be in**
**excess of $50MM.**                                    Unknown

72.   **Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

73.   **Interests in insurance policies or annuities**

74.   **Causes of action against third parties (whether or not a lawsuit**
**has been filed)**

75.   **Other contingent and unliquidated claims or causes of action of**
**every nature, including counterclaims of the debtor and rights to**
**set off claims**
**Insurance claims (related to theft of HVAC inventory at**
**Debtor's construction project) with Endurance**
**American Specialty Insurance Co. and Westchester**
**Surplus Lines**

| Nature of claim | **Insurance Claims** | |
|---|---|---|
| Amount requested | **$400,000.00** | Unknown |

---

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com           Best Case Bankruptcy

Debtor    **Glenroy Coachella, LLC**                             Case number *(If known)*   **2:21-bk-11188-BB**

       Name

76.    **Trusts, equitable or future interests in property**

77.    **Other property of any kind not already listed** *Examples:* Season tickets,
      country club membership

78.    **Total of Part 11.**                                               **$0.00**

      Add lines 71 through 77. Copy the total to line 90.

79.    **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
      ■ No
      ☐ Yes

Debtor    **Glenroy Coachella, LLC**                                    Case number *(If known)*  **2:21-bk-11188-BB**
_____
Name

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $2,160.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $103,800.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9* .....................................................> | | $52,200,000.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* + | $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $105,960.00 | + 91b. $52,200,000.00 |
| 92. **Total of all property on Schedule A/B**. Add lines 91a+91b=92 | | $52,305,960.00 |

| Fill in this information to identify the case: |
| --- |

Debtor name  **Glenroy Coachella, LLC**

United States Bankruptcy Court for the:  CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)  **2:21-bk-11188-BB**

■ Check if this is an
amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases                    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.  **Does the debtor have any executory contracts or unexpired leases?**
    ☐ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.
    ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal    Property*
(Official Form 206A/B).

**2. List all contracts and unexpired leases**

**State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease**

| 2.1. | State what the contract or lease is for and the nature of the debtor's interest | **Lease of 2018 Land Rover Range Rover** | |
| --- | --- | --- | --- |
| | State the term remaining | | **Ally Financial** |
| | List the contract number of any government contract | | **P.O. Box 78234** **Phoenix, AZ 85062** |

| 2.2. | State what the contract or lease is for and the nature of the debtor's interest | **Development Agreement with the City of Coachella, dated February 15, 2018, for the development and construction of the hotel and resort on the Debtor's multiple parcels of property commonly known as 48100 Van Buren St., Coachella, CA 92236** | |
| --- | --- | --- | --- |
| | State the term remaining | | **City of Coachella** **Attn: City Manager** |
| | List the contract number of any government contract | | **1515 Sixth Street** **Coachella, CA 92236** |

| 2.3. | State what the contract or lease is for and the nature of the debtor's interest | **First Amendment to the Memorandum of Understanding between the City of Coachella, the Debtor and Coachella Lighthouse, LLC, dated October 8, 2020, with respect to the Development Agreement with the City of Coachella.** | |
| --- | --- | --- | --- |
| | State the term remaining | **April 30, 2022, unless further extended or** | **City of Coachella** **Attn:  City Manager** **1515 Sixth Street** **Coachella, CA 92236** |

Debtor 1  **Glenroy Coachella, LLC**                                    Case number (if known)  **2:21-bk-11188-BB**

First Name          Middle Name          Last Name

 **Additional Page if You Have More Contracts or Leases**

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|

| | | terminated |
| | List the contract number of any government contract | |

| 2.4. | State what the contract or lease is for and the nature of the debtor's interest | **Construction management and consulting agreement** | |
| | State the term remaining | | **Colliers International Group, LLC** |
| | List the contract number of any government contract | | **11601 Wilshire Blvd., Suite 1950** |
| | | | **Los Angeles, CA 90025** |

| 2.5. | State what the contract or lease is for and the nature of the debtor's interest | **Agreement to Pay Assessment and Finance Improvements** | |
| | State the term remaining | | **CSCDA** |
| | List the contract number of any government contract | | **1700 N. Broadway, Suite 405** |
| | | | **Walnut Creek, CA 94596** |

| 2.6. | State what the contract or lease is for and the nature of the debtor's interest | **Hotel consulting** | |
| | State the term remaining | | **Highgate Hotels, LP** |
| | List the contract number of any government contract | | **870 Seventh Ave., 2nd Fl.** |
| | | | **New York, NY 10019** |

| 2.7. | State what the contract or lease is for and the nature of the debtor's interest | **Hotel license** | |
| | State the term remaining | | **InterContinental Hotels Group** |
| | List the contract number of any government contract | | **3 Ravinia Dr., Suite 100** |
| | | | **Atlanta, GA 30346-2149** |

| 2.8. | State what the contract or lease is for and the nature of the debtor's interest | **PACE Funding Agreement** | |
| | State the term remaining | | **PACE Equity LLC** |
| | List the contract number of any government contract | | **731 N. Jackson St., Suite 420** |
| | | | **Milwaukee, WI 53202** |

