D. EDWARD HAYS, #162507
ehays@marshackhays.com
CHAD V. HAES, #267221
chaes@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 11 Trustee,
RICHARD A. MARSHACK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:21-bk-11188-BB |
| GLENROY COACHELLA, LLC, | Chapter 11 |
| Debtor. | CHAPTER 11 TRUSTEE'S MOTION FOR ORDER AUTHORIZING:<br>1) SALE OF REAL PROPERTY LOCATED AT 84151 AVENUE 48, COACHELLA, CA AND RELATED ASSETS: (A) OUTSIDE THE ORDINARY COURSE OF BUSINESS; (B) FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES; (C) SUBJECT TO OVERBID; (D) FOR DETERMINATION OF GOOD FAITH PURCHASER UNDER 11 U.S.C. §363(m); AND<br>2) ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES UNDER 11 U.S.C. §365<br>MEMORANDUM OF POINTS OF AUTHORITIES; DECLARATION OF RICHARD A. MARSHACK IN SUPPORT<br><br>Hearing to be set per Application for Order Shortening Time:[1] |

[1] Due to the COVID-19 outbreak, Judge Bluebond will be holding all hearings remotely until further notice. Some hearings will be held via telephone using CourtCall and some hearings will be held via ZoomGov. The cover page for the publicly posted hearing calendar will state whether the hearings that day will be held via telephone by CourtCall or via ZoomGov. The calendar is posted to the public at least 2 weeks prior to the hearing and can be accessed at the following web address: http://ecf-ciao.cacb.uscourts.gov/CiaoPosted/?jid=BB (Click on the "Select Judge" tab on the upper left side of the screen and select Judge Bluebond)

TRUSTEE'S MOTION FOR SALE OF PROPERTY AND RELATED ASSETS
4843-2717-9236

# TABLE OF CONTENTS

1.   Summary of Motion .................................................................................................2

2.   Bankruptcy Filing ..................................................................................................5

3.   The Real Property ..................................................................................................6

     a.   Ownership and Encumbrances..........................................................................6

     b.   Legal Description...........................................................................................7

     c.   Marketing Efforts..........................................................................................7

     d.   Valuation of the Property and Anticipated Completion Costs.......................8

     e.   Compromise with USRECH ...........................................................................8

4.   Proposed Sale ........................................................................................................10

     A.   Summary of Terms ......................................................................................10

     B.   USRECH Lien, Purchase Price, Deposit, and Benefit to the Estate ...........10

     C.   Buyer's Due Diligence.................................................................................11

     D.   "As Is" Sale.................................................................................................11

     E.   No Representations Regarding Amounts owed to Lienholders....................11

     F.   Distribution..................................................................................................11

     G.   Overbid Procedure and Separate Motion.....................................................12

5.   Legal Discussion ...................................................................................................13

     A.   There is a sound business justification for the Sale. ....................................14

     B.   Notice is proper............................................................................................14

     C.   The Sale is made in good faith.....................................................................15

6.   The Sale should be approved free and clear of liens, claims, and encumbrances. ..................15

     A.   USRECH......................................................................................................18

     B.   Silhouette Outdoor Furniture, Inc. ..............................................................19

     C.   Mechanic's Liens and Lis Pendens..............................................................19

          i.   The Stale Liens ......................................................................................22

i

ii. The Subordinated Liens ........................................................................23

iii. The Otherwise Disputed Liens.............................................................23

D. Certificate of Indebtedness .........................................................................24

7. Further Treatment of Mechanic's Lien of Doug Wall Construction .......................................25

8. The Court should approve a sale to USRECH pursuant to a credit bid absent a fully-consummated sale to Buyer. ..................................................................................26

9. The Court should authorize Trustee to assume and assign executory contracts and unexpired leases the successful bidder wishes to assume.................................................26

A. Assumption and assignment of unexpired leases and executory contracts is within the Trustee's business judgment.........................................................27

B. Adequate Assurance of future performance .................................................28

10. Waiver of the Fourteen-Day Period for Effectiveness of Sale Order .....................................29

11. Any cash buyer or USRECH is a good faith purchaser. ...........................................30

12. There are no known negative tax consequences that should preclude the sale. ......................30

13. Conclusion .........................................................................................31

Declaration of Richard A. Marshack ...................................................................33

## TABLE OF AUTHORITIES

**Cases**

*Brown v. Copp* (1951)

    105 Cal.App.2d 1, 6 [232 P.2d 868]........................................................ 17

*Carlisle Homes, Inc. v. Azzari (In re Carlisle Homes, Inc.),*

    103 B.R. 524, 538 (Bankr. D.N.J. 1988) .................................................. 28

*Citicorp Mortgage v. Brooks (In re Ex-Cel Concrete Co.),*

    178 B.R. 198, 202 (B.A.P. 9th Cir. 1995) ................................................. 14

*Computer Sales Int'l, Inc. v. Federal Mogul (In re Federal Mogul Global, Inc.),*

    293 B.R. 124, 126 (D. Del. 2003)............................................................ 27

TRUSTEE'S MOTION FOR SALE OF PROPERTY AND RELATED ASSETS

4843-2717-9236

1  *EBG Midtown S. Corp. v. McLaren/Hart Env. Eng'g Corp. (In re Sanshoe Worldwide Corp.)*,

2      139 B.R. 585, 592 (S.D.N.Y. 1992) ........................................................................... 28

3  *Filtercorp*,

4      163 F.3d at 577 ........................................................................................................ 15

5  *First Nat. Bank v. Coast Consol. Oil Co.* (1948)

6      84 Cal.App.2d 250, 256 [190 P.2d 214 ................................................................... 17

7  *FutureSource, LLC v. Reuters Ltd.*,

8      312 F.3d 281, 285-86 (7th Cir. 2002) ..................................................................... 18

9  *Group of Institutional Investors v. Chicago, Milwaukee, St. Paul & Pacific R.R. Co.*,

10      318 U.S. 523, 550 (1953) ...................................................................................... 27

11  *Hayden v. QDOS, Inc. (In re QDOS, Inc.)*,

12      2019 Bankr. LEXIS 3480 (B.A.P. 9th Cir., 2019) ................................................. 18

13  *In re Bygaph, Inc.*,

14      56 B.R. 596, 605-06 (Bankr. S.D.N.Y. 1986) ........................................................ 28

15  *In re Chi-Feng Huang*,

16      23 B.R. 798 (B.A.P. 9th Cir. 1982) ........................................................................ 27

17  *In re Continental Air Lines, Inc.*,

18      780 F.2d 1223, 1226 (5th Cir. 1986) ...................................................................... 13

19  *In re Ewell*,

20      958 F.2d 276, 281 (9th Cir. 1992) ..................................................................... 15, 30

21  *In re Exide Techs.*,

22      340 B.R. 222, 239 (Bankr. D. Del. 2006) ............................................................... 27

23  *In re FCX, Inc.*,

24      60 B.R. 405, 411 (Bankr. E.D.N.Y. 1986) ............................................................. 27

25  *In re Gardens Regional Hospital & Medical Center, Inc.*,

26      2016 Bankr. LEXIS 4714 at *7 (Bankr. C.D. Cal. 2016) ....................................... 26

27  *In re Indus. Valley Refrigeration & Air Conditioning Supplies, Inc.*,

28      77 B.R. 15, 17 (Bankr. E.D. Pa. 1987) ................................................................... 30

TRUSTEE'S MOTION FOR SALE OF PROPERTY AND RELATED ASSETS

4843-2717-9236

*In re Jolan*,

   403 B.R. 866, 869-70 (Bankr. W.D. Wash. 2009) ........................................................ 17

*In re Kellogg-Taxe*,

   2014 Bankr. LEXIS 1033 at *17 (Bankr. C.D. Cal. 2014) (Neiter, J.) ................................... 13, 18

*In re Prime Motor Inns Inc.*,

   166 B.R. 993, 997 (Bankr. S.D. Fla. 1994) ........................................................ 28

*In re QDOS, Inc.*,

   591 B.R. 843, 848-50 (Bankr. C.D. Cal. 2018) (Wallace, J.)........................................................ 18

*In re Rachels Indus., Inc.*,

   109 B.R. 797, 803 (Bankr. W.D. Tenn. 1990) ........................................................ 28

*In re Suchy*,

   786 F.2d 900, 902 (9th Cir. 1985) ........................................................ 30

*In re Wilde Horse Enterprises, Inc.*,

   136 B.R. 830, 841 (Bankr. C.D. Cal. 1991) ........................................................ 13, 15

*In re Yacoobian Enterprises LP*,

   2012 Bankr. LEXIS 4062 at *6 (Bankr. C.D. Cal. 2012)........................................................ 18

*Lind v. Spacone (In re Lind)*,

   2019 Bankr. LEXIS 2052 at *7 (B.A.P. 9th Cir. 2019) ........................................................ 14

*Lubrizol Enters. v. Richmond Metal Finishers*,

   756 F.2d 1043, 1047 (4th Cir. 1985) ........................................................ 28

*Marciano v. Fahs (In re Marciano)*,

   459 B.R. 27, 54 (B.A.P. 9th Cir. 2011) ........................................................ 18

*Nevada Business Credit, LLC v. Kavanagh (In re Golden Empire Air Rescue, Inc.)*,

   2007 Bankr. LEXIS 4880 at *21-23 (B.A.P. 9th Cir. 2007) ........................................................ 14

*Official Comm. for Unsecured Creditors v. Aust (In re Network Access Solutions, Corp.)*,

   330 B.R. 67, 75 (Bankr. D. Del. 2005)........................................................ 27

*Otto Preminger Films, Ltd. v. Qintex Entertainment, Inc. (In re Qintex Entertainment, Inc.)*,

   950 F.2d 1492, 1495 (9th Cir. 1991) ........................................................ 13

TRUSTEE'S MOTION FOR SALE OF PROPERTY AND RELATED ASSETS

4843-2717-9236

*Paulman v. Gateway Venture Partners III, L.P. (In re Filtercorp, Inc.),*

   163 F.3d 570, 577 (9th Cir. 1998) ................................................................ 15

*Pelican Homestead v. Wooten* (*In re Gabel*),

   61 B.R. 661, 667 (Bankr. W.D. La. 1985).................................................. 18

*Pinnacle Restaurant at Big Sky, LLC v. CH SP Acquisitions, LLC*

   *(In re of Spanish Peaks Holdings II, LLC)* ...................................... 13, 16

*Pinnacle Restaurant at Big Sky, LLC v. CH SP Acquisitions, LLC (In re of Spanish Peaks Holdings II, LLC),*

   862 F.3d 1148 (9th Cir. 2017) ............................................................... 13

*re Abbotts Dairies of Pennsylvania, Inc.,*

   788 F.2d 143, 147 (3rd Cir. 1986)......................................................... 30

*R-Ranch Mkts. #2, Inc. v. Old Stone Bank,*

   16 Cal. App. 4th 1323, 1327, 21 Cal. Rptr. 2d 21, 23 (1993) ...................... 17

*Ruby Valley Nat'l Bank v. Wells Fargo Delaware Trust Co.,*

   2014 MT 16, 373 Mont. 374, 317 P.3d 174, 178 (Mont. 2014).................... 17

*SEC v. Capital Cove Bancorp LLC,*

   2015 U.S. Dist. LEXIS 174856 at *15-16 (C.D. Cal. 2015) ........................ 18

*Simantob v. Claims Prosecutor, L.L.C. (In re Lahijani),*

   325 B.R. 282, 288 (B.A.P. 9th Cir. 2005) .......................................... 13, 14

*Spanish Peaks,*

   872 F.3d at 900 (9th Cir. 2017) ............................................................ 17

*Studley v. Boylston Nat'l Bank,*

   229 U.S. 523, 528 (1913) ..................................................................... 26

*Thomas v. Namba (In re Thomas),*

   287 B.R. 782, 785 (B.A.P. 9th Cir. 2002) ............................................... 15

*Tropical Investment Co. v. Brown* (1919)

   45 Cal.App. 205, 211 [187 P. 133].......................................................... 17

TRUSTEE'S MOTION FOR SALE OF PROPERTY AND RELATED ASSETS

4843-2717-9236

*United States Trustee v. Tamm (In re Hokulani Square, Inc.)*,

   460 B.R. 763, 772 (B.A.P. 9th Cir. 2011) ........................................................................... 26

*Walter v. Sunwest Bank (In re Walter)*,

   83 B.R. 14, 19-20 (B.A.P. 9th Cir. 1988) ...................................................................... 13, 14

*Williard v. Campbell*,

   91 Mont. 493, 11 P.2d 782, 787 (Mont. 1932) ...................................................................... 17

**Statutes**

11 § 363(f)(3) .................................................................................................................. 19, 24, 25

11 U.S.C. § 303 ............................................................................................................................ 18

11 U.S.C. § 363(b) ............................................................................... 13, 14, 15, 26, 30, 38

11 U.S.C. § 363(b)(1) ........................................................................................................ 13, 14

11 U.S.C. § 363(f) ............................................................................................................... 10, 16

11 U.S.C. § 363(f)(1) .................................................................. 16, 17, 19, 23, 24, 25

11 U.S.C. § 363(f)(2) ........................................................................................................ 18, 19

11 U.S.C. § 363(f)(4) ................................................................................................ 18, 23, 24

11 U.S.C. § 363(k). .................................................................................................................... 26

11 U.S.C. § 365 ................................................................................. 1, 10, 26, 27, 28

11 U.S.C. § 365(b)(1) ................................................................................................................ 27

11 U.S.C. § 365(f)(2) ....................................................................................... 19, 27, 28

11 U.S.C. § 546(b) ..................................................................................................................... 22

11 U.S.C. § 553(a) ..................................................................................................................... 26

11 U.S.C. §§ 101–1532 ............................................................................................................... 5

11 U.S.C. §§363(f)(1) and (f)(2) ......................................................................................... 19

11 U.S.C. §§363(f)(1), (f)(2) and (f)(3) ................................................................... 19, 25

11 U.S.C. §363(m). ................................................................................................................... 30

11 U.S.C. § 363(k) ..................................................................................................................... 26

Cal. Civil Code §8460 .............................................................................................................. 22

11 U.S.C. §363(f) ....................................................................................................................... 16

TRUSTEE'S MOTION FOR SALE OF PROPERTY AND RELATED ASSETS

1 **Rules**

2 Fed. R. Bank. P. 6004 ............................................................................................ 14

3 FRBP 6004(h) .......................................................................................................... 29

4 Rule 9013-1(f) of the Local Bankruptcy Rules............................................................. 29

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TRUSTEE'S MOTION FOR SALE OF PROPERTY AND RELATED ASSETS

4843-2717-9236

TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY COURT

JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED

PARTIES:

Richard A. Marshack, in his capacity as Chapter 11 Trustee ("Trustee") of the Bankruptcy

Estate ("Estate") of Glenroy Coachella, LLC ("Debtor"), respectfully submits his motion for order

authorizing: (1) the sale of the real property located at and commonly known as 84151 Avenue 48,

Coachella, California, a luxury hotel project, and related assets (collectively, the "Property") under

11 U.S.C. § 363, pursuant to the terms and conditions set forth in the Agreement of Purchase and

Sale and Joint Escrow Instructions ("PSA") attached as Exhibit "1;"[2] or (2) pursuant to credit bit of

U.S. Real Estate Credit Holdings, III-A, LLP ("USRECH" or "Lender") and (3) the assignment of

any desired executory contracts and unexpired leases under 11 U.S.C. § 365.  As used herein, the

term "Buyer" shall mean either a cash purchaser subject to the PSA or Lender, pursuant to its credit

bid.

## 1.    Summary of Motion

A bankruptcy court may approve a trustee's sale of assets if there is a sound business

purpose. In this case, the Estate owns real property located at 84150 Avenue 48, Coachella,

California 92201 ("Land"), which includes a luxury hotel project ("Project"). The Estate's primary

tangible assets are the Land and the Project (collectively, "Real Property"). The Land consists of

multiple parcels (approximately 33.71 acres) in various stages of development. Debtor entered into a

Development Agreement with the City of Coachella to develop the Land into a Hotel Indigo, a

luxury, full-service, casita-style resort and hotel. Debtor alleges the Project is 65% complete.

Trustee seeks to sell the Real Property and certain rights and privileges associated with the

Real Property including any desired personal property for $30,000,000 in cash in addition to the

---

[2] To date, an interested buyer executed a copy of the PSA is attached as Exhibit "1" to the Declaration of Richard A. Marshack ("Marshack Declaration"). This potential buyer, however, has not yet funded the required deposit. For the avoidance of doubt, Trustee is also requesting, in this Motion, authority to sell the Property by credit bid to Lender, should there not be a cash buyer able to effectuate the sale on the terms set forth in the PSA, and the compromise between Trustee and U.S. Real Estate Credit Holdings III-A that has been approved by the Court.

1  assumption of certain Mello Roos and PACE liabilities in excess of $13 million. Although the

2  Real Property is subject to liens in excess of the proposed minimum sales price, the sale will

3  satisfy the vast majority of the liens. If Trustee did not administer the Real Property, Lender has

4  stated its intention to foreclose. Because this is a single asset real estate case, in which the "SARE

5  deadline" has expired, and Trustee is without funds to make interest payments, relief from stay

6  would undoubtedly be granted by the Court. If Lender foreclosed (it has judicial and nonjudicial

7  foreclosure proceedings pending), there would be substantial liens wiped out which claims would

8  become unsecured claims diluting the estate's other unsecured creditors. On the other hand, if a

9  cash buyer closes the proposed sale, all liens senior to Lender will be paid, Lender will consent to

10  the sale, Lender will provide a $200,000 carveout to the Estate, and Lender will subordinate its

11  deficiency claim in favor of the majority of other allowed unsecured claims (in accordance with

12  the settlement between the Trustee and Lender, as approved by this Court, hereinafter referred to

13  as the "Compromise Order"). If on the other hand, a cash buyer does not emerge, the Property

14  will be sold through credit bid in accordance with the Compromise Order.

15         The following assets are available for purchase:

16         A.      The Estate's interest in the Real Property, together with all rights, privileges, and

17  easements appurtenant to the Land or Project, or any portion thereof (collectively, the

18  "Appurtenances"), including all minerals, oil, gas, and other hydrocarbon substances on or under

19  the Land (if owned by Debtor), as well as all development rights, air rights, water, water rights,

20  and water stock, if any, relating exclusively to the Real Property and any other easements, rights-

21  of-way, or appurtenances used in connection with the beneficial use and enjoyment of the Land

22  including all rights, if any, relating to the development of the Project under the Glenroy Resort

23  Development Agreement entered into by and between the City of Coachella ("City") and Debtor

24  and dated as of February 15, 2018, as may have been amended or modified by the Memorandum

25  of Understanding between the City, Debtor and The Coachella Lighthouse, LLC dated as of May

26

27

28

13, 2020 and the First Amendment to Memorandum of Understanding between the City, Debtor

and The Coachella Lighthouse, LLC dated as of October 8, 2020 ("Development Agreement");[3]

      B.    The Estate's interest in and to any and all intangible personal property now or

through the Closing Date owned by Debtor and used in connection with the ownership, use,

development, or operation of the Land, the Project and/or the Appurtenances, including, (i) any

and all warranties and guaranties and other intangible rights relating to the ownership, use or

operation of all or any part of the Property, (ii) all names by which the Property or any part

thereof may be known or which may be used in connection with the Property, (iii) any websites

respecting the Property, along with any domain names, together with any customer lists, (iv) any

and all consents, licenses, approvals, certificates, permits, floor plans, and plans and

specifications relating to the Improvements, the Appurtenances, the Land and/or the Personal

Property (defined below), (v) all architectural and engineering plans and drawings related to the

Project including conceptual designs, design drawings, and structural plans, and (vi) all

construction permits for the Project issued by the City and other applicable government agencies

(collectively, "Intangible Property");

      C.    The Estate's interest in all tangible personal property owned by Debtor and located

on the Real Property, or purchased in connection with the development or operation of the Project

and deemed delivered to Debtor but stored at a location off the Real Property, including, without

limitation, all purchased and delivered but not yet used or installed construction materials,

equipment, and furnishings (collectively, "Personal Property"). To the extent any interested buyer

desires to purchase any such personal property, there may be valid and perfected liens which will

need to be satisfied by payment of amounts in excess of the proposed $30 million minimum

purchase price.

      The Real Property, Appurtenances, Development Agreement, Intangible Property, and

Personal Property are defined collectively as the "Property."

/ / /

---

[3] Trustee is not the title owner and is not selling the adjacent parcel upon which an operating dispensary is located and which is commonly known as Parcel 5.

4843-2717-9236

1    Through the Motion, Trustee seeks: (1) authority to sell the Property to Buyer free and clear

2  of all liens, claims, and interests;[4] (2) an order determining that any cash buyer or USRECH, as the

3  case may be, is a good faith purchaser entitled to the protections of 11 U.S.C. § 363(m);[5] (3)

4  approval of the sale subject to overbids; and (4) to eliminate the 14-day stay on the effectiveness of

5  any order approving the sale. Trustee requests that the Court grant the Motion, subject to overbid.[6]

6    If there is no third-party cash purchaser approved by the Court, Trustee seeks to sell the

7  Real Property to Lender pursuant to a minimum credit bid of $22 million. Under the terms of the

8  court-approved compromise between Trustee and Lender, it is required to purchase the property

9  pursuant to a credit bid, fund a $4 million escrow to pay mechanics lienholders whose liens are

10 determined to be senior to Lender's deed of trust, and indemnify the estate against the claim held

11 by Doug Wall Construction ("DWC") which is also subject to a recorded mechanics' lien.

12 Because DWC  and Jacobsson Engineering executed a subordination agreement in favor of

13 Lender, Trustee believes these liens are junior to Lender and not likely to able to participate in

14 distributions from the escrow fund.

15    If either proposed sale structure is not approved by the Court, Trustee intends to abandon the

16 property and is in the process of filing such a motion to be heard in early October 2021. If the sale is

17 granted, Trustee will voluntarily dismiss the motion to abandon.

18 **2.    Bankruptcy Filing**

19    On February 15, 2021, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy

20 Code. A true and correct copy of this Court's webPACER Docket for Case No. 2:21-bk-11188-BB

21

22

_____

23 [4] With the exception of: (1) easements, assessments, covenants, conditions, restrictions, dedications,
access, maintenance, and other recorded burdens that run with the land; and (2) encumbrances, and
24 interests listed on Exhibit C to the PSA.

25 [5] Unless otherwise indicated, all Chapter and Section references are to the Bankruptcy Code, 11
26 U.S.C. §§ 101–1532. All references to "Rule" refer to the Federal Rules of Bankruptcy Procedure.

27 [6] If a cash buyer does not ultimately consummate the sale, and if no qualified cash overbids are
received prior to the hearing on the Motion, Lender will make a credit bid of at least $22 million to
28 secure the purchase of the Property, at which point, Trustee will have no objection to Lender's credit
bid at the reduced sale price.

1  as of September 15, 2021, is attached to the Declaration of Richard A. Marshack ("Marshack

2  Declaration") as Exhibit "2."

3        On March 19, 2021, as Dk. No. 126, the Court entered an order approving the United States

4  Trustee's application for the appointment of a Chapter 11 Trustee. *Id*., pg. 144. Since his

5  appointment, Trustee and his professionals investigated and spent hundreds of hours conducting due

6  diligence analyzing whether there was any value to be realized from the Property through a sale or

7  equity recapitalization. Marshack Declaration, ¶ 5.

8  **3.    The Real Property**

9        **a.    Ownership and Encumbrances**

10        Debtor's primary asset was an approximately 70.5% ownership interest of the Land as a

11  tenant-in-common with three other non-debtor entities ("TICs"). To facilitate a sale of the

12  Property, the other approximate 29.5% of the Real Property has been deeded to Trustee, which

13  deeds have been recorded and the Court has entered an order approving Trustee's agreement with

14  the TICs.

15        On the petition date, the Land was encumbered by a deed of trust in favor of USRECH in

16  the approximate principal amount of $24,400,000 ("USRECH Lien"). The amount currently

17  owing on the debt associated with the USRECH Lien is currently approximately $31 million due

18  to unpaid interest and fees on the underlying note as set forth in Lender's filed proof of claim.

19  Additionally, Certificates of Indebtedness were recorded against the Land by the Receiver and in

20  favor of USRECH totaling $2,406,718.57 ("Certificates"). A true and correct copy of the recent

21  Preliminary Title Reports[7] ("PTR") are attached to the Marshack Declaration as Exhibit "3-7."

22        There are California Statewide Communities Development Authority liens against the Land

23  in the approximate amount of $13.75 million pursuant to its filed proof of claim ("PACE Liens").

24  There are also Mello Roos assessments by the Community Facilities District No. 2005-1 in an

25  amount believed to be in excess of $6 million ("Mello Roos Assessments"). The exact amount of the

26  Mello Roos Assessments is not currently known because no proof of claim has been filed. There is

27  _____

28  [7] Separate PTRs have been prepared for each of the Parcels 1, 2, 4, 5 and 6, respectively, and they
are attached to the Marshack Declaration as Exhibits "3-7".

TRUSTEE'S MOTION FOR SALE OF PROPERTY AND RELATED ASSETS

4843-2717-9236

also a judgment lien in the amount of $94,275.04 recorded against the Land on August 29, 2019,

related to a U.S. District Court lawsuit entitled *Silhouette Outdoor Furniture, Inc. v. Glenroy*

*Coachella, LLC*, Case No. EDCV 19-00373-CJC(KKx) ("Silhouette Lien"). *See* Marshack

Declaration, Ex. 3, pg. 197. Additionally, 33 mechanic's liens totaling approximately $9 million

have been recorded against the Land ("Mechanic's Liens"), and 13 *lis pendens* related to pending

lawsuits are recorded against the Land ("Lis Pendens"). *Id*, pgs. 194-203. The relative priorities

between the mechanic's liens and the USRECH Lien is disputed by the respective parties. Marshack

Declaration, ¶ 11. USRECH has filed motions under FRBP 3012 seeking to value the secured

portion of multiple stale mechanics' liens at $0.00 given their failure to timely perfect by filing

lawsuits which hearings are currently scheduled for September 15, 2021 and September 29, 2021.

### b.    Legal Description

According to the PTR, the Property includes five separate parcels assigned Assessor Parcel

Numbers: 603-220-061-2, 603-220-067-8, 603-220-068-9, 603-220-065-6, and 603-220-069-0. The

Property is legally described as:

> THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF COACHELLA, IN THE COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:
>
> PARCELS 1, 2, 4, 5 AND 6 OF PARCEL MAP NO. 37310, IN THE CITY OF COACHELLA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, ACCORDING TO MAP ON FILE IN BOOK 243, PAGES 82 THROUGH 84 OF PARCEL MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.
>
> EXCEPTING THEREFROM THAT PORTION OF THE PROPERTY CONVEYED TO THE CITY OF COACHELLA, A MUNICIPAL CORPORATION, AS DESCRIBED IN DOCUMENT ENTITLED "CERTIFICATE OF ACCEPTANCE (GRANT OF EASEMENT), RECORDED SEPTEMBER 6, 2018 AS INSTRUMENT NO. 2018-359087 OF OFFICIAL RECORDS.
>
> APN: 603-220-061-2 (PARCEL 1); 603-220-067-8 (PARCEL 2); 603-220-068-9 (PARCEL 4); 603-220-065-6; (PARCEL 5) AND (603-220-069-0 (PARCEL 6)

*See* Marshack Declaration, Ex. 3-7, pg. X.

### c.    Marketing Efforts

According to the Schedules, Debtor's 70.5% of the Real Property was worth $52.2 million as

of the Petition Date, with secured claims in excess of $30 million. Marshack Declaration, ¶ 13.

TRUSTEE'S MOTION FOR SALE OF PROPERTY AND RELATED ASSETS

4843-2717-9236

1    Shortly after Trustee was appointed, he immediately mobilized with his professionals to

2 investigate and ascertain the Debtor's assets and liabilities, with a primary focus on the Property and

3 the potential sale of the Property. Marshack Declaration, ¶ 14. Trustee has had over 75 conference

4 calls with various parties, agents, brokers, attorneys and potential purchasers of the Property,

5 including, but not limited to: (1) USRECH and its counsel, Marsha Houston and Christopher Rivas

6 of Reed Smith LLP; (2) Leonard Shulman of Shulman Bastian Friedman & Bui LLP ("Mr.

7 Shulman"), counsel for an interested prospective purchaser; (3) David Neale of Levene Neale

8 Bender Yoo & Brill, LLP and Saul Breskal of Glaser Weil, LLP, counsel for Buyer; (4) multiple

9 third party brokers and appraisers, including, but not limited, to Steve Lyle of Coldwell Banker

10 Commercial ("Mr. Lyle") and Mr. Alan Reay of Atlas Hospitality ("Mr. Reay"); (5) Leib Lerner of

11 Alston & Bird LLP, counsel for the previously retained franchisor; and (6) multiple third-party

12 lenders who had previously expressed interest in providing financing for the Property, including, but

13 not limited to EFO Financial Group, LLC ("EFO"). *Id.*, ¶ 15. Further, Trustee obtained a market

14 report for Coachella Valley hotel comparables from Coldwell Banker. *Id*. These communications

15 and Trustee's analysis of information provided proved to be vital in the Trustee's efforts to

16 consummate a sale of the Property. *Id.*

17    Trustee continues to have communications with several potential overbidders who continue

18 to remain interested in the property. *Id.*

19    **d.    Valuation of the Property and Anticipated Completion Costs**

20    Trustee spent considerable time investigating and analyzing the anticipated costs to complete

21 the Project. Marshack Declaration, ¶ 18. To that end, Trustee and his professionals interviewed Mr.

22 Lyle of Coldwell Banker and Mr. Reay of Atlas Hospitality who specialize in the marketing of

23 similar hotel projects in the Coachella Valley. *Id*. Trustee assessed the market report for Coachella

24 Valley hotel comparables obtained from Coldwell Banker. *Id*. Based on the information provided by

25 Mr. Lyle and Mr. Reay, Trustee concluded that the Estate is not in a position to finance the

26 completion of construction. *Id.*

27    **e.    Compromise with USRECH**

28    Debtor borrowed money from USRECH and, together with the TICs, secured the debt with a

TRUSTEE'S MOTION FOR SALE OF PROPERTY AND RELATED ASSETS

4843-2717-9236

1    deed of trust against the Land. Marshack Declaration, ¶ 19. Prior to bankruptcy, Debtor defaulted on

2    the loan and USRECH commenced judicial and non-judicial foreclosure proceedings. *Id*. A receiver

3    was also appointed by the Riverside County Superior Court more than a year before this bankruptcy

4    was filed. *Id*.

5        Notwithstanding Trustee's best efforts, he has been unable to locate an interested buyer who

6    would pay enough for the Property to satisfy all liens, including mechanic's liens. Marshack

7    Declaration, ¶ 20. If USRECH were to foreclose, the sales price undoubtedly would be for less than

8    a negotiated third-party sale. *Id*. Plus, there would be a substantial deficiency claim that would dilute

9    the Estate's unsecured creditor body. *Id*. Lastly, any liens that were wiped out in a foreclosure sale

10   would undoubtedly lead to increased unsecured claims.

11       As such, and in order to realize some certain benefit to the Estate, Trustee negotiated an

12   agreement pursuant to which USRECH will consent to a sale free and clear of its lien for an amount

13   that is a substantially discounted, provide carve-outs for the benefit of the Estate's administrative

14   claims, and subordinate the balance of its claim otherwise secured by its lien to all other allowed

15   general unsecured creditors. In exchange, the Court entered the Compromise Order, pursuant to

16   which USRECH is permitted to credit bid in the absence of third-party purchasers who meet the

17   terms of the compromise between the Trustee and USRECH and on the condition that it fund an

18   escrow to pay holders of mechanic's liens that are determined to be allowed, valid, and senior in

19   priority and to release any claims held by the Estate.  If USRECH is the successful purchaser

20   through credit bid, it will be afforded the same protections a third party cash purchaser.  In sum, the

21   proposed agreement created a path for Trustee to avoid the risk of losing the Property in foreclosure

22   and to realize substantial benefits from its administration including payment of substantially all

23   secured claims.

24       On July 28, 2021, as Dk. No. 322, Trustee filed a motion to approve the USRECH

25   compromise ("Compromise Motion"). On September 13, 2021, the Court entered an order granting

26   the Compromise Motion.

27   / / /

28   / / /

TRUSTEE'S MOTION FOR SALE OF PROPERTY AND RELATED ASSETS

4843-2717-9236

**4.    Proposed Sale**

    **A.    Summary of Terms**

THE FOLLOWING DESCRIPTION CONSTITUTES A SUMMARY ONLY OF THE TERMS OF SALE UNDER THE PROPOSED PSA AND IS PROVIDED FOR CONVENIENCE AND EASE OF REFERENCE ONLY. THE SUMMARY IS NOT THE PSA. FOR THE COMPLETE TERMS OF THE PSA, REFER TO EXHIBIT 1 TO THE MARSHACK DECLARATION.

    **B.    USRECH Lien, Purchase Price, Deposit, and Benefit to the Estate**

i.    <u>USRECH Lien and Carve-Out</u>. USRECH agrees to accept $27.2 million in full satisfaction of the USRECH Lien (plus the amount necessary to reimburse USRECH for taxes paid by USRECH on the Property post-petition) and to consent to the sale and agrees to carve-out $200,000 from such amount to pay Trustee's and Trustee's professionals' fees relating to the sale.

ii.    <u>Purchase Price and Form of Consideration</u>. The consideration for the sale of the Property will be: (a) $30,000,000 (if a cash purchaser); (b) Buyer's payment of all past due taxes and penalties and assumption of the PACE Liens and Mello Roos Assessments believed to be in excess of $13 million including taking title subject to such liens and encumbrances; (c) Buyer's payment of all costs of sale; and (d) any other payments necessary to satisfy liens against any desired personal property.

iii.    <u>Section 363 Transaction</u>. The sale of the Property will be free and clear of all monetary liens, judgments, and claims ("Liens"), except for those which generally run with the Real Property (for example a utility easement), pursuant to 11 U.S.C. § 363(f), provided that should Lender be the successful credit bidder, any mechanics' lien claims that are not otherwise found by the Court to be invalid or subordinate to Lender's claim shall remain on the Property provisionally unless and until they are adjudicated otherwise.

iv.    <u>Assumption and Assignment of Contracts</u>. If requested by any cash buyer or USRECH, Trustee will assume the Development Contract and assign it to such buyer pursuant to 11 U.S.C. § 365. Trustee is currently working with the City to reach an agreement regarding assumption

1  and assignment and determine any cure amounts owed. Under the PSA, any Buyer is required to

2  satisfy all cure amounts.

3        v.        Auction. Until the hearing on Trustee's motion to sell the Property, Trustee will have

4  the right to seek higher and better bids for the Property even after any potentially interest party

5  makes a bid. On the date of the hearing, an auction will be conducted in Court to determine if there

6  are higher and better offers.

## C.    Buyer's Due Diligence

8        Trustee has delivered or will deliver to any interested Buyer copies of all the documents

9  required for due diligence which are in Trustee's possession (collectively, the "Due Diligence

10  Materials"). Trustee makes no representation or warranty regarding the truth, accuracy, or

11  completeness of any Due Diligence Materials. Any Buyer acknowledges and agrees that it is

12  purchasing the Property in an "as-is, where is, with all faults" condition as of the close of escrow.

## D.    "As Is" Sale

14        Buyer acknowledges that: (1) it has had or will have the opportunity to inspect the Property

15  and perform due diligence; and (2) the purchase is "as is" "where is."

## E.    No Representations Regarding Amounts owed to Lienholders

17        Any Buyer acknowledges that Trustee makes no representations regarding the amounts owed

18  to the holders of liens against real and personal property, and any such bBuyer shall be fully

19  responsible for conducting whatever investigation and due diligence it deems appropriate prior to the

20  release or expiration of contingencies.

## F.    Distribution

22        Trustee proposes to distribute the sale proceeds in the following order:

23        A.    Property taxes;

24        B.    Reserve for liens senior to Lender including mechanics' liens which such

25              distributions not occurring until priority over Lender is adjudicated;

26        C.    In the event of a cash purchaser who is capable of closing on the terms of the PSA, to

27              Lender in the amount of $27,200,000, plus funds sufficient to repay Lender for real

28              property taxes paid after the Petition Date. Trustee will only make distributions to

Lender after reserving funds sufficient to pay claims potentially senior to Lender's deed of trust. Lender has agreed to allow Trustee to retain $200,000 as a carveout in favor of the estate; and

D. Although Trustee does not anticipate receiving funds in excess of Lender's lien, any such funds will be distributed pursuant to the lienholders' priority until such funds are exhausted, and then to unsecured creditors.

## G.    Overbid Procedure and Separate Motion

Trustee has maintained contact with multiple prospective buyers and is actively soliciting bids for the Property. Any offer accepted prior to the hearing will be subject to overbid, filed with the Court, and will constitute the initial bid for the Property. Any interested bidder is encouraged to obtain a copy of the Motion and contact the Trustee's counsel prior to the hearing. The Property will be sold subject to overbid at an open auction ("Auction") to be conducted by Trustee in Court, at the time that this Motion is heard. Trustee intends to file a separate motion for order establishing procedures for sale of the Property ("Procedure Motion"). Among other things, the Procedure Motion will request:

1.    In the event of a cash purchaser who enters into the PSA, approval of a break-up fee in the amount of $100,000 to be paid by Lender in the event such cash buyer is overbid and does not become the successful bidder ("Break-Up Fee");

2.    Setting the date by which bids must be submitted by overbidders and the date of the auction; and

3.    Approval of procedures for the auction process, including (i) requiring cash bidders to provide good faith purchase price deposits in an amount no less than $1,000,000 ("Deposit") and evidence of ability to perform that is reasonably satisfactory to Trustee, (ii) requiring the first overbid to exceed the sum of the purchase price, plus the Breakup Fee by at least $500,000 and all subsequent overbids to be in increments of at least $250,000, (iii) allowing any cash buyer that signs the PSA to increase its bid at any time and to credit bid the amount of the Breakup Fee, and (iv) requiring each bidder to qualify as a bidder prior to the sale by (a) complying with the financial conditions relating to overbids set forth above, (b) submitting qualifications to Trustee no later than

12

TRUSTEE'S MOTION FOR SALE OF PROPERTY AND RELATED ASSETS

4843-2717-9236

1    five business days prior to the hearing for consideration of the motion to approve the sale together

2    with a cash deposit equal to the amount of the Deposit and evidence reasonably satisfactory to the

3    Trustee and any buyer that signs the PSA that establishes the party's financial ability to close on the

4    purchase of the Property, and agreeing to purchase the Property on the same or better terms and

5    conditions as are set forth in the PSA.

6        Trustee believes the foregoing overbid terms are reasonable under the circumstances of this

7    case and will ensure that the price ultimately received for the Property will be the highest and best

8    price. As such, Trustee requests approval of the procedures to be included in a separately-filed

9    Procedure Motion.

10   ## 5.    Legal Discussion

11       A trustee "may use, sell, or lease, other than in the ordinary course of business, property of

12   the estate." 11 U.S.C. § 363(b). "The court's obligation in § 363(b) sales are to assure that optimal

13   value is realized by the estate under the circumstances." *Simantob v. Claims Prosecutor, L.L.C. (In*

14   *re Lahijani)*, 325 B.R. 282, 288 (B.A.P. 9th Cir. 2005). For a trustee to sell property of the estate,

15   "there must be some articulated business justification for using, selling, or leasing the property

16   outside the ordinary course of business… whether the proffered business justification is sufficient

17   depends on the case." *Walter v. Sunwest Bank (In re Walter)*, 83 B.R. 14, 19-20 (B.A.P. 9th Cir.

18   1988) (adopting the language of *In re Continental Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir.

19   1986)). Section 363 even allows the trustee to sell "substantially all of the assets of the estate." *Otto*

20   *Preminger Films, Ltd. v. Qintex Entertainment, Inc. (In re Qintex Entertainment, Inc.)*, 950 F.2d

21   1492, 1495 (9th Cir. 1991); *see, e.g., In re Kellogg-Taxe*, 2014 Bankr. LEXIS 1033 at *17 (Bankr.

22   C.D. Cal. 2014) (Neiter, J.); *see also, e.g., Pinnacle Restaurant at Big Sky, LLC v. CH SP*

23   *Acquisitions, LLC (In re of Spanish Peaks Holdings II, LLC)*, 862 F.3d 1148 (9th Cir. 2017).

24       The court should approve a sale of property under § 363(b)(1) if the trustee has established a

25   sound business purpose for the proposed transaction. *Walter*, 83 B.R. at 16; *In re Wilde Horse*

26   *Enterprises, Inc.*, 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991) ("In any sale of estate assets, the

27   ultimate purpose is to obtain the highest price for the property sold."). The business judgment

28   standard is deferential. *Lahijani*, 325 B.R. at 289 ("Ordinarily, the position of the trustee is afforded

TRUSTEE'S MOTION FOR SALE OF PROPERTY AND RELATED ASSETS

1  deference, particularly where business judgment is entailed in the analysis or where there is no

2  objection.").

3  ### A.     There is a sound business justification for the Sale.

4      The Ninth Circuit Bankruptcy Appellate Panel in *Walter* adopted a flexible case-by-case test

5  to determine whether the business purpose for a proposed sale is adequate to approve a sale under 11

6  U.S.C. § 363(b). As stated in *Lahijani*, *supra*, the courts will defer to the business judgment of the

7  Trustee to ensure that "optimal value is realized by the estate under the circumstances." *Lahijani*,

8  325 B.R. at 288; *Nevada Business Credit, LLC v. Kavanagh (In re Golden Empire Air Rescue, Inc.)*,

9  2007 Bankr. LEXIS 4880 at *21-23 (B.A.P. 9th Cir. 2007); *Lind v. Spacone (In re Lind)*, 2019

10  Bankr. LEXIS 2052 at *7 (B.A.P. 9th Cir. 2019).

11      After completing his investigation, Trustee believes that the benefit to Debtor's creditors will

12  be maximized by a sale of the Property. Trustee has been communicating with potential buyers and

13  actively attempting to consummate a sale of the Property for several months. Trustee has negotiated

14  the terms set forth in the attached PSA  subject to the terms of Trustee's compromise with Lender

15  and require a relatively quick closing. The $30,000,000 sales price is fair based upon outstanding

16  liens, the carve-outs, the reimbursement, and the arm's length negotiations between Trustee and any

17  cash buyer. *See* Marshack Declaration, ¶ 23. Simply put, Trustee's decision to sell the Property

18  reflects a sound business decision. *Id.*, ¶ 23.

19  ### B.     Notice is proper.

20      Trustee must give notice of any sale of property of the estate. *See* 11 U.S.C. § 363(b)(1). Sale

21  notices are governed by FRBP 6004. *See, e.g., Citicorp Mortgage v. Brooks (In re Ex-Cel Concrete*

22  *Co.)*, 178 B.R. 198, 202 (B.A.P. 9th Cir. 1995). Failure to provide notice in a proposed sale free and

23  clear implicates the concerns of Constitutional due process, and therefore, a sale free and clear

24  without proper service may be void. *See id.* at 205.

25      In this case, Trustee will give notice to Debtor, the United States Trustee, all known creditors

26  (secured and unsecured), all other interested parties, and any buyers that Trustee believes may be

27  interested in placing bids. Service of the Motion is proper and constitutes adequate and reasonable

28

1  notice. Moreover, notice of the sale and bidding procedures will be published on the Website for the

2  U.S. Bankruptcy Court for the Central District of California.

3    **C.    The Sale is made in good faith.**

4    "A good faith buyer is one who buys in good faith and for value." *Paulman v. Gateway*

5  *Venture Partners III, L.P. (In re Filtercorp, Inc.)*, 163 F.3d 570, 577 (9th Cir. 1998) (internal

6  quotation marks omitted). "[A]n actual finding of good faith is not an essential element for approval

7  of a sale under § 363(b)." *Thomas v. Namba (In re Thomas)*, 287 B.R. 782, 785 (B.A.P. 9th Cir.

8  2002). "Good faith encompasses fair value, and further speaks to the integrity of the transaction." *In*

9  *re Wilde Horse Enterprises, Inc.*, 136 B.R. 830, 842 (Bankr. C.D. Cal. 1991) (internal quotation

10  marks omitted). "Lack of good faith is typically shown by fraud, collusion between the purchaser

11  and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders."

12  *Filtercorp*, 163 F.3d at 577 (citing *Ewell v. Diebert (In re Ewell)*, 958 F.2d 276, 281 (9th Cir.

13  1992)); *see also Thomas*, 287 B.R. at 785.

14    The sale of the Property has been negotiated with multiple potentially interested buyers at

15  arms' length. Marshack Declaration, ¶ 24. There has been no fraud or collusion present during

16  negotiations, and this is not an insider transaction. *Id.* No potential buyer has received or will receive

17  any special treatment or consideration. *Id.* Because the proposed sale will be by auction and subject

18  to overbid, Trustee believes that any qualified buyer, including USRECH, will be entitled to a good

19  faith determination. *Id.* Prior to or at the conclusion of the hearing, Trustee will present evidence

20  sufficient for the Court to make such a determination with respect to the winning bidder(s) or any

21  back-up bidder(s). As a result, the sale is made in good faith.

22  **6.    The Sale should be approved free and clear of liens, claims, and**

23      **encumbrances.**

24    With a few exceptions, Trustee seeks authority to complete the sale free and clear of all liens,

25  claims, and interests, including charges, mortgages, pledges, security interests, hypothecation,

26  restrictions, claims, secured debts, unsecured debts, liens, or encumbrances (previously defined as

27  "Liens"). The following assets included in the term "Property" and to be sold under the PSA *will not*

28  be sold free and clear:

1    • Easements, assessments, covenants, conditions, restrictions, dedications, access,

2       maintenance, and other recorded burdens that run with the land;

3    • The items listed in Schedule C attached to the PSA;

4    • Existing and senior-in-priority PACE and Mello Roos encumbrances securing debts in excess

5       of $13,000,000; and

6    • The alleged subordinated mechanic's lien of Doug Wall Construction, but only if any cash

7       buyer chooses to assume the alleged lien prior to closing as set forth in Section 7 below and

8       Article 2.2.d of the PSA.

9       Section 363(f) allows a trustee to sell property of the bankruptcy estate "free and clear of any

10   interest in such property of an entity," if any one of the following five conditions is met:

11       (1)    Applicable non-bankruptcy law permits a sale of such property free and clear
             of such interest;
12       (2)    Such entity consents;
         (3)    Such interest is a lien and the price at which such property is to be sold is
13       greater than the aggregate value of all liens on such property;
         (4)    Such interest is in bona fide dispute; or
14       (5)    Such entity could be compelled, in a legal or equitable proceeding, to accept
             money satisfaction of such interest.
15

16   11 U.S.C. § 363(f); *see, e.g., Pinnacle Restaurant at Big Sky, LLC v. CH SP Acquisitions, LLC (In re*

17   *of Spanish Peaks Holdings II, LLC)*, 862 F.3d 1148, 1153-54 (9th Cir. 2017).

18       The Ninth Circuit Court of Appeals has held that where state foreclosure law would eliminate

19   a junior interest, the Trustee may sell property free and clear of such interest:

20       Second, we emphasize that section 363(f) authorizes free-and-clear sales only in

21       certain circumstances. The bankruptcy court did not specify which circumstance

22       justified the sale in this case, stating only that Pinnacle and Opticom "d[id] not

23       dispute that at least one provision of § 363(f) was satisfied." We, on the other hand,

24       focus on 11 U.S.C. § 363(f)(1), which authorizes a sale if "applicable nonbankruptcy

25       law permits sale of such property free and clear of such interest." 11 U.S.C.

26       § 363(f)(1).

27                                              …

28

TRUSTEE'S MOTION FOR SALE OF PROPERTY AND RELATED ASSETS

4843-2717-9236

1    Under Montana law, a foreclosure sale to satisfy a mortgage terminates a subsequent

2    lease on the mortgaged property. *See Ruby Valley Nat'l Bank v. Wells Fargo*

3    *Delaware Trust Co.*, 2014 MT 16, 373 Mont. 374, 317 P.3d 174, 178 (Mont. 2014);

4    *Williard v. Campbell*, 91 Mont. 493, 11 P.2d 782, 787 (Mont. 1932). SPH's

5    bankruptcy proceeded, practically speaking, like a foreclosure sale—hardly surprising

6    since its largest creditor was the holder of the note and mortgage on the property.

7    Indeed, had SPH not declared bankruptcy, we can confidently say that there would

8    have been an actual foreclosure sale. Such a sale would have terminated the Pinnacle

9    and Opticom leases. Section 363(f)(1) does not require an actual or anticipated

10    foreclosure sale. It is satisfied if such a sale would be legally permissible."

11    *See, e.g., Spanish Peaks*, 872 F.3d at 900 (9th Cir. 2017). *See also, In re Jolan*, 403 B.R. 866, 869-70

12    (Bankr. W.D. Wash. 2009) ("judicial and nonjudicial foreclosures in Washington operate to clear

13    junior lienholders' interests, and their liens attach to proceeds in excess of the costs of sale and the

14    obligation or judgment foreclosed.").

15    California law is in accord.

16    "A trustee's deed conveys the absolute legal title to the purchaser, as against all

17    claims subordinate to the deed of trust, but subject to all prior rights, interests, and

18    titles." (*Brown v. Copp* (1951) 105 Cal.App.2d 1, 6 [232 P.2d 868].) "Where a trust

19    deed to secure a loan is taken without notice of a lease of the premises, . . . the

20    lessee's interest under such lease is foreclosed by the foreclosure of the deed of trust."

21    (*First Nat. Bank v. Coast Consol. Oil Co.* (1948) 84 Cal.App.2d 250, 256 [190 P.2d

22    214] (hereafter *First Nat. Bank*); *see also Tropical Investment Co. v. Brown* (1919) 45

23    Cal.App. 205, 211 [187 P. 133].)

24    *R-Ranch Mkts. #2, Inc. v. Old Stone Bank*, 16 Cal. App. 4th 1323, 1327, 21 Cal. Rptr. 2d 21, 23

25    (1993).

26    Moreover, in the absence of any objection, any lien holder or claimant is deemed to have

27    consented to the proposed sale. In other words, failure to object to a proposed sale free and clear may

28    be deemed consent. *In re Yacoobian Enterprises LP*, 2012 Bankr. LEXIS 4062 at *6 (Bankr. C.D.

17

1  Cal. 2012) (Mund, J.) ("A foreclosure sale is a sale of the property. Section 363(f)(2) can be

2  interpreted to mean that Dumaine's silence was consent to the sale."); *FutureSource, LLC v. Reuters*

3  *Ltd.*, 312 F.3d 281, 285-86 (7th Cir. 2002); *Pelican Homestead v. Wooten* (*In re Gabel*), 61 B.R.

4  661, 667 (Bankr. W.D. La. 1985) (failure to object constitutes implied consent).

5       Where a free and clear sale is proposed under 11 U.S.C. § 363(f)(4), "[t]he parties must

6  provide some factual grounds to show some objective basis for the dispute." *In re Kellogg-Taxe*,

7  2014 Bankr. LEXIS 1033 at *22 (Bankr. C.D. Cal. 2014); *accord*, *SEC v. Capital Cove Bancorp*

8  *LLC*, 2015 U.S. Dist. LEXIS 174856 at *15-16 (C.D. Cal. 2015); *cf. Marciano v. Fahs (In re*

9  *Marciano)*, 459 B.R. 27, 54 (B.A.P. 9th Cir. 2011) (defining a *bona fide* dispute in the context of 11

10  U.S.C. § 303 as requiring "an objective basis for either a factual or a legal dispute as to the validity"

11  of the interest). If a claim is disputed in part, then the entire claim may be treated as a disputed

12  claim. *See In re QDOS, Inc.*, 591 B.R. 843, 848-50 (Bankr. C.D. Cal. 2018) (Wallace, J.) ("the

13  proposition 'a partially disputed claim is a disputed claim' is not only true, it is <u>necessarily true</u>.")

14  reversed and remanded on other grounds in *Hayden v. QDOS, Inc. (In re QDOS, Inc*.), 2019 Bankr.

15  LEXIS 3480 (B.A.P. 9th Cir., 2019).

16       By this Motion, and subject to the exceptions described above, Trustee is requesting a finding

17  by this Court that the Property is sold free and clear of the Liens as to a cash purchaser, and should

18  Lender be the successful credit bidder, any mechanics lien claims asserted by claimants alleging a

19  senior lien shall remain on the Property until such claims are settled or adjudicated invalid or junior

20  to Lender's liens.

21       **A.    USRECH**

22       There is a deed of trust recorded in favor of USRECH, which has filed a secured proof of

23  claim in the amount of $30,878,944.46

24       As noted above, Trustee and USRECH entered into an agreement pursuant to which

25  USRECH consents to the proposed sale free and clear of its lien. On September 13, 2021, the Court

26  entered an order approving the compromise.

27       Under the terms of the Court-approved agreement, in the event a cash purchaser who can

28  perform the terms of the PSA is the successful purchaser of the Property, USRECH will accept not

less than $27.2 million (plus any taxes paid by USRECH after the petition date) in full satisfaction of its lien in accordance with the compromise, which requires that USRECH also be paid for any taxes actually paid by USRECH post-petition, and consents to a carve-out from such amount to pay Trustee's and Trustee's professional fees relating to the sale. Thus, the sale should be approved under § 363(f)(2).

USRECH will be served with this Motion. Trustee contends that as to a successful cash purchaser (and subject to the PSA and the Compromise Order), the USRECH Lien is subject to a sale free and clear under § 363(f)(1) since the lien could be eliminated by a foreclosure of a senior lien and under § 363(f)(3) since the proposed sale is for a price in excess of the amount USRECH has agreed to accept in full satisfaction of the USRECH Lien.

As such, Trustee requests that sale be approved free and clear of the USRECH Lien under 11 U.S.C. §§363(f)(1), (f)(2) and (f)(3).

### B.    Silhouette Outdoor Furniture, Inc.

A judgment in the amount of $94,275.04 was recorded against the Real Property on August 29, 2019, related to a U.S. District Court lawsuit entitled *Silhouette Outdoor Furniture, Inc. v. Glenroy Coachella, LLC*, Case No. EDCV 19-00373-CJC(KKx) ("Silhouette Lien").

Silhouette will be served with this Motion. Trustee contends that the Silhouette Lien is subject to a sale free and clear under § 363(f)(1) since the lien could be eliminated by a foreclosure of a senior lien and under § 363(f)(2) to the extent there is no objection.

As such, Trustee requests that sale be approved free and clear of the Silhouette Lien under 11 U.S.C. §§363(f)(1) and (f)(2).

### C.    Mechanic's Liens and Lis Pendens

Pursuant to the PTRs, the following mechanic's liens were recorded against the Property:

| Creditor | Amount | Date Recorded | Instrument No. |
|---|---|---|---|
| Hi-Grade Materials Co. | $32,847.96 | 7/5/2018 | 2018-0273102 |
| Glendale Plumbing & Fire Supply | $23,792.54 | 10/26/2018 | 2018-0423202 |
|  |  |  |  |
| Ferguson Enterprises, LLC | $119,569.73 | 5/22/2019 | 2019-0179443 |
| Superior Ready Mix Concrete L.P. | $20,571.27 | 5/29/2019 | 2019-0190540 |
| Sherwin-Williams Company | $26,794.79 | 7/10/2019 | 2019-0252361 |

19

TRUSTEE'S MOTION FOR SALE OF PROPERTY AND RELATED ASSETS

4843-2717-9236

| | | | |
|---|---|---|---|
| GF Investment Group, Inc. | $259,695.63 | 6/6/2019 | 2019-0204095 |
| Blair Air, Inc. dba Blair Heating & Air | $297,443.80 | 6/7/2019 | 2019-0206598 |
| Hajoca Corporation | $39,636.17 | 6/11/2019 | 2019-0210159 |
| American Builders & Contractors Supply Co., Inc. (ABC) | $24,813.58 | 6/13/2019 | 2019-0213172 |
| Desert Electric Supply | $61,574.60 | 6/18/2019 | 2019-0218809 |
| Apple J. Plumbing, Inc. | $175,845.06 | 6/18/2019 | 2019-0219453 |
| Jacobsson Engineering Construction, Inc. | $1,042,299.00 | 6/21/2019 | 2019-0225760 |
| West Coast Sand & Gravel, Inc. | $21,666.29 | 7/10/2019 | 2019-0253543 |
| Superior Pool Products, LLC | $14,386.05 | 7/11/2019 | 2019-0254740 |
| Resource Building Materials | $1,905.04 | 7/15/2019 | 2019-0258520 |
| L&W Supply Corp. | $10,861.98 | 8/5/2019 | 2019-0293318 |
| L&W Supply Corp. | $8,643.42 | 8/5/2019 | 2019-0293319 |
| Desert Palms Electric, Inc. | $389,839.09 | 8/6/2019 | 2019-0295567 |
| Guaston Corp. | $21,153.36 | 8/21/2019 | 2019-0321135 |
| Ferguson Enterprises, LLC | $119,569.73 | 8/26/2019 | 2019-0328148 |
| TemalPakh, Inc. dba the Works Floor & Wall | $33,628.46 | 8/26/2019 | 2019-0328428 |
| BMC West, LLC | $50,290.00 | 9/11/2019 | 2019-0354394 |
| Doug Wall Construction, Inc. | $4,359,813.13 | 10/7/2019 | 2019-0401936 |
| Al Miller & Sons & Roofing Co., Inc. | $153,901.00 | 10/7/2019 | 2019-0402031 |
| Southwest Plumbing Inc. | $111,141.13 | 9/24/2019 | 2019-0377201 |
| All Phase Drywall & Development, Inc. | $40,000.00 | 9/25/2019 | 2019-0379585 |
| All Phase Drywall & Development, Inc. | $396,871.43 | 9/25/2019 | 2019-0379586 |
| Tandem West Glass, Inc. | $449,849.39 | 10/11/2019 | 2019-0402041 |
| GF Investment Group, Inc. | $250,695.63 | 9/27/2019 | 2019-385786 |
| La Hacienda Nursery & Landscape, Inc. | $146,717.74 | 10/16/2019 | 2019-0415743 |
| Gauston Corp. | $28,829.75 | 6/25/2018 | 2018-0255143 |

Collectively referred to as "Mechanic's Liens."

Pursuant to the PTR, the following *lis pendens* were recorded against the Property:

a.    September 24, 2019, related to a Riverside Superior Court lawsuit entitled *Mascorro Concrete Construction, Inc. v. Doug Wall Construction, Inc.; Glenroy Coachella, LLC, et. al*, Case No. PSC 1906560;

b.  September 24, 2019, related to a Riverside Superior Court lawsuit entitled *Apple J. Plumbing v. Doug Wall Construction, Inc.; Glenroy Coachella, LLC, et. al*, Case No. PSC 1906579;

c.  September 24, 2019, related to a Riverside Superior Court lawsuit entitled *Desert Palm Electric, Inc. v. Doug Wall Construction, Inc.; Glenroy Coachella, LLC, et. al*, Case No. PSC 1906554;

d.  September 24, 2019, related to a Riverside Superior Court lawsuit entitled *Ferguson Enterprises, Inc. v. Doug Wall Construction, Inc.; Glenroy Coachella, LLC, et. al*, Case No. PSC 1906136;

e.  October 16, 2019, related to a Riverside Superior Court lawsuit entitled *Doug Wall Construction, Inc. v. Glenroy Coachella, LLC, et. al*, Case No. PSC 1907309;

f.  October 23, 2019, related to a Riverside Superior Court lawsuit entitled *Tmalpakh, Inc., dba The Works Floor & Wall. v. Glenroy Coachella, LLC, et. al*, Case No. PSC 1907262;

g.  October 25, 2019, related to a Riverside Superior Court lawsuit entitled *Orco Block & Hardscape. v. Glenroy Coachella, LLC, et. al*, Case No. PSC 1907155;

h.  November 22, 2019, related to a Riverside Superior Court lawsuit entitled *BMC West LL. v. Glenroy Coachella, LLC, et. al*, Case No. PSC 1908245;

i.  January 2, 2020, related to a Riverside Superior Court lawsuit entitled *La Hacienda Nursery & Landscape. v. Glenroy Coachella, LLC, et. al*, Case No. PSC 1909423;

j.  January 9, 2020, related to a Riverside Superior Court lawsuit entitled *All Phase Drywall & Devleopment v. Glenroy Coachella, LLC, et. al*, Case No. PSC 1909367;

k.  January 10, 2020, related to a Riverside Superior Court lawsuit entitled *Tandem West Glass v. Glenroy Coachella, LLC, et. al*, Case No. PSC 2000015;

l.  January 10, 2020, related to a Riverside Superior Court lawsuit entitled *Al Miller & Sons Roofing, Inc. v. Glenroy Coachella, LLC, et. al*, Case No. PSC 1909423; and

m.  February 13, 202, related to a Riverside Superior Court lawsuit entitled *U.S. Real Estate Credit Holdings III-A. v. Glenroy Coachella, LLC, et. al*, Case No. RIC

TRUSTEE'S MOTION FOR SALE OF PROPERTY AND RELATED ASSETS

4843-2717-9236

1905743.

Collectively referred to as the "Lis Pendens."

Absent a formal response to the Motion, the Mechanic's Lienholders and parties who recorded Lis Pendens (who all appear to be Mechanic's Lienholders) should be deemed to have consented to the sale.

In the event a cash purchaser executes the PSA, the sale should also be free and clear because, as described below, the relative priorities between the Mechanic's Liens and the USRECH Lien are disputed by the respective parties. Marshack Declaration, ¶ 26.  Conversely, in the event that USRECH is the successful credit bidder, such Mechanics Liens should remain on the Property until settled or adjudicated otherwise.

### i.    The Stale Liens

Pursuant to California Law, the holder of a mechanic's lien must file a lawsuit to foreclose within 90 days after recording. *See* Cal. Civil Code §8460. Several Mechanic's Lienholders recorded liens on the Real Property, but failed to timely file foreclosure actions in the Superior Court to prosecute their liens or to file a notice to perfect its lien pursuant to 11 U.S.C. § 546(b). Such alleged lienholders include:

- American Builders & Contractors Supply Co.,
- Clear Coast Restoration (not reflected in PTR),
- Constructure, Inc.
- DAL Tile Distribution, Inc. (not reflected in PTR),
- Gauston Corp.,
- Glendale Plumbing & Fire Supply,
- Hi-Grade Materials Co.,
- Resource Building Materials,
- Robertson's Ready Mix (not reflected in PTR),
- SiteOne Landscape Supply,
- Southwest Plumbing, Inc.,
- Superior Pool Products, LLC, and

TRUSTEE'S MOTION FOR SALE OF PROPERTY AND RELATED ASSETS
4843-2717-9236

- West Coast Sand and Gravel, Inc. (collectively, the "Stale Lienholders").

On August 25, 2021, as Dk. No. 399, and on September 8, 2021, as Dk. No. 430, as to the alleged Mechanic's Liens of the Stale Lienholders, USRECH filed motions for determination of the value of the alleged secured claims of mechanic's lien claimants and for the expungement of mechanic's liens ("Expungement Motions"). The Stale Lienholders will be served with this Motion. Trustee contends that the alleged Mechanic's Liens and Lis Pendens of the Stale Lienholders are subject to a sale free and clear under § 363(f)(1) since the liens could be eliminated by a foreclosure of a senior lien, under § 363(f)(2) to the extent there is no objection and/or the lienholders consent to the sale, and under § 363(f)(4) because the liens are subject to bona fide dispute pursuant to the Expungement Motion.

### ii.    The Subordinated Liens

The two largest Mechanic's Lienholders have contractually subordinated their claims to USRECH's liens: Jacobsson Engineering Construction, Inc. (asserting a $1.2 million secured claim) and Doug Wall Construction, Inc. (asserting a $3.8 million secured claim) (collectively, the "Subordinated Lienholders"). Although the Subordinated Lienholders argue that the subordination agreements are invalid, the Subordinated Liens are clearly subject to bona fide dispute.

The Subordinated Lienholders will be served with this Motion. Trustee contends that the alleged Mechanic's Liens and Lis Pendens of the Subordinated Lienholders are subject to a sale free and clear under § 363(f)(1) since the liens could be eliminated by a foreclosure of a senior lien, under § 363(f)(2) to the extent there is no objection and/or the lienholders consent to the sale, and under § 363(f)(4) because the liens are subject to bona fide dispute pursuant to the subordination agreements.

### iii.    The Otherwise Disputed Liens

The remaining Mechanic's Lienholders timely filed prepetition foreclosure actions in the Superior Court, but their alleged liens are nevertheless subject to dispute for a variety of reasons, including: (1) the existence of potential defenses to the foreclosure action; (2) failure to meet the minimum *prima facie* standards to assert a lien claim; (3) the alleged lien may have been perfected as to personal property rather than the Real Property; and (4) the claim may not be secured other

TRUSTEE'S MOTION FOR SALE OF PROPERTY AND RELATED ASSETS

4843-2717-9236

than potential recoupment or setoff rights. To the extent these lienholders (collectively, the "Disputed Lienholders") are indeed senior in priority to USRECH, they will be paid in full once the issue of priority is resolved. As such, the Trustee requests authority to sell free and clear.

The Disputed Lienholders will be served with this Motion. Trustee contends that the alleged Mechanic's Liens and Lis Pendens of the Disputed Lienholders are subject to a sale free and clear under § 363(f)(1) since the liens could be eliminated by a foreclosure of a senior lien, under § 363(f)(2) to the extent there is no objection and/or the lienholders consent to the sale, under § 363(f)(3) because the Disputed Lienholders will be paid in full to the extent their liens are indeed senior in priority to the USRECH Lien, and under § 363(f)(4) because the liens are subject to bona fide dispute pursuant to the subordination agreements.

## D.    Certificate of Indebtedness

Pursuant to the PTRs, the following Certificates of Indebtedness were recorded against the Property by the Receiver in favor of USRECH:

| Description | Amount | Date Recorded | Instrument No. |
|---|---|---|---|
| Certificate No. 1 - to U.S. Real Estate Credit Holdings III-A | $50,000.00 | 6/12/2020 | 2020-0252044 |
| Certificate No. 2 - to U.S. Real Estate Credit Holdings III-A | $621,978.24 | 6/12/2020 | 2020-0252045 |
| Certificate No. 3 - to U.S. Real Estate Credit Holdings III-A | $24,790.00 | 6/12/2020 | 2020-0252046 |
| Certificate No. 4 - to U.S. Real Estate Credit Holdings III-A | $185,415.00 | 6/12/2020 | 2020-0252047 |
| Certificate No. 5 - to U.S. Real Estate Credit Holdings III-A | $267,000.00 | 6/12/2020 | 2020-0252048 |
| Certificate No. 6 - to U.S. Real Estate Credit Holdings III-A | $175,000.00 | 6/12/2020 | 2020-0252049 |
| Certificate No. 7 - to U.S. Real Estate Credit Holdings III-A | $126,846.89 | 6/12/2020 | 2020-0252050 |
| Certificate No. 8 - to U.S. Real Estate Credit Holdings III-A | $955,688.44 | 6/12/2020 | 2020-0252051 |

Collectively referred to as "Certificates."

Pursuant to the court-approved compromise with Lender, it is consenting to the sale free and clear of its liens including the Certificates with the deficiency claim to be subordinated to all other

1  unsecured claims.

2      The Receiver and USRECH will be served with this Motion. Trustee contends that the

3  Certificates (as with the USRECH Lien) are subject to a sale free and clear under § 363(f)(1) since

4  the liens could be eliminated by a foreclosure of a senior lien, under § 363(f)(2) to the extent there is

5  no objection and/or USRECH has consented to the sale pursuant to the compromise, and under

6  § 363(f)(3) since the sale is for a price in excess of the amount USRECH has agreed to accept in full

7  satisfaction of the USRECH Lien.

8      As such, Trustee requests that sale be approved free and clear of the Certificates under 11

9  U.S.C. §§363(f)(1), (f)(2) and (f)(3).

10 ## 7.     Further Treatment of Mechanic's Lien of Doug Wall Construction

11     Doug Wall Construction ("DWC") filed Proof of Claim No. 19-1 alleging that Debtor owes

12 DWC approximately $3,823,871 for unpaid construction costs incurred in connection with the

13 Project ("DWC Claim"), which claim is secured by a mechanic's lien recorded on the Real Property

14 on September 12, 2019, as document number 2019-0356369 and amended by that certain Amended

15 Mechanics Lien recorded on the Real Property on October 7, 2019, as document number 2019-

16 0401936 (collectively, the "DWC Lien").

17     At the closing, any Buyer shall have the right to assume the DWC Claim. If any such Buyer

18 fails to notify Trustee in writing prior to the closing of Buyer's intention to assume the DWC Claim,

19 then (i) the DWC Claim shall be excluded from any Buyer's assumed liabilities, and (ii) any Buyer

20 shall indemnify the Estate from and against any amounts that the Court determines is payable by the

21 Estate to DWC if the Court rules that the DWC Lien has priority over the lien of USRECH's deed of

22 trust on the Real Property; provided, however, said indemnity obligation shall be subject to and

23 conditioned upon (a) Trustee using his best faith efforts, consistent with the exercise of his

24 reasonable business judgment, to pursue a determination from the Court that the DWC Lien is either

25 unenforceable or subordinate to USRECH's deed of trust so that any amounts payable to DWC

26 would be paid exclusively from the proceeds of the sale in excess of the amount needed to obtain a

27 release of USRECH's deed of trust on the Real Property without increasing the amount payable by

28 Buyer, and (b) Trustee not entering into any settlement with DWC that would trigger Buyer's

1  indemnity obligations without obtaining Buyer's prior written approval of such settlement. To

2  clarify, no portion of the $30 million cash portion of the purchase price will be allocated to the DWC

3  Claim. Instead, if it is determined to have priority over USRECH's deed of trust, pursuant to the

4  PSA, any cash buyer will indemnify the Estate and be responsible for payment of the DWC Claim.

5  **8.    The Court should approve a sale to USRECH pursuant to a credit bid**

6  **absent a fully-consummated sale to Buyer.**

7        Under Section 363(k), a creditor holding a secured claim against particular property may

8  "offset such claim against the purchase price of such property" in a sale under Section 363(b). 11

9  U.S.C. § 363(k). This is commonly called a "credit bid."[9] *See, e.g., United States Trustee v. Tamm*

10 *(In re Hokulani Square, Inc.)*, 460 B.R. 763, 772 (B.A.P. 9th Cir. 2011). The Bankruptcy Code also

11 "does not affect any right of a creditor to offset a mutual debt owing by such creditor that arose

12 before the commencement of a case under this title against a claim of such creditor against the

13 debtor that arose before the commencement of the case." 11 U.S.C. § 553(a). The right of an

14 equitable setoff has long been recognized, to prevent "the absurdity of making A pay B when B

15 owes A." *Studley v. Boylston Nat'l Bank*, 229 U.S. 523, 528 (1913).

16       The Court-approved agreement between Trustee and USRECH provides that if Trustee is

17 unable to sell the Property to a third party cash buyer for the minimum agreed-upon price acceptable

18 to USRECH, then USRECH will be required to purchase the Property for a credit bid of at least $22

19 million. The Trustee seeks an order authorizing such credit bid, which order shall afford USRECH

20 the same protections as a cash bidder and be subject to its approval, should the Court deny the sale to

21 a third party cash buyer or should the sale to such buyer otherwise fail to be consummated.

22 **9.    The Court should authorize Trustee to assume and assign executory**

23 **contracts and unexpired leases the successful bidder wishes to assume.**

24       Through this Motion, Trustee requests authority pursuant to 11 U.S.C. § 365 to assume and

25 assign its interest in the Development Agreement to Buyer concurrently with the closing of the sale.

26

27 _____

28 [9] Credit bids are approved by the bankruptcy court using a combination of Sections 105(a) and 363. *See, e.g., In re Gardens Regional Hospital & Medical Center, Inc.*, 2016 Bankr. LEXIS 4714 at *7 (Bankr. C.D. Cal. 2016).

TRUSTEE'S MOTION FOR SALE OF PROPERTY AND RELATED ASSETS

4843-2717-9236

## A.    Assumption and assignment of unexpired leases and executory contracts is within the Trustee's business judgment.

Section 365(f)(2) of the Bankruptcy Code provides in relevant part that:

> The debtor-in-possession may assign an executory contract or unexpired lease of the debtor only if – (A) The trustee assumes such contract or lease in accordance with the provisions of this section; and (B) Adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

11 U.S.C. § 365(f)(2).

Section 365(b)(1), in turn, codifies the requirements of assuming an unexpired lease of a debtor, providing in pertinent part that:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee-
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default. . .;
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
> (C) provides adequate assurance of future performance under such contract or lease.

*See* 11 U.S.C. § 365(b)(1).

In determining whether to approve a trustee's decision to assume an unexpired lease or executory contract, courts have consistently applied a business judgment test. *See In re Chi-Feng Huang*, 23 B.R. 798 (B.A.P. 9th Cir. 1982); see, e.g., *Group of Institutional Investors v. Chicago, Milwaukee, St. Paul & Pacific R.R. Co.*, 318 U.S. 523, 550 (1953). A trustee satisfies the business judgment test when it determines, in good faith, that assumption of the lease or executory contract will benefit the estate. *In re FCX, Inc.*, 60 B.R. 405, 411 (Bankr. E.D.N.Y. 1986); see *Official Comm. for Unsecured Creditors v. Aust (In re Network Access Solutions, Corp.)*, 330 B.R. 67, 75 (Bankr. D. Del 2005) ("The standard for approving the assumption of an executory contract is the business judgment rule"); *In re Exide Techs.*, 340 B.R. 222, 239 (Bankr. D. Del. 2006) ("The propriety of a decision to reject an executory contract is governed by the business judgment standard").

Under this standard, a court should approve a trustee's decision unless that decision is the product of bad faith or a gross abuse of discretion. *See Computer Sales Int'l, Inc. v. Federal Mogul (In re Federal Mogul Global, Inc.)*, 293 B.R. 124, 126 (D. Del. 2003); *Lubrizol Enters. v. Richmond*

TRUSTEE'S MOTION FOR SALE OF PROPERTY AND RELATED ASSETS

4843-2717-9236

1  *Metal Finishers*, 756 F.2d 1043, 1047 (4th Cir. 1985).

2      Here, the PSA provides for the Trustee's assumption and assignment to any interested cash

3  buyer of the Development Agreement if the such buyer so requests and if the sale is approved and

4  consummated. *See* PSA at Articles 1.1.a, 5.2.g, and 5.4.d. The requested assumption meets the

5  business judgment standard and satisfies the requirements of Section 365 in that the Development

6  Agreement is likely necessary for any Successful Bidder to complete the Hotel and finish the Project

7  going forward. Additionally, Trustee does not believe than any purchaser would purchase the

8  Property without the benefits conferred under the Development Agreement. As such, the assumption

9  and assignment of the Development Agreement is essential to inducing the highest and best offer for

10  the Property.

11      All other unexpired contracts and leases not assumed and assigned to the Successful

12  Bidder(s) shall be deemed rejected as of the Petition Date.

13  **B.      Adequate Assurance of future performance**

14      The Bankruptcy Code provides that a trustee may assign an executory contract or unexpired

15  lease of the debtor if it assumes the agreement in accordance with 11 U.S.C. § 365(a), and provides

16  adequate assurance of future performance by the assignee, whether or not there has been a default

17  under the agreement. 11 U.S.C. § 365(f)(2). The meaning of "adequate assurance of future

18  performance" depends on the facts and circumstances of each case, but should be given a "practical,

19  pragmatic construction." *EBG Midtown S. Corp. v. McLaren/Hart Env. Eng'g Corp. (In re Sanshoe*

20  *Worldwide Corp.)*, 139 B.R. 585, 592 (S.D.N.Y. 1992); *In re Rachels Indus., Inc.*, 109 B.R. 797, 803

21  (Bankr. W.D. Tenn. 1990); *see also In re Prime Motor Inns Inc.*, 166 B.R. 993, 997 (Bankr. S.D.

22  Fla. 1994); *Carlisle Homes, Inc. v. Azzari (In re Carlisle Homes, Inc.)*, 103 B.R. 524, 538 (Bankr.

23  D.N.J. 1988) ("[a]lthough no single solution will satisfy every case, the required assurance will fall

24  considerably short of an absolute guarantee of performance").

25      Adequate assurance of future performance may be provided by demonstrating, among other

26  things, the assignee's financial health and experience in managing the type of enterprise or property

27  assigned. See, e.g., *In re Bygaph, Inc.*, 56 B.R. 596, 605-06 (Bankr. S.D.N.Y. 1986) (stating that

28  adequate assurance of future performance is present when the prospective assignee of lease from the

debtor has financial resources and has expressed willingness to devote sufficient funding to the business in order to give it a strong likelihood of succeeding).

Here, Trustee believes that any cash buyer approved by Trustee will have the operational capacity and financial wherewithal to satisfy all future obligations under the Development Agreement it wishes to assume, especially considering the $30 million purchase price of the Property. Further, this Motion will be served on the City of Coachella – the counterparty to the assignable contract. Therefore, to the extent any counterparty contends that the Motion lacks evidence of adequate assurance of future performance, each party has an opportunity to respond under Rule 9013-1(f) of the Local Bankruptcy Rules ("LBR"). Finally, Trustee expects to secure an agreement with the City of Coachella providing for the city's consent to the proposed assumption and assignment prior to the hearing on this Motion.

Trustee requests that the Court grant the Motion and authorize Trustee to assume and assign the Development Agreement as within Trustee's business judgment, and to find adequate assurance of future performance. To be clear, Trustee only seeks to assume the Development Agreement if a sale to any interested cash buyer (or any other interested bidder) is approved and such buyer requests such assumption.

## 10.    Waiver of the Fourteen-Day Period for Effectiveness of Sale Order

Rule 6004(h) provides that "An order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." FRBP 6004(h). The legislative history to Rule 6004 provides:

> The court may, in its discretion, order that Rule 6004(g) [now 6004(h)] is not applicable so that the property may be used, sold, or leased immediately in accordance with the order entered by the court. Alternatively, the court may order that the stay under Rule 6004(g) [now 6004(h)] is for a fixed period less than 10 [now 14] days.

Given the notice and full opportunity to object, respond, or participate in overbid procedures presented by this Motion, Trustee believes that, unless there are objections to the Motion that are not consensually resolved, it is appropriate and good cause exists for the Court to order that Rule 6004(h) is not applicable, and the Property may be sold immediately. Accordingly, Trustee requests

4843-2717-9236

1  that the Court authorize the sale to be effectuated immediately upon entry of the order approving this

2  Motion.

3  **11.     Any cash buyer or USRECH is a good faith purchaser.**

4       Any cash buyer or USRECH is a good faith purchaser entitled to the protections of 11 U.S.C.

5  §363(m). "Though the Bankruptcy Code and Rules do not provide a definition of good faith, courts

6  generally have followed traditional equitable principles in holding that a good faith purchaser is one

7  who buys 'in good faith' and 'for value.'" *In re Ewell*, 958 F.2d 276, 281 (9th Cir. 1992) (citing *In*

8  *re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143, 147 (3rd Cir. 1986). Lack of good faith may

9  be shown by "fraud, collusion between the purchaser and other bidders or the trustee, or an attempt

10  to take grossly unfair advantage of other bidders." *In re Ewell*, 958 F.2d 276, 281 (9th Cir. 1992)

11  (quoting *In re Suchy*, 786 F.2d 900, 902 (9th Cir. 1985)); *see also In re Indus. Valley Refrigeration*

12  *& Air Conditioning Supplies, Inc.*, 77 B.R. 15, 17 (Bankr. E.D. Pa. 1987) (good faith requirement

13  "focuses principally on the element of special treatment of the debtor's insiders in the sale

14  transaction").

15       In this case, the proposed sale is not predicated on fraud or collusion. Neither Buyer nor any

16  other known potentially interested purchaser has received any special treatment or consideration.

17  Marshack Declaration, ¶ 30. The same is true of any successful purchaser if there is an auction based

18  on overbids. Based upon the foregoing, Trustee submits that the Motion satisfies the standards for

19  approval of a sale of the Property outside of the ordinary course of business pursuant to 11 U.S.C. §

20  363(b), and good cause exists to make a finding that Buyer or any successful overbidder is

21  purchasing the Property in "good faith" pursuant to 11 U.S.C. §363(m).

22       Trustee has met the requirements for approval of the proposed PSA. Trustee has negotiated

23  the PSA because it is in the best interest of unsecured creditors. The Court should approve the PSA.

24  **12.     There are no known negative tax consequences that should preclude the**

25  **sale.**

26       Because of the financial condition of the Estate, Trustee does not believe that there will be

27  any adverse tax consequences arising from the proposed sale. In fact, Trustee believes that negative

28

4843-2717-9236

tax consequences will be avoided if the sale is approved. If the sale is denied, it is possible that a foreclosure could result in negative tax consequences to the estate.

## 13.    Conclusion

Based on the foregoing, Trustee respectfully requests that the Court enter an order providing that:

1.    The Motion is granted;

2.    Trustee is authorized to sell the Property outside the ordinary course of business and is further authorized to pay, pursuant to demands submitted to escrow, valid liens and encumbrances to the extent provided herein;

3.    Trustee is authorized to execute all documents necessary to consummate the sale and close escrow, including but not limited to, the PSA, escrow instructions, the grant deed, and any documents required to be executed under the PSA;

4.    Trustee is authorized to pay all property taxes arising or due prior to closing; escrow;

5.    A sound business purpose exists for the sale;

6.    The sale is in the best interest of the Estate, and the minimum proposed cash sale price of $30,000,000 sale price is fair and reasonable;

7.    Proper and adequate notice of the Motion has been given;

8.    In the event of a successful cash purchaser (subject to the PSA and the Compromise Order), the Property is sold free and clear of all liens, claims, and interests including the USRECH Lien, Silhouette Lien, Mechanic's Liens, Certificates of Indebtedness, and Lis Pendens pursuant to 11 U.S.C. §§ 363(f)(1), (f)(2), (f)(3), and (f)(4);

9.    Authorizing Trustee to assume and assign the Development Agreement to Buyer, but only in the event of a fully-consummated sale to an interested cash buyer;

10.    Authorizing USRECH's credit bid of at least $22 million, but only in the event a sale to a cash buyer is not consummated;

11.    The 14-day stay regarding the effectiveness of the order shall be waived;

12.    Any buyer is a good faith purchaser, entitled to the protections set forth in § 363(m);

TRUSTEE'S MOTION FOR SALE OF PROPERTY AND RELATED ASSETS
4843-2717-9236

1    13.    Such other further relief as the Court may deem just and proper

2

3   Dated: September 15, 2021                    MARSHACK HAYS LLP

4

5                                   By:  /s/ D. Edward Hays
                                        D. EDWARD HAYS
                                        CHAD V. HAES
6                                       Attorneys for Chapter 11 Trustee,
                                        Richard A. Marshack
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TRUSTEE'S MOTION FOR SALE OF PROPERTY AND RELATED ASSETS
4843-2717-9236

# Declaration of Richard A. Marshack

I, RICHARD A. MARSHACK, declare and state:

1.      I am the duly-appointed Chapter 11 Trustee of the bankruptcy estate ("Estate") of Glenroy Coachella, LLC ("Debtor"). The matters stated below are within my own knowledge or information and, if called upon to testify, I could and would competently testify thereto.

2.      I make this declaration in support of my motion for order authorizing: (1) the sale of the real property located at and commonly known as 84151 Avenue 48, Coachella, California, a luxury hotel project, and related assets under 11 U.S.C. § 363, pursuant to the terms and conditions set forth in the Agreement of Purchase and Sale and Joint Escrow Instructions ("PSA") attached as Exhibit "1;" or (2) pursuant to credit bit of U.S. Real Estate Credit Holdings, III-A, LLP ("USRECH" or "Lender") and (3) the assignment of any desired executory contracts and unexpired leases under 11 U.S.C. § 365.

3.      As used herein, the term "Buyer" shall mean either a cash purchaser subject to the PSA or Lender, pursuant to its credit bid.

4.      On February 15, 2021, Glenroy Coachella, LLC ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code. A true and correct copy of this Court's webPACER Docket for Case No. 2:21-bk-11188-BB as of September 15, 2021, is attached hereto as Exhibit "2."

5.      On March 19, 2021, the Court entered an order approving the United States Trustee's application for the appointment of a Chapter 11 Trustee. Since my appointment as trustee, my professionals and I have investigated and spent hundreds of hours conducting due diligence analyzing whether there was any value to be realized from the real property located at and commonly known as 84151 Avenue 48, Coachella, California("Land"), a luxury hotel project ("Hotel" or "Project"), and related assets (collectively, the "Property") through a sale or equity recapitalization.

6.      Debtor's primary asset was an approximately 70.5% ownership interest of Land as a tenant-in-common with three other non-debtor entities ("TICs"). To facilitate a sale of the Property,

4843-2717-9236

1  the other approximate 29.5% of the Land has been deeded to me, which deeds have been recorded

2  and the Court has entered an order approving my agreement with the TICs.

3      7.      On the petition date, the Land was encumbered by a deed of trust in favor of

4  USRECH in the approximate principal amount of $24,400,000 ("USRECH Lien"). I am informed

5  and believe that the amount currently owing on the debt associated with the USRECH Lien is

6  approximately $31 million due to unpaid interest and fees on the underlying note as set forth in

7  USRECH's filed proof of claim.

8      8.      I am informed and believe that Certificates of Indebtedness were recorded against the

9  Land by the receiver appointed by the Riverside County Superior Court more than a year before this

10 bankruptcy ("Receiver") and in favor of USRECH totaling $2,406,718.57. A true and correct copy

11 of the recent Preliminary Title Reports ("PTR") are attached hereto as Exhibits "3-7."

12     9.      There are California Statewide Communities Development Authority liens against the

13 Land in the approximate amount of $13.75 million pursuant to its filed proof of claim. There are also

14 Mello Roos assessments by the Community Facilities District No. 2005-1 in an amount that I am

15 informed and believe to be in excess of $6 million ("Mello Roos Assessments"). I am unaware of the

16 exact amount of the Mello Roos Assessments because no proof of claim has been filed.

17     10.     There is also a judgment lien in the amount of $94,275.04 recorded against the Land

18 on August 29, 2019, related to a U.S. District Court lawsuit entitled *Silhouette Outdoor Furniture,*

19 *Inc. v. Glenroy Coachella, LLC*, Case No. EDCV 19-00373-CJC(KKx) ("Silhouette Lien"). A true

20 and correct copy of the Silhouette Lien is attached hereto as Exhibit "8."

21     11.     Thirty-three mechanic's liens totaling approximately $9 million have been recorded

22 against the Land ("Mechanic's Liens"), and 13 *lis pendens* related to pending lawsuits are recorded

23 against the Land ("Lis Pendens"). The relative priorities between the Mechanic's Liens and the

24 USRECH Lien is disputed by the respective parties.

25     12.     USRECH has filed motions under FRBP 3012 seeking to value the secured portion of

26 multiple stale Mechanic's Liens at $0.00 given their failure to timely perfect by filing lawsuits which

27 hearings are currently scheduled for September 15, 2021 and September 29, 2021.

28

TRUSTEE'S MOTION FOR SALE OF PROPERTY AND RELATED ASSETS

4843-2717-9236

13.    According to Debtor's bankruptcy schedules and statements, Debtor's 70.5% of the Real Property was worth $52.2 million as of the Petition Date, with secured claims in excess of $30 million.

14.    Shortly after I was appointed, I immediately mobilized with my professionals to investigate and ascertain the Debtor's assets and liabilities, with a primary focus on the Property and the potential sale of the Property.

15.    I had over 75 conference calls with various parties, agents, brokers, attorneys, and potential purchasers of the Property, including, but not limited to: (1) USRECH and its counsel, Marsha Houston and Christopher Rivas of Reed Smith LLP; (2) Leonard Shulman of Shulman Bastian Friedman & Bui LLP, counsel for an interested prospective purchaser; (3) David Neale of Levene Neale Bender Yoo & Brill, LLP and Saul Breskal of Glaser Weil, LLP, counsel for Buyer; (4) multiple third party brokers and appraisers, including, but not limited, to Steve Lyle of Coldwell Banker Commercial ("Mr. Lyle") and Mr. Alan Reay of Atlas Hospitality ("Mr. Reay"); (5) Leib Lerner of Alston & Bird LLP, counsel for the previously retained franchisor; and (6) multiple third-party lenders who had previously expressed interest in providing financing for the Property, including, but not limited to EFO Financial Group, LLC.

16.    I also obtained a market report for Coachella Valley hotel comparables from Coldwell Banker. These communications and my analysis of information provided proved to be vital in my efforts to consummate a sale of the Property.

17.    I continue to have communications with potential overbidders who continue to remain interested in the property.

18.    I spent considerable time investigating and analyzing the anticipated costs to complete the Project. To that end, my professionals and I interviewed Mr. Lyle of Coldwell Banker and Mr. Reay of Atlas Hospitality who specialize in the marketing of similar hotel projects in the Coachella Valley. I assessed the market report for Coachella Valley hotel comparables obtained from Coldwell Banker. Based on the information provided by Mr. Lyle and Mr. Reay, I concluded that the Estate is not in a position to finance the completion of construction of the Project.

TRUSTEE'S MOTION FOR SALE OF PROPERTY AND RELATED ASSETS

4843-2717-9236

19.     I am informed and believe that Debtor borrowed money from USRECH and, together with the TICs, secured the debt with a deed of trust against the Land. Prior to bankruptcy, Debtor defaulted on the loan and USRECH commenced judicial and non-judicial foreclosure proceedings.

20.     Notwithstanding my best efforts, I have been unable to locate an interested buyer who would pay enough for the Property to satisfy all liens, including mechanic's liens. If USRECH were to foreclose, the sales price undoubtedly would be for less than a negotiated third-party sale. Plus, there would be a substantial deficiency claim that would dilute the Estate's unsecured creditor body. Lastly, any liens that were wiped out in a foreclosure sale would undoubtedly lead to increased unsecured claims.

21.     In order to realize some certain benefit to the Estate, I negotiated an agreement pursuant to which USRECH will consent to a sale free and clear of its lien for an amount that is a substantially discounted, provide carve-outs for the benefit of the Estate's administrative claims, and subordinate the balance of its claim otherwise secured by its lien to all other allowed general unsecured creditors. The agreement created a path for the Estate to avoid the risk of losing the Property in foreclosure and to realize substantial benefits from its administration including payment of substantially all secured claims.

22.     On July 28, 2021, I filed a motion to approve the USRECH compromise ("Compromise Motion"). On September 13, 2021, the Court entered an order granting the Compromise Motion.

23.     I believe that the benefit to Debtor's creditors will be maximized by a sale of the Property. I have negotiated the terms set forth in the attached PSA subject to the terms of the USRECH compromise and require a relatively quick closing. The $30,000,000 sales price is fair based upon outstanding liens, the carve-outs, the reimbursement, and the arm's length negotiations between the Estate and any cash buyer. Simply put, my decision to sell the Property reflects a sound business decision.

24.     The sale of the Property was negotiated with multiple potentially interested buyers at arms' length. There has been no fraud or collusion present during negotiations, and this is not an insider transaction. No potential buyer has received or will receive any special treatment or

consideration. Because the proposed sale will be by auction and subject to overbid, I believe that any qualified buyer, including USRECH, will be entitled to a good faith determination. Prior to or at the conclusion of the hearing, I will present evidence sufficient for the Court to make such a determination with respect to the winning bidder(s) or any back-up bidder(s).

25.     With a few exceptions, I seek authority to complete the sale free and clear of all liens, claims, and interests, including charges, mortgages, pledges, security interests, hypothecation, restrictions, claims, secured debts, unsecured debts, liens, or encumbrances ("Liens").

26.     The sale should be free and clear of alleged mechanic's liens ("Mechanic's Liens") because, among other things, the relative priorities between the Mechanic's Liens and the USRECH Lien are disputed by the respective parties.

27.     The PSA provides for my assumption and assignment to any interested cash buyer of a Development Agreement entered into by and between the City of Coachella ("City") and Debtor and dated as of February 15, 2018, if the such buyer so requests and if the sale is approved and consummated.

28.     I am informed and believe that the Development Agreement is necessary for any successful bidder to complete the Hotel and finish the Project going forward. I do not believe than any purchaser would purchase the Property without the benefits conferred under the Development Agreement. I only seek to assume the Development Agreement if a sale to any interested cash buyer (or any other interested bidder) is approved and such buyer requests such assumption.

29.     I am informed and believe that any qualified cash buyer will have the operational capacity and financial wherewithal to satisfy future obligations under the Development Agreement, especially considering the $30 million purchase price of the Property. I expect to secure an agreement with the City of Coachella providing for the city's consent to the proposed assumption and assignment prior to the hearing on this Motion.

30.     The proposed sale is not predicated on fraud or collusion. Neither Buyer nor any other known potentially interested purchaser has received any special treatment or consideration. The same is true of any successful purchaser if there is an auction based on overbids.

TRUSTEE'S MOTION FOR SALE OF PROPERTY AND RELATED ASSETS

4843-2717-9236

1    31.    Based upon the foregoing, the instant motion satisfies the standards for approval of a

2  sale of the Property outside of the ordinary course of business pursuant to 11 U.S.C. § 363(b), and

3  good cause exists to make a finding that Buyer or any successful overbidder is purchasing the

4  Property in "good faith" pursuant to 11 U.S.C. §363(m).

5    32.    I do not believe that there will be adverse tax consequences arising from the proposed

6  sale. In fact, I believe that negative tax consequences will be avoided if the sale is approved. If the

7  sale is denied, it is possible that a foreclosure could result in negative tax consequences to the Estate.

8    33.    I declare that the foregoing is true and correct under the penalty of perjury. Executed

9  September 15, 2021.

10

11    _____
    RICHARD A. MARSHACK

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TRUSTEE'S MOTION FOR SALE OF PROPERTY AND RELATED ASSETS

4843-2717-9236

**EXHIBIT 1**

**AGREEMENT OF PURCHASE AND SALE**

**AND JOINT ESCROW INSTRUCTIONS**

**DATED SEPTEMBER __, 2021**

Between

_____

Buyer

and

RICHARD A. MARSHACK,
the duly-appointed trustee acting for the bankruptcy estate of
GLENROY COACHELLA, LLC,
a Delaware limited liability company

Seller

i

2001657.11

EXHIBIT 1

PAGE 40

## AGREEMENT OF PURCHASE AND SALE
## AND JOINT ESCROW INSTRUCTIONS

THIS AGREEMENT OF PURCHASE AND SALE AND JOINT ESCROW INSTRUCTIONS ("**Agreement**") is made and entered into as of this ___ day of September, 2021 ("**Effective Date**"), by and between _____ ("**Buyer**"), and RICHARD A. MARSHACK ("**Seller**"), the duly-appointed trustee acting for the bankruptcy estate of GLENROY COACHELLA, LLC, a Delaware limited liability company ("**Debtor**"), with reference to the following facts:

A.      Debtor's bankruptcy estate is the owner of (i) that certain land located in the County of Riverside, State of California, identified by APNs 603-220-061, 603-220-065, 603-220-067, 603-220-068, and 603-220-069, comprising approximately thirty-five (35) acres, as more particularly described in **Exhibit A** attached hereto ("**Land**"), and (ii) the partially completed resort being constructed on the Land, which is intended to include (a) 51 one-story villas, (b) 4 restaurants, (c) an outdoor pool, (d) fitness center, (e) full service spa, (f) outdoor event space, (g) meeting rooms and convention center, and (h) surface parking for approximately 377 automobiles (collectively, the "**Project**").

B.      On February 15, 2021, ("**Petition Date**") Debtor filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code, 11 U.S.C. §§ 101, et seq. ("**Bankruptcy Code**") in the United States Bankruptcy Court, Central District of California ("**Bankruptcy Court**") as Case No. 2:21-bk-11199-BB (the case arising under such petition, the "**Bankruptcy Case**").

C.      On March 19, 2021, the Bankruptcy Court entered its order directing the appointment of a chapter 11 trustee for the Debtor.  Seller is the duly-appointed and acting chapter 11 trustee for the Debtor and is managing the affairs of the Debtor pursuant to Section 1106 of the Bankruptcy Code.  As the duly-appointed trustee for the Debtor, Seller is the exclusive representative of Debtor's bankruptcy estate with standing to enter into this Agreement and obtain Bankruptcy Court approval for the transaction described herein.

D.      Buyer desires to purchase the Property (defined in Section 1.1 below) free and clear of all judgments and monetary liens, judgments and claims (but not easements, assessments, covenants, conditions, restrictions, dedications, access, maintenance, and other recorded burdens that run with the land), and to assume the Assumed Liabilities (defined in **Section Error! Reference source not found.**2.2(c) below), and Seller desires to sell, convey, assign, and transfer to Buyer, the Property together with the Assumed Liabilities, all in the manner and subject to the terms and conditions set forth in this Agreement and in accordance with Sections 105, 363, and 365 and other applicable provisions of the Bankruptcy Code.

E.      Seller has selected Buyer to serve, and Buyer has consented to its selection and service, as the "Stalking Horse Bidder," all in the manner and subject to the terms and conditions set forth in this Agreement and in the Bid Procedures Order (defined below).

F.      In exchange for the transfer to Buyer of the Property, Buyer desires to provide certain consideration (as set forth below) to Seller.

2001657.11

EXHIBIT 1
PAGE 41

G.      The Property and Assumed Liabilities are assets and liabilities of Debtor, which are to be purchased and assumed by Buyer pursuant to orders of the Bankruptcy Court establishing bidding procedures and bidder protections for Buyer ("**Bid Procedures Order**") and approving such sale pursuant to Sections 105, 363, and 365 of the Bankruptcy Code ("**Sale Order**"), which orders will include the authorization for the assumption by Debtor and assignment to Buyer of certain executory contracts and liabilities thereunder pursuant to Section 365 of the Bankruptcy Code, all in the manner and subject to the terms and conditions set forth in this Agreement and the Sale Order and in accordance with the applicable provisions of the Bankruptcy Code. The execution and delivery of this Agreement and Seller's ability to consummate the transactions set forth in this Agreement are subject, among other things, to the entry of the Sale Order.

H.      Seller has entered into that certain Settlement Agreement and Terms of Consent for Section 362 Sale dated July 21, 2021 ("**Settlement Agreement**") with the largest secured creditor, U.S. Real Estate Credit Holdings III-A, LP ("**Lender**"), being the beneficiary under a deed of trust recorded on title to the Property on April 26, 2018, as Instrument Number 2018-0162476. The Settlement Agreement has been approved by the Bankruptcy Court and a formal order has been entered. This agreement is intended to comply with all the terms of the Settlement Agreement.

NOW, THEREFORE, IN CONSIDERATION of the foregoing and the mutual covenants and agreements herein set forth, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Seller and Buyer agree, subject to approval f the Bankruptcy Court, as follows:

**ARTICLE I**
**PROPERTY**

1.1     <u>Conveyance of Property</u>.  Seller agrees to sell and convey to Buyer, and Buyer agrees to purchase from Seller, subject to the terms and conditions set forth herein, all of Debtor's right, title, and interest, if any, in and to the following (collectively, the "**Property**"):

(a)     <u>Real Property</u>. The Land and Project improvements (collectively, the "**Real Property**"), together with all rights, privileges, and easements appurtenant to the Land or Project, or any portion thereof (collectively, "**Appurtenances**"), including, without limitation, all minerals, oil, gas, and other hydrocarbon substances on or under the Land or any portion thereof (if owned by Debtor), as well as all development rights, air rights, water, water rights, and water stock, if any, relating exclusively to the Real Property or any portion thereof and any other easements, rights-of-way, or appurtenances used in connection with the beneficial use and enjoyment of the Land or any portion thereof including, without limitation all rights, if any, relating to the development of the Project under that certain Glenroy Resort Development Agreement entered into by and between the City of Coachella ("**City**") and Debtor and dated as of February 15, 2018, as same may have been amended or modified by that certain Memorandum of Understanding between the City, Debtor and The Coachella Lighthouse, LLC dated as of May 13, 2020 and that certain First Amendment to Memorandum of Understanding between the City, Debtor and The Coachella Lighthouse, LLC dated as of October 8, 2020 ("**Development Agreement**");

2001657.11

EXHIBIT 1
PAGE 42

(b)    Intangible Property.  All right, title, and interest of Debtor in and to any and all intangible personal property now or through the Closing Date owned by Debtor and used in connection with the ownership, use, development, or operation of the Land, the Project and/or the Appurtenances, including, without limitation, (i) any and all warranties and guaranties and other intangible rights relating to the ownership, use or operation of all or any part of the Property, (ii) all names by which the Property or any part thereof may be known or which may be used in connection with the Property, (iii) any websites respecting the Property, along with any domain names, together with any customer lists, (iv) any and all consents, licenses, approvals, certificates, permits, floor plans, and plans and specifications relating to the Improvements, the Appurtenances, the Land and/or the Personal Property (as hereinafter defined), (v) all architectural and engineering plans and drawings related to the Project including, without limitation, conceptual designs, design drawings, and structural plans, and (vi) all construction permits for the Project issued by the City and other applicable government agencies (collectively, "**Intangible Property**"); and

(c)    Personal Property.  All tangible personal property owned by Debtor and located on the Real Property, or purchased in connection with the development or operation of the Project and deemed delivered to Debtor but stored at a location off the Real Property, including, without limitation, all purchased and delivered but not yet used or installed construction materials, equipment, and furnishings (collectively, "**Personal Property**").  To the extent that there are valid and perfected liens against any personal property desired by Buyer, it shall pay any additional amounts necessary to satisfy such liens over and above the Purchase Price set forth below.

## ARTICLE II
## PURCHASE PRICE

2.1    Purchase Price.  The total purchase price payable by Buyer for the Property shall be the aggregate of: (i) Thirty Million Dollars ($30,000,000) in cash; and (ii) the assumption of the Assumed Liabilities (defined below).  The Purchase Price shall be subject to the closing adjustments as set forth in Article V hereof.

2.2    Payment of Purchase Price.  The Purchase Price shall be paid as follows:

(a)    Deposit.  Within two (2) business day following the Effective Date, Buyer shall deliver the sum of One Million and No/100 Dollars ($1,000,000.00) ("**Deposit**") by wire transfer to Seller to be held in trust for Buyer according to the terms of this Purchase Agreement.  The Deposit shall not be fully refundable to Buyer if Buyer elects to terminate this Agreement.  If sale of the Property as contemplated hereunder is consummated, then the Deposit shall be credited towards the Purchase Price payable at the Closing.  If the sale of the Property is not consummated because of the failure of any condition or any reason other than a default under this Agreement on the part of Buyer, the Deposit shall be returned to Buyer.

(b)    Balance of Purchase Price.  The cash portion of the Purchase Price less the sum of the Deposit and any other credits or adjustments to Buyer under this Agreement ("**Purchase Price Balance**") shall be deposited with Escrow Holder by Buyer in immediately available funds as and when set forth in Section 5.4(a) hereof.

2001657.11

EXHIBIT 1
PAGE 43

        (c)     <u>Assumed Liabilities</u>.  At the Closing, Buyer shall assume all of Debtor's obligations with respect to the following liabilities (collectively, the "**Assumed Liabilities**"):

        (i)     the total amount owed by Debtor under those certain bonds issued by the City of Coachella on behalf of Community Facilities District No. 2018-1 of the City of Coachella, related to the construction, purchase, modification, expansion, rehabilitation and/or improvement of storm drainage, sewer facilities, roadways, landscaping and other public facilities and other facilities serving the City of Coachella, notice of which was recorded in the Official Records of Riverside County on June 4, 2018 as Instrument No. 2018-0225621 ("**Mello Roos Bonds**"); and

        (ii)     the total amount owed by Debtor under those certain bonds issued by California Statewide Communities Development Authority notice of which was recorded on April 25, 2018 as Instrument No. 2018-0160473 including Addendum No. 1 to such notice recorded on September 29, 2020, as Instrument No. 2020-0464144 (collectively "**PACE Bonds**"), which as of the Effective Date is approximately $13.75 million pursuant to the Proof of Claim filed in the Bankruptcy Case as Claim No. 34-1.

Seller makes no representations regarding the amounts owed to the various lienholders referenced in Subsections 2.2(c)(i)-(iii) above and Buyer shall be fully responsible for conducting whatever investigation and due diligence it deems appropriate on or before the Effective Date.

        (d)     <u>Doug Wall Construction</u>.  Buyer and Seller acknowledge that Doug Wall Construction ("**DWC**") has filed a Proof of Claim in the Bankruptcy as Claim No. 19-1 alleging that Debtor owes DWC approximately $3,823,871 pursuant to the Proof of Claim filed in the Bankruptcy Case as Claim No. 19-1 for unpaid construction costs incurred in connection with the Project (the "**DWC Claim**"), which claim is secured by a Mechanics Lien recorded on the Real Property on September 12, 2019, as document number 2019-0356369 and amended by that certain Amended Mechanics Lien recorded on the Real Property on October 7, 2019, as document number 2019-0401936 (collectively, the "**DWC Lien**").  At the Closing, Buyer shall have the right to assume the DWC Claim, in which event the DWC Claim shall be included in the Assumed Liabilities.  If Buyer fails to notify Seller in writing prior to the Closing of Buyer's intention to assume the DWC Claim, then (i) the DWC Claim shall be excluded from the Assumed Liabilities, and (ii) Buyer shall indemnify Seller from and against any amounts that the Bankruptcy Court determines is payable by Seller to DWC if the Bankruptcy Court rules that the DWC Lien has priority over the lien of Lender's deed of trust on the Real Property; provided, however, said indemnity obligation shall be subject to and conditioned upon (a) Seller using his best faith efforts, consistent with the exercise of Seller's reasonable business judgment, to pursue a determination from the Bankruptcy Court that the DWC Lien is either unenforceable or subordinate to Lender's deed of trust so that any amounts payable to DWC would be paid exclusively from the proceeds of the sale in excess of the amount needed to obtain a release of Lender's deed of trust on the Real Property without increasing the amount payable by Buyer, and (b) Seller not entering into any settlement with DWC that would trigger Buyer's indemnity obligations without obtaining Buyer's prior written approval of such settlement. To clarify, no portion of the $30 million cash portion of the purchase price will be allocated to the DWC Claim. Instead, if it is determined to have priority over Lender's deed of trust, Buyer will indemnify Seller and be responsible for payment of the DWC Claim.

2001657.11

EXHIBIT 1
PAGE 44

(e)    <u>Additional Assumed Liabilities</u>.  Buyer shall have the right, exercisable at any time prior to the Closing, by the delivery of written notice to Seller, to assume some or all of those liabilities owed by Debtor to contractors, subcontractors, design professionals, and vendors and listed on **Exhibit B** attached hereto.  There shall be no offsets to the Purchase Price Balance for such additional assumed liabilities unless (i) the creditor of each assumed liability has a lien on the Property that is senior to Lender's lien on the Property, and (ii) such creditor consents in writing to such assumption in lieu of payment from the Purchase Price.  Other than the Assumed Liabilities and any additional liabilities that Buyer affirmatively elects to assume pursuant to this <u>Subsection</u> (d), Buyer shall not assume any liabilities of Seller or Debtor at the Closing.  Notwithstanding anything to the contrary in this Agreement, Buyer shall not assume any obligations under, and expressly disclaims any assumption of, that certain Memorandum of Understanding between the City, Debtor and Coachella Lighthouse, LLC, dated May 13, 2020, as same may have been amended from time to time.

2.3    <u>Seller's Remedies; Liquidated Damages</u>.  IN THE EVENT THE TRANSACTION CONTEMPLATED HEREBY IS NOT CONSUMMATED BECAUSE OF A DEFAULT UNDER THIS AGREEMENT ON THE PART OF BUYER, AS SELLER'S SOLE AND EXCLUSIVE REMEDY BY REASON OF SUCH DEFAULT BY BUYER, THE AMOUNT OF THE DEPOSIT SHALL BE PAID TO AND RETAINED BY SELLER AS LIQUIDATED DAMAGES, ALL OTHER CLAIMS TO DAMAGES OR OTHER REMEDIES BEING HEREIN EXPRESSLY WAIVED BY SELLER.  SELLER HEREBY EXPRESSLY WAIVES THE PROVISIONS OF CALIFORNIA CIVIL CODE SECTION 3389.  THE PARTIES ACKNOWLEDGE THAT, IN THE EVENT THE TRANSACTION CONTEMPLATED HEREBY IS NOT CONSUMMATED BECAUSE OF A DEFAULT UNDER THIS AGREEMENT ON THE PART OF BUYER, SELLER'S ACTUAL DAMAGES BY REASON OF SUCH DEFAULT BY BUYER WOULD BE EXTREMELY DIFFICULT OR IMPRACTICABLE TO DETERMINE.  THEREFORE, BY PLACING THEIR INITIALS BELOW, THE PARTIES ACKNOWLEDGE THAT THE AMOUNT OF THE DEPOSIT HAS BEEN AGREED UPON, AFTER NEGOTIATION, AS THE PARTIES' REASONABLE ESTIMATE OF SELLER'S DAMAGES IN THE EVENT THE TRANSACTION CONTEMPLATED HEREBY IS NOT CONSUMMATED BECAUSE OF A DEFAULT UNDER THIS AGREEMENT ON THE PART OF BUYER.

Seller's Initials: _____        Buyer's Initials: _____

### ARTICLE III
### TITLE TO PROPERTY

3.1    <u>Real Property</u>.  At Closing (as hereinafter defined), Seller shall convey fee simple title to the Real Property to Buyer, free and clear of all monetary liens, judgments and claims (but not easements, assessments, covenants, conditions, restrictions, dedications, access, maintenance, and other recorded burdens that run with the land), encumbrances, and interests, other than those listed on **Exhibit C** attached hereto which include liens securing the Assumed Liabilities ("**Permitted Encumbrances**"), by a duly executed and acknowledged Grant Deed in the form of **Exhibit D** attached hereto ("**Deed**").  Evidence of Seller's satisfaction of its obligation under this

2001657.11

EXHIBIT 1
PAGE 45

Section shall be the issuance to Buyer by Fidelity National Title Insurance Company ("**Title Company**") of an ALTA Extended Coverage Owner's Policy of Title Insurance with coverage in the amount of the Purchase Price and insuring fee simple title to the Real Property is vested in Buyer as of the date and time of the Closing, subject only to the Permitted Encumbrances ("**Title Policy**").

3.2     <u>Personal Property, Intangible Property, and Leases</u>.  At Closing, Seller shall transfer to Buyer, free and clear of liens, encumbrances, and interests, all of Debtor's right, title, and interest in and to all (i) Personal Property, by a duly executed Bill of Sale in substantially the form of **Exhibit E** attached hereto ("**Bill of Sale**"), and (ii) Intangible Property, by an Assignment of Intangible Property, Warranties, and Guaranties, in the form of **Exhibit F** attached hereto ("**Assignment of Intangible Property, Warranties, and Guaranties**").

## ARTICLE IV
## CONTINGENCIES AND CONDITIONS TO CLOSING

4.1     <u>Contingencies to Buyer's Obligations; Disapproval and Cure</u>.  Buyer's obligations under this Agreement are subject to the satisfaction or waiver of the following contingencies prior to Closing:

(a)     <u>Due Diligence</u>.  Buyer shall review, inspect, and evaluate the Property and all matters relating thereto, including any documents recorded against the Property and the amounts of Assumed Liabilities, and to approve or disapprove of the foregoing in its sole and absolute discretion before the Effective Date.

(b)     <u>Title</u>.  The Title Company must be irrevocably committed to issuing the Title Policy to Buyer in accordance with the requirements of <u>Section 3.1</u> above. Seller acknowledges that the Real Property had been owned by four tenants in common, only one of which (the Debtor) is currently a party to the Bankruptcy Case but that such other tenants-in-common deeded their interests to Seller in order to facilitate a sale of the Property.  The Court has entered an order approving such transfer of the tenancy in common interests to Seller.

(c)     <u>Representations and Warranties, Covenants, and Agreements</u>.  All of Seller's <u>representations</u> and warranties contained in <u>Section 6.1</u> shall have been true and correct in all material respects when made and shall be true and correct in all material respects as of the date of the Closing, and Seller shall have complied with all of Seller's covenants and agreements contained in or made pursuant to this Agreement.

(d)     <u>Litigation</u>.  On or after the Effective Date and prior to the Closing Date, there shall have been no litigation commenced against Seller or the Property (including, without limitation, condemnation proceedings) which could materially and adversely affect the Property or Seller's ability to consummate the transactions contemplated by this Agreement by the Closing Date.

2001657.11

**EXHIBIT 1**
**PAGE 46**

(e)    <u>No Material Adverse Change</u>.  After the Effective Date, there shall have been no material adverse change in the status or condition of the Property, nor in any materials or documents reviewed and approved by Buyer prior to the Effective Date.

(f)    <u>Sale Order</u>.  The Bankruptcy Court shall, by not later than September 30, 2021, have entered the Sale Order, in form and substance satisfactory to Buyer in its sole and absolute discretion, and no Order staying, modifying, or amending the Sale Order shall be in effect on the Closing Date.

(g)    <u>No Order</u>.  There shall not be in effect on the Closing Date any Order that declares this Agreement invalid or unenforceable in any respect or which prevents or makes illegal the consummation of the transactions contemplated by this Agreement.

The conditions contained in this <u>Section 4.1</u> are intended solely for the benefit of Buyer.  If any of the conditions set forth in this <u>Section 4.1</u> are not satisfied on or prior to the date for the satisfaction thereof for any reason whatsoever, Buyer shall have the right, in its sole and absolute discretion, to either (i) terminate this Agreement, in which event the Deposit shall be returned to Buyer, or (ii) waive the condition in question and proceed with the transaction contemplated hereby or, in the alternative and so long as the failure of the condition is not the result of a default under this Agreement by Buyer, to terminate this Agreement by written notice to Seller; provided, however, that any such termination shall not relieve either party hereto of any obligations that expressly survive the termination of this Agreement, nor for any liability either party may have under the terms and provisions of this Agreement for its wrongful failure to close.

4.2    <u>Seller's Condition</u>.  The following conditions are conditions precedent to Seller's obligation to consummate the transaction contemplated by this Agreement:

(a)    <u>Representations and Warranties, Covenants and Agreements</u>.  All of Buyer's representations and warranties contained in or made pursuant to this Agreement shall have been true and correct in all material respects when made and shall be true and correct in all material respects as of the Closing Date, and Buyer shall have complied with all of Buyer's covenants and agreements contained in or made pursuant to this Agreement.

(b)    <u>Court Approval</u>.  Entry of the Sale Order by the Bankruptcy Court approving this Agreement.

The conditions contained in this <u>Section 4.2</u> are intended solely for the benefit of Seller.  If any of the conditions set forth in this <u>Section 4.2</u> are not satisfied on or prior to the date for the satisfaction thereof for any reason whatsoever, Seller shall have the right in its sole and absolute discretion, to waive the condition in question and proceed with the transaction contemplated hereby or, in the alternative and so long as the failure of the condition is not the result of a default under this Agreement by Seller, to terminate this Agreement by written notice to Buyer; provided, however, that any such termination shall not relieve either party hereto of any obligations that expressly survive the termination of this Agreement, nor for any liability either party may have under the terms and provisions of this Agreement for its wrongful failure to close.

2001657.11

EXHIBIT 1
PAGE 47

## ARTICLE V
## CLOSING AND ESCROW

5.1     <u>Deposit with Escrow Holder and Escrow Instructions</u>.  Upon the mutual execution of this Agreement by the parties hereto, the parties shall cause an escrow for this transaction to be opened with Fidelity National Title Company ("**Escrow Holder**"), at 915 Wilshire Boulevard, Suite 1920, Los Angeles, California 90017, Attention: Bobbie Purdy, Telephone No. (213) 452-7104, Email address: Bobbie.Purdy@fnf.com by promptly depositing with Escrow Holder a fully executed copy (or executed counterparts) of this Agreement.  This instrument shall serve as the instructions to Escrow Holder for the consummation of the transaction contemplated hereby. Seller and Buyer agree to execute such additional and supplementary escrow instructions as may be appropriate to enable Escrow Holder to comply with the terms of this Agreement; provided, however, that in the event of any conflict or inconsistency between the terms and provisions of this Agreement and the terms and provisions of any such additional or supplementary escrow instructions, the terms and provisions of this Agreement shall control, notwithstanding that any such additional or supplemental escrow instructions constitute a later signed writing between the parties.

5.2     <u>Closing and Closing Date</u>.  The closing hereunder ("**Closing**") shall mean the recording of the Deed in the official records of Riverside County.  The delivery of all items to be made at the Closing shall be made at the offices of Escrow Holder on the date which is fifteen (15) days following the entry of the Sale Order, but in no event later than September 30, 2021 ("**Closing Date**") or on such other date as Buyer and Seller may mutually agree in writing.  Except as hereinafter provided, the Closing Date may not be extended without the written approval of both Seller and Buyer.  In the event the Closing does not occur on or before the Closing Date, subject to the provisions of <u>Section 2.3</u> hereof, Escrow Holder shall, unless otherwise provided herein, or, unless it is notified in writing by both parties to the contrary within five (5) days after the Closing Date, return to the depositor thereof items which may have been deposited hereunder, including, without limitation, returning the Deposit to Buyer if permitted by <u>Section 2.2(a)</u>.  Any such return or termination, shall not, however, relieve either party hereto of any liability it may have under the terms and provisions of this Agreement for its wrongful failure to close.

5.3     <u>Deliveries by Seller</u>.  Not later than one (1) business day prior to the Closing Date, Seller shall deposit with Escrow Holder the following:

(a)     The original Deed, duly executed by Seller and acknowledged, in recordable form, and ready for recordation on the Closing Date;

(b)     Two (2) duly executed counterparts of the Assignment of Intangible Property, Warranties, and Guaranties;

(c)     One (1) original, duly executed Bill of Sale;

(d)     Seller's estimated settlement statement in form and content consistent with this Agreement and otherwise reasonably satisfactory to Seller;

(e)     A California Form 593 duly executed by Seller;

8

EXHIBIT 1
PAGE 48

(f)    A Non-Foreign Affidavit in substantially the form of **Exhibit F** attached hereto, duly executed by Seller pursuant to Section 1445 of the Internal Revenue Code of 1986, as amended (the "**FIRPTA**");

(g)    Two (2) duly executed counterparts of an assignment and assumption of the Development Agreement in a form reasonably acceptable to the City ("**Assignment of Development Agreement**";

(h)    An estoppel certificate regarding the Development Agreement, in the form of **Exhibit H** attached hereto, duly executed by City; and

(i)    Any other documents, instruments, data, records, correspondence, agreements, or other items expressly specified to be delivered hereunder which are to be deposited with Escrow Holder and which have not previously been delivered by Seller and such other document and instruments as the Title Company and/or Escrow Holder may require from Buyer in order to close the Escrow and issue the Title Policy.

5.4    Deliveries by Buyer.  Not later than one (1) business day prior to the Closing Date, Buyer shall deposit with Escrow Holder the following:

(a)    The Purchase Price Balance, together with Buyer's share of the closing adjustments as set forth in Section 5.7, for disbursement in accordance with the terms and provisions of this Agreement, to be held by Escrow Holder pursuant to disbursement instructions mutually acceptable to Buyer and Seller;

(b)    Two (2) duly executed counterparts of the Assignment of Intangible Property, Warranties, and Guarantees;

(c)    Buyer's estimated settlement statement in form and content consistent with this Agreement and otherwise reasonably satisfactory to Buyer;

(d)    Two (2) duly executed counterparts of the Assignment of Development Agreement; and

(e)    Any documents, instruments, data, records, correspondence, agreements, or other items expressly specified to be delivered hereunder which have not previously been delivered by Buyer and such other document and instruments as the Title Company and/or Escrow Holder may require from Seller in order to close the Escrow and issue the Title Policy.

5.5    Other Instruments.  In addition to the documents and instruments to be delivered as herein provided, each of the parties hereto shall, from time to time at the request of the other party, execute and deliver to the other party such other commercially reasonable instruments of transfer, conveyance, and assignment and shall take such other commercially reasonable action as may be reasonably required to effectively carry out the terms of this Agreement; provided that no such document or act will impose additional costs, obligations or liabilities on either party that are not already contemplated by this Agreement.

EXHIBIT 1
PAGE 49

5.6     <u>Prorations</u>.  All property taxes, other taxes payable to the City and other government agencies with regard to the Property, and utility charges shall be prorated between Buyer and Seller as of the date of the Closing, with such date being a date of income and expenses of the Buyer; provided, however, if Seller elects to close its utility accounts prior to Closing, then Buyer shall open new utility accounts and the respective charges shall not be prorated.  Buyer will be responsible for obtaining appropriate insurance covering the Property on and after the Closing, accordingly there shall be no proration of the same.

5.7     <u>Costs and Expenses</u>.  Buyer shall pay the premium for the Title Policy attributable to the CLTA standard coverage (i.e., without extended coverage and without endorsements), as well as any documentary or other transfer taxes imposed by the city and/or county in which the Property is located and applicable to the transaction contemplated hereby.  Buyer shall also pay the portion of the premium for the Title Policy attributable to the ALTA extended coverage, the cost of any endorsements thereto that are not Seller's obligation as set forth hereinabove as well as the cost of any recording fees applicable to the transaction contemplated hereby.  Buyer shall pay all escrow costs, including any escrow termination charges, if any; provided, however, if this Agreement is terminated due to a party's breach or default hereunder, the breaching or defaulting party shall be solely responsible for the escrow costs, including any termination fee. Notwithstanding anything contained herein to the contrary, except as otherwise specifically set forth herein, each party shall be responsible for its own legal and accounting expenses incurred in connection with the subject matter of this Agreement.

**ARTICLE VI**
**REPRESENTATIONS AND WARRANTIES**

6.1     <u>Representations and Warranties of Seller</u>.  As a material inducement to Buyer to enter into this Agreement, Seller hereby represents and warrants to and agrees with Buyer as follows:

(a)     Subject to any necessary authority from the Bankruptcy Court, Seller has the full right, power and authority to enter into this Agreement, and has taken all action necessary to consummate the transactions contemplated hereby.

(b)     Subject to the Bankruptcy Court's entry of the Sale Order, this Agreement and all documents executed by Seller which are to be delivered to Buyer at or prior to the Closing are or at the time of Closing will be duly authorized, executed, and delivered by Seller, are or at the time of Closing will be legal, valid, and binding obligations of Seller enforceable in accordance with their terms.

(c)     there are no actions, suits, proceedings, judgments, orders, decrees, defaults, delinquencies, or deficiencies pending, outstanding or to Seller's actual knowledge threatened against Seller or the Property which would materially and adversely affect Seller's ability to perform its obligations under the Agreement.

(d)     There are no pending or to Seller's actual knowledge threatened eminent domain, zoning, or other land-use regulation proceedings which would affect the use or operation

10

EXHIBIT 1
PAGE 50

of the Property, and Seller has not been involved in any settlement discussions with any governmental agency regarding a sale of the Property in lieu of condemnation.

(e)    Seller has not executed or otherwise entered into any leases, tenancies, license, concession agreements, occupancy agreements, or other agreements with respect to rights affecting possession or occupancy of the Property or any portion thereof, that will not be terminated prior to the Closing Date.  Seller has not entered into, and, to Seller's actual knowledge there are no, agreements affecting the Property except for those delivered by Seller to Buyer pursuant to the terms hereof and there will be, as of the Closing Date, no obligation of Buyer under the terms of any contract or other instrument affecting the Property other than the contracts or other documents, if any, which Buyer has elected to assume pursuant to this Agreement.

(f)    Seller has received no written notice from any governmental or quasi-governmental authority either that the Property or the use thereof violates any statutes, ordinances, orders or regulations affecting any portion of the Property.

(g)    To Seller's actual knowledge, the documents posted on Seller's data site and made available to Buyer to review prior to the Effective Date contain all material documents, files, written information, books and records in Seller's possession or control relating to the Property (including without limitation, all reports, studies and related materials that Seller has received in connection with prior attempts to sell the Property).

For all purposes of this Agreement, including Seller's representations and warranties contained in this **Section Error! Reference source not found.**6.1, the phrase *"to Seller's actual knowledge"* or other words to such effect, shall mean the actual current knowledge of Richard A. Marshack.

6.2    Representations and Warranties of Buyer.  As a material inducement to Seller to enter into this Agreement, Buyer hereby represents and warrants to and agrees with Seller as follows:

(a)    Buyer is a corporation duly incorporated, validly existing and in good standing under the laws of the State of Delaware and has the full right, power, and authority to enter into this Agreement, and has, or by the Closing will have, taken all action necessary to consummate the transactions contemplated hereby.

(b)    This Agreement and all documents executed by Buyer which are to be delivered to Seller at or prior to the Closing are or at the time of Closing will be duly authorized, executed, and delivered by Buyer, are or at the time of Closing, will be legal, valid and binding obligations of Buyer enforceable in accordance with their terms, except as such enforceability may be limited or subject to, any bankruptcy, insolvency, reorganization, moratorium or similar law as is now or hereafter in effect relating to creditors' rights generally, and general principles of equity, and do not and at the time of Closing will not violate any provisions of any agreement or judicial order to which Buyer is a party or to which Buyer is subject.

(c)    There are no actions, suits, proceedings, judgments, orders, decrees, defaults, delinquencies or deficiencies pending, outstanding or, to Buyer's actual knowledge,

11

EXHIBIT 1
PAGE 51

threatened against Buyer which would materially and adversely affect Buyer's ability to perform its obligations under this Agreement.

(d)    No attachment, execution proceedings, assignment for the benefit of creditors, insolvency, bankruptcy, reorganization for the benefit of creditors, or other similar proceedings are pending against Buyer.

For all purposes of this Agreement, including Buyer's representations and warranties contained in this Section 6.2, the phrase *"to Buyer's actual knowledge"* or other words to such effect, shall mean the actual current knowledge of Monique Rice.

## ARTICLE VII
## ACCEPTANCE OF PROPERTY AS IS, WHERE IS

BUYER ACKNOWLEDGES AND AGREES THAT EXCEPT AS OTHERWISE SET FORTH IN THIS AGREEMENT BUYER WILL BE PURCHASING THE PROPERTY ON AN "AS IS, WHERE IS" BASIS, WITH ALL FAULTS, LATENT AND PATENT.  WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, BUYER ACKNOWLEDGES AND AGREES THAT, EXCEPT AS CONTAINED IN THIS AGREEMENT, SELLER HAS NOT MADE, IS NOT HEREBY MAKING AND SELLER HEREBY EXPRESSLY DISCLAIMS AND NEGATES ANY REPRESENTATIONS OR WARRANTIES OF ANY KIND WHATSOEVER

## ARTICLE VIII
## LOSS BY FIRE OR OTHER CASUALTY; CONDEMNATION

In the event that prior to the Closing the Property is destroyed or damaged (as reasonably determined by Buyer), or if condemnation proceedings are threatened or commenced against the Property, Buyer shall have the right, at its option, exercisable by giving written notice of such decision to Seller within ten (10) days after receiving written notice from Seller of such damage, destruction or condemnation proceedings, either to (i) terminate this Agreement, in which case Escrow Holder shall return the Deposit to Buyer and, except for those matters which expressly survive any termination hereof, neither party shall have any further rights or obligations hereunder, or (ii) accept the Property in its then condition with no reduction of the Purchase Price except as set forth below in this paragraph.  If Buyer elects to accept the Property in its then condition, then Seller shall assign to Buyer all proceeds of insurance or condemnation awards payable by reason of such damage, destruction or condemnation, and the Purchase Price shall be reduced by the amount of any deductibles under such policies and applicable to such damage.

## ARTICLE IX
## DELIVERY OF POSSESSION AND ENTRY ON PROPERTY

9.1    Delivery of Possession.  Seller shall deliver possession of the Property to Buyer on the date of the Closing, subject only to the Permitted Encumbrances.

9.2    Entry on Property.  From and after the Effective Date, Seller shall afford Buyer and Buyer's consultants and representatives reasonable access to the Property.  Buyer agrees to maintain and cause any of its representatives or agents entering upon the Property to maintain and

12

EXHIBIT 1
PAGE 52

have in effect commercial general liability insurance with limits of not less than One Million and No/100 Dollars ($1,000,000.00) for personal injury, including bodily injury and death, and property damage, and a waiver of subrogation.  Upon request from Seller, Buyer shall deliver to Seller a copy of the certificates of insurance evidencing the insurance required hereunder prior to the commencement of such activities.

## ARTICLE X
## MAINTENANCE AND OPERATION OF THE PROPERTY

10.1    Maintenance.  Seller shall, between the Effective Date and the Closing Date, maintain the Property in the same order, condition and repair, reasonable wear and tear and casualty damage excepted, as on the Effective Date.  Seller agrees to maintain in effect during the period from and after the Effective Date through and until the Closing such policies of insurance with respect to the Property as Seller has in effect as of the Effective Date.

10.2    Leases and Other Agreements.  From and after the Effective Date, Seller shall not enter into any lease, contract, or agreement pertaining to the Property, or amend or modify any lease, contract, or agreement pertaining to the Property, or waive any rights of Seller thereunder, without in each case obtaining Buyer's prior written consent thereto, which consent may be granted or withheld in Buyer's sole and absolute discretion.  Buyer acknowledges that Seller has a duty to continue to seek overbids for the benefit of Debtor's bankruptcy estate. Nothing herein is intended to limit Seller's exercise of his duty to seek higher and better offers prior to entry of the Sale Order.

10.3    Encumbrances.  From and after the Effective Date, Seller shall not mortgage or further encumber all or any portion of, or any of its interest in, the Property without the prior written consent of Buyer, which consent may be granted or withheld in Buyer's sole and absolute discretion.

10.4    Termination of Contracts.  Except for contracts that Buyer expressly elects to take assumption at the Closing, Seller shall, on or before the Closing Date, reject all contracts affecting the Property pursuant to Section 365 of the Bankruptcy Code, including, without limitation that certain Hotel Management Agreement entered into by and between Highgate Hotels, L.P. and Seller dated as of April 26, 2018, and that certain License Agreement entered into by and between Holiday Hospitality Franchising, LLC and Seller and dated April 25, 2018, and Seller shall be responsible, at the sole cost and expense of the Debtor's estate, for all costs and fees associated with Seller's rejection of the same.

10.5    No Other Offers. From and after the Effective Date and during the pendency of this Agreement, Seller shall not enter into any agreements with any third parties regarding the sale of the Property except as permitted by Section 10.2.

## ARTICLE XI
## ADDITIONAL AGREEMENTS

11.1    Bid Procedures.

(a)    Seller has selected Buyer to serve, and Buyer has consented to its selection and service, as a "Stalking Horse Bidder," whereby this Agreement (i) shall serve as a base by

13

EXHIBIT 1
PAGE 53

which other offers for the potential purchase of the Property (each, an "**Alternative Transaction**") may be measured, and (ii) is subject to competing offers for an Alternative Transaction by way of the auction process contemplated by and more fully set forth in the Bid Procedures Order.  In accordance therewith, and notwithstanding anything herein to the contrary, Seller may at any time prior to the Closing Date (whether before, during or after the auction process contemplated by the Bid Procedures Order) furnish information concerning the Property and the Assumed Liabilities to any Person in connection with a potential Alternative Transaction and negotiate, enter into and consummate an Alternative Transaction.  As consideration for and as a material inducement to Buyer conducting due diligence investigations of the Property and entering into this Agreement, in the event this Agreement is terminated pursuant to Section 11.1(b), Buyer shall be entitled to receive (A) a break-up fee in the amount of $150,000 ("**Break-Up Fee**") which is intended to reimburse Buyer for its attorneys', accountants', investment bankers', and representatives' fees and expenses incurred in negotiating and preparing this Agreement and the Ancillary Agreements, conducting due diligence investigations of the Property, and preserving and protecting Buyer's rights and interests as "Buyer" in the Bankruptcy Case.  The Break-Up Fee shall be increased by one-half of all amounts received by Seller in excess of $200,000 under the Settlement Agreement with Lender, provided that the Breakup Fee, as increased, shall not exceed the lesser of Buyer's out-of-pocket costs or $500,000.

(b)      In the event Seller consummates an Alternative Transaction, this Agreement shall automatically terminate upon the earlier of (i) Seller consummating the Alternative Transaction, and (ii) thirty (30) days following the date upon which the Bankruptcy Court issues a Final Order approving the Alternative Transaction.

(c)      In connection with Section 11.1(a), Seller shall request the entry of the Bid Procedures Order, and Seller and Buyer shall use commercially reasonable efforts to cooperate, assist and consult with each other to secure the entry of the Bid Procedures Order on or before September 15, 2021.  The Bid Procedures Order shall be in form and substance satisfactory to Seller and Buyer, each acting reasonably, and, subject to the approval of the Bankruptcy Court, shall provide for, among other things,

(i)      approval of the Break-Up Fee;

(ii)      the date by which bids for an Alternative Transaction must be submitted by bidders and the date of the auction, which dates shall be on or before September 15, 2021; and

(iii)      procedures for the auction process, including (i) requiring bidders to provide good faith purchase price deposits in an amount no less than the Deposit and evidence of ability to perform that is reasonably satisfactory to Seller, (ii) requiring the first overbid to exceed the sum of the Purchase Price, plus the Breakup Fee by at least Five Hundred Thousand Dollars ($500,000) and all subsequent overbids to be in increments of at least Two Hundred Fifty Thousand Dollars ($250,000), (iii) allowing Buyer to increase its bid at any time and to credit bid the amount of the Breakup Fee, and (iv) requiring each bidder to qualify as a bidder prior to the sale by (a) complying with the financial conditions relating to overbids set forth above, (b) submitting qualifications to Seller no later than five (5) business days prior to the hearing for consideration of the motion to approve the sale together with a cash deposit equal to the amount

14

EXHIBIT 1
PAGE 54

of the Deposit and evidence reasonably satisfactory to Seller and Buyer that establishes the party's financial ability to close on the purchase of the Property, and agreeing to purchase the Property on the same or better terms and conditions as are set forth in this Agreement.

11.2   Break-up Fee.   If this Agreement is terminated pursuant to Section **Error! Reference source not found.**11.1(b), then (i) Seller shall pay to Buyer the Break-Up Fee, and (ii) Seller and Buyer shall, in accordance with the terms of the Escrow Agreement, deliver joint written instructions to the Escrow Holder instructing the Escrow Holder to release the Deposit to Buyer. The amounts set forth in this Section 11.2 shall be Buyer's sole and exclusive recourse in the event this Agreement is terminated pursuant to Section 11.1(b).

11.3   Notice to Holders of Liens, Claims, and Interests.   Seller shall provide notice of the sale to all holders of liens, claims, and interests in the Property in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules for the Bankruptcy Court and any other applicable Order of the Bankruptcy Court.

11.4   Entry of Sale Order.   Seller shall seek the entry of the Sale Order and shall use reasonable best efforts to secure the entry of the Sale Order on or before September 15, 2021, and to consummate the transactions contemplated by this Agreement (including furnishing affidavits or other documents or information for filing with the Bankruptcy Court for the purposes, among others, of providing necessary assurances of performance by Buyer under this Agreement) on or before September 30, 2021.  In the event that any Orders of the Bankruptcy Court relating to this Agreement shall be appealed by any person (or a petition for certiorari or motion for reconsideration, amendment, clarification, modification, vacation, stay, rehearing or reargument shall be filed with respect to any such Order), Seller and Buyer shall cooperate in determining and pursuing the response to any such appeal, petition or motion and Seller and Buyer shall use their commercially reasonable efforts to obtain an expedited resolution of any such appeal, petition or motion.  The Sale Order shall also provide, among other things, that:

(a)     Seller has complied with all the requirements and conditions set forth in the Bid Procedures Order;

(b)     the Purchase Price constitutes fair value for the Property;

(c)     the Real Property subject to the Sale Order comprises 100% of the fee interest in the Real Property;

(d)     Buyer is not a continuation of the Debtor in the Bankruptcy Case or otherwise liable for any claims against the Debtor based upon success liability or similar theories;

(e)     the Property is being purchased by Buyer in good faith and the Purchase Price was not controlled by an agreement among potential bidders and otherwise complies with the requirements of Bankruptcy Code Section 363(m);

(f)     the Purchase Agreement (and all other ancillary documents delivered pursuant to the Purchase Agreement) are approved in their entirety;

2001657.11

EXHIBIT 1
PAGE 55

(g)      the Property will be conveyed to Buyer free and clear of any and all third party rights or interests in the Property including but not limited to mortgages, liens, security interests, encumbrances, claims, restrictions, and limitations in accordance with Bankruptcy Code Section 363(b) and (f), or by any Order entered by the Bankruptcy Court in the Bankruptcy Case;

(h)      the Assumed Contracts are assumed by and assigned to Buyer pursuant to the requirements of Section 365 of the Bankruptcy Code or such other appropriate sections of the Bankruptcy Code; and

(i)      Buyer will not be liable for any liability, liens, interests, damages, costs, expenses, claims, or demands arising from or related to the pre-Closing ownership or operation of the Property, other than the Assumed Liabilities.

### ARTICLE XII
### MISCELLANEOUS

12.1    <u>Notices</u>.  Any notice or other communication required or permitted to be given under this Agreement shall be in writing and sent by United States mail, registered or certified mail, postage prepaid, return receipt requested, or by facsimile, or by personal delivery (by overnight courier or otherwise), or by electronic mail (email) and addressed as follows:

If to Buyer:                          _____
                                      _____
                                      _____
                                      Attn: _____
                                      Email: _____

        With a copy to:               _____
                                      _____
                                      _____
                                      Attn: _____
                                      Email: _____

        and to:                       _____
                                      _____
                                      _____
                                      Attn: _____
                                      Email: _____

If to Seller:                         Richard A. Marshack
                                      Marshack Hays LLP
                                      870 Roosevelt
                                      Irvine, CA 92620
                                      Email: RMarshack@MarshackHays.com

        With a copy to:               Marshack Hays LLP
                                      870 Roosevelt

16

EXHIBIT 1
PAGE 56

Irvine, CA 92620
Attn:   Ed Hays
Email: EHays@MarshackHays.com

If to Escrow Holder:          At the address specified in <u>Section 5.1</u> above.

or such other address as either party may from time to time specify in writing to the other in the manner aforesaid.  If sent by United States mail, registered or certified mail, postage prepaid, return receipt requested, such notices or other communications shall be deemed delivered upon delivery or refusal to accept delivery as indicated on the return receipt.  If sent by personal delivery (by overnight courier or otherwise), such notices or other communications shall be deemed delivered upon delivery, or refusal thereof.   If sent by facsimile or email, such notices or other communications shall be deemed delivered upon delivery, provided such fax or email is sent prior to 5:30 p.m. Pacific Time on such date (otherwise such fax or email shall be deemed to be delivered and effective as of the next business day), and provided further that delivery is also made promptly thereafter by mail or overnight courier as provided above.

12.2   <u>Brokers and Finders</u>.  In connection with the transactions contemplated by this Agreement: (a) Buyer hereby represents and warrants to Seller that Buyer has not, and shall not, incur any obligation to any third party for the payment of any broker's fee, finder's fee, commission or other similar compensation in connection with the transactions contemplated by this Agreement, and (b) Seller hereby represents and warrants to Buyer that Seller has not, and shall not, incur any obligation to any third party for the payment of any broker's fee, finder's fee, commission or other similar compensation in connection with the transactions contemplated by this Agreement.  In the event of a claim for broker's fee, finder's fee, commission or other similar compensation in connection herewith, then (i) Buyer, if such claim is based upon any agreement alleged to have been made by Buyer, hereby agrees to indemnify and hold Seller harmless from and against any and all liability, loss, cost, damage and/or expense (including, without limitation, reasonable attorneys' fees and expenses) which Seller may sustain or incur by reason of such claim, and (ii) Seller, if such claim is based upon any agreement alleged to have been made by Seller, hereby agrees to indemnify and hold Buyer harmless from and against any and all liability, loss, cost, damage and/or expense (including, without limitation, reasonable attorneys' fees and expenses) which Buyer may sustain or incur by reason of such claim.   The provisions of this <u>Section 12.2</u> shall survive the execution and delivery (or termination) of this Agreement and the Closing.

12.3   <u>Successors and Assigns</u>.  This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors, heirs, administrators and assigns.  Buyer shall have the right to assign its rights under this Agreement to any entity controlling, controlled by or under common control (directly or indirectly) with Buyer and which assumes Buyer's obligations hereunder in writing.

12.4   <u>Amendments</u>.  This Agreement may be amended or modified only by a written instrument executed by both Buyer and Seller.

12.5   <u>Interpretation</u>.   Whenever used herein, the terms "including", "include" and "includes" shall be deemed to be followed by the words "without limitation."  Words used in the

17

EXHIBIT 1
PAGE 57

singular number shall include the plural, and vice-versa, and any gender shall be deemed to include each other gender.  The captions and headings of the Articles and Sections of this Agreement are for convenience of reference only, and shall not be deemed to define or limit the provisions hereof.

12.6    <u>Governing Law</u>.  This Agreement shall be governed by and construed in accordance with the laws of the State of California, except to the extent that the Laws of such State are superseded by the Bankruptcy Code.  For so long as Seller is subject to the jurisdiction of the Bankruptcy Court, the parties to this Agreement irrevocably elect as the sole judicial forum for the adjudication of any matters arising under or in connection with the Agreement, and consent to the exclusive jurisdiction of, the Bankruptcy Court.  After Seller is no longer subject to the jurisdiction of the Bankruptcy Court, the parties to this Agreement irrevocably elect as the sole judicial forum for the adjudication of any matters arising under or in connection with this Agreement, and consent to the jurisdiction of, any state or federal court having competent jurisdiction over Los Angeles County, California.

12.7    <u>Merger of Prior Agreements</u>.  This Agreement, including the exhibits hereto, constitutes the entire agreement between the parties with respect to the transaction contemplated hereby and supersedes all prior agreements and understandings between the parties hereto relating to the subject matter hereof.

12.8    <u>Attorneys' Fees</u>.  In the event either Buyer or Seller brings any suit or other proceeding with respect to the subject matter or enforcement of this Agreement, the prevailing party (as determined by the court, agency, or other authority before which such suit or proceeding is commenced) shall, in addition to such other relief as may be awarded, be entitled to recover reasonable attorneys' fees, expenses and costs of investigation (including, without limitation, reasonable attorneys' fees, expenses and costs of investigation incurred in appellate proceedings, costs incurred in establishing the right to indemnification, or in any action or participation in, or in connection with, any case or proceeding under Chapter 7, 11, or 13 of the Bankruptcy Code, 11 United States Code Sections 101 et seq., or any successor statutes).

12.9    <u>Time of the Essence</u>.  Time is of the essence of this Agreement.

12.10    <u>Specific Performance</u>.  In the event of any breach or default in or of this Agreement or any of the warranties, terms or provisions hereof by Seller, Buyer shall have the right to demand and have specific performance of this Agreement.

12.11    <u>Counterparts</u>.  This Agreement may be executed in counterparts, each of which shall be deemed an original, and all of which, taken together, shall constitute one and the same instrument.  In order to expedite matters, electronic signatures may be used in place of original signatures on this Agreement.  The parties hereto intend to be bound by the signatures on the electronic document, and hereby waive any defenses to the enforcement of the terms of this Agreement based on the use of an electronic signature; provided, however, that the parties hereby agree to execute and provide to each other original signatures, upon the request made by either party to the other.

EXHIBIT 1
PAGE 58

12.12   <u>No Third Parties Benefited</u>.   This Agreement is made and entered into for the benefit of Seller and Buyer, their successors and permitted assigns, and no other person or entity shall have any rights hereunder.

12.13   <u>Severability</u>.   The invalidity or unenforceability of any one or more of the provisions of this Agreement shall not affect the validity or enforceability of any of the other provisions of this Agreement.

12.14   <u>Exhibits and Schedules</u>.   The exhibits and schedules attached hereto are hereby incorporated by reference herein.

12.15   <u>Multiple Parties</u>.   If more than one person or entity is named herein as either Buyer or Seller, the obligations of such multiple parties shall be the joint and several responsibility of all persons or entities named herein as such Buyer or Seller.

12.16   <u>Counting of Days</u>.   Unless expressly specified herein, any reference to "**days**" shall mean calendar days.   To the extent the last day for any act falls on a Saturday, Sunday or legal holiday, the last day for that act shall be extended to the next business day.   As used in this Agreement, "**business day**" shall be deemed to be any day other than a Saturday, Sunday and any day on which banks in the state of California shall be permitted or required to close.

[Signature page follows.]

2001657.11

EXHIBIT 1
PAGE 59

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the Effective Date.

**SELLER:**

GLENROY COACHELLA, LLC,
a Delaware limited liability company


By: _____
Name:  Richard A. Marshack
Title:  Bankruptcy Trustee for Glenroy Coachella, LLC


**BUYER:**

_____



By: _____
Name: _____
Title: _____

2001657.11

EXHIBIT 1
PAGE 60

## LIST OF EXHIBITS

A:      Legal Description of the Land

B:      Seller's Liabilities

C:      Permitted Encumbrances

D:      Form of Grant Deed

E:      Bill of Sale

F:      Form of Assignment of Intangible Property, Warranties and Guarantees

G:      Form of FIRPTA

H:      Form of Development Agreement Estoppel Certifricate

2001657.11

EXHIBIT 1
PAGE 61

EXHIBIT A

<u>LEGAL DESCRIPTION OF THE LAND</u>

The land referred to herein is situated in the County of Riverside, State of California, and is described as follows:

PARCELS 1, 2, 4, 5 AND 6 OF PARCEL MAP NO. 37310, IN THE CITY OF COACHELLA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS SHOWN BY MAP ON FILE IN BOOK 243, PAGES 82 TO 84 INCLUSIVE OF PARCEL MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

APN: 603-220-061, 603-220-065, 603-220-067, 603-220-068 AND 603-220-069

2001657.11

EXHIBIT 1
PAGE 62

EXHIBIT B

<u>SELLER'S LIABILITIES</u>

2001657.11

EXHIBIT 1
PAGE 63

CM/ECF - U.S. Bankruptcy Court (v1.5.3 - LIVE)

# Central District of California
# Claims Register

### 2:21-bk-11188-BB Glenroy Coachella, LLC

**Judge:** Sheri Bluebond          **Chapter:** 11
**Office:** Los Angeles          **Last Date to file claims:** 04/30/2021
**Trustee:** Richard A Marshack (TR)    **Last Date to file (Govt):** 08/24/2021

| | | |
|---|---|---|
| *Creditor:* (40670967)<br>Ally Bank Lease Trust<br>PO Box 130424<br>Roseville, MN 55113-0004 | **Claim No: 1**<br>*Original Filed Date:* 02/25/2021<br>*Original Entered Date:* 02/25/2021 | *Status:*<br>*Filed by:* CR<br>*Entered by:* ePOC-User AutoDocket<br>*Modified:* |

  Amount claimed: $11137.38

*History:*

Details   1-1  02/25/2021 Claim #1 filed by Ally Bank Lease Trust, Amount claimed: $11137.38 (AutoDocket, ePOC-User)

*Description:*
*Remarks:* (1-1) Account Number (last 4 digits):4753

| | | |
|---|---|---|
| *Creditor:* (40658483) History<br>Art Of The Muse, LLC<br>2200 Central St. Unit D<br>Richmond, CA 94801 | **Claim No: 2**<br>*Original Filed Date:* 02/26/2021<br>*Original Entered Date:* 02/26/2021 | *Status:*<br>*Filed by:* CR<br>*Entered by:* ePOC-User AutoDocket<br>*Modified:* |

  Amount  claimed: $324180.71
  Secured  claimed: $324180.71

*History:*

Details   2-1  02/26/2021 Claim #2 filed by Art Of The Muse, LLC, Amount claimed: $324180.71 (AutoDocket, ePOC-User)

*Description:*
*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (40689573)<br>WM Security Solutions<br>18341 Sherman Way # 206A<br>Reseda, CA 91335 | **Claim No: 3**<br>*Original Filed Date:* 03/09/2021<br>*Original Entered Date:* 03/09/2021 | *Status:*<br>*Filed by:* CR<br>*Entered by:* ePOC-User AutoDocket<br>*Modified:* |

  Amount claimed: $32851.00

*History:*

Details   3-1  03/09/2021 Claim #3 filed by WM Security Solutions, Amount claimed: $32851.00 (AutoDocket, ePOC-User)

*Description:*
*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (40690866)<br>Gloster LA<br>471 N. Robertson Blvd.<br>West Hollywood, CA 90048 | **Claim No: 4**<br>*Original Filed Date:* 03/10/2021<br>*Original Entered Date:* 03/10/2021 | *Status:*<br>*Filed by:* CR<br>*Entered by:* ePOC-User AutoDocket<br>*Modified:* |

*History:*

Details   4-1  03/10/2021 Claim #4 filed by Gloster LA, Amount claimed: $320000.00 (AutoDocket, ePOC-User)

*Description:*
*Remarks:*

EXHIBIT 1
PAGE 64

Amount claimed: $320000.00

*History:*

| Details | 4-1 | 03/10/2021 Claim #4 filed by Gloster LA, Amount claimed: $320000.00 (AutoDocket, ePOC-User) |

*Description:*
*Remarks:*

---

| *Creditor:*      (40690890) | **Claim No: 5** | *Status:* |
| FRANCHISE TAX BOARD | *Original Filed Date:* 03/10/2021 | *Filed by:* CR |
| BANKRUPTCY SECTION MS A340 | *Original Entered Date:* 03/10/2021 | *Entered by:* Kim Tho Nguyen |
| PO BOX 2952 | | *Modified:* |
| SACRAMENTO CA 95812-2952 | | |

Amount claimed: $892.03
Priority  claimed: $819.67

*History:*

| Details | 5-1 | 03/10/2021 Claim #5 filed by FRANCHISE TAX BOARD, Amount claimed: $892.03 (Nguyen, Kim Tho) |

*Description:* (5-1) Claim Filed
*Remarks:*

---

| *Creditor:*      (40658601) | **Claim No: 6** | *Status:* |
| Superior Pool Products, LLC | *Original Filed Date:* 03/15/2021 | *Filed by:* CR |
| 4900 E. Landon Dr. | *Original Entered Date:* 03/15/2021 | *Entered by:* ePOC-User AutoDocket |
| Anaheim, CA 92807-1980 | | *Modified:* |

Amount  claimed: $19255.18
Secured claimed: $14386.05

*History:*

| Details | 6-1 | 03/15/2021 Claim #6 filed by Superior Pool Products, LLC, Amount claimed: $19255.18 (AutoDocket, ePOC-User) |

*Description:*
*Remarks:* (6-1) Account Number (last 4 digits):1059

---

| *Creditor:*      (40698505) | **Claim No: 7** | *Status:* |
| Riverside County Tax Collector | *Original Filed Date:* 03/12/2021 | *Filed by:* CR |
| Adelina Abril | *Original Entered Date:* 03/15/2021 | *Entered by:* Olivia Ventura |
| 4080 Lemon St, 4th Floor | | *Modified:* |
| Riverside CA 92501 | | |

Amount  claimed: $688477.00
Secured claimed: $688477.00

*History:*

| Details | 7-1 | 03/12/2021 Claim #7 filed by Riverside County Tax Collector, Amount claimed: $688477.00 (Ventura, Olivia) |

*Description:* (7-1) Real Property Taxes
*Remarks:*

---

| *Creditor:*      (40658570) | **Claim No: 8** | *Status:* |
| Orco Block & Hardscape | *Original Filed Date:* 03/25/2021 | *Filed by:* CR |
| 11100 Beach Blvd. | *Original Entered Date:* 03/25/2021 | *Entered by:* ePOC-User AutoDocket |
| Stanton, CA 90680-3219 | | *Modified:* |

*History:*

| Details | 8-1 | 03/25/2021 Claim #8 filed by Orco Block & Hardscape, Amount claimed: $30158.01 (AutoDocket, ePOC-User) |

*Description:*
*Remarks:*

EXHIBIT 1
PAGE 65

9/6/2021                                CM/ECF - U.S. Bankruptcy Court (v1.5.3 - LIVE)

Amount  claimed: $30158.01
Secured  claimed: $30158.01

*History:*

Details    8-1   03/25/2021 Claim #8 filed by Orco Block & Hardscape, Amount claimed: $30158.01 (AutoDocket, ePOC-User)

*Description:*
*Remarks:*

| | | |
|---|---|---|
| *Creditor:*    (40658504) | **Claim No: 9** | *Status:* |
| Coachella Valley Collection Service | *Original Filed Date*: 03/29/2021 | *Filed by:* CR |
| P.O. Box 13621 | *Original Entered Date*: 03/29/2021 | *Entered by:* ePOC-User AutoDocket |
| Palm Desert, CA 92255-3621 | | *Modified:* |

Amount claimed: $18468.52

*History:*

Details    9-1   03/29/2021 Claim #9 filed by Coachella Valley Collection Service, Amount claimed: $18468.52 (AutoDocket, ePOC-User)

*Description:*
*Remarks:* (9-1) Account Number (last 4 digits):9628

| | | |
|---|---|---|
| *Creditor:*    (40658557) | **Claim No: 10** | *Status:* |
| L & W Supply Corporation | *Original Filed Date*: 03/31/2021 | *Filed by:* CR |
| P.O. Box 838 | *Original Entered Date*: 03/31/2021 | *Entered by:* ePOC-User AutoDocket |
| Beloit, WI 53512 | | *Modified:* |

Amount  claimed: $18505.40
Secured  claimed: $18505.40

*History:*

Details    10-1   03/31/2021 Claim #10 filed by L & W Supply Corporation, Amount claimed: $18505.40 (AutoDocket, ePOC-User)

*Description:*
*Remarks:* (10-1) Account Number (last 4 digits):0340

| | | |
|---|---|---|
| *Creditor:*    (40731654) | **Claim No: 11** | *Status:* |
| GF Investment Group, Inc. | *Original Filed Date*: 04/07/2021 | *Filed by:* CR |
| Plumtree & Associates | *Original Entered Date*: 04/07/2021 | *Entered by:* ePOC-User AutoDocket |
| 11132 Winners Circle, Suite G-207 | *Last Amendment Filed:* 04/29/2021 | *Modified:* 04/29/2021 |
| Los Alamitos, CA 90720 | *Last Amendment Entered:* 04/29/2021 | |

Amount  claimed: $250695.63
Secured  claimed: $250695.63

*History:*

Details    11-1   04/07/2021 Claim #11 filed by GF Investment Group, Inc., Amount claimed: $250695.63 (AutoDocket, ePOC-User)

Details    11-2   04/29/2021 Amended Claim #11 filed by GF Investment Group, Inc., Amount claimed: $250695.63 (AutoDocket, ePOC-User)

*Description:*
*Remarks:* (11-1) Account Number (last 4 digits):2028
(11-2) Account Number (last 4 digits):2028

EXHIBIT 1
PAGE 66

9/6/2021                                CM/ECF - U.S. Bankruptcy Court (v1.5.3 - LIVE)

| | | |
|---|---|---|
| *Creditor:* (40731661) | **Claim No: 12** | *Status:* |
| Jeffer Mangels Butler & Mitchell LLP | *Original Filed Date*: 04/07/2021 | *Filed by:* CR |
| 1900 Avenue of the Stars, 7th Fl. | *Original Entered Date*: 04/07/2021 | *Entered by:* Thomas M Geher |
| Los Angeles, CA 90067 | | *Modified:* |

 Amount claimed: $18173.01

*History:*

Details     12-1     04/07/2021 Claim #12 filed by Jeffer Mangels Butler & Mitchell LLP, Amount claimed: $18173.01 (Geher,
                     Thomas)

*Description:* (12-1) Legal fees and costs.
*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (40658610) | **Claim No: 13** | *Status:* |
| The Sherwin-Williams Company | *Original Filed Date*: 04/07/2021 | *Filed by:* CR |
| 101 W. Prospect Ave., Suite 1020 | *Original Entered Date*: 04/07/2021 | *Entered by:* ePOC-User AutoDocket |
| Cleveland, OH 44115-1027 | | *Modified:* |

 Amount  claimed: $30511.69

 Secured  claimed: $26794.79

*History:*

Details     13-1     04/07/2021 Claim #13 filed by The Sherwin-Williams Company, Amount claimed: $30511.69
                     (AutoDocket, ePOC-User)

*Description:*
*Remarks:* (13-1) Account Number (last 4 digits):2396

| | | |
|---|---|---|
| *Creditor:* (40736171) | **Claim No: 14** | *Status:* |
| Bret H. Reed, Jr., A Law Corporation | *Original Filed Date*: 04/09/2021 | *Filed by:* CR |
| 428 Avocado Avenue | *Original Entered Date*: 04/09/2021 | *Entered by:* ePOC-User AutoDocket |
| Corona Del Mar, CA 92625 | | *Modified:* |

 Amount claimed: $9865.00

*History:*

Details     14-1     04/09/2021 Claim #14 filed by Bret H. Reed, Jr., A Law Corporation, Amount claimed: $9865.00
                     (AutoDocket, ePOC-User)

*Description:*
*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (40658576) | **Claim No: 15** | *Status:* |
| Porsche Leasing Ltd. | *Original Filed Date*: 04/14/2021 | *Filed by:* CR |
| 1 Porsche Dr. | *Original Entered Date*: 04/14/2021 | *Entered by:* Stacey A Miller |
| Atlanta, GA 30354-1654 | | *Modified:* |

 Amount  claimed: $133788.81

 Secured  claimed: $133788.81

*History:*

Details     15-1     04/14/2021 Claim #15 filed by Porsche Leasing Ltd., Amount claimed: $133788.81 (Miller, Stacey)

*Description:* (15-1) Lease on 2019 Bentley Bentayga
*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (40658519) | **Claim No: 16** | *Status:* |
| Design Development Co. | *Original Filed Date*: 04/13/2021 | *Filed by:* CR |

EXHIBIT 1
PAGE 67

28035 Dorothy Dr., Suite 100          *Original Entered Date*: 04/15/2021    *Entered by:* Olivia Ventura
Agoura Hills, CA 91301                                                       *Modified:*
  Amount claimed: $23798.91

*History:*

[Details]   [16-1]  04/13/2021 Claim #16 filed by Design Development Co., Amount claimed: $23798.91 (Ventura, Olivia)

*Description:* (16-1) Design, plans, services performed, goods sold Provided from 12/9/18 through July, 2019
*Remarks:*

---

*Creditor:*    (40658486)          **Claim No: 17**                    *Status:*
Blair Air, Inc.                       *Original Filed Date:* 04/16/2021    *Filed by:* CR
653 S. Oleander Rd.                   *Original Entered Date:* 04/16/2021  *Entered by:* M. Wayne Tucker
Palm Springs, CA 92264-1502                                               *Modified:*
  Amount  claimed: $424937.27
  Secured claimed: $354114.39

*History:*

[Details]   [17-1]  04/16/2021 Claim #17 filed by Blair Air, Inc., Amount claimed: $424937.27 (Tucker, M.)

*Description:* (17-1) Mechanic's Lien
*Remarks:*

---

*Creditor:*    (40658506)  [History]    **Claim No: 18**                    *Status:*
Colliers Project Leaders USA NE, LLC  *Original Filed Date:* 04/16/2021    *Filed by:* CR
135 New Road                          *Original Entered Date:* 04/19/2021  *Entered by:* Olivia Ventura
Madison, CT 06443                                                          *Modified:*
  Amount claimed: $71991.67

*History:*

[Details]   [18-1]  04/16/2021 Claim #18 filed by Colliers Project Leaders USA NE, LLC, Amount claimed: $71991.67
                    (Ventura, Olivia)

*Description:* (18-1) Services Performed
*Remarks:*

---

*Creditor:*    (40658520)          **Claim No: 19**                    *Status:*
Doug Wall Construction                *Original Filed Date:* 04/19/2021    *Filed by:* CR
78450 Avenue 41                       *Original Entered Date:* 04/19/2021  *Entered by:* Caroline Djang
Bermuda Dunes, CA 92203-1001                                              *Modified:*
  Amount  claimed: $3823871.70
  Secured claimed: $3823871.70

*History:*

[Details]   [19-1]  04/19/2021 Claim #19 filed by Doug Wall Construction, Amount claimed: $3823871.70 (Djang, Caroline)

*Description:* (19-1) Mechanics Lien
*Remarks:*

---

*Creditor:*    (40751830)          **Claim No: 20**                    *Status:*
American Contractors Indemnity Company *Original Filed Date:* 04/21/2021   *Filed by:* CR
801 S. Figueroa Street                *Original Entered Date:* 04/21/2021  *Entered by:* ePOC-User AutoDocket
Suite 700                                                                 *Modified:*
Los Angeles, CA 90017
*No amounts claimed*

*History:*

[Details]   [20-1]  04/21/2021 Claim #20 filed by American Contractors Indemnity Company, Amount claimed: (AutoDocket,
                    ePOC-User)

*Description:*
*Remarks:* (20-1) Account Number (last 4 digits):2243 Filer Comment: + Unliquidated/undetermined damages

EXHIBIT 1
PAGE 68

9/6/2021                                    CM/ECF - U.S. Bankruptcy Court (v1.5.3 - LIVE)

*Creditor:*     (40658487)   <u>History</u>        **Claim No: 21**                  *Status:*
BMC West, LLC                              *Original Filed Date*: 04/26/2021   *Filed by:* CR
C/O Milene Apanian                         *Original Entered Date*: 04/26/2021   *Entered by:* Bruce D Rudman
Abdulaziz Grossbart & Rudman                                                  *Modified:*
6454 Coldwater Canyon Avenue
North Hollywood, CA 91606

 Amount  claimed: $50290.00

 Secured claimed: $50290.00

*History:*

<u>Details</u>      <u>21-1</u>   04/26/2021  Claim #21 filed by BMC West, LLC, Amount claimed: $50290.00 (Rudman, Bruce)

*Description:* (21-1) Claim secured by Mechanic's Lien

*Remarks:*


*Creditor:*     (40757339)              **Claim No: 22**                  *Status:*
DAL-TILE DISTRIBUTION, INC.                *Original Filed Date*: 04/26/2021   *Filed by:* CR
8583 Irvine Center Drive #500              *Original Entered Date*: 04/26/2021   *Entered by:* ePOC-User AutoDocket
Irvine, CA 92618                                                              *Modified:*

 Amount claimed: $11753.35

*History:*

<u>Details</u>      <u>22-1</u>   04/26/2021  Claim #22 filed by DAL-TILE DISTRIBUTION, INC., Amount claimed: $11753.35
                                    (AutoDocket, ePOC-User)

*Description:*

*Remarks:* (22-1) Account Number (last 4 digits):1238


*Creditor:*     (40760514)   <u>History</u>        **Claim No: 23**                  *Status:*
Highgate Hotels, L.P.                      *Original Filed Date*: 04/28/2021   *Filed by:* CR
c/o Kelly Bagnall, Holland & Knight LLP    *Original Entered Date*: 04/28/2021   *Entered by:* Brian Smith
200 Crescent Court, Suite 1600                                               *Modified:*
Dallas, TX 75201

 Amount claimed: $626625.36

*History:*

<u>Details</u>      <u>23-1</u>   04/28/2021  Claim #23 filed by Highgate Hotels, L.P., Amount claimed: $626625.36 (Smith, Brian)

*Description:*

*Remarks:*


*Creditor:*     (40658558)              **Claim No: 24**                  *Status:*
La Hacienda Nursery & Landscape Inc        *Original Filed Date*: 04/28/2021   *Filed by:* CR
80-900 Miles Ave.                          *Original Entered Date*: 04/28/2021   *Entered by:* ePOC-User AutoDocket
Indio, CA 92201-2822                                                          *Modified:*

 Amount  claimed: $146717.74

 Secured claimed: $146717.74

*History:*

<u>Details</u>      <u>24-1</u>   04/28/2021  Claim #24 filed by La Hacienda Nursery & Landscape Inc, Amount claimed: $146717.74
                                    (AutoDocket, ePOC-User)

*Description:*

*Remarks:*

EXHIBIT 1
PAGE 69

9/6/2021                                CM/ECF - U.S. Bankruptcy Court (v1.5.3 - LIVE)

*Creditor:*      (40658475)              **Claim No: 25**                    *Status:*
Al Miller & Sons Roofing, Inc.          *Original Filed Date*: 04/28/2021    *Filed by:* CR
68760 Summit Dr.                        *Original Entered Date*: 04/28/2021  *Entered by:* ePOC-User AutoDocket
Cathedral City, CA 92234-7344                                               *Modified:*

   Amount  claimed: $143835.82

   Secured claimed: $143835.82

*History:*

[Details](#)    [25-1](#)   04/28/2021  Claim #25 filed by Al Miller & Sons Roofing, Inc., Amount claimed: $143835.82 (AutoDocket,
                                        ePOC-User)

*Description:*

*Remarks:*

---

*Creditor:*      (40658481)              **Claim No: 26**                    *Status:*
Apple J Plumbing, Inc.                  *Original Filed Date*: 04/28/2021    *Filed by:* CR
456 Citrus Ave.                         *Original Entered Date*: 04/28/2021  *Entered by:* ePOC-User AutoDocket
Indio, CA 92201                                                             *Modified:*

   Amount  claimed: $225463.30

   Secured claimed: $225463.30

*History:*

[Details](#)    [26-1](#)   04/28/2021  Claim #26 filed by Apple J Plumbing, Inc., Amount claimed: $225463.30 (AutoDocket,
                                        ePOC-User)

*Description:*

*Remarks:*

---

*Creditor:*      (40658518)              **Claim No: 27**                    *Status:*
Desert Palms Electric, Inc.             *Original Filed Date*: 04/28/2021    *Filed by:* CR
40101 Monterey Ave.                     *Original Entered Date*: 04/28/2021  *Entered by:* ePOC-User AutoDocket
Rancho Mirage, CA 92270-3261                                               *Modified:*

   Amount  claimed: $486944.35

   Secured claimed: $486944.35

*History:*

[Details](#)    [27-1](#)   04/28/2021  Claim #27 filed by Desert Palms Electric, Inc., Amount claimed: $486944.35 (AutoDocket,
                                        ePOC-User)

*Description:*

*Remarks:*

---

*Creditor:*      (40658551)              **Claim No: 28**                    *Status:*
Jacobsson Engineering Const., Inc.      *Original Filed Date*: 04/28/2021    *Filed by:* CR
P.O. Box 14430                          *Original Entered Date*: 04/28/2021  *Entered by:* ePOC-User AutoDocket
Palm Desert, CA 92255                                                       *Modified:*

   Amount  claimed: $1213220.00

   Secured claimed: $1213220.00

*History:*

[Details](#)    [28-1](#)   04/28/2021  Claim #28 filed by Jacobsson Engineering Const., Inc., Amount claimed: $1213220.00
                                        (AutoDocket, ePOC-User)

*Description:*

*Remarks:*

EXHIBIT 1
PAGE 70

| | | |
|---|---|---|
| *Creditor:*      (40658563) | **Claim No: 29** | *Status:* |
| Mascorro Concrete Construction Inc | *Original Filed Date*: 04/28/2021 | *Filed by:* CR |
| P.O. Box 910 | *Original Entered Date*: 04/28/2021 | *Entered by:* ePOC-User AutoDocket |
| Thousand Palms, CA 92276 | | *Modified:* |

 Amount  claimed: $93209.20
 Secured claimed: $93209.20

*History:*

Details      29-1   04/28/2021  Claim #29 filed by Mascorro Concrete Construction Inc, Amount claimed: $93209.20
                             (AutoDocket, ePOC-User)

*Description:*
*Remarks:*

| | | |
|---|---|---|
| *Creditor:*      (40658605) | **Claim No: 30** | *Status:* |
| Tandem West Glass Inc. | *Original Filed Date*: 04/28/2021 | *Filed by:* CR |
| 1177 W. Lincoln St., Suite 100 | *Original Entered Date*: 04/28/2021 | *Entered by:* ePOC-User AutoDocket |
| Banning, CA 92220-4524 | | *Modified:* |

 Amount  claimed: $564818.80
 Secured claimed: $564818.80

*History:*

Details      30-1   04/28/2021  Claim #30 filed by Tandem West Glass Inc., Amount claimed: $564818.80 (AutoDocket,
                             ePOC-User)

*Description:*
*Remarks:*

| | | |
|---|---|---|
| *Creditor:*      (40658607) | **Claim No: 31** | *Status:* |
| TemalPakh, Inc. | *Original Filed Date*: 04/28/2021 | *Filed by:* CR |
| 73750 Spyder Cir. | *Original Entered Date*: 04/28/2021 | *Entered by:* ePOC-User AutoDocket |
| Palm Desert, CA 92211-6023 | | *Modified:* |

 Amount  claimed: $70734.00
 Secured claimed: $70734.00

*History:*

Details      31-1   04/28/2021  Claim #31 filed by TemalPakh, Inc., Amount claimed: $70734.00 (AutoDocket, ePOC-User)

*Description:*
*Remarks:*

| | | |
|---|---|---|
| *Creditor:*      (40762376) | **Claim No: 32** | *Status:* |
| Carrier Johnson, Inc. | *Original Filed Date*: 04/28/2021 | *Filed by:* AT |
| c/o K. Todd Curry, Esq. | *Original Entered Date*: 04/28/2021 | *Entered by:* Todd Curry |
| 185 West F Street, Ste. 100 | | *Modified:* |
| San Diego, CA 92101 | | |

 Amount  claimed: $503071.73
 Secured claimed: $503071.73

*History:*

Details      32-1   04/28/2021  Claim #32 filed by Carrier Johnson, Inc., Amount claimed: $503071.73 (Curry, Todd)

*Description:*
*Remarks:*

| | | |
|---|---|---|
| *Creditor:*      (40762755) | **Claim No: 33** | *Status:* |

EXHIBIT 1

PAGE 71

9/6/2021                                    CM/ECF - U.S. Bankruptcy Court (v1.5.3 - LIVE)

Mobile Mini Inc                          *Original Filed Date*: 04/29/2021      *Filed by*: CR
4646 E Van Buren St., Ste 400            *Original Entered Date*: 04/29/2021    *Entered by*: ePOC-User AutoDocket
Attn: Todd Hutchings                                                           *Modified*:
Phoenix, AZ 85008

 Amount claimed: $53636.33

*History*:

Details     33-1   04/29/2021 Claim #33 filed by Mobile Mini Inc, Amount claimed: $53636.33 (AutoDocket, ePOC-User)

*Description*:

*Remarks*: (33-1) Account Number (last 4 digits):8970

---

*Creditor*:        (40763908)           **Claim No: 34**                       *Status*:
California Statewide Communities Dev.     *Original Filed Date*: 04/29/2021      *Filed by*: CR
Authority                                *Original Entered Date*: 04/29/2021    *Entered by*: ePOC-User AutoDocket
600 West Broadway, 27th Floor                                                  *Modified*:
San Diego, CA 92101

 Amount  claimed: $13750329.00

 Secured  claimed: $13750329.00

*History*:

Details     34-1   04/29/2021 Claim #34 filed by California Statewide Communities Dev. Authority, Amount claimed:
                   $13750329.00 (AutoDocket, ePOC-User)

*Description*:

*Remarks*:

---

*Creditor*:        (40658553)           **Claim No: 35**                       *Status*:
Jeffrey D. Segal                         *Original Filed Date*: 04/29/2021      *Filed by*: CR
1840 Century Park East, 17th Fl.         *Original Entered Date*: 04/29/2021    *Entered by*: Sheila M Pistone
Los Angeles, CA 90067                                                          *Modified*:

 Amount claimed: $282237.21

*History*:

Details     35-1   04/29/2021 Claim #35 filed by Jeffrey D. Segal, Amount claimed: $282237.21 (Pistone, Sheila)

*Description*:

*Remarks*:

---

*Creditor*:        (40658613)           **Claim No: 36**                       *Status*:
U.S. Real Estate Credit Holdings         *Original Filed Date*: 04/29/2021      *Filed by*: CR
11755 Wilshire Blvd., Suite 1425         *Original Entered Date*: 04/29/2021    *Entered by*: Christopher O Rivas
Los Angeles, CA 90025                                                          *Modified*:

 Amount  claimed: $30878944.46

 Secured  claimed: $14500000.00

*History*:

Details     36-1   04/29/2021 Claim #36 filed by U.S. Real Estate Credit Holdings, Amount claimed: $30878944.46 (Rivas,
                   Christopher)

*Description*:

*Remarks*: (36-1) See Addendum for Secured Claim Range: $14.5 million - $23.5 million

---

*Creditor*:        (40658613)           **Claim No: 37**                       *Status*:
U.S. Real Estate Credit Holdings         *Original Filed Date*: 04/29/2021      *Filed by*: CR

EXHIBIT 1
PAGE 72

11755 Wilshire Blvd., Suite 1425          *Original Entered Date*: 04/29/2021          *Entered by:* Christopher O Rivas
Los Angeles, CA 90025                                                                  *Modified:*

  Amount claimed: $867193.94

  Priority claimed: $867193.94

*History:*

[Details]   [37-1]  04/29/2021 Claim #37 filed by U.S. Real Estate Credit Holdings, Amount claimed: $867193.94 (Rivas,
                 Christopher)

*Description:* (37-1) Administrative Priority Claim

*Remarks:*

---

*Creditor:*    (40689743)  [History]          **Claim No: 38**                          *Status:*
Edwin W Leslie, State Court Receiver              *Original Filed Date*: 04/30/2021          *Filed by:* CR
Alan G. Tippie/Mark S. Horoupian                 *Original Entered Date*: 04/30/2021        *Entered by:* Mark S Horoupian
Sulmeyer Kupetz                                                                            *Modified:*
333 S. Grand Ave, Ste. 3400
Los Angeles CA 90071

*No amounts claimed*

*History:*

[Details]   [38-1]  04/30/2021 Claim #38 filed by Edwin W Leslie, State Court Receiver, Amount claimed: (Horoupian,
                 Mark)

*Description:* (38-1) Amount TBD

*Remarks:* (38-1) See Attachment to Proof of Claim

---

*Creditor:*    (40768266)          **Claim No: 39**                          *Status:*
Desert Moving Company, LLC                        *Original Filed Date*: 04/30/2021          *Filed by:* CR
82585 Showcase Parkway, Suite A 101              *Original Entered Date*: 04/30/2021        *Entered by:* Simon J Dunstan
Indio, California 92203                                                                    *Modified:*

  Amount claimed: $3957804.00

  Secured claimed:     $1.00

*History:*

[Details]   [39-1]  04/30/2021 Claim #39 filed by Desert Moving Company, LLC, Amount claimed: $3957804.00 (Dunstan,
                 Simon)

*Description:* (39-1) Codebtor/alter ego claim for storage fees

*Remarks:*

---

*Creditor:*    (40658599)          **Claim No: 40**                          *Status:*
Stuart Rubin                                      *Original Filed Date*: 04/30/2021          *Filed by:* AT
715 N. Alpine Dr.                                *Original Entered Date*: 04/30/2021        *Entered by:* Evan L Smith
Beverly Hills, CA 90210                                                                   *Modified:*

  Amount claimed: $5699513.82

*History:*

[Details]   [40-1]  04/30/2021 Claim #40 filed by Stuart Rubin, Amount claimed: $5699513.82 (Smith, Evan)

*Description:* (40-1) money loaned and/or advanced; and contractual indemnity

*Remarks:*

---

*Creditor:*    (40658533)          **Claim No: 41**                          *Status:*
Gary Stiffelman                                   *Original Filed Date*: 04/30/2021          *Filed by:* AT
383 S. Beverly Glen Blvd.                        *Original Entered Date*: 04/30/2021        *Entered by:* Timothy R Laquer
Los Angeles, CA 90024                                                                     *Modified:*
*History:*

[Details]   [41-1]  04/30/2021 Claim #41 filed by Gary Stiffelman, Amount claimed: $5279925.77 (Laquer, Timothy)

*Description:*

*Remarks:*

EXHIBIT 1
PAGE 73

Amount claimed: $5279925.77

*History:*

Details    41-1   04/30/2021 Claim #41 filed by Gary Stiffelman, Amount claimed: $5279925.77 (Laquer, Timothy)

*Description:*
*Remarks:*

| | | |
|---|---|---|
| *Creditor:*     (40658502) | **Claim No: 42** | *Status:* |
| Coachella Resort, LLC | *Original Filed Date*: 04/30/2021 | *Filed by:* AT |
| 72780 Country Club Dr., Suite 301 | *Original Entered Date*: 04/30/2021 | *Entered by:* Evan L Smith |
| Rancho Mirage, CA 92270 | | *Modified:* |

Amount claimed: $19287.00

*History:*

Details    42-1   04/30/2021 Claim #42 filed by Coachella Resort, LLC, Amount claimed: $19287.00 (Smith, Evan)

*Description:* (42-1) money loaned and/or advanced
*Remarks:*

| | | |
|---|---|---|
| *Creditor:*     (40658525) | **Claim No: 43** | *Status:* |
| Elliot B. Lander | *Original Filed Date*: 04/30/2021 | *Filed by:* CR |
| 72780 Country Club Dr., Suite 301 | *Original Entered Date*: 04/30/2021 | *Entered by:* Evan L Smith |
| Rancho Mirage, CA 92270-4126 | | *Modified:* |

Amount claimed: $175000.00

*History:*

Details    43-1   04/30/2021 Claim #43 filed by Elliot B. Lander, Amount claimed: $175000.00 (Smith, Evan)

*Description:* (43-1) money loaned and/or advanced
*Remarks:*

| | | |
|---|---|---|
| *Creditor:*     (40760514)   History | **Claim No: 44** | *Status:* |
| Highgate Hotels, L.P. | *Original Filed Date*: 04/28/2021 | *Filed by:* CR |
| c/o Kelly Bagnall, Holland & Knight LLP | *Original Entered Date*: 05/03/2021 | *Entered by:* Olivia Ventura |
| 200 Crescent Court, Suite 1600 | | *Modified:* |
| Dallas, TX 75201 | | |

No amounts claimed

*History:*

Details    44-1   04/28/2021 Claim #44 filed by Highgate Hotels, L.P., Amount claimed: (Ventura, Olivia)

*Description:* (44-1) See attached
*Remarks:*

| | | |
|---|---|---|
| *Creditor:*     (40773333) | **Claim No: 45** | *Status:* |
| G&B Law, LLP | *Original Filed Date*: 05/04/2021 | *Filed by:* CR |
| 16000 Ventura Blvd., Suite 1000 | *Original Entered Date*: 05/04/2021 | *Entered by:* ePOC-User AutoDocket |
| Encino, CA 91436 | | *Modified:* |

Amount claimed: $31479.48

*History:*

Details    45-1   05/04/2021 Claim #45 filed by G&B Law, LLP, Amount claimed: $31479.48 (AutoDocket, ePOC-User)

*Description:*
*Remarks:*

EXHIBIT 1
PAGE 74

| | | |
|---|---|---|
| *Creditor:*    (40658546)    History | **Claim No: 46** | *Status:* |
| Hugh T. Smith Company Inc | *Original Filed Date*: 04/30/2021 | *Filed by:* CR |
| 5383 Roberts Rd. | *Original Entered Date*: 05/05/2021 | *Entered by:* Olivia Ventura |
| Yucca Valley, CA 92284 | | *Modified:* |

 Amount claimed: $32400.00

*History:*

Details    46-1   04/30/2021 Claim #46 filed by Hugh T. Smith Company Inc, Amount claimed: $32400.00 (Ventura, Olivia)

*Description:* (46-1) Fire alarm construction & installation
*Remarks:*


| | | |
|---|---|---|
| *Creditor:*    (40658550) | **Claim No: 47** | *Status:* |
| Internal Revenue Service | *Original Filed Date*: 06/02/2021 | *Filed by:* CR |
| P.O. Box 7346 | *Original Entered Date*: 06/02/2021 | *Entered by:* Timothy C Schakow |
| Philadelphia, PA 19101-7346 | | *Modified:* |

 Amount  claimed: $4920.00
 Secured  claimed:      $0.00
 Priority  claimed:      $0.00

*History:*

Details    47-1   06/02/2021 Claim #47 filed by Internal Revenue Service, Amount claimed: $4920.00 (Schakow, Timothy)

*Description:*
*Remarks:*


| | | |
|---|---|---|
| *Creditor:*    (40904356) | **Claim No: 48** | *Status:* |
| State Water Resources Control Board | *Original Filed Date*: 08/17/2021 | *Filed by:* CR |
| 1001 I Street | *Original Entered Date*: 08/17/2021 | *Entered by:* ePOC-User AutoDocket |
| 22nd Floor | | *Modified:* |
| Sacramento, CA 95814 | | |

 Amount claimed: $5610.00

*History:*

Details    48-1   08/17/2021 Claim #48 filed by State Water Resources Control Board, Amount claimed: $5610.00 (AutoDocket, ePOC-User)

*Description:*
*Remarks:* (48-1) Account Number (last 4 digits):0168


| | | |
|---|---|---|
| *Creditor:*    (40904356) | **Claim No: 49** | *Status:* |
| State Water Resources Control Board | *Original Filed Date*: 08/17/2021 | *Filed by:* CR |
| 1001 I Street | *Original Entered Date*: 08/17/2021 | *Entered by:* ePOC-User AutoDocket |
| 22nd Floor | | *Modified:* |
| Sacramento, CA 95814 | | |

 Amount claimed: $1117.00

*History:*

Details    49-1   08/17/2021 Claim #49 filed by State Water Resources Control Board, Amount claimed: $1117.00 (AutoDocket, ePOC-User)

*Description:*
*Remarks:* (49-1) Account Number (last 4 digits):9235


| | | |
|---|---|---|
| *Creditor:*    (40912172) | **Claim No: 50** | *Status:* |

EXHIBIT 1
PAGE 75

9/6/2021                                    CM/ECF - U.S. Bankruptcy Court (v1.5.3 - LIVE)

City of Coachella                  *Original Filed Date*: 08/24/2021      *Filed by*: CR
c/o Best Best & Krieger LLP        *Original Entered Date*: 08/24/2021    *Entered by*: Caroline Djang
18101 Von Karman Ave., Suite 1000                                        *Modified*:
Irvine, CA 92612

 Amount  claimed: $812900.14
 Secured claimed: $794867.53

*History*:

Details      50-1     08/24/2021  Claim #50 filed by City of Coachella, Amount claimed: $812900.14 (Djang, Caroline)

*Description*: (50-1) (1) Delinquent Property Taxes; (2) Amounts Owed on Deposit Account; and (3) Unpaid Utilities
*Remarks*:

## Claims Register Summary

**Case Name:** Glenroy Coachella, LLC
**Case Number:** 2:21-bk-11188-BB
**Chapter:** 11
**Date Filed:** 02/15/2021
**Total Number Of Claims:** 50

| | |
|---|---|
| **Total Amount Claimed\*** | $72240540.72 |
| **Total Amount Allowed\*** | |

*\*Includes general unsecured claims*

**The values are reflective of the data entered. Always refer to claim documents for actual amounts.**

| | Claimed | Allowed |
|---|---|---|
| **Secured** | $38208474.96 | |
| **Priority** | $868013.61 | |
| **Administrative** | | |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 09/06/2021 11:45:26 | | | |
| **PACER Login:** | mh4052870 | **Client Code:** | 9999-992 |
| **Description:** | Claims Register | **Search Criteria:** | 2:21-bk-11188-BB Filed or Entered From: 1/1/1900 Filed or Entered To: 9/6/2021 |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

EXHIBIT 1
PAGE 76

EXHIBIT C

<u>PERMITTED EXCEPTIONS</u>

The following exceptions to covered listed as Exceptions in that certain Amended Preliminary Report prepared by Fidelity National Title Insurance Company dated August 12, 2021 at 7:30 a.m., amended August 18, 2021 under Order No. 002-30066002-BA-TS4.

A – J;
1
2
3
4
5
6
7
8
9
16
17
64
65
66
67:

2001657.11

EXHIBIT 1
PAGE 77

EXHIBIT D

<u>FORM OF GRANT DEED</u>

RECORDING REQUESTED BY,
AND WHEN RECORDED MAIL TO,
AND MAIL TAX STATEMENT TO:

_____

_____

_____

Attention: _____

_____

APN:                                                    (Above Space For Recorder's Use Only)

The Undersigned Grantor(s) Declare(s): DOCUMENTARY TRANSFER TAX $_____;
CITY TRANSFER TAX $**00.00**

      [  **x**  ] computed on the consideration or full value of property conveyed, OR

      [     ] computed on the consideration or full value less value of liens
          and/or encumbrances remaining at time of sale,

      [  **x**  ] unincorporated area;  [  ] City of _____, and

_____
Signature of Declarant

GRANT DEED

      FOR VALUABLE CONSIDERATION, the receipt and sufficiency of which is hereby acknowledged, GLENROY COACHELLA, LLC, a Delaware limited liability company, hereby GRANTS to _____, a _____, the following described real property located in the County of Riverside, State of California:

      See <u>Exhibit A</u> which is attached hereto and incorporated by reference herein.

      This conveyance is made subject to all liens and encumbrances of record and all matters which would be apparent from a visual inspection of the Property.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

2001657.11

EXHIBIT 1
PAGE 78

DATED: _____, 2021


GLENROY COACHELLA, LLC,
a Delaware limited liability company


By: _____
Name: _____
Title: _____

CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

**A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.**

STATE OF CALIFORNIA                    )

COUNTY OF _____ )

On _____, 2021, before me, _____, Notary Public, personally appeared _____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY of PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.


_____
Notary Public

2001657.11

EXHIBIT 1
PAGE 80

<u>Exhibit A to Grant Deed</u>

Legal Description

PARCELS 1, 2, 4, 5 AND 6 OF PARCEL MAP NO. 37310, IN THE CITY OF COACHELLA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS SHOWN BY MAP ON FILE IN BOOK 243, PAGES 82 TO 84 INCLUSIVE OF PARCEL MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

APN: 603-220-061, 603-220-065, 603-220-067, 603-220-068 AND 603-220-069

EXHIBIT 1
PAGE 81

EXHIBIT E

BILL OF SALE

THIS BILL OF SALE is made, executed and dated as of this _____ day of _____, 2021, by Richard A. Marshack ("**Seller**"), solely in his capacity as Chapter 11 trustee for GLENROY COACHELLA, LLC, a Delaware limited liability company ("**Debtor**"), to and in favor of _____ ("**Buyer**"), in connection with that certain Agreement of Purchase and Sale and Joint Escrow Instructions dated as of August ____, 2021 (the "**Purchase Agreement**"), by and between Seller and Buyer (as successor-in-interest to Socialize Inc.).

FOR VALUABLE CONSIDERATION, the receipt and sufficiency of which are hereby acknowledged, Seller does hereby grant, bargain, sell, convey, assign, transfer and set over unto Buyer all of Seller's right, title and interest in and to all personal property owned by Debtor and used in connection with ownership, use, development or operation of the Land (as described in the Purchase Agreement) including, without limitation, those items of personal property listed on Exhibit A attached hereto. The foregoing grant, bargain, sale, conveyance, assignment, transfer and setting over by Seller is on an as-is, where-is basis, without warranty or representation of any kind, whether expressed or implied.

This instrument shall be binding upon, and inure to the benefit of, the parties hereto and their respective successors and assigns.

[Remainder of this page intentionally left blank.
Seller's signature appears on the following page.]

EXHIBIT 1
PAGE 82

IN WITNESS WHEREOF, the undersigned has executed this instrument as of the date first above written.

**SELLER:**

GLENROY COACHELLA, LLC,
a Delaware limited liability company


By: _____
Name: _____
Title: _____

2001657.11

EXHIBIT 1
PAGE 83

Exhibit A to Bill of Sale

List of Personal Property

EXHIBIT 1
PAGE 84



Storage Containers Inventory
Updated          1/27/2020

| DWC # | Mobil Mini # | Description |
|---|---|---|
| 1 | K0327 | Tile |
| 2 | K182 | Tile |
| 3 | S0295 | Tile, grout, cualking, TV's |
| 4 | K307 | Plumbing fixtures, restroom accessories, thin set |
| 5 | K475 | Toilets |
| 6 | K0101 | Toilets, drains, plumbing parts, shower dams |
| 7 | K0147 | Plumbing fixtures, plumbing parts, patio furniture |
| 8 | K187 | Miscellaneous electrical & plumbing fixtures and parts |
| 9 | K205 | HVAC units, duct, flooring metal, electrical material, plumbing material |
| 10 | K005 | Electrical and HVAC materials |
| 11 | K0132 | Cabinets |
| 12 | J027 | Patio furniture |
| 13 | K0060 | Patio furniture |
| 14 | K0036 | Patio furniture |
| 15 | K0080 | Patio furniture |
| 16 | S0197 | Cabinets |
| 17 | K114 | Patio furniture |
| 18 | S0633 | Cabinets & counter tops |
| 19 | 26182 | Empty |
| 20 | 26950 | Empty |
| 21 | K0074 | No access (contents unknown)  19 pallets of ceramic tile    6-28-2021 |
| 22 | K5692 | Tile & bath tubs |
| 23 | K0147 | Tile |
| 24 | K0140 | Tile & slash guard |
| 25 | K5780 | Tile |
| 26 | K0125 | Empty    Removed    6-28-2021 |
| 27 | J258 | Empty    Removed    6-28-2021 |
| 28 | K5756 | Empty    Removed    6-28-2021 |
| 29 | K0045 | Counter tops |
| 30 | K5333 | Electrical & lights |
| 31 | K040 | Counter tops |
| 32 | K109 | Bath tubs & medicine cabinets |
| 33 | K0093 | Bath tubs |
| 34 | K0340 | Door frames & mirrors |
| 35 | K237 | Bath tubs |
| 36 | K0131 | No access (contents unknown)  Empty removed 6-28-2021    corner of 48th & Van Buren |

Loose Items Inventory
Updated          1/27/2020

| DWC # | Area | Description |
|---|---|---|
| 1 | Building E | Metal liner & switch gear |
| 2 | Building F | Metal Door Frames |
| 3 | Building F | Dens Board |
| 4 | Building F | Elevator equipment |
| 5 | Site (north-central) | Swich gear, pipe, risers, J-boxes |
| 6 | Site (south east) | Glass |
| 7 | Site | Prep coat, PVC pipe, metal studs, drywall |

EXHIBIT 1
PAGE 85

**Bin # 1**     ( K0327 )   Locked and Full
Contents
Updated     1/22/20

| Item # | Contents | Quantity | Color | Manufacturer | Condition |
|---|---|---|---|---|---|
| 1 | Ceramic tile , 12inx24in | 20 Pallets of 32 boxes each, 8 pc to a box | 3 White 17 Grey | N/A | Good |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

EXHIBIT 1
PAGE 86

**Bin # 2**    ( K182 )  Locked and Full
Contents
Updated  1/22/2020

| Item # | Contents | Quantity | Color | Manufacturer | Condition |
|---|---|---|---|---|---|
| 1 | Ceramic tile , 12inx24in | 10 Pallets | White | N/A | Good |
| 2 | Mosaic tile ,    12inx12in | 6 Pallets; 1 pallet has 96 boxes,10 pcs to a box | White | N/A | Good |
| 3 | Ceramic Cut Down Tile , 3.75inx24in | 1 Pallet | Grey | N/A | Good |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

EXHIBIT 1
PAGE 87

**Bin # 3**    ( S0295 )    Locked and Full
Contents
Updated   1/22/2020

| Item # | Contents | Quantity | Color | Manufacturer | Condition |
|---|---|---|---|---|---|
| 1 | Ceramic Cut Down tile, 3.75inx24in | 3 Pallets | Grey | N/A | Good |
| 2 | Mosaic tile , 12inx12in | 6 Pallets | White | N/A | Good |
| 3 | Fusion Pro Grout | 159 boxes, 2 to a box | N/A | N/A | Good |
| 4 | Cualking | 44 boxes, 6 to a box | N/A | N/A | Good |
| 5 | Samsung T.V.   50in | 2 | N/A | Samsung | Good |
| 6 | Red Guard Water proofing | 162 Buckets | N/A | Red Guard | Good |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

EXHIBIT 1
PAGE 88

**Bin # 4**    ( K307 )    Locked and Full
Contents
Updated   1/22/2020

| Item # | Contents | Quantity | Color | Manufacturer | Condition |
|--------|----------|----------|-------|--------------|-----------|
| 1 | Thin set | 7 Pallets/50 bags to a Pallet | White | Versa Bond | About 30 bags are damaged by water |
| 2 | Shower heads/Sinks/4ft Shower rods/Shower handles/Detail parts/2ft Towel bars/Flex sink connectors/Wax toilet rings | 112 boxes | N/A | Kohler | Good |
| 3 | Toilets | 3 pallets | White | Kohler | Good |
| 4 | Toilet tanks | 53 | White | Kohler | Good |
| 5 | Shower dams | 400 | Green | N/A | Good |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

EXHIBIT 1
PAGE 89

**Bin # 5**    (K475 )    Locked and Full
Contents
Updated   1/22/2020

| Item # | Contents | Quantity | Color | Manufacturer | Condition |
|---|---|---|---|---|---|
| 1 | Toilets | 6 Pallets; 18 to a pallet | White | Kohler | Good |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

EXHIBIT 1
PAGE 90

**Bin # 6**    ( K0101 )   Locked and Full
Contents
Updated   1/22/2020

| Item # | Contents | Quantity | Color | Manufacturer | Condition |
|---|---|---|---|---|---|
| 1 | Toilet tanks | 8 Pallets ; 20 tanks to a pallet | White | Kohler | Good |
| 2 | Shower arms/ Towel bars/Flanges/Knobs | 10 Pallets | N/A | Kohler | Good |
| 3 | Toilets | 1 Pallet | White | Kohler | Good |
| 4 | | | | | |
| 5 | PVC3240D20 drains | 1 Pallet | N/A | Quick Drain | Good |
| 6 | Quick slope/Shower line curb/32in Support frames | 2 Pallets | N/A | Quick Drain | Good |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

EXHIBIT 1
PAGE 91

**Bin # 7**      ( K0147 )  Locked and Full

Contents

Updated   1/22/2020

| Item # | Contents | Quantity | Color | Manufacturer | Condition |
|--------|----------|----------|-------|--------------|-----------|
| 1 | Mattress,Trellis walls,Bench,Bed frame,Beams,Bases. ( Patio furniture ) | 1 Pallet: 12 Boxes | N/A | Tuuci | Good |
| 2 | Quick slope/ Curb/ Frames | 2 Pallets | N/A | Quick Drain | Good |
| 3 | Shower Drains | 56 boxes | N/A | Shower Line | Good |
| 4 | Vinyl Flooring  7.5x4ft | 25 boxes | N/A | Coretech | Good |
| 5 | Sink connectors | 9 boxes | N/A | N/A | Good |
| 6 | Plated chrome fixture detail | 6 boxes | Chrome | N/A | Good |
| 7 | Recess-It | 2 pallets | N/A | N/A | Good |
| 8 | Toilets | 2 pallets | White | Kohler | Good |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

EXHIBIT 1
PAGE 92

**Bin # 8**    (k187 ) Locked and Full

Contents

Updated   1/22/2020

| Item # | Contents | Quantity | Color | Manufacturer | Condition |
|--------|----------|----------|-------|--------------|-----------|
| 1 | Junction boxes/Outlets/Switches | 78 boxes | N/A | N/A | Good |
| 2 | Down Lights 4in | 311 boxes | N/A | N/A | Good |
| 3 | Light housing | 6 pallets; 46 boxes to a pallet | N/A | N/A | Good |
| 4 | Light switches and receptacles | 1 pallet; 65 boxes to a pallet | N/A | N/A | Good |
| 5 | LED wrap around light fixtures | 6 boxes of 4ft; 10 boxes of 2ft | N/A | N/A | Good |
| 6 | Flush mount breaker box covers | 196 boxes | Grey | N/A | Good |
| 7 | Stout bracket | 6 boxes of 4ft; 10 boxes of 2ft | N/A | Hold Rite | Good |
| 8 | Curcuit breaker boxes | 8 4ft, 15 5ft | Grey | N/A | Good |
| 9 | Cat 6 low volt | 8 boxes | N/A | N/A | Good |
| 10 | Coaxial cable | 3 boxes | N/A | N/A | Good |
| 11 | Master Meter | 11 boxes | N/A | N/A | Good |
| 12 | Dish washer branch  (plumbing) | 8 boxes | N/A | N/A | Good |
| 13 | Finish chrome plated detail | 11 boxes | N/A | N/A | Good |
| 14 | Toilet flanges | 13 boxes | N/A | N/A | Good |
| 15 | Switch boxes | 3 boxes | N/A | N/A | Good |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

EXHIBIT 1
PAGE 93

**Bin # 9**   (K205)   Locked and full
Contents
Updated   1/22/2020

| Item # | Contents | Quantity | Color | Manufacturer | Condition |
|--------|----------|----------|-------|--------------|-----------|
| 1 | Cooler Heater Units | 46 units | N/A | N/A | Good |
| 2 | Flex duct | 20 various sizes | N/A | N/A | Good |
| 3 | Schluter Systems | 11 boxes | N/A | N/A | Good |
| 4 | Recess-It , Inset shower detail | 6 boxes | N/A | N/A | Good |
| 5 | H.V.A.C. Duct    12 ft. | 12 | N/A | N/A | Good |
| 6 | Philips boxes | 2 | N/A | Philips | Good |
| 7 | Electric charging pedesals | 4 | N/A | ClipperCreek Inc. | Good |
| 8 | Electric charging pedesals | 7 | N/A | Tesla | Good |
| 9 | Flush mount breaker box cover   2ftx8ft | 1 | Grey | N/A | Good |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

EXHIBIT 1
PAGE 94

**Bin # 10**    ( K005 ) Locked, Full
Contents
Updated   1/22/2020

| Item # | Contents | Quantity | Color | Manufacturer | Condition |
|--------|----------|----------|-------|--------------|-----------|
| 1 | Light housing | 1 pallet | N/A | N/A | Good |
| 2 | Circuit breaker boxes | 116 boxes | Grey | N/A | Good |
| 3a | H.V.A.C. Duct | 11 12ft lenghts | N/A | N/A | Good |
| 3b | H.V.A.C. connectors , branches, etc... | 40 pieces | N/A | N/A | Good |
| 4 | In line duct fans | 5 boxes of 6 fans each | N/A | Suncourt | Good |
| 5 | Ventillating fans | 22 boxes | N/A | Panasonic | Good |
| 6 | Digital thermostats | 1 box 48 pcs | N/A | Venstar | Good |
| 7 | Heat Pump | 1 box 48 pcs | N/A | Mitsubishi | Unknown |
| 8 | Outside air damper | 35 pcs | N/A | N/A | Good |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

EXHIBIT 1
PAGE 95

**Bin # 11**      (K0312)  Locked and full
Contents
Updated  1/21/2020

| Item # | Contents | Quantity | Color | Manufacturer | Condition |
|---|---|---|---|---|---|
| 1 | Cabinet shelves; 21inx12in, 31inx12in, 31inx21in, 52inx10in | 210 plus | Black and some are grain color | N/A | Fair |
| 2 | Cabinets and Vanity;   30inx32inx2ft | 27 pcs | Black | N/A | Poor |
| 3 | Cabinets and Vanity;   54inx23inx21in | 20 pcs | Black | N/A | Poor |
| 4 | Cabinets and Vanity;   35inx26inx15in | 7 pcs | Black | N/A | Poor |
| 5 | Cabinets and Vanity;   35inx32inx15in | 7 pcs | Black | N/A | Poor |
| 6 | Cabinets and Vanity;    28inx23inx31in | 6 pcs | Black | N/A | Poor |
| 7 | Cabinets and Vanity;    31inx14inx2ft | 7 pcs | Black | N/A | Poor |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

EXHIBIT 1
PAGE 96

**Bin # 12**      ( J027 )  Locked and full
Contents
Updated   1/21/2020

| Item # | Contents | Quantity | Color | Manufacturer | Condition |
|--------|----------|----------|-------|--------------|-----------|
| 1 | Patio furniture, Cushions, Shades | 3 Pallets of 12 boxes each | N/A | Tuuci | Good |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

EXHIBIT 1
PAGE 97

**Bin # 13**     (K0060 )  Locked and full
Contents
Updated   1/15/2020

| Item # | Contents | Quantity | Color | Manufacturer | Condition |
|--------|----------|----------|-------|--------------|-----------|
| 1 | Patio furniture | 3 Pallets of 12 boxes | N/A | Tuuci | Good |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

EXHIBIT 1
PAGE 98

**Bin # 14**    (K0036 )    Locked and full
Contents
Updated   1/21/2020

| Item # | Contents | Quantity | Color | Manufacturer | Condition |
|--------|----------|----------|-------|--------------|-----------|
| 1 | Patio furniture, Cushions, Shades | 3 Pallets of 12 boxes each | N/A | Tuuci | Good |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

EXHIBIT 1
PAGE 99

**Bin # 15**    (K0080 )    Locked and full
Contents
Updated   1/21/2020

| Item # | Contents | Quantity | Color | Manufacturer | Condition |
|--------|----------|----------|-------|--------------|-----------|
| 1 | Patio furniture | 3 Pallets of 12 boxes each | N/A | Tuuci | Good |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

EXHIBIT 1
PAGE 100

**Bin # 16**    (S7024 )    Locked and Full
Contents
Updated    1/22/2020

| Item # | Contents | | Quantity | Color |
|---|---|---|---|---|
| 1 | Cabnits and Vanity | 2ftx14inx31in | 3 | Black |
| 2 | Cabnits and Vanity | 54inx23inx21in | 2 | Black |
| 3 | Cabnits and Vanity | 35inx26inx15in | 5 | Black |
| 4 | Cabnit and Vanity | 35inx32inx15in | 14 | Black |
| 5 | Cabnit and Vanity | 30inx32inx2ft | 35 | Black |
| 6 | Cabnit and Vanity | 35inx21inx2ft | 4 | Black |
| 7 | Cabnit and Vanity | 19inx15inx32in | 5 | Black |
| 8 | Cabnit and Vanity | 23inx21in42in | 6 | Black |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

EXHIBIT 1
PAGE 101

| Manufacturer | Condition |
|---|---|
| N/A | Poor |
| N/A | Poor |
| N/A | Poor |
| N/A | Poor |
| N/A | Poor |
| N/A | Poor |
| N/A | Poor |
| N/A | Poor |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

EXHIBIT 1
PAGE 102

**Bin # 17**    ( K114 )  Locked and full
Contents
Updated   1/22/2020

| Item # | Contents | Quantity | Color | Manufacturer | Condition |
|---|---|---|---|---|---|
| 1 | Patio furniture | 3 pallets of 12 boxes | N/A | N/A | Good |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

EXHIBIT 1
PAGE 103

**Bin # 18**    ( S0633 )    Locked and Full
Contents
Updated   1/22/2020

| Item # | Contents | Quantity | Color | Manufacturer | Condition |
|--------|----------|----------|-------|--------------|-----------|
| 1 | Silver commercial granite; 8inx8inx9ft | 75 boxes | N/A | Galtech International | Good |
| 2 | Unknown content    27inx27inx5in | 75 boxes | N/A | Victory Furniture | Good |
| 3 | Cabnit shelves of various sizes | 1 pallet | Black | N/A | Fair |
| 4 | Cabnits and Vanity    32inx36inx15in | 6 | Black | N/A | Poor |
| 5 | Cabnits and Vanity    31inx32inx2ft | 8 | Black | N/A | Poor |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

EXHIBIT 1
PAGE 104

**Bin # 19**   # 26182 Not Mobile Mini Bin  (Empty )
Contents
Updated  1/22/2020

| Item # | Contents | Quantity | Color | Manufacturer | Condition |
|--------|----------|----------|-------|--------------|-----------|
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |

EXHIBIT 1
PAGE 105

**Bin # 20**   # 26950  Not Mobile Mini Bin  (Empty )
Contents
Updated   1/22/2020

| Item # | Contents | Quantity | Color | Manufacturer | Condition |
|--------|----------|----------|-------|--------------|-----------|
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |

EXHIBIT 1
PAGE 106

**Bin # 21**    (K0074)  No Access into bin. ( Contents unknown)
Contents
Updated  1/22/2020

| Item # | Contents | Quantity | Color | Manufacturer | Condition |
|--------|----------|----------|-------|--------------|-----------|
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |

EXHIBIT 1
PAGE 107

**Bin # 22**    (K5692 )    Locked and Full

Contents

Updated   1/22/2020

| Item # | Contents | Quantity | Color | Manufacturer | Condition |
|--------|----------|----------|-------|--------------|-----------|
| 1 | Tile | 6 pallets of grey, 4 pallets of white | Grey and White | N/A | Good |
| 2 | Bath tubs | 4 | N/A | N/A | Good |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

EXHIBIT 1
PAGE 108

**Bin # 23**   (K0147 ) Locked and Full
Contents
Updated   1/22/2020

| Item # | Contents | Quantity | Color | Manufacturer | Condition |
|--------|----------|----------|-------|--------------|-----------|
| 1 | Tile | 22 pallets | 10 Grey and 12 White | N/A | Good |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

EXHIBIT 1
PAGE 109

**Bin # 24**    ( K0140 ) Locked and Full
Contents
Updated   1/23/2020

| Item # | Contents | Quantity | Color | Manufacturer | Condition |
|--------|----------|----------|-------|--------------|-----------|
| 1 | Tile | 22 Pallets | 11 White,2 Grey, 1 Black | N/A | Good |
| 2 | Splash guard tile | 2 pallets | Grey | N/A | Good |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

EXHIBIT 1
PAGE 110

**Bin # 25**  (K5780 )  Locked and 3.75 Full
Contents
Updated  1/23/2020

| Item # | Contents | Quantity | Color | Manufacturer | Condition |
|--------|----------|----------|-------|--------------|-----------|
| 1 | Tile | 16 pallets | 16 White | N/A | Good |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

EXHIBIT 1
PAGE 111

**Bin # 26**   (K0125)   Empty
Contents
Updated   1/22/2020

| Item # | Contents | Quantity | Color | Manufacturer | Condition |
|--------|----------|----------|-------|--------------|-----------|
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |

EXHIBIT 1
PAGE 112

**Bin # 27**    (J258 )  Empty
Contents
Updated  1/22/2020

| Item # | Contents | Quantity | Color | Manufacturer | Condition |
|--------|----------|----------|-------|--------------|-----------|
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |

EXHIBIT 1
PAGE 113

**Bin # 28**   (K5756 )  Empty
Contents
Updated  1/22/2020

| Item # | Contents | Quantity | Color | Manufacturer | Condition |
|--------|----------|----------|-------|--------------|-----------|
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |

EXHIBIT 1
PAGE 114

**Bin # 29**    (K0045 ) Locked and Full
Contents
Updated  1/22/2020

| Item # | Contents | Quantity | Color | Manufacturer | Condition |
|--------|----------|----------|-------|--------------|-----------|
| 1 | 26inx113in Sink cut out counter tops | 23 | Black | N/A | Good |
| 2 | 26inx33in Counter tops | 12 | Black | N/A | Good |
| 3 | 26inx72in Sink & regular counter tops | 6 Crates | Black | N/A | Good |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

EXHIBIT 1
PAGE 115

**Bin # 30**   ( K5333 )  Locked and Half Full
Contents
Updated   1/22/2020

| Item # | Contents | Quantity | Color | Manufacturer | Condition |
|--------|----------|----------|-------|--------------|-----------|
| 1 | Circuit breaker housing | 8 | N/A | N/A | Good |
| 2 | Flush mount housing covers | 8 | N/A | N/A | Good |
| 3 | Light housing        28inx28in | 42 | N/A | Philips | Good |
| 4 | LED light kit        6in | 30 | N/A | Liton Lighting | Good |
| 5 | Lights        4ft | 86 | N/A | Philips | Good |
| 6 | Lights        5ft | 33 | N/A | Philips | Good |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

EXHIBIT 1
PAGE 116

**Bin # 31**    (K040 ) Locked and Full
Contents
Updated   1/22/2020

| Item # | Contents | Quantity | Color | Manufacturer | Condition |
|--------|----------|----------|-------|--------------|-----------|
| 1 | 26inx56in  Sink & counter tops | 5 Crates | Black | N/A | Good |
| 2 | 26inx82.5 Counter tops | 4 ct. | Black | N/A | Good |
| 3 | 26inx113in Counter tops | 5 ct. | Black | N/A | Good |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

EXHIBIT 1
PAGE 117

**Bin # 32**    (K0093 )  Locked and Full
Contents
Updated  1/22/2020

| Item # | Contents | Quantity | Color | Manufacturer | Condition |
|---|---|---|---|---|---|
| 1 | Bath tubs          ( Full ) | 18 | White | N/A | Good |
| 2 | Glass medicine cabnits | 2 crates 35ct. Each | N/A | N/A | Good |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

EXHIBIT 1
PAGE 118

**Bin # 33**   (K0093 ) Locked and Full
Contents
Updated   1/22/2020

| Item # | Contents | Quantity | Color | Manufacturer | Condition |
|---|---|---|---|---|---|
| 1 | Bath tubs       ( Full ) | 20 | White | N/A | Good |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

EXHIBIT 1
PAGE 119

**Bin # 34**    (K0340)  Locked and Full

Contents

Updated   1/22/2020

| Item # | Contents | Quantity | Color | Manufacturer | Condition |
|--------|----------|----------|-------|--------------|-----------|
| 1 | Silhouette Mirror | 5 Crates | N/A | Electric Mirror | Good |
| 2 | Silhouette Chassis | 3 Pallets | N/A | Electric Mirror | Good |
| 3 | Metal door frame   114inx93in | 1 | N/A | N/A | Good |
| 4 | Metal doors          36inx90in | 2 | N/A | N/A | Good |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

EXHIBIT 1
PAGE 120

**Bin # 35**   (K237 ) Locked and Full
Contents
Updated   1/22/2020

| Item # | Contents | Quantity | Color | Manufacturer | Condition |
|--------|----------|----------|-------|--------------|-----------|
| 1 | Bath tubs | 20 | N/A | N/A | Good |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

EXHIBIT 1
PAGE 121

**Bin # 36**    (K0131  No access
Contents
Updated   1/22/2020

| Item # | Contents | Quantity | Color | Manufacturer | Condition |
|--------|----------|----------|-------|--------------|-----------|
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |
|        |          |          |       |              |           |

EXHIBIT 1
PAGE 122

EXHIBIT F

<u>ASSIGNMENT OF INTANGIBLE PROPERTY, WARRANTIES, AND GUARANTIES</u>

THIS ASSIGNMENT OF INTANGIBLE PROPERTY, WARRANTIES, AND GUARANTIES (this "**Assignment**"), dated as of _____, 2021, is made and entered into by and between Richard A. Marshack ("**Assignor**"), solely in his capacity as Chapter 11 trustee for GLENROY COACHELLA, LLC, a Delaware limited liability company ("**Debtor**"), and _____, a _____ ("**Assignee**"), with reference to the following facts:

A.    Debtor is the owner and holder of the "Intangible Property" as defined in that certain Agreement of Purchase and Sale and Joint Escrow Instructions, dated as of August \_\_\_, 2021, by and between Assignor, as Seller, and Assignee, as Buyer (as successor-in-interest to Socialize Inc.) (the "**Purchase Agreement**").  All undefined capitalized terms used, but not defined, in this Assignment, shall have the meaning given to such terms in the Purchase Agreement.

B.    Assignor desires to assign the Intangible Property (collectively, the "**Assigned Rights**") to Assignee, and Assignee desires to accept such assignment, on the terms and conditions stated below.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is agreed:

1.    Effective as of the Closing Date, Assignor hereby assigns, transfers and conveys to Assignee, without warranty, all of its right, title and interest in, to and under the Assigned Rights.

2.    Assignee hereby accepts the foregoing assignment and assumes all obligations of the Assignor under the Assigned Rights arising from and after the Closing Date.

3.    Assignor agrees to indemnify and hold Assignee harmless from and against any and all liability, loss, cost, damage and/or expense (including, without limitation, reasonable attorneys' fees and expenses) arising out of Assignor's obligations with respect to the Assigned Rights assigned to Assignee hereunder accruing prior to the Closing Date.

4.    Assignee agrees to indemnify and hold Assignor harmless from and against any and all liability, loss, cost, damage and/or expense (including, without limitation, reasonable attorneys' fees and expenses) arising out of Assignor's obligations with respect to the Assigned Rights assigned to Assignee hereunder accruing from and after the Closing Date.

5.    At no cost, expense, or liability to the party to whom such request is made, Assignor and Assignee agree to execute such other commercially reasonable instruments as the other party may reasonably request, from time to time, to carry out the intent and purposes hereof.

6.    This instrument shall be binding upon, and inure to the benefit of, the parties hereto and their respective successors and assigns.

EXHIBIT 1
PAGE 123

7.      This instrument may be executed in any number of counterparts, each of which shall be deemed an original, and all of which shall constitute one and the same instrument.

IN WITNESS WHEREOF, the parties hereto have executed this Assignment as of the date first above written.

**ASSIGNOR:**

GLENROY COACHELLA, LLC,
a Delaware limited liability company


By: _____
Name: _____
Its: _____


**ASSIGNEE:**

_____
a _____


By: _____
Name: _____
Its: _____

EXHIBIT 1
PAGE 124

EXHIBIT G

FORM OF AFFIDAVIT OF NON-FOREIGN STATUS

Section 1445 of the Internal Revenue Code of 1986, as amended (the "**Code**"), provides that a transferee of a United States real property interest must withhold tax if the transferor is a foreign person.   To inform _____, a _____ ("**Transferee**") that withholding of tax is not required upon the disposition of a United States real property interest located in the County of Riverside, State of California, by GLENROY COACHELLA, LLC, a Delaware limited liability company, a Delaware limited liability company ("**Transferor**"), the undersigned hereby certify the following to Transferee:

1.      Transferor is not a foreign person, foreign corporation, foreign partnership, foreign trust or foreign estate for purposes of the Code and the Income Tax Regulations promulgated thereunder;

2.      Transferor is not a disregarded entity as defined in Section 1.1445-2(b)(2)(iii) of the Code and Income Tax Regulations promulgated thereunder;

3.      Transferor's United States employer identification number is _____; and

4.      Transferor's principal address is _____.

Transferor understands that this certification may be disclosed to the Internal Revenue Service by the transferee and that any false statement contained herein could be punished by fine, imprisonment, or both.

Under penalties of perjury, the undersigned declare that the undersigned have examined this certification and to the best of the undersigned's knowledge and belief it is true, correct and complete.   The undersigned further declare that the undersigned have the authority to sign this document on behalf of Transferor.

DATED: _____, 2021

GLENROY COACHELLA, LLC,
a Delaware limited liability company

By: _____
Name: _____
Its: _____

2001657.11

EXHIBIT 1
PAGE 125

Exhibit H

Form of Estoppel Certificate

**DEVELOPMENT AGREEMENT ESTOPPEL CERTIFICATE**

City of Coachella
1515 Sixth Street
Coachella, CA 92236
Attn:    William B. Pattison, Jr., City Manager (bpattison@coachella.org)
Carlos Campos, City Attorney (ccampos@coachella.org)

RE:    Glenroy Resort Development Agreement by and between the City Of Coachella and Glenroy Coachella, LLC, dated as of February 15, 2018 and recorded as DOC # 2018-0089219 on March 8, 2018 in the official records of Riverside County (the "**Development Agreement**")

WHEREAS, Glenroy Coachella, LLC ("**Developer**") is the current owner and developer of the following parcels of real property subject to the Development Agreement, which comprise substantially all the "Property" (as defined in the Development Agreement):  Parcels 1, 2, 4, 5 & 6 of Parcel Map 37310 and identified by APNs 603-220-061, 603-220-065, 603-220-067, 603-220-068 and 603-220-069 (collectively, the "**Developer's Property**");

WHEREAS, Developer does not currently own the following property subject to the Development Agreement upon which a cannabis dispensary has been constructed and is currently operating:  Parcel 3 of Parcel Map 37310, identified by APN 603-220-063:

WHEREAS, Developer is currently in the process of selling the Developer's Property and prospective purchaser is seeking confirmation regarding certain salient terms of the Development Agreement.

NOW THEREFORE, in accordance with Section 10.9 of the Development Agreement, the undersigned, on behalf of the City of Coachella, hereby certifies the following to Developer and to prospective purchaser of the Developer's Property:

1.    The Development Agreement is in full force and effect and has not been amended other than in accordance with that certain Memorandum of Understanding between the City, Debtor and The Coachella Lighthouse, LLC dated as of May 13, 2020 and that certain First Amendment to Memorandum of Understanding between the City, Debtor and The Coachella Lighthouse, LLC dated as of October 8, 2020 (collectively, the "**MOA**");

2.    The copies of the Development Agreement and MOA attached hereto are accurate and complete copies of the originals of such documents, and the Development Agreement and MOA have not been amended or modified other than as stated in paragraph 1 above;

3.    Developer is not currently in default of any of Developer's covenants or obligations under the Development Agreement;

4.    Developer's rights under the Development Agreement are fully vested;

EXHIBIT 1
PAGE 126

5.      Developer's rights and obligations under the Development Agreement run with the land and are freely assignable to, and assumable by, a purchaser of the Developer's Property.

The City of Coachella acknowledges that Developer is in the process of selling the Property.  This Estoppel Certificate is given solely for the information of Developer and potential purchaser of the Property, and may not be relied upon by any other person or entity.  The undersigned has all requisite authority to execute this Estoppel Certificate.  The undersigned acknowledges that (i) the purchaser of the Property will be relying on the statements made herein in connection with its decision to purchase the Property, and (ii) the  City .

CITY OF COACHELLA,
a California municipal corporation

By:_____
Name:  William B. Pattison, Jr.
Title:  City Manager

Dated:  September ___, 2021

EXHIBIT 1
PAGE 127

**EXHIBIT 2**

9/15/21, 12:48 PM                          CM/ECF - U.S. Bankruptcy Court (v1.5.3 - LIVE)

**DsclsDue, PlnDue**

# U.S. Bankruptcy Court
## Central District of California (Los Angeles)
## Bankruptcy Petition #: 2:21-bk-11188-BB

| | |
|---|---|
| *Date filed:* | 02/15/2021 |
| *341 meeting:* | 10/19/2021 |
| *Deadline for filing claims:* | 04/30/2021 |
| *Deadline for filing claims (govt.):* | 08/24/2021 |
| *Deadline for objecting to discharge:* | 05/17/2021 |

*Assigned to:* Sheri Bluebond
Chapter 11
Voluntary
Asset

*Debtor*
**Glenroy Coachella, LLC**
1801 S. La Cienega Blvd., Suite 301
Los Angeles, CA 90035
LOS ANGELES-CA
Tax ID / EIN: 26-1262028

represented by **Crystle Jane Lindsey**
Weintraub & Selth, APC
11766 Wilshire Blvd.
Suite 1170
Los Angeles, CA 90025
(310) 207-1494
Fax : (310) 442-0660
Email: crystle@wsrlaw.net

**James R Selth**
Weintraub & Selth APC
11766 Wilshire Blvd Ste 1170
Los Angeles, CA 90025
310-207-1494
Fax : 310-442-0660
Email: jim@wsrlaw.net

**Daniel J Weintraub**
Weintraub and Selth APC
11766 Wilshire Blvd Ste 1170
Los Angeles, CA 90025-6553
310-207-1494
Fax : 310-442-0660
Email: dan@wsrlaw.net

*Trustee*
**Richard A Marshack (TR)**
Marshack Hays LLP
870 Roosevelt
Irvine, CA 92620
949-333-7777

represented by **Chad V Haes**
Marshack Hays LLP
870 Roosevelt Ave
Irvine, CA 92620
949-333-7777
Fax : 949-333-7778
Email: chaes@marshackhays.com

**D Edward Hays**
Marshack Hays LLP
870 Roosevelt Ave
Irvine, CA 92620
949-333-7777
Fax : 949-333-7778

EXHIBIT 2
PAGE 129

Email: ehays@marshackhays.com

| | |
|---|---|
| **U.S. Trustee**<br>**United States Trustee (LA)**<br>915 Wilshire Blvd, Suite 1850<br>Los Angeles, CA 90017<br>(213) 894-6811 | represented by **Eryk R Escobar**<br>Office of the United States<br>Trustee<br>915 Wilshire Blvd., Suite 1850<br>Los Angeles, CA 90017<br>202-934-4168<br>Fax : 213-894-2603<br>Email: eryk.r.escobar@usdoj.gov<br><br>**Kenneth G Lau**<br>Office of the United States<br>Trustee<br>125 Ottawa Avenue NW<br>Suite 200R<br>Grand Rapids, MI 49503<br>616-456-2002<br>Fax : 616-456-2550<br>Email: kenneth.g.lau@usdoj.gov<br>*TERMINATED: 02/23/2021* |
| **Creditor Committee**<br>**Committee of Unsecured Creditors,** *Committee of*<br>*Unsecured Creditors* | represented by **Daren Brinkman**<br>4333 Pk Terr Dr Ste 205<br>Westlake Village, CA 91361<br>818-597-2992<br>Email: office@brinkmanlaw.com |

| Filing Date | # | Docket Text |
|---|---|---|
| 02/15/2021 | 1<br>(34 pgs; 2 docs) | Chapter 11 Voluntary Petition Non-Individual. Fee Amount $1738 Filed by Glenroy Coachella, LLC Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due 03/1/2021. Schedule A/B: Property (Form 106A/B or 206A/B) due 03/1/2021. Schedule C: The Property You Claim as Exempt (Form 106C) due 03/1/2021. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due 03/1/2021. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due 03/1/2021. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due 03/1/2021. Schedule H: Your Codebtors (Form 106H or 206H) due 03/1/2021. Declaration Under Penalty of Perjury for Non-Individual Debtors (Form 202) due 03/1/2021. Statement of Financial Affairs (Form 107 or 207) due 03/1/2021. Incomplete Filings due by 03/1/2021. (Weintraub, Daniel) WARNING: CASE IS NOT DEFICIENT FOR: Schedule C (Form 106C) as this document is not required in a Chapter 11 Non-Individual Case; Modified on 2/16/2021 (Jackson, Wendy Ann). (Entered: 02/15/2021) |
| 02/15/2021 | 2<br>(3 pgs) | Statement of Corporate Ownership filed. Corporate parents added to case: Glenroy Coachella Holdings, LLC. Filed by Debtor Glenroy Coachella, LLC. (Weintraub, Daniel) (Entered: 02/15/2021) |
| 02/16/2021 | | Receipt of Voluntary Petition (Chapter 11)(2:21-bk-11188) [misc,volp11] (1738.00) Filing Fee. Receipt number 52469470. Fee amount 1738.00. (re: Doc# 1) (U.S. Treasury) (Entered: 02/16/2021) |

EXHIBIT 2
PAGE 130

| 02/16/2021 | 3 | Notice to Filer of Correction Made/No Action Required: **Incorrect schedules /statements recorded as deficient. THE PROPER DEFICIENCY HAS BEEN ISSUED. CASE IS NOT DEFICIENT FOR: Schedule C (Form 106C);** (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Glenroy Coachella, LLC) (Jackson, Wendy Ann) (Entered: 02/16/2021) |
| 02/16/2021 | 4 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Selth, James. (Selth, James) (Entered: 02/16/2021) |
| 02/16/2021 | 5 (4 pgs) | Order setting initial status conference in chapter 11 case (BNC-PDF) Signed on 2/16/2021 (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Glenroy Coachella, LLC). Status hearing to be held on 4/7/2021 at 10:00 AM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond Initial Status Conference Report Due By 3/24/2021. (Jackson, Wendy Ann) (Entered: 02/16/2021) |
| 02/16/2021 | 6 | Hearing Set (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Glenroy Coachella, LLC) Status hearing to be held on 4/7/2021 at 10:00 AM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond (Jackson, Wendy Ann) (Entered: 02/16/2021) |
| 02/16/2021 | 7 (2 pgs) | Meeting of Creditors 341(a) meeting to be held on 3/16/2021 at 09:00 AM at UST-LA2, TELEPHONIC MEETING. CONFERENCE LINE:1-866-816-0394, PARTICIPANT CODE:5282999. Last day to oppose discharge or dischargeability is 5/17/2021. (Ventura, Olivia) (Entered: 02/16/2021) |
| 02/16/2021 | 8 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Tippie, Alan. (Tippie, Alan) (Entered: 02/16/2021) |
| 02/16/2021 | 9 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Horoupian, Mark. (Horoupian, Mark) (Entered: 02/16/2021) |
| 02/17/2021 | 10 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Kogan, Michael. (Kogan, Michael) (Entered: 02/17/2021) |
| 02/17/2021 | 11 (3 pgs) | Notice *of Appearance and Request for Special Notice* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP. (Houston, Marsha) (Entered: 02/17/2021) |
| 02/17/2021 | 12 | Notice to Filer of Error and/or Deficient Document **Incorrect docket event was used to file this document. The correct docket event is: Notice of Appearance and Request for Notice; THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT USING THE CORRECT DOCKET EVENT.** (RE: related document(s)11 Notice filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) (Jackson, Wendy Ann) (Entered: 02/17/2021) |
| 02/17/2021 | 13 (27 pgs) | Application to Employ Weintraub & Selth, APC as General Bankruptcy Counsel *Notice of Opportunity to Request Hearing on Motion and Application of Chapter 11 Debtor and Debtor in Possession to Employ Weintraub & Selth, APC, as General Bankruptcy Counsel Effective February 15, 2021; Declarations of Daniel J. Weintraub and Stuart Rubin in Support Thereof* Filed by Debtor Glenroy Coachella, LLC (Weintraub, Daniel) (Entered: 02/17/2021) |

EXHIBIT 2
PAGE 131

| 02/17/2021 | [14](#)<br>(2 pgs) | Notice of Appearance and Request for Notice by Debra Riley Filed by Creditor California Statewide Communities Development Authority. (Riley, Debra) (Entered: 02/17/2021) |
|---|---|---|
| 02/17/2021 | [15](#)<br>(8 pgs) | Motion to Set Last Day to File Proofs of Claim Filed by Debtor Glenroy Coachella, LLC (Lindsey, Crystle) (Entered: 02/17/2021) |
| 02/17/2021 | [16](#)<br>(25 pgs) | Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 02/17/2021) |
| 02/17/2021 | [17](#)<br>(4 pgs) | Notice of Hearing *Notice of Motion for Appointment of a Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)[16](#) Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Rivas, Christopher) (Entered: 02/17/2021) |
| 02/17/2021 | [18](#)<br>(153 pgs) | Declaration re: *Declaration of Marsha A. Houston In Support of Motion for the Appointment of a Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)[17](#) Notice of Hearing). (Rivas, Christopher). Related document(s) [16](#) Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP. Modified on 2/18/2021 to relate the document to the motion; (Jackson, Wendy Ann). (Entered: 02/17/2021) |
| 02/17/2021 | [19](#)<br>(243 pgs) | Declaration re: *Declaration of Simond Lavian In Support of Motion for the Appointment of a Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)[17](#) Notice of Hearing). (Rivas, Christopher). Related document(s) [16](#) Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP. Modified on 2/18/2021 to relate the document to the motion; (Jackson, Wendy Ann). (Entered: 02/17/2021) |
| 02/17/2021 | [20](#)<br>(63 pgs) | Declaration re: *Declaration of Edwin Leslie In Support of Motion for the Appointment of a Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)[17](#) Notice of Hearing). (Rivas, Christopher). Related document(s) [16](#) Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP. Modified on 2/18/2021 to relate the document to the motion; (Jackson, Wendy Ann). (Entered: 02/17/2021) |
| 02/17/2021 | [21](#)<br>(6 pgs) | Declaration re: *Declaration of Gary Stiffelman In Support of Motion for the Appointment of a Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)[17](#) Notice of Hearing). (Rivas, Christopher). Related document(s) [16](#) Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP. Modified on 2/18/2021 to relate the document to the motion; (Jackson, Wendy Ann). (Entered: 02/17/2021) |
| 02/17/2021 | [22](#)<br>(15 pgs) | Declaration re: *Declaration of Alan G. Tippie* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)[17](#) Notice of Hearing). (Rivas, Christopher). Related document(s) [16](#) Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP. Modified on |

EXHIBIT 2
PAGE 132

| | | |
|---|---|---|
| | | 2/18/2021 to relate the document to the motion; (Jackson, Wendy Ann). (Entered: 02/17/2021) |
| 02/18/2021 | 23 | Hearing Set (RE: related document(s)16 Motion to Appoint Trustee filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) The Hearing date is set for 3/10/2021 at 10:00 AM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond (Jackson, Wendy Ann) (Entered: 02/18/2021) |
| 02/18/2021 | 24 (10 pgs) | Emergency motion *EMERGENCY MOTION OF DEBTOR FOR ORDER TO CONTINUE THE HEARING ON THE MOTION TO APPOINT CHAPTER 11 TRUSTEE; SUPPORTING DECLARATION OF DANIEL J. WEINTRAUB* Filed by Debtor Glenroy Coachella, LLC (Weintraub, Daniel). Related document(s) 16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP. Modified on 2/19/2021 to properly relate the document to the motion; (Jackson, Wendy Ann). (Entered: 02/18/2021) |
| 02/18/2021 | 25 (7 pgs) | BNC Certificate of Notice (RE: related document(s)7 Meeting of Creditors Chapter 11 (Corporations or Partnerships) (309F1)) No. of Notices: 132. Notice Date 02/18/2021. (Admin.) (Entered: 02/18/2021) |
| 02/18/2021 | 26 (2 pgs) | BNC Certificate of Notice (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Glenroy Coachella, LLC) No. of Notices: 1. Notice Date 02/18/2021. (Admin.) (Entered: 02/18/2021) |
| 02/18/2021 | 27 (6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)5 Order setting initial status conference in chapter 11 case (BNC-PDF)) No. of Notices: 1. Notice Date 02/18/2021. (Admin.) (Entered: 02/18/2021) |
| 02/19/2021 | 28 | Notice to Filer of Error and/or Deficient Document **Incorrect docket event was used to file this document. The correct docket event is: Continue Hearing/Reschedule Hearing (motion) and filer should not type in secondary text all Capital letters. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT USING THE CORRECT DOCKET EVENT.** (RE: related document(s)24 Emergency motion filed by Debtor Glenroy Coachella, LLC) (Jackson, Wendy Ann) (Entered: 02/19/2021) |
| 02/19/2021 | 29 (10 pgs) | Motion to Continue Hearing On (related documents 16 Motion to Appoint Trustee) *Emergency Motion of Debtor for Order to Continue the Hearing on the Motion to Appoint Chapter 11 Trustee* Filed by Debtor Glenroy Coachella, LLC (Weintraub, Daniel) (Entered: 02/19/2021) |
| 02/19/2021 | 30 (16 pgs) | Objection (related document(s): 24 Emergency motion *EMERGENCY MOTION OF DEBTOR FOR ORDER TO CONTINUE THE HEARING ON THE MOTION TO APPOINT CHAPTER 11 TRUSTEE; SUPPORTING DECLARATION OF DANIEL J. WEINTRAUB* filed by Debtor Glenroy Coachella, LLC) *Objection to Emergency Motion of Debtor for Order to Continue the Hearing on the Motion to Appoint Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher). Related document(s) 29 Motion to Continue Hearing On (related documents 16 Motion to Appoint Trustee) *Emergency Motion of Debtor for Order to Continue the Hearing on the Motion to Appoint Chapter 11 Trustee* filed by Debtor Glenroy Coachella, LLC. Modified on 2/19/2021 to relate the document to the correct motion filed; (Jackson, Wendy Ann). (Entered: 02/19/2021) |

EXHIBIT 2
PAGE 133

| | | |
|---|---|---|
| 02/19/2021 | 31<br>(2 pgs) | Order 1) Denying Debtor's Emergency Motion for order to continue the hearing on the Motion to Appoint Chapter 11 Trustee and (ii) extending the deadlines to file oppositions and replies to the Motion to Appoint Chapter 11 Trustee; ORDERED that the Motion is Denied; Debtor may have until 3/3/21 to file an opposition and Movant may have until 12:00pm on 3/8/21 to serve/file a reply; (BNC-PDF) (Related Doc # 24 and 29) Signed on 2/19/2021 (Jackson, Wendy Ann). Related document(s) 29 Motion to Continue Hearing On (related documents 16 Motion to Appoint Trustee) *Emergency Motion of Debtor for Order to Continue the Hearing on the Motion to Appoint Chapter 11 Trustee* filed by Debtor Glenroy Coachella, LLC. Modified on 2/19/2021 (Jackson, Wendy Ann). (Entered: 02/19/2021) |
| 02/19/2021 | 32<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Laquer, Timothy. (Laquer, Timothy) (Entered: 02/19/2021) |
| 02/21/2021 | 33<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)31 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 02/21/2021. (Admin.) (Entered: 02/21/2021) |
| 02/23/2021 | 34<br>(5 pgs) | Addendum to voluntary petition *Amended Petition to Designate as Single Asset Real Estate* Filed by Debtor Glenroy Coachella, LLC. (Selth, James) (Entered: 02/23/2021) |
| 02/23/2021 | 35<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Djang, Caroline. (Djang, Caroline) (Entered: 02/23/2021) |
| 02/23/2021 | 36<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Rallis, Dean. (Rallis, Dean) (Entered: 02/23/2021) |
| 02/23/2021 | 37<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Pham, Matthew. (Pham, Matthew) (Entered: 02/23/2021) |
| 02/23/2021 | 38<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Lerner, Leib. (Lerner, Leib) (Entered: 02/23/2021) |
| 02/23/2021 | 39<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Harris, Douglas. (Harris, Douglas) (Entered: 02/23/2021) |
| 02/23/2021 | 40<br>(4 pgs) | Notice of Appearance and Request for Notice by Steven M Berman Filed by Interested Party EFO Financial Group LLC. (Berman, Steven) (Entered: 02/23/2021) |
| 02/23/2021 | 41<br>(13 pgs) | Motion *Application for Order Setting Hearing on Shortened Notice [LBR 9075-1(b)]* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 02/23/2021) |
| 02/23/2021 | 42<br>(13 pgs) | Motion *to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 02/23/2021) |
| 02/23/2021 | 43<br>(111 pgs) | Declaration re: *Declaration of Edwin Leslie In Support of Motion to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)42 Motion *to Excuse State* |

EXHIBIT 2
PAGE 134

| | | |
|---|---|---|
| | | *Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities).* (Rivas, Christopher) (Entered: 02/23/2021) |
| 02/23/2021 | [44](#)<br>(7 pgs) | Application shortening time *Application for Order Setting Hearing On Shortened Notice [LBR 9075-1(b)]* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher). Related document(s) [42](#) Motion *to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP. Modified on 2/24/2021 to relate the document to the motion; (Jackson, Wendy Ann). (Entered: 02/23/2021) |
| 02/23/2021 | [45](#)<br>(7 pgs) | Notice of lodgment *of Order in Bankruptcy Case Re: Order Granting Application and Setting Hearing on Shortened Notice* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)[44](#) Application shortening time *Application for Order Setting Hearing On Shortened Notice [LBR 9075-1(b)]*). (Rivas, Christopher) (Entered: 02/23/2021) |
| 02/23/2021 | [46](#)<br>(5 pgs) | Objection (related document(s): [44](#) Application shortening time *Application for Order Setting Hearing On Shortened Notice [LBR 9075-1(b)]* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) Filed by Debtor Glenroy Coachella, LLC (Lindsey, Crystle) (Entered: 02/23/2021) |
| 02/24/2021 | 47 | Notice to Filer of Error and/or Deficient Document **Incorrect docket event was used to file this document. The correct docket event is: Shortening time (motion)** **THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT USING THE CORRECT DOCKET EVENT.** (RE: related document(s)[41](#) Generic Motion filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) (Jackson, Wendy Ann) (Entered: 02/24/2021) |
| 02/24/2021 | [48](#)<br>(5 pgs) | Order Granting Application and Setting hearing on shortened notice re: Motion to Excuse State Court Receiver, Edwin Leslie, from turnover of assets under 11 USC Section 543; (BNC-PDF); ORDERED that the hearing is set for: MARCH 10, 2021 @ 10AM; (Related Doc # [44](#) ) Signed on 2/24/2021 (Jackson, Wendy Ann) (Entered: 02/24/2021) |
| 02/24/2021 | 49 | Hearing Set (RE: related document(s)[42](#) Generic Motion filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) The Hearing date is set for 3/10/2021 at 10:00 AM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond (Jackson, Wendy Ann) (Entered: 02/24/2021) |
| 02/24/2021 | [50](#)<br>(137 pgs) | Notice of Hearing Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)[42](#) Motion *to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Rivas, Christopher) (Entered: 02/24/2021) |
| 02/24/2021 | [51](#)<br>(3 pgs) | Notice of Appearance and Request for Notice by Daren Brinkman Filed by Creditor Saxon Engineering Services Inc.. (Brinkman, Daren) (Entered: 02/24/2021) |
| 02/25/2021 | [52](#) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Doling, |

EXHIBIT 2
PAGE 135

| | | |
|---|---|---|
| | (1 pg) | Jenny. (Doling, Jenny) (Entered: 02/25/2021) |
| 02/25/2021 | [53](#)<br>(2 pgs) | Order Granting Motion To Set Set Last Day To File Proofs of Claim (BNC-PDF) (Related Doc # [15](#)) Signed on 2/25/2021. Proofs of Claims due by 4/30/2021. Government Proof of Claim due by 8/24/2021. (Jackson, Wendy Ann) (Entered: 02/25/2021) |
| 02/25/2021 | [54](#)<br>(10 pgs) | Notice of Bar Date for Filing Proofs of Claim in a Chapter 11 Filed by Debtor Glenroy Coachella, LLC. (Lindsey, Crystle) (Entered: 02/25/2021) |
| 02/25/2021 | [55](#)<br>(3 pgs) | Request for courtesy Notice of Electronic Filing (NEF) Filed by OKeefe, Sean. (OKeefe, Sean) (Entered: 02/25/2021) |
| 02/26/2021 | [56](#)<br>(7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[48](#) ORDER shortening time (BNC-PDF)) No. of Notices: 1. Notice Date 02/26/2021. (Admin.) (Entered: 02/26/2021) |
| 02/27/2021 | [57](#)<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[53](#) Order on Motion To Set Last Day to File Proofs of Claim (BNC-PDF)) No. of Notices: 1. Notice Date 02/27/2021. (Admin.) (Entered: 02/27/2021) |
| 03/01/2021 | [58](#)<br>(51 pgs) | Declaration Under Penalty of Perjury for Non-Individual Debtors (Official Form 202) , Schedule A/B Non-Individual: Property (Official Form 106A/B or 206A/B) , Schedule D Non-Individual: Creditors Who Have Claims Secured by Property (Official Form 106D or 206D) , Schedule E/F Non-Individual: Creditors Who Have Unsecured Claims (Official Form 106F or 206F) , Schedule G Non-Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Schedule H Non-Individual: Your Codebtors (Official Form 106H or 206H) , Statement of Financial Affairs for Non-Individual Filing for Bankruptcy (Official Form 107 or 207) , Disclosure of Compensation of Attorney for Debtor (Official Form 2030) Filed by Debtor Glenroy Coachella, LLC (RE: related document(s)[1](#) Voluntary Petition (Chapter 11)). (Lindsey, Crystle) (Entered: 03/02/2021) |
| 03/02/2021 | [59](#)<br>(10 pgs) | Notice *of Perfection* Filed by Creditor Doug Wall Construction. (Djang, Caroline) (Entered: 03/02/2021) |
| 03/02/2021 | [60](#)<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Shulman, Leonard. (Shulman, Leonard) (Entered: 03/02/2021) |
| 03/03/2021 | [61](#)<br>(7 pgs) | Objection (related document(s): [16](#) Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, [19](#) Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) *Debtors Evidentiary Objections to Declaration of Simond Lavian* Filed by Debtor Glenroy Coachella, LLC (Selth, James) (Entered: 03/03/2021) |
| 03/03/2021 | [62](#)<br>(7 pgs) | Objection (related document(s): [16](#) Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, [20](#) Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) *Debtors Evidentiary Objections to Declaration of Edwin Leslie* Filed by Debtor Glenroy Coachella, LLC (Selth, James) (Entered: 03/03/2021) |
| 03/03/2021 | [63](#) | Objection (related document(s): [16](#) Motion to Appoint Trustee *Motion for* |

EXHIBIT 2
PAGE 136

| | | |
|---|---|---|
| | (7 pgs) | *the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 21 Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) *Debtors Evidentiary Objections to Declaration of Gary Stiffelman* Filed by Debtor Glenroy Coachella, LLC (Selth, James) (Entered: 03/03/2021) |
| 03/03/2021 | 64 (5 pgs) | Objection (related document(s): 16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 22 Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) *Debtors Evidentiary Objections to Declaration of Alan G. Tippie* Filed by Debtor Glenroy Coachella, LLC (Selth, James) (Entered: 03/03/2021) |
| 03/03/2021 | 65 (88 pgs; 2 docs) | Opposition to (related document(s): 16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) Filed by Interested Party Stuart Rubin (Attachments: # 1 Affidavit Declaration of Sean A. OKeefe In Support of Opposition) (OKeefe, Sean) (Entered: 03/03/2021) |
| 03/03/2021 | 66 (19 pgs) | Opposition to (related document(s): 16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) Filed by Debtor Glenroy Coachella, LLC (Weintraub, Daniel) (Entered: 03/03/2021) |
| 03/03/2021 | 67 (67 pgs) | Declaration re: *Declaration of Joseph Rubin In Support of Opposition to Motion to Appoint Trustee Motion for the Appointment of a Chapter 11 Trustee* Filed by Debtor Glenroy Coachella, LLC (RE: related document(s)66 Opposition). (Weintraub, Daniel) (Entered: 03/03/2021) |
| 03/03/2021 | 68 (24 pgs) | Declaration re: *Declaration of Laurence Berman In Support of Opposition to Motion to Appoint Chapter 11 Trustee* Filed by Debtor Glenroy Coachella, LLC (RE: related document(s)66 Opposition). (Weintraub, Daniel) (Entered: 03/03/2021) |
| 03/03/2021 | 69 (41 pgs) | Declaration re: *Declaration of Renzo Renzi In Support of Opposition to Motion to Appoint Chapter 11 Trustee* Filed by Debtor Glenroy Coachella, LLC (RE: related document(s)66 Opposition). (Weintraub, Daniel) (Entered: 03/03/2021) |
| 03/03/2021 | 70 (430 pgs) | Declaration re: *Declaration of Dana Barbera In Support of Opposition to Motion to Appoint Chapter 11 Trustee* Filed by Debtor Glenroy Coachella, LLC (RE: related document(s)66 Opposition). (Weintraub, Daniel) (Entered: 03/03/2021) |
| 03/03/2021 | 71 (8 pgs) | Declaration re: *Declaration of Steven Bram In Support of Opposition to Motion to Appoint Chapter 11 Trustee* Filed by Debtor Glenroy Coachella, LLC (RE: related document(s)66 Opposition). (Weintraub, Daniel) (Entered: 03/03/2021) |
| 03/03/2021 | 72 (6 pgs) | Declaration re: *Declaration of Ian Waddell In Support of Opposition to Motion to Appoint Chapter 11 Trustee* Filed by Debtor Glenroy Coachella, LLC (RE: related document(s)66 Opposition). (Weintraub, Daniel) (Entered: 03/03/2021) |
| 03/03/2021 | 73 (13 pgs) | Opposition to (related document(s): 42 Motion *to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities* filed by Creditor U.S. Real |

EXHIBIT 2
PAGE 137

| | | Estate Credit Holdings III-A, LP) Filed by Debtor Glenroy Coachella, LLC (Weintraub, Daniel) (Entered: 03/03/2021) |
|---|---|---|
| 03/03/2021 | [74](#) (18 pgs) | Declaration re: *Declaration of Stuart Rubin In Support of Opposition to Motion to Appoint Chapter 11 Trustee* Filed by Debtor Glenroy Coachella, LLC (RE: related document(s)[73](#) Opposition). (Weintraub, Daniel) (Entered: 03/03/2021) |
| 03/03/2021 | [75](#) (414 pgs) | Exhibit *Exhibits 1 through 4 In Support of Declaration of Stuart Rubin* Filed by Debtor Glenroy Coachella, LLC (RE: related document(s)[74](#) Declaration). (Weintraub, Daniel) (Entered: 03/03/2021) |
| 03/03/2021 | [76](#) (130 pgs) | Exhibit *Exhibits 5 Through 14 In Support of Declaration of Stuart Rubin* Filed by Debtor Glenroy Coachella, LLC (RE: related document(s)[74](#) Declaration). (Weintraub, Daniel) (Entered: 03/03/2021) |
| 03/04/2021 | 77 | Notice to Filer of Error and/or Deficient Document **Incorrect/incomplete/unreadable PDF was attached to the docket entry. No proof of service provided and All documents filed with the court must have a pleading cover sheet that includes debtor's name, case number and title of document. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE CORRECT PDF IMMEDIATELY.** (RE: related document(s)[74](#) Declaration filed by Debtor Glenroy Coachella, LLC, [75](#) Exhibit filed by Debtor Glenroy Coachella, LLC, [76](#) Exhibit filed by Debtor Glenroy Coachella, LLC) (Pennington-Jones, Patricia) (Entered: 03/04/2021) |
| 03/04/2021 | [78](#) (78 pgs) | Declaration re: *Sean A. OKeefe In Opposition To Motion* Filed by Interested Party Stuart Rubin (RE: related document(s)[42](#) Motion *to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities*). (OKeefe, Sean) (Entered: 03/04/2021) |
| 03/04/2021 | [79](#) (417 pgs) | Exhibit *Exhibits 1 Through 3 for Declaration of Stuart Rubin in Support of Debtor's Opposition to Motion to Motion for the Appointment of Chapter 11 Trustee* Filed by Debtor Glenroy Coachella, LLC (RE: related document(s)[74](#) Declaration). (Weintraub, Daniel) (Entered: 03/04/2021) |
| 03/04/2021 | [80](#) (133 pgs) | Exhibit *Exhibits 4 Through 15 for Declaration of Stuart Rubin in Support of Debtor's Opposition to Motion for the Appointment of Chapter 11 Trustee* Filed by Debtor Glenroy Coachella, LLC (RE: related document(s)[74](#) Declaration). (Weintraub, Daniel) (Entered: 03/04/2021) |
| 03/04/2021 | [81](#) (21 pgs) | Opposition to (related document(s): [16](#) Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, [66](#) Opposition filed by Debtor Glenroy Coachella, LLC) *Refiled with Table of Contents and Table of Authorities* Filed by Debtor Glenroy Coachella, LLC (Weintraub, Daniel) (Entered: 03/04/2021) |
| 03/05/2021 | 82 | Request for a Certified Copy Fee Amount $11. The document will be sent via email to :gabby@wsrlaw.net: Filed by Debtor Glenroy Coachella, LLC (RE: related document(s)[1](#) Voluntary Petition (Chapter 11)). (Lindsey, Crystle) (Entered: 03/05/2021) |
| 03/05/2021 | | Receipt of Request for a Certified Copy(2:21-bk-11188-BB) [misc,paycert] ( 11.00) Filing Fee. Receipt number 52560094. Fee amount |

EXHIBIT 2
PAGE 138

| | | 11.00. (re: Doc# 82 ) (U.S. Treasury) (Entered: 03/05/2021) |
|---|---|---|
| 03/05/2021 | 83 | Certified Copy Emailed to gabby@wsrlaw.net (Entered: 03/05/2021) |
| 03/05/2021 | 84 (5 pgs) | Notice *of Joinder and Joinder* Filed by Creditor Doug Wall Construction (RE: related document(s)66 Opposition to (related document): 16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) Filed by Debtor Glenroy Coachella, LLC). (Djang, Caroline) (Entered: 03/05/2021) |
| 03/08/2021 | 85 (6 pgs) | Reply to (related document(s): 42 Motion *to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 73 Opposition filed by Debtor Glenroy Coachella, LLC) Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Houston, Marsha) (Entered: 03/08/2021) |
| 03/08/2021 | 86 (19 pgs) | Reply to (related document(s): 16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 65 Opposition filed by Interested Party Stuart Rubin, 81 Opposition filed by Debtor Glenroy Coachella, LLC) Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Houston, Marsha) (Entered: 03/08/2021) |
| 03/08/2021 | 87 (46 pgs) | Request for judicial notice *in Support of Motion for Appointment of a Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP. (Houston, Marsha) (Entered: 03/08/2021) |
| 03/08/2021 | 88 (6 pgs) | Notice *of Joinder and Joinder* Filed by Interested Party Gary Stiffelman (RE: related document(s)16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Laquer, Timothy) (Entered: 03/08/2021) |
| 03/08/2021 | 89 (6 pgs) | Notice *of Joinder and Joinder* Filed by Interested Party Gary Stiffelman (RE: related document(s)42 Motion *to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Laquer, Timothy) (Entered: 03/08/2021) |
| 03/08/2021 | 90 (75 pgs) | Declaration re: *of Gary Stiffelman in Support of Joinder to U.S. Real Estate Credit Holdings III-A, LP's Motion for Appointment of a Chapter 11 Trustee and Motion to Excuse State Court Receiver, Edwin Leslie, from Turnover of Assets* Filed by Interested Party Gary Stiffelman (RE: related document(s)16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee*, 42 Motion *to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities*). (Laquer, Timothy) (Entered: 03/08/2021) |
| 03/08/2021 | 91 (14 pgs) | Reply to (related document(s): 19 Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) * *Responses to Evidentiary Objections to Declaration of Simond Lavian* * Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 03/08/2021) |
| 03/08/2021 | 92 (16 pgs) | Reply to (related document(s): 20 Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) * *Responses to Evidentiary Objections* |

EXHIBIT 2
PAGE 139

| | | |
|---|---|---|
| | | *to Declaration of Edwin Leslie* * Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 03/08/2021) |
| 03/08/2021 | [93](#) (4 pgs) | Reply to (related document(s): [22](#) Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) * *Responses to Evidentiary Objections to Declaration of Alan G. Tippie* * Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 03/08/2021) |
| 03/08/2021 | [94](#) (15 pgs) | Reply to (related document(s): [21](#) Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) * *Responses to Evidentiary Objections to Declaration of Gary Stiffelman* * Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 03/08/2021) |
| 03/08/2021 | [95](#) (16 pgs) | Objection (related document(s): [74](#) Declaration filed by Debtor Glenroy Coachella, LLC) * *Evidentiary Objections to Declaration of Stuart Rubin* * Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 03/08/2021) |
| 03/08/2021 | [96](#) (6 pgs) | Objection (related document(s): [67](#) Declaration filed by Debtor Glenroy Coachella, LLC) * *Evidentiary Objections to Declaration of Joseph Rubin* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 03/08/2021) |
| 03/08/2021 | [97](#) (57 pgs) | Amending Schedules (D) (E/F) *Amended Schedule A/B; Amended Schedule D; Amended Schedule E/F; Amended Schedule G; Amended Schedule H; Amended Disclosure of Compensation of Attorney for Debtor; and Corporate Ownership Statement* Filed by Debtor Glenroy Coachella, LLC. (Weintraub, Daniel) (Entered: 03/08/2021) |
| 03/08/2021 | [98](#) (5 pgs) | Declaration re: *Notice and Service regarding Order Shortening Time* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)[48](#) ORDER shortening time (BNC-PDF)). (Rivas, Christopher) (Entered: 03/08/2021) |
| 03/08/2021 | [99](#) (54 pgs) | Reply to (related document(s): [16](#) Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, [42](#) Motion *to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) *Response Of Edwin W. Leslie, Receiver, To Opposition Of Debtor, A. Stuart Rubin, And Elliott Lander To Motion Of U.S. Real Estate Credit Holdings Iii-A, LP To Appoint Trustee And Motion To Excuse State Court Receiver From Turnover Of Assets Under 11 U.S.C. § 543; Declaration Of Edwin W. Leslie (With Proof of Service)* Filed by Interested Party Edwin W. Leslie, Receiver (Tippie, Alan) (Entered: 03/08/2021) |
| 03/08/2021 | 100 | Notice to Filer of Error and/or Deficient Document **Incorrect/incomplete/unreadable PDF was attached to the docket entry. Filer must select the appropriate box on page 1 of this document to state whether creditors are being added. Filer must select the correct docket event for each document being filed by holding the <CTRL> key and selecting each document. Also, a clearly marked supplemental master mailing list (do not repeat any creditors from the original filing) is required as an attachment if creditors are being added and a filing fee must be paid; THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE CORRECT PDF AND SELECTING THE APPROPRIATE** |

EXHIBIT 2
PAGE 140

| | | |
|---|---|---|
| | | **DOCKET EVENTS IMMEDIATELY.** (RE: related document(s)97 Amending Schedules D and/or E/F (Official Form 106D, 106E/F, 206D, or 206E/F) (Fee) filed by Debtor Glenroy Coachella, LLC) (Jackson, Wendy Ann) (Entered: 03/08/2021) |
| 03/09/2021 | 101<br>(31 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) Filed by Debtor Glenroy Coachella, LLC (RE: related document(s)13 Application to Employ Weintraub & Selth, APC as General Bankruptcy Counsel *Notice of Opportunity to Request Hearing on Motion and Application of Chapter 11 Debtor and Debtor in Possession to Employ Weintraub & Selth, APC, as General Bankruptcy Counsel*. (Selth, James) (Entered: 03/09/2021) |
| 03/09/2021 | 102<br>(29 pgs) | Amended Schedule A/B Non-Individual: Property (Official Form 106A/B or 206A/B) , Schedule G Non-Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) *Amended*, Schedule H Non-Individual: Your Codebtors (Official Form 106H or 206H) *Amended*, Statement of Financial Affairs for Non-Individual Filing for Bankruptcy (Official Form 107 or 207) *Amended*, Disclosure of Compensation of Attorney for Debtor (Official Form 2030) *Corrected*, Statement of Corporate Ownership filed. Filed by Debtor Glenroy Coachella, LLC. (Weintraub, Daniel) (Entered: 03/09/2021) |
| 03/09/2021 | 103<br>(3 pgs) | Notice *Joinder and Joinder to Opposition* Filed by Creditor Orco Block & Hardscape (RE: related document(s)66 Opposition to (related document(s): 16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) Filed by Debtor Glenroy Coachella, LLC). (Hoggard, William) (Entered: 03/09/2021) |
| 03/09/2021 | 104<br>(32 pgs) | Amending Schedules (D) (E/F) *and mailing matrix listing added creditors* Filed by Debtor Glenroy Coachella, LLC. (Weintraub, Daniel) (Entered: 03/09/2021) |
| 03/09/2021 | | Receipt of Amending Schedules D and/or E/F (Official Form 106D, 106E/F, 206D, or 206E/F) (Fee)(2:21-bk-11188-BB) [misc,amdsch] ( 32.00) Filing Fee. Receipt number 52573765. Fee amount 32.00. (re: Doc# 97) (U.S. Treasury) (Entered: 03/09/2021) |
| 03/09/2021 | | Receipt of Amending Schedules D and/or E/F (Official Form 106D, 106E/F, 206D, or 206E/F) (Fee)(2:21-bk-11188-BB) [misc,amdsch] ( 32.00) Filing Fee. Receipt number 52573765. Fee amount 32.00. (re: Doc# 104) (U.S. Treasury) (Entered: 03/09/2021) |
| 03/09/2021 | 105<br>(5 pgs) | Notice *//Amendment to Joinder* Filed by Creditor Doug Wall Construction (RE: related document(s)84 Notice *of Joinder and Joinder* Filed by Creditor Doug Wall Construction (RE: related document(s)66 Opposition to (related document(s): 16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) Filed by Debtor Glenroy Coachella, LLC).). (Djang, Caroline) (Entered: 03/09/2021) |
| 03/09/2021 | 106<br>(2 pgs) | Order Granting Application to Employ Weintraub & Selth APC as General Bankruptcy Counsel; (BNC-PDF) (Related Doc # 13) Signed on 3/9/2021. (Jackson, Wendy Ann) (Entered: 03/09/2021) |
| 03/09/2021 | 107 | Supplemental *Declaration of Renzo Renzi In Support of Opposition to* |

EXHIBIT 2
PAGE 141

| | (35 pgs) | *Motion to Appoint Chapter 11 Trustee* Filed by Debtor Glenroy Coachella, LLC. (Weintraub, Daniel). Related document(s) 16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP. Modified on 3/10/2021 to relate the document to the motion; (Jackson, Wendy Ann). (Entered: 03/09/2021) |
|---|---|---|
| 03/09/2021 | 108 (58 pgs) | Emergency motion *For Order Authorizing (1) Retention of GlassRatner Advisory & Capital Group, LLC d/b/a B. Riley Advisory Services to Provide the Debtor With a Chief Restructuring Officer and Certain Reorganization Services and Personnel; and (2) Designate Dan Berman as Chief Restructuring Officer for the Debtor; Declarations of Dan Berman and Stuart Rubin In Support Thereof* Filed by Debtor Glenroy Coachella, LLC (Weintraub, Daniel) (Entered: 03/09/2021) |
| 03/09/2021 | 109 (4 pgs) | Notice *of Joinder and Joinder in Opposition to Motion to Appoint Chapter 11 Trustee* Filed by Creditor Saxon Engineering Services Inc. (RE: related document(s)66 Opposition to (related document(s): 16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) Filed by Debtor Glenroy Coachella, LLC). (Brinkman, Daren) (Entered: 03/09/2021) |
| 03/09/2021 | 112 (3 pgs) | Joinder of Blair Air, Inc. in support of debtor's opposition to motion for the appointment of a chapter 11 trustee Filed by Creditor Blair Air, Inc (RE: related document(s)16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Pennington-Jones, Patricia) (Entered: 03/10/2021) |
| 03/09/2021 | 113 (3 pgs) | Joinder to debtor's opposition to motion for the appointment of a chapter 11 trustee Filed by Creditor Joseph Rubin and The Coachella Lighthouse, LLC (RE: related document(s)16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Pennington-Jones, Patricia) (Entered: 03/10/2021) |
| 03/09/2021 | 114 (4 pgs) | Joinder of GF Investment Group, Inc. dba The Investment Center in support of debtor's opposition to motion for the appointment of a chapter 11 trustee Filed by Creditor GF Investment Group, Inc. dba The Investment Center, a California corporation (RE: related document(s)16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Pennington-Jones, Patricia) (Entered: 03/10/2021) |
| 03/10/2021 | 110 (5 pgs; 2 docs) | Notice of Appointment of Creditors' Committee Filed by United States Trustee. (Attachments: # 1 Proof of Service)(Escobar, Eryk) (Entered: 03/10/2021) |
| 03/10/2021 | 111 (6 pgs) | Notice of lodgment *of Order Granting Motion for the Appointment of a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a); and Directing and Authorizing United States Trustee to Appoint a Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Rivas, Christopher) (Entered: 03/10/2021) |
| 03/11/2021 | 115 | Hearing Held (Bk Motion) (RE: related document(s) 16 Motion to |

EXHIBIT 2
PAGE 142

| | | Appoint Trustee); RULING- GRANTED; ORDER TO FOLLOW; (Jackson, Wendy Ann) (Entered: 03/11/2021) |
|---|---|---|
| 03/11/2021 | 116 | Hearing Held (Bk Motion) (RE: related document(s) 42 Generic Motion); RULING - ORDER TO FOLLOW FROM MR. TIPPEE; CONT'D. TO 4/7/21 @ 10AM; (Jackson, Wendy Ann) (Entered: 03/11/2021) |
| 03/11/2021 | | Hearing (Bk Motion) Continued (RE: related document(s) 42 GENERIC MOTION filed by U.S. Real Estate Credit Holdings III-A, LP) Hearing to be held on 04/07/2021 at 10:00 AM 255 E. Temple St. Courtroom 1539 Los Angeles, CA 90012 for 42 , (Jackson, Wendy Ann) (Entered: 03/11/2021) |
| 03/11/2021 | 117 (6 pgs) | Notice of lodgment *of Order Re Motion Of U.S. Real Estate Credit Holdings III-A, LP To Excuse State Court Receiver, Edwin W. Leslie, From Turnover Of Assets Under 11 U.S.C. § 543 (With Proof of Service)* Filed by Interested Party Edwin W. Leslie, Receiver (RE: related document(s) 42 Motion *to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Tippie, Alan) (Entered: 03/11/2021) |
| 03/11/2021 | 118 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s) 106 Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 03/11/2021. (Admin.) (Entered: 03/11/2021) |
| 03/12/2021 | 119 (6 pgs) | Notice of lodgment *of Order Granting Motion For The Appointment Of A Chapter 11 Trustee Pursuant To 11 U.S.C. § 1104(A); And Directing And Authorizing United States Trustee To Appoint A Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s) 16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Rivas, Christopher) (Entered: 03/12/2021) |
| 03/12/2021 | 120 (2 pgs) | Order Granting Motion for the Appointment of a Chapter 11 Trustee pursuant to 11 USC Section 1104(a); and Directing and Authorizing the U.S. Trustee to Appoint a Chapter 11 Trustee. (BNC-PDF) Signed on 3/12/2021. (Jackson, Wendy Ann) (Entered: 03/12/2021) |
| 03/12/2021 | 121 (2 pgs) | Order re: Motion of US Real Estate Credit Holdings III-A, LP to excuse State Court Receiver, Edwin W. Leslie, from turnover of assets under 11 USC Section 543; (BNC-PDF); ORDERED that the hearing is continued to APRIL 7, 2021 @ 10AM; SEE ORDER FOR FURTHER DETAILS; (Related Doc # 42 ) Signed on 3/12/2021 (Jackson, Wendy Ann) (Entered: 03/12/2021) |
| 03/14/2021 | 122 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s) 120 Order on Motion to Appoint Trustee (BNC-PDF)) No. of Notices: 1. Notice Date 03/14/2021. (Admin.) (Entered: 03/14/2021) |
| 03/14/2021 | 123 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s) 121 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 03/14/2021. (Admin.) (Entered: 03/14/2021) |
| 03/18/2021 | 124 (4 pgs; 2 docs) | Notice of Appointment of Trustee . Richard A Marshack (TR) added to the case. Filed by U.S. Trustee United States Trustee (LA). (Attachments: |

EXHIBIT 2
PAGE 143

| | | # 1 Proof of Service)(Escobar, Eryk) (Entered: 03/18/2021) |
|---|---|---|
| 03/18/2021 | 125 (11 pgs) | Motion to Appoint Trustee *United States Trustee's Application for Order Approving Appointment of Chapter 11 Trustee and Fixing Bond* Filed by U.S. Trustee United States Trustee (LA) (Escobar, Eryk) (Entered: 03/18/2021) |
| 03/19/2021 | 126 (2 pgs) | Order Approving Appointment of Chapter 11 Trustee. (BNC-PDF); ORDERED that the appointment of Richard Marshack as Chapter 11 Trustee is approved; Signed on 3/19/2021. (Jackson, Wendy Ann) (Entered: 03/19/2021) |
| 03/19/2021 | 127 (3 pgs) | Notice of appointment and acceptance of trustee *with Proof of Service* Filed by Trustee Richard A Marshack (TR). (Marshack (TR), Richard) (Entered: 03/19/2021) |
| 03/19/2021 | 128 (1 pg) | Request for CD of Court Proceedings . Fee Amount $32, Filed by Trustee Richard A Marshack (TR). (Haes, Chad) (Entered: 03/19/2021) |
| 03/19/2021 | | Receipt of Request for CD of Court Proceedings (fee)(2:21-bk-11188-BB) [misc,cdrf] ( 32.00) Filing Fee. Receipt number 52630435. Fee amount 32.00. (re: Doc# 128) (U.S. Treasury) (Entered: 03/19/2021) |
| 03/21/2021 | 129 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)126 Order on Motion to Appoint Trustee (BNC-PDF)) No. of Notices: 1. Notice Date 03/21/2021. (Admin.) (Entered: 03/21/2021) |
| 03/22/2021 | 130 (1 pg) | Request for CD of Court Proceedings *(Amended) Audio Recording of Court Proceedings Order Form (to correct date of hearing); Re: 128.* Fee Amount $32, Filed by Trustee Richard A Marshack (TR). (Haes, Chad) (Entered: 03/22/2021) |
| 03/22/2021 | | Receipt of Request for CD of Court Proceedings (fee)(2:21-bk-11188-BB) [misc,cdrf] ( 32.00) Filing Fee. Receipt number 52634419. Fee amount 32.00. (re: Doc# 130) (U.S. Treasury) (Entered: 03/22/2021) |
| 03/23/2021 | 131 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by U.S. Trustee United States Trustee (LA). 341(a) Meeting Continued to 3/25/2021 at 09:15 AM at UST-LA2, TELEPHONIC MEETING. CONFERENCE LINE:1-866-816-0394, PARTICIPANT CODE:5282999. (Escobar, Eryk) (Entered: 03/23/2021) |
| 03/23/2021 | 132 (21 pgs) | Monthly Operating Report. Operating Report Number: 1. For the Month Ending February 28, 2021 Filed by Debtor Glenroy Coachella, LLC. (Lindsey, Crystle) (Entered: 03/23/2021) |
| 03/24/2021 | 133 (9 pgs) | Stipulation By Richard A Marshack (TR) and *Debtor, U.S. Real Estate Credit Holdings III-A, LP, Edwin W. Leslie, Gary Stiffelman, Elliot Lander and Abraham Stuart Rubin to Continue Hearing on Motion to Excuse State Court Receiver, Edwin Leslie, from Turnover of Assets Under 11 U.S.C. Section 543; with Proof of service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 03/24/2021) |
| 03/24/2021 | 134 (6 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)133 Stipulation By Richard A Marshack (TR) and *Debtor, U.S. Real Estate Credit Holdings III-A, LP, Edwin W. Leslie,* |

EXHIBIT 2
PAGE 144

| | | |
|---|---|---|
| | | *Gary Stiffelman, Elliot Lander and Abraham Stuart Rubin to Continue Hearing on Motion to Excuse State Court Receiver, Edwin Leslie, from). (Haes, Chad) (Entered: 03/24/2021)* |
| 03/24/2021 | 135 (29 pgs) | Status report *Chapter 11 Trustee's Initial Status Report; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)5 Order setting initial status conference in chapter 11 case (BNC-PDF)). (Marshack (TR), Richard). Related document(s) 1 Voluntary Petition (Chapter 11) filed by Debtor Glenroy Coachella, LLC. Modified on 3/25/2021 (Jackson, Wendy Ann). (Entered: 03/24/2021) |
| 03/25/2021 | 136 (27 pgs) | Application to Employ Brinkman Law Group, PC as Counsel to the Official Committee of Unsecured Creditors Filed by Creditor Committee Committee of Unsecured Creditors (Brinkman, Daren) (Entered: 03/25/2021) |
| 03/25/2021 | 137 (2 pgs) | Order Denying without prejudice Debtor's Emergency Motion for Retention of Chief Restructuring Officer; (BNC-PDF) (Related Doc # 108 ) Signed on 3/25/2021 (Jackson, Wendy Ann) (Entered: 03/25/2021) |
| 03/26/2021 | 138 (2 pgs) | Order Approving Stipulation to continue hearing on Motion to Excuse State Court Receiver Edwin Leslie from turnover of assets under 11 USC Section 543; ORDERED that the hearing is continued to MAY 5, 2021 @ 10AM; (BNC-PDF) (Related Doc # 133 ) Signed on 3/26/2021 (Jackson, Wendy Ann) (Entered: 03/26/2021) |
| 03/26/2021 | | Hearing (Bk Motion) Continued (RE: related document(s) 42 GENERIC MOTION filed by U.S. Real Estate Credit Holdings III-A, LP) Hearing to be held on 05/05/2021 at 10:00 AM 255 E. Temple St. Courtroom 1539 Los Angeles, CA 90012 for 42 , (Jackson, Wendy Ann) (Entered: 03/26/2021) |
| 03/26/2021 | 139 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Mang, Tinho. (Mang, Tinho) (Entered: 03/26/2021) |
| 03/27/2021 | 140 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)137 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 03/27/2021. (Admin.) (Entered: 03/27/2021) |
| 03/28/2021 | 141 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)138 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 03/28/2021. (Admin.) (Entered: 03/28/2021) |
| 03/29/2021 | 142 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by Trustee Richard A Marshack (TR). 341(a) Meeting Continued to 4/19/2021 at 09:15 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Marshack (TR), Richard) (Entered: 03/29/2021) |
| 03/29/2021 | 143 (3 pgs) | Notice *with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s) 142 Continuance of Meeting of Creditors (Rule 2003(e)) Filed by Trustee Richard A Marshack (TR). 341(a) Meeting Continued to 4/19/2021 at 09:15 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Marshack (TR), Richard)). (Marshack (TR), Richard) (Entered: 03/29/2021) |

EXHIBIT 2
PAGE 145

| | | |
|---|---|---|
| 03/29/2021 | 144 | Notice to Filer of Error and/or Deficient Document **Incorrect docket event was used to file this document. The correct docket event is: Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)); THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT USING THE CORRECT DOCKET EVENT.** (RE: related document(s)143 Notice filed by Trustee Richard A Marshack (TR)) (Jackson, Wendy Ann) (Entered: 03/29/2021) |
| 03/30/2021 | 145 (3 pgs) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a) Filed by Trustee Richard A Marshack (TR) (RE: related document(s) 142 Continuance of Meeting of Creditors (Rule 2003(e)) (by Trustee/US Trustee - No PDF)). (Marshack (TR), Richard) (Entered: 03/30/2021) |
| 03/31/2021 | 146 (26 pgs) | Application to Employ Grobstein Teeple, LLP as Accountants *Notice Of Application And Application Of Chapter 11 Trustee, Richard A. Marshack, For Authorization To Employ Grobstein Teeple LLP As Accountants Effective March 17, 2021; Statement Of Disinterestedness In Support Thereof With Proof Of Service* Filed by Accountant Grobstein Teeple, LLP. (Grobstein, Howard) (Entered: 03/31/2021) |
| 04/06/2021 | 147 (2 pgs) | Notice of Appearance and Request for Notice *and Service of Papers* by Jonathan R Doolittle Filed by Creditors Laserscopic Spinal Centers of America, Inc., Laserscopic Medical Clinic, LLC, Laserscopic Spine Centers Of America, Inc., Joe Samuel Bailey. (Doolittle, Jonathan) (Entered: 04/06/2021) |
| 04/06/2021 | 148 (29 pgs) | Application to Employ Marshack Hays LLP as General Counsel *; and Declaration of Chad V. Haes in support; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 04/06/2021) |
| 04/06/2021 | 149 (8 pgs) | Notice of motion/application Filed by Trustee Richard A Marshack (TR) (RE: related document(s)148 Application to Employ Marshack Hays LLP as General Counsel *; and Declaration of Chad V. Haes in support; with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Haes, Chad) (Entered: 04/06/2021) |
| 04/07/2021 | 150 | Hearing Held (Bk Other) (RE: related document(s) 1 Voluntary Petition (Chapter 11)); RULING - S/C CONT'D. TO 5/5/21 @ 10AM TO COINCIDE WITH OTHER MATTERS ON CALENDAR; (Jackson, Wendy Ann) (Entered: 04/07/2021) |
| 04/09/2021 | 151 (2 pgs) | Document Re: Bond of Trustee Richard A Marshack of Irvine, CA, as Principal, and Liberty Mutual Insurance Company, as Surety, are held and firmly bound to the United States of American in the sum of $50,000.00. (Pennington-Jones, Patricia) (Entered: 04/09/2021) |
| 04/13/2021 | 152 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Miller, Stacey. (Miller, Stacey) (Entered: 04/13/2021) |
| 04/14/2021 | 153 (31 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) Filed by Creditor Committee Committee of Unsecured Creditors (RE: related document(s)136 Application to Employ Brinkman Law Group, PC as Counsel to the Official Committee of Unsecured Creditors ). (Brinkman, Daren) (Entered: 04/14/2021) |

EXHIBIT 2
PAGE 146

| Date | Doc | Description |
|---|---|---|
| 04/16/2021 | 154<br>(6 pgs) | Notice *Of Appearance and Request for Notices, with Proof of Service* Filed by Interested Party Stuart Rubin. (Smith, Evan) (Entered: 04/16/2021) |
| 04/19/2021 | 155 | Notice to Filer of Error and/or Deficient Document **Incorrect docket event was used to file this document. The correct docket event is: Notice of Appearance and Request for Notice; THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT USING THE CORRECT DOCKET EVENT.** (RE: related document(s)154 Notice filed by Interested Party Stuart Rubin) (Jackson, Wendy Ann) (Entered: 04/19/2021) |
| 04/19/2021 | 156<br>(3 pgs) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a) Filed by Trustee Richard A Marshack (TR) (RE: related document(s) 142 Continuance of Meeting of Creditors (Rule 2003(e)) (by Trustee/US Trustee - No PDF)). (Marshack (TR), Richard) (Entered: 04/19/2021) |
| 04/19/2021 | 157<br>(3 pgs) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a) Filed by Trustee Richard A Marshack (TR) (RE: related document(s) 142 Continuance of Meeting of Creditors (Rule 2003(e)) (by Trustee/US Trustee - No PDF)). (Marshack (TR), Richard) (Entered: 04/19/2021) |
| 04/19/2021 | 158<br>(6 pgs) | Notice of Appearance and Request for Notice *with Proof of Service.* by Evan L Smith Filed by Interested Party Stuart Rubin. (Smith, Evan) (Entered: 04/19/2021) |
| 04/21/2021 | 159<br>(8 pgs) | Status Report for Chapter 11 Status Conference *with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)5 Order setting initial status conference in chapter 11 case (BNC-PDF)). (Marshack (TR), Richard) (Entered: 04/21/2021) |
| 04/22/2021 | 160<br>(8 pgs) | Opposition to (related document(s): 42 Motion *to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) *Chapter 11 Trustee's Response to Motion to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Declaration of Chad V. Haes* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 04/22/2021) |
| 04/22/2021 | 161<br>(1 pg) | Request for special notice Filed by Creditors Tandem West Glass, Inc., Temalpakh, Inc. dba The Works Floor & Wall, Mascorro Concrete Construction, Inc., Jacobsson Engineering Construction, Inc., Apple J. Plumbing, Desert Palm Electric, Inc., Al Miller & Sons Roofing Co., Inc.. (Polis, Thomas) (Entered: 04/22/2021) |
| 04/26/2021 | 162<br>(10 pgs) | Reply to (related document(s): 159 Status Report for Chapter 11 Status Conference filed by Trustee Richard A Marshack (TR), 160 Opposition filed by Trustee Richard A Marshack (TR)) Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 04/26/2021) |
| 04/28/2021 | 163<br>(30 pgs) | Declaration re: *DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION* Filed by Accountant Grobstein Teeple, LLP (RE: related document(s)146 Application to Employ Grobstein Teeple, |

EXHIBIT 2
PAGE 147

| | | |
|---|---|---|
| | | LLP as Accountants *Notice Of Application And Application Of Chapter 11 Trustee, Richard A. Marshack, For Authorization To Employ Grobstein Teeple LLP As Accountants Effective March 17, 2021; Statement Of Disinterestedness In Support Thereof With Proof Of Service* Filed by Accountant Grobstein Teeple, LLP.). (Grobstein, Howard) (Entered: 04/28/2021) |
| 04/28/2021 | [164](#) (2 pgs) | Order Granting Application to Employ Grobstein Teeple LLP as Accountants effective March 17, 2021; (BNC-PDF) (Related Doc # [146](#)) Signed on 4/28/2021. (Jackson, Wendy Ann) (Entered: 04/28/2021) |
| 04/28/2021 | [165](#) (23 pgs) | Reply to (related document(s): [42](#) Motion *to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, [160](#) Opposition filed by Trustee Richard A Marshack (TR)) *Comments Of Edwin W. Leslie, Receiver, To Response Of Chapter 11 Trustee To Motion To Excuse State Court Receiver From Turnover Of Assets Under 11 U.S.C. § 543; Declaration Of Edwin W. Leslie (With Proof of Service)* Filed by Interested Party Edwin W. Leslie, Receiver (Tippie, Alan) (Entered: 04/28/2021) |
| 04/28/2021 | [166](#) (7 pgs; 2 docs) | Notice *of Perfection by Secured Creditor Al Miller & Sons Roofing Co., Inc.; with Proof of Service* Filed by Creditor Al Miller & Sons Roofing Co., Inc.. (Attachments: # [1](#) Exhibit A) (Polis, Thomas) (Entered: 04/28/2021) |
| 04/28/2021 | [167](#) (6 pgs; 2 docs) | Notice *of Perfection by Secured Creditor Apple J Plumbing; with Proof of Service* Filed by Creditor Apple J. Plumbing. (Attachments: # [1](#) Exhibit A) (Polis, Thomas) (Entered: 04/28/2021) |
| 04/28/2021 | [168](#) (6 pgs; 2 docs) | Notice *of Perfection by Secured Creditor Desert Palms Electric; with Proof of Service* Filed by Creditor Desert Palm Electric, Inc.. (Attachments: # [1](#) Exhibit A) (Polis, Thomas) (Entered: 04/28/2021) |
| 04/28/2021 | [169](#) (7 pgs; 2 docs) | Notice *of Perfection by Secured Creditor Jacobsson Engineering Construction; with Proof of Service* Filed by Creditor Jacobsson Engineering Construction, Inc.. (Attachments: # [1](#) Exhibit A) (Polis, Thomas) (Entered: 04/28/2021) |
| 04/28/2021 | [170](#) (6 pgs; 2 docs) | Notice *of Perfection by Secured Creditor Mascorro Concrete Construction; with Proof of Service* Filed by Creditor Mascorro Concrete Construction, Inc.. (Attachments: # [1](#) Exhibit A) (Polis, Thomas) (Entered: 04/28/2021) |
| 04/28/2021 | [171](#) (7 pgs; 2 docs) | Notice *of Perfection by Secured Creditor Tandem West Glass; with Proof of Service* Filed by Creditor Tandem West Glass, Inc.. (Attachments: # [1](#) Exhibit A) (Polis, Thomas) (Entered: 04/28/2021) |
| 04/28/2021 | [172](#) (5 pgs; 2 docs) | Notice *of Perfection by Secured Creditor Temalpakh, Inc.; with Proof of Service* Filed by Creditor Temalpakh, Inc. dba The Works Floor & Wall. (Attachments: # [1](#) Exhibit A) (Polis, Thomas) (Entered: 04/28/2021) |
| 04/29/2021 | [173](#) (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Pistone, Sheila. (Pistone, Sheila) (Entered: 04/29/2021) |
| 04/30/2021 | [174](#) | Declaration That No Party Requested a Hearing on Motion (LBR 9013- |

EXHIBIT 2
PAGE 148

| | | |
|---|---|---|
| | (42 pgs) | 1(o)(3)) Filed by Trustee Richard A Marshack (TR) (RE: related document(s)148 Application to Employ Marshack Hays LLP as General Counsel *; and Declaration of Chad V. Haes in support; with Proof of Service*). (Haes, Chad) (Entered: 04/30/2021) |
| 04/30/2021 | 175 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)164 Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 04/30/2021. (Admin.) (Entered: 04/30/2021) |
| 05/03/2021 | 176 (3 pgs) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Richard A Marshack (TR) (RE: related document(s) 142 Continuance of Meeting of Creditors (Rule 2003(e)) (by Trustee/US Trustee - No PDF)). (Marshack (TR), Richard) (Entered: 05/03/2021) |
| 05/03/2021 | 177 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by Trustee Richard A Marshack (TR). 341(a) Meeting Continued to 5/20/2021 at 10:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Marshack (TR), Richard) (Entered: 05/03/2021) |
| 05/03/2021 | 178 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Hays, D. (Hays, D) (Entered: 05/03/2021) |
| 05/03/2021 | 179 (18 pgs) | Monthly Operating Report. Operating Report Number: 2. For the Month Ending 3/31/21 *with Proof of Service* Filed by Trustee Richard A Marshack (TR). (Marshack (TR), Richard) (Entered: 05/03/2021) |
| 05/04/2021 | 180 (76 pgs; 2 docs) | Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *Al Miller & Sons Roofing v. Doug Wall Construction et al; with Proof of Service.* Fee Amount $188, Filed by Creditor Al Miller & Sons Roofing Co., Inc. (Attachments: # 1 Exhibit A) (Polis, Thomas) (Entered: 05/04/2021) |
| 05/04/2021 | 181 (135 pgs; 2 docs) | Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *Tandem West Glass v. Doug Wall Construction, et al; with Proof of Service.* Fee Amount $188, Filed by Creditor Tandem West Glass, Inc. (Attachments: # 1 Exhibit A) (Polis, Thomas) (Entered: 05/04/2021) |
| 05/04/2021 | | Receipt of Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM( 2:21-bk-11188-BB) [motion,nman] ( 188.00) Filing Fee. Receipt number A52854286. Fee amount 188.00. (re: Doc# 180) (U.S. Treasury) (Entered: 05/04/2021) |
| 05/04/2021 | | Receipt of Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM( 2:21-bk-11188-BB) [motion,nman] ( 188.00) Filing Fee. Receipt number A52854286. Fee amount 188.00. (re: Doc# 181) (U.S. Treasury) (Entered: 05/04/2021) |
| 05/05/2021 | 182 (29 pgs) | Motion *Chapter 11 Trustee's Motion to (1) Extend the SARE Deadline Under Section 362(d)(3) or, in the Alternative, (2) Abandon the Estate's Interest in Certain Real Property; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support, with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 05/05/2021) |

EXHIBIT 2
PAGE 149

| | | |
|---|---|---|
| 05/05/2021 | [183](#)<br>(7 pgs) | Application shortening time *Application for Order Setting Hearing on Shortened Notice; Declaration of Chad V. Haes in Support of Application re: Chapter 11 Trustee's Motion to (1) Extend the SARE Deadline Under Section 362(d)(3) or, in the Alternative, (2) Abandon the Estate's Interest in Certain Real Property (Related to: [Dk. No. 182] Motion), with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad). Related document(s) [182](#) Motion *Chapter 11 Trustee's Motion to (1) Extend the SARE Deadline Under Section 362(d)(3) or, in the Alternative, (2) Abandon the Estate's Interest in Certain Real Property; Memorandum of Points and Authorities; Declaration of Richard A. M* filed by Trustee Richard A Marshack (TR). Modified on 5/5/2021 to relate the document to the motion. (Jackson, Wendy Ann). (Entered: 05/05/2021) |
| 05/05/2021 | 184 | Hearing Set (RE: related document(s)[180](#) Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM filed by Creditor Al Miller & Sons Roofing Co., Inc.) The Hearing date is set for 5/25/2021 at 10:00 AM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond (Jackson, Wendy Ann) (Entered: 05/05/2021) |
| 05/05/2021 | 185 | Hearing Set (RE: related document(s)[181](#) Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM filed by Creditor Tandem West Glass, Inc.) The Hearing date is set for 5/25/2021 at 10:00 AM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond (Jackson, Wendy Ann) (Entered: 05/05/2021) |
| 05/05/2021 | [186](#)<br>(3 pgs) | Declaration re: *Stephen J. Armstrong's Holographic Signature* Filed by Creditor Al Miller & Sons Roofing Co., Inc. (RE: related document(s)[180](#) Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *Al Miller & Sons Roofing v. Doug Wall Construction et al; with Proof of Service*. Fee Amount $188,). (Polis, Thomas) (Entered: 05/05/2021) |
| 05/05/2021 | [187](#)<br>(3 pgs) | Declaration re: *Stephen J. Armstrong's Holographic Signature* Filed by Creditor Tandem West Glass, Inc. (RE: related document(s)[181](#) Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *Tandem West Glass v. Doug Wall Construction, et al; with Proof of Service*. Fee Amount $188,). (Polis, Thomas) (Entered: 05/05/2021) |
| 05/05/2021 | [188](#)<br>(4 pgs) | Order Granting Application and setting hearing on shortened notice re: Chapter 11 Trustee's Motion to (1) Extend the SARE Deadline Under Section 362(d)(3) or, in the Alternative, (2) Abandon the Estate's Interest in Certain Real Property; ORDERED that the hearing is set for: MAY 18, 2021 @ 10AM; (BNC-PDF) (Related Doc # [183](#) ) Signed on 5/5/2021 (Jackson, Wendy Ann) (Entered: 05/05/2021) |
| 05/05/2021 | 189 | Hearing Set (RE: related document(s)[182](#) Generic Motion filed by Trustee Richard A Marshack (TR)) The Hearing date is set for 5/18/2021 at 10:00 AM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond (Jackson, Wendy Ann) (Entered: 05/05/2021) |
| 05/05/2021 | [190](#)<br>(2 pgs) | Order Granting Application to Employ Marshack Hays LLP as General Counsel; (BNC-PDF) (Related Doc # [148](#) ) Signed on 5/5/2021. (Jackson, Wendy Ann) (Entered: 05/05/2021) |

EXHIBIT 2
PAGE 150

| | | |
|---|---|---|
| 05/05/2021 | 191 | Notice to Filer of Error and/or Deficient Document **Incorrect/incomplete/unreadable PDF was attached to the docket entry. All Documents filed with the Court must have a pleading coversheet with Debtor's Name, Case Number and Title of document. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE CORRECT PDF IMMEDIATELY.** (RE: related document(s)186 Declaration filed by Creditor Al Miller & Sons Roofing Co., Inc., 187 Declaration filed by Creditor Tandem West Glass, Inc.) (Jackson, Wendy Ann) (Entered: 05/05/2021) |
| 05/05/2021 | 192 (18 pgs) | Notice of Hearing Filed by Trustee Richard A Marshack (TR) (RE: related document(s)182 Motion *Chapter 11 Trustee's Motion to (1) Extend the SARE Deadline Under Section 362(d)(3) or, in the Alternative, (2) Abandon the Estate's Interest in Certain Real Property; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support, with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Haes, Chad) (Entered: 05/05/2021) |
| 05/05/2021 | 193 (13 pgs) | Notice of Hearing *Notice of Continued Status Conference; with Proof of Service* Filed by Trustee Richard A Marshack (TR). (Haes, Chad) (Entered: 05/05/2021) |
| 05/05/2021 | 194 (12 pgs) | Proof of service Filed by Trustee Richard A Marshack (TR) (RE: related document(s)182 Motion *Chapter 11 Trustee's Motion to (1) Extend the SARE Deadline Under Section 362(d)(3) or, in the Alternative, (2) Abandon the Estate's Interest in Certain Real Property; Memorandum of Points and Authorities; Declaration of Richard A. M). (Haes, Chad) (Entered: 05/05/2021)* |
| 05/05/2021 | 195 (6 pgs) | Declaration re: *Holographic Signature of Stephen J. Armstrong in Support of Movants Motion for Relief from the Automatic Stay (ECF No. 180); with Proof of Service* Filed by Creditor Al Miller & Sons Roofing Co., Inc. (RE: related document(s)180 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *Al Miller & Sons Roofing v. Doug Wall Construction et al; with Proof of Service.* Fee Amount $188,). (Polis, Thomas) (Entered: 05/05/2021) |
| 05/05/2021 | 196 (6 pgs) | Declaration re: *Holographic Signature of Stephen J. Armstrong in Support of Movants Motion for Relief from the Automatic Stay (ECF No. 181); with Proof of Service* Filed by Creditor Tandem West Glass, Inc. (RE: related document(s)181 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *Tandem West Glass v. Doug Wall Construction, et al; with Proof of Service.* Fee Amount $188,). (Polis, Thomas) (Entered: 05/05/2021) |
| 05/06/2021 | 197 (6 pgs) | Declaration re: *Declaration Regarding Service and Notice of Hearing re: apter 11 Trustee's Motion to (1) Extend the SARE Deadline Under Section 362(d)(3) or, in the Alternative, (2) Abandon the Estate's Interest in Certain Real Property* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)182 Motion *Chapter 11 Trustee's Motion to (1) Extend the SARE Deadline Under Section 362(d)(3) or, in the Alternative, (2) Abandon the Estate's Interest in Certain Real Property; Memorandum of Points and Authorities; Declaration of Richard A. M). (Haes, Chad) (Entered: 05/06/2021)* |

EXHIBIT 2
PAGE 151

| | | |
|---|---|---|
| 05/06/2021 | | An Order is to be lodged by Committee of Unsecured Creditors (RE: related document(s)136 Application to Employ filed by Creditor Committee Committee of Unsecured Creditors) Order due by 5/7/2021. (Jackson, Wendy Ann) (Entered: 05/06/2021) |
| 05/06/2021 | 198 (43 pgs) | Motion *Motion for Order to Limit Notice Pursuant to Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure; Memorandum of Points and Authorities; Declaration of Chad V. Haes in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 05/06/2021) |
| 05/06/2021 | 199 (14 pgs) | Notice of motion/application Filed by Trustee Richard A Marshack (TR) (RE: related document(s)198 Motion *Motion for Order to Limit Notice Pursuant to Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure; Memorandum of Points and Authorities; Declaration of Chad V. Haes in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Haes, Chad) (Entered: 05/06/2021) |
| 05/06/2021 | 200 | Hearing Held (Bk Motion) (RE: related document(s) 42 Generic Motion); RULING - ORDER TO FOLLOW FROM MR. HAYES; CONT'D. TO 7/7/21 @ 10AM; (Jackson, Wendy Ann) (Entered: 05/06/2021) |
| 05/06/2021 | 201 | Hearing Continued (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Glenroy Coachella, LLC); RULING- Status Report waived; Status hearing to be held on 7/7/2021 at 10:00 AM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond (Jackson, Wendy Ann) (Entered: 05/06/2021) |
| 05/07/2021 | 202 (2 pgs) | Order Granting Application of the Official Committee of Unsecured Creditors to Employ Brinkman Law Group, PC as Counsel; (BNC-PDF) (Related Doc # 136) Signed on 5/7/2021. (Jackson, Wendy Ann) (Entered: 05/07/2021) |
| 05/07/2021 | 203 (5 pgs) | Supplemental *Movant Al Miller & Sons Roofings Supplemental Points and Authorities Re: Motion for Relief from the Automatic Stay (ECF NO. 180); with Proof of Service* Filed by Creditor Al Miller & Sons Roofing Co., Inc.. (Polis, Thomas). Related document(s) 180 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *Al Miller & Sons Roofing v. Doug Wall Construction et al; with Proof of Service*. Fee Amount $188, filed by Creditor Al Miller & Sons Roofing Co., Inc.. Modified on 5/7/2021 to relate the document to the motion; (Jackson, Wendy Ann). (Entered: 05/07/2021) |
| 05/07/2021 | 204 (5 pgs) | Supplemental *Movant Tandem West Glass Supplemental Points and Authorities Re: Motion for Relief from the Automatic Stay (ECF NO. 181); with Proof of Service* Filed by Creditor Tandem West Glass, Inc.. (Polis, Thomas). Related document(s) 181 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *Tandem West Glass v. Doug Wall Construction, et al; with Proof of Service*. Fee Amount $188, filed by Creditor Tandem West Glass, Inc.. Modified on 5/7/2021 to relate the document to the motion; (Jackson, Wendy Ann). (Entered: 05/07/2021) |
| 05/07/2021 | 205 (11 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)42 Motion *to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543;* |

EXHIBIT 2
PAGE 152

|  |  | *Memorandum of Points and Authorities* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Hays, D) (Entered: 05/07/2021) |
|---|---|---|
| 05/07/2021 | [206](#)<br>(7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[188](#) ORDER shortening time (BNC-PDF)) No. of Notices: 1. Notice Date 05/07/2021. (Admin.) (Entered: 05/07/2021) |
| 05/07/2021 | [207](#)<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[190](#) Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 05/07/2021. (Admin.) (Entered: 05/07/2021) |
| 05/09/2021 | [208](#)<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[202](#) Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 05/09/2021. (Admin.) (Entered: 05/09/2021) |
| 05/11/2021 | [209](#)<br>(25 pgs) | Response to motion for order to terminate, annul, modify or condition the automatic stay and declaration(s) in support (related document(s): [180](#) Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *Al Miller & Sons Roofing v. Doug Wall Construction et al; with Proof of Service.* Fee Amount $188, filed by Creditor Al Miller & Sons Roofing Co., Inc., [181](#) Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *Tandem West Glass v. Doug Wall Construction, et al; with Proof of Service.* Fee Amount $188, filed by Creditor Tandem West Glass, Inc.) *Omnibus Response To Motions For Relief From The Automatic Stay* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 05/11/2021) |
| 05/11/2021 | [210](#)<br>(18 pgs) | Monthly Operating Report. Operating Report Number: 3. For the Month Ending 4/30/21 *with proof of service;* Filed by Trustee Richard A Marshack (TR). (Marshack (TR), Richard) (Entered: 05/11/2021) |
| 05/11/2021 | [211](#)<br>(11 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[42](#) Motion *to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Hays, D) (Entered: 05/11/2021) |
| 05/11/2021 | [212](#)<br>(5 pgs) | Stipulation By Richard A Marshack (TR) and *Al Miller & Sons Roofing, Inc. to Continue Hearing on Motion for Relief from Automatic Stay Under 11 U.S.C. Section 362 Filed By Al Miller & Sons Roofing, Inc., with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 05/11/2021) |
| 05/11/2021 | [213](#)<br>(6 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[212](#) Stipulation By Richard A Marshack (TR) and *Al Miller & Sons Roofing, Inc. to Continue Hearing on Motion for Relief from Automatic Stay Under 11 U.S.C. Section 362 Filed By Al Miller & Sons Roofing, Inc., with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Haes, Chad) (Entered: 05/11/2021) |
| 05/11/2021 | [214](#)<br>(5 pgs) | Stipulation By Richard A Marshack (TR) and *Tandem West Glass Inc. to Continue Hearing on Motion for Relief from the Automatic Stay Under 11 U.S.C. Section 362 Filed by Tandem West Glass, Inc.; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 05/11/2021) |

EXHIBIT 2
PAGE 153

| | | |
|---|---|---|
| 05/11/2021 | [215](#)<br>(6 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)214 Stipulation By Richard A Marshack (TR) and *Tandem West Glass Inc. to Continue Hearing on Motion for Relief from the Automatic Stay Under 11 U.S.C. Section 362 Filed by Tandem West Glass, Inc.; with Proof of Service*). (Haes, Chad) (Entered: 05/11/2021) |
| 05/12/2021 | [216](#)<br>(8 pgs) | Order Granting to excuse State Court Receiver, Edwin Leslie, form turnover of assets under 11 U.S.C. §543. Hearing is being continued from May 5, 2021 at 10am to July 7, 2021 at 10am (BNC-PDF) (Related Doc # [42](#) ) Signed on 5/12/2021 (Lewis, Litaun) (Entered: 05/12/2021) |
| 05/12/2021 | [217](#)<br>(2 pgs) | Order approving stipulation to continue hearing on motion for relief from the automatic stay under 11 U.S.C. §362 filed by Al Miller & Sons Roofing, Inc from May 25, 2021 at 10am to June 8, 2021 at 10am (BNC-PDF) (Related Doc # [212](#) ) Signed on 5/12/2021 (Lewis, Litaun) (Entered: 05/12/2021) |
| 05/12/2021 | | Hearing (Bk Motion) Continued (RE: related document(s) [180](#) MOTION FOR RELIEF FROM STAY - ACTION IN NON-BANKRUPTCY FORUM filed by Al Miller & Sons Roofing Co., Inc.) Hearing to be held on 06/08/2021 at 10:00 AM 255 E. Temple St. Courtroom 1539 Los Angeles, CA 90012 for [180](#) , (Lewis, Litaun) (Entered: 05/12/2021) |
| 05/13/2021 | [218](#)<br>(2 pgs) | Order approving stipulation to continue hearing on motion for relief from the automatic stay under 11 U.S.C. §362 filed by Tandem West Glass, Inc from May 25, 2021 at 10am to June 8, 2021 at 10am (BNC-PDF) (Related Doc # [214](#) ) Signed on 5/13/2021 (Lewis, Litaun) (Entered: 05/13/2021) |
| 05/13/2021 | | Hearing (Bk Motion) Continued (RE: related document(s) [181](#) MOTION FOR RELIEF FROM STAY - ACTION IN NON-BANKRUPTCY FORUM filed by Tandem West Glass, Inc.) Hearing to be held on 06/08/2021 at 10:00 AM 255 E. Temple St. Courtroom 1539 Los Angeles, CA 90012 for [181](#) , (Lewis, Litaun) (Entered: 05/13/2021) |
| 05/14/2021 | [219](#)<br>(5 pgs) | Stipulation By U.S. Real Estate Credit Holdings III-A, LP and *Stipulation To Continue Deadlines And Hearing With Respect To Single Asset Real Estate And Abandonment Motion* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 05/14/2021) |
| 05/14/2021 | [220](#)<br>(6 pgs) | Notice of lodgment *of Order In Bankruptcy Case Re: Order Granting Stipulation To Continue Deadlines And Hearing With Respect To Single Asset Real Estate And Abandonment Motion* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)180 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *Al Miller & Sons Roofing v. Doug Wall Construction et al; with Proof of Service*. Fee Amount $188, Filed by Creditor Al Miller & Sons Roofing Co., Inc. (Attachments: # 1 Exhibit A), [181](#) Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *Tandem West Glass v. Doug Wall Construction, et al; with Proof of Service*. Fee Amount $188, Filed by Creditor Tandem West Glass, Inc. (Attachments: # 1 Exhibit A), [219](#) Stipulation By U.S. Real Estate Credit Holdings III-A, LP and *Stipulation To Continue Deadlines And Hearing With Respect To Single Asset Real Estate And Abandonment Motion* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Rivas, Christopher) (Entered: 05/14/2021) |

EXHIBIT 2
PAGE 154

| 05/14/2021 | 221<br>(32 pgs; 2 docs) | Notice of motion and motion for relief from the automatic stay with supporting declarations PERSONAL PROPERTY RE: 2019 Bentley Bentayga . Fee Amount $188, Filed by Creditors Porsche Financial Services, Inc.dba Bentley Financial Services, Porsche Leasing Ltd. (Attachments: # 1 Exhibit 1 - 4) (Miller, Stacey) (Entered: 05/14/2021) |
| 05/14/2021 | | Receipt of Motion for Relief from Stay - Personal Property( 2:21-bk-11188-BB) [motion,nmpp] ( 188.00) Filing Fee. Receipt number A52930530. Fee amount 188.00. (re: Doc# 221) (U.S. Treasury) (Entered: 05/14/2021) |
| 05/14/2021 | 222<br>(2 pgs) | Order granting stipulation to continue deadlines and hearing to May 26, 2021 at 10:00 am with respect to single asset real estate and abandonment motion for relief from automatic stay ACTION IN NON-BANKRUPTCY FORUM (BNC-PDF) (Related Doc # 181 ) Signed on 5/14/2021 (Lewis, Litaun) (Entered: 05/14/2021) |
| 05/14/2021 | | Hearing (Bk Motion) Continued (RE: related document(s) 182 GENERIC MOTION filed by Richard A Marshack (TR)) Hearing to be held on 05/26/2021 at 10:00 AM 255 E. Temple St. Courtroom 1539 Los Angeles, CA 90012 for 182 , (Lewis, Litaun) (Entered: 05/14/2021) |
| 05/14/2021 | 223 | Hearing Set (RE: related document(s)221 Motion for Relief from Stay - Personal Property filed by Creditor Porsche Leasing Ltd., Creditor Porsche Financial Services, Inc.dba Bentley Financial Services) The Hearing date is set for 6/8/2021 at 10:00 AM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond (Lewis, Litaun) (Entered: 05/14/2021) |
| 05/14/2021 | 224 | Request for Removal from Courtesy Notice of Electronic Filing (NEF) Filed by Pham, Matthew. (Pham, Matthew) (Entered: 05/14/2021) |
| 05/14/2021 | 225<br>(1 pg) | Request for Removal from Courtesy Notice of Electronic Filing (NEF) Filed by Rallis, Dean. (Rallis, Dean) (Entered: 05/14/2021) |
| 05/14/2021 | 226<br>(11 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)216 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 05/14/2021. (Admin.) (Entered: 05/14/2021) |
| 05/14/2021 | 227<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)217 Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 1. Notice Date 05/14/2021. (Admin.) (Entered: 05/14/2021) |
| 05/15/2021 | 228<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)218 Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 1. Notice Date 05/15/2021. (Admin.) (Entered: 05/15/2021) |
| 05/16/2021 | 229<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)222 Motion for relief from automatic stay ACTION IN NON-BANKRUPTCY FORUM (BNC-PDF)) No. of Notices: 1. Notice Date 05/16/2021. (Admin.) (Entered: 05/16/2021) |
| 05/17/2021 | 230 | Notice to Filer of Error and/or Deficient Document<br>**Incorrect/incomplete/unreadable PDF was attached to the docket entry. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE CORRECT PDF IMMEDIATELY - All PDF files must be flattened before filing through CM/ECF - Court** |

EXHIBIT 2
PAGE 155

| | | |
|---|---|---|
| | | **Manual Section 3.5(k).** (RE: related document(s)224 Request for Removal from Courtesy Notice of Electronic Filing (NEF) filed by Interested Party Courtesy NEF) (Milano, Sonny) (Entered: 05/17/2021) |
| 05/20/2021 | 231<br>(1 pgs) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Pagter, R. (Pagter, R) (Entered: 05/20/2021) |
| 05/24/2021 | 232<br>(6 pgs) | Notice of Appearance and Request for Notice *with Proof of service* by Evan L Smith Filed by Interested Party Elliot Lander. (Smith, Evan) (Entered: 05/24/2021) |
| 05/24/2021 | 233<br>(83 pgs) | Opposition to (related document(s): 182 Motion *Chapter 11 Trustee's Motion to (1) Extend the SARE Deadline Under Section 362(d)(3) or, in the Alternative, (2) Abandon the Estate's Interest in Certain Real Property; Memorandum of Points and Authorities; Declaration of Richard A. M filed by Trustee Richard A Marshack (TR)) Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Houston, Marsha) (Entered: 05/24/2021)* |
| 05/24/2021 | 234<br>(33 pgs) | Response to (related document(s): 182 Motion *Chapter 11 Trustee's Motion to (1) Extend the SARE Deadline Under Section 362(d)(3) or, in the Alternative, (2) Abandon the Estate's Interest in Certain Real Property; Memorandum of Points and Authorities; Declaration of Richard A. M filed by Trustee Richard A Marshack (TR)) and Declaration of Evan L. Smith, with Proof of Service Filed by Interested Parties Elliot Lander, Stuart Rubin (Smith, Evan) (Entered: 05/24/2021)* |
| 05/25/2021 | 235<br>(5 pgs) | Stipulation By U.S. Real Estate Credit Holdings III-A, LP and *Stipulation To Continue Deadlines And Hearing With Respect To Single Asset Real Estate And Abandonment Motion* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 05/25/2021) |
| 05/25/2021 | 236<br>(6 pgs) | Notice of lodgment *Notice Of Lodgment Of Order In Bankruptcy Case Re: Stipulation To Continue Deadlines And Hearing With Respect To Single Asset Real Estate And Abandonment Motion* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)182 Motion *Chapter 11 Trustee's Motion to (1) Extend the SARE Deadline Under Section 362(d)(3) or, in the Alternative, (2) Abandon the Estate's Interest in Certain Real Property; Memorandum of Points and Authorities; Declaration of Richard A. M, 235 Stipulation By U.S. Real Estate Credit Holdings III-A, LP and Stipulation To Continue Deadlines And Hearing With Respect To Single Asset Real Estate And Abandonment Motion). (Rivas, Christopher) (Entered: 05/25/2021)* |
| 05/25/2021 | 237<br>(2 pgs) | Order Granting Stipulation to continue deadlines and hearing with respect to Single Asset Real Estate and Abandonment Motion; ORDERED that the SARE deadline is extended to 6/11/21; opposition to the SARE motion is 6/7/21; hearing date is continued to JUNE 9, 2021 @ 11AM; (BNC-PDF) (Related Doc # 235 ) Signed on 5/25/2021 (Jackson, Wendy Ann) (Entered: 05/25/2021) |
| 05/27/2021 | 238<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)237 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 05/27/2021. (Admin.) (Entered: 05/27/2021) |
| 05/28/2021 | 239<br>(62 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) Filed by Trustee Richard A Marshack (TR) (RE: related |

EXHIBIT 2
PAGE 156

| | | |
|---|---|---|
| | | document(s)198 Motion *Motion for Order to Limit Notice Pursuant to Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure; Memorandum of Points and Authorities; Declaration of Chad V. Haes in Support; with Proof of Service*). (Haes, Chad) (Entered: 05/28/2021) |
| 05/28/2021 | 240 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by Trustee Richard A Marshack (TR). 341(a) Meeting Continued to 6/4/2021 at 10:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Marshack (TR), Richard) (Entered: 05/28/2021) |
| 05/28/2021 | 241 (2 pgs) | Order Granting Motion for Order to Limit Notice pursuant to Rules 2002 and 9007 of the F.R.B.P. (BNC-PDF) (Related Doc # 198 ) Signed on 5/28/2021 (Jackson, Wendy Ann) (Entered: 05/28/2021) |
| 05/30/2021 | 242 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)241 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 05/30/2021. (Admin.) (Entered: 05/30/2021) |
| 06/01/2021 | 243 (1 pg) | Notice of Change of Address Re: Art of the Muse, LLC Filed by Creditor/Owner Bradley Huntzinger . (Pennington-Jones, Patricia) (Entered: 06/02/2021) |
| 06/02/2021 | 244 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by Trustee Richard A Marshack (TR). 341(a) Meeting Continued to 6/25/2021 at 10:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Marshack (TR), Richard) (Entered: 06/02/2021) |
| 06/02/2021 | 245 (5 pgs) | Stipulation By Richard A Marshack (TR) and *Al Miller & Sons Roofing, Inc. to Continue Hearing on Motion for Relief from the Automatic Stay Under 11 U.S.C. Section 362 filed by Al Miller & Sons Roofing, Inc. ; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 06/02/2021) |
| 06/02/2021 | 246 (6 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)245 Stipulation By Richard A Marshack (TR) and *Al Miller & Sons Roofing, Inc. to Continue Hearing on Motion for Relief from the Automatic Stay Under 11 U.S.C. Section 362 filed by Al Miller & Sons Roofing, Inc. ; with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Haes, Chad) (Entered: 06/02/2021) |
| 06/02/2021 | 247 (5 pgs) | Stipulation By Richard A Marshack (TR) and *Tandem West Glass, Inc. to Continue Hearing on Motion for Relief from the Automatic stay Under 11 U.S.C. Section 362 filed by Tandem West Glass, Inc.; with proof of service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 06/02/2021) |
| 06/02/2021 | 248 (6 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)247 Stipulation By Richard A Marshack (TR) and *Tandem West Glass, Inc. to Continue Hearing on Motion for Relief from the Automatic stay Under 11 U.S.C. Section 362 filed by Tandem West Glass, Inc.; with proof of service*). (Haes, Chad) (Entered: 06/02/2021) |
| 06/03/2021 | 249 (2 pgs) | Order Approving Stipulation to continue hearing on Motion for Relief from the automatic stay under 11 USC Section 362 filed by Tandem West Glass, Inc. (BNC-PDF); ORDERED that the hearing is continued to JUNE |

EXHIBIT 2
PAGE 157

| | | |
|---|---|---|
| | | 29, 2021 @ 10AM; the SARE deadline is extended to 6/30/21; (Related Doc # 247 ) Signed on 6/3/2021 (Jackson, Wendy Ann) (Entered: 06/03/2021) |
| 06/03/2021 | 250 (2 pgs) | Order Approving Stipulation to continue hearing on Motion for Relief from the automatic stay under 11 USC Section 362 filed by AL Miller & Sons Roofing, Inc. (BNC-PDF); ORDERED that the hearing is continued to JUNE 29, 2021 @ 10AM; the SARE deadline is extended to 6/30/21 (Related Doc # 245 ) Signed on 6/3/2021 (Jackson, Wendy Ann) (Entered: 06/03/2021) |
| 06/05/2021 | 251 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)249 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 06/05/2021. (Admin.) (Entered: 06/05/2021) |
| 06/05/2021 | 252 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)250 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 06/05/2021. (Admin.) (Entered: 06/05/2021) |
| 06/08/2021 | 253 (3 pgs) | Order Granting Motion for relief from the automatic stay PERSONAL PROPERTY (BNC-PDF) (Related Doc # 221 ) Signed on 6/8/2021 (Jackson, Wendy Ann) (Entered: 06/08/2021) |
| 06/08/2021 | 254 (6 pgs) | Stipulation By U.S. Real Estate Credit Holdings III-A, LP and *Stipulation to Continue Deadlines and Hearing With Respect to Single Asset Real Estate and Abandonment Motion* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 06/08/2021) |
| 06/08/2021 | 255 (6 pgs) | Notice of lodgment *Notice of Lodgment of Order Granting Stipulation To Continue Deadlines and Hearing With Respect To Single Asset Real Estate And Abandonment Motion* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)254 Stipulation By U.S. Real Estate Credit Holdings III-A, LP and *Stipulation to Continue Deadlines and Hearing With Respect to Single Asset Real Estate and Abandonment Motion* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Rivas, Christopher) (Entered: 06/08/2021) |
| 06/08/2021 | 256 | Hearing Held re: order to show cause re: Appointment of Chapter 11 Trustee 189 ; RULING- GRANTED; TENTATIVE IS THE RULING; ORDER TO FOLLOW FROM US TRUSTEE; (Jackson, Wendy Ann) ENTERED DUE TO CLERICAL ERROR; THIS HEARING RESULT BELONGS TO CASE NO. 21-10826BB; Modified on 6/8/2021 (Jackson, Wendy Ann). (Entered: 06/08/2021) |
| 06/08/2021 | 257 (2 pgs) | Order Approving Stipulation to continue deadlines and hearings with respect to Single Asset Real Estate and abandonment motion; ORDERED that the SARE deadline is continued to 6/18/21; deadline to oppose the SARE motion is 6/14/21; hearing is continued to JUNE 16, 2021 @ 10am; SEE ORDER FOR FURTHER DETAILS; (BNC-PDF) (Related Doc # 254 ) Signed on 6/8/2021 (Jackson, Wendy Ann) (Entered: 06/08/2021) |
| 06/10/2021 | 258 (6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)253 Motion for relief from the automatic stay PERSONAL PROPERTY (BNC-PDF)) No. of Notices: 1. Notice Date 06/10/2021. (Admin.) (Entered: 06/10/2021) |
| 06/11/2021 | 259 | BNC Certificate of Notice - PDF Document. (RE: related document(s)257 |

EXHIBIT 2
PAGE 158

|  |  |  |
|---|---|---|
|  | (5 pgs) | Order on Generic Motion (BNC-PDF) No. of Notices: 1. Notice Date 06/11/2021. (Admin.) (Entered: 06/11/2021) |
| 06/15/2021 | 260<br>(7 pgs) | Stipulation By U.S. Real Estate Credit Holdings III-A, LP and *Stipulation To Continue Deadlines And Hearing With Respect To Single Asset Real Estate And Abandonment Motion* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 06/15/2021) |
| 06/15/2021 | 261<br>(6 pgs) | Notice of lodgment *Of Order In Bankruptcy Case Re: Order Granting Stipulation To Continue Deadlines And Hearing With Respect To Single Asset Real Estate And Abandonment Motion* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)260 Stipulation By U.S. Real Estate Credit Holdings III-A, LP and *Stipulation To Continue Deadlines And Hearing With Respect To Single Asset Real Estate And Abandonment Motion* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Rivas, Christopher) (Entered: 06/15/2021) |
| 06/15/2021 | 262<br>(4 pgs) | Errata *Notice Of Errata Regarding Stipulation To Continue Deadlines And Hearing With Respect To Single Asset Real Estate And Abandonment Motion* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)260 Stipulation By U.S. Real Estate Credit Holdings III-A, LP and *Stipulation To Continue Deadlines And Hearing With Respect To Single Asset Real Estate And Abandonment Motion*). (Rivas, Christopher) (Entered: 06/15/2021) |
| 06/16/2021 | 263<br>(2 pgs) | Order Approving Stipulation to continue deadlines and hearing with respect to Single Asset Real Estate and Abandonment Motion; ORDERED that the SARE deadline is extended to 7/2/21; deadline to oppose the SARE motion is 6/28/21; replies can be made verbally at the hearing; Hearing shall be on JUNE 30, 2021 @ 10AM; (BNC-PDF) (Related Doc # 260 ) Signed on 6/16/2021 (Jackson, Wendy Ann) (Entered: 06/16/2021) |
| 06/18/2021 | 264<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)263 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 06/18/2021. (Admin.) (Entered: 06/18/2021) |
| 06/23/2021 | 265 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by Trustee Richard A Marshack (TR). 341(a) Meeting Continued to 7/6/2021 at 01:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Marshack (TR), Richard) (Entered: 06/23/2021) |
| 06/23/2021 | 266<br>(7 pgs) | Status report *Chapter 11 Trustee's Status Report; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s) 201 Hearing (Bk Other) Continued). (Marshack (TR), Richard) (Entered: 06/23/2021) |
| 06/24/2021 | 267<br>(6 pgs) | Stipulation By Richard A Marshack (TR) and *Al Miller & Sons Roofing, Inc. and Tandem West Glass, Inc. to Continue Hearings on Motion for Relief from the Automatic Stay Under 11 U.S.C. Section 362, filed by Al Miller & Sons, Inc. [Re: Dk. No. 180] and Tandem West Glass, Inc. [Re: Dk. No. 181]; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Hays, D) (Entered: 06/24/2021) |
| 06/24/2021 | 268<br>(6 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)267 Stipulation By Richard A Marshack (TR) and *Al Miller & Sons Roofing, Inc. and Tandem West Glass, Inc. to Continue* |

EXHIBIT 2
PAGE 159

| | | |
|---|---|---|
| | | *Hearings on Motion for Relief from the Automatic Stay Under 11 U.S.C. Section 362, filed by Al Miller & Sons, Inc. [Re: Dk. No. 180] and Tandem West Glass, Inc. [Re: Dk. No. 181]; with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Hays, D) (Entered: 06/24/2021) |
| 06/25/2021 | 269 (2 pgs) | Order Approving Stipulation to Continue Hearing on Motions for Relief from the Automatic Stay Under 11 U.S.C. Section 362 Filed by Al Miller & Sons, Inc. and Tandem West Glass, Inc. (MTN;S CUR SCH FOR 6-29-21 @ 10AM IS CONT'D TO 7-13-21 @ 10AM; PLEASE REFER TO ORD FOR ADD'L INSTRUCTIONS) (BNC-PDF) (Related Doc # 267 ) Signed on 6/25/2021 (Kaaumoana, William) (Entered: 06/25/2021) |
| 06/25/2021 | 270 | Hearing Continued (RE: related document(s)180 Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM filed by Creditor Al Miller & Sons Roofing Co., Inc.) CONT'D TO 7-13-21 @ 10AM (Kaaumoana, William) (Entered: 06/25/2021) |
| 06/25/2021 | 271 | Hearing Continued : Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Tandem West Glass v. Doug Wall Construction, et al; with Proof of Service. (Related Doc # 181) CONT'D TO 7-13-21 @ 10AM(Kaaumoana, William) (Entered: 06/25/2021) |
| 06/25/2021 | 272 (10 pgs) | *Stipulation By Richard A Marshack (TR) and U.S. Real Estate Credit Holdings III-A, LP, Debtor, Edwin W. Leslie, Elliot Lander, Abraham Stuart Rubin and Gary Stiffelman to Continue Hearing on Motion to Excuse State Court Receiver, Edwin Leslie, from Turnover of Assets Under 11 U.S.C. Section 543; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 06/25/2021) |
| 06/25/2021 | 273 (6 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)272 Stipulation By Richard A Marshack (TR) and *U.S. Real Estate Credit Holdings III-A, LP, Debtor, Edwin W. Leslie, Elliot Lander, Abraham Stuart Rubin and Gary Stiffelman to Continue Hearing on Motion to Excuse State Court Receiver, Edwin Leslie, from). (Haes, Chad) (Entered: 06/25/2021)* |
| 06/27/2021 | 274 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)269 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 06/27/2021. (Admin.) (Entered: 06/27/2021) |
| 06/28/2021 | 275 (2 pgs) | Order Approving Stipulation To Continue Hearing On Motion To Excuse State Court Receiver, Edwin Leslie, From Turnover Of Assets Under 11 U.S.C. §543. The hearing on the Motion currently scheduled for July 7, 2021, at 10:00 a.m., is continued to July 28, 2021, at 10:00 a.m. (BNC-PDF) (Related Doc # 272 ) Signed on 6/28/2021 (Pennington-Jones, Patricia) (Entered: 06/28/2021) |
| 06/28/2021 | 276 (6 pgs) | Response to (related document(s): 182 Motion *Chapter 11 Trustee's Motion to (1) Extend the SARE Deadline Under Section 362(d)(3) or, in the Alternative, (2) Abandon the Estate's Interest in Certain Real Property; Memorandum of Points and Authorities; Declaration of Richard A. M filed by Trustee Richard A Marshack (TR)) Supplemental Response Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Houston, Marsha) (Entered: 06/28/2021)* |
| 06/30/2021 | 277 | BNC Certificate of Notice - PDF Document. (RE: related document(s)275 |

EXHIBIT 2
PAGE 160

| | | |
|---|---|---|
| | (5 pgs) | Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 1. Notice Date 06/30/2021. (Admin.) (Entered: 06/30/2021) |
| 07/01/2021 | 278 | Hearing Held (RE: related document(s)182 Generic Motion filed by Trustee Richard A Marshack (TR)); RULING - TRUSTEE TO FILE NOTICE OF WITHDRAWAL; (Jackson, Wendy Ann) (Entered: 07/01/2021) |
| 07/06/2021 | 279 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by Trustee Richard A Marshack (TR). 341(a) Meeting Continued to 7/27/2021 at 01:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Marshack (TR), Richard) (Entered: 07/06/2021) |
| 07/07/2021 | 280 (68 pgs) | Motion *MOTION FOR ORDER DISQUALIFYING REED SMITH LLP, AND/OR ANY OF ITS ATTORNEYS, FROM REPRESENTING U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP DUE TO CONFLICTS OF INTEREST GIVEN ITS ONGOING REPRESENTATION OF DEBTOR, AND PRIOR REPRESENTATION OF DEBTORS MANAGER; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF A. STUART RUBIN, ANNETTE RUBIN, EVAN L. SMITH, AND PATRICK C. McGARRIGLE, with Proof of Service* Filed by Interested Party Stuart Rubin (Smith, Evan) (Entered: 07/07/2021) |
| 07/07/2021 | 281 (62 pgs) | Application shortening time *Application for Order Setting Hearing on Shortened Notice [LBR 9075-1(b)] with Proof of Service* Filed by Interested Party Stuart Rubin (Smith, Evan). Related document(s) 280 Motion *MOTION FOR ORDER DISQUALIFYING REED SMITH LLP, AND/OR ANY OF ITS ATTORNEYS, FROM REPRESENTING U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP DUE TO CONFLICTS OF INTEREST GIVEN ITS ONGOING REPRESENTATION OF DEBTOR, AND PRIOR REPRESENTATION OF DEBT filed by Interested Party Stuart Rubin.* Modified on 7/8/2021 (Jackson, Wendy Ann). (Entered: 07/07/2021) |
| 07/08/2021 | 282 | Notice to Filer of Correction Made/No Action Required: **Other - Filer should not type in Secondary Text in all capital letters; THIS ENTRY IS PROVIDED FOR FUTURE REFERENCE.** (RE: related document(s)280 Generic Motion filed by Interested Party Stuart Rubin) (Jackson, Wendy Ann) (Entered: 07/08/2021) |
| 07/08/2021 | | Hearing (Bk Other) Continued (RE: related document(s) 1 VOLUNTARY PETITION (CHAPTER 11) filed by Glenroy Coachella, LLC) Status Hearing to be held on 07/28/2021 at 10:00 AM 255 E. Temple St. Courtroom 1539 Los Angeles, CA 90012 for 1 , (Jackson, Wendy Ann) (Entered: 07/08/2021) |
| 07/08/2021 | 283 (10 pgs; 3 docs) | Objection (related document(s): 281 Application shortening time *Application for Order Setting Hearing on Shortened Notice [LBR 9075-1(b)] with Proof of Service* filed by Interested Party Stuart Rubin) Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Attachments: # 1 Exhibit A # 2 Proof of Service) (Houston, Marsha) (Entered: 07/08/2021) |
| 07/08/2021 | 284 (4 pgs) | Order Denying Application for order setting hearing on shortened notice re: Motion for order disqualifying Reed Smith, LLP...; ORDERED that the motion may be brought on regular notice pursuant to LBR'S; (BNC-PDF) (Related Doc # 281) Signed on 7/8/2021 (Jackson, Wendy Ann) Modified on 7/8/2021 (Jackson, Wendy Ann). (Entered: 07/08/2021) |

EXHIBIT 2
PAGE 161

| 07/08/2021 | 285<br>(1 pg) | Request for Removal from Courtesy Notice of Electronic Filing (NEF) Filed by Harris, Douglas. (Harris, Douglas) (Entered: 07/08/2021) |
| 07/08/2021 | 286<br>(1 pg) | Request for Removal from Courtesy Notice of Electronic Filing (NEF) Filed by Lerner, Leib. (Lerner, Leib) (Entered: 07/08/2021) |
| 07/08/2021 | 287<br>(5 pgs) | Stipulation By Richard A Marshack (TR) and *Al Miller & Sons, Inc. and Tandem West Glass, Inc.* to Continue Hearing on Motions for Relief from the Automatic Stay; with Proof of Service Filed by Trustee Richard A Marshack (TR) (Hays, D) (Entered: 07/08/2021) |
| 07/08/2021 | 288<br>(6 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)287 Stipulation By Richard A Marshack (TR) and *Al Miller & Sons, Inc. and Tandem West Glass, Inc.* to Continue Hearing on Motions for Relief from the Automatic Stay; with Proof of Service Filed by Trustee Richard A Marshack (TR)). (Hays, D) (Entered: 07/08/2021) |
| 07/09/2021 | 289<br>(2 pgs) | Order Approving Stipulation to continue hearing on Motions for relief from stay under 11 USC Section 362 filed by AL Miller & Sons and Tandem West Glass, Inc. 180 AND 181 (BNC-PDF) (Related Doc # 287 ); ORDERED that the motions are continued to JULY 27, 2021 @ 10AM; Signed on 7/9/2021 (Jackson, Wendy Ann) (Entered: 07/09/2021) |
| 07/10/2021 | 290<br>(7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)284 ORDER shortening time (BNC-PDF)) No. of Notices: 1. Notice Date 07/10/2021. (Admin.) (Entered: 07/10/2021) |
| 07/11/2021 | 291<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)289 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 07/11/2021. (Admin.) (Entered: 07/11/2021) |
| 07/12/2021 | 292<br>(70 pgs) | Notice of Hearing *Notice of Motion For:* Filed by Creditor A. Stuart Rubin (RE: related document(s)280 Motion *MOTION FOR ORDER DISQUALIFYING REED SMITH LLP, AND/OR ANY OF ITS ATTORNEYS, FROM REPRESENTING U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP DUE TO CONFLICTS OF INTEREST GIVEN ITS ONGOING REPRESENTATION OF DEBTOR, AND PRIOR REPRESENTATION OF DEBTORS MANAGER; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF A. STUART RUBIN, ANNETTE RUBIN, EVAN L. SMITH, AND PATRICK C. McGARRIGLE, with Proof of Service* Filed by Interested Party Stuart Rubin). (Smith, Evan) (Entered: 07/12/2021) |
| 07/12/2021 | 293 | Hearing Set (RE: related document(s)280 Generic Motion filed by Interested Party Stuart Rubin) The Hearing date is set for 8/18/2021 at 10:00 AM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond (Jackson, Wendy Ann) (Entered: 07/12/2021) |
| 07/12/2021 | 294<br>(4 pgs) | Voluntary Dismissal of Motion *Notice of Voluntary Dismissal re: Chapter 11 Trustee's Motion to (1) Extend the SARE Deadline Under Section 362(d)(3) or, in the Alternative, to Abandon the Estate's Interest in Certain Real Property; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)182 Motion *Chapter 11 Trustee's Motion to (1) Extend the SARE Deadline Under Section 362(d)* |

EXHIBIT 2
PAGE 162

| | | |
|---|---|---|
| | | *(3) or, in the Alternative, (2) Abandon the Estate's Interest in Certain Real Property; Memorandum of Points and Authorities; Declaration of Richard A. M). (Hays, D) (Entered: 07/12/2021)* |
| 07/13/2021 | [295](#) (28 pgs) | Motion *Chapter 11 Trustee's Motion for Order Approving Agreement re: Estate's Receipt of Deeds from Tenants-in-Common; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Hays, D) (Entered: 07/13/2021) |
| 07/13/2021 | [296](#) (8 pgs) | Application shortening time Filed by Trustee Richard A Marshack (TR) (Haes, Chad). Related document(s) [295](#) Motion *Chapter 11 Trustee's Motion for Order Approving Agreement re: Estate's Receipt of Deeds from Tenants-in-Common; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service* filed by Trustee Richard A Marshack (TR). Modified on 7/14/2021 (Jackson, Wendy Ann). (Entered: 07/13/2021) |
| 07/13/2021 | [297](#) (4 pgs) | Notice of Appearance and Request for Notice by Christopher O Rivas Filed by Respondent Reed Smith LLP. (Rivas, Christopher) (Entered: 07/13/2021) |
| 07/13/2021 | [298](#) (5 pgs) | Stipulation By Richard A Marshack (TR) and *Al Miller & Sons Roofing, Inc., and Tandem West Glass, Inc. to Continue Hearings on Motions for Relief from the Automatic Stay Under 11 U.S.C. Section 362; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Hays, D) (Entered: 07/13/2021) |
| 07/13/2021 | [299](#) (6 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[298](#) Stipulation By Richard A Marshack (TR) and *Al Miller & Sons Roofing, Inc., and Tandem West Glass, Inc. to Continue Hearings on Motions for Relief from the Automatic Stay Under 11 U.S.C. Section 362; with Proof of Service*). (Hays, D) (Entered: 07/13/2021) |
| 07/14/2021 | [300](#) (5 pgs) | Order Granting Application and Setting hearing on shortened notice re: Chapter 11 Trustee's Motion for order approving agreement re: Estate's Receipt of Deeds from Tenants-in-Common; ORDERED that the hearing is set for: JULY 21, 2021 @ 10AM; (BNC-PDF) (Related Doc # [296](#) ) Signed on 7/14/2021 (Jackson, Wendy Ann) (Entered: 07/14/2021) |
| 07/14/2021 | [301](#) (2 pgs) | Order Approving Stipulation to continue hearing on Motions for relief from stay under 11 USC Section 362 filed by AL Miller & Sons, Inc. and Tandem West Glass, Inc. [180](#) and [181](#) ; ORDERED that the hearings are continued to AUGUST 17, 2021 @ 10AM; (BNC-PDF) (Related Doc # [298](#) ) Signed on 7/14/2021 (Jackson, Wendy Ann) (Entered: 07/14/2021) |
| 07/14/2021 | 302 | Hearing Set (RE: related document(s)[295](#) Generic Motion filed by Trustee Richard A Marshack (TR) The Hearing date is set for 7/21/2021 at 10:00 AM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond (Jackson, Wendy Ann) (Entered: 07/14/2021) |
| 07/14/2021 | [303](#) (23 pgs) | Notice of Hearing Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[295](#) Motion *Chapter 11 Trustee's Motion for Order Approving Agreement re: Estate's Receipt of Deeds from Tenants-in-Common; Memorandum of Points and Authorities; Declaration of* |

EXHIBIT 2
PAGE 163

| | | |
|---|---|---|
| | | *Richard A. Marshack in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Haes, Chad) (Entered: 07/14/2021) |
| 07/15/2021 | [304](#)<br>(9 pgs) | Stipulation By Richard A Marshack (TR) and *Debtor, U.S. Real Estate Credit Holdings III-A, LP, Edwin W. Leslie, Elliot Lander and Abraham Stuart Rubin, and Gary Stiffelman to Continue Hearing on Motion to Excuse State Court Receiver, Edwin Leslie, from Turnover of Assets Under 11 U.S.C. Section 543 and Status Conference; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Hays, D) (Entered: 07/15/2021) |
| 07/15/2021 | [305](#)<br>(9 pgs) | Stipulation By Richard A Marshack (TR) and *Debtor, U.S. Real Estate Credit Holdings III-A, LP, Edwin Leslie, Elliot Lander and Abraham Stuart Rubin and Gary Stiffelman to Continue Hearing on Motion to Excuse State Court Receiver, Edwin Leslie from Turnover of Assets Under 11 U.S.C. Section 543 and Status Conference; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 07/15/2021) |
| 07/15/2021 | [306](#)<br>(7 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[305](#) Stipulation By Richard A Marshack (TR) and *Debtor, U.S. Real Estate Credit Holdings III-A, LP, Edwin Leslie, Elliot Lander and Abraham Stuart Rubin and Gary Stiffelman to Continue Hearing on Motion to Excuse State Court Receiver, Edwin Leslie from).* (Haes, Chad) (Entered: 07/15/2021) |
| 07/16/2021 | [307](#)<br>(7 pgs) | Declaration re: *Declaration Regarding Service and Notice of Hearing re: Chapter 11 Trustee's Motion for Order Approving Agreement re: Estate's Receipt of Deeds from Tenants-in-Common; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[295](#) Motion *Chapter 11 Trustee's Motion for Order Approving Agreement re: Estate's Receipt of Deeds from Tenants-in-Common; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service).* (Haes, Chad) (Entered: 07/16/2021) |
| 07/16/2021 | [308](#)<br>(2 pgs) | Order Approving Stipulation to continue hearing on Motion to Excuse State Court REceiver, Edwin Leslie, from turnover of assets under 11 USC Section 543 and Status Conference; ORDERED that the hearing on the Motion to Excuse State Court Receiver and the Status Conference is continued to AUGUST 18, 2021 @ 10AM; (BNC-PDF) (Related Doc # [305](#)) Signed on 7/16/2021 (Jackson, Wendy Ann). Related document(s) [304](#) Stipulation By Richard A Marshack (TR) and *Debtor, U.S. Real Estate Credit Holdings III-A, LP, Edwin W. Leslie, Elliot Lander and Abraham Stuart Rubin, and Gary Stiffelman to Continue Hearing on Motion to Excuse State Court Receiver, Edwin Leslie, filed by Trustee Richard A Marshack (TR). Modified on 7/16/2021 to relate this order to both Stipulations; Stipulations are duplicate; (Jackson, Wendy Ann). (Entered: 07/16/2021)* |
| 07/16/2021 | [309](#)<br>(8 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[300](#) ORDER shortening time (BNC-PDF)) No. of Notices: 1. Notice Date 07/16/2021. (Admin.) (Entered: 07/16/2021) |
| 07/16/2021 | [310](#)<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[301](#) ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 07/16/2021. (Admin.) (Entered: 07/16/2021) |

EXHIBIT 2
PAGE 164

| Date | Doc # | Description |
|---|---|---|
| 07/18/2021 | 311 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)308 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 07/18/2021. (Admin.) (Entered: 07/18/2021) |
| 07/20/2021 | 312 (52 pgs) | Objection (related document(s): 295 Motion *Chapter 11 Trustee's Motion for Order Approving Agreement re: Estate's Receipt of Deeds from Tenants-in-Common; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service* filed by Trustee Richard A Marshack (TR)) *Limited Objection To Chapter 11 Trustees Motion For Order Approving Agreement Re: Estates Receipt Of Deeds From Tenants-in-Common* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 07/20/2021) |
| 07/20/2021 | 313 (23 pgs) | Reply to (related document(s): 295 Motion *Chapter 11 Trustee's Motion for Order Approving Agreement re: Estate's Receipt of Deeds from Tenants-in-Common; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service* filed by Trustee Richard A Marshack (TR)) *Response of Edwin W. Leslie, Receiver, to Trustee's Motion for Order Approving Agreement Re: Estate's Receipt of Deeds from Tenants-in-Common (with Proof of Service)* Filed by Interested Party Edwin W. Leslie, Receiver (Tippie, Alan) (Entered: 07/20/2021) |
| 07/20/2021 | 314 (14 pgs) | Amended Schedule A/B Non-Individual: Property (Official Form 106A/B or 206A/B) , Schedule G Non-Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) Filed by Debtor Glenroy Coachella, LLC. (Lindsey, Crystle) (Entered: 07/20/2021) |
| 07/21/2021 | 315 | Hearing Held (Bk Motion) (RE: related document(s) 295 Generic Motion); RULING - GRANTED; ORDER TO FOLLOW FROM MR. HAYS; (Jackson, Wendy Ann) (Entered: 07/21/2021) |
| 07/26/2021 | 316 (8 pgs; 3 docs) | Chapter 11 Monthly Operating Report for the Month Ending: 06/30/2021 Filed by Trustee Richard A Marshack (TR). (Attachments: # 1 Supporting Documents # 2 Supplemental Explanatory Note to 6/30/21 MOR) (Marshack (TR), Richard) (Entered: 07/26/2021) |
| 07/27/2021 | 317 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by Trustee Richard A Marshack (TR). 341(a) Meeting Continued to 9/10/2021 at 10:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Marshack (TR), Richard) (Entered: 07/27/2021) |
| 07/28/2021 | 318 (18 pgs) | Chapter 11 Monthly Operating Report for the Month Ending: 05/31/2021 Filed by Trustee Richard A Marshack (TR). (Marshack (TR), Richard) (Entered: 07/28/2021) |
| 07/28/2021 | 319 (3 pgs) | Proof of service Filed by Trustee Richard A Marshack (TR) (RE: related document(s)316 Chapter 11 Monthly Operating Report (UST Form 11-MOR)). (Marshack (TR), Richard) (Entered: 07/28/2021) |
| 07/28/2021 | 320 (10 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)295 Motion *Chapter 11 Trustee's Motion for Order Approving Agreement re: Estate's Receipt of Deeds from Tenants-in-Common; Memorandum of Points and Authorities; Declaration of* |

EXHIBIT 2
PAGE 165

| | | |
|---|---|---|
| | | *Richard A. Marshack in Support; with Proof of Service).* (Hays, D) (Entered: 07/28/2021) |
| 07/28/2021 | [321](#) (5 pgs) | Order Granting Chapter 11 Trustee's Motion For Order Approving Agreement Re: Estate's Receipt Of Deeds From Tenants-In-Common (BNC-PDF) (Related Doc # [295](#) ) Signed on 7/28/2021 (Pennington-Jones, Patricia) (Entered: 07/28/2021) |
| 07/28/2021 | [322](#) (49 pgs) | Motion to Approve Compromise Under Rule 9019 *Trustee's Motion to Approve Compromise with U.S. Real Estate Credit Holdings III-A, L.P. Re Lender's Consent to Sale Free and Clear of Lien and to Approve Credit Bid; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service [Hrg. 8/18/21 at 10:00 a.m., Ctrm 1539]* Filed by Trustee Richard A Marshack (TR) (Hays, D) (Entered: 07/28/2021) |
| 07/28/2021 | [323](#) (19 pgs) | Notice of motion/application Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[322](#) Motion to Approve Compromise Under Rule 9019 *Trustee's Motion to Approve Compromise with U.S. Real Estate Credit Holdings III-A, L.P. Re Lender's Consent to Sale Free and Clear of Lien and to Approve Credit Bid; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service [Hrg. 8/18/21 at 10:00 a.m., Ctrm 1539]* Filed by Trustee Richard A Marshack (TR)). (Hays, D) (Entered: 07/28/2021) |
| 07/28/2021 | [324](#) (232 pgs) | Motion to Convert Case From Chapter 11 to 7. *Pursuant to 11 U.S.C. Sections 1112(b); Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service [Hrg. 8/18/21 at 10:00 a.m., Ctrm. 1539]* Fee Amount $15 Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 07/28/2021) |
| 07/28/2021 | | Receipt of Motion to Convert Case( [2:21-bk-11188-BB](#)) [motion,mconv] ( 15.00) Filing Fee. Receipt number A53216225. Fee amount 15.00. (re: Doc# [324](#)) (U.S. Treasury) (Entered: 07/28/2021) |
| 07/28/2021 | [325](#) (18 pgs) | Notice of motion/application Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[324](#) Motion to Convert Case From Chapter 11 to 7. *Pursuant to 11 U.S.C. Sections 1112(b); Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service [Hrg. 8/18/21 at 10:00 a.m., Ctrm. 1539]* Fee Amount $15 Filed by Trustee Richard A Marshack (TR)). (Haes, Chad) (Entered: 07/28/2021) |
| 07/29/2021 | | Hearing Set (RE: related document(s) [322](#) Motion to Approve Compromise Under Rule 9019 filed by Richard A Marshack (TR)) Hearing to be held on 08/18/2021 at 10:00 AM 255 E. Temple St. Courtroom 1539 Los Angeles, CA 90012. The hearing judge is Sheri Bluebond (Pennington-Jones, Patricia) (Entered: 07/29/2021) |
| 07/29/2021 | | Hearing Set (RE: related document(s) [324](#) Motion to Convert Case filed by Richard A Marshack (TR)) Hearing to be held on 08/18/2021 at 10:00 AM 255 E. Temple St. Courtroom 1539 Los Angeles, CA 90012. The hearing judge is Sheri Bluebond (Pennington-Jones, Patricia) (Entered: 07/29/2021) |
| 07/29/2021 | [326](#) (7 pgs) | Motion to Appear pro hac vice Filed by Creditor Committee Committee of Unsecured Creditors (Brinkman, Daren) (Entered: 07/29/2021) |

EXHIBIT 2
PAGE 166

| 07/30/2021 | 327 | Notice to Filer of Error and/or Deficient Document **(1) Document filed without holographic signature of Jory D. Cook; (2) Incorrect docket event was used to file this document. The correct docket event is: Non-resident attorney to appear in a specific case per Local Bankruptcy rule; (3) Attach a copy of the receipt.THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE PROPER SIGNATURES AND USING THE CORRECT DOCKET EVENT;** (RE: related document(s)326 Motion to Appear pro hac vice filed by Creditor Committee Committee of Unsecured Creditors) (Pennington-Jones, Patricia) (Entered: 07/30/2021) |
| 07/30/2021 | 328 (8 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)321 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 07/30/2021. (Admin.) (Entered: 07/30/2021) |
| 08/03/2021 | 329 (4 pgs) | Motion to Continue Hearing On (related documents 280 Generic Motion) *Stipulation To Continue Hearing On Disqualification Motion* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 08/03/2021) |
| 08/03/2021 | 330 (6 pgs) | Notice of lodgment *Of Order In Bankruptcy Case Re: Order Granting Stipulation To Continue Hearing On Disqualification Motion* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)329 Motion to Continue Hearing On (related documents 280 Generic Motion) *Stipulation To Continue Hearing On Disqualification Motion*). (Rivas, Christopher). Related document(s) 334 Stipulation By U.S. Real Estate Credit Holdings III-A, LP and *Stipulation To Continue Hearing On Disqualification Motion* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP. Modified on 8/4/2021 (Jackson, Wendy Ann). (Entered: 08/03/2021) |
| 08/03/2021 | 331 | Notice to Filer of Error and/or Deficient Document **Incorrect docket event was used to file this document. The Correct docket event is: Stipulation (motion); THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT USING THE CORRECT DOCKET EVENT.** (RE: related document(s)329 Motion to Continue/Reschedule Hearing filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) (Jackson, Wendy Ann) (Entered: 08/03/2021) |
| 08/04/2021 | 332 (9 pgs) | Stipulation By Stuart Rubin and *Richard Marshack, Chapter 11 Trustee; U.S. Real Estate Credit Holdings III-A, L.P., and Official Committee of Unsecured Creditors to Continue Hearings on Chapter 11 Trustee's Motions For: (1) Approval of Compromise With U.S. Real Estate Credit Holdings III-A, L.P. Re Lender's Consent to Sale Free and Clear of Lien and to Approve Credit Bid; and (2) To Convert Case to One Under Chapter 7 Pursuant to 11 U.S.C Sec 1112(B); and (3) Status Conference, with Proof of Service* Filed by Interested Party Stuart Rubin (Smith, Evan) (Entered: 08/04/2021) |
| 08/04/2021 | 333 (7 pgs) | Notice of lodgment *with Proof of Service* Filed by Interested Party Stuart Rubin (RE: related document(s)322 Motion to Approve Compromise Under Rule 9019 *Trustee's Motion to Approve Compromise with U.S. Real Estate Credit Holdings III-A, L.P. Re Lender's Consent to Sale Free and Clear of Lien and to Approve Credit Bid; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service [Hrg. 8/18/2021 at 10:00 a.m., Ctrm 1539]* Filed by Trustee Richard A Marshack (TR), 324 Motion to Convert Case From Chapter 11 to 7. *Pursuant to 11 U.S.C. Sections 1112(b); Memorandum of* |

EXHIBIT 2
PAGE 167

| | | |
|---|---|---|
| | | *Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service [Hrg. 8/18/21 at 10:00 a.m., Ctrm. 1539]* Fee Amount $15 Filed by Trustee Richard A Marshack (TR)). (Smith, Evan). Related document(s) 332 Stipulation By Stuart Rubin and *Richard Marshack, Chapter 11 Trustee; U.S. Real Estate Credit Holdings III-A, L.P., and Official Committee of Unsecured Creditors to Continue Hearings on Chapter 11 Trustee's Motions For: (1) Approval of Compro* filed by Interested Party Stuart Rubin. Modified on 8/4/2021 (Jackson, Wendy Ann). (Entered: 08/04/2021) |
| 08/04/2021 | 334 (4 pgs) | Stipulation By U.S. Real Estate Credit Holdings III-A, LP and *Stipulation To Continue Hearing On Disqualification Motion* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 08/04/2021) |
| 08/04/2021 | 335 (2 pgs) | Order Approving Stipulation to continue hearing on Disqualification Motion 280 ; ORDERED that the hearing is continued to SEPTEMBER 1, 2021 @ 10AM; (BNC-PDF) (Related Doc # 334 ) Signed on 8/4/2021 (Jackson, Wendy Ann) (Entered: 08/04/2021) |
| 08/04/2021 | 336 (2 pgs) | Order Approving Stipulation to continue hearings on Chapter 11 Trustee's Motions for 1) Approval of Compromise with U.S. Real EState Credit Holdings, III-A, LP re: Lender's consent to sale free and clear of liens and to approve credit bid; 2) To Convert Case to one under Chapter 7 pursuant to 11 USC Section 1112(B) and 3). Status Conference; ORDERED that the hearings are continued to AUGUST 31, 2021 @ 2PM; (BNC-PDF) (Related Doc # 332 ) Signed on 8/4/2021 (Jackson, Wendy Ann) (Entered: 08/04/2021) |
| 08/04/2021 | | Hearing (Bk Motion) Continued (RE: related document(s) 280 GENERIC MOTION filed by Stuart Rubin) Hearing to be held on 09/01/2021 at 10:00 AM 255 E. Temple St. Courtroom 1539 Los Angeles, CA 90012 for 280 , (Jackson, Wendy Ann) (Entered: 08/04/2021) |
| 08/05/2021 | 337 (11 pgs) | Stipulation By Richard A Marshack (TR) and *Debtor, U.S. Real Estate Credit Holdings III-A LP, Edwin Leslie, Elliot Lander, Abraham Stuart Rubin and Gary Stiffelman to Continue Hearing on Motion to Excuse State Court Receiver, Edwin Leslie from Turnover of Assets Under 11 U.S.C. Section 543, with proof of service* Filed by Trustee Richard A Marshack (TR) (Hays, D) (Entered: 08/05/2021) |
| 08/05/2021 | 338 (7 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)337 Stipulation By Richard A Marshack (TR) and *Debtor, U.S. Real Estate Credit Holdings III-A LP, Edwin Leslie, Elliot Lander, Abraham Stuart Rubin and Gary Stiffelman to Continue Hearing on Motion to Excuse State Court Receiver, Edwin Leslie from Turnover of Assets Under 11 U.S.C. Section 543, with proof of service* Filed by Trustee Richard A Marshack (TR)). (Hays, D) (Entered: 08/05/2021) |
| 08/06/2021 | 339 (2 pgs) | Order Approving Stipulation to continue hearing on Motion to Excuse State Court Receiver, Edwin Leslie, from turnover of assets under 11 USC Section 543; ORDERED that the hearing is continued to AUGUST 31, 2021 @ 2PM; (BNC-PDF) (Related Doc # 337 ) Signed on 8/6/2021 (Jackson, Wendy Ann) (Entered: 08/06/2021) |
| 08/06/2021 | 340 (5 pgs) | *Stipulation By Richard A Marshack (TR) and Al Miller & Sons Roofing, Inc. and Tandem West Glass, Inc. to Continue Hearing on Motions for* |

EXHIBIT 2
PAGE 168

| | | |
|---|---|---|
| | | *Relief from the Automatic Stay Under 11 U.S.C. Section 363 filed by Al Miller & Sons, Inc. and Tandem West Glass, Inc.; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Hays, D) (Entered: 08/06/2021) |
| 08/06/2021 | [341](#) (6 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[340](#) Stipulation By Richard A Marshack (TR) *and Al Miller & Sons Roofing, Inc. and Tandem West Glass, Inc. to Continue Hearing on Motions for Relief from the Automatic Stay Under 11 U.S.C. Section 363 filed by Al Miller & Sons, Inc. and Tandem West Glas). (Hays, D) (Entered: 08/06/2021)* |
| 08/06/2021 | [342](#) (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[335](#) ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 08/06/2021. (Admin.) (Entered: 08/06/2021) |
| 08/06/2021 | [343](#) (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[336](#) ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 08/06/2021. (Admin.) (Entered: 08/06/2021) |
| 08/08/2021 | [344](#) (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[339](#) ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 08/08/2021. (Admin.) (Entered: 08/08/2021) |
| 08/09/2021 | [345](#) (2 pgs) | Order Approving Stipulation to continue hearing on Motions for Relief from the automatic stay under 11 USC Section 362 filed by AL Miller & Sons, Inc. and Tandem West Glass, Inc.; ORDERED that the hearings are continued to AUGUST 31, 2021 @ *2PM; oppositions by 8/20/21; replies by 8/25/21; (BNC-PDF) (Related Doc # [340](#)) Signed on 8/9/2021 (Jackson, Wendy Ann) Modified on 8/23/2021 to correct the time of the hearing. The correct hearing time is: 2:00pm; (Jackson, Wendy Ann). (Entered: 08/09/2021) |
| 08/11/2021 | [346](#) (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[345](#) ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 08/11/2021. (Admin.) (Entered: 08/11/2021) |
| 08/17/2021 | [347](#) (7 pgs) | Opposition to (related document(s): [322](#) Motion to Approve Compromise Under Rule 9019 *Trustee's Motion to Approve Compromise with U.S. Real Estate Credit Holdings III-A, L.P. Re Lender's Consent to Sale Free and Clear of Lien and to Approve Credit Bid; Memorandum of Points and Aut filed by Trustee Richard A Marshack (TR) Limited Opposition to Chapter 11 Trustees Compromise Motion Re: U.S. Real Estate Credit Holdings Claims and Proposed Treatment of Sale; with Proof of Service Filed by Creditors Al Miller & Sons Roofing Co., Inc., Apple J. Plumbing, Desert Palm Electric, Inc., Jacobsson Engineering Construction, Inc., Mascorro Concrete Construction, Inc., Tandem West Glass, Inc., Temalpakh, Inc. dba The Works Floor & Wall (Polis, Thomas) (Entered: 08/17/2021)* |
| 08/17/2021 | [348](#) (25 pgs; 8 docs) | Request for judicial notice *with Proof of Service* Filed by Creditors Al Miller & Sons Roofing Co., Inc., Apple J. Plumbing, Desert Palm Electric, Inc., Jacobsson Engineering Construction, Inc., Mascorro Concrete Construction, Inc., Tandem West Glass, Inc., Temalpakh, Inc. |

EXHIBIT 2
PAGE 169

| | | |
|---|---|---|
| | | dba The Works Floor & Wall (RE: related document(s)347 Opposition). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G) (Polis, Thomas) (Entered: 08/17/2021) |
| 08/17/2021 | 349 (8 pgs) | Status Report for Chapter 11 Status Conference *Chapter 11 Trustee's Status Report; with Proof of Service* Filed by Trustee Richard A Marshack (TR). (Hays, D) (Entered: 08/17/2021) |
| 08/17/2021 | 350 (9 pgs) | Opposition to (related document(s): 42 Motion *to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) *Chapter 11 Trustee's Response to Motion to Excuse State Court Receiver, Edwin Leslie, from Turnover of Assets Under 11 U.S.C. Section 543; Declaration of Chad V. Haes in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 08/17/2021) |
| 08/17/2021 | 351 (14 pgs) | Opposition to (related document(s): 322 Motion to Approve Compromise Under Rule 9019 *Trustee's Motion to Approve Compromise with U.S. Real Estate Credit Holdings III-A, L.P. Re Lender's Consent to Sale Free and Clear of Lien and to Approve Credit Bid; Memorandum of Points and Aut filed by Trustee Richard A Marshack (TR)) //Limited Opposition Filed by Creditor Doug Wall Construction (Djang, Caroline) (Entered: 08/17/2021)* |
| 08/17/2021 | 352 (70 pgs) | Request for judicial notice Filed by Creditor Doug Wall Construction (RE: related document(s)351 Opposition). (Djang, Caroline) (Entered: 08/17/2021) |
| 08/17/2021 | 353 (154 pgs; 4 docs) | Opposition to (related document(s): 322 Motion to Approve Compromise Under Rule 9019 *Trustee's Motion to Approve Compromise with U.S. Real Estate Credit Holdings III-A, L.P. Re Lender's Consent to Sale Free and Clear of Lien and to Approve Credit Bid; Memorandum of Points and Aut filed by Trustee Richard A Marshack (TR),* 323 Notice of motion/application filed by Trustee Richard A Marshack (TR)) *Opposition to Trustee's Motion to Approve Compromise With U.S. Real Estate Credit Holdings III-A, L.P. Re Lender's Consent to Sale Free and Clear of Lien, and to Approve Credit Bid; Memrandum; and Declarations of A. Stuart Rubin, Michal Rogson, and Evan L. Smith Filed by Creditor A. Stuart Rubin (Attachments: # 1 Exhibits 1-3 # 2 Exhibits 4-6 # 3 Exhibits 7-9) (Smith, Evan) (Entered: 08/17/2021)* |
| 08/17/2021 | 354 (4 pgs) | Proof of service *of Opposition to Trustee's Motion to Approve Compromise With U.S. Real Estate Credit Holdings III-A, L.P. Re Lender's Consent to Sale Free and Clear of Lien, and to Approve Credit Bid; Memrandum; and Declarations of A. Stuart Rubin, Michal Rogson, and Evan L. Smith* Filed by Creditor A. Stuart Rubin (RE: related document(s)322 Motion to Approve Compromise Under Rule 9019 *Trustee's Motion to Approve Compromise with U.S. Real Estate Credit Holdings III-A, L.P. Re Lender's Consent to Sale Free and Clear of Lien and to Approve Credit Bid; Memorandum of Points and Aut).* (Smith, Evan) (Entered: 08/17/2021) |
| 08/17/2021 | 355 (7 pgs) | Opposition to (related document(s): 324 Motion to Convert Case From Chapter 11 to 7. *Pursuant to 11 U.S.C. Sections 1112(b); Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service [Hrg. 8/18/21 at 10:00 a.m., Ctrm. 1539]* Fee |

EXHIBIT 2
PAGE 170

| | | |
|---|---|---|
| | | Amount filed by Trustee Richard A Marshack (TR)) Filed by Creditor Committee Committee of Unsecured Creditors (Brinkman, Daren) (Entered: 08/17/2021) |
| 08/18/2021 | 356 | Notice to Filer of Error and/or Deficient Document **Incorrect docket event was used to file this document. The correct docket event is: RESPONSE; THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT USING THE CORRECT DOCKET EVENT.** (RE: related document(s)350 Opposition filed by Trustee Richard A Marshack (TR)) (Jackson, Wendy Ann) (Entered: 08/18/2021) |
| 08/18/2021 | 357 | Notice to Filer of Error and/or Deficient Document **Incorrect/incomplete/unreadable PDF was attached to the docket entry. All documents filed with the court must have a pleading coversheet that includes debtors name, case number and title of document; see court manual section 2.5(c)(3); THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE CORRECT PDF IMMEDIATELY.** (RE: related document(s)354 Proof of service filed by Creditor A. Stuart Rubin) (Jackson, Wendy Ann) (Entered: 08/18/2021) |
| 08/18/2021 | 358 | Notice to Filer of Error and/or Deficient Document **Incorrect/incomplete/unreadable PDF was attached to the docket entry. All PDF files must be flattened prior to uploading in the courts CM/ECF system - Court Manual Section 3.5(k). (The proof of service has interactive fields and must be flatten); THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE CORRECT PDF IMMEDIATELY.** (RE: related document(s)355 Opposition filed by Creditor Committee Committee of Unsecured Creditors) (Jackson, Wendy Ann) (Entered: 08/18/2021) |
| 08/18/2021 | 359 (5 pgs) | Proof of service *Opposition to Trustee's Motion to Approve Compromise With U.S. Real Estate Credit Holdings III-A, L.P. Re Lender's Consent to Sale Free and Clear of Lien, and to Approve Credit Bid; Memorandum. and Declarations of A. Stuart Rubin, Michal Rogson, and Evan L. Smith* Filed by Creditor A. Stuart Rubin (RE: related document(s)353 Opposition). (Smith, Evan) (Entered: 08/18/2021) |
| 08/18/2021 | 360 (24 pgs) | Opposition to (related document(s): 280 Motion *MOTION FOR ORDER DISQUALIFYING REED SMITH LLP, AND/OR ANY OF ITS ATTORNEYS, FROM REPRESENTING U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP DUE TO CONFLICTS OF INTEREST GIVEN ITS ONGOING REPRESENTATION OF DEBTOR, AND PRIOR REPRESENTATION OF DEBT filed by Interested Party Stuart Rubin) U.S. Real Estate Credit Holdings III-A, L.Ps Opposition To Motion To Disqualify Reed Smith LLP* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 08/18/2021) |
| 08/18/2021 | 361 (7 pgs) | Objection (related document(s): 280 Motion *MOTION FOR ORDER DISQUALIFYING REED SMITH LLP, AND/OR ANY OF ITS ATTORNEYS, FROM REPRESENTING U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP DUE TO CONFLICTS OF INTEREST GIVEN ITS ONGOING REPRESENTATION OF DEBTOR, AND PRIOR REPRESENTATION OF DEBT filed by Interested Party Stuart Rubin) Evidentiary Objections In Support Of U.S. Real Estate Credit Holdings III-A, L.P., Opposition To Motion To Disqualify Reed Smith* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 08/18/2021) |

EXHIBIT 2
PAGE 171

| 08/18/2021 | 362<br>(248 pgs) | Declaration re: *Declaration of Marsha A. Houston* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)360 Opposition). (Rivas, Christopher) (Entered: 08/18/2021) |
| --- | --- | --- |
| 08/18/2021 | 363<br>(59 pgs) | Declaration re: *Declaration of Peter Kennedy* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)360 Opposition). (Rivas, Christopher) (Entered: 08/18/2021) |
| 08/18/2021 | 364<br>(135 pgs) | Declaration re: *Declaration of Richard C. Giller* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)360 Opposition). (Rivas, Christopher) (Entered: 08/18/2021) |
| 08/18/2021 | 365<br>(4 pgs) | Declaration re: *Declaration of David Halbreich* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)360 Opposition). (Rivas, Christopher) (Entered: 08/18/2021) |
| 08/18/2021 | 366<br>(5 pgs) | Declaration re: *Declaration of Ashley Rodriguez* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)360 Opposition). (Rivas, Christopher) (Entered: 08/18/2021) |
| 08/18/2021 | 367<br>(5 pgs) | Declaration re: *Declaration of Stefania Hoffstetter* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)360 Opposition). (Rivas, Christopher) (Entered: 08/18/2021) |
| 08/18/2021 | 368<br>(4 pgs) | Declaration re: *Declaration of Nathan M. Carle* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)360 Opposition). (Rivas, Christopher) (Entered: 08/18/2021) |
| 08/18/2021 | 369 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date/time/location was selected. Missing hearing date of the Motion that the declarations are related to. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENTS WITH THE CORRECT HEARING INFORMATION.** (RE: related document(s)362 Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 363 Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 364 Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 365 Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 366 Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 367 Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 368 Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) (Jackson, Wendy Ann) (Entered: 08/18/2021) |
| 08/18/2021 | 370<br>(6 pgs) | Opposition to (related document(s): 280 Motion *MOTION FOR ORDER DISQUALIFYING REED SMITH LLP, AND/OR ANY OF ITS ATTORNEYS, FROM REPRESENTING U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP DUE TO CONFLICTS OF INTEREST GIVEN ITS ONGOING REPRESENTATION OF DEBTOR, AND PRIOR REPRESENTATION OF DEBT filed by Interested Party Stuart Rubin) Chapter 11 Trustee's Statement in Opposition to Motion to Disqualify Reed & Smith as Counsel of Record For U.S. Real Estate Credit Holdings III; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Hays, D) (Entered: 08/18/2021) |
| 08/18/2021 | 371<br>(248 pgs) | Declaration re: *Declaration of Marsha A. Houston* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)360 Opposition). (Rivas, Christopher) (Entered: 08/18/2021) |

**EXHIBIT 2
PAGE 172**

CM/ECF - U.S. Bankruptcy Court (v1.5.3 - LIVE)

| | | |
|---|---|---|
| 08/18/2021 | 372<br>(59 pgs) | Declaration re: *Declaration of Peter Kennedy* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)360 Opposition). (Rivas, Christopher) (Entered: 08/18/2021) |
| 08/18/2021 | 373<br>(135 pgs) | Declaration re: *Declaration of Richard C. Giller* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)360 Opposition). (Rivas, Christopher) (Entered: 08/18/2021) |
| 08/18/2021 | 374<br>(4 pgs) | Declaration re: *Declaration of David Halbreich* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)360 Opposition). (Rivas, Christopher) (Entered: 08/18/2021) |
| 08/18/2021 | 375<br>(5 pgs) | Declaration re: *Declaration of Ashley Rodriguez* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)360 Opposition). (Rivas, Christopher) (Entered: 08/18/2021) |
| 08/18/2021 | 376<br>(4 pgs) | Declaration re: *Declaration of Nathan M. Carle* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)360 Opposition). (Rivas, Christopher) (Entered: 08/18/2021) |
| 08/18/2021 | 377<br>(5 pgs) | Declaration re: *Declaration of Stefania Hoffstetter* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)360 Opposition). (Rivas, Christopher) (Entered: 08/18/2021) |
| 08/19/2021 | 378<br>(10 pgs) | Chapter 11 Monthly Operating Report for the Month Ending: 07/31/2021 Filed by Trustee Richard A Marshack (TR). (Marshack (TR), Richard) (Entered: 08/19/2021) |
| 08/19/2021 | 379<br>(9 pgs) | Response to (related document(s): 42 Motion *to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) *Chapter 11 Trustee's Response to Motion to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Declaration of Chad V. Haes; and Proof of Service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 08/19/2021) |
| 08/20/2021 | 380<br>(10 pgs) | Stipulation By Richard A Marshack (TR) and *Debtor, U.S. Real Estate Credit Holdings III-A, LP, Edwin W. Leslie, Elliot Lander and Abraham Stuart Rubin and Gary Stiffelman to continue hearing on Motion to Excuse State Court Receiver, Edwin Leslie, from Turnover of Assets Under 11 U.S.C. Section 543; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Hays, D) (Entered: 08/20/2021) |
| 08/20/2021 | 381<br>(7 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)380 Stipulation By Richard A Marshack (TR) and *Debtor, U.S. Real Estate Credit Holdings III-A, LP, Edwin W. Leslie, Elliot Lander and Abraham Stuart Rubin and Gary Stiffelman to continue hearing on Motion to Excuse State Court Receiver, Edwin Leslie, f). (Hays, D) (Entered: 08/20/2021)* |
| 08/20/2021 | 382<br>(21 pgs) | Opposition to (related document(s): 180 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *Al Miller & Sons Roofing v. Doug Wall Construction et al; with Proof of Service*. Fee Amount $188, filed by Creditor Al Miller & Sons Roofing Co., Inc.) Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 08/20/2021) |

EXHIBIT 2
PAGE 173

| | | |
|---|---|---|
| 08/20/2021 | [383](#) <br> (21 pgs) | Opposition to (related document(s): [181](#) Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *Tandem West Glass v. Doug Wall Construction, et al; with Proof of Service*. Fee Amount $188, filed by Creditor Tandem West Glass, Inc.) Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 08/20/2021) |
| 08/23/2021 | [384](#) <br> (2 pgs) | Request for special notice Filed by Creditor Ally Bank Lease Trust - Assignor to Vehicle Asset Universal Leasing Trust (a.k.a. "VAULT TRUST", or "V.A.U.L. Trust", or "VAULT", or "V.A.U.L.T."), c/o AIS Port. (Rawal, Arvind) (Entered: 08/23/2021) |
| 08/23/2021 | [385](#) <br> (2 pgs) | Order Approving Stipulation to continue hearing on Motion to Excuse State Court Receiver Edwin Leslie, from turnover of assets under 11 USC Section 543; ORDERED that the hearing is continued to SEPTEMBER 29, 2021 @ 10AM; (BNC-PDF) (Related Doc # [380](#) ) Signed on 8/23/2021 (Jackson, Wendy Ann) (Entered: 08/23/2021) |
| 08/23/2021 | [386](#) <br> (6 pgs) | Reply to (related document(s): [353](#) Opposition filed by Creditor A. Stuart Rubin) *Joining Opposition to Motion to Approve Compromise* Filed by Creditor Committee Committee of Unsecured Creditors (Brinkman, Daren) (Entered: 08/23/2021) |
| 08/24/2021 | 387 | Notice to Filer of Error and/or Deficient Document **Incorrect docket event was used to file this document. The correct docket event is: OPPOSITION; THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT USING THE CORRECT DOCKET EVENT.** (RE: related document(s)[386](#) Reply filed by Creditor Committee Committee of Unsecured Creditors) (Jackson, Wendy Ann) (Entered: 08/24/2021) |
| 08/24/2021 | [388](#) <br> (6 pgs) | Opposition to (related document(s): [322](#) Motion to Approve Compromise Under Rule 9019 *Trustee's Motion to Approve Compromise with U.S. Real Estate Credit Holdings III-A, L.P. Re Lender's Consent to Sale Free and Clear of Lien and to Approve Credit Bid; Memorandum of Points and Aut* filed by Trustee Richard A Marshack (TR), [353](#) Opposition filed by Creditor A. Stuart Rubin) *Joinder in Opposition to Motion Filed by Creditor Committee Committee of Unsecured Creditors (Brinkman, Daren) (Entered: 08/24/2021)* |
| 08/24/2021 | [389](#) <br> (85 pgs) | Declaration re: * *Supplemental Declaration of Peter J. Kennedy in Opposition to Motion to Disqualify Reed Smith LLP* * Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)[281](#) Application shortening time *Application for Order Setting Hearing on Shortened Notice [LBR 9075-1(b)] with Proof of Service*). (Houston, Marsha) (Entered: 08/24/2021) |
| 08/24/2021 | [390](#) <br> (19 pgs) | Reply to (related document(s): [347](#) Opposition filed by Creditor Al Miller & Sons Roofing Co., Inc., Creditor Desert Palm Electric, Inc., Creditor Apple J. Plumbing, Creditor Jacobsson Engineering Construction, Inc., Creditor Mascorro Concrete Construction, Inc., Creditor Temalpakh, Inc. dba The Works Floor & Wall, Creditor Tandem West Glass, Inc., [351](#) Opposition filed by Creditor Doug Wall Construction, [353](#) Opposition filed by Creditor A. Stuart Rubin, [382](#) Opposition filed by Trustee Richard A Marshack (TR), [383](#) Opposition filed by Trustee Richard A Marshack (TR), [386](#) Reply filed by Creditor Committee Committee of Unsecured Creditors, [388](#) Opposition filed by Creditor Committee Committee of Unsecured Creditors) *U.S. Real Estate Credit Holdings III-A, LPs Omnibus Reply In Support Of Trustees Motion To Approve Compromise* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 08/24/2021) |

EXHIBIT 2
PAGE 174

| 08/24/2021 | 391<br>(26 pgs) | Request for judicial notice *In Support Of Omnibus Reply In Support Of Trustees Motion To Approve Compromise* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)390 Reply). (Rivas, Christopher) (Entered: 08/24/2021) |
| --- | --- | --- |
| 08/24/2021 | 392<br>(179 pgs) | Declaration re: *Declaration Of Simond Lavian In Support Of Omnibus Reply In Support Of Trustees Motion To Approve Compromise* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)390 Reply). (Rivas, Christopher) (Entered: 08/24/2021) |
| 08/24/2021 | 393<br>(228 pgs) | Declaration re: *Declaration Of Tristine Lim In Support Of Omnibus Reply In Support Of Trustees Motion To Approve Compromise* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)390 Reply). (Rivas, Christopher) (Entered: 08/24/2021) |
| 08/24/2021 | 394<br>(42 pgs) | Declaration re: *Declaration Of Steven Bram In Connection With Motion To Compromise* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)390 Reply). (Rivas, Christopher) (Entered: 08/24/2021) |
| 08/24/2021 | 395<br>(10 pgs) | Reply to (related document(s): 322 Motion to Approve Compromise Under Rule 9019 *Trustee's Motion to Approve Compromise with U.S. Real Estate Credit Holdings III-A, L.P. Re Lender's Consent to Sale Free and Clear of Lien and to Approve Credit Bid; Memorandum of Points and Aut filed by Trustee Richard A Marshack (TR)) Omnibus Reply to Oppositions and Objection to Trustee's Motion to Approve Compromise; with proof of Service Filed by Trustee Richard A Marshack (TR)* (Hays, D) (Entered: 08/24/2021) |
| 08/24/2021 | 396<br>(6 pgs) | Reply to (related document(s): 324 Motion to Convert Case From Chapter 11 to 7. *Pursuant to 11 U.S.C. Sections 1112(b); Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service [Hrg. 8/18/21 at 10:00 a.m., Ctrm. 1539]* Fee Amount filed by Trustee Richard A Marshack (TR)) *Reply in Support of Motion to Convert Case to One Under Chapter 7 Pursuant to 11 U.S.C. Section 1112(b); with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Hays, D) (Entered: 08/24/2021) |
| 08/25/2021 | 397<br>(4 pgs) | Reply to (related document(s): 382 Opposition filed by Trustee Richard A Marshack (TR)) *Movant Al Miller & Sons Roofings Reply to Chapter 11 Trustees Opposition to Motion for Relief from the Automatic Stay with Proof of Service* Filed by Creditor Al Miller & Sons Roofing Co., Inc. (Polis, Thomas) (Entered: 08/25/2021) |
| 08/25/2021 | 398<br>(4 pgs) | Reply to (related document(s): 383 Opposition filed by Trustee Richard A Marshack (TR)) *Movant Tandem West Glass Reply to Chapter 11 Trustees Opposition to Motion for Relief from the Automatic Stay with Proof of Service* Filed by Creditor Tandem West Glass, Inc. (Polis, Thomas) (Entered: 08/25/2021) |
| 08/25/2021 | 399<br>(11 pgs) | Motion *For Determination Of The Value Of The Alleged Secured Claim Of Mechanics Lien Claimants And For The Expungement Of Mechanics Liens* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 08/25/2021) |
| 08/25/2021 | 400<br>(5 pgs) | Notice of Hearing *Notice Of Motion For: Determination Of The Value Of Alleged Secured Claim Of American Builders & Contractors Supply Co.; Clear Coast Restoration; Dal Tile Distribution, Inc.; Gauston Corporation; Glendale Plumbing & Fire Supply; Hi-Grade Materials Co.; Resource Building Materials; Robertson's Ready Mix; Southwest Plumbing; Superior Pool Products, Llc; West* |

EXHIBIT 2
PAGE 175

| | | |
|---|---|---|
| | | *Coast Sand And Gravel, Inc.* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)[399](#) Motion *For Determination Of The Value Of The Alleged Secured Claim Of Mechanics Lien Claimants And For The Expungement Of Mechanics Liens* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Rivas, Christopher) (Entered: 08/25/2021) |
| 08/25/2021 | [401](#) (58 pgs) | Request for judicial notice *In Support Of Motion For Determination Of The Value Of The Alleged Secured Claims Of American Builders & Contractors Supply Co.; Clear Coast Restoration; Dal Tile Distribution, Inc.; Gauston Corporation; Glendale Plumbing & Fire Supply; Hi-Grade Materials Co.; Resource Building Materials; Robertson's Ready Mix; Southwest Plumbing; Superior Pool Products, Llc; West Coast Sand And Gravel, Inc.* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)[399](#) Motion *For Determination Of The Value Of The Alleged Secured Claim Of Mechanics Lien Claimants And For The Expungement Of Mechanics Liens*). (Rivas, Christopher) (Entered: 08/25/2021) |
| 08/25/2021 | [402](#) (222 pgs) | Declaration re: *Of Christopher O. Rivas In Support Of Motion For Determination Of The Value Of The Alleged Secured Claims Of American Builders & Contractors Supply Co.; Clear Coast Restoration; Dal Tile Distribution, Inc.; Gauston Corporation; Glendale Plumbing & Fire Supply; Hi-Grade Materials Co.; Resource Building Materials; Robertson's Ready Mix; Southwest Plumbing; Superior Pool Products, Llc; West Coast Sand And Gravel, Inc.* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)[399](#) Motion *For Determination Of The Value Of The Alleged Secured Claim Of Mechanics Lien Claimants And For The Expungement Of Mechanics Liens*). (Rivas, Christopher) (Entered: 08/25/2021) |
| 08/25/2021 | [403](#) (30 pgs) | Reply to (related document(s): [280](#) Motion *MOTION FOR ORDER DISQUALIFYING REED SMITH LLP, AND/OR ANY OF ITS ATTORNEYS, FROM REPRESENTING U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP DUE TO CONFLICTS OF INTEREST GIVEN ITS ONGOING REPRESENTATION OF DEBTOR, AND PRIOR REPRESENTATION OF DEBT filed by Interested Party Stuart Rubin, [360](#) Opposition filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, [370](#) Opposition filed by Trustee Richard A Marshack (TR) A. STUART RUBINS OMNIBUS REPLY TO U.S.REAL ESTATE CREDIT HOLDINGS III-A, L.P.S OPPOSITION TO MOTION TO DISQUALIFY REED SMITH LLP, AND CHAPTER 11 TRUSTEES STATEMENT IN OPPOSITION TO MOTION TO DISQUALIFY REED & SMITH AS COUNSEL OF RECORD FOR U.S.REAL ESTATE CREDIT HOLDINGS III; DECLARATION OF EVAN L. SMITH, with Proof of Service. Filed by Creditor A. Stuart Rubin (Smith, Evan) (Entered: 08/25/2021)* |
| 08/25/2021 | [404](#) (34 pgs) | Declaration re: *SUPPLEMENTAL DECLARATION OF A. STUART RUBIN IN REPLY TO U.S. REAL ESTATE CREDIT HOLDINGS III-A, LPS OPPOSITION TO MOTION FOR ORDER DISQUALIFYING REED SMITH with Proof of Service* Filed by Creditor A. Stuart Rubin. (Smith, Evan). Related document(s) [280](#) Motion *MOTION FOR ORDER DISQUALIFYING REED SMITH LLP, AND/OR ANY OF ITS ATTORNEYS, FROM REPRESENTING U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP DUE TO CONFLICTS OF INTEREST GIVEN ITS ONGOING REPRESENTATION OF DEBTOR, AND PRIOR REPRESENTATION OF DEBT filed by Interested Party Stuart Rubin. Modified on 8/26/2021 (Jackson, Wendy Ann). (Entered: 08/25/2021)* |
| 08/25/2021 | [405](#) (10 pgs) | Reply to (related document(s): [361](#) Objection filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, [403](#) Reply filed by Creditor A. Stuart Rubin) *MOVANT A. STUART RUBINS REPLY TO EVIDENTIARY OBJECTIONS OF U.S. REAL ESTATE CREDIT HOLDINGS III-A, L.P., OPPOSITION TO* |

EXHIBIT 2
PAGE 176

| | | |
|---|---|---|
| | | *DISQUALIFY REED SMITH with Proof of Service* Filed by Creditor A. Stuart Rubin (Smith, Evan) (Entered: 08/25/2021) |
| 08/25/2021 | [406](#)<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[385](#) ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 08/25/2021. (Admin.) (Entered: 08/25/2021) |
| 08/26/2021 | 407 | Hearing Set (RE: related document(s)[399](#) Generic Motion filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) The Hearing date is set for 9/15/2021 at 11:00 AM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond (Jackson, Wendy Ann) (Entered: 08/26/2021) |
| 08/27/2021 | [408](#)<br>(14 pgs) | Objection (related document(s): [404](#) Declaration filed by Creditor A. Stuart Rubin) * *Evidentiary Objections to Supplemental Declarataion of A. Stuart Rubin* * Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Houston, Marsha) (Entered: 08/27/2021) |
| 08/27/2021 | [409](#)<br>(3 pgs) | Proof of service *[Corrected] Proof Of Service Re Evidentiary Objections To Supplemental Declaration Of A. Stuart Rubin* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)[408](#) Objection). (Rivas, Christopher) (Entered: 08/27/2021) |
| 08/30/2021 | [410](#)<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Richards, Ronald. (Richards, Ronald) (Entered: 08/30/2021) |
| 08/30/2021 | [411](#)<br>(18 pgs) | Motion to strike *Emergency Ex Parte Motion to Strike and/or Disallow U.S. Real Estate Credit Holdings III-A, L.P.'s Omnibus Reply in Support of Trustee's Motion to Approve Compromise and Supporting Papers [Docs 390-394]; Memorandum; and Declarations of Evan L. Smith, and John Hofilena (with Proof of Service).* Filed by Interested Party Stuart Rubin (Smith, Evan). Related document(s) [390](#) Reply filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, [391](#) Request for judicial notice filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, [392](#) Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, [393](#) Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, [394](#) Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP. Modified on 8/31/2021 to properly relate the documents; (Jackson, Wendy Ann). (Entered: 08/30/2021) |
| 08/31/2021 | 412 | Hearing Set (RE: related document(s)[411](#) Motion to strike filed by Interested Party Stuart Rubin) The Hearing date is set for 8/31/2021 at 02:00 PM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond (Jackson, Wendy Ann) (Entered: 08/31/2021) |
| 08/31/2021 | [413](#)<br>(8 pgs) | Notice of lodgment *Of Order in Bankruptcy Case Re: emergency Ex Parte Motion to Strike and/or Disallow U.S. Real Estate Credit Holdings III-A, L.P.'s Omnibus Reply in Support of Trustee's Motion to Approve Compromise and Supporting Papers [Docs 390-394], with Proof of Service.* Filed by Interested Party Stuart Rubin (RE: related document(s)[411](#) Motion to strike *Emergency Ex Parte Motion to Strike and/or Disallow U.S. Real Estate Credit Holdings III-A, L.P.'s Omnibus Reply in Support of Trustee's Motion to Approve Compromise and Supporting Papers [Docs 390-394]; Memorandum; and Declarations of Evan L. Smith, and John Hofilena (with Proof of Service).* Filed by Interested Party Stuart Rubin (Smith, Evan). Related document(s) [390](#) Reply filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, [391](#) Request for judicial notice filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, [392](#) Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, [393](#) Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, [394](#) Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP. |

EXHIBIT 2
PAGE 177

| | | Modified on 8/31/2021 to properly relate the documents; (Jackson, Wendy Ann).). (Smith, Evan) (Entered: 08/31/2021) |
|---|---|---|
| 08/31/2021 | 414 (18 pgs) | Reply to (related document(s): 280 Motion *MOTION FOR ORDER DISQUALIFYING REED SMITH LLP, AND/OR ANY OF ITS ATTORNEYS, FROM REPRESENTING U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP DUE TO CONFLICTS OF INTEREST GIVEN ITS ONGOING REPRESENTATION OF DEBTOR, AND PRIOR REPRESENTATION OF DEBT* filed by Interested Party Stuart Rubin, 404 Declaration filed by Creditor A. Stuart Rubin, 408 Objection filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) Movant A. Stuart Rubin's Reply to Evidentiary Objections of U.S. Real Estate Credit Holdings III-A, L.P. to Supplemental Declaration of A. Stuart Rubin, with Proof of Service. Filed by Interested Party Stuart Rubin (Smith, Evan) (Entered: 08/31/2021) |
| 09/01/2021 | 415 | Hearing Held 180 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Al Miller & Sons Roofing v. Doug Wall Construction et al; with Proof of Service. Fee Amount $188, Filed by Creditor Al Miller & Sons Roofing Co., Inc. (Attachments: # 1 Exhibit A) (Polis, Thomas); RULING - GRANTED; TENTATIVE IS THE RULING; ORDER TO FOLLOW FROM MOVANT: (Jackson, Wendy Ann) (Entered: 09/01/2021) |
| 09/01/2021 | 416 | Hearing Held 181 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Tandem West Glass v. Doug Wall Construction, et al; with Proof of Service. Fee Amount $188, Filed by Creditor Tandem West Glass, Inc. (Attachments: # 1 Exhibit A) (Polis, Thomas) (Entered: 05/04/2021); RULING - GRANTED; TENTATIVE IS THE RULING; ORDER TO FOLLOW FROM MOVANT; (Jackson, Wendy Ann) (Entered: 09/01/2021) |
| 09/01/2021 | 417 | Hearing Held 322 Motion to Approve Compromise Under Rule 9019 Trustee's Motion to Approve Compromise with U.S. Real Estate Credit Holdings III-A, L.P. Re Lender's Consent to Sale Free and Clear of Lien and to Approve Credit Bid; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service [Hrg. 8/18/2021 at 10:00 a.m., Ctrm 1539] Filed by Trustee Richard A Marshack (TR) (Hays, D); RULING - GRANTED; TENTATIVE IS THE RULING; ORDER TO FOLLOW FROM MR. HAYS OR MS. HOUSTON; (Jackson, Wendy Ann) (Entered: 09/01/2021) |
| 09/01/2021 | 418 | Hearing Held 324 Motion to Convert Case From Chapter 11 to 7. Pursuant to 11 U.S.C. Sections 1112(b); Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service [Hrg. 8/18/21 at 10:00 a.m., Ctrm. 1539] Fee Amount $15 Filed by Trustee Richard A Marshack (TR) (Haes, Chad); RULING - GRANTED; TENTATIVE IS THE RULING; ORDER TO FOLLOW FROM MR. HAYS; (Jackson, Wendy Ann) (Entered: 09/01/2021) |
| 09/01/2021 | 419 | Hearing Held re: Scheduling and Case Management Conference in a Chapter 11 Case 1; RULING - OFF CALENDAR; (Jackson, Wendy Ann) Modified on 9/1/2021 (Jackson, Wendy Ann). (Entered: 09/01/2021) |
| 09/01/2021 | 420 | Hearing Held (Bk Motion) (RE: related document(s) 411 Motion to strike); RULING - DENIED; TENTATIVE IS THE RULING; ORDER TO FOLLOW FROM MS. HOUSTON. (Jackson, Wendy Ann) (Entered: 09/01/2021) |
| 09/01/2021 | 421 (6 pgs) | Notice of lodgment *Order Denying Motion For Order Disqualifying Reed Smith LLP And/Or Any Of Its Attorneys, From Representing U.S. Real Estate Credit Holdings III-A, LP, Due To Conflicts Of Interest Given Its Ongoing* |

EXHIBIT 2
PAGE 178

| | | |
|---|---|---|
| | | *Representation Of Debtor, And Prior Representation Of Debtors Manager* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)280 Motion *MOTION FOR ORDER DISQUALIFYING REED SMITH LLP, AND/OR ANY OF ITS ATTORNEYS, FROM REPRESENTING U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP DUE TO CONFLICTS OF INTEREST GIVEN ITS ONGOING REPRESENTATION OF DEBTOR, AND PRIOR REPRESENTATION OF DEBTORS MANAGER; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF A. STUART RUBIN, ANNETTE RUBIN, EVAN L. SMITH, AND PATRICK C. McGARRIGLE, with Proof of Service* Filed by Interested Party Stuart Rubin). (Rivas, Christopher) (Entered: 09/01/2021) |
| 09/01/2021 | 422 (6 pgs) | Notice of lodgment *Order Denying Emergency Ex Parte Motion To Strike And/Or Disallow U.S. Real Estate Credit Holdings III-A, L.P.'S Omnibus Reply In Support Of Trustee's Motion To Approve Compromise* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)411 Motion to strike *Emergency Ex Parte Motion to Strike and/or Disallow U.S. Real Estate Credit Holdings III-A, L.P.'s Omnibus Reply in Support of Trustee's Motion to Approve Compromise and Supporting Papers [Docs 390-394]; Memorandum; and Declarations of Evan L. Smith, and John Hofilena (with Proof of Service).* Filed by Interested Party Stuart Rubin (Smith, Evan). Related document(s) 390 Reply filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 391 Request for judicial notice filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 392 Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 393 Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 394 Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP. Modified on 8/31/2021 to properly relate the documents; (Jackson, Wendy Ann).). (Rivas, Christopher) (Entered: 09/01/2021) |
| 09/02/2021 | 423 | Hearing Held (RE: related document(s)280 Generic Motion filed by Interested Party Stuart Rubin); RULING - DENIED; TENTATIVE IS THE RULING; ORDER TO FOLLOW FROM REED SMITH; (Jackson, Wendy Ann) (Entered: 09/02/2021) |
| 09/03/2021 | 424 (2 pgs) | Order Denying Emergency Ex Parte Motion to Strike and/or disallow U.S. Real Estate Credit Holdings III-A, LP's Omnibus replyin support of Trustee's Motion to approve compromise; (BNC-PDF) (Related Doc # 411 ) Signed on 9/3/2021 (Jackson, Wendy Ann) (Entered: 09/03/2021) |
| 09/03/2021 | 425 (2 pgs) | Order Denying Motion for Order Disqualifying Reed Smith, LLP and/or and any of its Attorneys, from representing U.S. Real Estate Holdings, III-A, LP due to conflicts of interest given its ongoing representation of Debtor and prior representation of Debtor's Manager; (BNC-PDF) (Related Doc # 280 ) Signed on 9/3/2021 (Jackson, Wendy Ann) (Entered: 09/03/2021) |
| 09/05/2021 | 426 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)424 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 09/05/2021. (Admin.) (Entered: 09/05/2021) |
| 09/05/2021 | 427 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)425 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 09/05/2021. (Admin.) (Entered: 09/05/2021) |
| 09/07/2021 | 428 (5 pgs) | Notice of lodgment *with Proof of Service* Filed by Creditor Al Miller & Sons Roofing Co., Inc. (RE: related document(s)180 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *Al Miller & Sons Roofing v. Doug Wall Construction et al; with Proof of Service.* Fee Amount $188, Filed by Creditor |

EXHIBIT 2
PAGE 179

| | | |
|---|---|---|
| | | Al Miller & Sons Roofing Co., Inc. (Attachments: # 1 Exhibit A)). (Polis, Thomas) (Entered: 09/07/2021) |
| 09/07/2021 | 429 (5 pgs) | Notice of lodgment *with Proof of Service* Filed by Creditor Tandem West Glass, Inc. (RE: related document(s)181 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *Tandem West Glass v. Doug Wall Construction, et al; with Proof of Service.* Fee Amount $188, Filed by Creditor Tandem West Glass, Inc. (Attachments: # 1 Exhibit A)). (Polis, Thomas) (Entered: 09/07/2021) |
| 09/08/2021 | 430 (9 pgs) | Motion *For Determination Of The Value Of The Alleged Secured Claims Of Constructure, Inc. And Siteone Landscape Supply, And For The Expungement Of Mechanics Liens [11 U.S.C. § 506(A); Bankruptcy Rule 3012]* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 09/08/2021) |
| 09/08/2021 | 431 (7 pgs) | Application of non-resident attorney to appear in a specific case per Local Bankruptcy rule Filed by Creditor Committee Committee of Unsecured Creditors (Brinkman, Daren) (Entered: 09/08/2021) |
| 09/08/2021 | 432 (5 pgs) | Notice of Hearing *of Motion for Determination Of The Value Of Alleged Secured Claim Of Constructure, Inc. And Siteone Landscape Supply* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)430 Motion *For Determination Of The Value Of The Alleged Secured Claims Of Constructure, Inc. And Siteone Landscape Supply, And For The Expungement Of Mechanics Liens [11 U.S.C. § 506(A); Bankruptcy Rule 3012]* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Rivas, Christopher) (Entered: 09/08/2021) |
| 09/08/2021 | 433 (227 pgs) | Declaration re: *Of Christopher O. Rivas In Support Of Motion For Determination Of The Value Of The Alleged Secured Claim Of Constructure, Inc. And Siteone Landscape Supply, And For The Expungement Of Mechanics Liens [11 U.S.C. § 506(a); Bankruptcy Rule 3012]* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)430 Motion *For Determination Of The Value Of The Alleged Secured Claims Of Constructure, Inc. And Siteone Landscape Supply, And For The Expungement Of Mechanics Liens [11 U.S.C. § 506(A); Bankruptcy Rule 3012]*). (Rivas, Christopher) (Entered: 09/08/2021) |
| 09/08/2021 | 434 (15 pgs) | Request for judicial notice *U.S. Real Estate Credit Holdings III-A, LPS Request For Judicial Notice In Support Of Motion For Determination Of The Value Of The Alleged Secured Claim Of Constructure, Inc. And Siteone Landscape Supply, And For The Expungement Of Mechanics Liens* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)430 Motion *For Determination Of The Value Of The Alleged Secured Claims Of Constructure, Inc. And Siteone Landscape Supply, And For The Expungement Of Mechanics Liens [11 U.S.C. § 506(A); Bankruptcy Rule 3012]*). (Rivas, Christopher) (Entered: 09/08/2021) |
| 09/08/2021 | 435 | Hearing Set (RE: related document(s)430 Generic Motion filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) The Hearing date is set for 9/29/2021 at 10:00 AM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond (Jackson, Wendy Ann) (Entered: 09/08/2021) |
| 09/08/2021 | 436 (2 pgs) | Order Granting motion for relief from automatic stay ACTION IN NON-BANKRUPTCY FORUM (BNC-PDF) (Related Doc # 181 ) Signed on 9/8/2021 (Jackson, Wendy Ann) (Entered: 09/08/2021) |

EXHIBIT 2
PAGE 180

| 09/08/2021 | 437 (2 pgs) | Order Granting motion for relief from automatic stay ACTION IN NON-BANKRUPTCY FORUM (BNC-PDF) (Related Doc # 180 ) Signed on 9/8/2021 (Jackson, Wendy Ann) (Entered: 09/08/2021) |
| 09/08/2021 | 438 (7 pgs) | Application of non-resident attorney to appear in a specific case per Local Bankruptcy rule *AMENDED* Filed by Creditor Committee Committee of Unsecured Creditors (Brinkman, Daren) (Entered: 09/08/2021) |
| 09/10/2021 | 439 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by Trustee Richard A Marshack (TR). 341(a) Meeting Continued to 10/19/2021 at 10:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Marshack (TR), Richard) (Entered: 09/10/2021) |
| 09/10/2021 | 440 (2 pgs) | Order On Amended Application Of Non-Resident Attorney To Appear In A Specific Case [LBR 2090-1(b)] (BNC-PDF) (Related Doc # 438 ) Signed on 9/10/2021 (Pennington-Jones, Patricia) (Entered: 09/10/2021) |
| 09/10/2021 | 441 (8 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)322 Motion to Approve Compromise Under Rule 9019 *Trustee's Motion to Approve Compromise with U.S. Real Estate Credit Holdings III-A, L.P. Re Lender's Consent to Sale Free and Clear of Lien and to Approve Credit Bid; Memorandum of Points and Aut).* (Hays, D) (Entered: 09/10/2021) |
| 09/10/2021 | 442 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)436 Motion for relief from automatic stay ACTION IN NON-BANKRUPTCY FORUM (BNC-PDF)) No. of Notices: 1. Notice Date 09/10/2021. (Admin.) (Entered: 09/10/2021) |
| 09/10/2021 | 443 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)437 Motion for relief from automatic stay ACTION IN NON-BANKRUPTCY FORUM (BNC-PDF)) No. of Notices: 1. Notice Date 09/10/2021. (Admin.) (Entered: 09/10/2021) |
| 09/12/2021 | 444 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)440 ORDER on application of non-resident attorney to appear in a specific case per Local Bankruptcy rule (BNC-PDF)) No. of Notices: 1. Notice Date 09/12/2021. (Admin.) (Entered: 09/12/2021) |
| 09/13/2021 | 445 (3 pgs) | Order Granting Motion to Approve Compromise under Rule 9019 with U.S. Real Estate Credit Holdings III-A, L.P. Re Lender's Consent to Sale Free and Clear of Lien and to Approve Credit Bid; (BNC-PDF) (Related Doc # 322 ) Signed on 9/13/2021. (Jackson, Wendy Ann) (Entered: 09/13/2021) |

## PACER Service Center

### Transaction Receipt

#### 09/15/2021 12:47:57

| PACER Login: | atty322146 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 2:21-bk-11188-BB Fil or Ent: filed From: 6/17/2000 To: 9/15/2021 Doc |

EXHIBIT 2
PAGE 181

CM/ECF - U.S. Bankruptcy Court (v1.5.3 - LIVE)

| | | | From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
|---|---|---|---|
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

EXHIBIT 2
PAGE 182

# EXHIBIT 3



Fidelity National Title - OC
1300 Dove Street, 3rd Floor, Newport Beach, CA 92660

# Preliminary Report

Fidelity National Title - OC
1300 Dove Street, 3rd Floor, Newport Beach, CA 92660
Phone: (949) 788-2800
Fax: (949) 341-0251

Title Officer: Blake.Uradomo
Email: Blake.Uradomo@fnf.com
Phone No.: (949) 788-2800
Fax No.: (949) 341-0251
File No.: 00346562-997-OC1-245

Property Address: Vacant Land, Coachella, CA

## Introducing



LiveLOOK title document delivery system is designed to provide 24/7 real-time access to all information related to a title insurance transaction.

Access title reports, exception documents, an easy-to-use summary page, and more, at your fingertips and your convenience.

To view your new Fidelity National Title First Alert powered by LiveLOOK report, Click Here



**Effortless, Efficient, Compliant, and Accessible**

EXHIBIT 3

PAGE 184

**Fidelity National Title Company**
1300 Dove Street, 3rd Floor, Newport Beach, CA 92660
Phone: (949) 788-2800   ●   Fax: (949) 341-0251

Issuing Policies of Fidelity National Title Insurance Company

Title Officer: **Blake.Uradomo**
Phone: **(949) 788-2800**
Fax: **(949) 341-0251**
Email: **Blake.Uradomo@fnf.com**

ORDER NO.: **00346562-997-OC1-245**

LOAN NO.:

Fidelity National Title Company
1300 Dove Street, 3rd Floor
Newport Beach, CA 92660

ATTN:          Ben Llorin
YOUR REF:

PROPERTY:    **Vacant Land, Coachella, CA**

## PRELIMINARY REPORT

*In response to the application for a policy of title insurance referenced herein, **Fidelity National Title Company** hereby reports that it is prepared to issue, or cause to be issued, as of the date hereof, a policy or policies of title insurance describing the land and the estate or interest therein hereinafter set forth, insuring against loss which may be sustained by reason of any defect, lien or encumbrance not shown or referred to as an exception herein or not excluded from coverage pursuant to the printed Schedules, Conditions and Stipulations or Conditions of said policy forms.*

*The printed Exceptions and Exclusions from the coverage and Limitations on Covered Risks of said policy or policies are set forth in Attachment One. The policy to be issued may contain an arbitration clause. When the Amount of Insurance is less than that set forth in the arbitration clause, all arbitrable matters shall be arbitrated at the option of either the Company or the Insured as the exclusive remedy of the parties. Limitations on Covered Risks applicable to the CLTA and ALTA Homeowner's Policies of Title Insurance which establish a Deductible Amount and a Maximum Dollar Limit of Liability for certain coverages are also set forth in Attachment One. Copies of the policy forms should be read. They are available from the office which issued this report.*

*This report (and any supplements or amendments hereto) is issued solely for the purpose of facilitating the issuance of a policy of title insurance and no liability is assumed hereby. If it is desired that liability be assumed prior to the issuance of a policy of title insurance, a Binder or Commitment should be requested.*

*The policy(s) of title insurance to be issued hereunder will be policy(s) of Fidelity National Title Insurance Company, a Florida Corporation.*

***Please read the exceptions shown or referred to herein and the exceptions and exclusions set forth in Attachment One of this report carefully. The exceptions and exclusions are meant to provide you with notice of matters which are not covered under the terms of the title insurance policy and should be carefully considered.***

***It is important to note that this preliminary report is not a written representation as to the condition of title and may not list all liens, defects and encumbrances affecting title to the land.***

Countersigned by:

Authorized Signature

EXHIBIT 3
PAGE 185

**Fidelity National Title Company**
1300 Dove Street, 3rd Floor, Newport Beach, CA 92660
Phone: (949) 788-2800    ●    Fax: (949) 341-0251

# PRELIMINARY REPORT

---

**EFFECTIVE DATE:**                **March 24, 2021 at 7:30 a.m.**

**ORDER NO.:  00346562-997-OC1-245**

The form of policy or policies of title insurance contemplated by this report is:

   **CLTA Standard Coverage Policy of Title Insurance (4-8-14)**


1.      THE ESTATE OR INTEREST IN THE LAND HEREINAFTER DESCRIBED OR REFERRED TO COVERED BY THIS REPORT IS:

   **A Fee**

2.      TITLE TO SAID ESTATE OR INTEREST AT THE DATE HEREOF IS VESTED IN:

   **Glenroy Coachella, LLC, a Delaware limited liability company, as to an undivided 70.5% interest;**
   **Force Rubin, LLC, a Delaware limited liability company, as to an undivided 21.2115% interest;**
   **Force Rubin 2, LLC, a Delaware limited liability company, as to an undivided 3.7885% interest; and**
   **Coachella Resort, LLC, a California limited liability company, as to an undivided 4.5% interest**

3.      THE LAND REFERRED TO IN THIS REPORT IS DESCRIBED AS FOLLOWS:

   **See Exhibit A attached hereto and made a part hereof.**

EXHIBIT 3
PAGE 186

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346562-997-OC1-245

## EXHIBIT A

## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF COACHELLA, IN THE COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCEL 1 OF PARCEL MAP NO. 37310, IN THE CITY OF COACHELLA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, ACCORDING TO MAP ON FILE IN BOOK 243, PAGES 82 THROUGH 84 OF PARCEL MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

EXCEPTING THEREFROM THAT PORTION OF THE PROPERTY CONVEYED TO THE CITY OF COACHELLA, A MUNICIPAL CORPORATION, AS DESCRIBED IN DOCUMENT ENTITLED "CERTIFICATE OF ACCEPTANCE (GRANT OF EASEMENT), RECORDED SEPTEMBER 6, 2018 AS INSTRUMENT NO. 2018-359087 OF OFFICIAL RECORDS.

APN:  603-220-061

PRELIMINARY REPORT                                          Fidelity National Title Company
YOUR REFERENCE:                                             ORDER NO.:  00346562-997-OC1-245

# EXCEPTIONS

**AT THE DATE HEREOF, ITEMS TO BE CONSIDERED AND EXCEPTIONS TO COVERAGE IN ADDITION TO THE PRINTED EXCEPTIONS AND EXCLUSIONS IN SAID POLICY FORM WOULD BE AS FOLLOWS:**

1.   Property taxes, which are a lien not yet due and payable, including any assessments collected with taxes to be levied for the fiscal year 2021-2022.

2.   Property taxes, including any personal property taxes and any assessments collected with taxes are as follows:

    Code Area:              012-037
    Tax Identification No.:  603-220-061
    Fiscal Year:            2020-2021
    1st Installment:        $8,869.30, Paid
    2nd Installment:        $8,869.30, Open
    Exemption:              $0.00
    Land:                   $319,672.00
    Improvements:           $0.00
    Personal Property:      $0.00
    Bill No.:               2020002891868

3.   The lien of supplemental or escaped assessments of property taxes, if any, made pursuant to the provisions of Chapter 3.5 or Part 2, Chapter 3, Articles 3 and 4 respectively (commencing with Section 75) of the Revenue and Taxation Code of the State of California as a result of the transfer of title to the vestee named in Schedule A; or as a result of changes in ownership or new construction occurring prior to date of policy.

4.   The herein described Land is within the boundaries of the Mello-Roos Community Facilities District(s). The annual assessments, if any, are collected with the county property taxes. Failure to pay said taxes prior to the delinquency date may result in the above assessment being removed from the county tax roll and subjected to Accelerated Judicial Bond Foreclosure. Inquiry should be made with said District for possible stripped assessments and prior delinquencies.

5.   A Notice

    Entitled:          Notice of Assessment
    For:               Coachella Community Center Project Assessment District No. 92-1
    Executed by:       The Coachella Valley Recreation & Parks District
    Recording Date:    October 13, 1992
    Recording No:      Instrument No. 1992-385076 Official Records

    Reference is hereby made to said document for full particulars.

6.   Any assessments which may be levied against the herein described property by virtue of the fact that said land lies within the boundaries of Community Facilities District 2018-1 (Glenroy) adopted by the City of Coachella, a boundary map of which is on file in Book 82, Page 7 of Maps of Assessment and Community Facilities Districts, recorded February 21, 2018 as Instrument No. 2018-0064380 Official Records, and amended in Book 82, Page 38, recorded April 25, 2018 as Instrument No. 2018-158456 Official Records.

7.   The herein described property lies within the boundaries of a Mello-Roos Community Facilities District (CFD) as follows:

    CFD No:            2005-1
    For:               Community Facilities District No. 2005-1 (Law Enforcement, Fire and Paramedic Services)
    Disclosed by:      Notice of Special Tax lien
    Recording Date:    November 3, 2005
    Recording No.:     Instrument No. 2005-0916803, of Official Records

CLTA Preliminary Report Form – Modified (11/17/06)                        Page 4

EXHIBIT 3
PAGE 188

## EXCEPTIONS
### (Continued)

This property, along with all other parcels in the CFD, is liable for an annual special tax. This special tax is included with and payable with the general property taxes of the City of Coachella, County of Riverside. The tax may not be prepaid.

Matters contained in that certain document

Entitled:            Amendment No. 3 to Notice of Special Tax Lien
Recording Date:      October 6, 2006
Recording No:        Instrument No. 2006-0741243, of Official Records

Reference is hereby made to said document for full particulars.

8.       The herein described property lies within the boundaries of a Mello-Roos Community Facilities District (CFD) as follows:

CFD No:              2018-1
For:                 Community Facilities District No. 2018-1
Disclosed by:        Notice of Special Tax Lien
Recording Date:      June 4, 2018
Recording No.:       Instrument No. 2018-0225621 Official Records

This property, along with all other parcels in the CFD, is liable for an annual special tax. This special tax is included with and payable with the general property taxes of the City of Coachella, County of Riverside.

The tax may not be prepaid.

9.       Assessments and other matters as contained in documents entitled Payment of Contractual Assessment Required, recorded April 25, 2018, as Document No. 2018-0160473, of Official, pursuant to Chapter 29 of Part 3 of Division 7 of the California Streets and Highways Code providing for the assessments. Said assessments are collected with county taxes. The assessment may be prepaid.

Reference is hereby made to said documents for further particulars.

Matters contained in that certain document

Entitled:            Addendum No. 1 to Notice of Assessment and Payment of Contractual Assessment Required
Recording Date:      September 29, 2020
Recording No:        Instrument No. 2020-0464144, of Official Records

Reference is hereby made to said document for full particulars.

EXHIBIT 3
PAGE 189

## EXCEPTIONS
### (Continued)

10.     Water rights, claims or title to water, whether or not disclosed by the public records.

11.     Covenants, conditions and restrictions but omitting any covenants or restrictions, if any, including but not limited to those based upon race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, veteran or military status, genetic information, medical condition, citizenship, primary language, and immigration status, as set forth in applicable state or federal laws, except to the extent that said covenant or restriction is permitted by applicable law, as set forth in the document

|                    |                                                          |
|--------------------|----------------------------------------------------------|
| Recording Date:    | June 6, 1892                                             |
| Recording No:      | in Book 202, Page 144, of Deeds, San Diego County Records |

Said covenants, conditions and restrictions provide that a violation thereof shall not defeat the lien of any mortgage or deed of trust made in good faith and for value.

12.     Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

|                    |                                                          |
|--------------------|----------------------------------------------------------|
| Granted to:        | Coachella Valley Ice and Electric Company               |
| Purpose:           | Transmission and distribution of electricity and telephonic communication and telegraphic communication |
| Recording Date:    | June 04, 1914                                            |
| Recording No:      | in Book 398, Page 130, of Deeds                         |
| Affects:           | A portion of said land as described therein             |

13.     Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

|                    |                                                          |
|--------------------|----------------------------------------------------------|
| Granted to:        | The United States of America                            |
| Purpose:           | Water pipeline                                          |
| Recording Date:    | July 19, 1949                                           |
| Recording No:      | in Book 1095, Page 306, of Official Records            |
| Affects:           | A portion of said land as described therein            |

Matters contained in that certain document

|                    |                                                          |
|--------------------|----------------------------------------------------------|
| Entitled:          | Quitclaim Deed and Release                              |
| Recording Date:    | July 31, 2018                                           |
| Recording No:      | Instrument No. 2018-0307549, of Official Records       |

Reference is hereby made to said document for full particulars.

14.     Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

|                    |                                                          |
|--------------------|----------------------------------------------------------|
| Granted to:        | Coachella Valley County Water District                 |
| Purpose:           | Pipeline                                               |
| Recording Date:    | September 21, 1960                                      |
| Recording No:      | Instrument No. 1960-82454, of Official Records         |
| Affects:           | A portion of said land as described therein            |

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346562-997-OC1-245

## EXCEPTIONS
### (Continued)

15.     Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

| | |
|---|---|
| Granted to: | Imperial Irrigation District |
| Purpose: | Public utilities |
| Recording Date: | July 22, 1970 |
| Recording No: | Instrument No. 1970-70546, of Official Records |
| Affects: | A portion of said land as described therein |

16.     Easements as shown and/or dedicated upon the recorded map referenced in the legal description in Schedule A as Parcel Map 37310, in the City of Coachella, County of Riverside, State of California, according to map on file in Book 243, Pages 82 through 84 inclusive of Parcel Maps, records of Riverside County, California, together with any provisions and recitals contained therein.

Reference is hereby made to said document for full particulars.

17.     The Land described herein is included within a project area of the Redevelopment Agency shown below, and that proceedings for the redevelopment of said project have been instituted under the Redevelopment Law (such redevelopment to proceed only after the adoption of the Redevelopment Plan) as disclosed by a document.

| | |
|---|---|
| Redevelopment Agency: | City of Coachella |
| Recording Date: | July 10, 2007 |
| Recording No: | Instrument No. 2007-0449636, of Official Records |
| | |
| and Recording Date: | July 10, 2007 |
| and Recording No: | Instrument No. 2007-0449637, of Official Records |

18.     Recitals as shown on Parcel Map 37310

| | |
|---|---|
| Recording No: | in Book 243, Pages 82 to 84 inclusive of Parcel Maps |
| Which among other things recites: | The real property described below is dedicated in fee for street and public utility purposes: Lot "A" as shown hereon. |
| | As a condition of dedication of Lot "A" (Avenue 48), the owners of Parcels 1-4, and 6, inclusive, abutting this right of way and during such time will have no rights of access except the general easement of travel. Any change of alignment or width that results in the vacation thereof shall terminate this condition of access rights as to the party vacated. |

Reference is hereby made to said document for full particulars.

19.     The following matters shown or disclosed by the filed or recorded map referred to in the legal description: Various notes and recitals

20.     Easement(s) for the purpose(s) shown below and rights incidental thereto as delineated or as offered for dedication, on the map of said tract/plat;

| | |
|---|---|
| Purpose: | Landscape and/or retention basin |
| Affects: | As shown on said map |

21.     Matters contained in that certain document

| | |
|---|---|
| Entitled: | Water Quality Management Plan and Urban Runoff BMP Transfer, Access and Maintenance Agreement |

EXHIBIT 3
PAGE 191

PRELIMINARY REPORT                                                                          Fidelity National Title Company
YOUR REFERENCE:                                                                             ORDER NO.:  00346562-997-OC1-245

## EXCEPTIONS
### (Continued)

Recording Date:        December 06, 2017
Recording No:          Instrument No. 2017-0512010, of Official Records

Reference is hereby made to said document for full particulars.

22.    Matters contained in that certain document

Entitled:              Glenroy Resort Development Agreement
Recording Date:        March 8, 2018
Recording No:          Instrument No. 2018-0089219, of Official Records

Reference is hereby made to said document for full particulars.

23.    Terms and provisions contained in that certain unrecorded Parking License Agreement dated April 20, 2018 by
and between Glenroy Coachella, LLC and Force-DMP LLC.

24.    Matters contained in that certain document

Entitled:              Memorandum of Tenancy in Common Agreement
Recording Date:        April 24, 2018
Recording No:          Instrument No. 2018-0156322, of Official Records

Reference is hereby made to said document for full particulars.

25.    Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

Granted to:            The City of Coachella
Purpose:               Public utilities and incidental purposes
Recording Date:        September 06, 2018
Recording No:          Instrument No. 2018-0359087, of Official Records
Affects:               A portion of said land as described therein

26.    Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

Granted to:            Southern California Gas Company, a California Corporation, its successors and assigns
Purpose:               Public utilities and incidental purposes
Recording Date:        October 26, 2018
Recording No:          Instrument No. 2018-0423528, of Official Records
Affects:               A portion of said land as described therein

EXHIBIT 3
PAGE 192

## EXCEPTIONS
### (Continued)

27.    A deed of trust to secure an indebtedness in the amount shown below,

| | |
|---|---|
| Amount: | $24,400,000.00 |
| Dated: | April 26, 2018 |
| Trustor/Grantor | Glenroy Coachella, LLC, a Delaware limited liability company; Force Rubin, LLC, a Delaware limited liability company; Force Rubin 2, LLC, a Delaware limited liability company; and Coachella Resort, LLC, a California limited liability company |
| Trustee: | Stewart Title of California, Inc., a California corporation |
| Beneficiary: | U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership |
| Loan No.: | None shown |
| Recording Date: | April 26, 2018 |
| Recording No: | Instrument No. 2018-0162476,of Official Records |

Affects:          The herein described Land and other land.

A substitution of trustee under said deed of trust which names, as the substituted trustee, the following

| | |
|---|---|
| Trustee: | Fidelity National Title Company |
| Recording Date: | September 09, 2019 |
| Recording No: | Instrument No. 2019-0350103, of Official Records |

A notice of default under the terms of said trust deed

| | |
|---|---|
| Executed by: | Fidelity National Title Company |
| Recording Date: | September 09, 2019 |
| Recording No: | Instrument No. 2019-0350104, of Official Records |

A notice of trustee's sale under said deed of trust

| | |
|---|---|
| Executed by: | Fidelity National Title Company |
| Date, Time and Place of Sale: | February 9, 2021, at 09:00 AM, in front of the Corona Civic Center, 849 W. Sixth Street, Corona, CA 92882 |
| Recording Date: | January 14, 2021 |
| Recording No: | Instrument No. 2021-0025741, of Official Records |

28.    An assignment of all the moneys due, or to become due as rental, as additional security for the obligations secured by deed of trust shown as item above

| | |
|---|---|
| Assigned to: | U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership |
| Recording Date: | April 26, 2018 |
| Recording No: | Instrument No. 2018-0162477,of Official Records |

29.    A financing statement as follows:

| | |
|---|---|
| Debtor: | Glenroy Coachella, LLC, a Delaware limited liability company; Force Rubin, LLC, a Delaware limited liability company; Force Rubin 2, LLC, a Delaware limited liability company; and Coachella Resort, LLC, a California limited liability company |
| Secured Party: | U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership |
| Recording Date: | April 26, 2018 |
| Recording No: | Instrument No. 2018-0162478,of Official Records |

EXHIBIT 3
PAGE 193

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346562-997-OC1-245

## EXCEPTIONS
### (Continued)

30.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Hi-Grade Materials Co |
| Amount: | $32,847.96 |
| Recording Date: | July 5, 2018 |
| Recording No: | Instrument No. 2018-0273102, of Official Records |

31.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Glendale Plumbing and Fire Supply |
| Amount: | $23,792.54 |
| Recording Date: | October 26, 2018 |
| Recording No: | Instrument No. 2018-0423202, of Official Records |

32.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Constructure, Inc. |
| Amount: | $301,119.50 |
| Recording Date: | January 22, 2019 |
| Recording No: | Instrument No. 2019-0022660, of Official Records |

33.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Ferguson Enterprises, LLC. |
| Amount: | $119,569.73 |
| Recording Date: | May 22, 2019 |
| Recording No: | Instrument No. 2019-0179443, of Official Records |

34.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Superior Ready Mix Concrete L.P. |
| Amount: | $20,571.27 |
| Recording Date: | May 29, 2019 |
| Recording No: | Instrument No. 2019-0190540, of Official Records |

35.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | The Sherwin-Williams Company |
| Amount: | $33,333.11 |
| Recording Date: | June 3, 2019 |
| Recording No: | Instrument No. 2019-0198410, of Official Records |

Said mechanic's lien has been partially released by instrument

| | |
|---|---|
| Recording Date: | July 10, 2019 |
| Recording No: | Instrument No. 2019-0252361, of Official Records |

Claimant reduces its Mechanics' Lien by $6,538.32, to reflect the current amount subject to the Claimant's Mechanics' Lien in the sum of $26,794.79.

EXHIBIT 3
PAGE 194

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346562-997-OC1-245

## EXCEPTIONS
### (Continued)

36.    A claim of mechanic's lien or materialman's lien

|  |  |
|---|---|
| Claimant: | GF Investment Group, Inc. |
| Amount: | $259,695.63 |
| Recording Date: | June 6, 2019 |
| Recording No: | Instrument No. 2019-0204095, of Official Records |

37.    A claim of mechanic's lien or materialman's lien

|  |  |
|---|---|
| Claimant: | Blair Air, Inc. Dba Blair Heating & Air |
| Amount: | $297,443.80 |
| Recording Date: | June 7, 2019 |
| Recording No: | Instrument No. 2019-0206598, of Official Records |

38.    A claim of mechanic's lien or materialman's lien

|  |  |
|---|---|
| Claimant: | Hajoca Corporation |
| Amount: | $39,636.17 |
| Recording Date: | June 11, 2019 |
| Recording No: | Instrument No. 2019-0210159, of Official Records |

39.    A claim of mechanic's lien or materialman's lien

|  |  |
|---|---|
| Claimant: | American Builders and Contractors Supply Co., Inc. – ABC Supply Co., Inc. |
| Amount: | $24,813.58 |
| Recording Date: | June 13, 2019 |
| Recording No: | Instrument No. 2019-0213172, of Official Records |

40.    A claim of mechanic's lien or materialman's lien

|  |  |
|---|---|
| Claimant: | Desert Electric Supply |
| Amount: | $61,574.60 |
| Recording Date: | June 18, 2019 |
| Recording No: | Instrument No. 2019-0218809, of Official Records |

EXHIBIT 3
PAGE 195

## EXCEPTIONS
### (Continued)

41.       A claim of mechanic's lien or materialman's lien

          Claimant:              Apple J Plumbing, Inc.
          Amount:                $175,845.06
          Recording Date:        June 18, 2019
          Recording No:          Instrument No. 2019-0219453, of Official Records

42.       A claim of mechanic's lien or materialman's lien

          Claimant:              Jacobsson Engineering Construction, Inc.
          Amount:                $1,042,299.00
          Recording Date:        June 21, 2019
          Recording No:          Instrument No. 2019-0225760, of Official Records

43.       A claim of mechanic's lien or materialman's lien

          Claimant:              West Coast Sand and Gravel, Inc.
          Amount:                $21,666.29
          Recording Date:        July 10, 2019
          Recording No:          Instrument No. 2019-0253543, of Official Records

44.       A claim of mechanic's lien or materialman's lien

          Claimant:              Superior Pool Products, LLC
          Amount:                $14,386.05
          Recording Date:        July 11, 2019
          Recording No:          Instrument No. 2019-0254740 Official Records

45.       A claim of mechanic's lien or materialman's lien

          Claimant:              Resource Building Materials
          Amount:                $1,905.04
          Recording Date:        July 15, 2019
          Recording No:          Instrument No. 2019-0258520, of Official Records

46.       A claim of mechanic's lien or materialman's lien

          Claimant:              L&W Supply Corporation
          Amount:                $10,861.98
          Recording Date:        August 05, 2019
          Recording No:          Instrument No. 2019-0293318, of Official Records

47.       A claim of mechanic's lien or materialman's lien

          Claimant:              L&W Supply Corporation
          Amount:                $8,643.42
          Recording Date:        August 05, 2019
          Recording No:          Instrument No. 2019-0293319, of Official Records

EXHIBIT 3
PAGE 196

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346562-997-OC1-245

## EXCEPTIONS
### (Continued)

48.  A claim of mechanic's lien or materialman's lien

|  |  |
|---|---|
| Claimant: | Desert Palms Electric, Inc. |
| Amount: | $389,839.09 |
| Recording Date: | August 6, 2019 |
| Recording No: | Instrument No. 2019-0295567, of Official Records |

49.  A claim of mechanic's lien or materialman's lien

|  |  |
|---|---|
| Claimant: | Gauston Corp |
| Amount: | $21,153.36 |
| Recording Date: | August 21, 2019 |
| Recording No: | Instrument No. 2019-0321135, of Official Records |

50.  A claim of mechanic's lien or materialman's lien

|  |  |
|---|---|
| Claimant: | Ferguson Enterprises, LLC |
| Amount: | $119,569.73 |
| Recording Date: | August 26, 2019 |
| Recording No: | Instrument No. 2019-0328148, of Official Records |

51.  A claim of mechanic's lien or materialman's lien

|  |  |
|---|---|
| Claimant: | TemalPakh, Inc., dba The Works Floor & Wall |
| Amount: | $33,628.46 |
| Recording Date: | August 26, 2019 |
| Recording No: | Instrument No. 2019-0328428, of Official Records |

52.  A judgment for the amount shown below, and any other amounts due, entered in the United States District Court:

|  |  |
|---|---|
| Amount: | $89,110.62 (Damages) |
| Amount: | $5,164.42 (Attorney's Fees) |
| Debtor: | Glenroy Coachella, LLC, and Does 1-10 |
| Creditor: | Silhouette Outdoor Furniture, Inc. |
| Date entered: | July 02, 2019 |
| District: | Central, State of California |
| Case No: | EDCV 19-00373-CJC (KKx) |
| Recording Date: | August 29, 2019 |
| Recording No: | Instrument No. 2019-0336225, of Official Records |

53.  A claim of mechanic's lien or materialman's lien

|  |  |
|---|---|
| Claimant: | BMC West, LLC |
| Amount: | $50,290.00 |
| Recording Date: | September 11, 2019 |
| Recording No: | Instrument No. 2019-0354394, of Official Records |

PRELIMINARY REPORT                                                          Fidelity National Title Company
YOUR REFERENCE:                                                            ORDER NO.:  00346562-997-OC1-245

**EXCEPTIONS**
**(Continued)**

54.     A claim of mechanic's lien or materialman's lien

        Claimant:                 Doug Wall Construction, Inc.
        Amount:                   $3,876,856.10
        Recording Date:           September 12, 2019
        Recording No:             Instrument No. 2019-0356369, of Official Records

        As affected by an Amended Mechanics Lien

        Amount:                   $4,359,813.13
        Recording Date:           October 7, 2019
        Recording No:             Instrument No. 2019-0401936, of Official Records

55.     A pending court action as disclosed by a recorded notice:

        Plaintiff:                Blair Air, Inc.
        Defendant:                Doug Wall Construction, Inc.; Glen Roy Coachella, LLC; et al
        County:                   Riverside
        Court:                    Superior
        Case No.:                 PSC 1906241
        Nature of Action:         Foreclosure of Mechanic Lien
        Recording Date:           September 20, 2019
        Recording No:             Instrument No. 2019-0370664, of Official Records

56.     A claim of mechanic's lien or materialman's lien

        Claimant:                 Al Miller & Sons Roofing Co., Inc.
        Amount:                   $111,631.71
        Recording Date:           September 20, 2019
        Recording No:             Instrument No. 2019-0372302, of Official Records

        As affected by an Amended Mechanics Lien

        Amount:                   $153,901.00
        Recording Date:           October 7, 2019
        Recording No:             Instrument No. 2019-0402031, of Official Records

57.     A pending court action as disclosed by a recorded notice:

        Plaintiff:                Mascorro Concrete Construction, Inc.
        Defendant:                Doug Wall Construction, Inc.; Glenroy Coachella, LLC; et al
        County:                   Riverside
        Court:                    Superior
        Case No.:                 PSC 1906560
        Nature of Action:         Foreclosure of Mechanic Lien
        Recording Date:           September 24, 2019
        Recording No:             Instrument No. 2019-0376608, of Official Records

        Said Notice of Lis Pendens has been partially withdrawal by instrument

        Recording Date:           December 30, 2020
        Recording No:             Instrument No. 2020-0668680, of Official Records

EXHIBIT 3
PAGE 198

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346562-997-OC1-245

## EXCEPTIONS
### (Continued)

58.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Apple J. Plumbing, Inc. |
| Defendant: | Doug Wall Construction, Inc.; Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC 1906579 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | September 24, 2019 |
| Recording No: | Instrument No. 2019-0376609, of Official Records |

Said Notice of Lis Pendens has been partially withdrawal by instrument

| | |
|---|---|
| Recording Date: | December 30, 2020 |
| Recording No: | Instrument No. 2020-0668682, of Official Records |

59.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Desert Palms Electric, Inc. |
| Defendant: | Doug Wall Construction, Inc.; Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC 1906554 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | September 24, 2019 |
| Recording No: | Instrument No. 2019-0376610, of Official Records |

Said Notice of Lis Pendens has been partially withdrawal by instrument

| | |
|---|---|
| Recording Date: | December 30, 2020 |
| Recording No: | Instrument No. 2020-0668681, of Official Records |

60.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Ferguson Enterprises, Inc. |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC 1906136 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | September 24, 2019 |
| Recording No: | Instrument No. 2019-0376684, of Official Records |

61.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Southwest Plumbing inc. |
| Amount: | $111,141.13 |
| Recording Date: | September 24, 2019 |
| Recording No: | Instrument No. 2019-0377201, of Official Records |

PRELIMINARY REPORT                                                    Fidelity National Title Company
YOUR REFERENCE:                                                   ORDER NO.:  00346562-997-OC1-245

## EXCEPTIONS
### (Continued)

62.      A claim of mechanic's lien or materialman's lien

Claimant:              All Phase Drywall & Development, Inc.
Amount:                $40,000.00
Recording Date:        September 25, 2019
Recording No:          Instrument No. 2019-0379585, of Official Records

63.      A claim of mechanic's lien or materialman's lien

Claimant:              All Phase Drywall & Development, Inc.
Amount:                $396,871.43
Recording Date:        September 25, 2019
Recording No:          Instrument No. 2019-0379586, of Official Records

64.      A claim of mechanic's lien or materialman's lien

Claimant:              Tandem West Glass, Inc.
Amount:                $387,752.38
Recording Date:        September 25, 2019
Recording No:          Instrument No. 2019-0379822, of Official Records

As affected by an Amended Mechanics Lien

Amount:                $795,971.26
Recording Date:        October 7, 2019
Recording No:          Instrument No. 2019-0402041, of Official Records

As affected by a Second Amended Mechanics Lien

Amount:                $449,849.39
Recording Date:        October 11, 2019
Recording No:          Instrument No. 2019-0410373, of Official Records

65.      A claim of mechanic's lien or materialman's lien

Claimant:              GF Investment Group, Inc.
Amount:                $250,695.63
Recording Date:        September 27, 2019
Recording No:          Instrument No. 2019-385786, of Official Records

66.      A claim of mechanic's lien or materialman's lien

Claimant:              La Hacienda Nursery & Landscape, Inc.
Amount:                $146,717.74
Recording Date:        October 16, 2019
Recording No:          Instrument No. 2019-0415743, of Official Records

## EXCEPTIONS
### (Continued)

67.    A pending court action as disclosed by a recorded notice:

|  |  |
|---|---|
| Plaintiff: | Doug Wall Construction, Inc. |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1907309 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | October 16, 2019 |
| Recording No: | Instrument No. 2019-0415790, of Official Records |

68.    A pending court action as disclosed by a recorded notice:

|  |  |
|---|---|
| Plaintiff: | Tmalpakh, Inc., a California corporation dba The Works Floor & Wall |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1907262 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | October 23, 2019 |
| Recording No: | Instrument No. 2019-0428103, of Official Records |

Said Notice of Lis Pendens has been partially withdrawal by instrument

|  |  |
|---|---|
| Recording Date: | December 30, 2020 |
| Recording No: | Instrument No. 2020-0668684, of Official Records |

69.    A pending court action as disclosed by a recorded notice:

|  |  |
|---|---|
| Plaintiff: | Orco Block & Hardscape, a California corporation |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1907155 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | October 25, 2019 |
| Recording No: | Instrument No. 2019-0432553, of Official Records |

70.    A pending court action as disclosed by a recorded notice:

|  |  |
|---|---|
| Plaintiff: | BMC West LLC, a Delaware limited liability company |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1908245 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | November 22, 2019 |
| Recording No: | Instrument No. 2019-0483250, of Official Records |

EXHIBIT 3
PAGE 201

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346562-997-OC1-245

## EXCEPTIONS
### (Continued)

71.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | La Hacienda Nursery & Landscape, Inc., a California corporation |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1909423 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | January 2, 2020 |
| Recording No: | Instrument No. 2020-0000938, of Official Records |

72.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | All Phase Drywall & Development, Inc., a California corporation |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1909367 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | January 9, 2020 |
| Recording No: | Instrument No. 2020-0009905, of Official Records |

73.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Tandem West Glass, Inc., a California corporation |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC 2000015 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | January 10, 2020 |
| Recording No: | Instrument No. 2020-0013976, of Official Records |

Said Notice of Lis Pendens has been partially withdrawal by instrument

| | |
|---|---|
| Recording Date: | December 30, 2020 |
| Recording No: | Instrument No. 2020-0668679, of Official Records |

74.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Al Miller & Sons Roofing, Inc., a California corporation |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC 2000009 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | January 10, 2020 |
| Recording No: | Instrument No. 2020-0013979, of Official Records |

Said Notice of Lis Pendens has been partially withdrawal by instrument

| | |
|---|---|
| Recording Date: | December 30, 2020 |
| Recording No: | Instrument No. 2020-0668683, of Official Records |

EXHIBIT 3
PAGE 202

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346562-997-OC1-245

## EXCEPTIONS
### (Continued)

75.     Matters contained in that certain document

| | |
|---|---|
| Entitled: | Stipulation and Order RE Appointment of Receiver and Preliminary Junction |
| Recording Date: | January 29, 2020 |
| Recording No: | Instrument No. 2020-0044153, of Official Records |

Reference is hereby made to said document for full particulars.

76.     A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | U.S. Real Estate Credit Holdings III-A, LP |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | RIC1905743 |
| Recording Date: | February 13, 2020 |
| Recording No.: | Instrument No. 2020-0068228, of Official Records |

77.     Certificate of Indebtedness of the Receiver – Receiver Certificate No. 1

| | |
|---|---|
| Recording Date: | June 12, 2020 |
| Recording No.: | Instrument No. 2020-0252044 Official Records |
| and Recording Date: | June 12, 2020 |
| and Recording No: | Instrument No. 2020-0252045 Official Records |
| and Recording Date: | June 12, 2020 |
| and Recording No: | Instrument No. 2020-0252046 Official Records |
| and Recording Date: | June 12, 2020 |
| and Recording No: | Instrument No. 2020-0252047 Official Records |
| and Recording Date: | June 12, 2020 |
| and Recording No: | Instrument No. 2020-0252048 Official Records |
| and Recording Date: | June 12, 2020 |
| and Recording No: | Instrument No. 2020-0252049 Official Records |
| and Recording Date: | June 12, 2020 |
| and Recording No: | Instrument No. 2020-0252050 Official Records |
| and Recording Date: | June 12, 2020 |
| and Recording No: | Instrument No. 2020-0252051 Official Records |

78.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Gauston Corp |
| Amount: | $28,829.75 |
| Recording Date: | June 25, 2018 |
| Recording No: | Instrument No. 2018-0255143, of Official Records |

EXHIBIT 3
PAGE 203

## EXCEPTIONS
### (Continued)

79.    Any rights of the parties in possession of a portion of, or all of, said Land, which rights are not disclosed by the public records.

The Company will require, for review, a full and complete copy of any unrecorded agreement, contract, license and/or lease, together with all supplements, assignments and amendments thereto, before issuing any policy of title insurance without excepting this item from coverage.

The Company reserves the right to except additional items and/or make additional requirements after reviewing said documents.

80.    Any facts, rights, interests or claims that may exist or arise by reason of the following matters disclosed by a pending final ALTA/NSPS Survey prepared by Saxon Engineering Services, Inc., dated April 10, 2018, designated as Job No. Glenroy Coachella:

a. Electrical vaults located on the northerly property line of Parcel 4.
b. A cable television box located along the westerly boundary of Parcel 2.
c. An electrical transformer located along the westerly boundary of Parcel 2.
d. A street light pole encroaching in the southwest corner of Parcel 2.

81.    Any easements not disclosed by the public records as to matters affecting title to real property, whether or not said easements are visible and apparent.

82.    Discrepancies, conflicts in boundary lines, shortage in area, encroachments, or any other matters which a correct survey would disclose and which are not shown by the public records.

83.    Matters which may be disclosed by an inspection and/or by a correct ALTA/ACSM Land Title Survey of said Land that is satisfactory to the Company, and/or by inquiry of the parties in possession thereof.

**PLEASE REFER TO THE "INFORMATIONAL NOTES" AND "REQUIREMENTS" SECTIONS WHICH FOLLOW FOR INFORMATION NECESSARY TO COMPLETE THIS TRANSACTION.**

### END OF EXCEPTIONS

EXHIBIT 3
PAGE 204

# REQUIREMENTS SECTION

1.　　In order to complete this report, the Company requires a Statement of Information to be completed by the following party(s),

　　　Party(s):　　　　　All Parties

　　　The Company reserves the right to add additional items or make further requirements after review of the requested Statement of Information.

　　　NOTE:　The Statement of Information is necessary to complete the search and examination of title under this order. Any title search includes matters that are indexed by name only, and having a completed Statement of Information assists the Company in the elimination of certain matters which appear to involve the parties but in fact affect another party with the same or similar name. Be assured that the Statement of Information is essential and will be kept strictly confidential to this file.

2.　　The Company will require the following documents for review prior to the issuance of any title insurance predicated upon a conveyance or encumbrance from the entity named below:

　　　Limited Liability Company:　　　Glenroy Coachella, LLC, a Delaware limited liability company,
　　　　　　　　　　　　　　　　Force Rubin, LLC, a Delaware limited liability company,
　　　　　　　　　　　　　　　　Force Rubin 2, LLC, a Delaware limited liability company
　　　　　　　　　　　　　　　　Coachella Resort, LLC, a California limited liability company

　　a)　　A copy of its operating agreement, if any, and all amendments, supplements and/or modifications thereto, certified by the appropriate manager or member.

　　b)　　If a domestic Limited Liability Company, a copy of its Articles of Organization and all amendments thereto with the appropriate filing stamps.

　　c)　　If the Limited Liability Company is member-managed, a full and complete current list of members certified by the appropriate manager or member.

　　d)　　A current dated certificate of good standing from the proper governmental authority of the state in which the entity is currently domiciled.

　　e)　　If less than all members, or managers, as appropriate, will be executing the closing documents, furnish evidence of the authority of those signing.

　　f)　　If Limited Liability Company is a Single Member Entity, a Statement of Information for the Single Member will be required.

　　g)　　Each member and manager of the LLC without an Operating Agreement must execute in the presence of a notary public the Certificate of California LLC (Without an Operating Agreement) Status and Authority form.

3.　　This transaction requires high liability approval prior to close of escrow together with an inspection of the subject property.

　　　Please advise title department with an estimated date that your transaction will close so we can schedule the necessary approvals and inspections.

4.　　The transaction contemplated in connection with this Report is subject to the review and approval of the Company's Corporate Underwriting Department. The Company reserves the right to add additional items or make further requirements after such review.

EXHIBIT 3
PAGE 205

## REQUIREMENTS
**(Continued)**

5.      Please call the Title Department five (5) days prior to the contemplated closing to determine if additional documents or information is required.

Phone Number:          (949) 788-2800

---

**END OF REQUIREMENTS**

---

EXHIBIT 3
PAGE 206

PRELIMINARY REPORT

YOUR REFERENCE:

Fidelity National Title Company

ORDER NO.:  00346562-997-OC1-245

# INFORMATIONAL NOTES SECTION

1.     Note:  There are NO conveyances affecting said Land recorded within 24 months of the date of this report.

2.     Note:  Please contact your Title Officer to obtain the current recording fees.  Fidelity National Title Company will pay Fidelity National Title Insurance Company 12% of the title premium, as disclosed on lines 1107 and 1108 of the HUD-1.

3.     Note:  The policy of title insurance will include an arbitration provision. The Company or the insured may demand arbitration. Arbitrable matters may include, but are not limited to, any controversy or claim between the Company and the insured arising out of or relating to this policy, any service of the Company in connection with its issuance or the breach of a policy provision or other obligation. Please ask your escrow or title officer for a sample copy of the policy to be issued if you wish to review the arbitration provisions and any other provisions pertaining to your Title Insurance coverage.

4.     Notice: Please be aware that due to the conflict between federal and state laws concerning the cultivation, distribution, manufacture or sale of marijuana, the Company is not able to close or insure any transaction involving Land that is associated with these activities.

5.     Pursuant to Government Code Section 27388.1, as amended and effective as of 1-1-2018, a Documentary Transfer Tax (DTT) Affidavit may be required to be completed and submitted with each document when DTT is being paid or when an exemption is being claimed from paying the tax. If a governmental agency is a party to a document, the form will not be required. DTT Affidavits may be available at a Tax Assessor-County Clerk-Recorder.

6.     The Company and its policy issuing agents are required by Federal law to collect additional information about certain transactions in specified geographic areas in accordance with the Bank Secrecy Act.  If this transaction is required to be reported under a Geographic Targeting Order issued by FinCEN, the Company or its policy issuing agent must be supplied with a completed ALTA Information Collection Form ("ICF") prior to closing the transaction contemplated herein.

    **To protect the private information contained in the attached form and photo ID, please return via a secured method.**

---

## END OF INFORMATIONAL NOTES

---

Blake.Uradomo/sp1

EXHIBIT 3
PAGE 207

**WIRE SAFE** ™ | Inquire before you wire!

# Wire Fraud Alert

This Notice is not intended to provide legal or professional advice. If you have any questions, please consult with a lawyer.

All parties to a real estate transaction are targets for wire fraud and many have lost hundreds of thousands of dollars because they simply relied on the wire instructions received via email, without further verification. **If funds are to be wired in conjunction with this real estate transaction, we strongly recommend verbal verification of wire instructions through a known, trusted phone number prior to sending funds.**

In addition, the following non-exclusive self-protection strategies are recommended to minimize exposure to possible wire fraud.

- **NEVER RELY** on emails purporting to change wire instructions. Parties to a transaction rarely change wire instructions in the course of a transaction.

- **ALWAYS VERIFY** wire instructions, specifically the ABA routing number and account number, by calling the party who sent the instructions to you. DO NOT use the phone number provided in the email containing the instructions, use phone numbers you have called before or can otherwise verify. **Obtain the phone number of relevant parties to the transaction as soon as an escrow account is opened.** DO NOT send an email to verify as the email address may be incorrect or the email may be intercepted by the fraudster.

- **USE COMPLEX EMAIL PASSWORDS** that employ a combination of mixed case, numbers, and symbols. Make your passwords greater than eight (8) characters. Also, change your password often and do NOT reuse the same password for other online accounts.

- **USE MULTI-FACTOR AUTHENTICATION** for email accounts. Your email provider or IT staff may have specific instructions on how to implement this feature.

For more information on wire-fraud scams or to report an incident, please refer to the following links:

| *Federal Bureau of Investigation:* | *Internet Crime Complaint Center:* |
| *http://www.fbi.gov* | *http://www.ic3.gov* |

*TM and © Fidelity National Financial, Inc. and/or an affiliate. All rights reserved*

EXHIBIT 3
PAGE 208

**Fidelity National Title Company**
1300 Dove Street, 3rd Floor, Newport Beach, CA 92660
Phone: (949) 788-2800   ●   Fax: (949) 341-0251

## Notice of Available Discounts

Pursuant to Section 2355.3 in Title 10 of the California Code of Regulations Fidelity National Financial, Inc. and its subsidiaries ("FNF") must deliver a notice of each discount available under our current rate filing along with the delivery of escrow instructions, a preliminary report or commitment.  Please be aware that the provision of this notice does not constitute a waiver of the consumer's right to be charged the filed rate.   As such, your transaction may not qualify for the below discounts.

You are encouraged to discuss the applicability of one or more of the below discounts with a Company representative.  These discounts are generally described below; consult the rate manual for a full description of the terms, conditions and requirements for such discount.  These discounts only apply to transactions involving services rendered by the FNF Family of Companies.  This notice only applies to transactions involving property improved with a one-to-four family residential dwelling.

Not all discounts are offered by every FNF Company. The discount will only be applicable to the FNF Company as indicated by the named discount.

| **FNF Underwritten Title Company** | **Underwritten by FNF Underwriters** |
|---|---|
| CTC – Chicago Title company | CTIC – Chicago Title Insurance Company |
| CLTC – Commonwealth Land Title Company | CLTIC - Commonwealth Land Title Insurance Company |
| FNTC – Fidelity National Title Company of California | FNTIC – Fidelity National Title Insurance Company |
| FNTCCA - Fidelity National Title Company of California | FNTIC - Fidelity National Title Insurance Company |
| TICOR – Ticor Title Company of California | CTIC – Chicago Title Insurance Company |
| LTC – Lawyer's Title Company | CLTIC – Commonwealth Land Title Insurance Company |
| SLTC – ServiceLink Title Company | CTIC – Chicago Title Insurance Company |

## Available Discounts

**DISASTER LOANS (CTIC, CLTIC, FNTIC)**
The charge for a Lender's Policy (Standard or Extended coverage) covering the financing or refinancing by an owner of record, within twenty-four (24) months of the date of a declaration of a disaster area by the government of the United States or the State of California on any land located in said area, which was partially or totally destroyed in the disaster, will be fifty percent (50%) of the appropriate title insurance rate.

**CHURCHES OR CHARITABLE NON-PROFIT ORGANIZATIONS (CTIC, FNTIC)**
On properties used as a church or for charitable purposes within the scope of the normal activities of such entities, provided said charge is normally the church's obligation the charge for an owner's policy shall be fifty percent (50%) to seventy percent (70%) of the appropriate title insurance rate, depending on the type of coverage selected. The charge for a lender's policy shall be forty (40%) to fifty percent (50%) of the appropriate title insurance rate, depending on the type of coverage selected.

Notice of Available Discounts (Rev. 01-15-20)
MISC0164 (DSI Rev. 03/12/20)

Last Saved:  April 2, 2021 by SP1
Escrow No.: 00346562-997-OC1-245

EXHIBIT 3
PAGE 209

**FIDELITY NATIONAL FINANCIAL, INC.**
**PRIVACY NOTICE**

Effective January 1, 2021

Fidelity National Financial, Inc. and its majority-owned subsidiary companies (collectively, "FNF," "our," or "we") respect and are committed to protecting your privacy. This Privacy Notice explains how we collect, use, and protect personal information, when and to whom we disclose such information, and the choices you have about the use and disclosure of that information.

A limited number of FNF subsidiaries have their own privacy notices.  If a subsidiary has its own privacy notice, the privacy notice will be available on the subsidiary's website and this Privacy Notice does not apply.

<u>Collection of Personal Information</u>
FNF may collect the following categories of Personal Information:
• contact information (*e.g.*, name, address, phone number, email address);
• demographic information (*e.g.*, date of birth, gender, marital status);
• identity information (*e.g.* Social Security Number, driver's license, passport, or other government ID number);
• financial account information (*e.g.* loan or bank account information); and
• other personal information necessary to provide products or services to you.

We may collect Personal Information about you from:
• information we receive from you or your agent;
• information about your transactions with FNF, our affiliates, or others; and
• information we receive from consumer reporting agencies and/or governmental entities, either directly from these entities or through others.

<u>Collection of Browsing Information</u>
FNF automatically collects the following types of Browsing Information when you access an FNF website, online service, or application (each an "FNF Website") from your Internet browser, computer, and/or device:
• Internet Protocol (IP) address and operating system;
• browser version, language, and type;
• domain name system requests; and
• browsing history on the FNF Website, such as date and time of your visit to the FNF Website and visits to the pages within the FNF Website.

Like most websites, our servers automatically log each visitor to the FNF Website and may collect the Browsing Information described above. We use Browsing Information for system administration, troubleshooting, fraud investigation, and to improve our websites. Browsing Information generally does not reveal anything personal about you, though if you have created a user account for an FNF Website and are logged into that account, the FNF Website may be able to link certain browsing activity to your user account.

<u>Other Online Specifics</u>
<u>Cookies</u>. When you visit an FNF Website, a "cookie" may be sent to your computer. A cookie is a small piece of data that is sent to your Internet browser from a web server and stored on your computer's hard drive. Information gathered using cookies helps us improve your user experience. For example, a cookie can help the website load properly or can customize the display page based on your browser type and user preferences. You can choose whether or not to accept cookies by changing your Internet browser settings. Be aware that doing so may impair or limit some functionality of the FNF Website.

<u>Web Beacons</u>. We use web beacons to determine when and how many times a page has been viewed. This information is used to improve our websites.

<u>Do Not Track</u>. Currently our FNF Websites do not respond to "Do Not Track" features enabled through your browser.

<u>Links to Other Sites</u>.  FNF Websites may contain links to unaffiliated third-party websites. FNF is not responsible for the privacy practices or content of those websites. We recommend that you read the privacy policy of every website you visit.

<u>Use of Personal Information</u>
FNF uses Personal Information for three main purposes:
• To provide products and services to you or in connection with a transaction involving you.
• To improve our products and services.
• To communicate with you about our, our affiliates', and others' products and services, jointly or independently.

<u>When Information Is Disclosed</u>
We may disclose your Personal Information and Browsing Information in the following circumstances:
• to enable us to detect or prevent criminal activity, fraud, material misrepresentation, or nondisclosure;
• to nonaffiliated service providers who provide or perform services or functions on our behalf and who agree to use the information only to provide such services or functions;

Copyright © 2021. Fidelity National Financial, Inc. All Rights Reserved
Order No. 00346562-997-OC1-245

EXHIBIT 3
PAGE 210

- to nonaffiliated third party service providers with whom we perform joint marketing, pursuant to an agreement with them to jointly market financial products or services to you;
- to law enforcement or authorities in connection with an investigation, or in response to a subpoena or court order; or
- in the good-faith belief that such disclosure is necessary to comply with legal process or applicable laws, or to protect the rights, property, or safety of FNF, its customers, or the public.

The law does not require your prior authorization and does not allow you to restrict the disclosures described above. Additionally, we may disclose your information to third parties for whom you have given us authorization or consent to make such disclosure. We do not otherwise share your Personal Information or Browsing Information with nonaffiliated third parties, except as required or permitted by law. We may share your Personal Information with affiliates (other companies owned by FNF) to directly market to you. Please see "Choices with Your Information" to learn how to restrict that sharing.

We reserve the right to transfer your Personal Information, Browsing Information, and any other information, in connection with the sale or other disposition of all or part of the FNF business and/or assets, or in the event of bankruptcy, reorganization, insolvency, receivership, or an assignment for the benefit of creditors. By submitting Personal Information and/or Browsing Information to FNF, you expressly agree and consent to the use and/or transfer of the foregoing information in connection with any of the above described proceedings.

## Security of Your Information
We maintain physical, electronic, and procedural safeguards to protect your Personal Information.

## Choices With Your Information
If you do not want FNF to share your information among our affiliates to directly market to you, you may send an "opt out" request as directed at the end of this Privacy Notice. We do not share your Personal Information with nonaffiliates for their use to direct market to you without your consent.

Whether you submit Personal Information or Browsing Information to FNF is entirely up to you. If you decide not to submit Personal Information or Browsing Information, FNF may not be able to provide certain services or products to you.

For California Residents: We will not share your Personal Information or Browsing Information with nonaffiliated third parties, except as permitted by California law. For additional information about your California privacy rights, please visit the "California Privacy" link on our website (https://fnf.com/pages/californiaprivacy.aspx) or call (888) 413-1748.

For Nevada Residents: You may be placed on our internal Do Not Call List by calling (888) 934-3354 or by contacting us via the information set forth at the end of this Privacy Notice. Nevada law requires that we also provide you with the following contact information: Bureau of Consumer Protection, Office of the Nevada Attorney General, 555 E. Washington St., Suite 3900, Las Vegas, NV 89101; Phone number: (702) 486-3132; email: BCPINFO@ag.state.nv.us.

For Oregon Residents:  We will not share your Personal Information or Browsing Information with nonaffiliated third parties for marketing purposes, except after you have been informed by us of such sharing and had an opportunity to indicate that you do not want a disclosure made for marketing purposes.

For Vermont Residents: We will not disclose information about your creditworthiness to our affiliates and will not disclose your personal information, financial information, credit report, or health information to nonaffiliated third parties to market to you, other than as permitted by Vermont law, unless you authorize us to make those disclosures.

## Information From Children
The FNF Websites are not intended or designed to attract persons under the age of eighteen (18).We do not collect Personal Information from any person that we know to be under the age of thirteen (13) without permission from a parent or guardian.

## International Users
FNF's headquarters is located within the United States. If you reside outside the United States and choose to provide Personal Information or Browsing Information to us, please note that we may transfer that information outside of your country of residence. By providing FNF with your Personal Information and/or Browsing Information, you consent to our collection, transfer, and use of such information in accordance with this Privacy Notice.

## FNF Website Services for Mortgage Loans
Certain FNF companies provide services to mortgage loan servicers, including hosting websites that collect customer information on behalf of mortgage loan servicers (the "Service Websites"). The Service Websites may contain links to both this Privacy Notice and the mortgage loan servicer or lender's privacy notice. The sections of this Privacy Notice titled When Information is Disclosed, Choices with Your Information, and Accessing and Correcting Information do not apply to the Service Websites. The mortgage loan servicer or lender's privacy notice governs use, disclosure, and access to your Personal Information. FNF does not share Personal Information collected through the Service Websites, except as required or authorized by contract with the mortgage loan servicer or lender, or as required by law or in the good-faith belief that such disclosure is necessary: to comply with a legal process or applicable law, to enforce this Privacy Notice, or to protect the rights, property, or safety of FNF or the public.

Copyright © 2021. Fidelity National Financial, Inc. All Rights Reserved
Order No. 00346562-997-OC1-245

EXHIBIT 3
PAGE 211

**Your Consent To This Privacy Notice; Notice Changes; Use of Comments or Feedback**

By submitting Personal Information and/or Browsing Information to FNF, you consent to the collection and use of the information in accordance with this Privacy Notice. We may change this Privacy Notice at any time. The Privacy Notice's effective date will show the last date changes were made. If you provide information to us following any change of the Privacy Notice, that signifies your assent to and acceptance of the changes to the Privacy Notice.

**Accessing and Correcting Information; Contact Us**

If you have questions, would like to correct your Personal Information, or want to opt-out of information sharing for affiliate marketing, visit FNF's Opt Out Page or contact us by phone at (888) 934-3354 or by mail to:

Fidelity National Financial, Inc.
601 Riverside Avenue
Jacksonville, Florida 32204
Attn: Chief Privacy Officer

Copyright © 2021. Fidelity National Financial, Inc. All Rights Reserved
Order No. 00346562-997-OC1-245

EXHIBIT 3
PAGE 212

## ATTACHMENT ONE (Revised 05-06-16)

### CALIFORNIA LAND TITLE ASSOCIATION
### STANDARD COVERAGE POLICY – 1990

#### EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1.  (a)  Any law, ordinance or governmental regulation (including but not limited to building or zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien, or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
    (b)  Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
2.  Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.
3.  Defects, liens, encumbrances, adverse claims or other matters:
    (a)  whether or not recorded in the public records at Date of Policy, but created, suffered, assumed or agreed to by the insured claimant;
    (b)  not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became an insured under this policy;
    (c)  resulting in no loss or damage to the insured claimant;
    (d)  attaching or created subsequent to Date of Policy; or
    (e)  resulting in loss or damage which would not have been sustained if the insured claimant had paid value for the insured mortgage or for the estate or interest insured by this policy.
4.  Unenforceability of the lien of the insured mortgage because of the inability or failure of the insured at Date of Policy, or the inability or failure of any subsequent owner of the indebtedness, to comply with the applicable doing business laws of the state in which the land is situated.
5.  Invalidity or unenforceability of the lien of the insured mortgage, or claim thereof, which arises out of the transaction evidenced by the insured mortgage and is based upon usury or any consumer credit protection or truth in lending law.
6.  Any claim, which arises out of the transaction vesting in the insured the estate of interest insured by this policy or the transaction creating the interest of the insured lender, by reason of the operation of federal bankruptcy, state insolvency or similar creditors' rights laws.

#### EXCEPTIONS FROM COVERAGE - SCHEDULE B, PART I

This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees or expenses) which arise by reason of:

1.  Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public records.
    Proceedings by a public agency which may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the public records.
2.  Any facts, rights, interests, or claims which are not shown by the public records but which could be ascertained by an inspection of the land or which may be asserted by persons in possession thereof.
3.  Easements, liens or encumbrances, or claims thereof, not shown by the public records.
4.  Discrepancies, conflicts in boundary lines, shortage in area, encroachments, or any other facts which a correct survey would disclose, and which are not shown by the public records.
5.  (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b) or (c) are shown by the public records.
6.  Any lien or right to a lien for services, labor or material not shown by the public records.

### CLTA HOMEOWNER'S POLICY OF TITLE INSURANCE (12-02-13)
### ALTA HOMEOWNER'S POLICY OF TITLE INSURANCE

#### EXCLUSIONS

In addition to the Exceptions in Schedule B, You are not insured against loss, costs, attorneys' fees, and expenses resulting from:

1.  Governmental police power, and the existence or violation of those portions of any law or government regulation concerning:
    a.  building;
    b.  zoning;
    c.  land use;
    d.  improvements on the Land;
    e.  land division; and
    f.  environmental protection.
    This Exclusion does not limit the coverage described in Covered Risk 8.a., 14, 15, 16, 18, 19, 20, 23 or 27.
2.  The failure of Your existing structures, or any part of them, to be constructed in accordance with applicable building codes. This Exclusion does not limit the coverage described in Covered Risk 14 or 15.
3.  The right to take the Land by condemning it.  This Exclusion does not limit the coverage described in Covered Risk 17.
4.  Risks:
    a.  that are created, allowed, or agreed to by You, whether or not they are recorded in the Public Records;
    b.  that are Known to You at the Policy Date, but not to Us, unless they are recorded in the Public Records at the Policy Date;

© California Land Title Association. All rights reserved.
The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

EXHIBIT 3
PAGE 213

    c.   that result in no loss to You; or
    d.   that first occur after the Policy Date - this does not limit the coverage described in Covered Risk 7, 8.e., 25, 26, 27 or 28.
5.   Failure to pay value for Your Title.
6.   Lack of a right:
    a.   to any land outside the area specifically described and referred to in paragraph 3 of Schedule A; and
    b.   in streets, alleys, or waterways that touch the Land.
    This Exclusion does not limit the coverage described in Covered Risk 11 or 21.
7.   The transfer of the Title to You is invalid as a preferential transfer or as a fraudulent transfer or conveyance under federal bankruptcy, state insolvency, or similar creditors' rights laws.
8.   Contamination, explosion, fire, flooding, vibration, fracturing, earthquake, or subsidence.
9.   Negligence by a person or an Entity exercising a right to extract or develop minerals, water, or any other substances.

## LIMITATIONS ON COVERED RISKS

Your insurance for the following Covered Risks is limited on the Owner's Coverage Statement as follows:

- For Covered Risk 16, 18, 19, and 21 Your Deductible Amount and Our Maximum Dollar Limit of Liability shown in Schedule A.

The deductible amounts and maximum dollar limits shown on Schedule A are as follows:

|  | Your Deductible Amount | Our Maximum Dollar Limit of Liability |
|---|---|---|
| Covered Risk 16: | 1.00% of Policy Amount Shown in Schedule A or $2,500.00 (whichever is less) | $ 10,000.00 |
| Covered Risk 18: | 1.00% of Policy Amount Shown in Schedule A or $5,000.00 (whichever is less) | $ 25,000.00 |
| Covered Risk 19: | 1.00% of Policy Amount Shown in Schedule A or $5,000.00 (whichever is less) | $ 25,000.00 |
| Covered Risk 21: | 1.00% of Policy Amount Shown in Schedule A or $2,500.00 (whichever is less) | $ 5,000.00 |

## 2006 ALTA LOAN POLICY (06-17-06)

## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:

1.   (a)   Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
        (i)   the occupancy, use, or enjoyment of the Land;
        (ii)   the character, dimensions, or location of any improvement erected on the Land;
        (iii)   the subdivision of land; or
        (iv)   environmental protection;
        or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5.
    (b)   Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 6.
2.   Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.
3.   Defects, liens, encumbrances, adverse claims, or other matters
    (a)   created, suffered, assumed, or agreed to by the Insured Claimant;
    (b)   not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
    (c)   resulting in no loss or damage to the Insured Claimant;
    (d)   attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 11, 13 or 14); or
    (e)   resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Insured Mortgage.
4.   Unenforceability of the lien of the Insured Mortgage because of the inability or failure of an Insured to comply with applicable doing-business laws of the state where the Land is situated.
5.   Invalidity or unenforceability in whole or in part of the lien of the Insured Mortgage that arises out of the transaction evidenced by the Insured Mortgage and is based upon usury or any consumer credit protection or truth-in-lending law.
6.   Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction creating the lien of the Insured Mortgage, is
    (a)   a fraudulent conveyance or fraudulent transfer, or
    (b)   a preferential transfer for any reason not stated in Covered Risk 13(b) of this policy.
7.   Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching between Date of Policy and the date of recording of the Insured Mortgage in the Public Records.  This Exclusion does not modify or limit the coverage provided under Covered Risk 11(b).

The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

## EXCEPTIONS FROM COVERAGE

{Except as provided in Schedule B - Part II,{ t{or T}his policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees or expenses, that arise by reason of:

---

© California Land Title Association. All rights reserved.
The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

EXHIBIT 3
PAGE 214

## {PART I

{The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

1.  (a) Taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records; (b) proceedings by a public agency that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.

2.  Any facts, rights, interests, or claims that are not shown by the Public Records but that could be ascertained by an inspection of the Land or that may be asserted by persons in possession of the Land.

3.  Easements, liens or encumbrances, or claims thereof, not shown by the Public Records.

4.  Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land and not shown by the Public Records.

5.  (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b), or (c) are shown by the Public Records.

6.  Any lien or right to a lien for services, labor or material not shown by the Public Records.}

## PART II

In addition to the matters set forth in Part I of this Schedule, the Title is subject to the following matters, and the Company insures against loss or damage sustained in the event that they are not subordinate to the lien of the Insured Mortgage:}

## 2006 ALTA OWNER'S POLICY (06-17-06)

### EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:

1.  (a) Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
    (i)   the occupancy, use, or enjoyment of the Land;
    (ii)  the character, dimensions, or location of any improvement erected on the Land;
    (iii) the subdivision of land; or
    (iv)  environmental protection;
    or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5.
    (b) Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 6.

2.  Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.

3.  Defects, liens, encumbrances, adverse claims, or other matters
    (a) created, suffered, assumed, or agreed to by the Insured Claimant;
    (b) not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
    (c) resulting in no loss or damage to the Insured Claimant;
    (d) attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 9 and 10); or
    (e) resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Title.

4.  Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction vesting the Title as shown in Schedule A, is
    (a) a fraudulent conveyance or fraudulent transfer; or
    (b) a preferential transfer for any reason not stated in Covered Risk 9 of this policy.

5.  Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching between Date of Policy and the date of recording of the deed or other instrument of transfer in the Public Records that vests Title as shown in Schedule A.

The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

### EXCEPTIONS FROM COVERAGE

This policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees or expenses, that arise by reason of:

{The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

1.  (a) Taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records; (b) proceedings by a public agency that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.

2.  Any facts, rights, interests, or claims that are not shown in the Public Records but that could be ascertained by an inspection of the Land or that may be asserted by persons in possession of the Land.

3.  Easements, liens or encumbrances, or claims thereof, not shown by the Public Records.

4.  Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land and that are not shown by the Public Records.

5.  (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b), or (c) are shown by the Public Records.

6.  Any lien or right to a lien for services, labor or material not shown by the Public Records. }

7.  {Variable exceptions such as taxes, easements, CC&R's, etc. shown here.}

© **California Land Title Association. All rights reserved.**
The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

EXHIBIT 3
PAGE 215

**ALTA EXPANDED COVERAGE RESIDENTIAL LOAN POLICY – ASSESSMENTS PRIORITY (04-02-15)**

**EXCLUSIONS FROM COVERAGE**

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1.  (a)  Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
    (i)    the occupancy, use, or enjoyment of the Land;
    (ii)   the character, dimensions, or location of any improvement erected on the Land;
    (iii)  the subdivision of land; or
    (iv)   environmental protection;
    or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5, 6, 13(c), 13(d), 14 or 16.
    (b)  Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 5, 6, 13(c), 13(d), 14 or 16.

2.  Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.

3.  Defects, liens, encumbrances, adverse claims, or other matters
    (a)  created, suffered, assumed, or agreed to by the Insured Claimant;
    (b)  not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
    (c)  resulting in no loss or damage to the Insured Claimant;
    (d)  attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 11, 16, 17, 18, 19, 20, 21, 22, 23, 24, 27 or 28); or
    (e)  resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Insured Mortgage.

4.  Unenforceability of the lien of the Insured Mortgage because of the inability or failure of an Insured to comply with applicable doing-business laws of the state where the Land is situated.

5.  Invalidity or unenforceability in whole or in part of the lien of the Insured Mortgage that arises out of the transaction evidenced by the Insured Mortgage and is based upon usury, or any consumer credit protection or truth-in-lending law. This Exclusion does not modify or limit the coverage provided in Covered Risk 26.

6.  Any claim of invalidity, unenforceability or lack of priority of the lien of the Insured Mortgage as to Advances or modifications made after the Insured has Knowledge that the vestee shown in Schedule A is no longer the owner of the estate or interest covered by this policy. This Exclusion does not modify or limit the coverage provided in Covered Risk 11.

7.  Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching subsequent to Date of Policy. This Exclusion does not modify or limit the coverage provided in Covered Risk 11(b) or 25.

8.  The failure of the residential structure, or any portion of it, to have been constructed before, on or after Date of Policy in accordance with applicable building codes.  This Exclusion does not modify or limit the coverage provided in Covered Risk 5 or 6.

9.  Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction creating the lien of the Insured Mortgage, is
    (a)  a fraudulent conveyance or fraudulent transfer, or
    (b)  a preferential transfer for any reason not stated in Covered Risk 27(b) of this policy.

10.  Contamination, explosion, fire, flooding, vibration, fracturing, earthquake, or subsidence.

11.  Negligence by a person or an Entity exercising a right to extract or develop minerals, water, or any other substances.

---

Attachment One – CA (Rev. 05-06-16)                                                                                                          Page 4

© **California Land Title Association. All rights reserved.**
The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

EXHIBIT 3
PAGE 216



This map/plat is being furnished as an aid in locating the herein described Land in relation to adjoining streets, natural boundaries and other land, and is not a survey of the land depicted. Except to the extent a policy of title insurance is expressly modified by endorsement, if any, the Company does not insure dimensions, distances, location of easements, acreage or other matters shown thereon.

EXHIBIT 3
PAGE 217

**EXHIBIT 4**



Fidelity National Title - OC
1300 Dove Street, 3rd Floor, Newport Beach, CA
92660

# **Preliminary Report**

Fidelity National Title - OC
1300 Dove Street, 3rd Floor, Newport Beach, CA
92660
Phone: (949) 788-2800
Fax: (949) 341-0251

Title Officer: Blake.Uradomo
Email: Blake.Uradomo@fnf.com
Phone No.: (949) 788-2800
Fax No.: (949) 341-0251
File No.: 00346564-997-OC1-245

Property Address: Vacant Land, Coachella, CA

## **Introducing**



LiveLOOK title document delivery system is designed to provide 24/7 real-time access
to all information related to a title insurance transaction.

Access title reports, exception documents, an easy-to-use summary page, and more,
at your fingertips and your convenience.

### To view your new Fidelity National Title First Alert powered by LiveLOOK report, Click Here



**Effortless, Efficient, Compliant, and Accessible**

EXHIBIT 4

PAGE 219

## Fidelity National Title Company
1300 Dove Street, 3rd Floor, Newport Beach, CA 92660
Phone: (949) 788-2800    •    Fax: (949) 341-0251

Issuing Policies of Fidelity National Title Insurance Company

Title Officer: **Blake.Uradomo**
Phone: **(949) 788-2800**
Fax: **(949) 341-0251**
Email: **Blake.Uradomo@fnf.com**

ORDER NO.: **00346564-997-OC1-245**

LOAN NO.:

Fidelity National Title Company
1300 Dove Street, 3rd Floor
Newport Beach, CA 92660

ATTN:        Ben Llorin
YOUR REF:

PROPERTY:     **Vacant Land, Coachella, CA**

## PRELIMINARY REPORT

*In response to the application for a policy of title insurance referenced herein, **Fidelity National Title Company** hereby reports that it is prepared to issue, or cause to be issued, as of the date hereof, a policy or policies of title insurance describing the land and the estate or interest therein hereinafter set forth, insuring against loss which may be sustained by reason of any defect, lien or encumbrance not shown or referred to as an exception herein or not excluded from coverage pursuant to the printed Schedules, Conditions and Stipulations or Conditions of said policy forms.*

*The printed Exceptions and Exclusions from the coverage and Limitations on Covered Risks of said policy or policies are set forth in Attachment One. The policy to be issued may contain an arbitration clause. When the Amount of Insurance is less than that set forth in the arbitration clause, all arbitrable matters shall be arbitrated at the option of either the Company or the Insured as the exclusive remedy of the parties. Limitations on Covered Risks applicable to the CLTA and ALTA Homeowner's Policies of Title Insurance which establish a Deductible Amount and a Maximum Dollar Limit of Liability for certain coverages are also set forth in Attachment One. Copies of the policy forms should be read. They are available from the office which issued this report.*

*This report (and any supplements or amendments hereto) is issued solely for the purpose of facilitating the issuance of a policy of title insurance and no liability is assumed hereby. If it is desired that liability be assumed prior to the issuance of a policy of title insurance, a Binder or Commitment should be requested.*

*The policy(s) of title insurance to be issued hereunder will be policy(s) of Fidelity National Title Insurance Company, a Florida Corporation.*

***Please read the exceptions shown or referred to herein and the exceptions and exclusions set forth in Attachment One of this report carefully. The exceptions and exclusions are meant to provide you with notice of matters which are not covered under the terms of the title insurance policy and should be carefully considered.***

***It is important to note that this preliminary report is not a written representation as to the condition of title and may not list all liens, defects and encumbrances affecting title to the land.***

Countersigned by:

_____
Authorized Signature

EXHIBIT 4
PAGE 220

**Fidelity National Title Company**
1300 Dove Street, 3rd Floor, Newport Beach, CA 92660
Phone: (949) 788-2800   •   Fax: (949) 341-0251

## PRELIMINARY REPORT

---

**EFFECTIVE DATE:**                    **March 24, 2021 at 7:30 a.m.**

**ORDER NO.: 00346564-997-OC1-245**

The form of policy or policies of title insurance contemplated by this report is:

**CLTA Standard Coverage Policy of Title Insurance (4-8-14)**

1.    THE ESTATE OR INTEREST IN THE LAND HEREINAFTER DESCRIBED OR REFERRED TO COVERED BY THIS REPORT IS:

    **A Fee**

2.    TITLE TO SAID ESTATE OR INTEREST AT THE DATE HEREOF IS VESTED IN:

    **Glenroy Coachella, LLC, a Delaware limited liability company, as to an undivided 70.5% interest;**
    **Force Rubin, LLC, a Delaware limited liability company, as to an undivided 21.2115% interest;**
    **Force Rubin 2, LLC, a Delaware limited liability company, as to an undivided 3.7885% interest; and**
    **Coachella Resort, LLC, a California limited liability company, as to an undivided 4.5% interest**

3.    THE LAND REFERRED TO IN THIS REPORT IS DESCRIBED AS FOLLOWS:

    **See Exhibit A attached hereto and made a part hereof.**

EXHIBIT 4
PAGE 221

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346564-997-OC1-245

# EXHIBIT A

## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF COACHELLA, IN THE COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCEL 2 OF PARCEL MAP NO. 37310, IN THE CITY OF COACHELLA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, ACCORDING TO MAP ON FILE IN BOOK 243, PAGES 82 THROUGH 84 OF PARCEL MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

EXCEPTING THEREFROM THAT PORTION OF THE PROPERTY CONVEYED TO THE CITY OF COACHELLA, A MUNICIPAL CORPORATION, AS DESCRIBED IN DOCUMENT ENTITLED "CERTIFICATE OF ACCEPTANCE (GRANT OF EASEMENT), RECORDED SEPTEMBER 6, 2018 AS INSTRUMENT NO. 2018-359087 OF OFFICIAL RECORDS.

APN:  603-220-067

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346564-997-OC1-245

# EXCEPTIONS

**AT THE DATE HEREOF, ITEMS TO BE CONSIDERED AND EXCEPTIONS TO COVERAGE IN ADDITION TO THE PRINTED EXCEPTIONS AND EXCLUSIONS IN SAID POLICY FORM WOULD BE AS FOLLOWS:**

1.  Property taxes, which are a lien not yet due and payable, including any assessments collected with taxes to be levied for the fiscal year 2021-2022.

2.  Property taxes, including any personal property taxes and any assessments collected with taxes are as follows:

    | | |
    |---|---|
    | Code Area: | 012-037 |
    | Tax Identification No.: | 603-220-067 |
    | Fiscal Year: | 2020-2021 |
    | 1st Installment: | $109,956.41, Paid |
    | 2nd Installment: | $109,956.41, Open |
    | Exemption: | $0.00 |
    | Land: | $2,871,721.00 |
    | Improvements: | $0.00 |
    | Personal Property: | $0.00 |
    | Bill No.: | 2020003418394 |

3.  The lien of supplemental or escaped assessments of property taxes, if any, made pursuant to the provisions of Chapter 3.5 or Part 2, Chapter 3, Articles 3 and 4 respectively (commencing with Section 75) of the Revenue and Taxation Code of the State of California as a result of the transfer of title to the vestee named in Schedule A; or as a result of changes in ownership or new construction occurring prior to date of policy.

4.  The herein described Land is within the boundaries of the Mello-Roos Community Facilities District(s). The annual assessments, if any, are collected with the county property taxes. Failure to pay said taxes prior to the delinquency date may result in the above assessment being removed from the county tax roll and subjected to Accelerated Judicial Bond Foreclosure. Inquiry should be made with said District for possible stripped assessments and prior delinquencies.

5.  A Notice

    | | |
    |---|---|
    | Entitled: | Notice of Assessment |
    | For: | Coachella Community Center Project Assessment District No. 92-1 |
    | Executed by: | The Coachella Valley Recreation & Parks District |
    | Recording Date: | October 13, 1992 |
    | Recording No: | Instrument No. 1992-385076 Official Records |

    Reference is hereby made to said document for full particulars.

6.  Any assessments which may be levied against the herein described property by virtue of the fact that said land lies within the boundaries of Community Facilities District 2018-1 (Glenroy) adopted by the City of Coachella, a boundary map of which is on file in Book 82, Page 7 of Maps of Assessment and Community Facilities Districts, recorded February 21, 2018 as Instrument No. 2018-0064380 Official Records, and amended in Book 82, Page 38, recorded April 25, 2018 as Instrument No. 2018-158456 Official Records.

7.  The herein described property lies within the boundaries of a Mello-Roos Community Facilities District (CFD) as follows:

    | | |
    |---|---|
    | CFD No: | 2005-1 |
    | For: | Community Facilities District No. 2005-1 (Law Enforcement, Fire and Paramedic Services) |
    | Disclosed by: | Notice of Special Tax lien |
    | Recording Date: | November 3, 2005 |
    | Recording No.: | Instrument No. 2005-0916803, of Official Records |

CLTA Preliminary Report Form – Modified (11/17/06)

Page 4

EXHIBIT 4
PAGE 223

# EXCEPTIONS
## (Continued)

This property, along with all other parcels in the CFD, is liable for an annual special tax. This special tax is included with and payable with the general property taxes of the City of Coachella, County of Riverside. The tax may not be prepaid.

Matters contained in that certain document

| | |
|---|---|
| Entitled: | Amendment No. 3 to Notice of Special Tax Lien |
| Recording Date: | October 6, 2006 |
| Recording No: | Instrument No. 2006-0741243, of Official Records |

Reference is hereby made to said document for full particulars.

8.    The herein described property lies within the boundaries of a Mello-Roos Community Facilities District (CFD) as follows:

| | |
|---|---|
| CFD No: | 2018-1 |
| For: | Community Facilities District No. 2018-1 |
| Disclosed by: | Notice of Special Tax Lien |
| Recording Date: | June 4, 2018 |
| Recording No.: | Instrument No. 2018-0225621 Official Records |

This property, along with all other parcels in the CFD, is liable for an annual special tax. This special tax is included with and payable with the general property taxes of the City of Coachella, County of Riverside.

The tax may not be prepaid.

9.    Assessments and other matters as contained in documents entitled Payment of Contractual Assessment Required, recorded April 25, 2018, as Document No. 2018-0160474, of Official, pursuant to Chapter 29 of Part 3 of Division 7 of the California Streets and Highways Code providing for the assessments. Said assessments are collected with county taxes. The assessment may be prepaid.

Reference is hereby made to said documents for further particulars.

10.    Water rights, claims or title to water, whether or not disclosed by the public records.

11.    Covenants, conditions and restrictions but omitting any covenants or restrictions, if any, including but not limited to those based upon race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, veteran or military status, genetic information, medical condition, citizenship, primary language, and immigration status, as set forth in applicable state or federal laws, except to the extent that said covenant or restriction is permitted by applicable law, as set forth in the document

| | |
|---|---|
| Recording Date: | June 6, 1892 |
| Recording No: | in Book 202, Page 144, of Deeds, San Diego County Records |

Said covenants, conditions and restrictions provide that a violation thereof shall not defeat the lien of any mortgage or deed of trust made in good faith and for value.

12.    Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

| | |
|---|---|
| Granted to: | Coachella Valley Ice and Electric Company |
| Purpose: | Transmission and distribution of electricity and telephonic communication and |

EXHIBIT 4
PAGE 224

## EXCEPTIONS
### (Continued)

|  |  |
|---|---|
|  | telegraphic communication |
| Recording Date: | June 04, 1914 |
| Recording No: | in Book 398, Page 130, of Deeds |
| Affects: | A portion of said land as described therein |

13.   Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

|  |  |
|---|---|
| Granted to: | The United States of America |
| Purpose: | Water pipeline |
| Recording Date: | July 19, 1949 |
| Recording No: | in Book 1095, Page 306, of Official Records |
| Affects: | A portion of said land as described therein |

Matters contained in that certain document

|  |  |
|---|---|
| Entitled: | Quitclaim Deed and Release |
| Recording Date: | July 31, 2018 |
| Recording No: | Instrument No. 2018-0307549, of Official Records |

Reference is hereby made to said document for full particulars.

14.   Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

|  |  |
|---|---|
| Granted to: | Coachella Valley County Water District |
| Purpose: | Pipeline |
| Recording Date: | September 21, 1960 |
| Recording No: | Instrument No. 1960-82454, of Official Records |
| Affects: | A portion of said land as described therein |

15.   Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

|  |  |
|---|---|
| Granted to: | Imperial Irrigation District |
| Purpose: | Public utilities |
| Recording Date: | July 22, 1970 |
| Recording No: | Instrument No. 1970-70546, of Official Records |
| Affects: | A portion of said land as described therein |

16.   Easements as shown and/or dedicated upon the recorded map referenced in the legal description in Schedule A as Parcel Map 37310, in the City of Coachella, County of Riverside, State of California, according to map on file in Book 243, Pages 82 through 84 inclusive of Parcel Maps, records of Riverside County, California, together with any provisions and recitals contained therein.

Reference is hereby made to said document for full particulars.

17.   The Land described herein is included within a project area of the Redevelopment Agency shown below, and that proceedings for the redevelopment of said project have been instituted under the Redevelopment Law (such redevelopment to proceed only after the adoption of the Redevelopment Plan) as disclosed by a document.

|  |  |
|---|---|
| Redevelopment Agency: | City of Coachella |
| Recording Date: | July 10, 2007 |
| Recording No: | Instrument No. 2007-0449636, of Official Records |

EXHIBIT 4
PAGE 225

PRELIMINARY REPORT                                                                                  Fidelity National Title Company
YOUR REFERENCE:                                                                              ORDER NO.:  00346564-997-OC1-245

**EXCEPTIONS**
**(Continued)**

|  |  |
|---|---|
| and Recording Date: | July 10, 2007 |
| and Recording No: | Instrument No. 2007-0449637, of Official Records |

18.    Recitals as shown on Parcel Map 37310

Recording No:                    in Book 243, Pages 82 to 84 inclusive of Parcel Maps
Which among other things recites: The real property described below is dedicated in fee for street and
public utility purposes: Lot "A" as shown hereon.

As a condition of dedication of Lot "A" (Avenue 48), the owners of Parcels 1-4,
and 6, inclusive, abutting this right of way and during such time will have no
rights of access except the general easement of travel. Any change of alignment
or width that results in the vacation thereof shall terminate this condition of
access rights as to the party vacated.

Reference is hereby made to said document for full particulars.

19.    The following matters shown or disclosed by the filed or recorded map referred to in the legal description: Various
notes and recitals

20.    Easement(s) for the purpose(s) shown below and rights incidental thereto as delineated or as offered for dedication,
on the map of said tract/plat;

|  |  |
|---|---|
| Purpose: | Landscape and/or retention basin |
| Affects: | As shown on said map |

21.    Matters contained in that certain document

|  |  |
|---|---|
| Entitled: | Water Quality Management Plan and Urban Runoff BMP Transfer, Access and Maintenance Agreement |
| Recording Date: | December 06, 2017 |
| Recording No: | Instrument No. 2017-0512010, of Official Records |

Reference is hereby made to said document for full particulars.

22.    Matters contained in that certain document

|  |  |
|---|---|
| Entitled: | Glenroy Resort Development Agreement |
| Recording Date: | March 8, 2018 |
| Recording No: | Instrument No. 2018-0089219, of Official Records |

Reference is hereby made to said document for full particulars.

23.    Terms and provisions contained in that certain unrecorded Parking License Agreement dated April 20, 2018 by
and between Glenroy Coachella, LLC and Force-DMP LLC.

EXHIBIT 4
PAGE 226

PRELIMINARY REPORT                                                    Fidelity National Title Company
YOUR REFERENCE:                                                      ORDER NO.:  00346564-997-OC1-245

## EXCEPTIONS
### (Continued)

24.      Matters contained in that certain document

         Entitled:              Memorandum of Tenancy in Common Agreement
         Recording Date:        April 24, 2018
         Recording No:          Instrument No. 2018-0156322, of Official Records

         Reference is hereby made to said document for full particulars.

25.      Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

         Granted to:            The City of Coachella
         Purpose:               Public utilities and incidental purposes
         Recording Date:        September 06, 2018
         Recording No:          Instrument No. 2018-0359087, of Official Records
         Affects:               A portion of said land as described therein

26.      Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

         Granted to:            Southern California Gas Company, a California Corporation, its successors and assigns
         Purpose:               Public utilities and incidental purposes
         Recording Date:        October 26, 2018
         Recording No:          Instrument No. 2018-0423528, of Official Records
         Affects:               A portion of said land as described therein

27.      A deed of trust to secure an indebtedness in the amount shown below,

         Amount:                $24,400,000.00
         Dated:                 April 26, 2018
         Trustor/Grantor        Glenroy Coachella, LLC, a Delaware limited liability company; Force Rubin, LLC, a
                                Delaware limited liability company; Force Rubin 2, LLC, a Delaware limited liability
                                company; and Coachella Resort, LLC, a California limited liability company
         Trustee:               Stewart Title of California, Inc., a California corporation
         Beneficiary:           U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership
         Loan No.:              None shown
         Recording Date:        April 26, 2018
         Recording No:          Instrument No. 2018-0162476,of Official Records

         Affects:               The herein described Land and other land.

         A substitution of trustee under said deed of trust which names, as the substituted trustee, the following

         Trustee:               Fidelity National Title Company
         Recording Date:        September 09, 2019
         Recording No:          Instrument No. 2019-0350103, of Official Records

         A notice of default under the terms of said trust deed

         Executed by:           Fidelity National Title Company
         Recording Date:        September 09, 2019
         Recording No:          Instrument No. 2019-0350104, of Official Records

CLTA Preliminary Report Form – Modified (11/17/06)                                      Page 8

EXHIBIT 4
PAGE 227

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346564-997-OC1-245

## EXCEPTIONS
### (Continued)

A notice of trustee's sale under said deed of trust

| | |
|---|---|
| Executed by: | Fidelity National Title Company |
| Date, Time and Place of Sale: | February 9, 2021, at 09:00 AM, in front of the Corona Civic Center, 849 W. Sixth Street, Corona, CA 92882 |
| Recording Date: | January 14, 2021 |
| Recording No: | Instrument No. 2021-0025741, of Official Records |

28.     An assignment of all the moneys due, or to become due as rental, as additional security for the obligations secured by deed of trust shown as item above

| | |
|---|---|
| Assigned to: | U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership |
| Recording Date: | April 26, 2018 |
| Recording No: | Instrument No. 2018-0162477,of Official Records |

29.     A financing statement as follows:

| | |
|---|---|
| Debtor: | Glenroy Coachella, LLC, a Delaware limited liability company; Force Rubin, LLC, a Delaware limited liability company; Force Rubin 2, LLC, a Delaware limited liability company; and Coachella Resort, LLC, a California limited liability company |
| Secured Party: | U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership |
| Recording Date: | April 26, 2018 |
| Recording No: | Instrument No. 2018-0162478,of Official Records |

30.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Hi-Grade Materials Co |
| Amount: | $32,847.96 |
| Recording Date: | July 5, 2018 |
| Recording No: | Instrument No. 2018-0273102, of Official Records |

31.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Glendale Plumbing and Fire Supply |
| Amount: | $23,792.54 |
| Recording Date: | October 26, 2018 |
| Recording No: | Instrument No. 2018-0423202, of Official Records |

32.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Constructure, Inc. |
| Amount: | $301,119.50 |
| Recording Date: | January 22, 2019 |
| Recording No: | Instrument No. 2019-0022660, of Official Records |

33.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Ferguson Enterprises, LLC. |
| Amount: | $119,569.73 |
| Recording Date: | May 22, 2019 |
| Recording No: | Instrument No. 2019-0179443, of Official Records |

EXHIBIT 4
PAGE 228

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346564-997-OC1-245

## EXCEPTIONS
### (Continued)

34.      A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Superior Ready Mix Concrete L.P. |
| Amount: | $20,571.27 |
| Recording Date: | May 29, 2019 |
| Recording No: | Instrument No. 2019-0190540, of Official Records |

35.      A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | The Sherwin-Williams Company |
| Amount: | $33,333.11 |
| Recording Date: | June 3, 2019 |
| Recording No: | Instrument No. 2019-0198410, of Official Records |

Said mechanic's lien has been partially released by instrument

| | |
|---|---|
| Recording Date: | July 10, 2019 |
| Recording No: | Instrument No. 2019-0252361, of Official Records |

Claimant reduces its Mechanics' Lien by $6,538.32, to reflect the current amount subject to the Claimant's
Mechanics' Lien in the sum of $26,794.79.

36.      A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | GF Investment Group, Inc. |
| Amount: | $259,695.63 |
| Recording Date: | June 6, 2019 |
| Recording No: | Instrument No. 2019-0204095, of Official Records |

37.      A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Blair Air, Inc. Dba Blair Heating & Air |
| Amount: | $297,443.80 |
| Recording Date: | June 7, 2019 |
| Recording No: | Instrument No. 2019-0206598, of Official Records |

38.      A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Hajoca Corporation |
| Amount: | $39,636.17 |
| Recording Date: | June 11, 2019 |
| Recording No: | Instrument No. 2019-0210159, of Official Records |

39.      A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | American Builders and Contractors Supply Co., Inc. – ABC Supply Co., Inc. |
| Amount: | $24,813.58 |
| Recording Date: | June 13, 2019 |
| Recording No: | Instrument No. 2019-0213172, of Official Records |

EXHIBIT 4
PAGE 229

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346564-997-OC1-245

## EXCEPTIONS
### (Continued)

40.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Desert Electric Supply |
| Amount: | $61,574.60 |
| Recording Date: | June 18, 2019 |
| Recording No: | Instrument No. 2019-0218809, of Official Records |

41.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Apple J Plumbing, Inc. |
| Amount: | $175,845.06 |
| Recording Date: | June 18, 2019 |
| Recording No: | Instrument No. 2019-0219453, of Official Records |

42.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Jacobsson Engineering Construction, Inc. |
| Amount: | $1,042,299.00 |
| Recording Date: | June 21, 2019 |
| Recording No: | Instrument No. 2019-0225760, of Official Records |

43.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | West Coast Sand and Gravel, Inc. |
| Amount: | $21,666.29 |
| Recording Date: | July 10, 2019 |
| Recording No: | Instrument No. 2019-0253543, of Official Records |

44.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Superior Pool Products, LLC |
| Amount: | $14,386.05 |
| Recording Date: | July 11, 2019 |
| Recording No: | Instrument No. 2019-0254740 Official Records |

45.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Resource Building Materials |
| Amount: | $1,905.04 |
| Recording Date: | July 15, 2019 |
| Recording No: | Instrument No. 2019-0258520, of Official Records |

46.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | L&W Supply Corporation |
| Amount: | $10,861.98 |
| Recording Date: | August 05, 2019 |
| Recording No: | Instrument No. 2019-0293318, of Official Records |

EXHIBIT 4
PAGE 230

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346564-997-OC1-245

## EXCEPTIONS
### (Continued)

47.     A claim of mechanic's lien or materialman's lien

|  |  |
|---|---|
| Claimant: | L&W Supply Corporation |
| Amount: | $8,643.42 |
| Recording Date: | August 05, 2019 |
| Recording No: | Instrument No. 2019-0293319, of Official Records |

48.     A claim of mechanic's lien or materialman's lien

|  |  |
|---|---|
| Claimant: | Desert Palms Electric, Inc. |
| Amount: | $389,839.09 |
| Recording Date: | August 6, 2019 |
| Recording No: | Instrument No. 2019-0295567, of Official Records |

49.     A claim of mechanic's lien or materialman's lien

|  |  |
|---|---|
| Claimant: | Gauston Corp |
| Amount: | $21,153.36 |
| Recording Date: | August 21, 2019 |
| Recording No: | Instrument No. 2019-0321135, of Official Records |

50.     A claim of mechanic's lien or materialman's lien

|  |  |
|---|---|
| Claimant: | Ferguson Enterprises, LLC |
| Amount: | $119,569.73 |
| Recording Date: | August 26, 2019 |
| Recording No: | Instrument No. 2019-0328148, of Official Records |

51.     A claim of mechanic's lien or materialman's lien

|  |  |
|---|---|
| Claimant: | TemalPakh, Inc., dba The Works Floor & Wall |
| Amount: | $33,628.46 |
| Recording Date: | August 26, 2019 |
| Recording No: | Instrument No. 2019-0328428, of Official Records |

52.     A judgment for the amount shown below, and any other amounts due, entered in the United States District Court:

|  |  |
|---|---|
| Amount: | $89,110.62 (Damages) |
| Amount: | $5,164.42 (Attorney's Fees) |
| Debtor: | Glenroy Coachella, LLC, and Does 1-10 |
| Creditor: | Silhouette Outdoor Furniture, Inc. |
| Date entered: | July 02, 2019 |
| District: | Central, State of California |
| Case No: | EDCV 19-00373-CJC (KKx) |
| Recording Date: | August 29, 2019 |
| Recording No: | Instrument No. 2019-0336225, of Official Records |

53.     A claim of mechanic's lien or materialman's lien

|  |  |
|---|---|
| Claimant: | BMC West, LLC |
| Amount: | $50,290.00 |
| Recording Date: | September 11, 2019 |
| Recording No: | Instrument No. 2019-0354394, of Official Records |

PRELIMINARY REPORT                                                                    Fidelity National Title Company
YOUR REFERENCE:                                                                       ORDER NO.:  00346564-997-OC1-245

## EXCEPTIONS
### (Continued)

54.    A claim of mechanic's lien or materialman's lien

    Claimant:                     Doug Wall Construction, Inc.
    Amount:                       $3,876,856.10
    Recording Date:               September 12, 2019
    Recording No:                 Instrument No. 2019-0356369, of Official Records

    As affected by an Amended Mechanics Lien

    Amount:                       $4,359,813.13
    Recording Date:               October 7, 2019
    Recording No:                 Instrument No. 2019-0401936, of Official Records

55.    A pending court action as disclosed by a recorded notice:

    Plaintiff:                    Blair Air, Inc.
    Defendant:                    Doug Wall Construction, Inc.; Glen Roy Coachella, LLC; et al
    County:                       Riverside
    Court:                        Superior
    Case No.:                     PSC 1906241
    Nature of Action:             Foreclosure of Mechanic Lien
    Recording Date:               September 20, 2019
    Recording No:                 Instrument No. 2019-0370664, of Official Records

56.    A claim of mechanic's lien or materialman's lien

    Claimant:                     Al Miller & Sons Roofing Co., Inc.
    Amount:                       $111,631.71
    Recording Date:               September 20, 2019
    Recording No:                 Instrument No. 2019-0372302, of Official Records

    As affected by an Amended Mechanics Lien

    Amount:                       $153,901.00
    Recording Date:               October 7, 2019
    Recording No:                 Instrument No. 2019-0402031, of Official Records

57.    A pending court action as disclosed by a recorded notice:

    Plaintiff:                    Mascorro Concrete Construction, Inc.
    Defendant:                    Doug Wall Construction, Inc.; Glenroy Coachella, LLC; et al
    County:                       Riverside
    Court:                        Superior
    Case No.:                     PSC 1906560
    Nature of Action:             Foreclosure of Mechanic Lien
    Recording Date:               September 24, 2019
    Recording No:                 Instrument No. 2019-0376608, of Official Records

    Said Notice of Lis Pendens has been partially withdrawal by instrument

    Recording Date:               December 30, 2020
    Recording No:                 Instrument No. 2020-0668680, of Official Records

EXHIBIT 4
PAGE 232

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346564-997-OC1-245

## EXCEPTIONS
### (Continued)

58.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Apple J. Plumbing, Inc. |
| Defendant: | Doug Wall Construction, Inc.; Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC 1906579 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | September 24, 2019 |
| Recording No: | Instrument No. 2019-0376609, of Official Records |

Said Notice of Lis Pendens has been partially withdrawal by instrument

| | |
|---|---|
| Recording Date: | December 30, 2020 |
| Recording No: | Instrument No. 2020-0668682, of Official Records |

59.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Desert Palms Electric, Inc. |
| Defendant: | Doug Wall Construction, Inc.; Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC 1906554 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | September 24, 2019 |
| Recording No: | Instrument No. 2019-0376610, of Official Records |

Said Notice of Lis Pendens has been partially withdrawal by instrument

| | |
|---|---|
| Recording Date: | December 30, 2020 |
| Recording No: | Instrument No. 2020-0668681, of Official Records |

60.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Ferguson Enterprises, Inc. |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC 1906136 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | September 24, 2019 |
| Recording No: | Instrument No. 2019-0376684, of Official Records |

61.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Southwest Plumbing inc. |
| Amount: | $111,141.13 |
| Recording Date: | September 24, 2019 |
| Recording No: | Instrument No. 2019-0377201, of Official Records |

PRELIMINARY REPORT                                                      Fidelity National Title Company
YOUR REFERENCE:                                                     ORDER NO.:  00346564-997-OC1-245

## EXCEPTIONS
### (Continued)

62.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | All Phase Drywall & Development, Inc. |
| Amount: | $40,000.00 |
| Recording Date: | September 25, 2019 |
| Recording No: | Instrument No. 2019-0379585, of Official Records |

63.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | All Phase Drywall & Development, Inc. |
| Amount: | $396,871.43 |
| Recording Date: | September 25, 2019 |
| Recording No: | Instrument No. 2019-0379586, of Official Records |

64.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Tandem West Glass, Inc. |
| Amount: | $387,752.38 |
| Recording Date: | September 25, 2019 |
| Recording No: | Instrument No. 2019-0379822, of Official Records |

As affected by an Amended Mechanics Lien

| | |
|---|---|
| Amount: | $795,971.26 |
| Recording Date: | October 7, 2019 |
| Recording No: | Instrument No. 2019-0402041, of Official Records |

As affected by a Second Amended Mechanics Lien

| | |
|---|---|
| Amount: | $449,849.39 |
| Recording Date: | October 11, 2019 |
| Recording No: | Instrument No. 2019-0410373, of Official Records |

65.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | GF Investment Group, Inc. |
| Amount: | $250,695.63 |
| Recording Date: | September 27, 2019 |
| Recording No: | Instrument No. 2019-385786, of Official Records |

66.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | La Hacienda Nursery & Landscape, Inc. |
| Amount: | $146,717.74 |
| Recording Date: | October 16, 2019 |
| Recording No: | Instrument No. 2019-0415743, of Official Records |

EXHIBIT 4
PAGE 234

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346564-997-OC1-245

## EXCEPTIONS
### (Continued)

67.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Doug Wall Construction, Inc. |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1907309 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | October 16, 2019 |
| Recording No: | Instrument No. 2019-0415790, of Official Records |

68.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Tmalpakh, Inc., a California corporation dba The Works Floor & Wall |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1907262 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | October 23, 2019 |
| Recording No: | Instrument No. 2019-0428103, of Official Records |

Said Notice of Lis Pendens has been partially withdrawal by instrument

| | |
|---|---|
| Recording Date: | December 30, 2020 |
| Recording No: | Instrument No. 2020-0668684, of Official Records |

69.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Orco Block & Hardscape, a California corporation |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1907155 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | October 25, 2019 |
| Recording No: | Instrument No. 2019-0432553, of Official Records |

70.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | BMC West LLC, a Delaware limited liability company |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1908245 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | November 22, 2019 |
| Recording No: | Instrument No. 2019-0483250, of Official Records |

EXHIBIT 4
PAGE 235

## EXCEPTIONS
### (Continued)

71.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | La Hacienda Nursery & Landscape, Inc., a California corporation |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1909423 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | January 2, 2020 |
| Recording No: | Instrument No. 2020-0000938, of Official Records |

72.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | All Phase Drywall & Development, Inc., a California corporation |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1909367 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | January 9, 2020 |
| Recording No: | Instrument No. 2020-0009905, of Official Records |

73.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Tandem West Glass, Inc., a California corporation |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC 2000015 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | January 10, 2020 |
| Recording No: | Instrument No. 2020-0013976, of Official Records |

Said Notice of Lis Pendens has been partially withdrawal by instrument

| | |
|---|---|
| Recording Date: | December 30, 2020 |
| Recording No: | Instrument No. 2020-0668679, of Official Records |

74.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Al Miller & Sons Roofing, Inc., a California corporation |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC 2000009 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | January 10, 2020 |
| Recording No: | Instrument No. 2020-0013979, of Official Records |

Said Notice of Lis Pendens has been partially withdrawal by instrument

| | |
|---|---|
| Recording Date: | December 30, 2020 |
| Recording No: | Instrument No. 2020-0668683, of Official Records |

Fidelity National Title Company
ORDER NO.:  00346564-997-OC1-245

## EXCEPTIONS
### (Continued)

75.    Matters contained in that certain document

Entitled:                    Stipulation and Order RE Appointment of Receiver and Preliminary Junction
Recording Date:        January 29, 2020
Recording No:          Instrument No. 2020-0044153, of Official Records

Reference is hereby made to said document for full particulars.

76.    A pending court action as disclosed by a recorded notice:

Plaintiff:                U.S. Real Estate Credit Holdings III-A, LP
Defendant:              Glenroy Coachella, LLC; et al
County:                   Riverside
Court:                     Superior
Case No.:                RIC1905743
Recording Date:      February 13, 2020
Recording No.:        Instrument No. 2020-0068228, of Official Records

77.    Certificate of Indebtedness of the Receiver – Receiver Certificate No. 1

Recording Date:      June 12, 2020
Recording No.:        Instrument No. 2020-0252044 Official Records

and Recording Date:  June 12, 2020
and Recording No:    Instrument No. 2020-0252045 Official Records

and Recording Date:  June 12, 2020
and Recording No:    Instrument No. 2020-0252046 Official Records

and Recording Date:  June 12, 2020
and Recording No:    Instrument No. 2020-0252047 Official Records

and Recording Date:  June 12, 2020
and Recording No:    Instrument No. 2020-0252048 Official Records

and Recording Date:  June 12, 2020
and Recording No:    Instrument No. 2020-0252049 Official Records

and Recording Date:  June 12, 2020
and Recording No:    Instrument No. 2020-0252050 Official Records

and Recording Date:  June 12, 2020
and Recording No:    Instrument No. 2020-0252051 Official Records

78.    A claim of mechanic's lien or materialman's lien

Claimant:              Gauston Corp
Amount:               $28,829.75
Recording Date:      June 25, 2018
Recording No:        Instrument No. 2018-0255143, of Official Records

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346564-997-OC1-245

## EXCEPTIONS
### (Continued)

79.     Any rights of the parties in possession of a portion of, or all of, said Land, which rights are not disclosed by the public records.

The Company will require, for review, a full and complete copy of any unrecorded agreement, contract, license and/or lease, together with all supplements, assignments and amendments thereto, before issuing any policy of title insurance without excepting this item from coverage.

The Company reserves the right to except additional items and/or make additional requirements after reviewing said documents.

80.     Any facts, rights, interests or claims that may exist or arise by reason of the following matters disclosed by a pending final ALTA/NSPS Survey prepared by Saxon Engineering Services, Inc., dated April 10, 2018, designated as Job No. Glenroy Coachella:

a. Electrical vaults located on the northerly property line of Parcel 4.
b. A cable television box located along the westerly boundary of Parcel 2.
c. An electrical transformer located along the westerly boundary of Parcel 2.
d. A street light pole encroaching in the southwest corner of Parcel 2.

81.     Any easements not disclosed by the public records as to matters affecting title to real property, whether or not said easements are visible and apparent.

82.     Discrepancies, conflicts in boundary lines, shortage in area, encroachments, or any other matters which a correct survey would disclose and which are not shown by the public records.

83.     Matters which may be disclosed by an inspection and/or by a correct ALTA/ACSM Land Title Survey of said Land that is satisfactory to the Company, and/or by inquiry of the parties in possession thereof.

**PLEASE REFER TO THE "INFORMATIONAL NOTES" AND "REQUIREMENTS" SECTIONS WHICH FOLLOW FOR INFORMATION NECESSARY TO COMPLETE THIS TRANSACTION.**

**END OF EXCEPTIONS**

EXHIBIT 4
PAGE 238

PRELIMINARY REPORT                                                                                    Fidelity National Title Company
YOUR REFERENCE:                                                                                     ORDER NO.:  00346564-997-OC1-245

## REQUIREMENTS SECTION

1.    In order to complete this report, the Company requires a Statement of Information to be completed by the following party(s),

Party(s):                    All Parties

The Company reserves the right to add additional items or make further requirements after review of the requested Statement of Information.

NOTE:  The Statement of Information is necessary to complete the search and examination of title under this order. Any title search includes matters that are indexed by name only, and having a completed Statement of Information assists the Company in the elimination of certain matters which appear to involve the parties but in fact affect another party with the same or similar name. Be assured that the Statement of Information is essential and will be kept strictly confidential to this file.

2.    The Company will require the following documents for review prior to the issuance of any title insurance predicated upon a conveyance or encumbrance from the entity named below:

Limited Liability Company:            Glenroy Coachella, LLC, a Delaware limited liability company,
                                      Force Rubin, LLC, a Delaware limited liability company,
                                      Force Rubin 2, LLC, a Delaware limited liability company
                                      Coachella Resort, LLC, a California limited liability company

a)    A copy of its operating agreement, if any, and all amendments, supplements and/or modifications thereto, certified by the appropriate manager or member.

b)    If a domestic Limited Liability Company, a copy of its Articles of Organization and all amendments thereto with the appropriate filing stamps.

c)    If the Limited Liability Company is member-managed, a full and complete current list of members certified by the appropriate manager or member.

d)    A current dated certificate of good standing from the proper governmental authority of the state in which the entity is currently domiciled.

e)    If less than all members, or managers, as appropriate, will be executing the closing documents, furnish evidence of the authority of those signing.

f)    If Limited Liability Company is a Single Member Entity, a Statement of Information for the Single Member will be required.

g)    Each member and manager of the LLC without an Operating Agreement must execute in the presence of a notary public the Certificate of California LLC (Without an Operating Agreement) Status and Authority form.

3.    This transaction requires high liability approval prior to close of escrow together with an inspection of the subject property.

Please advise title department with an estimated date that your transaction will close so we can schedule the necessary approvals and inspections.

4.    The transaction contemplated in connection with this Report is subject to the review and approval of the Company's Corporate Underwriting Department. The Company reserves the right to add additional items or make further requirements after such review.

EXHIBIT 4
PAGE 239

## REQUIREMENTS
**(Continued)**

5.    Please call the Title Department five (5) days prior to the contemplated closing to determine if additional documents or information is required.

Phone Number:        (949) 788-2800

---

### END OF REQUIREMENTS

---

EXHIBIT 4
PAGE 240

PRELIMINARY REPORT                                                                      Fidelity National Title Company
YOUR REFERENCE:                                                                         ORDER NO.:  00346564-997-OC1-245

# INFORMATIONAL NOTES SECTION

1.    Note:  There are NO conveyances affecting said Land recorded within 24 months of the date of this report.

2.    Note:  Please contact your Title Officer to obtain the current recording fees.  Fidelity National Title Company will pay Fidelity National Title Insurance Company 12% of the title premium, as disclosed on lines 1107 and 1108 of the HUD-1.

3.    Note:  The policy of title insurance will include an arbitration provision. The Company or the insured may demand arbitration. Arbitrable matters may include, but are not limited to, any controversy or claim between the Company and the insured arising out of or relating to this policy, any service of the Company in connection with its issuance or the breach of a policy provision or other obligation. Please ask your escrow or title officer for a sample copy of the policy to be issued if you wish to review the arbitration provisions and any other provisions pertaining to your Title Insurance coverage.

4.    Notice: Please be aware that due to the conflict between federal and state laws concerning the cultivation, distribution, manufacture or sale of marijuana, the Company is not able to close or insure any transaction involving Land that is associated with these activities.

5.    Pursuant to Government Code Section 27388.1, as amended and effective as of 1-1-2018, a Documentary Transfer Tax (DTT) Affidavit may be required to be completed and submitted with each document when DTT is being paid or when an exemption is being claimed from paying the tax. If a governmental agency is a party to a document, the form will not be required. DTT Affidavits may be available at a Tax Assessor-County Clerk-Recorder.

6.    The Company and its policy issuing agents are required by Federal law to collect additional information about certain transactions in specified geographic areas in accordance with the Bank Secrecy Act.  If this transaction is required to be reported under a Geographic Targeting Order issued by FinCEN, the Company or its policy issuing agent must be supplied with a completed ALTA Information Collection Form ("ICF") prior to closing the transaction contemplated herein.

      **To protect the private information contained in the attached form and photo ID, please return via a secured method.**

---

### END OF INFORMATIONAL NOTES

---

Blake.Uradomo/sp1

EXHIBIT 4
PAGE 241

 Inquire before you wire!

# Wire Fraud Alert

This Notice is not intended to provide legal or professional advice. If you have any questions, please consult with a lawyer.

All parties to a real estate transaction are targets for wire fraud and many have lost hundreds of thousands of dollars because they simply relied on the wire instructions received via email, without further verification. **If funds are to be wired in conjunction with this real estate transaction, we strongly recommend verbal verification of wire instructions through a known, trusted phone number prior to sending funds.**

In addition, the following non-exclusive self-protection strategies are recommended to minimize exposure to possible wire fraud.

- **NEVER RELY** on emails purporting to change wire instructions. Parties to a transaction rarely change wire instructions in the course of a transaction.

- **ALWAYS VERIFY** wire instructions, specifically the ABA routing number and account number, by calling the party who sent the instructions to you. DO NOT use the phone number provided in the email containing the instructions, use phone numbers you have called before or can otherwise verify. **Obtain the phone number of relevant parties to the transaction as soon as an escrow account is opened**. DO NOT send an email to verify as the email address may be incorrect or the email may be intercepted by the fraudster.

- **USE COMPLEX EMAIL PASSWORDS** that employ a combination of mixed case, numbers, and symbols. Make your passwords greater than eight (8) characters. Also, change your password often and do NOT reuse the same password for other online accounts.

- **USE MULTI-FACTOR AUTHENTICATION** for email accounts. Your email provider or IT staff may have specific instructions on how to implement this feature.

For more information on wire-fraud scams or to report an incident, please refer to the following links:

| *Federal Bureau of Investigation:* | *Internet Crime Complaint Center:* |
| *http://www.fbi.gov* | *http://www.ic3.gov* |

*TM and © Fidelity National Financial, Inc. and/or an affiliate. All rights reserved*

EXHIBIT 4
PAGE 242

**Fidelity National Title Company**
1300 Dove Street, 3rd Floor, Newport Beach, CA 92660
Phone: (949) 788-2800   ●   Fax: (949) 341-0251

# Notice of Available Discounts

Pursuant to Section 2355.3 in Title 10 of the California Code of Regulations Fidelity National Financial, Inc. and its subsidiaries ("FNF") must deliver a notice of each discount available under our current rate filing along with the delivery of escrow instructions, a preliminary report or commitment.  Please be aware that the provision of this notice does not constitute a waiver of the consumer's right to be charged the filed rate.   As such, your transaction may not qualify for the below discounts.

You are encouraged to discuss the applicability of one or more of the below discounts with a Company representative.  These discounts are generally described below; consult the rate manual for a full description of the terms, conditions and requirements for such discount.  These discounts only apply to transactions involving services rendered by the FNF Family of Companies.  This notice only applies to transactions involving property improved with a one-to-four family residential dwelling.

Not all discounts are offered by every FNF Company. The discount will only be applicable to the FNF Company as indicated by the named discount.

| **FNF Underwritten Title Company** | **Underwritten by FNF Underwriters** |
|---|---|
| CTC – Chicago Title company | CTIC – Chicago Title Insurance Company |
| CLTC – Commonwealth Land Title Company | CLTIC - Commonwealth Land Title Insurance Company |
| FNTC – Fidelity National Title Company of California | FNTIC – Fidelity National Title Insurance Company |
| FNTCCA - Fidelity National Title Company of California | FNTIC - Fidelity National Title Insurance Company |
| TICOR – Ticor Title Company of California | CTIC – Chicago Title Insurance Company |
| LTC – Lawyer's Title Company | CLTIC – Commonwealth Land Title Insurance Company |
| SLTC – ServiceLink Title Company | CTIC – Chicago Title Insurance Company |

## Available Discounts

**DISASTER LOANS (CTIC, CLTIC, FNTIC)**
The charge for a Lender's Policy (Standard or Extended coverage) covering the financing or refinancing by an owner of record, within twenty-four (24) months of the date of a declaration of a disaster area by the government of the United States or the State of California on any land located in said area, which was partially or totally destroyed in the disaster, will be fifty percent (50%) of the appropriate title insurance rate.

**CHURCHES OR CHARITABLE NON-PROFIT ORGANIZATIONS (CTIC, FNTIC)**
On properties used as a church or for charitable purposes within the scope of the normal activities of such entities, provided said charge is normally the church's obligation the charge for an owner's policy shall be fifty percent (50%) to seventy percent (70%) of the appropriate title insurance rate, depending on the type of coverage selected. The charge for a lender's policy shall be forty (40%) to fifty percent (50%) of the appropriate title insurance rate, depending on the type of coverage selected.

Notice of Available Discounts (Rev. 01-15-20)
MISC0164 (DSI Rev. 03/12/20)

Last Saved:  April 2, 2021 by SP1
Escrow No.: 00346564-997-OC1-245

EXHIBIT 4
PAGE 243

## FIDELITY NATIONAL FINANCIAL, INC.
## PRIVACY NOTICE

Effective January 1, 2021

Fidelity National Financial, Inc. and its majority-owned subsidiary companies (collectively, "FNF," "our," or "we") respect and are committed to protecting your privacy. This Privacy Notice explains how we collect, use, and protect personal information, when and to whom we disclose such information, and the choices you have about the use and disclosure of that information.

A limited number of FNF subsidiaries have their own privacy notices.  If a subsidiary has its own privacy notice, the privacy notice will be available on the subsidiary's website and this Privacy Notice does not apply.

### Collection of Personal Information
FNF may collect the following categories of Personal Information:
- contact information (*e.g.*, name, address, phone number, email address);
- demographic information (*e.g.*, date of birth, gender, marital status);
- identity information (*e.g.* Social Security Number, driver's license, passport, or other government ID number);
- financial account information (*e.g.* loan or bank account information); and
- other personal information necessary to provide products or services to you.

We may collect Personal Information about you from:
- information we receive from you or your agent;
- information about your transactions with FNF, our affiliates, or others; and
- information we receive from consumer reporting agencies and/or governmental entities, either directly from these entities or through others.

### Collection of Browsing Information
FNF automatically collects the following types of Browsing Information when you access an FNF website, online service, or application (each an "FNF Website") from your Internet browser, computer, and/or device:
- Internet Protocol (IP) address and operating system;
- browser version, language, and type;
- domain name system requests; and
- browsing history on the FNF Website, such as date and time of your visit to the FNF Website and visits to the pages within the FNF Website.

Like most websites, our servers automatically log each visitor to the FNF Website and may collect the Browsing Information described above. We use Browsing Information for system administration, troubleshooting, fraud investigation, and to improve our websites. Browsing Information generally does not reveal anything personal about you, though if you have created a user account for an FNF Website and are logged into that account, the FNF Website may be able to link certain browsing activity to your user account.

### Other Online Specifics
<u>Cookies</u>. When you visit an FNF Website, a "cookie" may be sent to your computer. A cookie is a small piece of data that is sent to your Internet browser from a web server and stored on your computer's hard drive. Information gathered using cookies helps us improve your user experience. For example, a cookie can help the website load properly or can customize the display page based on your browser type and user preferences. You can choose whether or not to accept cookies by changing your Internet browser settings. Be aware that doing so may impair or limit some functionality of the FNF Website.

<u>Web Beacons</u>. We use web beacons to determine when and how many times a page has been viewed. This information is used to improve our websites.

<u>Do Not Track</u>. Currently our FNF Websites do not respond to "Do Not Track" features enabled through your browser.

<u>Links to Other Sites</u>.  FNF Websites may contain links to unaffiliated third-party websites. FNF is not responsible for the privacy practices or content of those websites. We recommend that you read the privacy policy of every website you visit.

### Use of Personal Information
FNF uses Personal Information for three main purposes:
- To provide products and services to you or in connection with a transaction involving you.
- To improve our products and services.
- To communicate with you about our, our affiliates', and others' products and services, jointly or independently.

### When Information Is Disclosed
We may disclose your Personal Information and Browsing Information in the following circumstances:
- to enable us to detect or prevent criminal activity, fraud, material misrepresentation, or nondisclosure;
- to nonaffiliated service providers who provide or perform services or functions on our behalf and who agree to use the information only to provide such services or functions;

Copyright © 2021. Fidelity National Financial, Inc. All Rights Reserved
Order No. 00346564-997-OC1-245

EXHIBIT 4
PAGE 244

- to nonaffiliated third party service providers with whom we perform joint marketing, pursuant to an agreement with them to jointly market financial products or services to you;
- to law enforcement or authorities in connection with an investigation, or in response to a subpoena or court order; or
- in the good-faith belief that such disclosure is necessary to comply with legal process or applicable laws, or to protect the rights, property, or safety of FNF, its customers, or the public.

The law does not require your prior authorization and does not allow you to restrict the disclosures described above. Additionally, we may disclose your information to third parties for whom you have given us authorization or consent to make such disclosure. We do not otherwise share your Personal Information or Browsing Information with nonaffiliated third parties, except as required or permitted by law. We may share your Personal Information with affiliates (other companies owned by FNF) to directly market to you. Please see "Choices with Your Information" to learn how to restrict that sharing.

We reserve the right to transfer your Personal Information, Browsing Information, and any other information, in connection with the sale or other disposition of all or part of the FNF business and/or assets, or in the event of bankruptcy, reorganization, insolvency, receivership, or an assignment for the benefit of creditors. By submitting Personal Information and/or Browsing Information to FNF, you expressly agree and consent to the use and/or transfer of the foregoing information in connection with any of the above described proceedings.

### Security of Your Information
We maintain physical, electronic, and procedural safeguards to protect your Personal Information.

### Choices With Your Information
If you do not want FNF to share your information among our affiliates to directly market to you, you may send an "opt out" request as directed at the end of this Privacy Notice. We do not share your Personal Information with nonaffiliates for their use to direct market to you without your consent.

Whether you submit Personal Information or Browsing Information to FNF is entirely up to you. If you decide not to submit Personal Information or Browsing Information, FNF may not be able to provide certain services or products to you.

For California Residents: We will not share your Personal Information or Browsing Information with nonaffiliated third parties, except as permitted by California law. For additional information about your California privacy rights, please visit the "California Privacy" link on our website (https://fnf.com/pages/californiaprivacy.aspx) or call (888) 413-1748.

For Nevada Residents: You may be placed on our internal Do Not Call List by calling (888) 934-3354 or by contacting us via the information set forth at the end of this Privacy Notice. Nevada law requires that we also provide you with the following contact information: Bureau of Consumer Protection, Office of the Nevada Attorney General, 555 E. Washington St., Suite 3900, Las Vegas, NV 89101; Phone number: (702) 486-3132; email: BCPINFO@ag.state.nv.us.

For Oregon Residents:  We will not share your Personal Information or Browsing Information with nonaffiliated third parties for marketing purposes, except after you have been informed by us of such sharing and had an opportunity to indicate that you do not want a disclosure made for marketing purposes.

For Vermont Residents: We will not disclose information about your creditworthiness to our affiliates and will not disclose your personal information, financial information, credit report, or health information to nonaffiliated third parties to market to you, other than as permitted by Vermont law, unless you authorize us to make those disclosures.

### Information From Children
The FNF Websites are not intended or designed to attract persons under the age of eighteen (18).We do not collect Personal Information from any person that we know to be under the age of thirteen (13) without permission from a parent or guardian.

### International Users
FNF's headquarters is located within the United States. If you reside outside the United States and choose to provide Personal Information or Browsing Information to us, please note that we may transfer that information outside of your country of residence. By providing FNF with your Personal Information and/or Browsing Information, you consent to our collection, transfer, and use of such information in accordance with this Privacy Notice.

### FNF Website Services for Mortgage Loans
Certain FNF companies provide services to mortgage loan servicers, including hosting websites that collect customer information on behalf of mortgage loan servicers (the "Service Websites"). The Service Websites may contain links to both this Privacy Notice and the mortgage loan servicer or lender's privacy notice. The sections of this Privacy Notice titled When Information is Disclosed, Choices with Your Information, and Accessing and Correcting Information do not apply to the Service Websites. The mortgage loan servicer or lender's privacy notice governs use, disclosure, and access to your Personal Information. FNF does not share Personal Information collected through the Service Websites, except as required or authorized by contract with the mortgage loan servicer or lender, or as required by law or in the good-faith belief that such disclosure is necessary: to comply with a legal process or applicable law, to enforce this Privacy Notice, or to protect the rights, property, or safety of FNF or the public.

EXHIBIT 4
PAGE 245

**Your Consent To This Privacy Notice; Notice Changes; Use of Comments or Feedback**

By submitting Personal Information and/or Browsing Information to FNF, you consent to the collection and use of the information in accordance with this Privacy Notice. We may change this Privacy Notice at any time. The Privacy Notice's effective date will show the last date changes were made. If you provide information to us following any change of the Privacy Notice, that signifies your assent to and acceptance of the changes to the Privacy Notice.

**Accessing and Correcting Information; Contact Us**

If you have questions, would like to correct your Personal Information, or want to opt-out of information sharing for affiliate marketing, visit FNF's Opt Out Page or contact us by phone at (888) 934-3354 or by mail to:

Fidelity National Financial, Inc.
601 Riverside Avenue
Jacksonville, Florida 32204
Attn: Chief Privacy Officer

Copyright © 2021. Fidelity National Financial, Inc. All Rights Reserved
Order No. 00346564-997-OC1-245

EXHIBIT 4
PAGE 246

## ATTACHMENT ONE (Revised 05-06-16)

### CALIFORNIA LAND TITLE ASSOCIATION
### STANDARD COVERAGE POLICY – 1990

#### EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1.  (a)  Any law, ordinance or governmental regulation (including but not limited to building or zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien, or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
    (b)  Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
2.  Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.
3.  Defects, liens, encumbrances, adverse claims or other matters:
    (a)  whether or not recorded in the public records at Date of Policy, but created, suffered, assumed or agreed to by the insured claimant;
    (b)  not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became an insured under this policy;
    (c)  resulting in no loss or damage to the insured claimant;
    (d)  attaching or created subsequent to Date of Policy; or
    (e)  resulting in loss or damage which would not have been sustained if the insured claimant had paid value for the insured mortgage or for the estate or interest insured by this policy.
4.  Unenforceability of the lien of the insured mortgage because of the inability or failure of the insured at Date of Policy, or the inability or failure of any subsequent owner of the indebtedness, to comply with the applicable doing business laws of the state in which the land is situated.
5.  Invalidity or unenforceability of the lien of the insured mortgage, or claim thereof, which arises out of the transaction evidenced by the insured mortgage and is based upon usury or any consumer credit protection or truth in lending law.
6.  Any claim, which arises out of the transaction vesting in the insured the estate of interest insured by this policy or the transaction creating the interest of the insured lender, by reason of the operation of federal bankruptcy, state insolvency or similar creditors' rights laws.

#### EXCEPTIONS FROM COVERAGE - SCHEDULE B, PART I

This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees or expenses) which arise by reason of:

1.  Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public records.
    Proceedings by a public agency which may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the public records.
2.  Any facts, rights, interests, or claims which are not shown by the public records but which could be ascertained by an inspection of the land or which may be asserted by persons in possession thereof.
3.  Easements, liens or encumbrances, or claims thereof, not shown by the public records.
4.  Discrepancies, conflicts in boundary lines, shortage in area, encroachments, or any other facts which a correct survey would disclose, and which are not shown by the public records.
5.  (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b) or (c) are shown by the public records.
6.  Any lien or right to a lien for services, labor or material not shown by the public records.

### CLTA HOMEOWNER'S POLICY OF TITLE INSURANCE (12-02-13)
### ALTA HOMEOWNER'S POLICY OF TITLE INSURANCE

#### EXCLUSIONS

In addition to the Exceptions in Schedule B, You are not insured against loss, costs, attorneys' fees, and expenses resulting from:

1.  Governmental police power, and the existence or violation of those portions of any law or government regulation concerning:
    a.  building;
    b.  zoning;
    c.  land use;
    d.  improvements on the Land;
    e.  land division; and
    f.  environmental protection.
    This Exclusion does not limit the coverage described in Covered Risk 8.a., 14, 15, 16, 18, 19, 20, 23 or 27.
2.  The failure of Your existing structures, or any part of them, to be constructed in accordance with applicable building codes. This Exclusion does not limit the coverage described in Covered Risk 14 or 15.
3.  The right to take the Land by condemning it.  This Exclusion does not limit the coverage described in Covered Risk 17.
4.  Risks:
    a.  that are created, allowed, or agreed to by You, whether or not they are recorded in the Public Records;
    b.  that are Known to You at the Policy Date, but not to Us, unless they are recorded in the Public Records at the Policy Date;

© California Land Title Association. All rights reserved.
The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

EXHIBIT 4
PAGE 247

c.   that result in no loss to You; or
d.   that first occur after the Policy Date - this does not limit the coverage described in Covered Risk 7, 8.e., 25, 26, 27 or 28.
5.   Failure to pay value for Your Title.
6.   Lack of a right:
    a.   to any land outside the area specifically described and referred to in paragraph 3 of Schedule A; and
    b.   in streets, alleys, or waterways that touch the Land.
    This Exclusion does not limit the coverage described in Covered Risk 11 or 21.
7.   The transfer of the Title to You is invalid as a preferential transfer or as a fraudulent transfer or conveyance under federal bankruptcy, state insolvency, or similar creditors' rights laws.
8.   Contamination, explosion, fire, flooding, vibration, fracturing, earthquake, or subsidence.
9.   Negligence by a person or an Entity exercising a right to extract or develop minerals, water, or any other substances.

## LIMITATIONS ON COVERED RISKS

Your insurance for the following Covered Risks is limited on the Owner's Coverage Statement as follows:
- For Covered Risk 16, 18, 19, and 21 Your Deductible Amount and Our Maximum Dollar Limit of Liability shown in Schedule A.

The deductible amounts and maximum dollar limits shown on Schedule A are as follows:

|  | Your Deductible Amount | Our Maximum Dollar Limit of Liability |
|---|---|---|
| Covered Risk 16: | 1.00% of Policy Amount Shown in Schedule A or $2,500.00 (whichever is less) | $ 10,000.00 |
| Covered Risk 18: | 1.00% of Policy Amount Shown in Schedule A or $5,000.00 (whichever is less) | $ 25,000.00 |
| Covered Risk 19: | 1.00% of Policy Amount Shown in Schedule A or $5,000.00 (whichever is less) | $ 25,000.00 |
| Covered Risk 21: | 1.00% of Policy Amount Shown in Schedule A or $2,500.00 (whichever is less) | $ 5,000.00 |

## 2006 ALTA LOAN POLICY (06-17-06)

### EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:
1.   (a)   Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
       (i)   the occupancy, use, or enjoyment of the Land;
       (ii)   the character, dimensions, or location of any improvement erected on the Land;
       (iii)   the subdivision of land; or
       (iv)   environmental protection;
       or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5.
    (b)   Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 6.
2.   Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.
3.   Defects, liens, encumbrances, adverse claims, or other matters
    (a)   created, suffered, assumed, or agreed to by the Insured Claimant;
    (b)   not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
    (c)   resulting in no loss or damage to the Insured Claimant;
    (d)   attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 11, 13 or 14); or
    (e)   resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Insured Mortgage.
4.   Unenforceability of the lien of the Insured Mortgage because of the inability or failure of an Insured to comply with applicable doing-business laws of the state where the Land is situated.
5.   Invalidity or unenforceability in whole or in part of the lien of the Insured Mortgage that arises out of the transaction evidenced by the Insured Mortgage and is based upon usury or any consumer credit protection or truth-in-lending law.
6.   Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction creating the lien of the Insured Mortgage, is
    (a)   a fraudulent conveyance or fraudulent transfer, or
    (b)   a preferential transfer for any reason not stated in Covered Risk 13(b) of this policy.
7.   Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching between Date of Policy and the date of recording of the Insured Mortgage in the Public Records.  This Exclusion does not modify or limit the coverage provided under Covered Risk 11(b).

The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

### EXCEPTIONS FROM COVERAGE

{Except as provided in Schedule B - Part II,{ t{or T}his policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees or expenses, that arise by reason of:

© **California Land Title Association. All rights reserved.**
The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

EXHIBIT 4
PAGE 248

**{PART I**

{The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

1.  (a) Taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records; (b) proceedings by a public agency that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.

2.  Any facts, rights, interests, or claims that are not shown by the Public Records but that could be ascertained by an inspection of the Land or that may be asserted by persons in possession of the Land.

3.  Easements, liens or encumbrances, or claims thereof, not shown by the Public Records.

4.  Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land and not shown by the Public Records.

5.  (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b), or (c) are shown by the Public Records.

6.  Any lien or right to a lien for services, labor or material not shown by the Public Records.}

**PART II**

In addition to the matters set forth in Part I of this Schedule, the Title is subject to the following matters, and the Company insures against loss or damage sustained in the event that they are not subordinate to the lien of the Insured Mortgage:}

## 2006 ALTA OWNER'S POLICY (06-17-06)

### EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:

1.  (a) Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
    (i)   the occupancy, use, or enjoyment of the Land;
    (ii)  the character, dimensions, or location of any improvement erected on the Land;
    (iii) the subdivision of land; or
    (iv)  environmental protection;
    or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5.
    (b) Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 6.

2.  Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.

3.  Defects, liens, encumbrances, adverse claims, or other matters
    (a) created, suffered, assumed, or agreed to by the Insured Claimant;
    (b) not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
    (c) resulting in no loss or damage to the Insured Claimant;
    (d) attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 9 and 10); or
    (e) resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Title.

4.  Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction vesting the Title as shown in Schedule A, is
    (a) a fraudulent conveyance or fraudulent transfer; or
    (b) a preferential transfer for any reason not stated in Covered Risk 9 of this policy.

5.  Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching between Date of Policy and the date of recording of the deed or other instrument of transfer in the Public Records that vests Title as shown in Schedule A.

The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

### EXCEPTIONS FROM COVERAGE

This policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees or expenses, that arise by reason of:

{The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

1.  (a) Taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records; (b) proceedings by a public agency that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.

2.  Any facts, rights, interests, or claims that are not shown in the Public Records but that could be ascertained by an inspection of the Land or that may be asserted by persons in possession of the Land.

3.  Easements, liens or encumbrances, or claims thereof, not shown by the Public Records.

4.  Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land and that are not shown by the Public Records.

5.  (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b), or (c) are shown by the Public Records.

6.  Any lien or right to a lien for services, labor or material not shown by the Public Records. }

7.  {Variable exceptions such as taxes, easements, CC&R's, etc. shown here.}

© **California Land Title Association. All rights reserved.**
The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

EXHIBIT 4
PAGE 249

**ALTA EXPANDED COVERAGE RESIDENTIAL LOAN POLICY – ASSESSMENTS PRIORITY (04-02-15)**

**EXCLUSIONS FROM COVERAGE**

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1. (a) Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
     (i)   the occupancy, use, or enjoyment of the Land;
     (ii)  the character, dimensions, or location of any improvement erected on the Land;
     (iii) the subdivision of land; or
     (iv)  environmental protection;
     or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5, 6, 13(c), 13(d), 14 or 16.
   (b) Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 5, 6, 13(c), 13(d), 14 or 16.
2. Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.
3. Defects, liens, encumbrances, adverse claims, or other matters
   (a) created, suffered, assumed, or agreed to by the Insured Claimant;
   (b) not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
   (c) resulting in no loss or damage to the Insured Claimant;
   (d) attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 11, 16, 17, 18, 19, 20, 21, 22, 23, 24, 27 or 28); or
   (e) resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Insured Mortgage.
4. Unenforceability of the lien of the Insured Mortgage because of the inability or failure of an Insured to comply with applicable doing-business laws of the state where the Land is situated.
5. Invalidity or unenforceability in whole or in part of the lien of the Insured Mortgage that arises out of the transaction evidenced by the Insured Mortgage and is based upon usury, or any consumer credit protection or truth-in-lending law. This Exclusion does not modify or limit the coverage provided in Covered Risk 26.
6. Any claim of invalidity, unenforceability or lack of priority of the lien of the Insured Mortgage as to Advances or modifications made after the Insured has Knowledge that the vestee shown in Schedule A is no longer the owner of the estate or interest covered by this policy. This Exclusion does not modify or limit the coverage provided in Covered Risk 11.
7. Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching subsequent to Date of Policy. This Exclusion does not modify or limit the coverage provided in Covered Risk 11(b) or 25.
8. The failure of the residential structure, or any portion of it, to have been constructed before, on or after Date of Policy in accordance with applicable building codes.  This Exclusion does not modify or limit the coverage provided in Covered Risk 5 or 6.
9. Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction creating the lien of the Insured Mortgage, is
   (a) a fraudulent conveyance or fraudulent transfer, or
   (b) a preferential transfer for any reason not stated in Covered Risk 27(b) of this policy.
10. Contamination, explosion, fire, flooding, vibration, fracturing, earthquake, or subsidence.
11. Negligence by a person or an Entity exercising a right to extract or develop minerals, water, or any  other substances.

© **California Land Title Association. All rights reserved.**
The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

EXHIBIT 4
PAGE 250



This map/plat is being furnished as an aid in locating the herein described Land in relation to adjoining streets, natural boundaries and other land, and is not a survey of the land depicted. Except to the extent a policy of title insurance is expressly modified by endorsement, if any, the Company does not insure dimensions, distances, location of easements, acreage or other matters shown thereon.

Order: 00346564
Doc: RV:A 603-22

Page 1 of 1

Requested By: Suthon , Printed: 4/2/2021 3:12 PM

EXHIBIT 4
PAGE 251

**EXHIBIT 5**

 **Fidelity National Title**

Fidelity National Title - OC
1300 Dove Street, 3rd Floor, Newport Beach, CA
92660

# Preliminary Report

Fidelity National Title - OC
1300 Dove Street, 3rd Floor, Newport Beach, CA
92660
Phone: (949) 788-2800
Fax: (949) 341-0251

Title Officer: Blake.Uradomo
Email: Blake.Uradomo@fnf.com
Phone No.: (949) 788-2800
Fax No.: (949) 341-0251
File No.: 00346565-997-OC1-245

Property Address: Vacant Land, Coachella, CA

## Introducing



LiveLOOK title document delivery system is designed to provide 24/7 real-time access
to all information related to a title insurance transaction.

Access title reports, exception documents, an easy-to-use summary page, and more,
at your fingertips and your convenience.

To view your new Fidelity National Title First Alert powered by
LiveLOOK report, Click Here



**Effortless, Efficient, Compliant, and Accessible**

EXHIBIT 5

PAGE 253

**Fidelity National Title Company**
1300 Dove Street, 3rd Floor, Newport Beach, CA 92660
Phone: (949) 788-2800   •   Fax: (949) 341-0251

Issuing Policies of Fidelity National Title Insurance Company

Title Officer: **Blake.Uradomo**                ORDER NO.: **00346565-997-OC1-245**
Phone: **(949) 788-2800**
Fax: **(949) 341-0251**                          LOAN NO.:
Email: **Blake.Uradomo@fnf.com**

Fidelity National Title Company
1300 Dove Street, 3rd Floor
Newport Beach, CA 92660

ATTN:        Ben Llorin
YOUR REF:

PROPERTY:    **Vacant Land, Coachella, CA**

## PRELIMINARY REPORT

*In response to the application for a policy of title insurance referenced herein, **Fidelity National Title Company** hereby reports that it is prepared to issue, or cause to be issued, as of the date hereof, a policy or policies of title insurance describing the land and the estate or interest therein hereinafter set forth, insuring against loss which may be sustained by reason of any defect, lien or encumbrance not shown or referred to as an exception herein or not excluded from coverage pursuant to the printed Schedules, Conditions and Stipulations or Conditions of said policy forms.*

*The printed Exceptions and Exclusions from the coverage and Limitations on Covered Risks of said policy or policies are set forth in Attachment One. The policy to be issued may contain an arbitration clause. When the Amount of Insurance is less than that set forth in the arbitration clause, all arbitrable matters shall be arbitrated at the option of either the Company or the Insured as the exclusive remedy of the parties. Limitations on Covered Risks applicable to the CLTA and ALTA Homeowner's Policies of Title Insurance which establish a Deductible Amount and a Maximum Dollar Limit of Liability for certain coverages are also set forth in Attachment One. Copies of the policy forms should be read. They are available from the office which issued this report.*

*This report (and any supplements or amendments hereto) is issued solely for the purpose of facilitating the issuance of a policy of title insurance and no liability is assumed hereby. If it is desired that liability be assumed prior to the issuance of a policy of title insurance, a Binder or Commitment should be requested.*

*The policy(s) of title insurance to be issued hereunder will be policy(s) of Fidelity National Title Insurance Company, a Florida Corporation.*

***Please read the exceptions shown or referred to herein and the exceptions and exclusions set forth in Attachment One of this report carefully. The exceptions and exclusions are meant to provide you with notice of matters which are not covered under the terms of the title insurance policy and should be carefully considered.***

***It is important to note that this preliminary report is not a written representation as to the condition of title and may not list all liens, defects and encumbrances affecting title to the land.***

Countersigned by:

_____
Authorized Signature

EXHIBIT 5
PAGE 254

**Fidelity National Title Company**
1300 Dove Street, 3rd Floor, Newport Beach, CA 92660
Phone: (949) 788-2800  •  Fax: (949) 341-0251

# PRELIMINARY REPORT

---

**EFFECTIVE DATE:**          **March 24, 2021 at 7:30 a.m.**

**ORDER NO.: 00346565-997-OC1-245**

The form of policy or policies of title insurance contemplated by this report is:

**CLTA Standard Coverage Policy of Title Insurance (4-8-14)**

1.      THE ESTATE OR INTEREST IN THE LAND HEREINAFTER DESCRIBED OR REFERRED TO COVERED BY THIS REPORT IS:

**A Fee**

2.      TITLE TO SAID ESTATE OR INTEREST AT THE DATE HEREOF IS VESTED IN:

**Glenroy Coachella, LLC, a Delaware limited liability company, as to an undivided 70.5% interest;
Force Rubin, LLC, a Delaware limited liability company, as to an undivided 21.2115% interest;
Force Rubin 2, LLC, a Delaware limited liability company, as to an undivided 3.7885% interest; and
Coachella Resort, LLC, a California limited liability company, as to an undivided 4.5% interest**

3.      THE LAND REFERRED TO IN THIS REPORT IS DESCRIBED AS FOLLOWS:

**See Exhibit A attached hereto and made a part hereof.**

EXHIBIT 5
PAGE 255

PRELIMINARY REPORT                                                                Fidelity National Title Company
YOUR REFERENCE:                                                              ORDER NO.:  00346565-997-OC1-245

# EXHIBIT A

## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF COACHELLA, IN THE COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCEL  4 OF PARCEL MAP NO. 37310, IN THE CITY OF COACHELLA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, ACCORDING TO MAP ON FILE IN BOOK 243, PAGES 82 THROUGH 84 OF PARCEL MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

EXCEPTING THEREFROM THAT PORTION OF THE PROPERTY CONVEYED TO THE CITY OF COACHELLA, A MUNICIPAL CORPORATION, AS DESCRIBED IN DOCUMENT ENTITLED "CERTIFICATE OF ACCEPTANCE (GRANT OF EASEMENT), RECORDED SEPTEMBER 6, 2018 AS INSTRUMENT NO. 2018-359087 OF OFFICIAL RECORDS.

APN:  **603-220-068**

EXHIBIT 5
PAGE 256

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346565-997-OC1-245

# EXCEPTIONS

**AT THE DATE HEREOF, ITEMS TO BE CONSIDERED AND EXCEPTIONS TO COVERAGE IN ADDITION TO THE PRINTED EXCEPTIONS AND EXCLUSIONS IN SAID POLICY FORM WOULD BE AS FOLLOWS:**

1.  Property taxes, which are a lien not yet due and payable, including any assessments collected with taxes to be levied for the fiscal year 2021-2022.

2.  Property taxes, including any personal property taxes and any assessments collected with taxes are as follows:

    | | |
    |---|---|
    | Code Area: | 012-037 |
    | Tax Identification No.: | 603-220-068 |
    | Fiscal Year: | 2020-2021 |
    | 1st Installment: | $149,118.64, Paid |
    | 2nd Installment: | $149,118.64, Open |
    | Exemption: | $0.00 |
    | Land: | $613,199.00 |
    | Improvements: | $0.00 |
    | Personal Property: | $0.00 |
    | Bill No.: | 2020004843149 |

3.  The lien of supplemental or escaped assessments of property taxes, if any, made pursuant to the provisions of Chapter 3.5 or Part 2, Chapter 3, Articles 3 and 4 respectively (commencing with Section 75) of the Revenue and Taxation Code of the State of California as a result of the transfer of title to the vestee named in Schedule A; or as a result of changes in ownership or new construction occurring prior to date of policy.

4.  The herein described Land is within the boundaries of the Mello-Roos Community Facilities District(s). The annual assessments, if any, are collected with the county property taxes. Failure to pay said taxes prior to the delinquency date may result in the above assessment being removed from the county tax roll and subjected to Accelerated Judicial Bond Foreclosure. Inquiry should be made with said District for possible stripped assessments and prior delinquencies.

5.  A Notice

    | | |
    |---|---|
    | Entitled: | Notice of Assessment |
    | For: | Coachella Community Center Project Assessment District No. 92-1 |
    | Executed by: | The Coachella Valley Recreation & Parks District |
    | Recording Date: | October 13, 1992 |
    | Recording No: | Instrument No. 1992-385076 Official Records |

    Reference is hereby made to said document for full particulars.

6.  Any assessments which may be levied against the herein described property by virtue of the fact that said land lies within the boundaries of Community Facilities District 2018-1 (Glenroy) adopted by the City of Coachella, a boundary map of which is on file in Book 82, Page 7 of Maps of Assessment and Community Facilities Districts, recorded February 21, 2018 as Instrument No. 2018-0064380 Official Records, and amended in Book 82, Page 38, recorded April 25, 2018 as Instrument No. 2018-158456 Official Records.

7.  The herein described property lies within the boundaries of a Mello-Roos Community Facilities District (CFD) as follows:

    | | |
    |---|---|
    | CFD No: | 2005-1 |
    | For: | Community Facilities District No. 2005-1 (Law Enforcement, Fire and Paramedic Services) |
    | Disclosed by: | Notice of Special Tax lien |
    | Recording Date: | November 3, 2005 |
    | Recording No.: | Instrument No. 2005-0916803, of Official Records |

EXHIBIT 5
PAGE 257

PRELIMINARY REPORT                                                                    Fidelity National Title Company
YOUR REFERENCE:                                                                       ORDER NO.:  00346565-997-OC1-245

## EXCEPTIONS
### (Continued)

This property, along with all other parcels in the CFD, is liable for an annual special tax. This special tax is included with and payable with the general property taxes of the City of Coachella, County of Riverside. The tax may not be prepaid.

Matters contained in that certain document

| | |
|---|---|
| Entitled: | Amendment No. 3 to Notice of Special Tax Lien |
| Recording Date: | October 6, 2006 |
| Recording No: | Instrument No. 2006-0741243, of Official Records |

Reference is hereby made to said document for full particulars.

8.      The herein described property lies within the boundaries of a Mello-Roos Community Facilities District (CFD) as follows:

| | |
|---|---|
| CFD No: | 2018-1 |
| For: | Community Facilities District No. 2018-1 |
| Disclosed by: | Notice of Special Tax Lien |
| Recording Date: | June 4, 2018 |
| Recording No.: | Instrument No. 2018-0225621 Official Records |

This property, along with all other parcels in the CFD, is liable for an annual special tax. This special tax is included with and payable with the general property taxes of the City of Coachella, County of Riverside.

The tax may not be prepaid.

9.      Assessments and other matters as contained in documents entitled Payment of Contractual Assessment Required, recorded April 25, 2018, as Document No. 2018-0160475, of Official, pursuant to Chapter 29 of Part 3 of Division 7 of the California Streets and Highways Code providing for the assessments. Said assessments are collected with county taxes. The assessment may be prepaid.

Reference is hereby made to said documents for further particulars.

10.     Water rights, claims or title to water, whether or not disclosed by the public records.

11.     Covenants, conditions and restrictions but omitting any covenants or restrictions, if any, including but not limited to those based upon race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, veteran or military status, genetic information, medical condition, citizenship, primary language, and immigration status, as set forth in applicable state or federal laws, except to the extent that said covenant or restriction is permitted by applicable law, as set forth in the document

| | |
|---|---|
| Recording Date: | June 6, 1892 |
| Recording No: | in Book 202, Page 144, of Deeds, San Diego County Records |

Said covenants, conditions and restrictions provide that a violation thereof shall not defeat the lien of any mortgage or deed of trust made in good faith and for value.

12.     Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

| | |
|---|---|
| Granted to: | Coachella Valley Ice and Electric Company |
| Purpose: | Transmission and distribution of electricity and telephonic communication and |

EXHIBIT 5
PAGE 258

## EXCEPTIONS
### (Continued)

|  |  |
|---|---|
|  | telegraphic communication |
| Recording Date: | June 04, 1914 |
| Recording No: | in Book 398, Page 130, of Deeds |
| Affects: | A portion of said land as described therein |

13.    Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

|  |  |
|---|---|
| Granted to: | The United States of America |
| Purpose: | Water pipeline |
| Recording Date: | July 19, 1949 |
| Recording No: | in Book 1095, Page 306, of Official Records |
| Affects: | A portion of said land as described therein |

Matters contained in that certain document

|  |  |
|---|---|
| Entitled: | Quitclaim Deed and Release |
| Recording Date: | July 31, 2018 |
| Recording No: | Instrument No. 2018-0307549, of Official Records |

Reference is hereby made to said document for full particulars.

14.    Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

|  |  |
|---|---|
| Granted to: | Coachella Valley County Water District |
| Purpose: | Pipeline |
| Recording Date: | September 21, 1960 |
| Recording No: | Instrument No. 1960-82454, of Official Records |
| Affects: | A portion of said land as described therein |

15.    Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

|  |  |
|---|---|
| Granted to: | Imperial Irrigation District |
| Purpose: | Public utilities |
| Recording Date: | July 22, 1970 |
| Recording No: | Instrument No. 1970-70546, of Official Records |
| Affects: | A portion of said land as described therein |

16.    Easements as shown and/or dedicated upon the recorded map referenced in the legal description in Schedule A as Parcel Map 37310, in the City of Coachella, County of Riverside, State of California, according to map on file in Book 243, Pages 82 through 84 inclusive of Parcel Maps, records of Riverside County, California, together with any provisions and recitals contained therein.

Reference is hereby made to said document for full particulars.

17.    The Land described herein is included within a project area of the Redevelopment Agency shown below, and that proceedings for the redevelopment of said project have been instituted under the Redevelopment Law (such redevelopment to proceed only after the adoption of the Redevelopment Plan) as disclosed by a document.

|  |  |
|---|---|
| Redevelopment Agency: | City of Coachella |
| Recording Date: | July 10, 2007 |
| Recording No: | Instrument No. 2007-0449636, of Official Records |

EXHIBIT 5
PAGE 259

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346565-997-OC1-245

**EXCEPTIONS**
**(Continued)**

and Recording Date:  July 10, 2007
and Recording No:  Instrument No. 2007-0449637, of Official Records

18.  Recitals as shown on Parcel Map 37310

Recording No:  in Book 243, Pages 82 to 84 inclusive of Parcel Maps
Which among other things recites: The real property described below is dedicated in fee for street and
public utility purposes: Lot "A" as shown hereon.

As a condition of dedication of Lot "A" (Avenue 48), the owners of Parcels 1-4,
and 6, inclusive, abutting this right of way and during such time will have no
rights of access except the general easement of travel. Any change of alignment
or width that results in the vacation thereof shall terminate this condition of
access rights as to the party vacated.

Reference is hereby made to said document for full particulars.

19.  The following matters shown or disclosed by the filed or recorded map referred to in the legal description: Various
notes and recitals

20.  Easement(s) for the purpose(s) shown below and rights incidental thereto as delineated or as offered for dedication,
on the map of said tract/plat;

Purpose:  Landscape and/or retention basin
Affects:  As shown on said map

21.  Matters contained in that certain document

Entitled:  Water Quality Management Plan and Urban Runoff BMP Transfer, Access and
Maintenance Agreement
Recording Date:  December 06, 2017
Recording No:  Instrument No. 2017-0512010, of Official Records

Reference is hereby made to said document for full particulars.

22.  Matters contained in that certain document

Entitled:  Glenroy Resort Development Agreement
Recording Date:  March 8, 2018
Recording No:  Instrument No. 2018-0089219, of Official Records

Reference is hereby made to said document for full particulars.

23.  Terms and provisions contained in that certain unrecorded Parking License Agreement dated April 20, 2018 by
and between Glenroy Coachella, LLC and Force-DMP LLC.

EXHIBIT 5
PAGE 260

PRELIMINARY REPORT                                                                    Fidelity National Title Company
YOUR REFERENCE:                                                                       ORDER NO.:  00346565-997-OC1-245

## EXCEPTIONS
### (Continued)

24.     Matters contained in that certain document

|  |  |
|---|---|
| Entitled: | Memorandum of Tenancy in Common Agreement |
| Recording Date: | April 24, 2018 |
| Recording No: | Instrument No. 2018-0156322, of Official Records |

Reference is hereby made to said document for full particulars.

25.     Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

|  |  |
|---|---|
| Granted to: | The City of Coachella |
| Purpose: | Public utilities and incidental purposes |
| Recording Date: | September 06, 2018 |
| Recording No: | Instrument No. 2018-0359087, of Official Records |
| Affects: | A portion of said land as described therein |

26.     Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

|  |  |
|---|---|
| Granted to: | Southern California Gas Company, a California Corporation, its successors and assigns |
| Purpose: | Public utilities and incidental purposes |
| Recording Date: | October 26, 2018 |
| Recording No: | Instrument No. 2018-0423528, of Official Records |
| Affects: | A portion of said land as described therein |

27.     A deed of trust to secure an indebtedness in the amount shown below,

|  |  |
|---|---|
| Amount: | $24,400,000.00 |
| Dated: | April 26, 2018 |
| Trustor/Grantor | Glenroy Coachella, LLC, a Delaware limited liability company; Force Rubin, LLC, a Delaware limited liability company; Force Rubin 2, LLC, a Delaware limited liability company; and Coachella Resort, LLC, a California limited liability company |
| Trustee: | Stewart Title of California, Inc., a California corporation |
| Beneficiary: | U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership |
| Loan No.: | None shown |
| Recording Date: | April 26, 2018 |
| Recording No: | Instrument No. 2018-0162476,of Official Records |

|  |  |
|---|---|
| Affects: | The herein described Land and other land. |

A substitution of trustee under said deed of trust which names, as the substituted trustee, the following

|  |  |
|---|---|
| Trustee: | Fidelity National Title Company |
| Recording Date: | September 09, 2019 |
| Recording No: | Instrument No. 2019-0350103, of Official Records |

A notice of default under the terms of said trust deed

|  |  |
|---|---|
| Executed by: | Fidelity National Title Company |
| Recording Date: | September 09, 2019 |
| Recording No: | Instrument No. 2019-0350104, of Official Records |

EXHIBIT 5
PAGE 261

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346565-997-OC1-245

## EXCEPTIONS
### (Continued)

A notice of trustee's sale under said deed of trust

| | |
|---|---|
| Executed by: | Fidelity National Title Company |
| Date, Time and Place of Sale: | February 9, 2021, at 09:00 AM, in front of the Corona Civic Center, 849 W. Sixth Street, Corona, CA 92882 |
| Recording Date: | January 14, 2021 |
| Recording No: | Instrument No. 2021-0025741, of Official Records |

28.   An assignment of all the moneys due, or to become due as rental, as additional security for the obligations secured by deed of trust shown as item above

| | |
|---|---|
| Assigned to: | U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership |
| Recording Date: | April 26, 2018 |
| Recording No: | Instrument No. 2018-0162477,of Official Records |

29.   A financing statement as follows:

| | |
|---|---|
| Debtor: | Glenroy Coachella, LLC, a Delaware limited liability company; Force Rubin, LLC, a Delaware limited liability company; Force Rubin 2, LLC, a Delaware limited liability company; and Coachella Resort, LLC, a California limited liability company |
| Secured Party: | U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership |
| Recording Date: | April 26, 2018 |
| Recording No: | Instrument No. 2018-0162478,of Official Records |

30.   A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Hi-Grade Materials Co |
| Amount: | $32,847.96 |
| Recording Date: | July 5, 2018 |
| Recording No: | Instrument No. 2018-0273102, of Official Records |

31.   A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Glendale Plumbing and Fire Supply |
| Amount: | $23,792.54 |
| Recording Date: | October 26, 2018 |
| Recording No: | Instrument No. 2018-0423202, of Official Records |

32.   A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Constructure, Inc. |
| Amount: | $301,119.50 |
| Recording Date: | January 22, 2019 |
| Recording No: | Instrument No. 2019-0022660, of Official Records |

33.   A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Ferguson Enterprises, LLC. |
| Amount: | $119,569.73 |
| Recording Date: | May 22, 2019 |
| Recording No: | Instrument No. 2019-0179443, of Official Records |

EXHIBIT 5
PAGE 262

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346565-997-OC1-245

## EXCEPTIONS
### (Continued)

34.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Superior Ready Mix Concrete L.P. |
| Amount: | $20,571.27 |
| Recording Date: | May 29, 2019 |
| Recording No: | Instrument No. 2019-0190540, of Official Records |

35.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | The Sherwin-Williams Company |
| Amount: | $33,333.11 |
| Recording Date: | June 3, 2019 |
| Recording No: | Instrument No. 2019-0198410, of Official Records |

Said mechanic's lien has been partially released by instrument

| | |
|---|---|
| Recording Date: | July 10, 2019 |
| Recording No: | Instrument No. 2019-0252361, of Official Records |

Claimant reduces its Mechanics' Lien by $6,538.32, to reflect the current amount subject to the Claimant's Mechanics' Lien in the sum of $26,794.79.

36.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | GF Investment Group, Inc. |
| Amount: | $259,695.63 |
| Recording Date: | June 6, 2019 |
| Recording No: | Instrument No. 2019-0204095, of Official Records |

37.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Blair Air, Inc. Dba Blair Heating & Air |
| Amount: | $297,443.80 |
| Recording Date: | June 7, 2019 |
| Recording No: | Instrument No. 2019-0206598, of Official Records |

38.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Hajoca Corporation |
| Amount: | $39,636.17 |
| Recording Date: | June 11, 2019 |
| Recording No: | Instrument No. 2019-0210159, of Official Records |

39.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | American Builders and Contractors Supply Co., Inc. – ABC Supply Co., Inc. |
| Amount: | $24,813.58 |
| Recording Date: | June 13, 2019 |
| Recording No: | Instrument No. 2019-0213172, of Official Records |

## EXCEPTIONS
### (Continued)

40.    A claim of mechanic's lien or materialman's lien

|  |  |
|---|---|
| Claimant: | Desert Electric Supply |
| Amount: | $61,574.60 |
| Recording Date: | June 18, 2019 |
| Recording No: | Instrument No. 2019-0218809, of Official Records |

41.    A claim of mechanic's lien or materialman's lien

|  |  |
|---|---|
| Claimant: | Apple J Plumbing, Inc. |
| Amount: | $175,845.06 |
| Recording Date: | June 18, 2019 |
| Recording No: | Instrument No. 2019-0219453, of Official Records |

42.    A claim of mechanic's lien or materialman's lien

|  |  |
|---|---|
| Claimant: | Jacobsson Engineering Construction, Inc. |
| Amount: | $1,042,299.00 |
| Recording Date: | June 21, 2019 |
| Recording No: | Instrument No. 2019-0225760, of Official Records |

43.    A claim of mechanic's lien or materialman's lien

|  |  |
|---|---|
| Claimant: | West Coast Sand and Gravel, Inc. |
| Amount: | $21,666.29 |
| Recording Date: | July 10, 2019 |
| Recording No: | Instrument No. 2019-0253543, of Official Records |

44.    A claim of mechanic's lien or materialman's lien

|  |  |
|---|---|
| Claimant: | Superior Pool Products, LLC |
| Amount: | $14,386.05 |
| Recording Date: | July 11, 2019 |
| Recording No: | Instrument No. 2019-0254740 Official Records |

45.    A claim of mechanic's lien or materialman's lien

|  |  |
|---|---|
| Claimant: | Resource Building Materials |
| Amount: | $1,905.04 |
| Recording Date: | July 15, 2019 |
| Recording No: | Instrument No. 2019-0258520, of Official Records |

46.    A claim of mechanic's lien or materialman's lien

|  |  |
|---|---|
| Claimant: | L&W Supply Corporation |
| Amount: | $10,861.98 |
| Recording Date: | August 05, 2019 |
| Recording No: | Instrument No. 2019-0293318, of Official Records |

EXHIBIT 5
PAGE 264

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346565-997-OC1-245

## EXCEPTIONS
### (Continued)

47.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | L&W Supply Corporation |
| Amount: | $8,643.42 |
| Recording Date: | August 05, 2019 |
| Recording No: | Instrument No. 2019-0293319, of Official Records |

48.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Desert Palms Electric, Inc. |
| Amount: | $389,839.09 |
| Recording Date: | August 6, 2019 |
| Recording No: | Instrument No. 2019-0295567, of Official Records |

49.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Gauston Corp |
| Amount: | $21,153.36 |
| Recording Date: | August 21, 2019 |
| Recording No: | Instrument No. 2019-0321135, of Official Records |

50.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Ferguson Enterprises, LLC |
| Amount: | $119,569.73 |
| Recording Date: | August 26, 2019 |
| Recording No: | Instrument No. 2019-0328148, of Official Records |

51.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | TemalPakh, Inc., dba The Works Floor & Wall |
| Amount: | $33,628.46 |
| Recording Date: | August 26, 2019 |
| Recording No: | Instrument No. 2019-0328428, of Official Records |

52.    A judgment for the amount shown below, and any other amounts due, entered in the United States District Court:

| | |
|---|---|
| Amount: | $89,110.62 (Damages) |
| Amount: | $5,164.42 (Attorney's Fees) |
| Debtor: | Glenroy Coachella, LLC, and Does 1-10 |
| Creditor: | Silhouette Outdoor Furniture, Inc. |
| Date entered: | July 02, 2019 |
| District: | Central, State of California |
| Case No: | EDCV 19-00373-CJC (KKx) |
| Recording Date: | August 29, 2019 |
| Recording No: | Instrument No. 2019-0336225, of Official Records |

53.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | BMC West, LLC |
| Amount: | $50,290.00 |
| Recording Date: | September 11, 2019 |
| Recording No: | Instrument No. 2019-0354394, of Official Records |

**EXCEPTIONS**
**(Continued)**

54.    A claim of mechanic's lien or materialman's lien

Claimant:                    Doug Wall Construction, Inc.
Amount:                      $3,876,856.10
Recording Date:              September 12, 2019
Recording No:                Instrument No. 2019-0356369, of Official Records

As affected by an Amended Mechanics Lien

Amount:                      $4,359,813.13
Recording Date:              October 7, 2019
Recording No:                Instrument No. 2019-0401936, of Official Records

55.    A pending court action as disclosed by a recorded notice:

Plaintiff:                   Blair Air, Inc.
Defendant:                   Doug Wall Construction, Inc.; Glen Roy Coachella, LLC; et al
County:                      Riverside
Court:                       Superior
Case No.:                    PSC 1906241
Nature of Action:            Foreclosure of Mechanic Lien
Recording Date:              September 20, 2019
Recording No:                Instrument No. 2019-0370664, of Official Records

56.    A claim of mechanic's lien or materialman's lien

Claimant:                    Al Miller & Sons Roofing Co., Inc.
Amount:                      $111,631.71
Recording Date:              September 20, 2019
Recording No:                Instrument No. 2019-0372302, of Official Records

As affected by an Amended Mechanics Lien

Amount:                      $153,901.00
Recording Date:              October 7, 2019
Recording No:                Instrument No. 2019-0402031, of Official Records

57.    A pending court action as disclosed by a recorded notice:

Plaintiff:                   Mascorro Concrete Construction, Inc.
Defendant:                   Doug Wall Construction, Inc.; Glenroy Coachella, LLC; et al
County:                      Riverside
Court:                       Superior
Case No.:                    PSC 1906560
Nature of Action:            Foreclosure of Mechanic Lien
Recording Date:              September 24, 2019
Recording No:                Instrument No. 2019-0376608, of Official Records

Said Notice of Lis Pendens has been partially withdrawal by instrument

Recording Date:              December 30, 2020
Recording No:                Instrument No. 2020-0668680, of Official Records

EXHIBIT 5
PAGE 266

## EXCEPTIONS
### (Continued)

58.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Apple J. Plumbing, Inc. |
| Defendant: | Doug Wall Construction, Inc.; Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC 1906579 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | September 24, 2019 |
| Recording No: | Instrument No. 2019-0376609, of Official Records |

Said Notice of Lis Pendens has been partially withdrawal by instrument

| | |
|---|---|
| Recording Date: | December 30, 2020 |
| Recording No: | Instrument No. 2020-0668682, of Official Records |

59.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Desert Palms Electric, Inc. |
| Defendant: | Doug Wall Construction, Inc.; Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC 1906554 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | September 24, 2019 |
| Recording No: | Instrument No. 2019-0376610, of Official Records |

Said Notice of Lis Pendens has been partially withdrawal by instrument

| | |
|---|---|
| Recording Date: | December 30, 2020 |
| Recording No: | Instrument No. 2020-0668681, of Official Records |

60.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Ferguson Enterprises, Inc. |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC 1906136 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | September 24, 2019 |
| Recording No: | Instrument No. 2019-0376684, of Official Records |

61.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Southwest Plumbing inc. |
| Amount: | $111,141.13 |
| Recording Date: | September 24, 2019 |
| Recording No: | Instrument No. 2019-0377201, of Official Records |

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346565-997-OC1-245

## EXCEPTIONS
### (Continued)

62.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | All Phase Drywall & Development, Inc. |
| Amount: | $40,000.00 |
| Recording Date: | September 25, 2019 |
| Recording No: | Instrument No. 2019-0379585, of Official Records |

63.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | All Phase Drywall & Development, Inc. |
| Amount: | $396,871.43 |
| Recording Date: | September 25, 2019 |
| Recording No: | Instrument No. 2019-0379586, of Official Records |

64.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Tandem West Glass, Inc. |
| Amount: | $387,752.38 |
| Recording Date: | September 25, 2019 |
| Recording No: | Instrument No. 2019-0379822, of Official Records |

As affected by an Amended Mechanics Lien

| | |
|---|---|
| Amount: | $795,971.26 |
| Recording Date: | October 7, 2019 |
| Recording No: | Instrument No. 2019-0402041, of Official Records |

As affected by a Second Amended Mechanics Lien

| | |
|---|---|
| Amount: | $449,849.39 |
| Recording Date: | October 11, 2019 |
| Recording No: | Instrument No. 2019-0410373, of Official Records |

65.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | GF Investment Group, Inc. |
| Amount: | $250,695.63 |
| Recording Date: | September 27, 2019 |
| Recording No: | Instrument No. 2019-385786, of Official Records |

66.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | La Hacienda Nursery & Landscape, Inc. |
| Amount: | $146,717.74 |
| Recording Date: | October 16, 2019 |
| Recording No: | Instrument No. 2019-0415743, of Official Records |

EXHIBIT 5
PAGE 268

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346565-997-OC1-245

## EXCEPTIONS
### (Continued)

67.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Doug Wall Construction, Inc. |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1907309 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | October 16, 2019 |
| Recording No: | Instrument No. 2019-0415790, of Official Records |

68.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Tmalpakh, Inc., a California corporation dba The Works Floor & Wall |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1907262 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | October 23, 2019 |
| Recording No: | Instrument No. 2019-0428103, of Official Records |

Said Notice of Lis Pendens has been partially withdrawal by instrument

| | |
|---|---|
| Recording Date: | December 30, 2020 |
| Recording No: | Instrument No. 2020-0668684, of Official Records |

69.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Orco Block & Hardscape, a California corporation |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1907155 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | October 25, 2019 |
| Recording No: | Instrument No. 2019-0432553, of Official Records |

70.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | BMC West LLC, a Delaware limited liability company |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1908245 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | November 22, 2019 |
| Recording No: | Instrument No. 2019-0483250, of Official Records |

EXHIBIT 5
PAGE 269

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346565-997-OC1-245

## EXCEPTIONS
### (Continued)

71.      A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | La Hacienda Nursery & Landscape, Inc., a California corporation |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1909423 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | January 2, 2020 |
| Recording No: | Instrument No. 2020-0000938, of Official Records |

72.      A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | All Phase Drywall & Development, Inc., a California corporation |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1909367 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | January 9, 2020 |
| Recording No: | Instrument No. 2020-0009905, of Official Records |

73.      A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Tandem West Glass, Inc., a California corporation |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC 2000015 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | January 10, 2020 |
| Recording No: | Instrument No. 2020-0013976, of Official Records |

Said Notice of Lis Pendens has been partially withdrawal by instrument

| | |
|---|---|
| Recording Date: | December 30, 2020 |
| Recording No: | Instrument No. 2020-0668679, of Official Records |

74.      A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Al Miller & Sons Roofing, Inc., a California corporation |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC 2000009 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | January 10, 2020 |
| Recording No: | Instrument No. 2020-0013979, of Official Records |

Said Notice of Lis Pendens has been partially withdrawal by instrument

| | |
|---|---|
| Recording Date: | December 30, 2020 |
| Recording No: | Instrument No. 2020-0668683, of Official Records |

EXHIBIT 5
PAGE 270

PRELIMINARY REPORT                                                                                    Fidelity National Title Company
YOUR REFERENCE:                                                                                        ORDER NO.:  00346565-997-OC1-245

## EXCEPTIONS
### (Continued)

75.    Matters contained in that certain document

Entitled:                          Stipulation and Order RE Appointment of Receiver and Preliminary Junction
Recording Date:                January 29, 2020
Recording No:                  Instrument No. 2020-0044153, of Official Records

Reference is hereby made to said document for full particulars.

76.    A pending court action as disclosed by a recorded notice:

Plaintiff:                         U.S. Real Estate Credit Holdings III-A, LP
Defendant:                       Glenroy Coachella, LLC; et al
County:                          Riverside
Court:                           Superior
Case No.:                        RIC1905743
Recording Date:                February 13, 2020
Recording No.:                  Instrument No. 2020-0068228, of Official Records

77.    Certificate of Indebtedness of the Receiver – Receiver Certificate No. 1

Recording Date:                June 12, 2020
Recording No.:                  Instrument No. 2020-0252044 Official Records

and Recording Date:            June 12, 2020
and Recording No:              Instrument No. 2020-0252045 Official Records

and Recording Date:            June 12, 2020
and Recording No:              Instrument No. 2020-0252046 Official Records

and Recording Date:            June 12, 2020
and Recording No:              Instrument No. 2020-0252047 Official Records

and Recording Date:            June 12, 2020
and Recording No:              Instrument No. 2020-0252048 Official Records

and Recording Date:            June 12, 2020
and Recording No:              Instrument No. 2020-0252049 Official Records

and Recording Date:            June 12, 2020
and Recording No:              Instrument No. 2020-0252050 Official Records

and Recording Date:            June 12, 2020
and Recording No:              Instrument No. 2020-0252051 Official Records

78.    A claim of mechanic's lien or materialman's lien

Claimant:                        Gauston Corp
Amount:                          $28,829.75
Recording Date:                June 25, 2018
Recording No:                  Instrument No. 2018-0255143, of Official Records

EXHIBIT 5
PAGE 271

## EXCEPTIONS
### (Continued)

79.    Any rights of the parties in possession of a portion of, or all of, said Land, which rights are not disclosed by the public records.

The Company will require, for review, a full and complete copy of any unrecorded agreement, contract, license and/or lease, together with all supplements, assignments and amendments thereto, before issuing any policy of title insurance without excepting this item from coverage.

The Company reserves the right to except additional items and/or make additional requirements after reviewing said documents.

80.    Any facts, rights, interests or claims that may exist or arise by reason of the following matters disclosed by a pending final ALTA/NSPS Survey prepared by Saxon Engineering Services, Inc., dated April 10, 2018, designated as Job No. Glenroy Coachella:

a. Electrical vaults located on the northerly property line of Parcel 4.
b. A cable television box located along the westerly boundary of Parcel 2.
c. An electrical transformer located along the westerly boundary of Parcel 2.
d. A street light pole encroaching in the southwest corner of Parcel 2.

81.    Any easements not disclosed by the public records as to matters affecting title to real property, whether or not said easements are visible and apparent.

82.    Discrepancies, conflicts in boundary lines, shortage in area, encroachments, or any other matters which a correct survey would disclose and which are not shown by the public records.

83.    Matters which may be disclosed by an inspection and/or by a correct ALTA/ACSM Land Title Survey of said Land that is satisfactory to the Company, and/or by inquiry of the parties in possession thereof.

**PLEASE REFER TO THE "INFORMATIONAL NOTES" AND "REQUIREMENTS" SECTIONS WHICH FOLLOW FOR INFORMATION NECESSARY TO COMPLETE THIS TRANSACTION.**

---

### END OF EXCEPTIONS

---

EXHIBIT 5
PAGE 272

# REQUIREMENTS SECTION

1.   In order to complete this report, the Company requires a Statement of Information to be completed by the following party(s),

Party(s):                    All Parties

The Company reserves the right to add additional items or make further requirements after review of the requested Statement of Information.

NOTE:  The Statement of Information is necessary to complete the search and examination of title under this order. Any title search includes matters that are indexed by name only, and having a completed Statement of Information assists the Company in the elimination of certain matters which appear to involve the parties but in fact affect another party with the same or similar name. Be assured that the Statement of Information is essential and will be kept strictly confidential to this file.

2.   The Company will require the following documents for review prior to the issuance of any title insurance predicated upon a conveyance or encumbrance from the entity named below:

Limited Liability Company:        Glenroy Coachella, LLC, a Delaware limited liability company
                                  Force Rubin, LLC, a Delaware limited liability company
                                  Force Rubin 2, LLC, a Delaware limited liability company
                                  Coachella Resort, LLC

a)   A copy of its operating agreement, if any, and all amendments, supplements and/or modifications thereto, certified by the appropriate manager or member.

b)   If a domestic Limited Liability Company, a copy of its Articles of Organization and all amendments thereto with the appropriate filing stamps.

c)   If the Limited Liability Company is member-managed, a full and complete current list of members certified by the appropriate manager or member.

d)   A current dated certificate of good standing from the proper governmental authority of the state in which the entity is currently domiciled.

e)   If less than all members, or managers, as appropriate, will be executing the closing documents, furnish evidence of the authority of those signing.

f)   If Limited Liability Company is a Single Member Entity, a Statement of Information for the Single Member will be required.

g)   Each member and manager of the LLC without an Operating Agreement must execute in the presence of a notary public the Certificate of California LLC (Without an Operating Agreement) Status and Authority form.

3.   This transaction requires high liability approval prior to close of escrow together with an inspection of the subject property.

Please advise title department with an estimated date that your transaction will close so we can schedule the necessary approvals and inspections.

4.   The transaction contemplated in connection with this Report is subject to the review and approval of the Company's Corporate Underwriting Department. The Company reserves the right to add additional items or make further requirements after such review.

EXHIBIT 5
PAGE 273

## REQUIREMENTS
### (Continued)

5.    Please call the Title Department five (5) days prior to the contemplated closing to determine if additional documents or information is required.

Phone Number:        (949) 788-2800

---

**END OF REQUIREMENTS**

---

EXHIBIT 5
PAGE 274

# INFORMATIONAL NOTES SECTION

1.    Note:  There are NO conveyances affecting said Land recorded within 24 months of the date of this report.

2.    Note:  Please contact your Title Officer to obtain the current recording fees.  Fidelity National Title Company will pay Fidelity National Title Insurance Company 12% of the title premium, as disclosed on lines 1107 and 1108 of the HUD-1.

3.    Note:  The policy of title insurance will include an arbitration provision. The Company or the insured may demand arbitration. Arbitrable matters may include, but are not limited to, any controversy or claim between the Company and the insured arising out of or relating to this policy, any service of the Company in connection with its issuance or the breach of a policy provision or other obligation. Please ask your escrow or title officer for a sample copy of the policy to be issued if you wish to review the arbitration provisions and any other provisions pertaining to your Title Insurance coverage.

4.    Notice: Please be aware that due to the conflict between federal and state laws concerning the cultivation, distribution, manufacture or sale of marijuana, the Company is not able to close or insure any transaction involving Land that is associated with these activities.

5.    Pursuant to Government Code Section 27388.1, as amended and effective as of 1-1-2018, a Documentary Transfer Tax (DTT) Affidavit may be required to be completed and submitted with each document when DTT is being paid or when an exemption is being claimed from paying the tax. If a governmental agency is a party to a document, the form will not be required. DTT Affidavits may be available at a Tax Assessor-County Clerk-Recorder.

6.    The Company and its policy issuing agents are required by Federal law to collect additional information about certain transactions in specified geographic areas in accordance with the Bank Secrecy Act. If this transaction is required to be reported under a Geographic Targeting Order issued by FinCEN, the Company or its policy issuing agent must be supplied with a completed ALTA Information Collection Form ("ICF") prior to closing the transaction contemplated herein.

**To protect the private information contained in the attached form and photo ID, please return via a secured method.**

---

## END OF INFORMATIONAL NOTES

---

Blake.Uradomo/sp1

EXHIBIT 5
PAGE 275

**WIRE SAFE** ™ | Inquire before you wire!

# Wire Fraud Alert

This Notice is not intended to provide legal or professional advice. If you have any questions, please consult with a lawyer.

All parties to a real estate transaction are targets for wire fraud and many have lost hundreds of thousands of dollars because they simply relied on the wire instructions received via email, without further verification. **If funds are to be wired in conjunction with this real estate transaction, we strongly recommend verbal verification of wire instructions through a known, trusted phone number prior to sending funds.**

In addition, the following non-exclusive self-protection strategies are recommended to minimize exposure to possible wire fraud.

- **NEVER RELY** on emails purporting to change wire instructions. Parties to a transaction rarely change wire instructions in the course of a transaction.

- **ALWAYS VERIFY** wire instructions, specifically the ABA routing number and account number, by calling the party who sent the instructions to you. DO NOT use the phone number provided in the email containing the instructions, use phone numbers you have called before or can otherwise verify. **Obtain the phone number of relevant parties to the transaction as soon as an escrow account is opened.** DO NOT send an email to verify as the email address may be incorrect or the email may be intercepted by the fraudster.

- **USE COMPLEX EMAIL PASSWORDS** that employ a combination of mixed case, numbers, and symbols. Make your passwords greater than eight (8) characters. Also, change your password often and do NOT reuse the same password for other online accounts.

- **USE MULTI-FACTOR AUTHENTICATION** for email accounts. Your email provider or IT staff may have specific instructions on how to implement this feature.

For more information on wire-fraud scams or to report an incident, please refer to the following links:

|  |  |
|---|---|
| *Federal Bureau of Investigation:* | *Internet Crime Complaint Center:* |
| *http://www.fbi.gov* | *http://www.ic3.gov* |

---

Wire Fraud Alert                                                                                     Page 1
Original Effective Date:  5/11/2017
Current Version Date:  5/11/2017                                              WIRE0016 (DSI Rev. 12/07/17)

*TM and © Fidelity National Financial, Inc. and/or an affiliate. All rights reserved*

EXHIBIT 5
PAGE 276

**Fidelity National Title Company**
1300 Dove Street, 3rd Floor, Newport Beach, CA 92660
Phone: (949) 788-2800   ●   Fax: (949) 341-0251

## Notice of Available Discounts

Pursuant to Section 2355.3 in Title 10 of the California Code of Regulations Fidelity National Financial, Inc. and its subsidiaries ("FNF") must deliver a notice of each discount available under our current rate filing along with the delivery of escrow instructions, a preliminary report or commitment.  Please be aware that the provision of this notice does not constitute a waiver of the consumer's right to be charged the filed rate.   As such, your transaction may not qualify for the below discounts.

You are encouraged to discuss the applicability of one or more of the below discounts with a Company representative.  These discounts are generally described below; consult the rate manual for a full description of the terms, conditions and requirements for such discount.  These discounts only apply to transactions involving services rendered by the FNF Family of Companies.  This notice only applies to transactions involving property improved with a one-to-four family residential dwelling.

Not all discounts are offered by every FNF Company. The discount will only be applicable to the FNF Company as indicated by the named discount.

**FNF Underwritten Title Company**

CTC – Chicago Title company
CLTC – Commonwealth Land Title Company
FNTC – Fidelity National Title Company of California
FNTCCA - Fidelity National Title Company of California
TICOR – Ticor Title Company of California
LTC – Lawyer's Title Company
SLTC – ServiceLink Title Company

**Underwritten by FNF Underwriters**

CTIC – Chicago Title Insurance Company
CLTIC - Commonwealth Land Title Insurance Company
FNTIC – Fidelity National Title Insurance Company
FNTIC - Fidelity National Title Insurance Company
CTIC – Chicago Title Insurance Company
CLTIC – Commonwealth Land Title Insurance Company
CTIC – Chicago Title Insurance Company

### Available Discounts

**DISASTER LOANS (CTIC, CLTIC, FNTIC)**
The charge for a Lender's Policy (Standard or Extended coverage) covering the financing or refinancing by an owner of record, within twenty-four (24) months of the date of a declaration of a disaster area by the government of the United States or the State of California on any land located in said area, which was partially or totally destroyed in the disaster, will be fifty percent (50%) of the appropriate title insurance rate.

**CHURCHES OR CHARITABLE NON-PROFIT ORGANIZATIONS (CTIC, FNTIC)**
On properties used as a church or for charitable purposes within the scope of the normal activities of such entities, provided said charge is normally the church's obligation the charge for an owner's policy shall be fifty percent (50%) to seventy percent (70%) of the appropriate title insurance rate, depending on the type of coverage selected. The charge for a lender's policy shall be forty (40%) to fifty percent (50%) of the appropriate title insurance rate, depending on the type of coverage selected.

EXHIBIT 5
PAGE 277

## FIDELITY NATIONAL FINANCIAL, INC.
## PRIVACY NOTICE

Effective January 1, 2021

Fidelity National Financial, Inc. and its majority-owned subsidiary companies (collectively, "FNF," "our," or "we") respect and are committed to protecting your privacy. This Privacy Notice explains how we collect, use, and protect personal information, when and to whom we disclose such information, and the choices you have about the use and disclosure of that information.

A limited number of FNF subsidiaries have their own privacy notices.  If a subsidiary has its own privacy notice, the privacy notice will be available on the subsidiary's website and this Privacy Notice does not apply.

### Collection of Personal Information
FNF may collect the following categories of Personal Information:
- contact information (*e.g.*, name, address, phone number, email address);
- demographic information (*e.g.*, date of birth, gender, marital status);
- identity information (*e.g.* Social Security Number, driver's license, passport, or other government ID number);
- financial account information (*e.g.* loan or bank account information); and
- other personal information necessary to provide products or services to you.

We may collect Personal Information about you from:
- information we receive from you or your agent;
- information about your transactions with FNF, our affiliates, or others; and
- information we receive from consumer reporting agencies and/or governmental entities, either directly from these entities or through others.

### Collection of Browsing Information
FNF automatically collects the following types of Browsing Information when you access an FNF website, online service, or application (each an "FNF Website") from your Internet browser, computer, and/or device:
- Internet Protocol (IP) address and operating system;
- browser version, language, and type;
- domain name system requests; and
- browsing history on the FNF Website, such as date and time of your visit to the FNF Website and visits to the pages within the FNF Website.

Like most websites, our servers automatically log each visitor to the FNF Website and may collect the Browsing Information described above. We use Browsing Information for system administration, troubleshooting, fraud investigation, and to improve our websites. Browsing Information generally does not reveal anything personal about you, though if you have created a user account for an FNF Website and are logged into that account, the FNF Website may be able to link certain browsing activity to your user account.

### Other Online Specifics
Cookies. When you visit an FNF Website, a "cookie" may be sent to your computer. A cookie is a small piece of data that is sent to your Internet browser from a web server and stored on your computer's hard drive. Information gathered using cookies helps us improve your user experience. For example, a cookie can help the website load properly or can customize the display page based on your browser type and user preferences. You can choose whether or not to accept cookies by changing your Internet browser settings. Be aware that doing so may impair or limit some functionality of the FNF Website.

Web Beacons. We use web beacons to determine when and how many times a page has been viewed. This information is used to improve our websites.

Do Not Track. Currently our FNF Websites do not respond to "Do Not Track" features enabled through your browser.

Links to Other Sites.  FNF Websites may contain links to unaffiliated third-party websites. FNF is not responsible for the privacy practices or content of those websites. We recommend that you read the privacy policy of every website you visit.

### Use of Personal Information
FNF uses Personal Information for three main purposes:
- To provide products and services to you or in connection with a transaction involving you.
- To improve our products and services.
- To communicate with you about our, our affiliates', and others' products and services, jointly or independently.

### When Information Is Disclosed
We may disclose your Personal Information and Browsing Information in the following circumstances:
- to enable us to detect or prevent criminal activity, fraud, material misrepresentation, or nondisclosure;
- to nonaffiliated service providers who provide or perform services or functions on our behalf and who agree to use the information only to provide such services or functions;

Copyright © 2021. Fidelity National Financial, Inc. All Rights Reserved
Order No. 00346565-997-OC1-245

EXHIBIT 5
PAGE 278

- to nonaffiliated third party service providers with whom we perform joint marketing, pursuant to an agreement with them to jointly market financial products or services to you;
- to law enforcement or authorities in connection with an investigation, or in response to a subpoena or court order; or
- in the good-faith belief that such disclosure is necessary to comply with legal process or applicable laws, or to protect the rights, property, or safety of FNF, its customers, or the public.

The law does not require your prior authorization and does not allow you to restrict the disclosures described above. Additionally, we may disclose your information to third parties for whom you have given us authorization or consent to make such disclosure. We do not otherwise share your Personal Information or Browsing Information with nonaffiliated third parties, except as required or permitted by law. We may share your Personal Information with affiliates (other companies owned by FNF) to directly market to you. Please see "Choices with Your Information" to learn how to restrict that sharing.

We reserve the right to transfer your Personal Information, Browsing Information, and any other information, in connection with the sale or other disposition of all or part of the FNF business and/or assets, or in the event of bankruptcy, reorganization, insolvency, receivership, or an assignment for the benefit of creditors. By submitting Personal Information and/or Browsing Information to FNF, you expressly agree and consent to the use and/or transfer of the foregoing information in connection with any of the above described proceedings.

## Security of Your Information
We maintain physical, electronic, and procedural safeguards to protect your Personal Information.

## Choices With Your Information
If you do not want FNF to share your information among our affiliates to directly market to you, you may send an "opt out" request as directed at the end of this Privacy Notice. We do not share your Personal Information with nonaffiliates for their use to direct market to you without your consent.

Whether you submit Personal Information or Browsing Information to FNF is entirely up to you. If you decide not to submit Personal Information or Browsing Information, FNF may not be able to provide certain services or products to you.

For California Residents: We will not share your Personal Information or Browsing Information with nonaffiliated third parties, except as permitted by California law. For additional information about your California privacy rights, please visit the "California Privacy" link on our website (https://fnf.com/pages/californiaprivacy.aspx) or call (888) 413-1748.

For Nevada Residents: You may be placed on our internal Do Not Call List by calling (888) 934-3354 or by contacting us via the information set forth at the end of this Privacy Notice. Nevada law requires that we also provide you with the following contact information: Bureau of Consumer Protection, Office of the Nevada Attorney General, 555 E. Washington St., Suite 3900, Las Vegas, NV 89101; Phone number: (702) 486-3132; email: BCPINFO@ag.state.nv.us.

For Oregon Residents:  We will not share your Personal Information or Browsing Information with nonaffiliated third parties for marketing purposes, except after you have been informed by us of such sharing and had an opportunity to indicate that you do not want a disclosure made for marketing purposes.

For Vermont Residents: We will not disclose information about your creditworthiness to our affiliates and will not disclose your personal information, financial information, credit report, or health information to nonaffiliated third parties to market to you, other than as permitted by Vermont law, unless you authorize us to make those disclosures.

## Information From Children
The FNF Websites are not intended or designed to attract persons under the age of eighteen (18).We do not collect Personal Information from any person that we know to be under the age of thirteen (13) without permission from a parent or guardian.

## International Users
FNF's headquarters is located within the United States. If you reside outside the United States and choose to provide Personal Information or Browsing Information to us, please note that we may transfer that information outside of your country of residence. By providing FNF with your Personal Information and/or Browsing Information, you consent to our collection, transfer, and use of such information in accordance with this Privacy Notice.

## FNF Website Services for Mortgage Loans
Certain FNF companies provide services to mortgage loan servicers, including hosting websites that collect customer information on behalf of mortgage loan servicers (the "Service Websites"). The Service Websites may contain links to both this Privacy Notice and the mortgage loan servicer or lender's privacy notice. The sections of this Privacy Notice titled When Information is Disclosed, Choices with Your Information, and Accessing and Correcting Information do not apply to the Service Websites. The mortgage loan servicer or lender's privacy notice governs use, disclosure, and access to your Personal Information. FNF does not share Personal Information collected through the Service Websites, except as required or authorized by contract with the mortgage loan servicer or lender, or as required by law or in the good-faith belief that such disclosure is necessary: to comply with a legal process or applicable law, to enforce this Privacy Notice, or to protect the rights, property, or safety of FNF or the public.

EXHIBIT 5
PAGE 279

**Your Consent To This Privacy Notice; Notice Changes; Use of Comments or Feedback**

By submitting Personal Information and/or Browsing Information to FNF, you consent to the collection and use of the information in accordance with this Privacy Notice. We may change this Privacy Notice at any time. The Privacy Notice's effective date will show the last date changes were made. If you provide information to us following any change of the Privacy Notice, that signifies your assent to and acceptance of the changes to the Privacy Notice.

**Accessing and Correcting Information; Contact Us**

If you have questions, would like to correct your Personal Information, or want to opt-out of information sharing for affiliate marketing, visit FNF's Opt Out Page or contact us by phone at (888) 934-3354 or by mail to:

Fidelity National Financial, Inc.
601 Riverside Avenue
Jacksonville, Florida 32204
Attn: Chief Privacy Officer

## ATTACHMENT ONE (Revised 05-06-16)

### CALIFORNIA LAND TITLE ASSOCIATION
### STANDARD COVERAGE POLICY – 1990

### EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1.  (a)  Any law, ordinance or governmental regulation (including but not limited to building or zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien, or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
    (b)  Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
2.  Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.
3.  Defects, liens, encumbrances, adverse claims or other matters:
    (a)  whether or not recorded in the public records at Date of Policy, but created, suffered, assumed or agreed to by the insured claimant;
    (b)  not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became an insured under this policy;
    (c)  resulting in no loss or damage to the insured claimant;
    (d)  attaching or created subsequent to Date of Policy; or
    (e)  resulting in loss or damage which would not have been sustained if the insured claimant had paid value for the insured mortgage or for the estate or interest insured by this policy.
4.  Unenforceability of the lien of the insured mortgage because of the inability or failure of the insured at Date of Policy, or the inability or failure of any subsequent owner of the indebtedness, to comply with the applicable doing business laws of the state in which the land is situated.
5.  Invalidity or unenforceability of the lien of the insured mortgage, or claim thereof, which arises out of the transaction evidenced by the insured mortgage and is based upon usury or any consumer credit protection or truth in lending law.
6.  Any claim, which arises out of the transaction vesting in the insured the estate of interest insured by this policy or the transaction creating the interest of the insured lender, by reason of the operation of federal bankruptcy, state insolvency or similar creditors' rights laws.

### EXCEPTIONS FROM COVERAGE - SCHEDULE B, PART I

This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees or expenses) which arise by reason of:

1.  Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public records.
    Proceedings by a public agency which may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the public records.
2.  Any facts, rights, interests, or claims which are not shown by the public records but which could be ascertained by an inspection of the land or which may be asserted by persons in possession thereof.
3.  Easements, liens or encumbrances, or claims thereof, not shown by the public records.
4.  Discrepancies, conflicts in boundary lines, shortage in area, encroachments, or any other facts which a correct survey would disclose, and which are not shown by the public records.
5.  (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b) or (c) are shown by the public records.
6.  Any lien or right to a lien for services, labor or material not shown by the public records.

### CLTA HOMEOWNER'S POLICY OF TITLE INSURANCE (12-02-13)
### ALTA HOMEOWNER'S POLICY OF TITLE INSURANCE

### EXCLUSIONS

In addition to the Exceptions in Schedule B, You are not insured against loss, costs, attorneys' fees, and expenses resulting from:

1.  Governmental police power, and the existence or violation of those portions of any law or government regulation concerning:
    a.  building;
    b.  zoning;
    c.  land use;
    d.  improvements on the Land;
    e.  land division; and
    f.  environmental protection.
    This Exclusion does not limit the coverage described in Covered Risk 8.a., 14, 15, 16, 18, 19, 20, 23 or 27.
2.  The failure of Your existing structures, or any part of them, to be constructed in accordance with applicable building codes. This Exclusion does not limit the coverage described in Covered Risk 14 or 15.
3.  The right to take the Land by condemning it.  This Exclusion does not limit the coverage described in Covered Risk 17.
4.  Risks:
    a.  that are created, allowed, or agreed to by You, whether or not they are recorded in the Public Records;
    b.  that are Known to You at the Policy Date, but not to Us, unless they are recorded in the Public Records at the Policy Date;

© California Land Title Association. All rights reserved.
The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

EXHIBIT 5
PAGE 281

    c.   that result in no loss to You; or

    d.   that first occur after the Policy Date - this does not limit the coverage described in Covered Risk 7, 8.e., 25, 26, 27 or 28.

5.   Failure to pay value for Your Title.

6.   Lack of a right:

    a.   to any land outside the area specifically described and referred to in paragraph 3 of Schedule A; and

    b.   in streets, alleys, or waterways that touch the Land.

    This Exclusion does not limit the coverage described in Covered Risk 11 or 21.

7.   The transfer of the Title to You is invalid as a preferential transfer or as a fraudulent transfer or conveyance under federal bankruptcy, state insolvency, or similar creditors' rights laws.

8.   Contamination, explosion, fire, flooding, vibration, fracturing, earthquake, or subsidence.

9.   Negligence by a person or an Entity exercising a right to extract or develop minerals, water, or any other substances.

## LIMITATIONS ON COVERED RISKS

Your insurance for the following Covered Risks is limited on the Owner's Coverage Statement as follows:

- For Covered Risk 16, 18, 19, and 21 Your Deductible Amount and Our Maximum Dollar Limit of Liability shown in Schedule A.

The deductible amounts and maximum dollar limits shown on Schedule A are as follows:

| | Your Deductible Amount | Our Maximum Dollar Limit of Liability |
|---|---|---|
| Covered Risk 16: | 1.00% of Policy Amount Shown in Schedule A or $2,500.00 (whichever is less) | $ 10,000.00 |
| Covered Risk 18: | 1.00% of Policy Amount Shown in Schedule A or $5,000.00 (whichever is less) | $ 25,000.00 |
| Covered Risk 19: | 1.00% of Policy Amount Shown in Schedule A or $5,000.00 (whichever is less) | $ 25,000.00 |
| Covered Risk 21: | 1.00% of Policy Amount Shown in Schedule A or $2,500.00 (whichever is less) | $ 5,000.00 |

## 2006 ALTA LOAN POLICY (06-17-06)

### EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:

1.   (a)   Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to

        (i)   the occupancy, use, or enjoyment of the Land;

        (ii)   the character, dimensions, or location of any improvement erected on the Land;

        (iii)   the subdivision of land; or

        (iv)   environmental protection;

        or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5.

    (b)   Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 6.

2.   Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.

3.   Defects, liens, encumbrances, adverse claims, or other matters

    (a)   created, suffered, assumed, or agreed to by the Insured Claimant;

    (b)   not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;

    (c)   resulting in no loss or damage to the Insured Claimant;

    (d)   attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 11, 13 or 14); or

    (e)   resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Insured Mortgage.

4.   Unenforceability of the lien of the Insured Mortgage because of the inability or failure of an Insured to comply with applicable doing-business laws of the state where the Land is situated.

5.   Invalidity or unenforceability in whole or in part of the lien of the Insured Mortgage that arises out of the transaction evidenced by the Insured Mortgage and is based upon usury or any consumer credit protection or truth-in-lending law.

6.   Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction creating the lien of the Insured Mortgage, is

    (a)   a fraudulent conveyance or fraudulent transfer, or

    (b)   a preferential transfer for any reason not stated in Covered Risk 13(b) of this policy.

7.   Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching between Date of Policy and the date of recording of the Insured Mortgage in the Public Records.  This Exclusion does not modify or limit the coverage provided under Covered Risk 11(b).

The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

### EXCEPTIONS FROM COVERAGE

{Except as provided in Schedule B - Part II,{ t{or T}his policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees or expenses, that arise by reason of:

---

Attachment One – CA (Rev. 05-06-16)                                                        Page 2

© California Land Title Association. All rights reserved.
The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

EXHIBIT 5
PAGE 282

## {PART I

{The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

1. (a) Taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records; (b) proceedings by a public agency that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.

2. Any facts, rights, interests, or claims that are not shown by the Public Records but that could be ascertained by an inspection of the Land or that may be asserted by persons in possession of the Land.

3. Easements, liens or encumbrances, or claims thereof, not shown by the Public Records.

4. Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land and not shown by the Public Records.

5. (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b), or (c) are shown by the Public Records.

6. Any lien or right to a lien for services, labor or material not shown by the Public Records.}

## PART II

In addition to the matters set forth in Part I of this Schedule, the Title is subject to the following matters, and the Company insures against loss or damage sustained in the event that they are not subordinate to the lien of the Insured Mortgage:}

## 2006 ALTA OWNER'S POLICY (06-17-06)

## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:

1. (a) Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
   (i)   the occupancy, use, or enjoyment of the Land;
   (ii)   the character, dimensions, or location of any improvement erected on the Land;
   (iii)   the subdivision of land; or
   (iv)   environmental protection;
   or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5.
   (b) Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 6.

2. Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.

3. Defects, liens, encumbrances, adverse claims, or other matters
   (a) created, suffered, assumed, or agreed to by the Insured Claimant;
   (b) not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
   (c) resulting in no loss or damage to the Insured Claimant;
   (d) attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 9 and 10); or
   (e) resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Title.

4. Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction vesting the Title as shown in Schedule A, is
   (a) a fraudulent conveyance or fraudulent transfer; or
   (b) a preferential transfer for any reason not stated in Covered Risk 9 of this policy.

5. Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching between Date of Policy and the date of recording of the deed or other instrument of transfer in the Public Records that vests Title as shown in Schedule A.

The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

## EXCEPTIONS FROM COVERAGE

This policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees or expenses, that arise by reason of:

{The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

1. (a) Taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records; (b) proceedings by a public agency that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.

2. Any facts, rights, interests, or claims that are not shown in the Public Records but that could be ascertained by an inspection of the Land or that may be asserted by persons in possession of the Land.

3. Easements, liens or encumbrances, or claims thereof, not shown by the Public Records.

4. Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land and that are not shown by the Public Records.

5. (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b), or (c) are shown by the Public Records.

6. Any lien or right to a lien for services, labor or material not shown by the Public Records. }

7. {Variable exceptions such as taxes, easements, CC&R's, etc. shown here.}

© California Land Title Association. All rights reserved.
The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

EXHIBIT 5
PAGE 283

**ALTA EXPANDED COVERAGE RESIDENTIAL LOAN POLICY – ASSESSMENTS PRIORITY (04-02-15)**

**EXCLUSIONS FROM COVERAGE**

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1. (a) Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
   (i) the occupancy, use, or enjoyment of the Land;
   (ii) the character, dimensions, or location of any improvement erected on the Land;
   (iii) the subdivision of land; or
   (iv) environmental protection;
   or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5, 6, 13(c), 13(d), 14 or 16.
   (b) Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 5, 6, 13(c), 13(d), 14 or 16.
2. Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.
3. Defects, liens, encumbrances, adverse claims, or other matters
   (a) created, suffered, assumed, or agreed to by the Insured Claimant;
   (b) not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
   (c) resulting in no loss or damage to the Insured Claimant;
   (d) attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 11, 16, 17, 18, 19, 20, 21, 22, 23, 24, 27 or 28); or
   (e) resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Insured Mortgage.
4. Unenforceability of the lien of the Insured Mortgage because of the inability or failure of an Insured to comply with applicable doing-business laws of the state where the Land is situated.
5. Invalidity or unenforceability in whole or in part of the lien of the Insured Mortgage that arises out of the transaction evidenced by the Insured Mortgage and is based upon usury, or any consumer credit protection or truth-in-lending law. This Exclusion does not modify or limit the coverage provided in Covered Risk 26.
6. Any claim of invalidity, unenforceability or lack of priority of the lien of the Insured Mortgage as to Advances or modifications made after the Insured has Knowledge that the vestee shown in Schedule A is no longer the owner of the estate or interest covered by this policy. This Exclusion does not modify or limit the coverage provided in Covered Risk 11.
7. Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching subsequent to Date of Policy. This Exclusion does not modify or limit the coverage provided in Covered Risk 11(b) or 25.
8. The failure of the residential structure, or any portion of it, to have been constructed before, on or after Date of Policy in accordance with applicable building codes.  This Exclusion does not modify or limit the coverage provided in Covered Risk 5 or 6.
9. Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction creating the lien of the Insured Mortgage, is
   (a) a fraudulent conveyance or fraudulent transfer, or
   (b) a preferential transfer for any reason not stated in Covered Risk 27(b) of this policy.
10. Contamination, explosion, fire, flooding, vibration, fracturing, earthquake, or subsidence.
11. Negligence by a person or an Entity exercising a right to extract or develop minerals, water, or any other substances.

© **California Land Title Association. All rights reserved.**
The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

EXHIBIT 5
PAGE 284



This map/plat is being furnished as an aid in locating the herein described Land in relation to adjoining streets, natural boundaries and other land, and is not a survey of the land depicted. Except to the extent a policy of title insurance is expressly modified by endorsement, if any, the Company does not insure dimensions, distances, location of easements, acreage or other matters shown thereon.

Order: 00346565
Doc: RV:A 603-22

Page 1 of 1

Requested By: Suthon , Printed: 4/2/2021 3:35 PM

EXHIBIT 5
PAGE 285

**EXHIBIT 6**



Fidelity National Title - OC
1300 Dove Street, 3rd Floor, Newport Beach, CA 92660

# Preliminary Report

Fidelity National Title - OC
1300 Dove Street, 3rd Floor, Newport Beach, CA 92660
Phone: (949) 788-2800
Fax: (949) 341-0251

Title Officer: Blake.Uradomo
Email: Blake.Uradomo@fnf.com
Phone No.: (949) 788-2800
Fax No.: (949) 341-0251
File No.: 00346563-997-OC1-245

Property Address: Vacant Land, Coachella, CA

## Introducing



LiveLOOK title document delivery system is designed to provide 24/7 real-time access to all information related to a title insurance transaction.

Access title reports, exception documents, an easy-to-use summary page, and more, at your fingertips and your convenience.

To view your new Fidelity National Title First Alert powered by LiveLOOK report, Click Here



**Effortless, Efficient, Compliant, and Accessible**

EXHIBIT 6

PAGE 287

**Fidelity National Title Company**
1300 Dove Street, 3rd Floor, Newport Beach, CA 92660
Phone: (949) 788-2800   ●   Fax: (949) 341-0251

Issuing Policies of Fidelity National Title Insurance Company

Title Officer: **Blake.Uradomo**
Phone: **(949) 788-2800**
Fax: **(949) 341-0251**
Email: **Blake.Uradomo@fnf.com**

ORDER NO.: **00346563-997-OC1-245**

LOAN NO.:

Fidelity National Title Company
1300 Dove Street, 3rd Floor
Newport Beach, CA 92660

ATTN:        Ben Llorin
YOUR REF:

PROPERTY:    **Vacant Land, Coachella, CA**

## PRELIMINARY REPORT

*In response to the application for a policy of title insurance referenced herein, **Fidelity National Title Company** hereby reports that it is prepared to issue, or cause to be issued, as of the date hereof, a policy or policies of title insurance describing the land and the estate or interest therein hereinafter set forth, insuring against loss which may be sustained by reason of any defect, lien or encumbrance not shown or referred to as an exception herein or not excluded from coverage pursuant to the printed Schedules, Conditions and Stipulations or Conditions of said policy forms.*

*The printed Exceptions and Exclusions from the coverage and Limitations on Covered Risks of said policy or policies are set forth in Attachment One. The policy to be issued may contain an arbitration clause. When the Amount of Insurance is less than that set forth in the arbitration clause, all arbitrable matters shall be arbitrated at the option of either the Company or the Insured as the exclusive remedy of the parties. Limitations on Covered Risks applicable to the CLTA and ALTA Homeowner's Policies of Title Insurance which establish a Deductible Amount and a Maximum Dollar Limit of Liability for certain coverages are also set forth in Attachment One. Copies of the policy forms should be read. They are available from the office which issued this report.*

*This report (and any supplements or amendments hereto) is issued solely for the purpose of facilitating the issuance of a policy of title insurance and no liability is assumed hereby. If it is desired that liability be assumed prior to the issuance of a policy of title insurance, a Binder or Commitment should be requested.*

*The policy(s) of title insurance to be issued hereunder will be policy(s) of Fidelity National Title Insurance Company, a Florida Corporation.*

***Please read the exceptions shown or referred to herein and the exceptions and exclusions set forth in Attachment One of this report carefully. The exceptions and exclusions are meant to provide you with notice of matters which are not covered under the terms of the title insurance policy and should be carefully considered.***

***It is important to note that this preliminary report is not a written representation as to the condition of title and may not list all liens, defects and encumbrances affecting title to the land.***

Countersigned by:

_____
Authorized Signature

EXHIBIT 6
PAGE 288

**Fidelity National Title Company**
1300 Dove Street, 3rd Floor, Newport Beach, CA 92660
Phone: (949) 788-2800    ●    Fax: (949) 341-0251

## PRELIMINARY REPORT

---

**EFFECTIVE DATE:**          **March 24, 2021 at 7:30 a.m.**

**ORDER NO.:  00346563-997-OC1-245**

The form of policy or policies of title insurance contemplated by this report is:

   **CLTA Standard Coverage Policy of Title Insurance (4-8-14)**

1.       THE ESTATE OR INTEREST IN THE LAND HEREINAFTER DESCRIBED OR REFERRED TO COVERED BY THIS REPORT IS:

   **A Fee**

2.       TITLE TO SAID ESTATE OR INTEREST AT THE DATE HEREOF IS VESTED IN:

   **Glenroy Coachella, LLC, a Delaware limited liability company, as to an undivided 70.5% interest; Force Rubin, LLC, a Delaware limited liability company, as to an undivided 21.2115% interest; Force Rubin 2, LLC, a Delaware limited liability company, as to an undivided 3.7885% interest; and Coachella Resort, LLC, a California limited liability company, as to an undivided 4.5% interest**

3.       THE LAND REFERRED TO IN THIS REPORT IS DESCRIBED AS FOLLOWS:

   **See Exhibit A attached hereto and made a part hereof.**

EXHIBIT 6
PAGE 289

PRELIMINARY REPORT                                                                              Fidelity National Title Company
YOUR REFERENCE:                                                                     ORDER NO.:  00346563-997-OC1-245

## EXHIBIT A

## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF COACHELLA, IN THE COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCEL 5 OF PARCEL MAP NO. 37310, IN THE CITY OF COACHELLA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, ACCORDING TO MAP ON FILE IN BOOK 243, PAGES 82 THROUGH 84 OF PARCEL MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

EXCEPTING THEREFROM THAT PORTION OF THE PROPERTY CONVEYED TO THE CITY OF COACHELLA, A MUNICIPAL CORPORATION, AS DESCRIBED IN DOCUMENT ENTITLED "CERTIFICATE OF ACCEPTANCE (GRANT OF EASEMENT), RECORDED SEPTEMBER 6, 2018 AS INSTRUMENT NO. 2018-359087 OF OFFICIAL RECORDS.

APN:  **603-220-065**

EXHIBIT 6
PAGE 290

PRELIMINARY REPORT                                    Fidelity National Title Company
YOUR REFERENCE:                                       ORDER NO.:  00346563-997-OC1-245

# EXCEPTIONS

**AT THE DATE HEREOF, ITEMS TO BE CONSIDERED AND EXCEPTIONS TO COVERAGE IN ADDITION TO THE PRINTED EXCEPTIONS AND EXCLUSIONS IN SAID POLICY FORM WOULD BE AS FOLLOWS:**

1.    Property taxes, which are a lien not yet due and payable, including any assessments collected with taxes to be levied for the fiscal year 2021-2022.

2.    Property taxes, including any personal property taxes and any assessments collected with taxes are as follows:

| | |
|---|---|
| Code Area: | 012-037 |
| Tax Identification No.: | 603-220-065 |
| Fiscal Year: | 2020-2021 |
| 1st Installment: | $5,160.93, Paid |
| 2nd Installment: | $5,160.93, Open |
| Exemption: | $0.00 |
| Land: | $450,096.00 |
| Improvements: | $0.00 |
| Personal Property: | $0.00 |
| Bill No.: | 2020001978579 |

3.    The lien of supplemental or escaped assessments of property taxes, if any, made pursuant to the provisions of Chapter 3.5 or Part 2, Chapter 3, Articles 3 and 4 respectively (commencing with Section 75) of the Revenue and Taxation Code of the State of California as a result of the transfer of title to the vestee named in Schedule A; or as a result of changes in ownership or new construction occurring prior to date of policy.

4.    The herein described Land is within the boundaries of the Mello-Roos Community Facilities District(s). The annual assessments, if any, are collected with the county property taxes. Failure to pay said taxes prior to the delinquency date may result in the above assessment being removed from the county tax roll and subjected to Accelerated Judicial Bond Foreclosure. Inquiry should be made with said District for possible stripped assessments and prior delinquencies.

5.    A Notice

| | |
|---|---|
| Entitled: | Notice of Assessment |
| For: | Coachella Community Center Project Assessment District No. 92-1 |
| Executed by: | The Coachella Valley Recreation & Parks District |
| Recording Date: | October 13, 1992 |
| Recording No: | Instrument No. 1992-385076 Official Records |

Reference is hereby made to said document for full particulars.

6.    Any assessments which may be levied against the herein described property by virtue of the fact that said land lies within the boundaries of Community Facilities District 2018-1 (Glenroy) adopted by the City of Coachella, a boundary map of which is on file in Book 82, Page 7 of Maps of Assessment and Community Facilities Districts, recorded February 21, 2018 as Instrument No. 2018-0064380 Official Records, and amended in Book 82, Page 38, recorded April 25, 2018 as Instrument No. 2018-158456 Official Records.

7.    The herein described property lies within the boundaries of a Mello-Roos Community Facilities District (CFD) as follows:

| | |
|---|---|
| CFD No: |  2005-1 |
| For: | Community Facilities District No. 2005-1 (Law Enforcement, Fire and Paramedic Services) |
| Disclosed by: | Notice of Special Tax lien |
| Recording Date: | November 3, 2005 |
| Recording No.: | Instrument No. 2005-0916803, of Official Records |

EXHIBIT 6
PAGE 291

## EXCEPTIONS
### (Continued)

This property, along with all other parcels in the CFD, is liable for an annual special tax. This special tax is included with and payable with the general property taxes of the City of Coachella, County of Riverside. The tax may not be prepaid.

Matters contained in that certain document

| | |
|---|---|
| Entitled: | Amendment No. 3 to Notice of Special Tax Lien |
| Recording Date: | October 6, 2006 |
| Recording No: | Instrument No. 2006-0741243, of Official Records |

Reference is hereby made to said document for full particulars.

8.    The herein described property lies within the boundaries of a Mello-Roos Community Facilities District (CFD) as follows:

| | |
|---|---|
| CFD No: | 2018-1 |
| For: | Community Facilities District No. 2018-1 |
| Disclosed by: | Notice of Special Tax Lien |
| Recording Date: | June 4, 2018 |
| Recording No.: | Instrument No. 2018-0225621 Official Records |

This property, along with all other parcels in the CFD, is liable for an annual special tax. This special tax is included with and payable with the general property taxes of the City of Coachella, County of Riverside.

The tax may not be prepaid.

9.    Assessments and other matters as contained in documents entitled Payment of Contractual Assessment Required, recorded April 25, 2018, as Document No. 2018-0160476, of Official, pursuant to Chapter 29 of Part 3 of Division 7 of the California Streets and Highways Code providing for the assessments. Said assessments are collected with county taxes. The assessment may be prepaid.

Reference is hereby made to said documents for further particulars.

10.    Water rights, claims or title to water, whether or not disclosed by the public records.

11.    Covenants, conditions and restrictions but omitting any covenants or restrictions, if any, including but not limited to those based upon race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, veteran or military status, genetic information, medical condition, citizenship, primary language, and immigration status, as set forth in applicable state or federal laws, except to the extent that said covenant or restriction is permitted by applicable law, as set forth in the document

| | |
|---|---|
| Recording Date: | June 6, 1892 |
| Recording No: | in Book 202, Page 144, of Deeds, San Diego County Records |

Said covenants, conditions and restrictions provide that a violation thereof shall not defeat the lien of any mortgage or deed of trust made in good faith and for value.

12.    Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

| | |
|---|---|
| Granted to: | Coachella Valley Ice and Electric Company |
| Purpose: | Transmission and distribution of electricity and telephonic communication and |

EXHIBIT 6
PAGE 292

## EXCEPTIONS
### (Continued)

|                  | telegraphic communication                      |
| ---------------- | ---------------------------------------------- |
| Recording Date:  | June 04, 1914                                  |
| Recording No:    | in Book 398, Page 130, of Deeds               |
| Affects:         | A portion of said land as described therein   |

13.   Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

| Granted to:     | The United States of America                |
| --------------- | ------------------------------------------- |
| Purpose:        | Water pipeline                              |
| Recording Date: | July 19, 1949                               |
| Recording No:   | in Book 1095, Page 306, of Official Records |
| Affects:        | A portion of said land as described therein |

Matters contained in that certain document

| Entitled:       | Quitclaim Deed and Release                              |
| --------------- | ------------------------------------------------------ |
| Recording Date: | July 31, 2018                                          |
| Recording No:   | Instrument No. 2018-0307549, of Official Records       |

Reference is hereby made to said document for full particulars.

14.   Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

| Granted to:     | Coachella Valley County Water District            |
| --------------- | ------------------------------------------------- |
| Purpose:        | Pipeline                                          |
| Recording Date: | September 21, 1960                                |
| Recording No:   | Instrument No. 1960-82454, of Official Records    |
| Affects:        | A portion of said land as described therein       |

15.   Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

| Granted to:     | Imperial Irrigation District                      |
| --------------- | ------------------------------------------------- |
| Purpose:        | Public utilities                                  |
| Recording Date: | July 22, 1970                                     |
| Recording No:   | Instrument No. 1970-70546, of Official Records    |
| Affects:        | A portion of said land as described therein       |

16.   Easements as shown and/or dedicated upon the recorded map referenced in the legal description in Schedule A as Parcel Map 37310, in the City of Coachella, County of Riverside, State of California, according to map on file in Book 243, Pages 82 through 84 inclusive of Parcel Maps, records of Riverside County, California, together with any provisions and recitals contained therein.

Reference is hereby made to said document for full particulars.

17.   The Land described herein is included within a project area of the Redevelopment Agency shown below, and that proceedings for the redevelopment of said project have been instituted under the Redevelopment Law (such redevelopment to proceed only after the adoption of the Redevelopment Plan) as disclosed by a document.

| Redevelopment Agency: | City of Coachella                                 |
| --------------------- | ------------------------------------------------- |
| Recording Date:       | July 10, 2007                                     |
| Recording No:         | Instrument No. 2007-0449636, of Official Records  |

EXHIBIT 6
PAGE 293

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346563-997-OC1-245

## EXCEPTIONS
### (Continued)

|  |  |
|---|---|
| and Recording Date: | July 10, 2007 |
| and Recording No: | Instrument No. 2007-0449637, of Official Records |

18.    Recitals as shown on Parcel Map 37310

|  |  |
|---|---|
| Recording No: | in Book 243, Pages 82 to 84 inclusive of Parcel Maps |
| Which among other things recites: | The real property described below is dedicated in fee for street and public utility purposes: Lot "A" as shown hereon. |

As a condition of dedication of Lot "A" (Avenue 48), the owners of Parcels 1-4, and 6, inclusive, abutting this right of way and during such time will have no rights of access except the general easement of travel. Any change of alignment or width that results in the vacation thereof shall terminate this condition of access rights as to the party vacated.

Reference is hereby made to said document for full particulars.

19.    The following matters shown or disclosed by the filed or recorded map referred to in the legal description: Various notes and recitals

20.    Easement(s) for the purpose(s) shown below and rights incidental thereto as delineated or as offered for dedication, on the map of said tract/plat;

|  |  |
|---|---|
| Purpose: | Landscape and/or retention basin |
| Affects: | As shown on said map |

21.    Matters contained in that certain document

|  |  |
|---|---|
| Entitled: | Water Quality Management Plan and Urban Runoff BMP Transfer, Access and Maintenance Agreement |
| Recording Date: | December 06, 2017 |
| Recording No: | Instrument No. 2017-0512010, of Official Records |

Reference is hereby made to said document for full particulars.

22.    Matters contained in that certain document

|  |  |
|---|---|
| Entitled: | Glenroy Resort Development Agreement |
| Recording Date: | March 8, 2018 |
| Recording No: | Instrument No. 2018-0089219, of Official Records |

Reference is hereby made to said document for full particulars.

23.    Terms and provisions contained in that certain unrecorded Parking License Agreement dated April 20, 2018 by and between Glenroy Coachella, LLC and Force-DMP LLC.

## EXCEPTIONS
### (Continued)

24.   Matters contained in that certain document

| | |
|---|---|
| Entitled: | Memorandum of Tenancy in Common Agreement |
| Recording Date: | April 24, 2018 |
| Recording No: | Instrument No. 2018-0156322, of Official Records |

Reference is hereby made to said document for full particulars.

25.   Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

| | |
|---|---|
| Granted to: | The City of Coachella |
| Purpose: | Public utilities and incidental purposes |
| Recording Date: | September 06, 2018 |
| Recording No: | Instrument No. 2018-0359087, of Official Records |
| Affects: | A portion of said land as described therein |

26.   Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

| | |
|---|---|
| Granted to: | Southern California Gas Company, a California Corporation, its successors and assigns |
| Purpose: | Public utilities and incidental purposes |
| Recording Date: | October 26, 2018 |
| Recording No: | Instrument No. 2018-0423528, of Official Records |
| Affects: | A portion of said land as described therein |

27.   A deed of trust to secure an indebtedness in the amount shown below,

| | |
|---|---|
| Amount: | $24,400,000.00 |
| Dated: | April 26, 2018 |
| Trustor/Grantor | Glenroy Coachella, LLC, a Delaware limited liability company; Force Rubin, LLC, a Delaware limited liability company; Force Rubin 2, LLC, a Delaware limited liability company; and Coachella Resort, LLC, a California limited liability company |
| Trustee: | Stewart Title of California, Inc., a California corporation |
| Beneficiary: | U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership |
| Loan No.: | None shown |
| Recording Date: | April 26, 2018 |
| Recording No: | Instrument No. 2018-0162476,of Official Records |

| | |
|---|---|
| Affects: | The herein described Land and other land. |

A substitution of trustee under said deed of trust which names, as the substituted trustee, the following

| | |
|---|---|
| Trustee: | Fidelity National Title Company |
| Recording Date: | September 09, 2019 |
| Recording No: | Instrument No. 2019-0350103, of Official Records |

A notice of default under the terms of said trust deed

| | |
|---|---|
| Executed by: | Fidelity National Title Company |
| Recording Date: | September 09, 2019 |
| Recording No: | Instrument No. 2019-0350104, of Official Records |

EXHIBIT 6
PAGE 295

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346563-997-OC1-245

## EXCEPTIONS
### (Continued)

A notice of trustee's sale under said deed of trust

| | |
|---|---|
| Executed by: | Fidelity National Title Company |
| Date, Time and Place of Sale: | February 9, 2021, at 09:00 AM, in front of the Corona Civic Center, 849 W. Sixth Street, Corona, CA 92882 |
| Recording Date: | January 14, 2021 |
| Recording No: | Instrument No. 2021-0025741, of Official Records |

28.    An assignment of all the moneys due, or to become due as rental, as additional security for the obligations secured by deed of trust shown as item above

| | |
|---|---|
| Assigned to: | U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership |
| Recording Date: | April 26, 2018 |
| Recording No: | Instrument No. 2018-0162477,of Official Records |

29.    A financing statement as follows:

| | |
|---|---|
| Debtor: | Glenroy Coachella, LLC, a Delaware limited liability company; Force Rubin, LLC, a Delaware limited liability company; Force Rubin 2, LLC, a Delaware limited liability company; and Coachella Resort, LLC, a California limited liability company |
| Secured Party: | U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership |
| Recording Date: | April 26, 2018 |
| Recording No: | Instrument No. 2018-0162478,of Official Records |

30.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Hi-Grade Materials Co |
| Amount: | $32,847.96 |
| Recording Date: | July 5, 2018 |
| Recording No: | Instrument No. 2018-0273102, of Official Records |

31.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Glendale Plumbing and Fire Supply |
| Amount: | $23,792.54 |
| Recording Date: | October 26, 2018 |
| Recording No: | Instrument No. 2018-0423202, of Official Records |

32.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Constructure, Inc. |
| Amount: | $301,119.50 |
| Recording Date: | January 22, 2019 |
| Recording No: | Instrument No. 2019-0022660, of Official Records |

33.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Ferguson Enterprises, LLC. |
| Amount: | $119,569.73 |
| Recording Date: | May 22, 2019 |
| Recording No: | Instrument No. 2019-0179443, of Official Records |

EXHIBIT 6
PAGE 296

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346563-997-OC1-245

## EXCEPTIONS
### (Continued)

34.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Superior Ready Mix Concrete L.P. |
| Amount: | $20,571.27 |
| Recording Date: | May 29, 2019 |
| Recording No: | Instrument No. 2019-0190540, of Official Records |

35.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | The Sherwin-Williams Company |
| Amount: | $33,333.11 |
| Recording Date: | June 3, 2019 |
| Recording No: | Instrument No. 2019-0198410, of Official Records |

Said mechanic's lien has been partially released by instrument

| | |
|---|---|
| Recording Date: | July 10, 2019 |
| Recording No: | Instrument No. 2019-0252361, of Official Records |

Claimant reduces its Mechanics' Lien by $6,538.32, to reflect the current amount subject to the Claimant's Mechanics' Lien in the sum of $26,794.79.

36.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | GF Investment Group, Inc. |
| Amount: | $259,695.63 |
| Recording Date: | June 6, 2019 |
| Recording No: | Instrument No. 2019-0204095, of Official Records |

37.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Blair Air, Inc. Dba Blair Heating & Air |
| Amount: | $297,443.80 |
| Recording Date: | June 7, 2019 |
| Recording No: | Instrument No. 2019-0206598, of Official Records |

38.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Hajoca Corporation |
| Amount: | $39,636.17 |
| Recording Date: | June 11, 2019 |
| Recording No: | Instrument No. 2019-0210159, of Official Records |

39.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | American Builders and Contractors Supply Co., Inc. – ABC Supply Co., Inc. |
| Amount: | $24,813.58 |
| Recording Date: | June 13, 2019 |
| Recording No: | Instrument No. 2019-0213172, of Official Records |

## EXCEPTIONS
### (Continued)

40.     A claim of mechanic's lien or materialman's lien

    Claimant:                     Desert Electric Supply
    Amount:                       $61,574.60
    Recording Date:               June 18, 2019
    Recording No:                 Instrument No. 2019-0218809, of Official Records

41.     A claim of mechanic's lien or materialman's lien

    Claimant:                     Apple J Plumbing, Inc.
    Amount:                       $175,845.06
    Recording Date:               June 18, 2019
    Recording No:                 Instrument No. 2019-0219453, of Official Records

42.     A claim of mechanic's lien or materialman's lien

    Claimant:                     Jacobsson Engineering Construction, Inc.
    Amount:                       $1,042,299.00
    Recording Date:               June 21, 2019
    Recording No:                 Instrument No. 2019-0225760, of Official Records

43.     A claim of mechanic's lien or materialman's lien

    Claimant:                     West Coast Sand and Gravel, Inc.
    Amount:                       $21,666.29
    Recording Date:               July 10, 2019
    Recording No:                 Instrument No. 2019-0253543, of Official Records

44.     A claim of mechanic's lien or materialman's lien

    Claimant:                     Superior Pool Products, LLC
    Amount:                       $14,386.05
    Recording Date:               July 11, 2019
    Recording No:                 Instrument No. 2019-0254740 Official Records

45.     A claim of mechanic's lien or materialman's lien

    Claimant:                     Resource Building Materials
    Amount:                       $1,905.04
    Recording Date:               July 15, 2019
    Recording No:                 Instrument No. 2019-0258520, of Official Records

46.     A claim of mechanic's lien or materialman's lien

    Claimant:                     L&W Supply Corporation
    Amount:                       $10,861.98
    Recording Date:               August 05, 2019
    Recording No:                 Instrument No. 2019-0293318, of Official Records

EXHIBIT 6
PAGE 298

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346563-997-OC1-245

## EXCEPTIONS
### (Continued)

47.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | L&W Supply Corporation |
| Amount: | $8,643.42 |
| Recording Date: | August 05, 2019 |
| Recording No: | Instrument No. 2019-0293319, of Official Records |

48.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Desert Palms Electric, Inc. |
| Amount: | $389,839.09 |
| Recording Date: | August 6, 2019 |
| Recording No: | Instrument No. 2019-0295567, of Official Records |

49.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Gauston Corp |
| Amount: | $21,153.36 |
| Recording Date: | August 21, 2019 |
| Recording No: | Instrument No. 2019-0321135, of Official Records |

50.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Ferguson Enterprises, LLC |
| Amount: | $119,569.73 |
| Recording Date: | August 26, 2019 |
| Recording No: | Instrument No. 2019-0328148, of Official Records |

51.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | TemalPakh, Inc., dba The Works Floor & Wall |
| Amount: | $33,628.46 |
| Recording Date: | August 26, 2019 |
| Recording No: | Instrument No. 2019-0328428, of Official Records |

52.    A judgment for the amount shown below, and any other amounts due, entered in the United States District Court:

| | |
|---|---|
| Amount: | $89,110.62 (Damages) |
| Amount: | $5,164.42 (Attorney's Fees) |
| Debtor: | Glenroy Coachella, LLC, and Does 1-10 |
| Creditor: | Silhouette Outdoor Furniture, Inc. |
| Date entered: | July 02, 2019 |
| District: | Central, State of California |
| Case No: | EDCV 19-00373-CJC (KKx) |
| Recording Date: | August 29, 2019 |
| Recording No: | Instrument No. 2019-0336225, of Official Records |

53.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | BMC West, LLC |
| Amount: | $50,290.00 |
| Recording Date: | September 11, 2019 |
| Recording No: | Instrument No. 2019-0354394, of Official Records |

PRELIMINARY REPORT                                                                    Fidelity National Title Company
YOUR REFERENCE:                                                                    ORDER NO.:  00346563-997-OC1-245

## EXCEPTIONS
### (Continued)

54.    A claim of mechanic's lien or materialman's lien

    Claimant:                Doug Wall Construction, Inc.
    Amount:                  $3,876,856.10
    Recording Date:          September 12, 2019
    Recording No:            Instrument No. 2019-0356369, of Official Records

    As affected by an Amended Mechanics Lien

    Amount:                  $4,359,813.13
    Recording Date:          October 7, 2019
    Recording No:            Instrument No. 2019-0401936, of Official Records

55.    A pending court action as disclosed by a recorded notice:

    Plaintiff:               Blair Air, Inc.
    Defendant:               Doug Wall Construction, Inc.; Glen Roy Coachella, LLC; et al
    County:                  Riverside
    Court:                   Superior
    Case No.:                PSC 1906241
    Nature of Action:        Foreclosure of Mechanic Lien
    Recording Date:          September 20, 2019
    Recording No:            Instrument No. 2019-0370664, of Official Records

56.    A claim of mechanic's lien or materialman's lien

    Claimant:                Al Miller & Sons Roofing Co., Inc.
    Amount:                  $111,631.71
    Recording Date:          September 20, 2019
    Recording No:            Instrument No. 2019-0372302, of Official Records

    As affected by an Amended Mechanics Lien

    Amount:                  $153,901.00
    Recording Date:          October 7, 2019
    Recording No:            Instrument No. 2019-0402031, of Official Records

57.    A pending court action as disclosed by a recorded notice:

    Plaintiff:               Mascorro Concrete Construction, Inc.
    Defendant:               Doug Wall Construction, Inc.; Glenroy Coachella, LLC; et al
    County:                  Riverside
    Court:                   Superior
    Case No.:                PSC 1906560
    Nature of Action:        Foreclosure of Mechanic Lien
    Recording Date:          September 24, 2019
    Recording No:            Instrument No. 2019-0376608, of Official Records

    Said Notice of Lis Pendens has been partially withdrawal by instrument

    Recording Date:          December 30, 2020
    Recording No:            Instrument No. 2020-0668680, of Official Records

EXHIBIT 6
PAGE 300

## EXCEPTIONS
### (Continued)

58.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Apple J. Plumbing, Inc. |
| Defendant: | Doug Wall Construction, Inc.; Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC 1906579 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | September 24, 2019 |
| Recording No: | Instrument No. 2019-0376609, of Official Records |

Said Notice of Lis Pendens has been partially withdrawal by instrument

| | |
|---|---|
| Recording Date: | December 30, 2020 |
| Recording No: | Instrument No. 2020-0668682, of Official Records |

59.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Desert Palms Electric, Inc. |
| Defendant: | Doug Wall Construction, Inc.; Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC 1906554 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | September 24, 2019 |
| Recording No: | Instrument No. 2019-0376610, of Official Records |

Said Notice of Lis Pendens has been partially withdrawal by instrument

| | |
|---|---|
| Recording Date: | December 30, 2020 |
| Recording No: | Instrument No. 2020-0668681, of Official Records |

60.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Ferguson Enterprises, Inc. |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC 1906136 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | September 24, 2019 |
| Recording No: | Instrument No. 2019-0376684, of Official Records |

61.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Southwest Plumbing inc. |
| Amount: | $111,141.13 |
| Recording Date: | September 24, 2019 |
| Recording No: | Instrument No. 2019-0377201, of Official Records |

EXHIBIT 6
PAGE 301

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346563-997-OC1-245

## EXCEPTIONS
### (Continued)

62.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | All Phase Drywall & Development, Inc. |
| Amount: | $40,000.00 |
| Recording Date: | September 25, 2019 |
| Recording No: | Instrument No. 2019-0379585, of Official Records |

63.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | All Phase Drywall & Development, Inc. |
| Amount: | $396,871.43 |
| Recording Date: | September 25, 2019 |
| Recording No: | Instrument No. 2019-0379586, of Official Records |

64.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Tandem West Glass, Inc. |
| Amount: | $387,752.38 |
| Recording Date: | September 25, 2019 |
| Recording No: | Instrument No. 2019-0379822, of Official Records |

As affected by an Amended Mechanics Lien

| | |
|---|---|
| Amount: | $795,971.26 |
| Recording Date: | October 7, 2019 |
| Recording No: | Instrument No. 2019-0402041, of Official Records |

As affected by a Second Amended Mechanics Lien

| | |
|---|---|
| Amount: | $449,849.39 |
| Recording Date: | October 11, 2019 |
| Recording No: | Instrument No. 2019-0410373, of Official Records |

65.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | GF Investment Group, Inc. |
| Amount: | $250,695.63 |
| Recording Date: | September 27, 2019 |
| Recording No: | Instrument No. 2019-385786, of Official Records |

66.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | La Hacienda Nursery & Landscape, Inc. |
| Amount: | $146,717.74 |
| Recording Date: | October 16, 2019 |
| Recording No: | Instrument No. 2019-0415743, of Official Records |

EXHIBIT 6
PAGE 302

## EXCEPTIONS
### (Continued)

67.     A pending court action as disclosed by a recorded notice:

Plaintiff:              Doug Wall Construction, Inc.
Defendant:              Glenroy Coachella, LLC; et al
County:                 Riverside
Court:                  Superior
Case No.:               PSC1907309
Nature of Action:       Foreclosure of Mechanic Lien
Recording Date:         October 16, 2019
Recording No:           Instrument No. 2019-0415790, of Official Records

68.     A pending court action as disclosed by a recorded notice:

Plaintiff:              Tmalpakh, Inc., a California corporation dba The Works Floor & Wall
Defendant:              Glenroy Coachella, LLC; et al
County:                 Riverside
Court:                  Superior
Case No.:               PSC1907262
Nature of Action:       Foreclosure of Mechanic Lien
Recording Date:         October 23, 2019
Recording No:           Instrument No. 2019-0428103, of Official Records

Said Notice of Lis Pendens has been partially withdrawal by instrument

Recording Date:         December 30, 2020
Recording No:           Instrument No. 2020-0668684, of Official Records

69.     A pending court action as disclosed by a recorded notice:

Plaintiff:              Orco Block & Hardscape, a California corporation
Defendant:              Glenroy Coachella, LLC; et al
County:                 Riverside
Court:                  Superior
Case No.:               PSC1907155
Nature of Action:       Foreclosure of Mechanic Lien
Recording Date:         October 25, 2019
Recording No:           Instrument No. 2019-0432553, of Official Records

70.     A pending court action as disclosed by a recorded notice:

Plaintiff:              BMC West LLC, a Delaware limited liability company
Defendant:              Glenroy Coachella, LLC; et al
County:                 Riverside
Court:                  Superior
Case No.:               PSC1908245
Nature of Action:       Foreclosure of Mechanic Lien
Recording Date:         November 22, 2019
Recording No:           Instrument No. 2019-0483250, of Official Records

## EXCEPTIONS
### (Continued)

71.      A pending court action as disclosed by a recorded notice:

Plaintiff:              La Hacienda Nursery & Landscape, Inc., a California corporation
Defendant:              Glenroy Coachella, LLC; et al
County:                 Riverside
Court:                  Superior
Case No.:               PSC1909423
Nature of Action:       Foreclosure of Mechanic Lien
Recording Date:         January 2, 2020
Recording No:           Instrument No. 2020-0000938, of Official Records

72.      A pending court action as disclosed by a recorded notice:

Plaintiff:              All Phase Drywall & Development, Inc., a California corporation
Defendant:              Glenroy Coachella, LLC; et al
County:                 Riverside
Court:                  Superior
Case No.:               PSC1909367
Nature of Action:       Foreclosure of Mechanic Lien
Recording Date:         January 9, 2020
Recording No:           Instrument No. 2020-0009905, of Official Records

73.      A pending court action as disclosed by a recorded notice:

Plaintiff:              Tandem West Glass, Inc., a California corporation
Defendant:              Glenroy Coachella, LLC; et al
County:                 Riverside
Court:                  Superior
Case No.:               PSC 2000015
Nature of Action:       Foreclosure of Mechanic Lien
Recording Date:         January 10, 2020
Recording No:           Instrument No. 2020-0013976, of Official Records

Said Notice of Lis Pendens has been partially withdrawal by instrument

Recording Date:         December 30, 2020
Recording No:           Instrument No. 2020-0668679, of Official Records

74.      A pending court action as disclosed by a recorded notice:

Plaintiff:              Al Miller & Sons Roofing, Inc., a California corporation
Defendant:              Glenroy Coachella, LLC; et al
County:                 Riverside
Court:                  Superior
Case No.:               PSC 2000009
Nature of Action:       Foreclosure of Mechanic Lien
Recording Date:         January 10, 2020
Recording No:           Instrument No. 2020-0013979, of Official Records

Said Notice of Lis Pendens has been partially withdrawal by instrument

Recording Date:         December 30, 2020
Recording No:           Instrument No. 2020-0668683, of Official Records

EXHIBIT 6
PAGE 304

**EXCEPTIONS**
**(Continued)**

75.    Matters contained in that certain document

Entitled:                    Stipulation and Order RE Appointment of Receiver and Preliminary Junction
Recording Date:              January 29, 2020
Recording No:                Instrument No. 2020-0044153, of Official Records

Reference is hereby made to said document for full particulars.

76.    A pending court action as disclosed by a recorded notice:

Plaintiff:                   U.S. Real Estate Credit Holdings III-A, LP
Defendant:                   Glenroy Coachella, LLC; et al
County:                      Riverside
Court:                       Superior
Case No.:                    RIC1905743
Recording Date:              February 13, 2020
Recording No.:               Instrument No. 2020-0068228, of Official Records

77.    Certificate of Indebtedness of the Receiver – Receiver Certificate No. 1

Recording Date:              June 12, 2020
Recording No.:               Instrument No. 2020-0252044 Official Records

and Recording Date:          June 12, 2020
and Recording No:            Instrument No. 2020-0252045 Official Records

and Recording Date:          June 12, 2020
and Recording No:            Instrument No. 2020-0252046 Official Records

and Recording Date:          June 12, 2020
and Recording No:            Instrument No. 2020-0252047 Official Records

and Recording Date:          June 12, 2020
and Recording No:            Instrument No. 2020-0252048 Official Records

and Recording Date:          June 12, 2020
and Recording No:            Instrument No. 2020-0252049 Official Records

and Recording Date:          June 12, 2020
and Recording No:            Instrument No. 2020-0252050 Official Records

and Recording Date:          June 12, 2020
and Recording No:            Instrument No. 2020-0252051 Official Records

78.    A claim of mechanic's lien or materialman's lien

Claimant:                    Gauston Corp
Amount:                      $28,829.75
Recording Date:              June 25, 2018
Recording No:                Instrument No. 2018-0255143, of Official Records

EXHIBIT 6
PAGE 305

PRELIMINARY REPORT                                                                  Fidelity National Title Company
YOUR REFERENCE:                                                                  ORDER NO.:  00346563-997-OC1-245

## EXCEPTIONS
### (Continued)

79.     Any rights of the parties in possession of a portion of, or all of, said Land, which rights are not disclosed by the public records.

        The Company will require, for review, a full and complete copy of any unrecorded agreement, contract, license and/or lease, together with all supplements, assignments and amendments thereto, before issuing any policy of title insurance without excepting this item from coverage.

        The Company reserves the right to except additional items and/or make additional requirements after reviewing said documents.

80.     Any facts, rights, interests or claims that may exist or arise by reason of the following matters disclosed by a pending final ALTA/NSPS Survey prepared by Saxon Engineering Services, Inc., dated April 10, 2018, designated as Job No. Glenroy Coachella:

        a. Electrical vaults located on the northerly property line of Parcel 4.
        b. A cable television box located along the westerly boundary of Parcel 2.
        c. An electrical transformer located along the westerly boundary of Parcel 2.
        d. A street light pole encroaching in the southwest corner of Parcel 2.

81.     Any easements not disclosed by the public records as to matters affecting title to real property, whether or not said easements are visible and apparent.

82.     Discrepancies, conflicts in boundary lines, shortage in area, encroachments, or any other matters which a correct survey would disclose and which are not shown by the public records.

83.     Matters which may be disclosed by an inspection and/or by a correct ALTA/ACSM Land Title Survey of said Land that is satisfactory to the Company, and/or by inquiry of the parties in possession thereof.

**PLEASE REFER TO THE "INFORMATIONAL NOTES" AND "REQUIREMENTS" SECTIONS WHICH FOLLOW FOR INFORMATION NECESSARY TO COMPLETE THIS TRANSACTION.**

---

**END OF EXCEPTIONS**

---

EXHIBIT 6
PAGE 306

PRELIMINARY REPORT                                                                      Fidelity National Title Company
YOUR REFERENCE:                                                                         ORDER NO.:  00346563-997-OC1-245

# REQUIREMENTS SECTION

1.     In order to complete this report, the Company requires a Statement of Information to be completed by the following
       party(s),

       Party(s):                     All Parties

       The Company reserves the right to add additional items or make further requirements after review of the requested
       Statement of Information.

       NOTE:   The Statement of Information is necessary to complete the search and examination of title under this order.
       Any title search includes matters that are indexed by name only, and having a completed Statement of
       Information assists the Company in the elimination of certain matters which appear to involve the parties
       but in fact affect another party with the same or similar name. Be assured that the Statement of Information
       is essential and will be kept strictly confidential to this file.

2.     The Company will require the following documents for review prior to the issuance of any title insurance predicated
       upon a conveyance or encumbrance from the entity named below:

       Limited Liability Company:           Glenroy Coachella, LLC, a Delaware limited liability company,
                                            Force Rubin, LLC, a Delaware limited liability company,
                                            Force Rubin 2, LLC, a Delaware limited liability company
                                            Coachella Resort, LLC, a California limited liability company

       a)      A copy of its operating agreement, if any, and all amendments, supplements and/or modifications thereto,
               certified by the appropriate manager or member.

       b)      If a domestic Limited Liability Company, a copy of its Articles of Organization and all amendments thereto
               with the appropriate filing stamps.

       c)      If the Limited Liability Company is member-managed, a full and complete current list of members certified
               by the appropriate manager or member.

       d)      A current dated certificate of good standing from the proper governmental authority of the state in which
               the entity is currently domiciled.

       e)      If less than all members, or managers, as appropriate, will be executing the closing documents, furnish
               evidence of the authority of those signing.

       f)      If Limited Liability Company is a Single Member Entity, a Statement of Information for the Single
               Member will be required.

       g)      Each member and manager of the LLC without an Operating Agreement must execute in the presence of a
               notary public the Certificate of California LLC (Without an Operating Agreement) Status and Authority
               form.

3.     This transaction requires high liability approval prior to close of escrow together with an inspection of the subject
       property.

       Please advise title department with an estimated date that your transaction will close so we can schedule the
       necessary approvals and inspections.

4.     The transaction contemplated in connection with this Report is subject to the review and approval of the Company's
       Corporate Underwriting Department. The Company reserves the right to add additional items or make further
       requirements after such review.

EXHIBIT 6
PAGE 307

## REQUIREMENTS
### (Continued)

5.    Please call the Title Department five (5) days prior to the contemplated closing to determine if additional documents or information is required.

Phone Number:          (949) 788-2800

---

### END OF REQUIREMENTS

---

EXHIBIT 6
PAGE 308

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346563-997-OC1-245

## INFORMATIONAL NOTES SECTION

1.    Note:  There are NO conveyances affecting said Land recorded within 24 months of the date of this report.

2.    Note:  Please contact your Title Officer to obtain the current recording fees.  Fidelity National Title Company will pay Fidelity National Title Insurance Company 12% of the title premium, as disclosed on lines 1107 and 1108 of the HUD-1.

3.    Note:  The policy of title insurance will include an arbitration provision. The Company or the insured may demand arbitration. Arbitrable matters may include, but are not limited to, any controversy or claim between the Company and the insured arising out of or relating to this policy, any service of the Company in connection with its issuance or the breach of a policy provision or other obligation. Please ask your escrow or title officer for a sample copy of the policy to be issued if you wish to review the arbitration provisions and any other provisions pertaining to your Title Insurance coverage.

4.    Notice: Please be aware that due to the conflict between federal and state laws concerning the cultivation, distribution, manufacture or sale of marijuana, the Company is not able to close or insure any transaction involving Land that is associated with these activities.

5.    Pursuant to Government Code Section 27388.1, as amended and effective as of 1-1-2018, a Documentary Transfer Tax (DTT) Affidavit may be required to be completed and submitted with each document when DTT is being paid or when an exemption is being claimed from paying the tax. If a governmental agency is a party to the document, the form will not be required. DTT Affidavits may be available at a Tax Assessor-County Clerk-Recorder.

6.    The Company and its policy issuing agents are required by Federal law to collect additional information about certain transactions in specified geographic areas in accordance with the Bank Secrecy Act.  If this transaction is required to be reported under a Geographic Targeting Order issued by FinCEN, the Company or its policy issuing agent must be supplied with a completed ALTA Information Collection Form ("ICF") prior to closing the transaction contemplated herein.

**To protect the private information contained in the attached form and photo ID, please return via a secured method.**

---

### END OF INFORMATIONAL NOTES

---

Blake.Uradomo/sp1

**WIRE SAFE** ™ | Inquire before you wire!

# Wire Fraud Alert

This Notice is not intended to provide legal or professional advice. If you have any questions, please consult with a lawyer.

All parties to a real estate transaction are targets for wire fraud and many have lost hundreds of thousands of dollars because they simply relied on the wire instructions received via email, without further verification. **If funds are to be wired in conjunction with this real estate transaction, we strongly recommend verbal verification of wire instructions through a known, trusted phone number prior to sending funds.**

In addition, the following non-exclusive self-protection strategies are recommended to minimize exposure to possible wire fraud.

- **NEVER RELY** on emails purporting to change wire instructions. Parties to a transaction rarely change wire instructions in the course of a transaction.

- **ALWAYS VERIFY** wire instructions, specifically the ABA routing number and account number, by calling the party who sent the instructions to you. DO NOT use the phone number provided in the email containing the instructions, use phone numbers you have called before or can otherwise verify. **Obtain the phone number of relevant parties to the transaction as soon as an escrow account is opened.** DO NOT send an email to verify as the email address may be incorrect or the email may be intercepted by the fraudster.

- **USE COMPLEX EMAIL PASSWORDS** that employ a combination of mixed case, numbers, and symbols. Make your passwords greater than eight (8) characters. Also, change your password often and do NOT reuse the same password for other online accounts.

- **USE MULTI-FACTOR AUTHENTICATION** for email accounts. Your email provider or IT staff may have specific instructions on how to implement this feature.

For more information on wire-fraud scams or to report an incident, please refer to the following links:

| *Federal Bureau of Investigation:* | *Internet Crime Complaint Center:* |
|:---:|:---:|
| *http://www.fbi.gov* | *http://www.ic3.gov* |

*TM and © Fidelity National Financial, Inc. and/or an affiliate. All rights reserved*

EXHIBIT 6
PAGE 310

**Fidelity National Title Company**
1300 Dove Street, 3rd Floor, Newport Beach, CA 92660
Phone: (949) 788-2800    ●    Fax: (949) 341-0251

## Notice of Available Discounts

Pursuant to Section 2355.3 in Title 10 of the California Code of Regulations Fidelity National Financial, Inc. and its subsidiaries ("FNF") must deliver a notice of each discount available under our current rate filing along with the delivery of escrow instructions, a preliminary report or commitment.  Please be aware that the provision of this notice does not constitute a waiver of the consumer's right to be charged the filed rate.   As such, your transaction may not qualify for the below discounts.

You are encouraged to discuss the applicability of one or more of the below discounts with a Company representative.  These discounts are generally described below; consult the rate manual for a full description of the terms, conditions and requirements for such discount.  These discounts only apply to transactions involving services rendered by the FNF Family of Companies.  This notice only applies to transactions involving property improved with a one-to-four family residential dwelling.

Not all discounts are offered by every FNF Company. The discount will only be applicable to the FNF Company as indicated by the named discount.

| **FNF Underwritten Title Company** | **Underwritten by FNF Underwriters** |
|---|---|
| CTC – Chicago Title company | CTIC – Chicago Title Insurance Company |
| CLTC – Commonwealth Land Title Company | CLTIC - Commonwealth Land Title Insurance Company |
| FNTC – Fidelity National Title Company of California | FNTIC – Fidelity National Title Insurance Company |
| FNTCCA - Fidelity National Title Company of California | FNTIC - Fidelity National Title Insurance Company |
| TICOR – Ticor Title Company of California | CTIC – Chicago Title Insurance Company |
| LTC – Lawyer's Title Company | CLTIC – Commonwealth Land Title Insurance Company |
| SLTC – ServiceLink Title Company | CTIC – Chicago Title Insurance Company |

### Available Discounts

**DISASTER LOANS (CTIC, CLTIC, FNTIC)**
The charge for a Lender's Policy (Standard or Extended coverage) covering the financing or refinancing by an owner of record, within twenty-four (24) months of the date of a declaration of a disaster area by the government of the United States or the State of California on any land located in said area, which was partially or totally destroyed in the disaster, will be fifty percent (50%) of the appropriate title insurance rate.

**CHURCHES OR CHARITABLE NON-PROFIT ORGANIZATIONS (CTIC, FNTIC)**
On properties used as a church or for charitable purposes within the scope of the normal activities of such entities, provided said charge is normally the church's obligation the charge for an owner's policy shall be fifty percent (50%) to seventy percent (70%) of the appropriate title insurance rate, depending on the type of coverage selected. The charge for a lender's policy shall be forty (40%) to fifty percent (50%) of the appropriate title insurance rate, depending on the type of coverage selected.

Notice of Available Discounts (Rev. 01-15-20)                                    Last Saved:  April 2, 2021 by SP1
MISC0164 (DSI Rev. 03/12/20)                                                Escrow No.: 00346563-997-OC1-245

EXHIBIT 6
PAGE 311

**FIDELITY NATIONAL FINANCIAL, INC.**
**PRIVACY NOTICE**

Effective January 1, 2021

Fidelity National Financial, Inc. and its majority-owned subsidiary companies (collectively, "FNF," "our," or "we") respect and are committed to protecting your privacy. This Privacy Notice explains how we collect, use, and protect personal information, when and to whom we disclose such information, and the choices you have about the use and disclosure of that information.

A limited number of FNF subsidiaries have their own privacy notices.  If a subsidiary has its own privacy notice, the privacy notice will be available on the subsidiary's website and this Privacy Notice does not apply.

<u>Collection of Personal Information</u>
FNF may collect the following categories of Personal Information:
- contact information (*e.g.*, name, address, phone number, email address);
- demographic information (*e.g.*, date of birth, gender, marital status);
- identity information (*e.g.* Social Security Number, driver's license, passport, or other government ID number);
- financial account information (*e.g.* loan or bank account information); and
- other personal information necessary to provide products or services to you.

We may collect Personal Information about you from:
- information we receive from you or your agent;
- information about your transactions with FNF, our affiliates, or others; and
- information we receive from consumer reporting agencies and/or governmental entities, either directly from these entities or through others.

<u>Collection of Browsing Information</u>
FNF automatically collects the following types of Browsing Information when you access an FNF website, online service, or application (each an "FNF Website") from your Internet browser, computer, and/or device:
- Internet Protocol (IP) address and operating system;
- browser version, language, and type;
- domain name system requests; and
- browsing history on the FNF Website, such as date and time of your visit to the FNF Website and visits to the pages within the FNF Website.

Like most websites, our servers automatically log each visitor to the FNF Website and may collect the Browsing Information described above. We use Browsing Information for system administration, troubleshooting, fraud investigation, and to improve our websites. Browsing Information generally does not reveal anything personal about you, though if you have created a user account for an FNF Website and are logged into that account, the FNF Website may be able to link certain browsing activity to your user account.

<u>Other Online Specifics</u>
<u>Cookies</u>. When you visit an FNF Website, a "cookie" may be sent to your computer. A cookie is a small piece of data that is sent to your Internet browser from a web server and stored on your computer's hard drive. Information gathered using cookies helps us improve your user experience. For example, a cookie can help the website load properly or can customize the display page based on your browser type and user preferences. You can choose whether or not to accept cookies by changing your Internet browser settings. Be aware that doing so may impair or limit some functionality of the FNF Website.

<u>Web Beacons</u>. We use web beacons to determine when and how many times a page has been viewed. This information is used to improve our websites.

<u>Do Not Track</u>. Currently our FNF Websites do not respond to "Do Not Track" features enabled through your browser.

<u>Links to Other Sites</u>.  FNF Websites may contain links to unaffiliated third-party websites. FNF is not responsible for the privacy practices or content of those websites. We recommend that you read the privacy policy of every website you visit.

<u>Use of Personal Information</u>
FNF uses Personal Information for three main purposes:
- To provide products and services to you or in connection with a transaction involving you.
- To improve our products and services.
- To communicate with you about our, our affiliates', and others' products and services, jointly or independently.

<u>When Information Is Disclosed</u>
We may disclose your Personal Information and Browsing Information in the following circumstances:
- to enable us to detect or prevent criminal activity, fraud, material misrepresentation, or nondisclosure;
- to nonaffiliated service providers who provide or perform services or functions on our behalf and who agree to use the information only to provide such services or functions;

FNF Privacy Statement (Eff. January 1, 2021)
MISC0219 (DSI Rev. 01/29/21)                    Page 1

Copyright © 2021. Fidelity National Financial, Inc. All Rights Reserved
Order No. 00346563-997-OC1-245

EXHIBIT 6
PAGE 312

- to nonaffiliated third party service providers with whom we perform joint marketing, pursuant to an agreement with them to jointly market financial products or services to you;
- to law enforcement or authorities in connection with an investigation, or in response to a subpoena or court order; or
- in the good-faith belief that such disclosure is necessary to comply with legal process or applicable laws, or to protect the rights, property, or safety of FNF, its customers, or the public.

The law does not require your prior authorization and does not allow you to restrict the disclosures described above. Additionally, we may disclose your information to third parties for whom you have given us authorization or consent to make such disclosure. We do not otherwise share your Personal Information or Browsing Information with nonaffiliated third parties, except as required or permitted by law. We may share your Personal Information with affiliates (other companies owned by FNF) to directly market to you. Please see "Choices with Your Information" to learn how to restrict that sharing.

We reserve the right to transfer your Personal Information, Browsing Information, and any other information, in connection with the sale or other disposition of all or part of the FNF business and/or assets, or in the event of bankruptcy, reorganization, insolvency, receivership, or an assignment for the benefit of creditors. By submitting Personal Information and/or Browsing Information to FNF, you expressly agree and consent to the use and/or transfer of the foregoing information in connection with any of the above described proceedings.

### Security of Your Information
We maintain physical, electronic, and procedural safeguards to protect your Personal Information.

### Choices With Your Information
If you do not want FNF to share your information among our affiliates to directly market to you, you may send an "opt out" request as directed at the end of this Privacy Notice. We do not share your Personal Information with nonaffiliates for their use to direct market to you without your consent.

Whether you submit Personal Information or Browsing Information to FNF is entirely up to you. If you decide not to submit Personal Information or Browsing Information, FNF may not be able to provide certain services or products to you.

For California Residents: We will not share your Personal Information or Browsing Information with nonaffiliated third parties, except as permitted by California law. For additional information about your California privacy rights, please visit the "California Privacy" link on our website (https://fnf.com/pages/californiaprivacy.aspx) or call (888) 413-1748.

For Nevada Residents: You may be placed on our internal Do Not Call List by calling (888) 934-3354 or by contacting us via the information set forth at the end of this Privacy Notice. Nevada law requires that we also provide you with the following contact information: Bureau of Consumer Protection, Office of the Nevada Attorney General, 555 E. Washington St., Suite 3900, Las Vegas, NV 89101; Phone number: (702) 486-3132; email: BCPINFO@ag.state.nv.us.

For Oregon Residents:   We will not share your Personal Information or Browsing Information with nonaffiliated third parties for marketing purposes, except after you have been informed by us of such sharing and had an opportunity to indicate that you do not want a disclosure made for marketing purposes.

For Vermont Residents: We will not disclose information about your creditworthiness to our affiliates and will not disclose your personal information, financial information, credit report, or health information to nonaffiliated third parties to market to you, other than as permitted by Vermont law, unless you authorize us to make those disclosures.

### Information From Children
The FNF Websites are not intended or designed to attract persons under the age of eighteen (18).We do not collect Personal Information from any person that we know to be under the age of thirteen (13) without permission from a parent or guardian.

### International Users
FNF's headquarters is located within the United States. If you reside outside the United States and choose to provide Personal Information or Browsing Information to us, please note that we may transfer that information outside of your country of residence. By providing FNF with your Personal Information and/or Browsing Information, you consent to our collection, transfer, and use of such information in accordance with this Privacy Notice.

### FNF Website Services for Mortgage Loans
Certain FNF companies provide services to mortgage loan servicers, including hosting websites that collect customer information on behalf of mortgage loan servicers (the "Service Websites"). The Service Websites may contain links to both this Privacy Notice and the mortgage loan servicer or lender's privacy notice. The sections of this Privacy Notice titled When Information is Disclosed, Choices with Your Information, and Accessing and Correcting Information do not apply to the Service Websites. The mortgage loan servicer or lender's privacy notice governs use, disclosure, and access to your Personal Information. FNF does not share Personal Information collected through the Service Websites, except as required or authorized by contract with the mortgage loan servicer or lender, or as required by law or in the good-faith belief that such disclosure is necessary: to comply with a legal process or applicable law, to enforce this Privacy Notice, or to protect the rights, property, or safety of FNF or the public.

**Your Consent To This Privacy Notice; Notice Changes; Use of Comments or Feedback**

By submitting Personal Information and/or Browsing Information to FNF, you consent to the collection and use of the information in accordance with this Privacy Notice. We may change this Privacy Notice at any time. The Privacy Notice's effective date will show the last date changes were made. If you provide information to us following any change of the Privacy Notice, that signifies your assent to and acceptance of the changes to the Privacy Notice.

**Accessing and Correcting Information; Contact Us**

If you have questions, would like to correct your Personal Information, or want to opt-out of information sharing for affiliate marketing, visit FNF's Opt Out Page or contact us by phone at (888) 934-3354 or by mail to:

Fidelity National Financial, Inc.
601 Riverside Avenue
Jacksonville, Florida 32204
Attn: Chief Privacy Officer

## ATTACHMENT ONE (Revised 05-06-16)

### CALIFORNIA LAND TITLE ASSOCIATION
### STANDARD COVERAGE POLICY – 1990

### EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1.  (a)  Any law, ordinance or governmental regulation (including but not limited to building or zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien, or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
    (b)  Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
2.  Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.
3.  Defects, liens, encumbrances, adverse claims or other matters:
    (a)  whether or not recorded in the public records at Date of Policy, but created, suffered, assumed or agreed to by the insured claimant;
    (b)  not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became an insured under this policy;
    (c)  resulting in no loss or damage to the insured claimant;
    (d)  attaching or created subsequent to Date of Policy; or
    (e)  resulting in loss or damage which would not have been sustained if the insured claimant had paid value for the insured mortgage or for the estate or interest insured by this policy.
4.  Unenforceability of the lien of the insured mortgage because of the inability or failure of the insured at Date of Policy, or the inability or failure of any subsequent owner of the indebtedness, to comply with the applicable doing business laws of the state in which the land is situated.
5.  Invalidity or unenforceability of the lien of the insured mortgage, or claim thereof, which arises out of the transaction evidenced by the insured mortgage and is based upon usury or any consumer credit protection or truth in lending law.
6.  Any claim, which arises out of the transaction vesting in the insured the estate of interest insured by this policy or the transaction creating the interest of the insured lender, by reason of the operation of federal bankruptcy, state insolvency or similar creditors' rights laws.

### EXCEPTIONS FROM COVERAGE - SCHEDULE B, PART I

This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees or expenses) which arise by reason of:

1.  Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public records.
    Proceedings by a public agency which may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the public records.
2.  Any facts, rights, interests, or claims which are not shown by the public records but which could be ascertained by an inspection of the land or which may be asserted by persons in possession thereof.
3.  Easements, liens or encumbrances, or claims thereof, not shown by the public records.
4.  Discrepancies, conflicts in boundary lines, shortage in area, encroachments, or any other facts which a correct survey would disclose, and which are not shown by the public records.
5.  (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b) or (c) are shown by the public records.
6.  Any lien or right to a lien for services, labor or material not shown by the public records.

### CLTA HOMEOWNER'S POLICY OF TITLE INSURANCE (12-02-13)
### ALTA HOMEOWNER'S POLICY OF TITLE INSURANCE

### EXCLUSIONS

In addition to the Exceptions in Schedule B, You are not insured against loss, costs, attorneys' fees, and expenses resulting from:

1.  Governmental police power, and the existence or violation of those portions of any law or government regulation concerning:
    a.  building;
    b.  zoning;
    c.  land use;
    d.  improvements on the Land;
    e.  land division; and
    f.  environmental protection.
    This Exclusion does not limit the coverage described in Covered Risk 8.a., 14, 15, 16, 18, 19, 20, 23 or 27.
2.  The failure of Your existing structures, or any part of them, to be constructed in accordance with applicable building codes. This Exclusion does not limit the coverage described in Covered Risk 14 or 15.
3.  The right to take the Land by condemning it.  This Exclusion does not limit the coverage described in Covered Risk 17.
4.  Risks:
    a.  that are created, allowed, or agreed to by You, whether or not they are recorded in the Public Records;
    b.  that are Known to You at the Policy Date, but not to Us, unless they are recorded in the Public Records at the Policy Date;

© California Land Title Association. All rights reserved.
The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

EXHIBIT 6
PAGE 315

    c.    that result in no loss to You; or

    d.    that first occur after the Policy Date - this does not limit the coverage described in Covered Risk 7, 8.e., 25, 26, 27 or 28.

5.    Failure to pay value for Your Title.

6.    Lack of a right:

    a.    to any land outside the area specifically described and referred to in paragraph 3 of Schedule A; and

    b.    in streets, alleys, or waterways that touch the Land.

    This Exclusion does not limit the coverage described in Covered Risk 11 or 21.

7.    The transfer of the Title to You is invalid as a preferential transfer or as a fraudulent transfer or conveyance under federal bankruptcy, state insolvency, or similar creditors' rights laws.

8.    Contamination, explosion, fire, flooding, vibration, fracturing, earthquake, or subsidence.

9.    Negligence by a person or an Entity exercising a right to extract or develop minerals, water, or any other substances.

## LIMITATIONS ON COVERED RISKS

Your insurance for the following Covered Risks is limited on the Owner's Coverage Statement as follows:

•     For Covered Risk 16, 18, 19, and 21 Your Deductible Amount and Our Maximum Dollar Limit of Liability shown in Schedule A.

The deductible amounts and maximum dollar limits shown on Schedule A are as follows:

| | Your Deductible Amount | Our Maximum Dollar Limit of Liability |
|---|---|---|
| Covered Risk 16: | 1.00% of Policy Amount Shown in Schedule A or $2,500.00 (whichever is less) | $ 10,000.00 |
| Covered Risk 18: | 1.00% of Policy Amount Shown in Schedule A or $5,000.00 (whichever is less) | $ 25,000.00 |
| Covered Risk 19: | 1.00% of Policy Amount Shown in Schedule A or $5,000.00 (whichever is less) | $ 25,000.00 |
| Covered Risk 21: | 1.00% of Policy Amount Shown in Schedule A or $2,500.00 (whichever is less) | $ 5,000.00 |

## 2006 ALTA LOAN POLICY (06-17-06)

## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:

1.    (a)    Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to

        (i)    the occupancy, use, or enjoyment of the Land;

        (ii)    the character, dimensions, or location of any improvement erected on the Land;

        (iii)    the subdivision of land; or

        (iv)    environmental protection;

        or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5.

    (b)    Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 6.

2.    Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.

3.    Defects, liens, encumbrances, adverse claims, or other matters

    (a)    created, suffered, assumed, or agreed to by the Insured Claimant;

    (b)    not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;

    (c)    resulting in no loss or damage to the Insured Claimant;

    (d)    attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 11, 13 or 14); or

    (e)    resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Insured Mortgage.

4.    Unenforceability of the lien of the Insured Mortgage because of the inability or failure of an Insured to comply with applicable doing-business laws of the state where the Land is situated.

5.    Invalidity or unenforceability in whole or in part of the lien of the Insured Mortgage that arises out of the transaction evidenced by the Insured Mortgage and is based upon usury or any consumer credit protection or truth-in-lending law.

6.    Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction creating the lien of the Insured Mortgage, is

    (a)    a fraudulent conveyance or fraudulent transfer, or

    (b)    a preferential transfer for any reason not stated in Covered Risk 13(b) of this policy.

7.    Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching between Date of Policy and the date of recording of the Insured Mortgage in the Public Records.  This Exclusion does not modify or limit the coverage provided under Covered Risk 11(b).

The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

## EXCEPTIONS FROM COVERAGE

{Except as provided in Schedule B - Part II,{ t{or T}his policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees or expenses, that arise by reason of:

---

Attachment One – CA (Rev. 05-06-16)                                      Page 2

© California Land Title Association. All rights reserved.
The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

EXHIBIT 6
PAGE 316

## {PART I

{The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

1. (a) Taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records; (b) proceedings by a public agency  that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.

2. Any facts, rights, interests, or claims that are not shown by the Public Records but that could be ascertained by an inspection of the Land or that may be asserted by  persons in possession of the Land.

3. Easements, liens or encumbrances, or claims thereof, not shown  by the Public Records.

4. Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land and not shown by the Public Records.

5. (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b), or (c) are shown by the Public Records.

6. Any lien or right to a lien for services, labor or material not shown by the Public Records.}

## PART II

In addition to the matters set forth in Part I of this Schedule, the Title is subject to the following matters, and the Company insures against loss or damage sustained in the event that they are not subordinate to the lien of the Insured Mortgage:}

## 2006 ALTA OWNER'S POLICY (06-17-06)

## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:

1. (a) Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
    (i) the occupancy, use, or enjoyment of the Land;
    (ii) the character, dimensions, or location of any improvement erected on the Land;
    (iii) the subdivision of land; or
    (iv) environmental protection;
    or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5.
    (b) Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 6.

2. Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.

3. Defects, liens, encumbrances, adverse claims, or other matters
    (a) created, suffered, assumed, or agreed to by the Insured Claimant;
    (b) not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
    (c) resulting in no loss or damage to the Insured Claimant;
    (d) attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 9 and 10); or
    (e) resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Title.

4. Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction vesting the Title as shown in Schedule A, is
    (a) a fraudulent conveyance or fraudulent transfer; or
    (b) a preferential transfer for any reason not stated in Covered Risk 9 of this policy.

5. Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching between Date of Policy and the date of recording of the deed or other instrument of transfer in the Public Records that vests Title as shown in Schedule A.

The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

## EXCEPTIONS FROM COVERAGE

This policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees or expenses,  that arise by reason of:

{The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

1. (a) Taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records; (b) proceedings by a public agency  that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.

2. Any facts, rights, interests, or claims that are not shown in the Public Records but that could be ascertained by an inspection of the Land or that may be asserted by persons in possession of the Land.

3. Easements, liens or encumbrances, or claims thereof, not shown by the Public Records.

4. Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land and that are not shown by the Public Records.

5. (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b), or (c) are shown by the Public Records.

6. Any lien or right to a lien for services, labor or material not shown by the Public Records. }

7. {Variable exceptions such as taxes, easements, CC&R's, etc. shown here.}

© California Land Title Association. All rights reserved.
The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

EXHIBIT 6
PAGE 317

**ALTA EXPANDED COVERAGE RESIDENTIAL LOAN POLICY – ASSESSMENTS PRIORITY (04-02-15)**

**EXCLUSIONS FROM COVERAGE**

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1. (a) Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
   (i) the occupancy, use, or enjoyment of the Land;
   (ii) the character, dimensions, or location of any improvement erected on the Land;
   (iii) the subdivision of land; or
   (iv) environmental protection;
   or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5, 6, 13(c), 13(d), 14 or 16.
   (b) Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 5, 6, 13(c), 13(d), 14 or 16.
2. Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.
3. Defects, liens, encumbrances, adverse claims, or other matters
   (a) created, suffered, assumed, or agreed to by the Insured Claimant;
   (b) not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
   (c) resulting in no loss or damage to the Insured Claimant;
   (d) attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 11, 16, 17, 18, 19, 20, 21, 22, 23, 24, 27 or 28); or
   (e) resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Insured Mortgage.
4. Unenforceability of the lien of the Insured Mortgage because of the inability or failure of an Insured to comply with applicable doing-business laws of the state where the Land is situated.
5. Invalidity or unenforceability in whole or in part of the lien of the Insured Mortgage that arises out of the transaction evidenced by the Insured Mortgage and is based upon usury, or any consumer credit protection or truth-in-lending law. This Exclusion does not modify or limit the coverage provided in Covered Risk 26.
6. Any claim of invalidity, unenforceability or lack of priority of the lien of the Insured Mortgage as to Advances or modifications made after the Insured has Knowledge that the vestee shown in Schedule A is no longer the owner of the estate or interest covered by this policy. This Exclusion does not modify or limit the coverage provided in Covered Risk 11.
7. Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching subsequent to Date of Policy. This Exclusion does not modify or limit the coverage provided in Covered Risk 11(b) or 25.
8. The failure of the residential structure, or any portion of it, to have been constructed before, on or after Date of Policy in accordance with applicable building codes.  This Exclusion does not modify or limit the coverage provided in Covered Risk 5 or 6.
9. Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction creating the lien of the Insured Mortgage, is
   (a) a fraudulent conveyance or fraudulent transfer, or
   (b) a preferential transfer for any reason not stated in Covered Risk 27(b) of this policy.
10. Contamination, explosion, fire, flooding, vibration, fracturing, earthquake, or subsidence.
11. Negligence by a person or an Entity exercising a right to extract or develop minerals, water, or any  other substances.

**© California Land Title Association. All rights reserved.**
The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

EXHIBIT 6
PAGE 318



This map/plat is being furnished as an aid in locating the herein described Land in relation to adjoining streets, natural boundaries and other land, and is not a survey of the land depicted. Except to the extent a policy of title insurance is expressly modified by endorsement, if any, the Company does not insure dimensions, distances, location of easements, acreage or other matters shown thereon.

EXHIBIT 6
PAGE 319

**EXHIBIT 7**



Fidelity National Title - OC
1300 Dove Street, 3rd Floor, Newport Beach, CA
92660

# Preliminary Report

Fidelity National Title - OC
1300 Dove Street, 3rd Floor, Newport Beach, CA
92660
Phone: (949) 788-2800
Fax: (949) 341-0251

Title Officer: Blake.Uradomo
Email: Blake.Uradomo@fnf.com
Phone No.: (949) 788-2800
Fax No.: (949) 341-0251
File No.: 00346566-997-OC1-245

Property Address: Vacant Land, Coachella, CA

## Introducing



LiveLOOK title document delivery system is designed to provide 24/7 real-time access to all information related to a title insurance transaction.

Access title reports, exception documents, an easy-to-use summary page, and more, at your fingertips and your convenience.

[To view your new Fidelity National Title First Alert powered by LiveLOOK report, Click Here](#)



**Effortless, Efficient, Compliant, and Accessible**

EXHIBIT 7

PAGE 321

**Fidelity National Title Company**
1300 Dove Street, 3rd Floor, Newport Beach, CA 92660
Phone: (949) 788-2800   •   Fax: (949) 341-0251

Issuing Policies of Fidelity National Title Insurance Company

Title Officer: **Blake.Uradomo**
Phone: **(949) 788-2800**
Fax: **(949) 341-0251**
Email: **Blake.Uradomo@fnf.com**

ORDER NO.: **00346566-997-OC1-245**

LOAN NO.:

Fidelity National Title Company
1300 Dove Street, 3rd Floor
Newport Beach, CA 92660

ATTN:          Ben Llorin
YOUR REF:

PROPERTY:     **Vacant Land, Coachella, CA**

## PRELIMINARY REPORT

*In response to the application for a policy of title insurance referenced herein,* **Fidelity National Title Company** *hereby reports that it is prepared to issue, or cause to be issued, as of the date hereof, a policy or policies of title insurance describing the land and the estate or interest therein hereinafter set forth, insuring against loss which may be sustained by reason of any defect, lien or encumbrance not shown or referred to as an exception herein or not excluded from coverage pursuant to the printed Schedules, Conditions and Stipulations or Conditions of said policy forms.*

*The printed Exceptions and Exclusions from the coverage and Limitations on Covered Risks of said policy or policies are set forth in Attachment One. The policy to be issued may contain an arbitration clause. When the Amount of Insurance is less than that set forth in the arbitration clause, all arbitrable matters shall be arbitrated at the option of either the Company or the Insured as the exclusive remedy of the parties. Limitations on Covered Risks applicable to the CLTA and ALTA Homeowner's Policies of Title Insurance which establish a Deductible Amount and a Maximum Dollar Limit of Liability for certain coverages are also set forth in Attachment One. Copies of the policy forms should be read. They are available from the office which issued this report.*

*This report (and any supplements or amendments hereto) is issued solely for the purpose of facilitating the issuance of a policy of title insurance and no liability is assumed hereby. If it is desired that liability be assumed prior to the issuance of a policy of title insurance, a Binder or Commitment should be requested.*

*The policy(s) of title insurance to be issued hereunder will be policy(s) of Fidelity National Title Insurance Company, a Florida Corporation.*

***Please read the exceptions shown or referred to herein and the exceptions and exclusions set forth in Attachment One of this report carefully. The exceptions and exclusions are meant to provide you with notice of matters which are not covered under the terms of the title insurance policy and should be carefully considered.***

***It is important to note that this preliminary report is not a written representation as to the condition of title and may not list all liens, defects and encumbrances affecting title to the land.***

Countersigned by:

Authorized Signature

EXHIBIT 7
PAGE 322

**Fidelity National Title Company**
1300 Dove Street, 3rd Floor, Newport Beach, CA 92660
Phone: (949) 788-2800    ●    Fax: (949) 341-0251

## PRELIMINARY REPORT

---

**EFFECTIVE DATE:**          **March 24, 2021 at 7:30 a.m.**

**ORDER NO.:  00346566-997-OC1-245**

The form of policy or policies of title insurance contemplated by this report is:

**CLTA Standard Coverage Policy of Title Insurance (4-8-14)**

1.      THE ESTATE OR INTEREST IN THE LAND HEREINAFTER DESCRIBED OR REFERRED TO COVERED BY THIS REPORT IS:

**A Fee**

2.      TITLE TO SAID ESTATE OR INTEREST AT THE DATE HEREOF IS VESTED IN:

**Glenroy Coachella, LLC, a Delaware limited liability company, as to an undivided 70.5% interest;
Force Rubin, LLC, a Delaware limited liability company, as to an undivided 21.2115% interest;
Force Rubin 2, LLC, a Delaware limited liability company, as to an undivided 3.7885% interest; and
Coachella Resort, LLC, a California limited liability company, as to an undivided 4.5% interest,**

3.      THE LAND REFERRED TO IN THIS REPORT IS DESCRIBED AS FOLLOWS:

**See Exhibit A attached hereto and made a part hereof.**

EXHIBIT 7
PAGE 323

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346566-997-OC1-245

# EXHIBIT A

## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF COACHELLA, IN THE COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCEL 6 OF PARCEL MAP NO. 37310, IN THE CITY OF COACHELLA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, ACCORDING TO MAP ON FILE IN BOOK 243, PAGES 82 THROUGH 84 OF PARCEL MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

EXCEPTING THEREFROM THAT PORTION OF THE PROPERTY CONVEYED TO THE CITY OF COACHELLA, A MUNICIPAL CORPORATION, AS DESCRIBED IN DOCUMENT ENTITLED "CERTIFICATE OF ACCEPTANCE (GRANT OF EASEMENT), RECORDED SEPTEMBER 6, 2018 AS INSTRUMENT NO. 2018-359087 OF OFFICIAL RECORDS.

APN:  603-220-069

EXHIBIT 7
PAGE 324

PRELIMINARY REPORT                                                     Fidelity National Title Company
YOUR REFERENCE:                                                        ORDER NO.:  00346566-997-OC1-245

# EXCEPTIONS

**AT THE DATE HEREOF, ITEMS TO BE CONSIDERED AND EXCEPTIONS TO COVERAGE IN ADDITION TO THE PRINTED EXCEPTIONS AND EXCLUSIONS IN SAID POLICY FORM WOULD BE AS FOLLOWS:**

1.  Property taxes, which are a lien not yet due and payable, including any assessments collected with taxes to be levied for the fiscal year 2021-2022.

2.  Property taxes, including any personal property taxes and any assessments collected with taxes are as follows:

    | | |
    |---|---|
    | Code Area: | 012-037 |
    | Tax Identification No.: | 603-220-069 |
    | Fiscal Year: | 2020-2021 |
    | 1st Installment: | $415,371.72, Paid |
    | 2nd Installment: | $415,371.72, Open |
    | Exemption: | $0.00 |
    | Land: | $5,746,648.00 |
    | Improvements: | $0.00 |
    | Personal Property: | $0.00 |
    | Bill No.: | 2020003466360 |

3.  The lien of supplemental or escaped assessments of property taxes, if any, made pursuant to the provisions of Chapter 3.5 or Part 2, Chapter 3, Articles 3 and 4 respectively (commencing with Section 75) of the Revenue and Taxation Code of the State of California as a result of the transfer of title to the vestee named in Schedule A; or as a result of changes in ownership or new construction occurring prior to date of policy.

4.  The herein described Land is within the boundaries of the Mello-Roos Community Facilities District(s). The annual assessments, if any, are collected with the county property taxes. Failure to pay said taxes prior to the delinquency date may result in the above assessment being removed from the county tax roll and subjected to Accelerated Judicial Bond Foreclosure. Inquiry should be made with said District for possible stripped assessments and prior delinquencies.

5.  A Notice

    | | |
    |---|---|
    | Entitled: | Notice of Assessment |
    | For: | Coachella Community Center Project Assessment District No. 92-1 |
    | Executed by: | The Coachella Valley Recreation & Parks District |
    | Recording Date: | October 13, 1992 |
    | Recording No: | Instrument No. 1992-385076 Official Records |

    Reference is hereby made to said document for full particulars.

6.  Any assessments which may be levied against the herein described property by virtue of the fact that said land lies within the boundaries of Community Facilities District 2018-1 (Glenroy) adopted by the City of Coachella, a boundary map of which is on file in Book 82, Page 7 of Maps of Assessment and Community Facilities Districts, recorded February 21, 2018 as Instrument No. 2018-0064380 Official Records, and amended in Book 82, Page 38, recorded April 25, 2018 as Instrument No. 2018-158456 Official Records.

7.  The herein described property lies within the boundaries of a Mello-Roos Community Facilities District (CFD) as follows:

    | | |
    |---|---|
    | CFD No: |  2005-1 |
    | For: | Community Facilities District No. 2005-1 (Law Enforcement, Fire and Paramedic Services) |
    | Disclosed by: | Notice of Special Tax lien |
    | Recording Date: | November 3, 2005 |
    | Recording No.: | Instrument No. 2005-0916803, of Official Records |

CLTA Preliminary Report Form – Modified (11/17/06)                                          Page 4

EXHIBIT 7
PAGE 325

## EXCEPTIONS
### (Continued)

This property, along with all other parcels in the CFD, is liable for an annual special tax. This special tax is included with and payable with the general property taxes of the City of Coachella, County of Riverside. The tax may not be prepaid.

Matters contained in that certain document

| | |
|---|---|
| Entitled: | Amendment No. 3 to Notice of Special Tax Lien |
| Recording Date: | October 6, 2006 |
| Recording No: | Instrument No. 2006-0741243, of Official Records |

Reference is hereby made to said document for full particulars.

8.    The herein described property lies within the boundaries of a Mello-Roos Community Facilities District (CFD) as follows:

| | |
|---|---|
| CFD No: | 2018-1 |
| For: | Community Facilities District No. 2018-1 |
| Disclosed by: | Notice of Special Tax Lien |
| Recording Date: | June 4, 2018 |
| Recording No.: | Instrument No. 2018-0225621 Official Records |

This property, along with all other parcels in the CFD, is liable for an annual special tax. This special tax is included with and payable with the general property taxes of the City of Coachella, County of Riverside.

The tax may not be prepaid.

9.    Assessments and other matters as contained in documents entitled Payment of Contractual Assessment Required, recorded April 25, 2018, as Document No. 2018-0160477, of Official, pursuant to Chapter 29 of Part 3 of Division 7 of the California Streets and Highways Code providing for the assessments. Said assessments are collected with county taxes. The assessment may be prepaid.

Reference is hereby made to said documents for further particulars.

Matters contained in that certain document

| | |
|---|---|
| Entitled: | Addendum No. 1 to Notice of Assessment and Payment of Contractual Assessment Required |
| Recording Date: | September 29, 2020 |
| Recording No: | Instrument No. 2020-0464148, of Official Records |

Reference is hereby made to said document for full particulars.

EXHIBIT 7
PAGE 326

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346566-997-OC1-245

## EXCEPTIONS
### (Continued)

10.     Water rights, claims or title to water, whether or not disclosed by the public records.

11.     Covenants, conditions and restrictions but omitting any covenants or restrictions, if any, including but not limited to those based upon race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, veteran or military status, genetic information, medical condition, citizenship, primary language, and immigration status, as set forth in applicable state or federal laws, except to the extent that said covenant or restriction is permitted by applicable law, as set forth in the document

Recording Date:     June 6, 1892
Recording No:     in Book 202, Page 144, of Deeds, San Diego County Records

Said covenants, conditions and restrictions provide that a violation thereof shall not defeat the lien of any mortgage or deed of trust made in good faith and for value.

12.     Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

Granted to:     Coachella Valley Ice and Electric Company
Purpose:     Transmission and distribution of electricity and telephonic communication and telegraphic communication
Recording Date:     June 04, 1914
Recording No:     in Book 398, Page 130, of Deeds
Affects:     A portion of said land as described therein

13.     Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

Granted to:     The United States of America
Purpose:     Water pipeline
Recording Date:     July 19, 1949
Recording No:     in Book 1095, Page 306, of Official Records
Affects:     A portion of said land as described therein

Matters contained in that certain document

Entitled:     Quitclaim Deed and Release
Recording Date:     July 31, 2018
Recording No:     Instrument No. 2018-0307549, of Official Records

Reference is hereby made to said document for full particulars.

14.     Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

Granted to:     Coachella Valley County Water District
Purpose:     Pipeline
Recording Date:     September 21, 1960
Recording No:     Instrument No. 1960-82454, of Official Records
Affects:     A portion of said land as described therein

Fidelity National Title Company
ORDER NO.:  00346566-997-OC1-245

## EXCEPTIONS
### (Continued)

15.    Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

|   |   |
|---|---|
| Granted to: | Imperial Irrigation District |
| Purpose: | Public utilities |
| Recording Date: | July 22, 1970 |
| Recording No: | Instrument No. 1970-70546, of Official Records |
| Affects: | A portion of said land as described therein |

16.    Easements as shown and/or dedicated upon the recorded map referenced in the legal description in Schedule A as Parcel Map 37310, in the City of Coachella, County of Riverside, State of California, according to map on file in Book 243, Pages 82 through 84 inclusive of Parcel Maps, records of Riverside County, California, together with any provisions and recitals contained therein.

Reference is hereby made to said document for full particulars.

17.    The Land described herein is included within a project area of the Redevelopment Agency shown below, and that proceedings for the redevelopment of said project have been instituted under the Redevelopment Law (such redevelopment to proceed only after the adoption of the Redevelopment Plan) as disclosed by a document.

|   |   |
|---|---|
| Redevelopment Agency: | City of Coachella |
| Recording Date: | July 10, 2007 |
| Recording No: | Instrument No. 2007-0449636, of Official Records |
| | |
| and Recording Date: | July 10, 2007 |
| and Recording No: | Instrument No. 2007-0449637, of Official Records |

18.    Recitals as shown on Parcel Map 37310

|   |   |
|---|---|
| Recording No: | in Book 243, Pages 82 to 84 inclusive of Parcel Maps |
| Which among other things recites: | The real property described below is dedicated in fee for street and public utility purposes: Lot "A" as shown hereon. |
| | As a condition of dedication of Lot "A" (Avenue 48), the owners of Parcels 1-4, and 6, inclusive, abutting this right of way and during such time will have no rights of access except the general easement of travel. Any change of alignment or width that results in the vacation thereof shall terminate this condition of access rights as to the party vacated. |

Reference is hereby made to said document for full particulars.

19.    The following matters shown or disclosed by the filed or recorded map referred to in the legal description: Various notes and recitals

20.    Easement(s) for the purpose(s) shown below and rights incidental thereto as delineated or as offered for dedication, on the map of said tract/plat;

|   |   |
|---|---|
| Purpose: | Landscape and/or retention basin |
| Affects: | As shown on said map |

EXHIBIT 7
PAGE 328

PRELIMINARY REPORT                                                                                          Fidelity National Title Company
YOUR REFERENCE:                                                                                      ORDER NO.:  00346566-997-OC1-245

## EXCEPTIONS
### (Continued)

21.    Matters contained in that certain document

Entitled:                    Water Quality Management Plan and Urban Runoff BMP Transfer, Access and
                             Maintenance Agreement
Recording Date:              December 06, 2017
Recording No:                Instrument No. 2017-0512010, of Official Records

Reference is hereby made to said document for full particulars.

22.    Matters contained in that certain document

Entitled:                    Glenroy Resort Development Agreement
Recording Date:              March 8, 2018
Recording No:                Instrument No. 2018-0089219, of Official Records

Reference is hereby made to said document for full particulars.

23.    Terms and provisions contained in that certain unrecorded Parking License Agreement dated April 20, 2018 by
       and between Glenroy Coachella, LLC and Force-DMP LLC.

24.    Matters contained in that certain document

Entitled:                    Memorandum of Tenancy in Common Agreement
Recording Date:              April 24, 2018
Recording No:                Instrument No. 2018-0156322, of Official Records

Reference is hereby made to said document for full particulars.

25.    Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

Granted to:                  The City of Coachella
Purpose:                     Public utilities and incidental purposes
Recording Date:              September 06, 2018
Recording No:                Instrument No. 2018-0359087, of Official Records
Affects:                     A portion of said land as described therein

26.    Easement(s) for the purpose(s) shown below and rights incidental thereto, as granted in a document:

Granted to:                  Southern California Gas Company, a California Corporation, its successors and assigns
Purpose:                     Public utilities and incidental purposes
Recording Date:              October 26, 2018
Recording No:                Instrument No. 2018-0423528, of Official Records
Affects:                     A portion of said land as described therein

## EXCEPTIONS
### (Continued)

27.     A deed of trust to secure an indebtedness in the amount shown below,

|  |  |
|---|---|
| Amount: | $24,400,000.00 |
| Dated: | April 26, 2018 |
| Trustor/Grantor | Glenroy Coachella, LLC, a Delaware limited liability company; Force Rubin, LLC, a Delaware limited liability company; Force Rubin 2, LLC, a Delaware limited liability company; and Coachella Resort, LLC, a California limited liability company |
| Trustee: | Stewart Title of California, Inc., a California corporation |
| Beneficiary: | U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership |
| Loan No.: | None shown |
| Recording Date: | April 26, 2018 |
| Recording No: | Instrument No. 2018-0162476, of Official Records |

Affects:           The herein described Land and other land.

A substitution of trustee under said deed of trust which names, as the substituted trustee, the following

|  |  |
|---|---|
| Trustee: | Fidelity National Title Company |
| Recording Date: | September 09, 2019 |
| Recording No: | Instrument No. 2019-0350103, of Official Records |

A notice of default under the terms of said trust deed

|  |  |
|---|---|
| Executed by: | Fidelity National Title Company |
| Recording Date: | September 09, 2019 |
| Recording No: | Instrument No. 2019-0350104, of Official Records |

A notice of trustee's sale under said deed of trust

|  |  |
|---|---|
| Executed by: | Fidelity National Title Company |
| Date, Time and Place of Sale: | February 9, 2021, at 09:00 AM, in front of the Corona Civic Center, 849 W. Sixth Street, Corona, CA 92882 |
| Recording Date: | January 14, 2021 |
| Recording No: | Instrument No. 2021-0025741, of Official Records |

28.     An assignment of all the moneys due, or to become due as rental, as additional security for the obligations secured by deed of trust shown as item above

|  |  |
|---|---|
| Assigned to: | U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership |
| Recording Date: | April 26, 2018 |
| Recording No: | Instrument No. 2018-0162477, of Official Records |

29.     A financing statement as follows:

|  |  |
|---|---|
| Debtor: | Glenroy Coachella, LLC, a Delaware limited liability company; Force Rubin, LLC, a Delaware limited liability company; Force Rubin 2, LLC, a Delaware limited liability company; and Coachella Resort, LLC, a California limited liability company |
| Secured Party: | U.S. Real Estate Credit Holdings III-A, LP, an Irish limited partnership |
| Recording Date: | April 26, 2018 |
| Recording No: | Instrument No. 2018-0162478, of Official Records |

EXHIBIT 7
PAGE 330

PRELIMINARY REPORT                                                                      Fidelity National Title Company
YOUR REFERENCE:                                                                         ORDER NO.:  00346566-997-OC1-245

## EXCEPTIONS
### (Continued)

30.    A claim of mechanic's lien or materialman's lien

   Claimant:                Hi-Grade Materials Co
   Amount:                  $32,847.96
   Recording Date:          July 5, 2018
   Recording No:            Instrument No. 2018-0273102, of Official Records

31.    A claim of mechanic's lien or materialman's lien

   Claimant:                Glendale Plumbing and Fire Supply
   Amount:                  $23,792.54
   Recording Date:          October 26, 2018
   Recording No:            Instrument No. 2018-0423202, of Official Records

32.    A claim of mechanic's lien or materialman's lien

   Claimant:                Constructure, Inc.
   Amount:                  $301,119.50
   Recording Date:          January 22, 2019
   Recording No:            Instrument No. 2019-0022660, of Official Records

33.    A claim of mechanic's lien or materialman's lien

   Claimant:                Ferguson Enterprises, LLC.
   Amount:                  $119,569.73
   Recording Date:          May 22, 2019
   Recording No:            Instrument No. 2019-0179443, of Official Records

34.    A claim of mechanic's lien or materialman's lien

   Claimant:                Superior Ready Mix Concrete L.P.
   Amount:                  $20,571.27
   Recording Date:          May 29, 2019
   Recording No:            Instrument No. 2019-0190540, of Official Records

35.    A claim of mechanic's lien or materialman's lien

   Claimant:                The Sherwin-Williams Company
   Amount:                  $33,333.11
   Recording Date:          June 3, 2019
   Recording No:            Instrument No. 2019-0198410, of Official Records

   Said mechanic's lien has been partially released by instrument

   Recording Date:          July 10, 2019
   Recording No:            Instrument No. 2019-0252361, of Official Records

   Claimant reduces its Mechanics' Lien by $6,538.32, to reflect the current amount subject to the Claimant's
   Mechanics' Lien in the sum of $26,794.79.

EXHIBIT 7
PAGE 331

PRELIMINARY REPORT                                                                Fidelity National Title Company
YOUR REFERENCE:                                                                   ORDER NO.:  00346566-997-OC1-245

## EXCEPTIONS
### (Continued)

36.    A claim of mechanic's lien or materialman's lien

    Claimant:            GF Investment Group, Inc.
    Amount:              $259,695.63
    Recording Date:      June 6, 2019
    Recording No:        Instrument No. 2019-0204095, of Official Records

37.    A claim of mechanic's lien or materialman's lien

    Claimant:            Blair Air, Inc. Dba Blair Heating & Air
    Amount:              $297,443.80
    Recording Date:      June 7, 2019
    Recording No:        Instrument No. 2019-0206598, of Official Records

38.    A claim of mechanic's lien or materialman's lien

    Claimant:            Hajoca Corporation
    Amount:              $39,636.17
    Recording Date:      June 11, 2019
    Recording No:        Instrument No. 2019-0210159, of Official Records

39.    A claim of mechanic's lien or materialman's lien

    Claimant:            American Builders and Contractors Supply Co., Inc. – ABC Supply Co., Inc.
    Amount:              $24,813.58
    Recording Date:      June 13, 2019
    Recording No:        Instrument No. 2019-0213172, of Official Records

40.    A claim of mechanic's lien or materialman's lien

    Claimant:            Desert Electric Supply
    Amount:              $61,574.60
    Recording Date:      June 18, 2019
    Recording No:        Instrument No. 2019-0218809, of Official Records

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346566-997-OC1-245

## EXCEPTIONS
### (Continued)

41.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Apple J Plumbing, Inc. |
| Amount: | $175,845.06 |
| Recording Date: | June 18, 2019 |
| Recording No: | Instrument No. 2019-0219453, of Official Records |

42.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Jacobsson Engineering Construction, Inc. |
| Amount: | $1,042,299.00 |
| Recording Date: | June 21, 2019 |
| Recording No: | Instrument No. 2019-0225760, of Official Records |

43.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | West Coast Sand and Gravel, Inc. |
| Amount: | $21,666.29 |
| Recording Date: | July 10, 2019 |
| Recording No: | Instrument No. 2019-0253543, of Official Records |

44.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Superior Pool Products, LLC |
| Amount: | $14,386.05 |
| Recording Date: | July 11, 2019 |
| Recording No: | Instrument No. 2019-0254740 Official Records |

45.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Resource Building Materials |
| Amount: | $1,905.04 |
| Recording Date: | July 15, 2019 |
| Recording No: | Instrument No. 2019-0258520, of Official Records |

46.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | L&W Supply Corporation |
| Amount: | $10,861.98 |
| Recording Date: | August 05, 2019 |
| Recording No: | Instrument No. 2019-0293318, of Official Records |

47.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | L&W Supply Corporation |
| Amount: | $8,643.42 |
| Recording Date: | August 05, 2019 |
| Recording No: | Instrument No. 2019-0293319, of Official Records |

EXHIBIT 7
PAGE 333

PRELIMINARY REPORT                                                                      Fidelity National Title Company
YOUR REFERENCE:                                                                    ORDER NO.:  00346566-997-OC1-245

## EXCEPTIONS
### (Continued)

48.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Desert Palms Electric, Inc. |
| Amount: | $389,839.09 |
| Recording Date: | August 6, 2019 |
| Recording No: | Instrument No. 2019-0295567, of Official Records |

49.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Gauston Corp |
| Amount: | $21,153.36 |
| Recording Date: | August 21, 2019 |
| Recording No: | Instrument No. 2019-0321135, of Official Records |

50.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Ferguson Enterprises, LLC |
| Amount: | $119,569.73 |
| Recording Date: | August 26, 2019 |
| Recording No: | Instrument No. 2019-0328148, of Official Records |

51.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | TemalPakh, Inc., dba The Works Floor & Wall |
| Amount: | $33,628.46 |
| Recording Date: | August 26, 2019 |
| Recording No: | Instrument No. 2019-0328428, of Official Records |

52.     A judgment for the amount shown below, and any other amounts due, entered in the United States District Court:

| | |
|---|---|
| Amount: | $89,110.62 (Damages) |
| Amount: | $5,164.42 (Attorney's Fees) |
| Debtor: | Glenroy Coachella, LLC, and Does 1-10 |
| Creditor: | Silhouette Outdoor Furniture, Inc. |
| Date entered: | July 02, 2019 |
| District: | Central, State of California |
| Case No: | EDCV 19-00373-CJC (KKx) |
| Recording Date: | August 29, 2019 |
| Recording No: | Instrument No. 2019-0336225, of Official Records |

53.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | BMC West, LLC |
| Amount: | $50,290.00 |
| Recording Date: | September 11, 2019 |
| Recording No: | Instrument No. 2019-0354394, of Official Records |

EXHIBIT 7
PAGE 334

## EXCEPTIONS
### (Continued)

54.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Doug Wall Construction, Inc. |
| Amount: | $3,876,856.10 |
| Recording Date: | September 12, 2019 |
| Recording No: | Instrument No. 2019-0356369, of Official Records |

As affected by an Amended Mechanics Lien

| | |
|---|---|
| Amount: | $4,359,813.13 |
| Recording Date: | October 7, 2019 |
| Recording No: | Instrument No. 2019-0401936, of Official Records |

55.     A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Blair Air, Inc. |
| Defendant: | Doug Wall Construction, Inc.; Glen Roy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC 1906241 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | September 20, 2019 |
| Recording No: | Instrument No. 2019-0370664, of Official Records |

56.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Al Miller & Sons Roofing Co., Inc. |
| Amount: | $111,631.71 |
| Recording Date: | September 20, 2019 |
| Recording No: | Instrument No. 2019-0372302, of Official Records |

As affected by an Amended Mechanics Lien

| | |
|---|---|
| Amount: | $153,901.00 |
| Recording Date: | October 7, 2019 |
| Recording No: | Instrument No. 2019-0402031, of Official Records |

57.     A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Mascorro Concrete Construction, Inc. |
| Defendant: | Doug Wall Construction, Inc.; Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC 1906560 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | September 24, 2019 |
| Recording No: | Instrument No. 2019-0376608, of Official Records |

Said Notice of Lis Pendens has been partially withdrawal by instrument

| | |
|---|---|
| Recording Date: | December 30, 2020 |
| Recording No: | Instrument No. 2020-0668680, of Official Records |

EXHIBIT 7
PAGE 335

## EXCEPTIONS
### (Continued)

58.      A pending court action as disclosed by a recorded notice:

        Plaintiff:           Apple J. Plumbing, Inc.
        Defendant:        Doug Wall Construction, Inc.; Glenroy Coachella, LLC; et al
        County:           Riverside
        Court:             Superior
        Case No.:         PSC 1906579
        Nature of Action:   Foreclosure of Mechanic Lien
        Recording Date:    September 24, 2019
        Recording No:     Instrument No. 2019-0376609, of Official Records

Said Notice of Lis Pendens has been partially withdrawal by instrument

        Recording Date:    December 30, 2020
        Recording No:     Instrument No. 2020-0668682, of Official Records

59.      A pending court action as disclosed by a recorded notice:

        Plaintiff:           Desert Palms Electric, Inc.
        Defendant:        Doug Wall Construction, Inc.; Glenroy Coachella, LLC; et al
        County:           Riverside
        Court:             Superior
        Case No.:         PSC 1906554
        Nature of Action:   Foreclosure of Mechanic Lien
        Recording Date:    September 24, 2019
        Recording No:     Instrument No. 2019-0376610, of Official Records

Said Notice of Lis Pendens has been partially withdrawal by instrument

        Recording Date:    December 30, 2020
        Recording No:     Instrument No. 2020-0668681, of Official Records

60.      A pending court action as disclosed by a recorded notice:

        Plaintiff:           Ferguson Enterprises, Inc.
        Defendant:        Glenroy Coachella, LLC; et al
        County:           Riverside
        Court:             Superior
        Case No.:         PSC 1906136
        Nature of Action:   Foreclosure of Mechanic Lien
        Recording Date:    September 24, 2019
        Recording No:     Instrument No. 2019-0376684, of Official Records

61.      A claim of mechanic's lien or materialman's lien

        Claimant:         Southwest Plumbing inc.
        Amount:          $111,141.13
        Recording Date:    September 24, 2019
        Recording No:     Instrument No. 2019-0377201, of Official Records

EXHIBIT 7
PAGE 336

PRELIMINARY REPORT                                                                    Fidelity National Title Company
YOUR REFERENCE:                                                                       ORDER NO.:  00346566-997-OC1-245

## EXCEPTIONS
### (Continued)

62.     A claim of mechanic's lien or materialman's lien

Claimant:               All Phase Drywall & Development, Inc.
Amount:                 $40,000.00
Recording Date:         September 25, 2019
Recording No:           Instrument No. 2019-0379585, of Official Records

63.     A claim of mechanic's lien or materialman's lien

Claimant:               All Phase Drywall & Development, Inc.
Amount:                 $396,871.43
Recording Date:         September 25, 2019
Recording No:           Instrument No. 2019-0379586, of Official Records

64.     A claim of mechanic's lien or materialman's lien

Claimant:               Tandem West Glass, Inc.
Amount:                 $387,752.38
Recording Date:         September 25, 2019
Recording No:           Instrument No. 2019-0379822, of Official Records

As affected by an Amended Mechanics Lien

Amount:                 $795,971.26
Recording Date:         October 7, 2019
Recording No:           Instrument No. 2019-0402041, of Official Records

As affected by a Second Amended Mechanics Lien

Amount:                 $449,849.39
Recording Date:         October 11, 2019
Recording No:           Instrument No. 2019-0410373, of Official Records

65.     A claim of mechanic's lien or materialman's lien

Claimant:               GF Investment Group, Inc.
Amount:                 $250,695.63
Recording Date:         September 27, 2019
Recording No:           Instrument No. 2019-385786, of Official Records

66.     A claim of mechanic's lien or materialman's lien

Claimant:               La Hacienda Nursery & Landscape, Inc.
Amount:                 $146,717.74
Recording Date:         October 16, 2019
Recording No:           Instrument No. 2019-0415743, of Official Records

EXHIBIT 7
PAGE 337

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346566-997-OC1-245

## EXCEPTIONS
### (Continued)

67.     A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Doug Wall Construction, Inc. |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1907309 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | October 16, 2019 |
| Recording No: | Instrument No. 2019-0415790, of Official Records |

68.     A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Tmalpakh, Inc., a California corporation dba The Works Floor & Wall |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1907262 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | October 23, 2019 |
| Recording No: | Instrument No. 2019-0428103, of Official Records |

Said Notice of Lis Pendens has been partially withdrawal by instrument

| | |
|---|---|
| Recording Date: | December 30, 2020 |
| Recording No: | Instrument No. 2020-0668684, of Official Records |

69.     A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Orco Block & Hardscape, a California corporation |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1907155 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | October 25, 2019 |
| Recording No: | Instrument No. 2019-0432553, of Official Records |

70.     A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | BMC West LLC, a Delaware limited liability company |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1908245 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | November 22, 2019 |
| Recording No: | Instrument No. 2019-0483250, of Official Records |

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.: 00346566-997-OC1-245

## EXCEPTIONS
### (Continued)

71.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | La Hacienda Nursery & Landscape, Inc., a California corporation |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1909423 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | January 2, 2020 |
| Recording No: | Instrument No. 2020-0000938, of Official Records |

72.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | All Phase Drywall & Development, Inc., a California corporation |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC1909367 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | January 9, 2020 |
| Recording No: | Instrument No. 2020-0009905, of Official Records |

73.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Tandem West Glass, Inc., a California corporation |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC 2000015 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | January 10, 2020 |
| Recording No: | Instrument No. 2020-0013976, of Official Records |

Said Notice of Lis Pendens has been partially withdrawal by instrument

| | |
|---|---|
| Recording Date: | December 30, 2020 |
| Recording No: | Instrument No. 2020-0668679, of Official Records |

74.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | Al Miller & Sons Roofing, Inc., a California corporation |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | PSC 2000009 |
| Nature of Action: | Foreclosure of Mechanic Lien |
| Recording Date: | January 10, 2020 |
| Recording No: | Instrument No. 2020-0013979, of Official Records |

Said Notice of Lis Pendens has been partially withdrawal by instrument

| | |
|---|---|
| Recording Date: | December 30, 2020 |
| Recording No: | Instrument No. 2020-0668683, of Official Records |

EXHIBIT 7
PAGE 339

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346566-997-OC1-245

## EXCEPTIONS
### (Continued)

75.    Matters contained in that certain document

| | |
|---|---|
| Entitled: | Stipulation and Order RE Appointment of Receiver and Preliminary Junction |
| Recording Date: | January 29, 2020 |
| Recording No: | Instrument No. 2020-0044153, of Official Records |

Reference is hereby made to said document for full particulars.

76.    A pending court action as disclosed by a recorded notice:

| | |
|---|---|
| Plaintiff: | U.S. Real Estate Credit Holdings III-A, LP |
| Defendant: | Glenroy Coachella, LLC; et al |
| County: | Riverside |
| Court: | Superior |
| Case No.: | RIC1905743 |
| Recording Date: | February 13, 2020 |
| Recording No.: | Instrument No. 2020-0068228, of Official Records |

77.    Certificate of Indebtedness of the Receiver – Receiver Certificate No. 1

| | |
|---|---|
| Recording Date: | June 12, 2020 |
| Recording No.: | Instrument No. 2020-0252044 Official Records |
| and Recording Date: | June 12, 2020 |
| and Recording No: | Instrument No. 2020-0252045 Official Records |
| and Recording Date: | June 12, 2020 |
| and Recording No: | Instrument No. 2020-0252046 Official Records |
| and Recording Date: | June 12, 2020 |
| and Recording No: | Instrument No. 2020-0252047 Official Records |
| and Recording Date: | June 12, 2020 |
| and Recording No: | Instrument No. 2020-0252048 Official Records |
| and Recording Date: | June 12, 2020 |
| and Recording No: | Instrument No. 2020-0252049 Official Records |
| and Recording Date: | June 12, 2020 |
| and Recording No: | Instrument No. 2020-0252050 Official Records |
| and Recording Date: | June 12, 2020 |
| and Recording No: | Instrument No. 2020-0252051 Official Records |

78.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Gauston Corp |
| Amount: | $28,829.75 |
| Recording Date: | June 25, 2018 |
| Recording No: | Instrument No. 2018-0255143, of Official Records |

EXHIBIT 7
PAGE 340

## EXCEPTIONS
### (Continued)

79.   Any rights of the parties in possession of a portion of, or all of, said Land, which rights are not disclosed by the public records.

The Company will require, for review, a full and complete copy of any unrecorded agreement, contract, license and/or lease, together with all supplements, assignments and amendments thereto, before issuing any policy of title insurance without excepting this item from coverage.

The Company reserves the right to except additional items and/or make additional requirements after reviewing said documents.

80.   Any facts, rights, interests or claims that may exist or arise by reason of the following matters disclosed by a pending final ALTA/NSPS Survey prepared by Saxon Engineering Services, Inc., dated April 10, 2018, designated as Job No. Glenroy Coachella:

a. Electrical vaults located on the northerly property line of Parcel 4.
b. A cable television box located along the westerly boundary of Parcel 2.
c. An electrical transformer located along the westerly boundary of Parcel 2.
d. A street light pole encroaching in the southwest corner of Parcel 2.

81.   Any easements not disclosed by the public records as to matters affecting title to real property, whether or not said easements are visible and apparent.

82.   Discrepancies, conflicts in boundary lines, shortage in area, encroachments, or any other matters which a correct survey would disclose and which are not shown by the public records.

83.   Matters which may be disclosed by an inspection and/or by a correct ALTA/ACSM Land Title Survey of said Land that is satisfactory to the Company, and/or by inquiry of the parties in possession thereof.


**PLEASE REFER TO THE "INFORMATIONAL NOTES" AND "REQUIREMENTS" SECTIONS WHICH FOLLOW FOR INFORMATION NECESSARY TO COMPLETE THIS TRANSACTION.**

---

### END OF EXCEPTIONS

---

EXHIBIT 7
PAGE 341

## REQUIREMENTS SECTION

1.    In order to complete this report, the Company requires a Statement of Information to be completed by the following party(s),

      Party(s):                    All Parties

      The Company reserves the right to add additional items or make further requirements after review of the requested Statement of Information.

      NOTE:  The Statement of Information is necessary to complete the search and examination of title under this order. Any title search includes matters that are indexed by name only, and having a completed Statement of Information assists the Company in the elimination of certain matters which appear to involve the parties but in fact affect another party with the same or similar name. Be assured that the Statement of Information is essential and will be kept strictly confidential to this file.

2.    The Company will require the following documents for review prior to the issuance of any title insurance predicated upon a conveyance or encumbrance from the entity named below:

      Limited Liability Company:       Glenroy Coachella, LLC, a Delaware limited liability company,
                                       Force Rubin, LLC, a Delaware limited liability company,
                                       Force Rubin 2, LLC, a Delaware limited liability company
                                       Coachella Resort, LLC, a California limited liability company

      a)    A copy of its operating agreement, if any, and all amendments, supplements and/or modifications thereto, certified by the appropriate manager or member.

      b)    If a domestic Limited Liability Company, a copy of its Articles of Organization and all amendments thereto with the appropriate filing stamps.

      c)    If the Limited Liability Company is member-managed, a full and complete current list of members certified by the appropriate manager or member.

      d)    A current dated certificate of good standing from the proper governmental authority of the state in which the entity is currently domiciled.

      e)    If less than all members, or managers, as appropriate, will be executing the closing documents, furnish evidence of the authority of those signing.

      f)    If Limited Liability Company is a Single Member Entity, a Statement of Information for the Single Member will be required.

      g)    Each member and manager of the LLC without an Operating Agreement must execute in the presence of a notary public the Certificate of California LLC (Without an Operating Agreement) Status and Authority form.

3.    This transaction requires high liability approval prior to close of escrow together with an inspection of the subject property.

      Please advise title department with an estimated date that your transaction will close so we can schedule the necessary approvals and inspections.

4.    The transaction contemplated in connection with this Report is subject to the review and approval of the Company's Corporate Underwriting Department. The Company reserves the right to add additional items or make further requirements after such review.

EXHIBIT 7
PAGE 342

# REQUIREMENTS
### (Continued)

5.    Please call the Title Department five (5) days prior to the contemplated closing to determine if additional documents or information is required.

Phone Number:          (949) 788-2800

---

## END OF REQUIREMENTS

---

EXHIBIT 7
PAGE 343

PRELIMINARY REPORT
YOUR REFERENCE:

Fidelity National Title Company
ORDER NO.:  00346566-997-OC1-245

# INFORMATIONAL NOTES SECTION

1.    Note:  There are NO conveyances affecting said Land recorded within 24 months of the date of this report.

2.    Note:  Please contact your Title Officer to obtain the current recording fees.  Fidelity National Title Company will pay Fidelity National Title Insurance Company 12% of the title premium, as disclosed on lines 1107 and 1108 of the HUD-1.

3.    Note:  The policy of title insurance will include an arbitration provision. The Company or the insured may demand arbitration. Arbitrable matters may include, but are not limited to, any controversy or claim between the Company and the insured arising out of or relating to this policy, any service of the Company in connection with its issuance or the breach of a policy provision or other obligation. Please ask your escrow or title officer for a sample copy of the policy to be issued if you wish to review the arbitration provisions and any other provisions pertaining to your Title Insurance coverage.

4.    Notice: Please be aware that due to the conflict between federal and state laws concerning the cultivation, distribution, manufacture or sale of marijuana, the Company is not able to close or insure any transaction involving Land that is associated with these activities.

5.    Pursuant to Government Code Section 27388.1, as amended and effective as of 1-1-2018, a Documentary Transfer Tax (DTT) Affidavit may be required to be completed and submitted with each document when DTT is being paid or when an exemption is being claimed from paying the tax. If a governmental agency is a party to a document, the form will not be required. DTT Affidavits may be available at a Tax Assessor-County Clerk-Recorder.

6.    The Company and its policy issuing agents are required by Federal law to collect additional information about certain transactions in specified geographic areas in accordance with the Bank Secrecy Act. If this transaction is required to be reported under a Geographic Targeting Order issued by FinCEN, the Company or its policy issuing agent must be supplied with a completed ALTA Information Collection Form ("ICF") prior to closing the transaction contemplated herein.

**To protect the private information contained in the attached form and photo ID, please return via a secured method.**

---

## END OF INFORMATIONAL NOTES

Blake.Uradomo/sp1

EXHIBIT 7
PAGE 344

 | Inquire before you wire!

# Wire Fraud Alert

This Notice is not intended to provide legal or professional advice. If you have any questions, please consult with a lawyer.

All parties to a real estate transaction are targets for wire fraud and many have lost hundreds of thousands of dollars because they simply relied on the wire instructions received via email, without further verification. **If funds are to be wired in conjunction with this real estate transaction, we strongly recommend verbal verification of wire instructions through a known, trusted phone number prior to sending funds.**

In addition, the following non-exclusive self-protection strategies are recommended to minimize exposure to possible wire fraud.

- **NEVER RELY** on emails purporting to change wire instructions. Parties to a transaction rarely change wire instructions in the course of a transaction.

- **ALWAYS VERIFY** wire instructions, specifically the ABA routing number and account number, by calling the party who sent the instructions to you. DO NOT use the phone number provided in the email containing the instructions, use phone numbers you have called before or can otherwise verify. **Obtain the phone number of relevant parties to the transaction as soon as an escrow account is opened.** DO NOT send an email to verify as the email address may be incorrect or the email may be intercepted by the fraudster.

- **USE COMPLEX EMAIL PASSWORDS** that employ a combination of mixed case, numbers, and symbols. Make your passwords greater than eight (8) characters. Also, change your password often and do NOT reuse the same password for other online accounts.

- **USE MULTI-FACTOR AUTHENTICATION** for email accounts. Your email provider or IT staff may have specific instructions on how to implement this feature.

For more information on wire-fraud scams or to report an incident, please refer to the following links:

| *Federal Bureau of Investigation:* | *Internet Crime Complaint Center:* |
|:---:|:---:|
| *http://www.fbi.gov* | *http://www.ic3.gov* |

*TM and © Fidelity National Financial, Inc. and/or an affiliate. All rights reserved*

EXHIBIT 7
PAGE 345

**Fidelity National Title Company**
1300 Dove Street, 3rd Floor, Newport Beach, CA 92660
Phone: (949) 788-2800   ●   Fax: (949) 341-0251

## Notice of Available Discounts

Pursuant to Section 2355.3 in Title 10 of the California Code of Regulations Fidelity National Financial, Inc. and its subsidiaries ("FNF") must deliver a notice of each discount available under our current rate filing along with the delivery of escrow instructions, a preliminary report or commitment.  Please be aware that the provision of this notice does not constitute a waiver of the consumer's right to be charged the filed rate.   As such, your transaction may not qualify for the below discounts.

You are encouraged to discuss the applicability of one or more of the below discounts with a Company representative.  These discounts are generally described below; consult the rate manual for a full description of the terms, conditions and requirements for such discount.  These discounts only apply to transactions involving services rendered by the FNF Family of Companies.  This notice only applies to transactions involving property improved with a one-to-four family residential dwelling.

Not all discounts are offered by every FNF Company. The discount will only be applicable to the FNF Company as indicated by the named discount.

| **FNF Underwritten Title Company** | **Underwritten by FNF Underwriters** |
|---|---|
| CTC – Chicago Title company | CTIC – Chicago Title Insurance Company |
| CLTC – Commonwealth Land Title Company | CLTIC - Commonwealth Land Title Insurance Company |
| FNTC – Fidelity National Title Company of California | FNTIC – Fidelity National Title Insurance Company |
| FNTCCA - Fidelity National Title Company of California | FNTIC - Fidelity National Title Insurance Company |
| TICOR – Ticor Title Company of California | CTIC – Chicago Title Insurance Company |
| LTC – Lawyer's Title Company | CLTIC – Commonwealth Land Title Insurance Company |
| SLTC – ServiceLink Title Company | CTIC – Chicago Title Insurance Company |

### Available Discounts

**DISASTER LOANS (CTIC, CLTIC, FNTIC)**
The charge for a Lender's Policy (Standard or Extended coverage) covering the financing or refinancing by an owner of record, within twenty-four (24) months of the date of a declaration of a disaster area by the government of the United States or the State of California on any land located in said area, which was partially or totally destroyed in the disaster, will be fifty percent (50%) of the appropriate title insurance rate.

**CHURCHES OR CHARITABLE NON-PROFIT ORGANIZATIONS (CTIC, FNTIC)**
On properties used as a church or for charitable purposes within the scope of the normal activities of such entities, provided said charge is normally the church's obligation the charge for an owner's policy shall be fifty percent (50%) to seventy percent (70%) of the appropriate title insurance rate, depending on the type of coverage selected. The charge for a lender's policy shall be forty (40%) to fifty percent (50%) of the appropriate title insurance rate, depending on the type of coverage selected.

Notice of Available Discounts (Rev. 01-15-20)                          Last Saved:  April 2, 2021 by SP1
MISC0164 (DSI Rev. 03/12/20)                                Escrow No.: 00346566-997-OC1-245

EXHIBIT 7
PAGE 346

**FIDELITY NATIONAL FINANCIAL, INC.**
**PRIVACY NOTICE**

Effective January 1, 2021

Fidelity National Financial, Inc. and its majority-owned subsidiary companies (collectively, "FNF," "our," or "we") respect and are committed to protecting your privacy. This Privacy Notice explains how we collect, use, and protect personal information, when and to whom we disclose such information, and the choices you have about the use and disclosure of that information.

A limited number of FNF subsidiaries have their own privacy notices.  If a subsidiary has its own privacy notice, the privacy notice will be available on the subsidiary's website and this Privacy Notice does not apply.

<u>Collection of Personal Information</u>
FNF may collect the following categories of Personal Information:
- contact information (*e.g.*, name, address, phone number, email address);
- demographic information (*e.g.*, date of birth, gender, marital status);
- identity information (*e.g.* Social Security Number, driver's license, passport, or other government ID number);
- financial account information (*e.g.* loan or bank account information); and
- other personal information necessary to provide products or services to you.

We may collect Personal Information about you from:
- information we receive from you or your agent;
- information about your transactions with FNF, our affiliates, or others; and
- information we receive from consumer reporting agencies and/or governmental entities, either directly from these entities or through others.

<u>Collection of Browsing Information</u>
FNF automatically collects the following types of Browsing Information when you access an FNF website, online service, or application (each an "FNF Website") from your Internet browser, computer, and/or device:
- Internet Protocol (IP) address and operating system;
- browser version, language, and type;
- domain name system requests; and
- browsing history on the FNF Website, such as date and time of your visit to the FNF Website and visits to the pages within the FNF Website.

Like most websites, our servers automatically log each visitor to the FNF Website and may collect the Browsing Information described above. We use Browsing Information for system administration, troubleshooting, fraud investigation, and to improve our websites. Browsing Information generally does not reveal anything personal about you, though if you have created a user account for an FNF Website and are logged into that account, the FNF Website may be able to link certain browsing activity to your user account.

<u>Other Online Specifics</u>
<u>Cookies</u>. When you visit an FNF Website, a "cookie" may be sent to your computer. A cookie is a small piece of data that is sent to your Internet browser from a web server and stored on your computer's hard drive. Information gathered using cookies helps us improve your user experience. For example, a cookie can help the website load properly or can customize the display page based on your browser type and user preferences. You can choose whether or not to accept cookies by changing your Internet browser settings. Be aware that doing so may impair or limit some functionality of the FNF Website.

<u>Web Beacons</u>. We use web beacons to determine when and how many times a page has been viewed. This information is used to improve our websites.

<u>Do Not Track</u>. Currently our FNF Websites do not respond to "Do Not Track" features enabled through your browser.

<u>Links to Other Sites</u>.  FNF Websites may contain links to unaffiliated third-party websites. FNF is not responsible for the privacy practices or content of those websites. We recommend that you read the privacy policy of every website you visit.

<u>Use of Personal Information</u>
FNF uses Personal Information for three main purposes:
- To provide products and services to you or in connection with a transaction involving you.
- To improve our products and services.
- To communicate with you about our, our affiliates', and others' products and services, jointly or independently.

<u>When Information Is Disclosed</u>
We may disclose your Personal Information and Browsing Information in the following circumstances:
- to enable us to detect or prevent criminal activity, fraud, material misrepresentation, or nondisclosure;
- to nonaffiliated service providers who provide or perform services or functions on our behalf and who agree to use the information only to provide such services or functions;

Copyright © 2021. Fidelity National Financial, Inc. All Rights Reserved
Order No. 00346566-997-OC1-245

EXHIBIT 7
PAGE 347

- to nonaffiliated third party service providers with whom we perform joint marketing, pursuant to an agreement with them to jointly market financial products or services to you;
- to law enforcement or authorities in connection with an investigation, or in response to a subpoena or court order; or
- in the good-faith belief that such disclosure is necessary to comply with legal process or applicable laws, or to protect the rights, property, or safety of FNF, its customers, or the public.

The law does not require your prior authorization and does not allow you to restrict the disclosures described above. Additionally, we may disclose your information to third parties for whom you have given us authorization or consent to make such disclosure. We do not otherwise share your Personal Information or Browsing Information with nonaffiliated third parties, except as required or permitted by law. We may share your Personal Information with affiliates (other companies owned by FNF) to directly market to you. Please see "Choices with Your Information" to learn how to restrict that sharing.

We reserve the right to transfer your Personal Information, Browsing Information, and any other information, in connection with the sale or other disposition of all or part of the FNF business and/or assets, or in the event of bankruptcy, reorganization, insolvency, receivership, or an assignment for the benefit of creditors. By submitting Personal Information and/or Browsing Information to FNF, you expressly agree and consent to the use and/or transfer of the foregoing information in connection with any of the above described proceedings.

## Security of Your Information
We maintain physical, electronic, and procedural safeguards to protect your Personal Information.

## Choices With Your Information
If you do not want FNF to share your information among our affiliates to directly market to you, you may send an "opt out" request as directed at the end of this Privacy Notice. We do not share your Personal Information with nonaffiliates for their use to direct market to you without your consent.

Whether you submit Personal Information or Browsing Information to FNF is entirely up to you. If you decide not to submit Personal Information or Browsing Information, FNF may not be able to provide certain services or products to you.

For California Residents: We will not share your Personal Information or Browsing Information with nonaffiliated third parties, except as permitted by California law. For additional information about your California privacy rights, please visit the "California Privacy" link on our website (https://fnf.com/pages/californiaprivacy.aspx) or call (888) 413-1748.

For Nevada Residents: You may be placed on our internal Do Not Call List by calling (888) 934-3354 or by contacting us via the information set forth at the end of this Privacy Notice. Nevada law requires that we also provide you with the following contact information: Bureau of Consumer Protection, Office of the Nevada Attorney General, 555 E. Washington St., Suite 3900, Las Vegas, NV 89101; Phone number: (702) 486-3132; email: BCPINFO@ag.state.nv.us.

For Oregon Residents:  We will not share your Personal Information or Browsing Information with nonaffiliated third parties for marketing purposes, except after you have been informed by us of such sharing and had an opportunity to indicate that you do not want a disclosure made for marketing purposes.

For Vermont Residents: We will not disclose information about your creditworthiness to our affiliates and will not disclose your personal information, financial information, credit report, or health information to nonaffiliated third parties to market to you, other than as permitted by Vermont law, unless you authorize us to make those disclosures.

## Information From Children
The FNF Websites are not intended or designed to attract persons under the age of eighteen (18).We do not collect Personal Information from any person that we know to be under the age of thirteen (13) without permission from a parent or guardian.

## International Users
FNF's headquarters is located within the United States. If you reside outside the United States and choose to provide Personal Information or Browsing Information to us, please note that we may transfer that information outside of your country of residence. By providing FNF with your Personal Information and/or Browsing Information, you consent to our collection, transfer, and use of such information in accordance with this Privacy Notice.

## FNF Website Services for Mortgage Loans
Certain FNF companies provide services to mortgage loan servicers, including hosting websites that collect customer information on behalf of mortgage loan servicers (the "Service Websites"). The Service Websites may contain links to both this Privacy Notice and the mortgage loan servicer or lender's privacy notice. The sections of this Privacy Notice titled When Information is Disclosed, Choices with Your Information, and Accessing and Correcting Information do not apply to the Service Websites. The mortgage loan servicer or lender's privacy notice governs use, disclosure, and access to your Personal Information. FNF does not share Personal Information collected through the Service Websites, except as required or authorized by contract with the mortgage loan servicer or lender, or as required by law or in the good-faith belief that such disclosure is necessary: to comply with a legal process or applicable law, to enforce this Privacy Notice, or to protect the rights, property, or safety of FNF or the public.

**Your Consent To This Privacy Notice; Notice Changes; Use of Comments or Feedback**
By submitting Personal Information and/or Browsing Information to FNF, you consent to the collection and use of the information in accordance with this Privacy Notice. We may change this Privacy Notice at any time. The Privacy Notice's effective date will show the last date changes were made. If you provide information to us following any change of the Privacy Notice, that signifies your assent to and acceptance of the changes to the Privacy Notice.

**Accessing and Correcting Information; Contact Us**
If you have questions, would like to correct your Personal Information, or want to opt-out of information sharing for affiliate marketing, visit FNF's Opt Out Page or contact us by phone at (888) 934-3354 or by mail to:

Fidelity National Financial, Inc.
601 Riverside Avenue
Jacksonville, Florida 32204
Attn: Chief Privacy Officer

## ATTACHMENT ONE (Revised 05-06-16)

### CALIFORNIA LAND TITLE ASSOCIATION
### STANDARD COVERAGE POLICY – 1990

### EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1. (a) Any law, ordinance or governmental regulation (including but not limited to building or zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien, or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.

   (b) Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.

2. Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.

3. Defects, liens, encumbrances, adverse claims or other matters:

   (a) whether or not recorded in the public records at Date of Policy, but created, suffered, assumed or agreed to by the insured claimant;

   (b) not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became an insured under this policy;

   (c) resulting in no loss or damage to the insured claimant;

   (d) attaching or created subsequent to Date of Policy; or

   (e) resulting in loss or damage which would not have been sustained if the insured claimant had paid value for the insured mortgage or for the estate or interest insured by this policy.

4. Unenforceability of the lien of the insured mortgage because of the inability or failure of the insured at Date of Policy, or the inability or failure of any subsequent owner of the indebtedness, to comply with the applicable doing business laws of the state in which the land is situated.

5. Invalidity or unenforceability of the lien of the insured mortgage, or claim thereof, which arises out of the transaction evidenced by the insured mortgage and is based upon usury or any consumer credit protection or truth in lending law.

6. Any claim, which arises out of the transaction vesting in the insured the estate of interest insured by this policy or the transaction creating the interest of the insured lender, by reason of the operation of federal bankruptcy, state insolvency or similar creditors' rights laws.

### EXCEPTIONS FROM COVERAGE - SCHEDULE B, PART I

This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees or expenses) which arise by reason of:

1. Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public records.
   Proceedings by a public agency which may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the public records.

2. Any facts, rights, interests, or claims which are not shown by the public records but which could be ascertained by an inspection of the land or which may be asserted by persons in possession thereof.

3. Easements, liens or encumbrances, or claims thereof, not shown by the public records.

4. Discrepancies, conflicts in boundary lines, shortage in area, encroachments, or any other facts which a correct survey would disclose, and which are not shown by the public records.

5. (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b) or (c) are shown by the public records.

6. Any lien or right to a lien for services, labor or material not shown by the public records.

### CLTA HOMEOWNER'S POLICY OF TITLE INSURANCE (12-02-13)
### ALTA HOMEOWNER'S POLICY OF TITLE INSURANCE

### EXCLUSIONS

In addition to the Exceptions in Schedule B, You are not insured against loss, costs, attorneys' fees, and expenses resulting from:

1. Governmental police power, and the existence or violation of those portions of any law or government regulation concerning:
   a. building;
   b. zoning;
   c. land use;
   d. improvements on the Land;
   e. land division; and
   f. environmental protection.
   This Exclusion does not limit the coverage described in Covered Risk 8.a., 14, 15, 16, 18, 19, 20, 23 or 27.

2. The failure of Your existing structures, or any part of them, to be constructed in accordance with applicable building codes. This Exclusion does not limit the coverage described in Covered Risk 14 or 15.

3. The right to take the Land by condemning it.  This Exclusion does not limit the coverage described in Covered Risk 17.

4. Risks:
   a. that are created, allowed, or agreed to by You, whether or not they are recorded in the Public Records;
   b. that are Known to You at the Policy Date, but not to Us, unless they are recorded in the Public Records at the Policy Date;

© California Land Title Association. All rights reserved.
The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

EXHIBIT 7
PAGE 350

c.   that result in no loss to You; or
d.   that first occur after the Policy Date - this does not limit the coverage described in Covered Risk 7, 8.e., 25, 26, 27 or 28.
5.  Failure to pay value for Your Title.
6.  Lack of a right:
    a.   to any land outside the area specifically described and referred to in paragraph 3 of Schedule A; and
    b.   in streets, alleys, or waterways that touch the Land.
    This Exclusion does not limit the coverage described in Covered Risk 11 or 21.
7.  The transfer of the Title to You is invalid as a preferential transfer or as a fraudulent transfer or conveyance under federal bankruptcy, state insolvency, or similar creditors' rights laws.
8.  Contamination, explosion, fire, flooding, vibration, fracturing, earthquake, or subsidence.
9.  Negligence by a person or an Entity exercising a right to extract or develop minerals, water, or any other substances.

## LIMITATIONS ON COVERED RISKS

Your insurance for the following Covered Risks is limited on the Owner's Coverage Statement as follows:
- For Covered Risk 16, 18, 19, and 21 Your Deductible Amount and Our Maximum Dollar Limit of Liability shown in Schedule A.
The deductible amounts and maximum dollar limits shown on Schedule A are as follows:

|  | Your Deductible Amount | Our Maximum Dollar Limit of Liability |
|---|---|---|
| Covered Risk 16: | 1.00% of Policy Amount Shown in Schedule A or $2,500.00 (whichever is less) | $ 10,000.00 |
| Covered Risk 18: | 1.00% of Policy Amount Shown in Schedule A or $5,000.00 (whichever is less) | $ 25,000.00 |
| Covered Risk 19: | 1.00% of Policy Amount Shown in Schedule A or $5,000.00 (whichever is less) | $ 25,000.00 |
| Covered Risk 21: | 1.00% of Policy Amount Shown in Schedule A or $2,500.00 (whichever is less) | $ 5,000.00 |

## 2006 ALTA LOAN POLICY (06-17-06)

## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:
1.  (a)   Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
        (i)    the occupancy, use, or enjoyment of the Land;
        (ii)   the character, dimensions, or location of any improvement erected on the Land;
        (iii)  the subdivision of land; or
        (iv)   environmental protection;
        or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5.
    (b)   Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 6.
2.  Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.
3.  Defects, liens, encumbrances, adverse claims, or other matters
    (a)   created, suffered, assumed, or agreed to by the Insured Claimant;
    (b)   not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
    (c)   resulting in no loss or damage to the Insured Claimant;
    (d)   attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 11, 13 or 14); or
    (e)   resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Insured Mortgage.
4.  Unenforceability of the lien of the Insured Mortgage because of the inability or failure of an Insured to comply with applicable doing-business laws of the state where the Land is situated.
5.  Invalidity or unenforceability in whole or in part of the lien of the Insured Mortgage that arises out of the transaction evidenced by the Insured Mortgage and is based upon usury or any consumer credit protection or truth-in-lending law.
6.  Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction creating the lien of the Insured Mortgage, is
    (a)   a fraudulent conveyance or fraudulent transfer, or
    (b)   a preferential transfer for any reason not stated in Covered Risk 13(b) of this policy.
7.  Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching between Date of Policy and the date of recording of the Insured Mortgage in the Public Records.  This Exclusion does not modify or limit the coverage provided under Covered Risk 11(b).

The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

## EXCEPTIONS FROM COVERAGE

{Except as provided in Schedule B - Part II,{ t{or T}his policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees or expenses, that arise by reason of:

Attachment One – CA (Rev. 05-06-16)                                                                                       Page 2

© California Land Title Association. All rights reserved.
The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

EXHIBIT 7
PAGE 351

## {PART I

{The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

1.  (a) Taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records; (b) proceedings by a public agency that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.
2.  Any facts, rights, interests, or claims that are not shown by the Public Records but that could be ascertained by an inspection of the Land or that may be asserted by persons in possession of the Land.
3.  Easements, liens or encumbrances, or claims thereof, not shown by the Public Records.
4.  Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land and not shown by the Public Records.
5.  (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b), or (c) are shown by the Public Records.
6.  Any lien or right to a lien for services, labor or material not shown by the Public Records.}

## PART II

In addition to the matters set forth in Part I of this Schedule, the Title is subject to the following matters, and the Company insures against loss or damage sustained in the event that they are not subordinate to the lien of the Insured Mortgage:}

## 2006 ALTA OWNER'S POLICY (06-17-06)

## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:

1.  (a) Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
    (i)   the occupancy, use, or enjoyment of the Land;
    (ii)   the character, dimensions, or location of any improvement erected on the Land;
    (iii)  the subdivision of land; or
    (iv)  environmental protection;
    or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5.
    (b) Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 6.
2.  Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.
3.  Defects, liens, encumbrances, adverse claims, or other matters
    (a)  created, suffered, assumed, or agreed to by the Insured Claimant;
    (b)  not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
    (c)  resulting in no loss or damage to the Insured Claimant;
    (d)  attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 9 and 10); or
    (e)  resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Title.
4.  Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction vesting the Title as shown in Schedule A, is
    (a)  a fraudulent conveyance or fraudulent transfer; or
    (b)  a preferential transfer for any reason not stated in Covered Risk 9 of this policy.
5.  Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching between Date of Policy and the date of recording of the deed or other instrument of transfer in the Public Records that vests Title as shown in Schedule A.

The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

## EXCEPTIONS FROM COVERAGE

This policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees or expenses, that arise by reason of:
{The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

1.  (a) Taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records; (b) proceedings by a public agency that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.
2.  Any facts, rights, interests, or claims that are not shown in the Public Records but that could be ascertained by an inspection of the Land or that may be asserted by persons in possession of the Land.
3.  Easements, liens or encumbrances, or claims thereof, not shown by the Public Records.
4.  Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land and that are not shown by the Public Records.
5.  (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b), or (c) are shown by the Public Records.
6.  Any lien or right to a lien for services, labor or material not shown by the Public Records. }
7.  {Variable exceptions such as taxes, easements, CC&R's, etc. shown here.}

© California Land Title Association. All rights reserved.
The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

EXHIBIT 7
PAGE 352

**ALTA EXPANDED COVERAGE RESIDENTIAL LOAN POLICY – ASSESSMENTS PRIORITY (04-02-15)**

**EXCLUSIONS FROM COVERAGE**

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1. (a) Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
   (i)    the occupancy, use, or enjoyment of the Land;
   (ii)   the character, dimensions, or location of any improvement erected on the Land;
   (iii)  the subdivision of land; or
   (iv)   environmental protection;
   or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5, 6, 13(c), 13(d), 14 or 16.

   (b) Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 5, 6, 13(c), 13(d), 14 or 16.

2. Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.

3. Defects, liens, encumbrances, adverse claims, or other matters
   (a) created, suffered, assumed, or agreed to by the Insured Claimant;
   (b) not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
   (c) resulting in no loss or damage to the Insured Claimant;
   (d) attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 11, 16, 17, 18, 19, 20, 21, 22, 23, 24, 27 or 28); or
   (e) resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Insured Mortgage.

4. Unenforceability of the lien of the Insured Mortgage because of the inability or failure of an Insured to comply with applicable doing-business laws of the state where the Land is situated.

5. Invalidity or unenforceability in whole or in part of the lien of the Insured Mortgage that arises out of the transaction evidenced by the Insured Mortgage and is based upon usury, or any consumer credit protection or truth-in-lending law. This Exclusion does not modify or limit the coverage provided in Covered Risk 26.

6. Any claim of invalidity, unenforceability or lack of priority of the lien of the Insured Mortgage as to Advances or modifications made after the Insured has Knowledge that the vestee shown in Schedule A is no longer the owner of the estate or interest covered by this policy. This Exclusion does not modify or limit the coverage provided in Covered Risk 11.

7. Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching subsequent to Date of Policy. This Exclusion does not modify or limit the coverage provided in Covered Risk 11(b) or 25.

8. The failure of the residential structure, or any portion of it, to have been constructed before, on or after Date of Policy in accordance with applicable building codes.  This Exclusion does not modify or limit the coverage provided in Covered Risk 5 or 6.

9. Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction creating the lien of the Insured Mortgage, is
   (a) a fraudulent conveyance or fraudulent transfer, or
   (b) a preferential transfer for any reason not stated in Covered Risk 27(b) of this policy.

10. Contamination, explosion, fire, flooding, vibration, fracturing, earthquake, or subsidence.

11. Negligence by a person or an Entity exercising a right to extract or develop minerals, water, or any  other substances.

© **California Land Title Association. All rights reserved.**
The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

EXHIBIT 7
PAGE 353



This map/plat is being furnished as an aid in locating the herein described Land in relation to adjoining streets, natural boundaries and other land, and is not a survey of the land depicted. Except to the extent a policy of title insurance is expressly modified by endorsement, if any, the Company does not insure dimensions, distances, location of easements, acreage or other matters shown thereon.

Order: 00346566
Doc: RV:A 603-22

Page 1 of 1

Requested By: Suthon , Printed: 4/2/2021 3:45 PM

EXHIBIT 7
PAGE 354

# EXHIBIT 8

RECORDING REQUESTED BY
Silhouette Outdoor Furniture, Inc.

AND WHEN RECORDED MAIL DOCUMENT TO:
NAME        Ryan M. Lapine, Esq.

STREET ADDRESS        333 South Hope Street, 18th Floor

CITY, STATE &
ZIP CODE        Los Angeles, California 90071

**2019-0336225**

08/29/2019 03:15 PM Fee: $ 20.00
Page 1 of 3
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

SPACE ABOVE FOR RECORDER'S USE ONLY

## DEFAULT JUDGMENT

### Title of Document

Pursuant to Senate Bill 2 – Building Homes and Jobs Act (GC Code Section 27388.1), effective January 1, 2018, a fee of seventy-five dollars ($75.00) shall be paid at the time of recording of every real estate instrument, paper, or notice required or permitted by law to be recorded, except those expressly exempted from payment of recording fees, per each single transaction per parcel of real property. The fee imposed by this section shall not exceed two hundred twenty-five dollars ($225.00).

☐ Exempt from fee per GC 27388.1 (a) (2); recorded concurrently "in connection with" a transfer subject to the imposition of documentary transfer tax (DTT).

☐ Exempt from fee per GC 27388.1 (a) (2); recorded concurrently "in connection with" a transfer of real property that is a residential dwelling to an owner-occupier.

☐ Exempt from fee per GC 27388.1 (a) (1); fee cap of $225.00 reached.

☒ Exempt from the fee per GC 27388.1 (a) (1); not related to real property.

**THIS COVER SHEET ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION**
**($3.00 Additional Recording Fee Applies)**

*Description: Riverside,CA Document - Year.DocID 2019.336225 Page: 1 of 3*
*Order: dd Comment:*

EXHIBIT 8
PAGE 356

# JS-6

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

|  |  |
|---|---|
| **SILHOUETTE OUTDOOR FURNITURE, INC.,** <br><br> Plaintiff, <br><br> v. <br><br> **GLENROY COACHELLA, LLC and DOES 1–10,** <br><br> Defendants. | Case No.: EDCV 19-00373-CJC(KKx) <br><br> **DEFAULT JUDGMENT** |

**JUDGMENT IS HEREBY ENTERED** in favor of Plaintiff Silhouette Outdoor Furniture, Inc., and against Defendant Glenroy Coachella, LLC, in accordance with the terms of the Court's Order granting Plaintiff's motion for default judgment.

//

-1-

EXHIBIT 8
PAGE 357

1    The Court **AWARDS** Plaintiff $89,110.62 in damages and $5,164.42 in attorneys'

2  fees.

3

4

5    DATED:    July 2, 2019

6                                                          _____

7                                                          CORMAC J. CARNEY

8                                                          UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23                                    JUL 29 2019
                    I hereby attest and certify on ____
24                  that the foregoing document is a full, true
                    and correct copy of the original on file in
25                  my office, and in my legal custody.

26                  CLERK U.S. DISTRICT COURT
                    CENTRAL DISTRICT OF CALIFORNIA
27
                    DEPUTY CLERK                    (1099)
28

-2-

EXHIBIT 8
PAGE 358

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled: **CHAPTER 11 TRUSTEE'S MOTION FOR ORDER AUTHORIZING: 1) SALE OF REAL PROPERTY LOCATED AT 84151 AVENUE 48, COACHELLA, CA AND RELATED ASSETS: (A) OUTSIDE THE ORDINARY COURSE OF BUSINESS; (B) FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES; (C) SUBJECT TO OVERBID; (D) FOR DETERMINATION OF GOOD FAITH PURCHASER UNDER 11 U.S.C. §363(m); AND 2) ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES UNDER 11 U.S.C. §365 MEMORANDUM OF POINTS OF AUTHORITIES; DECLARATION OF RICHARD A. MARSHACK IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 15, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On **September 15, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 15, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA OVERNIGHT MAIL:**
**PRESIDING JUDGE'S COPY**
HONORABLE SHERI BLUEBOND
UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA
EDWARD R. ROYBAL FEDERAL BUILDING AND COURTHOUSE
255 E. TEMPLE STREET, SUITE 1534 / COURTROOM 1539
LOS ANGELES, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 15, 2021 | Layla Buchanan | /s/ Layla Buchanan |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:

- **ATTORNEY FOR INTERESTED PARTY EFO FINANCIAL GROUP LLC:** Steven M Berman sberman@slk-law.com, awit@shumaker.com; bgasaway@shumaker.com
- **ATTORNEY FOR CREDITOR SAXON ENGINEERING SERVICES INC AND COMMITTEE OF UNSECURED CREDITORS:** Daren Brinkman office@brinkmanlaw.com, 7764052420@filings.docketbird.com
- **ATTORNEY FOR CREDITOR DOUG WALL CONSTRUCTION:** Caroline Djang caroline.djang@bbklaw.com, laurie.verstegen@bbklaw.com; wilma.escalante@bbklaw.com
- **INTERESTED PARTY COURTESY NEF:** Jenny L Doling JD@jdl.law, dolingjr92080@notify.bestcase.com
- **ATTORNEY FOR CREDITORS LASERSCOPIC MEDICAL CLINIC, LLC; LASERSCOPIC SPINAL CENTERS OF AMERICA, INC.; AND JOE SAMUEL BAILEY:** Jonathan R Doolittle    jonathan.doolittle@pillsburylaw.com
- **ATTORNEY FOR U.S. TRUSTEE (LA):** Eryk R Escobar eryk.r.escobar@usdoj.gov
- **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** Chad V Haes chaes@marshackhays.com, chaes@ecf.courtdrive.com; cmendoza@ecf.courtdrive.com; cmendoza@marshackhays.com; kfrederick@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR BLAIR AIR, INC.:** Brian S Harnik bharnik@rhlawfirm.com, bharnik@rhlawfirm.com
- **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR ORCO BLOCK & HARDSCAPE:** William C Hoggard wch@wchlawgroup.com, admin@wchlawgroup.com
- **INTERESTED PARTY COURTESY NEF:** Mark S Horoupian mhoroupian@sulmeyerlaw.com, mhoroupian@ecf.inforuptcy.com; ccaldwell@sulmeyerlaw.com
- **ATTORNEY FOR CREDITOR U.S. REAL ESTATE CREDITOR HOLDINGS III-A, LP:** Marsha A Houston mhouston@reedsmith.com
- **INTERESTED PARTY COURTESY NEF:** Michael S Kogan mkogan@koganlawfirm.com
- **ATTORNEY FOR INTERESTED PARTY GARY STIFFELMAN:** Timothy R Laquer trl@ddclaw.com, trl@ddclaw.com
- **ATTORNEY FOR DEBTOR GLENROY COACHELLA, LLC:** Crystle Jane Lindsey crystle@wsrlaw.net, crystle@cjllaw.com; gabby@wsrlaw.net; dairi@wsrlaw.net
- **INTERESTED PARTY COURTESY NEF:** Tinho Mang tmang@marshackhays.com, tmang@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@ecf.courtdrive.com
- **TRUSTEE RICHARD A MARSHACK (TR):** Richard A Marshack (TR) pkraus@marshackhays.com, rmarshack@iq7technology.com; ecf.alert+Marshack@titlexi.com
- **ATTORNEY FOR CREDITOR PORSCHE FINANCIAL SERVICES, INC. dba BENTLEY FINANCIAL SERVICES and CREDITOR PORSCHE LEASING LTD:** Stacey A Miller smiller@tharpe-howell.com
- **ATTORNEY FOR INTERESTED PARTY STUART RUBIN:** Sean A OKeefe sokeefe@okeefelc.com, seanaokeefe@msn.com
- **INTERESTED PARTY COURTESY NEF:** R Gibson Pagter, Jr.: gibson@ppilawyers.com, ecf@ppilawyers.com; pagterrr51779@notify.bestcase.com
- **INTERESTED PARTY COURTESY NEF:** Matthew D Pham mpham@hahnlawyers.com, marias@hahnlawyers.com; mpham@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR LAW OFFICES OF JEFFREY D SEGAL, A PROFESSIONAL CORPORATION:** Sheila M Pistone sheila@pistonelawoffice.com, sheilapistone@yahoo.com
- **ATTORNEY FOR CREDITOR GF INVESTMENT GROUP, INC. DBA THE INVESTMENT CENTER, A CALIFORNIA CORPORATION:** Maria Plumtree agrow@plumtreelaw.com, mplumtree@plumtreelaw.com
- **ATTORNEY FOR CREDITORS AL MILLER & SONS ROOFING CO INC; APPLE J PLUMBING; DESERT PALM ELECTRIC INC; JACOBSSON ENGINEERING CONSTRUCTION INC; MASCORRO CONCRETE CONSTRUCTION INC; TANDEM WEST GLASS INC; TEMALPAKH INC DBA THE WORKS FLOOR & WALL:** Thomas J Polis tom@polis-law.com, paralegal@polis-law.com; r59042@notify.bestcase.com
- **CREDITOR ALLY BANK LEASE TRUST – ASSIGNOR TO VEHICLE ASSET UNIVERSAL LEASING TRUST (AKA "VAULT TRUST", OR "V.A.U.L. TRUST", OR "VAULT", OR "V.A.U.L.T."), C/O AIS PORTFOLIO:** Arvind Nath Rawal arawal@aisinfo.com
- **INTERESTED PARTY COURTESY NEF:** Ronald N Richards ron@ronaldrichards.com, morani@ronaldrichards.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

- **ATTORNEY FOR CREDITOR CALIFORNIA STATEWIDE COMMUNITIES DEVELOPMENT AUTHORITY:**
  Debra Riley driley@allenmatkins.com
- **ATTORNEY FOR CREDITOR U.S. REAL ESTATE CREDITOR HOLDINGS III-A, LP:** Christopher O Rivas
  crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com
- **ATTORNEY FOR DEBTOR GLENROY COACHELLA, LLC:** James R Selth jim@wsrlaw.net, jselth@yahoo.com;
  dairi@wsrlaw.net; gabby@wsrlaw.net; vinnet@ecf.inforuptcy.com
- **ATTORNEY FOR INTERESTED PARTY LATHAM MANAGEMENT & CONSULTING SERVICES, INC.:** Leonard
  M Shulman lshulman@shulmanbastian.com
- **ATTORNEY FOR CREDITOR A. STUART RUBIN AND INTERESTED PARTIES ELLIOT LANDER AND
  STUART RUBIN:** Evan L Smith els@elsmithlaw.com
- **ATTORNEY FOR INTERESTED PARTY EDWIN W. LESLIE, RECEIVER:** Alan G Tippie
  atippie@sulmeyerlaw.com, atippie@ecf.courtdrive.com; pdillamar@sulmeyerlaw.com
- **U.S. TRUSTEE (LA):** United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
- **ATTORNEY FOR DEBTOR GLENROY COACHELLA, LLC:** Daniel J Weintraub dan@wsrlaw.net,
  vinnet@ecf.inforuptcy.com; gabby@wsrlaw.net; dairi@wsrlaw.net

**2. SERVED BY UNITED STATES MAIL**: CONTINUED:

| CREDITOR | SECURED CREDITOR | SECURED CREDITOR |
|---|---|---|
| ABC SUPPLY CO INC<br>ATTN: OFFICER, A MANAGING OR<br>GENERAL AGENT, OR TO ANY<br>OTHER AGENT AUTHORIZED BY<br>APPOINTMENT OR LAW TO<br>RECEIVE SERVICE<br>1 ABC PARKWAY<br>BELOIT, WI 53511-4466 | AL MILLER & SONS ROOFING CO.,<br>INC.<br>MATTHEW AARON MILLER, CHIEF<br>EXECUTIVE OFFICER<br>68260 HERMOSILLO<br>CATHEDRAL CITY, CA 92234 | AL MILLER & SONS ROOFING CO.,<br>INC.<br>RUSSELL EUGENE MILLER,<br>SECRETARY AND CHIEF FINANCIAL<br>OFFICER<br>50148 TWENTY-NINE PALMS<br>HIGHWAY<br>MORONGO VALLEY, CA 92256 |

| SECURED CREDITOR | SECURED CREDITOR | SECURED CREDITOR |
|---|---|---|
| AL MILLER & SONS ROOFING,<br>INC.<br>ATTN: OFFICER, A MANAGING OR<br>GENERAL AGENT, OR TO ANY<br>OTHER AGENT AUTHORIZED BY<br>APPOINTMENT OR LAW TO<br>RECEIVE SERVICE<br>68760 SUMMIT DR.<br>CATHEDRAL CITY, CA 92234-7344 | AL MILLER & SONS ROOFING, INC.<br>RUSSELL EUGENE MILLER, AGENT<br>FOR SERVICE OF PROCESS<br>68760 SUMMIT DR.<br>CATHEDRAL CITY, CA 92234-7344 | AL MILLER & SONS ROOFING, INC.<br>STEPHEN J. ARMSTRONG<br>44200 MONTEREY AVE., SUITE B<br>PALM DESERT, CA 92260-2708 |

| SECURED CREDITOR | SECURED CREDITOR | SECURED CREDITOR |
|---|---|---|
| AL MILLER & SONS ROOFING,<br>INC.<br>THOMAS J. POLIS<br>POLIS & ASSOCIATES, APLC<br>19800 MACARTHUR BLVD, SUITE<br>1000<br>IRVINE, CA 92612 | ALL PHASE DRYWALL &<br>DEVELOPMENT INC<br>ATTN: OFFICER, A MANAGING OR<br>GENERAL AGENT, OR TO ANY OTHER<br>AGENT AUTHORIZED BY<br>APPOINTMENT OR LAW TO RECEIVE<br>SERVICE<br>1928 LINCOLN DR., SUITE N.<br>ANNAPOLIS, MD 21401-4124 | ALL PHASE DRYWALL &<br>DEVELOPMENT INC<br>ATTN: OFFICER, A MANAGING OR<br>GENERAL AGENT, OR TO ANY<br>OTHER AGENT AUTHORIZED BY<br>APPOINTMENT OR LAW TO<br>RECEIVE SERVICE<br>1187 13TH ST.<br>IMPERIAL BEACH, CA 91932-3661 |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

**SECURED CREDITOR**
ALL PHASE DRYWALL &
DEVELOPMENT INC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
PO BOX 338
IMPERIAL BEACH, CA 91933

**SECURED CREDITOR**
ALL PHASE DRYWALL &
DEVELOPMENT INC
C/O MATT H. MORRIS
47040 WASHINGTON STREET, SUITE
3201
LA QUINTA, CA 92253-2635

**SECURED CREDITOR**
ALL PHASE DRYWALL &
DEVELOPMENT INC
GEORGE E BRAUDAWAY, AGENT
FOR SERVICE OF PROCESS
CEO, SECRETARY, CFO, DIRECTOR
144 PALM AVE
IMPERIAL BEACH, CA 91932

**SECURED CREDITOR**
ALL PHASE DRYWALL &
DEVELOPMENT INC
KOZBERG & BODELL, LLP
1801 CENTURY PARK EAST, 16TH
FL
LOS ANGELES, CA 90067

**CREDITOR**
ALL-WALL EQUIPMENT CO INC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
6561 W POST RD
LAS VEGAS, NV 89118-3414

**CREDITOR / POC ADDRESS**
ALLY BANK LEASE TRUST
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
PO BOX 130424
ROSEVILLE, MN 55113-0004

**CREDITOR**
ALLY FINANCIAL
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
P.O. BOX 78234
PHOENIX, AZ 85062-8234

**SECURED CREDITOR**
AMERICAN BUILDERS &
CONTRACTORS SUPPLY CO., INC.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
ONE ABC PKWY.
BELOIT, WI 53511-4466

**SECURED CREDITOR**
AMERICAN BUILDERS &
CONTRACTORS SUPPLY CO., INC.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
PO BOX 838
BELOIT, WI 53512

**SECURED CREDITOR**
AMERICAN BUILDERS &
CONTRACTORS SUPPLY CO., INC.
CSC - LAWYERS
INCORPORATING SERVICE
2710 GATEWAY OAKS DRIVE,
SUITE 150N
SACRAMENTO, CA 95833

**SECURED CREDITOR**
AMERICAN BUILDERS &
CONTRACTORS SUPPLY CO., INC.
KARL LEO, SECRETARY
ONE ABC PKWY.
BELOIT, WI 53511

**SECURED CREDITOR**
AMERICAN BUILDERS &
CONTRACTORS SUPPLY CO., INC.
KEITH F ROZOLIS, CHIEF
EXECUTIVE OFFICER
ONE ABC PKWY.
BELOIT, WI 53511

**SECURED CREDITOR**
AMERICAN BUILDERS &
CONTRACTORS SUPPLY CO., INC.
TODD BUEHL, CHIEF FINANCIAL
OFFICER
ONE ABC PKWY.
BELOIT, WI 53511

**CREDITOR / POC ADDRESS**
AMERICAN CONTRACTORS
INDEMNITY COMPANY
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
801 S FIGUEROA STREET, SUITE 700
LOS ANGELES, CA 90017

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

**SECURED CREDITOR**
APPLE J PLUMBING, INC.
SALINA MORALES, COLLECTION
MANAGER
EASY LAW CONSTRUCTION
NOTICES
1777 EAST LOS ANGELES
AVENUE, SUITE 203
SIMI VALLEY, CA 93065

**SECURED CREDITOR**
APPLE J PLUMBING, INC.
STEPHEN J. ARMSTRONG
44200 MONTEREY AVE., SUITE B
PALM DESERT, CA 92260-2708

**SECURED CREDITOR**
APPLE J PLUMBING, INC.
THOMAS J. POLIS
POLIS & ASSOCIATES, APLC
19800 MACARTHUR BLVD, SUITE
1000
IRVINE, CA 92612

**SECURED CREDITOR**
APPLE J PLUMBING, INC.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
45625 CITRUS AVENUE
INDIO, CA 92201

**SECURED CREDITOR**
APPLE J PLUMBING, INC.
JAMES HOUGHLAN, DIRECTOR
83086 ADARE CT
INDIO, CA 92203

**SECURED CREDITOR**
APPLE J PLUMBING, INC.
JEFFREY APPLE AS AGENT FOR
SERVICE OF PROCESS
CEO, SECRETARY, CFO
43755 GALAXY DR
LA QUINTA, CA 92253

**SECURED CREDITOR**
ART OF THE MUSE, LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
2222 5TH ST
BERKELEY, CA 94710

**SECURED CREDITOR**
ART OF THE MUSE, LLC
BUSINESS FILINGS INCORPORATED
330 N BRAND BLVD
GLENDALE, CA 91203

**SECURED CREDITOR**
ART OF THE MUSE, LLC
JENNY AMBROSE, CONTROLLER
2222 5TH ST
BERKELEY, CA 94710

**SECURED CREDITOR**
ART OF THE MUSE, LLC
KATHLEEN M MCINTYRE,
MANAGER/MEMBER
110 SANTA ROSA AVE
SAUSALITO, CA 94710

**SECURED CREDITOR**
ART OF THE MUSE, LLC
TREVOR D LARGE
FAUVER LARGE ARCHBALD & SPRAY
LLP
820 STATE STREET, 4TH FLOOR
SANTA BARBARA, CA 93101

**NEW ADDR PER DK 243 06/01/21**
**SECURED CREDITOR**
ART OF THE MUSE, LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
2200 CENTRAL ST. UNIT D
RICHMOND, CA 94801

**CREDITOR**
ASR DEVELOPMENT CO
C/O STUART RUBIN
1801 S LA CIENEGA BLVD #301
LOS ANGELES, CA 90035-4658

**CREDITOR**
ATTORNEY GENERAL
UNITED STATES DEPARTMENT OF
JUSTICE
BEN FRANKLIN STATION
P.O. BOX 683
WASHINGTON, DC 20044

**CREDITOR**
BANK HAPOALIM B.M.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
1120 AVENUE OF THE AMERICAS
NEW YORK, NY 10036

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                      F 9013-3.1.PROOF.SERVICE

**CREDITOR**
BANK HAPOALIM B.M.
C/O C T CORPORATION SYSTEM,
AGENT FOR SERVICE OF
PROCESS
330 N BRAND BLVD
GLENDALE, CA 91203

**CREDITOR**
BERMAN LITIGATION GROUP
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
815 MORAGA DR.
LOS ANGELES, CA 90049-1633

**SECURED CREDITOR**
BLAIR AIR, INC.
SHAWN S BLAIR,  CHIEF
EXECUTIVE OFFICER
72438 JULIA WAY
THOUSAND PALMS, CA 92276

**SECURED CREDITOR**
BLAIR AIR, INC. DBA BLAIR
HEATING & AIR
C/O MAIL CENTER
REFERENCE ID 2420473
9450 SW GEMINI DR #7790
BEAVERTON, OR 97008-7105

**SECURED CREDITOR**
BMC WEST, LLC
CSC - LAWYERS
INCORPORATING SERVICE
2710 GATEWAY OAKS DRIVE,
SUITE 150N
SACRAMENTO, CA 95833

**20 LARGEST CREDITOR**
BARAJAS PLASTERING CO.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
81-328 AVENIDA ROMERO
INDIO, CA 92201-2865

**SECURED CREDITOR**
BLAIR AIR, INC.
DENISE A BLAIR, SECRETARY AND
CHIEF FINANCIAL OFFICER
72438 JULIA WAY
THOUSAND PALMS, CA 92276

**SECURED CREDITOR**
BLAIR AIR, INC.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
653 S. OLEANDER RD.
PALM SPRINGS, CA 92264-1502

**SECURED CREDITOR**
BMC WEST LLC
C/O MILENE APANIAN
ABDULAZIZ, GROSSBART & RUDMAN
6454 COLDWATER CANYON AVENUE
N HOLLYWOOD, CA 91606

**SECURED CREDITOR**
BMC WEST, LLC
DAVID E FLITMAN, CEO
4800 FALLS OF NEUSE RD., SUITE 400
RALEIGH, NC 27609

**20 LARGEST CREDITOR**
BENTLEY FINANCIAL SERVICES
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
ONE PORSCHE DRIVE
ATLANTA, GA 30354

**SECURED CREDITOR**
BLAIR AIR, INC.
DENNIS W WEBB, AGENT FOR
SERVICE OF PROCESS
46740 JUNI HILLS DR
AGUANGA, CA 92536

**SECURED CREDITOR**
BLAIR AIR, INC.
C/O BRIAN S HARNIK, ESQ OF
ROEMER & HARNICK LLP
45-025 MANITOU DR.
INDIAN WELLS, CA 92210-9068

**SECURED CREDITOR**
BMC WEST, LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
45-311 GOLF CENTER PARKWAY #B
INDIO, CA 92201

**SECURED CREDITOR**
BMC WEST, LLC
JAMES G MAJOR JR., MANAGER
4800 FALLS OF NEUSE RD., SUITE
400
RALEIGH, NC 27609

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**SECURED CREDITOR**
BMC WEST, LLC
TIMOTHY D JOHNSON, MANAGER
4800 FALLS OF NEUSE RD., SUITE 400
RALEIGH, NC 27609

**SECURED CREDITOR**
BMC WEST, LLC
TROY STICKNEY, MANAGER
25735 SPRINGBROOK AVE
SANTA CLARITA, CA 91350

**SECURED CREDITOR**
BMC WEST, LLC
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE
4800 FALLS OF NEUSE RD., SUITE 400
RALEIGH, NC 27609-8142

**CREDITOR / POC ADDRESS**
BRET H. REED JR., A LAW CORPORATION
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE
428 AVOCADO AVE.
CORONA DEL MAR, CA 92625-1915

**CREDITOR**
BROWN WHITE & OSBORN LLP
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE
333 S. HOPE ST., 40TH FL.
LOS ANGELES, CA 90071-3002

**CREDITOR**
BUILDERS TERMITE, INC.
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE
13610 IMPERIAL HIGHWAY, SUITE 4
SANTA FE SPRINGS, CA 90670-4873

**CREDITOR**
CA DEPT. OF TAX AND FEE ADMIN.
ACCOUNT INFORMATION GROUP, MIC:29
P.O. BOX 942879
SACRAMENTO, CA 94279-0029

**CREDITOR**
CALIFORNIA STATEWIDE COMMUNITIES DEV. AUTHORITY (PACE)
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE
600 WEST BROADWAY, 27TH FLOOR
SAN DIEGO, CA 92101

**CREDITOR**
CALIFORNIA STATEWIDE COMMUNITIES DEV. AUTHORITY (PACE)
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE
1700 NORTH BROADWAY, SUITE 405
WALNUT CREEK, CA 94596

**SECURED CREDITOR**
CALMWATER CAPITAL
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE
11755 WILSHIRE BLVD., SUITE 1425
LOS ANGELES, CA 90025-1506

**20 LARGEST CREDITOR**
CARRIER JOHNSON
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE
185 W. F ST., SUITE 500
SAN DIEGO, CA 92101-4012

**20 LARGEST CREDITOR / POC ADDRESS**
CARRIER JOHNSON, INC.
C/O K TODD CURRY, ESQ
185 WEST F STREET, STE 100
SAN DIEGO, CA 92101

**CREDITOR**
CHRISTOPHER FROST
EISNER, LLP
9601 WILSHIRE BLVD., 7TH FL.
LOS ANGELES, CA 90210-5211

**CREDITOR**
CHRISTOPHER J. KOORSTAD
1235 N. HARBOR BLVD., SUITE 200
FULLERTON, CA 92832-1349

**SECURED CREDITOR**
CHRISTOPHER W. BAYUK
5170 GOLDEN FOOTHILLS PARKWAY
EL DORADO HILLS, CA 95762-9608

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

**SECURED CREDITOR**
CITY OF COACHELLA
ARTURO AVILES, CITY
TREASURER
1515 SIXTH ST.
COACHELLA, CA 92236

**SECURED CREDITOR**
CITY OF COACHELLA
CASTULO R. ESTRADA, UTILITIES
MANAGER
53462 ENTERPRISE WAY
COACHELLA, CA 92236

**SECURED CREDITOR**
CITY OF COACHELLA
NATHAN STATHAM, FINANCE
DIRECTOR
53990 ENTERPRISE WAY
COACHELLA, CA 92236

**SECURED CREDITOR**
CITY OF COACHELLA
YESENIA BECERRIL, COMMUNITY
DEVELOPMENT TECHNICIAN
53990 ENTERPRISE WAY
COACHELLA, CA 92236

**SECURED CREDITOR**
CITY OF COACHELLA
ANGELA M. ZEPEDA, CITY CLERK
53-990 ENTERPRISE WAY
COACHELLA, CA 92236-2724

**SECURED CREDITOR**
CITY OF COACHELLA
BEST BEST & KREIGER LLP, ATTN:
CAROLINE R. DJANG
18101 VON KARMAN AVE. SUITE
1000
IRVINE, CA 926212

**SECURED CREDITOR**
CITY OF COACHELLA
CARLOS CAMPOS, CITY
ATTORNEY DIRECTOR
1515 SIXTH ST.
COACHELLA, CA 92236-1757

**20 LARGEST CREDITOR**
CITY OF COACHELLA
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
1515 SIXTH ST.
COACHELLA, CA 92236-1757

**20 LARGEST CREDITOR**
CITY OF COACHELLA
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
53-990 ENTERPRISE WAY
COACHELLA, CA 92236-2724

**CREDITOR**
CITY OF INDIO
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
100 CIVIC CENTER MALL
INDIO, CA 92201-4448

**CREDITOR**
CITY OF INDIO
RICHARDS WATSON & GERSHON
41000 MAIN STREET, SUITE 309
TEMECULA, CA 92590-2764

**CREDITOR**
CIVIL PROCESS CLERK
UNITED STATES ATTORNEY'S
OFFICE
FEDERAL BUILDING, ROOM 7516
300 NORTH LOS ANGELES STREET
LOS ANGELES, CA 90012

**CREDITOR**
COACHELLA LIGHTHOUSE LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
1801 LA CIENEGA BLVD., SUITE
301
LOS ANGELES, CA 90035-4658

**INTERESTED PARTY**
COACHELLA RESORT, LLC
BRIAN LEWIS, AGENT FOR SERVICE
OF PROCESS
44700 VILLAGE COURT, SUITE 100
PALM DESERT, CA 92270

**INTERESTED PARTY**
COACHELLA RESORT, LLC
ELLIOT LANDER, CEO, MANAGER
72780 COUNTRY CLUB DRIVE,
SUITE 301
RANCHO MIRAGE, CA 92270

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**INTERESTED PARTY**
COACHELLA RESORT, LLC
EVAN L. SMITH
MESSINA & HANKIN, LLP
24910 LAS BRISAS ROAD, SUITE
102
MURRIETA, CA 92562

**INTERESTED PARTY**
COACHELLA RESORT, LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
1801 S. LA CIENEGA BLVD., SUITE 301
LOS ANGELES, CA 90035-4658

**CREDITOR / POC ADDRESS**
COACHELLA RESORT, LLC
ATTN ELLIOT LANDER
72780 COUNTRY CLUB DR., SUITE
301
RANCHO MIRAGE, CA 92270-4150

**CREDITOR / POC ADDRESS**
COACHELLA VALLEY
COLLECTION SERVICE
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
P.O. BOX 13621
PALM DESERT, CA 92255-3621

**INTERESTED PARTY**
COACHELLA VALLEY COUNTY WATER
DISTRICT
CLERK OF THE BOARD
PO BOX 1058
COACHELLA, CA 92236

**INTERESTED PARTY**
COACHELLA VALLEY COUNTY
WATER DISTRICT
CLERK OF THE BOARD
51501 TYLER ST
COACHELLA, CA 92236

**INTERESTED PARTY**
COACHELLA VALLEY
RECREATION & PARKS DISTRICT
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
74945 SHERYL AVE
PALM DESERT, CA 92260

**INTERESTED PARTY**
COACHELLA VALLEY RECREATION &
PARKS DISTRICT
DESERT RECREATION DISTRICT,
DISTRICT OFFICE
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
45-305 OASIS STREET
INDIO, CA 92201

**CREDITOR**
COLLIERS INTERNATIONAL
GROUP, LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
11601 WILSHIRE BLVD., SUITE 1950
LOS ANGELES, CA 90025-0388

**20 LARGEST CREDITOR / POC
ADDRESS**
COLLIERS PROJECT LEADERS
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
135 NEW ROAD
MADISON, CT 06443-2508

**SECURED CREDITOR**
CONSTRUCTURE, INC.
BENJAMIN JOHN BOHANNAN, AGENT
FOR SERVICE OF PROCESS
CEO, CFO, SECRETARY, DIRECTOR
3940 LAUREL CANYON BLVD 908
STUDIO CITY, CA 91604

**SECURED CREDITOR**
CONSTRUCTURE, INC.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
3940 LAUREL CANYON BLVD., #908
STUDIO CITY, CA 91604-3709

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

**INTERESTED PARTY**
COUNTY OF RIVERSIDE
GREGORY P. PRIAMOS, COUNTY
COUNSEL
3960 ORANGE STREET, SUITE 500
RIVERSIDE, CA 92501

**CREDITOR**
CSC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
251 LITTLE FALLS DR.
WILMINGTON, DE 19808-1674

**CREDITOR**
CSCDA
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
1700 N. BROADWAY, SUITE 405
WALNUT CREEK, CA 94596-4184

**SECURED CREDITOR**
CUMMINS & WHITE, LLP
ATTN: EDWARD J FARRELL
2424 S.E. BRISTOL ST., SUITE 300
NEWPORT BEACH, CA 92660-0764

**SECURED CREDITOR**
DAL TILE DISTRIBUTION
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
P.O. BOX 12069
CALHOUN, GA 30703-7002

**SECURED CREDITOR**
DAL TILE DISTRIBUTION, INC.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
7834 C.F. HAWN FREEWAY
DALLAS, TX 75217-6529

**SECURED CREDITOR**
DAL-TILE DISTRIBUTION, INC.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
8583 IRVINE CENTER DRIVE #500
IRVINE, CA 92618

**SECURED CREDITOR**
DAL-TILE DISTRIBUTION, INC.
CSC - LAWYERS INCORPORATING
SERVICE
2710 GATEWAY OAKS DRIVE, SUITE
150N
SACRAMENTO, CA 95833

**SECURED CREDITOR**
DAL-TILE DISTRIBUTION, INC.
MATTHEW KAHNY, CHIEF
EXECUTIVE OFFICER
7834 C.F. HAWN FREEWAY
DALLAS, TX 75217-6529

**SECURED CREDITOR**
DAL-TILE DISTRIBUTION, INC.
RODNEY DAVID PATTON,
SECRETARY
7834 C.F. HAWN FREEWAY
DALLAS, TX 75217-6529

**SECURED CREDITOR**
DAL-TILE DISTRIBUTION, INC.
RODOLFO GABA JR.
GABA GUERRINI LAW CORPORATION
8583 IRVINE CENTER DRIVE #500
IRVINE, CA 92618

**SECURED CREDITOR**
DAL-TILE DISTRIBUTION, INC.
SHAILESH BETTADAPUR, CHIEF
FINANCIAL OFFICER
7834 C.F. HAWN FREEWAY
DALLAS, TX 75217-6529

**CREDITOR**
DAMIAN D. CAPOZZOLA
633 W. 5TH ST., 26TH FL.
LOS ANGELES, CA 90071-2053

**COUNSEL FOR CREDITORS
COMMITTEE**
DAREN BRINKMAN
4333 PK TERR DR STE 205
WESTLAKE VILLAGE, CA 91361

**CREDITOR**
DAVID A. SUDECK
JEFFER MANGELS BUTLER &
MITCHELL
1900 AVENUE OF THE STARS, 7TH
FL.
LOS ANGELES, CA 90067-4308

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

**CREDITOR**
DAVID R. BAAKE
350 EL MOLINO BLVD.
LAS CRUCES, NM 88005-2915

**SECURED CREDITOR**
DESERT ELECTRIC SUPPLY
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
74875 VELIE WAY
PALM DESERT, CA 92260-1965

**CREDITOR / POC ADDRESS**
DESERT MOVING COMPANY, LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
82585 SHOWCASE PARKWAY,
SUITE A 101
INDIO, CA 92203

**SECURED CREDITOR**
DESERT PALMS ELECTRIC, INC.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
PO BOX 432
PALM DESERT, CA 92260

**SECURED CREDITOR**
DESERT PALMS ELECTRIC, INC.
HY ROBIN FAULKNER, AGENT FOR
SERVICE OF PROCESS
CHIEF EXECUTIVE OFFICER,
DIRECTOR, PRESIDENT
73622 SUN LANE
PALM DESERT, CA 92260

**SECURED CREDITOR**
DESERT PALMS ELECTRIC, INC.
JACQUELINA SHERRY FAULKNER
SECRETARY AND CHIEF FINANCIAL
OFFICER
73622 SUN LANE
PALM DESERT, CA 92260

**SECURED CREDITOR**
DESERT PALMS ELECTRIC, INC.
SALINA MORALES, COLLECTION
MANAGER
EASY LAW CONSTRUCTION
NOTICES
1777 EAST LOS ANGELES
AVENUE, SUITE 203
SIMI VALLEY, CA 93065

**SECURED CREDITOR**
DESERT PALMS ELECTRIC, INC.
STEPHEN J. ARMSTRONG
44200 MONTEREY AVE., SUITE B
PALM DESERT, CA 92260-2708

**SECURED CREDITOR**
DESERT PALMS ELECTRIC, INC.
THOMAS J. POLIS
POLIS & ASSOCIATES, APLC
19800 MACARTHUR BLVD, SUITE
1000
IRVINE, CA 92612

**SECURED CREDITOR**
DESERT PALMS ELECTRIC, INC.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
40101 MONTEREY AVE.
RANCHO MIRAGE, CA 92270-3261

**20 LARGEST CREDITOR / POC
ADDRESS**
DESIGN DEVELOPMENT CO.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
28035 DOROTHY DR., SUITE 100
AGOURA HILLS, CA 91301-2635

**SECURED CREDITOR**
DOUG WALL CONSTRUCTION
MARC S. HOMME, APLC
PO BOX 4250
PALM DESERT, CA 92261-4250

**SECURED CREDITOR**
DOUG WALL CONSTRUCTION
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
78450 AVENUE 41
BERMUDA DUNES, CA 92203-1001

**SECURED CREDITOR**
DOUG WALL CONSTRUCTION, INC.
BEST BEST & KREIGER LLP, ATTN:
CAROLINE R. DJANG
18101 VON KARMAN AVE. SUITE 1000
IRVINE, CA 92612

**SECURED CREDITOR**
DOUG WALL CONSTRUCTION, INC.
DOUG WALL, AGENT FOR SERVICE
OF PROCESS
CHIEF EXECUTIVE OFFICER, CHIEF
FINANCIAL OFFICER, DIRECTOR,
PRESIDENT
78450 AVENUE 41
BERMUDA DUNES, CA 92203

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

**SECURED CREDITOR**
DOUG WALL CONSTRUCTION,
INC.
YVONNA WALL
SECRETARY AND DIRECTOR
78450 AVENUE 41
BERMUDA DUNES, CA 92203

**CREDITOR**
DUNN DESANTIS WALT & KENDRICK,
LLP
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
750 B ST., SUITE 2620
SAN DIEGO, CA 92101-8172

**SECURED CREDITOR**
EDWIN W LESLIE
LK ASSET ADVISORS
209 10TH AVE SOUTH SUITE 416
NASHVILLE, TN 37203-0772

**SECURED CREDITOR / POC
ADDRESS**
EDWIN W. LESLIE, RECEIVER
ALAN G TIPPIE, MARK S
HOROUPIAN, SULMEYERKUPETZ,
APC
333 SOUTH GRAND AVENUE, STE
3400
C/O ALAN G. TIPPIE
LOS ANGELES, CA 90071-1538

**CREDITOR**
EFO FINANCIAL GROUP LLC
SHUMAKER LOOP & KENDRICK LLP
C/O STEVEN M. BERMAN, ESQ.
101 E KENNEDY BLVD. STE 2800
TAMPA, FL 33602-5150

**CREDITOR**
EFO FINANCIAL GROUP, LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
9115 GALLERIA COURT, SUITE 105
NAPLES, FL 34109-4376

**CREDITOR / POC ADDRESS**
ELLIOT B. LANDER
72780 COUNTRY CLUB DR., SUITE
301
RANCHO MIRAGE, CA 92270-4150

**CREDITOR**
ERIC J. MONZO
500 DELAWARE AVE., SUITE 1500
WILMINGTON, DE 19801-1494

**CREDITOR'S COUNSEL**
EVAN L. SMITH
MESSINA & HANKIN LLP
24910 LAS BRISAS ROAD, SUITE
102
MURRIETA, CA 92562

**SECURED CREDITOR**
FERGUSON ENTERPRISES, LLC
ALEX B. HUTCHERSON,
MANAGER/MEMBER
12500 JEFFERSON AVE
NEWPORT NEWS, VA 23602

**SECURED CREDITOR**
FERGUSON ENTERPRISES, LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
P.O. BOX 2778
NEWPORT NEWS, VA 23609-0778

**SECURED CREDITOR**
FERGUSON ENTERPRISES, LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
12500 JEFFERSON AVE
NEWPORT NEWS, VA 23602

**SECURED CREDITOR**
FERGUSON ENTERPRISES, LLC
CORPORATE CREATIONS
NETWORK INC.
4640 ADMIRALTY WAY, 5TH
FLOOR
MARINA DEL REY, CA 90292

**SECURED CREDITOR**
FERGUSON ENTERPRISES, LLC
GEORGE H. SYKULSKI
P.O. BOX 10426
BURBANK, CA 91510

**SECURED CREDITOR**
FERGUSON ENTERPRISES, LLC
GEORGE H. SYKULSKI
3156 ABINGTON DR.
BEVERLY HILLS, CA 90210-1101

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                 **F 9013-3.1.PROOF.SERVICE**

**SECURED CREDITOR**
FERGUSON ENTERPRISES, LLC
IAN T. GARAHM,
MANAGER/MEMBER
12500 JEFFERSON AVE
NEWPORT NEWS, VA 23602

**SECURED CREDITOR**
FERGUSON ENTERPRISES, LLC
KEVIN M. MURPHY, MANAGER AND
CEO
12500 JEFFERSON AVE
NEWPORT NEWS, VA 23602

**SECURED CREDITOR**
FERGUSON ENTERPRISES, LLC
WILLIAM S. BRUNDAGE,
MANAGER/MEMBER
12500 JEFFERSON AVE
NEWPORT NEWS, VA 23602

**SECURED CREDITOR**
FIDELITY NATIONAL TITLE
COMPANY
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
1101 INVESTMENT BLVD., SUITE
170
EL DORADO HILLS, CA 95762-5746

**CREDITOR**
FIRE CODE INC.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
63 VIA PICO PLAZA, SUITE 102
SAN CLEMENTE, CA 92672-3998

**INTERESTED PARTY**
FORCE RUBIN 2, LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
1801 S. LA CIENEGA BLVD., SUITE
301
LOS ANGELES, CA 90035-4658

**INTERESTED PARTY**
FORCE RUBIN 2, LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
21650 W OXNARD STREET, #1700
WOODLAND HILLS, CA 91367

**INTERESTED PARTY**
FORCE RUBIN 2, LLC
JAMES R FELTON, AGENT FOR
SERVICE OF PROCESS
16000 VENTURA BLVD, STE 1000
ENCINO, CA 91436

**INTERESTED PARTY**
FORCE RUBIN 2, LLC
STUART RUBIN,
MANAGER/MEMBER
1801 S LA CIENEGA BLVD, STE 301
LOS ANGELES, CA 90035

**INTERESTED PARTY**
FORCE RUBIN LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
1801 S LA CIENEGA BLVD, STE
301
LOS ANGELES, CA 90035

**INTERESTED PARTY**
FORCE RUBIN LLC
JAMES R FELTON, AGENT FOR
SERVICE OF PROCESS
16000 VENTURA BLVD, STE 1000
ENCINO, CA 91436

**INTERESTED PARTY**
FORCE RUBIN LLC
STUART RUBIN,
MANAGER/MEMBER
1801 S LA CIENEGA BLVD, STE 301
LOS ANGELES, CA 90035

**CREDITOR**
FORCE-DMP LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
72780 COUNTRY CLUB DR., SUITE
301
RANCHO MIRAGE, CA 92270

**CREDITOR**
FORCE-DMP LLC
BRIAN M LEWIS, AGENT FOR SERVICE
OF PROCESS
44700 VILLAGE COURT, SUITE 100
PALM DESERT, CA 92260

**CREDITOR**
FORCE-DMP LLC
C/O MCGARRIGLE KENNEY &
ZAMPIELLO
9600 TOPANGA CANYON BLVD.,
SUITE 20
CHATSWORTH, CA 91311-4009

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                     **F 9013-3.1.PROOF.SERVICE**

**CREDITOR / POC ADDRESS**
FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

**CREDITOR / POC ADDRESS**
GARY STIFFELMAN
C/O DAMIAN D CAPOZZOLA ESQ
633 W FIFTH STREET, 26TH FLOOR
LOS ANGELES, CA 90071

**CREDITOR**
GARY STIFFELMAN
383 S. BEVERLY GLEN BLVD.
LOS ANGELES, CA 90024-2617

**SECURED CREDITOR**
GAUSTON CORP.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
45311 GOLF CENTER PKWY., UNIT
C
INDIO, CA 92201-7319

**SECURED CREDITOR**
GAUSTON CORP.
ERIC VAUGHN, SECRETARY
45311 GOLF CENTER PKWY., UNIT C
INDIO, CA 92201

**SECURED CREDITOR**
GAUSTON CORP.
JUSTIN TIDWELL, AGENT FOR
SERVICE OF PROCESS
CHIEF EXECUTIVE OFFICER, CHIEF
FINANCIAL OFFICER, DIRECTOR
45311 GOLF CENTER PKWY., UNIT
C
INDIO, CA 92201

**CREDITOR**
GEORGE FRAGOSO
C/O PLUMTREE & ASSOCIATES
11132 WINNERS CIRCLE, SUITE
G-207
LOS ALAMITOS, CA 90720

**SECURED CREDITOR**
GEORGE H. SYKULKSI
3156 ABINGTON DR.
BEVERLY HILLS, CA 90210-1101

**SECURED CREDITOR**
GEORGE H. SYKULKSI
P.O. BOX 10426
BURBANK, CA 91510-0426

**SECURED CREDITOR**
GF INVESTMENT GROUP, INC.
A. MARIA PLUMTREE
PLUMTREE & ASSOCIATES
11132 WINNERS CIRCLE, SUITE
G-207
LOS ALAMITOS, CA 90720

**SECURED CREDITOR**
GF INVESTMENT GROUP, INC.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
42600 GLASS DR.
BERMUDA DUNES, CA 92203-1468

**SECURED CREDITOR**
GF INVESTMENT GROUP, INC.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
PO BOX 5592
LA QUINTA, CA 92248

**SECURED CREDITOR**
GF INVESTMENT GROUP, INC.
GEORGE FRAGOSO, AGENT FOR
SERVICE OF PROCESS
CHIEF EXECUTIVE OFFICER,
CHIEF FINANCIAL OFFICER
42600 GLASS DR.
BERMUDA DUNES, CA 92203

**SECURED CREDITOR**
GF INVESTMENT GROUP, INC.
MARIA FRAGOSO
42600 GLASS DR.
BERMUDA DUNES, CA 92203

**SECURED CREDITOR**
GF INVESTMENT GROUP, INC. DBA
THE INVESTMENT
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
42600 GLASS DR.
BERMUDA DUNES, CA 92203-1468

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

**SECURED CREDITOR**
GLENDALE PLUMBING & FIRE
SUPPLY, INC.
ARMOND SARKISYAN, AGENT
FOR SERVICE OF PROCESS
CHIEF EXECUTIVE OFFICER,
SECRETARY, CHIEF FINANCIAL
OFFICER, DIRECTOR
723 SONORA AVE
GLENDALE, CA 91201

**SECURED CREDITOR**
GLENDALE PLUMBING & FIRE
SUPPLY, INC.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
4900 W. WASHINGTON BLVD.
LOS ANGELES, CA 90016-1416

**DEBTOR**
GLENROY COACHELLA, LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
1801 S. LA CIENEGA BLVD., SUITE
301
LOS ANGELES, CA 90035-4658

**CREDITOR / POC ADDRESS**
GLOSTER LA
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
471 N. ROBERTSON BLVD.
WEST HOLLYWOOD, CA 90048-
1733

**CREDITOR / POC ADDRESS**
GREENBERG & BASS AKA G&B LAW,
LLP
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
16000 VENTURA BLVD., SUITE 1000
ENCINO, CA 91436-2762

**OTHER PROFESSIONAL**
GROBSTEIN TEEPLE LLP
6300 CANOGA AVENUE SUITE
1500W
WOODLAND HILLS, CA 91367

**CREDITOR**
GRT RE INVESTMENT LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
2664 PEPPERDALE DR.
ROWLAND HEIGHTS, CA 91748-
4928

**SECURED CREDITOR**
GURALNICK & GILLILAND, LLP
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
40004 COOK ST., SUITE 3
PALM DESERT, CA 92211-5802

**SECURED CREDITOR**
HAJOCA CORPORATION
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
2001 JOSHUA RD.
LAFAYETTE HILL, PA 19444-2431

**SECURED CREDITOR**
HAJOCA CORPORATION
CHRISTOPHER W BAYUK
5170 GOLDEN FOOTHILLS
PARKWAY
EL DORADO HILLS, CA 95762-9608

**SECURED CREDITOR**
HAJOCA CORPORATION
CSC - LAWYERS INCORPORATING
SERVICE
2710 GATEWAY OAKS DRIVE, SUITE
150N
SACRAMENTO, CA 95833

**SECURED CREDITOR**
HAJOCA CORPORATION
ERIC LOPOTEN, SECRETARY
2001 JOSHUA RD.
LAFAYETTE HILL, PA 19444

**SECURED CREDITOR**
HAJOCA CORPORATION
KATHY RUSKO, CHIEF FINANCIAL
OFFICER
2001 JOSHUA RD.
LAFAYETTE HILL, PA 19444

**SECURED CREDITOR**
HAJOCA CORPORATION
RICK FANTHAM, CHIEF EXECUTIVE
OFFICER
1108 DUNDAS ST E
LONDON, ON NSW 3A7
CANADA

**SECURED CREDITOR**
HAJOCA CORPORATION
STEPHEN J. ARMSTRONG
44200 MONTEREY AVE., SUITE B
PALM DESERT, CA 92260-2708

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

**CREDITOR / POC ADDRESS**
HIGHGATE HOTELS, L.P.
C/O KELLY BAGNALL, HOLLAND &
KNIGHT LLP
200 CRESCENT COURT, SUITE
1600
DALLAS, TX 75201

**CREDITOR**
HIGHGATE HOTELS, LP
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
870 SEVENTH AVE., 2ND FL.
NEW YORK, NY 10019-4369

**SECURED CREDITOR**
HI-GRADE MATERIALS CO.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
17671 BEAR VALLEY RD.
HESPERIA, CA 92345-4965

**SECURED CREDITOR**
HI-GRADE MATERIALS CO.
HARRISON J. HOVE, DIRECTOR
17671 BEAR VALLEY RD.
HESPERIA, CA 92345-4965

**SECURED CREDITOR**
HI-GRADE MATERIALS CO.
JONATHAN D. HOVE, AGENT FOR
SERVICE OF PROCESS
CHIEF EXECUTIVE OFFICER, CHIEF
FINANCIAL OFFICER
17671 BEAR VALLEY RD.
HESPERIA, CA 92345-4965

**SECURED CREDITOR**
HI-GRADE MATERIALS CO.
LORI A. CLIFTON, SECRETARY
17671 BEAR VALLEY RD.
HESPERIA, CA 92345-4965

**CREDITOR**
HOWARD GOODMAN
18321 VENTURA BLVD., SUITE 755
TARZANA, CA 91356-4250

**CREDITOR**
HUDSON INSURANCE COMPANY
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
100 WILLIAM STREET, 5TH FLOOR
NEW YORK, NY 10038

**CREDITOR**
HUDSON INSURANCE COMPANY
C/O THE LAW OFFICE OF STEPHEN
J ARMSTRONG
44200 MONTEREY AVE, SUITE B
PALM DESERT, CA 92260-2708

**CREDITOR**
HUDSON INSURANCE COMPANY
VIVIAN IMPERIAL, AGENT FOR
SERVICE OF PROCESS
818 WEST 7TH STREET
LOS ANGELES, CA 90017

**20 LARGEST CREDITOR / POC
ADDRESS**
HUGH T. SMITH CO.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
5383 ROBERTS RD.
YUCCA VALLEY, CA 92284-2163

**CREDITOR**
HY ROBIN FAULKNER
C/O THE LAW OFFICE OF STEPHEN
J ARMSTRONG
44200 MONTEREY AVE, SUITE B
PALM DESERT, CA 92260-2708

**INTERESTED PARTY**
IMPERIAL IRRIGATION DISTRICT
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
P.O. BOX 937
IMPERIAL, CA 92251

**CREDITOR**
INLAND VALLEY SLADDEN, INC.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
45 EGAN AVE.
BEAUMONT, CA 92223

**CREDITOR**
INTEGRITY JOINT CONTROL, INC.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
431 W. LAMBERT RD., SUITE 305
BREA, CA 92821-3918

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                    F 9013-3.1.PROOF.SERVICE

**CREDITOR**
INTERCONTINENTAL HOTELS
GROUP
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
3 RAVINIA DR., SUITE 100
ATLANTA, GA 30346-2121

**CREDITOR / POC ADDRESS**
INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

**CREDITOR**
J & B MATERIALS
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
1165 N JOHNSON AVE
EL CAJON, CA 92020-1906

**SECURED CREDITOR**
JACOBSSON ENGINEERING
CONST., INC.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
P.O. BOX 14430
PALM DESERT, CA 92255-4430

**SECURED CREDITOR**
JACOBSSON ENGINEERING CONST.,
INC.
GURALNICK & GILLILAND LLP
40004 COOK ST., SUITE 3
PALM DESERT, CA 92211

**SECURED CREDITOR**
JACOBSSON ENGINEERING
CONST., INC.
STEPHEN J. ARMSTRONG
44200 MONTEREY AVE., SUITE B
PALM DESERT, CA 92260-2708

**SECURED CREDITOR**
JACOBSSON ENGINEERING
CONST., INC.
THOMAS J. POLIS
POLIS & ASSOCIATES, APLC
19800 MACARTHUR BLVD, SUITE
1000
IRVINE, CA 92612

**SECURED CREDITOR**
JACOBSSON ENGINEERING
CONSTRUCTION, INC.
DAN GUNNAR JACOBSSON, AGENT
FOR SERVICE OF PROCESS
CHIEF EXECUTIVE OFFICER, CHIEF
FINANCIAL OFFICER, DIRECTOR
49875 DANAVON WAY
PALM DESERT, CA 92260

**SECURED CREDITOR**
JACOBSSON ENGINEERING
CONSTRUCTION, INC.
NATALIE JACOBSSON, SECRETARY
49875 DANAVON WAY
PALM DESERT, CA 92260

**CREDITOR**
JAMS
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
18881 VON KARMAN AVE., SUJITE
350
IRVINE, CA 92612-1500

**CREDITOR / POC ADDRESS**
JEFFER MANGELS BUTLER &
MITCHELL LLP
ATTN THOMAS M GEHER
1900 AVENUE OF THE STARS, 7TH FL.
LOS ANGELES, CA 90067

**CREDITOR / POC ADDRESS**
JEFFREY D. SEGAL
1840 CENTURY PARK EAST, 17TH
FL.
LOS ANGELES, CA 90067-2101

**CREDITOR / POC ADDRESS**
JEFFREY D. SEGAL, APC
C/O SHEILA M PISTONE; LAW
OFFICE OF SHEILA PISTONE
1 PARK PLAZA, STE 600, PMB 150
IRVINE, CA 92614

**CREDITOR**
JOHN D. GALLEGOS
35900 BOB HOPE DR., SUITE 170
RANCHO MIRAGE, CA 92270-1765

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

**CREDITORS COMMITTEE / 20
LARGEST CREDITOR**
KMA CONSULTING
C/O KEITH MATOI
151 KALMUS DR., SUITE C230
COSTA MESA, CA 92626-7965

**SECURED CREDITOR**
KOZBERG & BODELL, LLP
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
1801 CENTURY PARK EAST, 16TH FL.
LOS ANGELES, CA 90067-2318

**CREDITOR**
KURT SAXON
C/O SAXON ENGINEERING
SERVICES, INC.
2605 TEMPLE HEIGHTS DR., SUITE
A
OCEANSIDE, CA 92056-3584

**SECURED CREDITOR**
L & W SUPPLY CORPORATION
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
P.O. BOX 838
BELOIT, WI 53512-0838

**SECURED CREDITOR**
L & W SUPPLY CORPORATION
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
616 IOWA ST
REDLANDS, CA 92373

**SECURED CREDITOR**
L & W SUPPLY CORPORATION
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
300 RIVERSIDE PLAZA STE 200
CHICAGO, IL 60606

**SECURED CREDITOR**
L & W SUPPLY CORPORATION
CSC - LAWYERS
INCORPORATING SERVICE
2710 GATEWAY OAKS DRIVE,
SUITE 150N
SACRAMENTO, CA 95833

**SECURED CREDITOR**
L & W SUPPLY CORPORATION
KARL LEO, SECRETARY
ONE ABC PKWY.
BELOIT, WI 53511

**SECURED CREDITOR**
L & W SUPPLY CORPORATION
KEITH ROZOLIS, CHIEF EXECUTIVE
OFFICER
ONE ABC PKWY.
BELOIT, WI 53511

**SECURED CREDITOR**
L & W SUPPLY CORPORATION
LAUREN B. STEC
LANAK & HANNA, P.C.
625 THE CITY DRIVE SOUTH,
SUITE 190
ORANGE, CA 92868

**SECURED CREDITOR**
L & W SUPPLY CORPORATION
TODD BUEHL, CHIEF FINANCIAL
OFFICER
ONE ABC PKWY.
BELOIT, WI 53511

**SECURED CREDITOR**
LA HACIENDA NURSERY &
LANDSCAPE INC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
80-900 MILES AVE.
INDIO, CA 92201-2822

**SECURED CREDITOR**
LA HACIENDA NURSERY &
LANDSCAPE INC
DONA LANE, DIRECTOR
82-820 AVENUE 54
THERMAL, CA 92274

**SECURED CREDITOR**
LA HACIENDA NURSERY &
LANDSCAPE INC
EDWARD J. FARRELL
CUMMINS & WHITE LLP
2424 SE BRISTOL ST, SUITE 300
NEWPORT BEACH, CA 92660-0764

**SECURED CREDITOR**
LA HACIENDA NURSERY &
LANDSCAPE INC
J JOHN ANDERHOLT, AGENT FOR
SERVICE OF PROCESS
74-770 HWY 11, SUITE 201
INDIAN WELLS, CA 92210

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

**SECURED CREDITOR**
LA HACIENDA NURSERY &
LANDSCAPE INC
JAMES SCOTT HARRISON, CHIEF
EXECUTIVE OFFICER AND
DIRECTOR
80-900 MILES AVE.
INDIO, CA 92201

**SECURED CREDITOR**
LA HACIENDA NURSERY &
LANDSCAPE INC
LINDA HARRISON, SECRETARY AND
CHIEF FINANCIAL OFFICER
80-900 MILES AVE.
INDIO, CA 92201

**CREDITOR**
LA JOLLA DREAMS LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
16830 VENTURA BLVD, SUITE 360
ENCINO, CA 91436

**CREDITOR**
LA JOLLA DREAMS LLC
C/O THE LAW OFFICE OF ERIC
EVERETT HAWES
23945 CALABASAS RD, STE 113
CALABASAS, CA 91302-1505

**CREDITOR**
LA JOLLA DREAMS LLC
CALIFORNIA CORPORATE AGENTS,
INC., AGENT FOR SERVICE OF
PROCESS
16830 VENTURA BLVD, SUITE 360
ENCINO, CA 91436

**SECURED CREDITOR**
LANAK & HANNA, P.C.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
625 THE CITY DRIVE SOUTH, SUITE
190
ORANGE, CA 92868-4983

**CREDITOR**
LATHAM MANAGEMENT &
CONSULTING SERVICES, INC
C/O SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 SPECTRUM CENTER DRIVE
SUITE 600
IRVINE, CA 92618-4969

**CREDITORS COMMITTEE / 20
LARGEST CREDITOR**
LEGACY FOODSERVICE DESIGN LLC
C/O MIKE COOPER
505 WEST WINDMILL LANE, SUITE 1C
#316
LAS VEGAS, NV 89123

**20 LARGEST CREDITOR**
LEGACY FOODSERVICE DESIGN
LLC
C/O MIKE COOPER
2380 THAYER AVE
HENDERSON, NV 89074-5415

**CREDITOR**
MAIDEN-LANE COMMERCIAL
MORTGAGE-BACKED
SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019

**SECURED CREDITOR**
MARC S. HOMME, APLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
P.O. BOX 4250
PALM DESERT, CA 92261-4250

**CREDITOR**
MARVIN H. WEISS
74075 EL PASEO , SUITE A15
PALM DESERT, CA 92260-4145

**SECURED CREDITOR**
MASCORRO CONCRETE
CONSTRUCTION INC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
P.O. BOX 910
THOUSAND PALMS, CA 92276-
0910

**SECURED CREDITOR**
MASCORRO CONCRETE
CONSTRUCTION INC
CONCEPCION MASCORRO,
DIRECTOR
120 CLEARWATER WAY
RANCHO MIRAGE, CA 92270

**SECURED CREDITOR**
MASCORRO CONCRETE
CONSTRUCTION INC
GINA MASCORRO-HERNANDEZ,
SECRETARY AND CHIEF FINANCIAL
OFFICER
34615 YALE DRIVE
YUCAIPA, CA 92399

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

**SECURED CREDITOR**
MASCORRO CONCRETE
CONSTRUCTION INC
SANTIAGO MASCORRO, CHIEF
EXECUTIVE OFFICER
120 CLEARWATER WAY
RANCHO MIRAGE, CA 92270

**SECURED CREDITOR**
MASCORRO CONCRETE
CONSTRUCTION INC
STEPHEN J. ARMSTRONG, AGENT
FOR SERVICE OF PROCESS
44200 MONTEREY AVE., SUITE B
PALM DESERT, CA 92260-2708

**SECURED CREDITOR**
MASCORRO CONCRETE
CONSTRUCTION INC
THOMAS J. POLIS
POLIS & ASSOCIATES, APLC
19800 MACARTHUR BLVD, SUITE
1000
IRVINE, CA 92612

**CREDITOR**
MCGARRIGLE, KENNEY &
ZAMPIELLO, APC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
9600 TOPANGA CANYON BLVD.,
SUITE 20
CHATSWORTH, CA 91311-4009

**INTERESTED PARTY**
MELLO-ROOS COMMUNITY
FACILITIES DISTRICT (CFD)
CITY OF INDIO
MARK SCOTT, CITY MANAGER
100 CIVIC CENTER MALL
INDIO, CA 92201

**INTERESTED PARTY**
MELLO-ROOS COMMUNITY
FACILITIES DISTRICT (CFD)
CITY OF INDIO
ROZANNE M. DIAZ, CITY
ATTORNEY
100 CIVIC CENTER MALL
INDIO, CA 92201

**INTERESTED PARTY**
MELLO-ROOS COMMUNITY
FACILITIES DISTRICT (CFD)
RIVERSIDE COUNTY ASSESSOR
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
4080 LEMON STREET
RIVERSIDE, CA 92501

**CREDITOR**
MGR CONCRETE, INC.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
P.O. BOX 886
DESERT HOT SPRINGS, CA 92240-
0886

**CREDITOR**
MICHAEL T. CHULAK
30343 CANWOOD ST., SUITE 203
AGOURA HILLS, CA 91301-4329

**CREDITOR**
MICHELLE A. DREYER
251 LITTLE FALLS DR.
WILMINGTON, DE 19808-1674

**CREDITOR**
MIKE COOPER
C/O LEGACY FOODSERVICE DESIGN
LLC
505 EAST WINDMILL LANE, SUITE IC
#3
LAS VEGAS, NV 89123-1870

**CREDITOR / POC ADDRESS**
MOBILE MINI INC
ATTN TODD HUTCHINGS
4646 E VAN BUREN ST, STE 400
PHOENIX, AZ 85008

**SECURED CREDITOR**
NATHAN M. CARLE
RAINES FELDMAN LLP
8401 VON KARMAN AVE., SUITE
360
IRVINE, CA 92612-8541

**20 LARGEST CREDITOR**
NEIL ROSENFIELD BAKER TILLY
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
15760 VENTURA BLVD., SUITE 1100
ENCINO, CA 91436-3044

**SECURED CREDITOR**
ORCO BLOCK & HARDSCAPE
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
11100 BEACH BLVD
STANTON, CA 90680-3219

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**SECURED CREDITOR**
ORCO BLOCK & HARDSCAPE
JIM WODACH, CHIEF FINANCIAL
OFFICER
11100 BEACH BLVD
STANTON, CA 90680

**SECURED CREDITOR**
ORCO BLOCK & HARDSCAPE
RICHARD J MUTH, AGENT FOR
SERVICE OF PROCESS
CHIEF EXECUTIVE OFFICER,
DIRECTOR
11100 BEACH BLVD
STANTON, CA 90680

**SECURED CREDITOR**
ORCO BLOCK & HARDSCAPE
STEPHANIE MUTH, SECRETARY
AND DIRECTOR
11100 BEACH BLVD
STANTON, CA 90680

**SECURED CREDITOR**
ORCO BLOCK & HARDSCAPE
VERONICA MUTH, DIRECTOR
11100 BEACH BLVD
STANTON, CA 90680

**SECURED CREDITOR**
ORCO BLOCK & HARDSCAPE
WILLIAM C HOGGARD
WCH LAW GROUP, P.C.
625 THE CITY DRIVE SOUTH, SUITE
200
ORANGE, CA 92868

**CREDITOR**
ORRICK
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
777 S. FIGUEROA ST.
LOS ANGELES, CA 90017-5855

**CREDITOR**
PACE EQUITY LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
731 N. JACKSON ST., SUITE 420
MILWAUKEE, WI 53202-4612

**CREDITOR**
PALM SPRINGS WELDING INC.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
1189 N. VALDIVIA WAY
PALM SPRINGS, CA 92262-5426

**CREDITOR**
PALMS TO PINES AUTOMOTIVE
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
74-725 JONI DR.
PALM DESERT, CA 92260-2080

**CREDITOR / POC ADDRESS**
PORCHE LEASING LTD. AND
PORSCHE FINANCIAL SERVICES
INC DBA BENTLEY FINANCIAL
SERVICES
STACEY A. MILLER, ESQ; THARPE
& HOWELL LLP
15250 VENTURA BLVD, 9TH
FLOOR
SHERMAN OAKS, CA 91403

**CREDITOR**
PORSCHE FINANCIAL SERVICES, INC.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
1 PORSCHE DR.
ATLANTA, GA 30354-1654

**CREDITOR / POC ADDRESS**
PORSCHE LEASING LTD.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
1 PORSCHE DR.
ATLANTA, GA 30354-1654

**CREDITOR**
QUONSET PARTNERS LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
1801 S LA CIENEGA BLVD #302
LOS ANGELES, CA 90035

**CREDITOR**
QUONSET PARTNERS LLC
JOSEPH RUBIN, AGENT FOR SERVICE
OF PROCESS
1801 S LA CIENEGA BLVD #302
LOS ANGELES, CA 90035

**SECURED CREDITOR**
RESOURCE BUILDING MATERIALS
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
1050 W. AVE. M
LANCASTER, CA 93534-8145

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**SECURED CREDITOR**
RESOURCE BUILDING
MATERIALS
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
10961 DALE AVE.
STANTON, CA 90680-2723

**SECURED CREDITOR**
RESOURCE BUILDING MATERIALS
DAN REYNEVELD, CEO
10961 DALE AVE.
STANTON, CA 90680-2723

**INTERESTED PARTY**
RIVERSIDE COUNTY TAX
COLLECTOR
ADELINA ABRIL
4080 LEMON ST, 4TH FLOOR
RIVERSIDE CA 92501-3609

**INTERESTED PARTY**
RIVERSIDE COUNTY TREASURER
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
P.O. BOX 12005
RIVERSIDE, CA 92502-2205

**SECURED CREDITOR**
ROBERTSON'S
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
200 S. MAIN ST., SUITE 200
CORONA, CA 92882-2212

**SECURED CREDITOR**
ROBERTSON'S READY MIX
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
PO BOX 1659
CORONA, CA 92878-1659

**SECURED CREDITOR**
ROBERTSON'S READY MIX
JOSEPH P OCCHIUTO, AGENT
FOR SERVICE OF PROCESS
200 S. MAIN ST., SUITE 200
CORONA, CA 92882-2212

**SECURED CREDITOR**
ROBERTSON'S READY MIX, LTD.
RRM DEVELOPMENT CORPORATION
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
151 CASSIA WAY
HENDERSON, NV 89014

**SECURED CREDITOR**
ROBERTSON'S READY MIX, LTD.
WILLIAM H STODDARD, AGENT
FOR SERVICE OF PROCESS
ALBRIGHT STODDARD WARNICK
ALBRIGHT
801 S RANCHO DR STE D-4
LAS VEGAS, NV 89106

**CREDITOR**
ROSENFELD MEYER AND
SUSMAN LLP
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
232 N. CANON DR.
BEVERLY HILLS, CA 90210-5302

**CREDITOR**
ROSENFELD WOLFF & KLEIN
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
1901 AVENUE OF THE STARS, SUITE
500
LOS ANGELES, CA 90067-6027

**CREDITOR**
ROYAL & MILES LLP
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
1522 W. WARM SPRINGS RD.
HENDERSON, NV 89014-4330

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

**20 LARGEST CREDITOR**
RTM ENGINEERING
CONSULTANTS, LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
650 E. ALGONQUIN RD., SUITE
250
SCHAUMBURG, IL 60173-3824

**CREDITORS COMMITTEE / 20
LARGEST CREDITOR**
SAXON ENGINEERING SERVICES, INC.
C/O KURT SAXON
2605 TEMPLE HEIGHTS DR., SUITE A
OCEANSIDE, CA 92056

**RTD 08/17/21 UTF
CREDITOR**
SEAN A. O'KEEFE
26 EXECUTIVE PARK, SUITE 25
IRVINE, CA 92614-6739

**CREDITOR**
SETH MEREWITZ
BEST BEST & KRIEGER
300 S. GRAND AVE., 25TH FL,
LOS ANGELES, CA 90071-3131

**CREDITOR**
SGE REALTY LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
5716 CORSA AVE SUITE 110
THOUSAND OAKS, CA 91362-7354

**SECURED CREDITOR**
SILHOUETTE OUTDOOR
FURNITURE, INC.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
3923 N. KOSTNER AVE.
CHICAGO, IL 60641-2839

**SECURED CREDITOR**
SILHOUETTE OUTDOOR
FURNITURE, INC.
C/O RYAN M LAPINE, FRANKFURT
KURNIT KLEIN AND SELZ PC
2029 CENTURY PARK EAST SUITE
2500N
LOS ANGELES, CA 90067

**SECURED CREDITOR**
SILHOUETTE OUTDOOR FURNITURE,
INC.
CHRISTINE LEFEBURE, PRESIDENT
AND SECRETARY
3923 KOSTNER
CHICAGO, IL 60641-2839

**SECURED CREDITOR**
SILHOUETTE OUTDOOR
FURNITURE, INC.
MELVIN R. GOTTLIEB, AGENT FOR
SERVICE OF PROCESS
95 REVERE DR STE A
NORTHBROOK, IL 60062

**CREDITOR**
SLOVAK BARON EMPEY MURPHY
& PINKNEY
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
74785 HIGHWAY 111, SUITE 105
INDIAN WELLS, CA 92210

**20 LARGEST CREDITOR**
SMS ARCHITECTS
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
18004 SKY PARK CIR., SUITE 200
IRVINE, CA 92614-6484

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

**NEW ADDR PER CA SOS**
**SECURED CREDITOR**
SOLID ROCK PAINTING
CORPORATION
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
48291 STILLWATER DRIVE
LA QUINTA, CA 92253

**INTERESTED PARTY**
SOUTHERN CALIFORNIA GAS
COMPANY
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
555 WEST 5TH STREET
LOS ANGELES, CA 90013

**INTERESTED PARTY**
SOUTHERN CALIFORNIA GAS
COMPANY
UNITED AGENT GROUP INC.
4640 ADMIRALTY WAY, 5TH FLOOR
MARINA DEL REY, CA 90292

**SECURED CREDITOR**
SOUTHWEST PLUMBING, INC.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
31410 RESERVE DR., SUITE 5
THOUSAND PALMS, CA 92276-
6646

**SECURED CREDITOR**
SOUTHWEST PLUMBING, INC.
GREGORY JAY HELMER
CHIEF FINANCIAL OFFICER AND
DIRECTOR
31410 RESERVE DR., SUITE 5
THOUSAND PALMS, CA 92276

**SECURED CREDITOR**
SOUTHWEST PLUMBING, INC.
JEFFREY PAUL MAY, AGENT FOR
SERVICE OF PROCESS
CHIEF EXECUTIVE OFFICER,
SECRETARY, DIRECTOR
31410 RESERVE DR., SUITE 5
THOUSAND PALMS, CA 92276

**CREDITOR / POC ADDRESS**
STATE WATER RESOURCES
CONTROL BOARD
RYAN MALLORY-JONES
1001 I STREET
SACRAMENTO, CA 95814

**CREDITOR**
STATE WATER RESOURCES
CONTROL BOARD
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
PO BOX 1888
SACRAMENTO, CA 95812-1888

**SECURED CREDITOR**
STEPHEN J. ARMSTRONG
44200 MONTEREY AVE., SUITE B
PALM DESERT, CA 92260-2708

**CREDITOR**
STIFEL
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
515 S. FIGUEROA ST., SUITE 1800
LOS ANGELES, CA 90071-3310

**CREDITOR**
STIFFELMAN FAMILY TRUST
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
1840 CENTURY PARK EAST, SUITE
1900
LOS ANGELES, CA 90067-2121

**CREDITOR**
STUART RUBIN
715 N. ALPINE DRIVE
BEVERLY HILLS, CA 90210-3305

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**CREDITOR / POC ADDRESS**
STUART RUBIN; A. STUART RUBIN
MESSINA & HANKIN LLP; ATTN
EVAN L SMITH
24910 LAS BRISAS ROAD, SUITE
102
MURRIETA, CA 92562

**SECURED CREDITOR**
SUPERIOR POOL PRODUCTS, LLC
A. DAVID COOK, MANAGER/MEMBER
109 NORTHPARK BLVD
COVINGTON, LA 70433

**SECURED CREDITOR**
SUPERIOR POOL PRODUCTS, LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
109 NORTHPARK BLVD.
COVINGTON, LA 70433-5005

**SECURED CREDITOR**
SUPERIOR POOL PRODUCTS, LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
4900 E. LANDON DR.
ANAHEIM, CA 92807-1980

**SECURED CREDITOR**
SUPERIOR POOL PRODUCTS, LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
18201 N 25TH AVE, SUITE C-1
PHOENIX, AZ 85023

**SECURED CREDITOR**
SUPERIOR POOL PRODUCTS, LLC
C/O MAIL CENTER
REFERENCE ID 2479180
9450 SW GEMINI DR #7790
BEAVERTON, OR 97008-7105

**SECURED CREDITOR**
SUPERIOR POOL PRODUCTS, LLC
CONNIE DICKINSON, SENIOR
CORPORATE CREDIT ASSISTANT
109 NORTHPARK BLVD, 4TH
FLOOR
COVINGTON, LA 70433-5005

**SECURED CREDITOR**
SUPERIOR POOL PRODUCTS, LLC
CSC - LAWYERS INCORPORATING
SERVICE
2710 GATEWAY OAKS DRIVE, SUITE
150N
SACRAMENTO, CA 95833

**SECURED CREDITOR**
SUPERIOR POOL PRODUCTS, LLC
DONNA WILLIAMS,
MANAGER/MEMBER
109 NORTHPARK BLVD
COVINGTON, LA 70433

**SECURED CREDITOR**
SUPERIOR POOL PRODUCTS, LLC
JENNIFER NEIL,
MANAGER/MEMBER
109 NORTHPARK BLVD
COVINGTON, LA 70433

**SECURED CREDITOR**
SUPERIOR POOL PRODUCTS, LLC
KENNETH ST. ROMAIN,
MANAGER/MEMBER
109 NORTHPARK BLVD
COVINGTON, LA 70433

**SECURED CREDITOR**
SUPERIOR POOL PRODUCTS, LLC
MARK JOSLIN, MANAGER/MEMBER
109 NORTHPARK BLVD
COVINGTON, LA 70433

**SECURED CREDITOR**
SUPERIOR POOL PRODUCTS, LLC
MELANIE HOUSEY HART,
MANAGER/MEMBER
109 NORTHPARK BLVD
COVINGTON, LA 70433

**SECURED CREDITOR**
SUPERIOR POOL PRODUCTS, LLC
PETER D. ARVAN, CEO/MANAGER
109 NORTHPARK BLVD
COVINGTON, LA 70433

**SECURED CREDITOR**
SUPERIOR POOL PRODUCTS, LLC
ROBERT R. RANKIN,
MANAGER/MEMBER
4900 E LANDON DRIVE
ANAHEIM, CA 92807

**SECURED CREDITOR**
SUPERIOR POOL PRODUCTS, LLC
TODD MARSHALL,
MANAGER/MEMBER
109 NORTHPARK BLVD
COVINGTON, LA 70433

**SECURED CREDITOR**
SUPERIOR READY MIX CONCRETE,
L.P.
ARNOLD VELDKAMP, AGENT FOR
SERVICE OF PROCESS
1508 W MISSION ROAD
ESCONDIDO, CA 92029

**SECURED CREDITOR**
SUPERIOR READY MIX CONCRETE,
L.P.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
86160 AVENUE 54
COACHELLA, CA 92236-3813

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

**20 LARGEST CREDITOR**
SYSTEMS WATERPROOFING, INC.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
223 WEST BLUERIDGE AVE.
ORANGE, CA 92865-4226

**SECURED CREDITOR**
TANDEM WEST GLASS INC.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
1177 W. LINCOLN ST., SUITE 100
BANNING, CA 92220-4524

**SECURED CREDITOR**
TANDEM WEST GLASS INC.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
PO BOX 2105
PALM SPRINGS, CA 92263

**SECURED CREDITOR**
TANDEM WEST GLASS INC.
DEBBIE RUTH NOGALES, AGENT
FOR SERVICE OF PROCESS
SECRETARY AND CHIEF
FINANCIAL OFFICER
121 S PALM CANYON DRIVE #227
PALM SPRINGS, CA 92262

**SECURED CREDITOR**
TANDEM WEST GLASS INC.
PHILIP EDWARD NELISSEN
CHIEF EXECUTIVE OFFICER,
DIRECTOR, PRESIDENT
121 S PALM CANYON DRIVE #227
PALM SPRINGS, CA 92262

**SECURED CREDITOR**
TANDEM WEST GLASS INC.
STEPHEN J. ARMSTRONG
44200 MONTEREY AVE., SUITE B
PALM DESERT, CA 92260-2708

**SECURED CREDITOR**
TANDEM WEST GLASS INC.
THOMAS J. POLIS
POLIS & ASSOCIATES, APLC
19800 MACARTHUR BLVD, SUITE
1000
IRVINE, CA 92612

**CREDITOR**
TECHNICAL WORKS CALIFORNIA, LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
13200 CROSSROADS PKWY N., SUITE
250
CITY OF INDUSTRY, CA 91746-3480

**SECURED CREDITOR**
TEMALPAKH, INC.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
73750 SPYDER CIR.
PALM DESERT, CA 92211-6023

**SECURED CREDITOR**
TEMALPAKH, INC.
GERALD A. FLOWERS, CHIEF
EXECUTIVE OFFICER AND
DIRECTOR
53763 AVENIDA OBREGON
LA QUINTA, CA 92253

**SECURED CREDITOR**
TEMALPAKH, INC.
MICHAEL COLLINS, SECRETARY AND
CHIEF FINANCIAL OFFICER
38920 BEL AIR DRIVE
CATHEDRAL CITY, CA 92234

**SECURED CREDITOR**
TEMALPAKH, INC.
STEPHEN J. ARMSTRONG, AGENT
FOR SERVICE OF PROCESS
44200 MONTEREY AVE., SUITE B
PALM DESERT, CA 92260

**SECURED CREDITOR**
TEMALPAKH, INC.
THOMAS J. POLIS
POLIS & ASSOCIATES, APLC
19800 MACARTHUR BLVD, SUITE
1000
IRVINE, CA 92612

**CREDITOR**
THARPE & HOWELL
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
15250 VENTURA BLVD., 9TH FL.
SHERMAN OAKS, CA 91403-3221

**CREDITOR**
THE GREEN LAW GROUP, LLP
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
1777 E. LOS ANGELES AVE.
SIMI VALLEY, CA 93065-2068

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**SECURED CREDITOR**
THE SHERWIN WILLIAMS
COMPANY
ATTN ATTN BANKRUPTCY LEGAL
DEPARTMENT
1100 MIDLAND
101 WEST PROSPECT AVENUE
CLEVELAND OH 44115-1093

**SECURED CREDITOR**
THE SHERWIN-WILLIAMS COMPANY
ALLEN J MISTYSYN, CHIEF FINANCIAL
OFFICER
101 PROSPECT AVENUE
CLEVELAND, OH 44115

**SECURED CREDITOR**
THE SHERWIN-WILLIAMS
COMPANY
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
101 W PROSPECT AVE, SUITE 1020
CLEVELAND, OH 44115-1027

**SECURED CREDITOR**
THE SHERWIN-WILLIAMS
COMPANY
CSC - LAWYERS
INCORPORATING SERVICE
2710 GATEWAY OAKS DRIVE,
SUITE 150N
SACRAMENTO, CA 95833

**SECURED CREDITOR**
THE SHERWIN-WILLIAMS COMPANY
JOHN G MORIKIS, CHIEF EXECUTIVE
OFFICER
101 PROSPECT AVENUE
CLEVELAND, OH 44115

**SECURED CREDITOR**
THE SHERWIN-WILLIAMS
COMPANY
LAUREN B. STEC
LANAK & HANNA, P.C.
625 THE CITY DRIVE SOUTH, SUITE
190
ORANGE, CA 92868

**SECURED CREDITOR**
THE SHERWIN-WILLIAMS
COMPANY
LAWRENCE J BORON,
SECRETARY
101 PROSPECT AVENUE
CLEVELAND, OH 44115

**SECURED CREDITOR**
THE SHERWIN-WILLIAMS COMPANY
SOLID ROCK PAINTING
CORPORATION
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
82545 SHOWCASE PARKWAY, SUITE
109
INDIO, CA 92203

**CREDITOR**
THE WESTERN SURETY COMPANY
CT CORPORATION SYSTEM,
AGENT FOR SERVICE OF PROCESS
330 N BRAND BLVD
GLENDALE, CA 91203

**CREDITOR'S COUNSEL**
THOMAS J. POLIS, ESQ.
POLIS & ASSOCIATES, APLC
19800 MACARTHUR BLVD, STE
1000
IRVINE, CA 92612-2433

**CREDITOR**
THYNE TAYLOR FOX HOWARD LLP
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
2000 STATE ST.
SANTA BARBARA, CA 93105-3554

**20 LARGEST CREDITOR**
TLR ENTERPRISES, INC.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
74875 VELIE WAY
PALM DESERT, CA 92260-1965

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**CREDITOR**
TREVOR D. LARGE
FAUVER, LARGE, ARCHBALD &
SPRAY, LLP
820 STATE STREET, 4TH FLOOR
SANTA BARBARA, CA 93101-3272

**SECURED CREDITOR**
U.S. REAL ESTATE CREDIT HOLDINGS
ALAN G TIPPIE
SULMEYER KUPETZ
333 S GRAND AVE, SUITE 3400
LOS ANGELES, CA 90071

**SECURED CREDITOR**
U.S. REAL ESTATE CREDIT
HOLDINGS
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
11755 WILSHIRE BLVD., SUITE 1425
LOS ANGELES, CA 90025-1506

**SECURED CREDITOR**
U.S. REAL ESTATE CREDIT
HOLDINGS
CALMWATER CAPITAL
LARRY GRANTHAM
11755 WILSHIRE BLVD, SUITE
1425
LOS ANGELES, CA 90025

**SECURED CREDITOR**
U.S. REAL ESTATE CREDIT HOLDINGS
CHRISTOPHER RIVAS
REED SMITH LLP
355 S GRAND AVE, SUITE 2900
LOS ANGELES, CA 90071

**SECURED CREDITOR**
U.S. REAL ESTATE CREDIT
HOLDINGS
EDWIN W LESLIE
LK ASSET ADVISORS
209 10TH AVE SOUTH, SUITE 416
NASHVILLE, TN 37203

**SECURED CREDITOR**
U.S. REAL ESTATE CREDIT
HOLDINGS
FIDELITY NATIONAL TITLE
COMPANY
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
1101 INVESTMENT BLVD, SUITE
170
EL DORADO HILLS, CA 95762

**SECURED CREDITOR**
U.S. REAL ESTATE CREDIT HOLDINGS
NATHAN M. CARLE
RAINES FELDMAN LLP
8401 VON KARMAN AVE, SUITE 360
IRVINE, CA 92612-8541

**SECURED CREDITOR**
U.S. REAL ESTATE CREDIT
HOLDINGS III-A LP
CSC - LAWYERS INCORPORATING
SERVICE
2710 GATEWAY OAKS DRIVE,
SUITE 150N
SACRAMENTO, CA 95833

**SECURED CREDITOR**
U.S. REAL ESTATE CREDIT
HOLDINGS III-A LP
U.S. REAL ESTATE CREDIT
HOLDINGS III-A GP LIMITED
70 SIR JOHN ROGERSON'S QUAY
DUBLIN 2, IRELAND
D02 R296

**SECURED CREDITOR**
U.S. REAL ESTATE CREDIT HOLDINGS
III-A, LP
MARSHA A HOUSTON, CHRISTOPHER
O RIVAS
REED SMITH
355 S GRAND AVE, SUITE 2900
LOS ANGELES, CA 90071

**SECURED CREDITOR**
U.S. REAL ESTATE CREDIT
HOLDINGS III-A, LP
SIMOND LAVIAN, MANAGING
DIRECTOR OF ASSET
MANAGEMENT
CALMWATER ASSET
MANAGEMENT, LLC
11755 WILSHIRE BLVD, SUITE 1425
LOS ANGELES, CA 90025

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**INTERESTED PARTY**
UNITED STATES OF AMERICA
(RE: INSTRUMENT NO. 2018-
0307549)
BUREAU OF RECLAMATION,
YUMA AREA OFFICE
7301 CALLE AGUA SALADA
YUMA, AZ 85364

**U.S. TRUSTEE**
UNITED STATES TRUSTEE (LA)
915 WILSHIRE BLVD, SUITE 1850
LOS ANGELES, CA 90017-3560

**CREDITOR**
US BANK NATIONAL ASSOCIATION
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
425 WALNUT STREET
CINCINNATI, OH 45202

**CREDITOR**
VACATION POOLS, INC.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
44907 GOLF CENTER PKWY., #9
INDIO, CA 92201-7303

**SECURED CREDITOR**
WEST COAST SAND AND GRAVEL,
INC.
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
P.O. BOX 5067
BUENA PARK, CA 90622-5067

**SECURED CREDITOR**
WEST COAST SAND AND GRAVEL,
INC.
DANIEL C REYNEVELD, CHIEF
EXECUTIVE OFFICER
7282 ORANGETHORPE AVENUE
BUENA PARK, CA 90621

**SECURED CREDITOR**
WEST COAST SAND AND
GRAVEL, INC.
KLINT E KORVER, CHIEF
FINANCIAL OFFICER
7282 ORANGETHORPE AVENUE
BUENA PARK, CA 90621

**SECURED CREDITOR**
WEST COAST SAND AND GRAVEL,
INC.
MARVIN J STRUIKSMA, AGENT FOR
SERVICE OF PROCESS
SECRETARY AND DIRECTOR
7282 ORANGETHORPE AVENUE
BUENA PARK, CA 90621

**CREDITOR**
WESTERN SURETY COMPANY
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
151 N FRANKLIN ST
CHICAGO, IL 60606

**CREDITOR**
WESTERN SURETY COMPANY
C/O MARC S HOMME, APLC
P.O. BOX 4250
PALM DESERT, CA 92261-4250

**CREDITOR / POC ADDRESS**
WM SECURITY SOLUTIONS
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY OTHER
AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE
SERVICE
18341 SHERMAN WAY # 206A
RESEDA, CA 91335-4440

**CREDITOR**
ZIMMERMAN GROUP
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
28202 CABOT RD., SUITE 620
LAGUNA NIGUEL, CA 92677-1271

**BUYER**
SOUCIALIZE, INC.
ATTN: MONIQUE RICE,
PRESIDENT
8 THE GREEN STE A
DOVER, DE 19901

**BUYER'S COUNSEL**
GLASER WEILL LLP
ATTN: SAUL BRESKAL
10250 CONSTELLATION BLVD, 19TH FL
LOS ANGELES, CA 90067

**BUYER'S COUNSEL**
LEVENE NEALE BENDER YOO &
BRILL LLP
ATTN: DAVID NEALE
10250 CONSTELLATION BLVD, STE
1700
LOS ANGELES, CA 90067

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                   **F 9013-3.1.PROOF.SERVICE**

**INTERESTED PARTY**
CITY OF COACHELLA
ATTN: WILLIAM B PATTISON JR,
CITY MANAGER
53-990 ENTERPRISE WAY
COACHELLA, CA 92236

**COUNSEL FOR THE OFFICIAL
COMMITTEE OF UNSECURED
CREDITORS**
DAREN R BRINKMAN
BRINKMAN LAW GROUP PC
543 COUNTRY CLUB DRIVE, SUITE B
WOOD RANCH, CA 93065

**SECURED CREDITOR**
DESERT ELECTRIC SUPPLY
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
PO BOX 13190
PALM DESERT, CA 92255-3190

**SECURED CREDITOR**
SOLID ROCK PAINTING
CORPORATION
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
PO BOX 7157
LA QUINTA, CA 92248-7157

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**