Marsha A. Houston (SBN 129956)
Christopher O. Rivas (SBN 238765)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Tel: 213.457.8000 / Fax: 213.457.8080

Attorneys for U.S. Real Estate Credit Holdings
III-A, LP

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No.      2:21-bk-11188-BB |
| GLENROY COACHELLA, LLC, | Chapter 7 (converted) |
| Debtor. | **U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP'S OMNIBUS REPLY TO RESPONSES FILED WITH RESPECT TO MOTION FOR ORDER AUTHORIZING SALE OF REAL PROPERTY** |
| | Date:   September 30, 2021<br>Time:   10:00 a.m.<br>Place:  Courtroom 1539<br>        255 E. Temple Street<br>        Los Angeles, CA  90012<br>        *By Zoom* |
| | Honorable Sheri Bluebond |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

U.S. Real Estate Credit Holdings III-A, LP (the "Lender") hereby submits this Omnibus

Reply in Support of the *Motion for Order Authorizing Sale of Real Property* [Dkt. 446] (the

"Motion") filed by Chapter 7 Trustee Richard A. Marshack (the "Trustee"), and in response to the

three separate responses and/or objections to the Motion (the "Oppositions") filed by:

1.    Doug Wall Construction, Inc. [Dkt. 468] ("Doug Wall");

2.    Jacobsson Engineering Construction, Inc. [Dkt. No. 471] ("Jacobsson"); and

2.    California Statewide Communities Development Authority [Dkt. 470] ("CSDA").[1]

## I.

## REPLY TO DOUG WALL OBJECTION

Doug Wall's limited objection misunderstands the pending Motion and sale, as well as

Lender's intentions to abide by this Court's rulings regarding disputed mechanics lien claims.

Doug Wall is correct that this Court indicated it would not adjudicate the validity or priority of

any lien with respect to the 9019 Motion (as defined in the Doug Wall objection).  As a

consequence, although it is undisputed that Doug Wall contractually subordinated its claims to

those of the Lender, the Lender understands that it will be necessary to adjudicate these issues

and to obtain an order of the Court resolving any disputes regarding the extent and priority of

Doug Wall's liens.  [*See* Declaration of Simond Lavian ("Lavian Decl."), Ex. A.]  Although

Doug Wall was responsible, with Stuart Rubin and the Debtor, for the budget that has spawned

all of this litigation, Doug Wall now seeks to get out of its own subordination, and to that end,

Lender is working expeditiously to pursue an adversary proceeding against Doug Wall to resolve

these issues.

In the interim, Lender understands that should Lender be the successful credit bidder,

Doug Wall's lien claims will remain on the real property until the liens have been adjudicated by

this Court.  Alternatively, should an acceptable cash purchaser surface, Lender understands that

Doug Wall's lien claims will attach to the proceeds of the sale until they have been resolved.

This is what was provided for in the order approving the 9019 Motion [Dkt. No. 445], and

---

[1] The responses filed by CSDA and Jacobsson were untimely, as responses were due not later than 4:00 p.m. Without waiving any objections on that basis, Lender nevertheless hereby responds.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    Lender understands that this will remain the case should it consent to a cash bid.  (Notably, Doug

2    Wall admits its claim is $1.2 million, rather than the $3.8 million previously asserted, which is a

3    reduction of approximately 70%).  [Dkt. No. 468.]

4         Notably, as a consequence of this Court's rulings on the 9019 Motion, there is simply no

5    purpose for Lender to indemnify the estate for any claims relating to Doug Wall and that portion

6    of the compromise has now been rendered moot.  Further, notwithstanding Doug Wall's

7    complaints regarding an Escrow Fund that may be put in place with respect to subcontractors,

8    there is no basis in the law to require Lender to provide such additional non-statutory protections

9    to Doug Wall, since its lien will either remain on the property or attach to the sale proceeds.

10         For the foregoing reasons, it appears all of Doug Wall's objections are either moot or

11    misplaced and that Doug Wall has misunderstood how its claims will be treated in the proposed

12    sale.

