1  D. EDWARD HAYS, #162507
2  CHAD V. HAES, #267221
   MARSHACK HAYS LLP
3  870 Roosevelt
   Irvine, California 92620
4  Telephone: (949) 333-7777
   Facsimile: (949) 333-7778
5
6  Attorneys for Chapter 7 Trustee,
   RICHARD A. MARSHACK

FILED & ENTERED

OCT 22 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY  wesley     DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

In re

GLENROY COACHELLA, LLC,

　　　　　　Debtor.

Case No.    2:21-bk-11188-BB

Chapter 7

**ORDER GRANTING MOTION FOR ORDER AUTHORIZING: (1) SALE OF REAL PROPERTY LOCATED AT 84151 AVENUE 48, COACHELLA, CA AND RELATED ASSETS: (A) OUTSIDE THE ORDINARY COURSE OF BUSINESS; (B) FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES; (C) SUBJECT TO OVERBID; (D) FOR DETERMINATION OF GOOD FAITH PURCHASER UNDER 11 U.S.C. §363(m); AND (2) ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES UNDER 11 U.S.C. §365**

Date:   September 30, 2021
Time:   10:00 a.m.
Place:  Courtroom 1539
        255 E. Temple Street
        Los Angeles, CA  90012

Honorable Sheri Bluebond

☒    EXHIBIT ATTACHED
(PARTIES' SIGNATURE PAGE)

On September 30, 2021, the *Motion for Order Authorizing: 1) Sale of Real Property Located at 84151 Avenue 48, Coachella, CA and Related Assets: (a) Outside the Ordinary Course of Business; (b) Free and Clear of Liens, Claims, and Encumbrances; (c) Subject to Overbid; (d) for Determination of Good Faith Purchaser under 11 U.S.C. §363(m); and 2) Assumption of Executory Unexpired Leases Under 11 U.S.C. §365* (the "Motion") filed by Chapter 7 Trustee Richard A. Marshack's ("Movant")[1] came on for its scheduled hearing before the Honorable Sheri Bluebond, United States Bankruptcy Judge, presiding.

The Court considered the evidence filed in support of the Motion, and also considered the objections, responses, and evidence of Doug Wall Construction, Inc. ("Doug Wall"), Jacobsson Engineering Construction, Inc. ("Jacobsson"), the California Statewide Communities Development Authority ("CSCDA"), Art of the Muse, LLC d/b/a Oly ("Art of the Muse"), and the reply and evidence of U.S. Real Estate Credit Holdings III-A, LP ("USRECH"). The Court also considered the verbal, but untimely, objection raised by Quonset Partners LLC ("Quonset"). Appearances were as noted on the Court's record. In considering the Motion, the Court has also considered the documents and pleadings on file herein, all judicially noticeable facts of which judicial notice was requested by a party, and the arguments and representations of counsel made at the September 30, 2021, hearing.

Based on the statements and findings of the Court on the Motion as reflected in the tentative ruling attached as Exhibit "1" and on the record, and after finding that notice of the Motion was proper, and after further finding that the proposed sale is in the best interests of the estate, and after further finding that the bidding procedures approved by the Court and as implemented by the Court at the hearing were reasonable and in the best interests of the estate, and for good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1. The Motion is **GRANTED** subject to the specifications set forth in this Order;

---

[1] The Motion was filed by the Movant when he was serving as the duly-appointed Chapter 11 Trustee, but subsequent to the filing of the Motion, this case was converted to Chapter 7 and the Movant has been duly appointed as the Chapter 7 Trustee.

