Thomas J. Polis, Esq. (SBN 119326)
**POLIS & ASSOCIATES, APLC**
19800 MacArthur Blvd., Suite 1000
Irvine, California 92612
Telephone: (949) 862-0040
Facsimile: (949) 862-0041
Email: tom@polis-law.com

Counsel for Al Miller & Sons Roofing Co., Inc., Apple J Plumbing, Desert Palms Electric, Inc., Mascorro Concrete Construction, Tandem West Glass, Inc., and Temalpakh, Inc. dba The Works Floor & Wall

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>Glenroy Coachella, LLC,<br><br>                    Debtor. | Case No.: 2:21-bk-11188-BB<br><br>Chapter 7<br><br>**SENIOR PRIORITY MECHANIC LIENHOLDERS' NOTICE OF MOTION AND MOTION FOR ORDER RE: COMPEL CHAPTER 7 TRUSTEE TO PAY SENIOR MECHANIC LIENHOLDERS' OVERSECURED CLAIMS FROM THE $4,000,000 ESCROW ACCOUNT PURSUANT TO THE COURT'S COMPROMISE ORDER (ECF NO. 445) AND THE COURT'S SALE ORDER (ECF NO. 490)**<br><br>**[Request for Judicial Notice and Declarations Filed and Served Concurrently Herewith]**<br><br>**Hearing:**<br>**Date:   December 1, 2021**<br>**Time:   10:00 a.m.**<br>**Ctrm.:  1539, 15th Floor[1]**<br>         **U.S. Bankruptcy Court**<br>         **255 E. Temple Street**<br>         **Los Angeles, CA 90012** |

---

[1] Due to the COVID-19 outbreak, Judge Bluebond will be holding all hearings remotely until further notice. Some hearings will be held via telephone using CourtCall and some hearings will be held via ZoomGov. The cover page for the publicly posted hearing calendar will state whether the hearings that day will be held via telephone by CourtCall or via ZoomGov. The calendar is posted to the public at least two weeks prior to the hearing and can be accessed at the following web address: http://ecf-ciao.cacb.uscourts.gov/CiaoPosted/?jid=BB (Click on the "Select Judge" tab on the upper left side of the screen and select Judge Bluebond).

**TO THE HONORABLE SHERI BLUEBOND, U.S. BANKRUPTCY JUDGE; THE DEBTOR AND ITS COUNSEL OF RECORD; THE CHAPTER 7 TRUSTEE AND HIS COUNSEL OF RECORD; USRECH AND ITS COUNSEL OF RECORD; AND OTHER PARTIES ENTITLED TO NOTICE:**

**PLEASE TAKE NOTICE** at the above-captioned time and place before the Honorable Sheri Bluebond, U.S. Bankruptcy Judge, Senior Secured Mechanics Lienholders Al Miller & Sons Roofing Co., Inc.; Apple J Plumbing; Desert Palms Electric, Inc.; Mascorro Concrete Construction, Inc.; Tandem West Glass, Inc.; and Temalpakh, Inc. dba The Works Floor & Wall (collectively "Senior Mechanics Lien Claimants")[2] will move the Court for an order to compel the Chapter 7 Trustee and/or Calmwater/U.S. Real Estate Credit Holdings, III-A, LP ("USRECH") to pay the Senior Mechanics Lien Claimants as detailed herein.  The combined impact of Section 502(a) of the Bankruptcy Code that provides for the presumed allowance of a filed secured proof of claim, along with Section 506(b) of the Bankruptcy Code that provides for an oversecured creditor's entitlement to post-petition interest, attorneys' fees; and other costs provided in the underlying agreements between the Debtor and the Senior Secured Mechanics Lien Claimants provides the statutory predicates to grant the *Motion to Compel Payment*.  Consequently, these two Sections, along with the facts of this case (i.e., the creation of the $4,000,000 Escrow Account as provided for in the *Sale Order* and *Compromise Order*) and the undisputed senior priority position of each the Senior Mechanics Lien Claimants respectfully dictates the Court grant the Senior Mechanics Lien Claimants' *Motion for Order re: Compel Payment*.

**PLEASE TAKE FURTHER NOTICE** that in the event any party in interest, including but without limitation the Chapter 7 Trustee and/or USRECH opposes the Senior Mechanics Lien Claimants' *Motion to Compel Payment*, such written opposition shall be filed and served no later than 14 (fourteen) calendar days before the above-captioned Hearing.

///

_____

[2] The Senior Mechanics Lien Claimants group has also included Jacobsson Engineering Construction, however, Jacobsson's  that secured claim is now the subject of a pending Adversary Proceeding, Adv.Proc.No. 2:21-ap-01204-BB.

1    **PLEASE TAKE FURTHER NOTICE** that in the event the Chapter 7 Trustee,

2    USRECH or any other party in interest fails to timely oppose the *Motion to Compel Payment*,

3    such non-opposition shall be deemed consent to all the relief requested herein and/or

4    ordered by the Court during the above-captioned Hearing.

