D. EDWARD HAYS, #162507
ehays@marshackhays.com
CHAD V. HAES, #267221
chaes@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
RICHARD A. MARSHACK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GLENROY COACHELLA, LLC,<br><br>Debtor. | Case No. 2:21-bk-11188-BB<br><br>Chapter 7<br><br>MOTION FOR ISSUANCE OF ORDER TO SHOW CAUSE RE: STUART RUBIN'S CONTEMPT OF 2004 ORDER; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF D. EDWARD HAYS<br><br>[NO HEARING REQUIRED ON MOTION FOR ISSUANCE OF AN ORDER TO SHOW CAUSE PER LBR 9020-1(d)(2)] |

TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE, THE

OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE that Richard A. Marshack, in his capacity as Chapter 7 Trustee

("Trustee") of the bankruptcy estate ("Estate") of Glenroy Coachella, LLC ("Debtor"), files this

Motion for Issuance of Order to Show Cause re Contempt of 2004 Order ("Motion").

The Motion requests that the Order to Show Cause ("OSC") be directed to the alleged

contemnor and respondent, Stuart Rubin ("Mr. Rubin" or "Respondent"), directing Respondent to

show cause why his lack of production of documents to the Trustee does not constitute contempt of

this Court's "Order Granting Motion for Examination and Document Production of Stuart Rubin

1  Pursuant to Federal Rule of Bankruptcy Procedure 2004" ("2004 Order"). Docket No. 624.

2      This Motion is based upon this Notice, Declaration of D. Edward Hays, the pleadings and

3  files in the Debtor's bankruptcy case, and upon such further oral and documentary evidence as may

4  be presented to the Court.

5      PLEASE TAKE FURTHER NOTICE that any opposition to the issuance of the requested

6  OSC must be filed within seven days of the filing of the Motion. Loc. Bankr. R. 9020-1(b). Failure

7  to timely file a response will be treated by the Court as consent to the issuance of the OSC. *See* Loc.

8  Bankr. R. 9020-1(d)(1). Additionally, the Court may enter an order to show cause at any time under

9  its inherent sanctions authority and in its broad discretion notwithstanding the opposition period for a

10  motion for order to show cause contained in the Local Rules.

11      PLEASE TAKE FURTHER NOTICE that if the requested OSC is entered, the Court will

12  issue and forward to the moving party the OSC setting the date and time of the hearing. The moving

13  party must then serve the issued OSC on Respondents in the manner required by Local Bankruptcy

14  Rule 9020-1(e) not later than 21 days before the date set for the hearing. Any opposition addressed

15  to the merits of the relief requested in the Motion or any response as to why the alleged conduct

16  does not constitute contempt must be filed and served not less than 14 days prior to the hearing date

17  pursuant to Rule 9013-1(o). If a party does not timely file and serve a response, the Court may

18  deem this to be consent to the granting of the substantive relief requested in the Motion.

19

20  Dated: October 21, 2022                    MARSHACK HAYS LLP

21                                      By:  */s/ D. Edward Hays*
                                           D. EDWARD HAYS
22                                         CHAD V. HAES
                                           BRADFORD N. BARNHARDT
23                                         Attorneys for Chapter 7 Trustee,
                                           Richard A. Marshack
24

25

26

27

28

MOTION FOR ISSUANCE OF ORDER TO SHOW CAUSE RE: CONTEMPT

4843-2717-9236

# Memorandum of Points and Authorities

## 1.    Summary of Argument

If a party violates a court order, they may be held in contempt. In this case, the Court entered a Rule 2004 Order on April 20, 2022, requiring Mr. Rubin (one of Debtor's principals) to produce certain specified documents to Trustee relating to Debtor's transfer of valuable real property for no apparent consideration. During his examination on July 21, 2022, Mr. Rubin acknowledged that documents existed that were not produced. On the record, he agreed to produce these documents to Trustee. More than six months have expired since the Court entered its Rule 2004 Order. More than three months have expired since the examination. Despite no less than nine e-mails sent by Trustee's counsel after the examination (and Mr. Rubin's counsel acknowledging that the additional documents would be produced), the documents have still not been provided. Trustee's deadline to file avoidance actions expires on February 15, 2023. This Court must decide whether to enter the requested OSC and find Mr. Rubin in contempt to coerce his compliance with the Rule 2004 Order.

## 2.    Facts

### A.    Bankruptcy Filing and Conversion to Chapter 7

On February 15, 2021, Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, commencing Case No. 2:21-bk-11188-BB. A true and correct copy of the CM/ECF docket in this case is attached to the Declaration of D. Edward Hays ("Hays Declaration") as **Exhibit 1**.

On March 19, 2021, as Docket No. 126, the Court entered an order approving the appointment of Chapter 11 Trustee. Richard A. Marshack was appointed as the Chapter 11 Trustee.

On September 17, 2021, as Docket No. 451, the Court entered an order converting this case to one under Chapter 7. Trustee was reappointed as Chapter 7 Trustee.

### B.    Rule 2004 Motion and Order

On April 15, 2022, Trustee filed a "Motion for Examination and Document Production of Stuart Rubin Pursuant to Federal Rule of Bankruptcy Procedure 2004" ("2004 Motion"). Docket No. 619. A true and correct copy of the 2004 Motion is attached to the Hays Declaration as **Exhibit 2**.

4843-2717-9236

The 2004 Motion sought documents and information regarding Debtor's transfer of a valuable parcel of real property to an insider for no apparent consideration. After the initial transfer, the Property was transferred several additional times to various combinations of insiders. On the petition date, the Property was producing more than $50,000 per month in rental income. In other words, Debtor gave up valuable real property for no consideration and its insiders (instead of its creditors) are receiving substantial income.

Five days later, as Docket No. 624, the Court entered an "Order Granting Motion for Examination and Document Production of Stuart Rubin Pursuant to Federal Rule of Bankruptcy Procedure 2004" ("2004 Order"). A true and correct copy of the 2004 Order is attached to the Hays Declaration as **Exhibit 3**. The 2004 Order ordered, among other things, that:

1) "Respondent is compelled to produce the documents identified in Exhibit 1 of the [2004] Motion by May 16, 2022, to Marshack Hays LLP, through United States mail, personal delivery, or by electronic copies;" and

2) "Respondent is compelled to appear for examination, by virtual means, on a date and time as may be agreed upon in writing by the Movant and Respondent."

Hays Decl. Ex. 3 at 177.

The categories of documents set forth in Exhibit 1 of the 2004 Motion included the following (among others):

1) All DOCUMENTS RELATING TO DEBTOR'S acquisition of the PROPERTY.[1]

2) All DOCUMENTS RELATING TO DEBTOR'S subdivision of the PROPERTY.

3) All DOCUMENTS RELATING TO the DMP LLC DEED.

4) All DOCUMENTS RELATING TO consideration provided to or received by the parties to the transaction resulting in the DMP LLC DEED.

5) All DOCUMENTS RELATING TO the DMP CORP DEED.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in Exhibit 1 to the 2004 Motion.

MOTION FOR ISSUANCE OF ORDER TO SHOW CAUSE RE: CONTEMPT

4843-2717-9236

6)  All DOCUMENTS RELATING TO consideration provided to or received by the parties
to the transaction resulting in the DMP CORP DEED.

7)  All DOCUMENTS RELATING TO the QUONSET DEED.

8)  All DOCUMENTS RELATING TO consideration provided to or received by the parties
to the transaction resulting in the QUONSET DEED.

9)  All DOCUMENTS RELATING TO the LENDER DEED.

10) All DOCUMENTS RELATING TO consideration provided to or received by the parties
to the transaction resulting in the LENDER DEED.

11) All DOCUMENTS RELATING TO the DMP 1031.

12) All DOCUMENTS RELATING TO consideration provided to or received by the parties
to the transaction resulting in the DMP 1031. . . .

19) All DOCUMENTS RELATING TO all present and former agreements entered into after
January 2017 by and between two or more of DEBTOR, YOU, DR. ELLIOT B. LANDER,
JOSEPH RUBIN, THE LICHT 2018 IRREVOCABLE TRUST, GARY STIFFELMAN,
CARMEN LAZAR STIFFELMAN, THE STIFFELMAN FAMILY TRUST, DMP LLC,
DMP CORP, QUONSET, LIGHTHOUSE LLC, SGE, and FAIRFAX MANAGEMENT
LLC.

Hays Decl. Ex. 2 at 114-116.

## C.    Rule 2004 Examination

On July 21, 2022, Trustee, through counsel, conducted a Rule 2004 examination of Mr.
Rubin ("Examination"). A true and correct copy of the transcript of the Examination is attached to
the Hays Declaration as **Exhibit 4**. During the Examination, Mr. Rubin acknowledged that certain
documents existed that were not produced. On the record, he agreed to produce to Trustee the
following documents responsive to the 2004 Order:

1)  Written documentation regarding a loan from Elliot B. Lander ("Dr. Lander") to Mr. Rubin
for approximately $820,000, in connection with Dr. Lander's investment in the Hotel Site
and Dispensary Parcel, Hays Decl. Ex. 4 at 207-208, 231; [These documents are responsive

4843-2717-9236

to Categories 2-8 and 19 in Exhibit 1 to the 2004 Motion].

2) Documentation describing Mr. Rubin's personal contributions to the to the property, as well as releases of money to Mr. Rubin, Hays Decl. Ex. 4 at 211-212; [These documents are responsive to Categories 1-2 and 19 in Exhibit 1 to the 2004 Motion].

3) Any written agreement between Mr. Rubin and Debtor regarding Mr. Rubin paying off the approximately $1,497,000 land loan for the property, Hays Decl. Ex. 4 at 216; [These documents are responsive to Categories 1-2 and 19 in Exhibit 1 to the 2004 Motion].

4) Any written agreement between Debtor and ASR Development Company regarding the construction or cost of a building on the Dispensary Parcel, Hays Decl. Ex.4 at 216-217; [These documents are responsive to Categories 1-2 and 19 in Exhibit 1 to the 2004 Motion].

5) A check register regarding Mr. Rubin's contributions to the Debtor, Hays Decl. Ex. 4 at 218-219; [These documents are responsive to Categories 1-2 and 19 in Exhibit 1 to the 2004 Motion].

6) A grant deed regarding a transfer of a parcel from a Delaware entity to Debtor, Hays Decl. Ex. 4 at 242; [These documents are responsive to Categories 1-2 and 19 in Exhibit 1 to the 2004 Motion].

This production shall be collectively referred to as the "Outstanding Production."

Trustee's counsel did not conclude the Examination, noting that it was possible he would have more questions after examining the additional documents. Hays Decl. Ex. 4 at 248-249. Following the Examination, Mr. Rubin made no changes to the transcript, nor has he provided any of the Outstanding Production.

## D.    Trustee's Follow-Up Efforts

On August 11, 2022, Trustee's counsel sent an e-mail to Mr. Rubin's counsel, Evan Smith ("Mr. Smith"), inquiring about the "timing for producing the documents requested during the examinations." A true and correct copy of e-mail correspondence between Trustee's counsel and Mr. Smith is attached to the Hays Declaration as **Exhibit 5**.

That same day, Mr. Smith responded: "I'll have something for you early next week (I'm

4

MOTION FOR ISSUANCE OF ORDER TO SHOW CAUSE RE: CONTEMPT

away from the office tomorrow)." Hays Decl. Ex. 5 at 260.

On August 16, 2022, Trustee's counsel again inquired: "Evan: What's your timing?" *Id.* at 260.

That same day, Mr. Smith responded: "I have some materials I need to review and process before sending them to you.  I'm currently doing some time sensitive briefing.  Will get to it soon." *Id.* at 259.

On August 30, 2022, Trustee's counsel sent the following e-mail:

Evan:

 I'm following up. Two weeks ago, you said you had some materials you needed to

review before sending them to me. As of today, I haven't received anything.

Also, attached are two letters from the court reporter indicating that the deponents

haven't made any changes.

 Ed

*Id.* at 259.

The next day, Trustee's counsel followed up: "Evan?" *Id.* at 258.

Mr. Smith responded that same day: "I'm just really busy. Do have things I will get for you." *Id.* at 258.

Between August 30, 2022, and the filing of this Motion, Trustee's counsel has followed up with Mr. Smith via e-mail at least five more times, to no avail. A true and correct copy of additional e-mail correspondence between Trustee's counsel and Mr. Smith is attached to the Hays Declaration as **Exhibit 6**.

To date, despite multiple communications with Mr. Smith, Trustee has not received any of the documents that Mr. Rubin agreed to produce during the July 21, 2022, Examination.

/ / /

/ / /

MOTION FOR ISSUANCE OF ORDER TO SHOW CAUSE RE: CONTEMPT

4843-2717-9236

**3.    Legal Argument**

    **A.    Good cause exists for the Court to issue the OSC as to why
Respondent should not be held in contempt of the 2004 Order.**

        **i.    This Court has jurisdiction to determine if Mr. Rubin's
failure to produce documents constitutes contempt of the
2004 Order.**

Pursuant to 28 U.S.C. § 1334(a), the district courts have original and exclusive jurisdiction of all cases arising under Title 11. Additionally, Rule 9020 of the FRBP permits courts to hear an application for contempt proceedings. *See Caldwell v. United Capital Corp.* (*In re Rainbow Magazine*), 77 F.3d 278 (9th Cir. 1996) (holding that FRBP 9020 empowers bankruptcy courts with the power of civil contempt to enforce its orders); *Stasz v. Gonzalez* (*In re Stasz*), 387 B.R. 271 (B.A.P. 9th Cir. 2008) (finding that FRBP 9020 empowers the bankruptcy courts to hear applications for civil contempt).

        **ii.    Standard for Finding a Party in Civil Contempt**

The standard for finding a party in civil contempt is well settled. "The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply." *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) (citation omitted).

        **iii.    Mr. Rubin violated a specific and definite order of the Court
with which he agreed to comply.**

For a bankruptcy court to hold a party in contempt, the court must first find that the party violated an order of the court. *See In re Stasz*, 387 B.R. at 276. To be in compliance with a court's order, the party must "take all reasonable steps within [his] power to insure compliance with the order." *Shuffier v. Heritage Bank*, 720 F.2d 114.1, 1146 (9th Cir. 1983) (quoting *Sekaguaptewa v. MacDonald*, 1544 F.2d 396, 406 (9th Cir. 1976)).

1    Mr. Rubin is in contempt of the 2004 Order. As noted above, the 2004 Order required Mr.

2    Rubin to produce all documents relating to Debtor's transfer of the Property, the subsequent

3    transfers of the Property, and the leases of the Property producing more than $50,000 in monthly

4    revenue to Debtor's insiders. Hays Decl.: Ex. 2 at 114-116; Ex. 3 at 177.

5    During the Examination, Mr. Rubin agreed that he would provide Trustee's counsel with the

6    Outstanding Production. Since the Examination, Trustee has sent multiple follow-up e-mails to Mr.

7    Rubin's counsel to inquire about the status of production. Hays Decl. Ex. 5 and 6. Yet, Mr. Rubin

8    has failed to comply with the Court's 2004 Order (and his agreement on the record) by providing

9    the Outstanding Production. Good cause thus exists for the Court to enter an order to show cause re:

10    contempt of the 2004 Order, based on Mr. Rubin's failure to produce all responsive documents to

11    Trustee's counsel.

12    ### iv.    Sanctions against Respondent are appropriate.

13    In the Ninth Circuit, it is well established that the bankruptcy courts are empowered to

14    impose sanctions. *See In re Rainbow Magazine*, 77 F.3d 278 at 284 (concluding that 11 U.S.C. §

15    105 provides the bankruptcy courts with the power to sanction contemnors); *Havelock v. Taxel (In*

16    *re Pace), aff'd in relevant part*, 67 F.3d 187 (9th Cir.1995) (concluding that in addition to sanctions

17    under 11 U.S.C. § 362, bankruptcy courts have the power to sanction pursuant to 11 U.S.C. § 105).

18    Indeed, "civil contempt under § 105(a) enables the bankruptcy court to remedy a violation of a

19    specific order." *Rediger Investment Corp. v. H Granados Communications, Inc. (In re H Granados*

20    *Communications, Inc.*), 2013 WL 6838709, at *6 (B.A.P. 9th Cir. 2013) (*citing, In re Dyer,* 322

21    F.3d 1178. 1196 (9th Cir. 2003)).

22    Furthermore, the bankruptcy courts may impose two types of sanctions, the first for civil

23    contempt and the second to compensate the contemnor's adverse party for injuries resulting from

24    the contemnor's noncompliance. *See In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361,

25    1366-67 (9th Cir. 1987) (concluding that bankruptcy courts may sanction contemnors for civil

26    contempt and to compensate the contemnor's adverse party for actual loss). An award of sanctions

27    for civil contempt is characterized by the court's desire to compensate the contemnor's adversary

28

---

MOTION FOR ISSUANCE OF ORDER TO SHOW CAUSE RE: CONTEMPT

4843-2717-9236

1  for the injuries which result from the noncompliance. *Id*. "Attorneys' fees are an appropriate

2  component of civil contempt sanctions." *In re H Granados Communications,* 2013 WL 6838709, at

3  *7 (*citing, In re Dyer*, 322 F.3d at 1195).

4      Non-compliance with a Rule 2004 order to produce documents may be a basis for contempt

5  sanctions. *See Norrie v. Pulos (In re Norrie)*, 2016 Bankr.LEXIS 3858, at *4-5, 19 (B.A.P. 9th Cir.

6  Oct. 26, 2016) (noting that the bankruptcy court found a party in contempt of the court's Rule 2004

7  order, and that the contempt order directed the contemnor to produce the required documents by a

8  certain date, appear for examination, and pay attorney's fees as compensatory sanctions to the

9  moving party).

10     Trustee, in preparing this Motion, reviewing any response, filing a reply, and attending a

11  hearing has or will cause the Estate to incur more than $5,000 in attorney's fees. Trustee requests

12  that in the Court's contempt order, the Court provide that compensatory sanctions will be awarded

13  with the amount to be determined by separate application.

14  **4.  Conclusion**

15     Based on the foregoing, Trustee respectfully requests that the Court enter the Order to Show

16  Cause lodged concurrently with this Motion directing Respondent to appear and show cause, if any,

17  why he should not be adjudicated to be in contempt of the 2004 Order. After issuance of the OSC

18  and consideration of the merits of any response filed by Respondent, Trustee requests that the Court

19  enter an order granting this Motion and:

20      1)    Adjudicating Mr. Rubin in civil contempt;

21      2)    Requiring Mr. Rubin to purge his contempt by providing the Outstanding Production

22            no later than 14 days after entry of the order;

23      3)    Imposing monetary sanctions against Mr. Rubin for all amounts necessary to

24            compensate the Estate for the damages arising from Mr. Rubin's contempt which

25            amount will be determined by separate application; and

26  / / /

27  / / /

28

4843-2717-9236

1      4)      Granting such other and further relief as the Court deems just and proper.

Dated: October 21, 2022                MARSHACK HAYS LLP

                          /s/ D. Edward Hays

By: _____

      D. EDWARD HAYS
      CHAD V. HAES
      BRADFORD N. BARNHARDT
Attorneys for Chapter 7 Trustee,
Richard A. Marshack

9

MOTION FOR ISSUANCE OF ORDER TO SHOW CAUSE RE: CONTEMPT

4843-2717-9236

# Declaration of D. Edward Hays

I, D. EDWARD HAYS, declare and state:

1.      I am an individual over 18 years of age and competent to make this declaration.

2.      If called upon to do so, I could and would competently testify as to the facts set forth in this declaration.

3.      I am an attorney at law duly admitted to practice before this Court and all courts of the State of California.

4.      I am a partner in the law firm of Marshack Hays LLP, attorneys of record for Richard A. Marshack, Chapter 7 Trustee ("Trustee") of the bankruptcy estate ("Estate") of Glenroy Coachella, LLC ("Debtor").

5.      The matters stated below are within my own knowledge or information and, if called upon to testify, I could and would competently testify thereto. To the extent I do not have personal knowledge of the matters set forth herein, I make such statements on information and belief.

6.      I make this declaration in support of the Trustee's motion for issuance of order to show cause re: contempt of the 2004 order ("Motion"). Capitalized terms not otherwise defined in this Declaration shall have the meaning ascribed to them in the Motion.

7.      A true and correct copy of the Court's CM/ECF Docket for this case is attached as Exhibit 1.

8.      A true and correct copy of the 2004 Motion is attached as **Exhibit 2**.

9.      A true and correct copy of the 2004 Order is attached as **Exhibit 3**.

10.     On July 21, 2022, I conducted a Rule 2004 examination of Mr. Rubin ("Examination"). A true and correct copy of the transcript of the Examination is attached as **Exhibit 4.**

11.     True and correct copies of e-mails between myself and Mr. Smith regarding the Outstanding Production is attached as **Exhibit 5**.

12.     True and correct copies of subsequent e-mails between myself and Mr. Smith regarding the Outstanding Production is attached as **Exhibit 6**.

MOTION FOR ISSUANCE OF ORDER TO SHOW CAUSE RE: CONTEMPT

13.     My office has or will incur more than $5,000 in attorney's fees in filing this Motion, reviewing any response, filing a reply, and attending a hearing. The exact amount of damages will be detailed in a separate application if this Court adjudicates respondent in contempt and orders payment of all damages caused by such contempt.

14.     A true and correct copy of the proposed Order to Show Cause is attached as **Exhibit 7**.

I declare that the foregoing is true and correct under penalty of perjury. Executed October 21, 2022.

/s/ D. Edward Hays

_____

D. EDWARD HAYS

4895-7868-9338, v. 1

MOTION FOR ISSUANCE OF ORDER TO SHOW CAUSE RE: CONTEMPT

4843-2717-9236

**EXHIBIT 1**

10/21/22, 5:10 PM                          CM/ECF - U.S. Bankruptcy Court (NG 1.6.4 - LIVE)

**CONVERTED**

# U.S. Bankruptcy Court
## Central District of California (Los Angeles)
### Bankruptcy Petition #: 2:21-bk-11188-BB

|  |  |
|---|---|
| *Date filed:* | 02/15/2021 |
| *Date converted:* | 09/17/2021 |
| *341 meeting:* | 10/19/2021 |
| *Deadline for filing claims:* | 02/15/2022 |
| *Deadline for filing claims (govt.):* | 08/24/2021 |
| *Deadline for objecting to discharge:* | 05/17/2021 |

*Assigned to:* Sheri Bluebond
Chapter 7
Previous chapter 11
Original chapter 11
Voluntary
Asset

---

**Debtor**
**Glenroy Coachella, LLC**
1801 S. La Cienega Blvd., Suite 301
Los Angeles, CA 90035
LOS ANGELES-CA
Tax ID / EIN: 26-1262028

represented by **Crystle Jane Lindsey**
Weintraub & Selth, APC
11766 Wilshire Blvd.
Suite 1170
Los Angeles, CA 90025
(310) 207-1494
Fax : (310) 442-0660
Email: crystlelindsey27@gmail.com

**James R Selth**
Weintraub & Selth APC
11766 Wilshire Blvd Ste 450
Los Angeles, CA 90025
310-207-1494
Fax : 310-442-0660
Email: jim@wsrlaw.net

**Daniel J Weintraub**
Weintraub and Selth, APC
11766 Wilshire Blvd Ste 450
Los Angeles, CA 90025-6553
310-207-1494
Fax : 310-442-0660
Email: dan@wsrlaw.net

**Trustee**
**Richard A Marshack (TR)**
Marshack Hays LLP
870 Roosevelt
Irvine, CA 92620
949-333-7777

represented by **Chad V Haes**
Marshack Hays LLP
870 Roosevelt Ave
Irvine, CA 92620
949-333-7777
Fax : 949-333-7778
Email: chaes@marshackhays.com

**D Edward Hays**
Marshack Hays LLP
870 Roosevelt Ave
Irvine, CA 92620

EXHIBIT 1, PAGE 12

949-333-7777
Fax : 949-333-7778
Email: ehays@marshackhays.com

*U.S. Trustee*
**United States Trustee (LA)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811

represented by **Eryk R Escobar**
Office of the United States Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017
202-934-4168
Fax : 213-894-2603
Email: eryk.r.escobar@usdoj.gov

**Kenneth G Lau**
Office of the United States Trustee
125 Ottawa Avenue NW
Suite 200R
Grand Rapids, MI 49503
616-456-2002
Fax : 616-456-2550
Email: kenneth.g.lau@usdoj.gov
*TERMINATED: 02/23/2021*

*Creditor Committee*
**Committee of Unsecured Creditors,** *Committee of*
*Unsecured Creditors*

represented by **Daren Brinkman**
4333 Pk Terr Dr Ste 205
Westlake Village, CA 91361
818-597-2992
Email: office@brinkmanlaw.com

| Filing Date | # | Docket Text |
|---|---|---|
| 02/15/2021 | **1**<br>(34 pgs; 2 docs) | Chapter 11 Voluntary Petition Non-Individual. Fee Amount $1738 Filed by Glenroy Coachella, LLC Summary of Assets and Liabilities (Form 106Sum or 206Sum) due 03/1/2021. Schedule A/B: Property (Form 106A/B or 206A/B) due 03/1/2021. Schedule C: The Property You Claim as Exempt (Form 106C) due 03/1/2021. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due 03/1/2021. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due 03/1/2021. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due 03/1/2021. Schedule H: Your Codebtors (Form 106H or 206H) due 03/1/2021. Declaration Under Penalty of Perjury for Non-Individual Debtors (Form 202) due 03/1/2021. Statement of Financial Affairs (Form 107 or 207) due 03/1/2021. Incomplete Filings due by 03/1/2021. (Weintraub, Daniel) WARNING: CASE IS NOT DEFICIENT FOR: Schedule C (Form 106C) as this document is not required in a Chapter 11 Non-Individual Case; Modified on 2/16/2021 (Jackson, Wendy Ann). (Entered: 02/15/2021) |
| 02/15/2021 | **2**<br>(3 pgs) | Statement of Corporate Ownership filed. Corporate parents added to case: Glenroy Coachella Holdings, LLC. Filed by Debtor Glenroy Coachella, LLC. (Weintraub, Daniel) (Entered: 02/15/2021) |
| 02/16/2021 | | Receipt of Voluntary Petition (Chapter 11)(2:21-bk-11188) [misc,volp11] (1738.00) Filing Fee. Receipt number 52469470. Fee amount 1738.00. (re: Doc# 1) (U.S. Treasury) (Entered: 02/16/2021) |

| 02/16/2021 | 3 | Notice to Filer of Correction Made/No Action Required: **Incorrect schedules /statements recorded as deficient. THE PROPER DEFICIENCY HAS BEEN ISSUED. CASE IS NOT DEFICIENT FOR: Schedule C (Form 106C);** (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Glenroy Coachella, LLC) (Jackson, Wendy Ann) (Entered: 02/16/2021) |
| 02/16/2021 | 4<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Selth, James. (Selth, James) (Entered: 02/16/2021) |
| 02/16/2021 | 5<br>(4 pgs) | Order setting initial status conference in chapter 11 case (BNC-PDF) Signed on 2/16/2021 (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Glenroy Coachella, LLC). Status hearing to be held on 4/7/2021 at 10:00 AM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond Initial Status Conference Report Due By 3/24/2021. (Jackson, Wendy Ann) (Entered: 02/16/2021) |
| 02/16/2021 | 6 | Hearing Set (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Glenroy Coachella, LLC) Status hearing to be held on 4/7/2021 at 10:00 AM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond (Jackson, Wendy Ann) (Entered: 02/16/2021) |
| 02/16/2021 | 7<br>(2 pgs) | Meeting of Creditors 341(a) meeting to be held on 3/16/2021 at 09:00 AM at UST-LA2, TELEPHONIC MEETING. CONFERENCE LINE:1-866-816-0394, PARTICIPANT CODE:5282999. Last day to oppose discharge or dischargeability is 5/17/2021. (Ventura, Olivia) (Entered: 02/16/2021) |
| 02/16/2021 | 8<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Tippie, Alan. (Tippie, Alan) (Entered: 02/16/2021) |
| 02/16/2021 | 9<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Horoupian, Mark. (Horoupian, Mark) (Entered: 02/16/2021) |
| 02/17/2021 | 10<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Kogan, Michael. (Kogan, Michael) (Entered: 02/17/2021) |
| 02/17/2021 | 11<br>(3 pgs) | Notice *of Appearance and Request for Special Notice* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP. (Houston, Marsha) (Entered: 02/17/2021) |
| 02/17/2021 | 12 | Notice to Filer of Error and/or Deficient Document **Incorrect docket event was used to file this document. The correct docket event is: Notice of Appearance and Request for Notice; THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT USING THE CORRECT DOCKET EVENT.** (RE: related document(s)11 Notice filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) (Jackson, Wendy Ann) (Entered: 02/17/2021) |
| 02/17/2021 | 13<br>(27 pgs) | Application to Employ Weintraub & Selth, APC as General Bankruptcy Counsel *Notice of Opportunity to Request Hearing on Motion and Application of Chapter 11 Debtor and Debtor in Possession to Employ Weintraub & Selth, APC, as General Bankruptcy Counsel Effective February 15, 2021; Declarations of Daniel J. Weintraub and Stuart Rubin in Support Thereof* Filed by Debtor Glenroy Coachella, LLC (Weintraub, Daniel) (Entered: 02/17/2021) |

EXHIBIT 1, PAGE 14

| 02/17/2021 | 14 (2 pgs) | Notice of Appearance and Request for Notice by Debra Riley Filed by Creditor California Statewide Communities Development Authority. (Riley, Debra) (Entered: 02/17/2021) |
|---|---|---|
| 02/17/2021 | 15 (8 pgs) | Motion to Set Last Day to File Proofs of Claim Filed by Debtor Glenroy Coachella, LLC (Lindsey, Crystle) (Entered: 02/17/2021) |
| 02/17/2021 | 16 (25 pgs) | Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 02/17/2021) |
| 02/17/2021 | 17 (4 pgs) | Notice of Hearing *Notice of Motion for Appointment of a Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Rivas, Christopher) (Entered: 02/17/2021) |
| 02/17/2021 | 18 (153 pgs) | Declaration re: *Declaration of Marsha A. Houston In Support of Motion for the Appointment of a Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)17 Notice of Hearing). (Rivas, Christopher). Related document(s) 16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP. Modified on 2/18/2021 to relate the document to the motion; (Jackson, Wendy Ann). (Entered: 02/17/2021) |
| 02/17/2021 | 19 (243 pgs) | Declaration re: *Declaration of Simond Lavian In Support of Motion for the Appointment of a Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)17 Notice of Hearing). (Rivas, Christopher). Related document(s) 16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP. Modified on 2/18/2021 to relate the document to the motion; (Jackson, Wendy Ann). (Entered: 02/17/2021) |
| 02/17/2021 | 20 (63 pgs) | Declaration re: *Declaration of Edwin Leslie In Support of Motion for the Appointment of a Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)17 Notice of Hearing). (Rivas, Christopher). Related document(s) 16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP. Modified on 2/18/2021 to relate the document to the motion; (Jackson, Wendy Ann). (Entered: 02/17/2021) |
| 02/17/2021 | 21 (6 pgs) | Declaration re: *Declaration of Gary Stiffelman In Support of Motion for the Appointment of a Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)17 Notice of Hearing). (Rivas, Christopher). Related document(s) 16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP. Modified on 2/18/2021 to relate the document to the motion; (Jackson, Wendy Ann). (Entered: 02/17/2021) |
| 02/17/2021 | 22 (15 pgs) | Declaration re: *Declaration of Alan G. Tippie* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)17 Notice of Hearing). (Rivas, Christopher). Related document(s) 16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP. Modified on |

EXHIBIT 1, PAGE 15

| | | 2/18/2021 to relate the document to the motion; (Jackson, Wendy Ann). (Entered: 02/17/2021) |
|---|---|---|
| 02/18/2021 | 23 | Hearing Set (RE: related document(s)16 Motion to Appoint Trustee filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) The Hearing date is set for 3/10/2021 at 10:00 AM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond (Jackson, Wendy Ann) (Entered: 02/18/2021) |
| 02/18/2021 | 24 (10 pgs) | Emergency motion *EMERGENCY MOTION OF DEBTOR FOR ORDER TO CONTINUE THE HEARING ON THE MOTION TO APPOINT CHAPTER 11 TRUSTEE; SUPPORTING DECLARATION OF DANIEL J. WEINTRAUB* Filed by Debtor Glenroy Coachella, LLC (Weintraub, Daniel). Related document(s) 16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP. Modified on 2/19/2021 to properly relate the document to the motion; (Jackson, Wendy Ann). (Entered: 02/18/2021) |
| 02/18/2021 | 25 (7 pgs) | BNC Certificate of Notice (RE: related document(s)7 Meeting of Creditors Chapter 11 (Corporations or Partnerships) (309F1)) No. of Notices: 132. Notice Date 02/18/2021. (Admin.) (Entered: 02/18/2021) |
| 02/18/2021 | 26 (2 pgs) | BNC Certificate of Notice (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Glenroy Coachella, LLC) No. of Notices: 1. Notice Date 02/18/2021. (Admin.) (Entered: 02/18/2021) |
| 02/18/2021 | 27 (6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)5 Order setting initial status conference in chapter 11 case (BNC-PDF)) No. of Notices: 1. Notice Date 02/18/2021. (Admin.) (Entered: 02/18/2021) |
| 02/19/2021 | 28 | Notice to Filer of Error and/or Deficient Document **Incorrect docket event was used to file this document. The correct docket event is: Continue Hearing/Reschedule Hearing (motion) and filer should not type in secondary text all Capital letters. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT USING THE CORRECT DOCKET EVENT.** (RE: related document(s)24 Emergency motion filed by Debtor Glenroy Coachella, LLC) (Jackson, Wendy Ann) (Entered: 02/19/2021) |
| 02/19/2021 | 29 (10 pgs) | Motion to Continue Hearing On (related documents 16 Motion to Appoint Trustee) *Emergency Motion of Debtor for Order to Continue the Hearing on the Motion to Appoint Chapter 11 Trustee* Filed by Debtor Glenroy Coachella, LLC (Weintraub, Daniel) (Entered: 02/19/2021) |
| 02/19/2021 | 30 (16 pgs) | Objection (related document(s): 24 Emergency motion *EMERGENCY MOTION OF DEBTOR FOR ORDER TO CONTINUE THE HEARING ON THE MOTION TO APPOINT CHAPTER 11 TRUSTEE; SUPPORTING DECLARATION OF DANIEL J. WEINTRAUB* filed by Debtor Glenroy Coachella, LLC) *Objection to Emergency Motion of Debtor for Order to Continue the Hearing on the Motion to Appoint Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher). Related document(s) 29 Motion to Continue Hearing On (related documents 16 Motion to Appoint Trustee) *Emergency Motion of Debtor for Order to Continue the Hearing on the Motion to Appoint Chapter 11 Trustee* filed by Debtor Glenroy Coachella, LLC. Modified on 2/19/2021 to relate the document to the correct motion filed; (Jackson, Wendy Ann). (Entered: 02/19/2021) |

EXHIBIT 1, PAGE 16

| | | |
|---|---|---|
| 02/19/2021 | 31<br>(2 pgs) | Order 1) Denying Debtor's Emergency Motion for order to continue the hearing on the Motion to Appoint Chapter 11 Trustee and (ii) extending the deadlines to file oppositions and replies to the Motion to Appoint Chapter 11 Trustee; ORDERED that the Motion is Denied; Debtor may have until 3/3/21 to file an opposition and Movant may have until 12:00pm on 3/8/21 to serve/file a reply; (BNC-PDF) (Related Doc # 24 and 29) Signed on 2/19/2021 (Jackson, Wendy Ann). Related document(s) 29 Motion to Continue Hearing On (related documents 16 Motion to Appoint Trustee) *Emergency Motion of Debtor for Order to Continue the Hearing on the Motion to Appoint Chapter 11 Trustee* filed by Debtor Glenroy Coachella, LLC. Modified on 2/19/2021 (Jackson, Wendy Ann). (Entered: 02/19/2021) |
| 02/19/2021 | 32<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Laquer, Timothy. (Laquer, Timothy) (Entered: 02/19/2021) |
| 02/21/2021 | 33<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)31 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 02/21/2021. (Admin.) (Entered: 02/21/2021) |
| 02/23/2021 | 34<br>(5 pgs) | Addendum to voluntary petition *Amended Petition to Designate as Single Asset Real Estate* Filed by Debtor Glenroy Coachella, LLC. (Selth, James) (Entered: 02/23/2021) |
| 02/23/2021 | 35<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Djang, Caroline. (Djang, Caroline) (Entered: 02/23/2021) |
| 02/23/2021 | 36<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Rallis, Dean. (Rallis, Dean) (Entered: 02/23/2021) |
| 02/23/2021 | 37<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Pham, Matthew. (Pham, Matthew) (Entered: 02/23/2021) |
| 02/23/2021 | 38<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Lerner, Leib. (Lerner, Leib) (Entered: 02/23/2021) |
| 02/23/2021 | 39<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Harris, Douglas. (Harris, Douglas) (Entered: 02/23/2021) |
| 02/23/2021 | 40<br>(4 pgs) | Notice of Appearance and Request for Notice by Steven M Berman Filed by Interested Party EFO Financial Group LLC. (Berman, Steven) (Entered: 02/23/2021) |
| 02/23/2021 | 41<br>(13 pgs) | Motion *Application for Order Setting Hearing on Shortened Notice [LBR 9075-1(b)]* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 02/23/2021) |
| 02/23/2021 | 42<br>(13 pgs) | Motion *to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 02/23/2021) |
| 02/23/2021 | 43<br>(111 pgs) | Declaration re: *Declaration of Edwin Leslie In Support of Motion to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)42 Motion *to Excuse State* |

EXHIBIT 1, PAGE 17

|  |  |  |
|---|---|---|
|  |  | *Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities*). (Rivas, Christopher) (Entered: 02/23/2021) |
| 02/23/2021 | [44](#) (7 pgs) | Application shortening time *Application for Order Setting Hearing On Shortened Notice [LBR 9075-1(b)]* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher). Related document(s) [42](#) Motion *to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP. Modified on 2/24/2021 to relate the document to the motion; (Jackson, Wendy Ann). (Entered: 02/23/2021) |
| 02/23/2021 | [45](#) (7 pgs) | Notice of lodgment *of Order in Bankruptcy Case Re: Order Granting Application and Setting Hearing on Shortened Notice* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)[44](#) Application shortening time *Application for Order Setting Hearing On Shortened Notice [LBR 9075-1(b)]*). (Rivas, Christopher) (Entered: 02/23/2021) |
| 02/23/2021 | [46](#) (5 pgs) | Objection (related document(s): [44](#) Application shortening time *Application for Order Setting Hearing On Shortened Notice [LBR 9075-1(b)]* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) Filed by Debtor Glenroy Coachella, LLC (Lindsey, Crystle) (Entered: 02/23/2021) |
| 02/24/2021 | 47 | Notice to Filer of Error and/or Deficient Document **Incorrect docket event was used to file this document. The correct docket event is: Shortening time (motion)** <span style="color:blue">**THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT USING THE CORRECT DOCKET EVENT.**</span> (RE: related document(s)[41](#) Generic Motion filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) (Jackson, Wendy Ann) (Entered: 02/24/2021) |
| 02/24/2021 | [48](#) (5 pgs) | Order Granting Application and Setting hearing on shortened notice re: Motion to Excuse State Court Receiver, Edwin Leslie, from turnover of assets under 11 USC Section 543; (BNC-PDF); ORDERED that the hearing is set for: MARCH 10, 2021 @ 10AM; (Related Doc # [44](#) ) Signed on 2/24/2021 (Jackson, Wendy Ann) (Entered: 02/24/2021) |
| 02/24/2021 | 49 | Hearing Set (RE: related document(s)[42](#) Generic Motion filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) The Hearing date is set for 3/10/2021 at 10:00 AM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond (Jackson, Wendy Ann) (Entered: 02/24/2021) |
| 02/24/2021 | [50](#) (137 pgs) | Notice of Hearing Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)[42](#) Motion *to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Rivas, Christopher) (Entered: 02/24/2021) |
| 02/24/2021 | [51](#) (3 pgs) | Notice of Appearance and Request for Notice by Daren Brinkman Filed by Creditor Saxon Engineering Services Inc.. (Brinkman, Daren) (Entered: 02/24/2021) |
| 02/25/2021 | [52](#) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Doling, |

EXHIBIT 1, PAGE 18

| | | |
|---|---|---|
| | (1 pg) | Jenny. (Doling, Jenny) (Entered: 02/25/2021) |
| 02/25/2021 | 53 (2 pgs) | Order Granting Motion To Set Set Last Day To File Proofs of Claim (BNC-PDF) (Related Doc # 15) Signed on 2/25/2021. Proofs of Claims due by 4/30/2021. Government Proof of Claim due by 8/24/2021. (Jackson, Wendy Ann) (Entered: 02/25/2021) |
| 02/25/2021 | 54 (10 pgs) | Notice of Bar Date for Filing Proofs of Claim in a Chapter 11 Filed by Debtor Glenroy Coachella, LLC. (Lindsey, Crystle) (Entered: 02/25/2021) |
| 02/25/2021 | 55 (3 pgs) | Request for courtesy Notice of Electronic Filing (NEF) Filed by OKeefe, Sean. (OKeefe, Sean) (Entered: 02/25/2021) |
| 02/26/2021 | 56 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)48 ORDER shortening time (BNC-PDF)) No. of Notices: 1. Notice Date 02/26/2021. (Admin.) (Entered: 02/26/2021) |
| 02/27/2021 | 57 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)53 Order on Motion To Set Last Day to File Proofs of Claim (BNC-PDF)) No. of Notices: 1. Notice Date 02/27/2021. (Admin.) (Entered: 02/27/2021) |
| 03/01/2021 | 58 (51 pgs) | Declaration Under Penalty of Perjury for Non-Individual Debtors (Official Form 202) , Schedule A/B Non-Individual: Property (Official Form 106A/B or 206A/B) , Schedule D Non-Individual: Creditors Who Have Claims Secured by Property (Official Form 106D or 206D) , Schedule E/F Non-Individual: Creditors Who Have Unsecured Claims (Official Form 106F or 206F) , Schedule G Non-Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Schedule H Non-Individual: Your Codebtors (Official Form 106H or 206H) , Statement of Financial Affairs for Non-Individual Filing for Bankruptcy (Official Form 107 or 207) , Disclosure of Compensation of Attorney for Debtor (Official Form 2030) Filed by Debtor Glenroy Coachella, LLC (RE: related document(s)1 Voluntary Petition (Chapter 11)). (Lindsey, Crystle) (Entered: 03/02/2021) |
| 03/02/2021 | 59 (10 pgs) | Notice of Perfection Filed by Creditor Doug Wall Construction. (Djang, Caroline) (Entered: 03/02/2021) |
| 03/02/2021 | 60 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Shulman, Leonard. (Shulman, Leonard) (Entered: 03/02/2021) |
| 03/03/2021 | 61 (7 pgs) | Objection (related document(s): 16 Motion to Appoint Trustee Motion for the Appointment of a Chapter 11 Trustee filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 19 Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) Debtors Evidentiary Objections to Declaration of Simond Lavian Filed by Debtor Glenroy Coachella, LLC (Selth, James) (Entered: 03/03/2021) |
| 03/03/2021 | 62 (7 pgs) | Objection (related document(s): 16 Motion to Appoint Trustee Motion for the Appointment of a Chapter 11 Trustee filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 20 Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) Debtors Evidentiary Objections to Declaration of Edwin Leslie Filed by Debtor Glenroy Coachella, LLC (Selth, James) (Entered: 03/03/2021) |
| 03/03/2021 | 63 | Objection (related document(s): 16 Motion to Appoint Trustee Motion for |

| | | |
|---|---|---|
| | (7 pgs) | *the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, [21](#) Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) *Debtors Evidentiary Objections to Declaration of Gary Stiffelman* Filed by Debtor Glenroy Coachella, LLC (Selth, James) (Entered: 03/03/2021) |
| 03/03/2021 | [64](#) (5 pgs) | Objection (related document(s): [16](#) Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, [22](#) Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) *Debtors Evidentiary Objections to Declaration of Alan G. Tippie* Filed by Debtor Glenroy Coachella, LLC (Selth, James) (Entered: 03/03/2021) |
| 03/03/2021 | [65](#) (88 pgs; 2 docs) | Opposition to (related document(s): [16](#) Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) Filed by Interested Party Stuart Rubin (Attachments: # [1](#) Affidavit Declaration of Sean A. OKeefe In Support of Opposition) (OKeefe, Sean) (Entered: 03/03/2021) |
| 03/03/2021 | [66](#) (19 pgs) | Opposition to (related document(s): [16](#) Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) Filed by Debtor Glenroy Coachella, LLC (Weintraub, Daniel) (Entered: 03/03/2021) |
| 03/03/2021 | [67](#) (67 pgs) | Declaration re: *Declaration of Joseph Rubin In Support of Opposition to Motion to Appoint Trustee Motion for the Appointment of a Chapter 11 Trustee* Filed by Debtor Glenroy Coachella, LLC (RE: related document(s)[66](#) Opposition). (Weintraub, Daniel) (Entered: 03/03/2021) |
| 03/03/2021 | [68](#) (24 pgs) | Declaration re: *Declaration of Laurence Berman In Support of Opposition to Motion to Appoint Chapter 11 Trustee* Filed by Debtor Glenroy Coachella, LLC (RE: related document(s)[66](#) Opposition). (Weintraub, Daniel) (Entered: 03/03/2021) |
| 03/03/2021 | [69](#) (41 pgs) | Declaration re: *Declaration of Renzo Renzi In Support of Opposition to Motion to Appoint Chapter 11 Trustee* Filed by Debtor Glenroy Coachella, LLC (RE: related document(s)[66](#) Opposition). (Weintraub, Daniel) (Entered: 03/03/2021) |
| 03/03/2021 | [70](#) (430 pgs) | Declaration re: *Declaration of Dana Barbera In Support of Opposition to Motion to Appoint Chapter 11 Trustee* Filed by Debtor Glenroy Coachella, LLC (RE: related document(s)[66](#) Opposition). (Weintraub, Daniel) (Entered: 03/03/2021) |
| 03/03/2021 | [71](#) (8 pgs) | Declaration re: *Declaration of Steven Bram In Support of Opposition to Motion to Appoint Chapter 11 Trustee* Filed by Debtor Glenroy Coachella, LLC (RE: related document(s)[66](#) Opposition). (Weintraub, Daniel) (Entered: 03/03/2021) |
| 03/03/2021 | [72](#) (6 pgs) | Declaration re: *Declaration of Ian Waddell In Support of Opposition to Motion to Appoint Chapter 11 Trustee* Filed by Debtor Glenroy Coachella, LLC (RE: related document(s)[66](#) Opposition). (Weintraub, Daniel) (Entered: 03/03/2021) |
| 03/03/2021 | [73](#) (13 pgs) | Opposition to (related document(s): [42](#) Motion to *Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities* filed by Creditor U.S. Real |

EXHIBIT 1, PAGE 20

| Date | Doc | Description |
|---|---|---|
| | | Estate Credit Holdings III-A, LP) Filed by Debtor Glenroy Coachella, LLC (Weintraub, Daniel) (Entered: 03/03/2021) |
| 03/03/2021 | [74](#) (18 pgs) | Declaration re: *Declaration of Stuart Rubin In Support of Opposition to Motion to Appoint Chapter 11 Trustee* Filed by Debtor Glenroy Coachella, LLC (RE: related document(s)[73](#) Opposition). (Weintraub, Daniel) (Entered: 03/03/2021) |
| 03/03/2021 | [75](#) (414 pgs) | Exhibit *Exhibits 1 through 4 In Support of Declaration of Stuart Rubin* Filed by Debtor Glenroy Coachella, LLC (RE: related document(s)[74](#) Declaration). (Weintraub, Daniel) (Entered: 03/03/2021) |
| 03/03/2021 | [76](#) (130 pgs) | Exhibit *Exhibits 5 Through 14 In Support of Declaration of Stuart Rubin* Filed by Debtor Glenroy Coachella, LLC (RE: related document(s)[74](#) Declaration). (Weintraub, Daniel) (Entered: 03/03/2021) |
| 03/04/2021 | 77 | Notice to Filer of Error and/or Deficient Document **Incorrect/incomplete/unreadable PDF was attached to the docket entry. No proof of service provided and All documents filed with the court must have a pleading cover sheet that includes debtor's name, case number and title of document. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE CORRECT PDF IMMEDIATELY.** (RE: related document(s)[74](#) Declaration filed by Debtor Glenroy Coachella, LLC, [75](#) Exhibit filed by Debtor Glenroy Coachella, LLC, [76](#) Exhibit filed by Debtor Glenroy Coachella, LLC) (Pennington-Jones, Patricia) (Entered: 03/04/2021) |
| 03/04/2021 | [78](#) (78 pgs) | Declaration re: *Sean A. OKeefe In Opposition To Motion* Filed by Interested Party Stuart Rubin (RE: related document(s)[42](#) Motion *to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities*). (OKeefe, Sean) (Entered: 03/04/2021) |
| 03/04/2021 | [79](#) (417 pgs) | Exhibit *Exhibits 1 Through 3 for Declaration of Stuart Rubin in Support of Debtor's Opposition to Motion for the Appointment of Chapter 11 Trustee* Filed by Debtor Glenroy Coachella, LLC (RE: related document(s)[74](#) Declaration). (Weintraub, Daniel) (Entered: 03/04/2021) |
| 03/04/2021 | [80](#) (133 pgs) | Exhibit *Exhibits 4 Through 15 for Declaration of Stuart Rubin in Support of Debtor's Opposition to Motion for the Appointment of Chapter 11 Trustee* Filed by Debtor Glenroy Coachella, LLC (RE: related document(s)[74](#) Declaration). (Weintraub, Daniel) (Entered: 03/04/2021) |
| 03/04/2021 | [81](#) (21 pgs) | Opposition to (related document(s): [16](#) Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, [66](#) Opposition filed by Debtor Glenroy Coachella, LLC) *Refiled with Table of Contents and Table of Authorities* Filed by Debtor Glenroy Coachella, LLC (Weintraub, Daniel) (Entered: 03/04/2021) |
| 03/05/2021 | 82 | Request for a Certified Copy Fee Amount $11. The document will be sent via email to :gabby@wsrlaw.net: Filed by Debtor Glenroy Coachella, LLC (RE: related document(s)[1](#) Voluntary Petition (Chapter 11)). (Lindsey, Crystle) (Entered: 03/05/2021) |
| 03/05/2021 | | Receipt of Request for a Certified Copy(2:21-bk-11188-BB) [misc,paycert] ( 11.00) Filing Fee. Receipt number 52560094. Fee amount |

| | | 11.00. (re: Doc# 82 ) (U.S. Treasury) (Entered: 03/05/2021) |
|---|---|---|
| 03/05/2021 | 83 | Certified Copy Emailed to gabby@wsrlaw.net (Entered: 03/05/2021) |
| 03/05/2021 | 84 (5 pgs) | Notice *of Joinder and Joinder* Filed by Creditor Doug Wall Construction (RE: related document(s)66 Opposition to (related document(s): 16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) Filed by Debtor Glenroy Coachella, LLC). (Djang, Caroline) (Entered: 03/05/2021) |
| 03/08/2021 | 85 (6 pgs) | Reply to (related document(s): 42 Motion *to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 73 Opposition filed by Debtor Glenroy Coachella, LLC) Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Houston, Marsha) (Entered: 03/08/2021) |
| 03/08/2021 | 86 (19 pgs) | Reply to (related document(s): 16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 65 Opposition filed by Interested Party Stuart Rubin, 81 Opposition filed by Debtor Glenroy Coachella, LLC) Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Houston, Marsha) (Entered: 03/08/2021) |
| 03/08/2021 | 87 (46 pgs) | Request for judicial notice *in Support of Motion for Appointment of a Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP. (Houston, Marsha) (Entered: 03/08/2021) |
| 03/08/2021 | 88 (6 pgs) | Notice *of Joinder and Joinder* Filed by Interested Party Gary Stiffelman (RE: related document(s)16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Laquer, Timothy) (Entered: 03/08/2021) |
| 03/08/2021 | 89 (6 pgs) | Notice *of Joinder and Joinder* Filed by Interested Party Gary Stiffelman (RE: related document(s)42 Motion *to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Laquer, Timothy) (Entered: 03/08/2021) |
| 03/08/2021 | 90 (75 pgs) | Declaration re: *of Gary Stiffelman in Support of Joinder to U.S. Real Estate Credit Holdings III-A, LP's Motion for Appointment of a Chapter 11 Trustee and Motion to Excuse State Court Receiver, Edwin Leslie, from Turnover of Assets* Filed by Interested Party Gary Stiffelman (RE: related document(s)16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee*, 42 Motion *to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities*). (Laquer, Timothy) (Entered: 03/08/2021) |
| 03/08/2021 | 91 (14 pgs) | Reply to (related document(s): 19 Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) * *Responses to Evidentiary Objections to Declaration of Simond Lavian* * Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 03/08/2021) |
| 03/08/2021 | 92 (16 pgs) | Reply to (related document(s): 20 Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) * *Responses to Evidentiary Objections* |

| | | |
|---|---|---|
| | | *to Declaration of Edwin Leslie* * Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 03/08/2021) |
| 03/08/2021 | 93 (4 pgs) | Reply to (related document(s): 22 Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) * *Responses to Evidentiary Objections to Declaration of Alan G. Tippie* * Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 03/08/2021) |
| 03/08/2021 | 94 (15 pgs) | Reply to (related document(s): 21 Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) * *Responses to Evidentiary Objections to Declaration of Gary Stiffelman* * Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 03/08/2021) |
| 03/08/2021 | 95 (16 pgs) | Objection (related document(s): 74 Declaration filed by Debtor Glenroy Coachella, LLC) * *Evidentiary Objections to Declaration of Stuart Rubin* * Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 03/08/2021) |
| 03/08/2021 | 96 (6 pgs) | Objection (related document(s): 67 Declaration filed by Debtor Glenroy Coachella, LLC) * *Evidentiary Objections to Declaration of Joseph Rubin* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 03/08/2021) |
| 03/08/2021 | 97 (57 pgs) | Amending Schedules (D) (E/F) *Amended Schedule A/B; Amended Schedule D; Amended Schedule E/F; Amended Schedule G; Amended Schedule H; Amended Disclosure of Compensation of Attorney for Debtor; and Corporate Ownership Statement* Filed by Debtor Glenroy Coachella, LLC. (Weintraub, Daniel) (Entered: 03/08/2021) |
| 03/08/2021 | 98 (5 pgs) | Declaration re: *Notice and Service regarding Order Shortening Time* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)48 ORDER shortening time (BNC-PDF)). (Rivas, Christopher) (Entered: 03/08/2021) |
| 03/08/2021 | 99 (54 pgs) | Reply to (related document(s): 16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 42 Motion to *Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) *Response Of Edwin W. Leslie, Receiver, To Opposition Of Debtor, A. Stuart Rubin, And Elliott Lander To Motion Of U.S. Real Estate Credit Holdings Iii-A, LP To Appoint Trustee And Motion To Excuse State Court Receiver From Turnover Of Assets Under 11 U.S.C. § 543; Declaration Of Edwin W. Leslie (With Proof of Service)* Filed by Interested Party Edwin W. Leslie, Receiver (Tippie, Alan) (Entered: 03/08/2021) |
| 03/08/2021 | 100 | Notice to Filer of Error and/or Deficient Document **Incorrect/incomplete/unreadable PDF was attached to the docket entry. Filer must select the appropriate box on page 1 of this document to state whether creditors are being added. Filer must select the correct docket event for each document being filed by holding the <CTRL> key and selecting each document. Also, a clearly marked supplemental master mailing list (do not repeat any creditors from the original filing) is required as an attachment if creditors are being added and a filing fee must be paid;** THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE CORRECT PDF AND SELECTING THE APPROPRIATE |

EXHIBIT 1, PAGE 23

| | | |
|---|---|---|
| | | **DOCKET EVENTS IMMEDIATELY.** (RE: related document(s)97 Amending Schedules D and/or E/F (Official Form 106D, 106E/F, 206D, or 206E/F) (Fee) filed by Debtor Glenroy Coachella, LLC) (Jackson, Wendy Ann) (Entered: 03/08/2021) |
| 03/09/2021 | 101 (31 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) Filed by Debtor Glenroy Coachella, LLC (RE: related document(s)13 Application to Employ Weintraub & Selth, APC as General Bankruptcy Counsel *Notice of Opportunity to Request Hearing on Motion and Application of Chapter 11 Debtor and Debtor in Possession to Employ Weintraub & Selth, APC, as General Bankruptcy Counsel). (Selth, James) (Entered: 03/09/2021)* |
| 03/09/2021 | 102 (29 pgs) | Amended Schedule A/B Non-Individual: Property (Official Form 106A/B or 206A/B) , Schedule G Non-Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) *Amended*, Schedule H Non-Individual: Your Codebtors (Official Form 106H or 206H) *Amended*, Statement of Financial Affairs for Non-Individual Filing for Bankruptcy (Official Form 107 or 207) *Amended*, Disclosure of Compensation of Attorney for Debtor (Official Form 2030) *Corrected*, Statement of Corporate Ownership filed. Filed by Debtor Glenroy Coachella, LLC. (Weintraub, Daniel) (Entered: 03/09/2021) |
| 03/09/2021 | 103 (3 pgs) | Notice *Joinder and Joinder to Opposition* Filed by Creditor Orco Block & Hardscape (RE: related document(s)66 Opposition to (related document(s): 16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) Filed by Debtor Glenroy Coachella, LLC). (Hoggard, William) (Entered: 03/09/2021) |
| 03/09/2021 | 104 (32 pgs) | Amending Schedules (D) (E/F) *and mailing matrix listing added creditors* Filed by Debtor Glenroy Coachella, LLC. (Weintraub, Daniel) (Entered: 03/09/2021) |
| 03/09/2021 | | Receipt of Amending Schedules D and/or E/F (Official Form 106D, 106E/F, 206D, or 206E/F) (Fee)(2:21-bk-11188-BB) [misc,amdsch] ( 32.00) Filing Fee. Receipt number 52573765. Fee amount 32.00. (re: Doc# 97) (U.S. Treasury) (Entered: 03/09/2021) |
| 03/09/2021 | | Receipt of Amending Schedules D and/or E/F (Official Form 106D, 106E/F, 206D, or 206E/F) (Fee)(2:21-bk-11188-BB) [misc,amdsch] ( 32.00) Filing Fee. Receipt number 52573765. Fee amount 32.00. (re: Doc# 104) (U.S. Treasury) (Entered: 03/09/2021) |
| 03/09/2021 | 105 (5 pgs) | Notice *//Amendment to Joinder* Filed by Creditor Doug Wall Construction (RE: related document(s)84 Notice *of Joinder and Joinder* Filed by Creditor Doug Wall Construction (RE: related document(s)66 Opposition to (related document(s): 16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) Filed by Debtor Glenroy Coachella, LLC).). (Djang, Caroline) (Entered: 03/09/2021) |
| 03/09/2021 | 106 (2 pgs) | Order Granting Application to Employ Weintraub & Selth APC as General Bankruptcy Counsel; (BNC-PDF) (Related Doc # 13) Signed on 3/9/2021. (Jackson, Wendy Ann) (Entered: 03/09/2021) |
| 03/09/2021 | 107 | Supplemental *Declaration of Renzo Renzi In Support of Opposition to* |

EXHIBIT 1, PAGE 24

| | | |
|---|---|---|
| | (35 pgs) | *Motion to Appoint Chapter 11 Trustee* Filed by Debtor Glenroy Coachella, LLC. (Weintraub, Daniel). Related document(s) 16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP. Modified on 3/10/2021 to relate the document to the motion; (Jackson, Wendy Ann). (Entered: 03/09/2021) |
| 03/09/2021 | 108 (58 pgs) | Emergency motion *For Order Authorizing (1) Retention of GlassRatner Advisory & Capital Group, LLC d/b/a B. Riley Advisory Services to Provide the Debtor With a Chief Restructuring Officer and Certain Reorganization Services and Personnel; and (2) Designate Dan Berman as Chief Restructuring Officer for the Debtor; Declarations of Dan Berman and Stuart Rubin In Support Thereof* Filed by Debtor Glenroy Coachella, LLC. (Weintraub, Daniel) (Entered: 03/09/2021) |
| 03/09/2021 | 109 (4 pgs) | Notice *of Joinder and Joinder in Opposition to Motion to Appoint Chapter 11 Trustee* Filed by Creditor Saxon Engineering Services Inc. (RE: related document(s)66 Opposition to (related document(s): 16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) Filed by Debtor Glenroy Coachella, LLC). (Brinkman, Daren) (Entered: 03/09/2021) |
| 03/09/2021 | 112 (3 pgs) | Joinder of Blair Air, Inc. in support of debtor's opposition to motion for the appointment of a chapter 11 trustee Filed by Creditor Blair Air, Inc (RE: related document(s)16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Pennington-Jones, Patricia) (Entered: 03/10/2021) |
| 03/09/2021 | 113 (3 pgs) | Joinder to debtor's opposition to motion for the appointment of a chapter 11 trustee Filed by Creditor Joseph Rubin and The Coachella Lighthouse, LLC (RE: related document(s)16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Pennington-Jones, Patricia) (Entered: 03/10/2021) |
| 03/09/2021 | 114 (4 pgs) | Joinder of GF Investment Group, Inc. dba The Investment Center in support of debtor's opposition to motion for the appointment of a chapter 11 trustee Filed by Creditor GF Investment Group, Inc. dba The Investment Center, a California corporation (RE: related document(s)16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Pennington-Jones, Patricia) (Entered: 03/10/2021) |
| 03/10/2021 | 110 (5 pgs; 2 docs) | Notice of Appointment of Creditors' Committee Filed by United States Trustee. (Attachments: # 1 Proof of Service)(Escobar, Eryk) (Entered: 03/10/2021) |
| 03/10/2021 | 111 (6 pgs) | Notice of lodgment *of Order Granting Motion for the Appointment of a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a); and Directing and Authorizing United States Trustee to Appoint a Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Rivas, Christopher) (Entered: 03/10/2021) |
| 03/11/2021 | 115 | Hearing Held (Bk Motion) (RE: related document(s) 16 Motion to |

| | | |
|---|---|---|
| | | Appoint Trustee); RULING- GRANTED; ORDER TO FOLLOW; (Jackson, Wendy Ann) (Entered: 03/11/2021) |
| 03/11/2021 | 116 | Hearing Held (Bk Motion) (RE: related document(s) 42 Generic Motion); RULING - ORDER TO FOLLOW FROM MR. TIPPEE; CONT'D. TO 4/7/21 @ 10AM; (Jackson, Wendy Ann) (Entered: 03/11/2021) |
| 03/11/2021 | | Hearing (Bk Motion) Continued (RE: related document(s) 42 GENERIC MOTION filed by U.S. Real Estate Credit Holdings III-A, LP) Hearing to be held on 04/07/2021 at 10:00 AM 255 E. Temple St. Courtroom 1539 Los Angeles, CA 90012 for 42 , (Jackson, Wendy Ann) (Entered: 03/11/2021) |
| 03/11/2021 | 117 (6 pgs) | Notice of lodgment *of Order Re Motion Of U.S. Real Estate Credit Holdings III-A, LP To Excuse State Court Receiver, Edwin W. Leslie, From Turnover Of Assets Under 11 U.S.C. § 543 (With Proof of Service)* Filed by Interested Party Edwin W. Leslie, Receiver (RE: related document(s) 42 Motion *to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Tippie, Alan) (Entered: 03/11/2021) |
| 03/11/2021 | 118 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s) 106 Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 03/11/2021. (Admin.) (Entered: 03/11/2021) |
| 03/12/2021 | 119 (6 pgs) | Notice of lodgment *of Order Granting Motion For The Appointment Of A Chapter 11 Trustee Pursuant To 11 U.S.C. § 1104(A); And Directing And Authorizing United States Trustee To Appoint A Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s) 16 Motion to Appoint Trustee *Motion for the Appointment of a Chapter 11 Trustee* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Rivas, Christopher) (Entered: 03/12/2021) |
| 03/12/2021 | 120 (2 pgs) | Order Granting Motion for the Appointment of a Chapter 11 Trustee pursuant to 11 USC Section 1104(a); and Directing and Authorizing the U.S. Trustee to Appoint a Chapter 11 Trustee. (BNC-PDF) Signed on 3/12/2021. (Jackson, Wendy Ann) (Entered: 03/12/2021) |
| 03/12/2021 | 121 (2 pgs) | Order re: Motion of US Real Estate Credit Holdings III-A, LP to excuse State Court Receiver, Edwin W. Leslie, from turnover of assets under 11 USC Section 543; (BNC-PDF); ORDERED that the hearing is continued to APRIL 7, 2021 @ 10AM; SEE ORDER FOR FURTHER DETAILS; (Related Doc # 42 ) Signed on 3/12/2021 (Jackson, Wendy Ann) (Entered: 03/12/2021) |
| 03/14/2021 | 122 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s) 120 Order on Motion to Appoint Trustee (BNC-PDF)) No. of Notices: 1. Notice Date 03/14/2021. (Admin.) (Entered: 03/14/2021) |
| 03/14/2021 | 123 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s) 121 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 03/14/2021. (Admin.) (Entered: 03/14/2021) |
| 03/18/2021 | 124 (4 pgs; 2 docs) | Notice of Appointment of Trustee . Richard A Marshack (TR) added to the case. Filed by U.S. Trustee United States Trustee (LA). (Attachments: |

| | | |
|---|---|---|
| | | # 1 Proof of Service)(Escobar, Eryk) (Entered: 03/18/2021) |
| 03/18/2021 | 125 (11 pgs) | Motion to Appoint Trustee *United States Trustee's Application for Order Approving Appointment of Chapter 11 Trustee and Fixing Bond* Filed by U.S. Trustee United States Trustee (LA) (Escobar, Eryk) (Entered: 03/18/2021) |
| 03/19/2021 | 126 (2 pgs) | Order Approving Appointment of Chapter 11 Trustee. (BNC-PDF); ORDERED that the appointment of Richard Marshack as Chapter 11 Trustee is approved; Signed on 3/19/2021. (Jackson, Wendy Ann) (Entered: 03/19/2021) |
| 03/19/2021 | 127 (3 pgs) | Notice of appointment and acceptance of trustee *with Proof of Service* Filed by Trustee Richard A Marshack (TR). (Marshack (TR), Richard) (Entered: 03/19/2021) |
| 03/19/2021 | 128 (1 pg) | Request for CD of Court Proceedings . Fee Amount $32, Filed by Trustee Richard A Marshack (TR). (Haes, Chad) (Entered: 03/19/2021) |
| 03/19/2021 | | Receipt of Request for CD of Court Proceedings (fee)(2:21-bk-11188-BB) [misc,cdrf] ( 32.00) Filing Fee. Receipt number 52630435. Fee amount 32.00. (re: Doc# 128) (U.S. Treasury) (Entered: 03/19/2021) |
| 03/21/2021 | 129 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)126 Order on Motion to Appoint Trustee (BNC-PDF)) No. of Notices: 1. Notice Date 03/21/2021. (Admin.) (Entered: 03/21/2021) |
| 03/22/2021 | 130 (1 pg) | Request for CD of Court Proceedings *(Amended) Audio Recording of Court Proceedings Order Form (to correct date of hearing); Re: 128*. Fee Amount $32, Filed by Trustee Richard A Marshack (TR). (Haes, Chad) (Entered: 03/22/2021) |
| 03/22/2021 | | Receipt of Request for CD of Court Proceedings (fee)(2:21-bk-11188-BB) [misc,cdrf] ( 32.00) Filing Fee. Receipt number 52634419. Fee amount 32.00. (re: Doc# 130) (U.S. Treasury) (Entered: 03/22/2021) |
| 03/23/2021 | 131 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by U.S. Trustee United States Trustee (LA). 341(a) Meeting Continued to 3/25/2021 at 09:15 AM at UST-LA2, TELEPHONIC MEETING. CONFERENCE LINE:1-866-816-0394, PARTICIPANT CODE:5282999. (Escobar, Eryk) (Entered: 03/23/2021) |
| 03/23/2021 | 132 (21 pgs) | Monthly Operating Report. Operating Report Number: 1. For the Month Ending February 28, 2021 Filed by Debtor Glenroy Coachella, LLC. (Lindsey, Crystle) (Entered: 03/23/2021) |
| 03/24/2021 | 133 (9 pgs) | Stipulation By Richard A Marshack (TR) and *Debtor, U.S. Real Estate Credit Holdings III-A, LP, Edwin W. Leslie, Gary Stiffelman, Elliot Lander and Abraham Stuart Rubin to Continue Hearing on Motion to Excuse State Court Receiver, Edwin Leslie, from Turnover of Assets Under 11 U.S.C. Section 543; with Proof of service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 03/24/2021) |
| 03/24/2021 | 134 (6 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)133 Stipulation By Richard A Marshack (TR) and *Debtor, U.S. Real Estate Credit Holdings III-A, LP, Edwin W. Leslie,* |

| | | |
|---|---|---|
| | | *Gary Stiffelman, Elliot Lander and Abraham Stuart Rubin to Continue Hearing on Motion to Excuse State Court Receiver, Edwin Leslie, from). (Haes, Chad) (Entered: 03/24/2021)* |
| 03/24/2021 | [135](#)<br>(29 pgs) | Status report *Chapter 11 Trustee's Initial Status Report; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[5](#) Order setting initial status conference in chapter 11 case (BNC-PDF)). (Marshack (TR), Richard). Related document(s) [1](#) Voluntary Petition (Chapter 11) filed by Debtor Glenroy Coachella, LLC. Modified on 3/25/2021 (Jackson, Wendy Ann). (Entered: 03/24/2021) |
| 03/25/2021 | [136](#)<br>(27 pgs) | Application to Employ Brinkman Law Group, PC as Counsel to the Official Committee of Unsecured Creditors Filed by Creditor Committee Committee of Unsecured Creditors (Brinkman, Daren) (Entered: 03/25/2021) |
| 03/25/2021 | [137](#)<br>(2 pgs) | Order Denying without prejudice Debtor's Emergency Motion for Retention of Chief Restructuring Officer; (BNC-PDF) (Related Doc # [108](#) ) Signed on 3/25/2021 (Jackson, Wendy Ann) (Entered: 03/25/2021) |
| 03/26/2021 | [138](#)<br>(2 pgs) | Order Approving Stipulation to continue hearing on Motion to Excuse State Court Receiver Edwin Leslie from turnover of assets under 11 USC Section 543; ORDERED that the hearing is continued to MAY 5, 2021 @ 10AM; (BNC-PDF) (Related Doc # [133](#) ) Signed on 3/26/2021 (Jackson, Wendy Ann) (Entered: 03/26/2021) |
| 03/26/2021 | | Hearing (Bk Motion) Continued (RE: related document(s) [42](#) GENERIC MOTION filed by U.S. Real Estate Credit Holdings III-A, LP) Hearing to be held on 05/05/2021 at 10:00 AM 255 E. Temple St. Courtroom 1539 Los Angeles, CA 90012 for [42](#) , (Jackson, Wendy Ann) (Entered: 03/26/2021) |
| 03/26/2021 | [139](#)<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Mang, Tinho. (Mang, Tinho) (Entered: 03/26/2021) |
| 03/27/2021 | [140](#)<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[137](#) Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 03/27/2021. (Admin.) (Entered: 03/27/2021) |
| 03/28/2021 | [141](#)<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[138](#) ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 03/28/2021. (Admin.) (Entered: 03/28/2021) |
| 03/29/2021 | 142 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by Trustee Richard A Marshack (TR). 341(a) Meeting Continued to 4/19/2021 at 09:15 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Marshack (TR), Richard) (Entered: 03/29/2021) |
| 03/29/2021 | [143](#)<br>(3 pgs) | Notice *with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s) 142 Continuance of Meeting of Creditors (Rule 2003(e)) Filed by Trustee Richard A Marshack (TR). 341(a) Meeting Continued to 4/19/2021 at 09:15 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Marshack (TR), Richard)). (Marshack (TR), Richard) (Entered: 03/29/2021) |

EXHIBIT 1, PAGE 28

| | | |
|---|---|---|
| 03/29/2021 | 144 | Notice to Filer of Error and/or Deficient Document **Incorrect docket event was used to file this document. The correct docket event is: Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)); THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT USING THE CORRECT DOCKET EVENT.** (RE: related document(s)143 Notice filed by Trustee Richard A Marshack (TR)) (Jackson, Wendy Ann) (Entered: 03/29/2021) |
| 03/30/2021 | 145 (3 pgs) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a) Filed by Trustee Richard A Marshack (TR) (RE: related document(s) 142 Continuance of Meeting of Creditors (Rule 2003(e)) (by Trustee/US Trustee - No PDF)). (Marshack (TR), Richard) (Entered: 03/30/2021) |
| 03/31/2021 | 146 (26 pgs) | Application to Employ Grobstein Teeple, LLP as Accountants *Notice Of Application And Application Of Chapter 11 Trustee, Richard A. Marshack, For Authorization To Employ Grobstein Teeple LLP As Accountants Effective March 17, 2021; Statement Of Disinterestedness In Support Thereof With Proof Of Service* Filed by Accountant Grobstein Teeple, LLP. (Grobstein, Howard) (Entered: 03/31/2021) |
| 04/06/2021 | 147 (2 pgs) | Notice of Appearance and Request for Notice *and Service of Papers* by Jonathan R Doolittle Filed by Creditors Laserscopic Spinal Centers of America, Inc., Laserscopic Medical Clinic, LLC, Laserscopic Spine Centers Of America, Inc., Joe Samuel Bailey. (Doolittle, Jonathan) (Entered: 04/06/2021) |
| 04/06/2021 | 148 (29 pgs) | Application to Employ Marshack Hays LLP as General Counsel *; and Declaration of Chad V. Haes in support; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 04/06/2021) |
| 04/06/2021 | 149 (8 pgs) | Notice of motion/application Filed by Trustee Richard A Marshack (TR) (RE: related document(s)148 Application to Employ Marshack Hays LLP as General Counsel *; and Declaration of Chad V. Haes in support; with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Haes, Chad) (Entered: 04/06/2021) |
| 04/07/2021 | 150 | Hearing Held (Bk Other) (RE: related document(s) 1 Voluntary Petition (Chapter 11)); RULING - S/C CONT'D. TO 5/5/21 @ 10AM TO COINCIDE WITH OTHER MATTERS ON CALENDAR; (Jackson, Wendy Ann) (Entered: 04/07/2021) |
| 04/09/2021 | 151 (2 pgs) | Document Re: Bond of Trustee Richard A Marshack of Irvine, CA, as Principal, and Liberty Mutual Insurance Company, as Surety, are held and firmly bound to the United States of American in the sum of $50,000.00. (Pennington-Jones, Patricia) (Entered: 04/09/2021) |
| 04/13/2021 | 152 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Miller, Stacey. (Miller, Stacey) (Entered: 04/13/2021) |
| 04/14/2021 | 153 (31 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) Filed by Creditor Committee Committee of Unsecured Creditors (RE: related document(s)136 Application to Employ Brinkman Law Group, PC as Counsel to the Official Committee of Unsecured Creditors ). (Brinkman, Daren) (Entered: 04/14/2021) |

| 04/16/2021 | 154<br>(6 pgs) | Notice *Of Appearance and Request for Notices, with Proof of Service* Filed by Interested Party Stuart Rubin. (Smith, Evan) (Entered: 04/16/2021) |
| --- | --- | --- |
| 04/19/2021 | 155 | Notice to Filer of Error and/or Deficient Document **Incorrect docket event was used to file this document. The correct docket event is: Notice of Appearance and Request for Notice; THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT USING THE CORRECT DOCKET EVENT.** (RE: related document(s)154 Notice filed by Interested Party Stuart Rubin) (Jackson, Wendy Ann) (Entered: 04/19/2021) |
| 04/19/2021 | 156<br>(3 pgs) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Richard A Marshack (TR) (RE: related document(s) 142 Continuance of Meeting of Creditors (Rule 2003(e)) (by Trustee/US Trustee - No PDF)). (Marshack (TR), Richard) (Entered: 04/19/2021) |
| 04/19/2021 | 157<br>(3 pgs) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Richard A Marshack (TR) (RE: related document(s) 142 Continuance of Meeting of Creditors (Rule 2003(e)) (by Trustee/US Trustee - No PDF)). (Marshack (TR), Richard) (Entered: 04/19/2021) |
| 04/19/2021 | 158<br>(6 pgs) | Notice of Appearance and Request for Notice *with Proof of Service.* by Evan L Smith Filed by Interested Party Stuart Rubin. (Smith, Evan) (Entered: 04/19/2021) |
| 04/21/2021 | 159<br>(8 pgs) | Status Report for Chapter 11 Status Conference *with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)5 Order setting initial status conference in chapter 11 case (BNC-PDF)). (Marshack (TR), Richard) (Entered: 04/21/2021) |
| 04/22/2021 | 160<br>(8 pgs) | Opposition to (related document(s): 42 Motion *to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) *Chapter 11 Trustee's Response to Motion to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Declaration of Chad V. Haes* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 04/22/2021) |
| 04/22/2021 | 161<br>(1 pg) | Request for special notice Filed by Creditors Tandem West Glass, Inc., Temalpakh, Inc. dba The Works Floor & Wall, Mascorro Concrete Construction, Inc., Jacobsson Engineering Construction, Inc., Apple J. Plumbing, Desert Palm Electric, Inc., Al Miller & Sons Roofing Co., Inc.. (Polis, Thomas) (Entered: 04/22/2021) |
| 04/26/2021 | 162<br>(10 pgs) | Reply to (related document(s): 159 Status Report for Chapter 11 Status Conference filed by Trustee Richard A Marshack (TR), 160 Opposition filed by Trustee Richard A Marshack (TR)) Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 04/26/2021) |
| 04/28/2021 | 163<br>(30 pgs) | Declaration re: *DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION* Filed by Accountant Grobstein Teeple, LLP (RE: related document(s)146 Application to Employ Grobstein Teeple, |

| | | |
|---|---|---|
| | | LLP as Accountants *Notice Of Application And Application Of Chapter 11 Trustee, Richard A. Marshack, For Authorization To Employ Grobstein Teeple LLP As Accountants Effective March 17, 2021; Statement Of Disinterestedness In Support Thereof With Proof Of Service* Filed by Accountant Grobstein Teeple, LLP.). (Grobstein, Howard) (Entered: 04/28/2021) |
| 04/28/2021 | [164](#) (2 pgs) | Order Granting Application to Employ Grobstein Teeple LLP as Accountants effective March 17, 2021; (BNC-PDF) (Related Doc # [146](#)) Signed on 4/28/2021. (Jackson, Wendy Ann) (Entered: 04/28/2021) |
| 04/28/2021 | [165](#) (23 pgs) | Reply to (related document(s): [42](#) Motion *to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, [160](#) Opposition filed by Trustee Richard A Marshack (TR) *Comments Of Edwin W. Leslie, Receiver, To Response Of Chapter 11 Trustee To Motion To Excuse State Court Receiver From Turnover Of Assets Under 11 U.S.C. § 543; Declaration Of Edwin W. Leslie (With Proof of Service)* Filed by Interested Party Edwin W. Leslie, Receiver (Tippie, Alan) (Entered: 04/28/2021) |
| 04/28/2021 | [166](#) (7 pgs; 2 docs) | Notice *of Perfection by Secured Creditor Al Miller & Sons Roofing Co., Inc.; with Proof of Service* Filed by Creditor Al Miller & Sons Roofing Co., Inc.. (Attachments: # [1](#) Exhibit A) (Polis, Thomas) (Entered: 04/28/2021) |
| 04/28/2021 | [167](#) (6 pgs; 2 docs) | Notice *of Perfection by Secured Creditor Apple J Plumbing; with Proof of Service* Filed by Creditor Apple J. Plumbing. (Attachments: # [1](#) Exhibit A) (Polis, Thomas) (Entered: 04/28/2021) |
| 04/28/2021 | [168](#) (6 pgs; 2 docs) | Notice *of Perfection by Secured Creditor Desert Palms Electric; with Proof of Service* Filed by Creditor Desert Palm Electric, Inc.. (Attachments: # [1](#) Exhibit A) (Polis, Thomas) (Entered: 04/28/2021) |
| 04/28/2021 | [169](#) (7 pgs; 2 docs) | Notice *of Perfection by Secured Creditor Jacobsson Engineering Construction; with Proof of Service* Filed by Creditor Jacobsson Engineering Construction, Inc.. (Attachments: # [1](#) Exhibit A) (Polis, Thomas) (Entered: 04/28/2021) |
| 04/28/2021 | [170](#) (6 pgs; 2 docs) | Notice *of Perfection by Secured Creditor Mascorro Concrete Construction; with Proof of Service* Filed by Creditor Mascorro Concrete Construction, Inc.. (Attachments: # [1](#) Exhibit A) (Polis, Thomas) (Entered: 04/28/2021) |
| 04/28/2021 | [171](#) (7 pgs; 2 docs) | Notice *of Perfection by Secured Creditor Tandem West Glass; with Proof of Service* Filed by Creditor Tandem West Glass, Inc.. (Attachments: # [1](#) Exhibit A) (Polis, Thomas) (Entered: 04/28/2021) |
| 04/28/2021 | [172](#) (5 pgs; 2 docs) | Notice *of Perfection by Secured Creditor Temalpakh, Inc.; with Proof of Service* Filed by Creditor Temalpakh, Inc. dba The Works Floor & Wall. (Attachments: # [1](#) Exhibit A) (Polis, Thomas) (Entered: 04/28/2021) |
| 04/29/2021 | [173](#) (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Pistone, Sheila. (Pistone, Sheila) (Entered: 04/29/2021) |
| 04/30/2021 | [174](#) | Declaration That No Party Requested a Hearing on Motion (LBR 9013- |

| | | |
|---|---|---|
| | (42 pgs) | 1(o)(3)) Filed by Trustee Richard A Marshack (TR) (RE: related document(s)148 Application to Employ Marshack Hays LLP as General Counsel *; and Declaration of Chad V. Haes in support; with Proof of Service*). (Haes, Chad) (Entered: 04/30/2021) |
| 04/30/2021 | 175 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)164 Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 04/30/2021. (Admin.) (Entered: 04/30/2021) |
| 05/03/2021 | 176 (3 pgs) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a) Filed by Trustee Richard A Marshack (TR) (RE: related document(s) 142 Continuance of Meeting of Creditors (Rule 2003(e)) (by Trustee/US Trustee - No PDF)). (Marshack (TR), Richard) (Entered: 05/03/2021) |
| 05/03/2021 | 177 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by Trustee Richard A Marshack (TR). 341(a) Meeting Continued to 5/20/2021 at 10:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Marshack (TR), Richard) (Entered: 05/03/2021) |
| 05/03/2021 | 178 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Hays, D. (Hays, D) (Entered: 05/03/2021) |
| 05/03/2021 | 179 (18 pgs) | Monthly Operating Report. Operating Report Number: 2. For the Month Ending 3/31/21 *with Proof of Service* Filed by Trustee Richard A Marshack (TR). (Marshack (TR), Richard) (Entered: 05/03/2021) |
| 05/04/2021 | 180 (76 pgs; 2 docs) | Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *Al Miller & Sons Roofing v. Doug Wall Construction et al; with Proof of Service*. Fee Amount $188, Filed by Creditor Al Miller & Sons Roofing Co., Inc. (Attachments: # 1 Exhibit A) (Polis, Thomas) (Entered: 05/04/2021) |
| 05/04/2021 | 181 (135 pgs; 2 docs) | Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *Tandem West Glass v. Doug Wall Construction, et al; with Proof of Service*. Fee Amount $188, Filed by Creditor Tandem West Glass, Inc. (Attachments: # 1 Exhibit A) (Polis, Thomas) (Entered: 05/04/2021) |
| 05/04/2021 | | Receipt of Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM( 2:21-bk-11188-BB) [motion,nman] ( 188.00) Filing Fee. Receipt number A52854286. Fee amount 188.00. (re: Doc# 180) (U.S. Treasury) (Entered: 05/04/2021) |
| 05/04/2021 | | Receipt of Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM( 2:21-bk-11188-BB) [motion,nman] ( 188.00) Filing Fee. Receipt number A52854286. Fee amount 188.00. (re: Doc# 181) (U.S. Treasury) (Entered: 05/04/2021) |
| 05/05/2021 | 182 (29 pgs) | Motion *Chapter 11 Trustee's Motion to (1) Extend the SARE Deadline Under Section 362(d)(3) or, in the Alternative, (2) Abandon the Estate's Interest in Certain Real Property; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support, with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 05/05/2021) |

| | | |
|---|---|---|
| 05/05/2021 | 183<br>(7 pgs) | Application shortening time *Application for Order Setting Hearing on Shortened Notice; Declaration of Chad V. Haes in Support of Application re: Chapter 11 Trustee's Motion to (1) Extend the SARE Deadline Under Section 362(d)(3) or, in the Alternative, (2) Abandon the Estate's Interest in Certain Real Property (Related to: [Dk. No. 182] Motion), with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad). Related document(s) 182 Motion *Chapter 11 Trustee's Motion to (1) Extend the SARE Deadline Under Section 362(d)(3) or, in the Alternative, (2) Abandon the Estate's Interest in Certain Real Property; Memorandum of Points and Authorities; Declaration of Richard A. M* filed by Trustee Richard A Marshack (TR). Modified on 5/5/2021 to relate the document to the motion. (Jackson, Wendy Ann). (Entered: 05/05/2021) |
| 05/05/2021 | 184 | Hearing Set (RE: related document(s)180 Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM filed by Creditor Al Miller & Sons Roofing Co., Inc.) The Hearing date is set for 5/25/2021 at 10:00 AM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond (Jackson, Wendy Ann) (Entered: 05/05/2021) |
| 05/05/2021 | 185 | Hearing Set (RE: related document(s)181 Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM filed by Creditor Tandem West Glass, Inc.) The Hearing date is set for 5/25/2021 at 10:00 AM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond (Jackson, Wendy Ann) (Entered: 05/05/2021) |
| 05/05/2021 | 186<br>(3 pgs) | Declaration re: *Stephen J. Armstrong's Holographic Signature* Filed by Creditor Al Miller & Sons Roofing Co., Inc. (RE: related document(s)180 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *Al Miller & Sons Roofing v. Doug Wall Construction et al; with Proof of Service*. Fee Amount $188,). (Polis, Thomas) (Entered: 05/05/2021) |
| 05/05/2021 | 187<br>(3 pgs) | Declaration re: *Stephen J. Armstrong's Holographic Signature* Filed by Creditor Tandem West Glass, Inc. (RE: related document(s)181 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *Tandem West Glass v. Doug Wall Construction, et al; with Proof of Service*. Fee Amount $188,). (Polis, Thomas) (Entered: 05/05/2021) |
| 05/05/2021 | 188<br>(4 pgs) | Order Granting Application and setting hearing on shortened notice re: Chapter 11 Trustee's Motion to (1) Extend the SARE Deadline Under Section 362(d)(3) or, in the Alternative, (2) Abandon the Estate's Interest in Certain Real Property; ORDERED that the hearing is set for: MAY 18, 2021 @ 10AM; (BNC-PDF) (Related Doc # 183 ) Signed on 5/5/2021 (Jackson, Wendy Ann) (Entered: 05/05/2021) |
| 05/05/2021 | 189 | Hearing Set (RE: related document(s)182 Generic Motion filed by Trustee Richard A Marshack (TR)) The Hearing date is set for 5/18/2021 at 10:00 AM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond (Jackson, Wendy Ann) (Entered: 05/05/2021) |
| 05/05/2021 | 190<br>(2 pgs) | Order Granting Application to Employ Marshack Hays LLP as General Counsel; (BNC-PDF) (Related Doc # 148) Signed on 5/5/2021. (Jackson, Wendy Ann) (Entered: 05/05/2021) |

EXHIBIT 1, PAGE 33

| | | |
|---|---|---|
| 05/05/2021 | 191 | Notice to Filer of Error and/or Deficient Document **Incorrect/incomplete/unreadable PDF was attached to the docket entry. All Documents filed with the Court must have a pleading coversheet with Debtor's Name, Case Number and Title of document. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE CORRECT PDF IMMEDIATELY.** (RE: related document(s)186 Declaration filed by Creditor Al Miller & Sons Roofing Co., Inc., 187 Declaration filed by Creditor Tandem West Glass, Inc.) (Jackson, Wendy Ann) (Entered: 05/05/2021) |
| 05/05/2021 | 192 (18 pgs) | Notice of Hearing Filed by Trustee Richard A Marshack (TR) (RE: related document(s)182 Motion *Chapter 11 Trustee's Motion to (1) Extend the SARE Deadline Under Section 362(d)(3) or, in the Alternative, (2) Abandon the Estate's Interest in Certain Real Property; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support, with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Haes, Chad) (Entered: 05/05/2021) |
| 05/05/2021 | 193 (13 pgs) | Notice of Hearing *Notice of Continued Status Conference; with Proof of Service* Filed by Trustee Richard A Marshack (TR). (Haes, Chad) (Entered: 05/05/2021) |
| 05/05/2021 | 194 (12 pgs) | Proof of service Filed by Trustee Richard A Marshack (TR) (RE: related document(s)182 Motion *Chapter 11 Trustee's Motion to (1) Extend the SARE Deadline Under Section 362(d)(3) or, in the Alternative, (2) Abandon the Estate's Interest in Certain Real Property; Memorandum of Points and Authorities; Declaration of Richard A. M). (Haes, Chad) (Entered: 05/05/2021)* |
| 05/05/2021 | 195 (6 pgs) | Declaration re: *Holographic Signature of Stephen J. Armstrong in Support of Movants Motion for Relief from the Automatic Stay (ECF No. 180); with Proof of Service* Filed by Creditor Al Miller & Sons Roofing Co., Inc. (RE: related document(s)180 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *Al Miller & Sons Roofing v. Doug Wall Construction et al; with Proof of Service.* Fee Amount $188,). (Polis, Thomas) (Entered: 05/05/2021) |
| 05/05/2021 | 196 (6 pgs) | Declaration re: *Holographic Signature of Stephen J. Armstrong in Support of Movants Motion for Relief from the Automatic Stay (ECF No. 181); with Proof of Service* Filed by Creditor Tandem West Glass, Inc. (RE: related document(s)181 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *Tandem West Glass v. Doug Wall Construction, et al; with Proof of Service.* Fee Amount $188,). (Polis, Thomas) (Entered: 05/05/2021) |
| 05/06/2021 | 197 (6 pgs) | Declaration re: *Declaration Regarding Service and Notice of Hearing re: apter 11 Trustee's Motion to (1) Extend the SARE Deadline Under Section 362(d)(3) or, in the Alternative, (2) Abandon the Estate's Interest in Certain Real Property* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)182 Motion *Chapter 11 Trustee's Motion to (1) Extend the SARE Deadline Under Section 362(d)(3) or, in the Alternative, (2) Abandon the Estate's Interest in Certain Real Property; Memorandum of Points and Authorities; Declaration of Richard A. M). (Haes, Chad) (Entered: 05/06/2021)* |

EXHIBIT 1, PAGE 34

CM/ECF - U.S. Bankruptcy Court (NG 1.6.4 - LIVE)

| | | |
|---|---|---|
| 05/06/2021 | | An Order is to be lodged by Committee of Unsecured Creditors (RE: related document(s)136 Application to Employ filed by Creditor Committee Committee of Unsecured Creditors) Order due by 5/7/2021. (Jackson, Wendy Ann) (Entered: 05/06/2021) |
| 05/06/2021 | 198 (43 pgs) | Motion *Motion for Order to Limit Notice Pursuant to Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure; Memorandum of Points and Authorities; Declaration of Chad V. Haes in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 05/06/2021) |
| 05/06/2021 | 199 (14 pgs) | Notice of motion/application Filed by Trustee Richard A Marshack (TR) (RE: related document(s)198 Motion *Motion for Order to Limit Notice Pursuant to Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure; Memorandum of Points and Authorities; Declaration of Chad V. Haes in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Haes, Chad) (Entered: 05/06/2021) |
| 05/06/2021 | 200 | Hearing Held (Bk Motion) (RE: related document(s) 42 Generic Motion); RULING - ORDER TO FOLLOW FROM MR. HAYES; CONT'D. TO 7/7/21 @ 10AM; (Jackson, Wendy Ann) (Entered: 05/06/2021) |
| 05/06/2021 | 201 | Hearing Continued (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Glenroy Coachella, LLC); RULING- Status Report waived; Status hearing to be held on 7/7/2021 at 10:00 AM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond (Jackson, Wendy Ann) (Entered: 05/06/2021) |
| 05/07/2021 | 202 (2 pgs) | Order Granting Application of the Official Committee of Unsecured Creditors to Employ Brinkman Law Group, PC as Counsel; (BNC-PDF) (Related Doc # 136) Signed on 5/7/2021. (Jackson, Wendy Ann) (Entered: 05/07/2021) |
| 05/07/2021 | 203 (5 pgs) | Supplemental *Movant Al Miller & Sons Roofings Supplemental Points and Authorities Re: Motion for Relief from the Automatic Stay (ECF NO. 180); with Proof of Service* Filed by Creditor Al Miller & Sons Roofing Co., Inc.. (Polis, Thomas). Related document(s) 180 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *Al Miller & Sons Roofing v. Doug Wall Construction et al; with Proof of Service.* Fee Amount $188, filed by Creditor Al Miller & Sons Roofing Co., Inc.. Modified on 5/7/2021 to relate the document to the motion; (Jackson, Wendy Ann). (Entered: 05/07/2021) |
| 05/07/2021 | 204 (5 pgs) | Supplemental *Movant Tandem West Glass Supplemental Points and Authorities Re: Motion for Relief from the Automatic Stay (ECF NO. 181); with Proof of Service* Filed by Creditor Tandem West Glass, Inc.. (Polis, Thomas). Related document(s) 181 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *Tandem West Glass v. Doug Wall Construction, et al; with Proof of Service.* Fee Amount $188, filed by Creditor Tandem West Glass, Inc.. Modified on 5/7/2021 to relate the document to the motion; (Jackson, Wendy Ann). (Entered: 05/07/2021) |
| 05/07/2021 | 205 (11 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)42 Motion *to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543;* |

| | | |
|---|---|---|
| | | *Memorandum of Points and Authorities* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Hays, D) (Entered: 05/07/2021) |
| 05/07/2021 | [206](#)<br>(7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[188](#) ORDER shortening time (BNC-PDF)) No. of Notices: 1. Notice Date 05/07/2021. (Admin.) (Entered: 05/07/2021) |
| 05/07/2021 | [207](#)<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[190](#) Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 05/07/2021. (Admin.) (Entered: 05/07/2021) |
| 05/09/2021 | [208](#)<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[202](#) Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 05/09/2021. (Admin.) (Entered: 05/09/2021) |
| 05/11/2021 | [209](#)<br>(25 pgs) | Response to motion for order to terminate, annul, modify or condition the automatic stay and declaration(s) in support (related document(s): [180](#) Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *Al Miller & Sons Roofing v. Doug Wall Construction et al; with Proof of Service*. Fee Amount $188, filed by Creditor Al Miller & Sons Roofing Co., Inc., [181](#) Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *Tandem West Glass v. Doug Wall Construction, et al; with Proof of Service*. Fee Amount $188, filed by Creditor Tandem West Glass, Inc.) *Omnibus Response To Motions For Relief From The Automatic Stay* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 05/11/2021) |
| 05/11/2021 | [210](#)<br>(18 pgs) | Monthly Operating Report. Operating Report Number: 3. For the Month Ending 4/30/21 *with proof of service;* Filed by Trustee Richard A Marshack (TR). (Marshack (TR), Richard) (Entered: 05/11/2021) |
| 05/11/2021 | [211](#)<br>(11 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[42](#) Motion *to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Hays, D) (Entered: 05/11/2021) |
| 05/11/2021 | [212](#)<br>(5 pgs) | Stipulation By Richard A Marshack (TR) and *Al Miller & Sons Roofing, Inc. to Continue Hearing on Motion for Relief from Automatic Stay Under 11 U.S.C. Section 362 Filed By Al Miller & Sons Roofing, Inc., with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 05/11/2021) |
| 05/11/2021 | [213](#)<br>(6 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[212](#) Stipulation By Richard A Marshack (TR) and *Al Miller & Sons Roofing, Inc. to Continue Hearing on Motion for Relief from Automatic Stay Under 11 U.S.C. Section 362 Filed By Al Miller & Sons Roofing, Inc., with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Haes, Chad) (Entered: 05/11/2021) |
| 05/11/2021 | [214](#)<br>(5 pgs) | Stipulation By Richard A Marshack (TR) and *Tandem West Glass Inc. to Continue Hearing on Motion for Relief from the Automatic Stay Under 11 U.S.C. Section 362 Filed by Tandem West Glass, Inc.; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 05/11/2021) |

EXHIBIT 1, PAGE 36

| | | |
|---|---|---|
| 05/11/2021 | [215](#)<br>(6 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)214 Stipulation By Richard A Marshack (TR) and *Tandem West Glass Inc. to Continue Hearing on Motion for Relief from the Automatic Stay Under 11 U.S.C. Section 362 Filed by Tandem West Glass, Inc.; with Proof of Service*). (Haes, Chad) (Entered: 05/11/2021) |
| 05/12/2021 | [216](#)<br>(8 pgs) | Order Granting to excuse State Court Receiver, Edwin Leslie, form turnover of assets under 11 U.S.C. §543. Hearing is being continued from May 5, 2021 at 10am to July 7, 2021 at 10am (BNC-PDF) (Related Doc # [42](#) ) Signed on 5/12/2021 (Lewis, Litaun) (Entered: 05/12/2021) |
| 05/12/2021 | [217](#)<br>(2 pgs) | Order appoving stipulation to continue hearing on motion for relief from the automatic stay under 11 U.S.C. §362 filed by Al Miller & Sons Roofing, Inc from May 25, 2021 at 10am to June 8, 2021 at 10am (BNC-PDF) (Related Doc # [212](#) ) Signed on 5/12/2021 (Lewis, Litaun) (Entered: 05/12/2021) |
| 05/12/2021 | | Hearing (Bk Motion) Continued (RE: related document(s) [180](#) MOTION FOR RELIEF FROM STAY - ACTION IN NON-BANKRUPTCY FORUM filed by Al Miller & Sons Roofing Co., Inc.) Hearing to be held on 06/08/2021 at 10:00 AM 255 E. Temple St. Courtroom 1539 Los Angeles, CA 90012 for [180](#) , (Lewis, Litaun) (Entered: 05/12/2021) |
| 05/13/2021 | [218](#)<br>(2 pgs) | Order approving stipulation to continue hearing on motion for relief from the automatic stay under 11 U.S.C. §362 filed by Tandem West Glass, Inc from May 25, 2021 at 10am to June 8, 2021 at 10am (BNC-PDF) (Related Doc # [214](#) ) Signed on 5/13/2021 (Lewis, Litaun) (Entered: 05/13/2021) |
| 05/13/2021 | | Hearing (Bk Motion) Continued (RE: related document(s) [181](#) MOTION FOR RELIEF FROM STAY - ACTION IN NON-BANKRUPTCY FORUM filed by Tandem West Glass, Inc.) Hearing to be held on 06/08/2021 at 10:00 AM 255 E. Temple St. Courtroom 1539 Los Angeles, CA 90012 for [181](#) , (Lewis, Litaun) (Entered: 05/13/2021) |
| 05/14/2021 | [219](#)<br>(5 pgs) | Stipulation By U.S. Real Estate Credit Holdings III-A, LP and *Stipulation To Continue Deadlines And Hearing With Respect To Single Asset Real Estate And Abandonment Motion* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 05/14/2021) |
| 05/14/2021 | [220](#)<br>(6 pgs) | Notice of lodgment *of Order In Bankruptcy Case Re: Order Granting Stipulation To Continue Deadlines And Hearing With Respect To Single Asset Real Estate And Abandonment Motion* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)180 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *Al Miller & Sons Roofing v. Doug Wall Construction et al; with Proof of Service*. Fee Amount $188, Filed by Creditor Al Miller & Sons Roofing Co., Inc. (Attachments: # 1 Exhibit A), [181](#) Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *Tandem West Glass v. Doug Wall Construction, et al; with Proof of Service*. Fee Amount $188, Filed by Creditor Tandem West Glass, Inc. (Attachments: # 1 Exhibit A), [219](#) Stipulation By U.S. Real Estate Credit Holdings III-A, LP and *Stipulation To Continue Deadlines And Hearing With Respect To Single Asset Real Estate And Abandonment Motion* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Rivas, Christopher) (Entered: 05/14/2021) |

| 05/14/2021 | 221<br>(32 pgs; 2 docs) | Notice of motion and motion for relief from the automatic stay with supporting declarations PERSONAL PROPERTY RE: 2019 Bentley Bentayga . Fee Amount $188, Filed by Creditors Porsche Financial Services, Inc.dba Bentley Financial Services, Porsche Leasing Ltd. (Attachments: # 1 Exhibit 1 - 4) (Miller, Stacey) (Entered: 05/14/2021) |
| --- | --- | --- |
| 05/14/2021 | | Receipt of Motion for Relief from Stay - Personal Property( 2:21-bk-11188-BB) [motion,nmpp] ( 188.00) Filing Fee. Receipt number A52930530. Fee amount 188.00. (re: Doc# 221) (U.S. Treasury) (Entered: 05/14/2021) |
| 05/14/2021 | 222<br>(2 pgs) | Order granting stipulation to continue deadlines and hearing to May 26, 2021 at 10:00 am with respect to single asset real estate and abandonment motion for relief from automatic stay ACTION IN NON-BANKRUPTCY FORUM (BNC-PDF) (Related Doc # 181 ) Signed on 5/14/2021 (Lewis, Litaun) (Entered: 05/14/2021) |
| 05/14/2021 | | Hearing (Bk Motion) Continued (RE: related document(s) 182 GENERIC MOTION filed by Richard A Marshack (TR)) Hearing to be held on 05/26/2021 at 10:00 AM 255 E. Temple St. Courtroom 1539 Los Angeles, CA 90012 for 182 , (Lewis, Litaun) (Entered: 05/14/2021) |
| 05/14/2021 | 223 | Hearing Set (RE: related document(s)221 Motion for Relief from Stay - Personal Property filed by Creditor Porsche Leasing Ltd., Creditor Porsche Financial Services, Inc.dba Bentley Financial Services) The Hearing date is set for 6/8/2021 at 10:00 AM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond (Lewis, Litaun) (Entered: 05/14/2021) |
| 05/14/2021 | 224 | Request for Removal from Courtesy Notice of Electronic Filing (NEF) Filed by Pham, Matthew. (Pham, Matthew) (Entered: 05/14/2021) |
| 05/14/2021 | 225<br>(1 pg) | Request for Removal from Courtesy Notice of Electronic Filing (NEF) Filed by Rallis, Dean. (Rallis, Dean) (Entered: 05/14/2021) |
| 05/14/2021 | 226<br>(11 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)216 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 05/14/2021. (Admin.) (Entered: 05/14/2021) |
| 05/14/2021 | 227<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)217 Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 1. Notice Date 05/14/2021. (Admin.) (Entered: 05/14/2021) |
| 05/15/2021 | 228<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)218 Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 1. Notice Date 05/15/2021. (Admin.) (Entered: 05/15/2021) |
| 05/16/2021 | 229<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)222 Motion for relief from automatic stay ACTION IN NON-BANKRUPTCY FORUM (BNC-PDF)) No. of Notices: 1. Notice Date 05/16/2021. (Admin.) (Entered: 05/16/2021) |
| 05/17/2021 | 230 | Notice to Filer of Error and/or Deficient Document<br>**Incorrect/incomplete/unreadable PDF was attached to the docket entry. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE CORRECT PDF IMMEDIATELY - All PDF files must be flattened before filing through CM/ECF - Court** |

| | | |
|---|---|---|
| | | **Manual Section 3.5(k).** (RE: related document(s)224 Request for Removal from Courtesy Notice of Electronic Filing (NEF) filed by Interested Party Courtesy NEF) (Milano, Sonny) (Entered: 05/17/2021) |
| 05/20/2021 | 231 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Pagter, R. (Pagter, R) (Entered: 05/20/2021) |
| 05/24/2021 | 232 (6 pgs) | Notice of Appearance and Request for Notice *with Proof of service* by Evan L Smith Filed by Interested Party Elliot Lander. (Smith, Evan) (Entered: 05/24/2021) |
| 05/24/2021 | 233 (83 pgs) | Opposition to (related document(s): 182 Motion *Chapter 11 Trustee's Motion to (1) Extend the SARE Deadline Under Section 362(d)(3) or, in the Alternative, (2) Abandon the Estate's Interest in Certain Real Property; Memorandum of Points and Authorities; Declaration of Richard A. M filed by Trustee Richard A Marshack (TR)) Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Houston, Marsha) (Entered: 05/24/2021)* |
| 05/24/2021 | 234 (33 pgs) | Response to (related document(s): 182 Motion *Chapter 11 Trustee's Motion to (1) Extend the SARE Deadline Under Section 362(d)(3) or, in the Alternative, (2) Abandon the Estate's Interest in Certain Real Property; Memorandum of Points and Authorities; Declaration of Richard A. M filed by Trustee Richard A Marshack (TR)) and Declaration of Evan L. Smith, with Proof of Service Filed by Interested Parties Elliot Lander, Stuart Rubin (Smith, Evan) (Entered: 05/24/2021)* |
| 05/25/2021 | 235 (5 pgs) | Stipulation By U.S. Real Estate Credit Holdings III-A, LP and *Stipulation To Continue Deadlines And Hearing With Respect To Single Asset Real Estate And Abandonment Motion* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 05/25/2021) |
| 05/25/2021 | 236 (6 pgs) | Notice of lodgment *Notice Of Lodgment Of Order In Bankruptcy Case Re: Stipulation To Continue Deadlines And Hearing With Respect To Single Asset Real Estate And Abandonment Motion* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)182 Motion *Chapter 11 Trustee's Motion to (1) Extend the SARE Deadline Under Section 362(d)(3) or, in the Alternative, (2) Abandon the Estate's Interest in Certain Real Property; Memorandum of Points and Authorities; Declaration of Richard A. M, 235 Stipulation By U.S. Real Estate Credit Holdings III-A, LP and Stipulation To Continue Deadlines And Hearing With Respect To Single Asset Real Estate And Abandonment Motion). (Rivas, Christopher) (Entered: 05/25/2021)* |
| 05/25/2021 | 237 (2 pgs) | Order Granting Stipulation to continue deadlines and hearing with respect to Single Asset Real Estate and Abandonment Motion; ORDERED that the SARE deadline is extended to 6/11/21; opposition to the SARE motion is 6/7/21; hearing date is continued to JUNE 9, 2021 @ 11AM; (BNC-PDF) (Related Doc # 235 ) Signed on 5/25/2021 (Jackson, Wendy Ann) (Entered: 05/25/2021) |
| 05/27/2021 | 238 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)237 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 05/27/2021. (Admin.) (Entered: 05/27/2021) |
| 05/28/2021 | 239 (62 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) Filed by Trustee Richard A Marshack (TR) (RE: related |

EXHIBIT 1, PAGE 39

|  |  |  |
|---|---|---|
|  |  | document(s)198 Motion *Motion for Order to Limit Notice Pursuant to Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure; Memorandum of Points and Authorities; Declaration of Chad V. Haes in Support; with Proof of Service).* (Haes, Chad) (Entered: 05/28/2021) |
| 05/28/2021 | 240 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by Trustee Richard A Marshack (TR). 341(a) Meeting Continued to 6/4/2021 at 10:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Marshack (TR), Richard) (Entered: 05/28/2021) |
| 05/28/2021 | 241 (2 pgs) | Order Granting Motion for Order to Limit Notice pursuant to Rules 2002 and 9007 of the F.R.B.P. (BNC-PDF) (Related Doc # 198 ) Signed on 5/28/2021 (Jackson, Wendy Ann) (Entered: 05/28/2021) |
| 05/30/2021 | 242 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)241 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 05/30/2021. (Admin.) (Entered: 05/30/2021) |
| 06/01/2021 | 243 (1 pg) | Notice of Change of Address Re: Art of the Muse, LLC Filed by Creditor/Owner Bradley Huntzinger . (Pennington-Jones, Patricia) (Entered: 06/02/2021) |
| 06/02/2021 | 244 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by Trustee Richard A Marshack (TR). 341(a) Meeting Continued to 6/25/2021 at 10:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Marshack (TR), Richard) (Entered: 06/02/2021) |
| 06/02/2021 | 245 (5 pgs) | Stipulation By Richard A Marshack (TR) and *Al Miller & Sons Roofing, Inc. to Continue Hearing on Motion for Relief from the Automatic Stay Under 11 U.S.C. Section 362 filed by Al Miller & Sons Roofing, Inc. ; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 06/02/2021) |
| 06/02/2021 | 246 (6 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)245 Stipulation By Richard A Marshack (TR) and *Al Miller & Sons Roofing, Inc. to Continue Hearing on Motion for Relief from the Automatic Stay Under 11 U.S.C. Section 362 filed by Al Miller & Sons Roofing, Inc. ; with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Haes, Chad) (Entered: 06/02/2021) |
| 06/02/2021 | 247 (5 pgs) | Stipulation By Richard A Marshack (TR) and *Tandem West Glass, Inc. to Continue Hearing on Motion for Relief from the Automatic stay Under 11 U.S.C. Section 362 filed by Tandem West Glass, Inc.; with proof of service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 06/02/2021) |
| 06/02/2021 | 248 (6 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)247 Stipulation By Richard A Marshack (TR) and *Tandem West Glass, Inc. to Continue Hearing on Motion for Relief from the Automatic stay Under 11 U.S.C. Section 362 filed by Tandem West Glass, Inc.; with proof of service*). (Haes, Chad) (Entered: 06/02/2021) |
| 06/03/2021 | 249 (2 pgs) | Order Approving Stipulation to continue hearing on Motion for Relief from the automatic stay under 11 USC Section 362 filed by Tandem West Glass, Inc. (BNC-PDF); ORDERED that the hearing is continued to JUNE |

|  |  |  |
|---|---|---|
|  |  | 29, 2021 @ 10AM; the SARE deadline is extended to 6/30/21; (Related Doc # 247 ) Signed on 6/3/2021 (Jackson, Wendy Ann) (Entered: 06/03/2021) |
| 06/03/2021 | 250 (2 pgs) | Order Approving Stipulation to continue hearing on Motion for Relief from the automatic stay under 11 USC Section 362 filed by AL Miller & Sons Roofing, Inc. (BNC-PDF); ORDERED that the hearing is continued to JUNE 29, 2021 @ 10AM; the SARE deadline is extended to 6/30/21 (Related Doc # 245 ) Signed on 6/3/2021 (Jackson, Wendy Ann) (Entered: 06/03/2021) |
| 06/05/2021 | 251 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)249 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 06/05/2021. (Admin.) (Entered: 06/05/2021) |
| 06/05/2021 | 252 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)250 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 06/05/2021. (Admin.) (Entered: 06/05/2021) |
| 06/08/2021 | 253 (3 pgs) | Order Granting Motion for relief from the automatic stay PERSONAL PROPERTY (BNC-PDF) (Related Doc # 221 ) Signed on 6/8/2021 (Jackson, Wendy Ann) (Entered: 06/08/2021) |
| 06/08/2021 | 254 (6 pgs) | Stipulation By U.S. Real Estate Credit Holdings III-A, LP and *Stipulation to Continue Deadlines and Hearing With Respect to Single Asset Real Estate and Abandonment Motion* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 06/08/2021) |
| 06/08/2021 | 255 (6 pgs) | Notice of lodgment *Notice of Lodgment of Order Granting Stipulation To Continue Deadlines And Hearing With Respect To Single Asset Real Estate And Abandonment Motion* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)254 Stipulation By U.S. Real Estate Credit Holdings III-A, LP and *Stipulation to Continue Deadlines and Hearing With Respect to Single Asset Real Estate and Abandonment Motion* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Rivas, Christopher) (Entered: 06/08/2021) |
| 06/08/2021 | 256 | Hearing Held re: order to show cause re: Appointment of Chapter 11 Trustee 189 ; RULING- GRANTED; TENTATIVE IS THE RULING; ORDER TO FOLLOW FROM US TRUSTEE; (Jackson, Wendy Ann) ENTERED DUE TO CLERICAL ERROR; THIS HEARING RESULT BELONGS TO CASE NO. 21-10826BB; Modified on 6/8/2021 (Jackson, Wendy Ann). (Entered: 06/08/2021) |
| 06/08/2021 | 257 (2 pgs) | Order Approving Stipulation to continue deadlines and hearings with respect to Single Asset Real Estate and abandonment motion; ORDERED that the SARE deadline is continued to 6/18/21; deadline to oppose the SARE motion is 6/14/21; hearing is continued to JUNE 16, 2021 @ 10am; SEE ORDER FOR FURTHER DETAILS; (BNC-PDF) (Related Doc # 254 ) Signed on 6/8/2021 (Jackson, Wendy Ann) (Entered: 06/08/2021) |
| 06/10/2021 | 258 (6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)253 Motion for relief from the automatic stay PERSONAL PROPERTY (BNC-PDF)) No. of Notices: 1. Notice Date 06/10/2021. (Admin.) (Entered: 06/10/2021) |
| 06/11/2021 | 259 | BNC Certificate of Notice - PDF Document. (RE: related document(s)257 |

| | | |
|---|---|---|
| | (5 pgs) | Order on Generic Motion (BNC-PDF) No. of Notices: 1. Notice Date 06/11/2021. (Admin.) (Entered: 06/11/2021) |
| 06/15/2021 | 260 (7 pgs) | Stipulation By U.S. Real Estate Credit Holdings III-A, LP and *Stipulation To Continue Deadlines And Hearing With Respect To Single Asset Real Estate And Abandonment Motion* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 06/15/2021) |
| 06/15/2021 | 261 (6 pgs) | Notice of lodgment *Of Order In Bankruptcy Case Re: Order Granting Stipulation To Continue Deadlines And Hearing With Respect To Single Asset Real Estate And Abandonment Motion* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)260 Stipulation By U.S. Real Estate Credit Holdings III-A, LP and *Stipulation To Continue Deadlines And Hearing With Respect To Single Asset Real Estate And Abandonment Motion* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Rivas, Christopher) (Entered: 06/15/2021) |
| 06/15/2021 | 262 (4 pgs) | Errata *Notice Of Errata Regarding Stipulation To Continue Deadlines And Hearing With Respect To Single Asset Real Estate And Abandonment Motion* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)260 Stipulation By U.S. Real Estate Credit Holdings III-A, LP and *Stipulation To Continue Deadlines And Hearing With Respect To Single Asset Real Estate And Abandonment Motion*). (Rivas, Christopher) (Entered: 06/15/2021) |
| 06/16/2021 | 263 (2 pgs) | Order Approving Stipulation to continue deadlines and hearing with respect to Single Asset Real Estate and Abandonment Motion; ORDERED that the SARE deadline is extended to 7/2/21; deadline to oppose the SARE motion is 6/28/21; replies can be made verbally at the hearing; Hearing shall be on JUNE 30, 2021 @ 10AM; (BNC-PDF) (Related Doc # 260 ) Signed on 6/16/2021 (Jackson, Wendy Ann) (Entered: 06/16/2021) |
| 06/18/2021 | 264 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)263 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 06/18/2021. (Admin.) (Entered: 06/18/2021) |
| 06/23/2021 | 265 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by Trustee Richard A Marshack (TR). 341(a) Meeting Continued to 7/6/2021 at 01:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Marshack (TR), Richard) (Entered: 06/23/2021) |
| 06/23/2021 | 266 (7 pgs) | Status report *Chapter 11 Trustee's Status Report; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s) 201 Hearing (Bk Other) Continued). (Marshack (TR), Richard) (Entered: 06/23/2021) |
| 06/24/2021 | 267 (6 pgs) | Stipulation By Richard A Marshack (TR) and *Al Miller & Sons Roofing, Inc. and Tandem West Glass, Inc. to Continue Hearings on Motion for Relief from the Automatic Stay Under 11 U.S.C. Section 362, filed by Al Miller & Sons, Inc. [Re: Dk. No. 180] and Tandem West Glass, Inc. [Re: Dk. No. 181]; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Hays, D) (Entered: 06/24/2021) |
| 06/24/2021 | 268 (6 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)267 Stipulation By Richard A Marshack (TR) and *Al Miller & Sons Roofing, Inc. and Tandem West Glass, Inc. to Continue* |

| | | |
|---|---|---|
| | | *Hearings on Motion for Relief from the Automatic Stay Under 11 U.S.C. Section 362, filed by Al Miller & Sons, Inc. [Re: Dk. No. 180] and Tandem West Glass, Inc. [Re: Dk. No. 181]; with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Hays, D) (Entered: 06/24/2021) |
| 06/25/2021 | 269<br>(2 pgs) | Order Approving Stipulation to Continue Hearing on Motions for Relief from the Automatic Stay Under 11 U.S.C. Section 362 Filed by Al Miller & Sons, Inc. and Tandem West Glass, Inc. (MTN;S CUR SCH FOR 6-29-21 @ 10AM IS CONT'D TO 7-13-21 @ 10AM; PLEASE REFER TO ORD FOR ADD'L INSTRUCTIONS) (BNC-PDF) (Related Doc # 267 ) Signed on 6/25/2021 (Kaaumoana, William) (Entered: 06/25/2021) |
| 06/25/2021 | 270 | Hearing Continued (RE: related document(s)180 Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM filed by Creditor Al Miller & Sons Roofing Co., Inc.) CONT'D TO 7-13-21 @ 10AM (Kaaumoana, William) (Entered: 06/25/2021) |
| 06/25/2021 | 271 | Hearing Continued : Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Tandem West Glass v. Doug Wall Construction, et al; with Proof of Service. (Related Doc # 181 ) CONT'D TO 7-13-21 @ 10AM(Kaaumoana, William) (Entered: 06/25/2021) |
| 06/25/2021 | 272<br>(10 pgs) | Stipulation By Richard A Marshack (TR) and *U.S. Real Estate Credit Holdings III-A, LP, Debtor, Edwin W. Leslie, Elliot Lander, Abraham Stuart Rubin and Gary Stiffelman to Continue Hearing on Motion to Excuse State Court Receiver, Edwin Leslie, from Turnover of Assets Under 11 U.S.C. Section 543; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 06/25/2021) |
| 06/25/2021 | 273<br>(6 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)272 Stipulation By Richard A Marshack (TR) and *U.S. Real Estate Credit Holdings III-A, LP, Debtor, Edwin W. Leslie, Elliot Lander, Abraham Stuart Rubin and Gary Stiffelman to Continue Hearing on Motion to Excuse State Court Receiver, Edwin Leslie, from). (Haes, Chad) (Entered: 06/25/2021)* |
| 06/27/2021 | 274<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)269 Order (Generic) (BNC-PDF) No. of Notices: 1. Notice Date 06/27/2021. (Admin.) (Entered: 06/27/2021) |
| 06/28/2021 | 275<br>(2 pgs) | Order Approving Stipulation To Continue Hearing On Motion To Excuse State Court Receiver, Edwin Leslie, From Turnover Of Assets Under 11 U.S.C. §543. The hearing on the Motion currently scheduled for July 7, 2021, at 10:00 a.m., is continued to July 28, 2021, at 10:00 a.m. (BNC-PDF) (Related Doc # 272 ) Signed on 6/28/2021 (Pennington-Jones, Patricia) (Entered: 06/28/2021) |
| 06/28/2021 | 276<br>(6 pgs) | Response to (related document(s): 182 Motion *Chapter 11 Trustee's Motion to (1) Extend the SARE Deadline Under Section 362(d)(3) or, in the Alternative, (2) Abandon the Estate's Interest in Certain Real Property; Memorandum of Points and Authorities; Declaration of Richard A. M filed by Trustee Richard A Marshack (TR)) Supplemental Response Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Houston, Marsha) (Entered: 06/28/2021)* |
| 06/30/2021 | 277 | BNC Certificate of Notice - PDF Document. (RE: related document(s)275 |

| | | |
|---|---|---|
| | (5 pgs) | Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 1. Notice Date 06/30/2021. (Admin.) (Entered: 06/30/2021) |
| 07/01/2021 | 278 | Hearing Held (RE: related document(s)182 Generic Motion filed by Trustee Richard A Marshack (TR)); RULING - TRUSTEE TO FILE NOTICE OF WITHDRAWAL; (Jackson, Wendy Ann) (Entered: 07/01/2021) |
| 07/06/2021 | 279 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by Trustee Richard A Marshack (TR). 341(a) Meeting Continued to 7/27/2021 at 01:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Marshack (TR), Richard) (Entered: 07/06/2021) |
| 07/07/2021 | 280 (68 pgs) | Motion *MOTION FOR ORDER DISQUALIFYING REED SMITH LLP, AND/OR ANY OF ITS ATTORNEYS, FROM REPRESENTING U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP DUE TO CONFLICTS OF INTEREST GIVEN ITS ONGOING REPRESENTATION OF DEBTOR, AND PRIOR REPRESENTATION OF DEBTORS MANAGER; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF A. STUART RUBIN, ANNETTE RUBIN, EVAN L. SMITH, AND PATRICK C. McGARRIGLE, with Proof of Service* Filed by Interested Party Stuart Rubin (Smith, Evan) (Entered: 07/07/2021) |
| 07/07/2021 | 281 (62 pgs) | Application shortening time *Application for Order Setting Hearing on Shortened Notice [LBR 9075-1(b)] with Proof of Service* Filed by Interested Party Stuart Rubin (Smith, Evan). Related document(s) 280 Motion *MOTION FOR ORDER DISQUALIFYING REED SMITH LLP, AND/OR ANY OF ITS ATTORNEYS, FROM REPRESENTING U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP DUE TO CONFLICTS OF INTEREST GIVEN ITS ONGOING REPRESENTATION OF DEBTOR, AND PRIOR REPRESENTATION OF DEBT filed by Interested Party Stuart Rubin.* Modified on 7/8/2021 (Jackson, Wendy Ann). (Entered: 07/07/2021) |
| 07/08/2021 | 282 | Notice to Filer of Correction Made/No Action Required: **Other - Filer should not type in Secondary Text in all capital letters; THIS ENTRY IS PROVIDED FOR FUTURE REFERENCE.** (RE: related document(s)280 Generic Motion filed by Interested Party Stuart Rubin) (Jackson, Wendy Ann) (Entered: 07/08/2021) |
| 07/08/2021 | | Hearing (Bk Other) Continued (RE: related document(s) 1 VOLUNTARY PETITION (CHAPTER 11) filed by Glenroy Coachella, LLC) Status Hearing to be held on 07/28/2021 at 10:00 AM 255 E. Temple St. Courtroom 1539 Los Angeles, CA 90012 for 1 , (Jackson, Wendy Ann) (Entered: 07/08/2021) |
| 07/08/2021 | 283 (10 pgs; 3 docs) | Objection (related document(s): 281 Application shortening time *Application for Order Setting Hearing on Shortened Notice [LBR 9075-1(b)] with Proof of Service* filed by Interested Party Stuart Rubin) Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Attachments: # 1 Exhibit A # 2 Proof of Service) (Houston, Marsha) (Entered: 07/08/2021) |
| 07/08/2021 | 284 (4 pgs) | Order Denying Application for order setting hearing on shortened notice re: Motion for order disqualifying Reed Smith, LLP...; ORDERED that the motion may be brought on regular notice pursuant to LBR'S; (BNC-PDF) (Related Doc # 281) Signed on 7/8/2021 (Jackson, Wendy Ann) Modified on 7/8/2021 (Jackson, Wendy Ann). (Entered: 07/08/2021) |

EXHIBIT 1, PAGE 44

| 07/08/2021 | 285<br>(1 pg) | Request for Removal from Courtesy Notice of Electronic Filing (NEF) Filed by Harris, Douglas. (Harris, Douglas) (Entered: 07/08/2021) |
| 07/08/2021 | 286<br>(1 pg) | Request for Removal from Courtesy Notice of Electronic Filing (NEF) Filed by Lerner, Leib. (Lerner, Leib) (Entered: 07/08/2021) |
| 07/08/2021 | 287<br>(5 pgs) | Stipulation By Richard A Marshack (TR) and *Al Miller & Sons, Inc. and Tandem West Glass, Inc. to Continue Hearing on Motions for Relief from the Automatic Stay; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Hays, D) (Entered: 07/08/2021) |
| 07/08/2021 | 288<br>(6 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)287 Stipulation By Richard A Marshack (TR) and *Al Miller & Sons, Inc. and Tandem West Glass, Inc. to Continue Hearing on Motions for Relief from the Automatic Stay; with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Hays, D) (Entered: 07/08/2021) |
| 07/09/2021 | 289<br>(2 pgs) | Order Approving Stipulation to continue hearing on Motions for relief from stay under 11 USC Section 362 filed by AL Miller & Sons and Tandem West Glass, Inc. 180 AND 181 (BNC-PDF) (Related Doc # 287 ); ORDERED that the motions are continued to JULY 27, 2021 @ 10AM; Signed on 7/9/2021 (Jackson, Wendy Ann) (Entered: 07/09/2021) |
| 07/10/2021 | 290<br>(7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)284 ORDER shortening time (BNC-PDF)) No. of Notices: 1. Notice Date 07/10/2021. (Admin.) (Entered: 07/10/2021) |
| 07/11/2021 | 291<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)289 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 07/11/2021. (Admin.) (Entered: 07/11/2021) |
| 07/12/2021 | 292<br>(70 pgs) | Notice of Hearing *Notice of Motion For:* Filed by Creditor A. Stuart Rubin (RE: related document(s)280 Motion *MOTION FOR ORDER DISQUALIFYING REED SMITH LLP, AND/OR ANY OF ITS ATTORNEYS, FROM REPRESENTING U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP DUE TO CONFLICTS OF INTEREST GIVEN ITS ONGOING REPRESENTATION OF DEBTOR, AND PRIOR REPRESENTATION OF DEBTORS MANAGER; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF A. STUART RUBIN, ANNETTE RUBIN, EVAN L. SMITH, AND PATRICK C. McGARRIGLE, with Proof of Service* Filed by Interested Party Stuart Rubin). (Smith, Evan) (Entered: 07/12/2021) |
| 07/12/2021 | 293 | Hearing Set (RE: related document(s)280 Generic Motion filed by Interested Party Stuart Rubin) The Hearing date is set for 8/18/2021 at 10:00 AM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond (Jackson, Wendy Ann) (Entered: 07/12/2021) |
| 07/12/2021 | 294<br>(4 pgs) | Voluntary Dismissal of Motion *Notice of Voluntary Dismissal re: Chapter 11 Trustee's Motion to (1) Extend the SARE Deadline Under Section 362(d)(3) or, in the Alternative, (2) Abandon the Estate's Interest in Certain Real Property; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)182 Motion *Chapter 11 Trustee's Motion to (1) Extend the SARE Deadline Under Section 362(d* |

| | | |
|---|---|---|
| | | *(3) or, in the Alternative, (2) Abandon the Estate's Interest in Certain Real Property; Memorandum of Points and Authorities; Declaration of Richard A. M). (Hays, D) (Entered: 07/12/2021)* |
| 07/13/2021 | [295](#)<br>(28 pgs) | Motion *Chapter 11 Trustee's Motion for Order Approving Agreement re: Estate's Receipt of Deeds from Tenants-in-Common; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Hays, D) (Entered: 07/13/2021) |
| 07/13/2021 | [296](#)<br>(8 pgs) | Application shortening time Filed by Trustee Richard A Marshack (TR) (Haes, Chad). Related document(s) [295](#) Motion *Chapter 11 Trustee's Motion for Order Approving Agreement re: Estate's Receipt of Deeds from Tenants-in-Common; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service* filed by Trustee Richard A Marshack (TR). Modified on 7/14/2021 (Jackson, Wendy Ann). (Entered: 07/13/2021) |
| 07/13/2021 | [297](#)<br>(4 pgs) | Notice of Appearance and Request for Notice by Christopher O Rivas Filed by Respondent Reed Smith LLP. (Rivas, Christopher) (Entered: 07/13/2021) |
| 07/13/2021 | [298](#)<br>(5 pgs) | Stipulation By Richard A Marshack (TR) and *Al Miller & Sons Roofing, Inc., and Tandem West Glass, Inc.* to Continue Hearings on Motions for Relief from the Automatic Stay Under 11 U.S.C. Section 362; with Proof of Service Filed by Trustee Richard A Marshack (TR) (Hays, D) (Entered: 07/13/2021) |
| 07/13/2021 | [299](#)<br>(6 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[298](#) Stipulation By Richard A Marshack (TR) and *Al Miller & Sons Roofing, Inc., and Tandem West Glass, Inc. to Continue Hearings on Motions for Relief from the Automatic Stay Under 11 U.S.C. Section 362; with Proof of Service*). (Hays, D) (Entered: 07/13/2021) |
| 07/14/2021 | [300](#)<br>(5 pgs) | Order Granting Application and Setting hearing on shortened notice re: Chapter 11 Trustee's Motion for order approving agreement re: Estate's Receipt of Deeds from Tenants-in-Common; ORDERED that the hearing is set for: JULY 21, 2021 @ 10AM; (BNC-PDF) (Related Doc # [296](#) ) Signed on 7/14/2021 (Jackson, Wendy Ann) (Entered: 07/14/2021) |
| 07/14/2021 | [301](#)<br>(2 pgs) | Order Approving Stipulation to continue hearing on Motions for relief from stay under 11 USC Section 362 filed by AL Miller & Sons, Inc. and Tandem West Glass, Inc. [180](#) and [181](#) ; ORDERED that the hearings are continued to AUGUST 17, 2021 @ 10AM; (BNC-PDF) (Related Doc # [298](#) ) Signed on 7/14/2021 (Jackson, Wendy Ann) (Entered: 07/14/2021) |
| 07/14/2021 | 302 | Hearing Set (RE: related document(s)[295](#) Generic Motion filed by Trustee Richard A Marshack (TR)) The Hearing date is set for 7/21/2021 at 10:00 AM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond (Jackson, Wendy Ann) (Entered: 07/14/2021) |
| 07/14/2021 | [303](#)<br>(23 pgs) | Notice of Hearing Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[295](#) Motion *Chapter 11 Trustee's Motion for Order Approving Agreement re: Estate's Receipt of Deeds from Tenants-in-Common; Memorandum of Points and Authorities; Declaration of* |

| | | |
|---|---|---|
| | | *Richard A. Marshack in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Haes, Chad) (Entered: 07/14/2021) |
| 07/15/2021 | [304](#) (9 pgs) | Stipulation By Richard A Marshack (TR) and *Debtor, U.S. Real Estate Credit Holdings III-A, LP, Edwin W. Leslie, Elliot Lander and Abraham Stuart Rubin, and Gary Stiffelman to Continue Hearing on Motion to Excuse State Court Receiver, Edwin Leslie, from Turnover of Assets Under 11 U.S.C. Section 543 and Status Conference; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Hays, D) (Entered: 07/15/2021) |
| 07/15/2021 | [305](#) (9 pgs) | Stipulation By Richard A Marshack (TR) and *Debtor, U.S. Real Estate Credit Holdings III-A, LP, Edwin Leslie, Elliot Lander and Abraham Stuart Rubin and Gary Stiffelman to Continue Hearing on Motion to Excuse State Court Receiver, Edwin Leslie from Turnover of Assets Under 11 U.S.C. Section 543 and Status Conference; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 07/15/2021) |
| 07/15/2021 | [306](#) (7 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[305](#) Stipulation By Richard A Marshack (TR) and *Debtor, U.S. Real Estate Credit Holdings III-A, LP, Edwin Leslie, Elliot Lander and Abraham Stuart Rubin and Gary Stiffelman to Continue Hearing on Motion to Excuse State Court Receiver, Edwin Leslie from). (Haes, Chad) (Entered: 07/15/2021)* |
| 07/16/2021 | [307](#) (7 pgs) | Declaration re: *Declaration Regarding Service and Notice of Hearing re: Chapter 11 Trustee's Motion for Order Approving Agreement re: Estate's Receipt of Deeds from Tenants-in-Common; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[295](#) Motion *Chapter 11 Trustee's Motion for Order Approving Agreement re: Estate's Receipt of Deeds from Tenants-in-Common; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service).* (Haes, Chad) (Entered: 07/16/2021) |
| 07/16/2021 | [308](#) (2 pgs) | Order Approving Stipulation to continue hearing on Motion to Excuse State Court REceiver, Edwin Leslie, from turnover of assets under 11 USC Section 543 and Status Conference; ORDERED that the hearing on the Motion to Excuse State Court Receiver and the Status Conference is continued to AUGUST 18, 2021 @ 10AM; (BNC-PDF) (Related Doc # [305](#)) Signed on 7/16/2021 (Jackson, Wendy Ann). Related document(s) [304](#) Stipulation By Richard A Marshack (TR) and *Debtor, U.S. Real Estate Credit Holdings III-A, LP, Edwin W. Leslie, Elliot Lander and Abraham Stuart Rubin, and Gary Stiffelman to Continue Hearing on Motion to Excuse State Court Receiver, Edwin Leslie, filed by Trustee Richard A Marshack (TR). Modified on 7/16/2021 to relate this order to both Stipulations; Stipulations are duplicate; (Jackson, Wendy Ann). (Entered: 07/16/2021)* |
| 07/16/2021 | [309](#) (8 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[300](#) ORDER shortening time (BNC-PDF)) No. of Notices: 1. Notice Date 07/16/2021. (Admin.) (Entered: 07/16/2021) |
| 07/16/2021 | [310](#) (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[301](#) ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 07/16/2021. (Admin.) (Entered: 07/16/2021) |

EXHIBIT 1, PAGE 47

| | | |
|---|---|---|
| 07/18/2021 | 311<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)308 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 07/18/2021. (Admin.) (Entered: 07/18/2021) |
| 07/20/2021 | 312<br>(52 pgs) | Objection (related document): 295 Motion *Chapter 11 Trustee's Motion for Order Approving Agreement re: Estate's Receipt of Deeds from Tenants-in-Common; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service* filed by Trustee Richard A Marshack (TR)) *Limited Objection To Chapter 11 Trustees Motion For Order Approving Agreement Re: Estates Receipt Of Deeds From Tenants-In-Common* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 07/20/2021) |
| 07/20/2021 | 313<br>(23 pgs) | Reply to (related document(s): 295 Motion *Chapter 11 Trustee's Motion for Order Approving Agreement re: Estate's Receipt of Deeds from Tenants-in-Common; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service* filed by Trustee Richard A Marshack (TR)) *Response of Edwin W. Leslie, Receiver, to Trustee's Motion for Order Approving Agreement Re: Estate's Receipt of Deeds from Tenants-in-Common (with Proof of Service)* Filed by Interested Party Edwin W. Leslie, Receiver (Tippie, Alan) (Entered: 07/20/2021) |
| 07/20/2021 | 314<br>(14 pgs) | Amended Schedule A/B Non-Individual: Property (Official Form 106A/B or 206A/B) , Schedule G Non-Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) Filed by Debtor Glenroy Coachella, LLC. (Lindsey, Crystle) (Entered: 07/20/2021) |
| 07/21/2021 | 315 | Hearing Held (Bk Motion) (RE: related document(s) 295 Generic Motion); RULING - GRANTED; ORDER TO FOLLOW FROM MR. HAYS; (Jackson, Wendy Ann) (Entered: 07/21/2021) |
| 07/26/2021 | 316<br>(8 pgs; 3 docs) | Chapter 11 Monthly Operating Report for the Month Ending: 06/30/2021 Filed by Trustee Richard A Marshack (TR). (Attachments: # 1 Supporting Documents # 2 Supplemental Explanatory Note to 6/30/21 MOR) (Marshack (TR), Richard) (Entered: 07/26/2021) |
| 07/27/2021 | 317 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by Trustee Richard A Marshack (TR). 341(a) Meeting Continued to 9/10/2021 at 10:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Marshack (TR), Richard) (Entered: 07/27/2021) |
| 07/28/2021 | 318<br>(18 pgs) | Chapter 11 Monthly Operating Report for the Month Ending: 05/31/2021 Filed by Trustee Richard A Marshack (TR). (Marshack (TR), Richard) (Entered: 07/28/2021) |
| 07/28/2021 | 319<br>(3 pgs) | Proof of service Filed by Trustee Richard A Marshack (TR) (RE: related document(s)316 Chapter 11 Monthly Operating Report (UST Form 11-MOR)). (Marshack (TR), Richard) (Entered: 07/28/2021) |
| 07/28/2021 | 320<br>(10 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)295 Motion *Chapter 11 Trustee's Motion for Order Approving Agreement re: Estate's Receipt of Deeds from Tenants-in-Common; Memorandum of Points and Authorities; Declaration of* |

EXHIBIT 1, PAGE 48

|  |  | *Richard A. Marshack in Support; with Proof of Service).* (Hays, D) (Entered: 07/28/2021) |
|---|---|---|
| 07/28/2021 | [321](#)<br>(5 pgs) | Order Granting Chapter 11 Trustee's Motion For Order Approving Agreement Re: Estate's Receipt Of Deeds From Tenants-In-Common (BNC-PDF) (Related Doc # [295](#) ) Signed on 7/28/2021 (Pennington-Jones, Patricia) (Entered: 07/28/2021) |
| 07/28/2021 | [322](#)<br>(49 pgs) | Motion to Approve Compromise Under Rule 9019 *Trustee's Motion to Approve Compromise with U.S. Real Estate Credit Holdings III-A, L.P. Re Lender's Consent to Sale Free and Clear of Lien and to Approve Credit Bid; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service [Hrg. 8/18/2021 at 10:00 a.m., Ctrm 1539]* Filed by Trustee Richard A Marshack (TR) (Hays, D) (Entered: 07/28/2021) |
| 07/28/2021 | [323](#)<br>(19 pgs) | Notice of motion/application Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[322](#) Motion to Approve Compromise Under Rule 9019 *Trustee's Motion to Approve Compromise with U.S. Real Estate Credit Holdings III-A, L.P. Re Lender's Consent to Sale Free and Clear of Lien and to Approve Credit Bid; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service [Hrg. 8/18/2021 at 10:00 a.m., Ctrm 1539]* Filed by Trustee Richard A Marshack (TR)). (Hays, D) (Entered: 07/28/2021) |
| 07/28/2021 | [324](#)<br>(232 pgs) | Motion to Convert Case From Chapter 11 to 7. *Pursuant to 11 U.S.C. Sections 1112(b); Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service [Hrg. 8/18/21 at 10:00 a.m., Ctrm. 1539]* Fee Amount $15 Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 07/28/2021) |
| 07/28/2021 |  | Receipt of Motion to Convert Case( [2:21-bk-11188-BB](#)) [motion,mconv] ( 15.00) Filing Fee. Receipt number A53216225. Fee amount 15.00. (re: Doc# [324](#)) (U.S. Treasury) (Entered: 07/28/2021) |
| 07/28/2021 | [325](#)<br>(18 pgs) | Notice of motion/application Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[324](#) Motion to Convert Case From Chapter 11 to 7. *Pursuant to 11 U.S.C. Sections 1112(b); Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service [Hrg. 8/18/21 at 10:00 a.m., Ctrm. 1539]* Fee Amount $15 Filed by Trustee Richard A Marshack (TR)). (Haes, Chad) (Entered: 07/28/2021) |
| 07/29/2021 |  | Hearing Set (RE: related document(s) [322](#) Motion to Approve Compromise Under Rule 9019 filed by Richard A Marshack (TR)) Hearing to be held on 08/18/2021 at 10:00 AM 255 E. Temple St. Courtroom 1539 Los Angeles, CA 90012. The hearing judge is Sheri Bluebond (Pennington-Jones, Patricia) (Entered: 07/29/2021) |
| 07/29/2021 |  | Hearing Set (RE: related document(s) [324](#) Motion to Convert Case filed by Richard A Marshack (TR)) Hearing to be held on 08/18/2021 at 10:00 AM 255 E. Temple St. Courtroom 1539 Los Angeles, CA 90012. The hearing judge is Sheri Bluebond (Pennington-Jones, Patricia) (Entered: 07/29/2021) |
| 07/29/2021 | [326](#)<br>(7 pgs) | Motion to Appear pro hac vice Filed by Creditor Committee Committee of Unsecured Creditors (Brinkman, Daren) (Entered: 07/29/2021) |

EXHIBIT 1, PAGE 49

| | | |
|---|---|---|
| 07/30/2021 | 327 | Notice to Filer of Error and/or Deficient Document **(1) Document filed without holographic signature of Jory D. Cook; (2) Incorrect docket event was used to file this document. The correct docket event is: Non-resident attorney to appear in a specific case per Local Bankruptcy rule; (3) Attach a copy of the receipt.THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE PROPER SIGNATURES AND USING THE CORRECT DOCKET EVENT;** (RE: related document(s)326 Motion to Appear pro hac vice filed by Creditor Committee Committee of Unsecured Creditors) (Pennington-Jones, Patricia) (Entered: 07/30/2021) |
| 07/30/2021 | 328<br>(8 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)321 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 07/30/2021. (Admin.) (Entered: 07/30/2021) |
| 08/03/2021 | 329<br>(4 pgs) | Motion to Continue Hearing On (related documents 280 Generic Motion) *Stipulation To Continue Hearing On Disqualification Motion* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 08/03/2021) |
| 08/03/2021 | 330<br>(6 pgs) | Notice of lodgment *Of Order In Bankruptcy Case Re: Order Granting Stipulation To Continue Hearing On Disqualification Motion* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)329 Motion to Continue Hearing On (related documents 280 Generic Motion) *Stipulation To Continue Hearing On Disqualification Motion*). (Rivas, Christopher). Related document(s) 334 Stipulation By U.S. Real Estate Credit Holdings III-A, LP and *Stipulation To Continue Hearing On Disqualification Motion* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP. Modified on 8/4/2021 (Jackson, Wendy Ann). (Entered: 08/03/2021) |
| 08/03/2021 | 331 | Notice to Filer of Error and/or Deficient Document **Incorrect docket event was used to file this document. The Correct docket event is: Stipulation (motion); THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT USING THE CORRECT DOCKET EVENT.** (RE: related document(s)329 Motion to Continue/Reschedule Hearing filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) (Jackson, Wendy Ann) (Entered: 08/03/2021) |
| 08/04/2021 | 332<br>(9 pgs) | Stipulation By Stuart Rubin and *Richard Marshack, Chapter 11 Trustee; U.S. Real Estate Credit Holdings III-A, L.P., and Official Committee of Unsecured Creditors to Continue Hearings on Chapter 11 Trustee's Motions For: (1) Approval of Compromise With U.S. Real Estate Credit Holdings III-A, L.P. Re Lender's Consent to Sale Free and Clear of Lien and to Approve Credit Bid; and (2) To Convert Case to One Under Chapter 7 Pursuant to 11 U.S.C Sec 1112(B); and (3) Status Conference, with Proof of Service* Filed by Interested Party Stuart Rubin (Smith, Evan) (Entered: 08/04/2021) |
| 08/04/2021 | 333<br>(7 pgs) | Notice of lodgment *with Proof of Service* Filed by Interested Party Stuart Rubin (RE: related document(s)322 Motion to Approve Compromise Under Rule 9019 *Trustee's Motion to Approve Compromise with U.S. Real Estate Credit Holdings III-A, L.P. Re Lender's Consent to Sale Free and Clear of Lien and to Approve Credit Bid; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service [Hrg. 8/18/2021 at 10:00 a.m., Ctrm 1539]* Filed by Trustee Richard A Marshack (TR), 324 Motion to Convert Case From Chapter 11 to 7. *Pursuant to 11 U.S.C. Sections 1112(b); Memorandum of* |

| | | |
|---|---|---|
| | | *Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service [Hrg. 8/18/21 at 10:00 a.m., Ctrm. 1539]* Fee Amount $15 Filed by Trustee Richard A Marshack (TR). (Smith, Evan). Related document(s) 332 Stipulation By Stuart Rubin and *Richard Marshack, Chapter 11 Trustee; U.S. Real Estate Credit Holdings III-A, L.P., and Official Committee of Unsecured Creditors to Continue Hearings on Chapter 11 Trustee's Motions For: (1) Approval of Compro filed by Interested Party Stuart Rubin. Modified on 8/4/2021 (Jackson, Wendy Ann). (Entered: 08/04/2021)* |
| 08/04/2021 | 334 (4 pgs) | Stipulation By U.S. Real Estate Credit Holdings III-A, LP and *Stipulation To Continue Hearing On Disqualification Motion* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 08/04/2021) |
| 08/04/2021 | 335 (2 pgs) | Order Approving Stipulation to continue hearing on Disqualification Motion 280 ; ORDERED that the hearing is continued to SEPTEMBER 1, 2021 @ 10AM; (BNC-PDF) (Related Doc # 334 ) Signed on 8/4/2021 (Jackson, Wendy Ann) (Entered: 08/04/2021) |
| 08/04/2021 | 336 (2 pgs) | Order Approving Stipulation to continue hearings on Chapter 11 Trustee's Motions for 1) Approval of Compromise with U.S. Real EState Credit Holdings, III-A, LP re: Lender's consent to sale free and clear of liens and to approve credit bid; 2) To Convert Case to one under Chapter 7 pursuant to 11 USC Section 1112(B) and 3). Status Conference; ORDERED that the hearings are continued to AUGUST 31, 2021 @ 2PM; (BNC-PDF) (Related Doc # 332 ) Signed on 8/4/2021 (Jackson, Wendy Ann) (Entered: 08/04/2021) |
| 08/04/2021 | | Hearing (Bk Motion) Continued (RE: related document(s) 280 GENERIC MOTION filed by Stuart Rubin) Hearing to be held on 09/01/2021 at 10:00 AM 255 E. Temple St. Courtroom 1539 Los Angeles, CA 90012 for 280 , (Jackson, Wendy Ann) (Entered: 08/04/2021) |
| 08/05/2021 | 337 (11 pgs) | Stipulation By Richard A Marshack (TR) and *Debtor, U.S. Real Estate Credit Holdings III-A LP, Edwin Leslie, Elliot Lander, Abraham Stuart Rubin and Gary Stiffelman to Continue Hearing on Motion to Excuse State Court Receiver, Edwin Leslie from Turnover of Assets Under 11 U.S.C. Section 543, with proof of service* Filed by Trustee Richard A Marshack (TR) (Hays, D) (Entered: 08/05/2021) |
| 08/05/2021 | 338 (7 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)337 Stipulation By Richard A Marshack (TR) and *Debtor, U.S. Real Estate Credit Holdings III-A LP, Edwin Leslie, Elliot Lander, Abraham Stuart Rubin and Gary Stiffelman to Continue Hearing on Motion to Excuse State Court Receiver, Edwin Leslie from Turnover of Assets Under 11 U.S.C. Section 543, with proof of service* Filed by Trustee Richard A Marshack (TR)). (Hays, D) (Entered: 08/05/2021) |
| 08/06/2021 | 339 (2 pgs) | Order Approving Stipulation to continue hearing on Motion to Excuse State Court Receiver, Edwin Leslie, from turnover of assets under 11 USC Section 543; ORDERED that the hearing is continued to AUGUST 31, 2021 @ 2PM; (BNC-PDF) (Related Doc # 337 ) Signed on 8/6/2021 (Jackson, Wendy Ann) (Entered: 08/06/2021) |
| 08/06/2021 | 340 (5 pgs) | Stipulation By Richard A Marshack (TR) and *Al Miller & Sons Roofing, Inc. and Tandem West Glass, Inc. to Continue Hearing on Motions for* |

| | | |
|---|---|---|
| | | *Relief from the Automatic Stay Under 11 U.S.C. Section 363 filed by Al Miller & Sons, Inc. and Tandem West Glass, Inc.; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Hays, D) (Entered: 08/06/2021) |
| 08/06/2021 | 341 (6 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)340 Stipulation By Richard A Marshack (TR) and *Al Miller & Sons Roofing, Inc. and Tandem West Glass, Inc. to Continue Hearing on Motions for Relief from the Automatic Stay Under 11 U.S.C. Section 363 filed by Al Miller & Sons, Inc. and Tandem West Glas). (Hays, D) (Entered: 08/06/2021)* |
| 08/06/2021 | 342 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)335 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 08/06/2021. (Admin.) (Entered: 08/06/2021) |
| 08/06/2021 | 343 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)336 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 08/06/2021. (Admin.) (Entered: 08/06/2021) |
| 08/08/2021 | 344 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)339 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 08/08/2021. (Admin.) (Entered: 08/08/2021) |
| 08/09/2021 | 345 (2 pgs) | Order Approving Stipulation to continue hearing on Motions for Relief from the automatic stay under 11 USC Section 362 filed by AL Miller & Sons, Inc. and Tandem West Glass, Inc.; ORDERED that the hearings are continued to AUGUST 31, 2021 @ *2PM; oppositions by 8/20/21; replies by 8/25/21; (BNC-PDF) (Related Doc # 340) Signed on 8/9/2021 (Jackson, Wendy Ann) Modified on 8/23/2021 to correct the time of the hearing. The correct hearing time is: 2:00pm; (Jackson, Wendy Ann). (Entered: 08/09/2021) |
| 08/11/2021 | 346 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)345 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 08/11/2021. (Admin.) (Entered: 08/11/2021) |
| 08/17/2021 | 347 (7 pgs) | Opposition to (related document(s): 322 Motion to Approve Compromise Under Rule 9019 *Trustee's Motion to Approve Compromise with U.S. Real Estate Credit Holdings III-A, L.P. Re Lender's Consent to Sale Free and Clear of Lien and to Approve Credit Bid; Memorandum of Points and Aut filed by Trustee Richard A Marshack (TR)) Limited Opposition to Chapter 11 Trustees Compromise Motion Re: U.S. Real Estate Credit Holdings Claims and Proposed Treatment of Sale; with Proof of Service Filed by Creditors Al Miller & Sons Roofing Co., Inc., Apple J. Plumbing, Desert Palm Electric, Inc., Jacobsson Engineering Construction, Inc., Mascorro Concrete Construction, Inc., Tandem West Glass, Inc. dba The Works Floor & Wall (Polis, Thomas) (Entered: 08/17/2021)* |
| 08/17/2021 | 348 (25 pgs; 8 docs) | Request for judicial notice *with Proof of Service* Filed by Creditors Al Miller & Sons Roofing Co., Inc., Apple J. Plumbing, Desert Palm Electric, Inc., Jacobsson Engineering Construction, Inc., Mascorro Concrete Construction, Inc., Tandem West Glass, Inc., Temalpakh, Inc. |

EXHIBIT 1, PAGE 52

| | | |
|---|---|---|
| | | dba The Works Floor & Wall (RE: related document(s)347 Opposition). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G) (Polis, Thomas) (Entered: 08/17/2021) |
| 08/17/2021 | 349 (8 pgs) | Status Report for Chapter 11 Status Conference *Chapter 11 Trustee's Status Report; with Proof of Service* Filed by Trustee Richard A Marshack (TR). (Hays, D) (Entered: 08/17/2021) |
| 08/17/2021 | 350 (9 pgs) | Opposition to (related document(s): 42 Motion *to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) *Chapter 11 Trustee's Response to Motion to Excuse State Court Receiver, Edwin Leslie, from Turnover of Assets Under 11 U.S.C. Section 543; Declaration of Chad V. Haes in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 08/17/2021) |
| 08/17/2021 | 351 (14 pgs) | Opposition to (related document(s): 322 Motion to Approve Compromise Under Rule 9019 *Trustee's Motion to Approve Compromise with U.S. Real Estate Credit Holdings III-A, L.P. Re Lender's Consent to Sale Free and Clear of Lien and to Approve Credit Bid; Memorandum of Points and Aut* filed by Trustee Richard A Marshack (TR)) //Limited Opposition Filed by Creditor Doug Wall Construction (Djang, Caroline) (Entered: 08/17/2021)* |
| 08/17/2021 | 352 (70 pgs) | Request for judicial notice Filed by Creditor Doug Wall Construction (RE: related document(s)351 Opposition). (Djang, Caroline) (Entered: 08/17/2021) |
| 08/17/2021 | 353 (154 pgs; 4 docs) | Opposition to (related document(s): 322 Motion to Approve Compromise Under Rule 9019 *Trustee's Motion to Approve Compromise with U.S. Real Estate Credit Holdings III-A, L.P. Re Lender's Consent to Sale Free and Clear of Lien and to Approve Credit Bid; Memorandum of Points and Aut* filed by Trustee Richard A Marshack (TR), 323 Notice of motion/application filed by Trustee Richard A Marshack (TR)) *Opposition to Trustee's Motion to Approve Compromise With U.S. Real Estate Credit Holdings III-A, L.P. Re Lender's Consent to Sale Free and Clear of Lien, and to Approve Credit Bid; Memrandum; and Declarations of A. Stuart Rubin, Michal Rogson, and Evan L. Smith* Filed by Creditor A. Stuart Rubin (Attachments: # 1 Exhibits 1-3 # 2 Exhibits 4-6 # 3 Exhibits 7-9) (Smith, Evan) (Entered: 08/17/2021)* |
| 08/17/2021 | 354 (4 pgs) | Proof of service *of Opposition to Trustee's Motion to Approve Compromise With U.S. Real Estate Credit Holdings III-A, L.P. Re Lender's Consent to Sale Free and Clear of Lien, and to Approve Credit Bid; Memrandum; and Declarations of A. Stuart Rubin, Michal Rogson, and Evan L. Smith* Filed by Creditor A. Stuart Rubin (RE: related document(s)322 Motion to Approve Compromise Under Rule 9019 *Trustee's Motion to Approve Compromise with U.S. Real Estate Credit Holdings III-A, L.P. Re Lender's Consent to Sale Free and Clear of Lien and to Approve Credit Bid; Memorandum of Points and Aut).* (Smith, Evan) (Entered: 08/17/2021) |
| 08/17/2021 | 355 (7 pgs) | Opposition to (related document(s): 324 Motion to Convert Case From Chapter 11 to 7. *Pursuant to 11 U.S.C. Sections 1112(b); Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service [Hrg. 8/18/21 at 10:00 a.m., Ctrm. 1539]* Fee |

| | | |
|---|---|---|
| | | Amount filed by Trustee Richard A Marshack (TR)) Filed by Creditor Committee Committee of Unsecured Creditors (Brinkman, Daren) (Entered: 08/17/2021) |
| 08/18/2021 | 356 | Notice to Filer of Error and/or Deficient Document **Incorrect docket event was used to file this document. The correct docket event is: RESPONSE;** **THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT USING THE CORRECT DOCKET EVENT.** (RE: related document(s)350 Opposition filed by Trustee Richard A Marshack (TR)) (Jackson, Wendy Ann) (Entered: 08/18/2021) |
| 08/18/2021 | 357 | Notice to Filer of Error and/or Deficient Document **Incorrect/incomplete/unreadable PDF was attached to the docket entry. All documents filed with the court must have a pleading coversheet that includes debtors name, case number and title of document; see court manual section 2.5(c)(3);** **THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE CORRECT PDF IMMEDIATELY.** (RE: related document(s)354 Proof of service filed by Creditor A. Stuart Rubin) (Jackson, Wendy Ann) (Entered: 08/18/2021) |
| 08/18/2021 | 358 | Notice to Filer of Error and/or Deficient Document **Incorrect/incomplete/unreadable PDF was attached to the docket entry. All PDF files must be flattened prior to uploading in the courts CM/ECF system - Court Manual Section 3.5(k). (The proof of service has interactive fields and must be flatten;** **THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE CORRECT PDF IMMEDIATELY.** (RE: related document(s)355 Opposition filed by Creditor Committee Committee of Unsecured Creditors) (Jackson, Wendy Ann) (Entered: 08/18/2021) |
| 08/18/2021 | 359 (5 pgs) | Proof of service *Opposition to Trustee's Motion to Approve Compromise With U.S. Real Estate Credit Holdings III-A, L.P. Re Lender's Consent to Sale Free and Clear of Lien, and to Approve Credit Bid; Memorandum. and Declarations of A. Stuart Rubin, Michal Rogson, and Evan L. Smith* Filed by Creditor A. Stuart Rubin (RE: related document(s)353 Opposition). (Smith, Evan) (Entered: 08/18/2021) |
| 08/18/2021 | 360 (24 pgs) | Opposition to (related document(s): 280 Motion *MOTION FOR ORDER DISQUALIFYING REED SMITH LLP, AND/OR ANY OF ITS ATTORNEYS, FROM REPRESENTING U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP DUE TO CONFLICTS OF INTEREST GIVEN ITS ONGOING REPRESENTATION OF DEBTOR, AND PRIOR REPRESENTATION OF DEBT filed by Interested Party Stuart Rubin) U.S. Real Estate Credit Holdings III-A, L.Ps Opposition To Motion To Disqualify Reed Smith LLP Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 08/18/2021)* |
| 08/18/2021 | 361 (7 pgs) | Objection (related document(s): 280 Motion *MOTION FOR ORDER DISQUALIFYING REED SMITH LLP, AND/OR ANY OF ITS ATTORNEYS, FROM REPRESENTING U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP DUE TO CONFLICTS OF INTEREST GIVEN ITS ONGOING REPRESENTATION OF DEBTOR, AND PRIOR REPRESENTATION OF DEBT filed by Interested Party Stuart Rubin) Evidentiary Objections In Support Of U.S. Real Estate Credit Holdings III-A, L.P., Opposition To Motion To Disqualify Reed Smith Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 08/18/2021)* |

EXHIBIT 1, PAGE 54

| | | |
|---|---|---|
| 08/18/2021 | **362**<br>(248 pgs) | Declaration re: *Declaration of Marsha A. Houston* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)360 Opposition). (Rivas, Christopher) (Entered: 08/18/2021) |
| 08/18/2021 | **363**<br>(59 pgs) | Declaration re: *Declaration of Peter Kennedy* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)360 Opposition). (Rivas, Christopher) (Entered: 08/18/2021) |
| 08/18/2021 | **364**<br>(135 pgs) | Declaration re: *Declaration of Richard C. Giller* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)360 Opposition). (Rivas, Christopher) (Entered: 08/18/2021) |
| 08/18/2021 | **365**<br>(4 pgs) | Declaration re: *Declaration of David Halbreich* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)360 Opposition). (Rivas, Christopher) (Entered: 08/18/2021) |
| 08/18/2021 | **366**<br>(5 pgs) | Declaration re: *Declaration of Ashley Rodriguez* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)360 Opposition). (Rivas, Christopher) (Entered: 08/18/2021) |
| 08/18/2021 | **367**<br>(5 pgs) | Declaration re: *Declaration of Stefania Hoffstetter* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)360 Opposition). (Rivas, Christopher) (Entered: 08/18/2021) |
| 08/18/2021 | **368**<br>(4 pgs) | Declaration re: *Declaration of Nathan M. Carle* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)360 Opposition). (Rivas, Christopher) (Entered: 08/18/2021) |
| 08/18/2021 | 369 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date/time/location was selected. Missing hearing date of the Motion that the declarations are related to. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENTS WITH THE CORRECT HEARING INFORMATION.** (RE: related document(s)362 Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 363 Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 364 Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 365 Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 366 Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 367 Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 368 Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) (Jackson, Wendy Ann) (Entered: 08/18/2021) |
| 08/18/2021 | **370**<br>(6 pgs) | Opposition to (related document(s): 280 Motion *MOTION FOR ORDER DISQUALIFYING REED SMITH LLP, AND/OR ANY OF ITS ATTORNEYS, FROM REPRESENTING U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP DUE TO CONFLICTS OF INTEREST GIVEN ITS ONGOING REPRESENTATION OF DEBTOR, AND PRIOR REPRESENTATION OF DEBT filed by Interested Party Stuart Rubin) Chapter 11 Trustee's Statement in Opposition to Motion to Disqualify Reed & Smith as Counsel of Record For U.S. Real Estate Credit Holdings III; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Hays, D) (Entered: 08/18/2021) |
| 08/18/2021 | **371**<br>(248 pgs) | Declaration re: *Declaration of Marsha A. Houston* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)360 Opposition). (Rivas, Christopher) (Entered: 08/18/2021) |

EXHIBIT 1, PAGE 55

| 08/18/2021 | 372<br>(59 pgs) | Declaration re: *Declaration of Peter Kennedy* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)360 Opposition). (Rivas, Christopher) (Entered: 08/18/2021) |
| 08/18/2021 | 373<br>(135 pgs) | Declaration re: *Declaration of Richard C. Giller* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)360 Opposition). (Rivas, Christopher) (Entered: 08/18/2021) |
| 08/18/2021 | 374<br>(4 pgs) | Declaration re: *Declaration of David Halbreich* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)360 Opposition). (Rivas, Christopher) (Entered: 08/18/2021) |
| 08/18/2021 | 375<br>(5 pgs) | Declaration re: *Declaration of Ashley Rodriguez* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)360 Opposition). (Rivas, Christopher) (Entered: 08/18/2021) |
| 08/18/2021 | 376<br>(4 pgs) | Declaration re: *Declaration of Nathan M. Carle* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)360 Opposition). (Rivas, Christopher) (Entered: 08/18/2021) |
| 08/18/2021 | 377<br>(5 pgs) | Declaration re: *Declaration of Stefania Hoffstetter* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)360 Opposition). (Rivas, Christopher) (Entered: 08/18/2021) |
| 08/19/2021 | 378<br>(10 pgs) | Chapter 11 Monthly Operating Report for the Month Ending: 07/31/2021 Filed by Trustee Richard A Marshack (TR). (Marshack (TR), Richard) (Entered: 08/19/2021) |
| 08/19/2021 | 379<br>(9 pgs) | Response to (related document(s): 42 Motion *to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) *Chapter 11 Trustee's Response to Motion to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Declaration of Chad V. Haes; and Proof of Service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 08/19/2021) |
| 08/20/2021 | 380<br>(10 pgs) | Stipulation By Richard A Marshack (TR) and *Debtor, U.S. Real Estate Credit Holdings III-A, LP, Edwin W. Leslie, Elliot Lander and Abraham Stuart Rubin and Gary Stiffelman to continue hearing on Motion to Excuse State Court Receiver, Edwin Leslie, from Turnover of Assets Under 11 U.S.C. Section 543; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Hays, D) (Entered: 08/20/2021) |
| 08/20/2021 | 381<br>(7 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)380 Stipulation By Richard A Marshack (TR) and *Debtor, U.S. Real Estate Credit Holdings III-A, LP, Edwin W. Leslie, Elliot Lander and Abraham Stuart Rubin and Gary Stiffelman to continue hearing on Motion to Excuse State Court Receiver, Edwin Leslie, f). (Hays, D) (Entered: 08/20/2021)* |
| 08/20/2021 | 382<br>(21 pgs) | Opposition to (related document(s): 180 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *Al Miller & Sons Roofing v. Doug Wall Construction et al; with Proof of Service*. Fee Amount $188, filed by |

| | | |
|---|---|---|
| | | Creditor Al Miller & Sons Roofing Co., Inc.) Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 08/20/2021) |
| 08/20/2021 | 383<br>(21 pgs) | Opposition to (related document(s): 181 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *Tandem West Glass v. Doug Wall Construction, et al; with Proof of Service*. Fee Amount $188, filed by Creditor Tandem West Glass, Inc.) Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 08/20/2021) |
| 08/23/2021 | 384<br>(2 pgs) | Request for special notice Filed by Creditor Ally Bank Lease Trust - Assignor to Vehicle Asset Universal Leasing Trust (a.k.a. "VAULT TRUST", or "V.A.U.L. Trust", or "VAULT", or "V.A.U.L.T."), c/o AIS Port. (Rawal, Arvind) (Entered: 08/23/2021) |
| 08/23/2021 | 385<br>(2 pgs) | Order Approving Stipulation to continue hearing on Motion to Excuse State Court Receiver Edwin Leslie, from turnover of assets under 11 USC Section 543; ORDERED that the hearing is continued to SEPTEMBER 29, 2021 @ 10AM; (BNC-PDF) (Related Doc # 380 ) Signed on 8/23/2021 (Jackson, Wendy Ann) (Entered: 08/23/2021) |
| 08/23/2021 | 386<br>(6 pgs) | Reply to (related document(s): 353 Opposition filed by Creditor A. Stuart Rubin) *Joining Opposition to Motion to Approve Compromise* Filed by Creditor Committee Committee of Unsecured Creditors (Brinkman, Daren) (Entered: 08/23/2021) |
| 08/24/2021 | 387 | Notice to Filer of Error and/or Deficient Document **Incorrect docket event was used to file this document. The correct docket event is: OPPOSITION; THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT USING THE CORRECT DOCKET EVENT.** (RE: related document(s)386 Reply filed by Creditor Committee Committee of Unsecured Creditors) (Jackson, Wendy Ann) (Entered: 08/24/2021) |
| 08/24/2021 | 388<br>(6 pgs) | Opposition to (related document(s): 322 Motion to Approve Compromise Under Rule 9019 *Trustee's Motion to Approve Compromise with U.S. Real Estate Credit Holdings III-A, L.P. Re Lender's Consent to Sale Free and Clear of Lien and to Approve Credit Bid; Memorandum of Points and Aut filed by Trustee Richard A Marshack (TR), 353 Opposition filed by Creditor A. Stuart Rubin) Joinder in Opposition to Motion Filed by Creditor Committee Committee of Unsecured Creditors (Brinkman, Daren) (Entered: 08/24/2021)* |
| 08/24/2021 | 389<br>(85 pgs) | Declaration re: * *Supplemental Declaration of Peter J. Kennedy in Opposition to Motion to Disqualify Reed Smith LLP* * Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)281 Application shortening time *Application for Order Setting Hearing on Shortened Notice [LBR 9075-1(b)] with Proof of Service*). (Houston, Marsha) (Entered: 08/24/2021) |
| 08/24/2021 | 390<br>(19 pgs) | Reply to (related document(s): 347 Opposition filed by Creditor Al Miller & Sons Roofing Co., Inc., Creditor Desert Palm Electric, Inc., Creditor Apple J. Plumbing, Creditor Jacobsson Engineering Construction, Inc., Creditor Mascorro Concrete Construction, Inc., Creditor Temalpakh, Inc. dba The Works Floor & Wall, Creditor Tandem West Glass, Inc., 351 Opposition filed by Creditor Doug Wall Construction, 353 Opposition filed by Creditor A. Stuart Rubin, 382 Opposition filed by Trustee Richard A Marshack (TR), 383 Opposition filed by Trustee Richard A Marshack (TR), 386 Reply filed by Creditor Committee Committee of Unsecured |

EXHIBIT 1, PAGE 57

|  |  |  |
|---|---|---|
|  |  | Creditors, 388 Opposition filed by Creditor Committee Committee of Unsecured Creditors) *U.S. Real Estate Credit Holdings III-A, LPs Omnibus Reply In Support Of Trustees Motion To Approve Compromise* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 08/24/2021) |
| 08/24/2021 | 391 (26 pgs) | Request for judicial notice *In Support Of Omnibus Reply In Support Of Trustees Motion To Approve Compromise* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)390 Reply). (Rivas, Christopher) (Entered: 08/24/2021) |
| 08/24/2021 | 392 (179 pgs) | Declaration re: *Declaration Of Simond Lavian In Support Of Omnibus Reply In Support Of Trustees Motion To Approve Compromise* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)390 Reply). (Rivas, Christopher) (Entered: 08/24/2021) |
| 08/24/2021 | 393 (228 pgs) | Declaration re: *Declaration Of Tristine Lim In Support Of Omnibus Reply In Support Of Trustees Motion To Approve Compromise* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)390 Reply). (Rivas, Christopher) (Entered: 08/24/2021) |
| 08/24/2021 | 394 (42 pgs) | Declaration re: *Declaration Of Steven Bram In Connection With Motion To Compromise* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)390 Reply). (Rivas, Christopher) (Entered: 08/24/2021) |
| 08/24/2021 | 395 (10 pgs) | Reply to (related document(s): 322 Motion to Approve Compromise Under Rule 9019 *Trustee's Motion to Approve Compromise with U.S. Real Estate Credit Holdings III-A, L.P. Re Lender's Consent to Sale Free and Clear of Lien and to Approve Credit Bid; Memorandum of Points and Aut filed by Trustee Richard A Marshack (TR)) Omnibus Reply to Oppositions and Objection to Trustee's Motion to Approve Compromise; with proof of Service* Filed by Trustee Richard A Marshack (TR) (Hays, D) (Entered: 08/24/2021) |
| 08/24/2021 | 396 (6 pgs) | Reply to (related document(s): 324 Motion to Convert Case From Chapter 11 to 7. *Pursuant to 11 U.S.C. Sections 1112(b); Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service [Hrg. 8/18/21 at 10:00 a.m., Ctrm. 1539] Fee Amount* filed by Trustee Richard A Marshack (TR)) *Reply in Support of Motion to Convert Case to One Under Chapter 7 Pursuant to 11 U.S.C. Section 1112(b); with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Hays, D) (Entered: 08/24/2021) |
| 08/25/2021 | 397 (4 pgs) | Reply to (related document(s): 382 Opposition filed by Trustee Richard A Marshack (TR)) *Movant Al Miller & Sons Roofings Reply to Chapter 11 Trustees Opposition to Motion for Relief from the Automatic Stay with Proof of Service* Filed by Creditor Al Miller & Sons Roofing Co., Inc. (Polis, Thomas) (Entered: 08/25/2021) |
| 08/25/2021 | 398 (4 pgs) | Reply to (related document(s): 383 Opposition filed by Trustee Richard A Marshack (TR)) *Movant Tandem West Glass Reply to Chapter 11 Trustees Opposition to Motion for Relief from the Automatic Stay with Proof of Service* Filed by Creditor Tandem West Glass, Inc. (Polis, Thomas) (Entered: 08/25/2021) |
| 08/25/2021 | 399 | Motion *For Determination Of The Value Of The Alleged Secured Claim Of* |

| | | |
|---|---|---|
| | (11 pgs) | *Mechanics Lien Claimants And For The Expungement Of Mechanics Liens* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 08/25/2021) |
| 08/25/2021 | 400 (5 pgs) | Notice of Hearing *Notice Of Motion For: Determination Of The Value Of Alleged Secured Claim Of American Builders & Contractors Supply Co.; Clear Coast Restoration; Dal Tile Distribution, Inc.; Gauston Corporation; Glendale Plumbing & Fire Supply; Hi-Grade Materials Co.; Resource Building Materials; Robertson's Ready Mix; Southwest Plumbing; Superior Pool Products, Llc; West Coast Sand And Gravel, Inc.* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)399 Motion *For Determination Of The Value Of The Alleged Secured Claim Of Mechanics Lien Claimants And For The Expungement Of Mechanics Liens* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Rivas, Christopher) (Entered: 08/25/2021) |
| 08/25/2021 | 401 (58 pgs) | Request for judicial notice *In Support Of Motion For Determination Of The Value Of The Alleged Secured Claims Of American Builders & Contractors Supply Co.; Clear Coast Restoration; Dal Tile Distribution, Inc.; Gauston Corporation; Glendale Plumbing & Fire Supply; Hi-Grade Materials Co.; Resource Building Materials; Robertson's Ready Mix; Southwest Plumbing; Superior Pool Products, Llc; West Coast Sand And Gravel, Inc.* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)399 Motion *For Determination Of The Value Of The Alleged Secured Claim Of Mechanics Lien Claimants And For The Expungement Of Mechanics Liens*). (Rivas, Christopher) (Entered: 08/25/2021) |
| 08/25/2021 | 402 (222 pgs) | Declaration re: *Of Christopher O. Rivas In Support Of Motion For Determination Of The Value Of The Alleged Secured Claims Of American Builders & Contractors Supply Co.; Clear Coast Restoration; Dal Tile Distribution, Inc.; Gauston Corporation; Glendale Plumbing & Fire Supply; Hi-Grade Materials Co.; Resource Building Materials; Robertson's Ready Mix; Southwest Plumbing; Superior Pool Products, Llc; West Coast Sand And Gravel, Inc.* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)399 Motion *For Determination Of The Value Of The Alleged Secured Claim Of Mechanics Lien Claimants And For The Expungement Of Mechanics Liens*). (Rivas, Christopher) (Entered: 08/25/2021) |
| 08/25/2021 | 403 (30 pgs) | Reply to (related document(s): 280 Motion *MOTION FOR ORDER DISQUALIFYING REED SMITH LLP, AND/OR ANY OF ITS ATTORNEYS, FROM REPRESENTING U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP DUE TO CONFLICTS OF INTEREST GIVEN ITS ONGOING REPRESENTATION OF DEBTOR, AND PRIOR REPRESENTATION OF DEBT filed by Interested Party Stuart Rubin, 360 Opposition filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 370 Opposition filed by Trustee Richard A Marshack (TR)) A. STUART RUBINS OMNIBUS REPLY TO U.S.REAL ESTATE CREDIT HOLDINGS III-A, L.P.S OPPOSITION TO MOTION TO DISQUALIFY REED SMITH LLP, AND CHAPTER 11 TRUSTEES STATEMENT IN OPPOSITION TO MOTION TO DISQUALIFY REED & SMITH AS COUNSEL OF RECORD FOR U.S.REAL ESTATE CREDIT HOLDINGS III; DECLARATION OF EVAN L. SMITH, with Proof of Service. Filed by Creditor A. Stuart Rubin (Smith, Evan) (Entered: 08/25/2021)* |
| 08/25/2021 | 404 (34 pgs) | Declaration re: *SUPPLEMENTAL DECLARATION OF A. STUART RUBIN IN REPLY TO U.S. REAL ESTATE CREDIT HOLDINGS III-A, LPS OPPOSITION TO MOTION FOR ORDER DISQUALIFYING REED* |

| | | |
|---|---|---|
| | | *SMITH with Proof of Service* Filed by Creditor A. Stuart Rubin. (Smith, Evan). Related document(s) 280 Motion *MOTION FOR ORDER DISQUALIFYING REED SMITH LLP, AND/OR ANY OF ITS ATTORNEYS, FROM REPRESENTING U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP DUE TO CONFLICTS OF INTEREST GIVEN ITS ONGOING REPRESENTATION OF DEBTOR, AND PRIOR REPRESENTATION OF DEBT filed by Interested Party Stuart Rubin. Modified on 8/26/2021 (Jackson, Wendy Ann). (Entered: 08/25/2021)* |
| 08/25/2021 | 405 (10 pgs) | Reply to (related document(s): 361 Objection filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 403 Reply filed by Creditor A. Stuart Rubin) *MOVANT A. STUART RUBINS REPLY TO EVIDENTIARY OBJECTIONS OF U.S. REAL ESTATE CREDIT HOLDINGS III-A, L.P., OPPOSITION TO DISQUALIFY REED SMITH with Proof of Service* Filed by Creditor A. Stuart Rubin (Smith, Evan) (Entered: 08/25/2021) |
| 08/25/2021 | 406 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)385 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 08/25/2021. (Admin.) (Entered: 08/25/2021) |
| 08/26/2021 | 407 | Hearing Set (RE: related document(s)399 Generic Motion filed by Creditor U.S. Real Estate Credit Holdings U.S. III-A, LP) The Hearing date is set for 9/15/2021 at 11:00 AM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond (Jackson, Wendy Ann) (Entered: 08/26/2021) |
| 08/27/2021 | 408 (14 pgs) | Objection (related document(s): 404 Declaration filed by Creditor A. Stuart Rubin) * *Evidentiary Objections to Supplemental Declarataion of A. Stuart Rubin* * Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Houston, Marsha) (Entered: 08/27/2021) |
| 08/27/2021 | 409 (3 pgs) | Proof of service *[Corrected] Proof Of Service Re Evidentiary Objections To Supplemental Declaration Of A. Stuart Rubin* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)408 Objection). (Rivas, Christopher) (Entered: 08/27/2021) |
| 08/30/2021 | 410 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Richards, Ronald. (Richards, Ronald) (Entered: 08/30/2021) |
| 08/30/2021 | 411 (18 pgs) | Motion to strike *Emergency Ex Parte Motion to Strike and/or Disallow U.S. Real Estate Credit Holdings III-A, L.P.'s Omnibus Reply in Support of Trustee's Motion to Approve Compromise and Supporting Papers [Docs 390-394]; Memorandum; and Declarations of Evan L. Smith, and John Hofilena (with Proof of Service).* Filed by Interested Party Stuart Rubin (Smith, Evan). Related document(s) 390 Reply filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 391 Request for judicial notice filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 392 Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 393 Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 394 Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP. Modified on 8/31/2021 to properly relate the documents; (Jackson, Wendy Ann). (Entered: 08/30/2021) |
| 08/31/2021 | 412 | Hearing Set (RE: related document(s)411 Motion to strike filed by Interested Party Stuart Rubin) The Hearing date is set for 8/31/2021 at 02:00 PM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond (Jackson, Wendy Ann) (Entered: 08/31/2021) |

EXHIBIT 1, PAGE 60

| 08/31/2021 | [413](#) (8 pgs) | Notice of lodgment *Of Order in Bankruptcy Case Re: emergency Ex Parte Motion to Strike and/or Disallow U.S. Real Estate Credit Holdings III-A, L.P.'s Omnibus Reply in Support of Trustee's Motion to Approve Compromise and Supporting Papers [Docs 390-394], with Proof of Service.* Filed by Interested Party Stuart Rubin (RE: related document(s)[411](#) Motion to strike *Emergency Ex Parte Motion to Strike and/or Disallow U.S. Real Estate Credit Holdings III-A, L.P.'s Omnibus Reply in Support of Trustee's Motion to Approve Compromise and Supporting Papers [Docs 390-394]; Memorandum; and Declarations of Evan L. Smith, and John Hofilena (with Proof of Service).* Filed by Interested Party Stuart Rubin (Smith, Evan). Related document(s) [390](#) Reply filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, [391](#) Request for judicial notice filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, [392](#) Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, [393](#) Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, [394](#) Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP. Modified on 8/31/2021 to properly relate the documents; (Jackson, Wendy Ann).). (Smith, Evan) (Entered: 08/31/2021) |
| 08/31/2021 | [414](#) (18 pgs) | Reply to (related document(s): [280](#) Motion *MOTION FOR ORDER DISQUALIFYING REED SMITH LLP, AND/OR ANY OF ITS ATTORNEYS, FROM REPRESENTING U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP DUE TO CONFLICTS OF INTEREST GIVEN ITS ONGOING REPRESENTATION OF DEBTOR, AND PRIOR REPRESENTATION OF DEBT filed by Interested Party Stuart Rubin,* [404](#) *Declaration filed by Creditor A. Stuart Rubin,* [408](#) *Objection filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) Movant A. Stuart Rubin's Reply to Evidentiary Objections of U.S. Real Estate Credit Holdings III-A, L.P. to Supplemental Declaration of A. Stuart Rubin, with Proof of Service.* Filed by Interested Party Stuart Rubin (Smith, Evan) (Entered: 08/31/2021) |
| 09/01/2021 | 415 | Hearing Held [180](#) Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Al Miller & Sons Roofing v. Doug Wall Construction et al; with Proof of Service. Fee Amount $188, Filed by Creditor Al Miller & Sons Roofing Co., Inc. (Attachments: # 1 Exhibit A) (Polis, Thomas); RULING - GRANTED; TENTATIVE IS THE RULING; ORDER TO FOLLOW FROM MOVANT: (Jackson, Wendy Ann) (Entered: 09/01/2021) |
| 09/01/2021 | 416 | Hearing Held [181](#) Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Tandem West Glass v. Doug Wall Construction, et al; with Proof of Service. Fee Amount $188, Filed by Creditor Tandem West Glass, Inc. (Attachments: # 1 Exhibit A) (Polis, Thomas) (Entered: 05/04/2021); RULING - GRANTED; TENTATIVE IS THE RULING; ORDER TO FOLLOW FROM MOVANT; (Jackson, Wendy Ann) (Entered: 09/01/2021) |
| 09/01/2021 | 417 | Hearing Held [322](#) Motion to Approve Compromise Under Rule 9019 Trustee's Motion to Approve Compromise with U.S. Real Estate Credit Holdings III-A, L.P. Re Lender's Consent to Sale Free and Clear of Lien and to Approve Credit Bid; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service [Hrg. 8/18/2021 at 10:00 a.m., Ctrm 1539] Filed by Trustee Richard A Marshack (TR) (Hays, D) (RULING - GRANTED; TENTATIVE IS THE |

| | | RULING; ORDER TO FOLLOW FROM MR. HAYS OR MS. HOUSTON; (Jackson, Wendy Ann) (Entered: 09/01/2021) |
|---|---|---|
| 09/01/2021 | 418 | Hearing Held 324 Motion to Convert Case From Chapter 11 to 7. Pursuant to 11 U.S.C. Sections 1112(b); Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service [Hrg. 8/18/21 at 10:00 a.m., Ctrm. 1539] Fee Amount $15 Filed by Trustee Richard A Marshack (TR) (Haes, Chad); RULING - GRANTED; TENTATIVE IS THE RULING; ORDER TO FOLLOW FROM MR. HAYS; (Jackson, Wendy Ann) (Entered: 09/01/2021) |
| 09/01/2021 | 419 | Hearing Held re: Scheduling and Case Management Conference in a Chapter 11 Case 1; RULING - OFF CALENDAR; (Jackson, Wendy Ann) Modified on 9/1/2021 (Jackson, Wendy Ann). (Entered: 09/01/2021) |
| 09/01/2021 | 420 | Hearing Held (Bk Motion) (RE: related document(s) 411 Motion to strike); RULING - DENIED; TENTATIVE IS THE RULING; ORDER TO FOLLOW FROM MS. HOUSTON. (Jackson, Wendy Ann) (Entered: 09/01/2021) |
| 09/01/2021 | 421 (6 pgs) | Notice of lodgment *Order Denying Motion For Order Disqualifying Reed Smith LLP And/Or Any Of Its Attorneys, From Representing U.S. Real Estate Credit Holdings III-A, LP, Due To Conflicts Of Interest Given Its Ongoing Representation Of Debtor, And Prior Representation Of Debtors Manager* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)280 Motion *MOTION FOR ORDER DISQUALIFYING REED SMITH LLP, AND/OR ANY OF ITS ATTORNEYS, FROM REPRESENTING U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP DUE TO CONFLICTS OF INTEREST GIVEN ITS ONGOING REPRESENTATION OF DEBTOR, AND PRIOR REPRESENTATION OF DEBTORS MANAGER; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF A. STUART RUBIN, ANNETTE RUBIN, EVAN L. SMITH, AND PATRICK C. McGARRIGLE, with Proof of Service* Filed by Interested Party Stuart Rubin. (Rivas, Christopher) (Entered: 09/01/2021) |
| 09/01/2021 | 422 (6 pgs) | Notice of lodgment *Order Denying Emergency Ex Parte Motion To Strike And/Or Disallow U.S. Real Estate Credit Holdings III-A, L.P.'S Omnibus Reply In Support Of Trustee's Motion To Approve Compromise* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)411 Motion to strike *Emergency Ex Parte Motion to Strike and/or Disallow U.S. Real Estate Credit Holdings III-A, L.P.'s Omnibus Reply in Support of Trustee's Motion to Approve Compromise and Supporting Papers [Docs 390-394]; Memorandum; and Declarations of Evan L. Smith, and John Hofilena (with Proof of Service).* Filed by Interested Party Stuart Rubin (Smith, Evan). Related document(s) 390 Reply filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 391 Request for judicial notice filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 392 Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 393 Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 394 Declaration filed by Creditor U.S. Real Estate Credit Holdings III-A, LP. Modified on 8/31/2021 to properly relate the documents; (Jackson, Wendy Ann).). (Rivas, Christopher) (Entered: 09/01/2021) |
| 09/02/2021 | 423 | Hearing Held (RE: related document(s)280 Generic Motion filed by Interested Party Stuart Rubin); RULING - DENIED; TENTATIVE IS THE RULING; ORDER TO FOLLOW FROM REED SMITH; (Jackson, Wendy Ann) (Entered: 09/02/2021) |

EXHIBIT 1, PAGE 62

| | | |
|---|---|---|
| 09/03/2021 | 424<br>(2 pgs) | Order Denying Emergency Ex Parte Motion to Strike and/or disallow U.S. Real Estate Credit Holdings III-A, LP's Omnibus replyin support of Trustee's Motion to approve compromise; (BNC-PDF) (Related Doc # 411 ) Signed on 9/3/2021 (Jackson, Wendy Ann) (Entered: 09/03/2021) |
| 09/03/2021 | 425<br>(2 pgs) | Order Denying Motion for Order Disqualifying Reed Smith, LLP and/or any of its Attorneys, from representing U.S. Real Estate Holdings, III-A, LP due to conflicts of interest given its ongoing representation of Debtor and prior representation of Debtor's Manager; (BNC-PDF) (Related Doc # 280 ) Signed on 9/3/2021 (Jackson, Wendy Ann) (Entered: 09/03/2021) |
| 09/05/2021 | 426<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)424 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 09/05/2021. (Admin.) (Entered: 09/05/2021) |
| 09/05/2021 | 427<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)425 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 09/05/2021. (Admin.) (Entered: 09/05/2021) |
| 09/07/2021 | 428<br>(5 pgs) | Notice of lodgment *with Proof of Service* Filed by Creditor Al Miller & Sons Roofing Co., Inc. (RE: related document(s)180 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *Al Miller & Sons Roofing v. Doug Wall Construction et al; with Proof of Service*. Fee Amount $188, Filed by Creditor Al Miller & Sons Roofing Co., Inc. (Attachments: # 1 Exhibit A)). (Polis, Thomas) (Entered: 09/07/2021) |
| 09/07/2021 | 429<br>(5 pgs) | Notice of lodgment *with Proof of Service* Filed by Creditor Tandem West Glass, Inc. (RE: related document(s)181 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: *Tandem West Glass v. Doug Wall Construction, et al; with Proof of Service*. Fee Amount $188, Filed by Creditor Tandem West Glass, Inc. (Attachments: # 1 Exhibit A)). (Polis, Thomas) (Entered: 09/07/2021) |
| 09/08/2021 | 430<br>(9 pgs) | Motion *For Determination Of The Value Of The Alleged Secured Claims Of Constructure, Inc. And Siteone Landscape Supply, And For The Expungement Of Mechanics Liens [11 U.S.C. § 506(A); Bankruptcy Rule 3012]* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 09/08/2021) |
| 09/08/2021 | 431<br>(7 pgs) | Application of non-resident attorney to appear in a specific case per Local Bankruptcy rule Filed by Creditor Committee of Unsecured Creditors (Brinkman, Daren) (Entered: 09/08/2021) |
| 09/08/2021 | 432<br>(5 pgs) | Notice of Hearing *of Motion for Determination Of The Value Of Alleged Secured Claim Of Constructure, Inc. And Siteone Landscape Supply* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)430 Motion *For Determination Of The Value Of The Alleged Secured Claims Of Constructure, Inc. And Siteone Landscape Supply, And For The Expungement Of Mechanics Liens [11 U.S.C. § 506(A); Bankruptcy Rule 3012]* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Rivas, Christopher) (Entered: 09/08/2021) |
| 09/08/2021 | 433 | Declaration re: *Of Christopher O. Rivas In Support Of Motion For* |

EXHIBIT 1, PAGE 63

| | | |
|---|---|---|
| | (227 pgs) | *Determination Of The Value Of The Alleged Secured Claim Of Constructure, Inc. And Siteone Landscape Supply, And For The Expungement Of Mechanics Liens [11 U.S.C. § 506(a); Bankruptcy Rule 3012]* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)430 Motion *For Determination Of The Value Of The Alleged Secured Claims Of Constructure, Inc. And Siteone Landscape Supply, And For The Expungement Of Mechanics Liens [11 U.S.C. § 506(A); Bankruptcy Rule 3012]*). (Rivas, Christopher) (Entered: 09/08/2021) |
| 09/08/2021 | 434 (15 pgs) | Request for judicial notice *U.S. Real Estate Credit Holdings III-A, LPS Request For Judicial Notice In Support Of Motion For Determination Of The Value Of The Alleged Secured Claim Of Constructure, Inc. And Siteone Landscape Supply, And For The Expungement Of Mechanics Liens* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)430 Motion *For Determination Of The Value Of The Alleged Secured Claims Of Constructure, Inc. And Siteone Landscape Supply, And For The Expungement Of Mechanics Liens [11 U.S.C. § 506(A); Bankruptcy Rule 3012]*). (Rivas, Christopher) (Entered: 09/08/2021) |
| 09/08/2021 | 435 | Hearing Set (RE: related document(s)430 Generic Motion filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) The Hearing date is set for 9/29/2021 at 10:00 AM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond (Jackson, Wendy Ann) (Entered: 09/08/2021) |
| 09/08/2021 | 436 (2 pgs) | Order Granting motion for relief from automatic stay ACTION IN NON-BANKRUPTCY FORUM (BNC-PDF) (Related Doc # 181 ) Signed on 9/8/2021 (Jackson, Wendy Ann) (Entered: 09/08/2021) |
| 09/08/2021 | 437 (2 pgs) | Order Granting motion for relief from automatic stay ACTION IN NON-BANKRUPTCY FORUM (BNC-PDF) (Related Doc # 180 ) Signed on 9/8/2021 (Jackson, Wendy Ann) (Entered: 09/08/2021) |
| 09/08/2021 | 438 (7 pgs) | Application of non-resident attorney to appear in a specific case per Local Bankruptcy rule *AMENDED* Filed by Creditor Committee Committee of Unsecured Creditors (Brinkman, Daren) (Entered: 09/08/2021) |
| 09/10/2021 | 439 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by Trustee Richard A Marshack (TR). 341(a) Meeting Continued to 10/19/2021 at 10:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Marshack (TR), Richard) (Entered: 09/10/2021) |
| 09/10/2021 | 440 (2 pgs) | Order On Amended Application Of Non-Resident Attorney To Appear In A Specific Case [LBR 2090-1(b)] (BNC-PDF) (Related Doc # 438 ) Signed on 9/10/2021 (Pennington-Jones, Patricia) (Entered: 09/10/2021) |
| 09/10/2021 | 441 (8 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)322 Motion to Approve Compromise Under Rule 9019 *Trustee's Motion to Approve Compromise with U.S. Real Estate Credit Holdings III-A, L.P. Re Lender's Consent to Sale Free and Clear of Lien and to Approve Credit Bid; Memorandum of Points and Aut). (Hays, D) (Entered: 09/10/2021)* |
| 09/10/2021 | 442 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)436 Motion for relief from automatic stay ACTION IN NON-BANKRUPTCY |

EXHIBIT 1, PAGE 64

| | | |
|---|---|---|
| | | FORUM (BNC-PDF) No. of Notices: 1. Notice Date 09/10/2021. (Admin.) (Entered: 09/10/2021) |
| 09/10/2021 | **443** (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)440 Motion for relief from automatic stay ACTION IN NON-BANKRUPTCY FORUM (BNC-PDF)) No. of Notices: 1. Notice Date 09/10/2021. (Admin.) (Entered: 09/10/2021) |
| 09/12/2021 | **444** (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)440 ORDER on application of non-resident attorney to appear in a specific case per Local Bankruptcy rule (BNC-PDF)) No. of Notices: 1. Notice Date 09/12/2021. (Admin.) (Entered: 09/12/2021) |
| 09/13/2021 | **445** (3 pgs) | Order Granting Motion to Approve Compromise under Rule 9019 with U.S. Real Estate Credit Holdings III-A, L.P. Re Lender's Consent to Sale Free and Clear of Lien and to Approve Credit Bid; (BNC-PDF) (Related Doc # 322) Signed on 9/13/2021. (Jackson, Wendy Ann) (Entered: 09/13/2021) |
| 09/15/2021 | **446** (395 pgs) | Motion to Sell Property of the Estate Free and Clear of Liens under Section 363(f) *Chapter 11 Trustee's Motion for Order Authorizing 1) Sale of Real Property Located at 84151 Avenue 48, Coachella, CA and Related Assets: (A) Outside the Ordinary Course of Business; (B) Free and Clear of Liens, Claims, and Encumbrances; (C)Subject to Overbid; (D) For Determination of Good Faith Purchaser Under 11 U.S.C. Section 363(m); and 2) Assumption of Executory Contracts and Unexpired Leases Under 11 U.S.C. Section 365; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service.* Fee Amount $188, Filed by Trustee Richard A Marshack (TR) (Hays, D) (Entered: 09/15/2021) |
| 09/15/2021 | | Receipt of Motion to Sell Property of the Estate Free and Clear of Liens under Section 363(f) - Fee( 2:21-bk-11188-BB) [motion,msell] ( 188.00) Filing Fee. Receipt number A53390194. Fee amount 188.00. (re: Doc# 446) (U.S. Treasury) (Entered: 09/15/2021) |
| 09/15/2021 | **447** (35 pgs) | Application shortening time *; and Declaration of D. Edward Hays in Support [Re: Dk 446]* Filed by Trustee Richard A Marshack (TR) (Hays, D) (Entered: 09/15/2021) |
| 09/15/2021 | **448** (6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)445 Order on Motion to Approve Compromise Under Rule 9019 (BNC-PDF)) No. of Notices: 1. Notice Date 09/15/2021. (Admin.) (Entered: 09/15/2021) |
| 09/16/2021 | 449 | Hearing Held (Bk Motion) (RE: related document(s) 399 Generic Motion) - RULING - GRANTED; TENTATIVE IS THE RULING; ORDER TO FOLLOW(Pennington-Jones, Patricia) (Entered: 09/16/2021) |
| 09/17/2021 | **450** (5 pgs) | Granting Application And Setting Hearing On Shortened Notice; Hearing to be held on 9/30/2021 at 10:00 am (BNC-PDF) (Related Doc # 447 ) Signed on 9/17/2021 (Pennington-Jones, Patricia) (Entered: 09/17/2021) |
| 09/17/2021 | | Hearing Set (RE: related document(s) 446 Motion to Sell Property of the Estate Free and Clear of Liens under Section 363(f) - Fee filed by Richard A Marshack (TR)) Hearing to be held on 09/30/2021 at 10:00 AM 255 E. |

| | | |
|---|---|---|
| | | Temple St. Courtroom 1539 Los Angeles, CA 90012. The hearing judge is Sheri Bluebond (Pennington-Jones, Patricia) (Entered: 09/17/2021) |
| 09/17/2021 | [451](#) (3 pgs) | Order Granting Chapter 11 Trustees Motion To Convert Case To One Under Chapter 7 Pursuant To 11 U.S.C. §1112(B) (RE: related document(s) [324](#) Motion to Convert Case filed by Richard A Marshack (TR))(BNC-PDF). Trustee (BNC-PDF) Signed on 9/17/2021. (Pennington-Jones, Patricia) (Entered: 09/17/2021) |
| 09/17/2021 | [452](#) (39 pgs) | Notice of Hearing *on Shortened Time re: Chapter 11 Trustee's Motion for Order Authorizing 1) Sale of Real Property Located at 84151 Avenue 48, Coachella, CA and Related Assets; and (2) Assumption of Executory Contracts and Unexpired Leases Under 11 U.S.C. Section 365; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[446](#) Motion to Sell Property of the Estate Free and Clear of Liens under Section 363(f) *Chapter 11 Trustee's Motion for Order Authorizing 1) Sale of Real Property Located at 84151 Avenue 48, Coachella, CA and Related Assets: (A) Outside the Ordinary Course of Business; (B) Free and Clear of Liens, Claims, and Encumbrances; (C)Subject to Overbid; (D) For Determination of Good Faith Purchaser Under 11 U.S.C. Section 363(m); and 2) Assumption of Executory Contracts and Unexpired Leases Under 11 U.S.C. Section 365; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service.* Fee Amount $188, Filed by Trustee Richard A Marshack (TR)). (Hays, D) (Entered: 09/17/2021) |
| 09/17/2021 | [453](#) (32 pgs) | Notice of sale of estate property (LBR 6004-2) Sale of Real Property which includes land located at 84151 Avenue 48, Coachella, CA 92201 (Land) [APN: 603-220-061-2; 603-220-067-8; 603-220-068-9; 603-220-065-6; and 603-220-069-0] which includes luxury hotel project, Appurtenances, Development Agreement, Intangible Property, and Personal Property /Richard A. Marshack, Chapter 7 Trustee Filed by Trustee Richard A Marshack (TR). (Hays, D) (Entered: 09/17/2021) |
| 09/19/2021 | [454](#) (8 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[450](#) ORDER shortening time (BNC-PDF)) No. of Notices: 1. Notice Date 09/19/2021. (Admin.) (Entered: 09/19/2021) |
| 09/19/2021 | [455](#) (6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[451](#) Order Converting Case to Chapter 7 (BNC-PDF)) No. of Notices: 1. Notice Date 09/19/2021. (Admin.) (Entered: 09/19/2021) |
| 09/20/2021 | [456](#) (1 pg) | Notice of appointment and acceptance of trustee Filed by Trustee Richard A Marshack (TR). (Marshack (TR), Richard) (Entered: 09/20/2021) |
| 09/21/2021 | [457](#) (2 pgs) | Meeting of Creditors 341(a) meeting to be held on 10/19/2021 at 10:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Pennington-Jones, Patricia) (Entered: 09/21/2021) |
| 09/21/2021 | [458](#) (2 pgs) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Patel, Ronak. (Patel, Ronak) (Entered: 09/21/2021) |
| 09/22/2021 | [459](#) (33 pgs) | Motion *Chapter 7 Trustee's Motion for Order Approving Bidding Procedures; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Hays, D) (Entered: 09/22/2021) |

EXHIBIT 1, PAGE 66

| 09/22/2021 | 460<br>(29 pgs) | Notice of Hearing *Chapter 7 Trustee's Notice of Motion for Order Approving Bidding Procedures; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)459 Motion *Chapter 7 Trustee's Motion for Order Approving Bidding Procedures; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Hays, D) (Entered: 09/22/2021) |
| 09/23/2021 | 461 | Hearing Set (RE: related document(s)459 Generic Motion filed by Trustee Richard A Marshack (TR)) The Hearing date is set for 9/30/2021 at 10:00 AM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond (Jackson, Wendy Ann) (Entered: 09/23/2021) |
| 09/23/2021 | 462<br>(9 pgs) | BNC Certificate of Notice (RE: related document(s)457 Meeting of Creditors Chapter 7 No Asset) No. of Notices: 158. Notice Date 09/23/2021. (Admin.) (Entered: 09/23/2021) |
| 09/25/2021 | 463<br>(5 pgs; 2 docs) | Monthly Operating Report. Operating Report Number: 7. For the Month Ending 8/31/21 Filed by Trustee Richard A Marshack (TR). (Attachments: # 1 Supplement) (Marshack (TR), Richard) (Entered: 09/25/2021) |
| 09/25/2021 | 464<br>(8 pgs; 2 docs) | Monthly Operating Report. Operating Report Number: 8. For the Month Ending 9/17/21 Filed by Trustee Richard A Marshack (TR). (Attachments: # 1 Supplement) (Marshack (TR), Richard) (Entered: 09/25/2021) |
| 09/27/2021 | 465<br>(8 pgs; 2 docs) | Monthly Operating Report. Operating Report Number: 7. For the Month Ending 8/31/21 Filed by Trustee Richard A Marshack (TR). (Attachments: # 1 Supplement) (Marshack (TR), Richard) (Entered: 09/27/2021) |
| 09/27/2021 | 466 | Notice to Filer of Error and/or Deficient Document **Incorrect/incomplete/unreadable PDF was attached to the docket entry. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE CORRECT PDF IMMEDIATELY.** (RE: related document(s)463 Monthly Operating Report filed by Trustee Richard A Marshack (TR)) (Jackson, Wendy Ann) (Entered: 09/27/2021) |
| 09/27/2021 | 467<br>(3 pgs) | Proof of service Filed by Trustee Richard A Marshack (TR) (RE: related document(s)464 Monthly Operating Report, 465 Monthly Operating Report). (Marshack (TR), Richard) (Entered: 09/27/2021) |
| 09/27/2021 | 468<br>(16 pgs) | Opposition to (related document(s): 446 Motion to Sell Property of the Estate Free and Clear of Liens under Section 363(f) *Chapter 11 Trustee's Motion for Order Authorizing 1) Sale of Real Property Located at 84151 Avenue 48, Coachella, CA and Related Assets: (A) Outside the Ordinary filed by Trustee Richard A Marshack (TR)* Filed by Creditor Doug Wall Construction (Djang, Caroline) (Entered: 09/27/2021) |
| 09/27/2021 | 469<br>(71 pgs) | Request for judicial notice *in support of Opposition* Filed by Creditor Doug Wall Construction (RE: related document(s)468 Opposition). (Djang, Caroline) (Entered: 09/27/2021) |
| 09/27/2021 | 470<br>(5 pgs) | Response to (related document(s): 446 Motion to Sell Property of the Estate Free and Clear of Liens under Section 363(f) *Chapter 11 Trustee's Motion for Order Authorizing 1) Sale of Real Property Located at 84151 Avenue 48, Coachella, CA and Related Assets: (A) Outside the Ordinary filed by Trustee Richard A Marshack (TR)* Reservation of Rights of California Statewide Communities Development Authority Filed by |

| | | |
|---|---|---|
| | | *Creditor California Statewide Communities Development Authority (Riley, Debra) (Entered: 09/27/2021)* |
| 09/27/2021 | 471 (14 pgs; 2 docs) | Opposition to (related document(s): 468 Opposition filed by Creditor Doug Wall Construction) *Secured Creditor Jacobsson Engineering Construction, Inc.S Joinder to Doug Wall Constructions Limited Opposition (ECF No. 468) to Chapter 7 Trustees Motion for Order Authorizing Sale of Real Property; with Proof of Service* Filed by Creditor Jacobsson Engineering Construction, Inc. (Attachments: # 1 Exhibit A) (Polis, Thomas) (Entered: 09/27/2021) |
| 09/28/2021 | 472 (40 pgs) | Brief in Opposition to (related document(s): 459 Motion *Chapter 7 Trustee's Motion for Order Approving Bidding Procedures; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service* filed by Trustee Richard A Marshack (TR)) Filed by Creditor Art of the Muse, LLC d/b/a Oly (Pennington-Jones, Patricia) (Entered: 09/28/2021) |
| 09/28/2021 | 473 (6 pgs) | Declaration re: *Service and Notice of Hearing re: Trustee's Motion for Order Authorizing Sale of Real Property and Related Assets; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)446 Motion to Sell Property of the Estate Free and Clear of Liens under Section 363(f) *Chapter 11 Trustee's Motion for Order Authorizing 1) Sale of Real Property Located at 84151 Avenue 48, Coachella, CA and Related Assets: (A) Outside the Ordinary).* (Hays, D) (Entered: 09/28/2021) |
| 09/29/2021 | 474 (23 pgs) | Reply to (related document(s): 446 Motion to Sell Property of the Estate Free and Clear of Liens under Section 363(f) *Chapter 11 Trustee's Motion for Order Authorizing 1) Sale of Real Property Located at 84151 Avenue 48, Coachella, CA and Related Assets: (A) Outside the Ordinary filed by Trustee Richard A Marshack (TR),* 468 Opposition filed by Creditor Doug Wall Construction, 470 Response filed by Creditor California Statewide Communities Development Authority, 471 Opposition filed by Creditor Jacobsson Engineering Construction, Inc.) Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Houston, Marsha) (Entered: 09/29/2021) |
| 09/29/2021 | 475 (83 pgs) | Adversary case 2:21-ap-01197. Complaint by QUONSET PARTNERS LLC against Glenroy Coachella, LLC, City of Coachella, RICHARD A. MARSHACK. Fee Amount $350 Nature of Suit: (21 (Validity, priority or extent of lien or other interest in property)),(02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy))) (Imoisili, Aluyah) (Entered: 09/29/2021) |
| 09/30/2021 | 476 | Hearing Held (Bk Motion) (RE: related document(s) 430 Generic Motion) RULING - GRANTED; TENTATIVE IS THE RULING; ORDER TO FOLLOW; (Jackson, Wendy Ann) (Entered: 09/30/2021) |
| 10/01/2021 | 477 (1 pg) | Notice of Change of Address of creditor Gauston Corp. Filed by Creditor Gauston Corp. (Nguyen, Vi) (Entered: 10/01/2021) |
| 10/01/2021 | 478 | Hearing Held (Bk Motion) (RE: related document(s) 446 Motion to Sell Property of the Estate Free and Clear of Liens under Section 363(f) - Fee); RULING - GRANTED; TENTATIVE IS THE RULING; ORDER TO FOLLOW FROM MR. HAYS/MS. HOUSTON; (Jackson, Wendy Ann) (Entered: 10/01/2021) |

EXHIBIT 1, PAGE 68

| | | |
|---|---|---|
| 10/01/2021 | 479 | Hearing Held (Bk Motion) (RE: related document(s) 459 Generic Motion); RULING - GRANTED; TENTATIVE IS THE RULING; ORDER TO FOLLOW FROM MR. HAYS; (Jackson, Wendy Ann) (Entered: 10/01/2021) |
| 10/01/2021 | 480 | Hearing Continued (RE: related document(s)42 Generic Motion filed by Creditor U.S. Real Estate Credit Holdings III-A, LP); RULING-GRANTED THROUGH CLOSE OF ESCROW; TENTATIVE IS THE RULING; ORDER TO FOLLOW FROM USRECH; The Hearing date is continued as a Status Conference to 10/27/2021 at 11:00 AM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond (Jackson, Wendy Ann) (Entered: 10/01/2021) |
| 10/05/2021 | 481 (71 pgs) | Adversary case 2:21-ap-01203. Complaint by U.S. Real Estate Credit Holdings III-A, LP against Doug Wall Construction, Inc.. Fee Amount $350 Nature of Suit: (21 (Validity, priority or extent of lien or other interest in property)),(91 (Declaratory judgment)) (Houston, Marsha) (Entered: 10/05/2021) |
| 10/05/2021 | 482 (66 pgs) | Adversary case 2:21-ap-01204. Complaint by U.S. Real Estate Credit Holdings III-A, LP against Jacobsson Engineering Construction, Inc.. Fee Amount $350 Nature of Suit: (21 (Validity, priority or extent of lien or other interest in property)),(91 (Declaratory judgment)) (Houston, Marsha) (Entered: 10/05/2021) |
| 10/08/2021 | | Receipt of Tape Duplication Fee - $32.00 by 20. Receipt Number 20244080. (admin) (Entered: 10/08/2021) |
| 10/12/2021 | 483 (7 pgs) | Notice of lodgment *Order Granting Motion For Determination Of The Value Of The Alleged Secured Claim Of Mechanics Lien Claimants And For The Expungement Of Mechanics Liens* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)399 Motion *For Determination Of The Value Of The Alleged Secured Claim Of Mechanics Lien Claimants And For The Expungement Of Mechanics Liens* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Rivas, Christopher) (Entered: 10/12/2021) |
| 10/12/2021 | 484 (6 pgs) | Notice of lodgment *Order Granting Motion For Determination Of The Value Of The Alleged Secured Claim Of Mechanics Lien Claimants And For The Expungement Of Mechanics Liens* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)430 Motion *For Determination Of The Value Of The Alleged Secured Claims Of Constructure, Inc. And Siteone Landscape Supply, And For The Expungement Of Mechanics Liens [11 U.S.C. § 506(A); Bankruptcy Rule 3012]* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Rivas, Christopher) (Entered: 10/12/2021) |
| 10/12/2021 | 485 (3 pgs) | Order Granting Motion For Determination Of The Value Of The Alleged Secured Claim Of Mechanics Lien Claimants And For The Expungement Of Mechanics Liens (BNC-PDF) (Related Doc # 430 ) Signed on 10/12/2021 (Pennington-Jones, Patricia) (Entered: 10/12/2021) |
| 10/12/2021 | 486 (3 pgs) | Order Granting Motion For Determination Of The Value Of The Alleged Secured Claim Of Mechanics Lien Claimants And For The Expungement Of Mechanics Liens (BNC-PDF) (Related Doc # 399 ) Signed on 10/12/2021 (Pennington-Jones, Patricia) (Entered: 10/12/2021) |

| | | |
|---|---|---|
| 10/14/2021 | 487<br>(7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)485 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 10/14/2021. (Admin.) (Entered: 10/14/2021) |
| 10/14/2021 | 488<br>(7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)486 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 10/14/2021. (Admin.) (Entered: 10/14/2021) |
| 10/19/2021 | | Trustee's Initial Report & First Meeting Held (Marshack (TR), Richard) (Entered: 10/19/2021) |
| 10/21/2021 | | An Order is to be lodged by Richard A Marshack (TR) and Marshack Hays LLP (RE: related document(s)446 Motion to Sell Property of the Estate Free and Clear of Liens under Section 363(f) - Fee filed by Trustee Richard A Marshack (TR), 459 Generic Motion filed by Trustee Richard A Marshack (TR)) Order due by 10/22/2021. (Jackson, Wendy Ann) (Entered: 10/21/2021) |
| 10/22/2021 | 489<br>(7 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)459 Motion *Chapter 7 Trustee's Motion for Order Approving Bidding Procedures; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Hays, D) (Entered: 10/22/2021) |
| 10/22/2021 | 490<br>(20 pgs) | Order Granting Motion for Order Authorizing 1) Sale of Real Property Located at 84151 Avenue 48, Coachella, CA and Related Assets: (A) Outside the Ordinary Course of Business; (B) Free and Clear of Liens, Claims, and Encumbrances; (C)Subject to Overbid; (D) For Determination of Good Faith Purchaser Under 11 U.S.C. Section 363(m); and 2) Assumption of Executory Contracts and Unexpired Leases Under 11 U.S.C. Section 365; SEE ORDER FOR DETAILS; (BNC-PDF) (Related Doc # 446 ) Signed on 10/22/2021 (Jackson, Wendy Ann) (Entered: 10/22/2021) |
| 10/24/2021 | 491<br>(24 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)490 Order on Motion To Sell (BNC-PDF)) No. of Notices: 1. Notice Date 10/24/2021. (Admin.) (Entered: 10/24/2021) |
| 10/25/2021 | 492<br>(2 pgs) | Order Granting Chapter 7 Trustee's Motion for Order Approving Bidding Procedures; (BNC-PDF) (Related Doc # 459 ) Signed on 10/25/2021 (Jackson, Wendy Ann) (Entered: 10/25/2021) |
| 10/27/2021 | 493<br>(6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)492 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 10/27/2021. (Admin.) (Entered: 10/27/2021) |
| 10/29/2021 | 494 | Hearing Held (Bk Motion) (RE: related document(s) 42 Generic Motion); RULING - CONT'D. TO 12/1/21 @ 11AM; (Jackson, Wendy Ann) (Entered: 10/29/2021) |
| 10/29/2021 | | Hearing (Bk Motion) Continued (RE: related document(s) 42 GENERIC MOTION filed by U.S. Real Estate Credit Holdings III-A, LP) Hearing to be held on 12/01/2021 at 11:00 AM 255 E. Temple St. Courtroom 1539 Los Angeles, CA 90012 for 42 , (Jackson, Wendy Ann) (Entered: 10/29/2021) |

EXHIBIT 1, PAGE 70

| | | |
|---|---|---|
| 11/02/2021 | 495 | Request for a Certified Copy Fee Amount $11. The document will be sent via email to :lbuchanan@marshackhays.com: Filed by Trustee Richard A Marshack (TR) (RE: related document(s)490 Order on Motion To Sell (BNC-PDF)). (Hays, D) (Entered: 11/02/2021) |
| 11/02/2021 | | Receipt of Request for a Certified Copy( 2:21-bk-11188-BB) [misc,paycert] ( 11.00) Filing Fee. Receipt number A53567681. Fee amount 11.00. (re: Doc# 495 ) (U.S. Treasury) (Entered: 11/02/2021) |
| 11/02/2021 | 496 | Certified Copy Emailed to lbuchanan@marshackhays.com (Entered: 11/02/2021) |
| 11/09/2021 | 497 | Request for a Certified Copy Fee Amount $22.(2 copies) (RE: related document(s)490 Order on Motion To Sell (BNC-PDF)) (Collins, Kim S.) (Entered: 11/09/2021) |
| 11/09/2021 | 498 | Request for a Certified Copy Fee Amount $22. (2 Copies) (RE: related document(s)321 Order on Generic Motion (BNC-PDF)) (Collins, Kim S.) (Entered: 11/09/2021) |
| 11/09/2021 | 499 | Request for a Certified Copy Fee Amount $22. (2 copies) (RE: related document(s)486 Order on Generic Motion (BNC-PDF)) (Collins, Kim S.) (Entered: 11/09/2021) |
| 11/09/2021 | 500 | Request for a Certified Copy Fee Amount $22. (2 copies) (RE: related document(s)485 Order on Generic Motion (BNC-PDF)) (Collins, Kim S.) (Entered: 11/09/2021) |
| 11/09/2021 | | Receipt of Certification Fee - $88.00 by 01. Receipt Number 20244293. (admin) (Entered: 11/09/2021) |
| 11/10/2021 | 501 (21 pgs) | Motion *Senior Priority Mechanic Lienholders Notice Of Motion And Motion For Order Re: Compel Chapter 7 Trustee To Pay Senior Mechanic Lienholders Oversecured Claims From The $4,000,000 Escrow Account Pursuant To The Courts Compromise Order (ECF No. 445) And The Courts Sale Order (ECF No. 490); with Proof of Service* Filed by Creditors Al Miller & Sons Roofing Co., Inc., Apple J. Plumbing, Desert Palm Electric, Inc., Mascorro Concrete Construction, Inc., Tandem West Glass, Inc., Temalpakh, Inc. dba The Works Floor & Wall (Polis, Thomas) (Entered: 11/10/2021) |
| 11/10/2021 | 502 (7 pgs) | Declaration re: *Declaration Of Russ Miller Of Al Miller & Sons Roofing Co, Inc, In Support Of Senior Priority Mechanic Lienholders Notice Of Motion And Motion For Order Re: Compel Chapter 7 Trustee To Pay Senior Mechanic Lienholders Oversecured Claims From The $4,000,000 Escrow Account Pursuant To The Courts Compromise Order (ECF No. 445) And The Courts Sale Order (ECF No. 490); with Proof of Service* Filed by Creditor Al Miller & Sons Roofing Co., Inc. (RE: related document(s)501 Motion *Senior Priority Mechanic Lienholders Notice Of Motion And Motion For Order Re: Compel Chapter 7 Trustee To Pay Senior Mechanic Lienholders Oversecured Claims From The $4,000,000 Escrow Account Pursuant To The Courts Compromise Order (ECF).* (Polis, Thomas) (Entered: 11/10/2021) |
| 11/10/2021 | 503 (7 pgs) | Declaration re: *Declaration of Phil Nelissen of Tandem West Glass, Inc. In Support Of Senior Priority Mechanic Lienholders Notice Of Motion* |

EXHIBIT 1, PAGE 71

| | | |
|---|---|---|
| | | *And Motion For Order Re: Compel Chapter 7 Trustee To Pay Senior Mechanic Lienholders Oversecured Claims From The $4,000,000 Escrow Account Pursuant To The Courts Compromise Order (ECF No. 445) And The Courts Sale Order (ECF No. 490); with Proof of Service* Filed by Creditor Tandem West Glass, Inc. (RE: related document(s)501 Motion *Senior Priority Mechanic Lienholders Notice Of Motion And Motion For Order Re: Compel Chapter 7 Trustee To Pay Senior Mechanic Lienholders Oversecured Claims From The $4,000,000 Escrow Account Pursuant To The Courts Compromise Order (ECF).* (Polis, Thomas) (Entered: 11/10/2021) |
| | 504<br>(6 pgs) | Declaration re: *Declaration of Jeffrey Apple of Apple J Plumbing, Inc In Support Of Senior Priority Mechanic Lienholders Notice Of Motion And Motion For Order Re: Compel Chapter 7 Trustee To Pay Senior Mechanic Lienholders Oversecured Claims From The $4,000,000 Escrow Account Pursuant To The Courts Compromise Order (ECF No. 445) And The Courts Sale Order (ECF No. 490); with Proof of Service* Filed by Creditor Apple J. Plumbing (RE: related document(s)501 Motion *Senior Priority Mechanic Lienholders Notice Of Motion And Motion For Order Re: Compel Chapter 7 Trustee To Pay Senior Mechanic Lienholders Oversecured Claims From The $4,000,000 Escrow Account Pursuant To The Courts Compromise Order (ECF).* (Polis, Thomas) (Entered: 11/10/2021) |
| 11/10/2021 | | |
| | 505<br>(7 pgs) | Declaration re: *Declaration of Hy Faulkner In Support Of Senior Priority Mechanic Lienholders Notice Of Motion And Motion For Order Re: Compel Chapter 7 Trustee To Pay Senior Mechanic Lienholders Oversecured Claims From The $4,000,000 Escrow Account Pursuant To The Courts Compromise Order (ECF No. 445) And The Courts Sale Order (ECF No. 490); with Proof of Service* Filed by Creditor Desert Palm Electric, Inc. (RE: related document(s)501 Motion *Senior Priority Mechanic Lienholders Notice Of Motion And Motion For Order Re: Compel Chapter 7 Trustee To Pay Senior Mechanic Lienholders Oversecured Claims From The $4,000,000 Escrow Account Pursuant To The Courts Compromise Order (ECF).* (Polis, Thomas) (Entered: 11/10/2021) |
| 11/10/2021 | | |
| | 506<br>(7 pgs) | Declaration re: *Declaration of Gina Mascorro In Support Of Senior Priority Mechanic Lienholders Notice Of Motion And Motion For Order Re: Compel Chapter 7 Trustee To Pay Senior Mechanic Lienholders Oversecured Claims From The $4,000,000 Escrow Account Pursuant To The Courts Compromise Order (ECF No. 445) And The Courts Sale Order (ECF No. 490); with Proof of Service* Filed by Creditor Mascorro Concrete Construction, Inc. (RE: related document(s)501 Motion *Senior Priority Mechanic Lienholders Notice Of Motion And Motion For Order Re: Compel Chapter 7 Trustee To Pay Senior Mechanic Lienholders Oversecured Claims From The $4,000,000 Escrow Account Pursuant To The Courts Compromise Order (ECF).* (Polis, Thomas) (Entered: 11/10/2021) |
| 11/10/2021 | | |
| 11/10/2021 | 507<br>(7 pgs) | Declaration re: *Declaration of Michael Collins In Support Of Senior Priority Mechanic Lienholders Notice Of Motion And Motion For Order Re: Compel Chapter 7 Trustee To Pay Senior Mechanic Lienholders Oversecured Claims From The $4,000,000 Escrow Account Pursuant To The Courts Compromise Order (ECF No. 445) And The Courts Sale Order (ECF No. 490); with Proof of Service* Filed by Creditor Temalpakh, Inc. dba The Works Floor & Wall (RE: related document(s)501 Motion *Senior Priority Mechanic Lienholders Notice Of Motion And Motion For Order Re: Compel Chapter 7 Trustee To* |

EXHIBIT 1, PAGE 72

| | | |
|---|---|---|
| | | *Pay Senior Mechanic Lienholders Oversecured Claims From The $4,000,000 Escrow Account Pursuant To The Courts Compromise Order (ECF).* (Polis, Thomas) (Entered: 11/10/2021) |
| 11/10/2021 | [508](#) (490 pgs; 22 docs) | Request for judicial notice *with Proof of Service* Filed by Creditors Al Miller & Sons Roofing Co., Inc., Apple J. Plumbing, Desert Palm Electric, Inc., Mascorro Concrete Construction, Inc., Tandem West Glass, Inc., Temalpakh, Inc. dba The Works Floor & Wall (RE: related document(s)[501](#) Motion *Senior Priority Mechanic Lienholders Notice Of Motion And Motion For Order Re: Compel Chapter 7 Trustee To Pay Senior Mechanic Lienholders Oversecured Claims From The $4,000,000 Escrow Account Pursuant To The Courts Compromise Order (ECF).* (Attachments: # [1](#) *Exhibit A-1 #* [2](#) *Exhibit A-2 #* [3](#) *Exhibit A-3 #* [4](#) *Exhibit B-1 #* [5](#) *Exhibit B-2 #* [6](#) *Exhibit B-3 #* [7](#) *Exhibit C-1 #* [8](#) *Exhibit C-2 #* [9](#) *Exhibit C-3 #* [10](#) *Exhibit D-1 #* [11](#) *Exhibit D-2 #* [12](#) *Exhibit D-3 #* [13](#) *Exhibit E-1 #* [14](#) *Exhibit E-2 #* [15](#) *Exhibit E-3 #* [16](#) *Exhibit F-1 #* [17](#) *Exhibit F-2 #* [18](#) *Exhibit F-3 #* [19](#) *Exhibit G #* [20](#) *Exhibit H #* [21](#) *Exhibit I)* (Polis, Thomas) (Entered: 11/10/2021) |
| 11/10/2021 | 513 | Hearing Set (RE: related document(s)[501](#) Generic Motion filed by Creditor Al Miller & Sons Roofing Co., Inc., Creditor Desert Palm Electric, Inc., Creditor Apple J. Plumbing, Creditor Mascorro Concrete Construction, Inc., Creditor Temalpakh, Inc. dba The Works Floor & Wall, Creditor Tandem West Glass, Inc.) The Hearing date is set for 12/1/2021 at 10:00 AM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond (Lewis, Litaun) (Entered: 11/12/2021) |
| 11/11/2021 | [509](#) (7 pgs) | Original Holographic signature page Declaration of Gina Mascorro of Mascorro Concrete Construction *[ECF NO. 506]; with proof of service* Filed by Creditor Mascorro Concrete Construction, Inc.. (Polis, Thomas) (Entered: 11/11/2021) |
| 11/11/2021 | [510](#) (7 pgs) | Original Holographic signature page Declaration of Michael Collins of Temalpakh, Inc. dba The Works Floor & Wall *[ECF NO. 507] with Proof of Service* Filed by Creditor Temalpakh, Inc. dba The Works Floor & Wall. (Polis, Thomas) (Entered: 11/11/2021) |
| 11/11/2021 | [511](#) (117 pgs) | Motion to Extend Time *Chapter 7 Trustee's Motion Extending Time to Assume or Reject Executory Contracts; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 11/11/2021) |
| 11/11/2021 | [512](#) (14 pgs) | Notice of motion/application Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[511](#) Motion to Extend Time *Chapter 7 Trustee's Motion Extending Time to Assume or Reject Executory Contracts; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Haes, Chad) (Entered: 11/11/2021) |
| 11/11/2021 | 514 | Hearing Set (RE: related document(s)[511](#) Motion to Extend Time filed by Trustee Richard A Marshack (TR)) The Hearing date is set for 12/8/2021 at 10:00 AM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond (Lewis, Litaun) (Entered: 11/12/2021) |
| 11/12/2021 | [515](#) | Notice of Assets filed by trustee and court's notice of possible dividend |

| | | |
|---|---|---|
| | (2 pgs; 2 docs) | (BNC) Filed by Trustee Richard A Marshack (TR). Proofs of Claims due by 2/15/2022. (Marshack (TR), Richard) (Entered: 11/12/2021) |
| 11/17/2021 | 516 (12 pgs) | Response to (related document(s): 501 Motion *Senior Priority Mechanic Lienholders Notice Of Motion And Motion For Order Re: Compel Chapter 7 Trustee To Pay Senior Mechanic Lienholders Oversecured Claims From The $4,000,000 Escrow Account Pursuant To The Courts Compromise Order (ECF filed by Creditor Al Miller & Sons Roofing Co., Inc., Creditor Desert Palm Electric, Inc., Creditor Apple J. Plumbing, Creditor Mascorro Concrete Construction, Inc., Creditor Temalpakh, Inc. dba The Works Floor & Wall, Creditor Tandem West Glass, Inc.) Chapter 7 Trustee's Response to Motion for Order to Compel Trustee to Pay Alleged Senior Mechanic Lienholders' Oversecured Claims; Declaration of D. Edward Hays in Support; with Proof of Service Filed by Trustee Richard A Marshack (TR) (Hays, D) (Entered: 11/17/2021)* |
| 11/17/2021 | 517 (12 pgs) | Opposition to (related document(s): 501 Motion *Senior Priority Mechanic Lienholders Notice Of Motion And Motion For Order Re: Compel Chapter 7 Trustee To Pay Senior Mechanic Lienholders Oversecured Claims From The $4,000,000 Escrow Account Pursuant To The Courts Compromise Order (ECF filed by Creditor Al Miller & Sons Roofing Co., Inc., Creditor Desert Palm Electric, Inc., Creditor Apple J. Plumbing, Creditor Mascorro Concrete Construction, Inc., Creditor Temalpakh, Inc. dba The Works Floor & Wall, Creditor Tandem West Glass, Inc.) U.S. Real Estate Credit Holdings III-A, L.P.S Opposition To Mechanic Lienholders Motion For Order Re: Compel Chapter 7 Trustee To Pay Senior Mechanic Lienholders Oversecured Claims From The $4,000,000 Escrow Account Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 11/17/2021)* |
| 11/17/2021 | 518 (42 pgs) | Declaration re: *Declaration Of Christopher O. Rivas In Support Of U.S. Real Estate Credit Holdings III-A, L.P.S Opposition To Mechanic Lienholders Motion For Order Re: Compel Chapter 7 Trustee To Pay Senior Mechanic Lienholders Oversecured Claims From The $4,000,000 Escrow Account Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)501 Motion Senior Priority Mechanic Lienholders Notice Of Motion And Motion For Order Re: Compel Chapter 7 Trustee To Pay Senior Mechanic Lienholders Oversecured Claims From The $4,000,000 Escrow Account Pursuant To The Courts Compromise Order (ECF, 517 Opposition). (Rivas, Christopher) (Entered: 11/17/2021)* |
| 11/17/2021 | 519 (40 pgs) | Declaration re: *Declaration Of Annmarie Lemento In Support Of U.S. Real Estate Credit Holdings III21-bk-11188-A, L.P.S Opposition To Mechanic Lienholders Motion For Order Re: Compel Chapter 7 Trustee To Pay Senior Mechanic Lienholders Oversecured Claims From The $4,000,000 Escrow Account Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)501 Motion Senior Priority Mechanic Lienholders Notice Of Motion And Motion For Order Re: Compel Chapter 7 Trustee To Pay Senior Mechanic Lienholders Oversecured Claims From The $4,000,000 Escrow Account Pursuant To The Courts Compromise Order (ECF, 517 Opposition). (Rivas, Christopher) (Entered: 11/17/2021)* |
| 11/17/2021 | 520 (9 pgs) | BNC Certificate of Notice (RE: related document(s)515 Notice of Assets filed by trustee and court's notice of possible dividend (BNC) filed by Trustee Richard A Marshack (TR) No. of Notices: 173. Notice Date 11/17/2021. (Admin.) (Entered: 11/17/2021) |

| 11/18/2021 | [521](#)<br>(4 pgs) | Statement *of Property Sold; with Proof of Service* Filed by Trustee Richard A Marshack (TR). (Marshack (TR), Richard) (Entered: 11/18/2021) |
| 11/23/2021 | [522](#)<br>(276 pgs) | Omnibus Objection to Claim #25,26,27,29,30,31 by Claimant Al Miller & Sons Roofing, Inc; Apple Plumbing Claim; Desert Palms Electric, Inc.; Mascorro Concrete Construction; Tandem West Glass, Inc.; Temalpakh, Inc. dba The Works Floor & Wall Claim with request for valuation of security, payment of fully secured claims, and modification of undersecured claims.. in the amount of $ 143,835.82; $225,463.30; $486,944.35; $93,209.20; $564,818.80; $70,734.00 Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP. (Rivas, Christopher) (Entered: 11/23/2021) |
| 11/23/2021 | [523](#)<br>(3 pgs) | Notice *of Objection to Claim (Al Miller)* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)[522](#) Omnibus Objection to Claim #25,26,27,29,30,31 by Claimant Al Miller & Sons Roofing, Inc; Apple Plumbing Claim; Desert Palms Electric, Inc.; Mascorro Concrete Construction; Tandem West Glass, Inc.; Temalpakh, Inc. dba The Works Floor & Wall Claim with request for valuation of security, payment of fully secured claims, and modification of undersecured claims.. in the amount of $ 143,835.82; $225,463.30; $486,944.35; $93,209.20; $564,818.80; $70,734.00 Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP.). (Rivas, Christopher) (Entered: 11/23/2021) |
| 11/23/2021 | [524](#)<br>(3 pgs) | Notice *Of Objection to Claim (Apple J)* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)[522](#) Omnibus Objection to Claim #25,26,27,29,30,31 by Claimant Al Miller & Sons Roofing, Inc; Apple Plumbing Claim; Desert Palms Electric, Inc.; Mascorro Concrete Construction; Tandem West Glass, Inc.; Temalpakh, Inc. dba The Works Floor & Wall Claim with request for valuation of security, payment of fully secured claims, and modification of undersecured claims.. in the amount of $ 143,835.82; $225,463.30; $486,944.35; $93,209.20; $564,818.80; $70,734.00 Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP.). (Rivas, Christopher) (Entered: 11/23/2021) |
| 11/23/2021 | [525](#)<br>(3 pgs) | Notice *of Objection to Claim (Desert Palms)* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)[522](#) Omnibus Objection to Claim #25,26,27,29,30,31 by Claimant Al Miller & Sons Roofing, Inc; Apple Plumbing Claim; Desert Palms Electric, Inc.; Mascorro Concrete Construction; Tandem West Glass, Inc.; Temalpakh, Inc. dba The Works Floor & Wall Claim with request for valuation of security, payment of fully secured claims, and modification of undersecured claims.. in the amount of $ 143,835.82; $225,463.30; $486,944.35; $93,209.20; $564,818.80; $70,734.00 Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP.). (Rivas, Christopher) (Entered: 11/23/2021) |
| 11/23/2021 | [526](#)<br>(3 pgs) | Notice *of Objection to Claim (Mascorro Concrete Construction)* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)[522](#) Omnibus Objection to Claim #25,26,27,29,30,31 by Claimant Al Miller & Sons Roofing, Inc; Apple Plumbing Claim; Desert Palms Electric, Inc.; Mascorro Concrete Construction; Tandem West Glass, Inc.; Temalpakh, Inc. dba The Works Floor & Wall Claim with request for valuation of security, payment of fully secured claims, and modification of undersecured claims.. in the amount of $ |

| | | |
|---|---|---|
| | | $143,835.82; $225,463.30; $486,944.35; $93,209.20; $564,818.80; $70,734.00 Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP.). (Rivas, Christopher) (Entered: 11/23/2021) |
| 11/23/2021 | 527 (3 pgs) | Notice *of Objection to Claim (Tandem West Glass, Inc.)* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)522 Omnibus Objection to Claim #25,26,27,29,30,31 by Claimant Al Miller & Sons Roofing, Inc; Apple Plumbing Claim; Desert Palms Electric, Inc.; Mascorro Concrete Construction; Tandem West Glass, Inc.; Temalpakh, Inc. dba The Works Floor & Wall Claim with request for valuation of security, payment of fully secured claims, and modification of undersecured claims.. in the amount of $ $143,835.82; $225,463.30; $486,944.35; $93,209.20; $564,818.80; $70,734.00 Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP.). (Rivas, Christopher) (Entered: 11/23/2021) |
| 11/23/2021 | 528 (3 pgs) | Notice *of Objection to Claim (Temalpakh, Inc. dba The Works Floor & Wall)* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)522 Omnibus Objection to Claim #25,26,27,29,30,31 by Claimant Al Miller & Sons Roofing, Inc; Apple Plumbing Claim; Desert Palms Electric, Inc.; Mascorro Concrete Construction; Tandem West Glass, Inc.; Temalpakh, Inc. dba The Works Floor & Wall Claim with request for valuation of security, payment of fully secured claims, and modification of undersecured claims.. in the amount of $ $143,835.82; $225,463.30; $486,944.35; $93,209.20; $564,818.80; $70,734.00 Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP.). (Rivas, Christopher) (Entered: 11/23/2021) |
| 11/24/2021 | | Hearing Set (RE: related document(s) 522 Objection to Claim filed by U.S. Real Estate Credit Holdings III-A, LP) Hearing to be held on 01/26/2022 at 10:00 AM 255 E. Temple St. Courtroom 1539 Los Angeles, CA 90012. The hearing judge is Sheri Bluebond (Jackson, Wendy Ann) (Entered: 11/24/2021) |
| 11/29/2021 | 529 (6 pgs) | Stipulation By Al Miller & Sons Roofing Co., Inc., Apple J. Plumbing, Desert Palm Electric, Inc., Mascorro Concrete Construction, Inc., Tandem West Glass, Inc., Temalpakh, Inc. dba The Works Floor & Wall and *Chapter 7 Trustee, Richard A. Marshack and Secured Creditor Calmwater/U.S. Real Estate Credit Holdings, III-A; re: Continue Senior Mechanics Lien Claimants' Motion to Compel Payment; with Proof of Service* Filed by Creditors Al Miller & Sons Roofing Co., Inc., Apple J. Plumbing, Desert Palm Electric, Inc., Mascorro Concrete Construction, Inc., Tandem West Glass, Inc., Temalpakh, Inc. dba The Works Floor & Wall (Polis, Thomas) (Entered: 11/29/2021) |
| 11/29/2021 | 530 (6 pgs) | Stipulation By U.S. Real Estate Credit Holdings III-A, LP and *Stipulation To Continue Hearing on Motion to Excuse State Court Receiver, Edwin Leslie, from Turnover of Assets Under 11 U.S.C.§ 543* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 11/29/2021) |
| 11/29/2021 | 531 (6 pgs) | Notice of lodgment *of Order Granting Stipulation To Continue Hearing On Motion To Excuse State Court Receiver, Edwin Leslie, From Turnover Of Assets Under 11 U.S.C. § 543* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)42 Motion *to Excuse State Court Receiver, Edwin Leslie, From Turnover of Assets Under 11 U.S.C. Section 543; Memorandum of Points and Authorities* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 530 Stipulation By U.S. Real Estate Credit Holdings III-A, LP and |

EXHIBIT 1, PAGE 76

| | | |
|---|---|---|
| | | *Stipulation To Continue Hearing on Motion to Excuse State Court Receiver, Edwin Leslie, from Turnover of Assets Under 11 U.S.C.§ 543* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP). (Rivas, Christopher) (Entered: 11/29/2021) |
| 11/30/2021 | 532 (5 pgs) | Notice of lodgment *re: Order Approving Stipulation Continuing Senior Mechanics Lien Claimants' Motion to Compel Payment; with Proof of Service* Filed by Creditors Al Miller & Sons Roofing Co., Inc., Apple J. Plumbing, Desert Palm Electric, Inc., Mascorro Concrete Construction, Inc., Tandem West Glass, Inc., Temalpakh, Inc. dba The Works Floor & Wall (RE: related document(s)501 Motion *Senior Priority Mechanic Lienholders Notice Of Motion And Motion For Order Re: Compel Chapter 7 Trustee To Pay Senior Mechanic Lienholders Oversecured Claims From The $4,000,000 Escrow Account Pursuant To The Courts Compromise Order (ECF No. 445) And The Courts Sale Order (ECF No. 490); with Proof of Service* Filed by Creditors Al Miller & Sons Roofing Co., Inc., Apple J. Plumbing, Desert Palm Electric, Inc., Mascorro Concrete Construction, Inc., Tandem West Glass, Inc., Temalpakh, Inc. dba The Works Floor & Wall). (Polis, Thomas) (Entered: 11/30/2021) |
| 11/30/2021 | 533 (2 pgs) | Order Approving Stipulation continuing Senior Mechanics Lien Claimant's Motion to Compel Payment; ORDERED that the hearing is continued to DECEMBER 8, 2021 @ 10AM; (BNC-PDF) (Related Doc # 530 ) Signed on 11/30/2021 (Jackson, Wendy Ann) (Entered: 11/30/2021) |
| 11/30/2021 | 534 (2 pgs) | Order Approving Stipulation to continue hearing on Motion to Excuse State Court Receiver, Edwin Leslie, from turnover of assets under 11 USC Section 543; ORDERED that the hearing is continued to DECEMBER 15, 2021 @ 10AM; (BNC-PDF) (Related Doc # 530 ) Signed on 11/30/2021 (Jackson, Wendy Ann) (Entered: 11/30/2021) |
| 11/30/2021 | | Hearing (Bk Motion) Continued (RE: related document(s) 501 GENERIC MOTION filed by Tandem West Glass, Inc.) Hearing to be held on 12/08/2021 at 10:00 AM 255 E. Temple St. Courtroom 1539 Los Angeles, CA 90012 for 501 , (Jackson, Wendy Ann) (Entered: 11/30/2021) |
| 11/30/2021 | 535 (5 pgs) | Reply to (related document(s): 516 Response filed by Trustee Richard A Marshack (TR), 517 Opposition filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) *Senior Priority Mechanic Lienholders Reply To Chapter 7 Trustees/USRECHs Opposition To Senior Mechanic Lienholders Motion To Compel Payment; with Proof of Service* Filed by Creditors Al Miller & Sons Roofing Co., Inc., Apple J. Plumbing, Desert Palm Electric, Inc., Mascorro Concrete Construction, Inc., Tandem West Glass, Inc., Temalpakh, Inc. dba The Works Floor & Wall (Polis, Thomas) (Entered: 11/30/2021) |
| 12/02/2021 | 536 (4 pgs) | Errata *Notice Of Errata Regarding Creditor U.S. Real Estate Credit Holdings III-A, LPs First Omnibus Objection To Claims Claims Not Entitled To Priority; Claims Lacking Prima Facie Evidence* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)522 Objection to Claim, 523 Notice, 524 Notice, 525 Notice, 526 Notice, 527 Notice, 528 Notice). (Rivas, Christopher) (Entered: 12/02/2021) |
| 12/02/2021 | 537 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing** |

| | | |
|---|---|---|
| | | date/time/location was selected. The pdf document page 2 has an incorrect hearing date. The hearing date should reflect 1/26/22 @ 10am; **THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE CORRECT HEARING INFORMATION.** (RE: related document(s)536 Errata filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) (Jackson, Wendy Ann) (Entered: 12/02/2021) |
| 12/02/2021 | 538<br>(4 pgs) | Errata *Notice Of Errata Regarding Creditor U.S. Real Estate Credit Holdings III-A, LPs First Omnibus Objection To Claims Claims Not Entitled To Priority; Claims Lacking Prima Facie Evidence* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)522 Objection to Claim, 523 Notice, 524 Notice, 525 Notice, 526 Notice, 527 Notice, 528 Notice). (Rivas, Christopher) (Entered: 12/02/2021) |
| 12/02/2021 | 539<br>(6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)533 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 12/02/2021. (Admin.) (Entered: 12/02/2021) |
| 12/02/2021 | 540<br>(6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)534 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 12/02/2021. (Admin.) (Entered: 12/02/2021) |
| 12/08/2021 | 541<br>(2 pgs) | Order Granting Chapter 7 Trustee's Motion for Order Extending Time to assume or reject executory contracts; ORDERED that the deadline is extended to 2/14/22; (BNC-PDF) (Related Doc # 511 ) Signed on 12/8/2021 (Jackson, Wendy Ann) (Entered: 12/08/2021) |
| 12/08/2021 | 542 | Hearing Held (Bk Motion) (RE: related document(s) 511 Motion to Extend Time); RULING - GRANTED; TENTATIVE IS THE RULING; ORDER TO FOLLOW (Jackson, Wendy Ann) (Entered: 12/08/2021) |
| 12/08/2021 | | Hearing (Bk Motion) Continued (RE: related document(s) 501 GENERIC MOTION filed by Tandem West Glass, Inc.) Hearing to be held on 01/26/2022 at 10:00 AM 255 E. Temple St. Courtroom 1539 Los Angeles, CA 90012 for 501 , (Jackson, Wendy Ann) (Entered: 12/08/2021) |
| 12/10/2021 | 543<br>(6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)541 Order on Motion to Extend Time (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 12/10/2021. (Admin.) (Entered: 12/10/2021) |
| 12/14/2021 | 544<br>(6 pgs) | Stipulation By Richard A Marshack (TR) and *U.S. Real Estate Credit Holdings III-A, LP, and Edwin W. Leslie to Continue Hearing on Motion to Excuse State Court Receiver, Edwin Leslie from Turnover of Assets Under 11 U.S.C. Section 543, with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 12/14/2021) |
| 12/14/2021 | 545<br>(7 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)544 Stipulation By Richard A Marshack (TR) and *U.S. Real Estate Credit Holdings III-A, LP, and Edwin W. Leslie to Continue Hearing on Motion to Excuse State Court Receiver, Edwin Leslie from Turnover of Assets Under 11 U.S.C. Section 543, with Proof* |

EXHIBIT 1, PAGE 78

| | | |
|---|---|---|
| | | *of Service* Filed by Trustee Richard A Marshack (TR)). (Haes, Chad) (Entered: 12/14/2021) |
| 12/14/2021 | 546 (2 pgs) | Order Approving Stipulation to continue hearing on Motion to Excuse State Court Receiver, Edwin Leslie, from turnover of assets under 11 USC Section 543; ORDERED that the hearing is continued to JANUARY 12, 2022 @ 10AM; (BNC-PDF) (Related Doc # 544 ) Signed on 12/14/2021 (Jackson, Wendy Ann) (Entered: 12/14/2021) |
| 12/16/2021 | 547 (6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)546 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 12/16/2021. (Admin.) (Entered: 12/16/2021) |
| 12/30/2021 | 548 (6 pgs) | Stipulation By Richard A Marshack (TR) and *U.S. Real Estate Credit Holdings III-A, LP and Edwin Leslie to Vacate Hearing on Motion to Excuse State Court Receiver, Edwin Leslie, from Turnover of Assets Under 11 U.S.C. Section 543, with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 12/30/2021) |
| 12/30/2021 | 549 (7 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)548 Stipulation By Richard A Marshack (TR) and *U.S. Real Estate Credit Holdings III-A, LP and Edwin Leslie to Vacate Hearing on Motion to Excuse State Court Receiver, Edwin Leslie, from Turnover of Assets Under 11 U.S.C. Section 543, with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Haes, Chad) (Entered: 12/30/2021) |
| 01/03/2022 | 550 (2 pgs) | Order Approving Stipulation to vacate hearing on Motion to Excuse State Court Receiver, Edwin Leslie, from turnover of assets under 11 USC Section 543; ORDERED that the hearing scheduled for 1/12/22 @ 10am is VACATED; SEE ORDER FOR FURTHER DETAILS; (BNC-PDF) (Related Doc # 548 ) Signed on 1/3/2022 (Jackson, Wendy Ann) (Entered: 01/03/2022) |
| 01/05/2022 | 551 (6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)550 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 01/05/2022. (Admin.) (Entered: 01/05/2022) |
| 01/12/2022 | 552 (14 pgs) | Reply to (related document(s): 522 Objection to Claim filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) *Senior Secured Mechanics Lien Claimants Omnibus Response To USRECH/Calmwaters Claims Objections To Claim Nos.: Al Miller & Sons Roofing Co., Inc. (25-1); Apple J Plumbing (26-1); Desert Palms Electric, Inc. (27-1); Mascorro Concrete Construction (29-1); Tandem West Glass, Inc. (30-1); Temalpakh, Inc. dba The Works Floor & Wall (31-1) (ECF No. 522); with Proof of Service* Filed by Creditors Al Miller & Sons Roofing Co., Inc., Apple J. Plumbing, Desert Palm Electric, Inc., Mascorro Concrete Construction, Inc., Tandem West Glass, Inc., Temalpakh, Inc. dba The Works Floor & Wall (Polis, Thomas) (Entered: 01/12/2022) |
| 01/12/2022 | 553 (88 pgs; 13 docs) | Declaration re: *Declaration Of Russ Miller Of Al Miller & Sons Roofing Co, Inc, In Support Of Senior Priority Mechanic Lienholders Response To Usrech/Calmwaters Claim Objection ; with Proof of Service* Filed by Creditor Al Miller & Sons Roofing Co., Inc. (RE: related document(s)552 Reply). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 |

| | | |
|---|---|---|
| | | Exhibit H # [9](#) Exhibit I # [10](#) Exhibit J # [11](#) Exhibit K # [12](#) Exhibit L) (Polis, Thomas) (Entered: 01/12/2022) |
| 01/12/2022 | [554](#)<br>(38 pgs; 6 docs) | Declaration re: *Declaration Of Jeffrey Apple Of Apple J Plumbing In Support Of Senior Priority Mechanic Lienholders Response To Usrech/Calmwaters Claim Objection; with Proof of Service* Filed by Creditor Apple J. Plumbing (RE: related document(s)[552](#) Reply). (Attachments: # [1](#) Exhibit A # [2](#) Exhibit B # [3](#) Exhibit C # [4](#) Exhibit D # [5](#) Exhibit E) (Polis, Thomas) (Entered: 01/12/2022) |
| 01/12/2022 | [555](#)<br>(90 pgs; 6 docs) | Declaration re: *Declaration Of Hy Faulkner Of Desert Palms Electric, Inc. In Support Of Senior Priority Mechanic Lienholders Response To Usrech/Calmwaters Claim Objection ; with Proof of Service* Filed by Creditor Desert Palm Electric, Inc. (RE: related document(s)[552](#) Reply). (Attachments: # [1](#) Exhibit A # [2](#) Exhibit B # [3](#) Exhibit C # [4](#) Exhibit D # [5](#) Exhibit E) (Polis, Thomas) (Entered: 01/12/2022) |
| 01/12/2022 | [556](#)<br>(50 pgs; 6 docs) | Declaration re: *Declaration Of Gina Mascorro Of Mascorro Concrete Construction In Support Of Senior Priority Mechanic Lienholders Response To Usrech/Calmwaters Claim Objection ; with Proof of Service* Filed by Creditor Mascorro Concrete Construction, Inc. (RE: related document(s)[552](#) Reply). (Attachments: # [1](#) Exhibit A # [2](#) Exhibit B # [3](#) Exhibit C # [4](#) Exhibit D # [5](#) Exhibit E) (Polis, Thomas) (Entered: 01/12/2022) |
| 01/12/2022 | [557](#)<br>(194 pgs; 25 docs) | Declaration re: *Declaration Of Phil Nelissen Of Tandem West Glass In Support Of Senior Priority Mechanic Lienholders Response To Usrech/Calmwaters Claim Objection; with Proof of Service* Filed by Creditor Tandem West Glass, Inc. (RE: related document(s)[552](#) Reply). (Attachments: # [1](#) Exhibit A # [2](#) Exhibit B # [3](#) Exhibit C # [4](#) Exhibit D # [5](#) Exhibit E # [6](#) Exhibit F # [7](#) Exhibit G # [8](#) Exhibit H # [9](#) Exhibit I # [10](#) Exhibit J # [11](#) Exhibit K # [12](#) Exhibit L # [13](#) Exhibit M # [14](#) Exhibit N # [15](#) Exhibit O # [16](#) Exhibit P # [17](#) Exhibit Q # [18](#) Exhibit R # [19](#) Exhibit S # [20](#) Exhibit T # [21](#) Exhibit U # [22](#) Exhibit V # [23](#) Exhibit W # [24](#) Exhibit X) (Polis, Thomas) (Entered: 01/12/2022) |
| 01/12/2022 | [558](#)<br>(44 pgs; 6 docs) | Declaration re: *Declaration Of Michael Collins Of Temalpakh, Inc. Dba The Works Floor & Wall In Support Of Senior Priority Mechanic Lienholders Response To Usrech/Calmwaters Claim Objection; with Proof of Service* Filed by Creditor Temalpakh, Inc. dba The Works Floor & Wall (RE: related document(s)[552](#) Reply). (Attachments: # [1](#) Exhibit A # [2](#) Exhibit B # [3](#) Exhibit C # [4](#) Exhibit D # [5](#) Exhibit E) (Polis, Thomas) (Entered: 01/12/2022) |
| 01/12/2022 | [559](#)<br>(8 pgs; 2 docs) | Declaration re: *Declaration Of Doug Wall Of Doug Wall Construction In Support Of Senior Priority Mechanic Lienholders Response To Usrech/Calmwaters Claim Objection; with Proof of Service* Filed by Creditors Al Miller & Sons Roofing Co., Inc., Apple J. Plumbing, Desert Palm Electric, Inc., Mascorro Concrete Construction, Inc., Tandem West Glass, Inc., Temalpakh, Inc. dba The Works Floor & Wall (RE: related document(s)[552](#) Reply). (Attachments: # [1](#) Exhibit A) (Polis, Thomas) (Entered: 01/12/2022) |
| 01/12/2022 | [560](#)<br>(342 pgs; 7 docs) | Request for judicial notice *Re: Mechanics Lien Claimants Response to Usrech/calmwaters Claim Objection; with Proof of Service* Filed by Creditors Al Miller & Sons Roofing Co., Inc., Desert Palm Electric, Inc., Mascorro Concrete Construction, Inc., Tandem West Glass, Inc., Temalpakh, Inc. dba The Works Floor & Wall (RE: related |

EXHIBIT 1, PAGE 80

| | | |
|---|---|---|
| | | document(s)552 Reply). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F) (Polis, Thomas) (Entered: 01/12/2022) |
| 01/13/2022 | 561 (4 pgs) | Notice *Senior Mechanics Lien Claimants Al Miller & Sons Roofings And Tandem West Glass Notice Of State Court Counsel Association; with Proof of Service* Filed by Creditors Al Miller & Sons Roofing Co., Inc., Tandem West Glass, Inc.. (Polis, Thomas) (Entered: 01/13/2022) |
| 01/13/2022 | 562 (8 pgs) | Declaration re: *Holographic Signature Of Declaration Of Russ Miller Of Al Miller & Sons Roofing Co, Inc, In Support Of Senior Priority Mechanic Lienholders Response To Usrech/Calmwaters Claim Objection (ECF No. 553); with Proof of Service* Filed by Creditor Al Miller & Sons Roofing Co., Inc. (RE: related document(s)553 Declaration). (Polis, Thomas) (Entered: 01/13/2022) |
| 01/13/2022 | 563 (7 pgs) | Declaration re: *Holographic Signature Of Declaration Of Jeffrey Apple Of Apple J Plumbing In Support Of Senior Priority Mechanic Lienholders Response To Usrech/Calmwaters Claim Objection (ECF N0. 554); with Proof of Service* Filed by Creditor Apple J. Plumbing (RE: related document(s)554 Declaration). (Polis, Thomas) (Entered: 01/13/2022) |
| 01/13/2022 | 564 (6 pgs) | Declaration re: *Holographic Signature Of Declaration Of Gina Mascorro Of Mascorro Concrete Construction In Support Of Senior Priority Mechanic Lienholders Response To Usrech/Calmwaters Claim Objection (ECF No. 556); with Proof of Service* Filed by Creditor Mascorro Concrete Construction, Inc. (RE: related document(s)556 Declaration). (Polis, Thomas) (Entered: 01/13/2022) |
| 01/13/2022 | 565 (11 pgs) | Declaration re: *Holographic Signature Of Declaration Of Phil Nelissen Of Tandem West Glass In Support Of Senior Priority Mechanic Lienholders Response To Usrech/Calmwaters Claim Objection (ECF No. 557); with Proof of Service* Filed by Creditor Tandem West Glass, Inc. (RE: related document(s)557 Declaration). (Polis, Thomas) (Entered: 01/13/2022) |
| 01/14/2022 | 566 (7 pgs) | Declaration re: *Holographic Signature Of Declaration Of Michael Collins Of Temalpakh Dba The Works Floor & Wall In Support Of Senior Priority Mechanic Lienholders Response To Usrech/Calmwaters Claim Objection (ECF No. 558); with Proof of Service* Filed by Creditor Temalpakh, Inc. dba The Works Floor & Wall (RE: related document(s)558 Declaration). (Polis, Thomas) (Entered: 01/14/2022) |
| 01/18/2022 | 567 (6 pgs) | Reply to (related document(s): 522 Objection to Claim filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 523 Notice filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 524 Notice filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 525 Notice filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 526 Notice filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 527 Notice filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 528 Notice filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) *Preliminary Reply Of U.S. Real Estate Credit Holdings III-A, LP To Opposition To Omnibus Objection And Request To Treat Initial Hearing As Status Conference (L.B.R. 3007-1(b)(5))* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 01/18/2022) |
| 01/18/2022 | 568 | Motion *Application Of U.S. Real Estate Credit Holdings III-A, LP For* |

| | | |
|---|---|---|
| | (15 pgs) | *An Order Continuing Hearing On Omnibus Claim Objections; Declaration Of Christopher O. Rivas* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher). Related document(s) 522 Objection to Claim filed by Creditor U.S. Real Estate Credit Holdings III-A, LP. Modified on 1/18/2022 to link the document to the Objection to Claim; (Jackson, Wendy Ann). (Entered: 01/18/2022) |
| 01/19/2022 | 569 | Hearing Set (RE: related document(s)568 Generic Motion filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) The Hearing date is set for 1/26/2022 at 10:00 AM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond (Jackson, Wendy Ann) (Entered: 01/19/2022) |
| 01/20/2022 | 570 (10 pgs) | Opposition to (related document(s): 567 Reply filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 568 Motion *Application Of U.S. Real Estate Credit Holdings III-A, LP For An Order Continuing Hearing On Omnibus Claim Objections; Declaration Of Christopher O. Rivas* filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) *Senior Secured Mechanics Lien Holders Opposition to USRECH/Calmwaters Motion for Order Continuing January 26, 2022 Claims Objection Hearing (ECF No. 567) and Objection to Converting the Omnibus Claims Objection to an Adversary Proceeding (ECF No. 568); Declaration of Thomas J. Polis, Esq. In Support; with Proof of Service* Filed by Creditors Al Miller & Sons Roofing Co., Inc., Apple J. Plumbing, Desert Palm Electric, Inc., Mascorro Concrete Construction, Inc., Tandem West Glass, Inc., Temalpakh, Inc. dba The Works Floor & Wall (Polis, Thomas) (Entered: 01/20/2022) |
| 01/20/2022 | 571 (5 pgs; 2 docs) | Declaration re: *Doug Wall In Support Of Senior Secured Mechanics Lien Holders Opposition To USRECH/Calmwaters Motion For Order Continuing January 26, 2022 Claims Objection Hearing (ECF No. 567) And Objection To Converting The Omnibus Claims Objection To An Adversary Proceeding (ECF No. 568); with Proof of Service* Filed by Creditors Al Miller & Sons Roofing Co., Inc., Apple J. Plumbing, Desert Palm Electric, Inc., Mascorro Concrete Construction, Inc., Tandem West Glass, Inc., Temalpakh, Inc. dba The Works Floor & Wall (RE: related document(s)570 Opposition). (Attachments: # 1 Exhibit "1") (Polis, Thomas) (Entered: 01/20/2022) |
| 01/20/2022 | 572 (4 pgs) | Declaration re: *Marc S. Homme In Support Of Senior Secured Mechanics Lien Holders Opposition To USRECH/Calmwaters Motion For Order Continuing January 26, 2022 Claims Objection Hearing (ECF No. 567) And Objection To Converting The Omnibus Claims Objection To An Adversary Proceeding (ECF No. 568); with Proof of Service* Filed by Creditors Al Miller & Sons Roofing Co., Inc., Apple J. Plumbing, Desert Palm Electric, Inc., Mascorro Concrete Construction, Inc., Tandem West Glass, Inc., Temalpakh, Inc. dba The Works Floor & Wall (RE: related document(s)570 Opposition). (Polis, Thomas) (Entered: 01/20/2022) |
| 01/21/2022 | 573 (7 pgs) | Reply to (related document(s): 567 Reply filed by Creditor U.S. Real Estate Credit Holdings III-A, LP, 570 Opposition filed by Creditor Al Miller & Sons Roofing Co., Inc., Creditor Desert Palm Electric, Inc., Creditor Apple J. Plumbing, Creditor Mascorro Concrete Construction, Inc., Creditor Temalpakh, Inc. dba The Works Floor & Wall, Creditor Tandem West Glass, Inc.) *Reply Of U.S. Real Estate Credit Holdings III-A, LP To Opposition Of Disputed Claimants To Continuance Of Hearing And Conversion To Adversary Proceeding* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 01/21/2022) |

| | | |
|---|---|---|
| 01/21/2022 | **574**<br>(8 pgs) | Reply to (related document(s): 571 Declaration filed by Creditor Al Miller & Sons Roofing Co., Inc., Creditor Desert Palm Electric, Inc., Creditor Apple J. Plumbing, Creditor Mascorro Concrete Construction, Inc., Creditor Temalpakh, Inc. dba The Works Floor & Wall, Creditor Tandem West Glass, Inc., 572 Declaration filed by Creditor Al Miller & Sons Roofing Co., Inc., Creditor Desert Palm Electric, Inc., Creditor Apple J. Plumbing, Creditor Mascorro Concrete Construction, Inc., Creditor Temalpakh, Inc. dba The Works Floor & Wall, Creditor Tandem West Glass, Inc.) *Evidentiary Objections To Declarations Of Marc S. Homme And Doug Wall* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 01/21/2022) |
| 01/21/2022 | 575 | Notice to Filer of Error and/or Deficient Document **Incorrect docket event was used to file this document. The correct docket event is: OBJECTION; THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT USING THE CORRECT DOCKET EVENT.** (RE: related document(s)574 Reply filed by Creditor U.S. Real Estate Credit Holdings III-A, LP) (Jackson, Wendy Ann) (Entered: 01/21/2022) |
| 01/24/2022 | **576**<br>(8 pgs) | Objection (related document(s): 571 Declaration filed by Creditor Al Miller & Sons Roofing Co., Inc., Creditor Desert Palm Electric, Inc., Creditor Apple J. Plumbing, Creditor Mascorro Concrete Construction, Inc., Creditor Temalpakh, Inc. dba The Works Floor & Wall, Creditor Tandem West Glass, Inc., 572 Declaration filed by Creditor Al Miller & Sons Roofing Co., Inc., Creditor Desert Palm Electric, Inc., Creditor Apple J. Plumbing, Creditor Mascorro Concrete Construction, Inc., Creditor Temalpakh, Inc. dba The Works Floor & Wall, Creditor Tandem West Glass, Inc.) *Evidentiary Objections To Declarations Of Marc S. Homme And Doug Wall* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (Rivas, Christopher) (Entered: 01/24/2022) |
| 01/24/2022 | **577**<br>(6 pgs) | Declaration re: *Holographic Signature Of Declaration Of Hy Faulkner Of Desert Palms Electric In Support Of Senior Priority Mechanic Lienholders Response To Usrech/Calmwaters Claim Objection (ECF NO. 555); with Proof of Servce* Filed by Creditor Desert Palm Electric, Inc. (RE: related document(s)555 Declaration). (Polis, Thomas) (Entered: 01/24/2022) |
| 01/26/2022 | 578 | Trustee Certification of Services Rendered Under 11 U.S.C. Section 330(e). I rendered the following service in the case and am eligible for payment under 11 U.S.C. Section 330(e): Filed a Notice of Assets. I declare under penalty of perjury that the foregoing is true and correct. (Executed on 1/26/2022). Filed by Trustee Richard A Marshack (TR) (RE: related document(s)515 Notice of Assets filed by trustee and court's notice of possible dividend (BNC) Filed by Trustee Richard A Marshack (TR). Proofs of Claims due by 2/15/2022. (Marshack (TR), Richard) filed by Trustee Richard A Marshack (TR)). (Marshack (TR), Richard) (Entered: 01/26/2022) |
| 01/27/2022 | | Hearing Rescheduled/Continued (Motion) (BK Case - BNC Option) (RE: related document(s) 501 GENERIC MOTION filed by Tandem West Glass, Inc.) Hearing to be held on 03/29/2022 at 02:00 PM 255 E. Temple St. Courtroom 1539 Los Angeles, CA 90012 for 501 , (Pennington-Jones, Patricia) (Entered: 01/27/2022) |
| 01/27/2022 | | Hearing Rescheduled/Continued (Motion) (BK Case - BNC Option) (RE: related document(s) 522 OBJECTION TO CLAIM filed by U.S. Real Estate Credit Holdings III-A, LP) Hearing to be held on 03/29/2022 at 02:00 PM 255 E. Temple St. Courtroom 1539 Los Angeles, CA 90012 for 522 , (Pennington-Jones, Patricia) (Entered: 01/27/2022) |

| | | |
|---|---|---|
| 01/28/2022 | 579 | Hearing Held (RE: related document(s)568 Generic Motion filed by Creditor U.S. Real Estate Credit Holdings III-A, LP); RULING GRANTED; ORDER TO FOLLOW (Pennington-Jones, Patricia) (Entered: 01/28/2022) |
| 01/31/2022 | 580 (107 pgs) | Motion to Abandon *Chapter 7 Trustee's Motion to Abandon the Estate's Interest in Personal Property; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service*. Fee Amount $188 Filed by Trustee Richard A Marshack (TR) (Hays, D) (Entered: 01/31/2022) |
| 01/31/2022 | | Receipt of Motion to Abandon( 2:21-bk-11188-BB) [motion,mabn] ( 188.00) Filing Fee. Receipt number A53884612. Fee amount 188.00. (re: Doc# 580) (U.S. Treasury) (Entered: 01/31/2022) |
| 01/31/2022 | 581 (13 pgs) | Notice of motion/application Filed by Trustee Richard A Marshack (TR) (RE: related document(s)580 Motion to Abandon *Chapter 7 Trustee's Motion to Abandon the Estate's Interest in Personal Property; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service*. Fee Amount $188 Filed by Trustee Richard A Marshack (TR)). (Hays, D) (Entered: 01/31/2022) |
| 01/31/2022 | 582 | Hearing Set (RE: related document(s)580 Motion to Abandon filed by Trustee Richard A Marshack (TR)) The Hearing date is set for 3/2/2022 at 10:00 AM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond (Jackson, Wendy Ann) (Entered: 01/31/2022) |
| 02/08/2022 | 583 (129 pgs) | Motion to Extend Time *Chapter 7 Trustee's Motion for Order Extending Time to Assume or Reject Executory Contracts; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 02/08/2022) |
| 02/08/2022 | 584 (15 pgs) | Notice of motion/application Filed by Trustee Richard A Marshack (TR) (RE: related document(s)583 Motion to Extend Time *Chapter 7 Trustee's Motion for Order Extending Time to Assume or Reject Executory Contracts; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Haes, Chad) (Entered: 02/08/2022) |
| 02/08/2022 | 585 | Hearing Set (RE: related document(s)583 Motion to Extend Time filed by Trustee Richard A Marshack (TR)) The Hearing date is set for 3/2/2022 at 10:00 AM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond (Jackson, Wendy Ann) (Entered: 02/08/2022) |
| 02/10/2022 | 586 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Nirschl, Dustin. (Nirschl, Dustin) (Entered: 02/10/2022) |
| 02/16/2022 | 587 (3 pgs) | Proof of service by Mail re Proof of Claim No. 51 Filed by Creditor Silhouette Outdoor Furniture Inc . (Collins, Kim S.) (Entered: 02/16/2022) |
| 02/17/2022 | 588 (277 pgs) | Adversary case 2:22-ap-01045. Complaint by U.S. Real Estate Credit Holdings III-A, LP against Al Miller & Sons Roofing Co., Inc., Apple J. Plumbing, Desert Palms Electric, Inc., Mascorro Concrete Construction, Inc., Tandem West Glass, Inc., Temalpakh, Inc. dba The Works Floor & Wall. Fee Amount $350 Nature of Suit: (21 (Validity, priority or extent of |

| | | lien or other interest in property)) (Rivas, Christopher) (Entered: 02/17/2022) |
|---|---|---|
| 02/24/2022 | [589](#)<br>(4 pgs) | Notice *of Increased Hourly Rates Charged by Marshack Hays LLP; with Proof of Service* Filed by Trustee Richard A Marshack (TR). (Hays, D) (Entered: 02/24/2022) |
| 03/04/2022 | [590](#)<br>(7 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[580](#) Motion to Abandon *Chapter 7 Trustee's Motion to Abandon the Estate's Interest in Personal Property; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service*. Fee Amount $188). (Hays, D) (Entered: 03/04/2022) |
| 03/04/2022 | [591](#)<br>(8 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[583](#) Motion to Extend Time *Chapter 7 Trustee's Motion for Order Extending Time to Assume or Reject Executory Contracts; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service*). (Hays, D) (Entered: 03/04/2022) |
| 03/07/2022 | 592 | Hearing Held (RE: related document(s)[583](#) Motion to Extend Time filed by Trustee Richard A Marshack (TR)); - RULING - GRANTED; TENTATIVE IS THE RULING; ORDER TO FOLLOW (Pennington-Jones, Patricia) (Entered: 03/07/2022) |
| 03/07/2022 | 593 | Hearing Held (RE: related document(s)[580](#) Motion to Abandon filed by Trustee Richard A Marshack (TR))RULING - GRANTED; TENTATIVE IS THE RULING; ORDER TO FOLLOW (Pennington-Jones, Patricia) (Entered: 03/07/2022) |
| 03/07/2022 | [594](#)<br>(2 pgs) | Order Granting Chapter 7 Trustee's Motion To Abandon The Estate's Interest In Personal Property (BNC-PDF) (Related Doc # [580](#) ) Signed on 3/7/2022 (Pennington-Jones, Patricia) (Entered: 03/07/2022) |
| 03/07/2022 | [595](#)<br>(2 pgs) | Order Granting Chapter 7 Trustee's Motion For Order Extending Time To Assume Or Reject Executory Contracts (BNC-PDF) (Related Doc # [583](#) ) Signed on 3/7/2022 (Pennington-Jones, Patricia) (Entered: 03/07/2022) |
| 03/09/2022 | [596](#)<br>(129 pgs) | Motion For Contempt *Motion for Issuance of Order to Show Cause re: Contempt of Sale Order; Memorandum of Points and Authorities; and Declaration of D. Edward Hays; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 03/09/2022) |
| 03/09/2022 | [597](#)<br>(6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[594](#) Order on Motion to Abandon (BNC-PDF)) No. of Notices: 1. Notice Date 03/09/2022. (Admin.) (Entered: 03/09/2022) |
| 03/09/2022 | [598](#)<br>(6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[595](#) Order on Motion to Extend Time (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 03/09/2022. (Admin.) (Entered: 03/09/2022) |
| 03/16/2022 | [599](#)<br>(8 pgs) | Objection (related document(s): [596](#) Motion For Contempt *Motion for Issuance of Order to Show Cause re: Contempt of Sale Order; Memorandum of Points and Authorities; and Declaration of D. Edward Hays; with Proof of Service* filed by Trustee Richard A Marshack (TR)) Filed by Plaintiffs THE COACHELLA LIGHTHOUSE, LLC, Quonset Partners, LLC (Imoisili, Aluyah) (Entered: 03/16/2022) |

| | | |
|---|---|---|
| 03/17/2022 | 600<br>(8 pgs) | Notice of lodgment *of [PROPOSED] Order to Show Cause re: Contempt of Sale Order; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)596 Motion For Contempt *Motion for Issuance of Order to Show Cause re: Contempt of Sale Order; Memorandum of Points and Authorities; and Declaration of D. Edward Hays; with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Haes, Chad) (Entered: 03/17/2022) |
| 03/22/2022 | 601<br>(2 pgs) | Order Setting Hearing On Whether Order To Show Cause Should Be Issued. A hearing on whether to issue the order to show cause re contempt of sale order will be held on April 12, 2022 at 10:00 a.m. (BNC-PDF) (Related Doc # 596 ) Signed on 3/22/2022 (Pennington-Jones, Patricia) (Entered: 03/22/2022) |
| 03/22/2022 | | Hearing Set (RE: related document(s) 601 Order on Motion for Contempt (BNC-PDF) ) Hearing to be held on 04/12/2022 at 10:00 AM 255 E. Temple St. Courtroom 1539 Los Angeles, CA 90012. The hearing judge is Sheri Bluebond (Pennington-Jones, Patricia) (Entered: 03/22/2022) |
| 03/23/2022 | 602<br>(23 pgs) | Stipulation By Richard A Marshack (TR) and *U.S. Real Estate Credit Holdings III-A, LP Authorizing Chapter 7 Trustee's Release of Funds From Escrow Pursuant to the Compromise Order [Dk 445] and the Sale Order 490; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 03/23/2022) |
| 03/23/2022 | 603<br>(23 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)602 Stipulation By Richard A Marshack (TR) and *U.S. Real Estate Credit Holdings III-A, LP Authorizing Chapter 7 Trustee's Release of Funds From Escrow Pursuant to the Compromise Order [Dk 445] and the Sale Order 490; with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Haes, Chad) (Entered: 03/23/2022) |
| 03/24/2022 | 604<br>(7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)601 Order on Motion for Contempt (BNC-PDF)) No. of Notices: 1. Notice Date 03/24/2022. (Admin.) (Entered: 03/24/2022) |
| 03/25/2022 | 605<br>(3 pgs) | Notice of Change of Address . (Selth, James) (Entered: 03/25/2022) |
| 03/25/2022 | 606<br>(2 pgs) | Order Approving Stipulation Authorizing Chapter 7 Trustee's Release Of Funds From Escrow Pursuant To The Compromise Order (Dk. No. 445) And The Sale Order (Dk. No. 490) (BNC-PDF) (Related Doc # 602 ) Signed on 3/25/2022 (Evangelista, Maria) (Entered: 03/25/2022) |
| 03/25/2022 | 607<br>(3 pgs) | Notice of Change of Address . (Weintraub, Daniel) (Entered: 03/25/2022) |
| 03/27/2022 | 608<br>(7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)606 Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 1. Notice Date 03/27/2022. (Admin.) (Entered: 03/27/2022) |
| 03/31/2022 | 609 | Hearing Held on 3-29-22 re 501 Senior Priority Mechanic Lienholders Motion For Order Re: Compel Chapter 7 Trustee To Pay Senior Mechanic Lienholders Oversecured Claims From The $4,000,000 Escrow Account Pursuant To The Courts Compromise Order (ECF No. 445) And The Courts |

|  |  | Sale Order: RULING - WITHDRAWN. WILL FILE NOTICE OF WITHDRAWAL; (Evangelista, Maria) (Entered: 03/31/2022) |
|---|---|---|
| 03/31/2022 | 610 | Hearing Held on 3-29-22 re 522 Creditor U.S. Real Estate Credit Holdings, III-A, LP's First Ominbus Objection to Claims - Claims not Entitled to Priority; Claims Lacking Prima Facie Evidence CLAIM NOS. CLAIMANT 25 Al Miller & Sons Roofing, Inc 26 Apple Plumbing Claim; 27 Desert Palms Electric, Inc.; 29 Mascorro Concrete Construction 30 Tandem West Glass, Inc. 31 Temalpakh, Inc. dba The Works Floor & Wall: RULING - WITHDRAWN. WILL FILE NOTICE OF WITHDRAWAL; (Evangelista, Maria) (Entered: 03/31/2022) |
| 04/01/2022 | 611 (3 pgs) | Withdrawal re: *Omnibus Objection To Claims In Light Of Pending Adversary Proceeding [Docket No. 522]* Filed by Creditor U.S. Real Estate Credit Holdings III-A, LP (RE: related document(s)522 Objection to Claim). (Rivas, Christopher) (Entered: 04/01/2022) |
| 04/05/2022 | 612 (4 pgs) | Withdrawal re: *Senior Secured Mechanics Lien Holders Notice of Voluntary Withdrawal of Motion for Order re Compel Chapter 7 Trustee to Pay Mechanic Lienholders Oversecured Claims from $4,000,000 Escrow Account (ECF NO. 501); with proof of service* Filed by Creditors Al Miller & Sons Roofing Co., Inc., Apple J. Plumbing, Desert Palm Electric, Inc., Mascorro Concrete Construction, Inc., Tandem West Glass, Inc., Temalpakh, Inc. dba The Works Floor & Wall (RE: related document(s)501 Motion *Senior Priority Mechanic Lienholders Notice Of Motion And Motion For Order Re: Compel Chapter 7 Trustee To Pay Senior Mechanic Lienholders Oversecured Claims From The $4,000,000 Escrow Account Pursuant To The Courts Compromise Order (ECF). (Polis, Thomas) (Entered: 04/05/2022)* |
| 04/14/2022 | 613 (23 pgs) | Stipulation By Richard A Marshack (TR) and *U.S. Real Estate Credit Holdings III-A, LP Authorizing Chapter 7 Trustee's Release of Funds from Escrow Pursuant to the Compromise Order (Dk No. 445) and the Sale Order (Dk. No. 490); with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 04/14/2022) |
| 04/14/2022 | 614 (23 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)613 Stipulation By Richard A Marshack (TR) and *U.S. Real Estate Credit Holdings III-A, LP Authorizing Chapter 7 Trustee's Release of Funds from Escrow Pursuant to the Compromise Order (Dk No. 445) and the Sale Order (Dk. No. 490); with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Haes, Chad) (Entered: 04/14/2022) |
| 04/15/2022 | 615 (2 pgs) | Order Approving Stipulation Authorizing Chapter 7 Trustees Release Of Funds From Escrow Pursuant To The Compromise Order (Dk. No. 445) And The Sale Order (Dk. No. 490) (BNC-PDF) (Related Doc # 613 ) Signed on 4/15/2022 (Evangelista, Maria) (Entered: 04/15/2022) |
| 04/15/2022 | 616 | Hearing Held on 4-12-22 re 601 Hearing On Whether Order To Show Cause re Contempt of Sale: RULING - Order to follow from Mr Hays deeming motion withdrawn and clarifying reserving right to seek sanctions; (Evangelista, Maria) (Entered: 04/15/2022) |
| 04/15/2022 | 617 (7 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)596 Motion For Contempt *Motion For Issuance of Order to Show Cause re: Contempt of Sale Order; Memorandum of Points and Authorities; and Declaration of D. Edward Hays; with Proof of Service* |

EXHIBIT 1, PAGE 87

| | | |
|---|---|---|
| | | Filed by Trustee Richard A Marshack (TR)). (Hays, D) (Entered: 04/15/2022) |
| 04/15/2022 | **618** (81 pgs) | Motion for 2004 Examination *Chapter 7 Trustee's Notice of Motion and Motion for Examination and Document Production by Elliot B. Lander Pursuant to Federal Rule of Bankruptcy Procedure 2004; Memorandum of Points and Authorities; Declaration of D. Edward Hays in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Hays, D) (Entered: 04/15/2022) |
| 04/15/2022 | **619** (81 pgs) | Motion for 2004 Examination *Chapter 7 Trustee's Notice of Motion and Motion for Examination and Document Production of Stuart Rubin Pursuant to Federal Rule of Bankruptcy Procedure 2004; Memorandum of Points and Authorities; Declaration of D. Edward Hays in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Hays, D) (Entered: 04/15/2022) |
| 04/17/2022 | **620** (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)615 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 04/17/2022. (Admin.) (Entered: 04/17/2022) |
| 04/18/2022 | **621** (2 pgs) | Order Re: Chapter 7 Trustees Motion for Issuance of Order To Show Cause Re: Contempt Of Sale Order; IT IS HEREBY ORDERED that: 1) The Application is deemed withdrawn without prejudice; 2) Quonset cannot violate or collaterally attack the Sale Order; and 3) Trustees right to seek sanctions for alleged past or future violations of the Sale Order are preserved. (BNC-PDF) (Related Doc # 596 ) Signed on 4/18/2022 (Evangelista, Maria) (Entered: 04/18/2022) |
| 04/20/2022 | **622** (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)621 Order on Motion for Contempt (BNC-PDF)) No. of Notices: 1. Notice Date 04/20/2022. (Admin.) (Entered: 04/20/2022) |
| 04/20/2022 | **623** (2 pgs) | Order Granting Motion For Examination and Document Production of Elliot B. Lander Pursuant to Federal Rule of Bankruptcy Procedure 2004 (PDF-BNC) (Related Doc # 618 ) Signed on 4/20/2022 (Evangelista, Maria) (Entered: 04/20/2022) |
| 04/20/2022 | **624** (2 pgs) | Order Granting Motion For Examination And Document Production Of Stuart Rubin Pursuant To Federal Rule of Bankruptcy Procedure 2004(PDF-BNC) (Related Doc # 619 ) Signed on 4/20/2022 (Evangelista, Maria) (Entered: 04/20/2022) |
| 04/23/2022 | **625** (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)623 Order on Motion for Examination (BNC-PDF)) No. of Notices: 1. Notice Date 04/23/2022. (Admin.) (Entered: 04/23/2022) |
| 04/23/2022 | **626** (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)624 Order on Motion for Examination (BNC-PDF)) No. of Notices: 1. Notice Date 04/23/2022. (Admin.) (Entered: 04/23/2022) |
| 05/11/2022 | **627** (23 pgs) | Stipulation By Richard A Marshack (TR) and *U.S. Real Estate Credit Holdings III-A, LP Authorizing Chapter 7 Trustees Release of Funds from Escrow Pursuant to the Compromise Order (Dk. No. 445) and the Sale Order (Dk. No. 490); with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 05/11/2022) |

EXHIBIT 1, PAGE 88

| 05/11/2022 | 628<br>(23 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)627 Stipulation By Richard A Marshack (TR) and *U.S. Real Estate Credit Holdings III-A, LP Authorizing Chapter 7 Trustees Release of Funds from Escrow Pursuant to the Compromise Order (Dk. No. 445) and the Sale Order (Dk. No. 490); with Proof of Service). (Haes, Chad) (Entered: 05/11/2022)* |
| --- | --- | --- |
| 05/12/2022 | 629<br>(2 pgs) | Order Approving Stipulation Authorizing Chapter 7 Trustees Release Of Funds From Escrow Pursuant To The Compromise Order (Dk. No. 445) And The Sale Order (Dk. No. 490) - Trustee shall direct the disbursement of $250,000 from the Escrow Fund to Orco and GF, of which $30,158.01 shall be remitted to Orco and $219,841.99 shall be remitted to GF (BNC-PDF) SEE ORDER FOR DETAILS (BNC-PDF) (Related Doc # 627) Signed on 5/12/2022 (ME2) (Entered: 05/12/2022) |
| 05/13/2022 | 630<br>(139 pgs) | Motion to Extend Time *Chapter 7 Trustee's Motion for Order Extending Time to Assume or Reject Executory Contracts; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 05/13/2022) |
| 05/13/2022 | 631<br>(15 pgs) | Notice of motion/application Filed by Trustee Richard A Marshack (TR) (RE: related document(s)630 Motion to Extend Time *Chapter 7 Trustee's Motion for Order Extending Time to Assume or Reject Executory Contracts; Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Haes, Chad) (Entered: 05/13/2022) |
| 05/13/2022 | | Hearing Set (RE: related document(s) 630 Motion to Extend Time filed by Richard A Marshack (TR)) Status Hearing to be held on 06/15/2022 at 10:00 AM 255 E. Temple St. Courtroom 1539 Los Angeles, CA 90012. The hearing judge is Sheri Bluebond (ME2) (Entered: 05/13/2022) |
| 05/14/2022 | 632<br>(7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)629 Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 1. Notice Date 05/14/2022. (Admin.) (Entered: 05/14/2022) |
| 05/24/2022 | 633<br>(8 pgs) | Notice *of Rule 2004 Examination of Elliot B. Lander; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)618 Motion for 2004 Examination *Chapter 7 Trustee's Notice of Motion and Motion for Examination and Document Production by Elliot B. Lander Pursuant to Federal Rule of Bankruptcy Procedure 2004; Memorandum of Points and Authorities; Declaration of D. Edward Hays in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Haes, Chad) (Entered: 05/24/2022) |
| 05/24/2022 | 634<br>(8 pgs) | Notice *of Rule 2004 Examination of Stuart Rubin; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)619 Motion for 2004 Examination *Chapter 7 Trustee's Notice of Motion and Motion for Examination and Document Production of Stuart Rubin Pursuant to Federal Rule of Bankruptcy Procedure 2004; Memorandum of Points and Authorities; Declaration of D. Edward Hays in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Haes, Chad) (Entered: 05/24/2022) |
| 06/16/2022 | 635<br>(8 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)630 Motion to Extend Time *Chapter 7 Trustee's Motion for Order Extending Time to Assume or Reject Executory Contracts;* |

| | | |
|---|---|---|
| | | *Memorandum of Points and Authorities; Declaration of Richard A. Marshack in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Hays, D) (Entered: 06/16/2022) |
| 06/21/2022 | [636](#)<br>(2 pgs) | Order Granting Chapter 7 Trustees Motion For Order Extending Time To Assume Or Reject Executory Contracts. IT IS ORDERED that the Motion is GRANTED and Trustees deadline to assume or reject Debtors development agreement with City of Coachella, as may have been amended or modified, is extended from May 15, 2022, through and including September 22, 2022 (BNC-PDF) (Related Doc # [630](#)) Signed on 6/21/2022 (ME2) Modified on 6/21/2022 (ME2). (Entered: 06/21/2022) |
| 06/22/2022 | [637](#)<br>(1 pg) | Request for Removal from Courtesy Notice of Electronic Filing (NEF) Filed by Djang, Caroline. (Djang, Caroline) (Entered: 06/22/2022) |
| 06/22/2022 | [638](#)<br>(1 pg) | Request for Removal from Courtesy Notice of Electronic Filing (NEF) Filed by Djang, Caroline. (Djang, Caroline) (Entered: 06/22/2022) |
| 06/24/2022 | [639](#)<br>(7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[636](#) Order on Motion to Extend Time (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 06/24/2022. (Admin.) (Entered: 06/24/2022) |
| 06/29/2022 | 640 | Trustee Payment Under 11 U.S.C. Section 330(e) Processed for $60.00. Voucher Number GPC CACBCLERK22-0875. (VM) (Entered: 06/29/2022) |
| 06/30/2022 | [641](#)<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Egger, Richard. (Egger, Richard) (Entered: 06/30/2022) |
| 07/08/2022 | [642](#)<br>(8 pgs) | *Notice or Rule 2004 Examination of Elliot B. Lander; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[618](#) Motion for 2004 Examination *Chapter 7 Trustee's Notice of Motion and Motion for Examination and Document Production by Elliot B. Lander Pursuant to Federal Rule of Bankruptcy Procedure 2004; Memorandum of Points and Authorities; Declaration of D. Edward Hays in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Haes, Chad) (Entered: 07/08/2022) |
| 07/08/2022 | [643](#)<br>(8 pgs) | *Notice of Rule 2004 Examination of Stuart Rubin; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[619](#) Motion for 2004 Examination *Chapter 7 Trustee's Notice of Motion and Motion for Examination and Document Production of Stuart Rubin Pursuant to Federal Rule of Bankruptcy Procedure 2004; Memorandum of Points and Authorities; Declaration of D. Edward Hays in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Haes, Chad) (Entered: 07/08/2022) |
| 07/08/2022 | [644](#)<br>(8 pgs) | *Notice (Amended) Notice of Rule 2004 Examination of Elliot B. Lander* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[642](#) *Notice or Rule 2004 Examination of Elliot B. Lander; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)[618](#) Motion for 2004 Examination *Chapter 7 Trustee's Notice of Motion and Motion for Examination and Document Production by Elliot B. Lander Pursuant to Federal Rule of Bankruptcy Procedure 2004; Memorandum of Points and Authorities; Declaration of D. Edward Hays in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR))). (Haes, Chad) (Entered: 07/08/2022) |

| | | |
|---|---|---|
| 07/11/2022 | **645**<br>(3 pgs) | Notice of Change of Address *or Law Firm*. (Horoupian, Mark) (Entered: 07/11/2022) |
| 07/18/2022 | **646**<br>(8 pgs) | Notice *(Amended) Notice of Rule 2004 Examination of Stuart Rubin; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)643 Notice *of Rule 2004 Examination of Stuart Rubin; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)619 Motion for 2004 Examination *Chapter 7 Trustee's Notice of Motion and Motion for Examination and Document Production of Stuart Rubin Pursuant to Federal Rule of Bankruptcy Procedure 2004; Memorandum of Points and Authorities; Declaration of D. Edward Hays in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR)).). (Hays, D) (Entered: 07/18/2022) |
| 07/19/2022 | **647**<br>(3 pgs) | Notice of Change of Address Filed by Interested Party Caroline R. Djang. (Djang, Caroline) (Entered: 07/19/2022) |
| 08/10/2022 | **648**<br>(72 pgs) | Motion to Assume Lease or Executory Contract *Chapter 7 Trustee's Motion for Order Authorizing Trustee to Assume and Assign Development Agreement and for Approval of Assignment and Assumption Agreement; Memorandum of Points and Authorities; Declarations of Richard A. Marshack and Marsha A. Houston in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 08/10/2022) |
| 08/10/2022 | **649**<br>(17 pgs) | Notice of motion/application Filed by Trustee Richard A Marshack (TR) (RE: related document(s)648 Motion to Assume Lease or Executory Contract *Chapter 7 Trustee's Motion for Order Authorizing Trustee to Assume and Assign Development Agreement and for Approval of Assignment and Assumption Agreement; Memorandum of Points and Authorities; Declarations of Richard A. Marshack and Marsha A. Houston in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Haes, Chad) (Entered: 08/10/2022) |
| 08/10/2022 | **650**<br>(77 pgs) | Motion to Reject Lease or Executory Contract *Chapter 7 Trustee's Motion to Reject Unexpired Memorandum of Understanding Between Debtor and City of Coachella Under 11 U.S.C. Section 365; Memorandum of Points and Authorities; Declarations of Richard A. Marshack and Marsha A. Houston in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (Haes, Chad) (Entered: 08/10/2022) |
| 08/10/2022 | **651**<br>(16 pgs) | Notice of motion/application Filed by Trustee Richard A Marshack (TR) (RE: related document(s)650 Motion to Reject Lease or Executory Contract *Chapter 7 Trustee's Motion to Reject Unexpired Memorandum of Understanding Between Debtor and City of Coachella Under 11 U.S.C. Section 365; Memorandum of Points and Authorities; Declarations of Richard A. Marshack and Marsha A. Houston in Support; with Proof of Service* Filed by Trustee Richard A Marshack (TR)). (Haes, Chad) (Entered: 08/10/2022) |
| 08/11/2022 | | Hearing Set (RE: related document(s) 648 Motion to Assume Lease or Executory Contract filed by Richard A Marshack (TR)) Hearing to be held on 08/31/2022 at 10:00 AM 255 E. Temple St. Courtroom 1539 Los Angeles, CA 90012. The hearing judge is Sheri Bluebond (ME2) (Entered: 08/11/2022) |
| 08/11/2022 | | Hearing Set (RE: related document(s) 650 Motion to Reject Lease or Executory Contract filed by Richard A Marshack (TR)) Hearing to be held |

| | | |
|---|---|---|
| | | on 08/31/2022 at 10:00 AM 255 E. Temple St. Courtroom 1539 Los Angeles, CA 90012. The hearing judge is Sheri Bluebond (ME2) (Entered: 08/11/2022) |
| 08/17/2022 | 652 (23 pgs) | Opposition to (related document(s): 648 Motion to Assume Lease or Executory Contract *Chapter 7 Trustee's Motion for Order Authorizing Trustee to Assume and Assign Development Agreement and for Approval of Assignment and Assumption Agreement; Memorandum of Points and Authorities; Decla filed by Trustee Richard A Marshack (TR)) //Limited Opposition* Filed by Creditor City of Coachella (Djang, Caroline) (Entered: 08/17/2022) |
| 08/24/2022 | 653 (10 pgs) | Stipulation By City of Coachella and *Ch 7 Trustee and USREC Coachella Resolving the City's Limited Opposition to Mtn for Order Authorizing Trustee to Assume and Assign Development Agree [Doc. 652]* Filed by Creditor City of Coachella (Djang, Caroline) (Entered: 08/24/2022) |
| 08/24/2022 | 654 | Notice to Filer of Error and/or Deficient Document **Other - (1) Attorney to file Notice of Lodgment with proposed order and proof of service immediately. (2) Also, to re-lodge order via LOU.** (RE: related document(s)653 Stipulation filed by Creditor City of Coachella) (ME2) (Entered: 08/24/2022) |
| 08/24/2022 | 655 (9 pgs) | Notice of lodgment *Proposed Order* Filed by Creditor City of Coachella (RE: related document(s)653 Stipulation By City of Coachella and *Ch 7 Trustee and USREC Coachella Resolving the City's Limited Opposition to Mtn for Order Authorizing Trustee to Assume and Assign Development Agree [Doc. 652]* Filed by Creditor City of Coachella). (Djang, Caroline) (Entered: 08/24/2022) |
| 08/24/2022 | 656 (2 pgs) | Order Approving Stipulation Resolving The City Of Coachellas Limited Opposition To Chapter 7 Trustees Motion For Order Authorizing Trustee To Assume And Assign Development Agreement And For Approval Of Assignment And Assumption Agreement (BNC-PDF) (Related Doc # 653 ) Signed on 8/24/2022 (ME2) (Entered: 08/24/2022) |
| 08/26/2022 | 657 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)656 Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 1. Notice Date 08/26/2022. (Admin.) (Entered: 08/26/2022) |
| 09/07/2022 | 658 (7 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)650 Motion to Reject Lease or Executory Contract *Chapter 7 Trustee's Motion to Reject Unexpired Memorandum of Understanding Between Debtor and City of Coachella Under 11 U.S.C. Section 365; Memorandum of Points and Authorities; Declarations of Richa*). (Hays, D) (Entered: 09/07/2022) |
| 09/07/2022 | 659 (7 pgs) | Notice of lodgment Filed by Trustee Richard A Marshack (TR) (RE: related document(s)648 Motion to Assume Lease or Executory Contract *Chapter 7 Trustee's Motion for Order Authorizing Trustee to Assume and Assign Development Agreement and for Approval of Assignment and Assumption Agreement; Memorandum of Points and Authorities; Decla*). (Hays, D) (Entered: 09/07/2022) |
| 09/08/2022 | 660 (2 pgs) | Order Granting Chapter 7 Trustees Motion For Order Authorizing Trustee To Assume And Assign Development Agreement And For Approval Of |

| | | |
|---|---|---|
| | | Assignment And Assumption Agreement (BNC-PDF) (Related Doc # 648 ) Signed on 9/8/2022 (ME2) (Entered: 09/08/2022) |
| 09/08/2022 | 661 (2 pgs) | Order Granting Chapter 7 Trustees Motion To Reject Unexpired Memorandum Of Understanding Between Debtor And City Of Coachella Under 11 U.S.C. § 365 (BNC-PDF) (Related Doc # 650 ) Signed on 9/8/2022 (ME2) (Entered: 09/08/2022) |
| 09/10/2022 | 662 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)660 Order on Motion to Assume Lease or Executory Contract (BNC-PDF)) No. of Notices: 1. Notice Date 09/10/2022. (Admin.) (Entered: 09/10/2022) |
| 09/10/2022 | 663 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)661 Order on Motion to Reject Lease or Executory Contract (BNC-PDF)) No. of Notices: 1. Notice Date 09/10/2022. (Admin.) (Entered: 09/10/2022) |
| 09/14/2022 | 664 (10 pgs) | Notice of Motion and Motion Under LBR 2016-2 For Approval of Cash Disbursements by the Trustee; Opportunity to Request Hearing; and Declaration of Trustee *with Proof of Service* Filed by Trustee Richard A Marshack (TR). (Marshack (TR), Richard) (Entered: 09/14/2022) |
| 09/14/2022 | 665 (3 pgs) | Withdrawal re: *DK No. 664; with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)664 Notice of Motion and Motion Under LBR 2016-2 For Approval of Cash Disbursements by the Trustee; Opportunity to Request Hearing; and Declaration of Trustee *with Proof of Service*). (Marshack (TR), Richard) (Entered: 09/14/2022) |
| 09/14/2022 | 666 (10 pgs) | Notice of Motion and Motion Under LBR 2016-2 For Approval of Cash Disbursements by the Trustee; Opportunity to Request Hearing; and Declaration of Trustee *Refiled; with Proof of Service* Filed by Trustee Richard A Marshack (TR). (Marshack (TR), Richard) (Entered: 09/14/2022) |
| 10/04/2022 | 667 (15 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) *with Proof of Service* Filed by Trustee Richard A Marshack (TR) (RE: related document(s)666 Notice of Motion and Motion Under LBR 2016-2 For Approval of Cash Disbursements by the Trustee; Opportunity to Request Hearing; and Declaration of Trustee *Refiled; with Proof of Service*). (Marshack (TR), Richard) (Entered: 10/04/2022) |
| 10/04/2022 | 668 (1 pg) | Order On Trustees Motion For Approval Of Cash Disbursements [LBR 2016-2] (BNC-PDF) (Related Doc # 666 ) Signed on 10/4/2022 (ME2) (Entered: 10/04/2022) |
| 10/06/2022 | 669 (6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)668 Order on Motion For Approval of Cash Disbursements by the Trustee Under LBR 2016-2 (BNC-PDF)) No. of Notices: 1. Notice Date 10/06/2022. (Admin.) (Entered: 10/06/2022) |

**PACER Service Center**

**Transaction Receipt**

EXHIBIT 1, PAGE 93

CM/ECF - U.S. Bankruptcy Court (NG 1.6.4 - LIVE)

| 10/21/2022 17:08:42 | | | |
|---|---|---|---|
| **PACER Login:** | attycvhaes1380 | **Client Code:** | 9999-001 |
| **Description:** | Docket Report | **Search Criteria:** | 2:21-bk-11188-BB Fil or Ent: filed From: 7/22/2000 To: 10/21/2022 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

EXHIBIT 1, PAGE 94

**EXHIBIT 2**

1  D. EDWARD HAYS, #162507
   ehays@marshackhays.com
2  CHAD V. HAES, #267221
   chaes@marshackhays.com
3  MARSHACK HAYS LLP
   870 Roosevelt
4  Irvine, California 92620
   Telephone: (949) 333-7777
5  Facsimile: (949) 333-7778

6  Attorneys for Chapter 7 Trustee,
   RICHARD A. MARSHACK

7

             UNITED STATES BANKRUPTCY COURT
8
        CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION
9

10 | In re                          | Case No. 2:21-bk-11188-BB
   |                                 |
11 | GLENROY COACHELLA, LLC,         | Chapter 7
   |                                 |
12 |           Debtor.               | CHAPTER 7 TRUSTEE'S NOTICE OF
   |                                 | MOTION AND MOTION FOR
13 |                                 | EXAMINATION AND DOCUMENT
   |                                 | PRODUCTION OF STUART RUBIN
14 |                                 | PURSUANT TO FEDERAL RULE OF
   |                                 | BANKRUPTCY PROCEDURE 2004;
15 |                                 | MEMORANDUM OF POINTS AND
   |                                 | AUTHORITIES; DECLARATION OF D.
16 |                                 | EDWARD HAYS IN SUPPORT
17

18                                   [No Hearing Required Per LBR 9013-1(p)]

19                                   Date of Production: May 16, 2022

20                                   Date of Examination[1]
21                                   Date: TBD
                                     Time: TBD
22                                   Location: Via Zoom[2]

23 TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE, THE

24 OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

25

26 _____

27 [1] Given the COVID-19 pandemic, the examination will be held virtually by audio-visual conferencing
   technology.
28 [2] Zoom call-in instructions will be given upon receipt from court reporter and sent to deponent,
   counsel, and all interested parties prior to the deposition.

                                     1
                 TRUSTEE'S MOTION FOR EXAMINATION OF STUART RUBIN – FRBP 2004
   4843-2717-9236

Richard A. Marshack, in his capacity as Chapter 7 Trustee ("Trustee") of the bankruptcy estate ("Estate") of Glenroy Coachella, LLC ("Debtor"), respectfully files this Motion requesting that the Court enter an Order requiring Stuart Rubin ("Respondent") to produce the documents identified in **Exhibit 1** no later than May 16, 2022, and to appear for examination by Movant's counsel via Zoom on a date and time as may be agreed upon in writing by the Movant and Respondent. If such a date cannot be agreed upon, then the examination will take place on no less than ten (10) or more than twenty (20) days after written notice. The examination is requested pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Rules 2004-1 and 9013-1(p) of the Local Bankruptcy Rules.

Respondent is to produce original documents for inspection and copying at the law offices of Marshack Hays LLP, 870 Roosevelt, Irvine, California 92620. In the alternative, the documents may be produced by e-mailing PDFs to Trustee's counsel ehays@marshackhays.com and chaes@marshackhays.com. The Examination will take place by remote audio-video conference on a mutually agreeable date and time or, if no agreement can be reached, as provided by subsequent notice by Movant. The documents and the examination sought relate to Trustee's investigation of Debtor's transfer of real property, or to any matter which may affect the administration of the case.

PLEASE TAKE FURTHER NOTICE THAT:

1.  The examination will be conducted remotely, using audio-visual conference technology;
2.  The court reporter will report the deposition from a location separate from the witness;
3.  Counsel for the parties and their clients will be participating from various, separate locations;
4.  The court reporter will administer the oath to the witness remotely;
5.  The witness will be required to provide government-issued identification satisfactory to the court reporter, and this identification must be legible on camera;
6.  Each participating attorney may be visible to all other participants, and their statements will be audible to all participants;
7.  Exhibits will be provided simultaneously and electronically to the witness and all participants;
8.  The court reporter will record the testimony/instant visual display of testimony may be used;
9.  The deposition may be recorded electronically; and
10. Counsel for all parties, and/or parties who are pro se, may be required to stipulate on the record: (i) their consent to this manner of deposition; and (ii) their waiver of any objection to this manner of deposition, including any objection to the admissibility of this testimony based on this manner of deposition.

/ / /

/ / /

TRUSTEE'S MOTION FOR EXAMINATION OF STUART RUBIN – FRBP 2004
4843-2717-9236

EXHIBIT 2, PAGE 96

The examination is requested pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Rules 2004-1 and 9013-1(p) of the Local Bankruptcy Rules. This Motion is based upon the accompanying Memorandum of Points and Authorities, Declaration of D. Edward Hays, and all documents on file in this case.

Dated: April 15, 2022                    MARSHACK HAYS LLP

                                         /s/ D. Edward Hays
                                    By: _____
                                         D. EDWARD HAYS
                                         CHAD V. HAES
                                         Attorneys for Chapter 7 Trustee,
                                         Richard A. Marshack

TRUSTEE'S MOTION FOR EXAMINATION OF STUART RUBIN – FRBP 2004

4843-2717-9236

EXHIBIT 2, PAGE 97

**Memorandum of Points and Authorities**

## 1.   Introduction

A Chapter 7 trustee may conduct examinations under FRBP 2004 relating to "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration or the debtor's estate." In this case, Respondent was a member and manager of Debtor when Debtor transferred valuable real property to an unrelated entity in which Respondent had an interest. Trustee requires an examination of Respondent pursuant to FRBP 2004 to seek information regarding the initial transfer and subsequent transfers of the subject property.

## 2.   Factual Background

### A.   Bankruptcy Filing and Conversion to Chapter 7

On February 15, 2021, Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California.

On March 19, 2021, as Dk. No. 126, the Court entered an order approving the appointment of a Chapter 11 Trustee. Richard A. Marshack was appointed as the Chapter 11 Trustee.

On September 17, 2021, as Dk. No. 451, the Court entered an order converting this case to one under Chapter 7. Trustee was reappointed as Chapter 7 Trustee.

### B.   Sale of Real Property

Debtor's primary asset was a 70.5% interest in real property located at 84150 Avenue 48, Coachella, California 92201, which included a luxury hotel project (collectively, the "Hotel Site").[3]

U.S. Real Estate Credit Holdings III-A ("Lender") held a perfected deed of trust against the Hotel Site and filed a secured proof of claim in the approximate amount of $30,878,944.46. Additionally, Certificates of Indebtedness totaling $2,406,718.57 were recorded against the Land and in favor of Lender by the receiver appointed prepetition by the state court. In sum, Lender was owed in excess of $33 million secured by liens against the Hotel Site.

On October 22, 2021, as Dk. No. 490, the Court entered an order granting the sale of the Hotel Site to Lender.

---

[3] To facilitate a sale of the Hotel Site, the other approximate 29.5% was deeded to the Trustee. The deeds were recorded on July 2, 2021.

EXHIBIT 2, PAGE 98

## C.    Transfers of the Subject Property

Notably, the sale of the Hotel Site to Lender *did not* include a contiguous parcel of real property previously owned by Debtor where a marijuana dispensary known as "Lighthouse" is currently situated. Said parcel, commonly known as 84160 Ave 48, Coachella, CA 92236 and described as assessor's parcel number 603-220-063 ("Property"), has been transferred over the years to multiple third-party entities.

Specifically, on or around April 11, 2018, Debtor executed a grant deed ("DMP LLC Deed") transferring the Property to Force-DMP LLC, a California limited liability company ("DMP LLC") "for valuable consideration." The DMP LLC Deed was: (1) executed by A. Stuart Rubin in his capacity as "Manager" of Debtor; and (2) recorded in Official Records – County of Riverside on April 12, 2018, as instrument no. 2018-0142503. A true and correct copy of the DMP LLC Deed is attached to the declaration of D. Edward Hays ("Hays Declaration") as Exhibit "2."

On or around April 30, 2018, DMP LLC executed a grant deed ("DMP Corp Deed") transferring the Property to Desert Medical Properties, a California corporation ("DMP Corp") "for valuable consideration." The DMP Corp Deed was: (1) executed by Elliot B. Lander ("Dr. Lander") in his capacity as "Manager" of DMP Corp; and (2) recorded in Official Records – County of Riverside on May 4, 2018, as instrument no. 2018-0174373. A true and correct copy of the DMP Corp Deed is attached to the Hays Declaration as Exhibit "3."

On or around November 30, 2018, DMP Corp executed a grant deed ("Quonset Deed") transferring the Property to Quonset Partners LLC, a California limited liability company ("Quonset") "for valuable consideration." The Quonset Deed was: (1) executed by Dr. Lander in his capacity as "President" of DMP Corp; and (2) recorded in Official Records – County of Riverside on December 20, 2018, as instrument no. 2018-0494640. A true and correct copy of the Quonset Deed is attached to the Hays Declaration as Exhibit "4."

On or around December 13, 2018, Quonset, SGE Realty ("SGE"), and Coachella Lighthouse, LLC (Lighthouse, and collectively with Quonset and SGE, the "Assignors") executed deed of trust and an assignment of leases and rents ("Lender DoT & Assignment") to RE Credit Holdings, LLC ("RECH") in exchange for a $1.4 million loan from RECH to Assignors. The Lender DoT &

EXHIBIT 2, PAGE 99

Assignment reflects that SGE leased the Property from Quonset in March 2018 and subsequently subleased the Property to Lighthouse. A true and correct copy of the Lender DoT & Assignment is attached to the Hays Declaration as Exhibit "5."

Quonset's most recent "Statement of Information," filed with the Secretary of State on February 9, 2022 ("Quonset Statement"), reflects that "Joseph Rubin" is the manager/member of Quonset. A true and correct copy of the Quonset Statement is attached to the Hays Declaration as Exhibit "6."

The DMP LLC Deed, DMP Corp Deed, Quonset Deed, and Lender DoT & Assignment are collectively referred to as the "Transfers."

## D.    Formal Inquiries and Responses regarding the Transfers

Trustee has and continues to investigate the Transfers and, as such, he issued a series of written inquiries to Debtor and Dr. Lander regarding the circumstances surrounding the Transfers. In response to the Trustee's inquiries, Debtor and Dr. Lander have provided written and oral responses and certain documents to support their assertions that:

- The Lighthouse dispensary is owned and operated by Coachella Lighthouse, LLC ("Lighthouse LLC");
- The Property was initially acquired by DMP via a 1031 exchange ("DMP 1031"); and
- The Property was transferred to DMP in exchange for a reduction of Dr. Lander's equity interest in Debtor.

## E.    Respondent to be Examined

Stuart Rubin (previously defined as "Respondent") is: (1) Debtor's "manager;" and (2) the individual who executed the DMP LLC Deed, initially transferring title to the Property from Debtor to a third-party. Respondent is believed to have intimate knowledge of the topics of examination listed below.

/ / /

/ / /

/ / /

/ / /

EXHIBIT 2, PAGE 100

## 3.    Request for Examination

### A.    Scope of Examination Rule 2004(b) of the FRBP

Rule 2004(b) of the FRBP provides that the scope of examination must relate to "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration or the debtor's estate, or to the debtor's right to a discharge." But "[t]he scope of a 2004 examination is 'unfettered and broad' and is akin to a 'fishing expedition.'" *In re Subpoena Duces Tecum & Ad Testificandum Pursuant to Fed. R. Bankr. Proc. 2004*, 461 B.R. 823, 829 (Bankr. C.D. Cal. 2011). An examination under Rule 2004 is proper even if a debtor has already received his discharge. *See, e.g., Vaughan v. Weinstein (In re Vaughan)*, 2016 Bankr. LEXIS 717 at *3 (B.A.P. 9th Cir. 2016).

In this case, the Trustee seeks to examine Respondent to obtain any and all information in Respondent's possession or within Respondent's knowledge regarding the Property, the Transfers, any consideration provided to or received by each party to the Transfers, the DMP 1031, and all present and former agreements between Quonset, DMP Corp., SGE, and Lighthouse LLC. Accordingly, Trustee seeks an order under FRBP 2004 requiring Respondent sit for examination and to provide documentation to the Trustee relating to the assets and transactions listed above. The proposed examination directly relates to the Estate's assets, claims, and matters which may affect the administration of the Estate.

### B.    Location of Examination

Generally, FRBP 2004(e) provides that "An entity other than a debtor shall not be required to attend as a witness unless lawful mileage and witness fee for one day's attendance shall be first tendered." Fed. R. Bankr. P. 2004(e). Respondent is a non-debtor and is entitled under the FRBP to lawful mileage and a witness fee for one day's attendance. Fed. R. Bankr. Proc. 2004(e). However, in this case, a lawful mileage payment will not be tendered as the examination is being conducted by remote audio-visual conferencing technology.

Here, Trustee proposes that examination take place on a date and time as may be agreed upon in writing by the Movant and Respondent. If such a date cannot be agreed upon, then the examination will take place on no less than ten (10) or more than twenty (20) days after written

TRUSTEE'S MOTION FOR EXAMINATION OF STUART RUBIN – FRBP 2004

4843-2717-9236

EXHIBIT 2, PAGE 101

notice by Movant. Further, the examination will take place remotely by audio-visual conference

technology. With respect to the examination of documents, as identified in **Exhibit 1**, they may take

place, at Respondent's option, by producing original documents for inspection and copying at the

offices of Marshack Hays LLP, 870 Roosevelt, Irvine, California 92620, or by e-mailing copies of

the documents to Marshack Hays LLP such that they are received by May 16, 2022.

### C.    Compliance with LBR 2004-1

Local Bankruptcy Rule ("LBR") 2004-1 provides that:

> **(a) Conference Required.** Prior to filing a motion for examination or for production of documents under FRBP 2004, the moving party must attempt to confer (in person or telephonically) with the entity to be examined, or its counsel, to arrange for a mutually agreeable date, time, place, and scope of an examination or production.
>
> **(b) Motion.** A motion for examination under FRBP 2004 must be filed stating the name, place of residence, and the place of employment of the entity to be examined, if known. The motion must include *a certification of counsel stating whether the required conference was held and the efforts made to obtain an agreeable date, time, place, and scope of an examination or production. The motion must also explain why the examination cannot proceed under FRBP 7030 or 9014.*

LBR 2004-1(a-b).

Movant has conferred with counsel for Respondent and determined that dates in the latter

half of May will be mutually convenient dates for Respondent and Movant. Hays Dec.¶ 19.

However, the exact date of the examination has not yet been determined. *Id.*

The examination cannot proceed by formal discovery and deposition under FRBP 7030 or

FRBP 9014, as there are no matters currently pending to which Respondent is a named party, and no

currently pending contested matter or adversary proceeding in which the subject of the examination

is at issue. As such, an examination pursuant to Rule 2004 is appropriate and will assist the Trustee

in the administration of the Estate.

### D.    Certification Pursuant to LBR 2004-1

Undersigned counsel for the Movant certifies that Movant's counsel, D. Edward Hays, and

counsel for Respondent, Evan L. Smith, have conferred regarding the time, place, and scope of the

production of documents sought by this Motion, as required by LBR 2004-1. *See* Hays Declaration,

¶ 19.

TRUSTEE'S MOTION FOR EXAMINATION OF STUART RUBIN – FRBP 2004

4843-2717-9236

## 4.    Conclusion

For all of the foregoing reasons, Trustee respectfully requests that the Court grant this Motion and enter an order:

1.    Compelling Respondent to produce the documents identified in **Exhibit 1** by May 16, 2022, or any other mutually agreeable date, to Marshack Hays LLP, through United States mail, personal delivery, or by electronic copies; and

2.    Compelling Respondent to appear for examination on a date and time as may be agreed upon in writing by the Movant and Respondent. If such a date cannot be agreed upon, then the examination will take place on no less than ten (10) or more than twenty (20) days after written notice.

Dated: April 15, 2022                    MARSHACK HAYS LLP

                                 /s/ D. Edward Hays
                         By: _____
                             D. EDWARD HAYS
                             CHAD V. HAES
                             Attorneys for Chapter 7 Trustee,
                             Richard A. Marshack

TRUSTEE'S MOTION FOR EXAMINATION OF STUART RUBIN – FRBP 2004

4843-2717-9236

EXHIBIT 2, PAGE 103

# Declaration of D. Edward Hays

I, D. EDWARD HAYS, declare and state:

1.      I am an individual over 18 years of age and competent to make this Declaration.

2.      If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration. The facts set forth below are true of my personal knowledge.

3.      I am an attorney at law duly admitted to practice before this Court and all courts of the State of California.

4.      I am a partner in the law firm of Marshack Hays LLP, attorneys for Richard A. Marshack Hays LLP, attorneys for Richard A. Marshack, the Chapter 7 Trustee ("Trustee") of Glenroy Coachella, LLC ("Debtor"). I have knowledge of the facts stated in this declaration based on personal knowledge and upon information and belief. If called upon to do so, I could and would competently testify to these facts.

5.      All terms not defined are used as they are defined in the Motion.

6.      I make this declaration in support of Trustee's Motion for Order Authorizing 2004 Examination of Stuart Rubin ("Respondent"), pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 2004. There are currently no contested matters or adversary proceedings involving the Trustee and Respondent in this bankruptcy case.

7.      A true and correct copy of the DMP LLC Deed is attached as Exhibit "2."

8.      A true and correct copy of the DMP Corp Deed is attached as Exhibit "3."

9.      A true and correct copy of the Quonset Deed is attached as Exhibit "4."

10.      A true and correct copy of the Lender DoT & Assignment is attached as Exhibit "5."

11.      A true and correct copy of the Quonset Statement is attached hereto as Exhibit "6."

12.      Debtor's primary asset was a 70.5% interest in real property located at 84150 Avenue 48, Coachella, California 92201, which included a luxury hotel project (collectively, the "Hotel Site"). To facilitate a sale of the Hotel Site, the other approximate 29.5% was deeded to the Trustee. The deeds were recorded on July 2, 2021.

TRUSTEE'S MOTION FOR EXAMINATION OF STUART RUBIN – FRBP 2004

4843-2717-9236

EXHIBIT 2, PAGE 104

13.    U.S. Real Estate Credit Holdings III-A ("Lender") held a perfected deed of trust against the Hotel Site and filed a secured proof of claim in the approximate amount of $30,878,944.46. Additionally, Certificates of Indebtedness totaling $2,406,718.57 were recorded against the Land and in favor of Lender by the receiver appointed prepetition by the state court. In sum, Lender was owed in excess of $33 million secured by liens against the Hotel Site.

14.    Trustee has and continues to investigate the Transfers and, as such, he issued a series of written inquiries to Debtor and Dr. Lander regarding the circumstances surrounding the Transfers. In response to the Trustee's inquiries, Debtor and Dr. Lander have provided written and oral responses and certain documents.

15.    The proposed examination will take place by remote audio-video conference.

16.    In order to complete his investigation of assets of the estate and administration of this bankruptcy case, the Trustee needs the documents listed in Exhibit "1," which is attached hereto and incorporated by this reference. Trustee also believes that he needs testimony from Respondent concerning the matters identified in Exhibit "1."

17.    I believe that examination of Respondent under Rule 2004(b) of the Federal Rules of Bankruptcy Procedure will assist the Trustee in identifying further assets of the estate.

18.    The purpose of this Motion and the requested examination is to facilitate Trustee's investigation into Debtor's financial affairs and transfer of valuable assets. Accordingly, Trustee seeks an order under FRBP 2004 requiring Respondent to provide documentation to the Trustee relating to the subject transfer. As such, the proposed examination directly relates to the estate's assets and matters which may affect the administration of the estate.

19.    On April 1, 2022, I contacted Respondent's counsel, Evan L. Smith, set up a convenient time to discuss scope and date of examination and production of documents. Since then, we have been trading e-mails about examination dates in the second half of May, but the exact date has not yet been agreed upon.

/ / /

/ / /

11

TRUSTEE'S MOTION FOR EXAMINATION OF STUART RUBIN – FRBP 2004

4843-2717-9236



20.    Respondent is not a party to this case.

I declare that the foregoing is true and correct under the penalty of perjury. Executed April 15, 2022.

/s/ D. Edward Hays

D. EDWARD HAYS

12

EXHIBIT 2, PAGE 106

# EXHIBIT 1

**EXHIBIT 1**

**RULE 2004 EXAMINATION DEFINITIONS AND INSTRUCTIONS**

A.    Definitions

    As used in these Requests, the following terms shall be defined as follows:

    1.    "DEBTOR" refers to Glenroy Coachella, LLC, the Debtor in Case No. 2:21-bk-11188-BB, a voluntary Chapter 7 case currently pending in the United States Bankruptcy Court for the Central District of California, Los Angeles Division.

    2.    "YOU" and "YOUR" shall mean and refer individually to Stuart Rubin and all other persons or agents acting on YOUR behalf.

    3.    "ELLIOT B. LANDER" shall mean and refer individually to Elliot B. Lander and all other persons or agents acting on his behalf.

    4.    "JOSEPH RUBIN" shall mean and refer individually to Joseph Rubin and all other persons or agents acting on his behalf.

    5.    "GARY STIFFELMAN" shall mean and refer individually to Gary Stiffelman and all other persons or agents acting on his behalf.

    6.    "CARMEN LAZAR STIFFELMAN" shall mean and refer individually to Carmen Lazar Stiffelman and all other persons or agents acting on his or her behalf.

    7.    "THE LICHT 2018 IRREVOCABLE TRUST" shall mean and refer to The Licht 2018 Irrevocable Trust and all other persons or agents acting on its behalf.

    8.    "THE STIFFELMAN FAMILY TRUST" shall mean and refer to The Stiffelman Family Trust and all other persons or agents acting on its behalf.

    9.    "DMP LLC" shall mean Force-DMP LLC, a California limited liability company.

    10.    "DMP CORP" shall mean Desert Medical Properties, a California corporation.

    11.    "QUONSET" shall mean Quonset Partners LLC, a California limited liability company.

    12.    "LIGHTHOUSE LLC" shall mean Coachella Lighthouse, LLC, a California limited liability company.

    13.    "SGE" shall mean SGE Realty, LLC, a California limited liability company.

TRUSTEE'S MOTION FOR EXAMINATION OF STUART RUBIN – FRBP 2004

4843-2717-9236

EXHIBIT 2, PAGE 108

14.      "PROPERTY" shall mean real property described as assessor's parcel number 603-220-063.

15.      "DMP LLC DEED" shall mean a grant deed recorded in Official Records – County of Riverside on April 12, 2018, as instrument no. 2018-0142503 purporting to transfer the PROPERTY to DMP LLC for valuable consideration.

16.      "DMP CORP DEED" shall mean a grant deed recorded in Official Records – County of Riverside on May 4, 2018, as instrument no. 2018-0174373 purporting to transfer the PROPERTY to DMP CORP for valuable consideration.

17.      "QUONSET DEED" shall mean a grant deed recorded in Official Records – County of Riverside on December 20, 2018, as instrument no. 2018-0494640 purporting to transfer the PROPERTY to QUONSET for valuable consideration.

18.      "LENDER DEED" shall mean the deed of trust and assignment of leases and rents executed on or around December 13, 2018, by QUONSET, LIGHTHOUSE LLC, SGE (collectively, the ("Assignors"), and RE Credit Holdings, LLC ("RECH") in exchange for a $1.4 million loan from RECH to Assignors.

19.      "DMP 1031" shall mean the purported 1031 exchange effecting the initial transfer of the PROPERTY from DEBTOR to an entity owned, operated, established, controlled, or managed by ELLIOT B. LANDER.

20.      "DOCUMENT" or "DOCUMENTS" mean and refer to any written, recorded (electronically or otherwise), printed, or graphic matter, however produced or reproduced, whether existing in paper format, as ELECTRONICALLY STORED INFORMATION, or otherwise, of any kind or description, including originals, copies, non-identical copies, and drafts and both sides thereof.  DOCUMENTS include but are not limited to sound recordings, electronic memoranda, and files with meta data intact (including e-mail or similar electronic messages or memos and word processing, database, and spreadsheet files), photographs, ESI (defined below), and all other tangible things in which words, figures, notations, or sounds are recorded in writing or by any other means, however denominated, and any such material underlying, supporting, or used in the preparation thereof.

TRUSTEE'S MOTION FOR EXAMINATION OF STUART RUBIN – FRBP 2004

4843-2717-9236

EXHIBIT 2, PAGE 109

21.    "RELATING TO" shall have the same meaning as "RELATE," "REFER," "REFERRING TO," "RELATED TO," "EVIDENCE," "EVIDENCING," and "CONSTITUTE" and includes referring to, recording, reflecting, supporting, interpreting, prepared in connection with, used in preparation for, pertaining to, mentioning, having any relationship to, or being in any way legally, logically, or factually connected with the matter discussed, in whole or in part.

22.    "COMMUNICATION" means any transmission, relation, or delivery of things, facts, thoughts or ideas by any means, method, or medium on or by which intelligence or information can be delivered, transported, recorded, maintained or retrieved, including telephonic face to face conversation, without limitation, any handwritten, typed, printed, graphic, electric, magnetic, or illustrative material of any kind or description, including ESI (defined below), drafts and final versions, originals and reproductions, signed and unsigned versions, however produced or reproduced, and regardless of whether approved, signed, sent, received, redrafted, prepared by or for, or in the possession, custody or control of the party to whom this discovery is propounded or any other PERSON acting or purporting to act on behalf of such party.

23.    "ELECTRONICALLY STORED INFORMATION" or "ESI" shall include, without limitation, the following:

a.    Information that is generated, received, processed, and recorded by laptop computers, desktop computers, microprocessors, all manner of digital recording devices such as portable cameras and microphones included with smartphones, and other electronic devices;

b.    Internal or external web sites and servers;

c.    Text, subject lines, attachments, contacts, appointments, and all information contained within electronic mail ("e-mail") accounts, whether those accounts are hosted or serviced by a third-party provider such as Google's Gmail, Microsoft Outlook, or Apple Mail;

d.    Any and all communications, posts, text, images, or video messages posted on a public-facing social media service such as Facebook, Google+, Twitter, Instagram, Wordpress, Snapchat, or other social media service, to the extent not protected by federal and state privacy laws;

e.    Output resulting from the use of any software program, whether said electronic data exists in an active file, specifying all files that are accessible and stored in a readily

TRUSTEE'S MOTION FOR EXAMINATION OF STUART RUBIN – FRBP 2004
4843-2717-9236

EXHIBIT 2, PAGE 110

1  usable format (e.g., active, online data; near-line data; offline storage; and archives);

2        f.     Activity listings of email receipts and transmittals; and

3        g.     All items stored on computer memories, hard disks, solid state drives or

4  hybrid drives, floppy disks, CD-ROMs, DVD-ROMS, Blu-ray disks, magnetic tape, microfiche,

5  USB memory sticks, external hard drives, online "cloud" storage hosted by an external service such

6  as Amazon Web Services, Microsoft OneDrive, iCloud, or a comparable service, the internal flash

7  memory of a smartphone such as an iPhone or Android device, or on any other media for digital data

8  storage or transmittal (e.g., a personal digital assistant such as a Blackberry), and file folder tabs or

9  containers and labels appended or relating to any physical storage device associated with each

10  original or copy of all Documents requested herein.

11      24.    "IDENTIFY" shall mean:

12        a.     When used in reference to a DOCUMENT, to state the type of DOCUMENT

13  (e.g., letter, memorandum, telegram, chart, etc.), its author and originator, its date or dates, all

14  addressees and recipients, and its present location or custodian;

15        b.     When used in reference to a natural person, to state the person's full name,

16  current residence and business addresses, current residence and business telephone numbers and, if

17  applicable, his or her title, employment, and job description.  If current addresses are unknown,

18  provide the last known business and residence address; and,

19        c.     When used in reference to an entity, to state the name, address, and telephone

20  number of the entity.

21  B.   <u>Instructions</u>

22      1.   <u>Documents Withheld</u>

23        If any DOCUMENT is withheld under a claim of privilege or other protection, so as

24  to aid the Court and the parties hereto to determine the validity of the claim of privilege or other

25  protection, please provide the following information with respect to any such DOCUMENT:

26        a.     The DOCUMENT'S title, if any;

27        b.     The full legal name, address, and title of the person(s) who prepared the

28  DOCUMENT, who signed it, and over whose name it was sent or issued;

TRUSTEE'S MOTION FOR EXAMINATION OF STUART RUBIN – FRBP 2004

4843-2717-9236

EXHIBIT 2, PAGE 111

1      c.     The full legal name, address, and title of each person(s) to whom the

2 DOCUMENT was directed;

3      d.     The nature and substance of the DOCUMENT with sufficient particularity to

4 enable the Court and parties to this ACTION to identify the DOCUMENT;

5      e.     The date the DOCUMENT was first prepared;

6      f.     The full legal name, address, and title of each person(s) who has custody of or

7 control over the DOCUMENT and each copy thereof;

8      g.     The full legal name, address, and title of each person to whom copies of the

9 DOCUMENT were furnished;

10      h.     The number of pages comprising the DOCUMENT;

11      i.     The specific legal or factual basis on which any privilege or other protection is

12 claimed (blanket claims of attorney-client privilege will not be deemed sufficient);

13      j.     Whether any non-privileged or non-protected matter is included in the

14 DOCUMENT, and whether the DOCUMENT can be sufficiently redacted to disclose only non-

15 privileged or non-protected matter;

16      k.     The full legal name, address, and title of each person who has seen or

17 reviewed or is likely to have seen or reviewed the document; and a description of the subject matter

18 of the document YOU consider adequate to support the claim of privilege.

19      2.     <u>Partial Production</u>

20      Whenever YOU object to a particular request, or portion thereof, YOU must produce

21 all documents called for which are not subject to that objection. Similarly, wherever a document is

22 not produced in full, state with particularity the reason or reasons it is not being produced in full, and

23 describe, to the best of YOUR knowledge, information and belief and with as much particularity as

24 possible, those portions of the DOCUMENT which are not produced.

25      3.     <u>Orderly Response</u>

26      Please produce DOCUMENTS in such manner with specific reference to which

27 interrogatory, request for production, etc. which the DOCUMENT is responsively produced to.

28 Please produce all DOCUMENTS as they are kept in the usual course of business, organizing,

TRUSTEE'S MOTION FOR EXAMINATION OF STUART RUBIN – FRBP 2004

4843-2717-9236

EXHIBIT 2, PAGE 112

1   naming, and labeling them to correspond with each Request.

2       4.    Construction of "And" and "Or"

3       As used herein, the words "and" and "or" shall be construed both conjunctively and

4   disjunctively, and each shall include the other wherever such dual construction will serve to bring

5   within the scope of this request any documents which would otherwise not be brought within its

6   scope.

7       5.    Construction of the Singular and Plural Forms

8       As used herein, the singular form shall include the plural and vice versa whenever

9   such dual construction will serve to bring within the scope of this request any documents which

10  would otherwise not be brought within its scope.

11      6.    Form of Production

12      YOU are to produce the requested DOCUMENTS for inspection, copying, or

13  photographing in their original form or legible, accessible electronic reproduction thereof.

14  DOCUMENTS may be produced electronically at YOUR option.

15      With regard to electronically-stored information, please produce Microsoft PowerPoint

16  presentations containing audio, Microsoft Excel documents containing macros, and Microsoft

17  Access databases in native format.  Please produce all other documents produced electronically in

18  native format with metadata intact or in PDF format with metadata intact. Alternatively,

19  DOCUMENTS produced electronically may be produced in TIFF format with standard load files,

20  including .opt image load files and .data metadata load files.

21      ESI may be provided via CD, DVD, File Transfer Protocol site, portable hard or flash drive,

22  or other reasonably accessible media format. When practicable, please produce hard copy or

23  physical documents in scanned OCR'd PDF format with metadata intact or scanned TIFF format

24  with standard load files, including .opt image load files and .dat metadata load files.  Data files

25  should not be zipped, encrypted, or otherwise restricted or proprietarily protected for specific use.  If

26  the native file format is derived from software not accessible with Microsoft Office applications (or

27  other common applications), please so state in response to the particular Request.

28

TRUSTEE'S MOTION FOR EXAMINATION OF STUART RUBIN – FRBP 2004

4843-2717-9236

EXHIBIT 2, PAGE 113

If the Document or information requested is in a computer-readable form and not produced in PDF or TIFF format, please specify the software (including the exact versions and release) used to create the information.  Also specify any other software, hardware, or other information such as passwords or user-supplied files that are required or desirable in order to examine and use the information.  Specify the exact configuration of the hardware on which the information was created, including the memory size (and graphics processing unit, if any, in the event the information contains or requires graphics).  Please give the exact name, release, and version of the operating system used on the hardware.

NOTE: IF YOU ARE UNSURE AS TO THE INTENT AND MEANING OF ANY OF THE FOREGOING DEFINITIONS OR ANY OF THE FOLLOWING REQUESTS FOR PRODUCTION, YOU ARE HEREBY REQUESTED TO HAVE YOUR ATTORNEY CONTACT ATTORNEYS OF RECORD FOR THE PROPOUNDING PARTY, WHO HEREBY OFFER TO PROVIDE ANY NEEDED ASSISTANCE NECESSARY FOR YOU TO UNDERSTAND THE INTENT AND MEANING OF ANY OF THE FOREGOING THEREBY TO ENSURE THAT THE COURT IS NOT BURDENED BY ANY MOTION TO COMPEL FURTHER RESPONSES TO REQUESTS FOR PRODUCTION BECAUSE OF ANY UNCERTAINTY OF THE FOREGOING ON YOUR PART.

<u>DOCUMENTS REQUIRED TO BE PRODUCED</u>

<u>REQUEST FOR PRODUCTION No. 1</u>:

Produce all DOCUMENTS RELATING TO DEBTOR'S acquisition of the PROPERTY.

<u>REQUEST FOR PRODUCTION No. 2</u>:

Produce all DOCUMENTS RELATING TO DEBTOR'S subdivision of the PROPERTY.

<u>REQUEST FOR PRODUCTION No. 3</u>:

Produce all DOCUMENTS RELATING TO the DMP LLC DEED.

<u>REQUEST FOR PRODUCTION No. 4</u>:

Produce all DOCUMENTS RELATING TO consideration provided to or received by the parties to the transaction resulting in the DMP LLC DEED.

19

TRUSTEE'S MOTION FOR EXAMINATION OF STUART RUBIN – FRBP 2004

4843-2717-9236

EXHIBIT 2, PAGE 114

REQUEST FOR PRODUCTION No. 5:

Produce all DOCUMENTS RELATING TO the DMP CORP DEED.

REQUEST FOR PRODUCTION No. 6:

Produce all DOCUMENTS RELATING TO consideration provided to or received by the parties to the transaction resulting in the DMP CORP DEED.

REQUEST FOR PRODUCTION No. 7:

Produce all DOCUMENTS RELATING TO the QUONSET DEED.

REQUEST FOR PRODUCTION No. 8:

Produce all DOCUMENTS RELATING TO consideration provided to or received by the parties to the transaction resulting in the QUONSET DEED.

REQUEST FOR PRODUCTION No. 9:

Produce all DOCUMENTS RELATING TO the LENDER DEED.

REQUEST FOR PRODUCTION No. 10:

Produce all DOCUMENTS RELATING TO consideration provided to or received by the parties to the transaction resulting in the LENDER DEED.

REQUEST FOR PRODUCTION No. 11:

Produce all DOCUMENTS RELATING TO the DMP 1031.

REQUEST FOR PRODUCTION No. 12:

Produce all DOCUMENTS RELATING TO consideration provided to or received by the parties to the transaction resulting in the DMP 1031.

REQUEST FOR PRODUCTION No. 13:

Produce all DOCUMENTS RELATING TO the creation of DEBTOR.

REQUEST FOR PRODUCTION No. 14:

Produce all DOCUMENTS RELATING TO the creation of DMP LLC.

REQUEST FOR PRODUCTION No. 15:

Produce all DOCUMENTS RELATING TO the creation of DMP CORP.

REQUEST FOR PRODUCTION No. 16:

Produce all DOCUMENTS RELATING TO the creation of QUONSET.

TRUSTEE'S MOTION FOR EXAMINATION OF STUART RUBIN – FRBP 2004

4843-2717-9236

EXHIBIT 2, PAGE 115

1  REQUEST FOR PRODUCTION No. 17:

2       Produce all DOCUMENTS RELATING TO the creation of LIGHTHOUSE LLC.

3  REQUEST FOR PRODUCTION No. 18:

4       Produce all DOCUMENTS RELATING TO the creation of SGE.

5  REQUEST FOR PRODUCTION No. 19:

6       Produce all DOCUMENTS RELATING TO all present and former agreements entered into

7  after January 2017 by and between two or more of DEBTOR, YOU, DR. ELLIOT B. LANDER,

8  JOSEPH RUBIN, THE LICHT 2018 IRREVOCABLE TRUST, GARY STIFFELMAN, CARMEN

9  LAZAR STIFFELMAN, THE STIFFELMAN FAMILY TRUST, DMP LLC, DMP CORP,

10  QUONSET, LIGHTHOUSE LLC, SGE, and FAIRFAX MANAGEMENT LLC.

TRUSTEE'S MOTION FOR EXAMINATION OF STUART RUBIN – FRBP 2004

4843-2717-9236

EXHIBIT 2, PAGE 116

**EXHIBIT 2**

RECORDING REQUESTED BY:

AND WHEN RECORDED MAIL TO:

Force-DMP LLC
72-780 Country Club Drive #301
Rancho Mirage, CA 92270

**2018-0142503**
04/12/2018 05:00 PM Fee: $ 27.00
Page 1 of 2
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

001

T-12

THIS SPACE FOR RECORDER'S USE ONLY:

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
**DOCUMENTARY TRANSFER TAX is $2,997.50**
[X] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area   [X] City of Coachella  **AND**

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**Glenroy Coachella, LLC, a Delaware Limited Liability Company who acquired title as Glenroy Coachella, LLC, a California Limited Liability Company**

hereby GRANT(s) to:

**Force-DMP LLC, a California limited liability company**

the following described real property in the City of Coachella, County of Riverside, State of California, described as:

Parcel 3 of Parcel Map No. 37310, in the City of Coachella, County of Riverside, State of California, according to map on file in Book 243, Pages 82 through 84 of Parcel Maps, Records of Riverside County, California.

Also Known as:  48100 Van Buren Street, Coachella, CA  92236

APN#: 603-220-063

DATE:  April 6, 2018

PLEASE SEE PAGE TWO FOR GRANTOR'S SIGNATURE.

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE:

EXHIBIT 2, PAGE 22
EXHIBIT 2, PAGE 118

DOC #2018-0142503  Page 2 of 2

GRANT DEED - PAGE TWO

GRANTOR'S SIGNATURE:

Glenroy Coachella, LLC,
a Delaware Limited Liability Company

By: Glenroy Coachella Holdings, LLC
    a Delaware limited liability company
    its Member

By: _____
    A. Stuart Rubin, Manager

---

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |
| --- |

STATE OF CALIFORNIA            )
                               )SS
COUNTY OF _CALIFORNIA_         )

On _APRIL 11ᵗʰ_ , _2018_ _____ before me, _SARAH STERN_ _____, a
Notary Public personally appeared **A. Stuart Rubin** who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the within instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

**WITNESS** my hand and official seal.

_____
Notary Public

SARAH STERN
Notary Public – California
Los Angeles County
Commission # 2218654
My Comm. Expires Nov 13, 2021

EXHIBIT 2, PAGE 23
EXHIBIT 2, PAGE 119

# EXHIBIT 3

EXHIBIT 2, PAGE 120

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:

Brian M. Lewis
44-700 Village Court, Suite 100
Palm Desert, CA 92260

Mail Tax Statements to:

Desert Medical Properties
72780 Country Club Drive, St. 301
Rancho Mirage, CA 92270

**2018-0174373**

05/04/2018 09:21 AM Fee: $ 102.00
Page 1 of 2
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

#046

Space above this line for Recorder's Use

## GRANT DEED

THE UNDERSIGNED GRANTOR DECLARES:

Documentary Transfer Tax is $ -0-
_____ Computed on the full value of the interest or property conveyed, or is
_____ Computed on the full value less the value of liens or encumbrances remaining thereon at the time of sale.
____xx____ This transfer is between individuals and a legal entity or partnership, or between legal entities and does not
change the proportional interests, R & T 11925

COMMONLY KNOWN AS:      48100 VAN BUREN STREET, COACHELLA, CA 92236
ASSESSOR'S PARCEL NO.    603-220-063

FOR VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, FORCE-DMP
LLC, a California limited liability company, "Grantor," hereby grants to DESERT MEDICAL
PROPERTIES, a California corporation, "Grantee," that certain real property located in the
City of Coachella, County of Riverside, State of California, more particularly described as
follows:

   Parcel 3 of Parcel Map No. 37310, in the City of Coachella, County of
   Riverside, State of California, according to map on file in Book 243, Pages 82
   through 84 of Parcel Maps, Records of Riverside County, California.

Dated: _April 30th_, 2018         FORCE-DMP LLC, a California limited
                                                        liability company

Mail Tax Statements To:                    By: _____

Desert Medical Properties                           Elliot B. Lander, M.D., Its Manager
72780 Country Club Drive, St. 301
Rancho Mirage, CA 92270

DOC #2018-0174373  Page 2 of 2

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA      )
                          ) ss
COUNTY OF RIVERSIDE      )

On _April 30_, 2018, before me, _LISA SIMMONS_____, a notary public, personally appeared ELLIOT B. LANDER, M.D., who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

LISA SIMMONS
Commission # 2082083
Notary Public - California
Riverside County
My Comm. Expires Oct 2, 2018

_Lisa Simmons_____
SIGNATURE OF NOTARY

** OPTIONAL SECTION **

CAPACITY CLAIMED BY SIGNER

Though statute does not require the Notary to fill in the data below, doing so may prove invaluable to persons relying on the document.

☐ INDIVIDUAL(S)

☐ CORPORATE OFFICER(S)
          TITLE(S)

☐ PARTNERS  ☐ LIMITED
            ☐ GENERAL
☐ ATTORNEY-IN-FACT

☐ TRUSTEE(S)

☐ GUARDIAN/CONSERVATOR

☐ OTHER: _____

SIGNER IS REPRESENTING:
NAME OF PERSON(S) OR
ENTITY(IES)
_____
_____

** OPTIONAL SECTION **

THIS CERTIFICATE MUST BE ATTACHED TO THE DOCUMENT DESCRIBED AT RIGHT:

_____

Though the data requested here is not required by law, it could prevent fraudulent reattachment of this form.

Title or Type of Document
_____

Number of Pages
_____

Date of Document
_____

Signer(s) Other Than Named Above
_____

EXHIBIT 3, PAGE 25
EXHIBIT 2, PAGE 122

# EXHIBIT 4

EXHIBIT 2, PAGE 123

**DOC # 2018-0494640**

12/20/2018 12:38 PM Fees: $27.00
Page 1 of 2
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

**RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:**

Brian M. Lewis
44-700 Village Court, Suite 100
Palm Desert, CA 92260

Mail Tax Statements to.

Quonset Partners LLC
1801 South La Cienega Blvd., Suite 301
Los Angeles, CA 90035

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: MARY #420

Space above this line for Recorder's Use

## GRANT DEED

THE UNDERSIGNED GRANTOR DECLARES: *The transfer is between individuals and a legal entity, or between legal entities and does not change the proportional interest held.*

Documentary Transfer Tax is $0 *R+T 11925*

___ Computed on the full value of the interest or property conveyed, or is
___ Computed on the full value less the value of liens or encumbrances remaining thereon at the time of sale.
_X_ This transfer is between individuals and a legal entity or partnership, or between legal entities and does not
     change the proportional interests, R & T 11925

COMMONLY KNOWN AS: 84160 48th Avenue          , COACHELLA, CA 92236
ASSESSOR'S PARCEL NO.   603-220-063
*TRA.012-037*

FOR VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, DESERT
MEDICAL PROPERTIES, a California corporation, "Grantor," hereby grants to QUONSET
PARTNERS LLC, a California limited liability company, "Grantee," that certain real property
located in the City of Coachella, County of Riverside, State of California, more particularly
described as follows:

        Parcel 3 of Parcel Map No. 37310, in the City of Coachella, County of
        Riverside, State of California, according to map on file in Book 243, Pages 82
        through 84 of Parcel Maps, Records of Riverside County, California.

Dated: _Nov 30th_, 2018

DESERT MEDICAL PROPERTIES, a
California corporation

Mail Tax Statements To:

By: _____
     Elliot B. Lander, M.D., Its President

Quonset Partners LLC
1801 South La Cienega Blvd., Suite 301
Los Angeles, CA 90035

DOC #2018-0494640  Page 2 of 2

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA    )
                                          ) ss
COUNTY OF RIVERSIDE    )

On November 30, 2018, before me, Chantessy King, a notary public, personally appeared ELLIOT B. LANDER, M.D., who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

CHANTESSY KING
Notary Public – California
Riverside County
Commission # 2215098
My Comm. Expires Sep 21, 2021

SIGNATURE OF NOTARY

** OPTIONAL SECTION **

CAPACITY CLAIMED BY SIGNER

Though statute does not require the Notary to fill in the data below, doing so may prove invaluable to persons relying on the document.

☐ INDIVIDUAL(S)

☐ CORPORATE OFFICER(S)
_____
TITLE(S)

☐ PARTNERS   ☐ LIMITED
                      ☐ GENERAL
☐ ATTORNEY-IN-FACT

☐ TRUSTEE(S)

☐ GUARDIAN/CONSERVATOR

☐ OTHER: _____
_____
_____

SIGNER IS REPRESENTING:
NAME OF PERSON(S) OR
ENTITY(IES)
_____
_____

** OPTIONAL SECTION **

THIS CERTIFICATE MUST BE ATTACHED TO THE DOCUMENT DESCRIBED AT RIGHT:
_____

Though the data requested here is not required by law, it could prevent fraudulent reattachment of this form.

Title or Type of Document
_____

Number of Pages
_____

Date of Document
_____

Signer(s) Other Than Named Above
_____

EXHIBIT 4, PAGE 27
EXHIBIT 2, PAGE 125

**EXHIBIT 5**

EXHIBIT 2, PAGE 126

RECORDING REQUESTED BY:
CALIFORNIA TITLE COMPANY

**RECORDING REQUESTED BY AND
WHEN RECORDED RETURN TO:**

Capital Direct Funding, Inc.
100 North Citrus Street, Suite 530
West Covina, California 91791
Attention: Operations

**DOC # 2018-0494641**
12/20/2018 12:38 PM Fees: $301.00
Page 1 of 26
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: MARY #420

APN 603-220-063
TRA: 012-037 **DEED OF TRUST, ASSIGNMENT OF RENTS
AND SECURITY AGREEMENT WITH FIXTURE FILING**

This DEED OF TRUST, ASSIGNMENT OF RENTS AND SECURITY AGREEMENT
WITH FIXTURE FILING (this "**Deed of Trust**") is made as of December 17, 2018, by Quonset
Partners LLC, a California limited liability company, as trustor ("**Trustor**"), to Orange Coast
Title Company, as trustee ("**Trustee**"), for the benefit of Inception RE Credit Holdings, LLC, a
Delaware limited liability company, as beneficiary ("**Beneficiary**").

## ARTICLE 1
## GRANT IN TRUST

1.1 **GRANT**. For the purposes of and upon the terms and conditions in this Deed of
Trust, Trustor irrevocably grants, conveys and assigns to Trustee, in trust for the benefit of
Beneficiary, with power of sale and right of entry and possession, all of that certain real property
located in the City of Coachella, Riverside County, State of California, described on Exhibit A
attached hereto, together with all right, title, interest, and privileges of Trustor in and to all
streets, ways, roads, and alleys used in connection with or pertaining to such real property, all
development rights or credits, air rights, water, water rights and water stock related to the real
property, and all minerals, oil and gas, and other hydrocarbon substances in, on or under the real
property, and all appurtenances, easements, rights and rights of way appurtenant or related
thereto; all buildings, other improvements and fixtures now or hereafter located on the real
property, including, but not limited to, all apparatus, equipment, and appliances used in the
operation or occupancy of the real property, it being intended by the parties that all such items
shall be conclusively considered to be a part of the real property, whether or not attached or
affixed to the real property (the "**Improvements**"); all interest or estate which Trustor may
hereafter acquire in the property described above, and all additions and accretions thereto, and
the proceeds of any of the foregoing (all of the foregoing being collectively referred to as the
"**Subject Property**"). The listing of specific rights or property shall not be interpreted as a limit
of general terms.

1.2 **ADDRESS**. The address of the Subject Property is: 84160 Avenue 48,
Coachella, California 92236. However, neither the failure to designate an address nor any
inaccuracy in the address designated shall affect the validity or priority of the lien of this Deed of
Trust on the Subject Property as described on Exhibit A.

1

EXHIBIT 5, PAGE 28
EXHIBIT 2, PAGE 127

DOC #2018-0494641 Page 2 of 26

## ARTICLE 2
## OBLIGATIONS

2.1    **OBLIGATIONS SECURED**.  Trustor makes this Deed of Trust for the purpose of securing the following obligations ("**Secured Obligations**"):

(a)    Payment to Beneficiary of all sums at any time owing under that certain Secured Promissory Note, in the principal amount of ONE MILLION FOUR HUNDRED THOUSAND and 00/100 DOLLARS ($1,400,000.00), made by, *inter alios* Trustor, in favor of Beneficiary and dated as of the date hereof (the "**Note**") pursuant to the terms of that certain Loan Agreement of even date herewith signed by, *inter alios*, the Trustor in favor of the Beneficiary (the "**Loan Agreement**"); and

(b)    Payment and performance of all covenants and obligations on the part of the Borrower and/or the Trustor under the Note, the Loan Agreement and the Loan Documents (as defined in the Loan Agreement); and

(c)    Payment and performance of all covenants and obligations of Trustor under this Deed of Trust; and

(d)    All modifications, extensions and renewals of any of the obligations secured hereby, however evidenced.

2.2    **OBLIGATIONS**.  The term "obligations" is used herein in its broadest and most comprehensive sense and shall be deemed to include, without limitation, all interest and charges, prepayment charges, late charges and loan fees at any time accruing or assessed on any of the Secured Obligations.

2.3    **INCORPORATION**.  All terms of the Secured Obligations and the documents evidencing such obligations are incorporated herein by this reference.  Capitalized terms not specifically defined herein have the meaning given such terms in the Note.  All persons who may have or acquire an interest in the Subject Property shall be deemed to have notice of the terms of the Secured Obligations.

## ARTICLE 3
## ASSIGNMENT OF LEASES AND RENTS

3.1    **ASSIGNMENT**.  Trustor hereby irrevocably assigns to Beneficiary all of Trustor's right, title and interest in, to and under: (a) all leases of the Subject Property or any portion thereof, all licenses and agreements relating to the management, leasing or operation of the Subject Property or any portion thereof, and all other agreements of any kind relating to the use or occupancy of the Subject Property or any portion thereof, whether now existing or entered into after the date hereof ("**Leases**"); and (b) the rents, revenue, income, issues, deposits security deposits, letters of credit, lease bonds and other deposit substitutes or credit enhancements and profits of the Subject Property, including, without limitation, all amounts payable and all rights and benefits accruing to Trustor under the Leases, and all deposits, security deposits, letters of credit, lease bonds and other deposit substitutes, or credit enhancements ("**Payments**").  The term "Leases" shall also include all guarantees of and security for the lessees' performance

2

EXHIBIT 5, PAGE 29
EXHIBIT 2, PAGE 128

DOC #2018-0494641  Page 3 of 26

thereunder, and all amendments, extensions, renewals or modifications thereto which are permitted hereunder. This is a present and absolute assignment, not an assignment for security purposes only, and Beneficiary's right to the Leases and Payments is not contingent upon, and may be exercised without possession of, the Subject Property.

3.2  **GRANT OF LICENSE**.  Beneficiary confers upon Trustor a license (the "**License**") to collect and retain the Payments as they become due and payable, until the occurrence of a Default (as hereinafter defined).  Upon a Default, the License shall be automatically revoked and Beneficiary may collect and apply the Payments pursuant to Section 6.4 without notice and without taking possession of the Subject Property.

3.3  **EFFECT OF ASSIGNMENT**.  The foregoing irrevocable assignment shall not cause Beneficiary to be:  (a) a mortgagee in possession; (b) responsible or liable for the control, care, management or repair of the Subject Property or for performing any of the terms, agreements, undertakings, obligations, representations, warranties, covenants and conditions of the Leases; or (c) responsible or liable for any waste committed on the Subject Property by the lessees under any of the Leases or any other parties; for any dangerous or defective condition of the Subject Property; or for any negligence in the management, upkeep, repair or control of the Subject Property resulting in loss or injury or death to any lessee, licensee, employee, invitee or other person. Beneficiary and Trustee shall not directly or indirectly be liable to Trustor or any other person as a consequence of: (i) the exercise or failure to exercise any of the rights, remedies or powers granted to Beneficiary or Trustee hereunder; or (ii) the failure or refusal of Beneficiary to perform or discharge any obligation, duty or liability of Trustor arising under the Leases.

3.4  **REPRESENTATIONS AND WARRANTIES**.  Trustor represents, warrants and certifies to Beneficiary that, except for the SGE Lease and the Lighthouse Sublease, there are no Leases in existence as of the date hereof.

3.5  **COVENANTS**.  Trustor covenants and agrees that Trustor shall not, without Beneficiary's prior written consent, which shall be subject to Beneficiary's sole and absolute discretion: (i) enter into any residential Lease, (ii) enter into any non-residential Lease except for such non-residential Leases; (iii) execute any other assignment relating to any Lease; (iv) terminate, modify or amend any of the terms of the Leases or in any manner release or discharge the lessees from any obligations thereunder (provided that Trustor may increase the rent in the SGE Lease (as defined in the Loan Agreement) up to the amount payable under the Lighthouse Sublease (as defined in the Loan Agreement) without Beneficiary's consent); (v) consent to any assignment or subletting by any lessee; (vi) except for the Permitted Encumbrances (as defined below), subordinate or agree to subordinate any of the Leases to any other deed of trust or encumbrance; or (vii) enter into any conveyance, transfer (including any transfer of any direct or indirect legal or beneficial interest, at any tier or level, and including any profit interest in Trustor, sale, lien, mortgage, pledge, security interest, charge or encumbrance of any kind (including any conditional sale or other title retention agreement or any lease in the nature thereof) and any agreement to give or refrain from giving any lien, mortgage, pledge, security interest, charge or other encumbrance of any kind, of, on, in or affecting the Collateral. Trustor covenants and agrees that the proceeds made available to Trustor pursuant to the Note are for use primarily for other than personal, family or household purposes.

3

EXHIBIT 5, PAGE 30
EXHIBIT 2, PAGE 129

DOC #2018-0494641  Page 4 of 26

## ARTICLE 4
## SECURITY AGREEMENT AND FIXTURE FILING

4.1    **SECURITY INTEREST**. Trustor hereby grants and assigns to Beneficiary as of the date hereof a security interest, to secure payment and performance of all of the Secured Obligations, in all of the following described personal property in which Trustor now or at any time hereafter has any interest (collectively, the "**Collateral**"):

All goods, building and other materials, supplies, work in process, equipment, machinery, fixtures, furniture, furnishings, signs and other personal property and embedded software included therein and supporting information, wherever situated, which are or are to be incorporated into, used in connection with, or appropriated for use on the Subject Property; together with all rents and security, issues, deposits and profits of the Subject Property (to the extent, if any, they are not subject to Article 3);

All inventory, accounts, cash receipts, deposit accounts, accounts receivable, contract rights, licenses, agreements, general intangibles, payment intangibles, software, chattel paper (whether electronic or tangible), instruments, documents, promissory notes, drafts, letters of credit, letter of credit rights, supporting obligations, insurance policies, insurance and condemnation awards and proceeds, proceeds of the sale of promissory notes, any other rights to the payment of money, trade names, trademarks and service marks arising from or related to the ownership, management, leasing, operation, sale or disposition of the Subject Property or any business now or hereafter conducted thereon by Trustor; all development rights and credits; all rights of Trustor under any interest rate hedge, cap, swap or similar agreement; all permits consents, approvals, licenses, authorizations and other rights granted by, given by or obtained from, any governmental entity with respect to the Subject Property; all water and water rights, all deposits or other security now or hereafter made with or given to utility companies by Trustor with respect to the Subject Property; all advance payments of insurance premiums made by Trustor with respect to the Subject Property; all plans, drawings and specifications relating to the Subject Property; all reserves, deferred payments, deposits, security deposits, letters of credit, lease bonds and other deposit substitutes, credit enhancements, other like items, accounts, refunds and payments of any kind related to the Subject Property or any portion thereof; together with all replacements and proceeds of, and additions and accessions to, any of the foregoing; together with all books, records and files relating to any of the foregoing.

As to all of the above described personal property which is or which hereafter becomes a "fixture" under applicable law, this Deed of Trust constitutes a fixture filing under Sections 9313 and 9402(6) of the California Uniform Commercial Code (the "**UCC**"), as amended or recodified from time to time.

4.2    **REPRESENTATIONS AND WARRANTIES**. Trustor represents and warrants that: (a) Trustor has good title to the Collateral, subject only to those matters listed on Exhibit B attached hereto and incorporated herein (the "**Permitted Encumbrances**"); (b) except for any Permitted Encumbrances, Trustor has not previously assigned or encumbered the Collateral, and Trustor has not delivered or authorized any other person to deliver any financing statement covering any of the Collateral to any other person or entity; (c) Trustor's principal place of

4

EXHIBIT 5, PAGE 31
EXHIBIT 2, PAGE 130

business is located at the address shown in Section 7.11 and (d) Trustor's legal name is exactly as set forth on the first page of this Deed of Trust.

4.3 **RIGHTS OF BENEFICIARY**. In addition to Beneficiary's rights as a "Secured Party" under the UCC, Beneficiary may, but shall not be obligated to, at any time without notice and at the expense of Trustor: (a) give notice to any person of Beneficiary's rights hereunder and enforce such rights at law or in equity; (b) insure, protect, defend and preserve the Collateral or any rights or interests of Beneficiary therein; (c) inspect the Collateral; and (d) endorse, collect and receive any right to payment of money owing to Trustor under or from the Collateral. Notwithstanding the above, in no event shall Beneficiary be deemed to have accepted any property other than cash in satisfaction of any obligation of Trustor to Beneficiary unless Beneficiary shall make an express written election of said remedy under UCC §9505, or other applicable law.

4.4 **RIGHTS OF BENEFICIARY ON DEFAULT**. Upon the occurrence and during the continuance of a Default under this Deed of Trust, then in addition to all of Beneficiary's rights as a "Secured Party" under the UCC or otherwise at law:

(a) Beneficiary may (i) upon written notice, require Trustor to assemble any or all of the Collateral and make it available to Beneficiary at a place designated by Beneficiary; (ii) without prior notice, enter upon the Subject Property or other place where any of the Collateral may be located and take possession of, collect, sell, lease, license and dispose of any or all of the Collateral, and store the same at locations acceptable to Beneficiary at Trustor's expense; (iii) sell, assign and deliver at any place and in any lawful manner all or any part of the Collateral and bid and become purchaser at any such sales;

(b) Beneficiary may, for the account of Trustor and at Trustor's expense: (i) operate, use, consume, sell, lease, license, or dispose of the Collateral as Beneficiary deems appropriate for the purpose of performing any or all of the Secured Obligations; (ii) enter into any agreement, compromise, or settlement, including insurance claims, which Beneficiary may deem desirable or proper with respect to any of the Collateral; and (iii) endorse and deliver evidences of title for, and receive, enforce and collect by legal action or otherwise, all indebtedness and obligations now or hereafter owing to Trustor in connection with or on account of any or all of the Collateral; and

(c) In disposing of Collateral hereunder, Beneficiary may disclaim all warranties of title, possession, quiet enjoyment and the like. Any proceeds of any disposition of any Collateral may be applied by Beneficiary to the payment of expenses incurred by Beneficiary in connection with the foregoing, including reasonable attorneys' fees, and the balance of such proceeds may be applied by Beneficiary toward the payment of the Secured Obligations in such order of application as Beneficiary may from time to time elect.

Notwithstanding any other provision hereof, Beneficiary shall not be deemed to have accepted any property other than cash in satisfaction of any obligation of Trustor to Beneficiary unless Trustor shall make an express written election of said remedy under UCC §9620, or other applicable law.

EXHIBIT 5, PAGE 32
EXHIBIT 2, PAGE 131

DOC #2018-0494641  Page 6 of 26

4.5   **POWER OF ATTORNEY**.  Trustor hereby irrevocably appoints Beneficiary as Trustor's attorney-in-fact (such agency being coupled with an interest), and as such attorney-in-fact Beneficiary may, without the obligation to do so, in Beneficiary's name, or in the name of Trustor, prepare, execute and file or record financing statements, continuation statements, applications for registration and like papers necessary to create, perfect or preserve any of Beneficiary's security interests and rights in or to any of the Collateral, and take any other action required of Trustor herein; provided, however, that Beneficiary as such attorney-in-fact shall be accountable only for such funds as are actually received by Beneficiary.

4.6   **POSSESSION AND USE OF COLLATERAL**.  Except as otherwise provided in this Article 4, so long as no Default exists under this Deed of Trust, the Note, the Loan Agreement, or any of the other Loan Documents (as defined in the Loan Agreement), Trustor may possess, use, move, transfer or dispose of any of the Collateral in the ordinary course of Trustor's business.

## ARTICLE 5
## RIGHTS AND DUTIES OF THE PARTIES

5.1   **TITLE**.   Trustor represents and warrants that Trustor lawfully holds and possesses, or will hold and possess fee simple title to, the Subject Property without limitation on the right to encumber, subject only to the Permitted Encumbrances, and this Deed of Trust is a valid lien on the Subject Property.

5.2   **TAXES AND ASSESSMENTS**.

(a)   Subject only to the Permitted Encumbrances, Trustor shall pay prior to delinquency all taxes, assessments, levies and charges imposed by any public or quasi-public authority or utility company which are or which may become a lien upon or cause a loss in value of the Subject Property or any interest therein and with respect to the Permitted Encumbrances, Trustor shall make all necessary payments, in each case, prior to the date any interest, penalty, fine or cost may be added for non-payment, but in any event before such payment would be delinquent. Trustor shall also pay prior to delinquency all taxes, assessments, levies and charges imposed by any public authority upon Beneficiary by reason of its interest in any Secured Obligation or in the Subject Property, or by reason of any payment made to Beneficiary pursuant to any Secured Obligation, and Trustor shall provide evidence of such payments to Beneficiary upon request;

(b)   If any law is enacted or adopted or amended after the date of this Deed of Trust which deducts the indebtedness under this Deed of Trust from the value of the Property for the purpose of taxation or which imposes a tax, either directly or indirectly, on the indebtedness under this Deed of Trust or Beneficiary's interest in the Property, Trustor will pay the tax, with interest and penalties thereon, if any. If Beneficiary is advised by counsel chosen by it that the payment of tax by Trustor would be unlawful or taxable to Beneficiary or unenforceable or provide the basis for a defense of usury then Beneficiary shall have the option by written notice of not less than one hundred twenty (120) days to declare the indebtedness under this Deed of Trust immediately due and payable.

6

EXHIBIT 5, PAGE 33
EXHIBIT 2, PAGE 132

DOC #2018-0494641  Page 7 of 26

(c)    If at any time the United States of America, any State thereof or any subdivision of any such State shall require revenue or other stamps to be affixed to the Note or this Deed of Trust, or impose any other tax or charge on the same, Trustor will pay for the same, with interest and penalties thereon, if any.

(d)    If it shall be determined by the governmental authority having jurisdiction that any taxes are due on this Deed of Trust or the obligation secured by this Deed of Trust, Trustor will pay the same.

5.3    **TAX AND INSURANCE IMPOUNDS**.  After the occurrence of a Default, Trustor shall, at the option of Beneficiary and until all Secured Obligations have been paid in full, pay to Beneficiary monthly, annually or as otherwise directed by Beneficiary an amount estimated by Beneficiary to be equal to:  (a) all taxes, assessments and levies imposed by any public or quasi-public authority or utility company which are or may become a lien upon the Subject Property and will become due for the tax year during which such payment is so directed; and (b) premiums for liability, fire, rental interruption, other hazard and mortgage insurance next due.  If Beneficiary determines that any amounts paid by Trustor are insufficient for the payment in full of such taxes, assessments, levies and/or insurance premiums, Beneficiary shall notify Trustor of the increased amounts required to pay all amounts due, whereupon Trustor shall pay to Beneficiary within sixty (60) days thereafter the additional amount as stated in Beneficiary's notice.  All sums so paid shall not bear interest, except to the extent and in any minimum amount required by law; and Beneficiary shall apply said funds to the timely payment of, or at the sole option of Beneficiary release said funds to Trustor for the application to and payment of, such sums, taxes, assessments, levies, charges, and insurance premiums.  Upon Default by Trustor hereunder or under any Secured Obligation, Beneficiary may apply all or any part of said sums to any Secured Obligation and/or to cure such Default, in which event Trustor shall be required to restore all amounts so applied, as well as to cure any other events or conditions of Default not cured by such application.  Upon assignment of this Deed of Trust, Beneficiary shall have the right to assign all amounts collected and in its possession to its assignee whereupon Beneficiary and its Trustee shall be released from all liability with respect thereto.

5.4    **PERFORMANCE OF SECURED OBLIGATIONS**.  Trustor shall promptly pay and perform each Secured Obligation when due.

5.5    **LIENS, ENCUMBRANCES AND CHARGES**.  Trustor shall (i) immediately discharge any lien not approved by Beneficiary in writing that has or may attain priority over this Deed of Trust other than the Permitted Encumbrances, and (ii) pay when due all obligations secured by or reducible to liens and encumbrances which shall now or hereafter encumber or appear to encumber all or any part of the Subject Property, Collateral or any interest therein, whether senior or subordinate hereto.

5.6    **DAMAGES; INSURANCE AND CONDEMNATION PROCEEDS**.

(a)    The following (whether now existing or hereafter arising) are all absolutely and irrevocably assigned by Trustor to Beneficiary and, at the request of Beneficiary, shall be paid directly to Beneficiary:  (i) all awards of damages and all other compensation payable directly or indirectly by reason of a condemnation or proposed condemnation for public

7

EXHIBIT 5, PAGE 34
EXHIBIT 2, PAGE 133

DOC #2018-0494641   Page 8 of 26

or private use affecting all or any part of, or any interest in, the Subject Property or Collateral; (ii) all other claims and awards for damages to, or decrease in value of, all or any part of, or any interest in, the Subject Property; (iii) all proceeds of any insurance policies payable by reason of loss sustained to all or any part of the Subject Property or Collateral; and (iv) all interest which may accrue on any of the foregoing.  Subject to applicable law and to the terms of the Loan Agreement, and without regard to any requirement contained in Section 5.7(d), Beneficiary may at its discretion apply all or any of the proceeds it receives to its expenses in settling, prosecuting or defending any claim and shall release the balance of any insurance proceeds Beneficiary receives to Trustor upon any conditions Beneficiary may impose, unless such casualty and/or release would materially impair Beneficiary's security, in which case Beneficiary may apply the balance to the Secured Obligation.  Beneficiary may commence, appear in, defend or prosecute any assigned claim or action and may adjust, compromise, settle and collect all claims and awards assigned to Beneficiary; provided, however, in no event shall Beneficiary be responsible for any failure to collect any claim or award, regardless of the cause of the failure, including, without limitation, any malfeasance or nonfeasance by Beneficiary or its employees or agents.

(b)     At its sole option subject to the provisions of subparagraph (a) above and of the Loan Agreement, Beneficiary may permit insurance or condemnation proceeds held by Beneficiary to be used for repair or restoration, but may condition such application upon reasonable conditions, including, without limitation:  (i) the deposit with Beneficiary of such additional funds which Beneficiary determines are needed to pay all costs of the repair or restoration, (including, without limitation, taxes, financing charges, insurance and rent during the repair period); (ii) the establishment of an arrangement for lien releases and disbursement of funds acceptable to Beneficiary; (iii) the delivery to Beneficiary of plans and specifications for the work, a contract for the work signed by a contractor acceptable to Beneficiary, a cost breakdown for the work and a payment and performance bond for the work, all of which shall be acceptable to Beneficiary; and (iv) the delivery to Beneficiary of evidence acceptable to Beneficiary (aa) that after completion of the work the income from the Subject Property will be sufficient to pay all expenses and debt service for the Subject Property; (bb) that Trustor's funds, together with available insurance or condemnation proceeds, are sufficient to restore the Subject Property in full; (cc) that upon completion of the work, the net rentable area and total value of the Subject Property will be at least as great as it was before the damage or condemnation occurred; (dd) that, without giving effect to the casualty, there has been no material adverse change in the financial condition or credit of Trustor since the date of this Deed of Trust; (ee) of the satisfaction of any additional conditions that Beneficiary may reasonably establish to protect its security and (ff) of the continuation of Leases acceptable to and required by Beneficiary. Trustor hereby acknowledges that the conditions described above are reasonable, and, if such conditions have not been satisfied within thirty (30) days of receipt by Beneficiary of such insurance, then Beneficiary may apply such insurance proceeds to pay down the Secured Obligations in such order and amounts as Beneficiary in its sole discretion may choose.

5.7     **MAINTENANCE   AND   PRESERVATION   OF   THE   SUBJECT PROPERTY**. Trustor covenants: (a) to insure the Subject Property and Collateral against such risks as Beneficiary may require and, at Beneficiary's request, to provide evidence of such insurance to Beneficiary, and to comply with the requirements of any insurance companies providing such insurance; (b) to keep the Subject Property and Collateral in good condition and repair; (c) not to remove or demolish the Subject Property or Collateral or any part thereof, not to

8

EXHIBIT 5, PAGE 35
EXHIBIT 2, PAGE 134

DOC #2018-0494641  Page 9 of 26

alter, restore or add to the Subject Property or Collateral without Beneficiary's prior written consent, (d) not to initiate or acquiesce in any change in any zoning or other land classification which affects the Subject Property without Beneficiary's prior written consent; (e) to complete or restore promptly and in good and workmanlike manner the Subject Property and the Collateral, or any part thereof which may be damaged or destroyed, without regard to the adequacy of insurance proceeds; (f) to comply with all laws, ordinances, regulations and standards, and all covenants, conditions, restrictions and equitable servitudes, whether public or private, of every kind and character which affect the Subject Property or Collateral and pertain to acts committed or conditions existing thereon, including, without limitation, any work, alteration, improvement or demolition mandated by such laws, covenants or requirements; (g) not to commit or permit waste of the Subject Property or Collateral; and (h) to do all other acts which from the character or use of the Subject Property may be reasonably necessary to maintain and preserve its value.

      5.8    **DEFENSE AND NOTICE OF LOSSES, CLAIMS AND ACTIONS**.  At Trustor's sole expense, Trustor shall protect, preserve and defend the Subject Property and Collateral and title to and right of possession of the Subject Property and Collateral, the security hereof and the rights and powers of Beneficiary and Trustee hereunder against all adverse claims. Trustor shall give Beneficiary and Trustee prompt notice in writing of the assertion of any claim, of the filing of any action or proceeding, of the occurrence of any damage to the Subject Property or Collateral and of any condemnation offer or action.

      5.9    **ACCEPTANCE OF TRUST; POWERS AND DUTIES OF TRUSTEE**.

        (a)    Trustee accepts this trust when this Deed of Trust is recorded. Except as may be required by applicable law, Trustee or Beneficiary may from time to time apply to any court of competent jurisdiction for aid and direction in the execution of the trust hereunder and the enforcement of the rights and remedies available hereunder, and may obtain orders or decrees directing or confirming or approving acts in the execution of said trust and the enforcement of said remedies.

        (b)    Trustee shall not be required to take any action toward the execution and enforcement of the trust hereby created or to institute, appear in, or defend any action, suit, or other proceeding in connection therewith where, in his opinion, such action would be likely to involve him in expense or liability, unless requested so to do by a written instrument signed by Beneficiary and, if Trustee so requests, unless Trustee is tendered security and indemnity satisfactory to Trustee against any and all cost, expense, and liability arising therefrom. Trustee shall not be responsible for the execution, acknowledgment, or validity of the Note, or for the proper authorization thereof, or for the sufficiency of the lien and security interest purported to be created hereby, and Trustee makes no representation in respect thereof or in respect of the rights, remedies, and recourses of Beneficiary.

        (c)    With the approval of Beneficiary, Trustee shall have the right to take any and all of the following actions: (i) to select, employ, and advise with counsel (who may be, but need not be, counsel for Beneficiary) upon any matters arising hereunder, including the preparation, execution, and interpretation of the Note, and shall be fully protected in relying as to legal matters on the advice of counsel, (ii) to execute any of the trusts and powers hereof and to perform any duty hereunder either directly or through his agents or attorneys, (iii) to select and

Order: 00380363
Doc: RV:2018 00494641

Page 9 of 26

Requested By: Suthon , Printed: 3/26/2022 11:39 AM

EXHIBIT 5, PAGE 36
EXHIBIT 2, PAGE 135

DOC #2018-0494641  Page 10 of 26

employ, in and about the execution of his duties hereunder, suitable accountants, engineers and other experts, agents and attorneys-in-fact, either corporate or individual, not regularly in the employ of Trustee, and Trustee shall not be answerable for any act, default, negligence, or misconduct of any such accountant, engineer or other expert, agent or attorney-in-fact, if selected with reasonable care, or for any error of judgment or act done by Trustee in good faith, or be otherwise responsible or accountable under any circumstances whatsoever, except for Trustee's gross negligence or bad faith, and (iv) any and all other lawful action as Beneficiary may instruct Trustee to take to protect or enforce Beneficiary's rights hereunder. Trustee shall not be personally liable in case of entry by Trustee, or anyone entering by virtue of the powers herein granted to Trustee, upon the Subject Property for debts contracted for or liability or damages incurred in the management or operation of the Subject Property.  Trustee shall have the right to rely on any instrument, document, or signature authorizing or supporting any action taken or proposed to be taken by Trustee hereunder, believed by Trustee in good faith to be genuine. Trustee shall be entitled to reimbursement for expenses incurred by Trustee in the performance of Trustee's duties hereunder and to reasonable compensation for such of Trustee's services hereunder as shall be rendered. TRUSTOR WILL, FROM TIME TO TIME, PAY THE COMPENSATION DUE TO TRUSTEE HEREUNDER AND REIMBURSE TRUSTEE FOR, AND INDEMNIFY AND HOLD HARMLESS TRUSTEE AGAINST, ANY AND ALL LIABILITY AND EXPENSES WHICH MAY BE INCURRED BY TRUSTEE IN THE PERFORMANCE OF TRUSTEE'S DUTIES.

(d)    All moneys received by Trustee shall, until used or applied as herein provided, be held in trust for the purposes for which they were received, but need not be segregated in any manner from any other moneys (except to the extent required by applicable law) and Trustee shall be under no liability for interest on any moneys received by Trustee hereunder.

(e)    Should any deed, conveyance, or instrument of any nature be required from Trustor by any Trustee or substitute Trustee to more fully and certainly vest in and confirm to the Trustee or substitute Trustee such estates, rights, powers, and duties, then, upon request by the Trustee or substitute Trustee, any and all such deeds, conveyances and instruments shall be made, executed, acknowledged, and delivered and shall be caused to be recorded and/or filed by Trustor.

(f)    By accepting or approving anything required to be observed, performed, or fulfilled or to be given to Trustee pursuant to this Deed of Trust or the Note, including without limitation, any deed, conveyance, instrument, officer's certificate, balance sheet, statement of profit and loss or other financial statement, survey, appraisal, or insurance policy, Trustee shall not be deemed to have warranted, consented to, or affirmed the sufficiency, legality, effectiveness, or legal effect of the same, or of any term, provision, or condition thereof, and such acceptance or approval thereof shall not be or constitute any warranty or affirmation with respect thereto by Trustee.

5.10  **COMPENSATION; EXCULPATION; INDEMNIFICATION**.

(a)    Trustor shall pay Trustee's fees and reimburse Trustee for expenses in the administration of this trust, including attorneys' fees. Trustor shall pay to Beneficiary reasonable

10

EXHIBIT 5, PAGE 37
EXHIBIT 2, PAGE 136

DOC #2018-0494641  Page 11 of 26

compensation for services rendered concerning this Deed of Trust, including, without limitation, any statement of amounts owing under any Secured Obligation. Beneficiary shall not directly or indirectly be liable to Trustor or any other person as a consequence of (i) the proper exercise of the rights, remedies or powers granted to Beneficiary in this Deed of Trust; (ii) the failure or refusal of Beneficiary to perform or discharge any obligation or liability of Trustor under any agreement related to the Subject Property or Collateral or under this Deed of Trust; or (iii) any loss sustained by Trustor or any third party resulting from Beneficiary's failure to lease the Subject Property after a Default or from any other act or omission of Beneficiary in managing the Subject Property after a Default unless the loss is caused by the fraud, gross negligence or willful misconduct of Beneficiary and no such liability shall be asserted against or imposed upon Beneficiary (except as otherwise expressly set forth herein), and all such liability is hereby expressly waived and released by Trustor.

(b)  Trustor indemnifies Trustee and Beneficiary (and their respective successors, assigns and participants) against, and holds Trustee and Beneficiary (and their respective successors, assigns and participants) harmless from, all losses, damages, liabilities, claims, causes of action, judgments, court costs, reasonable attorneys' fees and other legal expenses, cost of evidence of title, cost of evidence of value, and other expenses which either may suffer or incur:  (i) by reason of this Deed of Trust; (ii) by reason of the execution of this trust or in performance of any act required or permitted hereunder or required by law; (iii) as a result of any failure of Trustor to perform Trustor's obligations; or (iv) by reason of any alleged obligation or undertaking on Beneficiary's part to perform or discharge any of the representations, warranties, conditions, covenants or other obligations of Trustor contained in any other document related to the Subject Property, unless the loss is caused by the fraud, gross negligence or willful misconduct of Trustee or Beneficiary. The above obligation of Trustor to indemnify and hold harmless Trustee and Beneficiary (and their respective successors, assigns and participants) shall survive the release and cancellation of the Secured Obligations and the release and reconveyance or partial release and reconveyance of this Deed of Trust.

(c)  Trustor shall pay all amounts and indebtedness arising under this Section 5.10 immediately after demand by Trustee or Beneficiary (or their respective successors, assigns or participants) together with interest thereon from the date of such demand at the Post-Default Rate (as defined in the Note) (referred to herein as the "**Default Rate**").

5.11  **SUBSTITUTION OF TRUSTEES**. From time to time, by a writing, signed and acknowledged by Beneficiary and recorded in the Office of the Recorder of the County of Alameda, Beneficiary may appoint another trustee to act in the place and stead of Trustee or any successor. Such writing shall set forth any information required by law. The recordation of such instrument of substitution shall discharge Trustee herein named and shall appoint the new trustee as the trustee hereunder with the same effect as if originally named Trustee herein. A writing recorded pursuant to the provisions of this Section 5.11 shall be conclusive proof of the proper substitution of such new Trustee.

5.12  **DUE ON SALE OR ENCUMBRANCE**. If the Subject Property or any interest therein shall be sold, transferred, mortgaged, assigned, further encumbered or leased, whether directly or indirectly, whether voluntarily, involuntarily or by operation of law, without the prior

11

EXHIBIT 5, PAGE 38
EXHIBIT 2, PAGE 137

DOC #2018-0494641  Page 12 of 26

written consent of Beneficiary, THEN Beneficiary, in its sole discretion, may declare all Secured Obligations immediately due and payable.

     5.13  **RELEASES, EXTENSIONS, MODIFICATIONS AND ADDITIONAL SECURITY**.  Without notice to or the consent, approval or agreement of any persons or entities having any interest at any time in the Subject Property and Collateral or in any manner obligated under the Secured Obligations ("**Interested Parties**"), Beneficiary may, from time to time, release any person or entity from liability for the payment or performance of any Secured Obligation, take any action or make any agreement with Trustor or the applicable obligor extending the maturity or otherwise altering the terms or increasing the amount of any Secured Obligation, or accept additional security or release all or a portion of the Subject Property and Collateral and other security for the Secured Obligations.  None of the foregoing actions shall release or reduce the personal liability of any of said Interested Parties, or release or impair the priority of the lien of this Deed of Trust upon the Subject Property and Collateral.

     5.14  **RECONVEYANCE**.  Upon Beneficiary's written request, and upon surrender to Trustee for cancellation of this Deed of Trust or a certified copy thereof and any note, instrument, or instruments setting forth all obligations secured hereby, Trustee shall reconvey, without warranty, the Subject Property or that portion thereof then held hereunder.  To the extent permitted by law, the reconveyance may describe the grantee as "the person or persons legally entitled thereto" and the recitals of any matters or facts in any reconveyance executed hereunder shall be conclusive proof of the truthfulness thereof.  Neither Beneficiary nor Trustee shall have any duty to determine the rights of persons claiming to be rightful grantees of any reconveyance. When the Subject Property has been fully reconveyed, the last such reconveyance shall operate as a reassignment of all future rents, issues and profits of the Subject Property to the person or persons legally entitled thereto.

     5.15  **SUBROGATION**.    Beneficiary  shall  be  subrogated  to  the  lien  of  all encumbrances, whether released of record or not, paid in whole or in part by Beneficiary pursuant to this Deed of Trust.

     5.16  **RIGHT OF INSPECTION**.  Beneficiary, its agents and employees, may enter the Subject Property at any reasonable time for the purpose of inspecting the Subject Property and ascertaining Trustor's compliance with the terms hereof.

     5.17  **INSURANCE**.  Trustor shall maintain (a) fire and other casualty insurance reasonably satisfactory to Beneficiary and with loss payable to Beneficiary, (b) workers' compensation insurance for Trustor's employees as required by law, and (c) comprehensive general liability insurance covering Trustor, Trustee, and Beneficiary against claims for bodily injury or death or for damage occurring in, on, about, or resulting from the Subject Property, or any street, drive, sidewalk, curb, or passageway adjacent to it, as required under the Loan Agreement.    If requested by Beneficiary, Trustor shall deliver to Beneficiary duplicate certificates of the policies evidencing the insurance required under this Deed of Trust and any additional insurance on the Property that may be acquired by or on behalf of Trustor, and, in addition, if requested by Beneficiary, Trustor shall deliver to Beneficiary receipts evidencing payment of all premiums on such policies and duplicate original renewal policies or a binder with evidence reasonably satisfactory to Beneficiary of payment of all premiums at least thirty

12

EXHIBIT 5, PAGE 39
EXHIBIT 2, PAGE 138

(30) days prior to the expiration of such policies.  By delivery of this Deed of Trust to Trustor for execution, Beneficiary has notified Trustor prior to execution of the Note and this Deed of Trust of the provisions of California Civil Code Section 2955.5(a), which provides as follows:

> *"No lender shall require a borrower, as a condition of receiving or maintaining a loan secured by real property, to provide hazard insurance coverage against risks to the improvements on that real property in an amount exceeding the replacement value of the improvements on the property."*

    5.18  **HAZARDOUS MATERIALS REPRESENTATIONS**.  Without in any way limiting the other representations and warranties set forth in this Deed of Trust, and after reasonable investigation and inquiry, Trustor hereby specifically represents and warrants to the best of Trustor's knowledge as of the date of this Deed of Trust as follows:

    (a)  Hazardous Materials.  The Subject Property is not and has not been a site for the use, generation, manufacture, storage, treatment, release, threatened release, discharge, disposal, transportation or presence of any Hazardous Materials.  "**Hazardous Materials**" as used herein means any and all oil, petroleum and petroleum products, flammable explosives, asbestos, urea formaldehyde insulation, radioactive materials, Mold (as used herein, "**Mold**" means fungi that reproduces through the release of spores or the splitting of cells or other means (including, without limitation, to mold, mildew, viruses, fungi, fungal spores, fragments and metabolites such as mycotoxins, and microbial volatile organic compounds, whether or not living)), hazardous wastes, toxic or contaminated substances or similar materials, including, without limitation, any substances which are "hazardous substances," "hazardous wastes," "hazardous materials," "toxic substances," "wastes," "regulated substances," "industrial solid wastes," or "pollutants" under the Hazardous Materials Laws (as defined below) and/or other applicable environmental laws, ordinances and regulations; excluding, however, commercially reasonable amounts of such materials used in the ordinary course of operation of the Subject Property which are used and stored in accordance with all Hazardous Material Laws.

    (b)  Hazardous Materials Laws.  The Subject Property is in compliance with all laws, ordinances and regulations relating to Hazardous Materials ("**Hazardous Materials Laws**"), including, without limitation:  the Clean Air Act, as amended, 42 U.S.C. Section 7401 et seq.; the Federal Water Pollution Control Act, as amended, 33 U.S.C. Section 1251 et seq.; the Resource Conservation and Recovery Act of 1976, as amended, 42 U.S.C. Section 6901 et seq.; the Comprehensive Environment Response, Compensation and Liability Act of 1980, as amended (including the Superfund Amendments and Reauthorization Act of 1986), 42 U.S.C. Section 9601 et seq.; the Toxic Substances Control Act, as amended, 15 U.S.C. Section 2601 et seq.; the Occupational Safety and Health Act, as amended, 29 U.S.C. Section 651, the Emergency Planning and Community Right-to-Know Act of 1986, 42 U.S.C. Section 11001 et seq.;  the Mine Safety and Health Act of 1977, as amended, 30 U.S.C. Section 801 et seq.; the Safe Drinking Water Act, as amended, 42 U.S.C. Section 300f et seq.; and all comparable state and local laws, laws of other jurisdictions or orders and regulations.

    (c)  Hazardous Materials Claims.  There are no claims or actions ("**Hazardous Materials Claims**") pending or threatened against Trustor or the Subject Property by any

EXHIBIT 5, PAGE 40
EXHIBIT 2, PAGE 139

Case 2:21-bk-11188-BB    Doc 671    Filed 10/21/22    Entered 10/21/22 19:32:18    Desc
Main Document    Page 144 of 279
Case 2:21-bk-11188-BB    Doc 619    Filed 04/15/22    Entered 04/15/22 18:31:09    Desc
Main Document    Page 46 of 81

DOC #2018-0494641  Page 14 of 26

governmental entity or agency or by any other person or entity relating to Hazardous Materials or pursuant to the Hazardous Materials Laws.

(d)    Border Zone Property.    The Subject Property has not been designated as "border zone property" under the provisions of California Health and Safety Code, Sections 25220 et seq. ("**Border Zone Property**") and there has been no occurrence or condition on any real property adjoining or in the vicinity of the Subject Property that could cause the Subject Property or any part thereof to be designated as Border Zone Property.

5.19    **HAZARDOUS MATERIALS COVENANTS**.    Trustor agrees as follows:

(a)    No Hazardous Activities.    Trustor shall not cause or permit the Subject Property to be used as a site for the use, generation, manufacture, storage, treatment, release, discharge, disposal, transportation or presence of any Hazardous Materials.

(b)    Compliance.    Trustor shall comply and cause the Subject Property and Collateral to comply with all Hazardous Materials Laws.  In addition, if there is Mold present on or about the Subject Property which could have a material adverse effect on the Subject Property, or poses a threat to the life, safety or health of occupants therein, Trustor shall remedy such condition to Beneficiary's reasonable satisfaction.

(c)    Notices.    Trustor shall immediately notify Beneficiary in writing of: (i) the discovery of any Hazardous Materials on, under or about the Subject Property and Collateral; (ii) any knowledge by Trustor that the Subject Property and Collateral does not comply with any Hazardous Materials Laws; (iii) any Hazardous Materials Claims; and (iv) the discovery of any occurrence or condition on any real property adjoining or in the vicinity of the Subject Property and Collateral that could cause the Subject Property and Collateral or any part thereof to be designated as Border Zone Property.

(d)    Remedial Action.    In response to the presence of any Hazardous Materials on, under or about the Subject Property, Trustor shall immediately take, at Trustor's sole expense, and subject to Beneficiary's prior approval, all remedial action required by any Hazardous Materials Laws or any judgment, consent decree, settlement or compromise in respect to any Hazardous Materials Claims.

5.20    **HAZARDOUS MATERIALS INDEMNITY**.    TRUSTOR HEREBY AGREES TO DEFEND, INDEMNIFY AND HOLD HARMLESS BENEFICIARY, ITS DIRECTORS, OFFICERS, EMPLOYEES, AGENTS, SUCCESSORS AND ASSIGNS FROM AND AGAINST ANY AND ALL LOSSES, DAMAGES, LIABILITIES, CLAIMS, ACTIONS, JUDGMENTS, COURT COSTS AND LEGAL OR OTHER EXPENSES (INCLUDING, WITHOUT LIMITATION, ATTORNEYS' FEES AND EXPENSES) WHICH BENEFICIARY MAY INCUR AS A DIRECT OR INDIRECT CONSEQUENCE OF THE USE, GENERATION, MANUFACTURE, STORAGE, DISPOSAL, THREATENED DISPOSAL, TRANSPORTATION OR PRESENCE OF HAZARDOUS MATERIALS IN, ON, UNDER OR ABOUT THE SUBJECT PROPERTY AND COLLATERAL.    TRUSTOR SHALL IMMEDIATELY PAY TO BENEFICIARY UPON DEMAND ANY AMOUNTS OWING UNDER THIS INDEMNITY, TOGETHER WITH INTEREST FROM THE DATE THE

14

EXHIBIT 5, PAGE 41
EXHIBIT 2, PAGE 140

Case 2:21-bk-11188-BB    Doc 671    Filed 10/21/22    Entered 10/21/22 19:32:18    Desc
Main Document    Page 145 of 279
Case 2:21-bk-11188-BB    Doc 619    Filed 04/15/22    Entered 04/15/22 18:31:09    Desc
Main Document    Page 47 of 81

DOC #2018-0494641  Page 15 of 26

INDEBTEDNESS ARISES UNTIL PAID AT A RATE OF INTEREST EQUAL TO THE DEFAULT RATE. TRUSTOR'S DUTY AND OBLIGATIONS TO DEFEND, INDEMNIFY AND HOLD HARMLESS BENEFICIARY SHALL SURVIVE THE RELEASE, RECONVEYANCE OR PARTIAL RECONVEYANCE OF THE DEED OF TRUST.

5.21 **LEGAL EFFECT OF HAZARDOUS MATERIALS PROVISIONS**. Trustor and Beneficiary agree that (a) Sections 5.18, 5.19 and 5.20 are intended as Beneficiary's written request for information (and Trustor's response) concerning the environmental condition of the real property security as required by California Code of Civil Procedure §726.5, and (b) each provision in such Sections (together with any indemnity applicable to a breach of any such provision) with respect to the environmental condition of the real property security is intended by Beneficiary and Trustor to be an "environmental provision" for purposes of California Code of Civil Procedure §736, and as such it is expressly understood that Trustor's duty to indemnify Beneficiary hereunder shall survive any judicial or non-judicial foreclosure under this Deed of Trust, or transfer of the Subject Property in lieu thereof, and the release and reconveyance or cancellation of this Deed of Trust.

## ARTICLE 6
## DEFAULT PROVISIONS

6.1 **DEFAULT**. For all purposes hereof, the term "Default" shall mean (a) the occurrence of any "Event of Default" under the Loan Agreement; (b) the failure of Trustor to perform any non-monetary obligation hereunder or under the Note or any of the other Loan Documents, or the failure to be true of any representation or warranty of Trustor contained herein or in the Note or any of the other Loan Documents; (c) the failure of Trustor to perform any monetary obligation hereunder or under the Note or any of the other Loan Documents; (d) the failure of Trustor to perform any obligation under any Permitted Encumbrance, or the failure to be true of any representation or warranty of Trustor contained in the documents evidencing any Permitted Encumbrance; or (e) any default by Trustor under any Permitted Encumbrance or any exercise of remedies by the lienholder under any Permitted Encumbrance, including, without limitation, the acceleration of debt, foreclosure or the commencement thereof, under any Permitted Encumbrance. For purposes of this Article 6, the term "Beneficiary" shall be deemed to include its loan servicer, Direct Servicing, Inc., a California corporation ("**Loan Servicer**").

6.2 **RIGHTS AND REMEDIES**. At any time upon or after Default (if not cured (if curable) in accordance with the Loan Agreement (as and if applicable)), Beneficiary (and/or Loan Servicer) and Trustee shall each have all the following rights and remedies:

(a) With or without notice, to declare all Secured Obligations immediately due and payable;

(b) With or without notice, and without releasing Trustor from any Secured Obligation, and without becoming a mortgagee in possession, to cure any Default of Trustor and, in connection therewith, to enter upon the Subject Property and do such acts and things as Beneficiary or Trustee deem necessary or desirable to protect the security hereof, including, without limitation: (i) to appear in and defend any action or proceeding purporting to affect the security of this Deed of Trust or the rights or powers of Beneficiary or Trustee under this Deed

15

EXHIBIT 5, PAGE 42
EXHIBIT 2, PAGE 141

DOC #2018-0494641  Page 16 of 26

of Trust; (ii) to pay, purchase, contest or compromise any encumbrance, charge, lien or claim of lien which, in the sole judgment of either Beneficiary or Trustee, is or may be senior in priority to this Deed of Trust, the judgment of Beneficiary or Trustee being conclusive as between the parties hereto; (iii) to obtain insurance; (iv) to pay any premiums or charges with respect to insurance required to be carried under this Deed of Trust; or (v) to employ counsel, accountants, contractors and other appropriate persons.

(c)    To commence and maintain an action or actions in any court of competent jurisdiction to foreclose this instrument as a mortgage or to obtain specific enforcement of the covenants of Trustor hereunder, and Trustor agrees that such covenants shall be specifically enforceable by injunction or any other appropriate equitable remedy and that for the purposes of any suit brought under this subparagraph, Trustor waives the defense of laches and any applicable statute of limitations;

(d)    To apply to a court of competent jurisdiction for and obtain appointment of a receiver of the Subject Property as a matter of strict right and without regard to the adequacy of the security for the repayment of the Secured Obligations, the existence of a declaration that the Secured Obligations are immediately due and payable, or the filing of a notice of default, and Trustor hereby consents to such appointment;

(e)    To enter upon, possess, manage and operate the Subject Property or any part thereof, to take and possess all documents, books, records, papers and accounts of Trustor or the then owner of the Subject Property, to make, terminate, enforce or modify Leases of the Subject Property upon such terms and conditions as Beneficiary deems proper, to make repairs, alterations and improvements to the Subject Property as necessary, in Trustee's or Beneficiary's sole judgment, to protect or enhance the security hereof;

(f)    To execute a written notice of such Default and of its election to cause the Subject Property to be sold to satisfy the Secured Obligations. As a condition precedent to any such sale, Trustee shall give and record such notice as the law then requires. When the minimum period of time required by law after such notice has elapsed, Trustee, without notice to or demand upon Trustor except as required by law, shall sell the Subject Property at the time and place of sale fixed by it in the notice of sale, at one or several sales, either as a whole or in separate parcels and in such manner and order, all as Beneficiary in its sole discretion may determine, at public auction to the highest bidder for cash, in lawful money of the United States, payable at time of sale. Neither Trustor nor any other person or entity other than Beneficiary shall have the right to direct the order in which the Subject Property is sold. Subject to requirements and limits imposed by law, Trustee may from time to time postpone sale of all or any portion of the Subject Property by public announcement at such time and place of sale. Trustee shall deliver to the purchaser at such sale a deed conveying the Subject Property or portion thereof so sold, but without any covenant or warranty, express or implied. The recitals in the deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustee, Trustor or Beneficiary may purchase at the sale;

(g)    To resort to and realize upon the security hereunder and any other security now or later held by Beneficiary concurrently or successively and in one or several consolidated or independent judicial actions or lawfully taken non-judicial proceedings, or both, and to apply

16

EXHIBIT 5, PAGE 43
EXHIBIT 2, PAGE 142

DOC #2018-0494641  Page 17 of 26

the proceeds received upon the Secured Obligations all in such order and manner as Trustee and Beneficiary, or either of them, determine in their sole discretion.

(h)    Upon sale of the Subject Property at any judicial or non-judicial foreclosure, Beneficiary may credit bid (as determined by Beneficiary in its sole and absolute discretion) all or any portion of the Secured Obligations.  In determining such credit bid, Beneficiary may, but is not obligated to, take into account all or any of the following: (i) appraisals of the Subject Property as such appraisals may be discounted or adjusted by Beneficiary in its sole and absolute underwriting discretion; (ii) expenses and costs incurred by Beneficiary with respect to the Subject Property prior to foreclosure; (iii) expenses and costs which Beneficiary anticipates will be incurred with respect to the Subject Property after foreclosure, but prior to resale, including, without limitation, costs of structural reports and other due diligence, costs to carry the Subject Property prior to resale, costs of resale (e.g. commissions, attorneys' fees, and taxes), costs of any hazardous materials clean-up and monitoring, costs of deferred maintenance, repair, refurbishment and retrofit, costs of defending or settling litigation affecting the Subject Property, and lost opportunity costs (if any), including the time value of money during any anticipated holding period by Beneficiary; (iv) declining trends in real property values generally and with respect to properties similar to the Subject Property; (v) anticipated discounts upon resale of the Subject Property as a distressed or foreclosed property; (vi) the fact of additional collateral (if any), for the Secured Obligations; and (vii) such other factors or matters that Beneficiary (in its sole and absolute discretion) deems appropriate.  In regard to the above, Trustor acknowledges and agrees that:  (w) Beneficiary is not required to use any or all of the foregoing factors to determine the amount of its credit bid; (x) this Section does not impose upon Beneficiary any additional obligations that are not imposed by law at the time the credit bid is made; (y) the amount of Beneficiary's credit bid need not have any relation to any loan-to-value ratios previously discussed between Trustor and Beneficiary; and (z) Beneficiary's credit bid may be (at Beneficiary's sole and absolute discretion) higher or lower than any appraised value of the Subject Property.

6.3    **APPLICATION OF FORECLOSURE SALE PROCEEDS**.  After deducting all costs, fees and expenses of Trustee, and of this trust, including, without limitation, cost of evidence of title and attorneys' fees in connection with sale and costs and expenses of sale and of any judicial proceeding wherein such sale may be made, Trustee shall apply all proceeds of any foreclosure sale: (a) to payment of all sums expended by Beneficiary under the terms hereof and not then repaid, with accrued interest at a rate of interest equal to the Default Rate to be applicable on or after maturity or acceleration of the indebtedness under this Deed of Trust; (b) to payment of all other Secured Obligations; and (c) the remainder, if any, to the person or persons legally entitled thereto.

6.4    **APPLICATION OF OTHER SUMS**.  All sums received by Beneficiary under Section 6.2 or Section 3.2, less all costs and expenses incurred by Beneficiary or any receiver under Section 6.2, including, without limitation, attorneys' fees, shall be applied in payment of the Secured Obligations in such order as Beneficiary shall determine in its sole discretion; provided, however, Beneficiary shall have no liability for funds not actually received by Beneficiary.

17

EXHIBIT 5, PAGE 44
EXHIBIT 2, PAGE 143

DOC #2018-0494641  Page 18 of 26

    6.5    **NO CURE OR WAIVER**.    Neither Beneficiary's nor Trustee's nor any receiver's entry upon and taking possession of all or any part of the Subject Property and Collateral, nor any collection of rents, issues, profits, insurance proceeds, condemnation proceeds or damages, other security or proceeds of other security, or other sums, nor the application of any collected sum to any Secured Obligation, nor the exercise or failure to exercise of any other right or remedy by Beneficiary or Trustee or any receiver shall cure or waive any breach, Default or notice of default under this Deed of Trust, or nullify the effect of any notice of default or sale (unless all Secured Obligations then due have been paid and performed and Trustor has cured all other defaults), or impair the status of the security, or prejudice Beneficiary or Trustee in the exercise of any right or remedy, or be construed as an affirmation by Beneficiary of any tenancy, lease or option or a subordination of the lien of or security interest created by this Deed of Trust.

    6.6    **PAYMENT OF COSTS, EXPENSES AND ATTORNEYS' FEES**.    Trustor agrees to pay to Beneficiary, immediately and without demand, all costs and expenses incurred by Trustee and Beneficiary pursuant to Section 6.2 (including, without limitation, court costs and attorneys' and paralegals' fees, whether internal or external and whether incurred in litigation or not) with interest from the date of expenditure until said sums have been paid at the rate of interest equal to the Default Rate.    In addition, Trustor shall pay to Trustee all Trustee's fees hereunder and shall reimburse Trustee for all expenses incurred in the administration of this trust, including, without limitation, any reasonable attorneys' fees.

*[Remainder of page intentionally left blank; additional pages follow.]*

18

EXHIBIT 5, PAGE 45
EXHIBIT 2, PAGE 144

DOC #2018-0494641  Page 19 of 26

6.7   **LATE CHARGE**.  In the event that any payment herein provided for or in the Note shall become overdue for a period in excess of 10 days, a "late charge" of five cents ($.05) for each dollar ($1.00) so overdue shall become immediately due to the holder of this Deed of Trust as liquidated damages for failure to make prompt payment, and the same shall be secured by this Deed of Trust.  Said charge shall be payable in any event not later than the due date of the next subsequent installment due hereunder.  Trustor acknowledges that it would be extremely difficult or impracticable to determine Beneficiary's actual damages resulting from any late payment or default, and such late charges and default interest are reasonable estimates of those damages and do not constitute a penalty.

Trustor's Initials:

*[Remainder of page intentionally left blank; additional pages follow.]*

19

EXHIBIT 5, PAGE 46
EXHIBIT 2, PAGE 145

Case 2:21-bk-11188-BB    Doc 671    Filed 10/21/22    Entered 10/21/22 19:32:18    Desc
Main Document    Page 150 of 279
Case 2:21-bk-11188-BB    Doc 619    Filed 04/15/22    Entered 04/15/22 18:31:09    Desc
Main Document    Page 52 of 81

DOC #2018-0494641  Page 20 of 26

6.8  **POWER TO FILE NOTICES AND CURE DEFAULTS**.  Trustor hereby irrevocably appoints Beneficiary and its successors and assigns, as its attorney-in-fact, which agency is coupled with an interest, (a) to execute and/or record any notices of completion, cessation of labor, or any other notices that Beneficiary deems appropriate to protect Beneficiary's interest, (b) upon the issuance of a deed pursuant to the foreclosure of this Deed of Trust or the delivery of a deed in lieu of foreclosure, to execute all instruments of assignment or further assurance with respect to the Subject Property and Collateral, Leases and Payments in favor of the grantee of any such deed, as may be necessary or desirable for such purpose, (c) to prepare, execute and file or record financing statements, continuation statements, applications for registration and like papers necessary to create, perfect or preserve Beneficiary's security interests and rights in or to any of the Subject Property and Collateral, and (d) upon the occurrence and during the continuation of an event, act or omission which, with notice or passage of time or both, would constitute a Default, Beneficiary may perform any obligation of Trustor hereunder; provided, however, that: (i) Beneficiary as such attorney-in-fact shall only be accountable for such funds as are actually received by Beneficiary; and (ii) Beneficiary shall not be liable to Trustor or any other person or entity for any failure to act under this Section.

## ARTICLE 7
## MISCELLANEOUS PROVISIONS

7.1  **INTEGRATION; INTERPRETATION**.  This Deed of Trust, the Note, the Loan Agreement, and any of the other Loan Documents contain or expressly incorporate by reference the entire agreement of the parties with respect to the matters contemplated herein and therein and supersede all prior negotiations or agreements, written or oral.  Any reference to this Deed of Trust, the Note, the Loan Agreement, and any of the other Loan Documents includes any amendments, renewals or extensions now or hereafter approved by Beneficiary in writing.

7.2  **MERGER**.  No merger shall occur as a result of Beneficiary's acquiring any other estate in, or any other lien on, the Subject Property unless Beneficiary consents to a merger in writing.

7.3  **OBLIGATIONS OF TRUSTOR, JOINT AND SEVERAL**.  If more than one person has executed this Deed of Trust as "Trustor", the obligations of all such persons hereunder shall be joint and several.

7.4  **RECOURSE TO SEPARATE PROPERTY**.  Any married person who executes this Deed of Trust as a Trustor agrees that any money judgment which Beneficiary or Trustee obtains pursuant to the terms of this Deed of Trust or any other obligation of that married person secured by this Deed of Trust may be collected by execution upon that person's separate property, and any community property of which that person is a manager.

7.5  **WAIVER OF MARSHALING RIGHTS**.  Trustor, for itself and for all parties claiming through or under Trustor, and for all parties who may acquire a lien on or interest in the Subject Property and Collateral, hereby waives all rights to have the Subject Property and Collateral and/or any other property, including, without limitation, the Collateral, which is now or later may be security for any Secured Obligation ("**Other Property**") marshaled upon any foreclosure of this Deed of Trust or on a foreclosure of any other security for any of the Secured Obligations.  Beneficiary shall have the right to sell, and any court in which foreclosure

20

EXHIBIT 5, PAGE 47
EXHIBIT 2, PAGE 146

proceedings may be brought shall have the right to order a sale of, the Subject Property and any or all of the Collateral or Other Property as a whole or in separate parcels, in any order that Beneficiary may designate.

7.6    **RULES OF CONSTRUCTION**.    When the identity of the parties or other circumstances make it appropriate the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.    The term "Subject Property" and "Collateral", respectively, means all and any part of the Subject Property and Collateral, respectively, and any interest in the Subject Property and Collateral, respectively.

7.7    **NO ORAL WAIVER; SUCCESSORS IN INTEREST**.    This Deed of Trust may not be waived, changed or discharged orally, but only by an agreement in writing and signed by the party against whom enforcement of any waiver, change or discharge is sought. The terms, covenants, and conditions herein contained shall be binding upon and inure to the benefit of the heirs, successors and assigns of the parties hereto; provided, however, that this Section 7.7 does not waive or modify the provisions of Section 5.12.

7.8    **EXECUTION IN COUNTERPARTS**.    This Deed of Trust may be executed in any number of counterparts, each of which, when executed and delivered to Beneficiary, will be deemed to be an original and all of which, taken together, will be deemed to be one and the same instrument.

7.9    **APPLICABLE LAW; CONSENT TO JURISDICTION**.    This Deed of Trust shall be governed by, and construed in accordance with, the laws of the State of California, except to the extent preempted by federal laws.

7.10    **NOTICES**.    Any notice, demand, request or other communication which Trustor or Beneficiary may be required or may desire to give hereunder (collectively, "Notices") shall be made in accordance with Section 9.18 of the Loan Agreement.

7.11    **INCORPORATION**.    Exhibits A and B as attached hereto, are incorporated into this Deed of Trust by this reference.

7.12    **USE AND OCCUPANCY**.    If at any time the then existing use or occupancy of the Premises shall, pursuant to any zoning or other law, ordinance or regulation, be permitted only so long as such use or occupancy shall continue, Trustor will not cause or permit such use or occupancy to be discontinued without the prior written consent of Beneficiary.

7.13    **COMPLIANCE WITH USURY LAWS**.    This Deed of Trust is subject to the express condition that at no time shall Trustor be obligated or required to pay interest on any amounts hereunder at a rate which could subject Beneficiary to either civil or criminal liability as a result of being in excess of the maximum rate which Trustor is permitted by law to contract or agree to pay.    If by the terms of this Deed of Trust, Trustor is at any time required or obligated to pay interest on any amounts hereunder at a rate in excess of such maximum rate, the rate of interest under this Deed of Trust shall be deemed to be immediately reduced to such maximum rate and any amounts payable hereunder shall be computed at such maximum rate and the portion of all prior payments in excess of such maximum rate shall be promptly returned to Trustor.

EXHIBIT 5, PAGE 48
EXHIBIT 2, PAGE 147

7.14   **NO WAIVER**.  The acceptance by Beneficiary of any sum after the same is due shall not constitute a waiver of the right either to require prompt payment, when due, of all other sums hereby secured or to declare a default as herein provided.  The acceptance by Beneficiary of any sum in an amount less than the sum then due shall be deemed an acceptance on account only and upon the condition that it shall not constitute a waiver of the obligations of Trustor to pay the entire sum then due, and Trustor's failure to pay said entire sum then due shall be and continue to be a default notwithstanding such acceptance or such amount on account, as aforesaid, and Beneficiary shall be, at all times thereafter and until the entire sum then due shall have been paid, and notwithstanding the acceptance by Beneficiary thereafter of further sums on account, or otherwise, entitled to exercise all rights hereunder conferred upon Beneficiary, upon the occurrence of a default.

7.15   **SEVERABILITY**.  Should any term, provision, covenant or condition hereof be held to be void or invalid the same shall not affect any other term, provision, covenant or condition of this Deed of Trust, but the remainder hereof shall be effective as though such void or invalid term, provision, covenant or condition had not been contained herein.

7.16   **HEADINGS**.  The headings, captions and subheadings used herein are solely for the convenience of the parties and shall not be deemed to limit or affect the terms contained herein.

7.17   **COUNTERPARTS**.  This Deed of Trust may be executed in two or more counterparts which together shall constitute one integrated document.  Upon executing any one counterpart hereof, a Trustor shall be fully bound and liable hereunder irrespective of whether any or all of the other parties hereto shall have signed such or any other counterpart hereof.

[*Remainder of page intentionally left blank; signature pages follow.*]

EXHIBIT 5, PAGE 49
EXHIBIT 2, PAGE 148

IN WITNESS WHEREOF, Trustor has executed this Deed of Trust as of the day and year set forth above.

**TRUSTOR**:

**QUONSET PARTNERS LLC**, a California limited liability company

By: _____

Name: Joseph Rubin

Title:  Manager

(Signature Page to Deed of Trust)

EXHIBIT 5, PAGE 50
EXHIBIT 2, PAGE 149

DOC #2018-0494641  Page 24 of 26

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of _Los ANGELES_

On _12|13|2018_, before me _Cynthia Angelica Mendoza_, a Notary Public, personally appeared _JOSEPH RUBIN_, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

CYNTHIA ANGELICA MENDOZA
Notary Public – California
Los Angeles County
Commission # 2196003
My Comm. Expires May 7, 2021

Notary Acknowledgment to Deed of Trust

EXHIBIT 5, PAGE 51
EXHIBIT 2, PAGE 150

DOC #2018-0494641  Page 25 of 26

## **EXHIBIT A**

### **LEGAL DESCRIPTION OF SUBJECT PROPERTY**

PARCEL 3 OF PARCEL MAP NO. 37310, IN THE CITY OF COACHELLA, COUNTY OF
RIVERSIDE, STATE OF CALIFORNIA, ACCORDING TO MAP ON FILE IN BOOK 243,
PAGES 82 THROUGH 84 OF PARCEL MAPS, RECORDS OF RIVERSIDE COUNTY,
CALIFORNIA.

ASSESSOR'S PARCEL NUMBER: 603-220-063-4

EXHIBIT 5, PAGE 52
EXHIBIT 2, PAGE 151

## EXHIBIT B

### PERMITTED ENCUMBRANCES

None.

**DOC # 2018-0494642**
12/20/2018 12:38 PM Fees: $72.00
Page 1 of 17
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

\*\*This document was electronically submitted
to the County of Riverside for recording\*\*
Receipted by: MARY #420

RECORDING REQUESTED BY:
**CALIFORNIA TITLE COMPANY**

**RECORDING REQUESTED BY AND
WHEN RECORDED RETURN TO:**

Capital Direct Funding, Inc.
100 North Citrus Street, Suite 530
West Covina, California 91791
Attention: Operations

APN: 603-220-063
TRA: 012-037

**ASSIGNMENT OF LEASES AND RENTS**

This ASSIGNMENT OF LEASES AND RENTS (this "**Assignment**") is made as of
December 17, 2018, by Quonset Partners LLC, a California limited liability company
("**Quonset**"), SGE Realty LLC, a California limited liability company ("**SGE**") and The
Coachella Lighthouse, LLC, a California limited liability company ("**Lighthouse**") (Quonset,
SGE and Lighthouse are collectively referred to herein as the "**Assignors**"), in favor of Inception
RE Credit Holdings, LLC, a Delaware limited liability company ("**Lender**").

**RECITALS:**

A.    Quonset owns certain real property, in the City of Coachella, Riverside County,
California, and more particularly described in Exhibit A attached hereto and incorporated herein
(the "**Property**").

B.    Pursuant to the terms of that certain Lease, dated as of March 6, 2018, by and
between SGE and Quonset, Quonset (as successor-in-interest to Desert Medical Properties, Inc.)
has granted to SGE the right to occupy the Property.

C.    Pursuant to the terms of that certain Master Sublease Agreement, dated as of
March 6, 2018, by and between SGE and Lighthouse, SGE has further granted Lighthouse the
right to occupy the Property.

C.    Assignors have requested and applied to Lender for a loan in the amount of up to
ONE MILLION FOUR HUNDRED THOUSAND and 00/100 DOLLARS ($1,400,000.00) (the
"**Loan**"), which shall be made pursuant to a Loan Agreement of even date herewith (the "**Loan
Agreement**") between, *inter alios*, Assignors and Lender, and evidenced by a Secured
Promissory Note of even date herewith (the "**Note**") executed by Assignors in favor of Lender.

D.    The Loan is secured by, among other things, a Security Agreement, by, *inter
alios*, Assignors in favor of Lender (the "**Security Agreement**") and a Deed of Trust,
Assignment of Rents and Security Agreement with Fixture Filing of even date herewith (the

1

**EXHIBIT 5, PAGE 54**
**EXHIBIT 2, PAGE 153**

DOC #2018-0494642  Page 2 of 17

"**Deed of Trust**") from, *inter alios*, Assignors as trustor, to Orange Coast Title Company, as trustee, for the benefit of Lender, as beneficiary, encumbering the Property.

E.    As a condition to making the Loan evidenced by the Note, Lender has required this Assignment.

NOW, THEREFORE, in consideration of the Loan referred to above, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignors hereby, jointly and severally, grant, transfer and assign unto Lender all the right, title and interest of Assignors, now owned or hereafter acquired, in and to all of the rents, rent equivalents, parking and common area maintenance charges, tax and insurance contributions, moneys payable as damages (including payments by reason of the rejection of a Lease (as defined below) in a bankruptcy proceeding or in lieu of rent or rent equivalents), issues, profits, revenues, royalties, income, sales proceeds, receivables, receipts, deposits (including security, utility and other deposits), accounts, cash, charges for services rendered, license fees, concession fees, charges, rights, benefits, and all other payments and other consideration of whatever form or nature received by or paid to or for the account of or benefit of Assignors or their agents, managers or employees from any and all sources arising from or attributable to the Property, including all parking charges, all receivables, deposits, installment payment obligations, all rights and claims that Assignors may have against any tenant or guarantor of any Lease, and other obligations now existing or hereafter arising or created out of the sale, lease, sublease, license, concession or other grant of the right of the use and occupancy of the Property, or rendering of services by Assignors or any of their respective agents or employees or any operator or manager of the Property or acquired from others, and proceeds, if any, from business interruption or other loss of income insurance, together with all proceeds from the sale or other disposition of any part of the Property (herein collectively called "**Rents and Profits**");

TOGETHER WITH all the right, title and interest of Assignors in and to all leases, of all or part of the Property, now existing, or hereafter made, executed or delivered, whether oral or written, together with all renewals, extensions or modifications thereof as may have been, or may from time to time hereafter, be modified or extended, and any guaranties of the obligations of the lessees and occupants (each, a "**Lessee**" and collectively, the "**Lessees**") under any thereof, as may hereafter be amended or modified (all of the said leases, together with all such guaranties, modifications, renewals and extensions being hereinafter collectively referred to as the "**Leases**" and individually a "**Lease**"). Capitalized terms which are used herein and not defined herein shall have the meanings given to them in the Loan Agreement.

Each and every item described and included in this Assignment is intended to be fully secured by the liens, assignments, and security interests created under and by virtue of this Assignment, the Security Agreement and the Deed of Trust and shall be considered Secured Obligations thereunder.

Lessees shall pay the Rents and Profits to Lender upon notice therefor without further inquiry, and payment to Lender shall be a full defense by any such Lessee to any claim for such Rents and Profits by Assignors, regardless of any defenses or counterclaims Assignors may have against Lender. Notwithstanding any provision contained herein to the contrary, but subject to

2

EXHIBIT 5, PAGE 55
EXHIBIT 2, PAGE 154

applicable law, it shall never be necessary for Lender to institute legal proceedings of any kind whatsoever to enforce the provisions of this Assignment.

1.      This Assignment is an unconditional and absolute assignment of Rents and Profits and is part of the consideration for the indebtedness evidenced by the Note. Assignors' purpose in making this Assignment is to relinquish to Lender their right to collect and enjoy the Rents and Profits.

2.      The parties intend that this Assignment shall be a present absolute and unconditional assignment and shall, immediately upon execution, give Lender the right to collect the Rents and Profits. However, Lender hereby confers upon Assignors a license ("**License**") to collect and retain, subject to the provisions set forth below and in the Security Agreement and Deed of Trust, the Rents and Profits as they respectively become due and to enforce the Leases, so long as no Default has occurred and is continuing.  Upon the occurrence and during the continuance of a Default, Lender shall have the right, which it may exercise in its sole discretion, to terminate the License without notice to or demand upon Assignors.  Upon the acceptance of Lender in writing of the cure of any Default, which acceptance shall be in Lender's sole discretion, and provided no other Default is then continuing, the License granted to Assignors under this Section 2 shall automatically be reinstated.  Nothing contained herein, nor any collection of Rents and Profits by Lender or by a receiver, shall be construed to make Lender a "mortgagee-in-possession" of the Property so long as Lender has not itself entered into actual possession of the Property.

3.      Upon the occurrence and during the continuance of a Default, this Assignment shall constitute a direction and full authority to each Lessee and each guarantor of any Lease to pay all Rents and Profits to Lender without proof of the default relied upon. Assignors hereby irrevocably authorize each Lessee and guarantor to rely upon and comply with any notice or demand by Lender for the payment to Lender of any Rents and Profits due or to become due.

4.      Nothing herein or in any other Loan Document shall be construed to impose any liability or obligation on Lender under or with respect to any Lease. Assignors shall indemnify and hold Lender harmless from and against any and all liabilities, losses and damages which Lender may incur under any Lease or by reason of this Assignment, and of and from any and all claims and demands whatsoever which may be asserted against Lender by reason of any alleged obligations to be performed or discharged by Lender under any Lease or this Assignment; provided, however, that Assignors shall have no liability hereunder with respect to any liability, loss or damage incurred by Lender which arises from (i) Lender's gross negligence or willful misconduct or (ii) circumstances or events first occurring from and after Assignors are dispossessed of control over the Property in connection with Lender's exercise of remedies under the Loan Documents.  Should Lender incur any liability, loss or damage under any Lease or under or by reason of this Assignment, except to the extent (i) due to Lender's gross negligence or willful misconduct or (ii) due to circumstances or events first occurring from and after Assignors are dispossessed of control over the Property in connection with Lender's exercise of remedies under the Loan Documents, Assignors shall immediately upon demand reimburse Lender for the amount thereof together with all costs and expenses and reasonable attorneys' fees incurred by Lender. All of the foregoing sums shall bear interest until paid at the Post-Default Rate (as said term is defined in the Note). Any Rents and Profits collected by Lender may be

3

EXHIBIT 5, PAGE 56
EXHIBIT 2, PAGE 155

DOC #2018-0494642  Page 4 of 17

applied by Lender, in its discretion, in satisfaction of any such liability, loss, damage, claim, demand, cost, expense or fees.

  5. Assignors hereby grant to Lender the following rights:

    (a) Lender shall be deemed to be the creditor of each Lessee in respect of any assignments for the benefit of creditors and any bankruptcy, arrangement, reorganization, insolvency, dissolution, receivership or other debtor-relief proceedings affecting such Lessee, without obligation on the part of Lender, however, to file timely claims in such proceedings or otherwise pursue creditor's rights therein.

    (b) Lender shall have the right to assign Assignors' right, title and interest in the Leases to any subsequent holder of the Deed of Trust or any participating interest therein or to any person acquiring title to all or any part of the Property through foreclosure or otherwise. Any subsequent assignee shall have all the rights and powers herein provided to Lender.

    (c) Lender shall have the right (but not the obligation), upon the occurrence and during the continuance of a Default or any failure of Assignors to perform any of its agreements hereunder, to take any action as Lender may deem necessary or appropriate to protect its security, including but not limited to appearing in any action or proceeding and performing any obligations of the lessor under any Lease; and Assignors agree to pay, on demand, all actual, out-of-pocket costs and expenses, including without limitation reasonable attorneys' fees, incurred by Lender in connection therewith, together with interest thereon at the Default Rate (as defined in the Note).

    (d) Upon the occurrence and during the continuance of any default by Assignors under this Assignment (subject to any applicable notice and cure period) or upon the occurrence and during the continuance of a Default under the Security Agreement or Deed of Trust, in addition to its rights and remedies under subsections (a)-(c) of this Section 6 and the Security Agreement and Deed of Trust and in addition to any rights and remedies available to Lender at law or in equity (including, but not limited to, California Civil Code Section 2938), Lender may, either in its own name, through a receiver or as attorney-in-fact of Assignors, make, enforce, modify or cancel any of the Leases, subject to the applicable terms of the Leases; obtain tenants for and evict tenants from the Property; demand, fix and modify the Rents and Profits and other charges and profits from the Property; institute all legal proceedings (including summary proceedings) for the collection of all Rents and Profits and other charges; obtain possession of the Property or any part thereof, or enforce any other rights theretofore exercisable by Assignors; relet the Property, or any portion thereof, and collect the Rents and Profits under any such new Leases; manage and operate the Property or engage a managing agent for the management and operation of the Property; and do any and all other acts which Lender, in its sole and absolute discretion, deems proper to protect its rights under this Agreement including, without limitation, acting under any different or additional remedies provided for herein or in the Deed of Trust; and, with or without taking possession of the Property, in Assignors' own name, sue for or otherwise collect and receive all Rents and Profits and other charges, including those past due and unpaid, and apply the same, less the costs and expenses of operation and collection, including reasonable attorneys' fees and reasonable fees charged by a receiver, to the payment of the amount due to Lender under the Loan Agreement, the Note and other Loan Documents,

4

EXHIBIT 5, PAGE 57
EXHIBIT 2, PAGE 156

DOC #2018-0494642  Page 5 of 17

whether then matured or not, until the same have been paid in full; provided, however, that any balance remaining after the amounts due to Lender under the Loan Agreement, the Note and other Loan Documents are paid in full shall be turned over to the Assignors or such other person as may lawfully be entitled thereto. Neither the entry upon and taking possession of the Property, nor the collection and application of the Rents and Profits or other charges as provided above, nor any other action taken by Assignors in connection therewith, shall cure or waive any default hereunder or any Default under the Deed of Trust or waive or modify any notice thereof, or waive or modify any notice of acceleration of the amounts due to Lender under the Loan Agreement, the Note and other Loan Documents theretofore given by Lender. Assignors hereby release all claims against Lender arising out of the management, operation and maintenance of the Property or any portion thereof, except as specifically provided to the contrary in any of the other Loan Documents and other than arising from the gross negligence or willful misconduct of Lender.  In no event shall Lender be accountable for more monies than it actually receives from the Property, or shall Lender be liable for any failure to collect the Rents and Profits; and the right to determine the method of collection and the extent to which enforcement of collection shall be prosecuted is reserved to the sole discretion of Lender.

If a Default has occurred and is continuing, Assignors agree that they will facilitate in every reasonable way the collection by Lender of the Rents and Profits as Lender is entitled to collect pursuant to the terms of this Assignment and the Deed of Trust. Assignors will, at the written request of Lender, execute a written notice and deliver such notice to each Lessee directing said Lessee to pay rent to Lender. Additionally, notice in writing by Lender to any Lessee under a Lease advising them that Assignors have defaulted hereunder or a Default has occurred, and requesting that all future payments of rent, additional rent or other charges under such Lease be made to Lender (or its agent) shall be construed as conclusive authority to such Lessee that such payments are to be made to Lender (or its agent), and such Lessee shall be fully protected in making such payments to Lender (or its agent); and Assignors hereby irrevocably constitute and appoint Lender the attorney-in-fact and agent of Assignors, coupled with an interest, for the purpose, of endorsing the consent of Assignors on any such notice. In addition to any other rights which Lender may have herein, following the occurrence and during the continuance of a Default, Lender may, at its option, require Assignors to pay monthly in advance to Lender (or its agent) the fair and reasonable rental value for the use and occupation of any portion of the Property as may be in the possession of Assignors. It is understood and agreed that neither the foregoing assignment of Rents and Profits to Lender nor the exercise by Lender of any of its rights or remedies under this Section 6(d) shall be deemed to constitute Lender a mortgagee-in-possession or otherwise responsible or liable in any manner (other than arising from its gross negligence or wrongful acts) with respect to the Property or the use, occupancy, enjoyment or operation of all or any portion of the Property.

(e)      In the exercise of the powers herein granted to Lender, no liability may be asserted or enforced against Lender, other than for gross negligence or willful misconduct, all such liability being hereby expressly waived and released by Assignors. Lender shall not be obligated to perform or discharge any obligation, duty or liability under the Leases or under or by reason of this Assignment or the Deed of Trust, and Assignors shall and do agree to indemnify and hold Lender harmless from and against any and all actual, out-of-pocket liability, loss or damage, including reasonable attorneys' fees, which it might incur under the Leases or under or by reason of this Assignment or the Deed of Trust and any and all claims and demands

5

EXHIBIT 5, PAGE 58
EXHIBIT 2, PAGE 157

DOC #2018-0494642  Page 6 of 17

whatsoever which may be asserted against Lender by reason of any alleged obligations or undertakings on its part to perform or discharge any of the terms, covenants or agreements contained in the Leases, other than gross negligence or willful misconduct of Lender.  Should Lender incur any such actual, out of pocket liability, loss or damage under the Leases, or under or by reason of this Assignment or the Deed of Trust, or in the defense of any such claims or demands, the amount thereof, including costs, expenses and reasonable attorneys' fees and disbursements, shall be secured hereby and by the Security Agreement and the Deed of Trust, and the Assignors shall reimburse Lender therefor immediately upon demand. The waiver of Lender's liability and Assignors' indemnification of Lender shall not apply, however, to liabilities of Lender arising out of Lender's actions with respect to the Leases following the taking of title to the Property and in Assignors' interest in the Leases following foreclosure of the lien of the Deed of Trust or the delivery of a deed or conveyance in lieu of foreclosure.

6.    This Assignment is intended to control over any assignment of Leases or Rents and Profits contained in the Deed of Trust or in any other document and nothing in the Deed of Trust shall be construed as part of or included in this Assignment. Failure of Lender to avail itself of any terms, covenants or conditions of this Assignment for any period of time or for any reason shall not constitute a waiver thereof.

7.    Upon the happening and during the continuance of any Default, and during any period of redemption, Lender shall be entitled as a matter of right without notice, without bond and without showing any impairment of security to the appointment of a receiver or receivers, to enter upon and take possession of the Property or any part thereof, and to collect the income, rents, royalties, issues and profits thereof and to make or cause environmental inspections to be completed of the Property.  The receiver shall have all rights and powers as are permitted by the court and such other rights and powers as the court making such appointment shall confer.  The costs and expenses (including, but not limited to, a receiver's fees, charges and disbursements) incurred pursuant to the powers herein contained shall be added the Secured Obligations and be secured by the Security Agreement and Deed of Trust.  For purposes of this Section 7, the term "Lender" shall be deemed to include Lender's loan servicer, Direct Servicing, Inc., a California corporation.

8.    Notwithstanding any future modification of the terms of the Secured Obligations or the Deed of Trust or any other Loan Document, this Assignment and the rights and benefits hereby assigned and granted shall continue in favor of Lender in accordance with the terms of this Assignment.

9.    This Assignment shall be binding upon and inure to the benefit of the respective heirs, legal representatives, successors and assigns of the parties hereto (including without limitation, in the case of Lender, any third parties now or hereafter acquiring any interest in the Secured Obligations or any part thereof in accordance with the Loan Agreement, whether by virtue of assignment, participation or otherwise). The words "Assignors," "Lender" and "Lessee," wherever used herein, shall include the persons and entities named herein or in any Lease and designated as such and their respective heirs, legal representatives, successors and assigns, provided that any action taken by the named Lender (or any successor, designated as such by an instrument recorded in the official records of the county in which the Property is located referring to this Assignment) shall be sufficient for all purposes notwithstanding that

6

EXHIBIT 5, PAGE 59
EXHIBIT 2, PAGE 158

DOC #2018-0494642  Page 7 of 17

Lender may have previously assigned or participated any interest in the Loan Agreement, the Note, the Deed of Trust and the other Loan Documents to a third party. All words and phrases shall be taken to include the singular or plural number, and the masculine, feminine or neuter gender, as may fit the case.

10.     Any change, amendment, modification, abridgment, cancellation, or discharge of this Assignment or any term or provision hereof shall be invalid without the written consent of the party against whom enforcement is sought.

11.     Upon satisfaction in full of all amounts due by Assignors to Lender under the Loan Agreement, the Note and the other Loan Documents, as evidenced by a recorded satisfaction release or reconveyance of the Deed of Trust, this Assignment shall automatically terminate and be void and of no further effect.

12.     Any notice, demand, request or other communication which any party hereto may be required or may desire to give hereunder (collectively, "**Notices**") shall be made in accordance with Section 9.18 of the Loan Agreement.

13.     This Assignment and the rights and obligations of the parties hereunder shall in all respects be governed by, and construed and enforced in accordance with, the laws of the State of California (without giving effect to California's principles of conflicts of law). Assignors hereby irrevocably submit to the non-exclusive jurisdiction of any municipal, state or Federal court sitting in the State of California over any suit, action or proceeding arising out of or relating to this Assignment, and Assignors hereby agree and consent that, in addition to any methods of service of process provided for under applicable law, all service of process in any suit, action or proceeding in any municipal, state or Federal court sitting in the State of California may be made by certified or registered mail, return receipt requested, directed to Assignors at the addresses indicated in Section 12, and service so made shall be complete two (2) days after the same shall have been so mailed.

14.     Nothing contained in this Assignment and no act done or omitted by Lender pursuant to the powers and rights granted hereunder shall be deemed to be a waiver by Lender of any of its rights and remedies under the Security Agreement, the Deed of Trust and other Loan Documents. This Assignment is made and accepted without prejudice to any such rights and remedies possessed by Lender to collect the principal sum, interest and all other indebtedness or amounts secured hereby or by the Security Agreement or Deed of Trust and to enforce any other security therefor held by it. All rights and remedies may be exercised by Lender either prior to, simultaneously with, or subsequent to any action taken by it hereunder.

15.     Notwithstanding anything within this Assignment to the contrary, no right bestowed upon Lender hereunder may be construed as requiring Lender to exercise such right, and the failure to exercise such right shall not constitute a waiver.

16.     All provisions of this Assignment shall be deemed valid and enforceable to the extent permitted by law. Any provision or provisions of this Assignment which are held unenforceable, invalid or contrary to law by a court of competent jurisdiction, shall be of no force or effect, and in such event each and all of the remaining provisions of this Assignment

7

EXHIBIT 5, PAGE 60
EXHIBIT 2, PAGE 159

DOC #2018-0494642  Page 8 of 17

shall subsist and remain and be fully effective according to the terms of this Assignment as though such invalid, unenforceable or unlawful provision or provision had not been included in this Assignment.

    17.    Time is of the essence of this Assignment.

    [*Remainder of page intentionally left blank; signature page follows.*]

8

EXHIBIT 5, PAGE 61
EXHIBIT 2, PAGE 160

DOC #2018-0494642  Page 9 of 17

IN WITNESS WHEREOF, Assignors have executed this Assignment as of the date first set forth above.

## SIGNATURE PAGE OF ASSIGNOR TO
## ASSIGNMENT OF LEASES AND RENTS

**QUONSET PARTNERS LLC**, a California limited liability company

By: _____

Name: Joseph Rubin

Title:  Manager

THE STATE OF CALIFORNIA §
                                           §
COUNTY OF LOS ANGELES §

This instrument was acknowledged before me on DECEMBER 13th, 2018, by JOSEPH MAX RUBIN, MANAGER of QUONSET PARTNERS LLC, a California limited liability company, on behalf of said limited liability company.

_____
Notary Public, State of CALIFORNIA

CYNTHIA ANGELICA MENDOZA
(printed name)

CYNTHIA ANGELICA MENDOZA
Notary Public - California
Los Angeles County
Commission # 2196003
My Comm. Expires May 7, 2021

My Commission Expires:

MAY 7th, 2021

Signature Page

EXHIBIT 5, PAGE 62
EXHIBIT 2, PAGE 161

DOC #2018-0494642 Page 10 of 17

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT    CIVIL CODE § 1189

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California                                    )
County of _LOS ANGELES_                                )

On _12/13/2018_ before me _Cynthia Angelica Mendoza, Notary Public_
         Date                    Here Insert Name and Title of the Officer

personally appeared _JOSEPH MAX RUBIN_
                              Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
          Signature of Notary Public

> CYNTHIA ANGELICA MENDOZA
> Notary Public - California
> Los Angeles County
> Commission # 2196003
> My Comm. Expires May 7, 2021

Place Notary Seal Above

──────────────── OPTIONAL ────────────────

*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: _SIGNATURE PAGE OF ASSIGNOR TO ASSIGNMENT OF LEASES & RENTS_
Document Date: _12/13/18_ _____ Number of Pages: _(1)_
Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

| Signer's Name: _____ | Signer's Name: _____ |
|---|---|
| ☐ Corporate Officer — Title(s): _____ | ☐ Corporate Officer — Title(s): _____ |
| ☐ Partner — ☐ Limited ☐ General | ☐ Partner — ☐ Limited ☐ General |
| ☐ Individual      ☐ Attorney in Fact | ☐ Individual      ☐ Attorney in Fact |
| ☐ Trustee      ☐ Guardian or Conservator | ☐ Trustee      ☐ Guardian or Conservator |
| ☐ Other: _____ | ☐ Other: _____ |
| Signer Is Representing: _____ | Signer Is Representing: _____ |

©2016 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)    Item #5907

EXHIBIT 5, PAGE 63
EXHIBIT 2, PAGE 162

DOC #2018-0494642  Page 11 of 17

**SIGNATURE PAGE OF ASSIGNOR TO**
**ASSIGNMENT OF LEASES AND RENTS**

**SGE REALTY LLC**, a California limited liability
company

By Fairfax Management LLC, its Manager

By: _____
Name:  Joseph Rubin
Title:   Manager

THE STATE OF *CALIFORNIA* §
                                          §
COUNTY OF *Los Angeles* §

This instrument was acknowledged before me on *DECEMBER 13th* 2018, by
*JOSEPH RUBIN , MANAGER* of SGE REALTY LLC, a California limited liability
company, on behalf of said limited liability company.

CYNTHIA ANGELICA MENDOZA
Notary Public - California
Los Angeles County
Commission # 2196003
My Comm. Expires May 7, 2021

_____
Notary Public, State of *CALIFORNIA*

*CYNTHIA ANGELICA MENDOZA*
(printed name)

My Commission Expires:

*MAY 7th, 2021*

Signature Page

EXHIBIT 5, PAGE 64
EXHIBIT 2, PAGE 163

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**             CIVIL CODE § 1189

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

State of California                    )
County of LOS ANGELES                  )

On 12/13/2018 before me Cynthia Angelica Mendoza, Notary Public
_____Date_____     Here Insert Name and Title of the Officer

personally appeared    JOSEPH MAX RUBIN
                       _____
                                    Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
                  Signature of Notary Public

CYNTHIA ANGELICA MENDOZA
Notary Public - California
Los Angeles County
Commission # 2196003
My Comm. Expires May 7, 2021

         Place Notary Seal Above
—————————————————— OPTIONAL ——————————————————
Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.

**Description of Attached Document**
Title or Type of Document: SIGNATURE PAGE OF ASSIGNOR TO ASSIGNMENT OF LEASES & RENTS
Document Date: 12/13/2018 _____ Number of Pages: (1)
Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____      Signer's Name: _____
☐ Corporate Officer — Title(s): _____      ☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited  ☐ General             ☐ Partner — ☐ Limited  ☐ General
☐ Individual      ☐ Attorney in Fact          ☐ Individual      ☐ Attorney in Fact
☐ Trustee     ☐ Guardian or Conservator       ☐ Trustee     ☐ Guardian or Conservator
☐ Other: _____              ☐ Other: _____
Signer Is Representing: _____        Signer Is Representing: _____

©2016 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)    Item #5907

EXHIBIT 5, PAGE 65
EXHIBIT 2, PAGE 164

DOC #2018-0494642  Page 13 of 17

## SIGNATURE PAGE OF ASSIGNOR TO
## ASSIGNMENT OF LEASES AND RENTS

**THE COACHELLA LIGHTHOUSE, LLC**, a
California limited liability company

By the Stiffelman Family Trust, its Member

By: **SIGNED IN COUNTERPART**
Name: Gary Stiffelman
Title: Co-Trustee

By: **SIGNED IN COUNTERPART**
Name: Carmen Lazar Stiffelman
Title: Co-Trustee

By the Licht 2018 Irrevocable Trust, its Member

By:
Name: Joseph Rubin
Title: Trustee

THE STATE OF CALIFORNIA    §
                           §
COUNTY OF LOS ANGELES      §

This instrument was acknowledged before me on DECEMBER 13th, 2018, by
JOSEPH RUBIN, TRUSTEE of THE COACHELLA LIGHTHOUSE, LLC, a
California limited liability company, on behalf of said limited liability company.

Notary Public, State of CALIFORNIA

CYNTHIA ANGELICA MENDOZA
(printed name)

CYNTHIA ANGELICA MENDOZA
Notary Public – California
Los Angeles County
Commission # 2196003
My Comm. Expires May 7, 2021

My Commission Expires:

MAY 7th, 2021

Signature Page

EXHIBIT 5, PAGE 66
EXHIBIT 2, PAGE 165

DOC #2018-0494642  Page 14 of 17

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**                    **CIVIL CODE § 1189**

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California                    )
County of LOS ANGELES                  )

On 12/13/2018  before me Cynthia Angelika Mendoza, NOTARY PUBLIC
    Date                     Here Insert Name and Title of the Officer

personally appeared JOSEPH MAX RUBIN
                    Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
            Signature of Notary Public

CYNTHIA ANGELICA MENDOZA
Notary Public – California
Los Angeles County
Commission # 2196003
My Comm. Expires May 7, 2021

Place Notary Seal Above

──────────────── OPTIONAL ────────────────

*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: SIGNATURE PAGE OF ASSIGNOR TO ASSIGNMENT OF LEASES & RENTS
Document Date: 12/13/2018 _____  Number of Pages: (1)
Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____          Signer's Name: _____
☐ Corporate Officer — Title(s): _____       ☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited  ☐ General                ☐ Partner — ☐ Limited  ☐ General
☐ Individual    ☐ Attorney in Fact              ☐ Individual    ☐ Attorney in Fact
☐ Trustee       ☐ Guardian or Conservator       ☐ Trustee       ☐ Guardian or Conservator
☐ Other: _____                ☐ Other: _____
Signer Is Representing: _____          Signer Is Representing: _____

©2016 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)    Item #5907

EXHIBIT 5, PAGE 67
EXHIBIT 2, PAGE 166

DOC #2018-0494642  Page 15 of 17

**SIGNATURE PAGE OF ASSIGNOR TO
ASSIGNMENT OF LEASES AND RENTS**

THE  COACHELLA  LIGHTHOUSE,  LLC,  a
California limited liability company

By the Stiffelman Family Trust, its Member

By: _____
Name:  Gary Stiffelman
Title:   Co-Trustee

By: _____
Name: Carmen Lazar Stiffelman
Title:   Co-Trustee

By the Licht 2018 Irrevocable Trust, its Member

By: **SIGNED IN COUNTERPART**
Name: Joseph Rubin
Title:   Trustee

THE STATE OF *CALIFORNIA*                §
                                                            §
COUNTY OF *LOS ANGELES*                §

This  instrument  was  acknowledged  before  me  on  *DECEMBER 17*_____, 2018, by
*GARY STIFFELMAN + CARMEN STIFFELMAN   CO-TRUST* of THE  COACHELLA  LIGHTHOUSE,  LLC,  a
California limited liability company, on behalf of said limited liability company.

_____
Notary Public, State of ____*CA*____

*SARAH STERN*
_____
(printed name)

My Commission Expires:

____*11-13-21*____

SARAH STERN
Notary Public – California
Los Angeles County
Commission # 2218654
My Comm. Expires Nov 13, 2021

Signature Page

EXHIBIT 5, PAGE 68
EXHIBIT 2, PAGE 167

DOC #2018-0494642  Page 16 of 17

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT    CIVIL CODE § 1189

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |
| --- |

State of California        )
County of _LOS ANGELES_        )

On _DECEMBER 17, 2018_ before me, _SARAH STERN, NOTARY PUBLIC_,
　　Date　　　　　　　　　　Here Insert Name and Title of the Officer

personally appeared _GARY STIFFELMAN AND CARMEN LAZAR STIFFELMAN_
　　　　　　　　　　　　Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Sarah Stern_
　　　　　Signature of Notary Public

SARAH STERN
Notary Public - California
Los Angeles County
Commission # 2218654
My Comm. Expires Nov 13, 2021

　　　Place Notary Seal Above

─────────────── OPTIONAL ───────────────
Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.

**Description of Attached Document**
Title or Type of Document: _ASSIGNMENT OF LEASE +RENTS_ Document Date: _____
Number of Pages: _____ Signer(s) Other Than Named Above: _____
**Capacity(ies) Claimed by Signer(s)**

| Signer's Name: _____ | Signer's Name: _____ |
| --- | --- |
| ☐ Corporate Officer — Title(s): _____ | ☐ Corporate Officer — Title(s): _____ |
| ☐ Partner — ☐ Limited ☐ General | ☐ Partner — ☐ Limited ☐ General |
| ☐ Individual　☐ Attorney in Fact | ☐ Individual　☐ Attorney in Fact |
| ☐ Trustee　☐ Guardian or Conservator | ☐ Trustee　☐ Guardian or Conservator |
| ☐ Other: _____ | ☐ Other: _____ |
| Signer Is Representing: _____ | Signer Is Representing: _____ |

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)    Item #5907

EXHIBIT 5, PAGE 69
EXHIBIT 2, PAGE 168

DOC #2018-0494642  Page 17 of 17

## EXHIBIT A

### LEGAL DESCRIPTION

PARCEL 3 OF PARCEL MAP NO. 37310, IN THE CITY OF COACHELLA, COUNTY OF
RIVERSIDE, STATE OF CALIFORNIA, ACCORDING TO MAP ON FILE IN BOOK 243,
PAGES 82 THROUGH 84 OF PARCEL MAPS, RECORDS OF RIVERSIDE COUNTY,
CALIFORNIA.

ASSESSOR'S PARCEL NUMBER: 603-220-063-4

Exhibit A

EXHIBIT 5, PAGE 70
EXHIBIT 2, PAGE 169

# EXHIBIT 6

EXHIBIT 2, PAGE 170

| | |
|---|---|
| **Secretary of State** **Statement of Information** (Limited Liability Company) | **LLC-12** |

**22-A91773**

# FILED

**In the office of the Secretary of State of the State of California**

**FEB 09, 2022**

This Space For Office Use Only

**IMPORTANT —** This form can be filed online at bizfile.sos.ca.gov.

Read instructions **before completing this form.**

**Filing Fee  - $20.00**

**Copy Fees -** First page $1.00; each attachment page $0.50;
Certification Fee - $5.00 plus copy fees

---

**1. Limited Liability Company Name** (Enter the **exact** name of the LLC.  If you registered in California using an alternate name, see instructions.)

QUONSET PARTNERS LLC

---

| **2. 12-Digit Secretary of State Entity Number** | **3. State, Foreign Country or Place of Organization** (only if formed outside of California) |
|---|---|
| 201833310309 | CALIFORNIA |

---

**4. Business Addresses**

| | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| a. Street Address of Principal Office - Do not list a P.O. Box 1801 S La Cienega Blvd | Los Angeles | CA | 90035 |
| b. Mailing Address of LLC, **if different than item 4a** 1801 S La Cienega Blvd | Los Angeles | CA | 90035 |
| c. Street Address of **California** Office, if Item 4a is not in California Do not list a P.O. Box 1801 S La Cienega Blvd | Los Angeles | **CA** | 90035 |

---

**5. Manager(s) or Member(s)**    If no managers have been appointed or elected, provide the name and address of each member. At least one name and address must be listed. If the manager/member is an individual, complete Items 5a and 5c (leave Item 5b blank). If the manager/member is an additional managers/members, enter the names(s) and address(es) on Form LLC-12A.

| a. First Name, if an individual - Do not complete Item 5b | Middle Name | Last Name | Suffix |
|---|---|---|---|
| Joseph | | Rubin | |

| b. Entity Name - Do not complete Item 5a |
|---|
| |

| c. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 1801 S La Cienega Blvd Suite 301 | Los Angeles | CA | 90035 |

---

**Page 1 of 2**

2021 California Secretary of State
bizfile.sos.ca.gov

EXHIBIT 6, PAGE 71
EXHIBIT 2, PAGE 171

Case 2:21-bk-11188-BB    Doc 619    Filed 04/15/22    Entered 04/15/22 18:31:09    Desc
Main Document      Page 78 of 81

**6.** **Service of Process** (Must provide either Individual **OR** Corporation.)

    **INDIVIDUAL** – Complete Items 6a and 6b only.  Must include agent's full name and California street address.

| a. California Agent's First Name (if agent is **not** a corporation) | Middle Name | Last Name | Suffix |
|---|---|---|---|
| Joseph | | Rubin | |

| b. Street Address (if agent is **not** a corporation) - **Do not enter a P.O. Box** | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 1801 S La Cienega Blvd Suite 301 | Los Angeles | **CA** | 90035 |

    **CORPORATION** – Complete Item 6c only.  Only include the name of the registered agent Corporation.

| c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 6a or 6b |
|---|
| |

**7.  Type of Business**

| Describe the type of business or services of the Limited Liability Company |
|---|
| Real Estate |

**8.  Chief Executive Officer, if elected or appointed**

| a. First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|
| | | | |

| b. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| | | | |

**9.  Labor Judgment**

| Does a Manager or Member have an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code? | ☐ Yes  ☑ No |
|---|---|

**10.** By signing, I affirm under penalty of perjury that the information herein is true and correct and that I am authorized by California law to sign.

| 02/09/2022 | Joseph Rubin | Manager | |
|---|---|---|---|
| Date | Type or Print Name | Title | Signature |

2021 California Secretary of State
bizfile.sos.ca.gov

EXHIBIT 6, PAGE 72
EXHIBIT 2, PAGE 172

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled: **CHAPTER 7 TRUSTEE'S NOTICE OF MOTION AND MOTION FOR EXAMINATION AND DOCUMENT PRODUCTION OF STUART RUBIN PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF D. EDWARD HAYS IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 15, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2**.  **SERVED BY UNITED STATES MAIL**: On **April 15, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3**.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **April 15, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**VIA OVERNIGHT MAIL:**
**PRESIDING JUDGE'S COPY**
HONORABLE SHERI BLUEBOND
UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA
EDWARD R. ROYBAL FEDERAL BUILDING AND COURTHOUSE
255 E. TEMPLE STREET, SUITE 1534 / COURTROOM 1539
LOS ANGELES, CA 90012

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 15, 2022 | Layla Buchanan | */s/ Layla Buchanan* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                     **F 9013-3.1.PROOF.SERVICE**

EXHIBIT 2, PAGE 173

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>: CONTINUED:

- **ATTORNEY FOR INTERESTED PARTY EFO FINANCIAL GROUP LLC:** Steven M Berman sberman@slk-law.com, awit@shumaker.com; bgasaway@shumaker.com
- **ATTORNEY FOR CREDITOR SAXON ENGINEERING SERVICES INC and COMMITTEE OF UNSECURED CREDITORS:** Daren Brinkman office@brinkmanlaw.com, 7764052420@filings.docketbird.com
- **ATTORNEY FOR CREDITOR and DEFENDANT DOUG WALL CONSTRUCTION, INC. and DEFENDANT CITY OF COACHELLA:** Caroline Djang caroline.djang@bbklaw.com, laurie.verstegen@bbklaw.com; wilma.escalante@bbklaw.com
- **INTERESTED PARTY COURTESY NEF:** Jenny L Doling JD@jdl.law, dolingjr92080@notify.bestcase.com
- **ATTORNEY FOR CREDITORS LASERSCOPIC MEDICAL CLINIC, LLC; LASERSCOPIC SPINAL CENTERS OF AMERICA, INC.; AND JOE SAMUEL BAILEY:** Jonathan R Doolittle   jonathan.doolittle@pillsburylaw.com, courtalertecf@pillsburylaw.com
- **ATTORNEY FOR U.S. TRUSTEE (LA):** Eryk R Escobar eryk.r.escobar@usdoj.gov
- **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** Chad V Haes chaes@marshackhays.com, chaes@ecf.courtdrive.com; cmendoza@ecf.courtdrive.com; cmendoza@marshackhays.com; kfrederick@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR BLAIR AIR, INC.:** Brian S Harnik bharnik@rhlawfirm.com, bharnik@rhlawfirm.com
- **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR ORCO BLOCK & HARDSCAPE:** William C Hoggard wch@wchlawgroup.com, admin@wchlawgroup.com
- **INTERESTED PARTY COURTESY NEF:** Mark S Horoupian mhoroupian@sulmeyerlaw.com, mhoroupian@ecf.inforuptcy.com; ccaldwell@sulmeyerlaw.com
- **ATTORNEY FOR CREDITOR U.S. REAL ESTATE CREDITOR HOLDINGS III-A, LP:** Marsha A Houston mhouston@reedsmith.com, hvalencia@reedsmith.com
- **ATTORNEY FOR PLAINTIFFS QUONSET PARTNERS LLC and THE COACHELLA LIGHTHOUSE, LLC:** Aluyah I Imoisili aimoisili@drwelchlaw.com
- **INTERESTED PARTY COURTESY NEF:** Michael S Kogan mkogan@koganlawfirm.com
- **ATTORNEY FOR INTERESTED PARTY GARY STIFFELMAN:** Timothy R Laquer trl@ddclaw.com, trl@ddclaw.com
- **ATTORNEY FOR DEBTOR GLENROY COACHELLA, LLC:** Crystle Jane Lindsey crystle@wsrlaw.net, crystle@cjllaw.com; virginia@wsrlaw.net
- **INTERESTED PARTY COURTESY NEF:** Tinho Mang tmang@marshackhays.com, tmang@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@ecf.courtdrive.com
- **TRUSTEE RICHARD A MARSHACK (TR):** Richard A Marshack (TR) pkraus@marshackhays.com, rmarshack@iq7technology.com; ecf.alert+Marshack@titlexi.com
- **ATTORNEY FOR CREDITOR PORSCHE FINANCIAL SERVICES, INC. dba BENTLEY FINANCIAL SERVICES and CREDITOR PORSCHE LEASING LTD:** Stacey A Miller smiller@tharpe-howell.com
- **ATTORNEY FOR DEFENDANT DOUG WALL CONSTRUCTION, INC.:** Dustin Nirschl dustin.nirschl@bbklaw.com, mandy.villareal@bbklaw.com; laurie.verstegen@bbklaw.com
- **ATTORNEY FOR INTERESTED PARTY STUART RUBIN:** Sean A OKeefe sokeefe@okeefelc.com, seanaokeefe@msn.com
- **INTERESTED PARTY COURTESY NEF:** R Gibson Pagter, Jr.: gibson@ppilawyers.com, ecf@ppilawyers.com; pagterrr51779@notify.bestcase.com
- **ATTORNEY FOR CREDITOR COUNTY OF RIVERSIDE TREASURER-TAX COLLECTOR:** Ronak N Patel rpatel@rivco.org, dresparza@rivco.org; mdominguez@rivco.org
- **INTERESTED PARTY COURTESY NEF:** Matthew D Pham mpham@allenmatkins.com, mdiaz@allenmatkins.com
- **ATTORNEY FOR CREDITOR LAW OFFICES OF JEFFREY D SEGAL, A PROFESSIONAL CORPORATION:** Sheila M Pistone sheila@pistonelawoffice.com, sheilapistone@yahoo.com
- **ATTORNEY FOR CREDITOR GF INVESTMENT GROUP, INC. DBA THE INVESTMENT CENTER, A CALIFORNIA CORPORATION:** Maria Plumtree agrow@plumtreelaw.com, mplumtree@plumtreelaw.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

EXHIBIT 2, PAGE 174

- **ATTORNEY FOR CREDITORS AL MILLER & SONS ROOFING CO INC; APPLE J PLUMBING; DESERT PALM ELECTRIC INC; JACOBSSON ENGINEERING CONSTRUCTION INC; MASCORRO CONCRETE CONSTRUCTION INC; TANDEM WEST GLASS INC; TEMALPAKH INC DBA THE WORKS FLOOR & WALL:** Thomas J Polis tom@polis-law.com, paralegal@polis-law.com; r59042@notify.bestcase.com
- **CREDITOR ALLY BANK LEASE TRUST – ASSIGNOR TO VEHICLE ASSET UNIVERSAL LEASING TRUST (AKA "VAULT TRUST", OR "V.A.U.L. TRUST", OR "VAULT", OR "V.A.U.L.T."), C/O AIS PORTFOLIO:** Arvind Nath Rawal arawal@aisinfo.com
- **INTERESTED PARTY COURTESY NEF:** Ronald N Richards ron@ronaldrichards.com, morani@ronaldrichards.com
- **ATTORNEY FOR CREDITOR CALIFORNIA STATEWIDE COMMUNITIES DEVELOPMENT AUTHORITY:** Debra Riley driley@allenmatkins.com
- **ATTORNEY FOR CREDITOR U.S. REAL ESTATE CREDITOR HOLDINGS III-A, LP:** Christopher O Rivas crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com
- **ATTORNEY FOR DEBTOR GLENROY COACHELLA, LLC:** James R Selth jim@wsrlaw.net, jselth@yahoo.com; dairi@wsrlaw.net; gabby@wsrlaw.net; vinnet@ecf.inforuptcy.com
- **ATTORNEY FOR INTERESTED PARTY LATHAM MANAGEMENT & CONSULTING SERVICES, INC.:** Leonard M Shulman lshulman@shulmanbastian.com
- **ATTORNEY FOR CREDITOR A. STUART RUBIN AND INTERESTED PARTIES ELLIOT LANDER AND STUART RUBIN:** Evan L Smith els@elsmithlaw.com
- **ATTORNEY FOR INTERESTED PARTY EDWIN W. LESLIE, RECEIVER:** Alan G Tippie atippie@sulmeyerlaw.com, atippie@ecf.courtdrive.com; pdillamar@sulmeyerlaw.com, kfiles@sulmeyerlaw.com; mviramontes@sulmeyerlaw.com
- **U.S. TRUSTEE (LA):** United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
- **ATTORNEY FOR DEBTOR GLENROY COACHELLA, LLC:** Daniel J Weintraub dan@wsrlaw.net, vinnet@ecf.inforuptcy.com; virginia@wsrlaw.net

2. <u>**SERVED BY UNITED STATES MAIL**</u>: CONTINUED:

**DEBTOR**
GLENROY COACHELLA, LLC
ATTN: OFFICER, A MANAGING OR GENERAL AGENT,
OR TO ANY OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE SERVICE
1801 S. LA CIENEGA BLVD., SUITE 301
LOS ANGELES, CA 90035-4658

**CREDITOR / POC ADDRESS**
STUART RUBIN
715 N. ALPINE DRIVE
BEVERLY HILLS, CA 90210-3305

**CREDITOR / POC ADDRESS**
STUART RUBIN
C/O MESSINA & HANKIN LLP
ATTN: EVAN L. SMITH
24910 LAS BRISAS ROAD, SUITE 102
MURRIETA, CA 92562

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

EXHIBIT 2, PAGE 175

**EXHIBIT 3**

1 | D. EDWARD HAYS, #162507
ehays@marshackhays.com
2 | CHAD V. HAES, #267221
chaes@marshackhays.com
3 | MARSHACK HAYS LLP
870 Roosevelt
4 | Irvine, California 92620
Telephone: (949) 333-7777
5 | Facsimile: (949) 333-7778

6 | Attorneys for Chapter 7 Trustee,
RICHARD A. MARSHACK

7 |

**FILED & ENTERED**

**APR 20 2022**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY evangeli  DEPUTY CLERK

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

10 |

11 | In re

12 | GLENROY COACHELLA, LLC,

13 |              Debtor.

14 |

15 |

16 |

17 |

18 |

19 |

20 |

Case No. 2:21-bk-11188-BB

Chapter 7

ORDER GRANTING MOTION FOR
EXAMINATION AND DOCUMENT
PRODUCTION OF STUART RUBIN
PURSUANT TO FEDERAL RULE OF
BANKRUPTCY PROCEDURE 2004

[No Hearing Required Per LBR 9013-1(p)]

Date of Production
May 16, 2022

Date of Examination[1]
Date:      TBD
Time:      TBD
Location:  Via Zoom[2]

21 |

22 |        The Court has read and considered the Motion for Order Authorizing Examination and

23 | Document Production of Stuart Rubin ("Respondent") Pursuant to Federal Rule of Bankruptcy

24 | Procedure 2004; Memorandum of Points and Authorities; and Declaration of D. Edward Hays in

25 |

26 | _____

27 | [1] Given the COVID-19 pandemic, the examination will be held virtually by audio-visual conferencing
technology.

28 | [2] Zoom call-in instructions will be given upon receipt from court reporter and sent to deponent,
counsel, and all interested parties prior to the deposition.

1

4830-8662-5203, v. 1

Support ("Motion"), filed by Richard A. Marshack, solely in his capacity as Chapter 7 trustee of the

bankruptcy estate of Glenroy Coachella, LLC ("Movant"), on April 15, 2022, as Dk. No. 619, and

good cause appearing,

**IT IS HEREBY ORDERED** that:

1.      The Motion is GRANTED;

2.      Respondent is compelled to produce the documents identified in **Exhibit 1** of the

Motion by May 16, 2022, to Marshack Hays LLP, through United States mail, personal delivery, or

by electronic copies;

3.      Respondent is compelled to appear for examination, by virtual means, on a date and

time as may be agreed upon in writing by the Movant and Respondent. If such a date cannot be

agreed upon, then the examination will take place on no less than ten (10) or more than twenty (20)

days after written notice; and

4.      Any agreement by the parties to continue these deadlines or re-schedule the

examination shall not terminate Respondent's obligation to produce all documents responsive to the

categories of documents set forth in the Motion and appear for examination at the dates and times

properly noticed by Movant.

                                        # # #

Date: April 20, 2022

                                        Sheri Bluebond
                                        United States Bankruptcy Judge

2

4830-8662-5203, v. 1

EXHIBIT 3, PAGE 177

**EXHIBIT 4**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

Case No. 2:21-bk-11188-BB

Chapter 7

- - - - - - - - - - - - - - - - - - - - - - - -

In re:                          ORIGINAL


GLENROY COACHELLA, LLC,


Debtor.


- - - - - - - - - - - - - - - - - - - - - - - -


VIDEOCONFERENCE DEPOSITION OF


ABRAHAM STUART RUBIN


Thursday, July 21, 2022


Reported by:

SUSAN ASHE, CSR, RMR, CRR

Job No.:  113095

THE SULLIVAN GROUP
OF COURT REPORTERS
SULLIVANCOURTREPORTERS.COM
PHONE 855.525.3860  |  323.938.8750

EXHIBIT 4, PAGE 178

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

Case No. 2:21-bk-11188-BB

Chapter 7

- - - - - - - - - - - - - - - - - - - - - - - -

In re:                    ORIGINAL

GLENROY COACHELLA, LLC,

Debtor.

- - - - - - - - - - - - - - - - - - - - - - - -

VIDEOCONFERENCE DEPOSITION OF

ABRAHAM STUART RUBIN

Thursday, July 21, 2022

Reported by:

SUSAN ASHE, CSR, RMR, CRR

Job No.:  113095

1

2

3

4

5

6

7              Videoconference Rule 2004 Examination of

8    ABRAHAM STUART RUBIN, taken remotely on behalf of the

9    Debtor, beginning at 12:09 p.m. Pacific Daylight Time,

10   on Thursday, July 21, 2022, via Zoom, before Susan Ashe,

11   CSR, RMR, CRR.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**THE SULLIVAN GROUP OF COURT REPORTERS**

2

EXHIBIT 4, PAGE 180

```
 1   APPEARANCE OF COUNSEL:

 2       On behalf of the Debtor:

 3           MARSHACK HAYS LLP

 4           BY:  D. EDWARD HAYS, ESQ.

 5           870 Roosevelt

 6           Irvine, California  92620

 7           (949) 333-7777

 8           ehays@marshackhays.com

 9           (Via Videoconference)

10

11           On behalf of American Contractors Indemnity

12           Company:

13           PAGTER & PERRY ISAACSON, APLC

14           BY:  R. GIBSON PAGTER, JR., ESQ.

15           525 North Cabrillo Park Drive, Suite 104

16           Santa Ana, California  92701

17           (714) 541-6072

18           gibson@ppilawyers.com

19           (Via Videoconference)

20

21

22

23

24

25
```

THE SULLIVAN GROUP OF COURT REPORTERS

3

```
1   APPEARANCE OF COUNSEL (Continued):

2       On behalf of Calmwater Capital:

3           REED SMITH LLP

4           BY:  MARSHA HOUSTON, ESQ.

5           355 South Grand Avenue, Suite 2900

6           Los Angeles, California  90071

7           (213) 457-8000

8           mhouston@reedsmith.com

9           (Via Videoconference)

10

11      On behalf of the Witness:

12          MESSINA & HANKIN LLP

13          BY:  EVAN L. SMITH, ESQ.

14          24910 Las Brisas Road, Suite 102

15          Murrieta, California  92562

16          (951) 363-2134

17          (Via Videoconference)

18

19

20

21

22

23

24

25
```

THE SULLIVAN GROUP OF COURT REPORTERS

4



1                          CONTENTS

2   THE WITNESS

3   Abraham Stuart Rubin

4

5     BY MR. HAYS                                          6

6

7

8                          EXHIBITS

9                          (NONE)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

EXHIBIT 4, PAGE 183

```
 1                    THURSDAY, JULY 21, 2022;

 2                12:09 P.M. PACIFIC DAYLIGHT TIME

 3                          --o0o--

 4                All counsel present stipulate

 5             that the witness shall be sworn remotely

 6                    by the court reporter.

 7                         *    *    *

 8    Whereupon,

 9                    ABRAHAM STUART RUBIN

10          having been first duly sworn, was examined

11                and testified as follows:

12                        EXAMINATION

13    BY MR. HAYS:

14         Q     Good afternoon, Mr. Rubin.  How are you?

15         A     Good afternoon, Ed.

16         Q     And it might be the first time we get to see

17    each other.  I know we've talked before and had some

18    telephonic meetings of creditors, but always nice to put

19    a face with the voice.

20         A     Likewise.

21         Q     Mr. Rubin, have you had your deposition

22    taken before?

23         A     I have.

24         Q     And can you estimate how many times and what

25    was the most recent time?
```

EXHIBIT 4, PAGE 184

1        A       Probably about six or seven times, and the

2   most recent deposition was approximately two months ago.

3        Q       Okay.  So you are somewhat familiar with the

4   procedures and the admonitions.  So I'll keep them as

5   short as possible.

6               The reporter is transcribing everything that

7   will be said during this afternoon's examination.  And

8   so, please try not to start answering a question until

9   I'm done asking it, and I'll try not to start the next

10  question until you're done answering the first one.  And

11  that will make for a much cleaner record and happier

12  court reporter.

13              Second, I'm sure you're aware that people

14  ask traditional questions such as:  Is there any reason

15  the examination cannot proceed today, such as you're

16  under medication or you didn't sleep last night or

17  anything else like that?

18       A       We're good to go forward.

19       Q       Very good.

20              You probably are also familiar with a couple

21  of background-type questions that people ask, and I'll

22  just do those briefly.

23              Can you briefly describe for us your

24  educational background?

25       A       Sure.  I graduated USC with a BA in business

1  administration, and that was in about 1982.

2         And from there, I pursued a career in real

3  estate since 1982.

4     Q     A fellow Trojan -- I graduated from law

5  school at SC in '92.  So we just missed each other on

6  campus.

7         Have you been self-employed since

8  graduation, or have you worked for other companies in

9  which you did not have an ownership interest?

10    A     Pretty much self-employed.

11    Q     Okay.

12         MR. SMITH:  Once again, I will be -- though

13         with the self-employed doesn't necessarily mean as

14         a sole proprietor, I don't believe.

15         THE WITNESS:  That's correct.

16  BY MR. HAYS:

17    Q     Yeah, and so when I said "self-employed," I

18  was intending -- and I appreciate Mr. Smith's

19  clarification -- you might be an owner of a company in

20  which you are working for that company.

21         And so, it's not necessarily a sole

22  proprietorship but at some level you're working for

23  yourself.  Correct?

24    A     That's the way I interpreted your question.

25    Q     Yeah.

EXHIBIT 4, PAGE 186

1          The court entered an order authorizing the

2     examination to proceed and requiring you to search for

3     certain documents.

4          Do you recall seeing that order?

5     A    Yes.

6     Q    And can you describe for us what you did to

7     look for documents that would be responsive to the

8     categories of documents that were requested to be

9     produced?

10    A    I searched for whatever paper records I had

11    with respect to the Coachella Lighthouse transaction,

12    which were sent over.

13         And then any email conversations I had with

14    Dr. Elliot Lander and also with Gary Stiffelman

15    pertaining to the transaction, I turned over to my

16    attorney.

17    Q    And you're referring to Mr. Smith?

18    A    I am.

19         MR. SMITH:  And just for clarification, we

20         produced that in connection with Mr. Lander's --

21         because it was really all the same stuff.

22         THE WITNESS:  Correct.

23         MR. HAYS:  And that was going to be my next

24         question.

25         What we got from Mr. Lander was, I think, 19

EXHIBIT 4, PAGE 187

1      or 20 documents.

2            One of the sets of documents, if you will,

3      were a collection of emails -- and I don't know if

4      it was 10 or 20, but, you know, some number like

5      that.

6            And then the only document that we got that

7      we understood to be from you was a list of

8      expenses for Glenroy that appeared on a

9      spreadsheet from like 2014 to 2019 or something.

10           So what you're saying is whatever documents

11     you had, you sent to Mr. Smith.  And while I may

12     have not understood the -- who produced what to be

13     100 percent accurate, you did send some emails and

14     documents to Mr. Smith, and Mr. Smith has just

15     said those were sent to us -- correct? -- by both

16     of you, please.

17           THE WITNESS:  That's correct, Ed.

18           MR. SMITH:  Yes.  And I probably should have

19     been clearer in terms of the production with you.

20           MR. HAYS:  Okay, no worries.  I just thought

21     it odd that I understood the only thing being

22     produced by Mr. Rubin was a spreadsheet, and he

23     just said something else.  But now I understand.

24     BY MR. HAYS:

25           Q    Mr. Rubin, when did you first become a

EXHIBIT 4, PAGE 188

1    member of the debtor?

2            And when I say "debtor," I'll be referring

3    to Glenroy Coachella, LLC.

4        A    I believe that was formed in, latter part of

5    2017.

6        Q    And upon formation, were you a member of

7    that entity?  And if so, what percent did you have in

8    terms of ownership?

9        A    Private formation.  I was not a member.

10            And what was the second part of your

11    question?

12        Q    If you were a member, what percent? -- so

13    you did answer the question.

14            At some point did you become a member of the

15    debtor?

16        A    Yes.

17        Q    And do you recall approximately when that

18    was and what percent ownership you acquired?

19        A    Well, actually, I was not a member of the

20    debtor.  I have to recant that.

21            When I believe the entity was formed, it was

22    specifically to hold the cannabis dispensary property.

23            That was done under the Licht Family Trust.

24            (Court reporter request for clarity.)

25            THE WITNESS:  L-i-c-h-t.

EXHIBIT 4, PAGE 189

1        Q     So just to make sure I'm clear, I'm talking

2   about Glenroy Coachella, LLC.

3              And are you saying that that entity that

4   became the debtor in this bankruptcy case was formed

5   specifically because of the cannabis?

6        A     Yes, that's correct.

7        Q     Okay.  And am I correct in understanding

8   what you just said, that you personally were never a

9   member of Glenroy Coachella, LLC?

10       A     For an instant, the property was partially

11  reconveyed from the hotel portfolio, and it was deeded

12  out, that particular parcel, which was Parcel No. 3.

13             I think it was done in November or December

14  of 2017, or maybe January of 2018.

15             But that particular parcel was partially

16  conveyed out.

17             And then, I don't know if I personally had

18  an interest in it.  But it was basically, the ownership

19  on that became two-thirds the Licht Family Trust and

20  one-third was the Stiffelman Family Trust.

21       Q     And the two-third, one-third you just now

22  referenced is in reference to Parcel 3.  Correct?

23       A     That's correct.  That's the dispensary

24  parcel.

25       Q     Yeah, and we were referring in Dr. Lander's

1   exam to Parcel 3 as the dispensary parcel.  But -- so

2   we'll go with that.

3           In addition to the dispensary parcel, there

4   was also something that we were referring to as the

5   "hotel property."  And that's the property upon which

6   Glenroy Coachella was attempting to develop a resort

7   hotel.

8           Is that your understanding as well, that

9   Glenroy was the owner of the hotel property?

10      A   Glenroy Coachella, the Delaware company --

11   the Delaware LLC, was I believe the ownership for the

12   other five parcels where the hotel was under.

13          And Glenroy Coachella, LLC was specifically

14   for the dispensary parcel.

15      Q   Repeat the last part about what was

16   specifically for the dispensary parcel.

17      A   That was the Glenroy Coachella, LLC.

18      Q   All right.  I'm totally confused now.  So

19   let's take a step back.

20          The debtor in the bankruptcy case is Glenroy

21   Coachella, LLC.  Correct?

22      A   Correct.

23      Q   And in what state was that entity formed?

24      A   California.

25      Q   And then did you say there's a separate

EXHIBIT 4, PAGE 191

1    Glenroy Coachella, LLC that's a Delaware entity?

2         A     I believe the hotel parcels were under

3    Glenroy Coachella, LLC, the Delaware limited liability

4    company.

5         Q     My recollection is that the debtor entity --

6               Which you understand to be the California

7    corporation [sic].  Correct?

8         A     Correct.

9         Q     -- was a 70.5 percent owner of the hotel

10   property as of the petition date.

11              Does that match your recollection?

12        A     No.

13        Q     What do you believe the ownership of the

14   hotel property to have been when the debtor filed its

15   bankruptcy?

16        A     That's a bit confusing.  And I'll have to

17   get back to you on it, because the names are so similar.

18        Q     Maybe that's why I'm confused is maybe I

19   never understood it correctly.  And so, I'm trying to

20   get to the bottom of it.

21        A     It is pretty complicated when you look

22   through it.  When the tax attorneys were doing the

23   structuring on this, it is pretty complicated.

24        Q     Boy, that just -- if the debtor was not the

25   owner, did the debtor become the owner at any point in

THE SULLIVAN GROUP OF COURT REPORTERS

1    time after the bankruptcy was filed in March of 2020?

2         A    I don't think I really understand your

3    question, and I don't want to misspeak.

4         Q    And so, I'm glad you said that.  And please

5    be sure to ask me to clarify any question you're not

6    completely sure of.

7              Before I said -- I asked if the debtor was

8    the owner of any portion of the hotel property.  And I

9    had recalled it was the owner of about 70.5 percent when

10   it filed bankruptcy in March of 2020.

11             My question was:  At any point in time after

12   the bankruptcy had been filed, are you aware of the

13   debtor becoming an owner of any portion of the hotel

14   property?

15        A    No.

16        Q    So going back to where I started, which was

17   to ask about your ownership in the entity known as the

18   debtor -- and we're now talking about the California

19   entity that's in bankruptcy -- was it your testimony

20   that you have never been a member of that entity as an

21   individual?

22        A    Which entity?

23        Q    The debtor entity was the question.

24        A    Give me the name of the debtor entity,

25   please.

EXHIBIT 4, PAGE 193

1    Q    Glenroy Coachella, LLC, a California limited
2  liability company.
3    A    Yes, I was a member.
4    Q    Oh, you were a member of the debtor.  Okay.
5         And when I say the "debtor" from here
6  forward, we will be referring to the California LLC.
7  Okay?
8    A    Clear.
9    Q    Okay.  When was the debtor formed?
10   A    I believe it was formed in 2017, if I'm not
11 mistaken.
12   Q    And you were a member upon formation?
13             (Pause.)
14   Q    Is that a yes?
15   A    Yes.
16   Q    Okay.  Be sure to be audible so it gets
17 picked up for the transcript.  I had looked away, and I
18 didn't hear anything.
19         What percent of the membership interest did
20 you hold upon formation?
21   A    I believe it was two-thirds.
22   Q    And was that in your name individually, or
23 through some trust or entity in which you had an
24 ownership interest?
25   A    I believe I had it individually, and then it

EXHIBIT 4, PAGE 194

1    was -- the trust was put in, I believe.  And the Licht

2    trust owned two-thirds.

3         Q    When you say it was put into trust, is that

4    the Licht trust?

5         A    That's correct.

6              And Stiffelman had his interest in his

7    family trust that owned the other third.

8         Q    When we refer to the "Licht trust," what is

9    your role, if any?

10             Are you the trustor, trustee, beneficiary --

11   can you tell us your connection to the Licht trust?

12        A    I may be the trustee -- I have to look at

13   it, but I don't know.

14             But I'm not involved at all in the trust.

15        Q    So you did not settle or create the trust.

16   Correct?

17        A    Personally?  No.

18        Q    And are you a beneficiary of that trust?

19        A    No.

20        Q    Okay.  Did your percent ownership interest

21   in the debtor, individually or through the Licht trust,

22   ever change from the two-thirds you just testified to?

23        A    Yes.

24        Q    And when did that change, and what did the

25   new percentage become?

EXHIBIT 4, PAGE 195

1         A       That was when Dr. Lander's exchange

2    occurred.

3                 Both the Licht Family Trust and the

4    Stiffelman Family Trust diluted to make room for

5    Dr. Lander.

6         Q       Did Dr. Lander become a member of the

7    debtor?

8         A       I don't believe individually.

9         Q       And you believe it was through an entity or

10   trust in which he had an interest?

11        A       That may have been his family trust -- but,

12   yes.

13        Q       And what percent owner did Dr. Lander become

14   in the debtor, directly or indirectly?

15        A       4.5 percent.

16        Q       During Dr. Lander's examination two days

17   ago, I think he made it fairly clear to me that he never

18   became a member of the debtor.

19                So how confident are you that you're

20   recalling this correctly?  Do you think it's possible he

21   was mistaken, or do you think it's possible you are

22   mistaken now?

23        A       It could be both.

24                So I think I would have to take a look at

25   that.  I don't want to give you an answer that I'm

EXHIBIT 4, PAGE 196

1    uncertain of.

2        Q    Okay.  And my recollection of what he

3    said -- and you can tell me if you think this sounds

4    accurate or if you think it was different -- was that an

5    entity in which he held an ownership interest purchased

6    a 4.5 percent tenant-in-common interest in the hotel

7    property as opposed to him becoming a 4.5 percent owner

8    of the debtor, and that with respect to the dispensary

9    parcel he took title through his entity and then

10   subsequently transferred it to Quonset, and he's a

11   4.5 percent owner of Quonset and entitled to 4.5 percent

12   of the rent.  But he said he never became a member of

13   the debtor.

14            Do you think it's possible that --

15       A    Elliot's -- Dr. Lander's explanation is

16   accurate.

17       Q    Okay.  So your recollection as of now

18   refreshed would be Dr. Lander never became any portion

19   owner of the debtor.  Correct?

20       A    Correct.

21       Q    Okay.  Do you recall how much Dr. Lander

22   paid to acquire the 4.5 percent interest in both the

23   hotel property and in the dispensary parcel?

24       A    Approximately 2,700,000, give or take.

25       Q    Okay.  And I believe his testimony was

1    3.6 million.  And so, that's fairly consistent.

2              Was there a written purchase and sale

3    agreement with respect to the debtor's transfer of the

4    4.5 percent TIC interest in the hotel property to

5    Dr. Lander?

6        A    I do recall that there was a purchase and

7    sale agreement for the investment.

8              And then from there, it went to tax counsel,

9    which -- I could -- I don't have the expertise in the

10   exchange arena to really elaborate.  I know a little

11   about it, economics.

12             But after the purchase and sale agreement

13   was written, then it went to tax counsel.  And all

14   parties cooperated on the advice of tax counsel to

15   effectuate the transaction.

16       Q    Let me ask the question again and be a

17   little more specific to see if you have a recollection

18   one way or the other.

19             I understand there to have been a written

20   purchase and sale agreement that addressed the

21   dispensary parcel.  And reference was made to it, but it

22   was not produced to us.  And Dr. Lander says he's sure

23   he can find it and he's going to go find it and send it

24   to us.  But we don't have it yet, that I've seen.

25             My question is:  Was there a written

EXHIBIT 4, PAGE 198

1    purchase and sale agreement specific to the 4.5 percent

2    interest in the hotel property?

3        A    No.  It was written specifically for the

4    dispensary property, not the hotel property.

5        Q    Now speaking about the written purchase and

6    sale agreement for the dispensary parcel, do you recall

7    what the purchase price would have been identified as?

8        A    About $2,700,000 for the purchase of the

9    dispensary parcel and building.

10       Q    And Dr. Lander I think testified to 2.725.

11            So again, I think you guys are in the same

12   ballpark and your recollections are consistent.  And

13   when we get the document, we'll figure it out if it's

14   2.7 exact or 2.725.

15            Dr. Lander....

16            Well, let me ask it this way:  Was the

17   3.6 -- was there a value attributable to the 4.5 percent

18   interest in the hotel property, such as subtracting 3.6

19   from 2.725 -- was there some valuation that the 4.5

20   percent interest in the hotel property was worth only

21   875-?

22       A    It involves a little bit of a longer

23   explanation.  And I think if you will allow me, I can

24   probably walk you through it so it adds some clarity and

25   understanding.

EXHIBIT 4, PAGE 199

1        Q        Please proceed.

2        A        Gary --

3        Q        Go ahead.  Sorry.

4        A        Gary Stiffelman and I were doing continuous

5   construction visits to the property in Coachella while

6   the hotel was under construction.

7                And I have known Elliot now for about 45

8   years.  Elliot resides in the desert.  And when Gary and

9   I, Gary Stiffelman and I, would go down to the desert we

10  would meet with Elliot so we could catch up.

11               Elliot called me one day and said, I'm

12  selling some property in the desert and I'd very much

13  like to know if there's a place that I can invest with

14  you.

15               He told me the approximate amount, Elliot

16  did, of how much he had to invest and also what his gain

17  would have been should he not do an exchange.

18               So there was approximately 2.7, 2.8 million

19  dollars, I believe, of gain that was coming out of

20  Elliot's sale.

21               So I called Gary Stiffelman up and I said,

22  Elliot would like to invest in the property -- the

23  venture in some capacity.  I said, I would like to step

24  out of any negotiations here because of the friendship

25  that I have with Elliot.  I don't feel comfortable doing

EXHIBIT 4, PAGE 200

1    it.

2            So Gary naturally took on the role.

3            And I'm going to answer a number of your

4    thoughts now as to what happened.

5            So I put Gary and Elliot in touch with one

6    another.  And what precipitated the requirement or the

7    desire to -- to have another investor come in in this

8    regard is that in 2017 Gary Stiffelman had sent me a

9    number of emails and discussions, and I had given those

10   emails over to Richard Marshack.  He has them.

11           Elliot and I had lunch with Richard in the

12   desert when you first got appointed, and we provided the

13   emails to him.

14           And the emails from Gary were -- and I'm not

15   paraphrasing -- is he said, "I'm about to commit

16   suicide.  I'm dead broke.  I'm not pulling my weight at

17   the law firm," at Greenberg Traurig.  "I don't have

18   enough billable hours, and I'm just biding time.  I

19   cannot afford to continue on in this project, let's take

20   on an investor."

21           So I put Gary in touch with Elliot.

22           And Elliot's gain on this project, had he

23   not found an exchange, would have been about a million

24   dollars.  So he would have netted about a million-six --

25   and this will be important.

EXHIBIT 4, PAGE 201

1        So before we decided to go forward and to

2   build a dispensary -- and it was just a fluke that we

3   decided to go forward and do that -- Gary brought in a

4   gentleman by the name of Keith Yamamoto, who I hadn't

5   met before.

6        And he ran projections for the dispensary.

7   And it showed that the dispensary would make a couple

8   million dollars a year in profit.

9        So what Gary did is he had conversations

10   with Elliot and he showed -- and he showed Elliot what

11   the hotel would potentially generate in revenue.

12        And at that time -- since Marsha is

13   listening, and Mark Kilcoin -- the operator that we were

14   going to have originally for the hotel was the Hilton

15   Hotel corporation.

16        The deal stalled because Gary Stiffelman

17   wasn't satisfied with the terms and conditions of the

18   entertainment component that Gary Stiffelman was going

19   to spearhead for the hotel property.  And we reached an

20   impasse.

21        And based on Gary's recommendation, the deal

22   was curtailed -- even though I had the majority.  I ran

23   it as a democracy that Gary wanted to do this, and I

24   took his recommendation and said fine.

25        However, the projections from the hotel and

EXHIBIT 4, PAGE 202

1    the dispensary were discussed with Elliot by Gary.

2              And in order for Elliot to effectuate his

3    exchange, he had to have a specific basis in the

4    property when he was closing.

5              Now, we talked about doing an investment

6    into the hotel property.  But as our tax counsel advised

7    us, was that, in order for Elliot to, again, effectuate

8    his exchange, a portion of the hotel property would have

9    to be subdivided out along with an identifiable dollar

10   amount of basis of building already constructed and a

11   valuation on the land -- which we could not do.  It was

12   impossible to invest in the hotel for Elliot.

13             However, what Calmwater required us to do --

14   and it was a requirement of them -- was that the parcel

15   would have to be carved out, the borrowers would not be

16   able to have any affiliation whatsoever inside the

17   cannabis business.

18             It was made extremely clear to us that they

19   do not want the borrowers to be set up and participating

20   in the cannabis business.

21             Gary Stiffelman had a problem also because,

22   as a practicing attorney, Greenberg Traurig prohibited

23   any attorney working within the law firm from

24   participating at all in the cannabis dispensary

25   business.  And in fact, they would not even do any legal

1   work that remotely had a tie-in to the dispensary

2   business.

3              So the construct that was set up between

4   Quonset Partners, SGE Realty, and the Coachella

5   Lighthouse was basically set up specifically to separate

6   the borrowers -- call it Stiffelman and myself -- from

7   having participation in the dispensary business, which

8   we did not.

9              So when I had a discussion with Elliot after

10  Stiffelman presented him with the projections, I said to

11  Elliot, "You have a 4.5 percent interest in the

12  dispensary, and here are these projections.  Your

13  4.5 percent on $2 million of profit is $90,000 a year."

14             I said, "If I'm looking at it, you at least

15  get to participate, you're going to make a 5 to a

16  6 percent return on your investment -- which isn't

17  bad -- and it completes your exchange."

18             And at that point, Gary Stiffelman was also

19  so desperate for liquidity we just said to Elliot,

20  "We'll match it.  You can have the same interest in the

21  hotel -- because if it all works, great."

22             And that's where -- that's how this all

23  ended up.

24             If you have any questions, please ask.

25       Q    That was very good, probably saved an hour

EXHIBIT 4, PAGE 204

1  of questions.  Thank you.

2            A couple of follow-up questions.

3            I think you just said that the lender,

4  Calmwater, did not want you to have participation in the

5  dispensary.

6            Was that directly or indirectly, or both?

7       A    If I may speak, we were completely

8  forthright with Calmwater.  It was Huell Kim,

9  Tristine Lim, Larry Grantham, Simond Lavian.

10           They knew that a dispensary was being built.

11           On the side, they all joked that they

12 participated in the dispensary products.  And they were

13 all very pleased that we were doing it, that we had

14 involvement.

15           They said to us, "Look, we cannot lend to

16 you.  You have involvement in a dispensary."

17           And in fact, if you take a look, the hotel

18 property closed when the loan was funded by Calmwater --

19 I believe it was Stuart Title.  And the dispensary

20 parcel, if you look at it, has a separate title company

21 called "Orange Coast Title."

22           So we were completely up front, and it was

23 based upon the direction of Calmwater that the parcel

24 had to be deeded out and Gary Stiffelman, myself, and

25 Elliot would not be involved in the operation of the

EXHIBIT 4, PAGE 205

1    dispensary.

2        Q        The dispensary parcel is currently owned by

3    Quonset.  Correct?

4        A        That's correct.

5        Q        And Quonset in effect is landlord to SGE

6    Realty.

7                Is that correct?

8        A        That's correct.

9        Q        And then SGE Realty is the, in effect,

10    landlord for the Coachella Lighthouse.  Right?

11        A        It's the master lessor, correct.

12        Q        And as far as your ownership interest in

13    Quonset and your right to receive portion of rents, is

14    that percentage the same as what your percentage

15    interest was in the debtor, which was, in effect,

16    two-thirds?

17        A        No.  In Quonset, the three partners are DMP,

18    which is -- call it a land or family entity.  You have

19    the Stiffelman Family Trust.  And then you have my

20    family, which would be the Licht trust -- in the Quonset

21    Partners.

22        Q        And that's kind of what I was asking.

23                But that Licht trust interest in Quonset is

24    the same two-thirds as your family or trust interest in

25    the debtor.  Right?

THE SULLIVAN GROUP OF COURT REPORTERS

28

EXHIBIT 4, PAGE 206

1    A    Correct.

2    Q    Okay.  Talking now about the $3.6 million

3  purchase price that Dr. Lander paid for these two

4  different investments, where did that money go?  Who

5  received it?

6    A    Well, I have to clarify something with you.

7  It's not 3.6.  Dr. Lander's investment through the

8  exchange was about $2.7 million.

9        The balance of that money was a loan from

10  Dr. Lander to me personally for about $820,000 maybe and

11  adds up to about 3.6.

12        But I want it very clear, the Dr. Lander

13  investment is about 2.7, not 3.6.

14    Q    And so, tell me a little about this loan,

15  because this wasn't something that Dr. Lander testified

16  or talked about on Tuesday.

17        Did you say that the loan for the difference

18  between 3.6 and 2.725, which is roughly 875-, plus or

19  minus, that that was a loan to you personally?

20    A    That's correct, Ed.

21    Q    Okay.  Is there written loan documentation

22  for this?

23    A    We have just a piece of paper between the

24  two of us on that.

25    Q    Do you know where to find a copy of that

EXHIBIT 4, PAGE 207

```
 1    piece of paper? because that hasn't been provided to us.

 2         A     I will get it to you.

 3         Q     Okay.  Thank you very much.

 4         A     My pleasure.

 5         Q     Do you recall what the terms of that loan

 6    was as far as payments, interest rate, things like that?

 7         A     It's called a "friendship" loan.

 8         Q     So the piece of paper doesn't provide the

 9    specifics.  Is that what you're saying?

10         A     Correct.

11         Q     With respect to the approximate 2.725 that

12    was tied to the exchange, who received that money?

13         A     May I go through it with you?

14         Q     Oh, absolutely.  The whole purpose of today

15    is to try to get to the bottom of all these

16    transactions.

17         A     I think I can save you a little bit of

18    time --

19         Q     Yes, please do?

20         A     -- as well.

21               Before Calmwater funded its loan, I believe

22    in April of 2018, there was a land loan on the parcel, I

23    believe with Preferred Bank.

24         Q     When you say "the parcel," you're referring

25    to the hotel property, dispensary parcel, or both?
```

EXHIBIT 4, PAGE 208

1        A       All of the parcels.

2        Q       Okay.

3        A       It was about $1,500,000 at the end of

4    December that was still outstanding on the land loan.

5        Q       When you say December, is that 2017?

6        A       I do.  Sorry.

7                I paid that off personally.  And you have a

8    record of that, which I sent you in December of 2017.  I

9    think I personally paid off $1,497,000.

10               In addition to that, there was a partner

11   inside the property that had a partnership interest that

12   I also paid off of about $700,000 in December of 2017,

13   which I've sent you a record of.

14               So at the end of December, before Christmas,

15   I put in, personally, $2.1 million.

16               In addition to that -- and Gary Stiffelman

17   knew about it.  In fact, I was having lunch with him in

18   December before both of our families were going on

19   vacation together.  And I showed him on my -- I showed

20   him -- I said, "I just paid off the land loan on this

21   for us."  Okay?

22               In addition to that, for the dispensary

23   itself, I advanced out $1,400,000 -- the building.

24               So I'm into this now for $3.5 million, the

25   money that I put in, into the project -- which Gary owes

1   me money for.

2           So when Dr. Lander bought this, the only way

3   that he had the ability to buy this is that there had to

4   have been enough already created building value that we

5   had to prove that showed that when he was putting the

6   investment in, the investment already equaled what was

7   created on top of the parcel.

8           So when Dr. Lander committed to buy it,

9   there was approximately I think 1.1 released to me in

10  December so I could get reimbursed for the money I put

11  up.  And then I think the balance of the money I got in

12  December.

13          But in addition to that, I was under no

14  obligation to put money into the Coachella hotel project

15  because I'm getting reimbursed.

16          But as a side, what's really important to

17  know is that what I produced for you so you can see -- a

18  check by wire, etc.  It shows every check written 2017,

19  '18, and '19.

20          Now, it's really important to know, Ed, is

21  that Dr. Lander closed, released some money at the end

22  of 2017 and the balance in 2018.

23          In 2018 -- one second....

24          In 2018, after any money I got back, I put

25  in $5,049,000 of cash I wasn't required or obligated to

EXHIBIT 4, PAGE 210

```
 1   put in.
 2              And in 2017, I put in $4 million.
 3              And in 2019, I put in $2.3 million.
 4              So this I showed you and I provided to you
 5   that will show you, literally by the day, of the money
 6   that I was personally putting in that I wasn't required
 7   to put in.
 8              So I hope that answers your question, but
 9   that's what occurred.
10              So I think --
11        Q    I appreciate the explanation.  I have some
12   follow-up questions.
13              When you say you've provided us with the
14   information about what you put in, are you referring to
15   what was provided to Mr. Smith in connection with
16   today's examination or are you referring to something
17   else?
18        A    It's what I provided to Evan Smith.
19              And in addition to that, during the -- for
20   the bankruptcy filing of the hotel, I provided these
21   detailed schedules of all of the money that went in
22   by -- call it the Rubin family.
23        Q    And I don't believe that we got anything
24   from Mr. Smith that matches what you're describing now.
25        A    I'll be happy to send it over to you.
```

1      Q      Yeah, if you could do that.  And then, that
2   way we have --
3      A      And I'll personally walk you through it.
4      Q      Yeah.  So circling back to the 2.725, you
5   said that 1.1 million was released to you personally in
6   December 2017.  Correct?
7      A      Correct.
8      Q      And then the balance -- what happened to
9   that, and when?
10     A      The balance was released to my family in, I
11  believe in January through March.
12     Q      Of 2018?
13     A      Correct.
14     Q      And then I think that I saw the transfer
15  document for Parcel 3 was recorded in early April of
16  2018.  And that would have been --
17     A      Oh, no, no, no.  I believe the date stamp
18  was 2018.  But, hang on.  I think it was -- one second
19  here....
20            I think it was done....
21            I'm actually looking at it right now, so
22  hold on a second.
23            This was the partial reconveyance.  And it
24  was done by Stuart Title.  And it was done November 20,
25  2017.

EXHIBIT 4, PAGE 212

```
1              It was recorded, I think....
2              Well, I have the recordation here on
3    January 18, 2018.  So that's when it was done.
4              So those are the actual dates here.
5         Q    What you're referring to is a partial
6    reconveyance of the land loan.  Right?
7         A    Correct.
8         Q    What I was talking about was the deed
9    transferring title to the dispensary parcel from the
10   debtor to Dr. Lander's entity.  And the very first
11   entity was Force, F-o-r-c-e, hyphen, DMP LLC.
12             That was recorded on April 12 of 2018.  It
13   was dated on April 6 of 2018.
14             So that's what would have been done upon the
15   closing of Dr. Lander's purchase.  Correct?
16        A    Correct.
17        Q    Okay.  And then you said that the monies
18   were all paid out between December of 2017 and March of
19   2018.  Correct?
20        A    Correct.
21        Q    Okay.  And then all of that went to -- as
22   far as you can recall, directly into an account in your
23   name or possibly into the family trust account, or do
24   you have any recollection?
25        A    I think it may have gone to ASR.
```

THE SULLIVAN GROUP OF COURT REPORTERS

1      Q      And --

2      A      It may have.  I have to check where it went

3 to.

4             The dispensary did not have an account

5 because, obviously, banking is illegal for a cannabis

6 business.

7      Q      Well, but the dispensary would have had an

8 account.

9             What we're talking about is Dr. Lander paid

10 some money to buy a piece of property.  Presumably, the

11 seller would get that money and deposit it into the

12 seller's account, which would have been Glenroy

13 Coachella, LLC, the California entity.

14             But instead what you're saying is -- as part

15 of the broader description of what happened, that money

16 instead went to either you personally or to, you said,

17 ASR --

18     A      It's a reimbursement, correct.

19     Q      And tell us, what is ASR?  Is that an

20 abbreviation, or is that the full name of the entity?

21     A      It's the full name of the entity:  ASR

22 Development Company.

23     Q      And is that a California entity?

24     A      Yeah.

25     Q      Is it a corporation?

EXHIBIT 4, PAGE 214

```
1          A       Yeah.

2          Q       Was it ASR that was making these various

3   advances that you were talking about in terms of paying

4   off the land loan and paying for construction of the

5   dispensary building?

6          A       I personally paid off the land loan.  And I

7   believe ASR paid for the building itself, the

8   million-four.

9          Q       And what was the total of the various

10  advances for the land loan and the building?

11                 And I know you just told me, but I'm not

12  remembering the numbers offhand.

13         A       The land loan was -- the remaining portion,

14  I believe, was -- which I provided to you -- is I think

15  1,497,00 and some change.  And I believe the building

16  itself was a million-four.

17                 It totaled about 2.9.

18         Q       When you paid off the land loan and when ASR

19  paid for the construction of the building, were there

20  written documents between the debtor and yourself and

21  ASR reflecting the terms of these various different

22  advances?

23         A       The 1,497,000 was made directly from a line

24  of credit that I personally had.  And that line of

25  credit was with the bank that had the land loan at the
```

**THE SULLIVAN GROUP OF COURT REPORTERS**

EXHIBIT 4, PAGE 215

1    time.

2              So those documents were also submitted by us

3    in the bankruptcy filing.  And --

4         Q    My question's a little bit different.

5              My question is:  Prior to you paying off the

6    land loan to this other bank, did you and the debtor

7    enter into any kind of written agreement that says

8    you're paying off the land loan and the debtor promises

9    to repay you or the debtor promises to do this?  Were

10   there any written documents between you and the debtor

11   regarding your payment of the land loan?

12        A    I'll have to check again.

13        Q    Okay.  And we'll put a blank in the

14   transcript here.  And if there is, you can indicate

15   there was a written agreement and then provide a copy.

16             Do you recall the name of the bank that held

17   the land loan?

18        A    Preferred Bank.

19        Q    And then, same question:  Is there a written

20   agreement that you can recall between the debtor on the

21   one hand and ASR on the other hand regarding the terms

22   of any agreement about the construction of the building

23   and the cost of that?

24        A    I have to go back and look.

25             But the dollar amounts from ASR were paid

THE SULLIVAN GROUP OF COURT REPORTERS

38

EXHIBIT 4, PAGE 216

1    directly to contractors.

2            So it's been now four, five years.  So I --

3    I could try and find the invoices, but I doubt it.

4            But those payments --

5        Q    My question's slightly different.

6            Is there a written agreement between the

7    debtor and ASR with respect to what were the terms of

8    the agreement, if any, between the debtor and ASR

9    vis-a-vis ASR paying the contractors?

10       A    You'll have to put a placeholder in there

11   for us to look for it.

12       Q    Okay.  Thanks.

13           When the debtor was first formed, and you in

14   essence became the two-thirds owner and Gary Stiffelman

15   became the one-third owner, what capital contributions

16   were made by each of you into the debtor entity?

17       A    I don't believe Stiffelman made any

18   contributions, and I had the entire contribution.

19       Q    And what do you recall that being?

20       A    For that parcel, it was 1,497,000 to pay off

21   the land, plus the construction of the dispensary at the

22   time.

23           So it was about $3 million.

24       Q    And maybe I wasn't clear or maybe I didn't

25   understand your answer clear.

EXHIBIT 4, PAGE 217

1          When you first formed the debtor entity, did

2    you put up any immediate money -- like the day you

3    signed the LLC incorporating documents, you wrote a

4    check for $1 million to the debtor?  Was there any

5    initial capital contribution upon formation?

6         A    Yeah, there was money that was fluid going

7    out to build the building.

8         Q    Was that being paid directly by you or ASR,

9    or was that money you contributed into a debtor account?

10        A    It was money that I contributed into ASR.

11        Q    Okay.  So you never wrote a check to the

12   debtor to say, here's my initial capital contribution to

13   become the two-thirds owner of the debtor.  Correct?

14        A    One second....

15        Q    Sure.

16                   (Pause.)

17        A    So when I'm looking at the check register

18   which I produced, it has in here, by date, dollar amount

19   and where it came from.

20             And there's numerous checks.  It's not just

21   one.  It's an entire chronology, which I will be happy

22   to provide to you.  It shows the day by day.

23             So to answer your question, I have to

24   identify if it went directly into the Glenroy Coachella

25   account or it went directly into ASR to pay the -- to

EXHIBIT 4, PAGE 218

1    pay.

2              But it definitely came out of the Rubin

3    family funds.

4              MR. HAYS:  When you say a check register was

5         produced, we didn't receive a check register as

6         part of the production on the 2004.

7              So if you could just make sure that what

8         you're referring to gets produced to Mr. Smith and

9         we can attach it to this transcript, just so it's

10        clear what it is we're talking about.

11             THE WITNESS:  I will have it over to you.

12        Not a problem.

13             MR. HAYS:  Okay.

14   BY MR. HAYS:

15        Q     So as far as Stiffelman goes, you said he

16   did not make capital contributions to the debtor.

17             Did he ever make any capital contributions

18   to the debtor?  And if not, why did he end up with a

19   one-third ownership interest?

20        A     That was just our understanding of the

21   entire project -- that it was one-third, two-thirds.

22        Q     But he didn't have any actual money invested

23   into the debtor is what you're saying?

24        A     He had it in the hotel project.

25        Q     And what was in the hotel project?

EXHIBIT 4, PAGE 219

1          A     I don't know his exact amount offhand.

2          Q     But he did put -- here, his family through a

3     trust put money into the hotel project?

4          A     That's correct.

5          Q     And when I was talking about capital

6     contributions to the debtor right now, I was also

7     referring to the debtor generally not just the

8     dispensary parcel.

9                So is your answers to my questions from a

10    couple minutes ago, does that cover the hotel property

11    as well as the dispensary property?

12         A     Correct.

13         Q     Okay.  So to the extent that either you or

14    Gary Stiffelman made capital contributions directly to

15    the debtor, will that be in the check register that

16    you'll be producing?

17         A     Not of Gary Stiffelman's contribution, but

18    specifically towards the dispensary.  This capital isn't

19    counted inside the dispensary.

20               And the dollar amounts that I quoted you

21    that I put in, that is after subtraction of

22    reimbursement for the dispensary that was -- that I was

23    repaid from Dr. Lander.

24         Q     You were talking about ASR Development.

25               What business is ASR Development in, if any?

EXHIBIT 4, PAGE 220

1        A       It does consulting work, mainly in the

2    retail space today.

3        Q       You said in the retail space?

4        A       Yes.

5        Q       Any specific type of retail?

6        A       It would be box users of about 20- to 40,000

7    square feet in the soft goods space.

8        Q       Does it have employees, or is it basically

9    just you through ASR Development?

10       A       I'm a consultant for ASR.

11       Q       Does it have employees, or is it just you as

12   consultant for the entity?

13       A       The latter.

14       Q       Okay.  Are you also the owner of ASR

15   Development?

16       A       I'm the shareholder, correct.

17       Q       When did the debtor first acquire these six

18   parcels, five of which are referred to as the "hotel

19   project" and one of which is the "dispensary project" --

20   when did that first happen?

21       A       My involvement with the project has now

22   probably been since about 2004.

23       Q       But my question is a little bit more

24   specific, perhaps.

25               When did the debtor acquire the properties

EXHIBIT 4, PAGE 221

1   in its name?  Was this in 2017 when it was formed?

2        A      The dispensary parcel?

3        Q      No, no, no; I'm talking about the -- all six

4   parcels, the hotel and the dispensary -- all six

5   parcels.

6        A      2017.

7        Q      And when the debtor acquired title to these

8   six parcels in 2017, who did it acquire them from?

9        A      I believe it was from Colony Capital.

10       Q      And what is Colony Capital?

11       A      It was the fund owned by Tom Barrack that

12   purchased the note, I believe, from BlackRock.  And

13   BlackRock took it over from Bear Stearns, who had the

14   mortgage on it.

15       Q      Did you directly or indirectly have anything

16   to do with these six parcels prior to the debtor

17   acquiring title from Colony Capital in 2017?

18       A      I was an investor in the project -- or in

19   the parcel -- as well as Gary Stiffelman.

20       Q      And who was the entity in which you and Gary

21   Stiffelman had investments?

22       A      There was a group of us that made an

23   investment together as a loan, and then the property was

24   foreclosed upon.

25              And then we bought -- a small group of us

EXHIBIT 4, PAGE 222

1   bought it back from Colony Capital.

2        Q      Make sure I understood what you said

3   correctly.

4        A      How about if I give you some history on it?

5   It will probably save you some time.

6        Q      Perfect.  Thank you.

7        A      Okay.  The six parcels, which was the

8   35 acres, we were asked to provide a mortgage.

9             When I say "we," there was a group of

10  investors -- which included Richard Pachulski, his

11  brother Isaac, my brother, and a number of friends and

12  family -- that we put a mortgage -- we helped facilitate

13  a mortgage on the property.

14            So we went to Bear Stearns, and Bear Stearns

15  provided about $16 million of debt.  And the group of us

16  put up about 4- or 5 million dollars.  And the buyer of

17  that project put up a couple of million dollars.

18            Bear Stearns provided the mortgage.  And we

19  were paying -- we were being paid, meaning the

20  investment group, interest that was through an interest

21  reserve that was set up.

22            It ran into the great recession I think of

23  2008 or 2009.  The borrower was going to develop on the

24  parcel, went bankrupt, then he died.

25            Bear Stearns took over the project, took

```
 1    back the property.  And then when Bear Stearns
 2    unfortunately went under, BlackRock became the
 3    administrator of a number of their loans.
 4              BlackRock then sold the paper as a portfolio
 5    to Tom Barrack of Colony Capital.
 6              So what we ended up doing -- and meaning
 7    "we" -- there was -- out of maybe the 20 investors,
 8    there were four of us that stayed together or five of us
 9    that stayed together.  And we bought back the property
10    from Colony Capital.
11              At that time there were two other investors
12    in the property that were ultimately bought out.  And
13    that took place in about the end of 2017.
14              So at the end of the day, the ownership was
15    between Gary Stiffelman and myself.
16              And then later, we brought in Dr. Lander.
17              So that's where we are today.
18              I hope that clears up at least some of the
19    past history of where the property ended up today.
20         Q    Absolutely did.
21              When this group of individuals first put up
22    the 4- to 5 million, was that around 2004, did I
23    understand correctly?
24         A    I could be off a year or two, but that's the
25    general understanding.
```

EXHIBIT 4, PAGE 224

1        Q       Close enough.

2                And then you said the group of individuals

3    that put up 4- to 5 million, were they lenders to this

4    buyer that had a second deed of trust or something on

5    the property?  What capacity was that 4- to 5 million

6    dollars, you know, described as?

7        A       That we were the equity investor -- not the

8    equity investor, but we basically had the participation

9    of the mortgage, if you will, in a second position.

10       Q       So it was secured by a second lien against

11   the property?

12       A       I think so.

13               But the general construct was that Bear

14   Stearns had a 15- or 16 million-dollar mortgage.  There

15   was about $2 million of equity put up by the promoter of

16   this deal.

17               And the balance of the equity was put up by

18   myself, Pachulski, Stiffelman, and a number of other

19   people that filled in the gap.  And we were given a rate

20   of interest of, I think, you know, 10 or 12 percent.

21       Q       Was this group of individuals -- were they

22   individually named as the lien holders and the lenders,

23   or was this through some entity in which these 20

24   individuals all held ownership, do you recall?

25       A       I believe -- I think we had an operating

EXHIBIT 4, PAGE 225

1    agreement that it did list inside the operating

2    agreement who the investors were.

3        Q     But the lender, if you will, that appeared

4    on a second deed of trust would have been --

5        A     Hold on.  Ed, as I told you, I don't recall

6    if it was a second deed or how it was recorded.

7              But we did have an operating agreement which

8    stated who put up what.

9        Q     And I recall that you did say that you

10   weren't sure if it was a second deed of trust.

11             All I'm trying to get to is, whatever

12   capacity these group of 20 individuals was dealing with

13   this entity that was the owner of the property, was it

14   through an entity name or was it through all 20 names as

15   individuals?

16       A     It was through an entity name.

17       Q     Okay.  And do you recall the entity name in

18   this operating agreement that you're describing?

19       A     I don't recall.

20       Q     You said "no"?

21       A     "I don't recall."

22       Q     Okay.  So then you and Gary Stiffelman

23   become the owners of the property in 2017.  Correct?

24       A     I believe so, correct.

25       Q     Okay.  And when that occurred, was the

EXHIBIT 4, PAGE 226

1    property put into the debtor, Glenroy Coachella, at that

2    time?

3              Or do you think you guys individually went

4    on title and then later transferred title to the debtor?

5        A    You know, I don't recall.

6              But I think the entity was set up by our

7    attorney specifically for the hotel transaction.

8        Q    And which attorney are you referring to?

9        A    David Sudeck.

10       Q    Can you spell the last name?

11       A    S-u-d-e-k [sic].

12       Q    And was he in a firm or on his own?

13       A    Jeffer Mangels -- JMBM.

14       Q    Would you consider you and Mr. Stiffelman

15   putting the ownership of the property into the debtor to

16   be part of your capital contributions to the debtor?

17       A    I believe what was originally put in by us,

18   respectively --

19              (Court reporter request for clarity.)

20              MR. HAYS:  Yeah.

21              THE WITNESS:  I'm sorry.

22   BY MR. HAYS:

23       Q    Please repeat your answer, because you

24   faded --

25       A    I would personally take the position that

THE SULLIVAN GROUP OF COURT REPORTERS

1    whatever we originally seeded the project with should be

2    counted towards our capital contribution for the

3    project.

4        Q     And because you were two-thirds and

5    Stiffelman was one-third, was that reflective of how

6    much money you guys had into this other deal and

7    purchase of the property?

8        A     No --

9              (Simultaneous speaking.)

10       A     -- no.

11             (Court reporter request for clarity.)

12       Q     Was that reflective of how much each of you

13   had into the property?

14       A     Our contribution amounts for when we were

15   lenders, if you will, was significantly different than

16   two-thirds/one-third.

17       Q     So if you can briefly describe, how was it

18   that two-thirds/one-third came about if that wasn't

19   reflective of the existing money you had in this other

20   set of transactions?

21       A     Sure.  On the dollar amounts that were going

22   in to buy back the note from Colony Capital, plus the --

23   some construction advances that we made, Gary said,

24   "Look, I would like to own 25 percent."

25             And then when one of the partners was bought

1  out, he said, "I would -- I believe in this project so

2  much, I would like to own more.  I would like to own a

3  total of one-third of the project in totality."

4         That's how it came about.

5     Q    But that number was part of an agreement and

6  not the result of your respective total dollars.

7  Correct?

8     A    Correct.

9     Q    Okay.  At some point in time, did the debtor

10 transfer a portion of ownership of the hotel five

11 parcels to various different tenants in common?

12    A    I believe they did, and I don't know the

13 exact dates.

14    Q    And my question was going to be more, why

15 did that occur?

16    A    Because I personally had, going back then,

17 an exchange entity that I was selling some property, and

18 that I was going to take the proceeds and invest inside

19 the hotel, I believe -- which I did do, which created a

20 tenant in common.

21    Q    So basically, you did the same thing that

22 Dr. Lander did at some point.  And that's why the tenant

23 in common interests were created?

24    A    Volitionally, I did that, yes.

25    Q    Volitionally or otherwise, but that was the

EXHIBIT 4, PAGE 229

```
 1    motivating factor.  Right?
 2         A    Unfortunately, tax-driven invest.
 3         Q    Yes.
 4              (Court reporter request for clarity.)
 5              THE WITNESS:  I'm sorry.  Forgive me.  "Tax
 6         driven."
 7              (Court reporter request for clarity.)
 8              THE WITNESS:  "Initially."
 9              (Court reporter request for clarity.)
10              THE WITNESS:  "Initially."
11    BY MR. HAYS:
12         Q    Mr. Rubin, did you have anything to do with
13    the structure of the dispensary parcel going at first to
14    Force-DMP, and then from Force-DMP to DMP, and then
15    eventually to Quonset -- were you involved at all in
16    that structure?
17         A    That was left to the tax lawyer and also the
18    intermediary.  And the -- what's the right word that I'm
19    looking for?  It would...accommodator.
20              (Court reporter request for clarity.)
21              THE WITNESS:  It was under the advice of tax
22         counsel that --
23              MR. HAYS:  The word he used was
24         "accommodator," to answer your question.
25    BY MR. HAYS:
```

THE SULLIVAN GROUP OF COURT REPORTERS

EXHIBIT 4, PAGE 230

1       Q       When you say "the tax lawyer," Mr. Rubin,

2    are you referring to the tax lawyer that was advising

3    Dr. Lander?

4       A       Correct.

5       Q       And I think I asked this already, but let me

6    just ask it again to confirm:  Are you able to confirm

7    which person or persons or entities received the 2.725-?

8       A       I said that I would get back to you which --

9    who received the funds.  I said I would get back to you.

10      Q       Yeah -- yeah, okay.  I thought so.  I just

11   wanted to make sure, because I couldn't remember

12   100 percent.

13              And you're also going to get back to us on

14   what documents, if any, exist with respect to the

15   additional 800-and-some-thousand-dollar loan that

16   Dr. Lander made to you personally.  Right?

17      A       Yes.

18      Q       Okay.  Where was the debtor -- well, strike

19   that.

20              Money was getting spent to develop the hotel

21   property after the debtor acquired title and prior to

22   the bankruptcy in March of 2020.  Correct?

23      A       I'm sorry.  Can you repeat the date?

24      Q       Yes.  Between the time the debtor acquired

25   title in 2017 and the time of the bankruptcy in March of

EXHIBIT 4, PAGE 231

1    2020, the hotel property was getting developed.

2    Correct?

3        A    Correct.

4        Q    And money was being spent, and debt was

5    being incurred.  Correct?

6        A    Correct.

7        Q    With respect to the money that was being

8    spent, whether that was payment to a contractor or an

9    attorney or whatever, was that money money that was put

10   into a debtor account and then the debtor was writing

11   checks, or was that more like what you were describing

12   in terms of ASR paying for the construction of the

13   dispensary building?

14       A    It was a combination of both.

15            And can you repeat what you're looking as an

16   answer for -- to?

17       Q    What I'm trying to get to is establishing

18   that the debtor was writing some of these checks out of

19   accounts in the debtor name.  Correct?

20       A    Well, the hotel had its account.  And the

21   dispensary, when it was paid for, did not have a

22   dispensary account.

23       Q    I understand.  I'm now referring just to the

24   hotel property and parcel.

25       A    Yeah, the hotel development had its own

EXHIBIT 4, PAGE 232

1     account.

2         Q      And my question is:  Now that we've

3     established that the debtor was writing some checks for

4     some of these expenses, was -- where did the debtor get

5     the money that it was using to write these checks?

6         A      It was either from a lender and/or

7     alternatively from myself -- my family -- and Gary

8     Stiffelman's family.

9         Q      And when you say "the lender," are you

10    referring to the big Calmwater loan?

11        A      No.

12        Q      What are you referring to?

13        A      Are you talking about before Calmwater

14    funded?

15        Q      I'm talking about from the time the debtor

16    acquired title up until the bankruptcy, what was the

17    source of money that the debtor had in its account which

18    it was using to pay for various different expenses?

19               And you said that would be from the lender.

20    And I'm asking, which lender?

21        A      Well, Calmwater would fund through Integrity

22    Joint Control.  And prior to Calmwater coming in, it was

23    done by -- funding was done by myself and Gary

24    Stiffelman.

25        Q      And so when you said it was either you or

THE SULLIVAN GROUP OF COURT REPORTERS

1    Gary individually or the lender that had put money into

2    the debtor account or had been the source of the money

3    in the debtor account, I'm asking if that lender that

4    you referenced in giving your answer was Calmwater or

5    whether it was some other lender.

6         A    It was Calmwater.

7         Q    Okay.  And the Calmwater money went through

8    the -- I forget the word you used for the dispersing

9    account?

10        A    It went through Integrity Joint Control.

11        Q    "Control," that was the word.

12             And so, no Calmwater money went into a bank

13   account in the debtor's name that it had general access

14   to.  Correct?

15        A    That's correct.

16        Q    Okay.  So all of the money in the actual

17   bank accounts that were in the debtor's name came from

18   you and Mr. Stiffelman?

19        A    Correct.

20        Q    And where did the debtor do its banking over

21   this same period of time?

22        A    I believe it was Bank of California and, I

23   believe, Preferred Bank.

24        Q    And do you recall how many different bank

25   accounts existed between those two banks?

EXHIBIT 4, PAGE 234

```
 1          A     One.

 2          Q     One at each bank.  Is that what you said?

 3          A     Correct.

 4          Q     What is "Sunset Plaza"?  Is that an entity

 5    you're familiar with?

 6          A     Yes.

 7          Q     And tell us what that is.

 8          A     House.

 9          Q     I didn't hear you.

10          A     It's a home.

11          Q     It's a home?

12          A     A house.

13          Q     A house.

14          A     A dwelling.

15          Q     Well, but it's an entity name.  Right?

16          A     Correct.

17          Q     And who is the owner of that entity?

18          A     Forgive me, but what does that have to do

19    with the dispensary?

20          Q     It has to do with a line item on a bank

21    statement that we have of the debtor bank account that

22    reflects, I think, a deposit came from Sunset Plaza.

23                So I'm just toying to figure out:  What was

24    that entity?

25                And then I would be asking you:  Why would
```

EXHIBIT 4, PAGE 235

1  that entity be depositing money into the debtor's bank

2  account?

3       A    It's a...it's something that my family,

4  through a trust or whatever, controlled 100 percent of.

5  And perhaps it made an advance to the hotel.

6            But at this point, I'm not --

7            And how much is the amount, and when was it

8  done?

9       Q    I'd have to go back and look at it.

10            It might have been about a million and a

11  half dollars, and it may have been in 2018.  But I'm

12  going from memory.

13       A    Oh -- I can tell you what that is, to clear

14  it up.

15       Q    Okay.  Please do.

16       A    Sure.  I personally had a line of credit

17  with East West Bank for about 2.7- or 2.8 million

18  dollars.  Okay?

19            And in order to fund it, the bank needed a

20  bank account to put the money into.

21            And the only account that I had at East West

22  Bank was Sunset Plaza, which I controlled 100 percent.

23            So the deposit was made into the Sunset

24  Plaza account, and then....

25            One second, I'll tell you the date.

EXHIBIT 4, PAGE 236

```
 1              It went from East West Bank to Coachella on
 2    February 1, 2018.  And it was 2,750,000.
 3              So that was the nature of Sunset Plaza as a
 4    bank account for funds to be deposited into so they
 5    could be disbursed.  And that went into the Glenroy
 6    Coachella account on my behalf.
 7         Q    Did you say February 2017 or '18?  I don't
 8    recall.
 9         A    February 1, 2018.
10         Q    Okay.  And so, make sure I understand your
11    testimony, you had a line of credit in East West Bank.
12              East West Bank, in order to draw down on
13    that line of credit, required there to be a bank account
14    at East West Bank for that money to be deposited into.
15              The only account you had any connection with
16    at East West Bank was in the name of Sunset Plaza.
17              So the line of credit money went into the
18    Sunset Plaza account, and then from the Sunset Plaza
19    account it went into the debtor account.
20         A    Correct.
21         Q    And the purpose of the money -- of you
22    putting the money into the debtor's account was what?
23         A    To take care of the construction until
24    Calmwater funded.
25         Q    And when you're referring to "construction,"
```

THE SULLIVAN GROUP OF COURT REPORTERS

59

EXHIBIT 4, PAGE 237

1    you're referring to the hotel parcels.  Right?

2        A    Correct.

3        Q    And then was that 2.- -- I'm sorry.  You

4    just told me the amount, and I'm not remembering it.

5             How much actually went into the account in

6    the debtor's name?

7        A    2,750,000.

8        Q    And that money was used by the debtor for

9    construction of the hotel parcels.  And none of it was

10   later taken out for any reason, other than for the

11   construction of the hotel parcels?

12       A    Correct.

13       Q    I believe that Dr. Lander testified that the

14   rent that gets split up pursuant to what was entitled a

15   "master side agreement" hadn't been paid to him in a

16   number of months, and he wasn't really clear on why that

17   was happening that the rents hadn't been getting

18   distributed out according to everybody's individual

19   ownership.

20            Can you please explain why that is?

21       A    Certainly.

22            There's a combination of factors there.

23            As soon as the dispensary opened up, we --

24   meaning we, the City of Coachella, was sued by the

25   neighboring city of Indio, saying that the City of

1   Coachella didn't take the proper steps in terms of

2   granting the CUP and zoning variance for the issuance of

3   the permit to build a dispensary.

4           According to the dispensary's --

5   Lighthouse's agreement with the city, was that the

6   Lighthouse would have to indemnify the City of Coachella

7   for any lawsuits.  So it created a significant financial

8   burden.

9           In addition to that, when the hotel was not

10  completed on time, there was a violation that the

11  requirements of the development agreement for the

12  dispensary to remain open.

13          So with the dispensary negotiated -- and

14  this, of course, is all with the input of Gary

15  Stiffelman, so full knowledge about that -- as well as

16  Dr. Lander -- is that the city said, We will allow the

17  dispensary to remain open as long as you pay us an

18  in-lieu fee.

19          And what the "in-lieu fee" means, Ed, is

20  that the city went back and said, If the hotel had been

21  open, we would be collecting "X" amount of dollars in

22  transitory occupancy tax had you completed the hotel.

23  If you want to stay open, you're going to have to make

24  these payments to the city.

25          At that point there was a perilous decision

EXHIBIT 4, PAGE 239

```
 1    that had to have been made -- do we basically shut down,

 2    or does the dispensary remain open and make its

 3    payments?

 4              At that point Dr. Lander, myself, and Gary

 5    Stiffelman basically agreed, saying that we would

 6    suspend all rents.

 7              Because the profitability of whatever would

 8    be in the dispensary is now gone and is being used to

 9    pay the TOT tax or the in-lieu fees.  So we all signed

10    off on a letter, jointly, saying that the rent would

11    indefinitely be suspended.  And that's what came to be.

12              So, no one has collected any rent.

13         Q    Is the Lighthouse paying rent -- is it

14    current on its rent?

15         A    It's not paying any rent.  It was suspended

16    indefinitely.

17         Q    And when did that occur?

18         A    I think about 18 months ago.

19              MR. HAYS:  Okay.

20              I think -- let's take a break.  We've gone

21         for about an hour and a half.  I think I'm mostly

22         done with my questions.

23              But let's come back in 15 minutes at 55

24         after the hour.  And I may have a question or two,

25         or I may not.
```

EXHIBIT 4, PAGE 240

```
 1              But if that's okay with everybody else,
 2         let's take a short break.
 3              (Whereupon, a recess was taken from
 4         4:40 p.m. until 4:57 p.m.)
 5    BY MR. HAYS:
 6         Q    Mr. Rubin, I think we established that the
 7    debtor acquired title from Colony Capital.  Correct?
 8         A    Correct.
 9         Q    But you also made reference to a "Glenroy
10    Coachella, LLC, a Delaware entity," which is not the
11    debtor.  Correct?
12         A    Correct.
13         Q    When was the Delaware entity formed?
14         A    I believe that -- I could be wrong, but
15    I'm -- I believe it was formed by our attorney, David
16    Sudeck, in order to close the Calmwater loan in April of
17    2018.
18         Q    Did the Delaware entity ever go on title to
19    the property?  Was there a grant deed from the debtor to
20    Delaware?
21         A    When you're saying "ever go on the
22    property," which property?
23         Q    Well, let's talk specifically about the
24    dispensary parcel right now.
25              Was the Delaware entity ever in the chain of
```

1    title?  Was there a grant deed that went from the debtor

2    of the California entity to the Delaware entity?

3        A    I believe it did.

4            In the document that I'm looking at -- and

5    I'd be happy to send it to you -- is the partial

6    reconveyance, that I think it went from the Delaware

7    entity to the Glenroy Coachella entity.

8        Q    And I'm not sure I understood what you just

9    said, "the partial reconveyance."

10       A    When it was held as six parcels, Parcel

11   No. 3 was reconveyed out.  And I think it was reconveyed

12   out from the Delaware entity to the California entity.

13           And then, also -- and I'll be happy to send

14   it to you -- I have the grant deed here that says

15   Glenroy Coachella, LLC, a Delaware limited liability

16   company, required title as Glenroy Coachella, LLC.

17           So I'm happy to send you both -- I'll send

18   you these documents so you can review it.

19       Q    Well, the reason I'm asking is:  I'm looking

20   at the grant deed that you're referencing by which title

21   went to Force-DMP.  And it says, Delaware, who acquired

22   title as California, hereby grants to Force-DMP....

23           But I was just wondering if Delaware ever

24   officially appeared on title, for instance, by a grant

25   deed from the debtor to Delaware before this grant deed

EXHIBIT 4, PAGE 242

1    from Delaware to Force-DMP.

2         A    I couldn't answer you with certainty.

3         Q    Okay.  And I'm unaware of such a document.

4              But perhaps it exists.  And so, we'll check

5    our records, respectively, and figure that out.

6         A    Okay.

7         Q    And when you're saying "partial

8    reconveyance," you're saying the lender at the time that

9    had a lien on all six parcels released its lien on the

10   dispensary parcel so that the debtor could then transfer

11   ownership of the dispensary parcel.

12             Is that accurate?

13        A    I don't know if there was a lender at the

14   time, because Calmwater didn't fund until April of --

15             (Court reporter request for clarity.)

16             THE WITNESS:  Calmwater did not fund until

17        April of 2018.

18        A    So I think the property -- the six parcels

19   may have been free and clear at that time when it was

20   reconveyed.

21        Q    So one of the documents that was produced

22   was a construction deed of trust where Glenroy

23   Coachella, LLC, a Delaware company, as trustor, and Bank

24   Hapoalim -- I hope I got that pronunciation right --

25   it's spelled H-a-p-o-a-l-i-m, as in "Mary" -- was the

EXHIBIT 4, PAGE 243

1    lender and the deed of trust references a legal

2    description of Parcels 1 through 6.

3           So this deed of trust that was recorded in

4    November of 2017 apparently provided all six parcels as

5    collateral to this particular bank loan.

6           Does that refresh your memory about whether

7    the debtor owned the property free and clear or not at

8    the time of the Calmwater loan?

9      A    I believe at the time of the Calmwater loan

10   we may have been paid off or Calmwater may have, in

11   their funding -- I have to go back and check -- may have

12   paid off some amount of money to Bank Hapoalim.

13          But they advanced us money to complete or

14   continue on with the infrastructure, and also to build

15   one of the model prefabricated home -- prefabricated

16   units.

17     Q    Just for purposes of the record, the deed of

18   trust I'm referencing refers to a $6 million loan?

19     A    That was their original loan, correct.

20     Q    And I believe I saw a reconveyance by Bank

21   Hapoalim of only two parcels -- Parcel 3, which is the

22   dispensary parcel, and Parcel 5.

23          Does that sound familiar to you?

24     A    Not Parcel 5, but -- I have to go back and

25   check -- but I don't believe parcel 5 was in there

THE SULLIVAN GROUP OF COURT REPORTERS

EXHIBIT 4, PAGE 244

1    either.

2              (Court reporter request for clarity.)

3              THE WITNESS:  Was in there -- I can't

4      recall.

5         Q    Do you recall if there was a reconveyance by

6   Bank Hapoalim of the dispensary parcel to facilitate its

7   transfer out of the debtor before it was paid in full on

8   account of this loan that was still going to be secured

9   by the other parcels?

10        A    I don't recall.

11        Q    Okay.  The deed of trust also references

12   that the....

13              Where did it go?

14                   (Pause.)

15        Q    Here it is.

16              ...that the trustor of the Bank Hapoalim

17   deed of trust was the Delaware entity.

18              Is it your recollection that it was the

19   Delaware entity that borrowed the money from Bank

20   Hapoalim?

21        A    You know, I don't know who the borrowing

22   entity was.

23        Q    To the best of your knowledge, did the

24   Delaware entity ever appear on title to the five hotel

25   parcels?

**THE SULLIVAN GROUP OF COURT REPORTERS**

1          A     I believe it did.

2          Q     So what do you believe the chain of title to

3    be from the moment Colony Capital got off title for

4    the -- for all of the parcels?

5          A     I don't recall the entity when Preferred

6    Bank had title on it, because that was primarily owned

7    by Stiffelman, myself, and two other people.

8                And then when Bank Hapoalim came in -- I

9    think it was 2016 or '17 -- the other two partners were

10   taken out.  And I don't recall the name of the entity

11   that was there during Bank Hapoalim's term.

12         Q     You testified earlier to monies that you and

13   ASR put up regarding the dispensary parcel.

14               Were those advances ever reflected on the

15   debtor's books?

16         A     That I don't know.  I don't recall.

17         Q     Do you recall any reason why you and ASR put

18   up the money as opposed to the debtor going out and

19   borrowing the money?

20         A     You couldn't borrow money on a dispensary.

21         Q     Do you recall --

22         A     We tried to ask Calmwater for it, but they

23   wouldn't lend it to us.

24         Q     Do you recall if there was interest that was

25   paid when these obligations were satisfied?

EXHIBIT 4, PAGE 246

```
1          A      Which obligations?

2          Q      You and ASR put up money.  You get the money

3   from the Dr. Lander 1031.  Was that principal only or

4   principal plus interest?

5          A      Well, Dr. Lander -- Dr. Lander was an

6   investment -- was used to repay me.  So I don't see why

7   there was interest there from Dr. Lander.

8          Q      My question is:  When you and ASR got

9   repaid --

10         A      Right.

11         Q      -- did it include interest, or was it merely

12  return of principal?

13         A      It was a return of principal.

14         Q      Was the debtor liable for interest to you,

15  or was it an interest-free advance?

16         A      I had it as an interest-free advance.

17         Q      You also said that ASR was retail

18  consulting.  And pardon my admitted ignorance, but what

19  is "retail consulting"?

20                And I think you tried to explain it to me,

21  and I just didn't follow.  And so, it's merely curiosity

22  more than anything else.

23         A      It would assist in negotiating leases on

24  behalf of landlords for the tenant, which is pretty

25  considerable.
```

**THE SULLIVAN GROUP OF COURT REPORTERS**

EXHIBIT 4, PAGE 247

1          These leases are generally 70 to 80 pages

2    and would assist in the development agreements,

3    entitlements.

4          It would basically help landlords and

5    tenants lease out their shopping centers or dispose of

6    properties or do workouts between various tenants and

7    landlords.

8          Q    Did you say that ASR also represented the

9    tenants, or only the landlords?

10         A    "Landlords."

11         Q    I didn't hear.

12         A    "Landlord."

13         Q    Okay.  Was ASR in the retail consulting

14   business at the time these advances were made back in

15   2018?

16         A    It was always acting as a retail consultant.

17         MR. HAYS:  Okay.

18         All right.  Well, I don't have any further

19         questions as of today.

20         And I know that Mr. Rubin is going to look

21         up some information and see if he can find some

22         documents and send us some documents and fill in

23         the blanks or whatever.

24         So I'd like to reserve the ability to ask

25         follow-up questions, if needed, if the documents

THE SULLIVAN GROUP OF COURT REPORTERS

1      don't answer them completely.

2            So I won't be concluding it, but I will

3      definitely work with Mr. Rubin and his counsel to

4      make any follow-up questions as easy as possible.

5      And maybe we don't have to go through all the

6      formalities of another examination with a

7      transcript or whatever.

8            But I know that there's a couple other

9      people who are observing today, and I don't know

10      if they have questions or not.

11            Ms. Houston, do you have any questions of

12      Mr. Rubin?

13            MS. HOUSTON:  No questions.

14            THE WITNESS:  Oh, Ed, by the way, aren't you

15      going to ask about the Inception loan?

16  BY MR. HAYS:

17      Q      Tell me about the Inception loan, because I

18  did have questions of Dr. Lander, and he couldn't

19  remember.  So go ahead and tell us about that, because I

20  would have forgotten.

21      A      Okay.  The Inception loan was put on the

22  property in December of 2018.  The loan amount was about

23  a million-four on the property.

24            And at the funding of the loan, at least

25  from my family's share, there was about $660,000 of my

EXHIBIT 4, PAGE 249

1  family's proceeds that were contributed to the hotel

2  project to pay for property taxes.

3        In addition to that, from those funds there

4  was approximately another 280- -- well, let me be

5  specific.

6                    (Pause.)

7        A     There was 280,000 also wired to Integrity

8  Joint Control on December 24th.

9        So to be specific, I put in $915,000 of

10  additional proceeds, late December, on the hotel

11  project.

12        Each of the partners, including Dr. Lander,

13  got their pro rata share.

14        But if you're looking to trace proceeds

15  also, out of the dispensary refinance I put in another

16  $900,000 into the hotel.

17        Q     And so to just fill in the blank a little

18  bit so the record is clear:  After title to the

19  dispensary parcel is put into Quonset, Quonset borrows

20  money from Inception, pledges the dispensary parcel as

21  collateral for the $1.4 million loan in December of

22  2018.  Correct?

23        A     Correct.

24        Q     And that $1.4 million in loan proceeds was

25  distributed equally to the three individual owners:

EXHIBIT 4, PAGE 250

```
 1    Rubin, Stiffelman, and Lander.  Correct?
 2         A    Their respective entities.  And --
 3         Q    Yeah, yeah -- yeah.  And then your share of
 4    that was approximately 900,000, which you turned around
 5    and basically put back into the property -- the hotel
 6    property.
 7         A    You should put a comma before then --
 8    "foolishly" put into the hotel project.
 9         Q    I'll leave the description -- the
10    characterization to you.
11              Okay.  And then Inception, was that a third
12    party lender or does anybody have any ties or
13    connections to Inception?
14         A    It's a third-party lender.
15         Q    And did Gary Stiffelman put any of his money
16    back into any of the properties?
17         A    He paid, I believe, some of the property
18    taxes also.
19              I don't recall how much he put in.  But each
20    partner was given their pro rata share, including
21    Dr. Lander.
22              And as I said, foolishly, I should have
23    stopped.  But I continued to fund.  And I put in another
24    $900,000.
25         Q    Is it fair to say that all of the money you
```

EXHIBIT 4, PAGE 251

1    got from this $1.4 million loan you turned around and

2    put back into the project?

3        A    I did indeed.

4        Q    Okay.  And then Stiffelman put some but not

5    all of his money back into the project?

6        A    Yeah, I don't -- he ended up with a

7    distribution.  I do know that.

8             I was not --

9        Q    That he retained?

10       A    Yes.

11       Q    Okay.  All right.  I'm glad you reminded me,

12   because Dr. Lander didn't know the answers.

13       A    As I said, if you have any questions, please

14   call Evan Smith.  Be happy to answer them for you.

15            MR. HAYS:  Okay.

16            Then, Mr. Pagter, did you have any questions

17       for Mr. Rubin today.

18            MR. PAGTER:  I do not.  Thank you.

19            MR. HAYS:  Okay.  So we are done for today,

20       but not concluded.  And we may or may not resume

21       later.

22            I'll work with Mr. Smith on getting any

23       other questions answered informally.

24            And thank you very much.

25            So as far as handling of the transcript,

EXHIBIT 4, PAGE 252

```
 1   Ms. Ashe, did you want to do this by code?

 2           (Discussion off the record.)

 3        MR. HAYS:  Oh, one last thing, Mr. Rubin.

 4           You're going to get an opportunity to review

 5   the transcript and make any changes that are

 6   necessary from your point of view to make sure

 7   that the transcript reflects what -- your

 8   testimony.

 9        Is 14 days enough time for you to review

10   that and return any changes that you believe are

11   necessary?

12        THE WITNESS:  Should be adequate.

13        MR. HAYS:  Okay.  Very good.

14        Then we are done for today.

15        Thank you, everybody.

16        MR. PAGTER:  Thanks.

17        MS. HOUSTON:  Thank you.

18        (Whereupon the deposition concluded at

19   5:17 p.m. Pacific Daylight Time)

20

21

22

23

24

25
```

EXHIBIT 4, PAGE 253

1                    DEPONENT'S SIGNATURE

2

3           Please be advised I have read the foregoing

4  deposition, pages 1 through 75, inclusive.  I hereby

5  state there are:

6           (Check one)

7       _____ No corrections

8

          _____ Corrections per attached

9

10

11

12      _____

13                ABRAHAM STUART RUBIN

14

15     ( X ) Reading and signing was requested.

16     (   ) Reading and signing was waived.

17     (   ) Reading and signing was not requested.

18

19

20        Should the signature of the witness not be

21  affixed to the deposition, the witness shall not have

22  availed himself of the opportunity to sign or the

23  signature has been waived.

24

25               --oOo--

```
1                          ERRATA SHEET

2          NAME OF CASE:  In re:  Glenroy Coachella, LLC

3          DATE OF DEPOSITION:  July 21, 2022

4          NAME OF WITNESS:  ABRAHAM STUART RUBIN

5          Reason Codes:

6                    1:  To clarify the record.

7                    2:  To conform to the facts.

8                    3:  To correct transcription error.

9    Page _____  Line _____  Reason _____

10   From _____ to _____

11   Page _____  Line _____  Reason _____

12   From _____ to _____

13   Page _____  Line _____  Reason _____

14   From _____ to _____

15   Page _____  Line _____  Reason _____

16   From _____ to _____

17   Page _____  Line _____  Reason _____

18   From _____ to _____

19   Page _____  Line _____  Reason _____

20   From _____ to _____

21   Page _____  Line _____  Reason _____

22   From _____ to _____

23
     _____  _____
24
     ABRAHAM STUART RUBIN                 DATE
25
```

THE SULLIVAN GROUP OF COURT REPORTERS

77

EXHIBIT 4, PAGE 255

1         **DECLARATION UNDER PENALTY OF PERJURY**

2            I am the witness in the foregoing deposition.

3            I have read the foregoing deposition or have

4  had read to me the foregoing deposition, and having made

5  such changes and corrections as I desired, I certify

6  that the same is true in my own knowledge.

7            I hereby declare under penalty of perjury that

8  the foregoing is true and correct.

9            In witness whereof, I hereby subscribe my name

10  this _____ day of _____, 2022.

11

12          _____

13                ABRAHAM STUART RUBIN

14

15

16

17

18

19

20

21

22

23

24

25

EXHIBIT 4, PAGE 256

```
 1                        CERTIFICATE

 2              I, SUSAN ASHE, a Registered Merit Reporter

 3    and Notary Public, hereby certify that the foregoing is

 4    a true and accurate transcript of the deposition of said

 5    witness, who was first duly sworn by me on the date and

 6    place hereinbefore set forth.

 7              I FURTHER CERTIFY that I am neither attorney

 8    nor counsel, nor related to or employed by any of the

 9    parties to the action in which this deposition was

10    taken, and further that I am not a relative or employee

11    of any attorney or counsel employed in this action, nor

12    am I financially interested in this case.

13              I FURTHER CERTIFY that I was situated in

14    Charlottesville, Virginia while performing eNotary

15    services remotely.

16              Dated this 25th day of July 2022.

17              _____

18              Susan Ashe, Notary Public

19              for the Commonwealth of Virginia

20

21    My commission expires:  January 31, 2024.

22    Notary Registration Number:  100809.

23

24

25
```

**THE SULLIVAN GROUP OF COURT REPORTERS**

79

EXHIBIT 4, PAGE 257

**EXHIBIT 5**

**Subject:**          FW: Glenroy: Order to Show Cause re Contempt re Rule 2004 orders

**From:** Evan Smith <elsmith@messinahankinlaw.com>
**Date:** Wednesday, August 31, 2022 at 11:53 AM
**To:** Ed Hays <EHays@MarshackHays.com>
**Cc:** Chad Haes <chaes@marshackhays.com>
**Subject:** RE: Glenroy: 2004 Documents

Ed:

I'm just really busy.  Do have things I will get for you.

Evan



EVAN L. SMITH
OF COUNSEL

MESSINA & HANKIN LLP
LAWYERS

*Temecula Valley Office*
*24910 Las Brisas Road, Suite 102, Murrieta, California 92562*
*Newport Beach Office*
*1400 Quail Street, Suite 200, Newport Beach, California 92660*
*Telephone:* (951) 894-7332; *Writer's Direct Extension:* 119
*Writer's Mailing Address:* Temecula Valley; *Direct Dial:* (951) 894-7332
*Writer's E-mail:* ELSmith@MessinaHankinLaw.com
*Website:* www.MessinaHankinLaw.com

CONFIDENTIALITY NOTICE: This e-mail and any attached files from Messina & Hankin LLP may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this e-mail by accident, please notify the sender immediately and destroy this e-mail and all copies of it. We may scan and or monitor emails sent to and from our servers to ensure regulatory compliance to protect our clients and business.

**From:** Ed Hays <EHays@MarshackHays.com>
**Sent:** Wednesday, August 31, 2022 11:46 AM
**To:** Evan Smith <elsmith@messinahankinlaw.com>
**Cc:** Chad Haes <chaes@marshackhays.com>
**Subject:** Re: Glenroy: 2004 Documents

Evan?

Ed

**From:** Ed Hays <EHays@MarshackHays.com>
**Date:** Tuesday, August 30, 2022 at 11:25 AM

EXHIBIT 5, PAGE 258

**To:** Evan Smith <elsmith@messinahankinlaw.com>
**Cc:** Chad Haes <chaes@marshackhays.com>
**Subject:** Re: Glenroy: 2004 Documents

Evan:

I'm following up. Two weeks ago, you said you had some materials you needed to review before sending them to me. As of today, I haven't received anything.

Also, attached are two letters from the court reporter indicating that the deponents haven't made any changes.

Ed

---

**From:** Evan Smith <elsmith@messinahankinlaw.com>
**Date:** Tuesday, August 16, 2022 at 4:17 PM
**To:** Ed Hays <EHays@MarshackHays.com>
**Cc:** Chad Haes <chaes@marshackhays.com>
**Subject:** RE: Glenroy: 2004 Documents

Ed:

I have some materials I need to review and process before sending them to you.  I'm currently doing some time sensitive briefing.  Will get to it soon.

Evan



EVAN L. SMITH
*OF COUNSEL*

*Temecula Valley Office*
*24910 Las Brisas Road, Suite 102, Murrieta, California 92562*
*Newport Beach Office*
*1400 Quail Street, Suite 200, Newport Beach, California 92660*
*Telephone:* (951) 894-7332; *Writer's Direct Extension:* 119
*Writer's Mailing Address:* Temecula Valley; *Direct Dial:* (951) 894-7332
*Writer's E-mail:* ELSmith@MessinaHankinLaw.com
*Website:* www.MessinaHankinLaw.com

CONFIDENTIALITY NOTICE: This e-mail and any attached files from Messina & Hankin LLP may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this e-mail by accident, please notify the sender immediately and destroy this e-mail and all copies of it. We may scan and or monitor emails sent to and from our servers to ensure regulatory compliance to protect our clients and business.

---

**From:** Ed Hays <EHays@MarshackHays.com>
**Sent:** Tuesday, August 16, 2022 4:15 PM
**To:** Evan Smith <elsmith@messinahankinlaw.com>
**Cc:** Chad Haes <chaes@marshackhays.com>
**Subject:** Re: Glenroy: 2004 Documents

EXHIBIT 5, PAGE 259

Evan:

What's your timing? Thanks.

Ed Hays
Marshack Hays LLP
www.marshackhays.com
949-333-7777


On Aug 11, 2022, at 6:29 PM, Evan Smith <elsmith@messinahankinlaw.com> wrote:


Ed:

I'll have something for you early next week (I'm away from the office tomorrow).

Evan




EVAN L. SMITH
OF COUNSEL

Temecula Valley Office
24910 Las Brisas Road, Suite 102, Murrieta, California 92562
Newport Beach Office
1400 Quail Street, Suite 200, Newport Beach, California 92660
Telephone: (951) 894-7332; Writer's Direct Extension: 119
Writer's Mailing Address: Temecula Valley; Direct Dial: (951) 894-7332
Writer's E-mail: ELSmith@MessinaHankinLaw.com
Website:  www.MessinaHankinLaw.com

CONFIDENTIALITY NOTICE: This e-mail and any attached files from Messina & Hankin LLP may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this e-mail by accident, please notify the sender immediately and destroy this e-mail and all copies of it. We may scan and or monitor emails sent to and from our servers to ensure regulatory compliance to protect our clients and business.

---

**From:** Ed Hays <EHays@MarshackHays.com>
**Sent:** Thursday, August 11, 2022 5:54 PM
**To:** Evan Smith <elsmith@messinahankinlaw.com>; Chad Haes <chaes@marshackhays.com>
**Subject:** Glenroy: 2004 Documents

Evan:

What's your timing for producing the documents requested during the examinations? Thanks.

Ed

EXHIBIT 5, PAGE 260

**From:** Evan Smith <elsmith@messinahankinlaw.com>
**Date:** Thursday, July 21, 2022 at 5:52 PM
**To:** Ed Hays <EHays@MarshackHays.com>
**Subject:** 2004 Transcript

Ed:

Given that Marsha has requested an expedited copy of the transcript I want to change my order.  Please send me the contact info for the court reporter.

Thanks,

Evan



EVAN L. SMITH
OF COUNSEL

Temecula Valley Office
24910 Las Brisas Road, Suite 102, Murrieta, California 92562
Newport Beach Office
1400 Quail Street, Suite 200, Newport Beach, California 92660

Telephone: (951) 894-7332; Writer's Direct Extension: 119
Writer's Mailing Address: Temecula Valley; Direct Dial: (951) 894-7332
Writer's E-mail: ELSmith@MessinaHankinLaw.com
Website: www.MessinaHankinLaw.com

CONFIDENTIALITY NOTICE: This e-mail and any attached files from Messina & Hankin LLP may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this e-mail by accident, please notify the sender immediately and destroy this e-mail and all copies of it. We may scan and or monitor emails sent to and from our servers to ensure regulatory compliance to protect our clients and business.

EXHIBIT 5, PAGE 261

**EXHIBIT 6**

**From:**      Ed Hays
**Sent:**      Tuesday, October 4, 2022 3:48 PM
**To:**        Evan Smith
**Cc:**        Chad Haes
**Subject:**   Re: Rubin 2004 Supplemental Production/Transcript Status Update

Evan:

Please advise whether the documents are going to be produced this week. If not, I believe trustee will not wait any longer and will proceed with raising the issue with the court. Thanks.

Ed

---

**From:** Evan Smith <elsmith@messinahankinlaw.com>
**Date:** Monday, September 19, 2022 at 3:41 PM
**To:** Ed Hays <EHays@MarshackHays.com>
**Cc:** Chad Haes <chaes@marshackhays.com>
**Subject:** RE: Rubin 2004 Supplemental Production/Transcript Status Update

Ed:

I agree about getting this resolved, and you will get production.  However, now it seems the Trustee intends to file an action, which begs the question; against whom and for what?  Please enlighten me.

As regards the property sale, the Trustee did that on sweetheart terms that assured no other bidders would step up, and that assured Calmwater could assert a deficiency (in addition to the fact that CW was allowed to credit bid a Trust Deed for which Notices of Rescission had  been served on CW and recorded in the official records of the Riverside County Recorder, copies of which we provided the Trustee well prior to the sale).

Evan



**EVAN L. SMITH**
*OF COUNSEL*

*Temecula Valley Office*
*24910 Las Brisas Road, Suite 102, Murrieta, California 92562*
*Newport Beach Office*
*1400 Quail Street, Suite 200, Newport Beach, California 92660*

*Telephone:* (951) 894-7332; *Writer's Direct Extension: 119*
*Writer's Mailing Address:* Temecula Valley; *Direct Dial: (951) 894-7332*
*Writer's E-mail:* ELSmith@MessinaHankinLaw.com
*Website:* www.MessinaHankinLaw.com

CONFIDENTIALITY NOTICE: This e-mail and any attached files from Messina & Hankin LLP may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this e-mail by accident, please notify the sender immediately and destroy this e-mail and all copies of it. We

EXHIBIT 6, PAGE 262

may scan and or monitor emails sent to and from our servers to ensure regulatory compliance to protect our clients and business.

---

**From:** Ed Hays <EHays@MarshackHays.com>
**Sent:** Monday, September 19, 2022 1:18 PM
**To:** Evan Smith <elsmith@messinahankinlaw.com>
**Cc:** Chad Haes <chaes@marshackhays.com>
**Subject:** Re: Rubin 2004 Supplemental Production/Transcript Status Update

Evan:

Your clients agreed on the record to produce the additional documents in 2-3 weeks. It's now been over two months. You've said you've had the documents which is why I've been pushing the trustee to be patient because you said your schedule has been busy. But, we just need to get the documents. Doing so likely helps your clients. We have more than enough information now to file suit and sort out the details in discovery. It is conceivable, however, that the documents that have been requested will actually help your clients. Hence, it's in everyone's best interest to get things done now. Last week, you said we would have something last week.

With regard to your comment about your clients receiving a share of the proceeds, this is the first I have heard of any such request. Additionally, I don't believe that there were any proceeds that could be paid to your clients. The property sold for less than the liens and the only monies the estate received was pursuant to a carve-out from funds otherwise due the lender which it agreed to pay the estate. If you disagree, please let me know why. Thanks.

Ed

---

**From:** Evan Smith <elsmith@messinahankinlaw.com>
**Date:** Monday, September 19, 2022 at 12:38 PM
**To:** Ed Hays <EHays@MarshackHays.com>
**Cc:** Chad Haes <chaes@marshackhays.com>
**Subject:** RE: Rubin 2004 Supplemental Production/Transcript Status Update

Ed:

File a lawsuit about what?  My clients both sat for the 2004 exams and answered your questions.  I am working on getting you some additional information.  While we're at it, when do we stand on my non-debtor clients receiving their shares of the 363 sales proceeds as per the stipulation?  Cooperation is a two-way street.

Evan

2

EXHIBIT 6, PAGE 263



**EVAN L. SMITH**
*OF COUNSEL*

**Temecula Valley Office**
24910 Las Brisas Road, Suite 102, Murrieta, California 92562
**Newport Beach Office**
1400 Quail Street, Suite 200, Newport Beach, California 92660

**Telephone:** (951) 894-7332; **Writer's Direct Extension:** 119
**Writer's Mailing Address:** Temecula Valley; **Direct Dial: (951) 894-7332**
**Writer's E-mail:** ELSmith@MessinaHankinLaw.com
**Website:** www.MessinaHankinLaw.com

CONFIDENTIALITY NOTICE: This e-mail and any attached files from Messina & Hankin LLP may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this e-mail by accident, please notify the sender immediately and destroy this e-mail and all copies of it. We may scan and or monitor emails sent to and from our servers to ensure regulatory compliance to protect our clients and business.

---

**From:** Ed Hays <EHays@MarshackHays.com>
**Sent:** Monday, September 19, 2022 12:23 PM
**To:** Evan Smith <elsmith@messinahankinlaw.com>
**Cc:** Chad Haes <chaes@marshackhays.com>
**Subject:** Re: Rubin 2004 Supplemental Production/Transcript Status Update

Evan:

Richard is so frustrated he just wants me to file a lawsuit and get the documents in discovery. Can we please get the information today? Thanks.

Ed Hays
Marshack Hays LLP
www.marshackhays.com
949-333-7777

On Sep 19, 2022, at 8:30 AM, Ed Hays <EHays@marshackhays.com> wrote:

 Status?

Ed Hays
Marshack Hays LLP
www.marshackhays.com
949-333-7777

On Sep 15, 2022, at 8:14 AM, Ed Hays <EHays@marshackhays.com> wrote:

Evan:

EXHIBIT 6, PAGE 264

Can we get the supplemental production today? Thanks.

Ed

---

**From:** Evan Smith <elsmith@messinahankinlaw.com>
**Date:** Monday, September 12, 2022 at 12:25 PM
**To:** Ed Hays <EHays@MarshackHays.com>
**Cc:** Chad Haes <chaes@marshackhays.com>
**Subject:** Rubin 2004 Supplemental Production/Transcript Status Update

Ed:

FYI, we are working up the supplemental production.  Should have it for you in a day or two.

Evan

EVAN L. SMITH
OF COUNSEL



*Temecula Valley Office*
24910 Las Brisas Road, Suite 102, Murrieta, California 92562
*Newport Beach Office*
1400 Quail Street, Suite 200, Newport Beach, California 92660

*Telephone:* (951) 894-7332; *Writer's Direct Extension: 119*
*Writer's Mailing Address:* Temecula Valley; *Direct Dial: (951) 894-7332*
*Writer's E-mail:* ELSmith@MessinaHankinLaw.com
*Website:*  www.MessinaHankinLaw.com

CONFIDENTIALITY NOTICE: This e-mail and any attached files from Messina & Hankin LLP may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this e-mail by accident, please notify the sender immediately and destroy this e-mail and all copies of it. We may scan and or monitor emails sent to and from our servers to ensure regulatory compliance to protect our clients and business.

EXHIBIT 6, PAGE 265

**EXHIBIT 7**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

D. EDWARD HAYS, #162507
ehays@marshackhays.com
CHAD V. HAES, #267221
chaes@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
RICHARD A. MARSHACK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

In re

GLENROY COACHELLA, LLC,

Debtor.

Case No. 2:21-bk-11188-BB

Chapter 7

[PROPOSED] ORDER TO SHOW CAUSE
RE: STUART RUBIN'S CONTEMPT OF
2004 ORDER

[MOTION – DOCKET NO. X]

[NO HEARING REQUIRED ON MOTION
FOR ISSUANCE OF AN ORDER TO SHOW
CAUSE PER LBR 9020-1(d)(2)]

The Court has read and considered the application filed on October 21, 2022, as Dk. No. ___

("Motion"),[1] by Richard A. Marshack, in his capacity as Chapter 7 Trustee ("Trustee") of the

bankruptcy estate ("Estate") of Glenroy Coachella, LLC ("Debtor"), for issuance of an order to show

cause re: civil contempt pursuant to Local Bankruptcy Rule 9020-1, against alleged contemnor and

respondent, Stuart Rubin ("Mr. Rubin" or "Respondent").

After review of the Motion and evidence in support of the Motion, the Court finds that

Respondent has failed and refused to comply with the "Order Granting Motion for Examination and

---

[1] All terms not defined herein are used as they are defined in the Motion.

1

4843-2717-9236

1  Document Production of Stuart Rubin Pursuant to Federal Rule of Bankruptcy Procedure 2004"

2  ("2004 Order"). Docket No. 624. For the reasons set forth in the Motion and good cause appearing,

3  the Court enters its order as follows:

4        **IT IS ORDERED THAT** the personal attendance of the Respondent, Stuart Rubin, is

5  required, in Courtroom 1539 of the United States Bankruptcy Court, Central District of California,

6  located at 255 E. Temple Street, Los Angeles, CA, on _____ ___, 2022 at _____ __.m. At that

7  time, Respondent is **ORDERED** to appear and show cause why the Court should not hold

8  Respondent in contempt of the 2004 Order and impose appropriate civil contempt sanctions.

9        **IT IS FURTHER ORDERED** that Respondent may file a written response to this Order to

10  Show Cause no later than _____, 2022, and may attach any evidence, including declarations and

11  documents, in response to this Order to Show Cause; and the Trustee may file a reply brief no later

12  than _____, 2022.

13        At the hearing, Respondent shall appear in person and be prepared to show cause why the

14  Court should not issue an order:

15        (1)     Finding that Respondent knowingly and willfully violated the 2004 Order;

16        (2)     Requiring Respondent to produce to Trustee's counsel the Outstanding Production

17  within 14 days after entry of the order; and

18        (3)     Issuing coercive civil contempt sanctions under the Court's inherent authority and

19  pursuant to 11 U.S.C. § 105(a), including the imposition of compensatory damages incurred by the

20  Estate to remedy the willful violation of the 2004 Order, including an award of all attorneys' fees

21  and costs incurred by the Estate arising from such contempt in an amount to be determined by

22  separate application.

23                                    # # #

24

25

26

27

28

4843-2717-9236

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled: **MOTION FOR ISSUANCE OF ORDER TO SHOW CAUSE RE: STUART RUBIN'S CONTEMPT OF 2004 ORDER; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF D. EDWARD HAYSS**will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 21, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **October 21, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR**
GLENROY COACHELLA, LLC
ATTN: OFFICER, A MANAGING OR GENERAL AGENT,
OR TO ANY OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO RECEIVE SERVICE
1801 S. LA CIENEGA BLVD., SUITE 301
LOS ANGELES, CA 90035-4658

**CREDITOR / POC ADDRESS**
STUART RUBIN
715 N. ALPINE DRIVE
BEVERLY HILLS, CA 90210-3305

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 21, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA OVERNIGHT MAIL:**
**PRESIDING JUDGE'S COPY**
HONORABLE SHERI BLUEBOND
UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA
EDWARD R. ROYBAL FEDERAL BUILDING AND COURTHOUSE
255 E. TEMPLE STREET, SUITE 1534 / COURTROOM 1539
LOS ANGELES, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 21, 2022 | Layla Buchanan | /s/ Layla Buchanan |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:

- **ATTORNEY FOR INTERESTED PARTY EFO FINANCIAL GROUP LLC:** Steven M Berman sberman@slk-law.com, awit@shumaker.com; bgasaway@shumaker.com
- **ATTORNEY FOR CREDITOR SAXON ENGINEERING SERVICES INC AND COMMITTEE OF UNSECURED CREDITORS:** Daren Brinkman office@brinkmanlaw.com, 7764052420@filings.docketbird.com
- **ATTORNEY FOR CREDITOR and DEFENDANT DOUG WALL CONSTRUCTION, INC. and DEFENDANT CITY OF COACHELLA:** Caroline Djang cdjang@buchalter.com, docket@buchalter.com; lverstegen@buchalter.com
- **INTERESTED PARTY COURTESY NEF:** Jenny L Doling JD@jdl.law, dolingjr92080@notify.bestcase.com
- **ATTORNEY FOR CREDITORS LASERSCOPIC MEDICAL CLINIC, LLC; LASERSCOPIC SPINAL CENTERS OF AMERICA, INC.; AND JOE SAMUEL BAILEY:** Jonathan R Doolittle    jonathan.doolittle@pillsburylaw.com, courtalertecf@pillsburylaw.com
- **INTERESTED PARTY COURTESY NEF:** Richard T Egger richard.egger@bbklaw.com, linda.tapia@bbklaw.com
- **ATTORNEY FOR U.S. TRUSTEE (LA):** Eryk R Escobar eryk.r.escobar@usdoj.gov
- **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** Chad V Haes chaes@marshackhays.com, chaes@ecf.courtdrive.com; cmendoza@ecf.courtdrive.com; cmendoza@marshackhays.com; kfrederick@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR BLAIR AIR, INC.:** Brian S Harnik bharnik@rhlawfirm.com, bharnik@rhlawfirm.com
- **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR ORCO BLOCK & HARDSCAPE:** William C Hoggard wch@wchlawgroup.com, admin@wchlawgroup.com
- **INTERESTED PARTY COURTESY NEF:** Mark S Horoupian mark.horoupian@gmlaw.com, mhoroupian@ecf.courtdrive.com; cheryl.caldwell@gmlaw.com
- **ATTORNEY FOR CREDITOR U.S. REAL ESTATE CREDITOR HOLDINGS III-A, LP:** Marsha A Houston mhouston@reedsmith.com, hvalencia@reedsmith.com
- **ATTORNEY FOR PLAINTIFFS QUONSET PARTNERS LLC and THE COACHELLA LIGHTHOUSE, LLC:** Aluyah I Imoisili aimoisili@drwelchlaw.com
- **INTERESTED PARTY COURTESY NEF:** Michael S Kogan mkogan@koganlawfirm.com
- **ATTORNEY FOR INTERESTED PARTY GARY STIFFELMAN:** Timothy R Laquer trl@ddclaw.com, trl@ddclaw.com
- **ATTORNEY FOR DEBTOR GLENROY COACHELLA, LLC:** Crystle Jane Lindsey crystlelindsey27@gmail.com
- **INTERESTED PARTY COURTESY NEF:** Tinho Mang tmang@marshackhays.com, tmang@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@ecf.courtdrive.com
- **TRUSTEE RICHARD A MARSHACK (TR):** Richard A Marshack (TR) pkraus@marshackhays.com, rmarshack@iq7technology.com; ecf.alert+Marshack@titlexi.com
- **ATTORNEY FOR CREDITOR PORSCHE FINANCIAL SERVICES, INC. dba BENTLEY FINANCIAL SERVICES and CREDITOR PORSCHE LEASING LTD:** Stacey A Miller smiller@tharpe-howell.com
- **ATTORNEY FOR DEFENDANTS CITY OF COACHELLA and DOUG WALL CONSTRUCTION, INC.:** Dustin Nirschl dustin.nirschl@bbklaw.com, mandy.villareal@bbklaw.com; wilma.escalante@bbklaw.com
- **ATTORNEY FOR INTERESTED PARTY STUART RUBIN:** Sean A OKeefe sokeefe@okeefelc.com, seanaokeefe@msn.com
- **INTERESTED PARTY COURTESY NEF:** R Gibson Pagter, Jr.: gibson@ppilawyers.com, ecf@ppilawyers.com; pagterrr51779@notify.bestcase.com
- **ATTORNEY FOR CREDITOR COUNTY OF RIVERSIDE TREASURER-TAX COLLECTOR:** Ronak N Patel rpatel@rivco.org, dresparza@rivco.org; mdominguez@rivco.org
- **INTERESTED PARTY COURTESY NEF:** Matthew D Pham mpham@allenmatkins.com, mdiaz@allenmatkins.com
- **ATTORNEY FOR CREDITOR LAW OFFICES OF JEFFREY D SEGAL, A PROFESSIONAL CORPORATION:** Sheila M Pistone sheila@pistonelawoffice.com, sheilapistone@yahoo.com
- **ATTORNEY FOR CREDITOR GF INVESTMENT GROUP, INC. DBA THE INVESTMENT CENTER, A CALIFORNIA CORPORATION:** Maria Plumtree agrow@plumtreelaw.com, mplumtree@plumtreelaw.com
- **ATTORNEY FOR CREDITORS AL MILLER & SONS ROOFING CO INC; APPLE J PLUMBING; DESERT PALM ELECTRIC INC; JACOBSSON ENGINEERING CONSTRUCTION INC; MASCORRO CONCRETE**

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

**CONSTRUCTION INC; TANDEM WEST GLASS INC; TEMALPAKH INC DBA THE WORKS FLOOR & WALL:** Thomas J Polis tom@polis-law.com, paralegal@polis-law.com; r59042@notify.bestcase.com

- **CREDITOR ALLY BANK LEASE TRUST – ASSIGNOR TO VEHICLE ASSET UNIVERSAL LEASING TRUST (AKA "VAULT TRUST", OR "V.A.U.L. TRUST", OR "VAULT", OR "V.A.U.L.T."), C/O AIS PORTFOLIO:** Arvind Nath Rawal arawal@aisinfo.com
- **INTERESTED PARTY COURTESY NEF:** Ronald N Richards ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **ATTORNEY FOR CREDITOR CALIFORNIA STATEWIDE COMMUNITIES DEVELOPMENT AUTHORITY:** Debra Riley driley@allenmatkins.com
- **ATTORNEY FOR CREDITOR U.S. REAL ESTATE CREDITOR HOLDINGS III-A, LP:** Christopher O Rivas crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com
- **ATTORNEY FOR DEBTOR GLENROY COACHELLA, LLC:** James R Selth jim@wsrlaw.net, jselth@yahoo.com; vinnet@ecf.inforuptcy.com
- **ATTORNEY FOR INTERESTED PARTY LATHAM MANAGEMENT & CONSULTING SERVICES, INC.:** Leonard M Shulman lshulman@shulmanbastian.com
- **ATTORNEY FOR CREDITOR A. STUART RUBIN AND INTERESTED PARTIES ELLIOT LANDER AND STUART RUBIN:** Evan L Smith els@elsmithlaw.com
- **ATTORNEY FOR INTERESTED PARTY EDWIN W. LESLIE, RECEIVER:** Alan G Tippie Alan.Tippie@gmlaw.com, atippie@ecf.courtdrive.com; Karen.Files@gmlaw.com, Maria.Viramontes@gmlaw.com
- **U.S. TRUSTEE (LA):** United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
- **ATTORNEY FOR DEBTOR GLENROY COACHELLA, LLC:** Daniel J Weintraub dan@wsrlaw.net, vinnet@ecf.inforuptcy.com

4853-6729-4523, v. 1

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                          **F 9013-3.1.PROOF.SERVICE**