Marsha A. Houston (SBN 129956)
Christopher O. Rivas (SBN 238765)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: (213) 457-8000
Facsimile: (213) 457-8080

Attorneys for U.S. Real Estate Credit Holdings III-A, LP

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GLENROY COACHELLA, LLC,<br><br>　　　　　　　Debtor. | Case No.: 2:21-bk-11188-BB<br><br>Chapter 11<br><br>**U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP'S RESPONSE TO ELLIOT B. LANDER'S OPPOSITION TO CHAPTER 7 TRUSTEE'S MOTION FOR ENTRY FOR ORDER REGARDING SUBPOENA; DECLARATION OF CHRISTOPHER O. RIVAS; REQUEST FOR JUDICIAL NOTICE**<br><br>Date: September 6, 2023<br>Time: 10:00 a.m.<br>Place: Courtroom 1539<br>　　　　255 E. Temple Street<br>　　　　Los Angeles, CA 90012<br><br>Honorable Sheri Bluebond |

U.S. Real Estate Credit Holdings III-A, LP's ("USRECH") hereby files its response to the Opposition to Elliot B. Lander's ("Lander") Opposition (the "Opposition") to the Motion for Entry of Order (1) Determining that Trustee Does Not Have To Respond to Nonbankruptcy Court Subpoena for Failure to Comply with Barton Doctrine; or, in the Alternative, (2) Authorizing Trustee to Incur Administrative Expenses and to Use Estate Property to Respond to Non-Bankruptcy Court Subpoena (the "Motion") filed by Richard Marshack, as Chapter 7 Trustee (the "Trustee"). At issue in the papers is a state court subpoena (the "Subpoena") issued by Lander against the Trustee.

## I.

## INTRODUCTION AND FACTUAL BACKGROUND

Lander's Subpoena is little more than a retaliatory tactic by Lander, who is upset that the Riverside Superior Court granted summary adjudication against Lander in favor of USRECH on its guaranty claims against him. [Request for Judicial Notice ("RJN"), Ex. 1.] This is starkly revealed by Lander's Opposition, which contains multiple baseless accusations and threats from Lander about alleged "subterfuge", alleged fraud, tactical maneuvering by Lander to attack USRECH's lender's license, collusion, and similar inflammatory allegations that are wholly unsupported by any evidence.

First and foremost, USRECH advises the Court that concurrent with this filing, it is filing a motion to quash the subpoena in the Riverside Superior Court, which is currently set to be heard on October 30, 2023 (the Riverside Superior Court's first available hearing date). [Rivas Decl., ¶ 4.] Although Lander was required to serve a copy of the Subpoena on USRECH in the Riverside action, he never did so. Instead, he secretly subpoenaed the Trustee, and USRECH only learned about the Subpoena when it was served with the Motion. USRECH understands that the Trustee assumed USRECH was aware of the Subpoena when he filed the Motion, but this is not the case – at no point did Lander's counsel reach out to inform USRECH's counsel that it was serving this Subpoena, even though it sought communications between USRECH's attorneys and the Trustee, among others, and at no point did Lander's counsel actually serve a copy of the Subpoena on USRECH despite being statutorily required to do so. [Declaration of Christopher O. Rivas ("Rivas Decl."), ¶¶ 2, 3.]

The Opposition also reveals other serious issues that requires a response by USRECH to the

Opposition.  First, it is a thinly-disguised collateral attack on the Riverside Superior Court's order quashing Lander's prior subpoena to the California Department of Financial Protection and Innovation (the "California DFPI"), which issued USRECH its lender's license.  Lander was utterly unable to provide a justification for his subpoena to the California DFPI and his explanation to the Riverside Superior Court that he "needed" discovery in order to retroactively attack USRECH's lender's license was completely unsatisfactory to the Court, as reflect in its minute order quashing Lander's Subpoena.  [RJN, Ex. 1.]  In the Opposition, Lander reveals that he continuing to frivolously attack USRECH's lender's license, but is doing so now with a subpoena to a federally appointed court fiduciary, rather than a state agency.  In fact, this appears to reveal **why** Lander hid the Subpoena from USRECH, since he likely hoped that he could avoid having the Riverside Superior Court scrutinize another one of his frivolous subpoenas.  This litigation abuse has to stop.

