D. EDWARD HAYS, #162507
ehays@marshackhays.com
CHAD V. HAES, #267221
chaes@marshackhays.com
SARAH R. HASSELBERGER, #340640
shasselberger@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
RICHARD A. MARSHACK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GLENROY COACHELLA, LLC,<br><br>Debtor. | Case No. 2:21-bk-11188-BB<br><br>Chapter 7<br><br>REPLY TO DEFENDANT ELLIOT B. LANDER'S OPPOSITION TO TRUSTEE'S MOTION FOR ORDER (1) DETERMINING THAT TRUSTEE DOES NOT HAVE TO RESPOND TO NON-BANKRUPTCY COURT SUBPOENA FOR FAILURE TO COMPLY WITH BARTON DOCTRINE; OR, IN THE ALTERNATIVE, (2) AUTHORIZING TRUSTEE TO INCUR ADMINISTRATIVE EXPENSES AND TO USE ESTATE PROPERTY TO RESPOND TO NON-BANKRUPTCY COURT SUBPOENA; DECLARATION OF RICHARD A. MARSHACK IN SUPPORT<br><br>Date:   September 6, 2023<br>Time:   10:00 a.m.<br>Ctrm:   1539 |

/ / /

/ / /

0

TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

Richard A. Marshack, in his capacity as Chapter 7 trustee ("Trustee") of the Bankruptcy Estate ("Estate") of Glenroy Coachella, LLC ("Debtor"), respectfully submits this reply ("Reply") to Defendant Elliot B. Lander's Opposition to Chapter 7 Trustee's Motion for Entry of Order (1) Determining that Trustee Does Not Have to Respond to Non-Bankruptcy Court Subpoena for Failure to Comply with Barton Doctrine; or in the alternative, (2) Authorizing Trustee to Incur Administrative Expenses to Use Estate Property to Respond to Non-Bankruptcy Court Subpoena, filed on August 23, 2023, as Dk. No. 769 ("Opposition"). In support of this Reply, Trustee respectfully represents as follows:

**1.    Summary of Argument**

Under the *Barton* doctrine, neither a bankruptcy trustee nor his retained professionals may be subjected to the jurisdiction of a non-bankruptcy court absent leave of the bankruptcy court. As stated by the Bankruptcy Court in *In re Eagan Avenatti*, 637 B.R. 502, 506 (Bankr. C.D. Cal. 2022) (citing *Barton v. Barbour*, 104 U.S. 126, 136-37 (1886)), this rule extends to a party serving a bankruptcy trustee or his retained counsel with a subpoena subjecting them to the jurisdiction of the non-bankruptcy court. Because there is no binding authority within the Ninth Circuit, Trustee respectfully requests that this Court adopt the reasoning set forth in *In re Eagan Avenatti* and determine that the Proponent[1] erred by failing to obtain this Court's approval prior to issuing the Subpoena.

In the Opposition, the Proponent disagrees with the legal reasoning set forth in *In re Eagan Avenatti*. Many of the Proponent's arguments, however, are (i) unsupported by his cited legal authority; (ii) red herring arguments that are unhelpful for a determination on the Motion; and (iii) would create absurd and impractical results for a trustee's administration of a bankruptcy case. Moreover, the Opposition is inundated with factual misstatements that are unsupported by

---

[1] All terms not defined herein shall have the meaning as set forth in the Motion.

1

admissible evidence. Thus, Trustee respectfully requests that this Court grant the Motion.

**2.    Legal Authority**

**A.    There is no binding authority from the Ninth Circuit regarding whether the *Barton* Doctrine requires leave of the Bankruptcy Court prior to the issuance of the Subpoena.**

As detailed in the Motion, there is no binding authority from the Ninth Circuit regarding whether the *Barton* Doctrine requires leave of the bankruptcy court prior to the issuance of a subpoena from a bankruptcy trustee and his counsel. Despite this, Proponent asserts that the unpublished decision of *In re Media Group, Inc*, 2006 Bankr. LEXIS 4842 (9th Cir. B.A.P. 2006) ("*Media Group*") is binding because the Ninth Circuit Bankruptcy Appellate Panel ("BAP") has held that its own decisions are binding on bankruptcy courts. *See* Opp., pg. 9, lns. 4-10 (citing *In re Windmill Farms, Inc.*., 70 Bankr. 618, 621 (9th Cir. 1987), *rev'd on other grounds*, 841 F.2d 1467 (9th Cir. 1988)).

