D. EDWARD HAYS, #162507
ehays@marshackhays.com
CHAD V. HAES, #2767221
chaes@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
RICHARD A. MARSHACK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GLENROY COACHELLA, LLC,<br><br>Debtor. | Case No. 2:21-bk-11188-BB<br><br>Chapter 7<br><br>CHAPTER 7 TRUSTEE'S OPPOSITION TO FIRST AND FINAL APPLICATION FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE FORMER OFFICIAL COMMITTEE OF UNSECURED CREDITORS FILED BY BRINKMAN LAW GROUP, PC<br><br>[MOTION DK. NO. 791]<br><br><u>Hearing:</u><br>Date: January 31, 2024<br>Time: 2:00 p.m.<br>Ctrm: 1539[1] |

---

[1] Due to the COVID-19 outbreak, Judge Bluebond will be holding all hearings remotely until further notice. Some hearings will be held via telephone using CourtCall and some hearings will be held via ZoomGov. The cover page for the publicly posted hearing calendar will state whether the hearings that day will be held via telephone by CourtCall or via ZoomGov. The calendar is posted to the public at least two weeks prior to the hearing and can be accessed at the following web address: http://ecf-ciao.cacb.uscourts.gov/CiaoPosted/?jid=BB (Click on the "Select Judge" tab on the upper left side of the screen and select Judge Bluebond).

1

OPPOSITION TO FEE APPLICATION

4833-2572-3362,v.1/1015-142

TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

    Richard A. Marshack, in his capacity as Chapter 7 Trustee of the Bankruptcy Estate of Glenroy Coachella, LLC, submits this opposition to Brinkman Law Group, PC's ("Applicant") First and Final Application for Compensation for Services and Reimbursement of Expenses as Counsel to the Former Official Committee of Unsecured Creditors, filed on January 10, 2024, as Dk. No. 791 ("Application").

**1.    Summary of Argument**

    Applicant seeks final approval of fees and expenses totaling $97,871.50 and payment from the Estate of $690.15 on account of unpaid fees and costs incurred during the approximately six-month period commencing when the Former Official Committee of Unsecured Creditors ("Committee") was appointed (March 10, 2021) through the date of conversion of this bankruptcy case from Chapter 11 to Chapter 7.[2] Pursuant to 11 U.S.C. § 726(b), pre-conversion administrative expenses are subordinate to post-conversion administrative expenses. As the Estate continues to incur post-conversion administrative expenses, and it is not yet known what assets will be available for payment of creditors, any fees and expenses awarded to Applicant should be allowed only on an interim basis, with no prejudice to interested parties making further objection at the appropriate time for application for final allowance of fees and costs. Or, in the alternative, should the Court award fees and costs on a final basis, the Court should also order that no payments need be made now on account of any allowed Chapter 11 administrative claim.

    As set forth below, the Court should also reduce the total fees allowed because Applicant has not met its burden to establish the benefit conferred on creditors and because certain of the requested fees are excessive in light of the circumstances of this bankruptcy case.

/ / /

---

[2] Although the Application defines the "Application Period" as March 10, 2021, through January 8, 2024, nearly all of Applicant's fees and costs were incurred during the Chapter 11 portion of this case. After the case was converted from Chapter 11 to Chapter 7 on September 17, 2021, the Committee ceased to exist and Applicant no longer had a client.

**1.    Factual Background**

On February 15, 2021, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

On February 17, 2021, as Dk. No. 16, creditor U.S. Real Estate Credit Holdings III-A, LP ("USRECH") filed a Motion for Appointment of Chapter 11 Trustee.

On March 10, 2021, as Dk. No. 110, the Office of the United States Trustee, filed a Notice of Appointment of Committee of Creditors Holding Unsecured Claims, and appointing the Committee ("Committee").

On March 12, 2021, as Dk. No. 120, the Court granted the Motion for the Appointment of a Chapter 11 Trustee.

On March 19, 2021, as Dk. No. 126, the Court entered an order approving the United States Trustee's application for the appointment of a Chapter 11 Trustee.