Debtor 1  **Glenroy Coachella, LLC**                                                Case number (*if known*)  **2:21-bk-11188-BB**
First Name          Middle Name          Last Name

 **Additional Page if You Have More Contracts or Leases**

**2. List all contracts and unexpired leases**    State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease

| | | |
|---|---|---|
| 2.9. | State what the contract or lease is for and the nature of the debtor's interest | **Lease of 2019 Bentley Bentayga** |
| | State the term remaining | **Porsche Financial Services, Inc.** |
| | List the contract number of any government contract | **1 Porsche Dr.**<br>**Atlanta, GA 30354-1654** |

| | | |
|---|---|---|
| 2.10. | State what the contract or lease is for and the nature of the debtor's interest | **Legal Services Retainer Agreement** |
| | State the term remaining | **Reed Smith, LLP**<br>**355 South Grand Avenue** |
| | List the contract number of any government contract | **Suite 2900**<br>**Los Angeles, CA 90071-1514** |

# ADDITIONAL SERVICE INFORMATION (if needed):

### 1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):

Steven M Berman on behalf of Interested Party   EFO Financial Group LLC
sberman@slk-law.com, awit@shumaker.com;bgasaway@shumaker.com

Daren Brinkman on behalf of Creditor   Saxon Engineering Services Inc.
office@brinkmanlaw.com, 7764052420@filings.docketbird.com

Caroline Djang on behalf of Creditor   Doug Wall Construction
caroline.djang@bbklaw.com, laurie.verstegen@bbklaw.com;wilma.escalante@bbklaw.com

Caroline Djang on behalf of Interested Party Caroline R. Djang caroline.djang@bbklaw.com,
laurie.verstegen@bbklaw.com;wilma.escalante@bbklaw.com

Jenny L Doling on behalf of Attorney   INTERESTED PARTY
JD@jdl.law, dolingjr92080@notify.bestcase.com

Eryk R Escobar on behalf of U.S. Trustee   United States Trustee (LA)
eryk.r.escobar@usdoj.gov

Chad V Haes on behalf of Trustee Richard A Marshack (TR) chaes@marshackhays.com,
chaes@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com;cmendoza@marshackhays.com;kfrederick@ecf.cour
tdrive.com

Brian S Harnik on behalf of Creditor   Blair Air, Inc
bharnik@rhlawfirm.com, bharnik@rhlawfirm.com

Douglas Harris on behalf of Interested Party   Courtesy NEF
Douglas.harris@alston.com

William C Hoggard on behalf of Creditor   Orco Block & Hardscape
wch@wchlawgroup.com, admin@wchlawgroup.com

Mark S Horoupian on behalf of Interested Party   Courtesy NEF
mhoroupian@sulmeyerlaw.com, mhoroupian@ecf.inforuptcy.com;ccaldwell@sulmeyerlaw.com

Marsha A Houston on behalf of Creditor   U.S. Real Estate Credit Holdings III-A, LP
mhouston@reedsmith.com

Michael S Kogan on behalf of Interested Party   Courtesy NEF
mkogan@koganlawfirm.com

Timothy R Laquer on behalf of Interested Party   Courtesy NEF
trl@ddclaw.com, trl@ddclaw.com

Timothy R Laquer on behalf of Interested Party Gary Stiffelman
trl@ddclaw.com, trl@ddclaw.com

Leib M Lerner on behalf of Interested Party   Courtesy NEF
leib.lerner@alston.com, autodockettest-lax@alston.com

Crystle Jane Lindsey on behalf of Debtor   Glenroy Coachella, LLC
crystle@wsrlaw.net; crystle@cjllaw.com; gabby@wsrlaw.net; dairi@wsrlaw.net

Richard A Marshack (TR)
pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com

Sean A OKeefe on behalf of Interested Party Stuart  Rubin
sokeefe@okeefelc.com, seanaokeefe@msn.com

Matthew D Pham on behalf of Interested Party   Courtesy NEF
mpham@hahnlawyers.com, marias@hahnlawyers.com;mpham@ecf.courtdrive.com

Maria  Plumtree on behalf of Creditor   GF Investment Group, Inc. dba The Investment Center, a California
corporation
agrow@plumtreelaw.com, mplumtree@plumtreelaw.com

Dean G Rallis, Jr on behalf of Interested Party   Courtesy NEF
drallis@hahnlawyers.com;
marias@hahnlawyers.com;mpham@hahnlawyers.com;drallis@ecf.courtdrive.com;drallis@ecf.inforuptcy.com