13    **II.**

14    **REPLY TO JACOBSSON'S "JOINDER"**

15         Jacobsson's "joinder" to Doug Wall's objection does not make any sense.

16    Notwithstanding that the federal rules have dispensed with "joinders" – even had they not,

17    Jacobsson's "joinder" is confusing, at best.  It is undisputed that Jacobsson contractually

18    subordinated its claims to the Lender's liens.  [Lavian Decl., Ex. B.]  Doug Wall, in its objection,

19    complained that Jacobsson was being treated "better" than Doug Wall because Lender may be

20    funding an Escrow Fund, should it be the successful bidder, to which Jacobsson's disputed claim

21    would attach.   Is Jacobsson, by virtue of its "joinder" agreeing with Doug Wall that Jacobsson

22    should not be permitted to make a claim against the Escrow Fund?   If so, Lender agrees:  Lender

23    only recently recalled, when further investigating the mechanics lien claims, that it had such an

24    arrangement with Jacobsson.[2]   Had it recalled this subordination sooner, it likely would not have

25    agreed to permit Jacobsson to participate in the Escrow Fund.

26

27

28       [2] Notably, Jacobsson did not reference the subordination agreement in its proof of claim, either.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   Regardless, as with Doug Wall, Lender intends to pursue an adversary case against

2   Jacobsson to obtain a court order adjudicating the validity, extent and priority of Jacobsson's

3   liens, which are contractually junior to those of the Lender.  In the meanwhile, Jacobsson's liens

4   will either remain on the real property, attach to the proceeds of sale, or attach to an escrow fund.

5   In any scenario, Jacobsson's disputed liens are obviously sufficiently protected and Jacobsson's

6   objection is moot.

### III.

### REPLY TO CSCDA'S RESERVATION OF RIGHTS

9   Lender does not understand the "Reservation of Rights" filed by CSCDA.  It has been

10  Lender's understanding that CSCDA has consistently taken the position that its Assessment

11  Contract (as defined in CSCDA's Reservation of Rights) is not an executory contract that is

12  subject to assumption or rejection, and that the Assessment Contract runs with the real property.

13  This position is consistent with CSCDA's own agreement, which expressly provides that it is an

14  agreement that "establishes rights and obligations that are for the benefit of the Property and,

15  therefore, such rights and obligations run with the land pursuant to Civil Code Section 1462."

16  [Claim No. 34-1, Ex. A at § 6.]  As the agreement itself provides, the obligations to pay the

17  assessments under the agreement are made against the real property itself.  [*Id.* at § 16.]  And

18  consistent with this position and with the agreement, as explained in CSCDA's own proof of

19  claim, "the County of Riverside levies the PACE Assessment against each of the Properties along

20  with general ad valorem taxes and Mello-Roos taxes."  [Claim No. 34-1 at p. 2]

21  Lender is inclined to agree with CSCDA that the Assessment Contract is not an executory

22  contract, and has informed CSCDA as much, including prior to CSCDA's filing.  [Declaration of

23  Marsha A. Houston, Ex. C.]  Now, it appears that CSCDA is perhaps changing tack and that it

24  may believe the Assessment Contract is an executory contract, after all.  Lender requests that, at

25  the hearing, CSCDA clarify its position whether the Assessment Contract is executory or not.

26  Lender understands that, should it be the successful credit bidder, that it will be responsible for

27  paying the PACE assessments on the real property.  Lender is otherwise unclear what CSCDA's

28  objection (if any) is to the Motion or what CSCDA seeks from the Court.

REPLY IN SUPPORT OF MOTION FOR SALE

1

IV.

2

**CONCLUSION**

3

For the foregoing reasons, this court should grant the Motion, overrule the objections (or

4

joinders or reservations of right, respectively), and approve the proposed sale.

5

6

DATED:  September 29, 2021                    REED SMITH LLP

7

8

By    /s/ Marsha A. Houston

9

                   Marsha A. Houston
                   Christopher O. Rivas

10

                   Attorneys for Secured Creditor
                   U.S. Real Estate Credit Holdings III-A, LP

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**REPLY IN SUPPORT OF MOTION FOR SALE**

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF SIMOND LAVIAN

I, Simond Lavian, declare:

1.    I am the director of asset management at Calmwater Asset Management, LLC, the investment manager of U.S. Real Estate Credit Holdings III-A, LP ("Lender"). I am over the age of 18, and I make this declaration based on my personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would testify competently thereto.