1

2. **Jurisdiction and Venue.** This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. The matters presented in the Motion are core proceedings under 28 U.S.C. § 157(b)(2). Venue is proper in this district and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Venue in this district and before this Court is proper;

3. **Authorization to Sell.** Trustee is authorized to sell the estate's interest in and to that certain real and personal property, as more particularly described below ("Property"), on the terms and conditions stated in the Motion and in the *Motion to Approve Compromise with U.S. Real Estate Credit Holdings III-A, LP* (Dkt. No. 322) ("Compromise Motion") which was approved by this Court pursuant to an Order granting the Compromise Motion ("Compromise Order") (Dkt. No. 455) (collectively, the "Lender Purchase Agreement");

4. **The Property.** The Property is more particularly described as follows:

(i) That certain land located in the County of Riverside, State of California, identified by APNs 603-220-061, 603-220-065, 603-220-067, 603-220-068, and 603-220-069, comprising approximately thirty-five (35) acres, as more particularly described in that certain Deed of Trust dated April 26, 2018, and recorded in the Official Records of Riverside County as Doc. No. 2018- 0162476 ("Land"), (ii) the partially completed hotel resort on the Land ("Improvements", and together with the Land, "Real Property"), (iii) the tenancy-in-common interests granted to Seller by Coachella Resort, LLC, Force Rubin, LLC, and Force Rubin 2, LLC; (iv) all rights, privileges, and easements appurtenant to the Land, (v) all development rights related to the Real Property, with the exception of any development agreements not expressly assumed in this Order; (vi) all right, title, and interest in any intangible personal property used in relation to the ownership, development, or operation of the Real Property; (vii) all tangible personal property, including construction materials, equipment, appliances, and furnishings, owned by Seller located on the Real Property or purchased in connection with its development, even if stored off site; and (viii) all tax attributes of Seller (including, by way of example, any net operating losses) arising from or related to the Property; and

(ii) The "Property" also includes the Estate's interest, if any, in development rights and entitlements to develop on the Real Property a full service hotel comprising approximately 199,026 square feet of gross building area that will include, without limitation the following (collectively, "Hotel"); (i) 51 one-story villas split between two-, four- and six-bedroom structures comprising a total of 250 guestrooms, (ii) four restaurants, (iii) outdoor pool, (iv) fitness center, (v) full-service spa with six treatment rooms, (vi) outdoor event space, (vii) approximately 11,125 square feet of dedicated meeting space, (viii) surface parking for approximately 377 automobiles, all built behind an 11-foot high privacy wall, and (ix) the North East corner parcel entitled for a midrise hotel;

5. **Successful Bidder.** USRECH was the only party that submitted a Qualified Bid for the Property. No other person or entity submitted a Qualified Bid by the deadline established in the sale procedures approved by this Court and, except for USRECH, no person or entity submitted a bid of any sort prior to or during the sale hearing. As a result, Trustee was not required to conduct an auction and the $22,000,000 credit bid ("Credit Bid") submitted by USRECH is the highest and best offer for the Property;

**Lender Purchase Agreement; Sale in Best Interest; Marketing.**

6. The Lender Purchase Agreement reflects the exercise of the Trustee's sound business judgment and the Credit Bid and other terms submitted and accepted thereunder (i) are fair and reasonable, (ii) represent the highest and best offer for the Property, (iii) will provide a greater recovery for the Debtor's creditors than would be provided by any other practical alternative, and (iv) constitute fair consideration;

7. The consideration provided by the Purchaser for the Property under the Lender Purchase Agreement shall be deemed to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia. The sale may not be avoided under section 363(n) of the Bankruptcy Code. The Purchase Agreement was not entered into, and the sale is not being consummated, for the purpose of hindering, delaying, or defrauding creditors of the Debtor under the Bankruptcy Code or under the laws of the United States, any state, territory, possession thereof, or the District of Columbia, or any other applicable law. Neither Trustee nor the Purchaser have entered into the Lender Purchase Agreement or any agreement contemplated thereby or are consummating the sale with any fraudulent or otherwise improper purpose, including, without limitation, to evade any pension liabilities. No other person or entity or group of persons or entities has offered to purchase the Property for an amount that would provide greater value to the Estate than the value provided by the Purchaser. The Court's granting of the Motion and the approval of the Lender Purchase Agreement are in the best interests of the Debtor, its estate, creditors, and all other parties in interest;

8.     **Purchaser.**  USRECH has formed a new special purpose entity, USREC Coachella LLC, a Delaware limited liability company (together with USRECH, the "Purchaser") to act as its designee for the purpose of receiving and holding title to the Property;