5

6    **Dated:  November 10, 2021**              **POLIS & ASSOCIATES, APLC**

7
                                    **By:  /s/ Thomas J. Polis**
8                                          **Thomas J. Polis, Esq.**
                                          **Counsel Al Miller & Sons Roofing Co., Inc.,**
9                                          **Apple J Plumbing, Desert Palms Electric,**
                                          **Inc., Mascorro Concrete Construction,**
10                                         **Tandem West Glass, Inc., and Temalpakh,**
                                          **Inc. dba The Works Floor & Wall**
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**I.**

**SENIOR SECURED MECHANICS LIEN CLAIMANTS' INTRODUCTORY STATEMENT IN**

**SUPPORT OF MOTION TO COMPEL PAYMENT FROM THE CHAPTER 7 TRUSTEE'S**

**$4,000,000 ESCROW ACCOUNT RE: SALE OF DEBTOR'S REAL PROPERTY**

As detailed herein, the Senior Secured Mechanics Lien Claimants believe it is without dispute that they should be immediately paid the amounts detailed herein on account of their senior secured mechanics lien claims that all pre-date the recording of the deed of trust in favor of Calmwater/U.S. Real Estate Credit Holdings, III-A, LP (collectively referred to as "USRECH").  The Mechanics Lien Claims itemized herein have been outstanding for three and four years and thus it is respectfully requested that the Court order the immediate payment for each of the itemized Senior Secured Mechanics Lien Claimants.  Furthermore, as also stated herein, each of the Mechanics Lien Claimants filed timely proofs of claims, and none of the claims have been objected to.  Thus, as a result of the presumptive validity of the filed proofs of claims pursuant to Section 502(a) of the Bankruptcy Code, along with Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Mechanics Lien Claimants' claims are presumed valid unless and until any interested objecting party (Chapter 7 Trustee and/or Calmwater/USRECH) presents admissible evidence rebutting the presumptive allowance of each of the Senior Mechanics Lien Claimants' claims.  Secondly, pursuant to Section 506(b) of the Bankruptcy Code since all of the Senior Secured Mechanics Lien Claims are senior in priority to USRECH, all of the Lien Claimants itemized herein are entitled to their attorneys' fees, and both pre-petition and post-petition interest.  Consequently, the legal predicates noted herein, along with the $4,000,000 being held by the Chapter 7 Trustee for the express purpose of paying the Senior Secured Mechanics Lien, it is respectfully requested that each of the Senior Mechanics Lienholders are paid as detailed herein.

///

///

///

**II.**

**SENIOR SECURED CREDITORS FACTUAL SUMMARY IN SUPPORT OF THEIR**

**MOTION TO COMPEL PAYMENT RE: $4,000,000 POST-SALE ESCROW ACCOUNT**

1.      **Pre-Petition Factual Summary Re: Senior Priority Status of All Senior Mechanics Lien Claimants**

**A-1. Lien Claimant Al Miller & Sons Roofing, Inc**.:  On or about January 17, 2018, Mechanics Lien Claimant Al Miller & Sons Roofing, Inc. ("Al Miller Roofing") entered into a Construction Contract with the General Contractor, Doug Wall ("Wall") to provide roofing supplies and labor for the roofing needs for the hotel units located at the Debtor's real property commonly known as 84-150 Avenue 48, Coachella, California 92201 ("Debtor's Real Property").  Al Miller Roofing immediately on and after January 17, 2018 provided and delivered supplies, materials and labor to the Debtor's Real Property.  A true and correct copy of Al Miller Roofing's Construction Contract is included with Al Miller Roofing's State Court Complaint filed herewith as Exhibit "A-1" of Movants' Request for Judicial Notice;

**A-2**.  Thereafter on or about April 26, 2018, USRECH or its related entity recorded a deed of trust encumbering the Debtor's Real Property in conjunction with USRECH's $24,000 loan to the Debtor.

**A-3.**  Lien Claimant Al Miller & Sons' representatives are informed and believed that prior to USRECH recording its April 2018 Deed of Trust in conjunction with its $24,000,000 loan to the Debtor, USRECH's representatives were fully informed of Lien Claimant Al Miller & Sons' delivery of roofing materials and labor related thereto at the Debtor's Real Property;

**A-4**.     On or about December 31, 2019 as a result of the Debtor's and Wall's breaches under the Construction Contract, Movant/Claimant Al Miller Roofing was forced to commence litigation in the California Superior Court for the County of Riverside against Wall and the Debtor for non-payment of Al Miller Roofing's supplies and materials, along with the labor related thereto delivered to the Debtor's Real Property.  At no point during the State Court Litigation or during the Debtor's bankruptcy has the senior priority of Al Miller

1  Roofing's mechanics lien claim been disputed.  (*See*, Exhibit "A-1" to Movants' Request for

2  Judicial Notice filed concurrently herewith);

3       **A-5**.   On April 28, 2021, Al Miller Roofing, through its bankruptcy counsel filed its

4  *Notice of Perfection* with this Court. (*See*, Exhibit "A-2" to Movants' *Request for Judicial*

5  *Notice* filed concurrently herewith);

6       **A-6**.    As of the Debtor's Petition Date, Lien Claimant was owed $230,549.00,

7  comprised of $192,376.25 for unpaid materials, supplies, and labor; $38,173.91 for

8  reasonable attorneys' fees provided for under the Construction Contract between Wall and

9  Lien Claimant Al Miller Roofing.[3]  (*See*, Exhibit "A-3" to Movants' *Request for Judicial Notice*

10  filed concurrently herewith); and

11       **A-6**.   As of December 1, 2021, Lien Claimant Al Miller Roofing will be owed

12  $273,058.56, comprised of $192,376.25 for its general claim, $49,902.11 its reasonable

13  attorneys' fees and $30,786.20 for interest (both pre-petition and post-petition).  Thereafter,

14  the additional per diem will be $52.71.