Second, it appears to relate to a completely baseless theory that USRECH "secretly" settled a claim with Gary Stiffelman without accounting for the settlement proceeds in its debt calculations. USRECH has accounted for the settlement, and if Lander had any actual questions about this, he has an absolutely clear mechanism for seeking this information:  serve an interrogatory on USRECH asking for an accounting of the debt, including any settlements.  Lander has sought **no** such discovery from USRECH because he is not actually serious about these claims.  [Rivas Decl., ¶ 5.] Rather, it is a convenient excuse for Lander to make baseless accusations in court pleadings, to harass USRECH's attorneys, and to frivolously tarnish USRECH's reputation with California state agencies.

Third, it appears to be a collateral attack on this Court's order approving the sale of the real property to USRECH in a public auction process.  Lander's time to request information about the sale and marketing of the real property was long, long ago, when the Court first approved the compromise between USRECH and the Trustee (September 13, 2021, dkt. no. 445), or when the Court approved the sale (October 22, 2021; dkt. no. 490) or the bidding procedures (October 25, 2021; dkt. no. 492).  Lander never **once** raised any objections to these proceedings, and in particular, his theory about "collusion" is completely frivolous in light of the transparent procedures utilized by the Trustee in obtaining this Court's approval of a compromise between the parties that, among other

things, set the credit bid. There was no "secret" about USRECH's credit bid: it was disclosed in the motion seeking approval of compromise filed on July 28, 2021 (dkt. no. 322).

### III.

### LEGAL ANALYSIS

**A.  The Subpoena is Legally Deficient and Subject to Be Quashed by the State Court**

USRECH is moving to quash the Subpoena in the Riverside Superior Court on multiple grounds, including that it was served in violation of operative California statutes. California law requires that a Subpoena, which in this case serves as a notice of deposition pursuant to California Code of Civil Procedure section 2025.220(b), must be served on every other party who has appeared in the action." Cal. Code Civ. Proc. § 2025.240(a). Although the Subpoena was allegedly issued on July 21, 2023, and purported to require compliance by August 15, 2023, Lander and his counsel never bothered to serve a copy of the subpoena or to provide **any** form of notice to USRECH's counsel regarding the Subpoena. This is wholly improper in any case, but it is particularly egregious here, where Lander is seeking communications involving USRECH's attorneys and regarding matters that were already resolved by the Riverside Superior Court (with respect to the meritless California DFPI claims) and this Bankruptcy Court (with respect to the sale procedures and USRECH's credit bid).

**B.  The Opposition Makes it Clear that the Subpoena is Seeking Wholly Irrelevant Information for the Purposes of Harassment of USRECH**

Even without the clear procedural defects of the Subpoena, the theories "supporting" the Subpoena, which USRECH was informed of for the first time in Lander's Opposition, are completely frivolous and warrant this Court's granting of the Trustee's Motion.

**1.  Lander's "Usury" Defense**

First, Lander claims he needs information from the Trustee to argue a "usury" defense, which appears to hinge on Lander's plan to file a complaint with the California DFPI to revoke USRECH's "purported license". There is no dispute that USRECH had a license at the time it made the underlying loan and has maintained it to this very date, so Lander's use of "purported" here, alone,

reflects his utter disregard of the facts. Worse, Lander already knows that USRECH's license **cannot** be retroactively revoked. To the contrary, the California Financing Law itself states otherwise, providing that "Finance lender and broker licenses issued under this division **shall remain in effect <u>until</u> they are surrendered, revoked, or suspended**." Cal. Fin. Code § 22700(a) (emphasis added). The right to revoke the license rests with the commissioner of the California DFPI, who is tasked with investigating lenders' licenses. See, e.g., Cal. Fin. Code § 22701; *De La Torre v. CashCall, Inc.*, 5 Cal. 5th 966, 980 (2018) (recognizing no private right of action under the California Financing Law).