There is a substantial body of case law, however, holding that decisions of the Ninth Circuit Bankruptcy Appellate Panel ("BAP") are ***not binding*** on bankruptcy courts. *See e.g.*, *In re Eagan Avenatti LLP*, 637 B.R. 502, 507 (Bankr. C.D. Cal. 2022) (rejecting a BAP opinion as binding precedent); *In re Grant*, 423 B.R. 320 (Bankr. S.D. Cal. 2010) (observing that the Judicial Council of the Ninth Circuit has not amended the BAP authorization order to provide that BAP decisions are binding on the bankruptcy courts within the circuit); *In re Junes*, 76 B.R. 795, 797 (Bankr. D. Or. 1987), *aff'd on other grounds*, 99 B.R. 978 (9th Cir. B.A.P. 1989); *see also Bank of Maui v. Estate of Analysis, Inc.*, 904 F.2d 470, 471 (9th Cir. 1989) (expressing uncertainty over "the authoritative effect of a BAP decision").

The decisions of the BAP are binding only on the judges whose orders have been reversed or remanded by the BAP in that particular dispute. *Rinard v. Positive Invs., Inc. (In re Rinard)*, 451 B.R. 12, 20 (Bankr. C.D. Cal. 2011). In all other instances, the decisions of the BAP are effective only to the extent they are persuasive. *Id*. (citing *CASC Corp. v. Milner (In re Locke)*, 180 B.R. 245, 254 (Bankr. C.D. Cal. 1995)); *see also Eagan Avenatti LLP*, 637 B.R. at 507 ("While the

persuasiveness of BAP decisions is quite helpful on many occasions, sometimes they miss the mark"). As such, Proponent's assertion that the decisions of the BAP are binding on all bankruptcy courts within the Ninth Circuit is legally incorrect. *See* Opp., pg. 9, lns. 4-10. Thus, the unpublished decision in *Media Group, Inc.* is not binding, but merely persuasive authority.

Like *Media Group*, the Bankruptcy Court's decision in *In re Eagan Avenatti LLP* ("*Eagan Avenatti*") is non-binding persuasive authority. The decision in *Eagan Avenatti*, however, is not only directly contrary to the holding in *Media Group*, but expressly criticizes and rejects the reasoning set forth in *Media Group.* 637 B.R. at 507. In *Eagan Avenatti*, the Court explained that:

> the BAP in *Media Group* did not correctly apply the rule of law developed either in the Supreme Court's 1881 decision in *Barton* or the Ninth Circuit's 2005 *Crown Vantage* decision. The BAP believed that the underlying bankruptcy court's application of the *Barton* Doctrine to a court-issued subpoena was an *expansion* of the doctrine. It was not; it was a proper application of the *Barton* and *Crown Vantage* decisions *based on the facts* in the *Media Group* case. In deciding *Media Group*, the BAP engaged in a too narrow, textual analysis of the Supreme Court's decision in *Barton* and took an approach which, respectfully, even narrowed the Ninth Circuit's *Crown Vantage* decision.

*Id*. (emphasis in original). In doing so, the Bankruptcy Court explained that service of a subpoena must require leave of court because if the response to the subpoena is insufficient, then the proponent will file contempt proceedings, which subject the trustee to the non-bankruptcy court's jurisdiction. *Id*. at 508. Indeed, "what value is a subpoena if it can't be enforced? Can anyone seriously differentiate enforcement of a subpoena against a bankruptcy trustee with the 'legal proceeding' described in *Crown Vantage*? A court issued subpoena targeting a bankruptcy professional . . . without requiring leave of the bankruptcy court at the outset, is simply a waste of time and effort." *Id*.; *see also In re Circuit City Stores, Inc.*, 557 B.R. 443, 449 (holding that the issuer of a subpoena was required under the *Barton* Doctrine to obtain leave before issuance and reasoning that "the purpose of the *Barton* [D]octrine is to prevent trustees from being subject to legal proceedings that interfere with their inability to administer the estate").

Due to the recent weight of authority, leave of court should be required prior to the issuance of a subpoena on a bankruptcy trustee and his counsel. *See e.g.*, *Eagan Avenatti*, 637 B.R. at 507-10; *In re Circuit City Stores, Inc.*, 557 B.R. at 449. Moreover, it is frankly impractical to suggest that a

proponent need not obtain leave prior to the issuance of the subpoena, but prior to seeking contempt proceedings against a bankruptcy trustee stemming from such a subpoena.

The Proponent attempts to factually distinguish *Eagan Avenatti* from this case by asserting that, in *Eagan Avenatti*, the trustee was ordered to produce a substantial number of documents in New York, potentially imposing an undue cost burden on the Estate. *See* Opp., pg. 8, lns. 11-19. In this case, the Proponent claims that the requested documents are communications exchanged between two people over a six-year period. *Id*. These factual disparities, however, do not overcome the ultimate holding in *Eagan Avenatti*. Regardless of the time incurred with complying with a subpoena, under *Eagan Avenatti*, a third party must obtain leave from the Bankruptcy Court prior to serving a subpoena on a bankruptcy trustee and his counsel; failure to do so results in a violation of the *Barton* Doctrine.