On March 25, 2021, as Dk. No. 136, the Committee filed Application of Committee of Unsecured Creditors for Order Authorizing Employment of Brinkman Law Group, PC as Counsel. On May 7, 2021, as Dk. No. 202, the Court entered an order authorizing employment of Brinkman Law Group, PC as Committee Counsel.

On September 17, 2021, as Dk. No. 451, the Court entered an order granting the Motion to Convert this case to Chapter 7.

On January 10, 2024, as Dk. No. 791 Applicant filed a first and final application seeking an order for payment of $97,871.50 in compensation for services rendered and $690.15 in reimbursement of expenses.

**2.    Applicant's fees and costs are subordinated to the Chapter 7 Trustee's fees and costs.**

The Application should be denied to the extent Applicant requests immediate payment of any allowed Chapter 11 fees and costs because they are subordinate to Chapter 7 administrative claims. Until Trustee has sufficient funds to pay all allowed Chapter 7 claims (which claims are ongoing), no Chapter 11 fees of any professional will be paid.

The priority of estate distributions in a Chapter 7 case is governed by 11 U.S.C. § 726. The first distributions from the estate are to claims granted priority under § 507 of the Code. *In re King*, 392 B.R. 62, 67 (Bankr. S.D.N.Y. 2008); 11 U.S.C. § 726(a)(1). The payment of claims allowed under § 507(a) are typically made *pro rata* among claims of a kind specified in § 507, **except** in a case that has been converted to a case under Chapter 7 pursuant to §1112. 11 U.S.C. § 726(b). Under the § 726(b) exception, claims by pre-conversion professionals retained under § 327 are subordinated to Chapter 7 trustee post-conversion expenses. *In re King*, 392 B.R. at 67. Here, Applicant was retained to represent the Committee during the Chapter 11 phase of this case. Thus, Applicant's fees are subordinate to post-conversion fees and expenses of the Trustee and his professionals.

Because Applicant's fees are subordinate to Chapter 7 administrative claims, the Court should deny the request for immediate payment. "The determination of when an administrative expense is to be paid is within the discretion of the trial court." *Spartan Plastics v. Verco Indus*. (*In re Verco Indus*.), 20 B.R. 664, 665 (9th Cir. BAP 1982). "If recoveries for post-conversion professionals were subject to dilution based solely on the timing of pre-conversion professional fee applications, the Code's priorities would be undermined, making payment to post-conversion professionals a function of timing rather than the edicts of the Code." *In re King*, 392 B.R. at 68. If the Estate pays Applicant's fees and costs now, higher priority claims of the Trustee and his professionals will be subject to dilution.

Trustee also requests that any award to Applicant be allowed at this time only on interim basis. Given the uncertainties about the full extent of the estate's recoveries, it is uncertain how much money will become available to pay Chapter 11 claims. As such, Trustee deferred an in-depth review of Applicant's request not wanting to incur Chapter 7 administrative claims until it was known what impact allowance of the present request will have in the case. Thus, any fees and costs awarded to Applicant should be allowed only as interim compensation with no prejudice to any "objections that can be made as the estate is administered and investigated." *Id*. at 70.

### 3. Applicant has not met its burden to establish the benefit conferred on creditors.

Professionals have the burden to show that the expenses incurred – fees and costs – were reasonable and necessary. *See In re Basham*, 208 B.R. 926 (9th Cir. BAP 1997) (fee applicant bears the burden of establishing entitlement to an award); *In re Crown Orthodontic Dental Group*, 159 B.R. 307, 309 (Bankr. C.D. Cal. 1993) (pursuant to § 330 of the Bankruptcy Code, the applicant must show that the fees requested are necessary and reasonable). The burden of proof to show entitlement to fees should "not be taken lightly, especially given that every dollar expended on legal fees results in a dollar less that is available for distribution to the creditors." *In re Spanjer Brothers, Inc.*, 191 B.R. 738, 747 (Bankr. N.D. Ill. 1996), citing *In re Pettibone Corp.*, 74 B.R. 293, 294 (Bankr. N.D. Ill. 1987).

The Application fails to establish with specificity the benefit conferred on the Estate. The vast majority of Applicant's time entries relate to Applicant's "review" of filings and e-mails. Such "reviews" of documents and e-mails, however, rarely resulted in any further action taken by Applicant. The Committee, in fact, filed only two substantive pleadings in this case.