Debra  Riley on behalf of Creditor   California Statewide Communities Development Authority
driley@allenmatkins.com

Christopher O Rivas on behalf of Creditor   U.S. Real Estate Credit Holdings III-A, LP
crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com

James R Selth on behalf of Debtor   Glenroy Coachella, LLC
jim@wsrlaw.net, jselth@yahoo.com;dairi@wsrlaw.net;gabby@wsrlaw.net;vinnet@ecf.inforuptcy.com

James R Selth on behalf of Interested Party   Courtesy NEF
jim@wsrlaw.net, jselth@yahoo.com;dairi@wsrlaw.net;gabby@wsrlaw.net;vinnet@ecf.inforuptcy.com

Leonard M Shulman on behalf of Interested Party   Latham Management & Consulting Services, Inc.
lshulman@shulmanbastian.com

Alan G Tippie on behalf of Interested Party   Courtesy NEF
atippie@sulmeyerlaw.com, atippie@ecf.courtdrive.com;pdillamar@sulmeyerlaw.com

Alan G Tippie on behalf of Interested Party   Edwin W. Leslie, Receiver
atippie@sulmeyerlaw.com, atippie@ecf.courtdrive.com;pdillamar@sulmeyerlaw.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Daniel J Weintraub on behalf of Debtor   Glenroy Coachella, LLC
dan@wsrlaw.net, vinnet@ecf.inforuptcy.com;gabby@wsrlaw.net;dairi@wsrlaw.net

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
11766 Wilshire Boulevard, Suite 1170
Los Angeles, CA  90025

A true and correct copy of the foregoing document entitled (*specify*): **SUMMARY OF AMENDED SCHEDULES, MASTER MAILING LIST, AND/OR STATEMENTS [LBR 1007-1(c)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 07/20/2021_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 07/20/2021 | Maggie Chiang | /s/ Maggie Chiang |
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California

*December 2015*                    Page 2                    **F 1007-1.1.AMENDED.SUMMARY**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

24910 Las Brisas Road, Suite 102, Murrieta, CA 92562

A true and correct copy of the foregoing document entitled (*specify*):  A. STUART RUBIN'S OMNIBUS REPLY TO U.S. REAL ESTATE CREDIT HOLDINGS III-A, L.P.' OPPOSITION TO MOTION TO DISQUALIFY REED SMITH LLP, AND CHAPTER 11 TRUSTEE'S STATEMENT IN OPPOSITION TO MOTION TO DISQUALIFY REED & SMITH AS COUNSEL OF RECORD FOR U.S.REAL ESTATE CREDIT HOLDINGS III-A; DECLARATION OF EVAN L. SMITH;
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 08/25/2021        , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

SEE ATTACHED SERVICE LIST

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)     08/25/2021        , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor:  Glenroy Coachella, LLC, 1801 S. La Cienega Blvd., Suite 301, Los Angeles, CA 90035

Peter Kennedy, Esquire; Reed Smith LLP 355 S. Grand Avenue Suite 2900, Los Angeles, CA 90071

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  08/25/2021        , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Hon. Sheri Bluebond
U.S. Bankruptcy Court-Roybal Building
255 E. Temple Street, Suite 1534/Courtroom 1539
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 08/25/2021 | YESENIA MEZA | |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>: CONTINUED:

- **ATTORNEY FOR INTERESTED PARTY EFO FINANCIAL GROUP LLC:** Steven M Berman sberman@slk-law.com, awit@shumaker.com; bgasaway@shumaker.com
- **ATTORNEY FOR CREDITOR SAXON ENGINEERING SERVICES INC AND COMMITTEE OF UNSECURED CREDITORS:** Daren Brinkman office@brinkmanlaw.com, 7764052420@filings.docketbird.com
- **ATTORNEY FOR CREDITOR DOUG WALL CONSTRUCTION:** Caroline Djang caroline.djang@bbklaw.com, laurie.verstegen@bbklaw.com; wilma.escalante@bbklaw.com
- **INTERESTED PARTY COURTESY NEF:** Jenny L Doling JD@jdl.law, dolingjr92080@notify.bestcase.com
- **ATTORNEY FOR CREDITORS LASERSCOPIC MEDICAL CLINIC, LLC; LASERSCOPIC SPINAL CENTERS OF AMERICA, INC.; AND JOE SAMUEL BAILEY:** Jonathan R Doolittle    jonathan.doolittle@pillsburylaw.com
- **ATTORNEY FOR U.S. TRUSTEE (LA):** Eryk R Escobar eryk.r.escobar@usdoj.gov
- **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** Chad V Haes chaes@marshackhays.com, chaes@ecf.courtdrive.com; cmendoza@ecf.courtdrive.com; cmendoza@marshackhays.com; kfrederick@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR BLAIR AIR, INC.:** Brian S Harnik bharnik@rhlawfirm.com, bharnik@rhlawfirm.com
- **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR ORCO BLOCK & HARDSCAPE:** William C Hoggard wch@wchlawgroup.com, admin@wchlawgroup.com
- **INTERESTED PARTY COURTESY NEF:** Mark S Horoupian mhoroupian@sulmeyerlaw.com, mhoroupian@ecf.inforuptcy.com; ccaldwell@sulmeyerlaw.com
- **ATTORNEY FOR CREDITOR U.S. REAL ESTATE CREDITOR HOLDINGS III-A, LP:** Marsha A Houston mhouston@reedsmith.com
- **INTERESTED PARTY COURTESY NEF:** Michael S Kogan mkogan@koganlawfirm.com
- **ATTORNEY FOR INTERESTED PARTY GARY STIFFELMAN:** Timothy R Laquer trl@ddclaw.com, trl@ddclaw.com
- **ATTORNEY FOR DEBTOR GLENROY COACHELLA, LLC:** Crystle Jane Lindsey crystle@wsrlaw.net, crystle@cjllaw.com; gabby@wsrlaw.net; dairi@wsrlaw.net
- **INTERESTED PARTY COURTESY NEF:** Tinho Mang tmang@marshackhays.com, tmang@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@ecf.courtdrive.com
- **TRUSTEE RICHARD A MARSHACK (TR):** Richard A Marshack (TR) pkraus@marshackhays.com, rmarshack@iq7technology.com; ecf.alert+Marshack@titlexi.com
- **ATTORNEY FOR CREDITOR PORSCHE FINANCIAL SERVICES, INC. dba BENTLEY FINANCIAL SERVICES and CREDITOR PORSCHE LEASING LTD:** Stacey A Miller smiller@tharpe-howell.com
- **ATTORNEY FOR INTERESTED PARTY STUART RUBIN:** Sean A OKeefe sokeefe@okeefelc.com, seanaokeefe@msn.com
- **INTERESTED PARTY COURTESY NEF:** R Gibson Pagter, Jr.: gibson@ppilawyers.com, ecf@ppilawyers.com; pagterrr51779@notify.bestcase.com
- **INTERESTED PARTY COURTESY NEF:** Matthew D Pham mpham@hahnlawyers.com, marias@hahnlawyers.com; mpham@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR LAW OFFICES OF JEFFREY D SEGAL, A PROFESSIONAL CORPORATION:** Sheila M Pistone sheila@pistonelawoffice.com, sheilapistone@yahoo.com
- **ATTORNEY FOR CREDITOR GF INVESTMENT GROUP, INC. DBA THE INVESTMENT CENTER, A CALIFORNIA CORPORATION:** Maria Plumtree agrow@plumtreelaw.com, mplumtree@plumtreelaw.com
- **ATTORNEY FOR CREDITORS AL MILLER & SONS ROOFING CO INC; APPLE J PLUMBING; DESERT PALM ELECTRIC INC; JACOBSSON ENGINEERING CONSTRUCTION INC; MASCORRO CONCRETE CONSTRUCTION INC; TANDEM WEST GLASS INC; TEMALPAKH INC DBA THE WORKS FLOOR & WALL:** Thomas J Polis tom@polis-law.com, paralegal@polis-law.com; r59042@notify.bestcase.com
- **ATTORNEY FOR CREDITOR CALIFORNIA STATEWIDE COMMUNITIES DEVELOPMENT AUTHORITY:** Debra Riley driley@allenmatkins.com
- **ATTORNEY FOR CREDITOR U.S. REAL ESTATE CREDITOR HOLDINGS III-A, LP:** Christopher O Rivas crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com
- **ATTORNEY FOR DEBTOR GLENROY COACHELLA, LLC:** James R Selth jim@wsrlaw.net, jselth@yahoo.com; dairi@wsrlaw.net; gabby@wsrlaw.net; vinnet@ecf.inforuptcy.com
- **ATTORNEY FOR INTERESTED PARTY LATHAM MANAGEMENT & CONSULTING SERVICES, INC.:** Leonard M Shulman lshulman@shulmanbastian.com

- **ATTORNEY FOR INTERESTED PARTIES ELLIOT LANDER AND STUART RUBIN: Evan** L Smith els@elsmithlaw.com
- **ATTORNEY FOR INTERESTED PARTY EDWIN W. LESLIE, RECEIVER:** Alan G Tippie atippie@sulmeyerlaw.com, atippie@ecf.courtdrive.com; pdillamar@sulmeyerlaw.com
- **U.S. TRUSTEE (LA):** United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
- **ATTORNEY FOR DEBTOR GLENROY COACHELLA, LLC:** Daniel J Weintraub dan@wsrlaw.net, vinnet@ecf.inforuptcy.com; gabby@wsrlaw.net; dairi@wsrlaw.net