2.    In connection with the Loan Agreement, Doug Wall Construction, Inc. ("Doug Wall") executed a Contractors Consent to Assignment of Contractor's Agreement, dated July 25, 2018 (the "Doug Wall Consent"), pursuant to which, among other things, Doug Wall also agreed to subordinate its claims to the Lender's lien under the Deed of Trust:

> The Contractor hereby expressly subordinates all contractual, constitutional and statutory mechanics' and materialmen's liens to which Contractor may be or become entitled, to all liens and security interests securing the Loan contemplated by the Loan Agreement and expressly waives any right to remove any removable improvements from the real property upon which the improvements are to be located.

[Doug Wall Consent, § 7.]  Doug Wall **also** agreed that:

> It is expressly understood that Lender neither assumes nor has any obligations to the Contractor to exercise its rights under the Assignment or to declare a default under the Loan, but that the option to exercise such rights or declare a default rests in the sole and absolute discretion of Lender.

[Doug Wall Consent, § 4.]  A true and correct copy of the Doug Wall Consent is attached hereto as **Exhibit A**.

3.    Similarly, Jacobsson Engineering Construction, Inc. ("Jacobsson") executed a Contractors Consent to Assignment of Contractor's Agreement, dated April 10, 2018 (the "Jacobsson Consent"), pursuant to which, among other things, Jacobsson agreed to subordinate its claims to the Lender's lien under the Deed of Trust:

> The Contractor hereby expressly subordinates all contractual, constitutional and statutory mechanics' and materialmen's liens to which Contractor may be or become entitled, to all liens and security interests securing the Loan contemplated by the Loan Agreement and expressly waives any right to remove any removable improvements from the real property upon which the improvements are to be located.

- 5 -

[Jacobsson Consent, § 7.]  A true and correct copy of the Jacobsson Consent is attached hereto as **Exhibit B**.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed at Los Angeles, California on September 29, 2021.

Simond Lavian

REPLY IN SUPPORT OF MOTION FOR SALE

**DECLARATION OF MARSHA A. HOUSTON**

I, Marsha A. Houston, declare:

     1.      I am a partner of Reed Smith LLP, which is counsel to U.S. Real Estate Credit Holdings III-A, LP ("Lender").  I am over the age of 18, and I make this declaration based on my personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would testify competently thereto.

     2.      On September 23, 2021, Debra Riley, counsel for the California Statewide Communities Development Authority ("CSCDA"), emailed me indicating that she did not agree that the assessment contract between CSCDA and the Debtor was an executory contract.

     3.      On September 24, 2021, I responding that we understood CSCDA's position that its agreement was not executory and that should Lender be the successful purchaser of the property, that it would abide by the agreement and obligations as owner of the property. Attached as **Exhibit C** is a true and correct copy of my email correspondence.

     I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

               Executed at Los Angeles, California on September 29, 2021.

                                    __/s/ Marsha A. Houston_____
                                    Marsha A. Houston

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REPLY IN SUPPORT OF MOTION FOR SALE

# EXHIBIT A

## GENERAL CONTRACTOR'S CONSENT TO ASSIGNMENT
## OF CONTRACTOR'S AGREEMENT

This GENERAL CONTRACTOR'S CONSENT TO ASSIGNMENT OF CONTRACTOR'S AGREEMENT ("Consent") is made this __25_ day of July, 2018, by **DOUG WALL CONSTRUCTION, INC.,** a California corporation ("Contractor"), having its principal office at 78450 Avenue 41, Bermuda Dunes, CA 92203, in favor of **U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP**, an Irish limited partnership ("Lender"), having its principal office at c/o Calmwater Capital, 11755 Wilshire Boulevard, Suite 1425, Los Angeles, California 90025.