**Good Faith.**

9.     The Purchaser is a good faith purchaser under 11 U.S.C. § 363(m) and, as such, is entitled to all of the protections afforded thereby. The Lender Purchase Agreement was not entered into for the purpose of hindering, delaying, or defrauding creditors under the Title 11 of the United States Code ("Bankruptcy Code") and under the laws of the United States or any state, territory, possession, or district thereof;

10.     The transactions contemplated by the Lender Purchase Agreement are undertaken by Purchaser without collusion and in good faith, as that term is used in Bankruptcy Code Section 363(m) and, accordingly, the reversal or modification on appeal of the authorization provided in this Order to consummate the sale shall not affect the validity of the transactions (including the assumption and assignment of any assigned contracts). Purchaser is a purchaser in good faith of the Property and is entitled to all the protections afforded by Bankruptcy Code Section 363(m);

11.     As a good faith purchaser of the Property, Purchaser has not entered into an agreement with any other potential bidders, and has not colluded with any of the other bidders, potential bidders or any other parties interested in the Property, and, therefore, neither the Debtor nor any successor in interest to the Debtor's estates shall be entitled to bring an action against the Purchaser, and the sale may not be avoided pursuant to Section 363(n) of the Bankruptcy Code;

**Free and Clear Sale; Necessity of Order.**

12.     Except for the CSCDA Special Assessment Liens and the Mello Roos Special Tax Liens (as each is defined in paragraph 18 below) and the mechanics liens of record that may later be adjudicated to be senior to Purchaser's deed of trust, including the amended mechanics lien of Doug Wall Construction, Inc. (recorded in Riverside County, CA as #2019-0401936; lis pendens recorded in Riverside County as #2019-0415790), Trustee's sale of real property is free and clear of all liens, claims, and interests of any kind or nature whatsoever, because, in each case, one or more of the standards set forth in 11 U.S.C. §§ 363(f)(1)-(5) has been satisfied. Until paid,

Purchaser is taking title subject to mechanics liens adjudicated to be senior to Purchaser's deed of trust, with the exception of Escrowed Liens, which will attach to the Escrow Fund and are consequently hereby removed from title. Trustee also is authorized to sell any personal property to which Purchaser wishes to take title; however, Purchaser shall take title to any desired personal property subject to all valid and enforceable liens but free and clear of all other interests;

13. Except as otherwise provided, Purchaser would not have entered into the Purchase Agreement and would not consummate the sale if the sale of the Property to the Purchaser were not, pursuant to section 363(f) of the Bankruptcy Code, free and clear of liens, claims, interests, and other encumbrances;

14. Preceding the sale, the Debtor's tenants-in-common, Coachella Resort, LLC, Force Rubin, LLC, and Force Rubin 2, LLC ("TICs"), conveyed their interests in the Property to the bankruptcy estate as set forth in this Court's order entered July 28, 2021 (Dkt. No 321). Trustee is authorized to convey these interests to Purchaser;

15. Except as otherwise provided in this Order, the sale of all of the Property to Purchaser is a legal, valid, and effective transfer of the Property for fair consideration that shall vest in Purchaser all rights, title, and interest of the Debtor, and the TICs, in and to the Property free and clear of any liens, claims, encumbrances, rights, remedies, restrictions, interests, liabilities, and contractual commitments of any kind or nature whatsoever, whether arising before or after the Petition Date, whether at law or in equity, including all rights or claims based on any successor or transferee liability; *provided*, *however*, that any easements, entitlements, liens or other rights or interests that run with the Property shall continue to attach to the Property to the same extent they did prior to the date of this Order.  Except as otherwise set forth in this Order, the Property shall be sold to Purchaser free and clear of all liens, claims, encumbrances, and interests pursuant to 11 U.S.C. § 363(f) including, without limitation: (i) any mechanics liens determined to be junior to the liens of USRECH; (ii) any mechanics liens determined to be invalid or untimely under California law; and (iii) any unknown or unrecorded easements, encumbrances, liens, claims, or interests, including without limitation the unrecorded easement asserted by Quonset, as described in its adversary case assigned Case No. 2:21-ap-01197;

16. The following mechanic's lien claims ("Escrowed Liens") shall attach to the Escrow Fund (as defined below) in the same manner and with the same effect, if any, under applicable federal and state law, subject to further order of the Court.