15       **B-1**.   **Mechanics Lien Claimant Tandem West Glass**:  Between August 22, 2017

16  and January 10, 2018, Mechanics Lien Claimant Tandem West Glass, Inc. ("Tandem West")

17  entered into various Construction Contracts (and/or change orders) with Wall to provide

18  glass and window supplies and material, along with labor related thereto for the hotel units

19  located at the Debtor's Real Property.  Tandem West immediately on and after August 22,

20  2017, and in conjunction with the various Construction Contracts provided and delivered

21  glass and related window supplies, materials and labor related thereto at the Debtor's Real

22  Property.  A true and correct copy of Tandem West's Construction Contract is included with

23  Tandem West's State Court Complaint filed herewith as Exhibit "B-1" of Movants' Request

24  for Judicial Notice;

25

26

27  ─────────────────────

28  [3] During the preparation of the *Omnibus Compel Payment Motion*, Al Miller Roofing discovered that the initial Proof of Claim filed was not the correct amount for its Company's Proof of Claim, thus an Amended Proof of Claim will be filed as soon as possible.

**B-2.**   Thereafter on April 26, 2018, USRECH or its related entity recorded a deed of trust encumbering the Debtor's Real Property in conjunction with USRECH's $24,000,000 loan to the Debtor;

**B-3**.   Lien Claimant Tandem Glass' representatives are informed and believed that prior to USRECH recording its April 2018 Deed of Trust in conjunction with its $24,000,000 loan, USRECH's representatives were fully aware of Lien Claimant Tandem Glass' delivery of glass and window supplies and labor related thereto at the Debtor's Real Property;

**B-4**.   On December 31, 2019, as a result of the Debtor's and Wall's breaches under the various Construction Contracts, Movant Tandem Glass was forced to commence litigation in the California Superior Court for the County of Riverside against Wall and the Debtor for non-payment of Mechanics Lien Claimant Tandem Glass' delivered glass and window supplies and materials along with labor to the Debtor's Real Property.  (*See*, Exhibit "B-1" to Movants' *Request for Judicial Notice* filed concurrently herewith);

**B-5**.   On April 28, 2021, Tandem Glass, through its bankruptcy counsel filed its *Notice of Perfection* with this Court. (*See*, Exhibit B-2" to Movants' *Request for Judicial Notice* filed concurrently herewith);

**B-6.**   As of the Debtor's Petition Date, Mechanics Lien Claimant Tandem Glass was owed $564,818.80 comprised of $449,849.30 for unpaid materials, supplies and labor; with the difference comprised of reasonable attorneys' fees provided for under the various Construction Contracts between Mechanics Lien Claimant Tandem Glass and Wall; and accrued but unpaid interest as provided for under the various Construction Contracts for labor and supplies provided at the Debtor's Real Property.  (*See*, Exhibit "B-3" to Movants' *Request for Judicial Notice* filed concurrently herewith); and

**B-7.**   As of December 1, 2021, Lien Claimant Tandem Glass will be owed $613,522.75, comprised of $449,849.30 for its general claim, $33,102.50 its reasonable attorneys' fees, $96,263.26 for interest (both pre-petition and post-petition), and $34,488 for three years stop notice bond premiums.  Thereafter, the additional per diem will be $132.70.

**C-1.  Mechanics Lien Claimant Apple J Plumbing, Inc**.:  On or about December 17, 2017, Mechanics Lien Claimant Apple J Plumbing, Inc. ("Apple Plumbing") entered into a Construction Contract with Wall to provide plumbing supplies and material and labor related thereto for the hotel units located at the Debtor's Real Property.  Apple Plumbing immediately on and after December 17, 2017, and in conjunction with the December 2017 Construction Contract, provided and delivered plumbing supplies and materials and related labor to the Debtor's Real Property.  A true and correct copy of Apple J Plumbing's Construction Contract is included with Apple J Plumbing's State Court Complaint filed herewith as Exhibit "C-1";

**C-2**.  Thereafter on April 26, 2018, USRECH or its related entity recorded a deed of trust encumbering the Debtor's Real Property in conjunction with USRECH's $24,000,000 loan to the Debtor

**C-3**.  Lien Claimant Apple J Plumbing's representatives are informed and believed that prior to USRECH recording its April 2018 Deed of Trust in conjunction with its $24,000,000 loan, USRECH's representatives were fully informed of Lien Claimant Apple J Plumbing's delivery of plumbing supplies and labor related thereto at the Debtor's Property;

**C-4.**  As a result of the Debtor's and Wall's breaches under the December 2017 Construction Contract, Movant Apple Plumbing was forced to commence litigation in the California Superior Court for the County of Riverside against the Debtor and Wall for non-payment of Movant Apple Plumbing's delivered supplies and material along with related labor to the Debtor's Real Property.  (*See*, Exhibit "C-1" to Movants' *Request for Judicial Notice* filed concurrently herewith);

**C-5.**  On April 28, 2021, Apple J Plumbing through its bankruptcy counsel filed its Notice of Perfection with this Court.  (*See*, Exhibit "C-2" to Movants' *Request for Judicial Notice* filed concurrently herewith);

**C-6**.  As of the Debtor's Petition Date, Mechanics Lien Claimant Apple Plumbing was owed $226,512.00, comprised of $226,512.11, for unpaid plumbing materials and supplies

and labor.  (*See*, Exhibit "C-2" to Movants' *Request for Judicial Notice* filed concurrently herewith);

**C-7.**   As of December 1, 2021, Lien Claimant Apple Plumbing will be owed $281,319.56, comprised of $226,512.11 for its general claim, $37,121.00 for its reasonable attorneys' fees and $17,686.56 for interest (both pre-petition and post-petition).  Thereafter, the additional per diem will be $62.05.