This very issue was fully briefed and considered in the Riverside Superior Court, which analyzed Lander's arguments about his "usury" defense with the California DFPI, and found them to be legally meritless. As such, the Riverside Superior Court quashed Lander's subpoena to the California DFPI. [RJN, Ex. 2 (noting that there was no authority cited by Lander for retroactive revocation).] Lander has had more than a month since this ruling to find such authority, but has found none – because there is none.

## 2. Lander's Accusations Regarding a "Secret" Settlement And His Purported "Interest" In the Marijuana Dispensary

Lander also complains that he "discovered" a secret settlement between USRECH and Stiffelman. The settlement was confidential, but USRECH provided a copy of it in response to a duly-served discovery request by Lander's business partner, Rubin. This is far from "nefarious" – USRECH itself disclosed the terms of the settlement when asked about it in discovery. [Rivas Decl., ¶ 6.] If Lander truly had any questions about whether the payment from Stiffelman was properly accounted for by USRECH, he has a clear and obvious procedural way of asking this question: he can serve a simple interrogatory to USRECH requesting an accounting of the loan, inclusive of the settlement payment. Lander has served no such discovery on USRECH, because he does not care about this information. Instead, he would rather use it as a convenient excuse to harass other parties and make accusations that have no factual merit. What possible reason could there be – other than harassment – for Lander to request this information from the Trustee, who is not even a party to the underlying litigation?

Lander also includes a "throw away" argument in his Opposition that he believes that USRECH "persuaded" the Trustee to file a lawsuit regarding the marijuana dispensary. USRECH knows little to nothing about the Trustee's lawsuit, and even if it did encourage the suit (which it did not), it appears that Lander is potentially seeking information to pursue a SLAPP (Strategic Litigation Against Public Participation) claim against USRECH or the Trustee. Either the Trustee's litigation has merit or it does not. His motivation for pursuing the suit has nothing to do with USRECH, and even if it was relevant, the information should be sought **in the litigation itself**, not against the Trustee in a bankruptcy case.

### 3. Lander's Collateral Attack of the Bankruptcy Sale

Lastly, Lander appears to be seeking to collaterally attack the bankruptcy sale approved by this Bankruptcy Court on the basis that USRECH falsely inflated its debt total. This Court already considered the amount of USRECH's credit bid in the context of a motion for compromise filed by the Trustee, which this Court approved on September 13, 2021. [Dkt. No. 445.] Lander theorizes that the credit bid was "too high" in light of the $3 million settlement received from USRECH. First, this is a collateral and belated attack of multiple Bankruptcy Court orders, including the compromise order and the sale order. Second, Lander has no factual basis whatsoever to assert this theory because he has not even **bothered** to seek discovery from USRECH about the accounting of its debt in the Riverside Superior Court proceedings. Lander should seek interrogatories and conduct the absolute bare minimum of due diligence before he starts making accusations against USRECH and the Trustee, who is a court-appointed fiduciary. Unfortunately, it appears he has sought no such interrogatories because he would rather make baseless accusations than actually pursue the true facts. This is plainly a violation of Lander and his counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure, which require that counsel make an "inquiry reasonable under the circumstances" before filing papers with a court. What possible excuse can Lander raise for not seeking this basic discovery from USRECH before making frivolous accusations against a bankruptcy trustee?

## IV.

## **CONCLUSION**

For the reasons set forth above, USRECH requests that the Motion be granted, or, in the alternative, that the Court withhold from ruling on the Motion until the Riverside Superior Court has an opportunity to consider USRECH's state court motion to quash.