In this case, Proponent simply failed to obtain this Court's approval prior to serving the Subpoena on MH.[2] As such, Trustee respectfully requests that this Court adopt the reasoning set forth in *Eagan Avenatti* and hold that (i) the Proponent violated the *Barton* Doctrine by serving the Subpoena without leave of this Court; and (ii) as a result, Trustee and MH are not required to respond with the Subpoena (unless or until this court grants leave after notice and a hearing).

### B. 28 U.S.C. § 959(b) should not excuse a proponent's failure to obtain leave and comply with the *Barton* Doctrine when issuing a subpoena.

The Proponent attempts to circumvent the requirements of the *Barton* Doctrine by relying on 28 U.S.C. § 959(b). *See* Opp., pg. 10, lns. 7-17. Under 28 U.S.C. § 959(a), a bankruptcy trustee may

---

[2] The Trustee is also informed that the Proponents did not serve the Subpoena on plaintiffs U.S. Real Estate Credit Holdings III-A, LP ("USRECH") and Calmwater Asset Management, LLC ("Calmwater") (collectively, USRECH and Calmwater are referred to as the "Plaintiffs") in the State Court Action. The Trustee is further informed that the Plaintiffs only discovered the Subpoena when Trustee filed the Motion and that the Plaintiffs intend to file (i) a motion to quash the Subpoena in the State Court Action; and (ii) a response to the Opposition. The Trustee believes that a motion to quash the Subpoena filed by the Plaintiffs will render the Motion moot and does not object to this Court decides to defer a ruling on the Motion to allow for the State Court to rule on the Plaintiffs' motion to quash.

be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. *See* 28 U.S.C. § 959(a). A bankruptcy trustee shall also manage and operate the property in his possession as trustee according to the requirements of the valid laws of the State in which the property is situated, in the same manner that the owner or possessor of the property would be bound to do if in possession of such property. *Id*. at § 959(b).

Without any legal authority addressing the specific issue,[3] the Proponent claims that "Trustee, like the rest of us, must comply with the law, including discovery requests" and that the "*Barton* [D]octrine does not and cannot override the mandate in [28 U.S.C. § 959(b)]." *See* Opp., pg. 10, lns. 14-17.

In *In re E. Coast Foods*, the BAP recently rejected an argument that 28 U.S.C. § 959(a) serves as a broad exception to the *Barton* Doctrine and allows a party to sue a bankruptcy trustee without leave of court. 2023 Bankr. LEXIS 1789, at *6 (9th Cir. B.A.P. July 19, 2023). Indeed, the Ninth Circuit has explained that 28 U.S.C. § 959(a) sets forth a limited exception that applies:

> only if the trustee or other officer is actually operating the business, and only to acts or transactions in conducting the debtor's business in the ordinary sense of the words or in pursuing that business as an operating enterprise. Section 959(a) does not apply to suits against trustees for administering or liquidating the bankruptcy estate. Actions taken in the mere continuous administration of property under order of the court do not constitute an "act" or "transaction" in carrying on business connected with the estate. The few examples of suits that have been allowed under [28 U.S.C.]

---

[3] Proponent cites to three cases in support of the claim that the *Barton* Doctrine does not override 28 U.S.C. § 959(b): *Hillis Motors v. Hawaii Auto. Dealers' Ass'n (In re Hillis Motors)*, 997 F.2d 581, 593 (9th Cir. 1993) (reversing lower court's grant of summary judgment because appellants had standing to sue and rejecting appellee's contention that 28 U.S.C. § 959(b) functions as an exception to the automatic stay), *Robinson v. Michigan Consol. Gas Co.*, 918 F.2d 579 (6th Cir. 1990) (non-binding, out-of-circuit case reversing summary judgment because plaintiffs' state law claims were not pre-empted by the Bankruptcy Code and reasoning that there was a second independent basis for jurisdiction under 28 U.S.C. § 959(a)), and *Saravia v. 1736 18th Street, N.W., Ltd. Partnership*, 844 F.2d 823, 826-27 (D.C. Cir. 1988) (non-binding, out-of-circuit case affirming judgment of district court's and reasoning that the right of rejection under 11 U.S.C. § 365 does not preempt local housing law).

Notably, none of these cited cases hold that a bankruptcy trustee or his counsel must comply with a subpoena served by a proponent that failed to comply with the *Barton* Doctrine simply because of the language of 28 U.S.C. § 959(b).

> § 959(a) include a wrongful death action filed against an operating railroad trustee
> and suits for wrongful use of another's property.