Applicant has neither provided the Court nor the Trustee with sufficient evidence that its efforts resulted, or will result, in greater distributions to creditors, a net recovery for the Estate, or an a benefit to the Committee sufficient to justify an approximate six-figure administrative claim. Unless and until Applicant demonstrates a benefit conferred on creditors, the Applications should be denied.

### 4. Applicant has failed to demonstrate that the requested compensation should be allowed.

Under § 330(a)(2), the Court has the authority to award less compensation than the amounts requested. "The court may, on its own motion or on the motion of ... any other party in interest, award compensation that is less than the amount of compensation that is requested." 11 U.S.C. § 330(a)(2).

> In determining the amount of reasonable compensation to be awarded, the Court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including - (A) the time spent on

such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under title 11, (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3)(4); *see also In re Crown Orthodontic Dental Group*, *supra* at 309 (Bankr. C.D. Cal. 1993) (The court is not bound to award the fees sought, and in fact has a duty to independently examine the reasonableness of the fees).

Professionals are only entitled to reasonable compensation for the actual, necessary services rendered and for reimbursement for actual, necessary expenses. 11 U.S.C. § 330(a)(1). The Ninth Circuit has stated that the bankruptcy court must ensure "that the attorneys only charge for services that benefit the estate, and that they charge only for "reasonable fees." *Neben & Starrett, Inc. v. Chartwell Financial Corporation* (*In re Park-Helena Corp.*), 63 F.2d 877, 880 (9th Cir. 1995).

Here, certain categories of billing entries appear unreasonable and excessive. Reasonableness is determined, in part, by the performance of services in an "amount of time commensurate with the complexity, importance, and nature of the problem." 11 U.S.C. § 330(a)(3)(D).

### A.     Fees that Appear Objectively Excessive

Trustee believes that the following entries are objectively excessive in relation to the services performed and the results achieved:

- 9.4 hours billed by DRB between December 27, 2023, and December 28, 2023, for total fees of $6,533, related to this fee Application;
- 1.9 hours billed by JC on August 18, 2021, for total fees of $655.50, to "Review objections to motion to approve compromise;"
- 1.3 hours billed by DRB on August 18, 2021, for total fees of $903.50, for reviewing opposition to motion to disqualify Reed Smith;
- 1.9 hours billed by JC on August 19, 2021, for total fees of $655.50, to "Review pleadings re motion to approve compromise;"

- 3.2 hours billed by JC on September 16, 2021, for total fees of $1,104, to "Review and analyze Trustee's motion to sell property and assume contracts & application to shorten time;"
- .60 hours billed by DRB on July 13, 2021, for total fees of $417, to "Review motion for order approving receipts of deeds from tenants in common;"
- 3.4 hours billed by DRB on March 15, 2021, for total fees of $2,363, to "Review schedules and SOFA's and prepare for 341" (this entry relates to a meeting of creditors which DRB attended for less than 20 minutes [see corresponding time entry by DRB on March 16, 2021]);
- .60 hours billed by DRB on July 28, 2021, for total fees of $417, to "Review motion to convert case;"
- 1.9 hours billed by DRB on August 18, 2021, for total fees of $1,320.50, to review three oppositions;
- .80 hours billed by JC on August 20, 2021, for total fees of $276, to "Review pleadings re motion to convert case; motion and reply to opposition;"
- 1.5 hours billed by DRB on August 24, 2021, for total fees of $1,042.50, to review three replies;
- 1.4 hours billed by JC on May 13, 2021, for total fees of $483, to "Review pleadings re relief from automatic stay (tandem glass and USRECH);" and
- 6.2 hours billed by DRB and JC, for total fees of $3,014, to draft, review, and edit the Committee Bylaws (which is typically a standard form document).

The total sum of fees that Trustee finds excessive is $19,184.50. Trustee believes that a minimum 50% reduction with respect the excessive fees in this category is reasonable under the circumstances of this case. Trustee thus recommends a $9,592.25 reduction of the allowance of Applicant's fees for the above entries.