### RECITALS

A.      Pursuant to that certain Loan Agreement (as the same may be amended, modified, extended, supplemented, renewed, replaced and/or restated from time to time, the "Loan Agreement") executed of even date herewith by and among **GLENROY COACHELLA, LLC**, a Delaware limited liability company, **FORCE RUBIN, LLC**, a Delaware limited liability company, **FORCE RUBIN 2, LLC**, a Delaware limited liability company, and **COACHELLA RESORT, LLC**, a California limited liability company, each having a principal place of business at is 1801 S. La Cienega Blvd., Suite 301, Los Angeles, CA 90035 (collectively, "Owner") and Lender, Lender is concurrently herewith making a construction loan to Borrower in the original principal amount of up to Twenty-Four Million Four Hundred Thousand and No/100 Dollars ($24,400,000.00) (the "Loan") secured by a first deed of trust lien on certain property of Owner as set forth therein.

B.      Contractor is a party to that certain Cost Plus Construction Contract between Owner and Contractor dated June 1, 2017 (together with any and all amendment, modifications and substitutions thereof, "Contractor's Agreement").

C.      In connection therewith, Contractor has agreed to furnish, pay for **within 5 days of payment by owner,** and perform all the work required for the construction of certain improvements more specifically described in the Contractor's Agreement, including, but not limited to, all labor, tools, construction means, construction equipment, materials, supplies, facilities, services, scaffolding, appliances, water, heat, air conditioning, utilities, transportation and everything necessary or proper to fully do and complete the construction, whether temporary or permanent, and whether or not incorporated or to be incorporated in the work.

D.      Pursuant to the Loan Agreement, Owner is executing in favor of Lender that certain Collateral Assignment of Contracts, Licenses, Permits, Agreements, Warranties and Approvals of even date herewith ("Assignment"), a true and correct copy of which has been provided to Contractor by Owner.

E.      Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed thereto in the Assignment.

16109842

## AGREEMENT

NOW, THEREFORE, in consideration of, and as an inducement for, Lender's entry into the Loan Agreement and the making of the Loan to Owner thereunder, the Contractor hereby covenants and agrees as follows for the benefit of Lender:

1.    The Contractor hereby consents to the assignment of all of Owner's right, title and interest in and to the Contractor's Agreement.  Further, the Contractor acknowledges that there presently exist no unpaid and past-due claims owed by the Owner to the Contractor, and that the Contractor has no present claim against or lien upon the improvements to be constructed or the real property upon which the improvements are to be located arising out of the execution of the Contractor's Agreement. **Except billings submitted as of 7-25/2018**

2.    The Contractor also agrees that, in the event of a breach by Owner of any of the terms and conditions of the Contractor's Agreement or any other agreement entered into with the Contractor in connection therewith, Contractor will give prompt written notice to Lender of such breach at the address set forth above.  Lender shall have thirty (30) days from the receipt of such notice to remedy or cure said breach; provided, however, nothing herein shall require Lender to cure said breach, but only gives it the option to do so.  The Contractor further agrees that if, at any time, Lender succeeds to the rights and obligations of Owner under the Contractor's Agreement pursuant to the provisions of said Loan Agreement or Assignment, then in such event, and so long as the Contractor has received or continues to receive the compensation required under the Contractor's Agreement, Lender or its assignee shall have the right to enforce the Contractor's Agreement.

3.    The Contractor has no knowledge that any of the representations or covenants of the Owner contained in the Assignment are false or cannot be complied with, and, to the extent applicable to Contractor, the Contractor agrees to be bound by the Assignment with respect to the Lender.

4.    It is expressly understood that Lender neither assumes nor has any obligations to the Contractor to exercise its rights under the Assignment or to declare a default under the Loan, but that the option to exercise such rights or declare a default rests in the sole and absolute discretion of Lender.

5.    The Contractor shall provide Lender with prompt written notice of any default by either the Contractor or the Owner under the Contractor's Agreement.  In addition, the Contractor shall provide Lender with copies of all other notices to be provided to the Owner under the Contractor's Agreement at the address of Lender shown in the Assignment.