| Mechanic's Lien Holder | Instrument No. Recorded in Riverside County |
|---|---|
| The Sherwin-Williams Company | 2019-0198410, recorded June 3, 2019, and partially released pursuant to 2019-0252361, recorded on July 10, 2019, and accompanied by a Lis Pendens recorded as 2019-0340640 |
| GF Investment Group, Inc. | 2019-0204095, recorded June 6, 2019 |
| Blair Air, Inc. Dba Blair Heating & Air | 2019-0206598, recorded June 7, 2019, and accompanied by a Lis Pendens recorded as 2019-0370664 |
| Hajoca Corporation | 2019-0210159, recorded June 11, 2019 |
| Apple J Plumbing, Inc. | 2019-0219453, recorded June 18, 2019, and accompanied by a Lis Pendens recorded as 2019-0376609 |
| Jacobsson Engineering Construction, Inc. | 2019-0225760, dated June 21, 2019, and accompanied by a Lis Pendens recorded as 2020-0350966 |
| Orco Block & Hardscape | 2019-0253532, recorded July 10, 2019, and accompanied by a Lis Pendens recorded as 2019-0432553 |
| L&W Supply Corporation | 2019-0293318, recorded August 5, 2019 |
| L&W Supply Corporation | 2019-0293319, recorded August 5, 2019 |
| Desert Palms Electric, Inc. | 2019-0295567, recorded August 6, 2019, and accompanied by a Lis Pendens recorded as 2019-0376610, dated September 24, 2019 |

| | |
|---|---|
| TemalPakh, Inc., dba The Works Floor & Wall | 2019-0328428, recorded August 26, 2019, and accompanied by a Lis Pendens recorded as 2019-0428103 |
| Silhouette Outdoor Furniture, Inc.[2] | 2019-0336225, recorded August 29, 2019 |
| BMC West, LLC | 2019-0354394, recorded September 11, 2019, and accompanied by a Lis Pendens recorded as 2019-0483250 |
| Al Miller & Sons Roofing Co., Inc. | 2019-0372302, recorded September 20, 2019, as amended by 2019-0402031, and accompanied by a Lis Pendens recorded as 2020-0013979, and partially withdrawn by a Notice of Partial Withdrawal of Lis Pendens recorded as 2020-0668683 |
| Mascorro Concrete Construction Inc. | 2019-0321348, recorded August 21, 2019, and accompanied by a Lis Pendens recorded as 2019-0376608, and partially withdrawn by a Notice of Partial Withdrawal of Lis Pendens recorded as 2020-0668680 |
| Southwest Plumbing, Inc. | 2019-0377201, recorded September 24, 2019, and accompanied by a Lis Pendens recorded as 2019-0009905 |
| All Phase Drywall & Development, Inc. | 2019-0379585, recorded September 25, 2019 |
| All Phase Drywall & Development, Inc. | 2019-0379586, recorded September 25, 2019, and accompanied by a Lis Pendens recorded as 2020-0009905 |
| Tandem West Glass, Inc. | 2019-0379822, recorded September 25, 2019, |

---

[2] Default judgment issued in United States District Court

7

|  |  |
|---|---|
|  | as amended by 2019-0402041, recorded October 7, 2019, and accompanied by a Lis Pendens recorded as 2020-0013976 |
| GF Investment Group, Inc. | 2019-0385786, recorded September 27, 2019, and accompanied by a Lis Pendens recorded as 2019-0544250 |
| La Hacienda Nursery & Landscape, Inc. | 2019-0415743, recorded October 16, 2019, and accompanied by a Lis Pendens recorded as 2020-0000938 |

**Ad Valorem Taxes, Mello Roos Special Taxes and PACE Assessments.**

17. All outstanding ad valorem taxes, special taxes and special assessments (collectively, "Taxes") and penalties and interest accrued through October 15, 2021, which were in the sum of $799,005.73 were paid by USRECH to the Riverside County Tax Collector;