**D-1.**    **Mechanics Lien Claimant Desert Palms Electric, Inc**.:   On or about December 7, 2017, Mechanics Lien Claimant, Desert Palms Electric, Inc. ("Desert Palms") entered into a Construction Contract with Wall to provide electrical supplies and materials along with labor related thereto for the hotel units located at the Debtor's Real Property. Desert Palms immediately on and after December 7, 2017, and in conjunction with the December 2017 Construction Contract, provided and delivered electric materials and supplies and labor related thereto to the Debtor's Real Property.  A true and correct copy of Desert Palms' Construction Contract is included with Desert Palm's State Court Complaint filed herewith as Exhibit "D-1";

**D-2.**   Thereafter on April 26, 2018, USRECH or its related entity recorded a deed of trust encumbering the Debtor's Real Property in conjunction with USRECH's $24,000,000 loan to the Debtor

**D-3.**   Lien Claimant Desert Palms' representatives are informed and believed that prior to USRECH recording its April 2018 Deed of Trust in conjunction with its $24,000,000 loan, USRECH's representatives were fully informed of Lien Claimant Desert Palms' delivery of electrical supplies and labor related thereto at the Debtor's Property;

**D-4.**    On September 13, 2019, as a result of the Debtor's and Wall's non-payment under the December 2017 Construction Contract, Movant Desert Palms was forced to commence litigation in the California Superior Court for the County of Riverside against Wall and the Debtor for non-payment of Lien Claimant Desert Palms delivered electrical supplies and materials along with related labor to the Debtor's Real Property.  (*See*, Exhibit "D-1" to Movants' *Request for Judicial Notice* filed concurrently herewith);

MOTION COMPEL PAYMENT

1     **D-5**.  On April 28, 2021, Desert Palms through its bankruptcy counsel filed its Notice

2 of Perfection with this Court.  (*See*, Exhibit "D-2" to Movants' *Request for Judicial Notice*

3 filed concurrently herewith);

4     **D-6:**  As of Debtor's Petition Date Mechanics Lien Claimant, Desert Palms Electric

5 was owed $486,944.35, for unpaid electrical materials and supplies and related labor

6 delivered to Debtor's Real Property; reasonable attorneys' fees provided for under the

7 Construction Contract between Lien Claimant Desert Palms Electric and Wall; and for

8 accrued but unpaid interest due Desert Palms Electric as provided for under the December

9 2017 Construction Contract for the labor, supplies and labor delivered at the Debtor's

10 Property.  (*See*, Exhibit "D-2" to Movants' *Request for Judicial Notice* filed concurrently

11 herewith); and

12     **D-7**.  As of December 1, 2021, Lien Claimant Desert Palms will be owed

13 $559,161.89, comprised of $499,705.85 for its general claim, $59,456.04 for its reasonable

14 attorneys' fees.  Thereafter, the additional per diem will be $136.91.

15     **E-1.**  <u>**Mechanics Lien Claimant Mascorro Concrete Construction**</u>:  On or about

16 December 17, 2017, Mechanics Lien Claimant, Mascorro Concrete Construction ("Mascorro

17 Concrete") entered in a Construction Contract with Wall to provide concrete material, along

18 with related materials and supplies and labor related thereto for the hotel units located at the

19 Debtor's Real Property.  Mascorro immediately on and after December 17, 2017, and in

20 conjunction with the December 2017 Construction Contract and change orders thereto,

21 provided and delivered concrete products and supplies and labor related thereto the

22 Debtor's Real Property.  A true and correct copy of Mascorro Concrete's Construction

23 Contract is included with Mascorro's State Court Complaint filed herewith as Exhibit "E-1").

24     **E-2**.  Thereafter on April 26, 2018, USRECH or its related entity recorded a deed of

25 trust encumbering the Debtor's Real Property in conjunction with USRECH's $24,000,000

26 loan to the Debtor

27     **E-3.**  Lien Claimant Mascorro Concrete's representatives are informed and believed

28 that prior to USRECH recording its April 2018 Deed of Trust in conjunction with its

$24,000,000 loan, USRECH's representatives were fully informed of Lien Claimant Mascorro Concrete's delivery of concrete and labor related thereto at the Debtor's Property;

**E-4.**  On October 7, 2019, as a resort of the Debtor's and Wall's non-payment under the December 2017 Construction Contract, Movant, Lien Claimant Mascorro Concrete was forced to commence litigation in the California Superior Court for the County of Riverside against Wall and the Debtor for non-payment of Lien Claimant Mascorro Concrete's delivered supplies and materials, along with labor to the Debtor's Real Property.  (*See*, Exhibit "E-1" to Movants' *Request for Judicial Notice* filed concurrently herewith);

**E-5**.  On April 28, 2021, Macorro Concrete, through its bankruptcy counsel filed its *Notice of Perfection* with this Court.  (*See*, Exhibit "E-2" to Movants' Request for Judicial Notice filed concurrently herewith).