DATED:  August 30, 2023    REED SMITH LLP


By    /s/ Christopher O. Rivas
　　Marsha A. Houston
　　Christopher O. Rivas
　　Attorneys for
　　U.S. Real Estate Credit Holdings III-A, LP

# DECLARATION OF CHRISTOPHER O. RIVAS

I, Christopher O. Rivas, declare:

1.  I am a partner at Reed Smith LLP, which is counsel for U.S. Real Estate Credit Holdings III-A, L.P. ("USRECH") in this bankruptcy case. I am over the age of 18, and I make this declaration based on my personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would testify competently thereto.

2.  On July 21, 2023, I am informed and believe that Lander served a deposition subpoena for production of business records (the "Subpoena") on the business of third party bankruptcy trustee Richard A. Marshack, Marshack Hays LLP (the "Trustee"). I was not made aware of the Subpoena until I was served with a copy of the Trustee's motion in this Court and saw a copy of the Subpoena attached to the motion.

3.  I interviewed my executive assistant, as well as the executive assistants of my partner, Marsha Houston and my colleague, Shayna Jackson, and asked them to review their files to determine if the Subpoena was ever provided to our office. After my own diligent inquiry, a review of my own files, and based on the review of our staff, I am confident that Cross-Complainant Lander never served USRECH with notice of the subpoena pursuant to Cal. Code Civ. Proc. § 2025.240(a).

4.  Contemporaneously with the filing of this declaration, I am causing a motion to quash the Subpoena in the Riverside Superior Court. I do not presently have a file-stamped copy of the motion to quash, but will provide it to the Court as soon as it is received. The motion is set to be heard on October 30, 2023, which was the first available hearing date for a motion to quash.

5.  Lander has not served any discovery requests upon USRECH, after its settlement with Gary Stiffelman, seeking an accounting of the debt.

6.  On or about March 17, 2023, in response to a subpoena served on USRECH by Stuart Rubin, I caused a copy of USRECH's settlement agreement to be produced upon Mr. Rubin.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed at La Crescenta, California on August 30, 2023.

                                                   */s/ Christopher O Rivas*
                                                   Christopher O. Rivas

**REQUEST FOR JUDICIAL NOTICE**

U.S. Real Estate Credit Holdings III-A, LP ("USRECH") hereby requests, pursuant to Federal Rules of Evidence, Rule 201, as incorporated by reference by Rule 9017 of the Federal Rules of Bankruptcy Procedure, that this Court take judicial notice of the documents identified below:

**EXHIBIT 1** – Order Granting Motion for Summary Adjudication in Favor of USRECH against A. Stuart Rubin and Elliot Lander.

**EXHIBIT 2** – Order Granting USRECH's Motion to Quash Subpoena of Elliot Lander Against Department of Financial Protection & Innovation.

Judicial notice of the existence, filing, and content of this document is appropriate because it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. The Court may take judicial notice of facts that are a matter of public record. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). Such matters of public record include court docket and records, pleadings, orders and other papers filed in an action. *See Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1388 (9th Cir. 1987); *Richardson v. Yates*, 435 Fed. App. 625, 626 (9th Cir. 2011) (granting judicial notice of court docket and records); *Porter v. Ollison*, 620 F.3d 952, 955 (9th Cir. 2010).

DATED: August 30, 2023                    REED SMITH LLP

By    /s/ Christopher O. Rivas
    Marsha A. Houston
    Christopher O. Rivas
    Attorneys for
    U.S. Real Estate Credit Holdings III-A, LP

# EXHIBIT 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
Hearing on Motion for Summary Adjudication on

01/28/2022
9:00 AM
Department 6

**RIC1905743**
U.S. REAL ESTATE CREDIT HOLDINGS III A LP vs GLENROY COACHELLA LLC

Honorable Sunshine Sykes, Judge
L. Howell, Courtroom Assistant
Jorge Dominguez, Court Reporter

**APPEARANCES:**

Marc Homme for Doug Wall Construction Inc appearing telephonically in court.
Timothy LaQuer for Gary Stiffelman appearing telephonically in court.
Christopher Rivas for US Real Estate appearing telephonically in court.
Marsha Houston for US Real Estate appearing telephonically in court.