*In re Crown Vantage, Inc.*, 421 F.3d at 971-72. While the Proponent has not sued the Trustee, he has argued that the *Barton* Doctrine does not override the language of 28 U.S.C. § 959(b). This argument, however, is inconsistent with case law interpreting § 959(a). If a party is required to comply with the *Barton* Doctrine to pursue an action against a bankruptcy trustee under § 959(a), other parties should likewise be required to comply with the *Barton* Doctrine when demanding that a bankruptcy trustee manage and operate property, such as responding to a subpoena.[4]

In this case, the Proponent has not sued the Trustee, but he is arguing that 28 U.S.C. § 959(b) should not be subject to the *Barton* Doctrine. Such an argument is inconsistent with the statutory framework of 28 U.S.C. § 959 and unsupported by any applicable legal authority. If Proponent's assertion were true, then any party would be able to utilize 28 U.S.C. § 959(b) as an excuse to compel a bankruptcy trustee's compliance with litigation, including responding to a subpoena. While the Proponent does not believe such an action falls within the scope of the *Barton* Doctrine, Trustee respectfully disagrees.

### C. Requiring a party to comply with the *Barton* Doctrine prior to issuing a third-party subpoena on a bankruptcy trustee is not inconsistent with case law regarding the automatic stay.

Proponent argues further that the requirement that a third party obtain leave from the Bankruptcy Court prior to issuing a subpoena on a bankruptcy trustee is inconsistent with case law

---

[4] Trustee's counsel has not yet found case law that supports or refutes the proposition that 28 U.S.C. § 959(b) excuses a proponent from complying with the *Barton* Doctrine prior to serving a subpoena on a bankruptcy trustee. Rather, case law regarding the *Barton* Doctrine and 28 U.S.C. § 959(b) focuses on whether a bankruptcy trustee must comply with state law, or if such state law is preempted by the Bankruptcy Code. *See e.g.*, *Virginia v. Beskin*, 581 B.R. 162, 166 (W.D. Va. 2017) (rejecting argument that a trustee must comply with state law under 28 U.S.C. § 959(b) because "this catch-all provision is best read as allowing state law to fill in responsibilities unaddressed by the Code, not as overruling the Code's plain meaning *sub silentio*").

holding that the issuance of third-party discovery to a bankruptcy trustee does not violate the automatic stay. *See* Opp., pgs. 10-11, lns. 18-2. Again, the Proponent relies on case law that does not support his legal assertions.[5] Simply put, the Proponent's argument compares apples and orange. Whether or not a party violates the automatic stay is separate and distinct from whether that party should have obtained leave from the Bankruptcy Court prior to issuing a subpoena on a bankruptcy trustee. Thus, the Proponent's argument that the application of the *Barton* Doctrine to the issuance of subpoenas is inconsistent with the framework of 11 U.S.C. § 362 holds no weight.

### D. All documents within the possession of a trustee during the pendency of a bankruptcy case are not public record.

Again, without any applicable legal authority, the Proponent argues that "[e]very document generated by the estate's representative, the Trustee, in some measure, [is] a court record." *See* Opp., pg. 11, at lns. 3-4. This argument is not only unrealistic, but disregards the various privileges held by a bankruptcy trustee throughout a bankruptcy case. For example, a bankruptcy trustee of a corporate debtor is the holder of the corporate debtor's attorney-client privilege. *See Commodity Futures Trading Com. v. Weintraub*, 471 U.S. 343, 356 (1985). Thus, it is absurd to argue that every document that passes through the hands of a bankruptcy trustee is a court record that should be available for public inspection.

### E. Trustee is a fiduciary for creditors of the Estate and has a duty to only expend Estate resources to comply with properly issued Subpoenas.

The Proponent takes further aim at the Trustee's decision to file the Motion by describing it

---

[5] For example, the Proponent cites to *Groner v. Miller (In re Miller)*, 262 B.R. 499, 505 (9th Cir. B.A.P. 2001), which held that the issuance of a deposition subpoena on a debtor, who had been a defendant in state court litigation but for whom the litigation was stayed, for the purpose of pursuing claims against a co-defendant, did not violate 11 U.S.C. § 362(a)(1). The Proponent also cites to *Kenoyer v. Cardinale (In re Kenoyer)*, 489 B.R. 103, 121-22, which held that the proponent did not violate the automatic stay by listing the debtor as a witness because it ceased prosecution against the debtor and did not act to collect, assess, or recover a claim against the debtor).

as an "over-the-top reaction" to the Subpoena "suggest[ing] the communications include exchanges that are problematic for one reason or another." *See* Opp., pg. 4, lns. 2-3. The Proponent's assertions are completely unfounded. As mentioned by the Proponent himself in his Opposition, Trustee is a fiduciary for the creditors of the Estate. *Id*. at pg. 6, lns. 19-21. As such, the Trustee has a duty to safeguard the Estate from (i) responding to subpoenas served that do not comply with the *Barton* Doctrine; and (ii) expending Estate resources to comply with subpoenas issued without Court approval. Trustee is not attempting to hide anything from the creditors of the Estate. If this Court determines that the Proponent did not violate the *Barton* Doctrine by failing to obtain court approval prior to the issuance of the Subpoena, then Trustee will comply with the Subpoena. The motion was also filed only after a meet and confer between counsel did not resolve the dispute.