### B. Fees to Prepare for and Attend Hearings

Applicant incurred $10,750.50 of fees to prepare for and attend hearings in this case as follows:

- .30 hours billed by JC on September 15, 2021, for total fees of $103.50, to "Prepare for hearing;"
- 1.2 hours billed by JC on September 15, 2021, for total fees of $414, to "Attend hearing on Motion to Determine Value of Mechanics' Liens;"
- .90 hours billed by JC on May 3, 2021, for total fees of $310.50, to "Attend 341 Meeting;"
- 1.1 hours billed by JC on May 3, 2021, for total fees of $379.50, to "Prepare for 341 meeting; review Debtor's schedules and SOFA;"
- 3.2 hours billed by DRB on March 10, 2021, for total fees of $2,224, to "Review various pleadings regarding trustee and receiver and prepare for and attend trustee hearing;"
- 3.4 hours billed by DRB on March 15, 2021, for total fees of $2,363, to "Review schedules and SOFA's and prepare for 341;"
- 1.8 hours billed by DRB on March 23, 2021, for total fees of $1,251, to "Review schedules of assets and liabilities in preparation for 341 meeting;"
- 2.9 hours billed by DRB on March 25, 2021, for total fees of $2,015, to "Prepare for and attend 341 meeting;" and
- .30 hours billed by JC on May 5, 2021, for total fees of $103.50, to "Attend status hearing;"
- 1.20 hours billed by JC on May 20, 2021, for total fees of $414, to "Prepare for 341 meeting; review Debtor's schedules and SOFA;"
- .80 hours billed by JC on May 25, 2021, for total fees of $276, to "Prepare for hearing;"
- .40 hours billed by JC on May 25, 2021, for total fees of $138, for "Hearing on motion;"
- .40 hours billed by JC on May 26, 2021, for total fees of $138, to "Review pleadings in preparation for hearing;"
- .80 hours billed by JC on May 26, 2021, for total fees of $276, for "Hearing on motion on SARE extension or Abandonment (cont'd);"
- .30 hours billed by JC on June 16, 2021, for total fees of $103.50, to "Attend hearing (cont'd to June 30);" and
- .70 hours billed by JC on June 4, 2021, for total fees of $241.50, to "Prepare for 341 meeting; review Debtor's schedules and SOFA."

Despite thousands of dollars incurred to prepare for and attend nearly every hearing during the Chapter 11 portion of this case, Applicant filed only two substantive pleadings (*see* Dk. No. 355, Opposition to Trustee's Motion to Convert Case; and Dk. No. 388, Opposition to Trustee's Motion to Approve Compromise), both of which were adjudicated adversely to the position taken by the Committee. Of note, the objectionable billing entries in this category *do not* include fees incurred for Applicant to prepare for and attend the hearings on Trustee's Motions to Convert and to Approve Compromise.

Indeed, it is difficult to see any value conferred to the Estate from Applicant's attendance at all hearings (aside from the two in which Applicant filed papers). Trustee believes that a minimum 50% reduction of excessive fees in this category, which amounts to $5,375.25, is reasonable under the circumstances.

### C.  Fees related to Monthly Operating Reports

Applicant incurred $1,042.50 of fees to review every monthly operating report ("MOR"). The Committee, however, never took any action regarding the MORs and does not appear to have conferred with Debtor or the Chapter 11 trustee regarding the MORs. Again, it is difficult to see the benefit conferred to the Estate from Applicant's review of MORs. Another minimum 50% reduction of $521.25 in this category is appropriate under the circumstances.

### D.  Fees related to Claims Analysis

Applicant incurred $1,529 of fees to review many of the proofs of claim filed in this case and several related notices of perfection. Similar to the MORs, the Committee never took any action regarding proofs of claim – no objections to claim were filed and the Committee did not confer with Debtor or the Chapter 11 trustee regarding issues related to the claims. Trustee seeks a minimum 50% reduction in this category, which amounts to $764.50.

/ / /

/ / /

/ / /

/ / /

/ / /

## 5. Conclusion

The Trustee believes that under the facts of this case and for the reasons set forth above, the Court should enter an order allowing reduced fees and costs on an interim basis only, with no payments to be made at this time, and for such other and further relief as the Court deems proper.