6.    ~~The Contractor shall not perform work pursuant to any change order without first securing Lender's written consent to such change order as required by the Assignment, and in any such case,~~ **Owner shall be responsible to notify lender of**

2

16109842

**change orders with subcontractors. Contractor will forward documents as ordered by Owner.** Contractor shall promptly provide Lender or its It construction consultant with a copy of such change order or other modification.  Lender's consent shall not constitute any assumption by Lender of any obligations under the Contractor's Agreement.   In addition, Contractor will not amend, modify, or terminate the Contractor's Agreement without the prior written consent of Lender **after signed by contractor** , provided that Contractor may terminate the Contractor's Agreement because of a default by Owner thereunder to the extent Contractor has such right pursuant to the Contractor's Agreement and provided that Contractor has first complied with Section 2 above.

7.    The Contractor hereby expressly subordinates all contractual, constitutional and statutory mechanics' and materialmen's liens to which Contractor may be or become entitled, to all liens and security interests securing the Loan contemplated by the Loan Agreement and expressly waives any right to remove any removable improvements from the real property upon which the improvements are to be located. Further, Contractor shall require all subcontracts and purchase orders to contain a provision ~~subordinating the subcontractors' and materialmen's liens to the lien~~ **subcontractors cannot be required to subordinate as per CA law** securing the loan contemplated by the Loan Agreement and expressly waiving the right to remove removable improvements from the real property upon which the improvements are to be located.

Nothing herein shall be construed to impose upon Lender any duty with respect to the application of the proceeds of the loan contemplated by the Loan Agreement or to give any notice of any type to Contractor.  Contractor acknowledges that Lender is obligated under the Loan Agreement only to the Owner and to no other person or entity.   Contractor is executing this consent and Agreement to induce Lender to advance funds under the Loan Agreement, and Contractor understands that Lender would not do so but for Contractor's execution and delivery of this Consent.

[REMAINDER OF PAGE INTENTIONALLY BLANK; SIGNATURE PAGE FOLLOWS.]

3

16109842

IN WITNESS WHEREOF, Contractor has executed this Consent as of the day and year first above written.

**CONTRACTOR:**

**DOUG WALL CONSTRUCTION, INC.,**
a *CA CORPORATION*

By: _____
Name: *DOUG WALL*
Title: *PRESIDENT*

# EXHIBIT B

## CONTRACTOR'S CONSENT TO ASSIGNMENT
## OF CONTRACTOR'S AGREEMENT

This CONTRACTOR'S CONSENT TO ASSIGNMENT OF CONTRACTOR'S AGREEMENT ("Consent") is made this 10th day of April, 2018, by **JACOBSSON ENGINEERING CONSTRUCTION, INC.,** a California ("Contractor"), having its principal office at Thousand Palms, California, in favor of **U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP**, an Irish limited partnership ("Lender"), having its principal office at c/o Calmwater Capital, 11755 Wilshire Boulevard, Suite 1425, Los Angeles, California 90025.

## RECITALS

A.    Pursuant to that certain Loan Agreement (as the same may be amended, modified, extended, supplemented, renewed, replaced and/or restated from time to time, the "Loan Agreement") executed of even date herewith by and among **GLENROY COACHELLA, LLC**, a Delaware limited liability company, **FORCE RUBIN, LLC**, a Delaware limited liability company, **FORCE RUBIN 2, LLC**, a Delaware limited liability company, and **COACHELLA RESORT, LLC**, a California limited liability company, each having a principal place of business at is 1801 S. La Cienega Blvd., Suite 301, Los Angeles, CA 90035 (collectively, "Owner") and Lender, Lender is concurrently herewith making a construction loan to Borrower in the original principal amount of up to Twenty-Four Million Four Hundred Thousand and No/100 Dollars ($24,400,000.00) (the "Loan") secured by a first deed of trust lien on certain property of Owner as set forth therein.

B.    Contractor is a party to that certain Contract between Owner and Contractor dated September 1, 2017 (together with any and all amendments, modifications and substitutions thereof, "Contractor's Agreement").