18. The Property shall remain subject to (i) the special tax liens of Community Facilities District No. 2018-1 of the City of Coachella (Glenroy) ("CFD No. 2018-1") securing the obligations associated with the construction of certain authorized facilities ("Mello Roos Facilities Obligations") funded with proceeds of bonds issued by the CFD No. 2018-1 ("Mello Roos Special Tax Liens"), and (ii) the special assessment liens of CSCDA securing the obligations under those certain Agreement to Pay Assessment and Finance Improvements, under the CaliforniaFirst Program dated April 24, 2018, (the "PACE Assessments") that was attached as Exhibit 1 to the Notices of Assessment and Payment of the Contractual Assessments Required recorded in the official records of the County of Riverside against the Property as Document Nos. 2018-0160473 through 0160477 as amended by those certain Addendums to Notice of Assessment that were filed in the official records of the County of Riverside as Document Nos. 2020-0464144 through 2020-0464148 (the "CSCDA Special Assessment Liens"). The Purchaser (or any subsequent assignee or nominee) shall take the Property subject to the CSCDA Special

8

Assessment Liens and the PACE Assessments secured thereby and the Mello Roos Special Tax Liens and the Mello Roos Facilities Obligations secured thereby;

19. The amended mechanics lien of Doug Wall, recorded in the Official Records of Riverside County as Instrument No. 2019-0401936 ("<u>Doug Wall Lien</u>") and Lis Pendens recorded as instrument no. 2019-0415790 shall remain on the Property unless and until the Doug Wall Lien has been adjudicated as junior to the lien of USRECH at which point it shall be expunged from the Property. The amended mechanics lien is an amendment to the earlier-recorded mechanic's lien of Doug Wall, recorded in the Official Records of Riverside County as Instrument No. 2019-0356369;

**Permits; Governmental Revocation; Recordation.**

20. To the maximum extent permitted by applicable non-bankruptcy law, (a) Purchaser shall be authorized, upon closing, to operate under any license, permit, registration, and governmental authorization or approval (collectively, the "<u>Permits</u>") with respect to the Property, and (b) all Permits are deemed to have been, and hereby are directed to be, transferred to the Purchaser. Nothing in this Order, and nothing in the foregoing sentence, authorizes the transfer or assignment of any governmental Permit or the discontinuation of any obligation thereunder without compliance with all applicable legal requirements and approvals under police or regulatory law. To the extent any Permit cannot be transferred to Purchaser in accordance with this paragraph, Purchaser, with assistance from Trustee, will work promptly and diligently to apply for and secure all necessary government approvals for the transfer or new issuance of the Permits(s) to Purchaser, and the Trustee shall, with any necessary consideration from Purchaser, incur any costs or expenses, use commercially reasonably efforts to maintain the Permits to the extent permitted under applicable law for Purchaser's benefit until equivalent new Permits are issued to Purchaser;

21. Purchaser has not yet assumed or agreed to assume any development agreement or amendments thereto with the City of Coachella including the Glenroy Resort Development Agreement dated as of February 15, 2018, or any amendments or memoranda of understanding executed therewith, <u>provided that</u> Purchaser has expressly reserved its rights to assume the

1 development agreement, including with consensual amendments reached between Purchaser and
2 the City of Coachella with respect thereto, and that it is anticipated that the Trustee will seek an
3 extension of time to assume or reject such agreements;

4     22.    All governmental units shall comply with Bankruptcy Code section 525;

5     23.    Each and every federal, state, and local governmental agency or department is
6 hereby authorized to accept any and all documents and instruments necessary and appropriate to
7 consummate the transactions contemplated by the Lender Purchase Agreement including, without
8 limitation, recordation of this Order;

9 **Closing Conditions of Sale; Escrow Fund.**

10     24.    Within two business days after entry of this Order, and as a closing condition to
11 the sale, USRECH shall remit to the Trustee the sum of $200,000 ("Administrative Payment") to
12 be earmarked for and first used to pay the allowed compensation of Trustee and his retained
13 counsel, Marshack Hays LLP, pursuant to the Compromise Motion and Order granting the
14 Compromise Motion;

15     25.    Within two business days after entry of this Order, and as a closing condition to
16 the sale, USRECH shall remit to the Trustee the sum of $4,000,000, which amount must be held
17 by the Trustee in a sub-escrow account ("Escrow Fund"). The Escrow Fund deposit will be held
18 by the Trustee in trust pending resolution of the seniority of mechanics liens recorded against the
19 Property (which liens have not already been valued by this Court at zero pursuant to two separate
20 orders entered October 12, 2021, as docket nos. 485 and 486). Trustee may only disburse monies
21 from the Escrow Fund pursuant to Lender's express written agreement or, in the absence of such
22 agreement, pursuant to an order of the Court upon determination that a particular mechanics lien
23 claimant has a duly-perfected, enforceable lien in an allowed amount that is senior to USRECH's
24 lien against the Property.