**E-6.**  As of the Debtor's Petition Date, Mechanics Lien Claimant Mascorro Concrete was owed $93,209.20 comprised of $56,841.00 for unpaid concrete construction labor, equipment, and material delivered to the Debtor's Real Property; $25,733.86 for reasonable attorneys' fees as provided for under the December 2017 Construction Contract; and $11,368.27 for accrued but unpaid interest.  (*See*, Exhibit "E-3" to Movants' *Request for Judicial Notice* filed concurrently herewith);

**E-7.**  As of December 1, 2021, Lien Claimant Mascorro Concrete will be owed $107,661.00, comprised of $56,841.00 for its general claim, $32,302.00 for its reasonable attorneys' fees and $18,518 for interest (both pre-petition and post-petition).  Thereafter, the additional per diem will be $25.54.

**F-1.    Mechanics Lien Claimant Temalpakh, Inc. dba The Works Floor & Wall**: On or about December 17, 2017, Mechanics Lien Claimant, Temalpakh, Inc. dba The Works Floor & Wall ("Works Floor & Wall") entered in a Construction Contract to provide shower tile and plank flooring, along with related materials and supplies and labor related thereto for the hotel units located at the Debtor's Real Property.  Works Floor & Wall immediately on and after December 17, 2017, and in conjunction with the December 2017 Construction Contract and change orders thereto, provided and delivered flooring and tile products and supplies

and labor related thereto the Debtor's Real Property. A true and correct copy of Works Floor & Wall's Construction Contract is included with Works Floor & Wall's State Court Complaint filed herewith as Exhibit "F-1").;

**F-2.** Thereafter on April 26, 2018, USRECH or its related entity recorded a deed of trust encumbering the Debtor's Real Property in conjunction with USRECH's $24,000,000 loan to the Debtor

**F-3.** Lien Claimant Works Floor & Wall's representatives are informed and believed that prior to USRECH recording its April 2018 Deed of Trust in conjunction with its $24,000,000 loan that as part of its pre-funding due diligence, USRECH's representatives were fully informed prior to funding the Debtor's loan of Lien Claimant Wall Floor & Wall's delivery of electrical supplies and labor related thereto at the Debtor's Property;

**F-4**. On October 7, 2019, as a resort of the Debtor's and Wall's non-payment under the December 2017 Construction Contract, Movant, Lien Claimant Works Floor & Wall was forced to commence litigation in the California Superior Court for the County of Riverside against Wall and the Debtor for non-payment of Lien Claimants Works Floor & Wall's delivered supplies and materials, along with labor to the Debtor's Real Property. (*See*, Exhibit "F-1" to Movants' *Request for Judicial Notice* filed concurrently herewith);

**F-5**. On April 28, 2021, Works Floor & Wall, through its bankruptcy counsel filed its *Notice of Perfection* with this Court. (*See*, Exhibit "F-2" to Movants' Request for Judicial Notice filed concurrently herewith).

**F-6.** As of the Debtor's Petition Date, Mechanics Lien Claimant Works Floor & Wall was owed $70,734.00 comprised of $33,108.46 for unpaid flooring products and related labor delivered to the Debtor's Real Property; $18,379.00 for reasonable attorneys' fees as provided for under the December 2017 Construction Contract; and $19,250.00 for accrued but unpaid interest. (*See*, Exhibit "F-3" to Movants' *Request for Judicial Notice* filed concurrently herewith); and

**F-7** . As of December 1, 2021, Lien Claimant Works Floor & Wall will be owed $82,087.00, comprised of $33,108.00 for its general claim, $27,144.00 its reasonable

attorneys' fees and $21,835.00 for interest (both pre-petition and post-petition). Thereafter, the additional per diem will be $9.07. (*See*, Exhibit "F-3" to Movants' *Request for Judicial Notice* filed concurrently herewith);

**2.** **Post-Petition Factual Summary Re: Mechanics Lien Claimants' Motion for Order re: Compel Payment**

**A**. On February 15, 2021, Debtor, Glenroy Coachella, LLC ("Debtor") filed its Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code. Soon thereafter, on March 18, 2021 Richard A. Marshack ("Chapter 11 Trustee") was appointed the Debtor's Chapter 11 Trustee to administer the Debtor's bankruptcy estate. Later on, September 17, 2021, the Debtor's bankruptcy case was converted to Chapter 7 and the Chapter 11 Trustee was reappointed as the successor Chapter 7 Trustee.

**B**. On April 28, 2021, Movants each filed and served their *Notice of Perfection* By Secured Creditor.

i) **ECF No. 166** – *Notice of Perfection re Al Miller & Sons*, which included a copy of Lien Claimant Al Miller's recorded Mechanics Lien (*See*, Exhibit "A-2" to Movants' *Request for Judicial Notice*);

ii) **ECF No. 171** – *Notice of Perfection re Tandem West Glass*, which included a copy of Lien Claimant Tandem Glass' recorded Mechanics Lien (*See*, Exhibit "B-2" to Movants' *Request for Judicial Notice*);

iii) **ECF No. 167** – *Notice of Perfection re Apple J Plumbing*, which included a copy of Lien Claimant Apple J Plumbing's recorded Mechanics Lien (*See*, Exhibit "C-2" to Movants' *Request for Judicial Notice*);

iv) **ECF No. 168** – *Notice of Perfection re Desert Palms Electric*, which included a copy of Lien Claimant Desert Palms Electric's recorded Mechanics Lien (*See*, Exhibit "D-2" to Movants' *Request for Judicial Notice*);

v) **ECF No. 170** - *Notice of Perfection re Mascorro Concrete Construction*, which included a copy of Lien Claimant Mascorro Concrete's