Motion by Plaintiff U.S. Real Estate Credit Holdings III-A, LP's regarding Motion for Summary Adjudication is called for hearing.
Court and counsel confer regarding the Court's Tentative Ruling.
Counsel presents argument.
Court makes the following order(s):
Tentative ruling shall become the ruling of the court.
-
1. The court declines to rule on Plaintiff's Objections to the declaration of Jeffrey Van Wick as they are unnecessary to the disposition of this motion (CCP §437c(q).)

2. The motion for summary adjudication is GRANTED as to Rubin's Sumitomo defense. While Rubin claims that his performance was excused based on Plaintiff's breach of its duty to disclose under Sumitomo Bank of Calif. v. Iwasaki (1968) 70 Cal.2d 81, 84, Plaintiff has established that Rubin expressly waived this defense when he executed the Guaranty. (Evid. Packet, Dec.Lavian, ¶ 4, Ex. "C", Guaranty § 2(h).)

The Court previously found that Rubin (and Lander) had raised a triable issue of material fact as to whether Plaintiff owed a duty to disclose to Guarantors under Sumitomo, and denied summary adjudication.
Here, Plaintiff seeks summary adjudication of a narrow issue - Rubin's alleged "Sumitomo defense"

Page 1 of 3 Pages

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
Hearing on Motion for Summary Adjudication on

01/28/2022
9:00 AM
Department 6

**RIC1905743**
**U.S. REAL ESTATE CREDIT HOLDINGS III A LP vs GLENROY COACHELLA LLC**

Honorable Sunshine Sykes, Judge
L. Howell, Courtroom Assistant
Jorge Dominguez, Court Reporter

---

on two grounds. First, Plaintiff argues that even if it had a duty to disclose, it did so by disclosing the Marx / Okubo Report (Okubo Report) to Borrower's agent, who discussed the report and its contents with Rubin. This argument focuses on Rubin's purported perjurious statements previously asserted. Plaintiff asserts that Rubin testified, under oath, that Plaintiff induced him to enter the Guaranty by withholding a "secret" report – the Okubo Report, which was a third-party analysis of Borrower's construction budget that Plaintiff had commissioned. (Undisputed Material Fact [UMF] No. 2.) Rubin made a statement about what the Okubo Report contained and asserted that the massive deficiencies and cash shortfalls cited in the Okubo Report were never disclosed to the Borrowers, Dr. Lander, or Rubin before the close of escrow. (UMF No. 3.) Rubin concluded that he would never have signed the Guaranty had he been apprised of the conclusions reached in the Okubo Report. (UMF No. 5.) Plaintiff asserts that on 3/20/18 before escrow closed and before Rubin signed the Guaranty, Plaintiff sent the Okubo Report to Rubin's loan broker and agent, GSP. (UMF No. 7.) Plaintiff asserts that on 3/24/18, GSP believes it discussed the report with Rubin during an in-person meeting with him. (UMF No. 8.) That same day, it was confirmed that Rubin was not only aware of the report, but its contents, when GSP sent an email to Plaintiff, with a carbon copy to Rubin and his son, discussing the report and confirming that Rubin and his son were working on responses. (UMF No. 9.) Two days later, GSP delivered detailed responses to the Okubo Report to Plaintiff including written responses that GSP received directly from Rubin. (UMF No. 10.)
To the contrary, Rubin asserts that Plaintiff's counsel is intentionally misleading the Court using quotation marks around terms that do not appear on the cited pages. (Guarantor, Rubin's Separate Statement [GRSS], UMF No. 2.) But, Rubin does not dispute the substance of this fact. It is also significant that Rubin does not dispute UMF Nos. 7-10.
In reply, Plaintiff asserts that Rubin's response is intended to deflect the Court from his prior false sworn statement that the Okubo Report was never disclosed to him before he executed the Guaranty. (Reply Separate Statement [RSS], UMF No. 2.) Plaintiff asserts that this is shown by Rubin's failure to dispute UMF No. 3, which contains Rubin's testimony about what the Okubo Report contains and asserts that the massive deficiencies and cash shortfalls cited in the Okubo Report were never disclosed to the Borrowers, Dr. Lander, or Rubin before the close of escrow. (UMF No. 3.)
The foregoing facts indicate that contrary to Rubin's prior position in the previous motion for summary adjudication, the Okubo Report was disclosed to him. Rubin attempts to explain the discrepancy by making a distinction between the contents of the Okubo Report itself, and certain conclusions that