### F. If the Court is not inclined to find that the *Barton* Doctrine prevents issuance of the Subpoena, then the Court should authorize Trustee to incur the administrative expense.

The Proponent conclusively states, without any evidentiary support, that the Trustee has expended thousands of estate dollars in preparing the Motion. *See* Opp., pg. 4-5, lns. 27-2. This is simply not the case. First and foremost, the Subpoena is not the first occurrence of this Trustee's receipt of third-party discovery from a proponent that failed to obtain bankruptcy court approval. Indeed, the Trustee in this case is the same bankruptcy trustee in *Eagan Avenatti* and is currently represented by the same law firm, MH, in connection with that case. Moreover, if the Proponent believes that it will not take the Trustee more than "a single hour of time," to conduct a search to comply with the Subpoena, then the Proponent should not have any concern with the Trustee's proposed alternative relief in the Motion.

Moreover, the Proponent's offer to finance the Trustee's efforts in responding to the Subpoena was raised for the first time in the Opposition. If this Court determines that the Proponent did not violate the *Barton* Doctrine by failing to obtain court approval prior to the issuance of the Subpoena, then Trustee is more than willing to allow the Proponent to compensate the Estate for the resources that Trustee will inevitably incur in responding to the Subpoena.

## F. The Opposition contains several factual misstatements that are unsupported by any admissible evidence.

In the "Summary of Relevant Facts," the Proponent details his narrative regarding the alleged conduct of the parties in the State Court Action. *See* Opp., pgs. 4-6. This narrative, however, contains numerous factual misstatements that are unsupported by admissible evidence and must be addressed. First, the Trustee was not persuaded by the Plaintiffs to file a lawsuit seeking title to the "Lighthouse" property.[6] On February 15, 2023, after reviewing the facts of the case, the Trustee filed an adversary proceeding against Force-DMP, LLC, Desert Medical Properties, Inc., Quonset Partners, LLC, SGE Realty, LLC, and the Coachella Lighthouse, LLC, seeking to, among other things, avoid, recover, and preserve Debtor's fraudulent transfer of the real property located at 84160 Ave. 48, Coachella, California 92236. *See* Adv. Case No. 2:23-ap-01081-BB. The Trustee did not file this adversary proceeding because of Plaintiffs' alleged persuasion.

Moreover, the Proponent's argument that USRECH engaged in a violation of 11 U.S.C. § 363(n) in connection with the sale of "the Glenroy property" by allegedly "dissuading other potential buyers from bidding for this asset" and "falsely inflating its debt total," is untimely. *See* Opp., pg. 7, lns. 1-13.[7] The sale of the Glenroy Property was an arm's length transaction between Trustee and USRECH, as the only party that submitted a qualified bid to purchase the Glenroy Property.

On October 22, 2021, as Dk. No. 490, the Court entered an order granting the Sale Motion ("Sale Order"). Any dispute regarding the Sale Order should have been timely raised by the

---

[6] Despite the Proponent's failure to defined "Lighthouse" property, it is likely that the Proponent is referring to the real property located at 84160 Ave. 48, Coachella, California 92236.

[7] Again, the Opposition is vague, but it appears that the Proponent is referring to the Trustee's Motion for Order Authorizing 1) Sale of Real Property Located at 84151 Avenue 48, Coachella, CA ("Glenroy Property") and Related Assets: (A) Outside the Ordinary Course of Business; (B) Free and Clear of Liens, Claims, and Encumbrances; (C) Subject to Overbid; (D) For Determination of Good Faith Purchaser Under 11 U.S.C. § 363(m); and 2) Assumption of Executory Contracts and Unexpired Leases under 11 U.S.C. § 365 ("Sale Motion").

Proponent in connection with an appeal or motion for reconsideration. The Proponent failed to comply with the proper procedure and, as such, any argument regarding the Sale Order should be disregarded. The Sale Order is final.

**3.    Conclusion**

Based on the foregoing, Trustee respectfully requests that the Court:

1.    Enter an order determining that Trustee does not have to respond to the Subpoena based on the Proponent's Failure to Comply with the *Barton* Doctrine;

2.    In the alternative, enter an order authorizing Trustee to incur administrative expenses and to use estate property to respond to the Subpoena; and

3.    For such other and further relief as the Court may deem just and proper.

Dated: August 30, 2023                MARSHACK HAYS LLP

By: /s/ *D. Edward Hays*
D. EDWARD HAYS
CHAD V. HAES
SARAH R. HASSELBERGER
General Counsel for Richard A. Marshack,
Chapter 7 Trustee for the Bankruptcy Estate of
GLENROY COACHELLA, LLC

## Declaration of Richard A. Marshack

I, RICHARD A. MARSHACK, say and declare as follows:

1. I am the duly appointed, qualified, and acting chapter 7 Trustee ("Trustee") for the bankruptcy estate ("Estate") of Glenroy Coachella, LLC ("Debtor").