Dated: January 17, 2024

MARSHACK HAYS WOOD LLP

By: */s/ Chad V. Haes*
　　　D. EDWARD HAYS
　　　CHAD V. HAES
　　　Attorneys for Chapter 7 Trustee,
　　　RICHARD A. MARSHACK

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled: **CHAPTER 7 TRUSTEE'S OPPOSITION TO FIRST AND FINAL APPLICATION FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE FORMER OFFICIAL COMMITTEE OF UNSECURED CREDITORS FILED BY BRINKMAN LAW GROUP, PC** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 17, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **January 17, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **January 17, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA OVERNIGHT MAIL:**
**PRESIDING JUDGE'S COPY**
HONORABLE SHERI BLUEBOND
UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA
EDWARD R. ROYBAL FEDERAL BUILDING AND COURTHOUSE
255 E. TEMPLE STREET, SUITE 1534 / COURTROOM 1539
LOS ANGELES, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 17, 2024 | Layla Buchanan | /s/ Layla Buchanan |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  CONTINUED:
   - **ATTORNEY FOR DEFENDANT ASR DEVELOPMENT CO., A CALIFORNIA CORPORATION, DEFENDANT QUONSET PARTNERS, LLC; and DEFENDANT ABRAHAM STUART RUBIN:** Jennifer Andrews jennifer.andrews@kutakrock.com, steven.dailey@kutakrock.com; wendy.bonsall@kutakrock.com; jeremy.williams@kutakrock.com; irvineintake@kutakrock.com
   - **ATTORNEY FOR DEFENDANT STAN ROTH:** Ryan W Beall rbeall@go2.law, kadele@go2.law; dfitzgerald@go2.law; rbeall@ecf.courtdrive.com; cmeeker@go2.law
   - **ATTORNEY FOR INTERESTED PARTY EFO FINANCIAL GROUP LLC:** Steven M Berman sberman@shumaker.com, cparrish@shumaker.com; bgasaway@shumaker.com
   - **ATTORNEY FOR DEFENDANT JOSEPH RUBIN:** Joseph Boufadel jboufadel@salvatoboufadel.com, Gsalvato@salvatoboufadel.com; gsalvato@ecf.inforuptcy.com
   - **ATTORNEY FOR CREDITOR SAXON ENGINEERING SERVICES INC AND COMMITTEE OF UNSECURED CREDITORS:** Daren Brinkman firm@brinkmanlaw.com, 7764052420@filings.docketbird.com
   - **ATTORNEY FOR CREDITOR and DEFENDANT DOUG WALL CONSTRUCTION, INC. and DEFENDANT CITY OF COACHELLA:** Caroline Djang cdjang@buchalter.com, docket@buchalter.com; lverstegen@buchalter.com
   - **INTERESTED PARTY COURTESY NEF:** Jenny L Doling jd@jdl.law, dolingjr92080@notify.bestcase.com; 15994@notices.nextchapterbk.com
   - **ATTORNEY FOR CREDITORS LASERSCOPIC MEDICAL CLINIC, LLC; LASERSCOPIC SPINAL CENTERS OF AMERICA, INC.; AND JOE SAMUEL BAILEY:** Jonathan R Doolittle jonathan.doolittle@pillsburylaw.com, courtalertecf@pillsburylaw.com