C.    In connection therewith, Contractor has agreed to furnish, pay for, and perform all the work required for the construction of certain improvements more specifically described in the Contractor's Agreement, including, but not limited to, all labor, tools, construction means, construction equipment, materials, supplies, facilities, services, scaffolding, appliances, water, heat, air conditioning, utilities, transportation and everything necessary or proper to fully do and complete the construction, whether temporary or permanent, and whether or not incorporated or to be incorporated in the work.

D.    Pursuant to the Loan Agreement, Owner is executing in favor of Lender that certain Collateral Assignment of Contracts, Licenses, Permits, Agreements, Warranties and Approvals of even date herewith ("Assignment"), a true and correct copy of which has been provided to Contractor by Owner.

E.    Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed thereto in the Assignment.

# AGREEMENT

NOW, THEREFORE, in consideration of, and as an inducement for, Lender's entry into the Loan Agreement and the making of the Loan to Owner thereunder, the Contractor hereby covenants and agrees as follows for the benefit of Lender:

1.      The Contractor hereby consents to the assignment of all of Owner's right, title and interest in and to the Contractor's Agreement.  Further, the Contractor acknowledges that there presently exist no unpaid and past-due claims owed by the Owner to the Contractor, and that the Contractor has no present claim against or lien upon the improvements to be constructed or the real property upon which the improvements are to be located arising out of the execution of the Contractor's Agreement.

2.      The Contractor also agrees that, in the event of a breach by Owner of any of the terms and conditions of the Contractor's Agreement or any other agreement entered into with the Contractor in connection therewith, Contractor will give prompt written notice to Lender of such breach at the address set forth above.  Lender shall have thirty (30) days from the receipt of such notice to remedy or cure said breach; provided, however, nothing herein shall require Lender to cure said breach, but only gives it the option to do so.  The Contractor further agrees that if, at any time, Lender succeeds to the rights and obligations of Owner under the Contractor's Agreement pursuant to the provisions of said Loan Agreement or Assignment, then in such event, and so long as the Contractor has received or continues to receive the compensation required under the Contractor's Agreement, Lender or its assignee shall have the right to enforce the Contractor's Agreement.

3.      The Contractor has no knowledge that any of the representations or covenants of the Owner contained in the Assignment are false or cannot be complied with, and, to the extent applicable to Contractor, the Contractor agrees to be bound by the Assignment with respect to the Lender.

4.      It is expressly understood that Lender neither assumes nor has any obligations to the Contractor to exercise its rights under the Assignment or to declare a default under the Loan, but that the option to exercise such rights or declare a default rests in the sole and absolute discretion of Lender.

5.      The Contractor shall provide Lender with prompt written notice of any default by either the Contractor or the Owner under the Contractor's Agreement.  In addition, the Contractor shall provide Lender with copies of all other notices to be provided to the Owner under the Contractor's Agreement at the address of Lender shown in the Assignment.

6.      The Contractor shall not perform work pursuant to any change order without first securing Lender's written consent to such change order as required by the Assignment, and in any such case, Contractor shall promptly provide Lender or its

16110394

construction consultant with a copy of such change order or other modification.  Lender's consent shall not constitute any assumption by Lender of any obligations under the Contractor's Agreement.  In addition, Contractor will not amend, modify, or terminate the Contractor's Agreement without the prior written consent of Lender, provided that Contractor may terminate the Contractor's Agreement because of a default by Owner thereunder to the extent Contractor has such right pursuant to the Contractor's Agreement and provided that Contractor has first complied with Section 2 above.

7.       The Contractor hereby expressly subordinates all contractual, constitutional and statutory mechanics' and materialmen's liens to which Contractor may be or become entitled, to all liens and security interests securing the Loan contemplated by the Loan Agreement and expressly waives any right to remove any removable improvements from the real property upon which the improvements are to be located. Further, Contractor shall require all subcontracts and purchase orders to contain a provision subordinating the subcontractors' and materialmen's liens to the lien securing the loan contemplated by the Loan Agreement and expressly waiving the right to remove removable improvements from the real property upon which the improvements are to be located.