25     26.    To the extent Trustee distributes monies from the Escrow Fund to holders of
26 mechanics liens that are determined to be allowed and senior to Lender, he shall be entitled to
27 compensation from the Escrow Fund pursuant to Section 326 (to the extent such funds are not
28 fully consumed by allowed senior liens); provided that the distributions upon which the Section

326 fee is calculated shall be reduced by the attorneys' fees incurred by Lender in the bankruptcy proceedings in challenging the priority, extent or amount of any such claims. In no event will the reduction for attorney's fees be more than $300,000;

27. **Deficiency Claim.** USRECH's deficiency claim,[3] after accounting for its Credit Bid, shall be subordinated to all other allowed unsecured claims, <u>provided</u> <u>that</u> there shall be no subordination of such deficiency claim to any claim of Seller's tenants-in-common (Coachella Resort, LLC, Force Rubin, LLC, and Force Rubin 2, LLC), or any interest holders or principals of Seller, affiliates or tenants-in-common, including Stuart Rubin, Elliot Lander, Joseph Rubin, or Gary Stiffelman, or their respective affiliates or assigns; nor shall there by any subordination of any allowed deficiency claim to Doug Wall Construction, Inc.;

28. **Effectiveness of Order.** This Order is and shall be effective as a determination that, upon and subject to the occurrence of the closing of the sale, all affected liens, claims, and interests have been and hereby are adjudged and declared to be unconditionally released as to the Property;

29. **Self Executing Order.** This Order is self-executing, and neither the Debtor nor the TICs, nor Purchaser shall be required to execute or file releases, termination statements, assignments, consents, or other instruments to effectuate, consummate, and implement the provisions of this Sale Order;

30. **Waiver of Stay.** As requested in the Motion, and with no objection to such request having been made, the 14-day stay prescribed by Rule 6004(h) of the Federal Rules of Bankruptcy Procedure is **WAIVED;**

31. **All Necessary Actions.** Trustee shall be authorized to execute any and all documents as are necessary or convenient to carry out the terms of this Order and the Lender Purchase Agreement; and

---

[3] The treatment of USRECH's administrative claims are as set forth in the Settlement Agreement affixed to the Compromise Motion.

32. **Retention of Jurisdiction.**  This Court shall retain jurisdiction to interpret, enforce, and implement the terms of this Order.

####

Date: October 22, 2021

Sheri Bluebond
United States Bankruptcy Judge

**[EXHIBIT – PARTIES' SIGNATURE PAGE]**

APPROVED AS TO FORM BY:

Dated: October 15, 2021                    MARSHACK HAYS LLP

                                           By: /s/ D. Edward Hays
                                               D. EDWARD HAYS
                                               CHAD V. HAES
                                               Attorneys for Chapter 7 Trustee,
                                               RICHARD A. MARSHACK

Dated: October 18, 2021                    ALLEN MATKINS LECK GAMBLE
                                           MALLORY & NATSIS LLP

                                           By: [signature]
                                               DEBRA RILEY
                                               Attorneys for Creditor, CALIFORNIA
                                               STATEWIDE COMMUNITIES
                                               DEVELOPMENT AUTHORITY

Dated: October ___, 2021                   BEST BEST & KRIEGER LLP

                                           By: _____
                                               CAROLINE DJANG
                                               Attorneys for Creditor, DOUG WALL
                                               CONSTRUCTION, INC. and CITY OF
                                               COACHELLA

Dated: October ___, 2021                   POLIS & ASSOCIATES
                                           A PROFESSIONAL LAW CORPORATION

                                           By: _____
                                               TOM POLIS
                                               Attorneys for Mechanics Lien Claimants,
                                               JACOBSSON ENGINEERING
                                               CONSTRUCTION, INC.; TEMALPAKH,
                                               INC.; TANDEM WEST GLASS, INC.;
                                               MASCORRO CONCRETE
                                               CONSTRUCTION, INC.; DESERT
                                               PALM ELECTRIC, INC.; APPLE J.
                                               PLUMBING; AL MILLER & SONS
                                               ROOFING CO., INC.