1  recorded Mechanics Lien (*See*, Exhibit "E-2" to Movants' *Request for Judicial*

2  *Notice*); and

3  vi)  **ECF No. 172** - *Notice of Perfection re Temalpakh, Inc. dba The Works*

4  *Floor & Wall*, which included a copy of Lien Claimant Temalpakh's recorded

5  Mechanics Lien (*See*, Exhibit "F-2" to Movants' *Request for Judicial Notice*);

6  **C**.  Also on April 28, 2021, each of the Movants filed their timely Proofs of Claims

7  in the Debtor's Bankruptcy Case:

8  i)  **Lien Claimant Al Miller & Sons** – a true and correct copy of its filed

9  secured proof of claim for the amount of $143,835.82 is filed herewith. (*See*,

10  Exhibit "A-3" to Movants' *Request for Judicial Notice*);

11  ii)  **Lien Claimant Tandem Glass** – a true and correct copy of its filed

12  secured proof of claim for the amount of $654,818.80 is filed herewith. (*See*,

13  Exhibit "B-3" to Movants' *Request for Judicial Notice*);

14  iii)  **Lien Claimant Apple J Plumbing** – a true and correct copy of its filed

15  secured proof of claim for the amount of $225,463.30 is filed herewith. (*See*,

16  Exhibit "C-3" to Movants' *Request for Judicial Notice*);

17  iv)  **Lien Claimant Desert Palms Electric** – a true and correct copy of its

18  filed secured proof of claim for the amount of $ 486,944.35 is filed herewith.

19  (*See*, Exhibit "D-3" to Movants' *Request for Judicial Notice*);

20  v)  **Lien Claimant Mascorro Concrete** – a true and correct copy of its

21  filed secured proof of claim for the amount of $93,209.20 is filed herewith.

22  (*See*, Exhibit "E-3" to Movants' *Request for Judicial Notice*);

23  vi)  **Lien Claimant Temalpakh, Inc**. – a true and correct copy of its filed

24  secured proof of claim for the amount of $70,734.00 is filed herewith. (*See*,

25  Exhibit "F-3" to Movants' *Request for Judicial Notice*);

26  None of the above-referenced Proofs of Claims have been objected to as of the filing

27  of this *Motion to Compel Payment*.

28

**D**.        On September 13, 2021, the Court entered the *Order Granting Chapter 11 Trustee's Motion to Approve Compromise with U.S. Real Estate Credit Holdings, III-A, LP re: Lender's Consent to Sale Free and Clear of Lien And To Approve Credit Bid* (ECF No. 445). A true and correct copy of the *Order re: USRECH Compromise* is filed herewith as Exhibit "G" to Movants' Request for Judicial Notice.

The Court's *Order re: USRECH Compromise* essentially approved all aspects of the underlying *Motion for Order re: USRECH Compromise* (ECF No. 322).   The underlying *Settlement Agreement and Terms of Consent for Section 363 Sale* (*See*, ECF No. 322, pages 24-41) between the Chapter 11 Trustee and USRECH provided in relevant part that if there were no cash buyers for the Debtor's Real Property, USRECH could credit bid its secured claim, yet USRECH was required to deposit $4,000,000 in a sub-escrow within two business days after entry of the *Sale Order*.  The $4,000,000 escrow account is intended for the exclusive use to pay the senior mechanics lien holders encumbering the Debtor's Real Property.  **The Settlement Agreement also provided ". . . Lender and Trustee, however, shall use their best efforts to resolve all such claims by not later than October 31, 2021 (*See*, ECF No. 322, pg. 29)**.   A true and correct copy of the Motion to Approve Compromise is attached as Exhibit "H" to Movants Request for Judicial Notice.

**E**.        Thereafter, on October 22, 2021 the Court entered the *Order Granting Motion for Order Authorizing: (1) Sale of Real Property Located at 84151 Avenue 48 Coachella, CA and Related Assets: (A) Outside the Ordinary Course of Business; (B) Free and Clear of Liens, Claims, and Encumbrances; (C) Subject to Overbid; (D) For Determination of Good Faith Purchaser Under 11 U.S.C. § 363(m); and Assumption of Executory Contracts and Unexpired Leases Under 11 U.S.C. § 365* (ECF No. 490) ("*Sale Order*").  A true and correct copy of the *Sale Order* is attached hereto as Exhibit "I" to Movants' Request for Judicial Notice.

**F**.        The *October 22, 2021 Sale Order* itemized various "Escrow Liens" (of which all of the Movants herein are expressly included) shall attach to the $4,000,000 Escrow

Fund described both in the *Compromise re: USRECH and the Sale Order* (ECF No. 490, pg. 11, lines 15-24).