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
Hearing on Motion for Summary Adjudication on

01/28/2022
9:00 AM
Department 6

**RIC1905743**
**U.S. REAL ESTATE CREDIT HOLDINGS III A LP vs GLENROY COACHELLA LLC**

Honorable Sunshine Sykes, Judge
L. Howell, Courtroom Assistant
Jorge Dominguez, Court Reporter

---

were made or should have been made, but were not conveyed to him. This distinction is unclear. Nonetheless, based on Rubin's explanation, the Court is reluctant to find that Rubin intentionally perjured himself in the prior motion. Moreover, the Court does not need to make this finding in light of the fact that Rubin actually waived his Sumitomo defense, as discussed below.
Rubin Waived His Sumitomo Defense
Plaintiff argues that it had no obligation to disclose the Marx / Okubo Report, its contents, or any other information regarding the budget for the project to Rubin because he agreed contractually to waive any duty of disclosure Plaintiff may have owed. Plaintiff asserts that Rubin expressly agreed to waive any disclosure obligation that Plaintiff may owe under Sumitomo in the Guaranty § 2(h). (UMF No. 22.) In response, Rubin disputes this fact claiming this section was never effective because there was never an approved budget required under the agreement. 1 Rubin asserts that Plaintiff cites evidence (in UMF No. 5) that does not contain some of the quoted language asserted. (RSS, UMF No. 5.) However, in response, Plaintiff asserts that there was a typo in the citation, and asserted a correction. Importantly, Rubin did not dispute the quoted testimony. (GRSS, UMF No. 22.) In reply, Plaintiff asserts that Rubin does not dispute that he signed the agreement containing the waiver of Plaintiff's disclosure obligation. (RSS, UMF No. 22.) Instead, he asserts a legal defense, which is inappropriate to dispute an undisputed fact. (Id.) Moreover, this motion is extremely narrow in that it is solely based on Rubin's asserted Sumitomo defense, which he expressly waived in the Guaranty.
Based on the foregoing, the motion for summary adjudication of Rubin's Sumitomo defense is granted in favor of Plaintiff, and against Rubin.

Motion for Summary Adjudication granted as to Rubin's Sumitomo defense is granted in favor of Plaintiff, and against Rubin.

# EXHIBIT 2

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Southwest Justice Center

Hearing on Motion to Quash Third Party Deposition Suboena by U.S. REAL ESTATE CREDIT HOLDINGS III A LP

07/19/2023
8:30 AM
Department S302

**RIC1905743**
**U.S. REAL ESTATE CREDIT HOLDINGS III A LP vs GLENROY COACHELLA LLC**

Honorable Angel M. Bermudez, Judge
A. Behrmann, Courtroom Assistant
Court Reporter: None

**APPEARANCES:**
U.S. REAL ESTATE CREDIT HOLDINGS III A LP [PLA] represented by Chris Rivas and Marsha Houston present (Telephonically).
LANDER, ELLIOT [DEF] represented by Sean O'Keefe present (Telephonically).
DOUG WALL CONSTRUCTION INC [DEF] represented by Mark Homme present (Telephonically).

At 08:30 AM, the following proceedings were held:
Court has read and considered documents relating to this matter.
Court's tentative is issued.
There is request for oral argument.
Request for oral argument is denied.
Tentative ruling shall become the ruling of the court.
The Motion is granted.
The Motion is GRANTED as the privacy, relevance, and overly broad, objections are well-placed.