2. I am also a partner in the law firm of Marshack Hays LLP which serves as my general counsel in this bankruptcy case.

3. Unless otherwise stated, the facts set forth in this declaration are personally known to me and if called as a witness, I could and would competently testify thereto.

4. I make this Declaration in support my Reply ("Reply") to Defendant Elliot B. Lander's Opposition ("Opposition") to Chapter 7 Trustee's Motion for Entry of Order (1) Determining That Trustee Does Not Have to Respond to Non-Bankruptcy Court Subpoena for Failure to Comply with *Barton* Doctrine; or, in the alternative, (2) Authorizing Trustee to Incur Administrative Expenses and to Use Estate Property to Respond to Non-Bankruptcy Court Subpoena ("Motion").

5. I am the Chapter 7 trustee in the Eagan Avenatti, LLP bankruptcy case. In that matter, I received subpoenas including from Michael Avenatti in connection with his criminal trial in the Southern District of New York for misappropriating funds belonging to a client, Stephanie Clifford. Given the potential lack of subject matter jurisdiction arising from the failure to first obtain leave of the bankruptcy court prior to service of the subpoena, I filed a motion seeking entry of an order whether I was required to comply and use estate property to respond. The bankruptcy court denied the motion and published its ruling. *In re Eagan Avenatti, LLP*, 637 B.R. 502, 506 (Bankr. C.D. Cal. 2022) (citing *Barton v. Barbour*, 104 U.S. 126, 136-37 (1886)).

6. I was represented by Marshack Hays LLP ("MH") in connection with the *Eagan Avenatti* bankruptcy case.

7. I am informed by my counsel that the Proponents did not serve the Subpoena on plaintiffs U.S. Real Estate Credit Holdings III-A, LP ("USRECH") and Calmwater Asset Management, LLC ("Calmwater") (collectively, USRECH and Calmwater are referred to as the

"Plaintiffs") in the State Court Action.

8. I am further informed by my counsel that the Plaintiffs only discovered the Subpoena when Trustee filed the Motion and that the Plaintiffs intend to file (i) a motion to quash the Subpoena in the State Court Action; and (ii) a response to the Opposition. I believe that a motion to quash the Subpoena will likely render the Motion moot and I do not object if this Court decides to defer a ruling on the Motion to allow for the State Court to rule on the Plaintiffs' motion to quash.

9. On September 15, 2021, I filed the Motion for Order Authorizing 1) Sale of Real Property Located at 84151 Avenue 48, Coachella, CA and Related Assets: (A) Outside the Ordinary Course of Business; (B) Free and Clear of Liens, Claims, and Encumbrances; (C) Subject to Overbid; (D) For Determination of Good Faith Purchaser Under 11 U.S.C. § 363(m); and 2) Assumption of Executory Contracts and Unexpired Leases under 11 U.S.C. § 365 ("Sale Motion"). The sale of the Glenroy Property was an arms' length transaction.

10. On February 15, 2023, after reviewing the facts of the case, I filed an adversary proceeding against Force-DMP, LLC, Desert Medical Properties, Inc., Quonset Partners, LLC, SGE Realty, LLC, and the Coachella Lighthouse, LLC, seeking to, among other things, avoid, recover, and preserve Debtor's fraudulent transfer of the real property located at 84160 Ave. 48, Coachella, California 92236. I was not persuaded by the Plaintiffs to file this adversary proceeding.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 30, 2023.

RICHARD A. MARSHACK

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled: **REPLY TO DEFENDANT ELLIOT B. LANDER'S OPPOSITION TO TRUSTEE'S MOTION FOR ORDER (1) DETERMINING THAT TRUSTEE DOES NOT HAVE TO RESPOND TO NON-BANKRUPTCY COURT SUBPOENA FOR FAILURE TO COMPLY WITH BARTON DOCTRINE; OR, IN THE ALTERNATIVE, (2) AUTHORIZING TRUSTEE TO INCUR ADMINISTRATIVE EXPENSES AND TO USE ESTATE PROPERTY TO RESPOND TO NON-BANKRUPTCY COURT SUBPOENA; DECLARATION OF RICHARD A. MARSHACK IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 30, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **August 30, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 30, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA OVERNIGHT MAIL:**
**PRESIDING JUDGE'S COPY**
HONORABLE SHERI BLUEBOND
UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA
EDWARD R. ROYBAL FEDERAL BUILDING AND COURTHOUSE
255 E. TEMPLE STREET, SUITE 1534 / COURTROOM 1539
LOS ANGELES, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 30, 2023 | Layla Buchanan | */s/ Layla Buchanan* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                                    F 9013-3.1.PROOF.SERVICE