   - **INTERESTED PARTY COURTESY NEF:** Richard T Egger richard.egger@bbklaw.com, linda.tapia@bbklaw.com
   - **ATTORNEY FOR U.S. TRUSTEE (LA):** Eryk R Escobar eryk.r.escobar@usdoj.gov
   - **ATTORNEY FOR DEFENDANT STAN ROTH:** Jeffrey I Golden jgolden@go2.law, kadele@ecf.courtdrive.com; cbmeeker@gmail.com; lbracken@wgllp.com; dfitzgerald@go2.law; golden.jeffreyi.b117954@notify.bestcase.com
   - **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** Chad V Haes chaes@marshackhays.com, chaes@ecf.courtdrive.com; cmendoza@ecf.courtdrive.com; cmendoza@marshackhays.com; kfrederick@ecf.courtdrive.com
   - **ATTORNEY FOR CREDITOR BLAIR AIR, INC.:** Brian S Harnik bharnik@rhlawfirm.com, bharnik@rhlawfirm.com
   - **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** Sarah Rose Hasselberger shasselberger@marshackhays.com, shasselberger@ecf.courtdrive.com; cbastida@marshackhays.com; kfrederick@ecf.courtdrive.com
   - **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
   - **ATTORNEY FOR CREDITOR ORCO BLOCK & HARDSCAPE:** William C Hoggard wch@wchlawgroup.com, admin@wchlawgroup.com
   - **INTERESTED PARTY COURTESY NEF:** Mark S Horoupian mark.horoupian@gmlaw.com, mhoroupian@ecf.courtdrive.com; cheryl.caldwell@gmlaw.com; karen.files@gmlaw.com
   - **ATTORNEY FOR CREDITOR U.S. REAL ESTATE CREDITOR HOLDINGS III-A, LP:** Marsha A Houston mhouston@reedsmith.com, hvalencia@reedsmith.com
   - **ATTORNEY FOR PLAINTIFFS QUONSET PARTNERS LLC and THE COACHELLA LIGHTHOUSE, LLC:** Aluyah I Imoisili aimoisili@drwelchlaw.com
   - **INTERESTED PARTY COURTESY NEF:** Sandra Khalili skhalili@rpblaw.com, maltamirano@rpblaw.com
   - **INTERESTED PARTY COURTESY NEF:** Michael S Kogan mkogan@koganlawfirm.com
   - **ATTORNEY FOR INTERESTED PARTY GARY STIFFELMAN and DEFENDANT GARY STIFFELMAN, AS TRUSTEE FOR THE STIFFELMAN FAMILY TRUST:** Timothy R Laquer trl@ddclaw.com, trl@ddclaw.com
   - **ATTORNEY FOR DEBTOR GLENROY COACHELLA, LLC:** Crystle Jane Lindsey crystlelindsey27@gmail.com
   - **INTERESTED PARTY COURTESY NEF:** Tinho Mang tmang@marshackhays.com, tmang@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@ecf.courtdrive.com
   - **CHAPTER 7 TRUSTEE RICHARD A MARSHACK (TR):** Richard A Marshack (TR) pkraus@marshackhays.com, rmarshack@iq7technology.com; ecf.alert+Marshack@titlexi.com
   - **ATTORNEY FOR CREDITOR PORSCHE FINANCIAL SERVICES, INC. dba BENTLEY FINANCIAL SERVICES and CREDITOR PORSCHE LEASING LTD:** Stacey A Miller smiller@tharpe-howell.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