Nothing herein shall be construed to impose upon Lender any duty with respect to the application of the proceeds of the loan contemplated by the Loan Agreement or to give any notice of any type to Contractor.  Contractor acknowledges that Lender is obligated under the Loan Agreement only to the Owner and to no other person or entity.  Contractor is executing this consent and Agreement to induce Lender to advance funds under the Loan Agreement, and Contractor understands that Lender would not do so but for Contractor's execution and delivery of this Consent.

[REMAINDER OF PAGE INTENTIONALLY BLANK; SIGNATURE PAGE FOLLOWS.]

16110394

IN WITNESS WHEREOF, Contractor has executed this Consent as of the day and year first above written.

CONTRACTOR:

**JACOBSSON ENGINEERING CONSTRUCTION,**

a _____

By: _____

Name: Dan Jacobsson

Title:   President

16110394

# EXHIBIT C

| From: | Houston, Marsha A. |
|---|---|
| Sent: | Friday, September 24, 2021 5:10 PM |
| To: | Riley, Debra |
| Cc: | Ed Hays; Rivas, Christopher O. |
| Subject: | RE: Glenroy -- Coachella Sale |

Debra,

The Lender is only planning to credit bid to the extent there is no cash bidder with an adequate bid. We don't know today what the result of the auction will be or whether a cash bidder will want to assume the agreement. The Lender is ok not assuming it, on the basis that it is not executory, and understands the obligation runs with the land. I believe that the sale motion makes it clear that any buyer is taking subject to the PACE assessments. See Section 4(B(ii) at page 10. I don't think there is any issue here about rejection or more importantly, any effort to change your client's rights.  Obviously, we cannot amend the schedules, but we can assure you that the Lender will abide by the agreement and obligations if it is the owner of the property. We can't speak for how a third party lender would want to handle documentation since we are not yet at there, but again, we think it is clear that they would be required to assume the obligation.  I'm not sure what more the Lender can provide to reassure you?

Regards,

Marsha

**Marsha A. Houston**
213.457.8067
818.314.8823 (cell)
mhouston@reedsmith.com

# Reed Smith LLP
355 S. Grand Ave., Suite 2900
Los Angeles, CA 90071
213.457.8000
Fax 213.457.8080
Bio: http://www.reedsmith.com/marsha_houston/

Abu Dhabi | Beijing | Century City | Chicago | Dubai | Falls Church | Greece | Hong Kong | Houston | London | Los Angeles | Munich | New York | Paris | Philadelphia | Pittsburgh | Princeton | Richmond | San Francisco | Shanghai | Silicon Valley | Singapore | Washington DC | Wilmington

**From:** Riley, Debra <driley@allenmatkins.com>
**Sent:** Thursday, September 23, 2021 6:41 PM
**To:** Houston, Marsha A. <MHouston@ReedSmith.com>
**Subject:** Glenroy -- Coachella Sale

EXTERNAL E-MAIL - From driley@allenmatkins.com

Marsha,  the motion provides that the PACE lien and liabilities are passing through as we discussed.  I recall that the Debtors listed the PACE assessment contract as an executory contract.  Even though I don't agree that the assessment contract is an executory contract, i want to confirm that it is on the list of contracts to be assumed and that it is not be rejected.  If it is being rejected as part of the sale, I will have to file a pleading by

1

Tuesday objecting to the classification of the contract as an executory contract.  I would rather not  have to do that – especially since my fees are being paid by the owner of the property as admin for administering the PACE Assessment.   If it is being assumed then no  harm  for whatever it is.