Dated: October ___, 2021                   REED SMITH LLP

                                           By: _____
                                               MARSHA A. HOUSTON
                                               CHRISTOPHER O. RIVAS
                                               Attorneys for Secured Creditor and Buyer,
                                               U.S. REAL ESTATE CREDIT
                                               HOLDINGS III-A, LP

1 [EXHIBIT – PARTIES' SIGNATURE PAGE]

2 APPROVED AS TO FORM BY:

3 Dated: October 15, 2021      MARSHACK HAYS LLP

By: /s/ D. Edward Hays
     D. EDWARD HAYS
     CHAD V. HAES
     Attorneys for Chapter 7 Trustee,
     RICHARD A. MARSHACK

Dated: October ___, 2021      ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP

By: _____
     DEBRA RILEY
     Attorneys for Creditor, CALIFORNIA STATEWIDE COMMUNITIES DEVELOPMENT AUTHORITY

Dated: October 19, 2021      BEST BEST & KRIEGER LLP

By: [signature]
     CAROLINE DJANG
     Attorneys for Creditor, DOUG WALL CONSTRUCTION, INC. and CITY OF COACHELLA

Dated: October ___, 2021      POLIS & ASSOCIATES
A PROFESSIONAL LAW CORPORATION

By: _____
     TOM POLIS
     Attorneys for Mechanics Lien Claimants, JACOBSSON ENGINEERING CONSTRUCTION, INC.; TEMALPAKH, INC.; TANDEM WEST GLASS, INC.; MASCORRO CONCRETE CONSTRUCTION, INC.; DESERT PALM ELECTRIC, INC.; APPLE J. PLUMBING; AL MILLER & SONS ROOFING CO., INC.

Dated: October 20, 2021      REED SMITH LLP

By: [signature] Marsha A. Houston
     MARSHA A. HOUSTON
     CHRISTOPHER O. RIVAS
     Attorneys for Secured Creditor and Buyer, U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP

13

**[EXHIBIT – PARTIES' SIGNATURE PAGE]**

APPROVED AS TO FORM BY:

Dated: October 15, 2021  MARSHACK HAYS LLP

By: /s/ D. Edward Hays
    D. EDWARD HAYS
    CHAD V. HAES
    Attorneys for Chapter 7 Trustee,
    RICHARD A. MARSHACK

Dated: October ___, 2021  ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By: _____
    DEBRA RILEY
    Attorneys for Creditor, CALIFORNIA
    STATEWIDE COMMUNITIES
    DEVELOPMENT AUTHORITY

Dated: October ___, 2021  BEST BEST & KRIEGER LLP

By: _____
    CAROLINE DJANG
    Attorneys for Creditor, DOUG WALL
    CONSTRUCTION, INC. and CITY OF
    COACHELLA

Dated: October 16, 2021  POLIS & ASSOCIATES
A PROFESSIONAL LAW CORPORATION

By: _____
    TOM POLIS
    Attorneys for Mechanics Lien Claimants,
    JACOBSSON ENGINEERING
    CONSTRUCTION, INC.; TEMALPAKH,
    INC.; TANDEM WEST GLASS, INC.;
    MASCORRO CONCRETE
    CONSTRUCTION, INC.; DESERT
    PALM ELECTRIC, INC.; APPLE J.
    PLUMBING; AL MILLER & SONS
    ROOFING CO., INC.