      **G**.     The *Sale Order* provides in relevant part at pg. 10, lines 15-24 (ECF No. 490, pg. 11):

> 25.  Within two business days after entry of this Order, and as a closing condition to the sale, USRECH shall remit to the Trustee the sum of $4,000,000, which amount must be held by the Trustee in a sub-escrow account ("<u>Escrow Fund</u>").  The Escrow Fund deposit will be held by the Trustee in trust pending resolution of the seniority of mechanics liens recorded against the Property (which liens have not already been valued by this Court at zero pursuant to two separate orders entered October 12, 2021, as docket nos. 485 and 486).  <u>Trustee may only disburse monies from the Escrow Fund pursuant to Lender's express written agreement or, in the absence of such agreement, pursuant to an order of the Court upon determination that a particular mechanics lien claimant has a duly-perfected, enforceable lien in an allowed amount that is senior to USRECH's lien against the Property</u>. (Emphasis added.)

      H.     During October and early November 2021, in conjunction with the Sale Closing and the eventual entry of the *Sale Order*, State Court Counsel and Bankruptcy Court Counsel for the Movants/Senior Secured Mechanics Lien Claimants informally attempted to compel the payment of the various lienholders, but such efforts were not successful.  Consequently, Movants have been forced to file their *Motion to Compel Payment*.

**III.**

**LEGAL POINTS AND AUTHORITIES IN SUPPORT OF MOVANTS' MOTION TO COMPEL PAYMENT FROM $4,000,000 ESCROW FUND**

**1.**     **<u>All of Movants' Timely Filed Secured Proofs of Claims Are Presumptively Deemed Allowed In Full As Senior Secured Claims</u>**

Section 502(a) of the Bankruptcy Code provides:

§ 502. Allowance of claims or interests.

> (a)  <u>A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest</u>, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, <u>objects</u>. (Emphasis added.)

1
2

*See*, also, Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides in part:

3
4

> (f)    Evidentiary Effect.    A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim. (Emphasis added.)

5
6
7
8
9
10

*See*, also, *Lundell v. Anchor Const. Specialist, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000) (Ninth Circuit Court of Appeals reiterated that to overcome the Rule 3001(f) presumption, the objecting party must present evidence lending to rebut the claim – evidence with prohibitive force equal to that of the creditor's proof of claim.  The Ninth Circuit went on to say ". . .the objecting party must produce evidence which if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.)

11
12
13
14
15
16
17
18
19
20

In this case, it is undisputed that the Movants herein filed timely proofs of claims that are corroborated by the underlying State Court Complaints.  It is also undisputed that despite the Debtor's bankruptcy case has been pending for over ten months, none of the Mechanics Lien Claims have been objected to.  Consequently, with the record of this case has presently stated, all of the Movants' claims are deemed allowed and subject to payment.  Finally, the Compromise Order (ECF No. 322 and 445) expressly provides in part:  "**Lender and Trustee, however, shall use their best efforts to resolve such claims by not later than October 31, 2021**."  Despite the Movants' counsel's best efforts, the claims have not been resolved, thus requiring Movants to request the Court's assistance to enter an Order compelling payment of the Movants' claims.

21    ///
22    ///
23    ///
24    ///
25    ///
26    ///
27    ///
28    ///

MOTION COMPEL PAYMENT

**2.** **Since Movants' Mechanics Liens Are All Senior In Priority to USRECH's Deed of Trust, Thereby Deemed To Be Oversecured, Thus Movants Are Entitled To Add Both Pre-Petition and Post-Petition Interest, Along with Reasonable Attorneys' Fees and Related Costs**

Section 506(b) of the Bankruptcy Code provides:

> (b)   To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose.  (Emphasis added.)

*See* generally, *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235 (1989) the United States Supreme Court determined that Section 506(b) of the Bankruptcy Code applies to both consensual and nonconsensual liens and thus an oversecured creditor is entitled to post-petition interest, fees and contractual charges.  *See* also, *In re: Kord Enterprises II*, 139 F.3d 684 (9th Cir. 1998) (Ninth Circuit Court of Appeals confirmed that Section 506 (b) of the Bankruptcy Code preempts state law with respect to the right of a secured creditor to recover its attorneys' fees and costs in a bankruptcy case); and *SNTL Corporation, et al v. Centre Insurance Company*, 571 F.3d 826 (9th Cir. 2009).

As detailed herein, Movants have included with the claim calculations the breakdown for pre-petition and post-petition interest, attorneys' fees and related costs.  Consequently, in addition to each of Movants' principal claim, the Movants are entitled to add the additional interest, attorneys' fees, and related fees.

///

///

///

///

///

///

///

MOTION COMPEL PAYMENT

**IV.**

**CONCLUSION**

For the reasons requested herein, and based on the accompanying declaration testimony, along with Movants' *Request for Judicial Notice*, all filed and served concurrently herewith, Movants respectfully request the Court order the immediate payment of Movants' claims (and any post-December 1, 2021 interest) as follows:

i)    **Al Miller & Sons Roofing**:    $273,058.56, plus per diem of $52.71 after December 1, 2021 until paid;

ii)    **Tandem West Glass**:    $613,522.75, plus per diem of $132.70 after December 1, 2021 until paid;

iii)    **Apple J Plumbing**:    $281,319.56, plus per diem of $62.05 after December 1, 2021 until paid;

iv)    **Desert Palms Electric**:    $559,161.89, plus per diem of $136.91 after December 1, 2021 until paid;

v)    **Mascorro Concrete**:    $107,661.00, plus per diem of $25.54 after December 1, 2021 until paid; and

vi)    **Temalpakh dba The Works Floor & Wall** :    $82,087.00, plus per diem of $9.07 after December 1, 2021 until paid.