Privacy - USRECH and Calmwater have a right to financial privacy in this case as to all matters that are not relevant to the allegations in this case. Lander claims that the information he seeks from the Department is in public records that have been disclosed to the Department by USRECH and Calmwater in applying for a lending license. Moving parties assert that while information was disclosed to the Department, all of it is not publicly available and remains confidential. Lander claims the information he seeks will establish that USRECH is not entitled to a usury exemption because it was not licensed when the loan was made, and was required to be licensed. Notably, moving parties assert that the key evidence is whether USRECH was licensed at the time of the loan, which Lander acknowledges it was. To the contrary, Lander claims that obtaining all of the information requested will show that USRECH's (and presumably Calmwater's) license was void because it lied when it applied for its lending license. Interestingly, the Reply points out that Lander appears to be trying to

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Southwest Justice Center
Hearing on Motion to Quash Third Party Deposition Suboena  by U.S. REAL ESTATE CREDIT HOLDINGS III A LP

07/19/2023
8:30 AM
Department S302

**RIC1905743**
**U.S. REAL ESTATE CREDIT HOLDINGS III A LP vs GLENROY COACHELLA LLC**

Honorable Angel M. Bermudez, Judge
A. Behrmann, Courtroom Assistant
Court Reporter: None

---

establish retroactive revocation of a lending license, for which there is no authority. In any event, Lander has not established that, on balance, disclosure of the requested information is warranted.

Relevance - It is relevant whether USRECH was a licensed lender at the time the loan was made. However, Lander already has this information. Lander seeks all the information in the Department's possession concerning USRECH and Calmwater, which he asserts is relevant to his usury defense. However, other than asserting the USRECH was lying in its application, and that the information will establish the lies, he does not demonstrate the relevance of the remaining documents. Moreover, as moving parties point out, Lander seems to be trying to establish a retroactive revocation. In other words, because USRECH purportedly lied in its application to the Department, its license, even if effective when the loan was made, was actually void. Lander cites no authority for this.

Included in the applications to the Department are numerous sensitive and confidential documents required including a balance sheet, business plan, statement of identify and questionnaire for each manager (including dates of birth, social security numbers, residential addresses, and employment history. (Dec.Lavian ¶ 3.) Moving parties also provided the Department with sensitive and confidential documents on a continuing basis including documents about their financial conditions, disclosures about loans made to other parties, and confidential investor information. (Id. ¶ 6.) They also provide sensitive and confidential information of various borrowers and guarantors, and their sponsors. (Id. ¶ 7.) All of this information is irrelevant to the narrow issue raised by Lander. In any event, he has not established the relevance of the requested information.

Overly Broad - The subpoena is overly broad in time. Notably, a reasonable time period would be approximately ten years. It also seeks numerous sensitive and confidential documents and information concerning other loans, other borrowers, managers, investors, borrowers, and guarantors, as discussed immediately above. The description essentially seeks all the information in the Department's possession concerning moving parties. Thus, it is also fatally over broad.

Notice of ruling to be prepared, served and submitted by prevailing party .

---

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
355 South Grand Avenue, Suite 2900, Los Angeles, CA  90071