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:
   - **ATTORNEY FOR INTERESTED PARTY EFO FINANCIAL GROUP LLC:** Steven M Berman sberman@shumaker.com, cparrish@shumaker.com; bgasaway@shumaker.com
   - **INTERESTED PARTY COURTESY NEF:** Joseph Boufadel jboufadel@salvatoboufadel.com, Gsalvato@salvatoboufadel.com; gsalvato@ecf.inforuptcy.com
   - **ATTORNEY FOR CREDITOR SAXON ENGINEERING SERVICES INC AND COMMITTEE OF UNSECURED CREDITORS:** Daren Brinkman firm@brinkmanlaw.com, 7764052420@filings.docketbird.com
   - **ATTORNEY FOR CREDITOR and DEFENDANT DOUG WALL CONSTRUCTION, INC. and DEFENDANT CITY OF COACHELLA:** Caroline Djang cdjang@buchalter.com, docket@buchalter.com; lverstegen@buchalter.com
   - **INTERESTED PARTY COURTESY NEF:** Jenny L Doling jd@jdl.law, dolingjr92080@notify.bestcase.com; 15994@notices.nextchapterbk.com
   - **ATTORNEY FOR CREDITORS LASERSCOPIC MEDICAL CLINIC, LLC; LASERSCOPIC SPINAL CENTERS OF AMERICA, INC.; AND JOE SAMUEL BAILEY:** Jonathan R Doolittle jonathan.doolittle@pillsburylaw.com, courtalertecf@pillsburylaw.com
   - **INTERESTED PARTY COURTESY NEF:** Richard T Egger richard.egger@bbklaw.com, linda.tapia@bbklaw.com
   - **ATTORNEY FOR U.S. TRUSTEE (LA):** Eryk R Escobar eryk.r.escobar@usdoj.gov
   - **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** Chad V Haes chaes@marshackhays.com, chaes@ecf.courtdrive.com; cmendoza@ecf.courtdrive.com; cmendoza@marshackhays.com; kfrederick@ecf.courtdrive.com
   - **ATTORNEY FOR CREDITOR BLAIR AIR, INC.:** Brian S Harnik bharnik@rhlawfirm.com, bharnik@rhlawfirm.com
   - **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** Sarah Rose Hasselberger shasselberger@marshackhays.com, shasselberger@ecf.courtdrive.com; cbastida@marshackhays.com; kfrederick@ecf.courtdrive.com
   - **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
   - **ATTORNEY FOR CREDITOR ORCO BLOCK & HARDSCAPE:** William C Hoggard wch@wchlawgroup.com, admin@wchlawgroup.com
   - **INTERESTED PARTY COURTESY NEF:** Mark S Horoupian mark.horoupian@gmlaw.com, mhoroupian@ecf.courtdrive.com; cheryl.caldwell@gmlaw.com; karen.files@gmlaw.com
   - **ATTORNEY FOR CREDITOR U.S. REAL ESTATE CREDITOR HOLDINGS III-A, LP:** Marsha A Houston mhouston@reedsmith.com, hvalencia@reedsmith.com
   - **ATTORNEY FOR PLAINTIFFS QUONSET PARTNERS LLC and THE COACHELLA LIGHTHOUSE, LLC:** Aluyah I Imoisili aimoisili@drwelchlaw.com
   - **INTERESTED PARTY COURTESY NEF:** Sandra Khalili skhalili@rpblaw.com, maltamirano@rpblaw.com
   - **INTERESTED PARTY COURTESY NEF:** Michael S Kogan mkogan@koganlawfirm.com
   - **ATTORNEY FOR INTERESTED PARTY GARY STIFFELMAN:** Timothy R Laquer trl@ddclaw.com, trl@ddclaw.com
   - **ATTORNEY FOR DEBTOR GLENROY COACHELLA, LLC:** Crystle Jane Lindsey crystlelindsey27@gmail.com
   - **INTERESTED PARTY COURTESY NEF:** Tinho Mang tmang@marshackhays.com, tmang@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@ecf.courtdrive.com
   - **TRUSTEE RICHARD A MARSHACK (TR):** Richard A Marshack (TR) pkraus@marshackhays.com, rmarshack@iq7technology.com; ecf.alert+Marshack@titlexi.com
   - **ATTORNEY FOR CREDITOR PORSCHE FINANCIAL SERVICES, INC. dba BENTLEY FINANCIAL SERVICES and CREDITOR PORSCHE LEASING LTD:** Stacey A Miller smiller@tharpe-howell.com
   - **ATTORNEY FOR CREDITOR L & W SUPPLY CORPORATION dba CALPLY and CREDITOR THE SHERWIN-WILLIAMS COMPANY:** Michael K Murray mkmurray@lanak-hanna.com, lrarriaga@lanak-hanna.com
   - **ATTORNEY FOR DEFENDANT CITY OF COACHELLA and DEFENDANT DOUG WALL CONSTRUCTION, INC.:** Dustin Nirschl dustin.nirschl@bbklaw.com, linda.tapia@bbklaw.com; wilma.escalante@bbklaw.com
   - **ATTORNEY FOR CHAPTER 7 TRUSTEE RICHARD A MARSHACK (TR):** Ryan D O'Dea rodea@shulmanbastian.com, lgauthier@shulmanbastian.com
   - **ATTORNEY FOR DEFENDANT DESERT MEDICAL PROPERTIES, INC.; DEFENDANT DESERT MEDICAL PROPERTIES, INC., A CALIFORNIA CORPORATION; DEFENDANT FORCE-DMP, LLC; DEFENDANT