- **ATTORNEY FOR CREDITOR L & W SUPPLY CORPORATION dba CALPLY and CREDITOR THE SHERWIN-WILLIAMS COMPANY:** Michael K Murray mkmurray@lanak-hanna.com, lrarriaga@lanak-hanna.com
- **ATTORNEY FOR DEFENDANT CITY OF COACHELLA and DEFENDANT DOUG WALL CONSTRUCTION, INC.:** Dustin Nirschl dustin.nirschl@bbklaw.com, linda.tapia@bbklaw.com; wilma.escalante@bbklaw.com
- **ATTORNEY FOR CHAPTER 7 TRUSTEE RICHARD A MARSHACK (TR):** Ryan D O'Dea rodea@shulmanbastian.com, lgauthier@shulmanbastian.com
- **ATTORNEY FOR DEFENDANT DESERT MEDICAL PROPERTIES, INC.; DEFENDANT DESERT MEDICAL PROPERTIES, INC., A CALIFORNIA CORPORATION; DEFENDANT FORCE-DMP, LLC; DEFENDANT ELLIOT B LANDER; and INTERESTED PARTY STUART RUBIN:** Sean A OKeefe sokeefe@okeefelc.com, seanaokeefe@msn.com
- **ATTORNEY FOR DEFENDANT HARBOR TRADING USA and DEFENDANT ROSR, INC.:** Zachary Page ztp@lnbyg.com
- **INTERESTED PARTY COURTESY NEF:** R Gibson Pagter, Jr. gibson@ppilawyers.com, pagterandperryisaacson@jubileebk.net
- **ATTORNEY FOR CREDITOR COUNTY OF RIVERSIDE TREASURER-TAX COLLECTOR:** Ronak N Patel rpatel@rivco.org, suhernandez@rivco.org; dresparza@rivco.org
- **INTERESTED PARTY COURTESY NEF:** Matthew D Pham mpham@allenmatkins.com, mdiaz@allenmatkins.com
- **ATTORNEY FOR CREDITOR LAW OFFICES OF JEFFREY D SEGAL, A PROFESSIONAL CORPORATION:** Sheila M Pistone sheila@pistonelawoffice.com, sheilapistone@yahoo.com
- **ATTORNEY FOR CREDITOR GF INVESTMENT GROUP, INC. DBA THE INVESTMENT CENTER, A CALIFORNIA CORPORATION:** Maria Plumtree agrow@plumtreelaw.com, mplumtree@plumtreelaw.com
- **ATTORNEY FOR CREDITORS AL MILLER & SONS ROOFING CO INC; APPLE J PLUMBING; DESERT PALM ELECTRIC INC; JACOBSSON ENGINEERING CONSTRUCTION INC; MASCORRO CONCRETE CONSTRUCTION INC; TANDEM WEST GLASS INC; TEMALPAKH INC DBA THE WORKS FLOOR & WALL:** Thomas J Polis tom@polis-law.com, paralegal@polis-law.com; r59042@notify.bestcase.com
- **CREDITOR ALLY BANK LEASE TRUST – ASSIGNOR TO VEHICLE ASSET UNIVERSAL LEASING TRUST (AKA "VAULT TRUST", OR "V.A.U.L. TRUST", OR "VAULT", OR "V.A.U.L.T."), C/O AIS PORTFOLIO:** Arvind Nath Rawal arawal@aisinfo.com
- **INTERESTED PARTY COURTESY NEF:** Ronald N Richards ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **ATTORNEY FOR CREDITOR CALIFORNIA STATEWIDE COMMUNITIES DEVELOPMENT AUTHORITY:** Debra Riley driley@allenmatkins.com
- **ATTORNEY FOR COUNTER-DEFENDANT, CREDITOR, AND PLAINTIFF U.S. REAL ESTATE CREDITOR HOLDINGS III-A, LP:** Christopher O Rivas crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com
- **ATTORNEY FOR DEBTOR GLENROY COACHELLA, LLC:** James R Selth jselth@wztslaw.com, jselth@yahoo.com; maraki@wztslaw.com; sfritz@wztslaw.com
- **ATTORNEY FOR INTERESTED PARTY LATHAM MANAGEMENT & CONSULTING SERVICES, INC.:** Leonard M Shulman lshulman@shulmanbastian.com
- **ATTORNEY FOR CREDITOR A. STUART RUBIN and INTERESTED PARTIES ELLIOT LANDER AND STUART RUBIN:** Evan L Smith els@elsmithlaw.com
- **ATTORNEY FOR INTERESTED PARTY EDWIN W. LESLIE, RECEIVER:** Alan G Tippie Alan.Tippie@gmlaw.com, atippie@ecf.courtdrive.com; Karen.Files@gmlaw.com, patricia.dillamar@gmlaw.com, denise.walker@gmlaw.com
- **U.S. TRUSTEE (LA):** United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
- **ATTORNEY FOR DEBTOR GLENROY COACHELLA, LLC:** Daniel J Weintraub dan@wsrlaw.net, vinnet@ecf.inforuptcy.com
- **ATTORNEY FOR DEFENDANT HARBOR TRADING USA and DEFENDANT ROSR, INC.:** Beth Ann R. Young bry@lnbyg.com, bry@lnbyb.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**

2. **SERVED BY UNITED STATES MAIL:** CONTINUED:

**DEBTOR**
GLENROY COACHELLA, LLC
ATTN: OFFICER, A MANAGING OR
GENERAL AGENT, OR TO ANY
OTHER AGENT AUTHORIZED BY
APPOINTMENT OR LAW TO
RECEIVE SERVICE
1801 S. LA CIENEGA BLVD, STE 301
LOS ANGELES, CA 90035-4658

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                        **F 9013-3.1.PROOF.SERVICE**