**Debra A. Riley Esq.**
Partner
Allen Matkins Leck Gamble Mallory & Natsis LLP
One America Plaza, 600 West Broadway, 27th Floor, San Diego, CA 92101-0903
(619) 235-1520 (direct)
(619) 623-4510 (mobile)
driley@allenmatkins.com

# Allen Matkins

_____

Confidentiality Notice: The information contained in this electronic e-mail and any accompanying attachment(s) is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
355 South Grand Avenue, Suite 2900, Los Angeles, CA  90071

A true and correct copy of the foregoing document entitled (*specify*): U.S. REAL ESTATE CREDIT
HOLDINGS III-A, LP'S OMNIBUS REPLY TO RESPONSES FILED WITH RESPECT TO MOTION FOR ORDER
AUTHORIZING SALE OF REAL PROPERTY

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
September 29, 2021    , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined
that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses
stated below:

- Steven M Berman     sberman@slk-law.com, awit@shumaker.com;bgasaway@shumaker.com
- Daren Brinkman     office@brinkmanlaw.com, 7764052420@filings.docketbird.com
- Caroline Djang     caroline.djang@bbklaw.com,
  laurie.verstegen@bbklaw.com;wilma.escalante@bbklaw.com
- Jenny L Doling     JD@jdl.law, dolingjr92080@notify.bestcase.com
- Jonathan R Doolittle     jonathan.doolittle@pillsburylaw.com, courtalertecf@pillsburylaw.com
- Eryk R Escobar     eryk.r.escobar@usdoj.gov
- Chad V Haes     chaes@marshackhays.com,
  chaes@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com;cmendoza@marshackhays.com;kfrederick@
  ecf.courtdrive.com
- Brian S Harnik     bharnik@rhlawfirm.com, bharnik@rhlawfirm.com
- Douglas Harris     Douglas.harris@alston.com
- William C Hoggard     wch@wchlawgroup.com, admin@wchlawgroup.com
- Mark S Horoupian     mhoroupian@sulmeyerlaw.com,
  mhoroupian@ecf.inforuptcy.com;ccaldwell@sulmeyerlaw.com
- Marsha A Houston     mhouston@reedsmith.com
- Michael S Kogan     mkogan@koganlawfirm.com
- Timothy R Laquer     trl@ddclaw.com, trl@ddclaw.com
- Leib M Lerner     leib.lerner@alston.com, autodockettest-lax@alston.com
- Crystle Jane Lindsey     crystle@wsrlaw.net, crystle@cjllaw.com;gabby@wsrlaw.net;dairi@wsrlaw.net
- Tinho Mang     tmang@marshackhays.com,
  tmang@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com
- Richard A Marshack (TR)     pkraus@marshackhays.com,
  rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- Stacey A Miller     smiller@tharpe-howell.com
- Sean A OKeefe     sokeefe@okeefelc.com, seanaokeefe@msn.com
- Matthew D Pham     mpham@hahnlawyers.com,
  marias@hahnlawyers.com;mpham@ecf.courtdrive.com
- Maria Plumtree     agrow@plumtreelaw.com, mplumtree@plumtreelaw.com
- Thomas J Polis     tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com
- Dean G Rallis     drallis@hahnlawyers.com,

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

marias@hahnlawyers.com;mpham@hahnlawyers.com;drallis@ecf.courtdrive.com
- Debra Riley    driley@allenmatkins.com
- Christopher O Rivas    crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com
- James R Selth    jim@wsrlaw.net, jselth@yahoo.com;dairi@wsrlaw.net;vinnet@ecf.inforuptcy.com
- Leonard M Shulman    lshulman@shulmanbastian.com
- Evan L Smith    els@elsmithlaw.com
- Alan G Tippie    atippie@sulmeyerlaw.com,
  atippie@ecf.courtdrive.com;pdillamar@sulmeyerlaw.com,kfiles@sulmeyerlaw.com;kfiles@sulmeyerlaw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Daniel J Weintraub    dan@wsrlaw.net,
  vinnet@ecf.inforuptcy.com;gabby@wsrlaw.net;dairi@wsrlaw.net

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) September 29, 2021   , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA UPS**
**Hon. Sheri Bluebond**
**USBC-Central District of California**
**255 E. Temple Street**
**Suite 1534 / Courtroom 1539**
**Los Angeles, CA 90012**

**VIA UPS**
**Eryk R. Escobar**
**Trial Attorney**
**Office of the U.S. Trustee**
**U.S. Department of Justice**
**915 Wilshire Blvd., Suite 1850**
**Los Angeles, CA 90017**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 29, 2021 | Heather Valencia | /s/ Heather Valencia |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.