Dated: October ___, 2021  REED SMITH LLP

By: _____
    MARSHA A. HOUSTON
    CHRISTOPHER O. RIVAS
    Attorneys for Secured Creditor and Buyer,
    U.S. REAL ESTATE CREDIT
    HOLDINGS III-A, LP

**EXHIBIT 1**

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Sheri Bluebond, Presiding
### Courtroom 1539 Calendar

**Thursday, September 30, 2021**                                                                                  **Hearing Room   1539**

**10:00 AM**
**2:21-11188**     **Glenroy Coachella, LLC**                                                                    **Chapter 11**

   **#1.00**     Chapter 11 Trustee's Motion for Order Authorizing:

1) Sale of Real Property Located at 84151 Avenue 48, Coachella, CA and Related Assets:

   (A) Outside the Ordinary Course of Business;

   (B) Free and Clear of Liens, Claims, and Encumbrances;

   (C) Subject to Overbid;

   (D) For Determination of Good Faith Purchaser Under 11 U.S.C. Section 363(m);

2) Assumption of Executory Contracts and Unexpired Leases Under 11 U.S.C. Section 365
**[OST]**

                         Docket        446

**Courtroom Deputy:**

ZoomGov Appearance by:

9/17/21 - Caroline R. Djang, (949) 263-6586

9/17/21 - Nicholas Brunner, (562) 594-3911

9/27/21 - Timothy Laquer

9/27/21 - Thomas Polis

9/27/21 - Marsha Houston

9/27/21 - Christopher Rivas

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Sheri Bluebond, Presiding
### Courtroom 1539 Calendar

**Thursday, September 30, 2021**　　　　　　　　　　　　　　　　　　　　　　　　**Hearing Room　　1539**

<u>10:00 AM</u>
**CONT...　　Glenroy Coachella, LLC　　　　　　　　　　　　　　　　　　　　　　　　Chapter 11**
　　　　9/28/21 - Mark Horoupian

　　　　9/28/21 - Ronak Patel

　　　　9/28/21 - Allen Tippie

　　　　9/28/21 - Edward Hays

**Tentative Ruling:**

　　Court assumes that there is no dispute concerning the issues raised by the reservation of rights filed by the California Statewide Communities Development Authority -- any sale will be subject to the assumption of all of the relevant PACE obligations, no?

　　With regard to the objections interposed by Doug Wall and Jacobsson (jointly, the "Objecting Lienholders"), the Court has no problem with the creation of different procedures for different mechanics' liens, particularly on these facts; however, the sale must provide for adequate protection of the liens asserted by the Objecting Lienholders. There is nothing wrong with the debtor's requiring that a buyer or a lender indemnify the estate against liability with regard to these claims as an additional obligation, but the indemnity itself is not sufficient to constitute adequate protection.

　　As the court previously ordered on September 13, 2021, either the trustee will need to reserve from the sale proceeds an amount that is not less than the face amount of all liens asserted against the property that have not yet been adjudicated to be junior to that of the lender or unenforceable, including the liens asserted by the Objecting Lienholders, or the liens will not be removed from the property. In other words, the sale must either be subject to these disputed mechanics' liens, or the order will need to provide for the liens to attach to sales proceeds in an amount sufficient to pay them in full if they are determined to be enforceable and senior to that of the lender. If the trustee and lender want the terms of sale to be that neither of the Objecting Lienholders are entitled to receive any proceeds from the escrow account that lender will set up, either there will need to be an additional reserve from the sales proceeds for their benefit or the sale cannot be free and clear of these liens.

# United States Bankruptcy Court
# Central District of California
### Los Angeles
### Judge Sheri Bluebond, Presiding
### Courtroom 1539 Calendar

**Thursday, September 30, 2021**             **Hearing Room**    **1539**

**10:00 AM**
**CONT...**     **Glenroy Coachella, LLC**                               **Chapter 11**

Subject to the foregoing, grant motion. Approve sale to highest bidder.

| Party Information |
|---|

**Debtor(s):**

| | |
|---|---|
| Glenroy Coachella, LLC | Represented By<br>Daniel J Weintraub<br>Crystle Jane Lindsey<br>James R Selth |

**Movant(s):**

| | |
|---|---|
| Richard A Marshack (TR) | Represented By<br>Chad V Haes<br>D Edward Hays |

**Trustee(s):**

| | |
|---|---|
| Richard A Marshack (TR) | Represented By<br>Chad V Haes<br>D Edward Hays |