**Dated:  November 10, 2021**    **POLIS & ASSOCIATES, APLC**

By:  _/s/ Thomas J. Polis_____
**Thomas J. Polis, Esq.
Counsel Al Miller & Sons Roofing Co., Inc.,
Apple J Plumbing, Desert Palms Electric,
Inc., Mascorro Concrete Construction,
Tandem West Glass, Inc., and Temalpakh,
Inc. dba The Works Floor & Wall**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **POLIS & ASSOCIATES, 19800 MacArthur Boulevard, Suite 1000, Irvine, California 92612-2433**

A true and correct copy of the foregoing document described **SENIOR PRIORITY MECHANIC LIENHOLDER'S NOTICE OF MOTION AND MOTION FOR ORDER RE: COMPEL CHAPTER 7 TRUSTEE TO PAY SENIOR MECHANIC LIENHOLDERS OVERSECURED CLAIMS FROM THE $4,000,000 ESCROW ACCOUNT PURSUANT TO THE COURT'S COMPROMISE ORDER (ECF NO. 445) AND THE COURT'S SALE ORDER (ECF NO. 490)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 10, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

SEE ATTACHED CONTINUED PAGE

☒    Service information continued on attached page

**2. SERVED BY U.S. MAIL:**
On **November 10, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Sheri Bluebond, US Bankruptcy Court, 255 E. Temple Street, Suite 1534, Los Angeles, CA 90012

☐    Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on         , 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 10, 2021 | Cristina L. Allen | /s/ Cristina L. Allen |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

**CONTINUED PROOF OF SERVICE PAGE**

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**</u> –

- **Steven M Berman**    sberman@slk-law.com, bgasaway@shumaker.com
- **Daren Brinkman**    office@brinkmanlaw.com, 7764052420@filings.docketbird.com
- **Caroline Djang**    caroline.djang@bbklaw.com, laurie.verstegen@bbklaw.com;wilma.escalante@bbklaw.com
- **Jenny L Doling**    JD@jdl.law, dolingjr92080@notify.bestcase.com
- **Jonathan R Doolittle**    jonathan.doolittle@pillsburylaw.com, courtalertecf@pillsburylaw.com
- **Eryk R Escobar**    eryk.r.escobar@usdoj.gov
- **Chad V Haes**    chaes@marshackhays.com, chaes@ecf.courtdrive.com; cmendoza@ecf.courtdrive.com; cmendoza@marshackhays.com;kfrederick@ecf.courtdrive.com
- **Brian Stuart Harnik**    bharnik@rhlawfirm.com, bharnik@rhlawfirm.com
- **D Edward Hays**    ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **William C Hoggard**    wch@wchlawgroup.com, admin@wchlawgroup.com
- **Mark S Horoupian**    mhoroupian@sulmeyerlaw.com, mhoroupian@ecf.inforuptcy.com; ccaldwell@sulmeyerlaw.com
- **Marsha A Houston**    mhouston@reedsmith.com, hvalencia@reedsmith.com
- **Aluyah I Imoisili**    aimoisili@drwelchlaw.com
- **Michael S Kogan**    mkogan@koganlawfirm.com
- **Timothy R Laquer**    trl@ddclaw.com, trl@ddclaw.com
- **Crystle Jane Lindsey**    crystle@wsrlaw.net, crystle@cjllaw.com; gabby@wsrlaw.net; dairi@wsrlaw.net; virginia@wsrlaw.net
- **Tinho Mang**    tmang@marshackhays.com, tmang@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@ecf.courtdrive.com
- **Richard A Marshack (TR)**    pkraus@marshackhays.com, rmarshack@iq7technology.com; ecf.alert+Marshack@titlexi.com
- **Stacey A Miller**    smiller@tharpe-howell.com
- **Dustin Nirschl**    dustin.nirschl@bbklaw.com, laurie.verstegen@bbklaw.com
- **Sean A OKeefe**    sokeefe@okeefelc.com, seanaokeefe@msn.com
- **R Gibson Pagter**    gibson@ppilawyers.com, ecf@ppilawyers.com;pagterrr51779@notify.bestcase.com
- **Ronak N Patel**    rpatel@rivco.org, dresparza@rivco.org;mdominguez@rivco.org
- **Matthew D Pham**    mpham@hahnlawyers.com, marias@hahnlawyers.com;mpham@ecf.courtdrive.com
- **Sheila M Pistone**    sheila@pistonelawoffice.com, sheilapistone@yahoo.com
- **Maria Plumtree**    agrow@plumtreelaw.com, mplumtree@plumtreelaw.com
- **Thomas J Polis**    tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com
- **Arvind Nath Rawal**    arawal@aisinfo.com
- **Ronald N Richards**    ron@ronaldrichards.com, morani@ronaldrichards.com
- **Debra Riley**    driley@allenmatkins.com
- **Christopher O Rivas**    crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com
- **James R Selth**    jim@wsrlaw.net, jselth@yahoo.com;dairi@wsrlaw.net;vinnet@ecf.inforuptcy.com
- **Leonard M Shulman**    lshulman@shulmanbastian.com
- **Evan L Smith**    els@elsmithlaw.com
- **Alan G Tippie**    atippie@sulmeyerlaw.com, atippie@ecf.courtdrive.com; pdillamar@sulmeyerlaw.com, kfiles@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Daniel J Weintraub**    dan@wsrlaw.net, vinnet@ecf.inforuptcy.com;gabby@wsrlaw.net;dairi@wsrlaw.net