A true and correct copy of the foregoing document entitled (*specify*): **U.S. REAL ESTATE CREDIT HOLDINGS III-A, LP'S RESPONSE TO ELLIOT B. LANDER'S OPPOSITION TO CHAPTER 7 TRUSTEE'S MOTION FOR ENTRY FOR ORDER REGARDING SUBPOENA; DECLARATION OF CHRISTOPHER O. RIVAS; REQUEST FOR JUDICIAL NOTICE**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) August 30, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Steven M Berman**   sberman@shumaker.com, cparrish@shumaker.com;bgasaway@shumaker.com
- **Joseph Boufadel**   jboufadel@salvatoboufadel.com, Gsalvato@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **Daren Brinkman**    firm@brinkmanlaw.com, 7764052420@filings.docketbird.com
- **Caroline Djang**   cdjang@buchalter.com, docket@buchalter.com;lverstegen@buchalter.com
- **Jenny L Doling**   jd@jdl.law, dolingjr92080@notify.bestcase.com;15994@notices.nextchapterbk.com;jdoling@jubileebk.net
- **Jonathan R Doolittle**   jonathan.doolittle@pillsburylaw.com, courtalertecf@pillsburylaw.com
- **Richard T Egger**   richard.egger@bbklaw.com, linda.tapia@bbklaw.com
- **Eryk R Escobar**   eryk.r.escobar@usdoj.gov
- **Chad V Haes**   chaes@marshackhays.com, chaes@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com;cmendoza@marshackhays.com;kfrederick@ecf.courtdrive.com
- **Brian Stuart Harnik**   bharnik@rhlawfirm.com, bharnik@rhlawfirm.com
- **Sarah Rose Hasselberger**   shasselberger@marshackhays.com, shasselberger@ecf.courtdrive.com;cbastida@marshackhays.com;kfrederick@ecf.courtdrive.com
- **D Edward Hays**   ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **William C Hoggard**   wch@wchlawgroup.com, admin@wchlawgroup.com
- **Mark S Horoupian**   mark.horoupian@gmlaw.com, mhoroupian@ecf.courtdrive.com;cheryl.caldwell@gmlaw.com;karen.files@gmlaw.com
- **Aluyah Imoisili**   aimoisili@drwelchlaw.com
- **Sandra Khalili**   skhalili@rpblaw.com, maltamirano@rpblaw.com
- **Michael S Kogan**   mkogan@koganlawfirm.com
- **Timothy R Laquer**   trl@ddclaw.com, trl@ddclaw.com
- **Crystle Jane Lindsey**   crystlelindsey27@gmail.com
- **Tinho Mang**   tmang@marshackhays.com, tmang@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com
- **Richard A Marshack (TR)**   pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Stacey A Miller**   smiller@tharpe-howell.com
- **Michael K Murray**   mkmurray@lanak-hanna.com, lrarriaga@lanak-hanna.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                             **F 9013-3.1.PROOF.SERVICE**

- **Dustin Nirschl**   dustin.nirschl@bbklaw.com, linda.tapia@bbklaw.com;wilma.escalante@bbklaw.com
- **Ryan D O'Dea**   rodea@shulmanbastian.com, lgauthier@shulmanbastian.com
- **Sean A OKeefe**   sokeefe@okeefelc.com, seanaokeefe@msn.com
- **Zachary Page**   ztp@lnbyg.com
- **R Gibson Pagter**   gibson@ppilawyers.com, pagterandperryisaacson@jubileebk.net
- **Ronak N Patel**   rpatel@rivco.org, suhernandez@rivco.org;dresparza@rivco.org
- **Matthew D Pham**   mpham@allenmatkins.com, mdiaz@allenmatkins.com
- **Sheila M Pistone**   sheila@pistonelawoffice.com, sheilapistone@yahoo.com
- **Maria Plumtree**   agrow@plumtreelaw.com, mplumtree@plumtreelaw.com
- **Thomas J Polis**   tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com
- **Arvind Nath Rawal**   arawal@aisinfo.com
- **Ronald N Richards**   ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Debra Riley**   driley@allenmatkins.com
- **James R Selth**   jselth@wztslaw.com, jselth@yahoo.com;maraki@wztslaw.com;sfritz@wztslaw.com
- **Leonard M Shulman**   lshulman@shulmanbastian.com
- **Evan L Smith**   els@elsmithlaw.com
- **Alan G Tippie**   Alan.Tippie@gmlaw.com, atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise.walker@gmlaw.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Daniel J Weintraub**   dweintraub@wztslaw.com, vinnet@ecf.inforuptcy.com
- **Beth Ann R. Young**   bry@lnbyg.com, bry@lnbyb.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) August 30, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA UPS**
**Hon. Sheri Bluebond**
**USBC-Central District of California**
**255 E. Temple Street**
**Suite 1534 / Courtroom 1539**
**Los Angeles, CA 90012**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 30, 2023 | Gilda S. Anderson | /s/ Gilda S. Anderson |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                     **F 9013-3.1.PROOF.SERVICE**