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                  F 9013-3.1.PROOF.SERVICE

- **ELLIOT B LANDER; and INTERESTED PARTY STUART RUBIN:** Sean A OKeefe sokeefe@okeefelc.com, seanaokeefe@msn.com
- **ATTORNEY FOR DEFENDANT HARBOR TRADING USA and DEFENDANT ROSR, INC.:** Zachary Page ztp@lnbyg.com
- **INTERESTED PARTY COURTESY NEF:** R Gibson Pagter, Jr. gibson@ppilawyers.com, pagterandperryisaacson@jubileebk.net
- **ATTORNEY FOR CREDITOR COUNTY OF RIVERSIDE TREASURER-TAX COLLECTOR:** Ronak N Patel rpatel@rivco.org, suhernandez@rivco.org; dresparza@rivco.org
- **INTERESTED PARTY COURTESY NEF:** Matthew D Pham mpham@allenmatkins.com, mdiaz@allenmatkins.com
- **ATTORNEY FOR CREDITOR LAW OFFICES OF JEFFREY D SEGAL, A PROFESSIONAL CORPORATION:** Sheila M Pistone sheila@pistonelawoffice.com, sheilapistone@yahoo.com
- **ATTORNEY FOR CREDITOR GF INVESTMENT GROUP, INC. DBA THE INVESTMENT CENTER, A CALIFORNIA CORPORATION:** Maria Plumtree agrow@plumtreelaw.com, mplumtree@plumtreelaw.com
- **ATTORNEY FOR CREDITORS AL MILLER & SONS ROOFING CO INC; APPLE J PLUMBING; DESERT PALM ELECTRIC INC; JACOBSSON ENGINEERING CONSTRUCTION INC; MASCORRO CONCRETE CONSTRUCTION INC; TANDEM WEST GLASS INC; TEMALPAKH INC DBA THE WORKS FLOOR & WALL:** Thomas J Polis tom@polis-law.com, paralegal@polis-law.com; r59042@notify.bestcase.com
- **CREDITOR ALLY BANK LEASE TRUST – ASSIGNOR TO VEHICLE ASSET UNIVERSAL LEASING TRUST (AKA "VAULT TRUST", OR "V.A.U.L. TRUST", OR "VAULT", OR "V.A.U.L.T."), C/O AIS PORTFOLIO:** Arvind Nath Rawal arawal@aisinfo.com
- **INTERESTED PARTY COURTESY NEF:** Ronald N Richards ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **ATTORNEY FOR CREDITOR CALIFORNIA STATEWIDE COMMUNITIES DEVELOPMENT AUTHORITY:** Debra Riley driley@allenmatkins.com
- **ATTORNEY FOR COUNTER-DEFENDANT, CREDITOR, AND PLAINTIFF U.S. REAL ESTATE CREDITOR HOLDINGS III-A, LP:** Christopher O Rivas crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com
- **ATTORNEY FOR DEBTOR GLENROY COACHELLA, LLC:** James R Selth jselth@wztslaw.com, jselth@yahoo.com; maraki@wztslaw.com; sfritz@wztslaw.com
- **ATTORNEY FOR INTERESTED PARTY LATHAM MANAGEMENT & CONSULTING SERVICES, INC.:** Leonard M Shulman lshulman@shulmanbastian.com
- **ATTORNEY FOR CREDITOR A. STUART RUBIN AND INTERESTED PARTIES ELLIOT LANDER AND STUART RUBIN:** Evan L Smith els@elsmithlaw.com
- **ATTORNEY FOR INTERESTED PARTY EDWIN W. LESLIE, RECEIVER:** Alan G Tippie Alan.Tippie@gmlaw.com, atippie@ecf.courtdrive.com; Karen.Files@gmlaw.com, patricia.dillamar@gmlaw.com, denise.walker@gmlaw.com
- **U.S. TRUSTEE (LA):** United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
- **ATTORNEY FOR DEBTOR GLENROY COACHELLA, LLC:** Daniel J Weintraub dan@wsrlaw.net, vinnet@ecf.inforuptcy.com
- **ATTORNEY FOR DEFENDANT HARBOR TRADING USA and DEFENDANT ROSR, INC.:** Beth Ann R. Young bry@lnbyg.com, bry@lnbyb.com

4884-8458-8925, v. 1

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE